James M. Wagstaffe (95535)
Frank Busch (258288)
**WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK LLP**
100 Pine Street, Suite 725
San Francisco, CA 94111
Tel: (415) 357-8900
Fax: (415) 357-8910
wagstaffe@wvbrlaw.com
busch@wvbrlaw.com

Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro have vice*)
Melissa H. Nafash (*pro hac vice*)
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com
mnafash@labaton.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.<br><br>Defendants. | Case No.: 3:22-cv-3580<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Pursuant to Local Rule 3-12, Plaintiff Jane Doe files this administrative motion to consider whether the case *Jane Doe v. Meta Platforms, Inc. f/k/a Facebook, Inc., UCSF Medical Center, and Dignity Health Medical Foundation*, Case No.: 3:2022-cv-04293, should be related to *John Doe v. Meta Platforms, Inc.,* Case No.: 3:22-cv-3580. Plaintiff Jane Doe's counsel brings this

administrative motion to relate her matter to the *John Doe* matter.

The *Jane Doe* and *John Doe* matters are pending in this District. Cases are related when "(1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." L.R. 3-12(a). Plaintiff John Doe and Meta Platforms, Inc. ("Defendant" or "Meta") consent to this motion. Plaintiff Jane Doe was unable to contact UCSF Medical Center and Dignity Health Medical Foundation because they have not appeared yet in this case.[1]

## STATEMENT OF RELEVANT FACTS

The above-mentioned actions concern substantially similar parties, arise from the same set of facts, and assert similar causes of action. Specifically, Plaintiffs in all cases assert nearly identical claims against Meta and all seek to represent a class of users whose data was surreptitiously collected by Meta from hospital websites and online patient portals.

Plaintiffs allege that they utilized a hospital or healthcare provider's online patient portal, located on the hospital or health care provider's website. These online patient portals incorporate the Meta Pixel, a snippet of code embedded on third-party websites that track users' activity as the users navigate through a website. Plaintiffs further allege that because these hospitals and healthcare providers incorporate the Meta Pixel, Meta gains the ability to surreptitiously gather every user interaction with the website ranging from what a user clicks on to the personal information entered on a website for Meta's own research, development, and advertising purposes. Meta failed to gain the consent of the patient users prior to engaging in this health tracking activity in violation of several statutes and common law.

Plaintiffs' overlapping claims against Meta include breach of contract, invasion of privacy, violation of the California Invasion of Privacy Act, and violation of California's Unfair Competition Law. The *Jane Doe* Plaintiffs also assert claims against UCSF Medical Center and

---

[1] *See* Declaration of Carol C. Villegas attached as an exhibit hereto.

2

Dignity Health Medical Foundation arising out of the same set of facts.

## ARGUMENT

In consideration of substantial similarities between the *Jane Doe* and *John Doe* matters, judicial economy is best served if the cases are related. The Court, parties, their counsel, and witnesses will be able to conserve resources by avoiding duplicative discovery. In addition, with common issues of law and fact in all cases, the risk of inconsistent pre-trial rulings will be prevented if the cases are coordinated with one another and overseen by one judge.

## CONCLUSION

Accordingly, *Jane Doe* and *John Doe*, should be related pursuant to Local Rule 3-12, and the *Jane Doe* matter should be reassigned to the Honorable William H. Orrick.

Dated: August 8, 2022

/s/ James M. Wagstaffe
James M. Wagstaffe (95535)
Frank Busch (258288)
**WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK LLP**
100 Pine Street, Suite 725
San Francisco, CA 94111
Tel: (415) 357-8900
Fax: (415) 357-8910
wagstaffe@wvbrlaw.com
busch@wvbrlaw.com

Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
Rachel Kesten (*pro hac vice* forthcoming)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com

Carol C. Villegas (*pro hac vice forthcoming*)
Michael P. Canty (*pro hac vice forthcoming)*
Melissa H. Nafash (*pro hac vice forthcoming*)
**LABATON SUCHAROW LLP**

3

PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO: 3:2022-cv-04293

140 Broadway, Floor 34
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com
mnafash@labaton.com
*Attorneys for Plaintiff and the Proposed Class*

PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO: 3:2022-cv-04293