GEOFFREY GRABER (SBN 211547)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
ggraber@cohenmilstein.com

ERIC KAFKA (*pro hac vice* forthcoming)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
ekafka@cohenmilstein.com

JOSEPH P. BRENT (SBN 214459)
MICHAEL KIPP MUELLER (SBN 299984)
**BRENT & FIOL, LLP**
117 E. Colorado Blvd, Suite 465
Pasadena, CA 91105
Telephone: (626) 240-4850
Facsimile: (415) 373-4420
jbrent@brentfiol.com
kmueller@brentfiol.com

*Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOE, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>META PLATFORMS, INC.<br><br>    Defendant. | CASE NO.  3:22-cv-04680-AGT<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO RELATE CASES**<br><br>Related cases:<br>(1) *John Doe v. Meta Platforms, Inc.*, Case No. 3:22-cv-03580-WHO<br><br>(2) *Jane Doe v. v. Meta Platforms Inc., et al.*, Case No. 3:22-cv-04293-WHO |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Civil Local Rule 3-12, Plaintiff submits this administrative motion for the Court to consider whether *Doe v. Meta Platforms, Inc.*, Case No. 22-cv-04680-AGT ("Doe"), filed in this District on August 15, 2022, should be related to: (1) *John Doe v. Meta Platforms, Inc.*, Case No. 3:22-cv-03580-WHO ("John Doe") and (2) *Jane Doe v. Meta Platforms, Inc., f/k/a Facebook, Inc., UCSF Medica Center, and Dignity Health Medical Foundation*, Case No. 3:22-cv-04293-WHO ("Jane Doe"). *Doe* has been assigned to Magistrate Judge Alex G. Tse. Meanwhile, the *John Doe* and *Jane Doe* cases were already related on August 15, 2022, and those cases are pending before Judge William H. Orrick.

Defendant Meta Platforms, Inc., Plaintiff John Doe, and Plaintiff Jane Doe have **all consented** to Plaintiff Doe's motion to relate. Plaintiff Doe was unable to contact UCSF Medical Center and Dignity Health Medical Foundation because they have not appeared in *Jane Doe v. Meta Platforms, Inc., f/k/a Facebook, Inc., UCSF Medica Center, and Dignity Health Medical Foundation*, Case No. 3:22-cv-04293-WHO.

Under Local Rule 3-12(a), "An action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Here, both criteria are satisfied.

The *Doe*, *John Doe*, and *Jane Doe* actions concern substantially the same parties, property, transactions or events. All three cases are proposed class actions against Meta Platforms, Inc.[1] All three cases concern Meta Platform's use of the Meta Pixel to intercept communications between patients and their healthcare providers. *See e.g., Doe*, Case No. 22-cv-04680-AGT, ECF No. 1 at 5:19-20; *John Doe*, Case No. 3:22-cv-03580-WHO, ECF No. 22 at 27:23-25; *Jane Doe*, 3:22-cv-04293-WHO, ECF No. 1 at 52:4-6. All three cases seek to represent overlapping classes of people. All three cases allege some of the same causes of action against Meta Platforms, Inc., including (1)

---

[1] *John Doe* also named UCSF Medical Center and Dignity Health Medical Foundation as defendants.

violation of the Federal Wiretap Act, (2) violation of the California Invasion of Privacy Act, (3) invasion of privacy under the California Constitution, (4) intrusion upon seclusion, and (5) violation of California's Unfair Competition Law. And, all three cases seek statutory damages under the Federal Wiretap Act and the California Invasion of Privacy Act.

Given the overlapping defendants, allegations, and relief requested, adjudication of these actions separately would create an unduly burdensome duplication of labor and expense. Assignment of these cases to a single United States District Court Judge will conserve judicial resources and eliminate the potential for conflicting results. The actions are at a preliminary stage and thus assignment to a single judge would not prejudice any of the parties.

For the reasons set forth above, Plaintiff Doe respectfully requests that the Court relate *Doe* to *John Doe* and *Jane Doe* under Local Rule 3-12(a).

DATED: August 19, 2022

Respectfully submitted,

By: /s/ *Geoffrey Graber*

GEOFFREY GRABER (SBN 211547)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
ggraber@cohenmilstein.com

ERIC KAFKA (*pro hac vice* forthcoming)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
ekafka@cohenmilstein.com

JOSEPH P. BRENT (SBN 214459)
MICHAEL KIPP MUELLER (SBN 299984)
**BRENT & FIOL, LLP**
117 E. Colorado Blvd, Suite 465
Pasadena, CA 91105
Telephone: (626) 240-4850
Facsimile: (415) 373-4420
jbrent@brentfiol.com
kmueller@brentfiol.com

***Attorneys for Plaintiff and the Putative Class***