Paul R. Kiesel, State Bar No. 119854
*kiesel@kiesel.law*
Jeffrey A. Koncius, State Bar No. 189803
*koncius@kiesel.law*
Nicole Ramirez, State Bar No. 279017
*ramirez@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
Tel.: 310-854-4444
Fax: 310-854-0812

Jason 'Jay' Barnes (admitted *pro hac vice*)
*jaybarnes@simmonsfirm.com*
An Truong (admitted *pro hac vice*)
*atruong@simmonsfirm.com*
Eric Johnson (admitted *pro hac vice*)
*ejohnson@simmonsfirm.com*
Jennifer Paulson (admitted *pro hac vice*)
*jpaulson@simmonsfirm.com*
**SIMMONS HANLY CONROY LLC**
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: 212-784-6400
Fax: 212-213-5949

Stephen M. Gorny (admitted *pro hac vice*)
*steve@gornylawfirm.com*
**GORNY DANDURAND, LC**
4330 Belleview Avenue, Suite 200
Kansas City, MO 64111
Tel.: 816-756-5071
Fax: 816-756-5067

Amy Gunn (admitted *pro hac vice*)
*agunn@simonlawpc.com*
Elizabeth S. Lenivy (admitted *pro hac vice*)
*elenivy@simonlawpc.com*
**THE SIMON LAW FIRM, P.C.**
800 Market St., Suite 1700
St. Louis, MO 63101
Tel.: 314-241-2929
Fax: 314-241-2029

*Attorneys for Plaintiffs*
JOHN DOE, JANE DOE I, JANE DOE II, and JOHN DOE II, on behalf of themselves and all others similarly situated

*[Additional counsel listed on signature page]*

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

JOHN DOE, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

META PLATFORMS, INC.,

Defendant.

Case No. 3:22-cv-3580-WHO

<u>CLASS ACTION</u>

**PLAINTIFFS' OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONTINUE HEARING RE PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND ENLARGE TIME FOR BRIEFING**

Judge: Hon. William H. Orrick

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Local Rule 6-3(b), Plaintiffs hereby oppose the instant Administrative Motion in that it fails to show the substantial harm or prejudice required for such relief and the conduct sought to be enjoined by the pending Motion for Preliminary Injunction is egregious, ongoing, deserves to be addressed immediately, and serves as the basis for all of the after-filed actions. This Opposition is supported by the Declaration of Jeffrey A. Koncius as required by Local Rule 6-3(b).

DATED: September 27, 2022 **KIESEL LAW LLP**

By: */s/ Jeffrey A. Koncius*
Paul R. Kiesel
Jeffrey A. Koncius
Nicole Ramirez

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
Jennifer Paulson (admitted *pro hac vice*)

**GORNY DANDURAND, LC**
Stephen M. Gorny (admitted *pro hac vice*)

**THE SIMON LAW FIRM, P.C.**
Amy Gunn (admitted *pro hac vice*)
Elizabeth S. Lenivy (admitted *pro hac vice*)

**TERRELL MARSHALL LAW GROUP PLLC**
Beth E. Terrell, State Bar No. 178181
*bterrell@terrellmarshall.com*
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.: (206) 816-6603
Fax: (206) 319-5450

Attorneys for Plaintiffs
JOHN DOE, JANE DOE I, JANE DOE II, and JOHN DOE II, on behalf of themselves and all others similarly situated

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**TABLE OF CONTENTS**

I. INTRODUCTION ..... 1
II. RELEVANT BACKGROUND ..... 1
III. LEGAL ARGUMENT AS TO WHY THE MOTION SHOULD BE DENIED ..... 4
IV. CONCLUSION ..... 5

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

## TABLE OF AUTHORITIES

**Cases**

*Clay v. Wells Fargo Home, N.A.*
2013 U.S. Dist. LEXIS 39689 (E.D. Cal. Mar. 21, 2013) .......... 4

*Doe v Meta Platforms, Inc.*
No. 3:22-cv-04680-WHO (N.D. Cal.) .......... 1, 3

*In re Facebook Internet Tracking Litigation*
No. 5:12-MD-02314-EJD (N.D. Cal.) .......... 5

*Jane Doe v. Meta Platforms, Inc.*
No. 3:22-cv-04293-WHO (N.D. Cal.) .......... 1, 3

*Jane Doe v. Meta Platforms, Inc.*
No. 3:22-cv-04963-WHO (N.D. Cal.) .......... 2, 3

*Krackenberger v. Northwestern Memorial Hospital, et al.*
No. 1:22-cv-04203 (N.D. Ill.) .......... 1, 2, 3

*Stanley v. Univ. of So. Calif.*
13 F.3d 1313 (9th Cir. 1994) .......... 4

*Weinberger v. Romero-Barcelo*
456 U.S. 305 (1982) .......... 4

*Winter v. Natural Res. Def. Council*
555 U.S. 7 (2008) .......... 4

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

## I. INTRODUCTION

Without sense of irony, Defendant Meta Platforms, Inc. ("Meta") argues that its Administrative Motion should be granted because of the eventual filing of a consolidated complaint which might have different claims than the operative First Amended Complaint (ECF No. 22; hereinafter "FAC") and that Meta needs additional time to oppose Plaintiffs' Motion for Preliminary Injunction due to the complex nature of the relief sought. To make those arguments Meta must, as to the former, ignore that all after-filed actions share the same claim as this action, namely, that the invisible Pixel allows Meta to receive confidential patient information without consent and with no lawful basis to do so. As for the latter, Meta insists it needs more time despite also arguing that "plaintiffs' motion is exceedingly weak both factually and legally." Admin. Mot. at 5:12-13.

Plaintiffs' counsel in this action has worked cooperatively with Meta's counsel to accommodate various extension requests. Now, Meta is using that cooperation to delay. This Court should see the instant Motion for what it is, namely, for Meta to be able to continue its wrongful conduct unabated at the expense of millions of patients. As a result, the Motion should be denied and the Motion for Preliminary Injunction briefed and heard pursuant to the current schedule.

## II. RELEVANT BACKGROUND

This action was filed on June 17, 2022, seeking damages and other relief due to Meta's Pixel sharing confidential patient communications with Meta that it had no right to receive. Subsequently, four after-filed cases were brought seeking relief, including injunctive relief, for the same conduct. *See Jane Doe v. Meta Platforms, Inc.*, No. 3:22-cv-04293-WHO (N.D. Cal.), ¶ 9 ("Alarmingly, Meta Pixel is incorporated on websites that are used to store and convey sensitive medical information intended to stay private."); *Doe v Meta Platforms, Inc.*, No. 3:22-cv-04680-WHO (N.D. Cal.), ¶ 9 ("Facebook violated the privacy of its users because it made money doing so. Facebook allows and encourages healthcare providers to install the Meta Pixel on their websites, even though the type of information collected by the Meta Pixel on a healthcare provider website will foreseeably include protected health information. Facebook then earns additional revenue selling advertising space to healthcare providers who target audiences based on data containing protected health information, collected through the Meta Pixel."); *Krackenberger v. Northwestern Memorial Hospital, et al.*, No. 1:22-cv-04203 (N.D. Ill.), ¶ 1

(“This is a class action arising out of the defendants’ use of Meta Pixel to unlawfully collect the private medical information of Northwestern Memorial Hospital’s patients and to use that data for their own profit.”); *Jane Doe v. Meta Platforms, Inc.*, No. 3:22-cv-04963-WHO (N.D. Cal.), ¶ 1 (“Plaintiff brings this action on behalf of herself and millions of other Americans whose medical privacy has been violated by Facebook’s Pixel tracking tool. As explained herein, Facebook knows (or should have known) that its Pixel tracking tool is being improperly used on hospital websites resulting in the wrongful, contemporaneous, re-direction to Facebook of patient communications to register as a patient, sign-in or out of a supposedly ‘secure’ patient portal, request or set appointments, or call their provider via their computing device.”). It is important to note that all four after-filed cases allege the same claims on which Plaintiffs base their Motion for Preliminary Injunction: Violation of the Federal Wiretap Act, Violation of California’s Invasion of Privacy Act,[1] and Intrusion Upon Seclusion. Indeed, in an August 29, 2022 letter to Plaintiffs’ counsel and counsel in the other cases, Meta’s counsel Michael Rhodes acknowledged the similarity of the cases when seeking to stay discovery in all of them: “Because all three related cases are at the same early procedural stage, involve many overlapping—if not identical—claims and issues, and Meta intends to file Rule 12 motions in each, staying discovery until these motions are ruled upon would help all parties avoid expensive discovery that may ultimately be irrelevant to the causes of action that proceed beyond the pleadings stage.” *See* Declaration of Jeffrey A. Koncius, dated September 27, 2022 (hereinafter “Koncius Decl.”) ¶ 2, Ex. A).

Plaintiffs here moved for a Preliminary Injunction on August 25, 2022. ECF No. 46. At the request of Meta’s counsel, Plaintiffs agreed to move the hearing date and briefing schedule to accommodate Meta. ECF No. 56. Significantly, in that Stipulation it was noted, and Meta understood it was Plaintiffs’ position in entering into the Stipulation, that “WHEREAS, Plaintiffs do not intend for the continuance to impact the timing for resolution of the Motion for Preliminary Injunction. In other words, should any potential motions for interim lead counsel be filed or the need to file a consolidated complaint arise, Plaintiffs believe the Motion for Preliminary Injunction should be resolved first”. *Id.* at 2. The Court entered an Order setting the new hearing date of November 9, 2022, for the Motion for

[1] The *Krackenberger* action does not contain a claim for California’s Invasion of Privacy Act.

Preliminary Injunction and a related briefing schedule. ECF No. 57.

Counsel for plaintiffs in the related cases agree that the November 9, 2022 hearing date should stay on calendar. Indeed, when contacted by Geoffrey Graber of Cohen Milstein Sellers & Toll PLLC, counsel for plaintiff in the after-filed and related action of *Doe v. Meta Platforms, Inc.*, Case No. 3:22-cv-04680-WHO, regarding whether Plaintiffs here would agree to consolidation of the related cases, counsel in this matter stated they would consent noting, however, "We have no issue with consolidation and are willing to Stip to it but only with the proviso that our currently pending Motion for Preliminary Injunction stays on calendar (although it will need to be moved to a later date as were advised by Meta's counsel that the noticed date is Yom Kippur)." Koncius Decl. ¶ 3, Ex. B. To which Mr. Graber replied: "can you please let me know the new date for the preliminary injunction hearing and the related dates for opposition and reply briefs? Michael Rhodes indicated yesterday that it would be moved to November 8, but we did not see anything regarding the briefing schedule related to the preliminary injunction. Thanks." *Id.* Plaintiffs' Counsel here replied to Mr. Graber "We discussed with Meta that the new hearing date would be Nov 9, Opposition due Oct 10 and our Reply Oct 26" to which Mr. Graber replied back "Just getting back to you on this. Your proposal below is fine (Nov. 9 hearing date for PI hearing). We will not be seeking to move that date." *Id.* On September 26, 2022, Mr. Graber confirmed his position by phone. *Id.* ¶ 4.

Additionally, counsel for the plaintiffs in *Jane Doe v. Meta Platforms, Inc.*, No. 3:22-cv-04293-WHO (N.D. Cal.) and *Jane Doe v. Meta Platforms, Inc.*, No. 3:22-cv-04963-WHO (N.D. Cal.) have confirmed that they too believe the November 9, 2022 hearing on Plaintiffs' Motion for Preliminary Injunction should stay on calendar. *Id.* ¶¶ 5-6, Ex C. Counsel for the plaintiff in *Krackenberger v. Northwestern Memorial Hospital, et al.*, No. 1:22-cv-04203 (N.D. Ill.) takes no position regarding the hearing date at this time because that case has not yet been transferred to this Court. *Id.* ¶ 7.

Unfortunately, Meta is now using Plaintiffs' cooperation against them even though other plaintiff counsel are not interested in the hearing date being moved. And, had Plaintiffs here known that Meta was going to use the above against Plaintiffs by way of delaying the briefing and hearing on the Motion for Preliminary Injunction, Plaintiffs would not have agreed to a continuance of the noticed hearing date. Koncius Decl. ¶ 8.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

## III. LEGAL ARGUMENT AS TO WHY THE MOTION SHOULD BE DENIED

As set out in the Motion for Preliminary Injunction, "The technology is new and may seem complicated, but the law is old and simple. A third party (like [Meta]) may not acquire or use personally identifiable information relating to a patient's status as a patient or communications with their medical provider, without the patient's knowledge and express authorization. Further, a third party may not re-direct the content of electronic communications (to which the third party is not a party) to itself without authorization, regardless of whether patient status or patient communications are the subject of the communication. Plaintiffs bring this action against Meta for violating both these simple rules." As explained above, plaintiffs in all of the related after-filed actions seek relief for the same conduct (and which counsel for Meta also observed).

The Motion for Preliminary Injunction seeks an Order that will: (1) prohibit Meta from acquiring patient information and communications from HIPAA-covered entities through the Meta Pixel; and (2) prohibit Meta from disseminating and/or using patient information and communications that it has intercepted from HIPAA-covered entities through its use of the Meta Pixel. As alleged in the FAC, Plaintiffs have identified at least 664 HIPAA-covered entities from which Meta is receiving information (FAC ¶ 15) and in discovery have provided Meta with their list of those entities (Koncius Decl. ¶ 9).

Generally, injunctive relief is appropriate upon a showing of irreparable injury to the moving party and the inadequacy of legal remedies. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982); *Stanley v. Univ. of So. Calif.*, 13 F.3d 1313, 1320 (9th Cir. 1994). To succeed, the moving party must establish: (1) it is likely to succeed on the merits of its claims; (2) it will likely suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). All four of these elements are met as shown in the Motion for Preliminary Injunction and the extensive 100+ page expert declaration of Richard M. Smith submitted in support. ECF No. 49.

The case to which Meta cites for the proposition that the anticipated consolidated complaint will supersede plaintiffs' current operative complaint and moot the preliminary injunction motion is of no help to Meta. In *Clay v. Wells Fargo Home, N.A.*, 2013 U.S. Dist. LEXIS 39689, *6-7 (E.D. Cal. Mar. 21, 2013), the court found a pending motion for preliminary injunction moot, not solely because an

amended complaint was filed, but because the amended complaint lacked the cause of action on which the TRO was based. *Id.* (finding "the asserted basis for the preliminary injunction is no longer before the court, [so] the pending motion is moot.").

Finally, counsel in the related actions support keeping the Motion for Preliminary Injunction on calendar. *See* Koncius Decl. ¶¶ 3-6.

Likewise, Meta's argument that it "needs more time to respond to the complex issues raised in plaintiffs' motion" is not well-taken. Meta, and Meta's counsel in this action, are the most sophisticated parties in the world at defending against alleged online privacy allegations. The underlying action was filed more than 100 days ago – and both Meta and its counsel have defended cases regarding such technology for more than a decade. *See In re Facebook Internet Tracking Litigation*, Case No. 5:12-MD-02314-EJD (N.D. Cal.), set for final approval before Judge Davila on October 27 and in which Facebook was represented by the same counsel present here and the Plaintiff class is represented, among others, by three of the firms in the instant case.[2] Indeed, Facebook's portion of the upcoming 26(f) submission details its defense and demonstrates that further delay is not necessary.

## IV. CONCLUSION

The Administrative Motion should be denied and the pending Motion for Preliminary Injunction heard as scheduled. Meta has simply failed to demonstrate the substantial harm or prejudice as required under the Local Rule and, instead, if delayed, such harm and prejudice will befall the patient classes as sued out in this case and all of the other after-filed cases.

DATED: September 27, 2022 **KIESEL LAW LLP**

By: */s/ Jeffrey A. Koncius*
Paul R. Kiesel
Jeffrey A. Koncius
Nicole Ramirez

---

[2] Attorney Barnes is a member of the three-person executive committee in that action and chair of the Plaintiffs' Steering Committee. Attorney Gorny is a member of the Steering Committee. Attorney Koncius has worked with his partner Paul Kiesel as liaison counsel and a member of the Steering Committee.

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
Jennifer Paulson (admitted *pro hac vice*)

**GORNY DANDURAND, LC**
Stephen M. Gorny (admitted *pro hac vice*)

**THE SIMON LAW FIRM, P.C.**
Amy Gunn (admitted *pro hac vice*)
Elizabeth S. Lenivy (admitted *pro hac vice*)

**TERRELL MARSHALL LAW GROUP PLLC**
Beth E. Terrell, State Bar No. 178181
*bterrell@terrellmarshall.com*
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.: (206) 816-6603
Fax: (206) 319-5450

Attorneys for Plaintiffs
JOHN DOE, JANE DOE I, JANE DOE II, and JOHN DOE II, on behalf of themselves and all others similarly situated