GIBSON, DUNN & CRUTCHER LLP
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:   (212) 351-4000
Facsimile:   (212) 351-4035

ELIZABETH K. MCCLOSKEY (SBN 268184)
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA (SBN 301746)
abarrera@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone:   (415) 393-8200
Facsimile:   (415) 393-8306

TRENTON J. VAN OSS (*pro hac vice*)
tvanoss@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:   (202) 955-8500
Facsimile:   (202) 467-0539

COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
rhodesmg@cooley.com
KYLE C. WONG (SBN 224021)
kwong@cooley.com
CAMERON J. CLARK (SBN 313039)
cclark@cooley.com
CAROLINE A. LEBEL (SBN 340067)
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

*Attorneys for Defendant Meta Platforms, Inc.
(formerly known as Facebook, Inc.)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE METAL PIXEL HEALTHCARE LITIGATION,<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-3580-WHO<br><br>**DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br><u>CLASS ACTION</u> |
|---|---|

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED - CASE NO. 3:22-CV-3580-WHO

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Local Rules 3-12 and 7-11 of the United States District Court for the Northern District of California, and this Court's October 12, 2022 Order, counsel for Defendant Meta Platforms, Inc. ("Meta") submits this Administrative Motion to consider whether *Malinda S. Smidga v. Meta Platforms, Inc. f/k/a Facebook, Inc., The University of Pittsburgh Medical Center d/b/a UPMC* ("*Smidga*"), Case No. 4:22-CV-05753-KAW, transferred to this District on October 5, 2022, should be related to the above-captioned action, *In re Meta Pixel Healthcare Litigation*, Case No. 3:22-cv-3580-WHO (the "Consolidated Action")

Under Civil Local Rule 3-12(a), "[a]n action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges."

The plaintiffs in the Consolidated Action and the *Smidga* plaintiffs, as well as Dignity Health Medical Foundation and UCSF Medical Center, have no objection to this motion to relate. (*See* Goldman Decl. ¶ 3.)

**I.   STATEMENT OF RELEVANT FACTS**

On October 12, 2022, this Court granted a motion to consolidate four related cases—*John Doe v. Meta Platforms, Inc.* ("*John Doe*"), Case No. 3:22-cv-03580-WHO, *Jane Doe v. Meta Platforms, Inc. et al.* ("*Jane Doe I*"), Case No. 3:22-cv-04293-WHO, *Doe v. Meta Platforms, Inc.* ("*Doe*"), Case No. 3:22-cv-04680-WHO, and *Jane Doe v. Meta Platforms, Inc.* ("*Jane Doe II*"), Case No. 3:22-cv-04963-WHO. (*See John Doe* Dkt. 73.) In its October 12, 2022 Order, this Court directed the parties to "file an Administrative Motion to Consider Whether Cases are Related . . . whenever a related case is filed in, or transferred to, this District." (*Id*. at 3.)

The consolidated cases (*John Doe*, *Jane Doe I*, *Doe*, *Jane Doe II*) and *Smidga* define overlapping putative classes, name Meta as a defendant, involve similar facts, and involve similar causes of action. All five sets of plaintiffs bring parallel claims against Meta, seeking to represent a class of hospital website and online patient portal users who allege their data was collected by Meta through its Pixel tool. All five sets of plaintiffs assert privacy-related claims against Meta.

## II.     ARGUMENT

Given the significant overlap between these cases, with substantially similar parties, allegations, and requested relief, litigating *Smidga* separately from the Consolidated Action will require unduly burdensome duplication of labor and expense and risk conflicting results. Particularly because these actions are at a preliminary stage, relating *Smidga* to the Consolidated Action would save judicial, parties', and counsel's resources without prejudicing any party.

## III.    CONCLUSION

Accordingly, Meta respectfully requests that *Smidga* be related to the Consolidated Action and be reassigned to this Court for all purposes.

Dated: October 17, 2022        GIBSON, DUNN & CRUTCHER LLP

                               By:   */s/ Lauren R. Goldman*
                                     Lauren R. Goldman

                               COOLEY LLP

                               By:   */s/ Michael G. Rhodes*
                                     Michael G. Rhodes


*Attorneys for Meta Platforms, Inc. (formerly known as Facebook, Inc.)*


### CIVIL L.R. 5-1(h)(3) ATTESTATION

Pursuant to Civil Local Rule 5-1(h)(3), I, Lauren Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: October 17, 2022        GIBSON, DUNN & CRUTCHER LLP

                               By:   */s/ Lauren R. Goldman*
                                     Lauren R. Goldman

-2-
DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED - CASE NO. 3:22-cv-3580-WHO