Margaret MacLean (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
mmaclean@lowey.com
afiorilla@lowey.com

*Attorneys for Plaintiff Jane Doe*

(Eddie) Jae K. Kim
Hannah Barnett (*pro hac vice* forthcoming)
**LYNCH CARPENTER, LLP**
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
elizabeth@lcllp.com
hannah@lcllp.com

*Attorneys for Plaintiff Malinda Smidga*

Karen Hanson Riebel (*pro hac vice* forthcoming)
Kate M. Baxter-Kauf (*pro hac vice* forthcoming)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
khriebel@locklaw.com
kmbaxter-kauf@locklaw.com

*Attorneys for Plaintiffs Kim Naugle*
*and Afrika Williams*

[additional counsel listed on signature block]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To: All Actions | Case No.: 3:22-cv-03580-WHO<br><br>**MOTION TO APPOINT LOWEY DANNENBERG P.C., LYNCH CARPENTER LLP, & LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CLASS COUNSEL**<br><br>Judge:      Hon. William H. Orrick<br>Filing Date:  October 19, 2022<br>Hearing Date: November 21, 2022<br>Time:      2:00 PM PT |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

II.      INTRODUCTION ....................................................................................................... 3

III.     LEGAL STANDARD................................................................................................... 5

IV.      ARGUMENT ............................................................................................................... 6

    A.      Proposed Class Counsel possess in-depth knowledge of the applicable laws
        and have experience handling claims of the type asserted in these actions................. 6

        i.      Lowey Dannenberg...................................................................................... 7

        ii.     Lynch Carpenter LLP ................................................................................. 9

        iii.    Lockridge Grindal Nauen P.L.L.P. .......................................................... 13

    B.      Proposed Class Counsel are Diverse................................................................... 17

    C.      Proposed Class Counsel have thoroughly investigated and prepared the claims
        brought on behalf of the proposed Classes. ......................................................... 18

    D.      Appointing Proposed Class Counsel as Lead Counsel will promote efficiency
        and expedite the litigation. ................................................................................... 19

    E.      Proposed Class Counsel Have Sufficient Resources to Effectively Represent
        the Class ............................................................................................................... 21

    F.      Proposed Class Counsel are Uniquely Well Suited to Coordinate
        Representation of the Class Against Both Meta and Healthcare Defendants ............. 21

V.       CONCLUSION.......................................................................................................... 22

i

MOTION TO APPOINT LOWEY DANNENBERG P.C., LYNCH CARPENTER, LLP, & LOCKRIDGE
GRINDAL NAUEN P.L.L.P. AS INTERIM CLASS COUNSEL - CASE NO. 3:22-cv-03580-WHO

1

# TABLE OF AUTHORITIES

2

**Cases**

*Dittman v. UPMC*,
    196 A.3d 1036 (Pa. 2018) ................................................................................... 10

*Fund Liquidation Holdings LLC v. Bank of America Corp.*,
    991 F.3d 370 (2d Cir. 2021).................................................................................. 8

*In re Robinhood Outage Litig.*,
    No. 20-cv-01626-JD, 2020 WL 7330596 (N.D. Cal.) ...................................... 1, 18

*In re Rutter's Inc. Data Sec. Breach Litig.*,
    511 F. Supp. 3d 514 (M.D. Pa. 2021) .................................................................. 9

*In re Seagate Technology LLC Litig.*,
    No. 16-cv-00523-RMW, 2016 WL 3401989 (N.D. Cal. June 21, 2016) ................ 6

*In re Stubhub Refund Litig.*,
    No. 20-md-2951-HSG, 2020 WL 8669823 (N.D. Cal. Nov. 18, 2020).................. 17

*Paraggua v. LinkedIn Corp.*,
    No. 5:12-cv-03088, 2012 WL 3763889 (N.D. Cal. Aug. 29, 2012) ........................ 5

*Sayce v. Forescout Technologies, Inc.*,
    No. 20-cv-00076-SI, 2020 WL 6802469 (N.D. Cal. Nov. 19, 2020) ..................... 18

**Rules**

Fed. R. Civ. P. 23(g)(1)(a)(i)-(iv) ................................................................................ 6

Fed. R. Civ. P. 23(g)(1)(B) ........................................................................................ 6

Rule 23(g)(1)(A) ....................................................................................................... 6

**Other Authority**

STANDARDS AND BEST PRACTICES FOR LARGE AND MASS-TORT MDLs (2d ed., Sept. 2018)
.............................................................................................................…….……2, 18

MANUAL FOR COMPLEX LITIGATION (Fourth) (2014) ……………………………...…………3, 6, 20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLEASE TAKE NOTICE**, on November 21, 2022 at 2:00 PM, in accordance with the Court's October 12, 2022 Order (*Doe v. Meta Platforms Inc., et al*, No. 3:22-cv-04293-WHO, ECF No. 60 (N.D. Cal.)), Plaintiffs Jane Doe, Malinda Smidga, Kim Naugle, and Afrika Williams will respectfully move for an Order pursuant to Federal Rules of Civil Procedure Rule 23(g) appointing Margaret MacLean and Amanda Fiorilla of Lowey Dannenberg, P.C. ("Lowey Dannenberg"), Eddie Jae Kim and Hannah Barnett of Lynch Carpenter, LLP ("Lynch Carpenter"), and Karen Riebel and Kate Baxter-Kauf of Lockridge Grindal Nauen P.L.L.P. ("LGN") as interim co-lead counsel ("Proposed Class Counsel") in the above-captioned action.

The lack of opportunities for younger and diverse members of the legal community has been consistently noted by the judiciary for years. *See In re JUUL Labs, Inc. Marketing, Sales Practices and Products Liability Litig.*, No. 3:19-MD-02913 (N.D. Cal.), ECF No. 321 at 4:7-12 (Orrick, J.) (emphasizing the importance of "diversity and all of its aspects from the types of cases, the geographic distribution, MDL experience, as well as the more immutable diversity characteristics"); *In re Robinhood Outage Litig.*, No. 20-cv-01626-JD, 2020 WL 7330596, at *2 (N.D. Cal.) ("[L]eadership roles should be made available to newer and less experienced lawyers, and the attorneys running this litigation should reflect the diversity of the proposed national class."). Despite these concerns, diversity often ends up as a secondary consideration at best, in favor of numbers games and a race to get on file. In many instances, leadership goes to whichever firm was quicker to get on file—regardless of whether the action involves any proprietary investigation or includes all relevant claims—or whichever counsel included the most firms on their initial complaint to support them for lead.

And worse, in exchange for support as lead counsel, attorneys often agree to bloated, oversized executive committees, as well as promise work to those not explicitly included, which results in duplication of work product, unnecessary billing, and outrageous lodestar. This results in inefficient case management and disadvantages the class, as the cost of garnering support multiplies costs that often detracts from the class's overall recovery.

MOTION TO APPOINT LOWEY DANNENBERG P.C., LYNCH CARPENTER, LLP, & LOCKRIDGE
GRINDAL NAUEN P.L.L.P. AS INTERIM CLASS COUNSEL - CASE NO. 3:22-cv-03580-WHO

1    Here, Proposed Class Counsel propose a lean, inclusive structure—comprised of just three

2    law firms—that avoids the "repeat player dynamic" often seen in large class actions, while

3    simultaneously putting forth highly skilled attorneys with significant experience and the resources

4    necessary to vigorously litigate the actions. *See* DUKE LAW SCHOOL CENTER FOR JUDICIAL

5    STUDIES, STANDARDS AND BEST PRACTICES FOR LARGE AND MASS-TORT MDLS at 37, 46 (2d ed.,

6    Sept. 2018) ("[T]he strong repeat player dynamic that has historically existed reduces fresh

7    outlooks and innovative ideas, and increases pressure to go along with the group and conform, all

8    of which may negatively impact the plaintiffs whose cases are being pursued . . . Research shows

9    that having a mix of experienced and new players enhances creativity and innovation, leads to

10   better decision making and problem solving, and promotes discussion of novel concepts raised by

11   those who historically have not been in leadership").[1]

12    Proposed Class Counsel include talented, younger female and minority attorneys with

13   years of experience litigating data privacy class actions, including a privacy action against Meta

14   for the collection of the same data at issue here, i.e., sensitive medical information, for advertising

15   and analytics, and various actions arising out of similar conduct asserting various states' wiretap

16   laws. Proposed Class Counsel not only offer a unique, diverse perspective and practical

17   experience, but they have access to state-of-the-art in-house e-discovery infrastructure and top-

18   notch data security—essential resources in safeguarding the sensitive medical data, computer code,

19   and proprietary technology at issue in this litigation. And, further, Proposed Class Counsel

20   promised no work to any executive committee or other counsel—the action will be litigated only

21   by the attorneys and their firms referenced herein, ensuring there is no waste or duplication and

22   that the litigation of the actions are as streamlined as possible.

23    Proposed Class Counsel's combined talent, resources, and diverse perspectives will

24   undoubtably ensure the most efficient and economical prosecution of the case.

25

26

27

28    [1]Available at https://scholarship.law.duke.edu/cgi/viewcontent.cgi?article=1004&context=bolch.

MOTION TO APPOINT LOWEY DANNENBERG P.C., LYNCH CARPENTER, LLP, & LOCKRIDGE
GRINDAL NAUEN P.L.L.P. AS INTERIM CLASS COUNSEL - CASE NO. 3:22-cv-03580-WHO

1

## I.      **INTRODUCTION**

2          The first action against Meta Platforms, Inc. ("Meta") arising out of its unauthorized

3   collection of patients' sensitive health data from hospital websites and patient portals through the

4   Meta Pixel was filed in June 2022, two weeks after *The Markup* reported that Meta collects data

5   from hospital websites. In the short span of four months, six additional actions[2] have been filed,

6   five of which have been related by the Court (the "Actions").[3]

7          There can be no doubt this litigation—involving an inconspicuous technology whose

8   operation infringed on the privacy rights of millions of patients nationwide—will be complex. It

9   will require discovery on highly technical issues and involve complicated issues of fact and law in

10  a relatively new practice area. Given these complexities, in accordance with Rule 23(g) of the

11  Federal Rules of Civil Procedure and the MANUAL FOR COMPLEX LITIGATION (FOURTH) (2014)

12  ("MANUAL"), Proposed Class Counsel should have substantial experience and knowledge, as well

13  as a record of efficiency and cooperation with co-counsel, and opposing counsel, to achieve

14  successful results for the Class. It is also imperative that leadership encompass less represented

15  individuals, such as women and younger individuals, to offer unique and refreshing perspectives

16  often missing in leadership appointments.

17         Proposed Class Counsel are uniquely situated to accomplish these goals. Proposed Class

18  Counsel have a proven ability to successfully navigate high-stakes, complex class actions, having

19  recovered of billions of dollars on behalf of class members in just the last five years. Accordingly,

20

21  [2] *See Jane Doe v. Meta Platforms, Inc. et al*, No. 3:22-cv-04293 (N.D. Cal.); *Jane Doe v. Meta Platforms, Inc.*, No. 3:22-cv-04963 (N.D. Cal.)*; John Doe v. Meta Platforms, Inc. et al.*, No.

22  3:22-cv-04680 (N.D. Cal.); *John Doe v. Meta Platforms Inc.*, No. 3:22-cv-03580 (N.D. Cal.); *Smidga v. Meta Platforms Inc., et al.*, No. 4:22-CV-05753 (N.D. Cal.); *Krackenberger v. Meta*

23  *Platforms Inc., et al.*, No. 4:22-CV-06020-DMR (N.D. Cal.); and *Naugle et al v. Meta Platforms, Inc., et al*, No. 1:22-cv-00727 (M.D.N.C.)  (the "Actions").

24  [3] *See Jane Doe v. Meta Platforms, Inc. et al*, No. 3:22-cv-04293 (N.D. Cal.), ECF No. 60; *Jane Doe v. Meta Platforms, Inc.* No. 3:22-cv-04963 (N.D. Cal.), ECF No. 28*; John Doe v. Meta*

25  *Platforms, Inc. et al.*, No. 3:22-cv-04680 (N.D. Cal.), ECF No. 42; and *John Doe v. Meta*

26  *Platforms, Inc.*, No. 3:22-cv-03580 (N.D. Cal.), ECF No. 73; *Smidga v. Meta Platforms Inc., et al.*, No. 4:22-CV-05753 (N.D. Cal.), ECF No. 28; *Krackenberger v. Meta Platforms Inc., et al.*,

27  No. 4:22-CV-06020-DMR (N.D. Cal.), ECF No. 50. The following case has been transferred into this District and is pending consolidation:  *Naugle et al v. Meta Platforms, Inc., et al*, No. 1:22-

28  cv-00727 (M.D.N.C).

they have the experience, resources, and knowledge required to handle a complex privacy class action such as this and are intimately familiar with the unique issues posed by bringing a nationwide class action impacting millions of individuals against one of the largest technology companies in the world. Indeed, Lowey Dannenberg is currently litigating *Frasco v. Flo Health, et al.*, No. 3:21-cv-00757-JD (N.D. Cal.) (the "*Frasco* Action"), against Meta and other large advertising companies for eerily similar conduct: the collection of sensitive medical information through software development kits embedded in mobile apps. Lowey Dannenberg succeeded in defeating defendant's motions to dismiss in that action, in which Judge Donato sustained nearly all of Plaintiffs' claims, including claims for invasion of privacy, violation of the Wiretap Act (18 U.S.C §§ 2510, *et seq.*), the California Invasion of Privacy Act, Cal. Penal Code § 630, and the California Confidentiality of Medical Information Act (Cal. Civ. Code §§ 56.06, *et. seq.*) ("CMIA"), as well as a claim against Meta for aiding and abetting a violation of the CMIA (one of the first of its kind), each of which are implicated here. *See Frasco* Action, No. 3:21-cv-00757-JD, ECF No. 158. Counsel's experience in the *Frasco* Action is directly translatable to this action.

Similarly, Lynch Carpenter is currently litigating dozens of cases that are directly analogous to this action, including against some of the largest websites and website analytic companies under the same wiretapping and privacy theories. Lynch Carpenter has been at the forefront of developing privacy law in consumers' favor in the Third Circuit. *See Popa v. Harriet Carter Gifts, Inc.*, No. 21-2203, 2022 WL 10224949 (3d Cir. Oct. 18, 2022). *Popa* involved similar factual and legal concepts to those at issue here, as it also arose from the interception of electronic internet communications by a third-party software provider. *Id.* The district court granted defendant's summary judgment motion holding that the technology at issue caused simultaneous, but direct communications and, therefore, that there was no interception under Pennsylvania Third Circuit's federal wiretap precedent in *In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125 (3d Cir. 2015). However, Lynch Carpenter successfully argued in front of the Third Circuit that the capture of website communications by software secretly embedded on a website was covered under Pennsylvania's Wiretapping and Electronic Surveillance Control Act, which

1    does not have a direct party exception like its federal counterpart. *Popa v. Harriet Carter Gifts,*

2    *Inc.*, No. 21-2203, 2022 WL 10224949 (3d Cir. Oct. 18, 2022).[4]

3    Further, Proposed Class Counsel have already demonstrated leadership and the type of

4    legal acumen, creative thinking, and excellent lawyering that will best protect the class. For

5    instance, Proposed Class Counsel leveraged their experience as counsel in the *Frasco* Action

6    (where Meta is represented by some of the same lawyers) to prepare the first draft ESI Protocol

7    and Protective Order and shared that knowledge with other plaintiffs' counsel in collaborating on

8    a joint proposal.

9    Moreover, Proposed Class Counsel embody the diversity notably missing from other

10   leadership structures and have the experience to vindicate claims for patients whose private,

11   sensitive health data was collected by Meta without authorization. For this matter, Proposed Class

12   Counsel propose a team of accomplished and diverse litigators to lead the prosecution of this

13   action: Margaret MacLean, Amanda Fiorilla, Eddie Jae Kim, Hannah Barnett, Karen Riebel and

14   Kate Baxter-Kauf. This lean structure of only three firms, led by a diverse, majority female slate

15   of accomplished attorneys of varying experience levels and age will ensure the Class receives the

16   benefit of tried-and-true litigation strategies, as well as fresh and creative ideas.

17   The Court can have every confidence in appointing Proposed Class Counsel that it is

18   safeguarding the best interests of the class, while ensuring the goals of the judiciary to create a

19   more diverse slate of leadership are accomplished.

20   **II.    LEGAL STANDARD**

21   Rule 23(g)(3) of the Federal Rules of Civil Procedure permits the Court to "designate

22   interim counsel to act on behalf of a putative class before determining whether to certify the action

23   as a class action." Fed. R. Civ. P. 23(g)(3). Where there are "overlapping, duplicative, or

24   competing class actions pending before a court, . . . appointment of interim counsel is necessary

25   to protect the interests of class members." *Paraggua v. LinkedIn Corp.*, No. 5:12-cv-03088, 2012

26

27   [4] The case was initially decided in consumers' favor, *Popa v. Harriet Carter Gifts, Inc.*, 45 F.4th 687 (3d
     Cir. 2022), and the opinion was reissued after the Third Circuit granted in part rehearing *en banc* solely to

28   clarify certain issues raised in the petition for rehearing, *Popa v. Harriet Carter Gifts, Inc.*, No. 21-2203,
     2022 WL 10224949 (3d Cir. Oct. 18, 2022).

WL 3763889, at *1 (N.D. Cal. Aug. 29, 2012) (internal quotations and citations omitted). The "designation of interim [lead] counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." MANUAL § 21.11.

In deciding who is best suited to represent the putative Class as this stage of the litigation, key factors for the Court to consider are: (1) the work proposed interim lead counsel has performed in identifying or investigating the potential claims; (2) counsel's experience with claims of the type asserted in the action; (3) counsel's knowledge of applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(a)(i)-(iv); *see also In re Seagate Technology LLC Litig.*, No. 16-cv-00523-RMW, 2016 WL 3401989, at *2 (N.D. Cal. June 21, 2016) ("Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, courts typically look to the factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)."). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately present the interests of the class," (Fed. R. Civ. P. 23(g)(1)(B)), including diversity.

### III.   ARGUMENT

#### A. Proposed Class Counsel possess in-depth knowledge of the applicable laws and have experience handling claims of the type asserted in these actions.

Proposed Class Counsel have successfully litigated several complex privacy actions, many of which implicate similar legal and factual issues to those at issue in this litigation. For instance, Proposed Class Counsel are actively litigating the *Frasco* Action against Meta, which alleges nearly identical conduct to the actions here, i.e., the collection and use of sensitive medical data for analytics and advertising through Meta's technology. Despite two separate motions to dismiss, Proposed Class Counsel's knowledge and experience resulted in nearly all of Plaintiffs' claims being sustained, including a novel aiding and abetting violation of the CMIA against Meta. Proposed Class Counsel will apply the same skill, creativity, and resourcefulness here to ensure Defendants are found liable for the full scope of their misconduct.

6

MOTION TO APPOINT LOWEY DANNENBERG P.C., LYNCH CARPENTER, LLP, & LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CLASS COUNSEL - CASE NO. 3:22-cv-03580-WHO

### i. Lowey Dannenberg[5]

For over five decades, Lowey Dannenberg has successfully prosecuted class actions against some of the world's largest corporations and technology companies, achieving substantial recoveries on behalf of individuals. In its capacity as lead or co-lead counsel, Lowey Dannenberg has recovered billions of dollars on behalf of class members, including $491.5 million in *Sullivan v. Barclays PLC*, No. 13-cv-02811 (S.D.N.Y.), $307 million in *Laydon v. Mizuho Bank, Ltd.*, No. 12-cv-03419 (S.D.N.Y.) and $386 million in *In re GSE Bonds Antitrust Litig.*, No. 19-cv-1704 (JSR) (S.D.N.Y.) ("*GSE Bonds*").

Courts routinely recognize this experience in appointing Lowey Dannenberg to leadership positions in complex class actions. *See e.g.*, *Frasco* Action, No. 3:21-cv-00757-JD (N.D. Cal.), ECF No. 80 ("Co-Lead Counsel have performed substantial work on behalf of the proposed class to date, have worked toward streamlining the cases in this Court, and have sufficient experience and applicable knowledge necessary to effectively represent the proposed class."); *In re Apple Processor Litigation*, No. 18-cv-0147 (N.D. Cal.), ECF No. 40 (praising Lowey Dannenberg for "conduct[ing] a detailed investigation and analysis of the design, manufacture, and operation of the Apple CPUs.").

### Margaret MacLean

Partner Margaret MacLean draws on over a decade of experience in complex commercial litigation while practicing at some of the nation's largest law firms. Ms. MacLean is an all-around litigator with experience in every aspect of a litigation from complaint through appeal, including examining fact and expert witnesses and presenting at trials. Ms. MacLean has leveraged this experience to obtain extraordinary results for class members.

This year, Ms. MacLean was appointed as an executive committee member in *In re T-Mobile Customer Data Sec. Breach Litig.*, No. 4:20-MD-03019 (W.D. Mo.), a data breach impacting approximately 50 million individuals, which as a result of counsel's efforts, recently

---

[5] Lowey Dannenberg's firm resume is attached as **Exhibit A** to the Declaration of Amanda G. Fiorilla in Support of Plaintiffs' Motion to Appoint Lowey Dannenberg P.C., Lynch Carpenter, LLP, & Lockridge Grindal Nauen P.L.L.P. as Interim Class Counsel ("Fiorilla Decl.").

7

MOTION TO APPOINT LOWEY DANNENBERG P.C., LYNCH CARPENTER, LLP, & LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CLASS COUNSEL - CASE NO. 3:22-cv-03580-WHO

settled for $350 million. She also served as court-appointed co-lead counsel representing Pennsylvania Treasury in *GSE Bonds*, a class action against 16 of the world's largest banks that allegedly conspired to fix the prices of certain debt securities for almost a decade. Under Ms. MacLean's leadership, Plaintiffs prepared the case for trial in less than a year, including managing the review of more than 9 million documents. Plaintiffs, on the brink of class certification, settled the action for $386.5 million. Ms. MacLean received the American Antitrust Institute award for Outstanding Antitrust Litigation Achievements in Private Law Practice in 2020 in recognition of these results.

Ms. MacLean is actively involved in litigating data breach and privacy class actions, including *Hammerling v. Google, LLC*, No. 21-cv-09004 (N.D. Cal.), alleging Google secretly collected Android device users' sensitive data, as well as *In re Google Assistant Privacy Litig.*, No. 19-cv-04286 (N.D. Cal.), and *Lopez v. Apple, Inc.*, No. 19-cv- 04577 (N.D. Cal.), two actions alleging that Google and Apple collected and disclosed users' voice recordings through its smart speakers without activation by the user.

Ms. MacLean is a veteran of multiple appellate oral arguments and leads Lowey Dannenberg's appellate litigation practice. She recently secured a major win for class members in *Fund Liquidation Holdings LLC v. Bank of America Corp.*, 991 F.3d 370 (2d Cir. 2021), obtaining vacatur and remand of the district court's dismissal of the action, as well as successfully defeating the defendants' petition for certiorari to the United States Supreme Court.

Ms. MacLean also heads the firm's Diversity Committee, where she works closely with Ms. Fiorilla.

### Amanda Fiorilla

Associate Amanda Fiorilla is one of the founding members of the firm's privacy and data breach practice and is well-versed in the unique issues arising in these types of cases. Ms. Fiorilla plays an integral role in several privacy class actions, including the *Frasco* Action, alleging that Meta and other large advertising companies intruded on the privacy rights of women by collecting app users' medical information without consent. Ms. Fiorilla also actively litigates *Wesch v. Yodlee*, No 3:20-cv-05991 (N.D. Cal), another data privacy action alleging defendant collected

and disclosed the sensitive financial information of tens of millions of individuals without their consent. Ms. Fiorilla also works closely with Partner Ms. MacLean in litigating *In re Google Assistant Privacy Litig.,* No. 19-cv-04286 (N.D. Cal.), *Lopez v. Apple, Inc.*, No. 19-cv- 04577 (N.D. Cal.), and *Hammerling v. Google, LLC*, No. 21-cv-09004 (N.D. Cal.).

Ms. Fiorilla has zealously argued in several data privacy matters, including in the *Frasco* Action before Judge Donato, where she successfully compelled discovery from a third-party technical vendor, in *Wesch v. Yodlee.*, No.  3:20-cv-05991 (N.D. Cal.), ECF No. 145, in which she successfully advocated in favor of striking defendant's affirmative defenses, and before the Judicial Panel on Multidistrict Litigation in *In re: T-Mobile Customer Data Sec. Breach Litig.*, MDL No. 3019 (W.D. Miss.).

Ms. Fiorilla has played an instrumental role in achieving landmark victories in the privacy and data breach landscape. For instance, in *In re Rutter's Inc. Data Sec. Breach Litig.*, No. 20-cv-00382 (M.D. Pa.), Ms. Fiorilla and other Lowey Dannenberg attorneys secured the first federal decision in the Third Circuit to explicitly recognize a merchant's independent duty at law to protect customer data. *See* 511 F. Supp. 3d 514, 529 (M.D. Pa. 2021) ("Defendant's affirmative act of retaining credit and debit card information which created a risk of foreseeable harm from unscrupulous third parties is enough to recognize a legal duty here."). Similarly, in *In re USAA Data Sec. Litig.*, No. 21-cv-05813 (S.D.N.Y.), with Lynch Carpenter, Ms. Fiorilla and her colleagues successfully sustained claims pursuant to the Driver's Privacy Protection Act ("DPPA") against an insurance company who configured its website to disclose individuals' driver's license numbers on its quote forms. Prior to this decision, few courts, if any, had applied the DPPA in this context. Ms. Fiorilla's ability to successfully navigate novel issues of law and fact will be particularly useful here in litigating an action involving new and emerging technologies.

### ii.   Lynch Carpenter LLP[6]

Lynch Carpenter is a 20-lawyer plaintiff-side class action firm with offices in California, Pennsylvania, and Illinois. Lynch Carpenter has been at the forefront in data breach and privacy

---

[6] Lynch Carpenter's firm resume is attached as **Exhibit B** to the Fiorilla Decl.

1   litigation, obtaining leadership appointments in many of the largest and most well-known cases
2   and generating seminal legal authority in both trial and appellate courts. For example, Lynch
3   Carpenter attorneys pioneered the development of Pennsylvania's data breach law with the seminal
4   Supreme Court of Pennsylvania decision in *Dittman v. UPMC*, 196 A.3d 1036 (Pa. 2018). The
5   court issued a landmark opinion—reversing the two lower courts—acknowledging that general
6   principles of negligence support holding those who collect and store personally identifying
7   information owe a common law duty to reasonably safeguard such information from cyber-attack.
8   *See Dittman*, 196 A.3d at 1047. The court also clarified that Pennsylvania's economic loss doctrine
9   does not apply where a tort duty exists independent of any contract. As stated above, Lynch
10  Carpenter also won a recent appeal on behalf of consumers before the United States Court of
11  Appeals for the Third Circuit in *Popa v. Harriet Carter Gifts, Inc.*, No. 21-2203 (3d. Cir.), which
12  involved novel and complex issues under Pennsylvania's two-party consent wiretapping statute
13  for interceptions involving technology similar to Meta's here. Similarly, Lynch Carpenter is
14  litigating another WESCA wiretap class action in state court, where significant discovery has
15  occurred and a class certification motion is currently pending. *Hanlon v. W. Atlee Burpee & Co*,
16  No. GD-18-012917 (Pa. Com. Pl.). In litigating *Popa* and *Hanlon*, as well as in investigating this
17  action, Lynch Carpenter has worked closely with experts to understand the technology and
18  methods by which Meta intercepts consumers' website data for its own financial gain.

19        Lynch Carpenter's willingness to go the distance for its clients also enables the firm to
20  negotiate from a position of strength and obtain favorable settlements for victims of data privacy
21  invasions. Lynch Carpenter attorneys have also served as co-lead counsel or in other leadership
22  positions in various data privacy class actions and multidistrict litigation. *See In re TikTok, Inc.,*
23  *Consumer Privacy Litig.*, MDL No. 2948 (N.D. Ill.) (Lynch Carpenter serves as co-lead counsel;
24  the district court recently granted final approval to a class settlement providing $92 million in
25  monetary relief for the class); *In re Target Corp. Customer Data Sec. Breach Litig.*, MDL No.
26  2522 (D. Minn.) (Lynch Carpenter was appointed to the Executive Committee managing the
27  litigation on behalf of all plaintiffs (consumers, financial institution, and shareholders). The case
28  was ultimately settled for $10 million (for consumers) and $39 million (for financial institutions));

*Dittman v. UPMC*, No. 43-WAP-2017 (Pa. 2018) (multimillion dollar settlement reached and approved after remand from the Pennsylvania Supreme Court); *In re Vizio, Inc. Consumer Privacy Litig.*, MDL No. 2693 (C.D. Cal.) (consumer privacy breach, steering committee; $17 million settlement); *In re: Ashley Madison Customer Data Sec. Breach Litig.*, No. 4:15-md-02669 (E.D. Mo.) (consumer data breach, executive committee; $11.2 million settlement); *In re Wawa, Inc. Data Sec. Litig.*, No. 2:19- cv-6019 (E.D. Pa.) (representing payment card issuers as co-lead counsel); *In re: Marriott International, Inc.*, No. 8:19-md-2879-PWG (D. Md.) (consumer data breach, steering committee); *In re Blackbaud, Inc. Customer Data Breach Litig.*, MDL No. 2972 (D.S.C.) (consumer data breach, steering committee). Lynch Carpenter is also litigating cases factually similar to this one, involving disclosure of protected health information: *Biscan v. Shields Health Care Group, Inc.*, No. 1:22-cv-10901-PBS (D. Mass.) (interim co-lead counsel and executive committee); *Opris v. Sincera Reproductive Medicine*, No. 2:21-cv-3072 (E.D. Pa.) (Lynch Carpenter serves as co-lead counsel and recently overcame a motion to dismiss with respect to the primary claims); and *In re: Solara Medical Supplies Data Breach Litig.*, No. 19-cv-2284 (S.D. Cal.) (steering committee).

Lynch Carpenter prides itself on promoting and maintaining a collaborative, diverse, and opportunity-creating environment, while eschewing the rigidly structured, concentrated, and exclusionary power dynamics that have been features of too many elite plaintiffs' firms in the past. The firm's commitment to these principles is best seen through its actions, rather than words alone: out of the firm's twelve partners, five possess diverse characteristics. Further, out of the firm's twenty attorneys, eleven have obtained individual appointments to leadership positions in MDLs or similarly large, consolidated cases; four of them have done so for the first time in the past three years, all while working at Lynch Carpenter.

### (Eddie) Jae K. Kim

Mr. Kim is a partner with Lynch Carpenter, working in the Pasadena, California office. Mr. Kim has worked on nearly every aspect of class action and MDL cases, and has extensive experience in litigating complex litigation with successful outcomes.

Mr. Kim was an integral member of the co-lead counsel in *In re Hyundai and Kia Fuel Economy Litig.*, No. 2:13-ml-02424-GW-FFM (C.D. Cal.), arising out of inflated representations of various vehicles' fuel efficiency performance. He helped develop the theories of the first-filed case, *Espinosa v. Hyundai*, CV 12-800-GW (FFMx) (C.D. Cal.), and briefed the successful opposition to the motion to dismiss, conducted discovery, engaged the expert, and prepared the motion for class certification.  Mr. Kim assisted in negotiating the $200 million settlement that was ultimately achieved.

Additionally, Mr. Kim developed the legal theories, handled all pre-trial legal briefing, and ultimately obtained a $203 million trial verdict on behalf of one million California bank customers based on the bank's unlawful assessment of overdraft fees in *Gutierrez v. Wells Fargo*, C 07-05923 WHA (N.D. Cal.). *Gutierrez* became the basis for the MDL *In re Checking Account Overdraft Litig.*, MDL No. 2036, which involved many of the largest banks throughout the country and was based on the same theory. During that MDL, Mr. Kim's primary role was to assist the discovery team in duplicating the successful discovery efforts that were conducted in *Gutierrez*. Mr. Kim also has experience in managing class actions in over a dozen different states, including California, Florida, Nevada, Maryland, Michigan, Hawai'i, Georgia, Oregon, Ohio, New York, Illinois, and Washington.

He is currently managing or participating in consolidated actions seeking refunds for tuition and mandatory fees against universities throughout the country, including handling multiple oral arguments with the Ohio state appellate court, oral argument regarding a motion for summary judgment in Oregon state court, and is currently engaged in discovery in *In re University of Southern California Tuition and Fees COVID-19 Refund Litig.*, No. 2:20-cv-4066-DMG-PVC.

Throughout his career as a litigator, Eddie Kim has been involved in virtually every aspect of litigation, from drafting pleadings, conducting discovery and depositions, drafting briefs for dispositive and class certification motions, drafting appellate briefs, participating in mediations, preparing class settlement approval papers, participating in trials, and conducting oral arguments in both trial and appellate courts. Nearly every single one of the cases Mr. Kim has participated in has succeeded in achieving a strong settlement or a favorable verdict.

Mr. Kim will bring these same characteristics—hard work, innovative thought, collaboration, and constructive team building—in representing the putative class in this action.

### Hannah Barnett

Ms. Barnett is a second-year associate with Lynch Carpenter LLP, with experience working on data and privacy matters. Recently, she was appointed to the Interim Executive Committee in *Biscan v. Shields Health Care Group, Inc.*, No. 1:22-cv-10901-PBS (D. Mass), a consolidated action against a healthcare company based in Massachusetts with customers in several states. Since starting at Lynch Carpenter, Ms. Barnett has worked on a case involving a major device recall affecting millions of Americans. *See In re: Philips Recalled CPAP, Bi-Level Pap, and Mechanical Ventilator Products Liability Litig.*, MDL No. 3014 (W.D. Pa.) (products mass tort/class MDL). She has provided support to co-leads and the discovery team in *In re: Wawa Data Breach Litig.*, No. 2:19-cv-6019 (E.D. Pa.), working on behalf of financial institutions for their claims against the nearly thousand-location strong convenience store chain arising from a 2019 data breach. She has also worked with the document review team in *In re Blackbaud, Inc., Customer Data Breach Litigation* No. 3:20-mn-02972-JMC (D.S.C, a case arising out of a massive data breach that occurred in 2020).

Ms. Barnett also has the full support of the attorneys at her firm who have extensive experience in cases analogous to this, and who have successfully litigated those cases to a successful resolution. Ms. Barnett is able to dedicate a large portion of her time to this matter and will have the full resources of Lynch Carpenter to support her.

### iii.   Lockridge Grindal Nauen P.L.L.P.[7]

LGN is one of the preeminent class action law firms in the United States and consists of more than 60 attorneys assisted by an extensive support staff. Based in Minneapolis, Minnesota, LGN attorneys and lobbyists have extensive experience in local, state, and federal government relations as well as antitrust, business, campaign finance, consumer, data breach, governmental, health care, employment, environmental, ERISA, intellectual property, real estate, securities, and

---

[7] LGN's firm resume is attached as **Exhibit C** to the Fiorilla Decl.

tribal law and litigation. Karen Riebel and Kate Baxter-Kauf have been involved in LGN's data breach practice since 2013 and have extensive experience in litigating consumer data breach class actions, including in this district, and especially in working on cases at the intersection of health care, consumer privacy, and sensitive information.

### Karen Hanson Riebel

Karen Riebel has significant experience in complex litigation, class action, and data breach cases, including appointment as co-lead counsel in several MDL cases and experience with leading successful data breach and privacy class actions on behalf of plaintiffs using the structure proposed to this Court. Ms. Riebel has been named a Minnesota Super Lawyer® every year from 2015 through 2021, and one the Minnesota's Top 50 Women Super Lawyers® from 2017 on. Ms. Riebel was one of five Partners from LGN named by Best Lawyers® to their 2020 Best *Lawyers in America* list, and also received the Trial Lawyers' For Public Justice Trial Lawyers of the Year award in 1994 as a member of the trial team that secured a jury verdict for punitive damages in the amount of $5 billion for a mandatory punitive damages class in *In re The Exxon Valdez*, No. A89-0095-CV (D. Alaska).

Over the course of nearly 30 years' experience, Ms. Riebel has litigated on behalf of plaintiffs in securities, antitrust, consumer, and other class action cases. She has litigated a number of complex class action matters and represented numerous pension funds and other institutional investors in cases involving corporate fraud.  For the last decade, she has concentrated her practice primarily in the area of data breach and data and consumer privacy, and has extensive leadership experience with a variety of different, experienced counsel across the country.  She served as Co-Lead Counsel for financial institution plaintiffs in *Greater Chautauqua Federal Credit Union, et al. v. Kmart Corp., et al.,* No. 15-02228 (N.D. Ill.) and *In re Arby's Restaurant Group, Inc. Data Sec. Litig.*, No. 17-00514 (N.D. Ga.).  The *Arby's* litigation had the same three-firm co-lead structure as proposed here and resulted in a multi-million-dollar settlement on behalf of the class. She also served as Liaison Counsel for the financial institution plaintiffs and as a member of Plaintiffs' Leadership Committee in *In re Target Corp. Customer Data Sec. Breach Litig.,* No. 14-md-02522-PAM (D. Minn.), where she was responsible for keeping and auditing contemporaneous

time records for all firms after settlement of a certified class.  For financial institution plaintiffs, she served on executive or steering committees in *In re Home Depot, Inc., Customer Data Sec. Breach Litig.*, No. 14-02583-TWT (N.D. Ga.), *Bellwether Community Credit Union v. Chipotle Mexican Grill, Inc.*, No. 17-01102 (D. Co.), *Veridian Credit Union v. Eddie Bauer LLC*, No. 17-00356 (W.D. Wa.), *First Choice Federal Credit Union et al. v. The Wendy's Co. et al.,* No. 16-00506 (W.D. Pa.) and *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, No. 17-02800 (N.D. Ga.).

In consumer data breach litigation, Ms. Riebel has served as Co-Lead Counsel for plaintiffs in *In re Community Health Systems, Inc., Customer Sec. Data Breach Litig.*, No. 15-00222, MDL 2595 (N.D. Ala.) with one other highly qualified attorney, and currently serves as Co-Lead Counsel for plaintiffs in *In re: Capital One Consumer Data Sec. Breach Litig.*, No. 19-md-2915 (E.D. Va.), the settlement for which was recently approved after hard fought litigation.  She also served on a four-person executive committee under one appointed lead counsel for consumer plaintiffs in *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-02752 (N.D. Cal.) and on the executive committee in *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, No. 15-2633 (D. Or.).

As part of her leadership in data breach cases, Ms. Riebel has special expertise in vetting and working with plaintiffs, and in negotiating with opposing counsel regarding plaintiffs' discovery.  She is known for being courteous, kind, and flexible, and willing to work with opposing counsel while maintaining deadlines and the best interests of the class.  Opposing counsel in other cases on which Ms. Riebel has worked can attest to their ability to work cooperatively with Ms. Riebel. She is also known for her mentorship and skills in working with newer and younger lawyers to help them lead large cases like the one at bar and would be pleased to use those skills here.

### Kate Baxter-Kauf

Ms. Baxter-Kauf is a partner at LGN who concentrates her practice in the firm's data breach, antitrust law, business litigation, and securities litigation practice groups. For the past several years, she has been on the forefront of cutting-edge cybersecurity and privacy litigation,

representing individuals and financial institutions in data breach litigation and other cybersecurity and privacy litigation. Ms. Baxter-Kauf has been substantially involved in a myriad of data breach and privacy complex class action matters in state and federal courts including, among others: *In re Arby's Restaurant Group, Inc. Data Sec. Litig.*, No. 17-00514 (N.D. Ga.); *In re: Capital One Consumer Data Sec. Breach Litig.*, No. 19-md-2915 (E.D. Va.); *In re Community Health Systems, Inc. Customer Sec. Data Breach Litig.*, No. 15-00222, MDL 2595 (N.D. Ala.); *In re Facebook, Inc., Customer Privacy User Profile Litig.*, No. 18-02843 (N.D. Cal.); *First Choice Federal Credit Union v. The Wendy's Co.*, No. 16-00506 (W.D. Pa.); *Greater Chautauqua Federal Credit Union. v. Kmart Corp.*, No. 15-02228 (N.D. Ill.); *In re Home Depot, Inc., Customer Data Sec. Breach Litig.*, No. 14-02583 (N.D. Ga.); *In re iPhone Application Litig.*, No. 11-02250 (N.D. Cal.); *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, No. 15-2633 (D. Or.); *SELCO Community Credit Union v. Noodles & Co.*, No. 16-02247 (D. Colo.); *In re Supervalu, Inc., Customer Data Sec. Breach Litig.*, MDL No. 2586 (D. Minn.); *In re Target Corp. Customer Data Sec. Breach Litig.*, No. 14-02522 (D. Minn.); *Veridian Credit Union v. Eddie Bauer LLC*, No. 17-00356 (W.D. Wash.); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-02752 (N.D. CA). Ms. Baxter-Kauf also currently serves as counsel for plaintiffs in several actions alleging violations of the Driver's Privacy Protection Act, ("DPPA"), 18 U.S.C. § 2724, including: *Baysal v. Midvale Indemnity Co. et al.*, No. 3:21-cv-00394-wmc (W.D. Wisc.); *In Re Geico Customer Data Breach Litig.*, No. 1:21-cv-02210-KAM-SJB (E.D.N.Y.); *Greenstein et al. v. Noblr Reciprocal Exchange*, No. 4:21-cv-04537-JSW (N.D. Cal.); *Park v. American Family Life Insurance Company et al.*, No. 3:22-cv-00171-wmc (W.D. Wisc.); and *Stallone v. Farmers Group, Inc. et al*, No. 2:21-cv-01659-GMN-VCF (D. Nev.).

Ms. Baxter-Kauf has previously been appointed to leadership positions in numerous cases, including recently her first appointment as co-lead counsel for a class of consumer plaintiffs: *Holmes v. Elephant Insurance Co. et al.*, No. 3:22-cv-00487 (E.D. Va.) (appointed co-lead counsel); *Baker v. ParkMobile, LLC*, No. 21-cv-2182 (N.D. Ga.) (member of Plaintiffs' Steering Committee); *In re Netgain Technology, LLC, Consumer Data Breach Litig.*, No. 21-cv-01210 (D. Minn.) (chair of the Plaintiffs' Executive Committee); *In re: Geico Customer Data Breach Litig.*,

No. 1:21-cv-002210-KAM-SJB (E.D.N.Y.) (pre-approved member of leadership team in conjunction with co-lead counsel appointment); *Zimmerman v. Riverplace Counseling Center, Inc.*, No. 02-cv-19-6522 (Anoka Cty. Dist. Ct.) (settlement class counsel); *Beck v. Austin*, No. 19-cv-01453 (D. Minn.) (settlement class counsel); *In re EpiPen ERISA Litig.*, No. 17-cv-1884 (D. Minn.) (liaison counsel); *In re Wholesale Grocery Products Antitrust Litig.*, MDL No. 2090 (D. Minn.) (member of the trial team).  She has special expertise in the areas of attorney-client privilege and work product claims, and in efficiently and thoroughly working to ensure that all relevant and non-protected communications and documents are properly produced so that litigation may proceed.

She is a frequent speaker on data breach and privacy issues at conferences across the country, was named a Minnesota Super Lawyer for 2022 after having been named a Minnesota Rising Star every year since 2015, a Rising Star in the area of Cybersecurity & Privacy by Law360 in 2018, and an Up & Coming Attorney by Minnesota Lawyer magazine in 2016.

In addition to Proposed Class Counsel's individual experience, Proposed Class Counsel often work collaboratively to obtain the best recoveries on behalf of the classes. For instance, Lowey Dannenberg joins Lynch Carpenter in *In re Wawa, Inc. Data Sec. Litig.*, 2:19-cv-06019-GEKP (E.D. Pa.), a data breach action impacting approximately 30 million individuals, and in *Barr et al. v. Drizly LLC et al.*, No. 20-cv-11492 (D. Mass.), in which counsel recovered $3.15 million on behalf of class members whose data was compromised. Proposed Class Counsel are confident their joint efforts will achieve extraordinary results for the class here.

### B.  Proposed Class Counsel are Diverse

Several courts have recognized the importance of diversity in serving as interim lead counsel. *In re JUUL Labs, Inc. Antitrust Litig.*, No. 3:20-CV-02345, ECF No. 821 at 16:3-5 ("I'd like to see what your suggestions are as far as leadership, who are the people who are going to be responsible in a way that enhances the strengths you have in diversity") (Orrick, J.); *In re JUUL Labs, Inc. Marketing, Sales Practices and Products Liability Litig.*, No. 3:19-MD-02913 (N.D. Cal.), ECF No. 321 at 4:7-12 (emphasizing the importance of "diversity and all of its aspects from the types of cases, the geographic distribution, MDL experience, as well as the more immutable

diversity characteristics") (Orrick, J.); *In re Stubhub Refund Litig.*, No. 20-md-02951-HSG, 2020 WL 8669823, at *1 (appointing as co-lead interim counsel applicants who "demonstrated careful attention to creating a diverse team"); *In re Robinhood Outage Litig.*, No. 20-cv-01626-JD, 2020 WL 7330596, at *2 (noting the need for diversity and how "the attorneys running this litigation should reflect the diversity of the proposed national class"); *Sayce v. Forescout Technologies, Inc.*, No. 20-cv-00076-SI, 2020 WL 6802469, at *9 (N.D. Cal. Nov. 19, 2020) (noting "the apparent lack of diversity, including by female lawyers" among one applicant group and "strongly urg[ing] all parties to this case to make meaningful litigation opportunities available to junior and underrepresented lawyers throughout the pendency of this action."); DUKE LAW SCHOOL, STANDARDS AND BEST PRACTICES FOR LARGE AND MASS-TORT MDLS at 45 ("Litigants and the civil justice system benefit from diversity of leadership. . . [i]t cannot be said that there are not enough talented individuals with the education, background and experience to effectively lead MDL litigation to permit greater diversity.").

This action is no different. In addition to ensuring counsel has the knowledge, experience, and resources to best represent the class, Proposed Class Counsel should also address the need for more diversity in leadership roles, including in age, race, gender, and experience level. Proposed Class Counsel address this issue head-on by proposing both more senior and junior litigators of various genders and race, with significant experience litigating data privacy actions like this one. Their combined experience, talent, and creativity will ensure the Class is well represented.

### C. Proposed Class Counsel have thoroughly investigated and prepared the claims brought on behalf of the proposed Classes.

Proposed Class Counsel and their firms have conducted an in-depth investigation of Meta's unlawful collection of patients' sensitive health data through the Meta Pixel, advancing this litigation from its infancy. Lynch Carpenter has already retained experts for this case to proactively advance the litigation and have worked with those experts to understand the interplay between Meta Pixel and the host website, and how Meta Pixel captures and records website communications. To further identify the factual allegations and develop theories of liability, Proposed Class Counsel reviewed various news sources describing Meta's misconduct and analyzed numerous publicly available documents, including past and present versions of Meta's

Privacy Policy and Terms of Use, documentation relating to the Meta Pixel and Meta's advertising capabilities, and congressional testimony. Proposed Class Counsel also conducted several interviews with class members to understand the impact of Meta's conduct, including how it has infringed their privacy rights and/or resulted in unwanted advertisements. Armed with the results of thorough research and investigatory efforts, Proposed Class Counsel filed a complaint containing comprehensive and detailed allegations regarding Meta's improper collection and use of patients' sensitive health data collected through the Meta Pixel. Significantly, this was the ***first and only action*** to include specific examples of how hospitals' incorporation of Meta Pixel resulted in targeted advertising. It was also the first action to name hospitals as co-defendants, which allowed Proposed Class Counsel to include additional, viable claims that were notably absent from the first-filed action, including claims against Meta for aiding and abetting a violation of the CMIA.

After filing their respective complaints, Proposed Class Counsel took steps to ensure the efficient coordination of the actions. They have worked cooperatively with all Plaintiffs' counsel on (1) filing motions to relate later-filed actions, (2) discussing case strategy, and (3) drafting an ESI Protocol and Protective Order. Proposed Class Counsel have also engaged in coordinated communications with defense counsel regarding consolidation, scheduling, motions practice, and subsequent pleadings. Proposed Class Counsel have already lodged a Freedom of Information Act request to the U.S. Senate Committee on Homeland Security & Governmental Affairs to proactively uncover additional relevant information about Meta Pixel and its incorporation on hospital websites and patient portals.

### D. Appointing Proposed Class Counsel as Lead Counsel will promote efficiency and expedite the litigation.

Often the greatest challenge in appointing a leadership structure is appointing counsel who will work cooperatively and collaboratively. Proposed Class Counsel have substantial experience jointly prosecuting class actions. In addition, Proposed Class Counsel will work cooperatively with defense counsel in order to secure a just, speedy, and inexpensive determination in this action, all in the interest of achieving the best possible outcome for all plaintiffs and putative class members in this case.

Lowey Dannenberg, LGN, and Lynch Carpenter have successfully worked together in *In re Wawa, Inc. Data Security Litig.*, 2:19-cv-06019-GEKP (E.D. Pa.) and *In re: FedLoan Student Loan Servicing Litig.*, No. 18-md-02833 (E.D. Pa.). Lowey Dannenberg and Lynch Carpenter have successfully worked together in *In re USAA Data Security Litig.*, No. 21-cv-05813 (S.D.N.Y.), and in *Barr et al. v. Drizly LLC et al.*, No. 20-cv-11492 (D. Mass.).  And Lynch Carpenter and LGN have successfully prosecuted numerous class action data breach and privacy cases, some of which include *In re Arby's Restaurant Group, Inc. Data Sec. Litig.*, No. 17-00514 (N.D. Ga.); *In re Home Depot, Inc., Customer Data Sec. Breach Litig.*, No. 14-02583-TWT (N.D. Ga.), *First Choice Federal Credit Union et al. v. The Wendy's Co. et al.*, No. 16-00506 (W.D. Pa.) and *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, No. 17-02800 (N.D. Ga.). All of these cases have been prosecuted without waste or duplication of effort. Proposed Class Counsel are confident they will be able to implement these same strategies here to ensure the efficient and economical litigation of this matter. Proposed Class Counsel will recommend the use of proven methodologies from prior cases to monitor billing, control costs, review assignments, and avoid duplication of efforts of Plaintiffs' counsel. All firms would be required to maintain contemporaneous timekeeping records recorded in one-tenths of an hour and report detailed monthly timekeeping records for review by the leadership structure. All block-billing will be prohibited and strictly enforced by Proposed Class Counsel. Additionally, Proposed Class Counsel will also appropriately staff this action and communicate effectively to ensure that multiple attorneys and/or firms are not performing duplicative or unnecessary work. With the Court's approval, Proposed Class Counsel will also encourage the use of Zoom and other videoconferencing options for hearings and depositions. Such applications have been used successfully during the COVID-19 pandemic; the continued use of remote meetings, when feasible, will be an invaluable cost-saving measure.

Importantly, Proposed Class Counsel do not see a purpose for an oversized executive committee and guarantee the action will only be litigated by the firms disclosed herein. *See* MANUAL §10.221 (explaining "[c]ommittees of counsel . . . sometimes lead to substantially increases costs, and . . . should try to avoid unnecessary duplication of effort and control fees and expenses.").

### E.  Proposed Class Counsel Have Sufficient Resources to Effectively Represent the Class

Proposed Class Counsel have years of experience prosecuting and self-funding complex class action litigation, including actions against some of the largest companies in the world. Each firm has advanced millions of dollars to fund expenses in several of its cases, demonstrating a commitment to providing the resources and staffing needed to successfully prosecute class actions.

The class will benefit from Proposed Class Counsel's more than 100 attorneys, each ready and able to litigate the Actions. Lowey Dannenberg also brings its state-of-the-art in-house e-discovery infrastructure and proprietary algorithms to help speed up discovery and save the class time and money. An ISO 27001 certified law firm, Lowey Dannenberg maintains the unique capability to conduct end-to-end e-discovery completely in-house on its own secure discovery environment, a capability it developed and applied in numerous complex cases involving millions of documents, including most recently the *In re Google Assistant* privacy class action.[8] Proposed Class Counsel's ability to securely conduct discovery in-house is especially useful in a case of this nature, where the data at issue is particularly sensitive.

### F.  Proposed Class Counsel are Uniquely Well Suited to Coordinate Representation of the Class Against Both Meta and Healthcare Defendants

As noted above, Proposed Class Counsel is comprised of three firms who have all filed cases that named both Meta and hospital and healthcare system defendants in the same actions.[9] This was a strategic decision informed by Proposed Class Counsel's research, knowledge, and experience in litigating multi-defendant privacy class actions. Accordingly, Proposed Class Counsel have included additional, viable claims that are notably absent from the first-filed action,

---

[8] This technology has resulted in significant cost-savings. For example, in *Sullivan v. Barclays plc*, Lowey Dannenberg litigated Sherman Act claims against eight multi-national banks on behalf of a class of investors for five years and requested only $155,362.11 in discovery-related expenses from a $491 million settlement. *See Sullivan v. Barclays plc*, No. 13-cv-2811 (PKC) (S.D.N.Y.), ECF Nos. 411, 483; *see also See GSE Bonds*, No. 19-cv-1704 (JSR) (S.D.N.Y.), ECF No. 159 ("Lowey Dannenberg represents that it maintains its own e-discovery infrastructure. Again, this is not a dispositive factor, but it weighs slightly in []Lowey's favor.").

[9] Lowey originally filed their action in this district, and Lynch Carpenter and LGN filed elsewhere, with claims against Meta transferred (or to be transferred) into this district with the other claims remaining elsewhere.

1   including claims against Meta for aiding and abetting a violation of the CMIA, and for which

2   organization, coordination, and prosecution of the claims will be necessary in order for the cases

3   to proceed in an efficient manner. Proposed Class Counsel—the only attorneys to have alleged

4   claims in the Actions against hospital and healthcare defendants—are best suited to manage

5   informal coordination between the Actions and the outstanding cases against hospital and

6   healthcare defendants—both in the district and throughout the country—in order to avoid

7   duplicative discovery and to efficiently litigate all claims.

8         In the alternative, if this Court believes that separate counsel is needed to prosecute claims

9   related to the Meta Pixel against hospital and healthcare defendants, Proposed Lead Counsel would

10   be happy to serve as separate appointed counsel and as a liaison counsel between the different

11   claims and potentially different classes.

12   **IV.    <u>CONCLUSION</u>**

13         If appointed by the Court, Proposed Class Counsel will be privileged to represent Plaintiffs

14   and the Class. They will commit the necessary time and resources to pursue the matter to its

15   conclusion and will coordinate and cooperate with all plaintiffs' counsel to prosecute the action

16   efficiently, effectively, and in a manner that minimizes costs. They will at all times meet their

17   fiduciary obligations to the named Plaintiffs, all members of the Class, and this Court, and will

18   make positions of responsibility at all stages of the litigation available to a diverse set of attorneys.

19   For the foregoing reasons, Plaintiffs respectfully request that the Court appoint Proposed Class

20   Counsel to lead this action pursuant to Federal Rule of Civil Procedure 23(g).

21

22

23

24

25

26

27

28

1 Dated: October 19, 2022

*/s/Margaret MacLean*

Margaret MacLean (*pro hac vice* forthcoming)

2 Amanda Fiorilla (*pro hac vice*)

**LOWEY DANNENBERG, P.C.**

3 44 South Broadway, Suite 1100

White Plains, NY 10601

4 Tel: (914) 997-0500

Fax: (914) 997-0035

5 mmaclean@lowey.com

afiorilla@lowey.com

6

7 (Eddie) Jae K. Kim

Hannah Barnett (*pro hac vice* forthcoming)

8 **LYNCH CARPENTER, LLP**

9 1133 Penn Ave., 5th Floor

Pittsburgh, PA 15222

10 Telephone: (412) 322-9243

ekim@lcllp.com

11 hannah@lcllp.com

12

Karen Hanson Riebel (*pro hac vice* forthcoming)

13 Kate M. Baxter-Kauf (*pro hac vice* forthcoming)

**LOCKRIDGE GRINDAL NAUEN**

14 **P.L.L.P.**

100 Washington Avenue South, Suite

15 2200

Minneapolis, MN 55401

16 Telephone: (612) 339-6900

khriebel@locklaw.com

17 kmbaxter-kauf@locklaw.com

18

19 James M. Wagstaffe (95535)

Frank Busch (258288)

20 **WAGSTAFFE, VON LOEWENFELDT,**

**BUSCH & RADWICK LLP**

21 100 Pine Street, Suite 2250

San Francisco, CA 94111

22 Tel: (415) 357-8900

Fax: (415) 357-8910

23 wagstaffe@wvbrlaw.com

busch@wvbrlaw.com

24

25

26

27

28

23