GIBSON, DUNN & CRUTCHER LLP
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY (SBN 268184)
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA (SBN 301746)
abarrera@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone:    (415) 393-8200
Facsimile:    (415) 393-8306

TRENTON J. VAN OSS (*pro hac vice*)
tvanoss@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:    (202) 955-8500
Facsimile:    (202) 467-0539

COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
rhodesmg@cooley.com
KYLE C. WONG (SBN 224021)
kwong@cooley.com
CAMERON J. CLARK (SBN 313039)
cclark@cooley.com
CAROLINE A. LEBEL (SBN 340067)
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

*Attorneys for Defendant Meta Platforms, Inc.
(formerly known as Facebook, Inc.)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>Case No. 3:22-cv-3580-WHO (Doe) | Case No. 3:22-cv-3580-WHO<br><br>PUTATIVE CLASS ACTION<br><br>**DEFENDANT META PLATFORMS, INC.'S OBJECTION TO NEW EVIDENCE FILED WITH PLAINTIFFS' PRELIMINARY INJUNCTION REPLY**<br><br>Action Filed: June 17, 2022<br><br>Honorable Judge William H. Orrick |

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S OBJECTION TO NEW EVIDENCE FILED WITH
PLAINTIFFS' PRELIMINARY INJUNCTION REPLY – CASE NO. 3:22-CV-3580-WHO

## I. INTRODUCTION

Pursuant to Civil Local Rule 7-3(d)(1), Defendant Meta Platforms, Inc. ("Meta") hereby objects to plaintiffs' improper attempt to introduce new evidence—the Declaration of Christopher "Christo" Wilson ("Wilson Declaration"), Dkt. 98—with their reply in support of their motion for a preliminary injunction. Plaintiffs could have submitted the Wilson Declaration with their motion. But they elected not to do so, thereby depriving Meta of an opportunity to respond. That approach is improper, and Meta respectfully requests that the Court decline to consider the Wilson Declaration and all portions of plaintiffs' reply brief relying on the declaration.

## II. BACKGROUND

Plaintiffs seek a preliminary injunction enjoining Meta "from intercepting patient information and communications from HIPAA-covered entities through its use of the Meta Pixel" and "from disseminating and/or using patient information and communications that it has intercepted from HIPAA-covered entities through its use of the Meta Pixel." Dkt. 46-1 at 1 (proposed order). In their initial motion, plaintiffs argued that they were "confident that Meta is able to identify all web properties from which it is currently acquiring such patient information—and to immediately stop the data flow." Dkt. 46 at 2. In support of that argument, plaintiffs submitted a 107-page expert declaration purportedly describing "how the Meta Pixel works on a medical provider's website," "tracking pixels and HIPAA," "hospital web sites who have recently removed the Meta Pixel," and numerous other topics (including several reproductions of Pixel-related source code). Dkt. 49 at 2, 9, 73, 104 (capitalization altered).

In response, Meta noted that "[i]t is third-party *web developers*, not Meta, who decide how to configure the code on their websites to send their chosen information to Meta," and that Meta "already takes extensive measures to prevent third-party developers from sending it sensitive information." Dkt. 76 at 12. Meta argued that plaintiffs had failed to explain "how their proposed injunction would actually operate" or "what [their] injunction would have Meta do beyond what it already does." Dkt. 76 at 12, 14. Meta also pointed out that "[p]laintiffs' own submission underscores that it is not *Meta's* conduct at issue," in part because plaintiffs' own expert "state[d] that since the complaint in this case was filed, several healthcare providers have 'recently removed the Meta Pixel' from their own websites." *Id.* at 13 (quoting plaintiffs' expert declaration).

Gibson, Dunn & Crutcher LLP

1

DEFENDANT META PLATFORMS, INC.'S OBJECTION TO NEW EVIDENCE FILED WITH
PLAINTIFFS' PRELIMINARY INJUNCTION REPLY – CASE NO. 3:22-CV-3580-WHO

In reply, plaintiffs submitted a brand-new expert declaration from a new expert witness. The witness, Christopher "Christo" Wilson, is an associate professor in computer sciences at Northeastern University who has conducted research on "digital consumer protection issues." Dkt. 98 ¶¶ 1-2. Mr. Wilson opines that the "concept underlying Meta's screening system [for potentially sensitive data] is sound," but he suggests "slight modifications" for Meta to "use its existing filtering tools and web-crawlers to comply with" plaintiffs' proposed injunction. *Id.* ¶¶ 7, 11; *see also id.* ¶¶ 13-17, 19. Mr. Wilson also speculates that Meta "clearly has the infrastructure necessary to implement [his] proposals," but he offers little elaboration on the basis for that contention. *Id.* ¶ 18.

### III. ARGUMENT

It is a bedrock evidentiary principle that "new evidence presented for the first time in a reply brief is improper and need not be considered." *Aniel v. GMAC Mortg.*, 2012 WL 5389706, at *3 (N.D. Cal. Nov. 2, 2012); *see also, e.g.*, *Tovar v. United States Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993). Because a reply brief is typically the last written word on a motion, waiting until then to present new evidence deprives the opposing party of an opportunity to respond. *See, e.g.*, *Crandall v. Starbucks Corp.*, 249 F. Supp. 3d 1087, 1104 (N.D. Cal. 2017). As a result, courts routinely refuse to consider new evidence presented on reply. *See, e.g.*, *Xiaopin Zen v. Holder*, 575 F. App'x 749 (9th Cir. 2014).

Consistent with this authority, the Court should decline to consider the Wilson Declaration. To obtain a mandatory injunction, it was plaintiffs' burden to "establish that the law and facts *clearly favor* [their] position." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). It was also their responsibility to meet that burden *when they filed their motion*. *See, e.g.*, *Acosta, Inc. v. Kerdman Enters.*, 2008 WL 11336210, at *8 (C.D. Cal. June 2, 2008) (denying preliminary injunction where plaintiff's "showing in its moving papers was not sufficient to meet its burden" and plaintiff "adduced no evidence until it filed its reply brief"). Plaintiffs clearly had time to gather the facts necessary to support their motion, which they did not file until more than two months after filing their complaint. Indeed, plaintiffs submitted a 107-page expert declaration with their initial motion (along with two other declarations), and Meta explained why none of plaintiffs' arguments or evidence supported their requested injunction. *See supra* at 1. Had plaintiffs timely submitted their new expert declaration, Meta would have had an opportunity to explain why that, too, fails to justify the relief plaintiffs seek.

Gibson, Dunn & Crutcher LLP

2

DEFENDANT META PLATFORMS, INC.'S OBJECTION TO NEW EVIDENCE FILED WITH PLAINTIFFS' PRELIMINARY INJUNCTION REPLY – CASE NO. 3:22-CV-3580-WHO

Plaintiffs' decision to save the Wilson Declaration for reply improperly deprived Meta of a chance to rebut it, and this Court should decline to consider the new evidence.

### IV. CONCLUSION

Meta respectfully requests that this Court strike the Wilson Declaration and decline to consider it in connection with plaintiffs' preliminary injunction motion.

DATED: November 2, 2022

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Lauren Goldman*
Lauren Goldman

*Attorneys for Defendant Meta Platforms, Inc. (formerly known as Facebook, Inc.)*

Gibson, Dunn & Crutcher LLP

3

DEFENDANT META PLATFORMS, INC.'S OBJECTION TO NEW EVIDENCE FILED WITH PLAINTIFFS' PRELIMINARY INJUNCTION REPLY – CASE NO. 3:22-CV-3580-WHO