Jason 'Jay' Barnes (admitted *pro hac vice*)
  jaybarnes@simmonsfirm.com
**SIMMONS HANLY CONROY LLC**
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel:     212-784-6400
Fax:     212-213-5949

Jeffrey A. Koncius, State Bar No. 189803
  koncius@kiesel.law
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel:     310-854-4444
Fax:     310-854-0812

*Attorneys for Plaintiffs*
JOHN DOE, JANE DOE I, JANE DOE II, and JOHN DOE II, and DOE, on behalf of themselves and all others similarly situated

[*Additional counsel listed on signature page*]

Geoffrey Graber, State Bar No. 211547
  ggraber@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel:     202-408-4600
Fax:     202-408-4699

Beth E. Terrell, State Bar No. 178181
  bterrell@terrellmarshall.com
**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.:    206-816-6603
Fax:     206-319-5450

Andre M. Mura, State Bar No. 298541
  amm@classlawgroup.com
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.:    510-350-9700
Fax:     510-350-9701

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | **Case No. 3:22-cv-03580-WHO**<br><br>CLASS ACTION<br><br>**PLAINTIFFS' RESPONSE TO THE COMPETING MOTION TO APPOINT INTERIM LEAD COUNSEL**<br><br>Date:   November 21, 2022<br>Time:   2:00 p.m.<br>Ctrm.:   2, 17th Floor<br>Judge: Hon. William H. Orrick |

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  BACKGROUND ............................................................................................................ 2

III. ARGUMENT .................................................................................................................. 5

    A.   Proposed Interim Counsel's experience, investigation of the facts and development of the claims, and efforts to protect the class support their appointment. ............................................................................................................ 5

    B.   Proposed Interim Counsel can most efficiently and effectively pursue class members' rights. ................................................................................................. 6

    C.   Proposed Interim Counsel offers a more effective leadership structure. .................. 7

IV.  CONCLUSION .............................................................................................................. 9

## I. INTRODUCTION

The Court has received competing applications of two groups of attorneys from law firms experienced in prosecuting consumer privacy cases. Plaintiffs in the two actions filed by the undersigned counsel respectfully submit that the interests of the class would best be served by the appointment of Jay Barnes of Simmons Hanly Conroy LLC and Geoffrey Graber of Cohen Milstein Sellers & Toll, as interim co-lead counsel, and an Executive Committee comprised of Beth Terrell of Terrell Marshall Law Group PLLC, Jeffrey Koncius of Kiesel Law LLP, and Andre Mura of Gibbs Law Group (together, "Proposed Interim Counsel"). As explained in their opening brief and below, Proposed Interim Counsel, who are the only lawyers to have conducted proprietary expert research, bring together a diverse and experienced team with the resources necessary to prosecute this action.

This case challenges Meta's interception, collection, and monetization of the personally identifiable medical information and communications of hundreds of thousands, if not millions, of patients across the country. Jay Barnes and Geoffrey Graber are uniquely qualified to serve as co-lead counsel for the plaintiffs and proposed class of patients. They are members of two of the preeminent plaintiffs' firms in the country, have led trailblazing cases against Meta (when it was called Facebook), and worked with the experts and software tools that developed the most compelling facts in this litigation. They are supported by a proposed executive committee of three attorneys who have worked effectively in other data privacy litigation, including class actions involving the Meta Pixel at the heart of this case: Beth Terrell, Jeffrey A. Koncius, and Andre Mura.

This formidable team has the experience, vision, and resources to prosecute this case against a technology giant and its capable counsel. Mr. Barnes has been litigating claims against Facebook and health care providers involving Facebook's data tracking tools, including the Meta Pixel, for many years with great success. His work on those cases led directly to the detailed allegations in the first-filed complaint in this case as well as the news article that spurred the many follow-on cases. Mr. Graber led his firm's class action litigation challenging Facebook's systemic inflation of its video advertising metrics and is co-lead counsel for a certified class in a case alleging Facebook deliberately inflates its core "Potential Reach" metric used by advertisers. Their combined

experience and expertise in litigating claims seeking to curb Meta's overreaching and invasive technology is without comparison.

Having devoted many years to pursuing similar claims against Facebook and health care providers, Proposed Interim Counsel know this case will be demanding and require decisive strategic action. One preliminary and key strategic choice was to sue only Meta, ensuring that the plaintiffs are not diverted from or delayed in their efforts to halt Meta's invasion of patients' medical privacy. That is also why they moved for a preliminary injunction shortly after filing the operative First Amended Complaint, backing the motion with detailed and compelling expert analysis of Meta's technology and its capture and exploitation of patients' private information. They propose a leadership structure of just two co-lead attorneys, which will allow the nimble and creative decision-making necessary in a case involving cutting-edge technology against a well-funded defendant. And the three-attorney executive committee will ensure the class is represented by counsel with a comprehensive skillset and ample resources. Other firms not seeking leadership positions support the team's application, including Morgan & Morgan (Case No. 3:22-cv-04963-WHO) and Nick Wooten, head of consumer litigation for DC Law, PLLC, and Casey Gerry Schenk Francavilla Blatt & Penfield, LLP (Case No. 3:2022-cv-06020-WHO).

Proposed Interim Counsel respectfully requests the Court appoint them to serve as interim counsel for the class.

## II.  BACKGROUND

This case did not begin with the article The Markup published on June 16, 2022, describing Meta's use of the Meta Pixel to collect patients' protected health information from the hospital websites.[1] That article preceded the first-filed complaint by a single day, but Mr. Barnes and his co-counsel commenced drafting the *Doe v. Meta Platforms, Inc.* complaint long before it was filed on June 17.[2] In fact, the detailed and substantive allegations in that complaint drew on information

---

[1] Todd Feathers, Simon Fondrie-Teitler, et al, *Facebook is Receiving Sensitive Medical Information from Hospital Websites*, The Markup (June 16, 2022), https://themarkup.org/pixel-hunt/2022/06/16/facebook-is-receiving-sensitive-medical-information-from-hospital-websites.

[2] The competing group asserts in its leadership motion that the first complaint was filed "two weeks

derived from the many years of novel privacy litigation he and other Proposed Interim Counsel members pioneered that challenged Facebook's and health care providers' use of website tracking technologies that intercept patient communications and collect and transmit sensitive health data without patients' consent, including the Meta Pixel. Barnes Decl. ¶ 5; Koncius Decl. ¶ 8.[3]

The first of these cases was *In re Facebook Internet Tracking Litigation*, Case No. 5:12-md-02314-EJD (N.D. Cal.), which two members of Proposed Interim Counsel led through ten years of litigation, including a trip to the Ninth Circuit that resulted in a groundbreaking data privacy decision, to a recent settlement. Members of Proposed Interim Counsel are litigating six cases against medical providers challenging their use of the Meta Pixel.[4]

In *Doe v. Virginia Mason Medical Center*, Case No. 19-2-26674-1 SEA (State of Washington, King Superior Court), for example, members of Proposed Interim Counsel obtained a first-of-its-kind decision certifying a class of patients affected by Virginia Mason's use of the Meta Pixel. The Washington Court of Appeals recently denied review of the trial court's certification order. Members of Proposed Interim Counsel also serve as co-lead counsel in *John Doe v. Partners Healthcare System*, Case No. 1984-CV-01651 (Suffolk County, Mass.), where the court has approved an $18.4 million settlement resolving similar claims of a class of patients who alleged Partners violated their privacy by installing the Meta Pixel and other tracking tools on its websites. The article published by The Markup discussed several of these cases, including the *Partners* settlement, in detailing the legal ramifications of the Meta Pixel's collection of medical data.

---

after" the June 16 Markup article. ECF No. 86 at 6:2-6. That is incorrect: the first complaint was filed on June 17. *See* ECF No. 1.

[3] These declarations were filed as exhibits [ECF Nos. 81-85] to Proposed Interim Counsel's initial Motion for Appointment of Interim Lead Counsel [ECF No. 80].

[4] *Doe v. Medstar*, Case No. 24-C-20-000591 (Baltimore City, Maryland); *Doe v. Mercy Health*, Case No. A 2002633 (Hamilton County, Ohio); *Doe v. Sutter Health*, Case No. 34-2019-00258072-CU-BT-GDS (Sacramento County, California); *Doe v. University Hospitals*, Case No. CV-20-9333357 (Cuyahoga County, Ohio); *Doe v. BJC Health System*, Case No. 4:22-cv-00919-RWS (E.D. Mo.); *Kurowski v. Rush System for Health*, Case No. 1:22-cv-05380 (N.D. Ill.).

Before filing the *John Doe* complaint that commenced this litigation, members of Proposed Interim Counsel worked with experts Richard Smith and Christopher "Christo" Wilson, Ph.D. to further develop the claims against Meta. Mr. Smith is the owner of Boston Software Forensics LLC and has 17 years of experience analyzing software systems for the legal industry. Dr. Wilson is an associate professor in the Khoury College of Computer Sciences at Northeastern University and a founding member of the University's Cyber Security and Privacy Institute. Using special software tools, Mr. Smith performed extensive testing and research to determine how the Meta Pixel operates, the medical providers that use it, and the data Meta collects. Mr. Smith's proprietary analysis tracked the communications between patients and hospitals that was captured by the Meta Pixel and transmitted to Meta. Also, among other things, Dr. Wilson was able to identify 664 hospitals that use the Meta Pixel on their websites. Barnes Decl. ¶ 5; Koncius Decl. ¶ 2. These expert analyses served as a foundation to the research and strategic determinations about the most viable legal claims to assert against Meta.

In the wake of The Markup's article and the *John Doe* lawsuit, several firms filed follow-on class action cases.[5] These complaints regurgitated information from the article and the *John Doe* complaint. For example, a complaint filed by members of the competing group seeking appointment included Dr. Wilson's finding that 664 hospitals use the Meta Pixel on their websites. Complaint— Class Action ¶¶ 12, 109, *Naugle v. Meta Platforms, Inc., et al,* No. 1:22-cv-00727 (M.D.N.C. Sept. 1, 2022), ECF No. 1. Two other complaints filed by that group alleged that at least 33 hospitals use the Meta Pixel, a figure taken from The Markup article. *See* Class Action Complaint ¶ 56, *Doe v. Meta Platforms, Inc., et al*, No. 3:22-cv-04293 (N.D. Cal. July 25, 2022), ECF No. 1; Class Action Complaint ¶ 50, *Smidga v. Meta Platforms, Inc. et al*, No. 2:22-cv-1231 (W.D. Pa. Aug. 25, 2022), ECF no. 1. The only complaint other than *John Doe* that included new, expert-based allegations was

---

[5] *See Jane Doe v. Meta Platforms, Inc. et al*, No. 3:22-cv-04293 (N.D. Cal. July 25, 2022); *Krackenberger v. Northwestern Memorial Hospital*, No. 4:22-cv-06020 (N.D. Cal. Aug. 10, 2022); *Smidga v. Meta Platforms, Inc. et al*, No. 2:22-cv-1231 (W.D. Pa Aug. 25, 2022); *Jane Doe v. Meta Platforms, Inc*. No. 3:22-cv-04963 (N.D. Cal. Aug. 30, 2022); *Naugle v. Meta Platforms, Inc.*, No. 1:22cv-00727 (M.D.N.C Sept. 1, 2022).

filed by the other members of Proposed Interim Counsel. *See* Amended Class Action Complaint ¶¶ 64-70, *Doe v. Meta Platforms, Inc.,* No. 3:22-cv-04680 (N.D. Cal. Sept. 7, 2022), ECF No. 26.

Having devoted substantial time to their investigation and preparing their complaints, Proposed Interim Counsel were in a position to act quickly to protect the interests of the proposed class, coordinate the lawsuits, and engage with Meta's counsel. They filed a motion for preliminary injunction and successfully opposed Meta's efforts to obtain a lengthy continuance of the preliminary injunction hearing. ECF Nos. 46-49, 65, 68. They promptly conferred with Meta's counsel about the scope of relevant information in this case and moved to consolidate the related cases. They served initial disclosures and targeted requests for production. Graber Decl. ¶ 14; Koncius Decl. ¶¶ 3-4.

**III.     ARGUMENT**

    **A.     Proposed Interim Counsel's Experience, Proprietary Investigation, and Efforts to Protect the Class Support Their Appointment.**

Before filing their complaints in this case, Proposed Interim Counsel reviewed Meta's and dozens of health care providers' data collection and privacy policies, worked with experts to analyze the computer code underlying the Pixel and patient data flows, and used software tools to analyze the privacy implications of Meta's and hundreds of hospitals' use of the Pixel. Koncius Decl. ¶¶ 2, 5, 6; ECF No. 22. This lengthy investigation informed the factual allegations and legal claims asserted in their complaints, as well as their litigation strategy, including the decision to file an early motion for preliminary injunction in an effort to halt Meta's receipt and use of patients' confidential information and communications. Proposed Interim Counsel were able to hit the ground running on this motion as well as discovery, conferring with Meta's counsel about the production of relevant information. They have taken many steps to move the case forward, including motions to set briefing schedules and consolidate the cases. Graber Decl. ¶ 14; Koncius Decl. ¶¶ 3-4.

Proposed Interim Counsel's investigation and development of the potential claims and their work so far on behalf of the proposed class strongly favors appointing them to lead this case. Fed. R. Civ. P. 23(g)(1)(A)(i); *see also Azpeitia v. Tesoro Ref. & Mktg. Co. LLC*, No. 17-cv-00123-JST, 2017 WL 4071368, at *3 (N.D. Cal. Sep. 14, 2017) (appointing firm that "has done extensive work

identifying, investigating, and prosecuting the potential claims"). This is especially true when one considers the need to support and reward firms that dedicate resources to investigating new and cutting-edge claims to vindicate important rights, such as the right to privacy.

### B. Proposed Interim Counsel Can Most Efficiently and Effectively Pursue Class Members' Rights.

The competing slates for interim counsel have different visions of how this litigation should proceed. Proposed Interim Counsel sued only Meta. That is because the focus of this case is Meta's technology and the patient data Meta collects when health care providers use Meta's Pixel on their websites. All class members were subject to this conduct, and successful resolution of the claims against Meta will vindicate class members' privacy rights.

The competing applicants sued several health care providers in addition to Meta. This strategy raises a host of issues that will inevitably complicate and stall the litigation. There are potential personal jurisdiction issues that will have to be litigated at the outset. *See Smith v. Facebook, Inc.* 262 F. Supp. 3d 943, 952 (N.D. Cal. May 9, 2017) (dismissing claims against healthcare defendants for lack of personal jurisdiction). Naming hospitals nationwide as defendants would also require the Court to wrest jurisdiction from at least a dozen other courts where cases against hospitals are already underway. Many claims against hospitals and healthcare entities involving the Meta Pixel can be pursued in state court due to lack of diversity; indeed, members of the Proposed Interim Counsel have successfully prosecuted such actions in state courts. Barnes Decl. ¶ 5. Parties to these potential actions should retain their right to bring such claims in state courts.

The competing applicants' decision to name Dignity Health Medical Foundation illuminates additional complications that arise from adding hospitals and health care providers as defendants in this litigation. Counsel for Dignity Health Medical Foundation, a health care provider named as a defendant in one of the competing applicants' cases, asserted at the October 5 hearing that Dignity Health does not use the Pixel. ECF No. 84, Ex. A at 11:1-3. Dignity Health may also seek to enforce an arbitration clause in its terms of service, *id.*, as may other health care providers. Acknowledging the obstacles that including health care providers creates in this case, the competing applicants say

they "would be happy to serve as separate appointed counsel" for those claims and potentially different classes, though they offer no explanation for how such a structure would work or why a multi-class structure would further class members' interests. In fact, a parallel litigation track against hospitals and healthcare entities would only serve to complicate and delay the case.[6]

### C. Proposed Interim Counsel Offers a More Effective Leadership Structure.

Proposed Interim Counsel seek appointment of two attorneys to serve as co-lead counsel, who will be responsible for steering the litigation. They will be supported by a three-attorney executive committee, who will be available to share the workload and take on specific roles and projects in the litigation. This structure ensures that there are two clear leaders but provides the resources needed to pursue a well-funded defendant like Meta.

Each of the five attorneys is a partner in a nationally renowned law firm, possesses a wealth of relevant experience, and has full authority to commit firm resources to prosecute this action. ECF No. 80.[7] They have all managed class action litigation, including many cases involving data privacy claims. Barnes Decl. ¶¶ 5-8, Ex. A; Graber Decl. ¶¶ 3-6, Ex. A; Terrell Decl. ¶¶ 3, 7; Koncius Decl. ¶ 11, Ex. B; Mura Decl. ¶¶ 3-4, Ex. A. Proposed Interim Counsel have established close working relationships over the years, in these data privacy cases and many other cases. They know each other's strengths and have developed effective communication and work-sharing strategies that minimize the cost and inefficiencies that can result from a shared leadership structure.

Proposed Interim Counsel also bring a diverse group of attorneys to the leadership roles, including renowned female and LGBTQ attorneys. Beth Terrell often handles the key depositions, argues major class certification and summary judgment motions, and heads the negotiation team in

---

[6] To the extent the Court believes it is appropriate to include hospitals and health care providers as defendants, Proposed Interim Counsel do not see a need to appoint separate interim lead counsel for those claims. Notably, the Proposed Interim Counsel has substantially more experience litigating against hospitals regarding the Meta Pixel than the competing applicants.

[7] *Cf. In re Apple & AT & TM Antitrust Litig.*, No. C 07–05152 JW, 2008 WL 1766761, at *2 (N.D. Cal 2008) (finding in part eight years of litigation experience insufficient to qualify counsel as proposed interim lead in factually and legally complex case demanding significant investment of resources).

consumer rights, privacy, and employment discrimination cases. Ms. Terrell's reputation for working well with other plaintiffs' attorneys has been earned through her years of bringing together law firms and non-profits to joint venture new, emerging, and high-profile litigation. Ms. Terrell speaks regularly to bar associations and at CLEs about the importance of both diversifying the legal profession and retaining attorneys from historically under-represented groups, and she dedicates a substantial amount of her non-billable time to serving on and chairing non-profit boards, including Public Justice, where, as President, she launched and participated in a multi-year Diversity, Equity, Inclusion and Accessibility and Strategic Planning Process which transformed how that organization approaches DEIA and embedded anti-racism and anti-patriarchy principles into its operations.

In addition, Andre Mura is frequently selected to brief and argue dispositive motions and appeals in consumer privacy and mass tort cases, a reflection of his skill in these areas and his reputation among the plaintiffs' bar. ECF No. 80 at 23-25. His experience and ability to work well with others would benefit the putative class here. Mr. Mura is also active in the legal community, including by speaking on issues affecting diverse attorneys. Recently, he spoke at a symposium hosted by the Civil Justice Research Initiative at Berkeley Law about the importance of diversity in court appointments,[8] an important topic reflecting increasing recognition by scholars, courts, and practitioners that there continues to be underrepresentation of women, minority, and LGBTQ lawyers in MDL and class action cases. *See, e.g.*, James F. Humphreys Complex Litigation Center, *Inclusivity And Excellence: Guidelines and Best Practices for Judges Appointing Lawyers to Leadership Positions in MDL and Class-Action Litigation*, at iii (noting lack of gender diversity and also that "[p]eople of color and LGBTQ lawyers are equally, if not more, underrepresented in these leadership positions").[9]

Each of the five attorneys has also assigned teams to this case composed of a diverse set of attorneys with an array of backgrounds and experience levels to ensure a variety of valuable

---

[8] Berkeley Law Civil Justice Research Initiative, "Selection of Leadership in MDLs" (Sept. 17, 2021), available at https://www.youtube.com/watch?v=VpDxmNyzjv8.

[9] Available at https://www.law.gwu.edu/sites/g/files/zaxdzs2351/f/downloads/3-Page_Summary_Report_and_Signatories_List_3.16.21.pdf.

perspectives and innovative approaches to the litigation of this complex privacy class action against one of the most sophisticated technology companies in the world.

The competing applicants request appointment of a six-attorney co-lead team consisting of pairs of attorneys from three firms.[10] They mention the basic efficiencies that Proposed Interim Counsel and other attorneys experienced in leading class action and mass tort litigation implement as a matter of course, like good timekeeping practices, thoughtful staffing, and now ubiquitous Zoom conferences and depositions, but do not offer any specifics about how a six-attorney team will effectively manage the litigation.

The competing applicants' proposed structure also creates potential accountability concerns[11] because the attorneys from each firm would apparently have dual authority on behalf of their firm. See *Duke Law School Center for Judicial Studies,* Guidelines and Best Practices for Large and Mass-Tort MDLs at 32 (2d ed. Sept. 2018) ("Although some courts appoint firms to serve in leadership positions, it is usually preferable to appoint individual lawyers who can be held accountable and ensure that the case receives consistent attention of a senior partner, rather than risking an excessive degree of delegation to less experienced attorneys."). In this case against a sophisticated defendant and its counsel, it is critical that each attorney appointed to represent the class possess full authority to execute strategic litigation decisions without delay.

## IV. CONCLUSION

Proposed Interim Counsel will work collaboratively with anyone the Court may appoint, but respectfully submit that they have the experience and expertise that will be represent the interests of

---

[10] The competing motion identifies privacy and data breach cases taken on by each of the law firms, but in many cases the partners proposed to serve as co-lead counsel did not litigate those cases. ECF No. 86 at 7 (citing *Frasco v. Flo Health, et al.*, No. 3:21-cv-00757-JD (N.D. Cal); *Popa v. Harriet Carter Gifts, Inc.* No. 21-2203, 2022 WL 10224949 (3d Cir. Oct. 18, 2022)).

[11] The competing slate proposes several attorneys for interim lead counsel who did not enter appearances before the October 19 filing of the motion for appointment of interim lead counsel. Proposed interim co-lead-counsel Kim and Barnett (of Lynch Carpenter) did not enter an appearance until October 20, 2022. ECF Nos. 87, 88. And, proposed interim co-lead counsel MacLean (of Lowey Dannenberg) only recently filed a motion for admission pro hac vice on November 1, 2022. ECF No. 105.

the class.

Dated: November 2, 2022

**SIMMONS HANLY CONROY LLC**

By:   */s/ Jason Barnes*
      Jason "Jay" Barnes

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
Jennifer Paulson (admitted *pro hac vice*)

  Attorneys for Plaintiffs in
  *John Doe v. Meta Platforms, Inc.*,
  Case No. 3:22-cv-03580-WHO

**COHEN MILSTEIN SELLERS & TOLL PLLC**

By:   */s/ Geoffrey Graber*
      Geoffrey Graber

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Geoffrey Graber, State Bar No. 211547
Eric Kafka (admitted *pro hac vice*)
Claire Torchiana. State Bar No. 330232

  Attorneys for Plaintiff in
  *Doe v. Meta Platforms, Inc.*,
  Case No. 3:22-cv-04680-WHO

**TERRELL MARSHALL LAW GROUP PLLC**

By:   */s/Beth E. Terrell*
      Beth E. Terrell

**TERRELL MARSHALL LAW GROUP PLLC**
Beth E. Terrell

  Attorneys for Plaintiffs in
  *John Doe v. Meta Platforms, Inc.*,
  Case No. 3:22-cv-03580-WHO

**KIESEL LAW LLP**

By:   */s/Jeffrey A. Koncius*
      Jeffrey A. Koncius

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
Paul R. Kiesel, State Bar No. 119854
Nicole Ramirez, State Bar No. 279017

Attorneys for Plaintiffs in
*John Doe v. Meta Platforms, Inc.*,
Case No. 3:22-cv-03580-WHO

**GIBBS LAW GROUP**

By:   */s/ Andre Mura*
        Andre Mura

**GIBBS LAW GROUP LLP**
Andre M. Mura, State Bar No. 298541
Rosemary M. Rivas, State Bar No. 209147
Hanne Jensen, State Bar No. 336045

Attorneys for Plaintiff in
*Doe v. Meta Platforms, Inc.*,
Case No. 3:22-cv-04680-WHO

**CIVIL L.R. 5-1(h)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), the CM/ECF user filing this document attests that concurrence in its filing has been obtained from its other signatories.

Dated: November 2, 2022                    */s/ Geoffrey Graber*
                                            Geoffrey Graber