W. Daniel "Dee" Miles, III (*pro hac vice to be filed*)
Rebecca D. Gilliland (*pro hac vice to be filed*)
**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Telephone: 334-269-2343
Dee.Miles@beasleyallen.com
Rebecca.Gilliland@beasleyallen.com

Jennie Lee Anderson (SBN 203586)
**ANDRUS ANDERSON LLP**
155 Montgomery Street, Suite 900
San Francisco, California 94104
Telephone:  415-986-1400
jennie@andrusanderson.com

*Counsel for Plaintiffs and the Proposed Classes*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To: All Actions | Case No.: 3:22-CV-03580-WHO<br><br>**MOTION TO APPOINT BEASLEY ALLEN AS INTERIM CLASS COUNSEL**<br><br>Judge:              Hon. William H. Orrick<br>Hearing Date:   November 21, 2022<br>Time:               2:00 PM PT |

**APPLICATION OF BEASLEY ALLEN LAW FIRM FOR APPOINTMENT TO LEADERSHIP POSITIONS WORKING ALONGSIDE INTERIM LEAD COUNSEL**

Pursuant to Fed. R. Civ. P. 23(g), Rebecca D. Gilliland of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. (hereinafter "Beasley Allen") respectfully requests appointment to a leadership position working alongside Interim Lead Counsel of this Consolidated Action.  Beasley Allen attorneys' experienced litigators will be a valuable asset as Interim Co-Lead Counsel in this Consolidated Action. The Beasley Allen attorneys seek to ensure that the firm's experience, ability, and resources are employed to secure the most favorable outcome available for Plaintiffs and the putative Class Members in this litigation.  To further that end, Beasley Allen respectfully request that this Court, in its order appointing Interim Co-Lead Counsel, appoint Rebecca D. Gilliland as one of those Co-Lead Counsel. There are several firms before the Court requesting Co-Lead positions and Beasley Allen is confident in its ability to work alongside each of those firms.

In the alternative, should the Court prefer to appoint a Plaintiffs' Executive Committee ("PEC") instead of limiting it to Lead or Co-Lead Counsel, Beasley Allen requests to be included on that PEC. Should a PEC be appointed, Beasley Allen proposes that the Court also appoint one PEC member as Plaintiffs' Liaison Counsel. Finally, should the Court wish to include further leadership opportunities alongside the PEC, such as a Plaintiffs' Steering Committee ("PSC"), Beasley Allen proposes that the membership of the PSC be voted upon and approved by the PEC.

**I.      Rule 23(g) Provides for Appointment of Interim Class Counsel**

Barring a statutory provision to the contrary, a court must appoint class counsel when a class action is certified. Fed. R. Civ. P. 23(g)(1).  The Rule sets forth four criteria for the Court to consider in making such appointment:

(i)      the work counsel has done in identifying or investigating potential claims in the action;

(ii)     counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii)    counsel's knowledge of the applicable law; and

(iv)    the resources that counsel will commit to representing the class;

*Id.* Before determining whether to certify the action as a class action, the Court may "designate interim counsel to act on behalf of a putative class" until such determination is made. Fed. R. Civ. P. 23(g)(3); *see also Torliatt v. Ocwen Loan Servicing, LLC*, No. 19-CV-04303-WHO, 2020 WL 10964876, at *4 (N.D. Cal. Oct. 2, 2020).

While Rule 23 does not expressly provide a standard for appointing interim class counsel, "courts in this district typically consider the factors set forth in 23(g)(1). *Gallagher v. Bayer AG*, No. 14-CV-04601-WHO, 2015 WL 4932292, at *7 (N.D. Cal. Aug. 18, 2015); *see Paraggua v. LinkedIn Corp.*, No. 5:12-CV-03088 EJD, 2012 WL 3763889, at *1 (N.D. Cal. Aug. 29, 2012). Courts in this district also recognize that early designation of leadership is most helpful in cases such as this, where multiple suits are consolidated and multiple counsel seek appointment as class counsel. *Paraggua*, No. 5:12-CV-03088 EJD, 2012 WL 3763889, at *1 (quoting *White v. TransUnion, LLC,* 239 F.R.D. 681, 683 (C.D.Cal.2006) (citing Manual for Complex Litigation (Fourth) § 21.11 (2004))). Early leadership designation serves to clarify "responsibility for protecting the interests of the class during precertification activities" such as motions, discovery, class certification, and settlement negotiations. Manual for Complex Litigation (Fourth) § 21.11 (2004); *see also Gallagher*, No. 14-CV-04601-WHO, 2015 WL 4932292, at *7; *Paraggua*, No. 5:12-CV-03088 EJD, 2012 WL 3763889, at *1.

While Rule 23(g)(3) states that "[i]f more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class," it is common that multiple firms are appointed to positions of leadership in complex, consolidated class actions; such that the combined expertise and resources of the firms and the combined qualities of the named plaintiffs they represent can serve to benefit the class as a whole. This includes appointment of more than one firm as interim co-lead counsel, as well as appointing a committee of firms to advance the putative class members' claims. *See e.g.*: *In re Lidoderm Antitrust Litig.*, No. 14-MD-02521-WHO, 2017 WL 679367, at *27 (N.D. Cal. Feb. 21, 2017) (appointing multiple firms as co-lead counsel, interim liaison counsel, and additional firms as the executive committee). The Court has flexible authority to designate a leadership and management structure commensurate with the case needs. *See* Fed. R. Civ. P. 23(g); *see, e.g., Id.*

## II. Application of the Rule 23(g) Factors

### a. The Work Beasley Allen Has Done Identifying and Investigating Claims

Beasley Allen has done substantial work identifying and investigating the claims in this action. Our attorneys have communicated with multiple putative Class Members and have already performed a significant number of hours investigating the claims brought in the Complaint to ensure they fully address the harms suffered by the putative Class. While the Complaint follows a similar form of the other complaints, its substance provides information additional to what was previously filed. For example, the Complaint identifies a new, large hospital provider in North Carolina that notified patients of the Meta Pixel's impact and access to their personal health information that was not previously disclosed.

### b. Beasley Allen Attorneys' Experience in Class Actions, Complex Litigation, and the Types of Claims Asserted Here

Beasley Allen has a record of accomplished leadership in class action and MDL cases throughout this country, and specifically in consumer protection MDL/class action litigation. We have been selected by Federal courts as lead counsel or co-lead counsel in six different MDLs. W. Daniel "Dee" Miles, III, who is Rebecca Gilliland's mentor and direct supervisor, has specifically been appointed as lead or as co-lead class counsel in: *In re: Reciprocal of America (ROA) Sales Practices Litigation*, United States District Court for the Western District of Tennessee, MDL No. 1551, selected co-lead by Judge J. Daniel Breen; *In re: American General Life and Accident Insurance Company Industrial Life Insurance Litigation*, United States District Court for the District of South Carolina, MDL No. 1429, selected co-lead by Judge Cameron Currie; and *In re: Dollar General Corp. Fair Labor Standard Acts Litigation*, United States District Court for the Northern District of Alabama, MDL No. 1653, selected co-lead by Judge U. W. Clemon.

In addition to serving as lead or co-lead counsel in multiple complex litigations, Beasley Allen has been appointed to over 26 different Executive and/or Plaintiffs' Steering Committees in MDLs. More specifically, Mr. Miles, who will be assisting Rebecca Gilliland in this case, has been appointed in: *In re: Volkswagen "Clean Diesel" Marketing, Sales and Practices and Products Liability Litigation*, United States District Court for the Northern District of California, MDL No. 2672, appointed by Judge Charles Breyer to the PSC; *In re Chrysler – Dodge- Jeep Ecodiesel Marketing, Sales, Practices, and Products

*Liability Litigation*, MDL No. 2777, appointed by Judge Edward M. Chen to the PSC; *Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, United States District Court for the Central District of California, MDL No. 2151, appointed to the PSC by Judge James Selna; *In re: Target Corporation Customer Data Security Breach Litigation*, United States District Court for the District of Minnesota, MDL No. 2522, appointed to the PSC by Judge Paul A. Magnuson; *In re: The Home Depot, Inc., Customer Data Security Breach Litigation*, United States District Court for the Northern District of Georgia, MDL No. 2583, appointed to the PSC by Judge Thomas W. Thrash; *In re: Blue Cross Blue Shield Antitrust Litigation*, United States District Court for the Northern District of Alabama, MDL No. 2406, appointed to the written submission committee and trial team by Judge R. David Proctor; and In re: Takata Airbag Products Liability Litigation, United States District Court for the Southern District of Florida, MDL No. 2599, serving on a discovery committee responsible for two auto manufacturer's discovery, overseen by Judge Federico A. Moreno.  Beyond the appointments noted above, Mr. Miles has extensive trial experience in complex litigation, having tried over 40 trials to verdict.

In addition to Mr. Miles, Rebecca D. Gilliland is an attorney at Beasley Allen and a seasoned litigator with experience directly suited to the claims at issue in this Consolidated Action.  Mrs. Gilliland has worked for several years on the *In re: Blue Cross Blue Shield Antitrust Litigation* where she was one of the attorneys taking multiple depositions of the Blue Cross Blue Shield Association, Blue Cross Blue Shield of Alabama, and several of the 30(b)(6) depositions of various other Blue entities.  Mrs. Gilliland was also trial counsel in the firm's recent class action trial in this district, successfully handling many of the pretrial matters and examining defense witnesses live at trial. That case, *Siqueiros, et al., v. General Motors LLC*, resulted in a full verdict in favor of the Classes in all three certified states. In addition, Mrs. Gilliland has previously worked on multiple litigations on behalf of various states' attorneys general, including representing multiple states in the *Average Wholesale Pricing Litigation*, and on other multi-district litigations, including *In re: Prempro Products Liability Litigation*.

Mrs. Gilliland, a veteran of the United States Marine Corps, also sought and obtained an L.L.M., with honors, in insurance law from the University of Connecticut School of Law.  She has lectured on Whistleblower litigation for CLE Alabama, multiple Insurance concepts for NALA, the Paralegal

Association, and was a featured panelist for the San Francisco Trial Lawyers' recent CLE: *Don't Be Terrorized by Terabytes: Tips and Tricks for Handling Data and Documents from Class and Mass Action Practitioners*. Mrs. Gilliland was also recognized by the National Trial Lawyers Top 40 under 40 in 2018 and is the current treasurer and CLE co-chair of the Escambia Santa Rosa Bar Association.

Based on the personal experience and qualifications of Mr. Miles and Mrs. Gilliland, as well as that of the Beasley Allen Law Firm and the Firm's commitment to financial and staffing obligations, (*see* Exhibit A – Personal Resumé of W. Daniel "Dee" Miles, III; Exhibit B – Personal Resumé of Rebecca D. Gilliland; and Exhibit C – Beasley Allen Firm Resumé, attached hereto), Beasley Allen is supremely qualified for appointment to a Co-Lead position working alongside the other Interim Co-Lead Counsel, or, if the Court so chooses, as a member of the **Plaintiff's Executive Committee,** in this Consolidated Action.

       **c.   Beasley Allen's Knowledge of the Applicable Law**

As evidenced by Beasley Allen's experience, noted above, the Firm has extensive knowledge of the law applicable to the claims asserted in this Consolidated Action. Both Mr. Miles and Mrs. Gilliland's credentials evidence a history of representing plaintiffs in complex litigation, particularly class litigation and litigation involving consumer and securities claims, giving them first-hand knowledge of the legal issues that will apply to the claims asserted here.

       **d.   The Resources that Beasley Allen Will Commit to Representing the Class**

Beasley Allen employs 94 attorneys and 237 support staff, and has offices in Montgomery, AL; Atlanta, GA; Mobile, AL; and Dallas, TX. As noted in the Firm Resumé, numerous Beasley Allen attorneys have been recognized or profiled in national publications for the work they have done in class action litigation. Beasley Allen will be able to dedicate the resources, personnel, and time necessary to pursue these claims on behalf of the putative Class, as it has done in the past.

Beasley Allen has ample financial resources and staffing to fund and manage large class action litigations. We do not have to use litigation financing for our cases, and will not do so in this litigation, which also demonstrates our total commitment to this important case. We have committed substantial resources in many high profile and complex class actions such as the VW "Clean Diesel" MDL, Chrysler-Fiat "EcoDiesel" MDL, Toyota SUA MDL, Takata Airbag MDL, the BCBS Antitrust MDL, the GM

5300 Litigation, and many others with no issue as to sufficiency or timeliness. In light of the fact that Beasley Allen handles these major class action matters on a contingency fee basis, it is apparent that our firm is committed to zealously representing the rights of putative Class Members and pursuing a favorable result for their claims. Beasley Allen proudly accepts the financial responsibility to make this case successful on behalf of putative Class Members.

### III. Other Factors

#### a. Ability to Work Collaboratively with Co-Counsel, Opposing Counsel and Non-Party Counsel

The volume of class action and MDL appointments in Beasley Allen's Firm Resumé demonstrates cooperative working relationships with numerous plaintiffs' firms, as well as defense firms. A firm that does not collaboratively work with other firms does not receive the number of repeat appointments that Beasley Allen has been awarded. Our attorneys are committed to working collaboratively with other firms, with utmost skill and professionalism.

To prosecute their claims against the Defendants in this Consolidated Action, Plaintiffs and the putative Class need a team of experienced attorneys working collaboratively on their behalf. The Beasley Allen attorneys stand ready to work as part of the team of Interim Lead Co-Counsel in such a position.

#### b. John Doe 1 and John Doe 2 are Willing and Well Qualified to Serve as a Class Representatives

Plaintiffs John Doe 1 and John Doe 2 will be assets to the putative Class as a Class Representatives, for both the proposed National Class and North Carolina Subclass. Both Plaintiffs are residents of North Carolina who received letters alerting them and their families to the activities alleged in the Complaint. Each is a patient at a different medical provider within the State of North Carolina whose information was available and accessed on the password-protected patient portal for each provider. One Plaintiff's personal information was contained on a patient portal login created and maintained by his wife, which also contained their minor children's personal health information, and the other created a patient portal login on his own behalf. Both Plaintiffs John Doe 1 and John Doe 2 received targeted advertising on their Facebook feed related to specific, and private, personal health information. As a

result, both Plaintiffs have a vested interest in litigating this claim on behalf of the putative Class and will adequately represent the other Class in that capacity.

### IV.  Conclusion

For the reasons stated above, Plaintiffs John Doe 1, John Doe 2, and their lead counsel at Beasley Allen request significant and defined leadership roles in this litigation that will steward this Consolidated Action through class certification and beyond.  Plaintiffs John Doe 1 and 2 are committed Class Representatives and Beasley Allen has shown it has the experience, knowledge, and ability to enhance the administration and prosecution of this litigation for the benefit of all putative Class Members.  The value that Beasley Allen adds to the case and the dedication of both Class Representatives will benefit all putative Class Members.  For this reason, Beasley Allen respectfully requests that this Court 1) appoint Rebecca D. Gilliland as Co-Lead Counsel along with any other Co-Lead Counsel appointed by the Court; or, should the Court so choose to form a Plaintiffs' Executive Committee instead, 2) appoint Rebecca D. Gilliland as a member of the Plaintiffs' Executive Committee; and 3) Order the PEC to vote on and select additional counsel to serve on a Plaintiffs' Steering Committee.

DATED:       November 7, 2022              Respectfully submitted,
                                            /s/ *Rebecca D. Gilliland*
                                            W. Daniel "Dee" Miles, III (*pro hac vice to be filed*)
                                            Alison D. Hawthorne  (*pro hac vice to be filed*)
                                            Rachel N. Minder (*pro hac vice to be filed*)
                                            Rebecca D. Gilliland (*pro hac vice to be filed*)
                                            **BEASLEY, ALLEN, CROW,**
                                            **METHVIN, PORTIS & MILES, P.C.**
                                            272 Commerce Street
                                            Montgomery, Alabama 36104
                                            Telephone: 334-269-2343
                                            Dee.Miles@Beasleyallen.com
                                            Alison.Hawthorne@beasleyallen.com
                                            Rachel.Minder@beasleyallen.com
                                            Rebecca.Gilliland@Beasleyallen.com

                                            Jennie Lee Anderson (SBN 203586)
                                            **ANDRUS ANDERSON LLP**
                                            155 Montgomery Street, Suite 900
                                            San Francisco, California 94104
                                            Telephone:  415-986-1400
                                            jennie@andrusanderson.com
                                            **Counsel for Plaintiffs and the Proposed Classes**

**ECF CERTIFICATION**

Pursuant to Civil L.R. 5-1(i)(3), the filing attorney attests that she has obtained concurrence regarding the filing of this document from the signatories to the document.

Date: November 7, 2022

By: */s/ Jennie Lee Anderson*