UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To: All Actions | Case No.: 3:22-CV-03580-WHO<br><br>**[ALTERNATIVE PROPOSED] ORDER GRANTING MOTION TO APPOINT INTERIM CLASS COUNSEL**<br><br>Judge:          Hon. William H. Orrick<br>Hearing Date: November 21, 2022<br>Time:           2:00 PM PT |

## [ALTERNATIVE PROPOSED] ORDER GRANTING MOTION TO APPOINT

## INTERIM CLASS COUNSEL

## UNDER FED. R. CIV. P. 23(g)(3)

This matter comes before the Court on Plaintiffs' Motion for Appointment of Interim Co-Lead Counsel. The Court being fully advised and for good cause shown, the Motion is hereby **GRANTED**.

Accordingly, the Court **ORDERS** as follows:

**A.     Appointments to Interim Counsel Leadership Structure.**

    **1.     Plaintiffs' Executive Committee**

The Court appoints Rebecca D. Gilliland of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., along with other counsel appointed by the Court, to the Plaintiffs' Executive Committee ("PEC") for all Plaintiffs. The PEC must assume responsibility for the following duties during all phases of this litigation:

    a)     Coordinating the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinating all proceedings, including organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, expeditiously, and economically;

    b)     Delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

c) Calling meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court, and initiating proposals, suggestions, schedules, and any other appropriate matters;

d) Determining (after consultation with other co-counsel as may be appropriate) and presenting (in briefs, oral argument, or such other fashion as he or his designee may deem appropriate) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial (and, if appropriate, trial) proceedings;

e) Serving as the primary contact for all communications between Plaintiffs and Defendant, and acting as spokespersons for all Plaintiffs vis-à-vis Defendant and the Court;

f) Directing and executing, on behalf of Plaintiffs, the filing of pleadings and other documents with the Court;

g) Appearing at all court hearings and conferences regarding the case as most appropriate for effective and efficient representation, and speaking for Plaintiffs at all such hearings and conferences;

h) Receiving and initiating communication with the Court and the Clerk of the Court (including receiving orders, notices, correspondence, and telephone calls) and dispensing the content of such communications among Plaintiffs' counsel;

i) Initiating and conducting discussions and negotiations with counsel for Defendant on all matters, including settlement or other alternative dispute resolution efforts;

j) Negotiating and entering into stipulations with opposing counsel as necessary for the conduct of the litigation;

k) Initiating, coordinating, and conducting all discovery on Plaintiffs' behalf and ensuring its efficiency;

l) Selecting, consulting with, and employing experts for Plaintiffs, as necessary;

      m)    Encouraging and enforcing efficiency among all Plaintiffs' counsel;

      n)    Assessing Plaintiffs' counsel for the costs of the litigation;

      o)    Preparing and distributing periodic status reports to the Court and to the parties as ordered;

      p)    Developing and recommending for Court approval practices and procedures pertaining to attorneys' fees and expenses and, on an ongoing basis, monitoring and administering such procedures. At such time as may be appropriate, PEC also will recommend apportionment and allocation of fees and expenses subject to Court approval; and

      q)    Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court.

**2. Plaintiffs' Steering Committee**

The Court further Orders the PEC to nominate, vote, and select members to the Plaintiffs' Steering Committee ("PSC"). The PSC shall assist the PEC and Plaintiffs' Liaison Counsel in coordinating Plaintiffs' pretrial activities, fulfilling the obligations as set forth in Section 1 above, and in planning for trial. The PSC may create other such committees and subcommittees (made up of counsel of record in this proceeding) as are necessary and proper to efficiently carry out its responsibilities, designate members thereof, and to delegate common benefit work responsibilities to selected counsel (including non-members of the PSC), as may be required for the common benefit of Plaintiffs.

To the extent a committee or subcommittee needs additional support with its common benefit work, it may seek the participation and assistance of non-leadership counsel. However, no common benefit work may be performed by non-leadership counsel without the prior approval of the PEC. The Court may amend or expand the PSC upon request from the Plaintiffs' Co-Lead Counsel or on the Court's own motion, if and as circumstances warrant.

**3. Plaintiffs' Interim Liaison Counsel**

The Court appoints one member of the PEC as Plaintiffs' Interim Liaison Counsel. Interim Liaison Counsel is responsible for performing the duties and responsibilities described in the *Manual for Complex Litigation* (Fourth) § 21.221 (2004), including facilitating and expediting communications with and

among Plaintiffs' counsel and fulfilling such other duties as requested by the Court or PEC. The Court also orders the following:

    a) Interim Liaison Counsel is designated as the counsel for all Plaintiffs in all cases upon whom others must serve all notices, orders, pleadings, motions, discovery, and memoranda;

    b) Interim Liaison Counsel is authorized to: (a) receive orders, notices, correspondence, and telephone calls from the Court and the Clerk of the Court on Plaintiffs' behalf; (b) prepare and transmit copies of such orders and notices on Plaintiffs' behalf; and (c) receive orders and notices from the Judicial Panel on Multidistrict Litigation, if any;

    c) Interim Liaison Counsel shall maintain complete files with copies of all documents served and make such files available to all Plaintiffs' counsel upon request;

    d) Interim Liaison Counsel must maintain and make available to all counsel and the Court an up-to-date service list; and

    e) Interim Liaison Counsel shall assume other responsibilities as may be deemed appropriate by the PEC or as ordered by the Court.

**B. Additional Matters**

    **1. Settlement Discussions**

Any discussions of a settlement of this litigation shall be conducted by the PEC and any counsel designated by the PEC.

    **2. Proposed Agendas**

In advance of each status conference, PEC and Defendant's counsel will meet and confer regarding the agenda for such conferences. Unless otherwise ordered, the PEC and Defendant's counsel will file a joint notice setting out the proposed agenda and the parties' joint and/or respective positions no later than five calendar days prior to each status conference.

    **3. Application of this Order**

This Order applies to all actions included in the above-captioned consolidated matters and all subsequently consolidated actions.

The PEC must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in each related action not yet consolidated in this proceeding to the extent that the PEC is aware of any such action(s) and on all attorneys for Plaintiffs whose cases have been so consolidated but who have not yet registered for ECF.

**IT IS SO ORDERED.**

DATED: _____    _____
HONORABLE WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE