GIBSON, DUNN & CRUTCHER LLP
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:     (212) 351-4000
Facsimile:     (212) 351-4035

ELIZABETH K. MCCLOSKEY (SBN 268184)
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA (SBN 301746)
abarrera@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone:     (415) 393-8200
Facsimile:     (415) 393-8306

TRENTON J. VAN OSS (*pro hac vice*)
tvanoss@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:     (202) 955-8500
Facsimile:     (202) 467-0539

*Attorneys for Defendant Meta Platforms, Inc.*
*(formerly known as Facebook, Inc.)*

COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
rhodesmg@cooley.com
KYLE C. WONG (SBN 224021)
kwong@cooley.com
CAMERON J. CLARK (SBN 313039)
cclark@cooley.com
CAROLINE A. LEBEL (SBN 340067)
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>_____<br><br>This Document Relates To:<br><br>Case No. 3:22-cv-3580-WHO (Doe) | Case No. 3:22-cv-3580-WHO<br><br><u>PUTATIVE CLASS ACTION</u><br><br>**DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF DEFENDANT'S SUPPLEMENTAL DECLARATION OF TOBIAS WOOLDRIDGE IN RESPONSE TO DECLARATION OF CHRISTOPHER "CHRISTO" WILSON**<br><br>*[Motion to File Under Seal, Stipulation, and [Proposed] Order filed concurrently herewith]*<br><br>Action Filed: June 17, 2022<br><br>Honorable Judge William H. Orrick |

GOLDMAN DECLARATION ISO DEFENDANT'S MOTION TO SEAL – CASE NO. 3:22-cv-3580-WHO

I, Lauren R. Goldman, declare as follows:

1. I am an attorney duly licensed to practice law in the State of New York and a partner at the law firm of Gibson, Dunn & Crutcher LLP. I am counsel of record for Defendant Meta Platforms, Inc. ("Meta") in the above-captioned matter. I am admitted *pro hac vice* to practice before this Court. I am familiar with Meta's treatment of proprietary and confidential information, based on my personal experience representing Meta.[1] I have personal knowledge of the facts set forth below and, if called as a witness in a court of law, could and would testify competently thereto.

2. I submit this declaration under Local Rule 79-5 and this Court's Standing Order on Administrative Motions to File Under Seal in support of Meta's Administrative Motion to Seal. Specifically, Meta seeks to seal portions of the Supplemental Declaration of Tobias Wooldridge reflecting confidential, proprietary filtering methodologies and techniques, which, if revealed, would put Meta at a competitive disadvantage in the marketplace and could impede Meta's integrity efforts; the specific page and line numbers are identified in the table below.

3. Meta operates in an intensely competitive marketplace. It is a leader with respect to a number of highly dynamic services. Meta has serious and legitimate concerns that competitors will exploit any release of its sensitive, proprietary information in order to gain competitive advantage. As such, Meta takes extensive measures to protect the confidentiality of its proprietary information.

4. The limited content Meta seeks to seal provides insight into Meta's methodologies and techniques used to detect and filter out potentially sensitive information. It is confidential, proprietary commercial information.

5. Disclosure of this information would provide competitors the opportunity to use Meta's information for their own gains. Specifically, competitors could attempt to duplicate features of Meta's filtration systems. In addition, these proprietary methods can be used for business purposes

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *Avago Techs. Fiber IP (Singapore) PTE. Ltd., et al. v. IPtronics Inc., et al.*, No. 10-02863-EJD, Dkts. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., et. al. v. OpenTV Inc., et al.*, No. 13-00282-EJD, Dkts. 76, 82 (N.D. Cal. Oct. 8, 2013). I am personally familiar with Meta's practices of safeguarding proprietary, confidential information, including based on my experience representing Meta for many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

GOLDMAN DECLARATION ISO DEFENDANT'S MOTION TO SEAL – CASE NO. 3:22-cv-3580-WHO

Gibson, Dunn & Crutcher LLP

other than filtration of potentially sensitive data, and could be useful to competitors more broadly. These foreseeable attempts to copy Meta's technology would cause competitive harm to Meta because the filtration process provides Meta with an advantage over competitors by allowing it to develop and deliver a higher quality service to users and advertisers.  Meta keeps this proprietary work product secret to maintain its advantage in the marketplace and offer a superior service.

6.    In addition, there is a high likelihood that disclosure of details concerning how Meta filters out potentially sensitive user data would cause harm to Meta because third parties would be better able to circumvent Meta's filters.  This could lead to Meta receiving more potentially sensitive user health information—which Meta already does not want to receive.

7.    In accordance with Local Rules 79-5(d)–(e) and this Court's Standing Order on Administrative Motions to File Under Seal, attached hereto are unredacted versions of the documents for which sealing is sought, as set forth in the following table:

Gibson, Dunn & Crutcher LLP

GOLDMAN DECLARATION ISO DEFENDANT'S MOTION TO SEAL – CASE NO. 3:22-cv-3580-WHO

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Supplemental Declaration | Page 3, lines 4-5, 13-21, 27-28<br><br>Page 4, lines 1-2, 4-6, 7-8, 13-28<br><br>Page 5, lines 1-4, 6-7, 9-19, 21-28<br><br>Page 6, lines 1-13, 17-18<br><br>Page 7, lines 20-28<br><br>Page 8, lines 1-2, 5-6, 11-13, 15-22, 25-28<br><br>Page 9, lines 1-28<br><br>Page 10, lines 1-10<br><br>Page 11, lines 4-7, 18-23, 28<br><br>Page 12, lines 1-5, 9-10, 21-23, 25-28 | Meta | This document should be partially redacted because it contains information regarding Meta's confidential, proprietary filtering methodologies and techniques, which, if revealed, would put Meta at a competitive disadvantage in the marketplace and could impede Meta's integrity efforts. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 23rd day of November, 2022 in New York, New York.

/s/ Lauren R. Goldman
Lauren R. Goldman

Gibson, Dunn & Crutcher LLP

3