| | |
|---|---|
| Margaret MacLean (*pro hac vice*) | (Eddie) Jae K. Kim (CA Bar No. 236805) |
| Amanda Fiorilla (*pro hac vice*) | **LYNCH CARPENTER, LLP** |
| **LOWEY DANNENBERG, P.C.** | 117 East Colorado Blvd., Suite 600 |
| 44 South Broadway, Suite 1100 | Pasadena, CA 91105 |
| White Plains, NY 10601 | T: (626) 550-1250 |
| Telephone: (914) 997-0500 | ekim@lcllp.com |
| Facsimile: (914) 997-0035 | |
| mmaclean@lowey.com | Hannah Barnett (*pro hac vice*) |
| afiorilla@lowey.com | **LYNCH CARPENTER, LLP** |
| | 1133 Penn Ave., 5th Floor |
| *Attorneys for Plaintiff Jane Doe* | Pittsburgh, PA 15222 |
| | Telephone: (412) 322-9243 |
| Karen Hanson Riebel (*pro hac vice* forthcoming) | hannah@lcllp.com |
| Kate M. Baxter-Kauf (*pro hac vice* forthcoming) | *Attorneys for Plaintiff Malinda Smidga* |
| **LOCKRIDGE GRINDAL NAUEN P.L.L.P.** | |
| 100 Washington Avenue South, Suite 2200 | |
| Minneapolis, MN 55401 | |
| Telephone: (612) 339-6900 | |
| khriebel@locklaw.com | |
| kmbaxter-kauf@locklaw.com | |

*Attorneys for Plaintiffs Kim Naugle and Afrika Williams*

[additional counsel listed on signature block]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To: All Actions | Case No.: 3:22-cv-03580-WHO<br><br>**REPLY IN SUPPORT OF MOTION TO APPOINT LOWEY DANNENBERG P.C., LYNCH CARPENTER LLP, & LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CLASS COUNSEL**<br><br>Judge: Hon. William H. Orrick<br>Filing Date: November 30, 2022<br>Hearing Date: December 14, 2022<br>Time: 2:00 PM PT |

# INTRODUCTION

As set forth in the Motion to Appoint Lowey Dannenberg, P.C., Lynch Carpenter LLP and Lockridge Grindal Nauen P.L.L.P. (referred to herein as "Lowey Lynch Lockridge") as Interim Class Counsel (ECF No. 86) ("Motion for Lead"), Lowey Lynch Lockridge are best-suited to represent Class members' interests. Lowey Lynch Lockridge is a streamlined, diverse team with specialized, directly relevant experience, and therefore, is best suited to serve as lead counsel.

# ARGUMENT

## I. Lowey Lynch Lockridge Propose the Most Efficient Structure

Lowey Lynch Lockridge is the only group to propose a leadership structure that is proportional to the needs of the case. Specifically, Lowey Lynch Lockridge propose staffing the case with one partner and one associate from each of their three firms. In a case involving a singular defendant and technology, this structure will maximize efficiency while avoiding duplicative work product and unnecessarily inflating lodestar. This stands in stark contrast to the competing proposal put forth by the Simmons Cohen Group, which includes five law firms, "assigned teams" of more than a dozen additional attorneys, and countless other unnamed counsel who pledged their support for this structure, likely in exchange for work on the case. *See* Plaintiffs' Resp. to the Competing Mot. to Appoint Interim Lead Counsel at 8-9, ECF No. 113 ("Simmons Cohen Opposition"); *see also* Opp. to Mot. to Appoint Jason "Jay" Barnes, Geoffrey Graber, Beth Terrell, Jeffrey Koncius, and Andrew Mura as Interim Lead Counsel at 2, ECF No. 112 ("Lowey Lynch Lockridge Opposition").

The Simmons Cohen Group fails to provide any justification or special circumstance that would justify the need for this many law firms and attorneys to litigate this action against a single defendant.[1] Indeed, Lowey Lynch Lockridge have litigated complex multi-defendant cases

---

[1] Meanwhile, the Simmons Cohen Group's assertion that only a senior partner can "execute strategic litigation decisions without delay" (*id*. at 9) merely repeats the misguided and outdated thinking that only older attorneys can serve in leadership roles—a position expressly rejected by this Court and others. *See In re JUUL Labs, Inc. Marketing, Sales Practices and Products Liability Litig.*, No. 3:19-MD-02913 (N.D. Cal.), ECF No. 321 at 4:7-12 (emphasizing the importance of "diversity and all of its aspects from the types of cases, the geographic distribution, MDL experience, as well as the more immutable diversity characteristics") (Orrick, J.); *Sayce v. Forescout Technologies, Inc.*, No. 20-cv-00076-SI, 2020 WL

*( . . . continued)*

1

REPLY IN SUPPORT OF MOTION TO APPOINT LOWEY DANNENBERG P.C., LYNCH CARPENTER LLP, & LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CLASS COUNSEL
CASE NO. 3:22-cv-03580-WHO

successfully with less and are confident they will be able to do the same here. *See* Motion for Lead at 7 (explaining Ms. MacLean successfully recovered $386.5 million with just one other firm in an action against 16 of the world's largest banks); *id.* at 15 (noting Ms. Riebel currently serves in a three-firm lead structure that recovered $190 million in a data breach lawsuit against one of the largest banks in the country and Amazon); *id.* at 12 (noting Mr. Kim's successful litigation and $203 million trial verdict against Wells Fargo, which involved just two co-counsel firms).

## II.     Lowey Lynch Lockridge Have Unmatched Experience and Knowledge

Lowey Lynch Lockridge have unique knowledge and experience that will directly benefit Class members. Lowey Dannenberg, P.C. is the only firm moving for lead with experience litigating these exact claims against Meta Platforms, Inc. ("Meta") for the same misconduct: the collection of sensitive medical information through Meta's technology and the use of this information for analytics and advertising. Motion for Lead at 4 (citing *Frasco v. Flo Health*, No. 3:21-cv-00757-JD (N.D. Cal.) (the "*Frasco* Action"). The knowledge gained from the *Frasco* Action and its benefit to the Class is already self-evident as the complaint in the *Jane Doe* action was the first to discuss in depth how Meta engages in micro-level targeting of users, including by health causes, (*see Doe v. Meta Platforms, Inc.*, No. 3:22-cv-04293 (N.D. Cal.), ECF No. 1 ¶ 39-45), how the data collected through Meta Pixel makes its way to the Event Manager page and is used to create custom audiences to target the specific user (*id.* ¶ 54), Meta's lack of adequate control over how sensitive data like health information is used, including for targeted advertising, as discussed by Meta's own engineer (*id.* ¶ 62), and how Meta knew it collected and used health information as a result of two separate investigations, one by the Federal Trade Commission and another by the New York State Department of Financial Services ("NYSDFS"). *Id.* ¶ 80-81. No one is more familiar with the NYSDFS's findings (a document the Simmons Cohen Group admits

---

6802469, at *9 (N.D. Cal. Nov. 19, 2020) (noting "the apparent lack of diversity, including by female lawyers" among one applicant group and "strongly urg[ing] all parties to this case to make meaningful litigation opportunities available to junior and underrepresented lawyers throughout the pendency of this action"). The Court should reject this argument in favor of Lowey Lynch Lockridge's approach which pairs talented partners and associates together so that the class may benefit from the best that each lawyer has to offer regardless of title.

is "important" to the case)[2] than Lowey Dannenberg (and Ms. Fiorilla, specifically), as they have already received considerable discovery on that matter in the *Frasco* Action. Starting from scratch with a new group of firms will only slow down the action and disadvantage the Class.

Furthermore, Lowey Lynch Lockridge have been instrumental in developing the law on the very issues at the core of this case. Lowey's innovative work in the *Frasco* Action resulted in Judge Donato sustaining claims against Meta for aiding and abetting a Confidentiality of Medical Information Act ("CMIA") violation. *See* Order Re Motions to Dismiss, *Frasco* Action, No. 3:21-cv-00757-JD, ECF No. 158 (N.D. Cal.). The Simmons Cohen Group overlooked those claims entirely, depriving the Class of meaningful relief, including the potential for statutory damages.

Lynch Carpenter LLP likewise has led the charge in developing privacy, wiretap and state equivalent case law throughout the nation, including through significant appellate victories. Motion for Lead at 4 (citing *Popa v. Harriet Carter Gifts, Inc.*, No. 21-2203, 2022 WL 10224949 (3d Cir. 2022); *Dittman v. UPMC*, 196 A.3d 1036 (Pa. 2018)). As lead counsel, Lynch Carpenter LLP has recovered more than $175 million in privacy and data security related litigation over the past five years.

And Lockridge Grindal Nauen P.L.L.P. have decades of experience litigating the exposure of individuals' medical information, including deep knowledge of how the collection and use of this information harms individuals and can be valued. Lowey Lynch Lockridge's leadership here has already delivered significant benefits to the Class, as demonstrated by the CMIA claims and concrete allegations relating to Meta's knowledge and use of patient data for advertising, and the Class will only continue to benefit as the case proceeds.

### III. Lowey Lynch Lockridge Commit the Appropriate Resources

The Lowey Lynch Lockridge group have proven their ability to commit the appropriate amount of time and resources to litigate this action, while simultaneously avoiding duplication or the creation of unnecessary work product. Lowey Lynch Lockridge focused their early efforts on identifying individuals with the strongest claims, leveraging their experience in the *Frasco* Action

---

[2] *See* Nov. 9, 2022 Hr'g Tr. at 40:12-41:11 (relying on the NYDFS report concerning Meta's receipt of medical information ***through the medical app at issue in*** the *Frasco* Action).

to file actions on behalf of Plaintiffs who, as a direct result of their interaction with Meta Pixel on hospital websites and patient portals, received targeted advertisements for the specific ailments or conditions for which they were treated. *Doe*, No. 3:22-cv-04293 (N.D. Cal.), ECF No. 1 ¶ 24 ("Plaintiff received targeted advertisements for related medications and treatments on her Facebook page . . . ."); *id.* ¶ 65 (example of specific Facebook ad related to heart condition); *Smidga v. Meta Platforms Inc., et al.*, No. 4:22-CV-05753 (N.D. Cal.), ECF No. 1 ¶ 14 ("Plaintiff began to receive targeted advertisements that were specifically related to the medical information that she thought was secure on UPMC's website."); *id.* ¶ 23 ("[A]fter entering this information on UPMC's appointment scheduling page, Plaintiff received advertisements on her Facebook page targeted to her symptoms."). These factual allegations operate to prevent and counter Meta's current arguments in response to the pending motion for preliminary injunction. *See* Nov. 9, 2022 Hr'g Tr. at 7:9-14. Lowey Lynch Lockridge also included detailed allegations about Meta's data use practices and self-proclaimed filtration system—highly relevant information that is absent in the complaints filed by the competing group.

Additionally, the Lowey Lynch Lockridge team strategically avoided dedicating resources and time to matters that would be premature and potentially duplicative prior to consolidation and the appointment of lead, such as serving early discovery or conducting pricey, preliminary expert analyses that would duplicate the information already publicly available. *See* Oct. 5, 2022 Hr'g Tr. at 18:20-19:2 (explaining it would be appropriate to work on things like the "protective order and the ESI protocol" and that after the hearing on leadership "then [the Court] can let [counsel] know whether to unleash the dogs as far as discovery is concerned"). Class members should be represented by counsel—like Lowey Lynch Lockridge—who used their experience to expend the appropriate resources where necessary, not counsel who create make-work and increase expenses in an attempt to bolster their leadership applications.

### IV. Lowey Lynch Lockridge is the Most Diverse Group

In addition to the above qualifications, the Lowey Lynch Lockridge team tackle the Court's concerns regarding diversity in leadership appointments head on. Lowey Lynch Lockridge's attorneys are diverse in all aspects and exceptionally qualified in their own right to lead this action.

Lowey Lynch Lockridge is diverse in gender, race, geographical location, experience, and age. They propose a primarily female group, including multiple younger attorneys, like Ms. Fiorilla, and two minorities, Mr. Kim who is a Korean-American partner-level attorney, and Ms. Barnett who is an African-American associate-level attorney. Lowey Lynch Lockridge also ensure adequate representation from coast-to-coast, incorporating a local West Coast, California attorney, as well as those from the Midwest and East Coast.

## CONCLUSION

For each of these reasons, Lowey Lynch Lockridge are best-suited to represent Plaintiffs and the Class as interim co-lead counsel.

Dated: November 30, 2022

/s/Margaret MacLean
Margaret MacLean (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
mmaclean@lowey.com
afiorilla@lowey.com

(Eddie) Jae K. Kim (CA Bar No. 236805)
**LYNCH CARPENTER, LLP**
117 East Colorado Blvd., Suite 600
Pasadena, CA 91105
T: (626) 550-1250
ekim@lcllp.com

Hannah Barnett (*pro hac vice*)
**LYNCH CARPENTER, LLP**
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
hannah@lcllp.com

Karen Hanson Riebel (*pro hac vice* forthcoming)
Kate M. Baxter-Kauf (*pro hac vice* forthcoming)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200

Minneapolis, MN 55401
Telephone: (612) 339-6900
khriebel@locklaw.com
kmbaxter-kauf@locklaw.com

James M. Wagstaffe (95535)
Frank Busch (258288)
**WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK LLP**
100 Pine Street, Suite 2250
San Francisco, CA 94111
Tel: (415) 357-8900
Fax: (415) 357-8910
wagstaffe@wvbrlaw.com
busch@wvbrlaw.com