UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>META PLATFORMS, INC., et al.,<br><br>   Defendants. | Case No. 22-cv-03580-WHO<br><br>**ORDER GRANTING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Dkt. Nos. 77, 99, 143 |

  Meta seeks to seal information regarding its data filtration systems in the preliminary injunction briefing and supporting declarations. In particular, on October 17, 2022, defendant Meta Platforms, Inc. made an administrative motion to file under seal one sentence from the Declaration of Tobias Wooldridge ("Wooldridge Decl.") and the corresponding portion of Meta's opposition to plaintiffs' motion for a preliminary injunction that restates that factual information. Dkt. 77. In support of its administrative motion, Meta filed the declaration of Lauren Goldman, who argues that the information at issue should be sealed because it provides insight into Meta's methodologies and techniques used to detect and filter out potentially sensitive information. *See* Declaration of Lauren Goldman ("Goldman Decl.") [Dkt. 77-2] ¶ 4. Goldman claims that this information is confidential and proprietary, and that disclosure of this information would cause competitive harm. *Id.* ¶¶ 4–5.

  On October 26, 2022, plaintiffs made an administrative motion to file under seal three words from their reply brief and portions of the Declaration of Christo Wilson ("Wilson Decl.") that reference information contained within the Wooldridge Decl. *See* Dkt. 99. In support of plaintiffs' administrative motion, Meta filed a statement in support of the motion to seal, arguing that the information at issue should be sealed for the same reasons as set forth in Meta's initial

1 motion to seal—*i.e.*, that the information at issue consisted of Meta's "internal proprietary,
2 commercially sensitive, and confidential information," and that Meta would be competitively
3 disadvantaged by disclosure. Dkt. 109 at 1.
4       Finally, on November 23, 2022, Meta made another administrative motion to file under
5 seal substantial portions of the Supplemental Declaration of Tobias Wooldridge ("Supp.
6 Wooldridge Decl."). Dkt. 143. The Supp. Wooldridge Decl. addresses the feasibility of Wilson's
7 suggestions for improving Meta's data filtration systems. *See* Supp. Wooldridge Decl. [Dkt. 143-
8 3] ¶¶ 2, 16–51. In support of the administrative motion, Meta filed a declaration by Lauren
9 Goldman which was largely identical to the previous Goldman Decl. *Compare* Dkt. 77-2 *to* Dkt.
10 143-2.
11       In the Ninth Circuit, a party seeking to seal judicial records related to a dispositive matter
12 can only overcome the "strong presumption" of public access to judicial records by demonstrating
13 "sufficiently compelling reasons" that override the public policies favoring disclosure. *In re
14 Midland Nat'l Life Ins. Co Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012);
15 *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). To seal
16 records associated with a dispositive matter, "the district court must articulate a factual basis for
17 each compelling reason to seal" offered by the party. *In re Midland Nat'l Life Ins. Co.*, 686 F.3d
18 at 1119. "What constitutes a 'compelling reason' is best left to the sound discretion of the trial
19 court." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting
20 *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). When seeking to file under seal
21 judicial records related to a non-dispositive matter, the party must make a "particularized"
22 showing of good cause under Federal Rule of Civil Procedure 26(c). *Id*.
23       Civil Local Rule 79-5 allows the Court to seal documents only upon a request that
24 establishes that the document, or portions thereof, are sealable. Civil L.R. 79-5. The request must
25 be narrowly tailored to seek sealing only of sealable material and be supported by a declaration
26 establishing compelling reasons or good cause to justify the sealing. *Id*. Reference to a
27 stipulation or protective order that allows a party to designate information as confidential or
28 sealable is insufficient to establish that the information should be sealed by the Court. *Id*.

Because the preliminary injunction motion here was more than tangentially related to the merits of the case, Meta must show compelling reasons justify keeping the information under seal. *Chrysler Grp.*, 809 F.3d at 1103. At this early stage in the case, I conclude that Meta has done so.

Meta seeks to seal information regarding the amount of data that Meta receives and Meta's techniques used to detect and filter out potentially sensitive information. The details of how and why Meta has designed its filtration systems are confidential, proprietary commercial information; Meta contends that the disclosure of this information would cause competitive harm because competitors would gain unfair insight into how Meta's systems operate and be able to duplicate features of Meta's filtration systems. Goldman Decl. ¶¶ 4–5. The disclosure of business information that could create competitive harm is a compelling reason to seal. *Chrysler Grp.*, 809 F.3d at 1097; *see also In re Google Inc. Gmail Litig.*, No. 13-md-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding "compelling reasons to seal" "specific descriptions of how Gmail operates"); *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082- BLF, 2020 WL 6395513, at *2 (N.D. Cal. Feb. 4, 2020) (finding "a compelling reason" to seal "confidential, non-public information related to how Google maintains the security of its advertising products," including "systems functionality related to detecting and addressing invalid activity"); *Hadley v. Kellogg Sales Co.*, No. 16-cv-04955-LHK, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018) (finding "compelling reasons" to seal information providing insight into "business strategies and internal decisionmaking"). I accept Meta's representations regarding the competitive harm that could result from disclosure of the information at issue. As the case continues and the factual record becomes more robust, however, Meta will need to provide more support to show that disclosure of general information of how the filtration systems work—*i.e.*, the information at issue in the reply brief—would competitively harm Meta. *See* Dkt. 99-2.

Meta also argues that disclosure of this information could impede Meta's integrity efforts aimed at detecting and filtering out unwanted and potentially sensitive health information. Goldman Decl. ¶ 6. Courts in this district have found that compelling reasons support sealing material that could hinder efforts to avoid unwanted materials or activity. *See In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (finding compelling reasons to seal information relating to

3

Google's defenses "to combat spammers, hackers, and others who propagate" unwanted or harmful materials); *Adtrader*, 2020 WL 6395513, at *2 (finding compelling reasons to seal information that individuals could use to manipulate "systems information about how Google detects and reacts to invalid activity").  As noted above, I credit Meta's representations regarding the consequences of disclosure at this early stage.

Because Meta has established compelling reasons exist for sealing the information at issue, the administrative motions to seal are **GRANTED**.

This order resolves Dkt. Nos. 77, 99, and 143.

**IT IS SO ORDERED.**

Dated: December 21, 2022

_____
WILLIAM H. ORRICK
United States District Judge