GIBSON, DUNN & CRUTCHER LLP
LAUREN R. GOLDMAN (*admitted pro hac vice*)
lgoldman@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:     (212) 351-4000
Facsimile:     (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone:     (415) 393-4622
Facsimile:     (415) 801-7389

ANDREW M. KASABIAN, SBN 313210
333 South Grand Avenue
Los Angeles, CA 90071 USA
Telephone:     (213) 229-7311
Facsimile:     (213) 229-6311
akasabian@gibsondunn.com

COOLEY LLP
MICHAEL G. RHODES, SBN 116127
rhodesmg@cooley.com
KYLE C. WONG, SBN 224021
kwong@cooley.com
CAROLINE A. LEBEL, SBN 340067
clebel@cooley.com
3 Embarcadero Center, 20th Floor San
Francisco, CA 94111-4004 Telephone:
(415) 693-2000 Facsimile:     (415)
693-2222

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION,<br><br>———————————<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-3580-WHO<br><br>**DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br><u>CLASS ACTION</u> |

Gibson, Dunn &
Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED – CASE NO. 3:22-CV-3580-WHO

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Local Rules 3-12 and 7-11 of the United States District Court for the Northern District of California, and this Court's October 12, 2022 Order, counsel for Defendant Meta Platforms, Inc. ("Meta") submits this Administrative Motion to consider whether *John Doe & Jane Doe v. Meta Platforms, Inc.*, Case No. 3:22-cv-07557-SI (the "First Financial Data Case"), filed in this District on December 1, 2022, and *Katrina Calderon, et al. v. Meta Platforms, Inc.*, Case No. 5:22-cv-09149-VKD, filed in this District on December 29, 2022 (the "Second Financial Data Case," and collectively, the "Financial Data Cases"), should be related to the above-captioned action, *In re Meta Pixel Healthcare Litigation*, Case No. 3:22-cv-3580-WHO (the "Consolidated Action") and thereafter consolidated with the Consolidated Action for the limited purpose of conducting discovery.

Plaintiffs in the Financial Data Cases object to the motion to relate. Plaintiffs in the Consolidated Action do not oppose relation of the Financial Data Cases subject to the Motion, but intend to respond with respect to Meta's request for partial consolidation. (*See* Goldman Decl. ¶ 3.)

## I.   STATEMENT OF RELEVANT FACTS

Plaintiffs in the Consolidated Action have alleged that their respective healthcare providers installed Meta's Pixel tool on the patient portal websites that the plaintiffs used to access their healthcare providers' services. They alleged that, as a result of the healthcare providers' use of the Meta Pixel tool on these patient portals, Meta has received sensitive information about them, including personally identifiable, confidential, and otherwise sensitive health information. These plaintiffs bring a variety of common law and statutory privacy-related causes of action. Although a consolidated complaint is forthcoming, the causes of action in the non-consolidated complaints include claims under the Electronic Communications Privacy Act ("ECPA"), the California Invasion of Privacy Act ("CIPA"), common law invasion of privacy and intrusion upon seclusion, breach of contract, and the California Unfair Competition Law ("UCL"). The plaintiffs in the first-filed case in the Consolidated Action seek to represent a putative class of "[a]ll Facebook users who are current or former patients of medical providers in the United States with web properties through which Facebook acquired patient communications relating to medical provider patient portals, appointments, phone calls, and

communications associated with patient portal users, for which neither the medical provider nor Facebook obtained a HIPAA, or any other valid, consent."[1]

On October 12, 2022, this Court granted a motion to consolidate four related cases ("Consolidation Order")—*John Doe v. Meta Platforms, Inc.* ("*John Doe*"), Case No. 3:22-cv-03580-WHO, *Jane Doe v. Meta Platforms, Inc. et al.*, Case No. 3:22-cv-04293-WHO, *Doe v. Meta Platforms, Inc.*, Case No. 3:22-cv-04680-WHO, and *Jane Doe v. Meta Platforms, Inc.*, Case No. 3:22-cv-04963-WHO.  *See John Doe* Dkt. 73.  On October 19, 2022, this Court granted a motion relating two additional related cases—*Malinda S. Smidga v. Meta Platforms, Inc.*, Case No. 4:22-cv-05753-KAW, and *Michael Krackenberger v. Northwestern Memorial Hospital, et al.*, Case No. 4:22-cv-06020-DMR.  *See John Doe* Dkt. 79.  On November 7, 2022, this Court granted a motion to relate *Doe, et al. v. Meta Platforms, Inc.*, Case No. 22-cv-06665-AGT.  *See John Doe* Dkt. 119.  In its Consolidation Order, this Court directed the parties to "file an Administrative Motion to Consider Whether Cases are Related . . . whenever a related case is filed in, or transferred to, this District."  *John Doe* Dkt. 79 at 3.  Under the terms of the Consolidation Order, any case deemed related "shall be consolidated into [the Consolidated Action] unless a party objects to consolidation within fourteen days of the related case order."  *Id.*

On December 1, 2022, after this Court issued its Consolidation Order, the First Financial Data Case was filed.  The Second Financial Data Case was filed on December 29, 2022.  Both of the Financial Data Cases allege that major online tax filing services, including H&R Block, TaxAct, and TaxSlayer, installed the Meta Pixel tool on their websites.  Plaintiffs allege that they used these tax filing services and that, as a result of these tax filing services' use of the Meta Pixel tool, Meta has received sensitive user information, including personally identifiable, confidential, and otherwise sensitive financial information about them.  They claim that this information includes tax filers' names, email addresses, tax-filing status, refund amounts, dependents' names, and dependents' college scholarship amounts.  These plaintiffs also bring a variety of common law and statutory privacy-related causes of action.  Both Financial Data Cases allege claims under the ECPA, the CIPA, and California's

---

[1] The other complaints in the Consolidated Action contain similar class definitions.

common-law privacy doctrines.  The First Financial Data Case also includes claims for, *inter alia*, breach of contract, and violation of the UCL.  The plaintiffs in the First Financial Data Case seek to represent a putative class of "[a]ll Facebook users who are current or former users of tax-preparation service providers in the United States with web properties through which Meta acquired tax return information, and for which neither the tax-preparation service provider nor Meta obtained a valid consent."  The plaintiffs in the Second Financial Data Case seek to represent a nationwide class of "[a]ll people in the United States who used the online tax preparation providers H&R Block, TaxAct, or TaxSlayer while those websites had the Facebook pixel installed on them."

On January 4, 2023, the plaintiffs in the Second Financial Data Case filed an Administrative Motion asking that the First and Second Financial Data Cases be related to each other.  First Financial Data Case, Dkt. 21.

## II.   ARGUMENT

Under Civil Local Rule 3-12(a), "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Although there are meaningful differences between the Consolidated Action and the Financial Data Cases, all of these cases relate to the same technology (Meta's Pixel tool), include overlapping factual allegations and bring similar legal claims.  These similarities justify relation for the purposes of discovery.

### A.  The Consolidated Action And The Financial Data Cases Are Related

The Consolidated Action and the Financial Data Cases "concern substantially the same parties, property, transaction, or event."  Civ. L.R. 3-12(a).  All cases were brought against the same Defendant—Meta—and the plaintiffs in all cases allegedly used websites on which the Meta Pixel tool was installed and claim that as a result, Meta received sensitive information about them.  *See Par Pharmaceutical, Inc. v. Takeda Pharmaceutical Co.*, 2013 WL 12221673, at *2-3 (N.D. Cal. Oct. 28, 2013) (granting motion to relate where the actions shared the same defendant, concerned same patent, and concern the same transaction or event).  Although the Consolidated Action involves the alleged collection of sensitive *health* information and the Financial Data Cases involve the alleged collection

of sensitive *financial* information—which is a meaningful distinction—the actions concern the same "transaction[] or event": Meta's receipt of data through the Pixel tool.  *See Pepper v. Apple Inc.*, 2019 WL 4783951, at *1 (N.D. Cal. Aug. 22, 2019) (finding cases related where the cases "center around the same technology and economic structures").  And all the cases contain similar causes of action against Meta that include common law and statutory privacy-related claims.  Every cause of action alleged in the Financial Data Cases was also alleged in at least one of the cases in the Consolidated Action.

Given these similarities, it is "likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Civ. L.R. 3-12(a).  This Court is already becoming familiar with the technology and factual issues involved in these cases, including Meta's receipt of data through the Pixel tool, Meta's policies, and Meta's efforts to block data that it does not want to receive.  Although there will likely be significant factual distinctions between the Consolidated Action and the Financial Data Cases, it will increase efficiency and reduce the risk of conflicting results for the cases to be heard by the same judge.  In addition, discovery in these cases will likely raise common disputes surrounding discovery requests and productions.  A consolidated discovery process would prevent Meta, and the courts, from having to resolve the same contested issues multiple times and will avoid potential conflicts regarding the scope of discovery.  *See Pepper*, 2019 WL 4783951, at *2 (finding relation proper where all cases "have yet to begin substantial discovery and so efficiency gains will be achieved in discovery").  Finally, the parties to the Consolidated Action have already begun negotiating a protective order and ESI Protocol, and consolidation would ensure consistent treatment of confidential material across these cases.

### B.  The Consolidated Action And The Financial Data Cases Should Be Consolidated For Discovery Purposes Only

Meta submits that the Consolidated Action and the Financial Data Cases should *not* be consolidated for all purposes, unlike the actions that have been consolidated to date.  The different types of data at issue—health information versus financial data—and the different putative classes warrant distinct complaints and will implicate a number of distinct legal issues, evidence, witnesses, and defenses.  These distinctions warrant consolidation for purposes of discovery only.

In addition, the Consolidated Action has advanced further in the litigation process than the Financial Data Cases. This Court has already appointed interim class counsel, and plaintiffs' deadline to file a consolidated complaint is quickly approaching. In contrast, the Financial Data Cases, which were filed in December 2022, are at a very preliminary stage of litigation. No responsive pleadings or amended complaints have been filed, no initial case management conferences have occurred, and there have been no meet and confer efforts (beyond those in connection with this administrative motion) to date.

In short, while the complaints, motion practice, and trial (if necessary) should remain distinct, consolidating the cases for the purposes of discovery alone will still increase efficiency between the cases and conserve the Court's and parties' time and resources.

## III. CONCLUSION

Accordingly, Meta respectfully requests that the Financial Data Cases be related to the Consolidated Action and thereafter consolidated with the Consolidated Action for purposes of discovery.

Dated: January 9, 2023

GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Lauren R. Goldman*
     Lauren R. Goldman

COOLEY LLP

By:  */s/ Michael G. Rhodes*
     Michael G. Rhodes

*Attorney for Meta Platforms, Inc. (formerly known as Facebook, Inc.)*

**CIVIL L.R. 5-1(h)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I, Lauren Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.


Dated: January 9, 2023                    GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Lauren R. Goldman*
     Lauren R. Goldman