**BURSOR & FISHER, P.A.**
Joel D. Smith (State Bar No. 244902)
Neal J. Deckant (State Bar No. 322946)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: jsmith@bursor.com
          ndeckant@bursor.com

**THE HODA LAW FIRM, PLLC**
Marshal J. Hoda (TX State Bar No. 24110009)
(Admitted *Pro Hac Vice*)
12333 Sowden Road, Suite B, PMB 51811
Houston, TX 77080
Telephone: (832) 848-0036
Facsimile: (832) 201-0364
E-mail: marshal@thehodalawfirm.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| IN RE META PIXEL HEALTHCARE LITIGATION, <br><br> This Document Relates To: <br><br> All Actions | Case No. 3:22-cv-3580-WHO <br><br> **THE ONLINE TAX FILING PLAINTIFFS' JOINT OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED AND CONSOLIDATED** |
|---|---|

1    Defendant Meta Platforms, Inc. has moved to relate and consolidate for discovery purposes two recently filed cases related to online tax filing websites, *John Doe & Jane Doe v. Meta Platforms, Inc.*, Case No. 3:22-cv-07557-SI, and *Katrina Calderon, et al. v. Meta Platforms, Inc.*, Case No. 5:22-cv-09149-VKD (collectively, the "Online Tax Filing cases"). The Plaintiffs in the Online Tax Filing Cases jointly oppose Meta's motion, because while they share Meta's goals of efficiency and avoiding duplicative discovery, the Online Tax Filing cases are very different from *In re Meta Pixel Healthcare Litigation*, and to the extent the two lines of cases overlap, efficiencies in discovery can be obtained by coordination and cooperation among the parties.

*First*, in its Motion to Relate, Meta correctly emphasizes that the two lines of cases "implicate a number of distinct legal issues, evidence, witnesses, and defenses." Meta's Admin. Motion to Relate, at 4:27. The Online Tax Filing cases involve allegations that Meta secretly obtained income and other tax return information when class members did their taxes on websites offered by companies like H&R Block, TaxAct, and Tax Slayer. The Online Tax Filing cases involve different websites, different putative classes, the disclosure of different sensitive information, different laws protecting sensitive information, and will involve different third-party discovery. Meta will likely assert consent as an affirmative defense in the Online Tax Filing cases and in *In re Meta Pixel Healthcare*, but that defense will be based on different website privacy policies and different laws governing disclosure of tax information, as opposed to health information.

The only thing that the two lines of cases have in common is the defendant and its Pixel technology, but as this Court has already noted, "[t]he Pixel is customizable: website developers choose which types of user actions to measure, and program the Pixel accordingly." Dec. 12, 2022 Order Denying Motion for Preliminary Injunction, ECF No. 159, at 3:1-2 (citing Declaration of Meta employee Tobias Woolridge, at ¶¶ 3-4). Thus, while both lines of cases involve Meta's Pixel, the discovery into that technology will only partially overlap. At least one other court has held in a similar case involving third-party wiretapping of website communications that these differences support denial of a motion to relate:

> These cases involve different websites owned by different defendants. Plaintiff visited each website at different times. Each case involves different transactions Plaintiff made on different websites. In addition, the putative classes will be different. Thus, the cases do not arise from the same or closely related transactions, do not call for a determination of same questions of law and fact and would not entail a substantial duplication of labor if heard by different judges.

*Saleh v. Nike Inc. et al.*, C.D. Cal. Case No. 2:20-cv-09581-FMO, Nov. 13, 2020 Order Denying Motion to Relate, ECF No. 17.

*Second*, Meta seeks to consolidate the cases for discovery purposes only, but numerous courts have held that consolidation is unnecessary for coordinated discovery. *See Backus v. Conagra Brands, Inc.*, 2019 WL 1046025, at *2 (N.D. Cal. Mar. 5, 2019) ("Plaintiffs' counsel stated at oral argument that the benefit was access to discovery from the Backus action. That benefit, however, can still be achieved without consolidation …"); *Farina Focaccia & Cucina Italiana, LLC v. 700 Valencia St., LLC*, 2016 WL 524805, at *13 (N.D. Cal. Feb. 10, 2016) ("it does not appear that there is a need to consolidate these two cases to ensure that discovery is coordinated" because they were already related); *Grabowski v. Skechers U.S.A., Inc.*, 2010 WL 11684850, at *2 (S.D. Cal. Nov. 4, 2010) (explaining, "As a consequence [of relation], coordinated discovery and case management procedures will be implemented," but denying motion to consolidate).

This Court should reach the same conclusion. Although the plaintiffs in both lines of cases likely share a common interest in Meta's back-end code and the subjects described in the declarations of Meta employee Tobias Wooldridge (*see* ECF Nos. 76-1 and 142), ultimately, the shared discovery interests may not extend much further than that. And where the plaintiffs in the Online Tax Filing cases and in *In re Meta Pixel Healthcare Litigation* have shared discovery interests, consolidation is not a prerequisite for cooperation in pursuing those interests. Nor will denial of consolidation be prejudicial to Meta. For example, the risk of duplicative depositions can be avoided through coordinated deposition scheduling and providing enough time for plaintiffs from both lines of cases to examine witnesses on matters that are unique to their respective cases. Any onsite code review by the plaintiffs' respective experts can be done on the same day. To the

extent plaintiffs in both lines of cases seek the same documents, Meta can produce them in both cases with or without consolidation. In short, Meta's motion to relate and consolidate the Online Tax Filing cases with *In re Meta Pixel Healthcare Litigation* should be denied.

Dated: January 10, 2023  **BURSOR & FISHER, P.A**.

By:   */s/ Neal J. Deckant*
       Neal J. Deckant

Joel D. Smith (State Bar No. 244902)
Neal J. Deckant (State Bar No. 322946)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: jsmith@bursor.com
            ndeckant@bursor.com

*Attorneys for Plaintiffs in the Calderon matter*

**THE HODA LAW FIRM, PLLC**

By:   */s/ Marshal J. Hoda*
       Marshal J. Hoda

Marshal J. Hoda (TX State Bar No. 24110009)
(Admitted *Pro Hac Vice*)
12333 Sowden Road, Suite B, PMB 51811
Houston, TX 77080
Telephone: (832) 848-0036
Facsimile: (832) 201-0364
E-mail: marshal@thehodalawfirm.com

*Attorneys for Plaintiffs in the Doe matter*

*Local Rule 5-1(h) Attestation*

Each of the other signatories have concurred in the filing of the document

       */s/ Neal J. Deckant*
       Neal J. Deckant