| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>LAUREN R. GOLDMAN (*pro hac vice*)<br>lgoldman@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 351-4000<br>Facsimile: (212) 351-4035<br><br>ELIZABETH K. MCCLOSKEY (SBN 268184)<br>emccloskey@gibsondunn.com<br>ABIGAIL A. BARRERA (SBN 301746)<br>abarrera@gibsondunn.com<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105<br>Telephone: (415) 393-8200<br>Facsimile: (415) 393-8306<br><br>COOLEY LLP<br>MICHAEL G. RHODES (SBN 116127)<br>rhodesmg@cooley.com<br>KYLE C. WONG (SBN 224021)<br>kwong@cooley.com<br>CAROLINE A. LEBEL (SBN 340067)<br>clebel@cooley.com<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111-4004<br>Telephone: (415) 693-2000<br>Facsimile: (415) 693-2222<br><br>*Attorneys for Defendant Meta Platforms, Inc.*<br>*(formerly known as Facebook, Inc.)* | GEOFFREY GRABER (SBN 211547)<br>*ggraber@cohenmilstein.com*<br>COHEN MILSTEIN SELLERS & TOLL PLLC<br>1100 New York Ave. NW, Fifth Floor<br>Washington, DC 20005<br>Telephone: (202) 408-4600<br>Facsimile: (202) 408-4699<br><br>Jason 'Jay' Barnes (admitted *pro hac vice*)<br>*jaybarnes@simmonsfirm.com*<br>SIMMONS HANLY CONROY LLC<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Telephone: (212) 784-6400<br>Facsimile: (212) 213-5949<br><br>*Additional Attorneys in Signature Block*<br><br>*Co-Lead Counsel for Plaintiffs and the Proposed Class* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>―――――――――――――――――<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-03580-WHO<br><br>**CASE MANAGEMENT STATEMENT**<br><br>Date: January 17, 2023<br>Time: 2:00 p.m.<br>Courtroom: 2, 17th Floor<br>Judge: Hon. William H. Orrick |

Plaintiffs Doe, John Doe, Jane Doe I, Jane Doe II, and John Doe II ("Plaintiffs") and Defendant Meta Platforms, Inc. ("Meta") (collectively, the "Parties"), by and through their respective counsel of record, hereby submit the following Joint Case Management Statement pursuant to Civil Local Rule 16-10 in advance of the Case Management Conference scheduled in the above-captioned case for January 17, 2023 at 2:00 P.M. before the Honorable William H. Orrick, in Courtroom 2, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102.

Prior to consolidation, the Parties previously submitted joint Rule 26(f) reports in their respective actions on September 28, 2022, and the Court held a case management conference on October 5, 2022. ECF Nos. 66, 68.

After consolidating the actions, the Court appointed Interim Lead Counsel on December 21, 2022. ECF No. 158. The Parties met and conferred on January 9, 2023 to discuss, inter alia, the issues raised in this Joint Case Management Statement. Pursuant to the Court's December 21, 2022 order, the Parties submit this case management statement to update the Court on developments in the case and "matters that may help this litigation to proceed expeditiously and efficiently." ECF No. 158 at 9.

**1. MOTIONS**

*Prior Motions:*

On August 25, 2022, Plaintiffs John Doe, Jane Doe I, Jane Doe II, and John Doe II filed a motion for a preliminary injunction. ECF No. 46. On December 22, 2022, the Court denied Plaintiffs' motion for a preliminary injunction. ECF No. 159.

On August 30, 2022, Plaintiff Doe filed a Motion to Consolidate the Related Actions. On October 12, 2022, the Court granted Plaintiff's motion to consolidate the cases. ECF No. 73. On October 19, 2022, two groups of Plaintiffs' counsel filed motions to be appointed as interim lead counsel. ECF Nos. 80, 86. On December 21, 2022, the Court appointed Jay Barnes of Simmons Hanly Conroy LLC and Geoffrey Graber of Cohen Milstein Sellers & Toll PLLC, as Interim Co-Lead Class Counsel, with Beth Terrell of Terrell Marshall Law Group PLLC, Jeffrey A. Koncius of Kiesel Law LLP, and Andre Mura of Gibbs Law Group on the Executive Committee. ECF No. 158.

*Pending Motions:*

Meta has filed an administrative motion to relate *John and Jane Doe v. Meta Platforms, Inc.*,

Case No. 3:22-cv-07557 (N.D. Cal. Dec. 1, 2022) and *Calderon v. Meta Platforms, Inc.*, Case No. 5:22-cv-09149 (N.D. Cal. Dec. 29, 2022) to this action. Plaintiffs agree that the cases are appropriate for relation, but reserve argument regarding whether they should be consolidated until after the Court issues an order regarding relation, pursuant to paragraph 4 of the Court's October 12, 2022 Order Granting Motion to Consolidate and Resolving Other Scheduling Matters.

*Anticipated Motions:*

Plaintiffs anticipate filing a motion this week asking the Court to extend the deadline for Plaintiffs to file their consolidated complaint to February 21, 2023.

Plaintiffs anticipate filing a motion for class certification, and the Parties may file cross motions for summary judgment. The Parties may also file discovery motions as necessary.

Meta intends to file a motion to dismiss Plaintiffs' forthcoming consolidated complaint. Meta believes that additional motion practice is contingent on the Court's ruling on the motion to dismiss.

## 2. AMENDMENT OF PLEADINGS

On October 12, 2022, as part of its order consolidating the related actions, the Court ordered that "Plaintiffs shall file a consolidated complaint within thirty days of the entry of an order appointing interim class counsel." ECF No. 73 at 3. Because the Court appointed interim class counsel on December 21, 2022, the current deadline for filing a consolidated complaint is January 20, 2023. As discussed above, Plaintiffs anticipate filing a motion this week asking the Court to extend the deadline for Plaintiffs to file their consolidated complaint to February 21, 2023.

Plaintiffs propose an August 22, 2024 deadline to further amend the pleadings. Meta proposes a deadline of 30 days after the Court rules on Meta's motion to dismiss the consolidated complaint for Plaintiffs to further amend the pleadings.

## 3. EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and have begun the meet and confer process pursuant to Fed. R. Civ. P. 26(f). The Parties will continue to discuss whether and to what extent any additional steps may be necessary to ensure the preservation and production of relevant evidence.

Plaintiffs' position is that the Parties should make written disclosures to the other party regarding preservation and ESI no later than January 31, 2023. To ensure that information relevant to the claims and defenses in this matter is being preserved, it is imperative that the Parties have more detailed discussions, and make written disclosures, regarding preservation in January 2023.

Plaintiffs' position is that the preservation disclosure should include (1) a list of the custodians whose documents will be preserved and/or searched for production and their respective job titles and responsibilities, (2) a list and description of the systems and repositories (including databases) likely to contain responsive ESI, including systems and repositories associated with individual custodians and systems and repositories not associated with individual custodians, and the steps that party has taken to preserve the ESI in each system, and (3) any sources, systems, or types of ESI that a party believes that it should not preserve. Plaintiffs' position is that no party may stop preserving a source, system, or type of ESI without agreement of the other party or a court order.

Meta is aware of and is taking reasonable steps to comply with its evidence preservation obligations under the Federal Rules of Civil Procedure, including the rules governing electronic discovery. Meta's position is that it is premature to have a detailed discussion about discovery until the issues raised in its motion to dismiss are resolved (either by Court order or, if appropriate, by further amendment to the operative complaint). In addition, Meta's position is that written disclosures regarding preservation and ESI are inappropriate and unreasonable.

**4. DISCOVERY**

No discovery has been conducted in the consolidated action to date. (Prior to consolidation of the actions, Plaintiffs in the first-filed action served a first set of discovery requests.)

Plaintiffs intend to serve a first set of discovery requests for the consolidated case on or before January 17, 2023.

***Timing/Scope of Anticipated Discovery:***

***Plaintiffs' Statement:***

Discovery should begin on January 17, 2023. Responses to any discovery requests served on or prior to January 17, 2023 should be due 30 days later, on February 16, 2023.

-3-
CASE MANAGEMENT STATEMENT
CASE NO. 3:22-CV-03580-WHO

The procedural circumstances now are completely different from when the Court stayed discovery at the hearing on the motion to consolidate in October 2022. At that time, the Court had yet to appoint Interim Lead Counsel and the Court had yet to rule on the motion for a preliminary injunction. With Interim Lead Counsel appointed and the motion for a preliminary injunction resolved, Plaintiffs respectfully request that the Court lift the discovery stay so that the Parties can begin substantive discovery immediately.

The imposition of a discovery stay is within the discretion of the district court. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Under Ninth Circuit law and FRCP 26(c), a party must show "good cause" for staying discovery, and "[a] party seeking a stay of discovery carries the *heavy burden* of making a 'strong showing' why discovery should be denied." *Palantir Techs. Inc. v. Abramowitz*, No. 19-CV-06879-BLF, 2020 WL 13548687, at *1 (N.D. Cal. Jan. 30, 2020) (internal citations omitted) (emphasis added). A party seeking to stay discovery pending a motion to dismiss must show that its motion will dispose of *all* claims *with prejudice*. *See Onn v. Carnival Corp.*, 2021 WL 1267264, at *1 (N.D. Cal. Apr. 6, 2021) (denying stay because "the Court is not convinced that [plaintiff] will be unable to state a claim for relief"). Consistent with this standard, in the case cited by Meta, the Court stayed discovery because the defendant's arguments on the motion to dismiss were "potentially dispositive of the entire case." *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *3 (N.D. Cal. Apr. 10, 2020).

Meta cannot make that demanding showing. The Court has already found, in denying a motion for preliminary injunction, that "plaintiffs have potentially strong arguments on both the merits and irreparable injury[.]" ECF No. 159 at 33. The Court also recognized that discovery was needed so that the Court could fully assess the merits of Plaintiffs' claims concerning allegations of ongoing privacy violations. *Id*. at 11 (noting "the need for discovery to clarify both the scope of the problems and potential solutions for [Plaintiffs]"); *id*. at 32 ("Discovery will eliminate some of these unknowns."); *id*. at 33 ("I suspect it will be clearer after discovery."). Given that "[t]here is no way to undo a loss of privacy," *id*. at 31, any further stay of discovery—including Meta's proposal to bar all discovery except "limited written non-custodial discovery," *i.e.*, the most generalized (and thus perhaps least helpful) information one could obtain—would be inappropriate here. Lastly, Meta has not demonstrated that

lifting the stay on discovery would be burdensome. *See Singh v. Google, Inc.*, No. 16-CV-03734-BLF, 2016 WL 10807598, at *2 (N.D. Cal. Nov. 4, 2016).

Accordingly, Plaintiffs make the following discovery plan proposals to ensure that discovery in this matter is conducted in an orderly and expeditious fashion.

*First*, Plaintiffs propose approximately 14 months of fact discovery from January 17, 2023 to March 13, 2024. Plaintiffs propose that merits and class discovery not be conducted in phases.

*Second*, Plaintiffs propose that the Court retain oversight of discovery rather than referring discovery disputes to a magistrate judge.

*Third*, Plaintiffs propose that the Parties hold a standing weekly video conference meet-and-confer at a dedicated time, so that the Parties have a designated time each week to discuss discovery in this matter, attempt to resolve discovery disputes, and identify any discovery disputes that are intractable and will need the Court's assistance to resolve.

*Fourth*, Plaintiffs propose a January 31, 2023 interim deadline for the Parties to make written disclosures regarding preservation and ESI. In addition to the Preservation Disclosures discussed above, Plaintiffs request that the Parties propose initial search terms and custodians to search their own ESI for systems associated with individual custodians ("ESI Disclosure") by January 31, 2023.

*Fifth*, Plaintiffs propose a June 30, 2023 interim deadline for the Parties to substantially complete production of documents from their initial custodians and search terms.

Plaintiffs' proposed interim deadlines are critical to moving discovery forward expeditiously. Plaintiffs will need time to review the production of documents from the initial custodians and search terms, and rely on that production to conduct depositions, select additional custodians and search terms, tailor additional discovery requests, and provide documents to expert for analysis. Plaintiffs are concerned that, absent these interim deadlines, discovery will become untenably backloaded.

***Meta's Statement:***

First, it is inappropriate for Plaintiffs to serve discovery requests while the current stay of discovery is still in place. The Court previously ordered that "[s]ubstantive discovery is stayed until further order." ECF No. 72 at 2. The Court has not yet issued any further order regarding discovery

in this case. Plaintiffs' plan to serve discovery requests before the stay is lifted would be in violation of the current stay.

Second, Meta reiterates its position from the October 5, 2022 case management statement that the current stay of discovery is appropriate, subject to discrete modifications. *See* ECF No. 66 at 11–12. The current stay, which is well within the "wide discretion" of the Court, should remain in place until the Court has had an opportunity to hear and issue a ruling on Meta's motion to dismiss the forthcoming consolidated complaint. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *In re Google Digital Advert. Antitrust Litig.*, 2020 WL 7227159, at *1 (N.D. Cal. Dec. 8, 2020).

The procedural circumstances warranting the current stay are largely unchanged: Plaintiffs have not yet filed their consolidated complaint and Meta intends to file a motion to dismiss. If granted in its entirety, that motion will be dispositive of the entire action; and even if not, the motion may be dispositive of certain issues and claims. According to Plaintiffs' own cited authority, to support a stay of discovery a motion to dismiss need not even *seek* to dispose of the entire case; it need only be "dispositive *on the issue at which discovery is directed*." *Onn*, 2021 WL 1267264, at *1 (emphasis added). Put another way, if Meta's motion to dismiss is successful on a claim or multiple claims and Plaintiffs are unable to amend, any discovery exchanged up to that point related to those claims would be moot.

In response, Plaintiffs argue that the Court already decided that discovery is necessary in the Order denying their preliminary injunction. Not so; the Court did not lift the stay of discovery in ruling on that motion, and the Court noted that certain arguments "will present differently in a motion to dismiss context." ECF No. 159 at 22. And Meta did not brief in its opposition to the preliminary injunction all of the potential arguments that it may raise at the motion to dismiss stage.

During the meet and confer process, Meta proposed to Plaintiffs a middle ground approach that would permit the Parties to move forward with the discovery process while avoiding potential inefficiency. Although the current stay should continue as to broader discovery, Meta proposed that the Parties proceed with negotiating custodians, negotiating search terms, and exchanging limited written non-custodial discovery while the motion to dismiss is pending. Then, if the case proceeds beyond the motion to dismiss stage, the Parties will be able to quickly move to full discovery on any

-6-
CASE MANAGEMENT STATEMENT
CASE NO. 3:22-CV-03580-WHO

claims that remain. This approach will "not unduly prejudice plaintiffs and [will] allow[] all parties to commence discovery with a better understanding of which claims, if any, they must answer," *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *4 (N.D. Cal. Apr. 10, 2020). Meta offered this proposal to Plaintiffs in exchange for stipulating to Plaintiffs' request for an extension of time to file their complaint, but Plaintiffs rejected this compromise.

At a bare minimum, all discovery should be stayed until Plaintiffs file their consolidated complaint. Under the current schedule, the consolidated complaint would be filed prior to the discovery stay being lifted. Under Plaintiffs' proposed schedule, they would be entitled to serve discovery and demand responses *before* having to file their complaint. But the purpose of discovery is "to develop the facts underlying their claims and defense; it is not a vehicle for uncovering the claims themselves." *In re Wyse Tech. Sec. Litig.*, 744 F. Supp. at 210. Lifting the stay would be both burdensome and prejudicial to Meta.[1]

***Protective Order:***

The Parties anticipate stipulating to a protective order governing the handling of confidential materials.

On December 8, 2022, Plaintiffs sent a draft protective order to Meta. Plaintiffs' position is that the Parties should submit a stipulated protective order to the Court by January 31, 2023. If the Parties are unable to reach agreement on stipulated protective order by January 31, 2023, they should be required to submit a joint discovery dispute letter to the Court by January 31 regarding their remaining disputes for resolution by the Court.

Meta's position is that it is premature to set a deadline within which the Parties must submit a stipulated protective order. Meta sent a draft protective order, draft ESI Protocol, and draft clawback order (per Federal Rule of Evidence 502(d)) to Plaintiffs on December 9, 2022. On January 5, 2023, Plaintiffs sent their first round of edits. Based on this timeline, it is unlikely that full resolution will

---

[1] Meta further submits that it would be premature for the Court to order the Parties to "hold a standing weekly video conference meet-and-confer at a dedicated time." The Parties can schedule meet and confers as needed, and Meta will do so in good faith.

occur by Plaintiffs' proposed deadline. The Parties should first endeavor to resolve any disagreement before burdening the Court with this potential dispute.

*Electronic Discovery:*

The Parties anticipate stipulating to a protocol governing ESI discovery in this matter.

Plaintiffs' position is that the Parties should submit an ESI Protocol to the Court by January 31, 2023. If the Parties are unable to reach agreement on an ESI Protocol by January 31, 2023, they should be required to submit a joint discovery dispute letter to the Court by January 31 regarding their remaining disputes for resolution by the Court.

Meta's position is that it is premature to set a deadline within which the Parties must submit an ESI Protocol. Meta sent a draft protective order, draft ESI Protocol, and draft clawback order (per Federal Rule of Evidence 502(d)) to Plaintiffs on December 9, 2022. On January 5, 2023, Plaintiffs sent their first round of edits. Based on this timeline, it is unlikely that full resolution will occur by Plaintiffs' proposed deadline. The Parties should first endeavor to resolve any disagreement before burdening the Court with this potential dispute.

*Limitations or Modifications:*

The Parties consent and agree, pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), that service may be made by electronic mail, with copies sent to all attorneys of record for the party served.

Plaintiffs request that they be permitted to propound 50 interrogatories. Plaintiffs also request that they be permitted to take twenty-five depositions of the Defendant and ten depositions of non-Parties. These modifications are necessary because this is a complex class action. In complex class actions, courts often grant plaintiffs' requests to take more than 10 depositions, and find that it "would be inefficient to require an additional motion for each deposition sought." *See e.g., Del Campo v. Am. Corrective Counseling Servs., Inc.*, 2007 WL 3306496, at *6 (N.D. Cal. Nov. 6, 2007) (permitting plaintiffs in a class action to take 23 depositions). While Meta asserts that there is an exhaustion requirement prior to a party being granted more than 10 depositions, courts have repeatedly rejected imposing an exhaustion requirement in complex cases. *See e.g., See e.g., Del Campo*, 2007 WL 3306496, at *5 (N.D. Cal., Nov. 6, 2007) (rejecting exhaustion requirement); *Stiles v. Walmart, Inc.*,

2020 WL 589107, at *3 (E.D. Cal., Feb 6, 2020) ("where the action is complex, parties are not required to exhaust the ten allowable depositions prior to seeking leave to take additional depositions.").

Plaintiffs reserve the right to seek additional modifications to the discovery limitations in the Federal Rules or requested above.

Meta opposes all of Plaintiffs' discovery requests that go beyond the limits prescribed in the Federal Rules of Civil Procedure, including but not limited to interrogatories and depositions. Plaintiffs have not even tried to make the required "'particularized showing' of the need for additional depositions" or interrogatories or that they have "exhaust[ed] less expensive and burdensome means of discovery." *X One, Inc. v. Uber Techs., Inc.*, 2019 WL 2207645, at *2 (N.D. Cal. May 22, 2019). Courts typically "do not grant leave to take additional depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)(A)." *Nat. Res. Defense Council, Inc. v. Winter*, 2008 WL 11338647, at *2 (C.D. Cal. July 11, 2008). When such an exception is granted, it is because there is good cause beyond general assertions of "complexity." For example, the court in *Del Campo* permitted additional depositions because there were "five Plaintiffs and eleven Defendants remaining in the suit" and the additional depositions were for a particular purpose: "to establish typicality and commonality" across different jurisdictions because the defendants would "not stipulate that practices are the same in all counties." *Del Campo*, 2007 WL 3306496, at *5. And the court in *Del Campo* expressly limited the additional depositions to particular entities identified by the plaintiffs, something Plaintiffs have notably failed to do here. *Id.* at *6. Similarly, courts often require that parties "describe[] what specific information [they] seek[]" before granting a request for extra interrogatories. *See, e.g.*, *Aquastar Pool Prods., Inc. v. Color Match Pool Fittings, Inc.*, 2019 WL 12536904, at *2 (C.D. Cal. Sept. 6, 2019). Asserting generally that more depositions and interrogatories are required simply because this is a class action does not satisfy Plaintiffs' burden.

## 5. RELATED CASES

Eight cases have already been related by order of this Court: (1) *John Doe v. Meta Platforms, Inc.*, Case No. 3:22-cv-03580-WHO (N.D. Cal. June 17, 2022); (2) *Jane Doe v. Meta Platforms, Inc. et al.*, Case No. 3:22-cv-04293-WHO (N.D. Cal. July 25, 2022); (3) *Jane Doe v. Meta Platforms, Inc.*, Case No. 3:22-cv-04963-WHO (N.D. Cal. August 30, 2022); (4) *Doe v. Meta Platforms, Inc.*, Case

-9-

No. 3:22-cv-04680 (N.D. Cal.); (5) *Krackenberger v. Northwestern Memorial Hospital, et al.*, Case No. 3:22-cv-06020 (N.D. Cal. August 10, 2022); (6) *Smidga v. Meta Platforms, Inc., et al.*, Case No. 3:22-cv-05753-WHO (N.D. Cal August 25, 2022); (7) *Naugle, et al. v. Meta Platforms, Inc., et al.*, Case No. 1:22-cv-00727 (M.D.N.C. September 1, 2022); and (8) *Doe, et al v. Meta Platforms, Inc.*, No. 3:22-cv-06665-WHO (N.D. Cal.).[2]

On January 4, 2023, Judge Spero referred *C.C. v. Meta Platforms, Inc. et. al.*, Case No. 3:22-cv-09199-JCS (N.D. Cal.) to this Court for consideration of whether that case is related to this action. Pursuant to the Court's October 12, 2022 Order Granting Consolidation, Meta has also filed an administrative motion to relate *John and Jane Doe v. Meta Platforms, Inc.*, Case No. 3:22-cv-07557 (N.D. Cal. Dec. 1, 2022); and *Calderon v. Meta Platforms, Inc.*, Case No. 5:22-cv-09149 (N.D. Cal. Dec. 29, 2022). Plaintiffs agree that the cases are appropriate for relation, but reserve argument regarding whether they should be consolidated until after the Court issues an order regarding relation, pursuant to paragraph 4 of the Court's October 12, 2022 Order Granting Motion to Consolidate and Resolving Other Scheduling Matters.

Claims against Meta in the following cases have been severed and are in the process of being transferred to this District, at which point Meta will file motions to relate the claims to this case so that they may be consolidated with this action: *Naugle, et al. v. Meta Platforms, Inc., et al.*, Case No. 1:22-cv-00727 (M.D.N.C. Sept. 1, 2022); *Stewart v. Advocate Aurora Health, Inc. et al.*, Case No. 1:22-cv-05964 (N.D. Ill. Oct. 28, 2022). Meta also intends to file motions to sever and transfer claims related to this action in the following cases: *Hartley v. University of Chicago Medical Center, et al.*, Case No. 1:22-cv-05891 (N.D. Ill. Oct. 25, 2022); *Murphy v. Thomas Jefferson University Hospitals Inc., et al.*, Case No. 2:22-cv-04674 (E.D. Pa. Nov. 22, 2022); *Smart v. Main Line Health, et al.*, Case No. 2;22-cv-05239 (E.D. Pa. Dec. 30, 2022); and *Santoro v. Tower Health*, Case No. 5:22-cv-04580-EGS (E.D. Pa.).

---

[2] Pursuant to the Court's October 12, 2022 Order, Case No. 3:22-cv-06665 is now consolidated with this action following the Court's November 7, 2022 Order Relating No. 3:22-cv-06665 with No. 3:22-cv-3580. ECF No. 11. However, the Parties note that the case docket for No. 3:22-cv-06665 has not yet been closed.

## 6. SETTLEMENT AND ADR

The Parties believe it is premature to engage in ADR or settlement discussions at this time. Per ADR L.R. 3-5, the Parties have read the handbook entitled "Dispute Resolution Procedures in the Northern District of California," available at www.adr.cand.uscourts.gov.

Plaintiffs propose a November 13, 2023 deadline for a first settlement conference.

## 7. SCHEDULING

*Plaintiffs' Statement:*

Plaintiffs propose the following schedule for this action:

|  | **Proposed schedule** |
|---|---|
| Preservation and ESI Disclosures Deadline | Tuesday, January 31, 2023 |
| Deadline to submit Stipulated Protective Order and ESI Protocol or to submit discovery dispute letter to the Court regarding ESI Protocol and Protective Order | Tuesday, January 31, 2023 |
| Substantially Complete Production from Initial Custodians and Search Terms | Wednesday, May 31, 2023 |
| Deadline for First Settlement Conference | Monday, November 13, 2023 |
| Close of Fact Discovery | Wednesday, March 13, 2024 |
| Opening Expert Disclosures | Wednesday, May 1, 2024 |
| Rebuttal Expert Disclosures | Wednesday, June 19, 2024 |
| Reply Expert Disclosures (response to Rebuttal Expert Reports) | Friday, July 19, 2024 |
| Close of Expert Discovery | Thursday, August 22, 2024 |
| Deadline to Amend the Pleadings | Thursday, August 22, 2024 |
| Motion for Class Certification Deadline | Thursday, September 12, 2024 |
| Opposition to Class Certification Deadline | Thursday, October 17, 2024 |
| Reply in Support of Class Certification Deadline | Thursday, November 21, 2024 |
| Dispositive and Daubert Motion Deadline | Thursday, February 27, 2025 |
| Opposition to Dispositive and Daubert Motion Deadline | Thursday, April 3, 2025 |

| | |
|---|---|
| Reply in Support of Dispositive and Daubert Motion Deadline | Thursday, May 8, 2025 |
| Trial | Monday, September 1, 2025 |

Plaintiffs respectfully request that the Court enter its proposed case schedule. During the Parties' meet-and-confer, Plaintiffs outlined a proposed approach to a case schedule. During the meet-and-confer, Meta informed Plaintiffs that they would not agree to negotiate a case schedule with the Plaintiffs for this case management statement. Meta had an opportunity to negotiate a case schedule with Plaintiffs or to offer a schedule of its own in this case management statement. The Court should not delay entry of a case schedule due to Meta's refusal to negotiate or even offer its own case schedule.

*Meta's Statement:*

Meta reiterates its position that it is premature to set a case schedule, including setting a timeline for discovery and any class certification motion by Plaintiffs, until the issues raised in Meta's forthcoming motion to dismiss are resolved. Meta proposes that the Parties meet and confer to discuss a case schedule after the Court has ruled on Meta's motion to dismiss. If the Court decides to lift the discovery stay before the Court rules on Meta's motion to dismiss, Meta respectfully requests the Court allow the Parties to meet and confer to discuss the case schedule before the Court issues a ruling on that schedule. Meta does not agree to Plaintiffs' proposed schedule for a number of reasons, but Meta only received Plaintiffs' proposed schedule at 4:06 p.m. PT on the day this statement was due, and the Parties have not had the opportunity to meet and confer about it. Plaintiffs mischaracterize the Parties' meet and confer discussions on the schedule. Meta explained its position that a discussion of the schedule was premature. The Parties did not engage in any further discussion of specific dates, let alone of the detailed schedule Plaintiffs belatedly proposed.

**8. OTHER**

The Parties at this time do not request the attention of the Court with respect to matters other than those outlined above.

| | | |
|---|---|---|
| Dated: January 10, 2023 | | **GIBSON, DUNN & CRUTCHER LLP** |

By: */s/ Lauren Goldman*
Lauren Goldman

**COOLEY LLP**

By: */s/ Michael G. Rhodes*
Michael G. Rhodes

*Attorneys for Meta Platforms, Inc. (formerly known as Facebook, Inc.)*

Dated: January 10, 2023        By:   */s/ Jason 'Jay' Barnes*
                                        Jason 'Jay' Barnes

**SIMMONS HANLY CONROY LLC**

Jason 'Jay' Barnes (admitted *pro hac vice*)
  *jaybarnes@simmonsfirm.com*
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel:    212-784-6400
Fax:    212-213-5949


By:   */s/ Geoffrey Graber*
        Geoffrey Graber


**COHEN MILSTEIN SELLERS & TOLL PLLC**
Geoffrey Graber, State Bar No. 211547
  *ggraber@cohenmilstein.com*
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel:    202-408-4600
Fax:    202-408-4699

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
  *koncius@kiesel.law*
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel:    310-854-4444
Fax:    310-854-0812

**TERRELL MARSHALL LAW GROUP PLLC**
Beth E. Terrell, State Bar No. 178181
  *bterrell@terrellmarshall.com*
936 North 34th Street, Suite 300
Seattle, WA 98103

Tel.: 206-816-6603
Fax: 206-319-5450

**GIBBS LAW GROUP LLP**
Andre M. Mura, State Bar No. 298541
  *amm@classlawgroup.com*
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.: 510-350-9700
Fax: 510-350-9701

*Attorneys for Plaintiff*

## CIVIL L.R. 5-1(h)(3) ATTESTATION

Pursuant to Civil Local Rule 5-1(h)(3), I, Lauren Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: January 10, 2023	By:	*/s/ Lauren Goldman*
			Lauren Goldman