| | |
|---|---|
| Jason 'Jay' Barnes (admitted *pro hac vice*)<br>jaybarnes@simmonsfirm.com<br>**SIMMONS HANLY CONROY LLC**<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Tel: 212-784-6400<br>Fax: 212-213-5949 | Geoffrey Graber, State Bar No. 211547<br>ggraber@cohenmilstein.com<br>**COHEN MILSTEIN SELLERS & TOLL PLLC**<br>1100 New York Avenue NW, Fifth Floor<br>Washington, DC 20005<br>Tel: 202-408-4600<br>Fax: 202-408-4699 |
| Jeffrey A. Koncius, State Bar No. 189803<br>koncius@kiesel.law<br>**KIESEL LAW LLP**<br>8648 Wilshire Boulevard<br>Beverly Hills, CA 90211<br>Tel: 310-854-4444<br>Fax: 310-854-0812 | Beth E. Terrell, State Bar No. 178181<br>bterrell@terrellmarshall.com<br>**TERRELL MARSHALL LAW GROUP PLLC**<br>936 North 34th Street, Suite 300<br>Seattle, WA 98103<br>Tel: 206-816-6603<br>Fax: 206-319-5450 |
| **Plaintiffs' Interim Class Counsel**<br><br>[*Additional counsel listed on signature page*] | Andre M. Mura, State Bar No. 298541<br>amm@classlawgroup.com<br>**GIBBS LAW GROUP LLP**<br>1111 Broadway, Suite 2100<br>Oakland, CA 94607<br>Tel: 510-350-9700<br>Fax: 510-350-9701 |

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-03580-WHO<br><br>CLASS ACTION<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED [ECF NO. 164]** |

## I. INTRODUCTION

In December 2022, two cases were filed against Meta Platforms, Inc. ("Meta") alleging that certain online tax filing services installed the Meta Pixel tracking tool on their websites and, as a result, Meta receives sensitive user information, including sensitive financial information about the plaintiffs (the "Financial Data Cases").[1] Meta now asks the Court to relate the Financial Data Cases to this action and consolidate them for purposes of discovery.

Plaintiffs agree with Meta's request that the Financial Data Cases be related to this action. However, Plaintiffs believe it is procedurally improper to address consolidation in a motion to relate and that consolidation should be addressed separately after the Court issues a related case order, pursuant to Paragraph 4 of the Court's October 12, 2022 Order Granting Motion to Consolidate and Resolving Other Scheduling Matters. Therefore, Plaintiffs reserve their right to address whether the Financial Data Cases should be consolidated for discovery or otherwise after the Court issues a related case order.[2]

## II. LEGAL ARGUMENT

"An action is related to another when: (1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a).

Although there are differences between the Financial Data Cases and this action, Plaintiffs agree that they should be related. First, they "concern substantially the same parties, property, transaction, or event." Indeed, both involve the same defendant (Meta), technology (the Meta Pixel),

---

[1] The first case, *John Doe & Jane Doe v. Meta Platforms, Inc.*, Case No. 3:22-cv-07557-SI (the "First Financial Data Case"), was filed on December 1, 2022. The second case, *Katrina Calderon, et al. v. Meta Platforms, Inc.*, Case No. 5:22-cv-09149-VKD, was filed on December 29, 2022 (the "Second Financial Data Case").

[2] Plaintiffs are concerned about the specifics of any consolidation and how it might impact the discovery and schedule for this case. As Meta's motion concedes, this case is well ahead of the others and there is no reason that discovery should be delayed here. Those and other concerns with consolidation are more appropriate to address in a consolidation-specific motion.

and agreements with Meta (Meta's Cookies Policy, Data Policy, and Terms). They also allege many of the same claims including for breach of contract, breach of the duty of good faith and fair dealing, intrusion upon seclusion, violation of the Electronic Communications Privacy Act, violation of the California Invasion of Privacy Act, and negligent misrepresentation.

Additionally, though the Financial Data Cases and this action do not overlap completely, it is likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges, given that they center around the same technology. In light of the foregoing, the Financial Data Cases and this action should be related under Civil Local Rule 3-12(a).

### III.  CONCLUSION

Relating the Financial Data Cases to this action will promote efficiency and prevent inconsistent results. Plaintiffs reserve their right to address whether the Financial Data Cases should be consolidated after the Court issues a related case order.

DATED: January 12, 2023

By: */s/ Nicole Ramirez*
Nicole Ramirez

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
Jennifer Paulson (admitted *pro hac vice*)

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Geoffrey Graber, State Bar No. 211547
Eric Kafka (admitted *pro hac vice*)
Claire Torchiana, State Bar No. 330232

**TERRELL MARSHALL LAW GROUP PLLC**
Beth E. Terrell, State Bar No. 178181
Amanda M. Steiner, State Bar No. 190047

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
Paul R. Kiesel, State Bar No. 119854
Nicole Ramirez, State Bar No. 279017

**GIBBS LAW GROUP LLP**
Andre M. Mura, State Bar No. 298541
Rosemary M. Rivas, State Bar No. 209147
Hanne Jensen, State Bar No. 336045

**Plaintiffs' Interim Class Counsel**

# CERTIFICATE OF SERVICE

I, Jessica Mendez, hereby certify that on this 12th day of January, 2023, a copy of the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED [ECF NO. 164]** was served via email, on the following:

| | |
|---|---|
| Marshal J. Hoda, Esq.<br>TX Bar No. 24110009<br>THE HODA LAW FIRM, PLLC<br>12333 Sowden Road, Suite B, PMB 51811<br>Houston, Texas 77080<br>o. (832) 848-0036<br>marshal@thehodalawfirm.com | Attorneys for Plaintiff in<br>*John Doe & Jane Doe v. Meta Platforms, Inc.*,<br>Case No. 3:22-cv-07557-SI |
| Patrick Yarborough, Esq.<br>Texas Bar No. 24084129<br>FOSTER YARBOROUGH PLLC<br>917 Franklin Street, Suite 220<br>Houston, TX 77002<br>o. (713) 331-5254<br>patrick@fosteryarborough.com | |
| Steven C. Vondran, Esq.<br>CA Bar No. 232337<br>THE LAW OFFICES OF STEVEN C. VONDRAN, PC<br>One Sansome Street, Suite 3500<br>San Francisco, California 94104<br>o. (877) 276-5084<br>steve@vondranlegal.com | |
| Joel D. Smith (State Bar No. 244902)<br>BURSOR & FISHER, P.A.<br>1990 North California Blvd., Suite 940<br>Walnut Creek, CA 94596<br>Telephone: (925) 300-4455<br>Facsimile: (925) 407-2700<br>E-mail: jsmith@bursor.com | Attorneys for Plaintiffs in<br>*Katrina Calderon, et al. v. Meta Platforms, Inc.*, Case No. 5:22-cv-09149-VKD |

/ / /

/ / /

/ / /

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 12, 2023, at Beverly Hills, California.

_____
Jessica Mendez

6  Case No. 3:22-cv-03580-WHO
PLAINTIFFS' RESPONSE TO DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED