GIBSON, DUNN & CRUTCHER LLP
LAUREN R. GOLDMAN (admitted *pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (admitted *pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:   (212) 351-4000
Facsimile:   (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone:   (415) 393-8200
Facsimile:   (415) 393-8306

ANDREW M. KASABIAN, SBN 313210
akasabian@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071 USA
Telephone:   (213) 229-7311
Facsimile:   (213) 229-6311

COOLEY LLP
MICHAEL G. RHODES, SBN 116127
rhodesmg@cooley.com
KYLE C. WONG, SBN 224021
kwong@cooley.com
CAROLINE A. LEBEL, SBN 340067
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

*Attorneys for Defendant Meta Platforms, Inc.*
*(formerly known as Facebook, Inc.)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION,<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-3580-WHO<br><br>**CONDITIONAL JOINT ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>CLASS ACTION |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Local Rules 3-12 and 7-11 of the United States District Court for the Northern District of California, and this Court's October 12, 2022 Order, counsel for Plaintiffs and counsel for Defendant Meta Platforms, Inc. ("Meta") submit this Conditional Joint Administrative Motion to consider whether the claims against Meta in *Jane Doe v. Hey Favor, Inc. et al.*, Case No. 3:23-cv-00059-WHO, filed in this District on January 5, 2023 ("*Jane Doe*"), should be related to the above-captioned action, *In re Meta Pixel Healthcare Litigation*, Case No. 3:22-cv-3580-WHO (the "Consolidated Action"). This motion is conditioned on the Court granting Meta's separate motion to sever the claims against it in *Jane Doe*, which was filed in the *Jane Doe* action on March 23, 2023.

Under Civil Local Rule 3-12(a), "[a]n action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges."

Plaintiffs in *Jane Doe* stated that they oppose this motion to relate. (*See* Harris Decl. ¶ 3.)

## I. STATEMENT OF RELEVANT FACTS

On October 12, 2022, this Court granted a motion to consolidate four related cases ("Consolidation Order")—*John Doe v. Meta Platforms, Inc.*, Case No. 3:22-cv-03580-WHO, *Jane Doe v. Meta Platforms, Inc. et al.*, Case No. 3:22-cv-04293-WHO, *Doe v. Meta Platforms, Inc.*, Case No. 3:22-cv-04680-WHO, and *Jane Doe v. Meta Platforms, Inc.*, Case No. 3:22-cv-04963-WHO. *See* Dkt. 73. In its Consolidation Order, this Court directed the parties to "file an Administrative Motion to Consider Whether Cases are Related . . . whenever a related case is filed in, or transferred to, this District." Dkt. 79 at 3. Under the terms of the Consolidation Order, any case deemed related "shall be consolidated into [the Consolidated Action] unless a party objects to consolidation within fourteen days of the related case order." *Id.*

Thereafter, Meta moved to relate several related cases, and the Court granted those motions. On October 19, 2022, this Court granted a motion relating two cases—*Malinda S. Smidga v. Meta Platforms, Inc.*, Case No. 4:22-cv-05753-KAW, and *Michael Krackenberger v. Northwestern Memorial Hospital, et al.*, Case No. 4:22-cv-06020-DMR. *See* Dkt. 79. On November 7, 2022, this

Court granted a motion to relate *Doe, et al. v. Meta Platforms, Inc.*, Case No. 22-cv-06665-AGT. *See* Dkt. 119. On January 10, 2023, this Court granted a motion to relate *C.C. v. Meta Platforms, Inc.*, Case No. 22-cv-09199-JCS. *See* Dkt. 165. On February 1, 2023, this Court granted a motion to relate *Naugle et al. v. Meta Platforms, Inc. et al.*, Case No. 3:22-cv-09200-WHO. *See* Dkt. 182. On February 27, 2023, this Court granted a motion to relate *Smart v. Main Line Health*, Case No. 23-cv-00528-WHO. *See* Dkt. 186. On March 13, 2023, this Court granted a motion to relate *Stewart v. Advocate Aurora Health, Inc. et al.*, Case No. 3:23-cv-00900-SK.

On February 21, 2023, Plaintiffs in the Consolidated Action filed their Consolidated Class Action Complaint ("CAC") alleging that because a number of "covered entities" installed Meta's tracking tools, including the Meta Pixel, on their patient portals, Meta received individually identifiable, confidential, and otherwise sensitive health information about plaintiffs, including information shared with covered entities when setting up appointments, communications with providers regarding conditions or treatments, and "substantially similar communications that patients exchange with health insurance companies, *pharmacies*, and prescription drug companies." Consolidated Action, Dkt. 185 ¶ 75 (emphasis added).[1] The CAC defines "covered entities" as including "health care providers, health insurers, health care clearinghouses, patient portal providers, *pharmacies*, pharmaceutical companies, and any other entity, business associate, or contractor for which patient health or medical information is protected by HIPAA or the CMIA." Dkt. 185 ¶ 21 (emphasis added).

The CAC brings claims against Meta for 1) violation of the Electronic Communications Privacy Act, 2) violation of sections 631 and 632 of the CIPA, 3) common law intrusion upon seclusion, 4) invasion of privacy under the California Constitution, 5) unjust enrichment, 6) breach of contract, 7) breach of the duty of good faith and fair dealing, 8) negligence per se, 9) trespass to chattel, 10) violation of the California Unfair Competition Law, 11) violation of the California Consumer Legal

---

[1] *See also* Dkt. 185 ¶ 314 (Meta received user information including users' "email addresses, IP addresses, persistent cookie identifiers, device identifiers, and browser fingerprint information; … the content of communications that Plaintiffs and Class members exchange inside their health care providers' patient portals; and … the content of Plaintiffs' and Class members' communications about their appointments, providers, treatments, conditions, symptoms, diagnoses, prognoses, payment information, prescription drugs, and insurance information with their providers and other covered entities.").

Remedies Act, 12) violation of Cal. Penal Code sections 484 and 496 for statutory larceny, and 13) violation of the California Comprehensive Computer Data Access and Fraud Act. Dkt. 185. Plaintiffs in the Consolidated Action seek to represent a nationwide putative class of "[a]ll Facebook users whose health information was obtained by Meta from their health care provider or covered entity." Dkt. 185 ¶ 274.

Similarly, in *Jane Doe v. Hey Favor, Inc. et al.*, Plaintiff alleges that Hey Favor, a telemedicine company and direct to consumer pharmacy, utilized Meta's Pixel tool and software development kit ("SDK") on the Hey Favor online platform and, as a result, Meta received allegedly sensitive user information including users' personally identifiable information—defined as "names, email addresses, date of birth, place of residence, payment information, and health insurance information," *Jane Doe*, Dkt. 1 ¶ 4—as well as "users' prescription information . . . , answers to health questions . . . , medication side effects, allergies, age, and weight." *Id.*, Dkt. 1 ¶ 13.

Based on these allegations, plaintiff in *Jane Doe* brings claims against Meta for 1) common law intrusion upon seclusion; 2) unjust enrichment; 3) aiding and abetting violations of sections 56.06, 56.101, and 56.10 of the California Medical Information Act ("CMIA"); 4) violation of section 56.36 of the CMIA; and 5) violation of sections 631 and 632 of the California Invasion of Privacy Act ("CIPA"). Plaintiff in *Jane Doe* seeks to represent a nationwide putative class of "[a]ll natural persons in the United States who used the Favor Platform and whose communications and/or data were shared with third parties, including any of the Advertising and Analytics Defendants." *Id.*, Dkt. 1 ¶ 158.

On March 23, 2023, Meta filed a conditional motion to sever the claims against Meta in *Jane Doe* so that those claims may be related to and consolidated with the Consolidated Action. *Id.*, Dkt. 54. That motion is currently pending before the Court and is noticed for hearing on May 3, 2023.

**II.     ARGUMENT**

The Consolidated Action and the claims against Meta in *Jane Doe* "concern substantially the same parties, property, transaction, or event." Civ. L.R. 3-12(a). Both cases name Meta as a defendant, and both cases allege that Meta received users' sensitive personal and health information as a result of

covered entity platform operators' installation of Meta technologies onto their platforms.[2] The putative class alleged in the Consolidated Action includes "[a]ll Facebook users whose health information was obtained by Meta from their health care provider or covered entity." Dkt. 185 ¶ 274. Hey Favor, the online platform that allegedly installed Meta's tracking tools at issue in *Jane Doe*, falls within the Consolidated Action's "covered entities," as it is a telemedicine company and direct-to-consumer pharmacy subject to HIPAA.[3] Accordingly, any health information transmitted from Hey Favor to Meta using Meta's tracking tools is already the subject of the Consolidated Action. The claims against Meta in these actions thus concern the same "transaction[] or event": Meta's receipt of alleged "health information" through Meta technologies integrated onto healthcare providers' and other HIPAA-covered entities' platforms. *See Pepper v. Apple Inc.*, 2019 WL 4783951, at *1 (N.D. Cal. Aug. 22, 2019) (finding cases related where the cases "center around the same technology and economic structures").

Similarly, both actions bring statutory and common law privacy-related causes of action, and both bring claims for intrusion upon seclusion, unjust enrichment, and violation of CIPA sections 631 and 632.[4] The claims in *Jane Doe* against Meta are thus fully covered by and encompassed within the claims asserted in the CAC. Given the complete overlap and duplication of both allegations and claims,

---

[2] Plaintiff in *Jane Doe* may try to distinguish her case by asserting that her claims relate to allegedly sensitive health information transmitted to Meta from an app that uses Meta's SDK, rather than a website that uses Meta's Pixel. However, the factual allegations asserted as to Meta in *Jane Doe* are already encompassed within the allegations brought by plaintiffs in the Consolidated Action. The CAC alleges that Meta received sensitive health information via Meta's "tracking tools," not just the Meta Pixel. *See, e.g.*, Dkt. 185 ¶ 1 ("Plaintiffs bring this action on behalf of [individuals] whose medical privacy has been violated **by Meta's tracking tools**, including the Meta Pixel") (emphasis added); Dkt. 185 ¶ 7 ("**[Transmission of patient health information] occurs through tools that Meta encourages its health care Partners to use** to upload customer lists to Meta for use in its advertising systems") (emphasis added).

[3] *See* "Privacy Policy," The Pill Club (the business entity operating through the legal entity Hey Favor, Inc.), available at https://thepillclub.com/privacy (stating that The Pill Club's (f/k/a "Favor") affiliates are "all Covered Entities as defined by Health Insurance Portability and Accountability Act ("HIPAA")"); "Notice of Privacy Practices," The Pill Club, available at https://thepillclub.com/privacy-practices (describing how users' medical information may be used and disclosed and linked on The Pill Club's website as "HIPAA Practices").

[4] The only claims in *Jane Doe* that are not asserted in the Consolidated Action are claims pursuant to the CMIA. All other claims in *Jane Doe* overlap completely with the claims asserted in the CAC. And with respect to the CMIA, the CAC includes entities subject to the CMIA in its definition of "covered entities" and includes several allegations regarding the CMIA in support of its claims.

the claims against Meta in *Jane Doe* should be related to the Consolidated Action. *See, e.g.*, *Par Pharmaceutical, Inc. v. Takeda Pharmaceutical Co.*, 2013 WL 12221673, at *2-3 (N.D. Cal. Oct. 28, 2013) (granting motion to relate where the actions shared the same defendant, concerned the same patent, and concerned the same transaction or event).

Because the claims against Meta in *Jane Doe* are duplicative of the claims in the Consolidated Action, it is more than "likely that there will be an unduly burdensome duplication of labor and expense or conflicting results" if these cases are conducted separately from one another. Civ. L.R. 3-12(a). Conversely, having the claims against Meta in these cases heard together will increase efficiencies, reduce the burden on the judicial system and the parties, and reduce the risk of conflicting results. *Levy v. 24 Hour Fitness Worldwide, Inc. (Santa Monica)*, 2013 WL 2456566, at *2 (N.D. Cal. June 6, 2013) (ordering cases related where doing so would "promote the just, efficient, speedy and economical determination" of the proceeding).

*Jane Doe* and the Consolidated Action are both in the early phases of litigation (no motion to dismiss has been filed yet in either action), so relation and consolidation will not interfere with either action. There will be no need for plaintiffs in the Consolidated Action to file an amended complaint, as the claims against Meta in *Jane Doe* are already covered by the CAC. In addition, because discovery related to Plaintiff's claims against Meta in *Jane Doe* will be duplicative of discovery sought in the Consolidated Action, relation and consolidation will reduce the significant and unnecessary burden on the judicial system and Meta associated with simultaneous, largely duplicative discovery processes proceeding in parallel in different cases. *See Pepper*, 2019 WL 4783951, at *2 (finding relation proper where all cases "have yet to begin substantial discovery and so efficiency gains will be achieved in discovery"). Particularly because these actions are both at a preliminary stage, relating the claims against Meta in *Jane Doe* to the Consolidated Action would save judicial, parties', and counsel's resources without prejudicing any party.

### III.  CONCLUSION

Accordingly, the Parties respectfully request that the Court conditionally order that the claims against Meta in *Jane Doe* are related to the Consolidated Action, conditioned on the Court granting Meta's March 23, 2023 motion to sever the claims against it in *Jane Doe*.

Dated: March 24, 2023

**GIBSON, DUNN & CRUTCHER LLP**

By:  */s/ Lauren R. Goldman*
  Lauren R. Goldman

**COOLEY LLP**

By:  */s/ Michael G. Rhodes*
  Michael G. Rhodes

*Attorneys for Meta Platforms, Inc.*
*(formerly known as Facebook, Inc.)*

Dated: March 24, 2023

By: */s/ Jason 'Jay' Barnes*
  Jason 'Jay' Barnes

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
*jaybarnes@simmonsfirm.com*
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel: 212-784-6400
Fax: 212-213-5949

By:  */s/ Geoffrey Graber*
  Geoffrey Graber

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Geoffrey Graber, State Bar No. 211547
*ggraber@cohenmilstein.com*
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel: 202-408-4600
Fax: 202-408-4699

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
*koncius@kiesel.law*
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel: 310-854-4444
Fax: 310-854-0812

**TERRELL MARSHALL LAW GROUP PLLC**
Beth E. Terrell, State Bar No. 178181
*bterrell@terrellmarshall.com*
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.: 206-816-6603
Fax: 206-319-5450

**GIBBS LAW GROUP LLP**
Andre M. Mura, State Bar No. 298541
*amm@classlawgroup.com*
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.: 510-350-9700
Fax: 510-350-9701

*Attorneys for Plaintiffs*

**CIVIL L.R. 5-1(h)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I, Lauren R. Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: March 24, 2023　　　　　　　　**GIBSON, DUNN & CRUTCHER LLP**

　　　　　　　　　　　　　　　　　　By:　*/s/ Lauren R. Goldman*
　　　　　　　　　　　　　　　　　　　　　Lauren R. Goldman