(Eddie) Jae K. Kim (CA Bar No. 236805)
**LYNCH CARPENTER, LLP**
117 East Colorado Blvd., Suite 600
Pasadena, CA 91105
Tel.: (626) 550-1250
ekim@lcllp.com

Gary F. Lynch (*pro hac vice* forthcoming)
Jamisen A. Etzel (*pro hac vice* forthcoming)
Nicholas A. Colella (*pro hac vice* forthcoming)
**LYNCH CARPENTER, LLP**
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Tel.: (412) 322-9243
gary@lcllp.com
jamisen@lcllp.com
nickc@lcllp.com

Christian Levis (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
Rachel Kesten (admitted *pro hac vice*)
Christopher DeVivo (*pro hac vice* forthcoming)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com
cdevivo@lowey.com

*Attorneys for Plaintiff and the Proposed Class in Doe v. Hey Favor, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No.: 3:22-cv-03580-WHO<br><br>CLASS ACTION<br><br>**PLAINTIFF JANE DOE'S RESPONSE TO HOSPITAL PLAINTIFFS' UNAUTHORIZED REPLY TO PLAINTIFF JANE DOE'S OPPOSITION TO JOINT ADMINISTRATIVE MOTION TO RELATE CASES** |

PLAINTIFF JANE DOE'S RESPONSE TO HOSPITAL PLAINTIFFS' UNAUTHORIZED REPLY TO PLAINTIFF JANE DOE'S OPPOSITION TO JOINT ADMINISTRATIVE MOTION TO RELATE CASES
CASE NO: 3:22-CV-03580-WHO

1   Plaintiff Jane Doe in the *Doe v. Hey Favor, Inc.*, No. 3:23-cv-00059-WHO (the "Favor Action") opposes Plaintiffs' in the *In re Meta Pixel Healthcare Litigation*, Case No. 3:22-cv-3580-WHO (the "Hospital Actions") Motion for Leave to File a Reply to Plaintiff Jane Doe's Opposition to their Joint Administrative Motion to Relate Cases ("Motion for Leave"). ECF No. 208.

The Northern District of California Local Rules clearly do not allow for replies to Oppositions to Administrative Motions to Consider Whether Cases Should be Related. *See* Civ. L.R. 3-12(f). Once the Opposition is filed, the Court "will decide if the cases are or not related." *Id.* "Due to the need for parties and affected Judges to have a ***speedy determination of the motion***" the Judge makes this determination "within 14 days after the date a response is due." L.R. 3-12(f)(1) (emphasis added). Although styled as a "motion for leave" the Hospital Plaintiffs simply filed a reply in violation of local rules. This alone supports denying the Motion for Leave.

In any event, there are no "factual misstatements" in the Favor Plaintiffs' Opposition for Hospital Plaintiffs "to address" through a reply brief. *See* ECF No. 207. The Hospital Plaintiffs' unauthorized submission confirms Plaintiff Doe's Opposition was correct, that their case concerns data collected through a single technology—the Meta Pixel—that only exists in one very specific type of place—patient portal websites. *See* ECF No. 206 at 1 (citing Consolidated Amended Complaint, ECF No. 185 ¶¶ 24-28); *id*. at 5 (citing Declaration of Richard M. Smith in Support of Plaintiffs' Motion of Preliminary Injunction, ECF No. 185-1 ¶ 5). Lest there be any confusion, the class originally pled in the Hospital Actions highlights this limitation:

> All Facebook users who are current or former patients of medical providers in the United States with web properties through which Facebook acquired patient communications relating to ***medical provider patient portals***, appointments, phone calls, and communications ***associated with patient portal users***, for which neither the medical provider nor Facebook obtained a HIPAA, or any other valid, consent.

ECF No. 1 ¶ 89.

As do the Plaintiff-specific allegations in each of the Hospital Actions that were related and consolidated, not one of which pleads that data was collected though an SDK from a mobile app, or shared with any defendant other than Meta:

1

PLAINTIFF JANE DOE'S RESPONSE TO HOSPITAL PLAINTIFFS' UNAUTHORIZED REPLY TO PLAINTIFF JANE DOE'S OPPOSITION TO JOINT ADMINISTRATIVE MOTION TO RELATE CASES
CASE NO: 3:22-CV-03580-WHO

| Case: | Allegations: |
|---|---|
| John Doe v. Meta Platforms, Inc., Case No. 3:22-cv-3580-WHO, ECF No. 1 ¶ 28 (N.D. Cal.). | "Plaintiff John Doe is a Maryland resident, Facebook user, and a *patient of MedStar Health, Inc. ("MedStar") who used MedStar's myMedStar patient porta*l, currently located at https://www.medstarhealth.org/mymedstar-patient-portal, to view medical records, lab results, and otherwise communicate with his provider. Plaintiff's use of the myMedStar patient portal included the time during which the Facebook Pixel was secretly deployed on the portal login page." |
| Jane Doe v. Meta Platforms, Inc. et al., Case No. 3:22-cv-04293-WHO, ECF No. 1 ¶ 20 (N.D. Cal.) | "Plaintiff is a patient at UCSF Medical Center and Dignity Health. She has been using *Dignity Health's My Portal* since 2017 and *UCSF Medical Center's My Chart* since approximately February 2022." |
| Doe v. Meta Platforms, Inc., Case No. 3:22-cv-04680-WHO, ECF No. 1 ¶¶ 75-76 (N.D. Cal.) | "[T]he Facebook Pixel was installed on UCLA *Reagan Medical Center's appointment scheduling page*, and the Facebook Pixel sent the information submitted by the patient on the UCLA Reagan Medical Center's appointment scheduling page to Facebook. Plaintiff Doe's protected health information – including the medical treatment that Plaintiff Doe sought – was thus intercepted by the *Facebook Pixel* and sent to Facebook." |
| Jane Doe v. Meta Platforms, Inc., Case No. 3:22-cv-04963-WHO, ECF No. 1 ¶ 29 (N.D. Cal.) | "Plaintiff Jane Doe is a North Carolina resident, Facebook user, and a patient of Novant who used *Novant's patient portal* to schedule appointments, access lab results, and review health information, among other things. Plaintiff's use of the *Novant patient portal* included the time during which the *Facebook Pixel* was secretly deployed on the portal login page." |
| Malinda S. Smidga v. Meta Platforms, Inc., Case No. 3:22-cv-05753-KAW, ECF No. 1 ¶¶ 19, 9 (N.D. Cal.) | "Plaintiff was a patient of UPMC and has used *UPMC's appointment scheduling page* since approximately 2014."<br><br>"When a user enters sensitive health and personal information on UPMC's appointment scheduling page, the *Meta Pixel* then sends some of that data to Meta." |
| Michael Krackenberger v. Northwestern | "Plaintiff used the *portal* as required by |

2

| | | |
|---|---|---|
| 1 2 3 4 | Memorial Hospital, et al., Case No. 3:22-cv-06020-DMR, ECF No. 1 ¶¶ 29-30 (N.D. Cal.) | Northwestern Memorial Hospital to schedule appointments, review records, and interact with medical providers, and view sensitive medical information related to his care and treatment. Unknown to Plaintiff, Northwestern Memorial Hospital had allowed **Meta Pixel** to have access to the **patient portal**." |
| 5 6 7 8 9 10 | Doe, et al. v. Meta Platforms, Inc., Case No. 22-cv-06665-AGT, ECF No. 1 ¶¶ 18, 22 (N.D. Cal.) | "Plaintiff John Doe 1's health information was a part of the **MyChart system** during the time that **Meta Pixel** was embedded within the **portal**." <br><br> "Plaintiff John Doe 2 is a Meta platform user and patient of WakeMed whose personal health information was contained in **WakeMed's patient portal**, "MyChart" during the time that **Meta Pixel** was embedded within the **portal**" |
| 11 12 13 14 15 16 | C.C. v. Meta Platforms, Inc., Case No. 3:22-cv-09199-JCS, ECF No. 1-2 ¶¶ 19, 13 (N.D. Cal.) | "Meta knows that the PHI and PII collected through its **Pixel** on **Novant's websites** includes highly sensitive medical information but, in reckless disregard for patient privacy continues to collect, use, and profit from this information." <br><br> "C.C. and the Class Members had their PHI and PII, harvested by Meta through the **Meta Pixel** tool without their consent." |
| 17 18 19 20 21 22 23 24 25 26 27 | Naugle et al. v. Meta Platforms, Inc. et al., Case No. 3:22-cv-09200-WHO, ECF No. 1 ¶¶ 32-33 (N.D. Cal.) | "Plaintiff Kim Naugle is a citizen of North Carolina, residing in FuquayVarina, North Carolina, a Facebook user, and a patient of Defendant WakeMed ("WakeMed") who used WakeMed's **"MyChart" patient portal** . . . Plaintiff's use of WakeMed's MyChart patient portal included the time during which the **Facebook Pixel** was secretly deployed on the **portal login page**." <br><br> "Plaintiff Afrika Williams is a citizen of North Carolina, residing in Morrisville, North Carolina, a Facebook user, and a patient of Defendant Duke University Health System, Inc. ("DukeHealth"), *who used the "DukeMyChart" patient portal* . . . Plaintiff's use of DukeHealth's patient portals included the time during which the **Facebook Pixel** was |

| | secretly deployed on the ***portal login pages***." |
|---|---|
| Smart v. Main Line Health, Case No. 3:23-cv-00528- WHO, ECF No. 1 ¶ 4 (N.D. Cal.) | "Mr. Smart has been a patient of MLH and has used MLH web properties including, www.mainlinehealth.org and the ***MLH MyChart portal*** since before 2018." |
| Stewart v. Advocate Aurora Health, Inc. et al., Case No. 3:23-cv-00900-SK, ECF No. 1 ¶ 16 (N.D. Cal.) | "Plaintiff Alistair Stewart is a natural person and a citizen of the State of Illinois. Plaintiff has been a patient of Advocate since at least 2018 and a LiveWell ***patient portal user*** and user of Facebook since at least 2018." |
| Murphy et al v. Meta Platforms Inc., Case No. 3:23-cv-00899, ECF No. 1 ¶ 4 (N.D. Cal.) | "Nancy Murphy is an adult person who resides in the Commonwealth of Pennsylvania. Ms. Murphy has been a patient of Jefferson Health and a ***MyJeffersonHealth user*** since before 2018." |

Hospital Plaintiffs now attempt to transform these specific allegations, which are clearly limited to the implementation of Meta Pixel on hospital websites, into a case that swallows the entire "industry (healthcare)." ECF No. 208 at 3.[1] To do so, they gloss over the distinctions between the Meta Pixel, which exists only on websites, and the SDKs at issue in the Favor Action that live exclusively within mobile apps. Indeed, while it may be true that the two are "analogous" in that they both collect data (Motion for Leave at 2), the two technologies are different enough that they cannot co-exist. The discovery on this issue alone and the differences among the event data collected from Hey Favor app users compared to the Hospital Plaintiffs, who made appointments on a website, is enough to deny their motion.

Given the rampant, apparent distinctions among the cases (and Meta's prior failed attempt to relate this case elsewhere), it is clear Movants are not seeking a good-faith application of the relation standard. Rather, they seek to jointly enrich each other: Hospital Plaintiffs by swallowing cases they hope will increase their settlement value, and Meta, in turn, by reducing the number of cases it has to litigate. The loser in both instances is the class in each case. The motion should be denied.

---

[1] The raw desire to expand the scope of the consolidated action is palpable as the Hospital Plaintiffs strain to distinguish "appointment scheduling pages" from hospital patient portals which, not surprisingly, allow patients to schedule appointments in arguing that they really did mean to go beyond those websites in the initial complaint. Motion for Leave at 1.

4
PLAINTIFF JANE DOE'S RESPONSE TO HOSPITAL PLAINTIFFS' UNAUTHORIZED REPLY TO PLAINTIFF JANE DOE'S OPPOSITION TO JOINT ADMINISTRATIVE MOTION TO RELATE CASES
CASE NO: 3:22-CV-03580-WHO

Dated: March 30, 2023

/s/ *Christian Levis*
Christian Levis (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
Rachel Kesten (admitted *pro hac vice*)
Christopher DeVivo (*pro hac vice* forthcoming)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com
cdevivo@lowey.com

(Eddie) Jae K. Kim (CA Bar No. 236805)
**LYNCH CARPENTER, LLP**
117 East Colorado Blvd., Suite 600
Pasadena, CA 91105
Tel.: (626) 550-1250
ekim@lcllp.com

Gary F. Lynch (*pro hac vice* forthcoming)
Jamisen A. Etzel (*pro hac vice* forthcoming)
Nicholas A. Colella (*pro hac vice* forthcoming)
**LYNCH CARPENTER, LLP**
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Tel.: (412) 322-9243
gary@lcllp.com
jamisen@lcllp.com
nickc@lcllp.com

*Attorneys for Plaintiff and the Proposed Class*

5

PLAINTIFF JANE DOE'S RESPONSE TO HOSPITAL PLAINTIFFS' UNAUTHORIZED REPLY TO PLAINTIFF JANE DOE'S OPPOSITION TO JOINT ADMINISTRATIVE MOTION TO RELATE CASES
CASE NO: 3:22-CV-03580-WHO