# **<u>Exhibit 2</u>**

Jason 'Jay' Barnes (admitted *pro hac vice*)
    *jaybarnes@simmonsfirm.com*
**SIMMONS HANLY CONROY LLC**
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.:    212-784-6400
Fax:    212-213-5949

Jeffrey A. Koncius, State Bar No. 189803
    *koncius@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel.:    310-854-4444
Fax:    310-854-0812

**Plaintiffs' Interim Class Counsel**

[*Additional counsel listed on signature page*]

Geoffrey Graber, State Bar No. 211547
    *ggraber@cohenmilstein.com*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel.:    202-408-4600
Fax:    202-408-4699

Beth E. Terrell, State Bar No. 178181
    *bterrell@terrellmarshall.com*
**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.:    206-816-6603
Fax:    206-319-5450

Andre M. Mura, State Bar No. 298541
    *amm@classlawgroup.com*
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.:    510-350-9700
Fax:    510-350-9701

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-03580-WHO<br><br>CLASS ACTION<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT META PLATFORMS, INC.** |

**PROPOUNDING PARTY:**     **PLAINTIFFS**

**RESPONDING PARTY:**     **META PLATFORMS, INC.**

**SET NO.:**     **ONE**

Pursuant to the Federal Rules of Civil Procedure 26 and 33, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Meta Platforms, Inc. answer the following First Set of Interrogatories, under oath, in accordance with the Federal Rules of Civil Procedure, and the instructions, below, within 30 days of the date of service of this set of Interrogatories. Plaintiffs

further request that Defendant serve supplemental responses if it obtains further or different information, as required by Federal Rule of Civil Procedure 26(e). Plaintiffs reserve the right to serve additional discovery with regard to other matters in this action.

## DEFINITIONS

The Definitions provided herein are intended to streamline language used in these Interrogatories and facilitate a common understanding of the information sought. Defendant should accept the Definitions provided herein, for the limited purpose of responding to each Interrogatory, even if Defendant disputes a Definition's accuracy or otherwise finds it objectionable.

1. "All" means "any and all," as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside the scope of the Interrogatory.

2. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside the scope of the Interrogatory.

3. "HIPAA Notice" means the notice of privacy practices for protected health information required by 45 C.F.R. § 164.520(b) and 45 CFR § 164.520(c).

4. "Medical Provider" means a physician, hospital, laboratory, pharmacy, or any other Person who provides medical- or health-related services without regard to whether it is a covered entity under HIPAA.

5. "Web-Property" means a point of presence on the web, including websites.

6. Except for the terms defined hereof, and unless another meaning is obvious from the context and from a term's plain and ordinary usage, the terms used herein shall have the same meaning as they have in the operative Complaint in this Action.

## INSTRUCTIONS

1. Any interrogatory that inquires as to the knowledge, conduct, activities, or materials possessed by Defendant shall be taken to include the knowledge, conduct, activities, or materials possessed by Defendant's subsidiaries, parents, affiliates, and merged or acquired predecessors, as well as the present or former investigators, accountants, attorneys, directors, officers, partners, employees, and other agents of Defendant; and references to the "personnel" of Defendant shall

include such individuals.

2.      For each Interrogatory herein, the singular shall be construed to include the plural and the plural shall be construed to include the singular.

3.      For each Interrogatory herein, the present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense. The use of a verb in any tense shall be construed to be in the tense necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed as outside the scope. By way of example, Interrogatory No. 2 asks that You "Identify All Web-Properties, developers, and advertisers for which Meta provides services through the "Facebook Health" advertising division. A response to Interrogatory No. 2 will include information pertaining to Web-Properties, developers, and advertisers for which Meta provides services through the "Facebook Health" advertising division currently, and at any time during the Relevant Time Period, as defined below. If Meta objects to this instruction and intends to withhold documents based on its objection(s) Plaintiffs request that the parties meet and confer as soon as practicable.

4.      For each Interrogatory herein, all undefined terms used shall be construed in an ordinary common-sense manner and not in a hyper-technical, strained, overly literal, or otherwise restrictive manner.

5.      If You claim any form of privilege, work product, or other protection, whether based on statute or otherwise, as a ground for not answering an Interrogatory or any part of an Interrogatory, or declining to produce any Document, You must set forth in detail the facts upon which the assertion of privilege is based.

6.      If any Document was, but no longer is, in Your possession or subject to Your control, please provide a complete and detailed explanation of all circumstances surrounding the disposition of the document including dates and manner of disposition (*e.g.*, lost, destroyed, transferred to a third party, *etc.*).

7.      These Interrogatories are continuing, and Defendant should supplement its responses and production immediately whenever it acquires additional information and Documents pertaining thereto.

8.      Unless otherwise agreed by the parties or ordered by the Court, all Documents, things, and electronically stored information (ESI) shall be in native format.

## **RELEVANT TIME PERIOD**

The relevant time-period for all areas of inquiry runs from the date when Meta released the Meta Pixel (the "Relevant Time Period") unless otherwise specified by the Interrogatory, agreed upon by the Parties, or pursuant to any subsequent Order by the Court. Documents created outside of the time period, but which relate to the subject matter of the operative Complaint, should be included when interpreting the Interrogatories set forth herein. For example, if any Interrogatory relates to a policy or business practice employed, a Document transmitted or created, a device or product that existed, or an event that occurred during a specific period of time (the "Relevant Time Period," for the purposes of this instruction), but which was first conceived, designed, discussed, drafted, tested, implemented, or used before or after the Relevant Time Period, please provide responses and Documents from outside the Relevant Time Period if they relate to the policy, practices, document, or event at issue.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify All Web-Properties with a HIPAA Notice that contained the Meta Pixel during the Relevant Time Period.

**INTERROGATORY NO. 2:**

Identify All Web-Properties, developers, and advertisers for which Meta provides services through the "Facebook Health" advertising division.

**INTERROGATORY NO. 3:**

Identify all Medical Provider Web-Properties on which the Meta Pixel is or has been deployed and the time period during which the Meta Pixel was deployed on each Web-Property.

**INTERROGATORY NO. 4:**

Identify the Facebook employees and teams responsible for the Meta Pixel, communicating with or selling to health-related companies, the Filter, or the data which Meta received via the Meta Pixel deployed on Medical Provider Web-Properties during the Relevant Time Period, and describe

1  their responsibilites and the time period during which they held those responsibilites.

2  **INTERROGATORY NO. 5:**

3       Identify and describe the databases or repositories where Meta receives, re-directs, or stores

4  data (including event-level and/or derived data) collected through or associated with the Meta Pixel

5  for Medical Provider Web-Properties, or that contain data relating to the Filter (including any logs).

6

7       DATED: February 9, 2023                    By:  _____
                                                              Nicole Ramirez

8
                                                   **SIMMONS HANLY CONROY LLC**
9                                                  Jason 'Jay' Barnes (admitted *pro hac vice*)
                                                   An Truong (admitted *pro hac vice*)
10                                                 Eric Johnson (admitted *pro hac vice*)
                                                   Jennifer Paulson (admitted *pro hac vice*)
11
                                                   **COHEN MILSTEIN SELLERS & TOLL**
12                                                 **PLLC**
                                                   Geoffrey Graber, State Bar No. 211547
13                                                 Eric Kafka (admitted *pro hac vice*)
                                                   Claire Torchiana. State Bar No. 330232
14
                                                   **TERRELL MARSHALL LAW GROUP**
15                                                 **PLLC**
                                                   Beth E. Terrell, State Bar No. 178181
16                                                 Amanda M. Steiner, State Bar No. 190047

17                                                 **KIESEL LAW LLP**
18                                                 Jeffrey A. Koncius, State Bar No. 189803
                                                   Paul R. Kiesel, State Bar No. 119854
19                                                 Nicole Ramirez, State Bar No. 279017

20                                                 **GIBBS LAW GROUP LLP**
                                                   Andre M. Mura, State Bar No. 298541
21                                                 Rosemary M. Rivas, State Bar No. 209147
                                                   Hanne Jensen, State Bar No. 336045
22

23                                                 **Plaintiffs' Interim Class Counsel**

24

25

26

27

28

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

4

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California.  My business address is 8648 Wilshire Boulevard, Beverly Hills, CA 90211-2910.

5

6

On February 9, 2023, I served true copies of the following document(s) described as **PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT META PLATFORMS, INC.** on the interested parties in this action as follows:

7

8

**SEE ATTACHED SERVICE LIST**

9

10

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Kiesel Law LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Beverly Hills, California.

11

12

13

14

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address jmendez@kiesel.law to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

15

16

17

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

18

19

Executed on February 9, 2023, at Beverly Hills, California.

20

21

Jessica Mendez

22

23

24

25

26

27

28

1

PROOF OF SERVICE

<u>**SERVICE LIST**</u>

Michael G. Rhodes                              Attorneys for Defendant
Kyle C. Wong                                   META PLATFORMS, INC.
Caroline A. Lebel
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
rhodesmg@cooley.com
kwong@cooley.com
clebel@cooley.com

Lauren R. Goldman
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
lgoldman@gibsondunn.com

Elizabeth K. McCloskey
Abigail A. Barrera
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA 94105
emccloskey@gibsondunn.com
abarrera@gibsondunn.com

Andrew M. Kasabian
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071
akasabian@gibsondunn.com