UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates to:<br>All Actions | Case No. 22-cv-03580-WHO (VKD)<br><br>**ORDER RE DISPUTE RE RULE 502(D) CLAWBACK ORDER**<br>Re: Dkt. No. 218 |

The parties ask the Court to resolve a dispute concerning a proposed Federal Rule of Evidence 502(d) order. Dkt. No. 218. The parties have stipulated to most of the terms of the proposed order but disagree on one point: whether a receiving party may sequester a document that a producing party has clawed back as privileged or protected pending resolution of the receiving party's challenge to the clawback notice (as plaintiffs propose), or whether the receiving party must instead destroy or return the clawed back document pending resolution of such a challenge (as defendant proposes). The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

The Court adopts plaintiffs' proposal. Plaintiffs' proposal best aligns with Federal Rule of Civil Procedure 26(b)(5), which permits a party to sequester material that has been produced but is later subject to a privilege claim. That rule provides in relevant part:

> If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, *a party must promptly return, sequester, or destroy the specified information and any copies it has*; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may

> promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Fed. R. Civ. P. 26(b)(5(B) (emphasis added). Nothing in the approach contemplated by Rule 26(b)(5)(B) is inconsistent with Federal Rule of Evidence 502(d), which promotes efficient and cost-effective discovery by creating conditions that permit parties to avoid the need for exhaustive pre-production privilege reviews. *See* Fed. R. Evid. 502, Addendum to Advisory Committee Notes, Statement of Congressional Intent Regarding Rule 502 of the Federal Rules of Evidence, Subdivision (d)—Court orders. Absent some concrete basis to believe plaintiffs' counsel cannot or will not comply with the other requirements of Rule 26(b)(5)(B) and the other stipulated provisions of the proposed order, the Court sees no reason to require a receiving party to destroy or return clawed back documents during the pendency of a challenge to a producing party's privilege claim.

For this reason, the Court adopts the following text for section 3(c) of the proposed Rule 502(d) order:

> (c) Notwithstanding the provisions of section 3(a), above, if a receiving party challenges a claim that a Protected Document specified in a Clawback Notice is privileged or protected, the receiving party must promptly sequester the Protected Document and any and all notes that reproduce, copy, or otherwise disclose the substance of the Protected Documents—including all copies of such notes in electronic form—and the receiving party shall not use such information for any purpose, except as provided herein, until further Order of the Court or upon agreement by the parties. If the producing party's challenged clawback is ultimately successful or the receiving party withdraws or fails to pursue its challenge to the Clawback Notice, the receiving party must promptly return and/or destroy the Protected Document and any and all notes that reproduce, copy, or otherwise disclose the substance of the Protected Documents and certify to the producing party when this return and/or destruction is complete.

//

1  The Court will enter plaintiffs' proposed Rule 502(d) order separately on the docket.

2  **IT IS SO ORDERED.**

3  Dated: May 2, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge