GIBSON, DUNN & CRUTCHER LLP
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:   (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY (SBN 268184)
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA (SBN 301746)
abarrera@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
rhodesmg@cooley.com
KYLE C. WONG (SBN 224021)
kwong@cooley.com
CAROLINE A. LEBEL (SBN 340067)
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

*Attorneys for Defendant Meta Platforms, Inc.
(formerly known as Facebook, Inc.)*

GEOFFREY GRABER (SBN 211547)
ggraber@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Jason 'Jay' Barnes (admitted *pro hac vice*)
jaybarnes@simmonsfirm.com
SIMMONS HANLY CONROY LLC
112 Madison Avenue, 7th Floor
New York, NY 10016
Telephone: (212) 784-6400
Facsimile: (212) 213-5949

*Additional Attorneys in Signature Block*

*Co-Lead Counsel for Plaintiffs and the
Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-03580-WHO<br><br>**CASE MANAGEMENT STATEMENT**<br><br>Date: May 16, 2023<br>Time: 2:00 p.m.<br>Courtroom: 2, 17th Floor<br>Judge: Hon. William H. Orrick |

Plaintiffs John Doe I, John Doe II, Jane Doe I, Jane Doe II, and Jane Doe III ("Plaintiffs") and Defendant Meta Platforms, Inc. ("Meta") (collectively, the "Parties"), by and through their respective counsel of record, hereby submit the following Joint Case Management Statement and Rule 26(f) Report pursuant to Federal Rule of Civil Procedure 26, Civil Local Rule 16-10, and the Standing Order for All Judges of the Northern District of California, in advance of the Case Management Conference scheduled in the above-captioned case for May 16, 2023 at 2:00 P.M. before the Honorable William H. Orrick, in Courtroom 2, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102.

The parties previously submitted a Joint Rule 26(f) report on September 28, 2022 and subsequent case management statements on January 10, 2023 and March 7, 2023. Dkts. 66, 167, 191.

The parties submit this case management statement to provide the Court with an update regarding the parties' progress on discovery in this case.

**1. PENDING MOTIONS**

On May 8, 2023, Meta filed its motion to dismiss. Plaintiffs' opposition is due on June 12, 2023, and Meta's reply is due on July 17, 2023. The hearing on the motion to dismiss is set for August 16, 2023. Dkt. 195.

On May 1, 2023, the parties filed three discovery dispute letters regarding Meta's responses to Plaintiffs' discovery requests. Judge DeMarchi set those issues for hearing on May 23, 2023. Dkts. 221-23, 226.

**2. UPDATE ON CASE STATUS AND DISCOVERY**

*Plaintiffs' Statement:*

At the March 14 case management conference, the Court stated that this case should move forward "with dispatch." Minute Order, Dkt. 195. The Court further stated that the fall of 2025 would be a reasonable time for trial, and that the parties should strive to propose a calendar to achieve that result. *Id.* The Court also referred the parties' disputes regarding the ESI Protocol, Protective Order, Clawback Order, and document preservation issues to Judge Virginia DeMarchi. *Id.*

On April 20, 2023, the parties held a discovery conference before Judge DeMarchi. At the

conference, Judge DeMarchi ordered the parties to reach agreement on the Clawback Order, Protective Order, or ESI Protocol by the following dates or to brief their competing positions before Judge DeMarchi:

- *Clawback Order* – April 27, 2023
- *Protective Order* – May 4, 2023
- *ESI Protocol* – May 9, 2023

Dkt. 216. For the Clawback Order and Protective Order, the parties have now submitted briefs to Judge DeMarchi with their competing positions. Judge DeMarchi has resolved the Clawback Order disputes and entered the Clawback Order for this matter. Dkt. 228.

Judge DeMarchi also ordered that the parties hold a further discovery conference on May 23 regarding the following issues: "(1) whether and to what extent aspects of discovery should be coordinated across the *Healthcare*, *Tax*, and *DMV* cases and (2) whether any interim discovery deadlines that should be set to ensure that discovery is completed in an efficient and cost-effective manner, given the case management deadlines that will be set by the presiding judges in these cases." Dkt. 216. On May 1, the *Healthcare* Plaintiffs and Meta filed three joint discovery dispute letters regarding Meta's discovery responses, which will also be heard by Judge DeMarchi on May 23. Dkt. 221-223.

Unfortunately, to date, Meta has not proceeded with dispatch in responding to discovery. Nearly six months after the Court consolidated this action, and nearly a year after the initial action was filed, Meta has not produced a single document in discovery. Despite repeated requests, Meta still has not explained how and where Meta is preserving the data collected by the Meta Pixel from healthcare provider websites and applications.[1] And Meta has not yet provided any search terms with respect to its Electronically Stored Information. Plaintiffs are also concerned that Meta has made merits arguments in opposing some of Plaintiffs' discovery requests, which is inconsistent with this Court's directive that discovery proceed before a ruling on the motion to dismiss.

---

[1] Meta stated at the last case management hearing that "now is the time to hammer out any disputes about what is preserved, not two years from now, and we're working on that." March 14, 2023, Hearing Transcript at 14:19-23. Yet, on May 3, Meta told Plaintiffs that it was not ready to hold a meet-and-confer regarding preservation because Meta's "investigation is still ongoing."

-3-
CASE MANAGEMENT STATEMENT
CASE NO. 3:22-CV-03580-WHO

Setting a discovery cut-off date is the best way to break these delays and to move discovery forward. Plaintiffs intend to propose interim discovery deadlines to Judge DeMarchi, including a substantial completion deadline for production of documents. Judge DeMarchi ordered that any interim discovery deadlines should be set "given the case management deadlines that will be set by the presiding judges in these cases." Dkt. 216. Similarly, Meta previously suggested to Plaintiffs that it would be premature for Judge DeMarchi to enter interim discovery deadlines until a case management schedule is set in this action. Thus, the next necessary step is to set a fact discovery cut-off date. To that end, and as set forth below, Plaintiffs request that the Court set a fact discovery cut-off based on the parties' previously agreed upon March 13, 2024 deadline.

***Meta's Statement:***

Following the March 14, 2023 conference, the parties have engaged in frequent and extensive meet and confer discussions regarding discovery—including the ESI protocol, protective order, and clawback order, as well as Meta's responses to Plaintiffs' requests for production and interrogatories. Despite Plaintiffs' representations above, Meta has engaged in significant discussion with Plaintiffs regarding the scope of discovery, and the parties have been able to reach agreement on a wide range of issues. Indeed, even Plaintiffs begin their statement by reciting the numerous discovery issues and briefings that both parties have been engaged in since the last CMC. While they then complain that Meta is not moving with dispatch, this is simply not accurate.

This Court previously ordered that Judge DeMarchi, who is assigned to this case for all discovery matters (Dkt. 179), would "address the discovery issues raised in the [March 7, 2023] Case Management Statement: ESI Protocol, Protective Order, Clawback Order and document preservation issues." Dkt. 195. To that end, on April 20, 2023, Judge DeMarchi held a discovery conference, which included counsel for Meta, plaintiffs' counsel in this case, and plaintiffs' counsel in two other actions involving the Meta Pixel—*In re Meta Pixel Tax Filing Cases* (Case No. 3:22-cv-07557-SI) and *Gershzon v. Meta Platforms, Inc.* (Case No. 3:23-cv-00083-SI).[2] Based on the guidance provided by

---

[2] This discovery conference was held pursuant to this Court's March 14, 2023 minute order, which stated that "[i]t is anticipated that Judge DeMarchi will manage discovery in all the Meta pixel-related matters in this District." Dkt. 195.

Judge DeMarchi, the parties have made significant progress on the ESI protocol, protective order, and clawback order.

On April 27, 2023, the parties filed a joint statement regarding the draft clawback order, along with competing proposed orders. Dkt. 218. On May 2, 2023, Judge DeMarchi ordered a clawback order to govern discovery in this case. Dkt. 228.

On May 5, 2023, the parties filed a joint statement regarding the draft protective order, including competing proposed orders. Dkt. 231. The parties now await Judge DeMarchi's ruling on the protective order.

On May 9, 2023, the parties will file a joint statement regarding the draft ESI protocol, including competing proposed stipulated orders.

Judge DeMarchi has scheduled another discovery conference, including all the same counsel, for May 23, 2023, during which the Court and the parties will address "(1) whether and to what extent aspects of discovery should be coordinated across the *Healthcare*, *Tax*, and *DMV* cases; and (2) whether any interim discovery deadlines [] should be set to ensure that discovery is completed in an efficient and cost-effective manner, given the case management deadlines that will be set by the presiding judges in these cases." Dkt. 216. In advance of the May 23, 2023 conference, the parties will submit a joint case management statement to Judge DeMarchi setting forth their proposals as to discovery coordination and interim discovery deadlines.

3. **SCHEDULE**

*Plaintiffs' Statement:*

Plaintiffs respectfully renew their request that the Court enter a case management schedule, or at least a discovery cut-off date, at the May 16 CMC. Entering a case schedule will assist the parties in moving this case forward, and will assist Judge DeMarchi in setting interim discovery deadlines at the May 23 discovery conference. *See* Dkt. 216.

At the March 14, 2023, CMC, the Court declined to enter a case schedule, but indicated that "the fall of 2025 would be a reasonable time for trial and that the parties should be thinking about the best calendar to achieve that result." March 14, 2023 CMC, Dkt. 195.

Plaintiffs thus renew their proposed case calendar culminating in a September 2025 trial. Plaintiffs also propose a fact discovery deadline of March 13, 2024, which is the same deadline previously proposed by Meta. Plaintiffs have agreed to the March 13, 2024 fact discovery cut-off with the understanding that discovery will move forward with dispatch without being limited by any issues raised in the pending motion to dismiss. Plaintiffs are also comfortable with an April 12, 2024 fact discovery cut-off. The entry of either proposed fact discovery cut-off date will move this case forward.

Meta now argues below that the Court should refrain from setting a fact discovery cut-off or case management schedule, pending Judge DeMarchi setting interim discovery deadlines. But this is directly contrary to Judge DeMarchi's order, which stated that interim discovery deadlines should be set "given the case management deadlines that will be set by the presiding judges in these cases." Dkt. 216.

Thus, Plaintiffs propose the following schedule:

| Event | Date |
| --- | --- |
| Opposition to Motion to Dismiss Shall be Filed | Monday, June 12, 2023 |
| Reply to Motion to Dismiss Shall be Filed | Monday, July 17, 2023 |
| Deadline to Amend the Pleadings | 30 Days After Court's Ruling on Meta's Motion to Dismiss |
| Deadline for First Settlement Conference | Monday, November 13, 2023 |
| Close of Fact Discovery | Wednesday, March 13, 2024 |
| Opening Expert Disclosures | Friday, May 3, 2024 |
| Rebuttal Expert Disclosures | Friday, June 7, 2024 |
| Reply Expert Disclosures (response to Rebuttal Expert Reports) | Monday, July 8, 2024 |
| Expert Discovery Deadline | Friday, August 16, 2024 |
| Motion for Class Certification Shall be Filed | Friday, September 6, 2024 |
| Opposition to Class Certification Shall be Filed | Friday, October 11, 2024 |
| Reply in Support of Class Certification Shall be Filed | Friday, November 15, 2024 |
| Dispositive and Daubert Motions Shall be Filed | Friday, February 7, 2025 |
| Opposition to Dispositive and Daubert Motions Shall be Filed | Friday, March 14, 2025 |
| Reply to Dispositive and Daubert Motions Shall be Filed | Friday, April 18, 2025 |
| Pre-Trial Conference | Monday, July 14, 2025 |
| Trial | Monday, September 15, 2025 |

The fundamental difference between the parties' schedules is that Plaintiffs propose that the parties have one round of expert reports while Meta proposes bifurcating class and merits expert reports in two rounds. Because the parties have agreed that the fact discovery should not be bifurcated, it is more efficient to have one round of expert reports. This will move the parties more quickly towards trial and resolution. Furthermore, it would be a waste of resources to have two rounds of expert depositions or two rounds of *Daubert* briefing.

Meta generally asserts that, "Without a decision on class certification, the parties will be forced to present expert evidence on issues that may become moot, unnecessarily increasing the costs and burdens on the parties." Given the issues in this case, Plaintiffs expect that their experts would include the same information in their class expert reports as their merits reports. Plaintiffs do not foresee any efficiencies that will be gained through two rounds of expert reports, and certainly no efficiencies that would outweigh the costs of the parties' experts producing two rounds of reports on the same issues, potentially being deposed twice, or potentially briefing two *Daubert* motions. Finally, two rounds of expert discovery will lengthen the path to trial and make it more difficult to try this case in the fall of 2025.

**Meta's Statement:**

As set forth above, Judge DeMarchi intends to address, at the upcoming May 23, 2023 status conference, two specific issues: how to coordinate discovery across the *Healthcare*, *Tax*, and *DMV* cases, and interim discovery deadlines. Meta believes that it would be most efficient for Judge DeMarchi to address those issues first, before this Court sets an overall case schedule, including a fact discovery cut-off, so that there is flexibility for Judge DeMarchi to determine how best to structure coordination, including, for example, whether to allow overlapping discovery to proceed before case-specific discovery. Judge DeMarchi did not order, as Plaintiffs contend above, that interim discovery deadlines could not be set until this Court had set a case schedule; rather, Judge DeMarchi's order states that interim deadlines should be set "to ensure that discovery is completed in an efficient and cost-effective manner, given the case management deadlines that will be set by the presiding judges in these cases." Dkt. 216.

To the extent this Court wishes to proceed now with setting a case schedule, Meta resubmits the case schedule it provided in the March 7, 2023 Joint Case Management Statement, with certain modifications, as set forth below. As the Court has suggested, Meta's proposed schedule works toward a fall 2025 trial date. Dkt. 191.

### *Class Certification Briefing*

In the March 7, 2023 Joint Case Management Statement, the parties addressed whether to sequence class certification briefing. As set forth in detail in that statement, Meta proposes that the parties sequence the case schedule so that class certification briefing, including any associated expert evidence offered in connection with such briefing, occurs prior to expert evidence offered in connection with non-class certification issues. *See* Dkt. 191.

Meta believes that this proposed sequencing provides for a more efficient adjudication of the case because class certification will impact merits issues and specific subjects on which the parties will likely offer expert evidence. Without a decision on class certification, the parties will be forced to present expert evidence on issues that may become moot, which unnecessarily increases the costs and burdens on the parties. In their response above, Plaintiffs have stated that they expect that their experts would include the same information in the class certification reports as the merits reports, and thus it would be inefficient to produce two reports. If that is the case, Plaintiffs can of course use the same expert report for both phases of the case and thus avoid any alleged inefficiencies resulting from sequenced briefing. A schedule that addresses class certification first, followed by expert discovery on all other issues, is the most efficient way to proceed—and contrary to Plaintiffs' argument, will not lengthen the timeline to get to trial. *See* Dkt. 191.

### *Meta's Proposed Case Schedule*

Meta's proposed case schedule is set forth below. This schedule is similar to the one it previously submitted, but pushes certain dates back by 30 days. Meta makes this adjustment because the parties' negotiations to date, including surrounding the ESI protocol, protective order, and clawback order, have taken longer than the parties had anticipated. The schedule maintains the agreed-upon dates for motion to dismiss briefing and the first settlement conference.

| Event | Date |
|---|---|
| Opposition to Motion to Dismiss | Monday, June 12, 2023 |
| Reply to Motion to Dismiss | Monday, July 17, 2023 |
| Deadline to Amend Consolidated Amended Complaint | 30 days after the Motion to Dismiss is decided |
| Deadline for First Settlement Conference | Monday, November 13, 2023 |
| Close of Fact Discovery | Friday, April 12, 2024 |
| Motion for Class Certification (with all evidence and expert reports) | Friday, May 24, 2024 |
| Opposition to Motion for Class Certification (with all evidence and expert reports) | Monday, August 12, 2024 |
| Reply to Motion for Class Certification (with all evidence and expert reports) | Monday, September 16, 2024 |
| Opening Expert Disclosures (merits and non-class) | 45 days following the decision on class certification |
| Rebuttal Expert Disclosures (merits and non-class) | 45 days following the filing of opening expert disclosures |
| Reply Expert Disclosures (merits and non-class) | 30 days following the filing of rebuttal expert disclosures |
| Expert Discovery Deadline | 30 days following the filing of reply expert disclosures |
| Deadline for Dispositive and *Daubert* Motions | 60 days following expert discovery deadline |
| Opposition to Dispositive and *Daubert* Motions | 45 days following the filing of opening dispositive and *Daubert* motions |
| Reply to Dispositive and *Daubert* Motions | 30 days following the filing of opposition to dispositive and *Daubert* motions |
| Pre-Trial Conference | 60 days prior to the start of trial |
| Trial | TBD |

4. **RELATED CASES**

*Doe v. Hey Favor*, Case No. 3:23-cv-00059-WHO ("*Hey Favor*"), is another matter pending before this Court. The parties to this case agree that the claims asserted against Meta in the *Hey Favor* case are duplicative of, and entirely subsumed within, those asserted in this case. Accordingly, on March 23, 2023, Meta filed a motion to sever the claims against Meta in the *Hey Favor* case so that they can be related to this consolidated case. That motion was set for a hearing on May 3, 2023. On

1    March 24, 2023, Meta and Plaintiffs in this case filed a conditional Joint Administrative Motion to
2    consider whether the claims against Meta in the *Hey Favor* case should be related to this consolidated
3    action.  Dkt. 205.
4         On April 27, 2023, following the filing by Hey Favor and related entities of a Notice of Chapter
5    11 Bankruptcy in the U.S. Bankruptcy Court for the Northern District of Texas, Hey Favor filed a
6    Notice of Suggestion on Pendency of Bankruptcy for Hey Favor Inc., and Automatic Stay of
7    Proceedings.  *Hey Favor*, Dkt. 63.  On April 29, 2023, this Court vacated the hearing on Meta's motion
8    to sever claims "[g]iven the . . . Suggestion of Bankruptcy."  *Hey Favor*, Dkt. 64.  On May 1, 2023, the
9    Court denied, without prejudice, the conditional motion to relate the claims against Meta in *Hey Favor*
10   with this action.  Dkt. 220.
11        On May 5, 2023, Meta filed an Administrative Motion to Request that the Court Rule on Meta's
12   Pending Motion to Sever in the *Hey Favor* case.  *Hey Favor*, Dkt. 66.  Plaintiffs and Meta agree that,
13   because the claims asserted against Meta in the *Hey Favor* case are duplicative of the claims asserted
14   against it in this case, severance of the *Hey Favor* claims against Meta, and relation and consolidation
15   of those claims with this case, will further the interests of judicial economy and promote the efficient
16   adjudication and settlement of these claims.
17        Separately, there is one additional consolidated case pending in this District in which the parties
18   to this case agree the claims against Meta are duplicative of, and subsumed within, those asserted in
19   this case: *Jane Doe v. GoodRx Holdings, Inc., Criteo Corp., Meta Platforms, Inc., and Google LLC*,
20   Case No. 3:23-cv-00501-VC.  Because the claims against Meta in that case are subsumed within the
21   claims against Meta in this case, Meta intends to file a motion to sever in that case, as well, and
22   Plaintiffs and Meta will then seek relation and consolidation of those claims with this case.  Relation
23   of those claims would follow the efficient path that this Court has charted for this litigation:
24   consolidating claims against one defendant (Meta) pertaining to a single industry (healthcare).
25        Twelve other cases have already been related by order of this Court: (1) *John Doe v. Meta*
26   *Platforms, Inc.*, Case No. 3:22-cv-03580 (N.D. Cal. June 17, 2022); (2) *Jane Doe v. Meta Platforms,*
27   *Inc. et al.*, Case No. 3:22-cv-04293 (N.D. Cal. July 25, 2022); (3) *Doe v. Meta Platforms, Inc.*, Case

No. 3:22-cv-04680 (N.D. Cal. Aug. 15, 2022); (4) *Jane Doe v. Meta Platforms, Inc.*, Case No. 3:22-cv-04963 (N.D. Cal. Aug. 30, 2022); (5) *Krackenberger v. Northwestern Memorial Hospital, et al.*, Case No. 3:22-cv-06020 (N.D. Cal. Aug. 10, 2022); (6) *Smidga v. Meta Platforms, Inc., et al.*, Case No. 3:22-cv-05753 (N.D. Cal Aug. 25, 2022); (7) *Naugle, et al. v. Meta Platforms, Inc., et al.*, Case No. 3:22-cv-9200 (N.D. Cal. Sept. 1, 2022); (8) *C.C. v. Meta Platforms, Inc. et. al.*, Case No. 3:22-cv-09199 (N.D. Cal. Oct. 6, 2022); (9) *Doe, et al v. Meta Platforms, Inc.*, No. 3:22-cv-06665 (N.D. Cal. Oct. 28, 2022); (10) *Murphy v. Meta Platforms, Inc.*, No. 3:23-cv-899 (N.D. Cal. Nov. 22, 2022), (11) *Smart v. Main Line Health*, Case No. 3:23-cv-000528 (N.D. Cal. Dec. 30, 2022), and (12) *Stewart v. Advocate Aurora Health, Inc., et al.*, Case No. 3:23-cv-00900 (N.D. Cal. October 28, 2022).

## 5.  AMENDMENT OF PLEADINGS

The parties agree to set a deadline of 30 days following a decision on the motion to dismiss for Plaintiffs to amend their pleadings.

## 6.  NEXT CASE MANAGEMENT CONFERENCE

Plaintiffs respectfully request that the Court hold another case management conference on June 27, 2023.

Dated: May 9, 2023                     **GIBSON, DUNN & CRUTCHER LLP**

                                                      By:  */s/ Lauren Goldman*
                                                                   Lauren Goldman

**COOLEY LLP**

By:  */s/ Michael G. Rhodes*
     Michael G. Rhodes

*Attorneys for Meta Platforms, Inc. (formerly known as Facebook, Inc.)*

Dated: May 9, 2023                     By:  */s/ Jason 'Jay' Barnes*
     Jason 'Jay' Barnes

**SIMMONS HANLY CONROY LLC**

Jason 'Jay' Barnes (admitted *pro hac vice*)
   jaybarnes@simmonsfirm.com
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel:     212-784-6400
Fax:    212-213-5949


By:  */s/ Geoffrey Graber*
     Geoffrey Graber

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Geoffrey Graber, State Bar No. 211547
   ggraber@cohenmilstein.com
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel:     202-408-4600
Fax:    202-408-4699

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
   koncius@kiesel.law
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel:     310-854-4444
Fax:    310-854-0812

**TERRELL MARSHALL LAW GROUP PLLC**
Beth E. Terrell, State Bar No. 178181
   bterrell@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.:    206-816-6603
Fax:    206-319-5450

-12-
CASE MANAGEMENT STATEMENT
CASE NO. 3:22-CV-03580-WHO

**GIBBS LAW GROUP LLP**
Andre M. Mura, State Bar No. 298541
 *amm@classlawgroup.com*
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.:   510-350-9700
Fax:   510-350-9701

*Attorneys for Plaintiff*

**CIVIL L.R. 5-1(h)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I, Lauren Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: May 9, 2023                              By:      /s/ Lauren Goldman