# Exhibit D

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-3580-WHO<br><br>PUTATIVE CLASS ACTION<br><br>**DECLARATION OF DOUGLAS FORREST**<br><br>Action Filed: June 17, 2022<br><br>Honorable Judge William H. Orrick |

## DECLARATION OF DOUGLAS FORREST

I, Douglas Forrest, state and declare as follows:

    1.    I am the Senior Vice President, eDiscovery Analytics & Strategy, at International Litigation Services ("ILS"), which is located in Irvine, California (www.ilsteam.com). I have been retained as a consultant for the Plaintiffs in this action. The facts stated in this declaration, except as otherwise explicitly noted, are within my own personal knowledge and, if called as a witness to testify, I could and would competently testify to the facts contained in this declaration.

    2.    I make this declaration in support of Plaintiffs' proposed "ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION."

I. **QUALIFICATIONS**

3. I am a graduate of Stanford Law School, where I was a Note Editor of the Law Review. I was admitted to the bar in 1977 (I currently have retired status), and, after practicing law at Breed, Abbott & Morgan and Cravath, Swaine & Moore, I developed expertise in computer technology design and implementation, both generally and with respect to litigation support and e-discovery.

4. As an attorney at Cravath, I relied on *Aquarius*, the first large-scale implementation of computerized litigation support, which was implemented on the IBM antitrust cases.

5. As Director of Litigation Services at Legal Information Technology, Inc., I was instrumental in introducing imaging, coding and search technology for discovery to Am Law 200 law firms, and I pioneered the practice of integrating imaging with legacy search systems such as BRS.

6. As a systems architect, application designer and programmer, I created case management, litigation support and document repository systems and applications (including WIDE, and LIT CaseWorks for Lotus Notes), SaaS (Software as a Service) knowledge management applications (including LexisNexis Total Alerts and LexisNexis Clipper), and e-discovery and production operation systems.

7. At ILS, I direct e-discovery analytics and strategy, and have designed, directed and overseen programming, *inter alia*, to collect and process ESI from cloud-based sources. I have directly participated in the management of e-discovery projects, the application of predictive coding and other advanced analytic techniques to discovery materials, providing technical advice, expertise and assistance to counsel, and designing

programs to process files to create load files for litigation review platforms such as *Relativity.*

8. I have advised, consulted, or acted as a declarant or affiant with respect to ESI in many cases, including:

   a. *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, MDL No. 3047 (N.D. Cal.);

   b. *In Re: Philips Recalled CPAP, Bi-Level Pap, and Mechanical Ventilator Products Litigation*, MDL No. 3014 (W.D. Pa.);

   c. *In re: Ethiopian Airlines Flight ET 302*, Lead Case: 1:19-cv-02170 (N.D. Ill.) (Boeing 737 Max Crashes);

   d. *In Re: 3M Combat Arms Earplug Product Liability Litigation*, MDL No. 2885 (N.D. Fla.);

   e. *In Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2672 (N.D. Cal.);

   f. *In Re: Intel Corp, CPU Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2828 (D. Or.);

   g. *In Re: Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2777 (N.D. Cal.);

   h. *Lafferty v. Alex Jones* (Conn. Super. Ct.);

   i. *Soto v. Bushmaster Firearms International* (Conn. Super. Ct.) (Sandy Hook parents);

   j. *In Re: Takata Airbags Product Liability Litigation*, MDL No. 2599 (S.D. Fla.);

k. *In Re: Testosterone Replacement Therapy Products Liability Litigation*, MDL No. 2545 (N.D. Ill.);

l. *In Re JCCP 4771, Zoloft Birth Defect Cases*, (Cal. Super. Ct.);

m. *Da Silva Moore v. Publicis Groupe & MSL Group,* No. 11 Civ. 1279 (ALC)(AJP) (S.D.N.Y.) (seminal TAR case);

9. I am a member of the drafting team for forthcoming commentary of the Sedona Conference Working Group 1 (https://thesedonaconference.org/wgs/wg1) on *Conducting eDiscovery of Modern Communication and Collaboration Platforms*.

10. I have served as a speaker or panelist on many CLE webinars including West LegalEdcenter's Top ESI Mistakes Made in Mass Tort Disputes (Sept. 14, 2017), Lessons Learned from Recent eDiscovery Disasters (Feb. 26, 2018), and The State of E-Discovery in 2018: Analysis & Review (Sept. 27, 2018), and HarrisMartin's MDL Conferences on The Mass Tort Litigation Landscape – A Critical Analysis Agenda (Sept. 26, 2018), Current Mass Torts from E-Discovery Through Exit Strategies – Navigating "Game-Changing" Dynamics (Nov. 26, 2018), and An Analysis of Today's Mass Tort Landscape Agenda (Mar. 27, 2019).

## II. DISCUSSION

11. It is my understanding that Defendant Meta Platforms, Inc. ("Meta" or "Facebook") has claimed that there is no "automated" process to produce non-public links attached to their e-mails.

12. While I do not know what email platform Facebook is using in its regular course of business, e.g., Microsoft Exchange, Google Mail, etc., there are well known cost-effective commercially available tools for automatically collecting links to non-

public documents in related systems and such tools are regularly used for ESI discovery during litigation.

13. For example, for Microsoft Exchange environments, Microsoft Purview eDiscovery (Premium) can collect links to non-public SharePoint and OneDrive cloud attachments:

> Cloud attachments are links to documents that are typically stored in SharePoint site and OneDrive. So instead of attaching an actual copy of a document in an email message or a Teams chat conversation, you have the option of sharing a link to the file. Cloud attachments are an effective way to share documents and collaborate with other people in your organization. But cloud attachments present challenges during the eDiscovery workflow because only the cloud attachment link and not the actual content in the shared document are returned in an eDiscovery search. To address this challenge, eDiscovery (Premium) provides two solutions for collecting cloud attachments:
>
> • Collecting the live version of a document that is linked to in a cloud attachment.
>
> • Collecting the version of the document at the time it was shared in a cloud attachment.[1]

14. Similarly, for Google Mail environments, Metaspike's well-known and widely used Forensic Evidence Collector[2] can collect Google Mail links to non-public Google Drive documents:

---

[1] https://learn.microsoft.com/en-us/microsoft-365/compliance/ediscovery-cloud-attachments?view=o365-worldwide#:~:text=Cloud%20attachments%20are%20links%20to,shared%20in%20a%20cloud%20attachment (accessed on May 9, 2023).

[2] Forensic Evidence Collector is used by government and law enforcement, and by prominent firms in the Am Law 100, the accounting Big 3, and litigation support and forensic service providers, including Paul Weiss, PriceWaterhouseCoopers, the Office of the California Attorney General, FTI Consulting, Deloitte, Grant Thornton, Clifford Chance, Stroz Friedberg, Winston & Strawn, the Federal Trade Commission, the Norwegian Tax Administration, and the Australian Federal Police. (Battle-Tested

Files attached to emails as hyperlinks to a cloud storage system can throw a monkey wrench into your forensic preservation. The linked attachments often require authentication and *are inaccessible unless handled as part of the initial acquisition*.

Forensic Email Collector automatically detects and acquires **Google Drive** attachments and **revisions** of emails during Gmail and Google Workspace acquisitions! Preserved cloud items are presented in a neat package with their parent emails to maintain parent/child relationships.[3]

[signature on next page]

---

Software, https://www.metaspike.com/forensic-email-collector/#customers, accessed on May 9, 2023).

[3] https://www.metaspike.com/forensic-email-collector/#drive:~:text=Files%20attached%20to,parent/child%20relationships (accessed on May 9, 2023, italics added).

DECLARANT SIGNATURE

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 9, 2023

_____

Douglas E. Forrest
Senior Vice President, eDiscovery Analytics
& Strategy
**International Litigation Services**