Jason 'Jay' Barnes (admitted *pro hac vice*)
*jaybarnes@simmonsfirm.com*
**SIMMONS HANLY CONROY LLC**
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel: 212-784-6400
Fax: 212-213-5949

Jeffrey A. Koncius, State Bar No. 189803
*koncius@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel: 310-854-4444
Fax: 310-854-0812

*Attorneys for Healthcare Plaintiffs and Putative Class in Case No. 3:22-cv-03580-WHO*

[*Additional counsel listed on signature page*]

Geoffrey Graber, State Bar No. 211547
*ggraber@cohenmilstein.com*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel: 202-408-4600
Fax: 202-408-4699

Beth E. Terrell, State Bar No. 178181
*bterrell@terrellmarshall.com*
**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.: 206-816-6603
Fax: 206-319-5450

Andre M. Mura, State Bar No. 298541
*amm@classlawgroup.com*
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.: 510-350-9700
Fax: 510-350-9701

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION | **Case No. 3:22-cv-03580-WHO**<br><br>CLASS ACTION |
| This Document Relates To:<br><br>*Doe v. Hey Favor, Inc.*, Case No. 3:23-cv-00059 | **HEALTHCARE PLAINTIFFS' MEMORANDUM IN SUPPORT OF META'S MOTION TO SEVER CLAIMS AGAINST META IN THE *HEY FAVOR* ACTION** |

# HEALTHCARE PLAINTIFFS' MEMORANDUM IN SUPPORT OF META'S MOTION TO SEVER CLAIMS AGAINST META IN THE *HEY FAVOR* ACTION

Plaintiffs in the *In re Meta Pixel Healthcare Litigation* ("*Healthcare* Action") respectfully submit this memorandum, pursuant to the Court's directive at the May 16, 2023 CMC, in support of Meta's motion to sever claims asserted against it in the *Hey Favor* action.

At the May 16 hearing, the Court was urged to deny Meta's motion to sever claims on the ground that the *Hey Favor* action does not concern a hospital, while the *Healthcare* Action supposedly only concerns hospitals. This is factually incorrect. In reality, the scope of the *Healthcare* Action is defined by Meta's collection of health information from HIPAA and CMIA regulated entities – <u>not</u> just hospitals. *See* Declaration of Geoffrey Graber, Ex. 1 (Healthcare Action Consolidated Complaint) at ¶ 274; *see also* ¶¶ 20-21; ¶¶ 6, 8, 20-21, 85, 175, 179, 242.

Hey Favor is a healthcare provider subject to HIPAA and the CMIA. *See Jane Doe v. Hey Favor, Inc. et al.*, Case No. 23-cv-00059-WHO, Dkt 1 (N.D. Cal. Jan. 5, 2023), Dkt. 1 ("Hey Favor Complaint") at ¶ 213 ("Favor is therefore subject to the requirements of CMIA"). Because the *Hey Favor* action asserts claims against Meta for using its tracking tools to intercept data from an entity subject to HIPAA and the CMIA, severance is appropriate even though Hey Favor is not a hospital. Any conclusion to the contrary risks confusion and duplication, and would prejudice the *Healthcare* Plaintiffs. Accordingly, Meta's motion to sever should be granted.

## I. The Healthcare Plaintiffs Consolidated Complaint Expressly Asserts Class Claims Regarding Entities Subject to HIPAA and/or CMIA—<u>Not</u> Only Hospitals

The scope of the *Healthcare* action includes all claims against Meta (*and Meta only*) related to the use of its tracking technology (including, but not limited to, the Pixel) on the websites and applications of entities that are subject to Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and/or the California Confidentiality of Medical Information Act ("CMIA").. *See* Ex. 1, Cons. Compl. at ¶ 274. This scope is apparent from the face of the *Healthcare* Plaintiffs' Consolidated Complaint.

The *Healthcare* Consolidated Complaint defines the class as: "All Facebook users whose health information was obtained by Meta from their health care provider or covered entity." Graber

Decl., Ex. 1, at ¶ 274. The *Healthcare* Consolidated Complaint specifically defines a "covered entity" as those entities subject to HIPAA and/or CMIA. *Id.* at ¶¶ 20-21. The scope of Healthcare Plaintiffs' class claims are thus objectively and readily identifiable.[1] The *Healthcare* Consolidated Complaint also expressly includes allegations regarding websites and applications, not just patient portals. *See* Graber Decl., Ex. 1, at ¶¶ 6, 8, 85, 175, 179, 242.

## II. The *Hey Favor* Plaintiffs' Claims Against Meta Should Be Severed Because They Directly Overlap with the Healthcare Plaintiffs' Claims

The *Hey Favor* plaintiffs allege Meta intercepted confidential healthcare information from their communications with Hey Favor, "a 'digital primary care' platform [that] employs doctors and nurse practitioners that evaluate patients, provide medical services, maintain medical information and histories, and prescribe medications, to patients.". *Hey Favor* Compl. at ¶ 211. The *Hey Favor* plaintiffs further allege Hey Favor is a healthcare provider subject to the CMIA. *Id.* at ¶¶ 212-213. Hey Favor is also subject to HIPPA.[2] These allegations fall squarely within the scope of the *Healthcare* Action because they claim Meta acquired confidential health information without consent through its tracking technologies from a healthcare provider subject to CMIA. These claims therefore should be severed and related.

Arguments against severance do not persuade. The *Hey Favor* Plaintiffs have suggested their case is somehow different because it purportedly involves different tracking technology from Meta. But *Hey Favor* alleges both the use of the Meta Pixel and the Meta software development kit ("SDK"), and the *Hey Favor* complaint further admits SDK is "an analogous mobile version of the Meta Pixel." *Hey Favo*r Compl. at ¶¶ 26, 109. Therefore, the respective complaints both include allegations related to the use of the same, or substantially similar, Meta tracking technology.

---

[1] These regulations also clearly delineate when HIPPA privacy regulations apply. *See e.g.*, HIPAA Privacy Rule and Disclosures of Information Relating to Reproductive Health Care, https://www.hhs.gov/hipaa/for-professionals/privacy/guidance/phi-reproductive-health/index.html; and Protecting the Privacy and Security of Your Health Information When Using Your Personal Cell Phone1 or Tablet, https://www.hhs.gov/hipaa/for-professionals/privacy/guidance/cell-phone-hipaa/index.html.

[2] *See* https://thepillclub.com/privacy-practices, which is the HIPAA Notice of Privacy Practice that is required by federal law.

The *Hey Favor* Plaintiffs have also argued their claims against Meta should not be severed even if they overlap with the Healthcare action's claims because *Hey Favor* was filed on January 5, a few weeks prior to the Healthcare Plaintiffs' Consolidated Complaint which was filed on February 21. *See* Healthcare ECF 206 at 2:13-15. This argument ignores that months prior to consolidation, the 11 consolidated actions already included allegations that Meta intercepted data from healthcare providers' (not just hospitals') websites (including properties outside of patient portals) and applications (not just "patient portals"). *See, e.g.*, Am. Compl., *Doe v. Meta Platforms, Inc.*, No. 3:22-cv-04680 (N.D. Cal. Sept. 7, 2022), ECF 26 (alleging Meta intercepted healthcare data on scheduling pages outside of patient portals); *id.* at ¶ 87 (defining class to include "All persons who communicated with, or submitted information to, a healthcare provider online on a website or application where the Meta Pixel was installed.").

Indeed, counsel for the *Hey Favor* plaintiff filed one of those 11 consolidated healthcare actions, and that complaint was not limited to hospitals or patient portals. Rather, that complaint included allegations regarding "apps and websites that provide health-related services," and sought to represent "all natural persons in the United States whose User Data was collected through Meta Pixel." Compl. ¶¶ 85, 56, 129, *Jane Doe v. Meta Platforms, Inc.*, No. 3:22-cv-04293, (N.D. Cal. July 25, 2022). That complaint is now part of the consolidated *Healthcare* action.

Finally, the failure to sever and relate risks substantial confusion about the scope of the *Healthcare* action and who represents individuals whose data was allegedly intercepted by Meta from healthcare providers. It will also lead to duplication of efforts and inefficiencies in the prosecution of similar claims. Most concerning, it may unnecessarily complicate and prolong any negotiated resolution in the *Healthcare* action.

For these reasons, the *Hey Favor* Plaintiffs' claims against Meta should be severed and related to the *Healthcare* Action. Upon severance, the *Hey Favor* plaintiffs can still pursue claims against entities other than Meta. But they should not be allowed to pursue healthcare-related claims against Meta outside of the *Healthcare* action.

If the Court, however, declines to sever these claims, Plaintiffs respectfully request that the Court make clear that any future claims against Meta asserted in other actions filed after February

21, 2023 (the date the Healthcare Consolidated Complaint was filed) that overlap with the claims asserted in the *Healthcare* Action be promptly severed and transferred.

Respectfully submitted,

Dated: May 18, 2023

By: */s/ Geoffrey Graber*

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Geoffrey Graber, State Bar No. 211547
*ggraber@cohenmilstein.com*
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel: 202-408-4600
Fax: 202-408-4699

By: */s/ Jason "Jay" Barnes*

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
*jaybarnes@simmonsfirm.com*
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel: 212-784-6400
Fax: 212-213-5949

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
*koncius@kiesel.law*
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel: 310-854-4444
Fax: 310-854-0812

**TERRELL MARSHALL LAW GROUP PLLC**
Beth E. Terrell, State Bar No. 178181
*bterrell@terrellmarshall.com*
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.: 206-816-6603
Fax: 206-319-5450

**GIBBS LAW GROUP LLP**
Andre M. Mura, State Bar No. 298541
*amm@classlawgroup.com*
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.: 510-350-9700
Fax: 510-350-9701

**CIVIL L.R. 5-1(h)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), the CM/ECF user filing this document attests that concurrence in its filing has been obtained from its other signatories.

Dated: May 18, 2023

*/s/ Jeffrey A. Koncius*
Jeffrey A. Koncius