GIBSON, DUNN & CRUTCHER LLP
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: (415) 393-4622
Facsimile: (415) 801-7389

ANDREW M. KASABIAN, SBN 313210
akasabian@gibsondunn.com
3161 Michelson Drive
Irvine, CA 92612 USA
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

COOLEY LLP
MICHAEL G. RHODES, SBN 116127
rhodesmg@cooley.com
KYLE C. WONG, SBN 224021
kwong@cooley.com
CAROLINE A. LEBEL, SBN 340067
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

*Attorneys for Defendant Meta Platforms, Inc. (formerly known as Facebook, Inc.)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE META PIXEL HEALTHCARE LITIGATION,

This Document Relates To:

All Actions

Case No. 3:22-cv-3580-WHO

**DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**

Hon. Virginia K. DeMarchi

I, Lauren R. Goldman, state and declare as follows:

1. I am an attorney licensed to practice in the State of New York. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in these actions. I am admitted *pro hac vice* to practice before this Court. I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration under Local Rule 79-5(f)(3) in support of Plaintiffs' two identical Administrative Motions to Consider Whether Another Party's Material Should Be Sealed. Dkt Nos. 248, 249. Meta seeks to seal portions of Meta's Responses and Objections to Plaintiffs' First Set of Requests for Production and Meta's Responses and Objections to Plaintiffs' First Set of Interrogatories (collectively, "Meta's Responses"), which Plaintiffs attached as exhibits to the Joint Discovery Letter Briefs filed on May 17, 2023 at Dkt Nos. 246 and 247. Plaintiffs filed sealed versions of Meta's Responses at Dkt. Nos. 246-3, 246-4, and 247-2. Meta seeks to seal minor portions of these documents because they reflect confidential business information, including information about Meta's proprietary filtering methodologies, which, if revealed, would put Meta at a competitive disadvantage in the marketplace and could impede Meta's integrity efforts. The specific page and line numbers are identified in the table below.

3. In determining whether to permit documents to be filed under seal, courts in the Ninth Circuit apply one of two standards: (1) the "compelling reasons" test for sealing information in connection with motions for a determination on the merits of a claim or defense; and (2) the less-demanding "good cause" test for "sealed materials attached to a discovery motion unrelated to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *see*

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *Avago Techs. Fiber IP (Singapore) PTE. Ltd., et al. v. IPtronics Inc., et al.*, No. 10-02863-EJD, Dkts. 544 (N.D. Cal. Apr. 3 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., et. al. v. OpenTV Inc., et al.*, No. 13-00282-EJD, Dkts. 76, 82 (N.D. Cal. Oct. 8, 2013). I am personally familiar with Meta's practices of safeguarding proprietary information, including based on my experience representing Meta for many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

*Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). The good cause standard generally applies to discovery motions because "discovery is largely 'conducted in private as a matter of modern practice,'" and "the public is not presumed to have a right of access to it." *Ctr. For Auto Safety*, 809 F.3d at 1097 (quoting *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33 (1984)). Here, the good cause test applies because the documents at issue are discovery responses attached to Letter Briefs that ask the Court to rule on the scope and timing of discovery. *See* Dkt Nos. 221, 222, 223; *Doe 1 v. McAleenan*, No. 18-cv-02349-BLF-VKD, 2019 WL 5259134, at *1 (N.D. Cal. Oct. 8, 2019) (applying good cause test to seal materials filed in connection with motion to compel).

4. The Supreme Court has recognized limits on the public right of access to court records when they could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978); *see also* Dkt. 157 at 3 (the Court in this case confirming that "competitive harm is a compelling reason to seal"). And the Court in this case previously sealed similar confidential information under the heightened "compelling reasons" standard because disclosure "could impede Meta's integrity efforts aimed at detecting and filtering out unwanted and potentially sensitive health information." Dkt. 157 at 3–4.

5. Meta requests sealing of only a small amount of information in Meta's Responses that it deems essential to protect from disclosure. Specifically, Meta seeks to seal limited information contained in its Responses to Interrogatories regarding Meta's internal systems, processes, and corporate structure related to the Meta Pixel, as well as information contained in its Responses to Requests for Production regarding the functionality of the Pixel filter.

6. Meta operates in an intensely competitive marketplace. It is a leader with respect to a number of highly dynamic services. Meta has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage. Meta also has an interest in maintaining its integrity systems so bad actors cannot violate Meta's policies. As such, Meta takes care to protect the confidentiality of its proprietary information.

7. Disclosure of this information would provide competitors the opportunity to use Meta's information for their own gains. Specifically, competitors could attempt to duplicate features of Meta's business processes or filtration systems. These attempts would cause competitive harm to Meta

because its processes provide Meta with an advantage over competitors by allowing it to develop and deliver a higher quality service to users and advertisers. In addition, there is a high likelihood that disclosure of details concerning how Meta filters out potentially sensitive user data would cause harm to Meta because third parties would be better able to circumvent Meta's filters. This could lead to Meta receiving more potentially sensitive user health information, which Meta does not want to receive.

8. Courts routinely protect the type of information that Meta seeks to seal here. *See* Dkt. 157 at 3–4 (collecting cases); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (holding "confidential . . . commercial information" was entitled to protection from disclosure"); *see also Ojmar US, LLC v. Security People, Inc.*, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (noting protections afforded by courts within the Ninth Circuit are broad and extend to "confidential information regarding [a defendant's] products, services, and business practices"); *Opperman v. Path, Inc.*, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017) (sealing documents containing details of a party's "internal review processes"); *Rodman v. Safeway Inc.*, 2015 WL 13673842, at *2 (N.D. Cal. Aug. 4, 2015) (sealing "internal, nonpublic information discussing . . . business decision-making").

9. Plaintiffs filed these documents provisionally under seal in their entirety, but Meta seeks to redact only minor portions of these documents as set forth in the following table:

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Responses to Requests for Production at Dkt. Nos. 246-3, 247-2 | Page 36, Lines 27–28; Page 37, Lines 6, 9, 21–22, 27 | Meta | These documents should be partially sealed because they include Meta's non-public business information, including confidential information regarding the functionality of the Pixel filter, which if revealed would put Meta's integrity systems at risk. |
| Responses to Interrogatories at Dkt. No. 246-4 | Page 10, Lines 14–23; Page 11, Lines 1–25; Page 12, Lines 1–12 | Meta | This document should be partially sealed because it includes Meta's non-public business information, including confidential information regarding Meta's internal systems, processes, and corporate structure related to the Meta Pixel, which if revealed would put Meta at a competitive disadvantage in the marketplace. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 24th day of May 2023 in New York, New York.

*/s/ Lauren R. Goldman*
Lauren R. Goldman