UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions. | Case No. 22-cv-03580-WHO (VKD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 224, 248, 249 |

On May 1, 2023 and May 17, 2023, in connection with several discovery disputes, plaintiffs filed motions to seal Meta's responses to plaintiffs' first set of document requests and Meta's responses to plaintiffs' first set of interrogatories. Dkt. Nos. 224, 248, 249. Plaintiffs seek to seal these documents in their entirety on the ground that Meta claims they reveal Meta's confidential information. *See id*. Plaintiffs also seek to seal portions of the parties' May 17, 2023 discovery letter brief (Dkt. No. 246, pp. 2 and 3) that reference some of the information disclosed in Meta's discovery responses. In response to the motions to seal, Meta says that only a portion of the subject discovery responses should be sealed, asserting that they reveal Meta's non-public, confidential business information regarding the functionality of the Pixel filter and Meta's internal systems, processes, and corporate structure. *See* Dkt. Nos. 233, 260.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809

F.3d 1092, 1101 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). A party seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c). *Id*. at 1098-99; *Kamakana*, 447 F.3d at 1179-80.

Meta's request to seal portions of its responses to plaintiffs' document Request Nos. 27 and 28 (at page 36, lines 27-28 and page 37, lines 6, 9, 21-22, and 27) is denied. The identified text comprises or encompasses all or some of the text of plaintiffs' document requests, which have already been publicly filed in their entirety and as to which no one has requested sealing. *See* Dkt. Nos. 221-1, 222-1, 223-1.

Good cause appearing, the Court grants Meta's request to seal portions of its response to plaintiffs' Interrogatory No. 4 (at page 10, lines 14-23; page 11, lines 1-25; and page 12, lines 1-12). The Court also grants the motion to seal the text appearing on page 3 of the parties' May 17, 2023 discovery letter brief (i.e., Dkt. No. 246, page 3) that reveals some of that same information. The Court denies the motion to seal the identified text on page two of that same May 17, 2023 discovery letter brief, as that information does not appear to be among the matters for which Meta requests sealing.

By **June 12, 2023**, the parties shall publicly file revised redacted versions of the May 17, 2023 discovery letter brief (i.e., Dkt. No. 246) and Meta's discovery responses in compliance with the rulings above.

**IT IS SO ORDERED.**

Dated: June 1, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge