| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>LAUREN R. GOLDMAN (*pro hac vice*)<br>lgoldman@gibsondunn.com<br>DARCY C. HARRIS (*pro hac vice*)<br>dharris@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166<br>Telephone:    (212) 351-4000<br>Facsimile:    (212) 351-4035<br><br>ELIZABETH K. MCCLOSKEY (SBN 268184)<br>emccloskey@gibsondunn.com<br>ABIGAIL A. BARRERA (SBN 301746)<br>abarrera@gibsondunn.com<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105<br>Telephone: (415) 393-8200<br>Facsimile: (415) 393-8306<br><br>COOLEY LLP<br>MICHAEL G. RHODES (SBN 116127)<br>rhodesmg@cooley.com<br>KYLE C. WONG (SBN 224021)<br>kwong@cooley.com<br>CAROLINE A. LEBEL (SBN 340067)<br>clebel@cooley.com<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111-4004<br>Telephone: (415) 693-2000<br>Facsimile: (415) 693-2222<br><br>*Attorneys for Defendant Meta Platforms, Inc.*<br>*(formerly known as Facebook, Inc.)* | GEOFFREY GRABER (SBN 211547)<br>ggraber@cohenmilstein.com<br>COHEN MILSTEIN SELLERS & TOLL PLLC<br>1100 New York Ave. NW, Fifth Floor<br>Washington, DC 20005<br>Telephone: (202) 408-4600<br>Facsimile: (202) 408-4699<br><br>Jason 'Jay' Barnes (admitted *pro hac vice*)<br>jaybarnes@simmonsfirm.com<br>SIMMONS HANLY CONROY LLC<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Telephone: (212) 784-6400<br>Facsimile: (212) 213-5949<br><br>*Additional Attorneys in Signature Block*<br><br>*Co-Lead Counsel for Plaintiffs and the Proposed Class* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-03580-WHO-VKD<br><br>**JOINT STATEMENT IN RESPONSE TO DKT. 259**<br><br>Judge: Hon. Virginia K. DeMarchi<br>Action Filed: June 17, 2022 |

**1. Should the Court permit the parties to brief any remaining disputes about Meta's preservation of ESI as a regularly noticed motion under Civil L.R. 7, or can the disputes be addressed most efficiently using the Court's expedited discovery dispute resolution procedure?**

<u>Joint Statement</u>

The parties agree that: (1) there are no remaining disputes regarding Meta's preservation that are ripe for immediate judicial intervention; and (2) The parties will work together in good faith to (a) resolve existing disputes regarding Meta's preservation, and (b) reach agreement on whether any future disputes regarding Meta's preservation would be more appropriately addressed as a regularly noticed motion or via the Court's expedited discovery dispute resolution procedure.

<u>Plaintiffs' Additional Statement</u>

Plaintiffs identify two preservation issues impacted by this question. The first issue has already been briefed in Dkt. 247. Thus, a regularly noticed motion is not necessary. The second issue relates to preservation of data acquired from Medical Web-Properties that Meta has not stated whether it is preserving. However, this issue is not yet ripe. Plaintiffs remain hopeful that the parties can work this out, including through production of the documents at issue in Dkt. 247. At the present time, Plaintiffs do not believe this issue would require a regularly noticed motion.  If a preservation dispute is submitted using the Court's expedited discovery dispute resolution procedure, it may be helpful to attach a limited number of exhibits, including correspondence between the parties.

<u>Meta's Additional Statement</u>

After conferring with Plaintiffs' counsel, Meta agrees that it is premature to take a position as to which briefing procedure is appropriate for any remaining disputes about Meta's preservation of ESI, as there is not currently any dispute ripe for judicial intervention.

To the extent the parties reach impasse on preservation, Meta believes it is likely that such disputes should be resolved through a formal, noticed motion under Civil L.R. 7, so that Meta has the

time and space to fully respond to Plaintiffs' arguments, and to explain to the Court how Meta's systems work. The expedited discovery dispute resolution procedure limits parties' position statements to 1,500 words, and it requires the parties to submit dispute letters "no later than 5 court days" after the lead counsel conference (absent agreement). These limitations likely will not allow Meta to present the nuanced information necessary to resolve disputes regarding Meta's preservation of ESI, particularly given the scope and detail of the parties' discussions to date. Accordingly, Meta believes that a formal motion may be most efficient for this issue.

**2. If the parties' remaining disputes about Meta's preservation of ESI require consideration of highly technical issues bearing on the feasibility of preserving certain data or data sources maintained by Meta, the Court is inclined to appoint a technical expert as a special master to assist the Court and the parties in resolving such disputes. What are the parties' views on whether the Court should appoint a special master for this purpose?**

Joint Statement

The parties agree that appointment of a technical expert as a special master is not appropriate at this time.

Plaintiffs' Additional Statement

At this time, Plaintiffs are opposed to the appointment of a special master. Plaintiffs do not believe that Meta's storage systems are likely to be particularly complicated. Nor do Plaintiffs believe that Meta's preservation of ESI is likely to require consideration of highly technical issues bearing on the feasibility of preserving certain data or data sources maintained by Meta. There is no evidence that there are feasibility issues bearing on Meta's preservation.

Instead of a special master, what is needed is for Meta to produce the documents responsive to Plaintiffs' RFP Nos. 5 to 7 (*see* Dkt. 247) and to answer Plaintiffs other informal and formal discovery requests for information about its systems.

Meta's Additional Statement

Meta agrees that it is premature to appoint a technical special master to address preservation of ESI, including because the parties can make further progress through meet and confer efforts. Further, as Plaintiffs note, even if there are preservation disputes the parties are unable to resolve, such disputes may not involve highly technical issues, such that a special master with technical expertise would be necessary. *See, e.g.*, *Burlington N. R. Co. v. Dep't of Revenue of State of Wash.*, 934 F.2d 1064, 1072 (9th Cir. 1991) ("The use of masters … is restricted to situations where they are necessary to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause . . . ." (internal citations and quotations omitted)).  Further, even if the issues are technical, Meta has extensive experience explaining its technology in clear and comprehensive terms for parties not well versed in the technology.

Dated: June 1, 2023

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Lauren Goldman*
Lauren Goldman

**COOLEY LLP**

By: */s/ Michael G. Rhodes*
Michael G. Rhodes

*Attorneys for Meta Platforms, Inc. (formerly known as Facebook, Inc.)*

Dated: June 1, 2023

By: */s/ Jason 'Jay' Barnes*
Jason 'Jay' Barnes

**SIMMONS HANLY CONROY LLC**

Jason 'Jay' Barnes (admitted *pro hac vice*)
  jaybarnes@simmonsfirm.com
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel:    212-784-6400

Fax: 212-213-5949

By: /s/ Geoffrey Graber
    Geoffrey Graber

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Geoffrey Graber, State Bar No. 211547
  ggraber@cohenmilstein.com
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel: 202-408-4600
Fax: 202-408-4699

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
  koncius@kiesel.law
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel: 310-854-4444
Fax: 310-854-0812

**TERRELL MARSHALL LAW GROUP PLLC**
Beth E. Terrell, State Bar No. 178181
  bterrell@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.: 206-816-6603
Fax: 206-319-5450

**GIBBS LAW GROUP LLP**
Andre M. Mura, State Bar No. 298541
  amm@classlawgroup.com
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.: 510-350-9700
Fax: 510-350-9701

*Attorneys for Plaintiffs*

**CIVIL L.R. 5-1(h)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I, Lauren Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: June 1, 2023        By:    */s/ Lauren Goldman*