UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions. | Case No. 22-cv-03580-WHO (VKD)<br><br>**ORDER RE MAY 17, 2023 DISCOVERY DISPUTE RE ORGANIZATIONAL CHARTS**<br><br>Re: Dkt. No. 246 |

Plaintiffs ask the Court to order Meta to provide supplemental responses to plaintiffs' Requests for Production ("RFP") Nos. 1-4 and Interrogatory No. 4.  Dkt. No. 246.  RFPs 1-4 ask Meta to produce documents, including organization charts, sufficient to show the hierarchy of people responsible for (1) "the development, implementation, marketing, and oversight of the Meta Pixel," (2) "Meta's sales relating to health, health-related information, or health-related companies," (3) "the Filter[1]," and (4) "data which Meta receives via the Meta Pixel deployed on Medical Provider Web-Properties."  Dkt. No. 246-1 at 7.  Interrogatory No. 4 asks Meta to "[i]dentify the Facebook employees and teams responsible for the Meta Pixel, communicating with or selling to health-related companies, the Filter, or the data which Meta received via the Meta Pixel deployed on Medical Provider Web-Properties during the Relevant Time Period,[2] and

---

[1] The discovery requests define "Filter" as "the Meta filtering mechanism designed to prevent sensitive health-related data from being ingested into Meta's ads ranking and optimization systems, as described on the Meta Business Help Center webpage, currently available at https://www.facebook.com/business/help/361948878201809, and also as described by Meta Platforms, Inc. in the September 28, 2022 Joint Rule 26(f) Report at 4:20-27 and filed in *John Doe et al. v. Meta Platforms, Inc.*, Case No. 3:22-cv-3580-WHO."  *See* Dkt. No. 246-1 at 4.

[2] The discovery requests defines "the Relevant Time Period" as running "from the date when Meta released the Meta Pixel."  *See* Dkt. No. 246-2 at 4.

describe their [responsibilities] and the time period during which they held those [responsibilities]." Dkt. No. 246-2 at 4. Meta says that it has already agreed to produce responsive documents and to supplement its interrogatory response. Dkt. No. 246 at 1, 4-5. Meta also contends that plaintiffs failed to confer about Meta's responses to these discovery requests in advance. *Id.* The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

Plaintiffs argue that the employees and teams Meta has identified so far are not the employees and teams most likely to have relevant information about the subjects described in Interrogatory No. 4. Relatedly, plaintiffs complain that Meta has produced limited organizational charts that disclose only current employees who are not likely to have the information and documents that are most relevant to the claims and defenses in this case. Meta responds, without contradiction, that plaintiffs did not confer about the specific complaints now raised in plaintiffs' portion of the joint submission before insisting that the parties submit their dispute to the Court for resolution. Meta represents that now that it knows of plaintiffs' specific complaints about the employees and teams identified in Meta's response to Interrogatory No. 4 it is prepared to confer with plaintiffs about those complaints. In addition, Meta represents that it is investigating whether it has documents that reflect past organizational charts and reporting structures.

The Court expects Meta to promptly complete its investigation of plaintiffs' complaints and make appropriate amendments to its responses and document production. However, because the parties did not seriously attempt to resolve this dispute before seeking the Court's assistance, the Court declines to issue the order plaintiffs request.

**IT IS SO ORDERED.**

Dated: June 13, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge