UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION | Case No.  22-cv-03580-WHO (VKD) |
| This Document Relates To: | **ORDER RE MAY 1, 2023 DISCOVERY DISPUTE RE TIME PERIOD FOR DISCOVERY** |
| All Actions | Re: Dkt. No. 221 |

Plaintiffs and defendant Meta Platforms, Inc. ("Meta") ask the Court to resolve their dispute regarding the appropriate time period for Meta's responses to plaintiffs' document requests and interrogatories.  Dkt. No. 221.  The Court held a hearing on this matter on May 23, 2023.  Dkt. Nos. 255, 262 (hearing transcript).

As explained below, the relevant start dates for discovery depend on the requests at issue; for now, the discovery end date is April 28, 2023.

## I.    BACKGROUND

Plaintiffs initiated this putative class action against Meta on June 17, 2022.  Dkt. No. 1. The operative complaint is the Consolidated Class Action Complaint, filed on February 21, 2023. Dkt. No. 185.  Plaintiffs allege that Meta  improperly acquires their confidential health information in violation of state and federal law and in contravention of Meta's own policies regarding use and collection of Facebook users' data, principally by means of a tracking tool called the "Pixel."  *Id.* ¶¶ 1–23.  Each of plaintiffs' healthcare providers allegedly installed the Meta Pixel on their patient portals and in other places on their websites.  *See id.* ¶¶ 24-28.  Plaintiffs claim that when they logged into the patient portal or engaged in other activity on their healthcare providers' websites, the Pixel transmitted certain information to Meta.  *Id.* ¶¶ 24-28, 79-82.

United States District Court
Northern District of California

Plaintiffs have served document requests ("RFPs") and interrogatories on Meta. Those

discovery requests define "the relevant time period" as follows:

> The relevant time-period for all areas of inquiry runs from the date
> when Meta released the Meta Pixel (the "Relevant Time Period")
> unless otherwise specified by the [Request / Interrogatory], agreed
> upon by the Parties, or pursuant to any subsequent Order by the
> Court. Documents created outside of the time period, but which
> relate to the subject matter of the operative Complaint, should be
> included when interpreting the [Requests / Interrogatories] set forth
> herein. For example, if any [Request / Interrogatory] relates to a
> policy or business practice employed, a Document transmitted or
> created, a device or product that existed, or an event that occurred
> during a specific period of time (the "Relevant Time Period," for the
> purposes of this instruction), but which was first conceived,
> designed, discussed, drafted, tested, implemented, or used before or
> after the Relevant Time Period, please provide responses and
> Documents from outside the Relevant Time Period if they relate to
> the policy, practices, document, or event at issue.

Dkt. No. 221-1 at 7 (RFPs); Dkt. No. 221-2 at 4 (Interrogatories). The parties agree that Meta

launched the Pixel around October 14, 2015. Dkt. No. 185-1 ¶ 11; Dkt. No. 221 at 1, 5. The

parties also agree that Meta added new functionality to the Pixel's capabilities, including the

"SubscribedButtonClick" event transmission, in May 2017. Dkt. No. 185-1 ¶ 12; Dkt. No. 221 at

5. Meta has Terms of Service, a Data Policy, and a Cookies Policy that form the basis for

plaintiffs' breach of contract claim. Dkt. No. 185 ¶¶ 287-291; Dkt. No. 221 at 6.

## II.    DISCUSSION

Plaintiffs argue that Meta should be required to produce documents created or modified on

or after April 14, 2014 through April 28, 2023, and should be required to respond to

interrogatories based on information from April 14, 2014 through April 28, 2023, subject to later

supplementation, if appropriate. Dkt. No. 221 at 1, 2. Plaintiffs explain that

> Meta's early conversations, both internal and with health providers,
> regarding the use of the Pixel on healthcare websites and
> applications are highly relevant to Meta's knowledge and intent to
> intercept class members' health information. For example, Meta's
> communications regarding the use of the Pixel on healthcare
> websites prior to the launch of the Pixel will shed light on whether
> Meta intended to intercept class members' health information.
> Meta's initial marketing of the Pixel to healthcare advertisers will be

United States District Court
Northern District of California

> similarly relevant.  Meta and healthcare providers or developers are also likely to have had substantive conversations about appropriate uses of the Pixel on or before the time the Pixel was initially set up on their websites. . . .
>
> Discussions regarding the development and design of the Pixel are also relevant to intent and knowledge.  For instance, Meta may have considered multiple designs for the Pixel, and ultimately made choices that reflect knowledge or intent that the Pixel would transmit sensitive health information to Meta.  Furthermore, when it was originally designed, the Pixel likely went through a multi-level review and approval process that will provide additional relevant evidence of Meta's knowledge or intent.

Dkt. No. 221 at 3.

Meta argues that it should not have to produce documents or information for any time period before April 1, 2018 or after February 21, 2023 (with one exception).  Meta explains that the consolidated complaint contains no allegations of any misconduct occurring before April 2018, and that the longest limitations period for any of plaintiffs' claims is four years, which would encompass conduct no earlier than June 2018.  Meta further explains that its proposed end of the discovery period, February 21, 2023, is the date plaintiffs filed the consolidated complaint and that it is a reasonable cut off for custodial discovery.  However, Meta proposes to produce non-custodial "event data" received from web developers via the Pixel though April 1, 2023.

## A.    Discovery Start Dates

The Court has reviewed the entire consolidated complaint.  That complaint asserts claims on behalf of a putative class of "[a]ll Facebook users whose health information was obtained by Meta from their healthcare provider or covered entity."  Dkt. No. 185 ¶ 274.  Most of the "health information" in question is information Meta allegedly acquired as a result of a user's interactions with a healthcare provider's patient portal based on the "SubscribedButtonClick" event functionality introduced in May 2017.  *See id.* ¶¶ 8, 23, 24-28, 47, 70, 75; Dkt. No. 185-1 ¶¶ 5, 12, 173-174.  However, the consolidated complaint includes allegations that the Pixel transmitted other confidential information to Meta, including the web page the user visited before accessing the portal and the user's unique identifying information, such as IP address and cookies, and that this information, together with patient portal-related information, was used for purposes of

United States District Court
Northern District of California

targeted advertising.  Dkt. No. 185 ¶¶ 8, 13, 23, 79, 81, 82.  Thus, the allegations are not limited to functionality that was first implemented in May 2017.

The consolidated complaint is conspicuously silent about when the named plaintiffs visited their healthcare providers' websites with a Meta Pixel installed, or when they first discovered the facts that form the basis for their claims.  Meta correctly observes that plaintiffs make no specific allegations of any concealment by Meta in support of their claim that all applicable statutes of limitations have been tolled for some undefined period of time.  However, even if it is eventually determined that plaintiffs are not entitled to toll the applicable limitations periods, documents and information pre-dating the limitations period may be relevant and proportional to the needs of the case, including documents bearing on Meta's intent in designing, implementing, and promoting the Pixel.  Likewise, while Meta correctly observes that plaintiffs' breach of express contract claim appears to be limited to policy terms first published on April 19, 2018, the remainder of plaintiffs' claims do not depend on Meta's alleged failure to comply with those terms.  *See, e.g, id.* ¶¶ 331-362 (violation of ECPA), ¶¶ 363-374 (violation of CIPA).  Thus, discovery relating solely to Meta's alleged breach of an express contract arguably could be limited to the period of time the alleged contract was in effect, but there is no reason that limitation should automatically apply to discovery relating to plaintiffs' other claims.

The Court is unable to resolve the parties' dispute about whether plaintiffs are or are not entitled to toll the statutes of limitations.  For purposes of this dispute, then, the Court accepts that the consolidated complaint includes claims on behalf of "all Facebook users whose health information was obtained by Meta from their healthcare provider or covered entity."  As a general matter, the earliest date for discovery relating to plaintiffs' claims is October 14, 2015—the date the Pixel was first launched.[1]  For discovery requests that are limited to functionality first introduced in May 2017—such as the "SubscribedButtonClick" event functionality— the Court sees no reason why discovery should extend earlier than the date the functionality was made

---

[1] Plaintiffs argued during the hearing that the Pixel is not the only means by which Meta acquired users' confidential information, but plaintiffs allege no facts concerning the dates during which this information was acquired by other means.

4

available.  For discovery requests that are directed to information about Meta's knowledge and intent—such as internal and external communications specific to how the Pixel would operate in connection with use by healthcare providers or covered entities—it may be reasonable for plaintiffs to obtain discovery of documents and information before October 14, 2015.  However, plaintiffs proposed date of April 14, 2014 appears to be an arbitrarily earlier date.  Dkt. No. 262 at 84:22-86:6.  The relevant start date for such discovery will depend on the specific requests and the timing of the activities they implicate, which is information that may be known only to Meta.  For discovery requests that are directed to plaintiffs' breach of express contract claim, the Court sees no reason why discovery should extend earlier than the date of the alleged contract, which is similar to Meta's proposed start date of April 1, 2018.

**B.      Discovery End Date**

The Court has recently set an interim discovery schedule that includes a date for the substantial completion of document discovery.  *See* Dkt. No. 261.  In order to facilitate the orderly production of documents, including ESI, the Court sets the discovery end date for all discovery requests at April 28, 2023, the date plaintiffs propose, subject to modification as the needs of the case require.

**IT IS SO ORDERED.**

Dated: June 16, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California