UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION | Case No.  22-cv-03580-WHO (VKD) |
| This Document Relates To: | **ORDER RE DISCOVERY DISPUTE RE PLAINTIFFS' INTERROGATORIES NOS. 1 AND 3** |
| All Actions | Re: Dkt. No. 223 |

Plaintiffs and defendant Meta Platforms, Inc. ("Meta") ask the Court to resolve their dispute regarding Meta's responses to plaintiffs' Interrogatories Nos. 1 and 3 and document requests that refer to "Medical Providers". Dkt. No. 223. The Court held a hearing on this matter on May 23, 2023. Dkt. Nos. 255, 262 (hearing transcript).

Plaintiffs' ask for an order compelling Meta's responses to Interrogatories Nos. 1 and 3. Interrogatory No. 1 asks Meta to "[i]dentify all Web-Properties with a HIPAA Notice that contained the Meta Pixel during the Relevant Time Period." Dkt. No. 223-2 at 4. Interrogatory No. 3 asks Meta to "[i]dentify all Medical Provider Web- Properties on which the Meta Pixel is or has been deployed and the time period during which the Meta Pixel was deployed on each Web-Property." *Id.* In addition, plaintiffs say that Meta should be required to provide discovery regarding all "healthcare providers" and "covered entities" within the scope of plaintiffs' "Medical Providers" definition, instead of limiting their responses to the five providers identified in the consolidated complaint. Dkt. No. 222. at 2. Meta objects to plaintiffs' demands on the ground that it "does not have the information Plaintiffs seek." *Id.* at 4. Specifically, Meta explains that it "does not have any systematic way to identify which entities that deployed the Pixel are covered by HIPAA or the CMIA." *Id.* at 5.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Meanwhile, plaintiffs apparently have already undertaken and expect to soon complete an

2    effort to identify the same information they seek from Meta in Interrogatories Nos. 1 and 3.  *See*

3    Dkt. No. 262 at 100:20-102:2.  Nevertheless, plaintiffs suspect that Meta may have additional

4    information that would lead to identification of other responsive web properties, and so press for

5    an order compelling Meta's responses.  *Id.* at 102:8-16.  Meta acknowledges that it maintains

6    some information that identifies entities in the healthcare space and that some of these entities may

7    be within the scope of Interrogatories Nos. 1 and 3, but it insists that it does not record and cannot

8    determine without undue burden which of these entities are covered by HIPAA or the CMIA.  *Id.*

9    at 104:4-22.

10    As discussed at the hearing, the parties must confer further about whether Meta can

11    provide information—e.g., a list of entities served by the Health Division, websites or web pages

12    identified by the filter mechanism, and any health-related classifications used by Meta—to

13    facilitate the identification of information responsive to Interrogatories Nos. 1 and 3.  However,

14    given Meta's representation that it does not maintain the information called for by these

15    interrogatories, the Court denies plaintiffs' request for an order compelling Meta to undertake the

16    burden of searching for indicia of HIPAA or CMIA coverage on providers' websites in order to

17    respond to them.

18    **IT IS SO ORDERED.**

19    Dated: June 16, 2023

20

21

22    VIRGINIA K. DEMARCHI
      United States Magistrate Judge

23

24

25

26

27

28