Jason 'Jay' Barnes (admitted *pro hac vice*)
*jaybarnes@simmonsfirm.com*
**SIMMONS HANLY CONROY LLC**
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel: 212-784-6400
Fax: 212-213-5949

Jeffrey A. Koncius, State Bar No. 189803
*koncius@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel: 310-854-4444
Fax: 310-854-0812

Geoffrey Graber, State Bar No. 211547
*ggraber@cohenmilstein.com*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel: 202-408-4600
Fax: 202-408-4699

Beth E. Terrell, State Bar No. 178181
*bterrell@terrellmarshall.com*
**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.: 206-816-6603
Fax: 206-319-5450

Andre M. Mura, State Bar No. 298541
*amm@classlawgroup.com*
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.: 510-350-9700
Fax: 510-350-9701

*Attorneys for Plaintiffs and Putative Class*

[*Additional counsel listed on signature page*]

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION | **Case No. 3:22-cv-03580-WHO** |
| This Document Relates To:<br><br>All Actions | <u>CLASS ACTION</u><br><br>**OPPOSITION TO ADMINISTRATIVE MOTION TO EXTEND DEADLINES FOR META TO DISCLOSE ESI SOURCES AND SEARCH TERMS** |

## I. Introduction

This class action was filed over a year ago. To date, Meta has produced 22 pages of documents and has not proposed any search terms for searching its documents. Declaration of Eric Kafka ¶ 2. To move discovery forward, Plaintiffs want to substantively engage with Meta regarding custodians, data sources, and search terms. The first step in substantive engagement is for Meta to make an opening proposal. This Court's May 25 Order set deadlines for Meta's opening proposals: June 19, 2023 for Meta to disclose data sources and custodians, and June 23, 2023 for Meta to disclose search terms. These deadlines were entered upon Plaintiffs' third request, more than four months after Judge Orrick directed that, "[t]he parties should begin negotiating custodians, search terms, and other prerequisites for discovery *now*." ECF No. 173 ¶ 3 (emphasis added).

Meta now requests a 39-day extension to begin substantive engagement with the Plaintiffs.

Meta's request should be denied. There is no good cause for Meta to delay providing data sources, custodians, and search terms for Plaintiffs' long-pending discovery requests. Plaintiffs' additional May 23 requests for production ("May 23 Requests") do not provide good cause to extend Meta's deadlines by 39 days because (1) many of Plaintiffs' May 23 Requests seek documents that will not be located through custodians or search terms; and (2) there will be substantial overlap in the data sources, custodians, and search terms for Plaintiffs' First Set of Requests for Production and May 23 Requests.

Furthermore, if Meta is granted a 39-day extension, Plaintiffs will be prejudiced. Plaintiffs will not be able to meet the March 13, 2024 fact discovery deadline set by Judge Orrick, and it will be difficult for Plaintiffs to begin depositions in 2023.

Plaintiffs respectfully request that the Court deny Meta's requested extension, so that the parties can begin substantive engagement regarding search terms, custodians, and data sources

## II. Statement of Facts

On June 17, 2022, Plaintiff John Doe initiated this putative class action. ECF No. 1. Lead Counsel was appointed on December 21, 2022. ECF No. 158.

In the parties' January 10, 2023 case management statement, Plaintiffs requested that Meta propose initial search terms and custodians by January 31, 2013. ECF No. 167 at 5:13-16. On January

17, 2023, Judge Orrick directed that, "[t]he parties should begin negotiating custodians, search terms, and other prerequisites for discovery *now*." ECF No. 173 ¶ 3 (emphasis added). On February 9, 2023, Plaintiffs served their First Set of Requests for Production. Declaration of Eric Kafka ("Kafka Decl.") ¶ 3. On March 13, 2023, Meta served its written responses and objections to Plaintiffs' First Set of Requests for Production. Kafka Decl. ¶ 4.

In January and February 2023, Meta did not propose custodians or search terms for its ESI. Thus, in the parties' March 7, 2023 case management statement, Plaintiffs again requested that Meta propose initial search terms, custodians, and sources of ESI, this time by March 28, 2023. ECF No. 191 at 5:9-11. Meta opposed Plaintiffs' proposed interim discovery deadlines as "unnecessary." ECF No. 191 at 7:16-8:10.

At the March 14, 2023 case management conference, Judge Orrick "expresse[d] his desire that discovery proceed with dispatch." ECF No. 195. Judge Orrick referred discovery to this Court, and did not rule on the parties' discovery issues. *Id.* At the May 16, 2023 case management conference, Judge Orrick told the parties that he was "not overwhelmed by the progress that you all have been making so far…" and that he "would like to get the case rolling." 5/16/23 Hearing Tr. at 4:19-5:1.

On May 16, 2023, Plaintiffs proposed interim discovery deadlines for a third time, asking for a June 6, 2023 deadline for Meta to propose search terms and data sources. ECF No. 243 at 19. Meta again opposed interim deadlines for proposing search terms and data sources. *Id.* at 21:21-23:7.

On May 25, 2023, the Court set interim discovery deadlines. ECF No. 261. The Court set the following deadlines pertinent to Meta's administrative motion:

| | |
|---|---|
| Producing party discloses custodial and non-custodial ESI data sources, per ESI Protocol | June 19, 2023 |
| If using search terms, producing party discloses search terms, per ESI Protocol | June 23, 2023 |

ECF No. 261 at 1. Furthermore, "[i]f *no* document requests have been served on a party, that party's deadline to disclose ESI data sources is 40 days for the date of service of the requesting party's document requests." *Id.* at 1, fn. 2 (emphasis added). Under the Court's order, the interim deadlines could only be modified "by agreement of the parties by means of a stipulated request and proposed order, or by the Court upon a showing of good cause." *Id.* at 1.

On May 23, 2023, Plaintiffs served 121 additional requests for production. Many of these requests seek documents that should be located by Meta without using search terms or custodians. Kafka Decl. ¶ 5. For example, Plaintiffs' RFP No. 99 requests, "Documents sufficient to identify all Facebook users whose health information was obtained by Meta from their health care provider or covered entity." As another example, Plaintiffs' RFP No. 185 requests five specific documents produced in another lawsuit, including Meta's "US Privacy Program Records Management Policy," "US Privacy Program Records Retention Schedule," and "US Privacy Program Records File Plan."

On May 24, 2023, the Court directed the parties to "confer and agree on intervals for exchange of information" regarding data sources, custodians, and search terms. ECF No. 258. During a May 31, 2023 meet-and-confer on a separate topic, Meta asked if the Plaintiffs would agree to an extension for Meta to disclose data sources, custodians, and search terms. Plaintiffs asked that Meta put its request in writing. Kafka Decl. ¶ 6. On June 5, 2023, the parties met-and-conferred regarding the intervals for negotiating data sources, custodians, and search terms. *Id.* ¶ 7. At Meta's request, Plaintiffs agreed to add four additional business days to negotiate regarding data sources, custodians, and search terms, so that the parties will negotiate for 19 business days. *Id.* ¶ 8.

On June 5, 2023, the parties submitted a joint stipulation with the ESI Protocol to the Court that included the parties' agreement on the intervals for data sources, custodians, and search term exchange. ECF No. 268 at §§ 5(a)-(b).

Four days later, on June 9, 2023, Meta requested an additional 39-day extension. Kafka Decl. ¶ 9. On June 13, the Court issued its order at ECF No. 274, stating that the Court "expects Meta to promptly complete its investigation of plaintiffs' complaints" regarding custodians but "decline[d] to issue the order plaintiffs request[ed]" because "the parties did not seriously attempt to resolve this dispute before seeking the Court's assistance." On June 14, 2023, Plaintiffs responded that they would agree to a 7-day extension. Kafka Decl. ¶ 10. On June 15, 2023, Plaintiffs offered to meet-and-confer with Meta to further discuss Meta's request for an extension. *Id.* ¶ 11. On June 16, 2023, Meta informed Plaintiffs that it "has already identified custodial and non-custodial ESI sources with respect to plaintiffs' first set of RFPs in compliance with the Court's order," making no mention of the order at ECF No. 274. Kafka Decl. ¶ 12. At 4:58 pm ET on Friday, June 16, Meta informed Plaintiffs for

the first time that it intended to file a unilateral motion to extend the deadlines. *Id.* ¶ 13. Meta did not propose times to meet-and-confer or substantively engage with the Plaintiffs. *Id.* ¶ 14. At 9:19 pm PT on Friday, June 16 (before a three-day holiday weekend) Meta filed the instant motion, requiring Plaintiffs to respond in one business day.

## III. Argument

### A. Meta Has Not Demonstrated Good Cause for a 39-Day Extension

Meta has not demonstrated "good cause" for a 39-day extension to disclose data sources, custodians, and search terms. As an initial matter, Meta should have disclosed this information in January, pursuant to Judge Orrick's directive. *See* ECF No. 173 ¶ 3 ("[t]he parties should begin negotiating custodians, search terms, and other prerequisites for discovery now."). After 5 months of delay, Meta should not be granted a 39-day extension.

To move discovery forward, the parties need to substantively engage on data sources, custodians, and search terms. The first step is for Meta to make an opening proposal. Under the parties' ESI Protocol, the parties will have an opportunity to continue to collaborate and negotiate after Meta proposes its data sources, custodians, and search terms. If necessary, Meta could supplement its proposed data sources, custodians, and/or search terms during the parties' negotiation process. This is more efficient than a lengthy delay in the start of the negotiation process, as Meta now proposes.

Plaintiffs' service of additional requests for production on May 23 does not provide "good cause" for a 39-day extension. First, many documents responsive to Plaintiffs' May 23 Requests will not be located through custodians or search terms. Second, there will be substantial overlap in the data sources, custodians, and search terms for Plaintiffs' First Set of Requests for Production and May 23 Requests. Thus, Meta is not starting from scratch with the May 23 Requests, but rather can leverage the work that it has done since January 2023.

Meta does not provide an explanation or rationale for why a 39-day extension is necessary. Meta's proposed 39-day extension provides Meta with a larger extension to disclose data sources, custodians, and search terms than if Plaintiffs served their First Set of Requests for Production on May 23. Pursuant to the Court's order, [i]f *no* document requests have been served on a party, that party's deadline to disclose ESI data sources is 40 days for the date of service of the requesting party's

document requests." *Id.* at 1, fn. 2 (emphasis added). Thus, if Meta were starting from scratch with Plaintiffs' May 23 Requests (and Meta is not), Meta's deadline to propose custodians and non-custodial data sources would be July 3, 2023.

Plaintiffs already offered a 7-day extension, which would have set Meta's deadline to propose custodians and non-custodial data sources just 1 business day earlier on June 30, 2023. By contrast, under Meta's proposal, Meta's deadline will be 169 days (nearly six months) after Plaintiffs served their First Set of Requests for Production and 66 days after Plaintiffs served their May 23 Requests. Meta's requested extension is thus contrary to this Court's interim deadlines and Judge Orrick's guidance.

**B. Meta's Proposed 39-Day Extension Will Prejudice the Plaintiffs**

At the May 16, 2023 case management conference, Judge Orrick told the parties that he was "not overwhelmed by the progress that you all have been making so far…" and that he "would like to get the case rolling." 5/16/23 Hearing Tr. at 4:19-5:1. Judge Orrick also set a March 13, 2024 fact discovery cut-off deadline, and an April 25, 2024 deadline for Plaintiffs to move for class certification.

If Meta is granted a 39-day extension, Plaintiffs are unlikely to meet the deadlines set by Judge Orrick. Meta requests an extension to August 4, 2023 to first propose search terms. The deadlines in the parties' ESI Protocol are tied to the initial search term disclosure. Thus, under Meta's proposal, the parties' deadline to resolve disputes about search terms will be August 31, 2023. Only after that will Meta start producing search term documents on a rolling basis. But this backloaded schedule will not provide enough time for Plaintiffs to review Meta's documents, resolve disputes about the production, and take depositions prior to the discovery cut-off.

Furthermore, the Court directed Plaintiffs to defer taking depositions until Meta completes its document production, or until Meta completes its document production for the custodian being deposed. If Meta is granted its requested 39-day extension, it will be difficult for Plaintiffs to begin depositions in 2023.

**IV. Conclusion**

Plaintiffs respectfully request that the Court deny Meta's administrative motion to extend the deadlines for Meta to disclose ESI sources and search terms.

Dated: June 20, 2023

By: */s/ Geoffrey Graber* ___________________

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Geoffrey Graber, State Bar No. 211547
*ggraber@cohenmilstein.com*
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel: 202-408-4600
Fax: 202-408-4699

By: */s/ Jason "Jay" Barnes* _________________

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
*jaybarnes@simmonsfirm.com*
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel: 212-784-6400
Fax: 212-213-5949

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
*koncius@kiesel.law*
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel: 310-854-4444
Fax: 310-854-0812

**TERRELL MARSHALL LAW GROUP PLLC**
Beth E. Terrell, State Bar No. 178181
*bterrell@terrellmarshall.com*
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.: 206-816-6603
Fax: 206-319-5450

**GIBBS LAW GROUP LLP**
Andre M. Mura, State Bar No. 298541
*amm@classlawgroup.com*
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.: 510-350-9700
Fax: 510-350-9701

**CIVIL L.R. 5-1(h)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), the CM/ECF user filing this document attests that concurrence in its filing has been obtained from its other signatories.

Dated: June 20, 2023

*/s/ Geoffrey Graber*

Geoffrey Graber