GIBSON, DUNN & CRUTCHER LLP
LAUREN R. GOLDMAN (admitted *pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (admitted *pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:   (212) 351-4000
Facsimile:   (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone:   (415) 393-8200
Facsimile:   (415) 393-8306

ANDREW M. KASABIAN, SBN 313210
akasabian@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071 USA
Telephone:   (213) 229-7311
Facsimile:   (213) 229-6311

COOLEY LLP
MICHAEL G. RHODES, SBN 116127
rhodesmg@cooley.com
KYLE C. WONG, SBN 224021
kwong@cooley.com
CAROLINE A. LEBEL, SBN 340067
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION,<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-3580-WHO<br><br>**JOINT ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br><u>CLASS ACTION</u> |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Local Rules 3-12 and 7-11 of the United States District Court for the Northern District of California and this Court's October 12, 2022 Order, counsel for Plaintiffs and counsel for Defendant Meta Platforms, Inc. ("Meta"), and Plaintiffs in *Howard* (described below), submit this Joint Administrative Motion to consider whether *Connie Howard et al. v. Laboratory Corporation of America et al.* ("*Howard*"), Case No. 3:23-cv-02773-SK, filed in this District on June 5, 2023, should be related to the above-captioned action, *In re Meta Pixel Healthcare Litigation*, Case No. 3:22-cv-3580-WHO (the "Consolidated Action"). Meta plans to file a conditional motion to sever the claims against it in *Howard* so that they can be consolidated with the Consolidated Action, pending this Court's resolution of this motion to relate; the parties are not seeking to consolidate the *Howard* plaintiffs' claims against defendants Laboratory Corporation of America and Laboratory Corporation of America Holdings (collectively, "Labcorp").

Under Civil Local Rule 3-12(a), "[a]n action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Here, the *Howard* claims against Meta are subsumed within the allegations asserted in the Consolidated Action. The Consolidated Action covers the technology (the Meta Pixel), the allegedly wrongful conduct (Meta's alleged interception and/or receipt of sensitive health information), and the category of developers (healthcare entities that are subject to HIPAA) at issue in *Howard*. In light of this overlap, relating *Howard* with the Consolidated Action would conserve resources, promote judicial economy, and avoid conflicting rulings.

## I.   STATEMENT OF RELEVANT FACTS

***Prior Motions to Relate.***  On October 12, 2022, this Court granted a motion to consolidate four related cases ("Consolidation Order")—*John Doe v. Meta Platforms, Inc.*, Case No. 3:22-cv-03580-WHO, *Jane Doe v. Meta Platforms, Inc. et al.*, Case No. 3:22-cv-04293-WHO, *Doe v. Meta Platforms, Inc.*, Case No. 3:22-cv-04680-WHO, and *Jane Doe v. Meta Platforms, Inc.*, Case No. 3:22-cv-04963-WHO. *See* Dkt. 73. In its Consolidation Order, this Court directed the parties to "file an Administrative Motion to Consider Whether Cases are Related . . . whenever a related case is filed in, or transferred

to, this District." Dkt. 79 at 3. Under the terms of the Consolidation Order, any case deemed related "shall be consolidated into [the Consolidated Action] unless a party objects to consolidation within fourteen days of the related case order." *Id.*

Thereafter, Meta moved to relate several cases: On October 19, 2022, this Court granted a motion relating *Malinda S. Smidga v. Meta Platforms, Inc.*, Case No. 4:22-cv-05753-KAW, and *Michael Krackenberger v. Northwestern Memorial Hospital et al.*, Case No. 4:22-cv-06020-DMR. *See* Dkt. 79. On November 7, 2022, this Court granted a motion to relate *Doe et al. v. Meta Platforms, Inc.*, Case No. 22-cv-06665-AGT. *See* Dkt. 119. On January 10, 2023, this Court granted a motion to relate *C.C. v. Meta Platforms, Inc.*, Case No. 22-cv-09199-JCS. *See* Dkt. 165. On February 1, 2023, this Court granted a motion to relate *Naugle et al. v. Meta Platforms, Inc. et al.*, Case No. 3:22-cv-09200-WHO. *See* Dkt. 182. On February 27, 2023, this Court granted a motion to relate *Smart v. Main Line Health*, Case No. 23-cv-00528-WHO. *See* Dkt. 186. On March 13, 2023, this Court granted a motion to relate *Stewart v. Advocate Aurora Health, Inc. et al.*, Case No. 3:23-cv-00900-SK. *See* Dkt. 193. On May 1, 2023, this Court denied without prejudice a conditional joint motion to relate *Jane Doe v. Hey Favor, Inc., et al.*, Case No. 3:23-cv-00059-WHO ("*Hey Favor*"), in light of the "stay of [the] underlying case." *See* Dkt. 220.

On May 24, 2023, this Court denied Meta's motion to sever the claims against it in *Hey Favor*. *Hey Favor* Dkt. 75. This Court found severance inappropriate in *Hey Favor* because the alleged conduct centered on "five defendants' capture and use of personal healthcare information through mobile applications or apps." *Id.* at pp. 1-2. A different result is warranted here. The *Howard* plaintiffs' claims rest on Meta's alleged collection of sensitive health information through the Meta Pixel on a healthcare entity's website, as more fully described below. While plaintiffs name Laboratory Corporation of America and Laboratory Corporation of America Holdings as defendants, plaintiffs do not allege that any entity besides Meta intercepted their sensitive health information. *See Howard* Dkt. 1 ¶¶ 95, 103-104.

***The Consolidated Action and Howard.*** On February 21, 2023, plaintiffs in the Consolidated Action filed their Consolidated Class Action Complaint ("CAC") alleging that Meta used its business tools, including the Meta Pixel, "to intercept individually identifiable health information from Meta

health care 'Partner'" web-properties. Consolidated Action Dkt. 185 ¶ 1. Through the Meta Pixel and other tools, plaintiffs claim that Meta received individually identifiable, confidential, and otherwise sensitive health information about them, including: information shared with covered entities when setting up appointments, communications with medical providers regarding medical conditions, treatments, doctors, payment, symptoms, and search terms. Consolidated Action, Dkt. 185 ¶¶ 49, 75. The CAC defines "covered entities" as including "health care providers, health insurers, health care clearinghouses, patient portal providers, pharmacies, pharmaceutical companies, and any other entity, business associate, or contractor for which patient health or medical information is protected by HIPAA or the CMIA." *Id.* Dkt. 185 ¶ 21. Plaintiffs in the Consolidated Action seek to represent a nationwide putative class of "[a]ll Facebook users whose health information was obtained by Meta from their health care provider or covered entity." *Id.* Dkt. 185 ¶ 274. Plaintiffs seek damages, disgorgement, costs and fees, and injunctive relief. *Id.* Dkt. 185 pp. 112-13.

Similarly, plaintiffs in *Howard* allege that Laboratory Corporation of America and its affiliates (collectively, "Labcorp"), which specialize in medical diagnostic testing, "embedded the Pixel" on their "website homepage," thereby transmitting "extensive information regarding visitors to Labcorp website's homepage to Meta, including the identities of Facebook account holders, health-related information and inquiries (including individuals' searches on the website), and webpages visited as a result of those inquiries." *Howard* Dkt. 1 ¶ 41. The *Howard* plaintiffs allege that the Meta Pixel on Labcorp's website homepage "shares identifiable and sensitive health information from the Labcorp website with Meta." *Id.* Dkt. 1 ¶ 43. Labcorp's website states that portions of its business and certain information are subject to HIPAA.[1]

Based on these allegations, plaintiffs in *Howard* bring three claims against Meta: 1) violation of the California Invasion of Privacy Act, Cal. Penal Code § 631 ("CIPA"); 2) violation of the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa. Cons. Stat. § 5703; and 3) unjust enrichment under common law. Plaintiffs seek to represent two putative classes: a California class and a Pennsylvania class, each representing persons who "entered search terms into Labcorp's

---

[1] *See* "HIPAA Information," Labcorp, available at https://www.labcorp.com/about/hipaa-information (describing how medical information subject to HIPAA may be used and disclosed).

website and who used Facebook during the time the Pixel was active on Labcorp's website." *Howard* Dkt. 1 ¶ 77. The *Howard* plaintiffs seek damages, disgorgement, costs and fees, and injunctive relief. *Id.* Dkt. 1 ¶¶ 122-26.

## II. ARGUMENT

The Consolidated Action and *Howard* "concern substantially the same parties, property, transaction, or event." Civ. L.R. 3-12(a). Both cases name Meta as a defendant, and both cases allege that Meta received users' health information via the Meta Pixel. The putative class alleged in the Consolidated Action includes "[a]ll Facebook users whose health information was obtained by Meta from their health care provider or covered entity." Consolidated Action Dkt. 185 ¶ 274. Labcorp falls within the Consolidated Action's proposed class, as it provides healthcare services to individuals, portions of its business are subject to HIPAA, and the Meta Pixel was allegedly installed on its website. Therefore, the proposed subclasses in *Howard*, covering Facebook users who allege that health information was obtained by Meta from user interactions with Labcorp's website, fall within the Consolidated Action's putative class. Accordingly, any allegedly sensitive health information regarding individuals who visited Labcorp's website that the Meta Pixel transmitted to Meta is already encompassed within the Consolidated Action. The claims against Meta in these actions thus concern the same parties and the same "transaction[] or event": Meta's receipt of alleged sensitive health information through the Meta Pixel integrated into websites operated by or on behalf of healthcare providers or entities that are subject to HIPAA. *See Pepper v. Apple Inc.*, 2019 WL 4783951, at *1 (N.D. Cal. Aug. 22, 2019) (finding cases related where the cases "center around the same technology and economic structures"). Because the *Howard* plaintiffs are part of the Consolidated Action's putative class, their action against Meta should be related to that putative class.

Both actions bring claims of violations of CIPA section 631 and unjust enrichment.[2] The allegation at the core of the *Howard* CIPA claim against Meta—that Meta used the Pixel to intercept communications from a healthcare entity's website without the consent of all parties—is subsumed within the Consolidated Action CIPA claim. The same is true for the *Howard* unjust enrichment claim

---

[2] The only claim in *Howard* against Meta that is not asserted in the Consolidated Action is a claim pursuant to the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa. Cons. Stat. § 5703. All other claims overlap completely with the claims asserted in the CAC.

against Meta. The *Howard* plaintiffs allege that Meta was unjustly enriched through monetization of the allegedly sensitive information regarding Labcorp customers it received via the Pixel. *Howard* Dkt. 1 ¶¶ 112-13. This allegation is part and parcel of the Consolidated Action unjust enrichment claim, which likewise alleges that Meta reaped an economic benefit from its wrongful use of plaintiffs' sensitive health information. Consolidated Action Dkt. 185 ¶¶ 490-492. And though the *Howard* plaintiffs separate their unjust enrichment claims according to the putative California and Pennsylvania subclasses, the Consolidated Action claim, which is brought on behalf of the putative *nationwide* class, necessarily includes both claims.

Because the claims against Meta in *Howard* are duplicative of the claims in the Consolidated Action, it is more than "likely that there will be an unduly burdensome duplication of labor and expense or conflicting results" if these cases are not related. Civ. L.R. 3-12(a). Conversely, having the claims against Meta in these cases related will increase efficiencies, reduce the burden on the judicial system and the parties, and reduce the risk of conflicting results. *Levy v. 24 Hour Fitness Worldwide, Inc. (Santa Monica)*, 2013 WL 2456566, at *2 (N.D. Cal. June 6, 2013) (ordering cases related to "promote the just, efficient, speedy and economical determination" of the proceeding).

### III. CONCLUSION

Accordingly, the parties and Plaintiffs in *Howard* respectfully ask the Court to relate *Howard* to the Consolidated Action so that the claims against Meta can be related to and consolidated with the Consolidated Action.

Dated: July 26, 2023

**GIBSON, DUNN & CRUTCHER LLP**
By:  */s/ Lauren R. Goldman*
         Lauren R. Goldman

**COOLEY LLP**
By:  */s/ Michael G. Rhodes*
         Michael G. Rhodes

*Attorneys for Meta Platforms, Inc. (formerly known as Facebook, Inc.)*

Dated: July 26, 2023

By: */s/ Jason Barnes*
    Jason 'Jay' Barnes

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
*jaybarnes@simmonsfirm.com*
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel: 212-784-6400
Fax: 212-213-5949

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Geoffrey Graber, State Bar No. 211547
*ggraber@cohenmilstein.com*
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel: 202-408-4600
Fax: 202-408-4699

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
*koncius@kiesel.law*
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel: 310-854-4444
Fax: 310-854-0812

**TERRELL MARSHALL LAW GROUP PLLC**
Beth E. Terrell, State Bar No. 178181
*bterrell@terrellmarshall.com*
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.: 206-816-6603
Fax: 206-319-5450

**GIBBS LAW GROUP LLP**
Andre M. Mura, State Bar No. 298541
*amm@classlawgroup.com*
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.: 510-350-9700
Fax: 510-350-9701

*Attorneys for Plaintiffs*

Dated: July 26, 2023               By: */s/ Douglas I. Cuthbertson*
                                         Douglas I. Cuthbertson

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
DOUGLAS I. CUTHBERTSON (*pro hac vice*)
dcuthbertson@lchb.com
MARGARET J. MATTES (*pro hac* vice)
mmattes@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212.355.9500

MICHAEL W. SOBOL (SBN 194857)
msobol@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000

**LEVIN LAW, P.A.**
BRIAN LEVIN (*pro hac vice*)
brian@levinlawpa.com
2665 South Bayshore Drive, PH2B
Miami, Florida 33133
Telephone: 305.539.0593

**MEYER WILSON, P.A.**
MATTHEW R. WILSON (SBN 290743)
mwilson@meyerwilson.com
305 W. Nationwide Blvd
Columbus, Ohio 43215
Telephone: 614.224.6000

*Attorneys for Howard Plaintiffs*

-7-
JOINT ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED – CASE NO. 3:22-cv-3580-WHO

**CIVIL L.R. 5-1(h)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I, Lauren R. Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: July 26, 2023                    GIBSON, DUNN & CRUTCHER LLP

                                        By: */s/ Lauren R. Goldman*
                                            Lauren R. Goldman