UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, et al.,<br><br>             Plaintiffs,<br><br>      v.<br><br>META PLATFORMS, INC., et al.,<br><br>             Defendants. | Case No. 22-cv-03580-WHO<br><br>**TENTATIVE ORDER IN ADVANCE OF THE AUGUST 16, 2023 HEARING ON MOTION TO DISMISS** |

To help the parties prepare and focus their arguments in advance of the August 16, 2023 hearing, I issue the following tentative opinion. Each side will have up to 30 minutes to argue.

**Motion to Dismiss Denied**

Extraterritoriality – until an explicit choice-of-law argument is raised, California law will govern at this juncture given the significant nexus to California (plaintiffs have plausibly alleged sufficient conduct occurred in California).

Wiretap Act – **DENY**; Meta has not, and cannot on motion to dismiss, meet its burden to show plaintiffs' healthcare providers gave sufficient consent.

CIPA - **DENY**; adequately alleged intent, sent or received, and device. Northern District cases under Penal Code section 637.7(d) are distinguishable.

Unjust Enrichment – **DENY**; can proceed in the alternative at this juncture.

Larceny – **DENY**. Court is inclined to agree with *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 635 (N.D. Cal. 2021).

**Motion to Dismiss Granted**

Privacy Claims – **DISMISS with leave to amend** so plaintiffs can describe the types or categories of sensitive health information they provided through their devices to their healthcare providers. That basic amendment (which can be general enough to protect plaintiffs' specific

1  privacy interests) will allow claims to go forward.

2  Contract Claims – **DISMISS without leave** because the limitations of liability provision
3  applies to contract claims and not clearly unconscionable. Court inclined to agree with *Bass v.*
4  *Facebook, Inc*., 394 F. Supp. 3d 1024, 1037 (N.D. Cal. 2019).

5  CDAFA – **DISMISS without leave** for failure to allege damage or loss under CDAFA.
6  Loss of use of devices to be able to communicate with healthcare providers not sufficient damage
7  or loss under CDAFA. Court inclined to agree with *Cottle v. Plaid Inc*., 536 F. Supp. 3d 461
8  (N.D. Cal. 2021).

9  Negligence Per Se – **DISMISS without leave** because cannot be based on a duty created
10  by HIPAA, must arise from a state law source.

11  Trespass to Chattels – **DISMISS without leave** for failure to allege a cognizable harm
12  protected by trespass. That these plaintiffs valued using their personal devices to communicate
13  with their healthcare providers does not sufficiently impair the value of those devices for the
14  plaintiffs to state a trespass to chattels claim.

15  UCL – **DISMISS without leave** for failure to allege "lost money or property" as required
16  by UCL. Even if value of healthcare information qualifies as "lost property" there are no
17  allegations that plaintiffs actually intended to participate in that market (*i.e*., sell their healthcare
18  information) and in light of privacy claims any such allegations would be implausible.

19  CLRA – **DISMISS with leave to amend** to plead facts regarding reliance on the alleged
20  misrepresentations.

22  Dated: August 15, 2023

William H. Orrick
United States District Judge

2