GIBSON, DUNN & CRUTCHER LLP
LAUREN R. GOLDMAN (admitted *pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (admitted *pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

ANDREW M. KASABIAN, SBN 313210
akasabian@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071 USA
Telephone: (213) 229-7311
Facsimile: (213) 229-6311

COOLEY LLP
MICHAEL G. RHODES, SBN 116127
rhodesmg@cooley.com
KYLE C. WONG, SBN 224021
kwong@cooley.com
CAROLINE A. LEBEL, SBN 340067
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION, <br><br> This Document Relates To: <br><br> All Actions | Case No. 3:22-cv-3580-WHO <br><br> **JOINT ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** <br><br> <u>CLASS ACTION</u> |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Local Rules 3-12 and 7-11 of the United States District Court for the Northern District of California and this Court's October 12, 2022 Order, counsel for Plaintiffs and counsel for Defendant Meta Platforms, Inc. ("Meta") submit this Joint Administrative Motion to consider whether *Hartley v. Meta Platforms, Inc.* ("*Hartley*"), Case No. 3:23-cv-03620-WHO, transferred to this District on July 21, 2023, should be related to the above-captioned action, *In re Meta Pixel Healthcare Litigation*, Case No. 3:22-cv-3580-WHO (the "Consolidated Action").[1]

Under Civil Local Rule 3-12(a), "[a]n action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Here, the *Hartley* claims and allegations against Meta are subsumed within the Consolidated Action. The Consolidated Action covers the technology (the Meta Pixel), the allegedly wrongful conduct (Meta's alleged interception and/or receipt of sensitive health information), and the category of developers (healthcare entities that installed the Meta Pixel on their web properties) at issue in *Hartley*. In light of this overlap, relating *Hartley* with the Consolidated Action would conserve resources, promote judicial economy, and avoid conflicting rulings. Counsel for plaintiff in *Hartley* consents to this motion. Harris Decl. ¶ 2.

**I.   STATEMENT OF RELEVANT FACTS**

***Prior Motions to Relate.***  On October 12, 2022, this Court granted a motion to consolidate four related cases ("Consolidation Order")—*John Doe v. Meta Platforms, Inc.*, Case No. 3:22-cv-03580-WHO, *Jane Doe v. Meta Platforms, Inc. et al.*, Case No. 3:22-cv-04293-WHO, *Doe v. Meta Platforms, Inc.*, Case No. 3:22-cv-04680-WHO, and *Jane Doe v. Meta Platforms, Inc.*, Case No. 3:22-cv-04963-WHO. *See* Dkt. 73. In its Consolidation Order, this Court directed the parties to "file an Administrative Motion to Consider Whether Cases are Related . . . whenever a related case is filed in, or transferred to, this District." Dkt. 79 at 3. Under the terms of the Consolidation Order, any case deemed related

---

[1] The *Hartley* plaintiff brought claims against both the University of Chicago Medical Center and Meta in the Northern District of Illinois. The claims against Meta were severed, and only those claims were transferred to the Northern District of California. *Hartley* Dkt. 1.

1  "shall be consolidated into [the Consolidated Action] unless a party objects to consolidation within fourteen days of the related case order." *Id.*

   Thereafter, Meta moved to relate several cases: On October 19, 2022, this Court granted a motion relating *Malinda S. Smidga v. Meta Platforms, Inc.*, Case No. 4:22-cv-05753-KAW, and *Michael Krackenberger v. Northwestern Memorial Hospital et al.*, Case No. 4:22-cv-06020-DMR. *See* Dkt. 79. On November 7, 2022, this Court granted a motion to relate *Doe et al. v. Meta Platforms, Inc.*, Case No. 22-cv-06665-AGT. *See* Dkt. 119. On January 10, 2023, this Court granted a motion to relate *C.C. v. Meta Platforms, Inc.*, Case No. 22-cv-09199-JCS. *See* Dkt. 165. On February 1, 2023, this Court granted a motion to relate *Naugle et al. v. Meta Platforms, Inc. et al.*, Case No. 3:22-cv-09200-WHO. *See* Dkt. 182. On February 27, 2023, this Court granted a motion to relate *Smart v. Main Line Health*, Case No. 23-cv-00528-WHO. *See* Dkt. 186. On March 7, 2023, this Court entered an order relating *Murphy v. Meta Platforms, Inc.*, Case No. 23-cv-00899-JCS. *See* Dkt. 189. On March 13, 2023, this Court granted a motion to relate *Stewart v. Advocate Aurora Health, Inc. et al.*, Case No. 3:23-cv-00900-SK. *See* Dkt. 193. On July 21, 2023, this Court entered an order relating *Santoro v. Meta Platforms, Inc.*, Case No. 3:23-cv-03483-JCS. *See* Dkt. 288. On August 16, 2023, this Court granted a motion to relate *Connie Howard et al. v. Laboratory Corporation of America et al.*, Case No. 3:23-cv-02773-SK. *See* Dkt. 299.

   ***The Consolidated Action and Hartley.*** On February 21, 2023, plaintiffs in the Consolidated Action filed their Consolidated Class Action Complaint ("CAC") alleging that Meta used its business tools, including the Meta Pixel, "to intercept individually identifiable health information from Meta health care 'Partner'" web properties. Dkt. 185 ¶ 1. Through the Meta Pixel and other tools, plaintiffs claim that Meta received individually identifiable, confidential, and otherwise sensitive health information about them, including: information shared with covered entities when setting up appointments, communications with medical providers regarding medical conditions, treatments, doctors, payment, symptoms, and search terms. Dkt. 185 ¶¶ 49, 75. The CAC defines "covered entities" as including "health care providers, health insurers, health care clearinghouses, patient portal providers, pharmacies, pharmaceutical companies, and any other entity, business associate, or contractor for which patient health or medical information is protected by HIPAA or the CMIA." Dkt.

185 ¶ 21. Plaintiffs in the Consolidated Action seek to represent a nationwide putative class of "[a]ll Facebook users whose health information was obtained by Meta from their health care provider or covered entity." Dkt. 185 ¶ 274. Plaintiffs seek damages, disgorgement, costs and fees, and injunctive relief. Dkt. 185 pp. 112–13.

Similarly, plaintiff in *Hartley* alleges that University of Chicago Medical Center ("UChicago") "collects and shares the personally identifiable information and PHI of patients using a 'Facebook Pixel,'" which UChicago installed on its web properties. *Hartley* Dkt. 2 ¶¶ 9, 13. Specifically, plaintiff alleges that UChicago "surreptitiously transmits and discloses the personally identifiable patient information and PHI of Plaintiff and Class members, including their status as patients and the contents of their communications with UChicago to Facebook" via the Pixel. *Id.* Dkt. 2 ¶¶ 12, 45.

Based on these allegations, plaintiff in *Hartley* brings two claims against Meta: 1) violation of the Stored Communications Act ("SCA"), 18 U.S.C. § 2701, and 2) breach of contract. Plaintiff seeks to represent a putative class of "[a]ll persons in the United States who are, or were patients of University of Chicago Medical Center or any of its affiliates and accessed UChicago's web properties that caused a transmission of personally identifiable patient information, PHI, and other electronic communications to be made to Facebook." *Id.* Dkt. 2 ¶ 60. Plaintiff seeks damages, disgorgement, a declaratory judgment, costs and fees, and injunctive relief. *Id.* Dkt. 2 pp. 29–30.

## II.  ARGUMENT

The Consolidated Action and *Hartley* "concern substantially the same parties, property, transaction, or event." Civ. L.R. 3-12(a). The event at the heart of both matters is Meta's alleged receipt of users' health information via the Meta Pixel. Both actions name Meta as a defendant. The putative class alleged in the Consolidated Action covers "[a]ll Facebook users whose health information was obtained by Meta from their health care provider or covered entity." Dkt. 185 ¶ 274. UChicago, a health system that allegedly installed the Meta Pixel on its web properties, is a health care provider covered by the Consolidated Action. Likewise, the *Hartley* plaintiff and the proposed *Hartley* class, who are "Facebook account holders who used UChicago's web properties through which Facebook unlawfully obtained their personally identifiable patient information and other PHI," are part of the Consolidated Action's putative class. *Hartley* Dkt. 2 ¶ 102. Any sensitive health information

associated with the *Hartley* class members that was allegedly transmitted to Meta via the Pixel from UChicago's websites is already encompassed within the Consolidated Action. The claims against Meta in these actions thus concern the same parties and the same event: Meta's alleged receipt of sensitive health information through the Meta Pixel integrated into the web properties of healthcare providers or covered entities. *See Pepper v. Apple Inc.*, 2019 WL 4783951, at *1 (N.D. Cal. Aug. 22, 2019) (finding cases related where the cases "center around the same technology and economic structures").

Both actions also bring nearly identical claims for breach of contract.[2] The *Hartley* plaintiff alleges that Meta violated its promise to users that it "requires each of [Meta's] partners to have lawful rights to collect, use and share your data before providing any data to [Meta]." *Hartley* Dkt. 2 ¶ 100. This allegation tracks the Consolidated Action breach of contract claim, which likewise alleges that Meta "breached its promises by not requiring health provider and covered entity Partners to have the right to share Plaintiffs' and Class members' health information associated with their health entities before sharing their patient status and other identifiable health information." Dkt. 185 ¶ 304.

The claims against Meta in *Hartley* concern the same parties and the same events and are duplicative of the claims in the Consolidated Action, and thus it is more than "likely that there will be an unduly burdensome duplication of labor and expense or conflicting results" if these cases are not related. Civ. L.R. 3-12(a). Conversely, relating these cases will increase efficiencies, reduce the burden on the judicial system and the parties, and reduce the risk of conflicting results. *Levy v. 24 Hour Fitness Worldwide, Inc. (Santa Monica)*, 2013 WL 2456566, at *2 (N.D. Cal. June 6, 2013) (ordering cases related to "promote the just, efficient, speedy and economical determination" of the proceeding).

III. **CONCLUSION**

Accordingly, the parties respectfully ask the Court to relate *Hartley* to the Consolidated Action.

---

[2] The only claim against Meta in *Hartley* that is not asserted in the Consolidated Action is a claim pursuant to the Stored Communications Act, 18 U.S.C. § 2701.

Dated: August 22, 2023

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Lauren R. Goldman*
    Lauren R. Goldman

**COOLEY LLP**

By: */s/ Michael G. Rhodes*
    Michael G. Rhodes

*Attorneys for Meta Platforms, Inc.*

Dated: August 22, 2023

By: */s/ Jason Barnes*
    Jason 'Jay' Barnes

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
*jaybarnes@simmonsfirm.com*
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel: 212-784-6400
Fax: 212-213-5949

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Geoffrey Graber, State Bar No. 211547
*ggraber@cohenmilstein.com*
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel: 202-408-4600
Fax: 202-408-4699

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
*koncius@kiesel.law*
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel: 310-854-4444
Fax: 310-854-0812

**TERRELL MARSHALL LAW GROUP PLLC**
Beth E. Terrell, State Bar No. 178181
*bterrell@terrellmarshall.com*
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.: 206-816-6603
Fax: 206-319-5450

**GIBBS LAW GROUP LLP**

Andre M. Mura, State Bar No. 298541
*amm@classlawgroup.com*
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.: 510-350-9700
Fax: 510-350-9701

*Attorneys for Plaintiffs*

**CIVIL L.R. 5-1(h)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I, Lauren R. Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: August 22, 2023    GIBSON, DUNN & CRUTCHER LLP

By: */s/ Lauren R. Goldman*
Lauren R. Goldman