UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates to:<br><br>All Actions. | Case No. 22-cv-03580-WHO (VKD)<br><br>**ORDER RE AUGUST 11, 2023 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 293 |

The parties ask the Court to resolve their dispute concerning which custodians' files Meta should be required to search for documents responsive to plaintiffs' documents requests. Dkt. No. 293. In particular, the parties disagree about whether the custodians who have been identified so far are likely to have documents reflecting the decision-making described in plaintiffs' consolidated class action complaint and documents relevant to those of plaintiffs' claims that require proof of intent, knowledge, or willfulness. *See id.* at 2, 5.

The Court held a hearing on this dispute on August 22, 2023. Dkt. No. 303. At the Court's direction, defendant Meta Platforms, Inc. ("Meta") filed additional information regarding Meta's proposed custodians. *See* Dkt. Nos. 302, 312. For the reasons explained below, the Court concludes that Meta must search the files of the following custodians for documents responsive to plaintiffs' requests regarding facts bearing on Meta's alleged intent and the decisions at issue: Mark Zuckerberg, Graham Mudd, Erin Egan, Peng Fan, Luchen Foster, and Carolyn Everson.

**I.    BACKGROUND**

The parties report that Meta has agreed to search the files of 30 custodians. Some of these custodians were proposed by Meta in the first instance and others were suggested by plaintiffs. *See* Dkt. No. 293 at 5. Plaintiffs ask the Court to order Meta to search the custodial files of 12

additional custodians, all of whom are current or former senior executives at the company: Mark Zuckerberg, Graham Mudd, Erin Egan, Sheryl Sandberg, Peng Fan, Luchen Foster, David Fischer, Dan Levy, Carolyn Everson, Nicola Mendelsohn, Andrew Howard, and Nada Stirratt. *Id.* at 1.

Plaintiffs complain that the 30 custodians whose files Meta has agreed to search include no senior executives and therefore the custodial searches are unlikely to yield documents showing how critical decisions at issue in this litigation were made, including Meta's alleged decision to permit advertisers to continue using sensitive health information obtained via Meta's pixel to target advertising to end users. *See id*. at 2-4; Dkt. No. 185 ¶¶ 226-244. According to plaintiffs, "while eliminating targeting based on health-interest categories, Meta simultaneously encouraged health care providers and other covered entities to increase their use of the Meta Pixel, allowing Meta to continue to collect individually identifiable health information about patients." Dkt. No. 185 ¶ 230.

Meta responds that it has already identified custodians likely to have responsive documents that reflect the relevant decision-making, and that plaintiffs' demands would result in unreasonably cumulative or duplicative discovery from the company's most senior executives, without adequate justification. Dkt. No. 293 at 5-6. Meta explains that several custodians among the 30 custodians who have already been identified are likely to have documents that reflect the relevant decision-making. *See id.* at 6-7; Dkt. No. 312 at 1-4.

## II.  DISCUSSION

As a general matter, a party may obtain discovery of any non-privileged matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The dispute here concerns which custodians' files Meta will search for documents responsive to plaintiffs' document requests. The parties agree that the question of Meta's intent is relevant to at least plaintiffs' federal wiretapping and CIPA claims. *See* Dkt. No. 232 at 5-6, 10-11; Dkt. No. 273 at 5-6, 9-10; Dkt. No. 314 at 3:20-7:18. While

plaintiffs' document requests are not before the Court, for purposes of resolving this dispute, the Court assumes the document requests are sufficiently comprehensive to encompass documents bearing on whether Meta intentionally intercepted or knowingly received plaintiffs' sensitive health information without the necessary consent.

Meta appears to have made a concerted and thoughtful effort to identify custodians likely to have documents responsive to many of plaintiffs' document requests, including custodians with knowledge of (i) the design, development, and operation of the pixel, (ii) the data that is transmitted to Meta via the pixel, (iii) how pixel data is matched to end users, (iv) the implementation and operation of Meta's integrity filtering system, (iv) the tools Meta makes available to healthcare-related advertisers to create advertising campaigns, (v) the information and advice Meta provides to healthcare-related entities regarding use of the pixel and other business tools for advertising, including "custom audiences" and "lookalike audiences," (vi) internal and external communications regarding use of the pixel in connection with advertising, (vii) revenue goals and revenue derived from healthcare-related advertising, and (viii) privacy protections relating to the use of the pixel. *See* Dkt. No. 293 at 6-7; Dkt. No. 312 at 1-4. However, it is not clear from Meta's submission that any of these custodians had a role in the decisions plaintiffs highlight in their complaint. While Meta represents that its existing custodians are likely to have documents reflecting the company's decision-making regarding these matters, *see* Dkt. No. 312 at 1-4, the Court agrees with plaintiffs that documents reflecting how a decision was made are more likely to be found in the decision makers' files than in the files of those who are tasked with implementing the decision or communicating it to others. While it is possible that Meta employees who were not senior executives made the decisions at issue, Meta does not assert this is the case. Only one of Meta's 30 existing custodians has held a position as a senior executive—Nissa Anklesaria, currently Meta's Vice President of Business & Engineering Communications—and it is not clear that Ms. Anklesaria was a senior executive at the time of the relevant decision-making. *See id.* at 1.

On the other hand, the Court is not persuaded that Meta should be required search the files of all 12 of plaintiffs' proposed additional custodians. For some, plaintiffs offer only a very slim justification, such as the custodian's title, or the observation that other custodians report to him or

her, or the fact that the custodian has made statements about privacy in the past. For others, plaintiffs offer more substantial justifications based on allegations in the complaint and plaintiffs' interpretation of publicly available documents and newspaper articles regarding the custodian's responsibilities. Meta vigorously disputes plaintiffs' allegations in the complaint and their interpretation of the underlying source materials. However, the Court is not in a position to resolve these disputes here. Rather, having considered the parties' submissions and the oral argument on this matter, the Court concludes that plaintiffs have articulated a reasonable basis to believe that certain custodians are likely to have documents reflecting how relevant decisions were made, including Meta's alleged decision to permit advertisers to continue using sensitive health information obtained via Meta's pixel to target advertising to end users, and that such documents are not likely to be found in the files of the existing custodians. These custodians are: Mark Zuckerberg, Graham Mudd, Erin Egan, Peng Fan, Luchen Foster, and Carolyn Everson. Plaintiffs have not shown that any of the other proposed custodians are likely to have non-duplicative documents regarding the question of Meta's intent and the decision-making at issue.

Having concluded that these six additional custodians likely have unique, relevant information, the Court turns to the question of proportionality. Meta argues that having to search the files of additional custodians would be unduly burdensome, but its argument rests on the thesis that it would be unduly burdensome to require Meta to search the files of additional custodians because such searches would be duplicative of the searches Meta already plans to conduct. As noted above, the Court concludes that six custodians' files are not likely to contain only duplicative materials. Indeed, given plaintiffs' justification for seeking documents from the files of these custodians—i.e., their purported decision-making roles—the Court expects that Meta's searches of their files can be narrowly tailored to the relevant subject matter. *See, e.g.,* Dkt. No. 311 at 34 (discussion during discovery hearing). Meta identifies no significant burden on the individual custodians themselves associated with the collection, search, and production of such responsive documents from their files.

### III. CONCLUSION

For the reasons explained above, Meta must search the files of the following custodians for

documents responsive to plaintiffs' requests regarding facts bearing on Meta's alleged intent and the decisions at issue:  Mark Zuckerberg, Graham Mudd, Erin Egan, Peng Fan, Luchen Foster, and Carolyn Everson.  Meta need not search the files of the other custodians proposed by plaintiffs.

**IT IS SO ORDERED.**

Dated: September 6, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California

5