GEOFFREY GRABER (SBN 211547)
ggraber@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Jason 'Jay' Barnes (admitted *pro hac vice*)
jaybarnes@simmonsfirm.com
SIMMONS HANLY CONROY LLC
112 Madison Avenue, 7th Floor
New York, NY 10016
Telephone: (212) 784-6400
Facsimile: (212) 213-5949

*Co-Lead Counsel for Plaintiffs and the Proposed Class*

GIBSON, DUNN & CRUTCHER LLP
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:   (212) 351-4000
Facsimile:   (212) 351-4035

COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
rhodesmg@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

*Co-Lead Counsel for Defendant Meta Platforms, Inc.*

*Additional Attorneys in Signature Block*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-3580-WHO (VKD)<br>PUTATIVE CLASS ACTION<br>**STIPULATED ADDENDUM TO ESI PROTOCOL AND [PROPOSED] ORDER**<br><br>Action Filed: June 17, 2022<br><br>Honorable Judge Virginia K. DeMarchi |

Pursuant to Civil Local Rule 7-12, Plaintiffs and Defendant Meta Platforms, Inc. (together, "the Parties") by and through their respective counsel of record, respectfully submit this stipulated addendum to the ESI Protocol (Dkt. 269) and [Proposed] Order.

WHEREAS, on June 5, 2023, the Parties submitted for the Court's approval a stipulation with proposed order regarding discovery of electronically stored information (Dkt. 268);

WHEREAS, the Parties agreed that they would "separately discuss the format of privilege logs" (Dkt. 268 at 6);

WHEREAS, on June 5, 2023, the Court entered an order approving the Parties' agreement (Dkt. 269, "ESI Protocol");

WHEREAS, on May 25, 2023, the Court entered a Discovery Scheduling Order (Dkt. 261) directing the Parties to meet and confer about "the form and content of their privilege logs sufficiently in advance of the deadline for the exchange of first interim privilege logs so that any disputes about the form and content of the log can be resolved before the deadline;"

WHEREAS, the Court set the deadline for the Parties' first interim privilege logs to be exchanged by September 1, 2023, but no interim privilege logs were exchanged on that date because no parties had withheld any documents on the basis of privilege at that point; and

WHEREAS, the Parties have now agreed on the form and content of their privilege logs, and the Parties now wish to submit a stipulated addendum to the ESI Protocol on this topic pursuant to Section 9 of the ESI Protocol (Dkt. 269 at 6);

NOW THEREFORE, IT IS HEREBY STIPULATED, subject to the Court's approval, that the following provisions will be added to the ESI Protocol to govern the required form and content of the Parties' privilege logs. The Parties incorporate by reference all terms as defined in the ESI Protocol.

**Section 8(d)   Format and Contents of Privilege Log**

i. **General.** Subject to the limitations specified in Sections 8(a) and 8(b), documents that a Party withholds, entirely or in part by redaction, on the basis of the attorney-client privilege, the work product doctrine, or similar doctrines shall be logged on a privilege log on a document-by-document basis.

ii. **Initial and Subsequent Privilege Logs.** The Parties will serve privilege logs consistent

with the schedule in the Court's Discovery Scheduling Order and the provisions outlined in this Addendum. Each supplemental privilege log will log all documents withheld (entirely or in part) from the serving party's document productions completed more than 30 days before the privilege log deadline that have not been included on any prior privilege log (so that each privilege log supplements all previously served privilege logs but does not include entries from any previously served log(s)).

   iii.  **Contents of Privilege Log Entries.** Consistent with Federal Rule of Civil Procedure 26(b)(5), the following information should be provided (as applicable) in the privilege log for each document: (1) Bates-number range, or if no Bates-number range, a unique document identification number range, such that the Producing Party provides the number of pages in the withheld or redacted document; (2) document type; (3) family relationship; (4) document date; (5) all senders and recipients, including copyees and blind copyees, with attorneys and their staff denoted by an asterisk (*) on the log; (6) all custodians known to have been furnished the document; (7) privilege(s) or protection(s) claimed; and (8) description of the withheld Document or electronically stored information that is sufficiently detailed and informative to justify the privilege or protection claimed.

   iv.  **Email Strings.** The Producing Party must separately log every email in a thread. If the Producing Party is withholding any part of an email thread based on a claim of privilege or other protection, that party must produce all parts of the thread that are not privileged. Each withheld communication in an email string shall be separately logged as described above.

**Section 8(e)   Deadlines to Serve Privilege Logs**

The parties may serve privilege logs on a rolling basis in addition to those deadlines ordered by the Court.

If a Party makes a supplemental document production from which documents are withheld (entirely or in part) on the basis of the attorney-client privilege, the work product doctrine, or similar doctrines after that Party has served its final privilege log, that Party will serve a supplemental privilege log within 30 days of its supplemental production.

If the current deadline for either substantial completion of document production or close of fact discovery changes, the parties agree to meet and confer about any additional deadlines for interim privilege logs and modifying the date for the final privilege log at that time. Until new deadlines are agreed upon by the Parties or set by the Court, privilege logs will remain due in accordance with this Agreement.

**Section 8(f)    Challenges to Privilege Log Entries**

i. **Challenging a Privilege Log Entry.** If a Requesting Party believes that one or more items in a Producing Party's privilege log should be produced, then it shall raise the issue in writing as to each log entry or category of log entries with the Producing Party with reasonably sufficient detail so that the Producing Party may understand the Requesting Party's position.

ii. **Responding to a Challenge.** The Producing Party shall then respond to the challenge in writing within 10 business days unless otherwise agreed by the Parties or ordered by the Court, and must either state that the Producing Party will produce the document in full or explain the grounds for disagreement with the challenge. If the Producing Party disagrees with the challenge, it must explain the basis for its designation with reasonably sufficient detail so that the Requesting Party understands its position.

iii. **Resolving Disputes.** If the Producing Party's written response does not satisfy the Requesting Party, the Parties shall meet and confer within 5 business days after the Producing Party's response to try to reach a mutually agreeable solution. If the Parties are unable to resolve their disputes, the parties must file a joint discovery dispute letter (using the joint letter format and procedures specified in Section 4 of Judge Virginia K. DeMarchi's Standing Order for Civil Cases) within 5 business days of a lead counsel meet and confer, unless the parties mutually agree to a different schedule. If the challenge(s) involve multiple issues, the Parties will meet and confer to propose a reasonable briefing schedule.

**Section 8(g)    502(d) Clawback Order**

The Parties agree that this Addendum and the procedures set forth herein regarding challenging privilege assertions do not override the provisions of the 502(d) Clawback Order agreed to by the Parties and entered by the Court. Dkt. 228.

DATED: October 20, 2023

By: /s/ *Geoffrey Graber*

*Attorneys for Plaintiffs*

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
  *jaybarnes@simmonsfirm.com*
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel:   212-784-6400
Fax:   212-213-5949

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Geoffrey Graber, State Bar No. 211547
  *ggraber@cohenmilstein.com*
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel:   202-408-4600
Fax:   202-408-4699

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
  *koncius@kiesel.law*
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel:   310-854-4444
Fax:   310-854-0812

**TERRELL MARSHALL LAW GROUP PLLC**
Beth E. Terrell, State Bar No. 178181
  *bterrell@terrellmarshall.com*
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.:   206-816-6603
Fax:   206-319-5450

**GIBBS LAW GROUP LLP**
Andre M. Mura, State Bar No. 298541
  *amm@classlawgroup.com*
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.:   510-350-9700
Fax:   510-350-9701

DATED: October 20, 2023

By: /s/ *Lauren R. Goldman*

*Attorneys for Defendant Meta Platforms, Inc.*

**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:   (212) 351-4000
Facsimile:   (212) 351-4035

ELIZABETH K. MCCLOSKEY (SBN 268184)
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA (SBN 301746)
abarrera@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone:   (415) 393-8200
Facsimile:   (415) 393-8306

TRENTON J. VAN OSS (*pro hac vice*)
tvanoss@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:   (202) 955-8500
Facsimile:   (202) 467-0539

**COOLEY LLP**
MICHAEL G. RHODES (SBN 116127)
rhodesmg@cooley.com
KYLE C. WONG (SBN 224021)
kwong@cooley.com
CAROLINE A. LEBEL (SBN 340067)
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

**CIVIL L.R. 5-1(h)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I, Eric A. Kafka, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: October 20, 2023                                  By:     /s/ Eric A. Kafka

## [PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____, 2023

_____
VIRGINIA K. DEMARCHI
United States Magistrate Judge