**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Yana Hart (SBN 306499)
*yhart@clarksonlawfirm.com*
Tiara Avaness (SBN 343928)
*tavaness@clarksonlawfirm.com*
Valter Malkhasyan (SBN 348491)
*vmalkhasyan@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Counsel for Plaintiff and the Proposed Classes*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.M., *individually, and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>MARINHEALTH MEDICAL GROUP, INC.<br><br>Defendant. | Case No.: 23-cv-04179-WHO<br><br>Related Case: 23-cv-03580-WHO<br><br>**PLAINTIFF C.M.'S OBJECTIONS TO COURT ORDER RELATING CASES; OBJECTIONS TO CONSOLIDATION; AND REQUEST TO SEPARATE THE ACTIONS**<br><br>Complaint Filed: August 16, 2023 |

## I. INTRODUCTION

Consolidation of the *C.M. v. MarinHealth,* 23-cv-04179 (*"C.M."*) action with *In Re Meta Pixel HealthCare Litigation,* 22-cv-003580 ("**Meta Action**") (collectively, the "**Actions**") is not appropriate because it would lead to inefficiency, inconvenience, and unfair prejudice to *C.M.* and putative class members. Fundamentally, the Meta Action involves a series of cases that are unified in that they all bring cases against Meta Platforms, Inc. ("**Meta**"). The C.M. action does not name Meta as a defendant, and should not be tethered to an already-consolidated proceeding with which it has little in common. *See Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984) (explaining that consolidation is only appropriate where the interest in judicial convenience outweighs the potential for delay, confusion, or prejudice caused by consolidation); *CDM Holdings Grp., LLC v. Tidal Commerce Inc.,* 2023 U.S. Dist. LEXIS 116962, at *5 (C.D. Cal. May 31, 2023) (denying motion for consolidation, in part, due to risk of jury confusion in two actions involving factually "complex" and nuanced facts). Importantly, a district court has broad "discretion to decline consolidation." *CDM Holding Grp., LLC*, 2023 U.S. Dist. LEXIS 116962, at *4.

Here, the two actions involve factually complex allegations against different defendants proceeding at different stages of litigation, which present substantially different issues of law and fact. *See* Dec. of Y. Hart, Exh. C. The complex factual and legal differences between the two cases weigh heavily against consolidation, especially given that the Meta Action is already a consolidated action of numerous cases brought against Meta. For these reasons, *C.M.* objects to consolidation and requests that the actions proceed separately. *See C.M.*, ECF No. 16, ¶ 4 (***allowing parties to object to consolidation within 14 days***); Fed. R. Civ. P. 42.

A. <u>**The Actions Involve Separate and Distinct Questions of Law and Fact.**</u>

*C.M.* concerns allegations against MarinHealth Medical Group, Inc. ("**MarinHealth**") for its disregard of the privacy rights of millions of visitors to and users of their websites by allowing unauthorized third parties, including Meta, to intercept users' clicks, communications on, and visits of Defendant's websites, including https://www.mymarinhealth.org/ and https://www.mymarinhealth.org/mychart. *C.M.,* ECF No. 1, ¶ 5. The crux of the present case is whether ***MarinHealth*** violated the law by: (1) allowing unauthorized third parties to access

1

1  sensitive, private medical information directed at MarinHealth in confidence; (2) breaching its
2  fiduciary duty to the patients and its own promises not to share sensitive medical data; and
3  (3) whether it could have implemented proper procedures to prevent any such access to patients'
4  information. *See C.M.*, ECF No. 1, ¶¶ 1-19, 190; *cf. Meta Action,* ECF No. 335, ¶¶ 1-23, 99.

5        In contrast, the Meta Action distinctly focuses only on the claims against Meta Platforms
6  Inc. ("Meta"), for embedding its Pixel tracking technology <u>on many hospitals'</u> websites and thereby
7  harvesting sensitive patient data. *See Meta Action,* ECF No. 316 (explaining the crux of the issues).
8  The Meta Action does not include claims against hospitals. Rather, the *crux* of the Meta Action is
9  whether **Meta** had consent to track information from the hospitals. Whether or not Meta had consent
10 from hospitals to access patient data does not resolve the legal and factual questions involved in
11 *C.M.* – whether MarinHealth failed to comply with applicable laws, its policies, and its promises to
12 patients to prevent such access. *See C.M.*, ECF No. 1, ¶¶ 27, 93-94.

13       Furthermore, the two actions seek different relief on behalf of entirely different classes of
14 individuals. *See C.M.,* ECF No. 1, ¶¶ 175-176; *cf. Meta Action,* ECF No. 335, ¶ 353. In *C.M.,*
15 Plaintiff seeks injunctive relief against MarinHealth to prevent it from disclosing sensitive patient
16 data to unauthorized entities. Notably, a form of relief not sought in the Meta Action. *Compare*
17 *C.M.*, ECF No. 1, pp. 58-59; *with Meta Action,* ECF No. 335, p. 135.

18       Accordingly, while both matters involve the use of the Pixel tracking tool, the issues at stake,
19 implications of court-ordered relief, and parties involved differ significantly between this case and
20 the Meta Action. *See Rosewolf v. Merck & Co.*, 2022 U.S. Dist. LEXIS 142710, at *9 (N.D. Cal.
21 Aug. 9, 2022) (denying consolidation where unique legal issues existed); *Davood v. Jimmanz*, 2021
22 U.S. Dist. LEXIS 233426, at *1 (E.D. Cal. Dec. 6, 2021) (denying consolidation because the cases
23 did not involve the common questions of law or fact and were brought against different defendants);
24 *Dodaro v. Standard Pac. Corp.*, 2009 U.S. Dist. LEXIS 136377, at *8 (C.D. Cal. Nov. 16, 2009)
25 ("common issues, while a prerequisite to consolidation, does not compel consolidation.").

26       Subjecting this case to the overarching framework of the Meta Action would needlessly
27 confuse this case's claims against MarinHealth with the vastly broader claims against Meta in the
28

already-consolidated cases. *See e.g., CDM Holdings Grp., LLC,* 2023 U.S. Dist. LEXIS 116962, at *5 (denying consolidation to avoid the risk of jury confusion given the complexity of the matters); *Snyder v. Nationstar Mortg. LLC*, No. 15-cv-03049-JSC, 2016 U.S. Dist. LEXIS 83924, at *7 (N.D. Cal. June 28, 2016) (denying plaintiff's motion to consolidate where consolidation would require the jury to weave back and forth between the two actions, each involving factually distinct issues).

Further, consolidating these distinct actions merely because they involve a certain software technology would make it much more difficult to assess and try the specific allegations involved in each case. *See Cleveland v. Ludwig Inst. for Cancer Rsch. Ltd.*, No. 19cv2141 JM(JLB), 2021 U.S. Dist. LEXIS 124445, at *8 (S.D. Cal. July 2, 2021) ("[W]hile the two cases have some factual similarities, [the] [p]laintiffs have alleged different causes of action in these cases, thereby presenting the court with different legal questions."). For instance, numerous cases nationwide have been filed against specific healthcare providers for allowing Meta access to private information via tracking technologies, including matters proceeding in this district, none of which name Meta as a defendant, like the present case brought by C.M.[1] To transfer and consolidate every such case into the Meta Action would be unmanageable and dilute the unique issues involved in each case—defeating the very purpose of efficient judicial proceedings. *See City of Sacramento v. Altstatt*, 2018 U.S. Dist. LEXIS 86063, at *5 (E.D. Cal. May 22, 2018) (consolidation is not appropriate where it leads to inefficiency, inconvenience, or unfair prejudice).

B. **The Actions Are in Vastly Different Stages of Litigation.**

The different stages at which *C.M.* and the Meta Action currently stand also weigh against consolidation. *See, e.g., Dilettoso v. Potter*, 243 F. App'x 269, 273 (9th Cir. 2007) (affirming denial of consolidation when upon considering the stages of litigation, consolidation "would have only caused needless delay and inconvenience"); *Tumbling v. Merced Irr. Dist.*, 2010 U.S. Dist. LEXIS 32561, 2010 WL 1340546, at *5 (E.D. Cal Apr. 1, 2010) ("Separate trial dates, differing stages of

---

[1] A brief search revealed several matters in this district; however, this list is not exhaustive. *See, e.g. Jefferson v. Healthline Media, Inc.* 2023 U.S. Dist. LEXIS 91174 (N.D. Cal. May 24, 2023) (similar against Healthline Media); *Doe v. Regents of the Univ. of Cal.,* 2023 U.S. Dist. LEXIS 80479 (N.D. Cal. May 6, 2023) (involving claims against Regents hospitals); *Quinto v. Regents of the Univ. of Cal.* 2023 U.S. Dist. LEXIS 17263 (N.D. Cal. Feb. 1, 2023) (similar).

discovery . . . all support the March 30 Order to deny Plaintiffs' motion to consolidate."); *Mills v. Beech Aircraft Corp., Inc.*, 886 F. 2d 758, 762 (5th Cir. 1989) ("Consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial.").

In *C.M.*, MarinHealth is scheduled to file its motion to dismiss on November 7, 2023, and the parties have yet to attend a case management conference or set a trial date. In contrast, the Meta Action has been proceeding for over a year. As a result, motions practice is underway and the parties have set trial dates and discovery deadlines. *See Meta Action,* ECF Nos. 287, 316. Since the Meta Action does not contain claims against MarinHealth, any consolidation would necessitate a new consolidated complaint to add the claims against MarinHealth. If another amended complaint is to be filed and coordinated with the entire leadership committee in Meta, the briefing on MarinHealth's motion to dismiss will be substantially delayed. Additionally, due to the complexity and breadth of the Meta Action, discovery in both cases will involve ***different*** needs and timelines. It is very likely that in the Meta Action, the parties will further extend the current schedule as they face various discovery delays from various third parties/hospitals, not involved in the instant action. In turn, if consolidated, this would only serve to delay the parties to the *C.M.* action. Thus, the two cases should proceed separately to allow the *C.M.* case to resolve claims in its own separate proceeding.[2]

Given the stark differences in parties, claims, and remedies sought, as well as the lack of benefit in consolidating *C.M.* with the Meta Action, the court should reject consolidation. *See Thomas Inv. Partners, Ltd. v. United States*, 444 F. App'x 190, 193 (9th Cir. 2011) (holding a court must weigh "the saving of time and effort consolidation would produce" against "any inconvenience, delay, or expense that it would cause.")

C. **The Actions Do Not Concern Substantially Same Parties, Transactions, or Events and Proceeding Separately Would Not Prejudice Any Party Nor Cause Conflicting Results.**

As discussed above, the actions do not concern "substantially the same parties, property, transaction, or event." *See* Civil L.R. 3-12(a)(1). Although both cases involve the Pixel tracking tool, they each present a multitude of unique facts and issues with minimal overlap. While Plaintiff

---

[2] Should this Court stay *MarinHealth* action, the outcome for C.M. and affected patients is even worse—significantly delaying the resolution, which will inevitably lead to loss of evidence.

1  *C.M.* agrees proceeding before the same judge may be beneficial, such a proceeding must be
2  separate, not consolidated with the Meta Action. *See, e.g.*, *Draper v. KCG Americas LLC*, 2018 U.S.
3  Dist. LEXIS 145660, at *7-8 (N.D. Cal. Aug. 27, 2018), *aff'd*, 804 F. App'x 859 (9th Cir. 2020)
4  (denying motion to consolidate where "the Court has already related the cases, which suffices in
5  terms of preserving judicial economy under these circumstances."); *Asus Computer Int'l v.
6  Interdigital, Inc.*, 2015 U.S. Dist. LEXIS 195785, at *4 (N.D. Cal. June 15, 2015) (finding cases not
7  related where, despite some factual similarities, there were a myriad case-specific facts and issues
8  that did not overlap); *ESS Tech., Inc. v. PC-Tel, Inc.*, No. C-01-1981 VRW, 2001 U.S. Dist. LEXIS
9  26350, at *16 (N.D. Cal. Nov. 28, 2001) (denying a motion to reconsider and finding the cases not
10 related despite the cases sharing "a common issue regarding the reasonableness of a license
11 proposal").

12  Thus, to the extent that some issues *may* overlap, there is no prejudice to any party in
13 proceeding separately. Given that the cases have been found to be related and brought before the
14 same judge, this has already alleviated any risk of inconsistent rulings. *See, e.g.*, *United States v.
15 Amin*, 2016 U.S. Dist. LEXIS 49565, at *6 (E.D. Cal. Apr. 4, 2016) (finding two cases were not
16 related where the facts surrounding the charges in cases were distinguishable); *Doe v. Meta
17 Platforms, Inc.*, Case No.: 22-cv-03580-WHO, ECF No. 346 (allowing plaintiff to file a motion to
18 sever to the extent plaintiff wishes to only address claims asserted against the medical entity at
19 issue). Ultimately, proceeding separately would avoid confusing issues for the jury, while allowing
20 the parties in separate cases to focus on the individualized, distinct legal and factual issues involved.

21  **II.   CONCLUSION**

22  Plaintiff respectfully requests that this Court deny consolidation of *C.M.* with the Meta
23 Action.

24  DATED: October 25, 2023                **CLARKSON LAW FIRM, P.C.**

25                                          */s/ Yana Hart*
26                                          Ryan Clarkson, Esq.
                                            Yana Hart, Esq.
27                                          Tiara Avaness, Esq.
                                            Valter Malkhasyan, Esq.
28

5

PLAINTIFF'S OBJECTIONS TO COURT ORDER RELATING CASES; OBJECTIONS TO
CONSOLIDATION; AND REQUEST TO SEPARATE THE ACTIONS