GIBSON, DUNN & CRUTCHER LLP
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:     (212) 351-4000
Facsimile:      (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone:     (415) 393-8200
Facsimile:      (415) 393-8306

ANDREW M. KASABIAN, SBN 313210
akasabian@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071 USA
Telephone:     (213) 229-7311
Facsimile:      (213) 229-6311

COOLEY LLP
MICHAEL G. RHODES, SBN 116127
rhodesmg@cooley.com
KYLE C. WONG, SBN 224021
kwong@cooley.com
CAROLINE A. LEBEL, SBN 340067
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:     (415) 693-2000
Facsimile:      (415) 693-2222

*Attorneys for Defendant Meta Platforms, Inc.
(formerly known as Facebook, Inc.)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-3580-WHO<br><br>**DEFENDANT META PLATFORMS, INC.'S *UNOPPOSED* ADMINISTRATIVE MOTION TO CLOSE NOVEMBER 7 HEARING ON PLAINTIFFS' MOTION (DKT. 275)**<br><br>CLASS ACTION<br><br>Hon. Virginia K. DeMarchi |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Local Rule 7-11 of the United States District Court for the Northern District of California, Defendant Meta Platforms, Inc. ("Meta") submits this Administrative Motion seeking to close the courtroom during the November 7, 2023 hearing on Plaintiffs' Motion for Sanctions to Enforce (Dkt. 275).

## I.  STATEMENT OF RELEVANT FACTS

On October 3, 2023, plaintiffs filed a Motion for Sanctions to Enforce Dkt. 275. Dkt. 323. Along with that motion, plaintiffs filed an administrative motion to seal portions of exhibits reflecting "the legal names, Facebook account URLs, and phone numbers of the Named Plaintiffs who are currently proceeding under Doe pseudonyms." Dkt. 325 at 3. Plaintiffs also filed a separate administrative motion to consider whether another party's (*i.e.*, Meta's) materials should be sealed, which noted that plaintiffs "redacted portions of their [sanctions motion], the Declaration of Jay Barnes in support thereof, and accompanying exhibits because they quote, summarize, or otherwise reflect information that Defendant Meta has designated 'Confidential' or 'Highly Confidential – Attorneys' Eyes Only'" under the protective order in this case. Dkt. 326 at 2. Meta filed a declaration in support of sealing its materials, explaining that these materials "reflect confidential business information, including information about Meta's proprietary data storage and filtering processes, which, if revealed, would put Meta at a competitive disadvantage in the marketplace and could impede Meta's integrity efforts." Dkt. 340 ¶ 2.

On October 17, 2023, Meta filed an opposition to plaintiffs' sanctions motion. Dkt. 349. Along with that opposition, Meta moved to seal portions of its opposition brief and various supporting documents. Dkt. 350. Those materials, Meta explained, "reflect Meta's internal proprietary, commercially sensitive, and confidential information"—specifically, details about "(i) the specific functions, capabilities, and uses of non-public, proprietary systems and data repositories used by Meta; and (ii) Meta's confidential, non-public system for classifying advertisers." *Id.* at 1. Public disclosure of that information could "place Meta at a competitive disadvantage in the marketplace" and "compromise the security of Meta's data processing and storage systems." *Id.* at 1–2. And "the information Meta s[ought] to seal—related to the specific innerworkings of Meta's internal processes

1   and systems—does not bear on the merits of plaintiffs' claims and is therefore not necessary to the
2   public's understanding of the case." *Id.* at 2.
3     On October 26, 2023, plaintiffs filed a reply in support of their sanctions motion. Dkt. 361.
4     A hearing on plaintiffs' motion is set for Tuesday, November 7, 2023, at 10:00 AM before
5   Judge DeMarchi.
6     Meta conferred with plaintiffs on this motion and plaintiffs do not oppose the November 7
7   hearing being closed. However, plaintiffs stated that they reserve all rights to challenge whether any
8   of the documents filed (or portions therefore) should be sealed *after* the hearing.

9   **II.   ARGUMENT**

10    This Court should close the hearing on plaintiffs' motion because (1) the motion (and Meta's
11  opposition to the motion) relies in significant part on confidential materials that have been filed under
12  seal, and (2) avoiding any discussion of those confidential, sealed materials would inhibit the Court's
13  and Meta's ability to fully air the issues.
14    *First*, the reasons supporting sealing of the materials in plaintiffs' motion and Meta's opposition
15  are explained in detail in Meta's declaration in support of plaintiffs' administrative motion to consider
16  whether another party's material should be sealed (Dkt. 340) and Meta's own motion to seal (Dkt. 350).
17  As those documents explain, the "good cause" test applies because the "sealed materials [are] attached
18  to a discovery motion unrelated to the merits of [the] case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*,
19  809 F.3d 1092, 1097 (9th Cir. 2016); *see also, e.g.*, *In re Google RTB Consumer Priv. Litig.*, 2023 WL
20  5667891, at *1 (N.D. Cal. Aug. 21, 2023) (DeMarchi, J.) ("The discovery hearing at issue here does
21  not address the merits of either party's claims or defenses, so the Court will apply the 'good cause'
22  standard of Rule 26(c)."); *Skillz Platform Inc. v. AviaGames Inc.*, 2023 WL 7003695, at *1 (N.D. Cal.
23  Oct. 23, 2023) (following *In re Google RTB*). Further, the bases for sealing the materials underlying
24  plaintiffs' motion and Meta's opposition would satisfy the higher "compelling reasons" standard that
25  applies to dispositive motions, too. *In re Google RTB*, 2023 WL 5667891, at *1; *see* Dkt. 157 at 3
26  (Judge Orrick confirming, in this case, that "competitive harm is a compelling reason to seal"); Dkt.
27  340 ¶ 4 (collecting cases); Dkt. 350 at 3 (same). As explained in Meta's sealing papers, the materials
28  at issue here satisfy these standards for numerous reasons—for example, they "reflect confidential

1  business information, including information about Meta's proprietary data storage and filtering
2  processes, which, if revealed, would put Meta at a competitive disadvantage in the marketplace and
3  could impede Meta's integrity efforts," Dkt. 340 ¶ 2; they "could compromise [Meta's] network
4  infrastructure and security systems," *id.* ¶ 4 (quotation marks omitted); they "describe in detail (i) the
5  specific functions, capabilities, and uses of non-public, proprietary systems and data repositories used
6  by Meta; and (ii) Meta's confidential, non-public system for classifying advertisers," Dkt. 350 at 1;
7  they "reveal details about non-public systems and processes that are essential to Meta's receipt,
8  processing, storage, and use of data," *id.* at 3; disclosure "could allow bad actors to infiltrate and exploit
9  Meta's systems, and misuse the data within those systems," *id.*; and disclosure "is unnecessary to the
10 public's understanding of this case," *id.* at 4. *See also* Dkt. 340 at 4–8 (table identifying specific reasons
11 to seal each piece of information at issue); Dkt. 350 at 5–7 (same).

*Second*, opening this hearing to the public—which would require counsel and the Court to avoid mentioning the sealed information—would inhibit a full and productive discussion of the issues at stake. The issues raised in plaintiffs' motion and Meta's opposition turn on the details of Meta's confidential data systems and documents relating to those systems, and a productive discussion of those issues will require the parties to discuss those details. *See, e.g.*, Dkts. 326-11, 326-12, 350-7 (exhibits regarding Meta's data systems that are especially likely to be discussed). But the parties cannot engage in that discussion in an open hearing without divulging Meta's confidential information. As a result, there are no alternatives to closure that would protect Meta's compelling interests in maintaining the confidentiality of the materials filed under seal. *Cf. In re Google RTB*, 2023 WL 5667891, at *1–2 (denying motion to seal portions of hearing transcript where hearing had already been "open to the public").

### III. CONCLUSION

Meta respectfully requests that the Court close the November 7, 2023 hearing on plaintiffs' sanctions motion.

| | |
|---|---|
| Dated: November 3, 2023 | **GIBSON, DUNN & CRUTCHER LLP**<br>By:  */s/ Lauren R. Goldman*<br>       Lauren R. Goldman |
| | **COOLEY LLP**<br>By:  */s/ Michael G. Rhodes*<br>       Michael G. Rhodes |
| | *Attorneys for Meta Platforms, Inc.* |

## CIVIL L.R. 5-1(h)(3) ATTESTATION

Pursuant to Civil Local Rule 5-1(h)(3), I, Lauren R. Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

| | |
|---|---|
| Dated: November 3, 2023 | **GIBSON, DUNN & CRUTCHER LLP**<br>By:  */s/ Lauren R. Goldman*<br>       Lauren R. Goldman |