United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 22-cv-03580-WHO (VKD)<br><br>**ORDER RE MOTIONS TO SEAL RE PLAINTIFFS' MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 325, 326, 350 |

The parties have filed several motions to seal in connection with plaintiffs' pending motion for discovery sanctions (Dkt. No. 323). *See* Dkt. Nos. 325, 326, 350. Upon consideration of the moving and responding papers, the Court issues the following order on the sealing motions:

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). A party seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c). *Id*. at 1098-99; *Kamakana*, 447 F.3d at 1179-80.

**A. Plaintiffs' Motion to Seal (Dkt. No. 325)**

On October 3, 2023, plaintiffs moved to seal portions of two exhibits submitted in support of their motion for discovery sanctions. Plaintiffs state that sealing is warranted to protect the

names, Facebook account URLs, and phone numbers of certain named plaintiffs who currently are proceeding under Doe pseudonyms. *See* Dkt. Nos. 325, 325-1. No objection or opposition has been filed with respect to this sealing motion, and the time for doing so has passed. *See* Civil L.R. 79-5(c); *see also* Civil L.R. 7-11. Good cause appearing, the Court grants plaintiffs' request to seal the following portions of Exhibits 2 and 35 to the Declaration of Jay Barnes:

- Exhibit 2 (Dkt. No. 325-3), highlighted portions of pages 3-4
- Exhibit 35 (Dkt. No. 325-4), highlighted portions of page 1.

That information is, in any event, immaterial to the resolution of the pending motion for discovery sanctions. *See Ehret v. Uber Techs., Inc.*, No. 14-cv-00113-EMC, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015). The unredacted versions of those documents shall remain under seal.

**B. Plaintiffs' Motion to Seal (Dkt. No. 326)**

On October 3, 2023, plaintiffs moved to seal portions of their motion for discovery sanctions, as well as certain exhibits submitted in support of that motion (in their entirety), and portions of certain other such exhibits. Dkt. No. 326. Plaintiffs request that these materials be sealed because defendant Meta designated them "Confidential" pursuant to the protective order (*see* Dkt. Nos. 242, 291). Plaintiffs do not take a position on whether the information has been appropriately designated "Confidential" or should be sealed. *Id.* In response to that motion, Meta's counsel submitted a declaration stating that the subject information contains non-public information regarding Meta's data flow processes, data processing and storage systems and tools, filtration systems, and advertiser classification systems that, if revealed, could put Meta at a competitive disadvantage. *See* Dkt. No. 340. However, Meta proposes that sealing should be applied to a narrower scope of information than indicated in plaintiffs' sealing motion. *See id.*; *see also* Dkt. Nos. 336-339.

Meta correctly notes that Judge Orrick has granted motions to seal similar information regarding Meta's filtration systems. *See* Dkt. No. 157. However, at around the same time the parties briefed the present sealing motion, Judge Orrick *unsealed* most of that information, pursuant to the parties' stipulation. *See* Dkt. No. 331, 342. It is not clear that the unsealed information is the same as the information that Meta now asks this Court to seal. Absent any

United States District Court
Northern District of California

information to the contrary, and good cause appearing, the Court grants plaintiffs' motion to seal its motion for sanctions and supporting exhibits, as narrowed by Meta.

Accordingly:

1. The public shall have access to the documents filed at Dkt. Nos. 326-6, 326-9, 326-14, and 326-19;

2. The unredacted versions of the documents filed at Dkt. Nos. 326-7, 326-10 through 326-12, and 326-20 shall remain under seal; and

3. The public shall have access only to the versions of the documents filed at Dkt. Nos. 336–339 that contain the following redactions:

| Documents | Portions of Documents to be Sealed |
|---|---|
| Notice of Motion, filed by Plaintiffs at Dkt. 326-2 | Page 2, Line 24 (highlighted in Dkt. 336)<br>Page 5, Lines 14–15 (highlighted in Dkt. 336) |
| Motion to Enforce, filed by Plaintiffs at Dkt. 326-2 | Page 7, Lines 12–13, 19 (highlighted in Dkt. 336)<br>Page 12, Line 9 (highlighted in Dkt. 336)<br>Page 13, Lines 20, 22, 24 (highlighted in Dkt. 336)<br>Page 19, Lines 4–5 (highlighted in Dkt. 336)<br>Page 20, Lines 4–5 (highlighted in Dkt. 336)<br>Page 21, Line 25 (highlighted in Dkt. 336)<br>Page 23, Line 1 (highlighted in Dkt. 336) |
| Proposed Order Granting Motion to Enforce, filed by Plaintiffs at Dkt. 326-3 | Page 2, Line 11 (highlighted in Dkt. 337) |
| Barnes Declaration, filed by Plaintiffs at Dkt. 326-4 | Page 4, Line 2 (highlighted in Dkt. 338)<br>Page 5, Lines 11–12, 20 (highlighted in Dkt. 338)<br>Page 10, Lines 1–15, 17 (highlighted in Dkt. 338)<br>Page 11, Lines 1–15, 17 (highlighted in Dkt. 338)<br>Page 12, Lines 1, 3 (highlighted in Dkt. 338) |
| Exhibit 3 to Barnes Declaration, filed by Plaintiffs at Dkt. 326-5 | Portions of pages 1–3 (highlighted in Dkt. 339) |
| Exhibit 9 to Barnes Declaration, filed by Plaintiffs at Dkt. 326-8 | Portion of page 1 (highlighted in Dkt. 339-1) |

| Documents | Portions of Documents to be Sealed |
|---|---|
| Exhibit 20 to Barnes Declaration,, filed by Plaintiffs at Dkt. 326-13 | Portions of pages 2–4 (highlighted in Dkt. 339-2) |
| Exhibit 31 to Barnes Declaration, filed by Plaintiffs at Dkt. 326-15 | Portions of page 1 (highlighted in Dkt. 339-3) |
| Exhibit 32 to Barnes Declaration, filed by Plaintiffs at Dkt. 326-16 | Portions of pages 1–2 (highlighted in Dkt. 339-4) |
| Exhibit 34 to Barnes Declaration, filed by Plaintiffs at Dkt. 326-17 | Portions of page 2 (highlighted in Dkt. 339-5) |
| Exhibit 42 to Barnes Declaration, filed by Plaintiffs at Dkt. 326-18 | Portions of pages 2–4 (highlighted in Dkt. 339-6) |

Plaintiffs shall e-file revised redacted versions of the subject documents, consistent with the above rulings, by **November 16, 2023**.

**C. Defendant's Motion to Seal (Dkt. No. 350)**

On October 17, 2023, Meta filed a motion to seal portions of Meta's opposition brief re plaintiffs' motion for discovery sanctions, as well as certain exhibits submitted in support of Meta's opposition (in their entirety), and portions of certain other such exhibits. Dkt. No. 350. Meta's counsel has submitted a declaration stating that the subject information should be sealed because it contains non-public information regarding Meta's advertiser classification system, data processing and storage systems and tools, as well as information about Meta's processes for receiving and storing data transmitted in connection with the Pixel tool, and the information that Meta collects which, if revealed, could put Meta at a competitive disadvantage. *See* Dkt. No. 350-1. No objection or opposition has been filed with respect to this sealing motion, and the time for doing so has passed. *See* Civil L.R. 79-5(c); *see also* Civil L.R. 7-11.

Good cause appearing, the Court grants Meta's sealing motion as follows:

| Documents | Portions of Documents to be Sealed |
|---|---|
| Meta's Opposition | Page ii, Lines 22 and 24<br>Page 4, Lines 1, 4-5, 14-15, 27-28<br>Page 5, Lines 1-2, 4-5, 10-11, 17-20<br>Page 6, Lines 1-15, 20-25 |

United States District Court
Northern District of California

United States District Court
Northern District of California

| Documents | Portions of Documents to be Sealed |
|---|---|
| | Page 7, Lines 3-5, 7-9, 11-18, 26-27<br>Page 8, Lines 1-15, 18-19, 21-28<br>Page 9, Lines 2-3, 5-17<br>Page 13, Lines 1-2<br>Page 14, Lines 15-16, 20-21<br>Page 15, Lines 2-4, 23<br>Page 16, Lines 4-8, 19-20, 23<br>Page 17, Lines 3, 9, 21-23, 25-26<br>Page 18, Lines 6-8, 10, 21-24<br>Page 19, Lines 3, 5, 7, 12-13 |
| Harris Declaration | Page 2, Line 21 |
| Exhibit 2 to Harris Declaration | Pages 2-8, 11 |
| Exhibit 3 to Harris Declaration | Entire Document |
| Exhibit 4 to Harris Declaration | Entire Document |
| Exhibit 7 to Harris Declaration | Page 10, Line 20 |
| Wooldridge Declaration | Page 1, Lines 17-19, 21-23, 26-27<br>Page 2, Lines 1-2, 4-6, 9-11, 22-24, 27-28<br>Page 3, Lines 3, 5, 7, 9-11, 13-16, 19-20, 22-24,<br>Page 4, Lines 1-2, 6-7 |

The unredacted versions of these documents shall remain under seal.

**IT IS SO ORDERED.**

Dated: November 6, 2023

Virginia K. DeMarchi
Virginia K. DeMarchi
United States Magistrate Judge