UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br>All Actions. | Case No. 22-cv-03580-WHO (VKD)<br><br>**REDACTED VERSION**<br><br>**ORDER RE PLAINTIFFS' RULE 37 MOTION FOR SANCTIONS**<br>Re: Dkt. No. 323 |

Plaintiffs move for sanctions against defendant Meta Platforms, Inc. ("Meta") on the ground that Meta failed to comply with this Court's prior discovery order regarding plaintiffs' Requests for Production ("RFPs") Nos. 5-7. Dkt. No. 323; *see* Dkt. No. 275. Meta opposes the motion, contending that it has fully complied. Dkt. No. 349. The Court held a hearing on this matter on November 7, 2023. Dkt. No. 374.

For the reasons explained below, the Court concludes that Meta has completed its production of documents responsive to RFP 5, but has not completed its production of documents responsive to RFPs 6 and 7. The Court orders Meta to complete its production of documents responsive to RFPs 6 and 7, as set out below. The Court does not impose sanctions under Rule 37 or otherwise.

I.  **BACKGROUND**

At issue are plaintiffs' RFPs 5-7. Dkt. No. 324-1 at ECF 3. In connection with a prior discovery dispute concerning these same requests, Meta agreed to produce responsive documents by June 30, 2023. *See* Dkt. No. 247 at 3, 4. The Court ordered Meta to produce responsive documents by June 30, 2023. Dkt. No. 275.

Plaintiffs contend that, in violation of this Court's order, Meta failed to produce documents responsive to RFPs 5-7. Plaintiffs seek an order requiring Meta to produce documents "concerning" several purported data sources as well as Meta's Filter; the fields within each such data source; and "[c]orresponding data flow, including through Meta's backend systems such as Hive and the list [of purported data sources]." Dkt. No. 323 at 22-23. Meta responds that plaintiffs demand the production of documents that are outside the scope of RFPs 5-7, and insists that it has already produced documents responsive to these request, in full compliance with the Court's prior order. Dkt. No. 349 at 1.

## II.  DISCUSSION

If a party fails to obey an order to provide discovery, a court may order sanctions. Fed. R. Civ. P. 37(b)(2)(A). Instead of or in addition to other sanctions, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

### A.  RFP 5: Data flow

Plaintiffs' RFP 5 asks for "[d]ocuments sufficient to show the data flow through which Meta receives information via the Meta Pixel deployed on Medical Provider Web-Properties." Dkt. No. 324-1 at ECF 3. Meta produced at least two responsive documents: (1) a detailed schematic that shows the "data flow" for data Meta receives from a Pixel deployed on a third-party webpage, as well as ▌▌▌▌▌▌▌▌▌▌ (Pixel_Health000000064); (2) a document from Meta's internal wiki called "How the Meta Pixel works" (Pixel_Health000000057-63), which includes ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ Dkt. No. 349 at 5-6; Dkt. 349-1 ¶¶ 4-10; Dkt. No. 326-12; Dkt. No. 349-5. In addition, Meta has made its source code available for inspection by plaintiffs' experts, which will permit a detailed analysis of how Pixel data is received, re-directed, and stored by Meta. Dkt. No. 349 at 22-23.

In their opening motion, plaintiffs complain that Meta failed to produce "discovery related

to the Pixel Filter, a tool that Meta has acknowledged would impact the data flow." Dkt. No. 323 at 10. In their reply brief, plaintiffs also complain that Meta's production does not include more detailed information about each step of the data flow reflected in the two documents described above. *See* Dkt. No. 361 at 5-7.

Plaintiffs' arguments are not well taken. In RFP 5, plaintiffs asked for documents "*sufficient to show* the data flow through which Meta *receives* information via the Meta Pixel." They did not ask for documents showing the entirety of the data flow from the third-party webpage through Meta's internal systems or for documents detailing what happens at every step of the data flow. More importantly for purposes of this motion, the Court never ordered Meta to make such a production in response to RFP 5. *See* Dkt. No. 275. In any event, Meta explained during the hearing that the schematic it has already produced (Pixel_Health000000064) shows the location of the Filter. Dkt. No. 374. Moreover, Meta has already agreed to produce source code relating to the Filter for inspection by plaintiffs' experts. Dkt. No. 349 at 20.

The Court denies plaintiffs' motion with respect to RFP 5.

### B.     RFPs 6 and 7:  Data sources, fields

Plaintiffs' RFP 6 asks for "[d]ocuments sufficient to identify the databases, logs, or other electronic sources where Meta receives, re-directs, or stores event-level and/or derived data collected through and associated with the Meta Pixel for Medical Provider Web-Properties." Dkt. No. 324-1 at ECF 3. RFP 7 asks for "[d]ocuments sufficient to identify and describe each of the fields in databases, logs, or other electronic sources where Meta receives, re-directs, or stores event-level and/or derived data collected through and associated with the Meta Pixel for Medical Provider Web-Properties . . . [including] data dictionaries." *Id.* In response to RFP 6, Meta says that no single document comprehensively identifies each of the data sources where Meta receives, re-directs, or stores even-level or derived Pixel-related data, but it contends that the principal data sources are identified in documents it has already produced, including the two documents described above that are responsive to RFP 5. *See* Dkt. No. 349 at 6-9; Dkt. No. 349-1 ¶¶ 4-10. In response to RFP 7, Meta produced one document that shows the fields and events Meta receives from third-party webpages via the Pixel, including descriptions of those fields and events. *See*

3

Dkt. No. 349 at 9-10; Dkt. No. 349-2, Ex. 5.

Plaintiffs contend that Meta has not fully responded to RFPs 6 and 7 because it has not produced documents identifying several data sources that plaintiffs believe are within the scope of these requests, and because it has not produced documents reflecting the fields/descriptions for each distinct, responsive data source. *See* Dkt. No. 323 at 5-14; Dkt. No. 361 at 7-11.

The Court agrees with plaintiffs that Meta's production in response to RFPs 6 and 7 is incomplete. However, plaintiffs have not shown that they are entitled to the full extent of production they demand in response to these RFPs. Having considered the briefing, supporting materials, and the arguments at the hearing, the Court concludes that the following data sources are responsive to RFP 6: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ To the extent these data sources have fields, Meta shall produce documents sufficient to identify and describe each of the fields in response to RFP 7. If Meta contends that its source code is the only place that identifies and/or describes a particular field, Meta shall so state in writing in response to RFP 7.

Plaintiffs have not shown that the following data sources contain Pixel data or are otherwise responsive to RFP 6 or RFP 7, or that Meta failed to produce documents from these sources in violation of the Court's prior order: Everstore, Manifold, TAO, MySQL, ZippyDB/Akkio, Memcache, Laser, Puma, Swift, Stylus, ▓▓▓▓, EventScribe, LogDevice, Meta's Data Lakehouse, and "log sources" other than the Hive tables.

Although the Court concludes that Meta's production of documents reccsponsive to RFPs 6 and 7 is incomplete, the Court finds that no sanctions are warranted under Rule 37 or otherwise.

### III. CONCLUSION

Meta must complete its production of documents responsive to RFPs 6 and 7, consistent with this order, by **December 11, 2023**. Plaintiffs' motion is denied in all other respects.

---

[1] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**IT IS SO ORDERED.**

Dated: November 13, 2023

Virginia K. DeMarchi
United States Magistrate Judge