Jason 'Jay' Barnes (admitted *pro hac vice*)
*jaybarnes@simmonsfirm.com*
**SIMMONS HANLY CONROY LLP**
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel:     212-784-6400
Fax:     212-213-5949

Jeffrey A. Koncius, State Bar No. 189803
*koncius@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel:     310-854-4444
Fax:     310-854-0812

*Attorneys for Plaintiffs*
JOHN DOE, JANE DOE I, JANE DOE II, and
JOHN DOE II, and DOE, on behalf of
themselves and all others similarly situated

[*Additional counsel listed on signature page*]

Geoffrey Graber, State Bar No. 211547
*ggraber@cohenmilstein.com*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel:     202-408-4600
Fax:     202-408-4699

Beth E. Terrell, State Bar No. 178181
*bterrell@terrellmarshall.com*
**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.:     206-816-6603
Fax:     206-319-5450

Andre M. Mura, State Bar No. 298541
*amm@classlawgroup.com*
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.:     510-350-9700
Fax:     510-350-9701

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | **Case No. 3:22-cv-03580-WHO (VKD)**<br><br>CLASS ACTION<br><br>**PLAINTIFFS' STATEMENT IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE FILED UNDER SEAL**<br><br>Judge: Hon. William H. Orrick |

## I.   INTRODUCTION

This is a privacy case concerning Defendant Meta Platforms, Inc.'s ("Meta") unlawful tracking, collection, and monetization of Americans' private health information from Health Care Provider web properties in the United States. Meta's Motion to Dismiss Plaintiffs' First Amended Consolidated Class Action Complaint ("Motion to Dismiss") reveals personally identifiable and protected health information about each Plaintiff, including their treating doctors, conditions, and treatment options.

Plaintiffs hereby join Meta in their Administrative Motion to Seal (Dkt. No. 388) and also seek to seal portions of Meta's Motion to Dismiss pursuant to Civil Local Rule 79-5(c)(1), the Stipulated Protective Order entered by the Court (Dkt. No. 242), and an order entered by the Court on November 6, 2023, granting Plaintiffs' Administrative Motion to Seal (Dkt. No. 368).

## II.   LEGAL ARGUMENT

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The right, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135. *See also Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178, 1180 (9th Cir. 2006) (good cause showing suffices to overcome the presumption under certain circumstances). Because the information sought to be sealed would reveal Plaintiffs' personally identifiable and protected health information, compelling reasons exist to seal those portions of Meta's Motion to Dismiss.

Courts permit sealing of "personal identifiers and confidential medical and health information." *Ennis v. Life Ins. Co.*, No. 3:18-cv-01617-WHO, 2018 U.S. Dist. LEXIS 163442, at *10 (N.D. Cal. Sept. 24, 2018) (finding information was protected by HIPAA and the California Constitution); *see also Turner v. United States*, No. 17-cv-02265-WHO, 2018 U.S. Dist. LEXIS 229612, at *13 (N.D. Cal. Oct. 9, 2018). Here, Plaintiffs seek to seal only information that details the Named Plaintiffs' conditions for which they sought treatments and the names of their health care providers—in other words, information that constitutes personally identifiable and

protected health information and is not already "readily available" to the public. *See Chadam v. Palo Alto Unified Sch. Dist.*, No. C 13–4129 CW, 2014 U.S. Dist. LEXIS 11236, at *17 (N.D. Cal. Jan. 29, 2014). Courts have found good cause to seal this type of information. *See, e.g., Vangieson v. Austin*, 2021 U.S. Dist. LEXIS 166040, at **3-4 (S.D. Cal. Aug. 16, 2021) (sealing narrative description revealing information about diagnoses, symptoms, and treatment); *Campbell v. Facebook Inc.*, 2015 U.S. Dist. LEXIS 140733, at **19-20 (N.D. Cal. Oct. 15, 2015) (sealing specific URLs intercepted by Meta). Moreover, Plaintiffs have narrowly tailored their sealing to try and maximize Named Plaintiffs' privacy without sacrificing any details that would inform the public about the claims and defenses relevant to this lawsuit. Only select words are redacted, and only in the descriptions of Named Plaintiffs' communications regarding their personally identifiable and protected health information, including their treating doctors, conditions, and treatment.

Courts across the country and within the Ninth Circuit have recognized that the need to protect medical privacy qualifies as a "compelling reason" for sealing court records. *See, e.g., Steven City Broomfield v. Aranas*, No. 17-00683, 2020 U.S. Dist. LEXIS 87484, at *2 (D. Nev. May 19, 2020); *Bruce v. Azar*, 389 F. Supp. 3d 716, 727 (N.D. Cal. 2019); *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. 10-02258, 2011 U.S. Dist. LEXIS 4100, at *2 n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Emp'rs Mut. Ins. Co.*, No. 09-00545, 2010 U.S. Dist. LEXIS 120881, at *1-2 (D. Haw. Nov. 15, 2010); *G. v. Hawaii*, No. 08-551, 2010 U.S. Dist. LEXIS, at *1-2 (D. Haw. June 25, 2010); *Wilkins v. Ahern*, No. 08-1084, 2010 U.S. Dist. LEXIS 110927 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare All. Corp.*, No. 08-2381, 2009 U.S. Dist. LEXIS 41693, at * 1 (D. Ariz. May 4, 2009).

If the Court finds that compelling reasons exist, it must still "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety* v. *Chrysler Group, LLC*, 809 F.3d 1092, 1097 (citing *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Factors relevant to that balancing test include the public interest "in understanding the judicial process" (*Pintos*, 605 F.3d at 679 n.6), whether disclosure of the material could result in improper use of it (*id.*), and the volume of material

PLAINTIFFS' STATEMENT IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE
MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE FILED UNDER SEAL

1  sought to be sealed. *Algarin v. Maybelline, LLC*, No. 12-cv-3000-AJB, 2014 U.S. Dist. LEXIS

2  23882, at *4 (S.D. Cal. Feb. 21, 2014).

3      Here, disclosure of the information at issue would not serve the public interest or aid the

4  public in understanding the merits of the case. The meaning and import of Meta's Motion to

5  Dismiss in no way depends on enabling the reader to know the Plaintiffs' personally identifiable

6  and protected health information. Instead, to the extent such information is of interest to members

7  of the public at all, personally identifiable and protected health information could be obtained by

8  bad actors, and expose Plaintiffs' private personally identifiable and protected health information

9  with no meaningful gain in the public's ability to understand these proceedings. The substantial

10 consequences of such exposure would amplify the harm Plaintiffs seek to redress and prejudice

11 the very privacy rights they seek to enforce in this action.

12     For the foregoing reasons, Plaintiffs join Meta in its Administrative Motion to Seal the

13 following portions of Meta's Motion to Dismiss:

| Document | Portion(s) to Seal | Evidence Offered in Support of Sealing |
|---|---|---|
| Meta's Motion to Dismiss | Highlighted portions of page 5, lines 7-9, 10-11, 13-16, 17-18, 19-21, 22-23 | Reveals information about plaintiffs' treating doctors, conditions, and treatment options. |
| Meta's Motion to Dismiss | Highlighted portions of page 6, lines 1-3 | Reveals information about plaintiffs' treating doctors, conditions, and treatment options. |

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

III.    **CONCLUSION**

Plaintiffs respectfully ask the Court to seal the information identified above.

Dated: November 22, 2023

By: */s/ Mahnam Ghorbani*
    Mahnam Ghorbani

Jason "Jay" Barnes, *Admitted Pro Hac Vice*
Email: jaybarnes@simmonsfirm.com
Eric S. Johnson, *Admitted Pro Hac Vice*
Email: ejohnson@simmonsfirm.com
An V. Truong, *Admitted Pro Hac Vice*
Email: atruong@simmonsfirm.com
Jennifer Paulson, *Admitted Pro Hac Vice*
Email: jpaulson@simmonsfirm.com
**SIMMONS HANLY CONROY LLC**
112 Madison Avenue, 7th Floor
New York, New York 10016
Telephone: (212) 784-6400

Geoffrey Graber, CSB #211547
Email: ggraber@cohenmilstein.com
Eric Kafka, *Admitted Pro Hac Vice*
Email: ekafka@cohenmilstein.com
Claire Torchiana, CSB #330232
Email: ctorchiana@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Paul R. Kiesel, CSB #119854
Email: kiesel@kiesel.law
Jeffrey A. Koncius, CSB #189803
Email: koncius@kiesel.law
Nicole Ramirez, CSB #279017
Email: ramirez@kiesel.law
Mahnam Ghorbani, CSB #345360
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Telephone: (310) 854-4444
Facsimile: (310) 854-0812

Beth E. Terrell, CSB #178181
Email: bterrell@terrellmarshall.com
Amanda M. Steiner, CSB #190047
Email: asteiner@terrellmarshall.com

PLAINTIFFS' STATEMENT IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE
MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE FILED UNDER SEAL

Benjamin M. Drachler, *Pro Hac Vice Pending*
Email: bdrachler@terrellmarshall.com
**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Andre M. Mura, CSB #298541
Email: amm@classlawgroup.com
Hanne Jensen, CSB #336045
Email: hj@classlawgroup.com
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

*Attorneys for Plaintiffs and Proposed Class*

PLAINTIFFS' STATEMENT IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE
MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE FILED UNDER SEAL