March 15, 2024

Judge Virginia K. DeMarchi
San Jose Courthouse, Courtroom 2 – 5th Floor
280 South 1st Street
San Jose, CA 95113

**Re:**   *In re Meta Pixel Healthcare Litigation*, **Case No. 22-cv-03580-WHO (VKD)**

Dear Judge DeMarchi,

Pursuant to the Court's Standing Order, Plaintiffs and Meta Platforms, Inc. ("Meta") submit this joint discovery dispute letter.

## A.   STATEMENT OF THE DISPUTE REQUIRING RESOLUTION

On December 1, 2023, Meta produced a privilege log with 214 entries.  The parties' privilege disputes that require resolution are:

(1) Whether Meta has and should "separately log" each email in a thread;

(2) Whether Meta should provide more informative descriptions for all of its privilege log entries;

(3) Whether Meta should provide the names of individuals associated with four non-custodial email addresses identified on its privilege log; *and*

(4) Whether the Court should review documents associated with 58 privilege log entries drawn from six email threads *in camera* to assess plaintiffs' challenges to Meta's privilege claims.

## B.   PLAINTIFFS' POSITION

## I.   The Court Should Order Meta to Produce Privilege Logs That Comply with Parties' ESI Order Addendum

### a.   The Court Should Order Meta to Log Every E-mail in a Thread

The Parties agreed, and the Court ordered, that *"The Producing Party must separately log every email in a thread.* If the Producing Party is withholding any part of an email thread based on a claim of privilege or other protection, that party must produce all parts of the thread that are not privileged. Each withheld communication in an email string shall be separately logged as described above." Parties' ESI Addendum ("ESI Addendum"); ECF 352 at 3, ¶8(d)(iv) (emphasis added).

Notwithstanding this requirement, Meta has *not* separately logged every email withheld in each thread.  *See e.g.*, PIXEL_HEALTH000031121 (Redacted email at -31122 was not logged); -32144 (Redacted emails at -32148 through -32155 were not logged). This failure is also evident from the page counts of entirely withheld threads. *See e.g.*, Priv. IDs 117–126.

Separate logging of every e-mail in a thread is needed for the parties to effectively evaluate privilege assertions. "Each email is a separate communication, for which a privilege may or may not be applicable." *Baxter Healthcare Corp. v. Fresenius Med. Care Holding, Inc*., 2008 WL 4547190, at *1 (N.D. Cal. Oct. 10, 2008).

Thus, courts have repeatedly held that, "each individual email withheld as privileged within an email thread must be logged" to allow "the parties and the Court to effectively evaluate the basis of the privilege asserted. *In re Bystolic Antitrust Litig*., 2021 WL 878568, at *4 (S.D.N.Y. Mar. 9, 2021); *see also U.S. v. Davita, Inc*., 301 F.R.D. 676, 685 (N.D. Ga. 2014) (collecting cases) reconsid. granted on other grounds, 2014 WL 11531065 (N.D. Ga. May 2021); *VLSI Tech. LLC v. Intel Corp.,* 2019 WL 13253478, at *7 (N.D. Cal. Jan. 18, 2019); *Sia Chue Yang v. Schwarzenegger*, No. C 09-2306 CW (JL), 2010 WL 11587074, at *1 (N.D. Cal. May 12, 2010). Meta's argument that it could not have withheld e-mails that did not include custodians or search terms belies common sense – those communications are part of responsive e-mail strings that hit on search terms and custodians, and so would have been produced in full absent the assertion of privilege. Nor does Meta substantiate its claims of burden.

The Court should order Meta to separately log every withheld email in email threads.

**b.  The Court Should Order Meta to Abide by Section 8(d)(iii) of ESI Addendum**

The parties agreed, and the Court ordered, that each entry must contain a "description…that is sufficiently detailed and informative to justify the privilege or protection claimed." ESI Addendum, ¶8(d)(iii); *see also* Fed. R. Civ. P. 26(b)(5)(A)(ii).

It is incumbent upon the party claiming opinion work product protection to explain specifically how disclosure would reveal the attorney's legal impressions and thought processes. *In re Lidoderm Antitrust Litig*., 2016 WL 419161, at *22 (N.D. Cal. Aug. 9, 2016) (WHO). Meta has not done so here.

Instead, Meta has provided conclusory descriptions that do not provide sufficient information to justify every element of the privilege and/or work product immunity claimed. *See e.g., Bowne of New York City, Inc. v. AmBase Corp*., 150 F.R.D. 465, 474 (S.D.N.Y.1993) ( "[T]he standard for testing the adequacy of the privilege log is whether, as to each document, it sets forth specific facts that… would suffice to establish each element of the privilege or immunity that is claimed."); *Hynix Semiconductor Inc. v. Rambus Inc*., 2008 WL 350641, at *3 (N.D. Cal. 2008); *Scalia v. Intl. Longshore and Warehouse Union*, 336 F.R.D. 603, 619 (N.D. Cal. 2020); *LD v. United Behavioral Health*, 2022 WL 4878726, *6-7 (N.D. Cal. Oct. 3 2022). For example, 101 of Meta's 214 entries are described in some way as relating to "data privacy issues."

The Court should order Meta to provide detailed and information descriptions for its withheld documents.

**c.  The Court Should Order Meta to Provide Names on Distribution Lists**

Under the ESI Addendum, the producing party must provide "all senders and recipients,

including copyees and blind copyees" for each log entry. ESI Addendum; ¶8(d)(iii)(5). But, for ten entries on its privilege log, Meta listed distribution lists instead of naming the individuals on the distribution lists. *See* PRIV IDs 76, 77, 78, 79, 80, 81, 102, 103, 104, 142. The Court should order Meta to provide the names of the individuals included on distribution lists for the current log, which are ███████████████████████████████████████████████ ████████████████████████████████ Meta has never offered to provide these names.

The individuals included on a distribution list are relevant because they provide insight into whether a communication was distributed so widely as to be outside the sphere of privilege. *See In re Google RTB Consumer Privacy Litig* 2022 WL 17072016, at *5 (N.D. Cal. Nov. 17, 2022) (ordering defendant to provide the current membership of distribution lists, a description of the nature of the list, and a statement indicating whether the list included any recipients who were not employees); *Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*, 16-cv-00236-WHO (DMR), ECF 459 at *2 (N.D. Cal. February 06, 2019); *F.T.C. v. GlaxoSmithKline*, 294 F.3d 141, 147 (D.C. Cir. 2002).

## II.   Plaintiffs Ask the Court to Review Subset of Documents *In Camera* to Assess Meta's Privilege Claims

Plaintiffs ask the Court to review the documents listed below *in camera*.[1] *See In re Grand Jury Investigation,* 974 F.2d 1068, 1075 (9th Cir. 1992). These communications do not warrant privilege or protection for two overlapping reasons: (1) some do not substantively involve an attorney and (2) some are primarily for business, not legal advice.

First, Meta has withheld communications that do not substantively involve an attorney: these are not authored by or directed to attorneys; in-house counsel is copied, but, for the most part, does not respond. As previous Courts have recognized, it may be that "Facebook employees are taught to improperly 'privilege' documents based on their perceived sensitivity," but "a party cannot simply 'cc' their attorney to privilege a document—they must be communicating with their attorney in order to receive legal advice." *In re Facebook Consumer Privacy User Profile Litig.,* 655 F. Supp. 3d 899, 909 (N.D. Cal. 2023); *see also Oracle Am., Inc. v. Google Inc.*, 2011 WL 5024457, at *4 (N.D. Cal. Oct. 20, 2011); *Acosta v. Target Corp.*, 281 F.R.D. 314, 321 (N.D. Ill. 2012); *Fisher and Paykel Healthare Limited v. Flexicare Incorporated*, 2020 WL 6540510 at *3 (C.D. Cal. Sept. 28, 2020).

Second, Meta improperly withheld or redacted documents that primarily provide business advice, not legal advice. Courts are clear that business communications involving an attorney are not protected, and that communications between employees and in-house counsel are subject to a heightened standard. *See United States v. Ruehle*, 583 F.3d 600, 608 n.8 (9th Cir. 2009); *Thought, Inc. v. Oracle Corp.*, No. 12-cv-05601-WHO (MEJ), 2014 WL 3940294, at *3 (N.D. Cal. Aug. 11, 2014); *Oracle America, Inc. v. Google, Inc.,* 2011 WL 3794892, at *4.

- **PIXEL_HEALTH000030838, -30774, -30710, -30582, -30646, and PRIV IDs 76-80:** Designated as "attorney-client." No e-mails in this thread are authored by attorneys, and

[1] Meta appears to have not separately logged every e-mail for at least half these threads.

no emails are directed "to" attorneys. Though some in-house counsel are copied (along with many non-attorneys), none respond.  Some of the emails are sent to distribution lists, which may contain an untold number of persons not within the sphere of confidentiality. Nothing indicates that these communications were primarily seeking or transmitting legal advice.

- **PRIV ID 106-108:** Designated as "attorney-client" privileged. None of the e-mails are authored or sent directly to attorneys. Two in-house counsel are copied, along with non-attorneys.

- **PRIV ID 162-181**: Designated as "Attorney-client" privileged, contains e-mails described as "requesting legal advice;" "reflecting legal advice" and "providing information for the purpose of facilitating legal advice" regarding "platform terms issues." Almost none of the emails are directed to attorneys; only one in-house attorney is copied and responds twice out of 20 communications.

- **PIXEL_HEALTH000031247, PRIV ID 155-161:** Designated as "Attorney-client" privileged, are authored by non-attorneys and directed "to" non-attorneys, and by employees' own descriptions relate to "policy/comms"; "conversion data retention", "targeting/ranking", "measurement" and "change [that] is the sort that is material to the value we provide to advertisers, and ultimately our business." These communications primarily provide business, not legal, advice.

- **PIXEL_HEALTH000002163, PIXEL_HEALTH000031110, PIXEL_HEALTH000031389:** Designated as "Attorney-client", regarding "potential responses to press inquiries." These are sent by non-attorneys to 11 individuals, including some in-house counsel—none of whom respond to any communication. Planning a response to a press inquiry is not primarily legal in nature.

- **PRIV ID 57-70**: Designated as "work product" and "attorney-client" privileged and pertaining to "regulatory review and potential litigation regarding data filtering/blocking issues." Many of the communications are authored by non-attorneys and directed to non-attorneys, and copy many individuals, including some in-house counsel. Meta has not met its burden to justify the privilege, particularly the portions of the thread authored by non-attorneys.

## C.   META'S POSITION

## I.   Meta Complied with the ESI Protocol Addendum

### a.   Meta Separately Logged Emails Within Threads

Meta has separately logged emails within threads.  For example, PIXEL_HEALTH000002163 reflects three emails with privilege redactions, and Meta separately logged all three.  *See* Log at PIXEL_HEALTH000002163, PIXEL_HEALTH000031110, PIXEL_HEALTH000031389. Plaintiffs' position ignores a threshold issue:  A party only needs to separately log emails in threads

that it *withholds* from production (in whole or part).  Fed. R. Civ. P. 26(b)(5).  Whether an email within a thread was "withheld" depends on whether that email was collected and reviewed, per the agreed-upon custodians and search terms.  Meta collected emails from the selected custodians that hit on the agreed-upon search terms.  Within that universe, Meta separately logged emails within responsive threads withheld from production.

Plaintiffs' challenge to PIXEL_HEALTH000031121 illustrates their misunderstanding. PIXEL_HEALTH000031121 has three redacted emails in the thread with the following dates/timestamps: 4/28/22 (1:38pm), 4/22/22 (6:12pm, 5:52pm).  The most-inclusive iteration of the thread (with 1:38pm email as the top email) was sent to a custodian and hit on search terms. Meta therefore collected, produced, and logged it at PIXEL_HEALTH000031121.  The same is true for the thread iteration with the 6:12pm email as the top email, which Meta logged at PIXEL_HEALTH000031113.  Plaintiffs complain that the thread iteration with the 5:52pm email as the top email in the document was not separately logged, but no custodian sent/received that iteration of the thread.  Thus, Meta neither collected nor withheld that document from production.

Plaintiffs' argument would impose a collection burden beyond what the parties agreed during their custodian and search term negotiations, and beyond standard e-discovery practices.  This is unfair and inconsistent with Rule 29(b).  *FDIC v. LSI Appraisal LLC*, 2014 WL 12561102, at *3 (C.D. Cal. July 21, 2014) (where an "agreement at issue concerns fundamental tenets of discovery, courts do consider and apply parties' stipulations").

To meet plaintiffs' demand, Meta would have to conduct a document-by-document review and cross-reference to determine which lesser-included iterations of a thread were not collected and then search for and collect from non-custodians each iteration and associated metadata so it can be logged.  This burdensome process would dramatically increase costs and slow discovery, with no benefit to the case.  *See* Dkt. 267 (denying plaintiffs' demand for metadata beyond industry standards because it "would require significant customized work … and add time and complexity to the ESI production process").

### b.  Meta's Descriptions Are Sufficient

The Court should deny plaintiffs' request for more detailed descriptions because plaintiffs "do not identify any specific entries for which a more detailed description of the subject matter … is necessary[.]" *In re Telescopes Antitrust Litig.*, No. 20-CV-03639-EJD-VKD, 2022 WL 17331257, at *4 (N.D. Cal. Nov. 29, 2022).  Plaintiffs claim that Meta's descriptions "do not provide sufficient information to justify every element" of privilege, but they fail to identify which element is supposedly unsubstantiated, let alone what additional information plaintiffs believe is necessary. Further, neither the Addendum nor Rule 26 requires *the description* to "justify every element"; Meta's log *as a whole* must make a *prima facie* showing of privilege, which it does.

Meta's log complies with the Addendum and Rule 26.  Meta's log provides the information necessary for plaintiffs to assess Meta's privilege claims, *Dole v. Milonas*, 889 F.2d 885, 888 n.3, 890 (9th Cir. 1989), and goes further by describing the subject matter of each document. *Telescopes*, 2022 WL 17331257, at *4.  Courts have upheld descriptions much less detailed than Meta's.  *Chowning v. Nationwide Ins. Co. of Am.*, 2023 WL 2971436, at *1 (D. Nev. Feb. 24,

2023) (descriptions "need only state something to the effect of 'discussions regarding settlement' or 'discussions re strategy'").

Plaintiffs' cases do not support their position.  *Lidoderm* and *Hynix* do not concern the adequacy of privilege logs.  And Meta's log descriptions are much more informative than the descriptions found deficient in plaintiffs' other cases.  *See, e.g.*, *Scalia*, 336 F.R.D. at 618–619 (deficient descriptions like "communication in response to attorney communication" gave "no indication of the subject matter").

Requiring more detailed descriptions would impose undue burden on Meta, and courts routinely consider burden in evaluating the amount of detail to be provided.  Fed. R. Civ. P. 26, Adv. Comm. Note to 1993 Am.  Meta's log contains hundreds of entries and additional logs with thousands more entries will follow; providing more detail would be unduly burdensome and disproportionate to the needs of the case.

### c.  Non-Custodial Email Addresses

There is no dispute.  Meta agreed to provide the requested information it identified following a reasonable investigation of the four email addresses identified by plaintiffs.

## II.  Meta's Privilege Assertions Are Proper and *In Camera* Review Is Not Warranted

### a.  Attorney Involvement

Despite conceding that each challenged email includes at least one Meta attorney, plaintiffs nonetheless argue that Meta has wrongly asserted privilege because the attorneys were not "substantively" involved.  This argument relies on mischaracterizations of logged emails and a contrived distinction between the "CC" and "To" lines.

For instance, plaintiffs challenge Privilege IDs 57–70 because "[m]ost of the communications are authored by non-attorneys and directed to non-attorneys."  This is false.  Of the 14 challenged emails, eight have at least one attorney in the To and/or From lines.[2]  Similarly, of the 20 emails logged at Privilege IDs 162–181, six have an attorney in the To or From lines.  Plaintiffs challenge Privilege IDs 76–80 because attorneys are only copied, but attorneys are on the To/From lines in other emails *in the same thread*.[3]  Privilege IDs 82–86.

Even where an attorney is not on the To/From lines, Meta's privilege assertions are proper.  *Aristocrat Techs. Australia Pty. v. Int'l Game Tech.*, 2011 WL 1158781, at *3 (N.D. Cal. Mar. 29, 2011) ("copying [attorney] may not be sufficient to support the assertion of privilege, [but] it is also not fatal to the assertion").  For example, privilege applies to "client communications intended to keep the attorney apprised of continuing business developments, with an implied request for

---

[2]  Plaintiffs' assertion that "portions of the thread authored by non-attorneys" are "particularly" suspect is unfounded.  A request for legal advice to an attorney is every bit as privileged as the attorney's response (if any), as are many other types of communications from non-attorneys.

[3]  Plaintiffs note some emails in this thread were "sent to distribution lists."  Meta's investigation revealed no indication that any non-Meta employees received these communications.

legal advice based thereon[.]" *In re CV Therapeutics, Inc. Sec. Litig.*, 2006 WL 1699536, *4 (N.D. Cal. June 16, 2006).  And as discussion among attorneys and non-attorneys proceeds, privilege applies where the non-privileged communications are "'so interwoven with the privileged communications that disclosure of the former leads to disclosure of the latter.'" *Segerstrom v. U.S.*, 2001 WL 283805, at *12 (N.D. Cal. Feb. 6, 2001).  Contrary to plaintiffs' belief that privilege applies only to emails sent by attorneys, the privilege protects the full *substance* of the privileged discussion(s).[4]

### b.  Primary Purpose

Plaintiffs' primary purpose challenges also fail.  Plaintiffs challenge PIXEL_HEALTH000031247 because it references, in plaintiffs' view, non-legal business matters in the unredacted portions of the thread.  But this shows Meta's *adherence* to the primary purpose test—business portions of the thread are unredacted, and only the portions for which the legal purpose predominates are redacted. *U.S. v. Chevron Corp.*, 1996 WL 444597, at *2 (N.D. Cal. May 30, 1996) ("That the document as a whole addresses predominantly business matters does not negate the privilege as to the portion containing requests for legal advice.").  To accept plaintiffs' argument would vitiate the privilege in any business context.  *Staley v. Gilead Scis., Inc.*, 2021 WL 4318403, at *2 (N.D. Cal. July 16, 2021) ("[I]f an attorney gives a client legal advice on a business decision, that communication is protected by the privilege[.]").

Likewise, PIXEL_HEALTH000002163, PIXEL_HEALTH000031110, and PIXEL_HEALTH000031389 reflect non-attorneys sending information to attorneys for the purpose of facilitating "legal advice regarding Meta's response to [a] press inquiry." *Klein v. Meta Platforms, Inc.*, No. 20-CV-8570-JD-VKD, 2022 WL 767096, at *3 (N.D. Cal. Mar. 11, 2022). Those communications are privileged.

### c.  *In Camera* Review

The Court should deny plaintiffs' request for *in camera* review because plaintiffs "have not sufficiently demonstrated a factual basis adequate to support a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence to establish that … privilege does not apply." *Palmer v. Cognizant Tech. Sols.*, 2021 WL 3145982, at *12 (C.D. Cal. July 9, 2021) (cleaned up) (denying *in camera* review of 50 documents); *Aristocrat*, 2011 WL 1158781, at *2–3 (that "some entries reflect communications merely CC'ed to attorneys" did not justify *in camera* review).

## D.  NEED FOR A HEARING

Plaintiffs and Meta believe a hearing would be helpful for resolving this dispute.

---

[4]  Privilege IDs 106–108 reflect a non-attorney gathering information at the request, and under the supervision, of attorneys for a project on which the attorneys were providing legal advice. *U.S. ex rel. Schmuckley v. Rite Aid Corp.*, 2023 WL 425841, at *4 (E.D. Cal. Jan. 26, 2023).

### E.   CUT-OFF DATES FOR FACT AND EXPERT DISCOVERY

The schedule sets the following deadlines:

*Parties substantially complete document production* – April 19, 2024

*Fact discovery cut-off* – October 18, 2024

### F.   STATEMENT RE COMPLIANCE WITH STANDING ORDER

Plaintiffs and Meta confirm that they have compiled with the Court's discovery dispute resolution procedures.  Geoff Graber, lead counsel for Plaintiffs, and Elizabeth McCloskey and Darcy Harris, lead counsel for Meta, met and conferred regarding this dispute via videoconference on March 1, 2024.

### G.   ATTACHMENTS

(1)   Meta's December 1, 2023 Privilege Log

Dated: March 15, 2024                    By:      */s/Jason Jay Barnes*
                                                    Jason 'Jay' Barnes

                                         **SIMMONS HANLY CONROY LLC**

                                         Jason 'Jay' Barnes (admitted *pro hac vice*)
                                            *jaybarnes@simmonsfirm.com*
                                         112 Madison Avenue, 7th Floor
                                         New York, NY 10016
                                         Tel:    212-784-6400
                                         Fax:    212-213-5949


                                         By:      */s/Geoffrey Graber*
                                                    Geoffrey Graber

                                         **COHEN MILSTEIN SELLERS & TOLL PLLC**
                                         Geoffrey Graber, State Bar No. 211547
                                            *ggraber@cohenmilstein.com*
                                         1100 New York Avenue NW, Fifth Floor
                                         Washington, DC 20005
                                         Tel:    202-408-4600
                                         Fax:    202-408-4699

                                         **KIESEL LAW LLP**
                                         Jeffrey A. Koncius, State Bar No. 189803
                                            *koncius@kiesel.law*
                                         8648 Wilshire Boulevard
                                         Beverly Hills, CA 90211
                                         Tel:    310-854-4444
                                         Fax:    310-854-0812

                                         **TERRELL MARSHALL LAW GROUP PLLC**
                                         Beth E. Terrell, State Bar No. 178181
                                            *bterrell@terrellmarshall.com*
                                         936 North 34th Street, Suite 300
                                         Seattle, WA 98103
                                         Tel.:   206-816-6603
                                         Fax:    206-319-5450

                                         **GIBBS LAW GROUP LLP**
                                         Andre M. Mura, State Bar No. 298541
                                            *amm@classlawgroup.com*
                                         1111 Broadway, Suite 2100
                                         Oakland, CA 94607
                                         Tel.:   510-350-9700

Fax:    510-350-9701

*Attorneys for Plaintiffs and Putative Class*


Dated: March 15, 2024                           **GIBSON, DUNN & CRUTCHER LLP**

                                               By:   */s/Lauren Goldman*
                                                      Lauren Goldman

                                               LAUREN R. GOLDMAN (*pro hac vice*)
                                               lgoldman@gibsondunn.com
                                               DARCY C. HARRIS (*pro hac vice*)
                                               dharris@gibsondunn.com
                                               200 Park Avenue
                                               New York, NY 10166
                                               Telephone: (212) 351-4000
                                               Facsimile: (212) 351-4035

                                               ELIZABETH K. MCCLOSKEY (SBN 268184)
                                               emccloskey@gibsondunn.com
                                               ABIGAIL A. BARRERA (SBN 301746)
                                               abarrera@gibsondunn.com
                                               One Embarcadero Center, Suite 2600
                                               San Francisco, CA 94111-3715
                                               Telephone: (415) 393-8200
                                               Facsimile: (415) 393-8306

                                               **COOLEY LLP**

                                               By:   */s/Michael G. Rhodes*
                                                      Michael G. Rhodes

                                               MICHAEL G. RHODES (SBN 116127)
                                               rhodesmg@cooley.com
                                               KYLE C. WONG (SBN 224021)
                                               kwong@cooley.com
                                               CAROLINE A. LEBEL (SBN 340067)
                                               clebel@cooley.com
                                               3 Embarcadero Center, 20th Floor
                                               San Francisco, CA 94111-4004
                                               Telephone: (415) 693-2000
                                               Facsimile: (415) 693-2222

                                               *Attorneys for Defendant Meta Platforms, Inc.*

<u>**CIVIL L.R. 5-1(h)(3) ATTESTATION**</u>

Pursuant to Civil Local Rule 5-1(h)(3), I, Geoffrey Graber, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.


Dated: March 15, 2024                    By:    */s/Geoffrey Graber*