GIBSON, DUNN & CRUTCHER LLP
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: (415) 393-4622
Facsimile: (415) 801-7389

COOLEY LLP
MICHAEL G. RHODES, SBN 116127
rhodesmg@cooley.com
KYLE C. WONG, SBN 224021
kwong@cooley.com
CAROLINE A. LEBEL, SBN 340067
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

*Attorneys for Defendant Meta Platforms, Inc.*
*(formerly known as Facebook, Inc.)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION,<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-03580-WHO<br><br>**DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO SEAL PARTS OF THE MARCH 21, 2024 DISCOVERY DISPUTE LETTER**<br><br>Hon. Virginia K. DeMarchi |

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO SEAL PARTS OF THE MARCH 21, 2024 DISCOVERY DISPUTE LETTER
CASE NO. 3:22-CV-03580-WHO

## I.   INTRODUCTION

Defendant Meta Platforms, Inc. ("Meta") hereby applies for leave of this Court pursuant to Local Civil Rule 79-5 to file under seal parts of the parties' March 21, 2024 discovery dispute letter. This Court and other courts in this District have previously granted administrative motions to seal under Civil Local Rule 79-5 where a party has shown that a document (or portions thereof) is "privileged, protectable as a trade secret or otherwise entitled to protection under the law" and the request is "narrowly tailored to seal only the sealable material." *See, e.g.*, *Singh v. Costco Wholesale Corp.*, No. 20-CV-08180-NC, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023); *Jones v. PGA Tour, Inc.*, No. 22-CV-04486-BLF, 2023 WL 2167400, at *2 (N.D. Cal. Feb. 21, 2023); *Arebalo v. Apple, Inc.*, No. 5:19-CV-03034-EJD, 2022 WL 580865, at *2 (N.D. Cal. Feb. 25, 2022).  Meta asks the Court to seal select parts of the discovery dispute letter that reflect Meta's internal proprietary, commercially sensitive, and confidential information.  The specific information Meta seeks to seal is identified by specific page, paragraph, and sentence numbers, as applicable, in the table attached as Appendix A.

Meta's request is "narrowly tailored" because it only seeks to seal material that reflects Meta's internal proprietary, commercially sensitive, and confidential information.  The discovery letter describes in detail the design of non-public, proprietary data storage systems and repositories used by Meta.  Decl. of Lauren Goldman in Supp. of Def. Meta Platforms, Inc.'s Administrative Mot. to Seal Parts of the March 21, 2024 Discovery Dispute Letter ¶ 4.  Public disclosure of this information could place Meta at a competitive disadvantage in the marketplace because it would provide competitors with insight into how Meta has structured and uses its complex, proprietary systems. *Id*. ¶¶ 3, 5.  In addition, disclosure of information regarding how and where Meta stores data would likely compromise the security of Meta's data storage systems. *Id*. ¶ 6.  Furthermore, the information Meta seeks to seal—related to the specific innerworkings of Meta's internal processes and systems—does not bear on the merits of plaintiffs' claims and is therefore not necessary to the public's understanding of the case. Accordingly, there is "good cause" to seal the discovery dispute letter.

## II.   LEGAL STANDARD

The Court has "broad discretion to permit sealing of court documents for, *inter alia*, the protection of 'a trade secret or other confidential research, development, or commercial information.'"

*Hadley v. Kellogg Sales Co.*, No. 16-CV-04955-LHK, 2018 WL 7814785, at *1 (N.D. Cal. Sept. 5, 2018) (citing Fed. R. Civ. P. 26(c)(1)(G)).  What constitutes a sufficient basis to seal a document is "best left to the sound discretion of the trial court," but sufficient grounds include "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).

For a motion to seal documents filed in connection with a discovery-related motion that is "unrelated, or only tangentially related, to the underlying cause of action," a movant "need only satisfy the less exacting 'good cause' standard." *Ctr. for Auto Safety*, 809 F.3d at 1097; *see also Richards v. Centripetal Networks, Inc.*, No. 23-CV-00145-HSG, 2023 WL 3028082, at *1 (N.D. Cal. Apr. 20, 2023) (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006)).  To show good cause, a movant must make a "particularized showing," *Kamakana*, 447 F.3d at 1180, that "specific prejudice or harm will result" from disclosure, *Phillips ex rel. Estates of Byrd v Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c).

### III. THE COURT SHOULD SEAL SELECT CONFIDENTIAL INFORMATION IN THE DISCOVERY DISPUTE LETTER

The discovery dispute letter that Meta seeks to seal in part relates to the parties' disagreement regarding whether Meta is obligated to produce (or preserve) data from sources that contain only duplicative data—or sources for which the only incremental, appended data is irrelevant.

Good cause for sealing parts of the discovery dispute letter exists for several reasons.  *First*, competitive harm is likely if the highly confidential information is made public.  As the Supreme Court has recognized, the public right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.  Here, Meta seeks to seal parts of the discovery dispute letter that reveal details about non-public systems and repositories that are integral to Meta's storage of data.  Goldman Decl. ¶ 4.  Meta operates in an intensely competitive marketplace, and has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage.  *Id*. ¶ 3.  Disclosure of the information Meta identifies would provide these competitors

with unfair and unprecedented insight into how Meta's systems are designed and operate, allowing competitors the ability to "duplicate features of" Meta's data storage systems "which could cause competitive harm." *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding "compelling reasons to seal" materials relating to "descriptions of how Gmail operates").

*Second*, there is good cause to seal information in situations where its disclosure could compromise a party's "network infrastructure and security systems." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) (finding that disclosures compromising "network infrastructure and security systems" even satisfy the more exacting "compelling reason[s]" standard regarding sealing). Revealing information about specifically how Meta stores data and where data is stored could allow bad actors to infiltrate and exploit Meta's systems, and misuse the data within those systems. Goldman Decl. ¶ 6.

*Third*, courts routinely protect the type of information that Meta seeks to seal here. *See* Dkt. 157 at 3–4 (collecting cases); *Phillips*, 307 F.3d at 1211 (holding "confidential . . . commercial information" was entitled to protection from disclosure); *see also Calhoun v. Google LLC*, No. 20-CV-05146-YGR (SVK), 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022) (allowing redactions to references to "sensitive features of Google's internal systems and operations, including the various types of data sources which include information related to Google's data logs, internal data structures, internal identifiers and their proprietary functions"); *Ojmar US, LLC v. Sec. People, Inc.*, No. 16-CV-04948-HSG, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (noting protections afforded by courts within the Ninth Circuit are broad and extend to "confidential information regarding [a defendant's] products, services, and business practices"). In fact, this Court has already found good cause and ordered sealing of some of the exact same (or very similar) information Meta seeks to seal here. *See, e.g.*, Dkts. 332, 339, 342, 350-6, 372 (sealing, *inter alia*, specific Hive table names and descriptions of how and where Meta stores data transmitted via the Pixel).

In conclusion, Meta's request is narrowly tailored to seal only the most sensitive, non-public information contained within the discovery dispute letter. Disclosure of this information would place Meta at a competitive disadvantage, undermine the security of Meta's data processing, storage, and

advertising delivery and classification systems, and is unnecessary to the public's understanding of this case. Under such circumstances, Meta respectfully requests that the Court grant Meta's motion to seal parts of the discovery dispute letter. Meta's positions regarding the confidential portions of the discovery dispute letter are set forth in the table attached as Appendix A.

Dated: March 21, 2024

**GIBSON, DUNN & CRUTCHER LLP**

By:  */s/ Lauren R. Goldman*
      Lauren R. Goldman

**COOLEY LLP**

By:  */s/ Michael G. Rhodes*
      Michael G. Rhodes

*Attorneys for Meta Platforms, Inc.*
*(formerly known as Facebook, Inc.)*

Appendix A

| Portions of Document to Be Sealed | Designating Party | Reason for Sealing |
|---|---|---|
| Page 1, Section B(I), first paragraph, parts of second sentence | Meta | This text should be redacted because it contains specific, non-public metrics regarding Pixel usage. If revealed, this information would put Meta at a competitive disadvantage. This Court previously ordered this information sealed. *See* Dkts. 339 and 372. |
| Page 1, Section B(I), first paragraph, parts of final sentence | Meta | This text should be redacted because it contains specific, non-public information regarding Meta's data storage practices and technical details regarding Meta's data storage systems, which, if revealed, would put Meta at a competitive disadvantage. |
| Pages 1-2, Section B(I), second paragraph, parts of first sentence and second through fourth sentences | Meta | This text should be redacted because it identifies by name specific, non-public repositories where business tool data is stored and discloses proprietary information regarding the purposes of those storage sites. This information is competitively sensitive, and disclosure of it would make it easier for bad actors to locate and access data. The Court previously ordered the names and descriptions of the contents and uses of specific storage tables to be sealed. *See* Dkts. 339-2, 350-7, and 372. |
| Page 2, Section B(I), third paragraph, parts of first sentence and second through third sentences | Meta | This text should be redacted because it identifies by name specific, non-public repositories where business tool data is stored and discloses proprietary information regarding the content and use of those storage sites. This information is competitively sensitive and its disclosure would place the security of Meta's data storage systems (and the data stored therein) at risk. The Court previously ordered this information sealed. *See* Dkts. 339-2 and 372. |
| Page 2, Section B(I), third paragraph, final sentence | Meta | This text should be redacted because it contains specific, non-public information regarding the proprietary design of Meta's storage repositories. If |

| Portions of Document to Be Sealed | Designating Party | Reason for Sealing |
|---|---|---|
| | | revealed, this information would put Meta at a competitive disadvantage. |
| Page 2, Section B(I), fifth paragraph, first sentence | Meta | This text should be redacted because it contains specific, non-public information regarding Meta's Pixel data storage practices, which, if revealed, would competitively disadvantage Meta. The Court previously ordered this information sealed. *See* Dkts. 350-6 and 372. |
| Page 2, Section B(I), fifth paragraph, parts of second sentence and final sentence | Meta | This text should be redacted because it identifies by name specific, non-public data repositories used by Meta to store Pixel data and provides non-public information regarding the differences between those repositories. If revealed, this information would put Meta at a competitive disadvantage and undermine the security of Meta's data storage systems. |
| Page 2, Section B(I), sixth paragraph, part of final sentence | Meta | This text should be redacted because it identifies by name a specific, non-public repository where business tool data is stored. This information, if revealed, would competitively disadvantage Meta and place the security of its data storage systems at risk. The Court previously ordered this information sealed. *See* Dkts. 339-2 and 372. |

## CIVIL L.R. 5-1(i)(3) ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I, Lauren R. Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: March 21, 2024                **GIBSON, DUNN & CRUTCHER LLP**

By:  */s/ Lauren R. Goldman*
     Lauren R. Goldman