| | |
|---|---|
| **GIBSON, DUNN & CRUTCHER LLP**<br>LAUREN R. GOLDMAN (*pro hac vice*)<br>lgoldman@gibsondunn.com<br>DARCY C. HARRIS (*pro hac vice*)<br>dharris@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166<br>Telephone:   (212) 351-4000<br>Facsimile:    (212) 351-4035<br><br>ELIZABETH K. MCCLOSKEY, SBN 268184<br>emccloskey@gibsondunn.com<br>ABIGAIL A. BARRERA, SBN 301746<br>abarrera@gibsondunn.com<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94105<br>Telephone:   (415) 393-4622<br>Facsimile:    (415) 801-7389 | **COOLEY LLP**<br>MICHAEL G. RHODES, SBN 116127<br>rhodesmg@cooley.com<br>KYLE C. WONG, SBN 224021<br>kwong@cooley.com<br>CAROLINE A. LEBEL, SBN 340067<br>clebel@cooley.com<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111-4004<br>Telephone:   (415) 693-2000<br>Facsimile:    (415) 693-2222 |

*Attorneys for Defendant Meta Platforms, Inc.*
*(formerly known as Facebook, Inc.)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION,<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-03580-WHO<br><br>**DECLARATION OF LAUREN GOLDMAN IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO SEAL PARTS OF THE MARCH 21, 2024 DISCOVERY DISPUTE LETTER**<br><br>Hon. Virginia K. DeMarchi |

Gibson, Dunn & Crutcher LLP

DECLARATION OF LAUREN GOLDMAN IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO SEAL PARTS OF THE MARCH 21, 2024 DISCOVERY DISPUTE LETTER
CASE NO. 3:22-CV-03580-WHO

I, Lauren R. Goldman, declare as follows:

1.       I am an attorney duly licensed to practice law in the State of New York and a partner at the law firm of Gibson, Dunn & Crutcher LLP.  I am counsel of record for Defendant Meta Platforms, Inc. ("Meta") in the above-captioned matter.  I am admitted *pro hac vice* to practice before this Court.  I am familiar with Meta's treatment of proprietary and confidential information, based on my personal experience representing Meta.[1]  I have personal knowledge of the facts set forth below and, if called as a witness in a court of law, could and would testify competently thereto.

2.       I submit this declaration under Local Rule 79-5 in support of Meta's Administrative Motion to Seal.  Specifically, Meta seeks to seal parts of the parties' March 21, 2024 discovery dispute letter.

3.       The industry in which Meta operates is intensely competitive, and Meta is a leader with respect to a number of highly dynamic services.  Meta has serious and legitimate concerns that competitors will exploit any release of its sensitive, proprietary information in order to gain competitive advantage.  As such, Meta takes extensive measures to protect the confidentiality of its proprietary information.

4.       The limited content Meta seeks to seal relates to the design and specific uses of non-public, proprietary data storage systems and repositories maintained internally at Meta.  For instance, Meta seeks to seal information in the letter that describes where data is stored.

5.       Disclosure of this information would allow Meta's competitors the opportunity to use it for their own gains.  For instance, competitors could attempt to duplicate Meta's data storage systems and methods.  These systems and methods have many practical business applications, and could therefore be useful to competitors even if not recreated or used specifically in connection with tools like the Pixel.  Meta anticipates that if competitors attempt to copy Meta's technology in part or

---

[1] This Court and other courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5.  *See, e.g.*, Dkts. 340, 350-1, 372; *see also Avago Techs. Fiber IP (Singapore) PTE. Ltd., et al. v. IPtronics Inc., et al.*, No. 10-02863-EJD, Dkts. 544 (N.D. Cal. Apr. 3 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., et. al. v. OpenTV Inc., et al.*, No. 13-00282-EJD, Dkts. 76, 82 (N.D. Cal. Oct. 8, 2013).  I am personally familiar with Meta's practices of safeguarding proprietary, confidential information, including based on my experience representing Meta for many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

Gibson, Dunn & Crutcher LLP

1

DECLARATION OF LAUREN GOLDMAN IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO SEAL PARTS OF THE MARCH 21, 2024 DISCOVERY DISPUTE LETTER
CASE NO. 3:22-cv-03580-WHO

1  in whole, Meta will lose its advantage in developing and delivering a higher quality service to users and advertisers, and therefore suffer irreparable competitive harm. Indeed, Meta shields its proprietary systems and tools from disclosure specifically to maintain its advantage in the marketplace and offer a superior service.

6.   Further, there is a high likelihood that disclosure of details concerning how and where Meta stores business tool data and information will cause harm to Meta and third parties whose data is stored by Meta. Disclosure of the information Meta seeks to seal will effectively provide a roadmap to bad actors who may seek to undermine the security of Meta's systems by improperly accessing data that Meta is storing.

7.   In accordance with Local Rules 79-5(d)–(e), attached hereto is an unredacted version of the document for which sealing is sought, as set forth in the following table:

| Portions of Document to Be Sealed | Designating Party | Reason for Sealing |
|---|---|---|
| Page 1, Section B(I), first paragraph, parts of second sentence | Meta | This text should be redacted because it contains specific, non-public metrics regarding Pixel usage. If revealed, this information would put Meta at a competitive disadvantage. This Court previously ordered this information sealed. *See* Dkts. 339 and 372. |
| Page 1, Section B(I), first paragraph, parts of final sentence | Meta | This text should be redacted because it contains specific, non-public information regarding Meta's data storage practices and technical details regarding Meta's data storage systems, which, if revealed, would put Meta at a competitive disadvantage. |
| Pages 1-2, Section B(I), second paragraph, parts of first sentence and second through fourth sentences | Meta | This text should be redacted because it identifies by name specific, non-public repositories where business tool data is stored and discloses proprietary information regarding the purposes of those storage sites. This information is competitively sensitive, and disclosure of it would make it easier for bad actors to locate and access data. The Court previously ordered the names and descriptions of the contents and uses of specific storage tables to be sealed. *See* Dkts. 339-2, 350-7, and 372. |

Gibson, Dunn & Crutcher LLP

2

DECLARATION OF LAUREN GOLDMAN IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO SEAL PARTS OF THE MARCH 21, 2024 DISCOVERY DISPUTE LETTER
CASE NO. 3:22-cv-03580-WHO

| Portions of Document to Be Sealed | Designating Party | Reason for Sealing |
|---|---|---|
| Page 2, Section B(I), third paragraph, parts of first sentence and second through third sentences | Meta | This text should be redacted because it identifies by name specific, non-public repositories where business tool data is stored and discloses proprietary information regarding the content and use of those storage sites. This information is competitively sensitive and its disclosure would place the security of Meta's data storage systems (and the data stored therein) at risk. The Court previously ordered this information sealed. *See* Dkts. 339-2 and 372. |
| Page 2, Section B(I), third paragraph, final sentence | Meta | This text should be redacted because it contains specific, non-public information regarding the proprietary design of Meta's storage repositories. If revealed, this information would put Meta at a competitive disadvantage. |
| Page 2, Section B(I), fifth paragraph, first sentence | Meta | This text should be redacted because it contains specific, non-public information regarding Meta's Pixel data storage practices, which, if revealed, would competitively disadvantage Meta. The Court previously ordered this information sealed. *See* Dkts. 350-6 and 372. |
| Page 2, Section B(I), fifth paragraph, parts of second sentence and final sentence | Meta | This text should be redacted because it identifies by name specific, non-public data repositories used by Meta to store Pixel data and provides non-public information regarding the differences between those repositories. If revealed, this information would put Meta at a competitive disadvantage and undermine the security of Meta's data storage systems. |
| Page 2, Section B(I), sixth paragraph, part of final sentence | Meta | This text should be redacted because it identifies by name a specific, non-public repository where business tool data is stored. This information, if revealed, would competitively disadvantage Meta and place the security of its data storage systems at risk. The Court previously ordered this information sealed. *See* Dkts. 339-2 and 372. |

Gibson, Dunn & Crutcher LLP

3

DECLARATION OF LAUREN GOLDMAN IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO SEAL PARTS OF THE MARCH 21, 2024 DISCOVERY DISPUTE LETTER
CASE NO. 3:22-cv-03580-WHO

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 21st day of March, 2024 in New York, New York.

*/s/ Lauren R. Goldman*
Lauren R. Goldman

Gibson, Dunn & Crutcher LLP

4

DECLARATION OF LAUREN GOLDMAN IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO SEAL PARTS OF THE MARCH 21, 2024 DISCOVERY DISPUTE LETTER
CASE NO. 3:22-cv-03580-WHO