GIBSON, DUNN & CRUTCHER LLP
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:    (415) 393-8200
Facsimile:    (415) 393-8306

ANDREW M. KASABIAN, SBN 313210
akasabian@gibsondunn.com
3161 Michelson Drive
Irvine, CA 92612 USA
Telephone:    (949) 451-3800
Facsimile:    (949) 451-4220

COOLEY LLP
MICHAEL G. RHODES, SBN 116127
rhodesmg@cooley.com
KYLE C. WONG, SBN 224021
kwong@cooley.com
CAROLINE A. LEBEL, SBN 340067
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   (415) 693-2000
Facsimile:    (415) 693-2222

*Attorneys for Defendant Meta Platforms, Inc.
(formerly known as Facebook, Inc.)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>.<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-3580-WHO<br><br>**DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br><u>CLASS ACTION</u><br><br>Complaint Filed:          October 10, 2023<br><br>**HON. WILLIAM H. ORRICK** |

Gibson, Dunn & Crutcher LLP

Defendant Meta Platforms, Inc. ("Meta") hereby answers the First Amended Consolidated Class Action Complaint filed by plaintiffs on October 10, 2023 ("FAC") according to its numbered paragraphs as follows below. Meta denies all allegations in the FAC not expressly admitted herein. By filing this Answer, Meta does not waive—and hereby expressly preserves—its defenses under Federal Rule of Civil Procedure 12(b) or any other defenses asserted in future motions or submissions to the Court.

## I.      NATURE OF THE ACTION

1.      Meta admits that the allegations in paragraph 1 constitute conclusions of law to which no response is required. Meta further admits that the allegations in footnote 1 purport to quote from Plaintiffs' Consolidated Class Action Complaint, which speaks for itself, and that no further responsive pleading is required. To the extent that a response is required, Meta admits that plaintiffs correctly cite their Consolidated Class Action Complaint. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 1 and footnote 1.

2.      Meta admits that it is the largest social media company in the world and that one of the services from which it earns revenue includes ad targeting, which allows advertisers to select certain criteria for the audience they would like to connect with. Except as expressly stated, Meta otherwise denies the allegations contained in paragraph 2.

3.      Meta admits that it makes available educational materials to advertisers that help people connect with resources to support their health. Meta otherwise denies each and every allegation in the first sentence of paragraph 3. To the extent the second sentence of paragraph 3 purports to cite unidentified documents, Meta lacks information sufficient to admit or deny the accuracy of that sentence.

4.      Meta admits that it makes available certain Business Tools, which are optional technologies that help website owners and publishers, app developers, and business partners (including advertisers and others, and which could include healthcare advertisers) who agree to the Meta Business Tools Terms understand and measure their products and services and better reach and serve people who use or might be interested in their products and services. Except as expressly stated, Meta otherwise denies each and every allegation contained in paragraph 4.

5. Meta lacks information sufficient to admit or deny the allegations in paragraph 5. To the extent the allegations in paragraph 5 purport to quote unidentified documents, Meta lacks information sufficient to admit or deny the accuracy of those statements.

6. Meta denies each and every allegation in paragraph 6.

7. Meta denies each and every allegation in paragraph 7.

8. Meta admits that third-party developers that use Meta's Business Tools must agree that they have all of the necessary rights and permissions and a lawful basis (in compliance with all applicable laws, regulations and industry guidelines) for all information they disclose to Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 8.

9. Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 9.

10. Meta denies the allegation in paragraph 10.

11. Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 11.

12. Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 12.

13. Meta admits it offers ad-targeting options and that it uses "cookies" to help Meta provide, protect, and improve its products. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 13.

14. Meta admits that third-party developers that use Meta's Business Tools must agree that they have all of the necessary rights and permissions and a lawful basis (in compliance with all applicable laws, regulations, and industry guidelines) for all information they disclose to Meta. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 14.

15. Meta admits that the allegations in paragraph 15 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta otherwise denies each and every allegation in paragraph 15.

16. Meta admits that the allegations in paragraph 16 contain conclusions of law, for which no responsive pleading is required. Meta further admits that the allegations in paragraph 16 purport to

quote from HIPAA, which speaks for itself, and that no further responsive pleading is required. To the extent a response is required, Meta admits that 42 U.S.C. § 1320d-6 is entitled "Wrongful disclosure of individually identifiable health information" and contains certain provisions that plaintiffs purport to characterize in paragraph 16. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 16.

17.     Meta admits that its operative Terms of Service contain a California choice-of-law provision. Meta admits the allegations in the second sentence of paragraph 17 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that California has enacted the California Confidentiality of Medical Information Act and the California Consumer Privacy Protection Act and that plaintiffs purport to characterize those statutes in paragraph 17. Meta otherwise denies each and every allegation in paragraph 17.

18.     Meta lacks information sufficient to admit or deny the allegations in paragraph 18.

19.     Meta denies each and every allegation in paragraph 19.

20.     Meta admits that the allegations in paragraph 20 purport to quote from 45 C.F.R. § 160.103 and Cal. Civ. Code § 56.101, which speak for themselves. Meta admits that plaintiffs correctly cite language from those statutes. Meta further admits that it makes the Meta Pixel available to and that it is used by third-party developers that accept Meta's Business Tools Terms. The remaining allegations in paragraph 20 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, and except as expressly stated, Meta otherwise denies each and every allegation in paragraph 20.

21.     To the extent the allegations in paragraph 21 purport to define a term used throughout the FAC and do not contain factual allegations, no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 21.

22.     Meta admits the allegations in paragraph 22 contain conclusions of law, for which no responsive pleading is required. The extent a response is required, Meta denies each and every allegation in paragraph 22.

23.     Meta lacks information sufficient to admit or deny the allegations in the first, second, and fourth sentences of paragraph 23, which pertain to information about plaintiffs. Meta admits the

allegations in the third sentence of paragraph 23 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in the third sentence of paragraph 23. With respect to the fourth sentence of paragraph 23, Meta admits that plaintiffs purport to bring this lawsuit on behalf of themselves and certain Facebook users but denies that Meta was engaged in any "unlawful practices."

## II.     PARTIES

24.     Meta lacks information sufficient to admit or deny the allegations in paragraph 24 related to Plaintiff John Doe I's activities. The remaining allegations in paragraph 24 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 24.

**Error! Hyperlink reference not valid.**25.   Meta lacks information sufficient to admit or deny the allegations in paragraph 25 related to Plaintiff Jane Doe I's activities. The remaining allegations in paragraph 25 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 25.

26.     Meta lacks information sufficient to admit or deny the allegations in paragraph 26 related to Plaintiff John Doe II's activities. The remaining allegations in paragraph 26 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 26.

27.     Meta lacks information sufficient to admit or deny the allegations in paragraph 27 related to Plaintiff Jane Doe II's activities. The remaining allegations in paragraph 27 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 27.

**<u>Error! Hyperlink reference not valid.</u>**28.   Meta lacks information sufficient to admit or deny the allegations in paragraph 28 related to Plaintiff Jane Doe III's activities. The remaining allegations in paragraph 28 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 28.

29.     Meta lacks information sufficient to admit or deny the allegations in paragraph 29 related to Plaintiff John Doe III's activities. The remaining allegations in paragraph 29 are conclusions

1  of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies

2  each and every allegation in paragraph 29.

3  **Error! Hyperlink reference not valid.**30.   Meta lacks information sufficient to admit or deny

4  the allegations in paragraph 30 related to Plaintiff John Doe IV's activities.  The remaining allegations

5  in paragraph 30 are conclusions of law, for which no responsive pleading is required.  To the extent a

6  response is required, Meta denies each and every allegation in paragraph 30.

7      31.     Meta lacks information sufficient to admit or deny the allegations in paragraph 31

8  related to Plaintiff Jane Doe IV's activities.  The remaining allegations in paragraph 31 are conclusions

9  of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies

10  each and every allegation in paragraph 31.

11     32.     Meta lacks information sufficient to admit or deny the allegations in paragraph 32

12  related to Plaintiff Jane Doe V's activities.  The remaining allegations in paragraph 32 are conclusions

13  of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies

14  each and every allegation in paragraph 32.

15     33.     Meta lacks information sufficient to admit or deny the allegations in paragraph 33

16  related to Plaintiff Jane Doe VI's activities.  The remaining allegations in paragraph 33 are conclusions

17  of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies

18  each and every allegation in paragraph 33.

19     34.     Meta lacks information sufficient to admit or deny the allegations in paragraph 34

20  related to Plaintiff Jane Doe VII's activities.  The remaining allegations in paragraph 34 are conclusions

21  of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies

22  each and every allegation in paragraph 34.

23     35.     Meta lacks information sufficient to admit or deny the allegations in paragraph 35

24  related to Plaintiff Jane Doe VIII's activities.  The remaining allegations in paragraph 35 are

25  conclusions of law, for which no responsive pleading is required.  To the extent a response is required,

26  Meta denies each and every allegation in paragraph 35.

27     36.     Meta lacks information sufficient to admit or deny the allegations in paragraph 36

28  related to Plaintiff Jane Doe IX's activities.  The remaining allegations in paragraph 36 are conclusions

of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 36.

37.     Meta lacks information sufficient to admit or deny the allegations in paragraph 37 related to Plaintiff Jane Doe X's activities.  The remaining allegations in paragraph 37 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 37.

38.     Meta lacks information sufficient to admit or deny the allegations in paragraph 38 related to Plaintiff Jane Doe XI's activities.  The remaining allegations in paragraph 38 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 38.

39.     Meta admits the allegations in paragraph 39.

III.     **JURISDICTION AND VENUE**

40.     Meta admits the allegations in the first sentence of paragraph 40 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies the allegations in the first sentence of paragraph 40.  Meta admits the allegations in the second sentence of paragraph 40.

41.     Meta admits the allegations in paragraph 41 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 41.

42.     Meta admits the allegations in the first sentence of paragraph 42 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, and except as expressly stated, Meta otherwise denies each and every allegation in paragraph 42.

43.     Meta admits that its operative Terms of Service contain a forum selection clause selecting the Northern District of California as the venue for disputes.  The remaining allegations in paragraph 43 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta otherwise denies each and every allegation in paragraph 43.

IV.     **FACTUAL ALLEGATIONS**

A.      Meta admits that after an advertiser accepts Meta's terms and creates an ID associated with the Business Tools they wish to use, the advertiser chooses how to configure the Business Tools and what data to send to Meta, subject to Meta's terms and policies. Meta further admits that it contractually prohibits third parties from sending Meta sensitive data via the Business Tools and has implemented technical means designed to filter out potentially sensitive data it is able to detect before it can be used in Meta's systems. Meta further admits that it may use "Event Data" (data sent by developers that logs certain actions taken on a website or mobile app), that is not blocked by Meta's filtration systems, for purposes of targeting ads, among other purposes outlined in Meta's terms and subject to the numerous Meta user controls Meta provides related to such data. Except as expressly stated, Meta otherwise denies each and every allegation in header IV.A.

44.     Meta admits that Facebook users can create profiles in which they can choose to provide certain information. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 44.

45.     Meta admits that advertisers using the Meta Business Tools may share information with Meta about people's interactions with their websites, apps, and stores. Meta attempts to match this activity information with accounts on Meta technologies in order to provide advertisers with aggregated reporting, help them understand the effectiveness of their advertising, and connect with people who are interested in their products and services. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 45.

46.     Meta admits that third-party developers may choose to send data associated with non-users via the Meta Pixel. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 46.

47.     Meta admits that it earns certain revenue from targeted advertising. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 47.

48.     Meta admits that it provides certain advertising services and tools to third-party developers.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 48.

49.     Meta admits that the Meta Pixel is a free, publicly available piece of code that third-party developers can embed in their websites to measure visitor activity and share that data with Meta so that developers can better understand the effectiveness of their advertising, subject to Meta's Business Tools Terms, Privacy Policy, Platform Policy, and Commercial Terms.[1]  Meta further admits that the allegations in paragraph 49 and footnote 2 purport to quote from a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly cite the referenced document.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 49.

50.     Meta admits that the allegations in paragraph 50 and footnote 3 purport to quote from a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly cite the referenced document.

51.     With respect to the first sentence of paragraph 51, Meta admits that the Meta Pixel is an optional technology that helps website owners and publishers, app developers, and business partners, including advertisers and others who agree to the Meta Business Tools Terms, to better understand and measure their products and services and better reach people who use or might be interested in their products or services.  Meta admits that the second sentence of paragraph 51 and footnote 4 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly cite the referenced document.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 51.

52.     Meta admits that the allegations in paragraph 52 and footnote 5 purport to quote from a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly cite the referenced document except for the phrase "understand how your cross-device ads help influence conversion," which Meta denies appears in the

---

[1] Throughout the Complaint Plaintiffs refer interchangeably to Meta's "Data Policy" and Meta's "Privacy Policy," but on May 26, 2022, Meta updated that policy and re-named it the "Privacy Policy."

1   cited document.   Except as expressly stated, Meta otherwise denies each and every allegation in

2   paragraph 52.

3         53.   Meta lacks information sufficient to admit or deny the authenticity or source of Figure

4   1.  Meta admits that the allegations in paragraph 53 and footnote 6 purport to quote from a document

5   that speaks for itself, and no further responsive pleading is required.   To the extent a response is

6   required, Meta admits that plaintiffs correctly cite the referenced document.

7         54.   Meta admits that after an advertiser accepts Meta's terms and creates an ID associated

8   with the Business Tools they wish to use, the advertiser chooses how to configure the Business Tools

9   and what data to track and send to Meta, subject to Meta's terms and policies.   Except as expressly

10  stated, Meta otherwise denies each and every allegation in paragraph 54.

11        55.   Meta lacks information sufficient to admit or deny the authenticity or source of Figure

12  2.  Meta admits that the allegations in paragraph 55 and footnote 7 purport to cite a document that

13  speaks for itself, and no further responsive pleading is required.   To the extent a response is required,

14  Meta admits that plaintiffs correctly cite the referenced document.   Except as expressly stated, Meta

15  otherwise denies each and every allegation in paragraph 55.

16        56.   Meta admits that paragraph 56 and footnote 8 purport to cite to a document that speaks

17  for itself, and no further responsive pleading is required.   To the extent a response is required, Meta

18  admits that it makes available to developers instructions for setting up and installing the Meta Pixel.

19  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 56.

20        57.   Meta admits that after an advertiser (which may include healthcare advertisers) accepts

21  Meta's terms and creates an ID associated with the Business Tools they wish to use, the advertiser

22  chooses how to configure the Business Tools and what data to track and send to Meta, subject to Meta's

23  terms and policies.   Except as expressly stated, Meta otherwise denies each and every allegation in

24  paragraph 57.

25        58.   Meta admits that the allegations in paragraph 58 and footnote 9 purport to cite a

26  document that speaks for itself, and no further responsive pleading is required.   To the extent a response

27  is required, Meta admits that plaintiffs correctly cite the referenced document but denies plaintiffs'

28

characterization of the document.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 58.

59.     Meta admits that the allegations in paragraph 59 and footnote 10 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 59.

60.     Meta denies the allegations in paragraph 60.

61.     Meta denies the allegation in paragraph 61.

62.     Meta denies the allegations in paragraph 62.

**B.     Meta uses identifiers to match the health information it collects with Facebook users.**

B.     Meta admits that all third-party advertisers who use the Business Tools control when to send Event Data to Meta, including when to send information for Meta to use to attempt to match the Event Data to Meta User IDs.  Meta admits that the information advertisers may send for matching purposes may include hashed contact information, cookie identifiers, and the client IP address.  Except as expressly stated, Meta otherwise denies each and every allegation in header IV.B.

63.     Meta admits that it uses cookies to understand the information it receives about users; to provide, protect and improve Meta technologies; and to personalize content, measure ads, produce analytics, and provide a safer experience.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 63.

64.     Meta admits that, subject to Meta's Terms of Use, Privacy Policy, Cookies Policy, a user's selections on the "Ad Preferences" page (which provides users with certain controls over how their data is used for advertising), and a user's selections in "Ad Settings" (where users can opt out of receiving personalized advertisements based on their activity on third-party websites, apps, or offline, among other things), it may use the c_user cookie value to keep users logged in as they navigate between Facebook Pages and more easily log in to Facebook via third-party apps and websites.  Meta further admits that the c_user cookie value is unique to each Facebook account.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 64.

65.     Meta lacks information sufficient to admit or deny the allegations in paragraph 65 regarding the capabilities of a hypothetical "unskilled computer user."  To the extent a response is required, Meta denies each and every allegation in paragraph 65.

66.     Meta admits that entering www.facebook.com/4 into a browser will direct the browser to Mark Zuckerberg's Facebook page at www.facebook.com/zuck.  Meta also admits that the FBID assigned to Mark Zuckerberg is "4."  Except as expressly stated, Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 66.

67.     Meta admits that the datr cookie can be used to identify a web browser.  Meta further admits that, subject to Meta's Terms of Use, Privacy Policy, Cookies Policy, a user's selections on the "Ad Preferences" page (which provides users with certain controls over how their data is used for advertising), and a user's selections in "Ad Settings" (where users can opt out of receiving personalized advertisements based on their activity on third-party websites, apps, or offline, among other things), it may use the datr cookie to identify web browsers, which among other things, helps Meta protect users from fraud and identify browsers used by malicious actors and to prevent cyber-security attacks. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 67.

68.     Meta denies that it keeps a record of every datr cookie identifier associated with each of its users.  Meta further admits that it offers users the ability to download a copy of their Facebook information using the Download Your Information tool.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 68.

69.     Meta admits that the allegations in paragraph 69 and footnote 11 purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 69.

70.     Meta admits that first-party cookies are owned by the website a person is currently viewing, while third-party cookies belong to a website other than the one a person is currently viewing. Meta further admits that the c_user, datr, and fr cookies may be third-party cookies depending on the context.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 70.

71.     Meta admits that when the Meta Pixel is installed on a website, and if the developer has first-party cookies enabled for the Pixel, the Pixel can save a unique identifier to an _fbp cookie for the

1    website domain if one does not already exist.  Except as expressly stated, Meta otherwise denies each

2    and every allegation in paragraph 71.

3            72.     Meta denies the allegations in paragraph 72.

4            73.     Meta admits that when the Meta Pixel is installed on a website, and the Pixel uses first-

5    party cookies, the Pixel automatically saves a unique identifier to an _fbp cookie for the website domain

6    if one does not already exist.  Meta further admits that, subject to Meta's Terms of Use, Privacy Policy,

7    Cookies Policy, a user's selections on the "Ad Preferences" page (which provides users with certain

8    controls over how their data is used for advertising), and a user's selections in "Ad Settings" (where

9    users can opt out of receiving personalized advertisements based on their activity on third-party

10   websites, apps, or offline, among other things), the _fbp cookie value may identify browsers for the

11   purposes of providing advertising and site analytics services.  Except as expressly stated, Meta

12   otherwise denies each and every allegation in paragraph 73.

13           74.     Meta denies the allegations in paragraph 74.

14           75.     Meta denies the allegations in paragraph 75.

15           76.     Meta lacks information sufficient to admit or deny the allegations in paragraph 76.

16           77.     Meta lacks information sufficient to admit or deny the allegations in paragraph 77.

17           78.     Meta admits that, subject to Meta's Terms of Use, Privacy Policy, Cookies Policy, a

18   user's selections on the "Ad Preferences" page (which provides users with certain controls over how

19   their data is used for advertising), and a user's selections in "Ad Settings" (where users can opt out of

20   receiving personalized advertisements based on their activity on third-party websites, apps, or offline,

21   among other things), the "_fbp" cookie value may identify browsers for the purposes of providing

22   advertising and site analytics services.  Except as expressly stated, Meta otherwise denies each and

23   every allegation in paragraph 78.

24           79.     Meta denies the allegations in paragraph 79.

25           80.     Meta admits that, depending on how third-party developers configure the Pixel on their

26   website, Meta may use IP address and user agent information sent by third-party developers via the

27   Pixel for event matching purposes.  Except as expressly stated, Meta otherwise denies the allegations

28   in paragraph 80.

**C.**     **Meta also encourages healthcare Partners to upload patient lists for ad targeting.**

C.     Meta admits that after accepting applicable terms, advertisers on Meta's platforms can create Custom Audiences based on customer lists.     Meta otherwise denies the allegations in header IV.C.

81.     Meta lacks information sufficient to admit or deny the authenticity or source of Figure 3. Meta admits that it provides third-party developers with the ability to create "Custom Audiences," which is an ad targeting option that allows developers to serve ads to their existing audiences among people across Meta technologies. Meta admits that third-party developers can choose to install and use the Meta Pixel on their websites to measure certain actions taken on their websites. Meta admits that, subject to Meta's Business Tools Terms, Privacy Policy, Platform Policy, and Commercial Terms, third-party developers may configure the Meta Pixel on their websites to send Event Data to Meta. Meta admits that the allegations in the fourth sentence of paragraph 81 purport to cite a document that speaks for itself, and no further responsive pleading is required. To the extent a response is required, Meta otherwise denies each and every allegation in paragraph 81.

82.     Meta lacks information sufficient to admit or deny the authenticity or source of Figure 4. Meta admits that it offers a feature called Custom Audiences which is an ad targeting option that lets developers find their existing audiences among people across Meta technologies using sources like customer lists or website traffic to create Custom Audiences of people who already know their business Meta reminds developers that prior to uploading a customer list, developers should review Meta's terms to ensure the developer has a legal basis to use the information it plans to upload to Meta. Meta further admits that the information in a developer's customer list is hashed before it is sent to Meta so that Meta can help build an audience for the developer by finding the Facebook accounts that match and creating a Custom Audience for the developer from those matches. Meta admits that the remaining allegations in paragraph 82 and footnote 12 purport to cite a document that speaks for itself, and no further responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly cite the document referenced in footnote 12. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 82.

83.     Meta lacks information sufficient to admit or deny the authenticity or source of Figure 5.  Meta admits that it makes available certain materials to developers, including about its "Custom Audiences" feature.  Meta further admits that developers may, subject to Meta's Business Tools Terms, Privacy Policy, Platform Policy, and Commercial Terms, upload customer lists for use with this feature that, prior to use, are hashed by Meta.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 83.

D.     Meta acquires a broad spectrum of identifiable health information from healthcare providers' use of Meta Collection Tools.

D.     Meta denies the allegations in header IV.D.

84.     Meta admits that third-party developers may, subject to Meta's Business Tools Terms, Privacy Policy, Platform Policy, and Commercial Terms, create and send "Events" that log certain actions visitors take on a website.   Meta denies that it receives the content of any user's communications.   Meta otherwise lacks information sufficient to admit or deny the remaining allegations in paragraph 84.  To the extent a response is required, Meta otherwise denies each and every allegation in paragraph 84.

85.     Meta denies the allegations in paragraph 85.

86.     Meta admits that the allegations in paragraph 86 and footnote 14 purport to quote and cite a document that speaks for itself, and no further responsive pleading is required.  Meta further admits that plaintiffs correctly quote the referenced document, but otherwise denies plaintiffs' characterization of that document.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 86 and footnote 14.

87.     Meta admits that the allegations in the first sentence of paragraph 87 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies plaintiffs' characterization of the referenced document.  Meta further admits that third-party developers decide what information regarding a visitor's interactions with their website to send to Meta.  Meta lacks information sufficient to admit or deny the allegations in the final sentence of paragraph 87 regarding the actions of third parties.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 87.

88.     Meta lacks information sufficient to admit or deny the authenticity or source of Figure 6. Meta further lacks information sufficient to admit or deny the allegations in paragraph 88 regarding plaintiff John Doe I or his actions. Meta otherwise denies each and every allegation in paragraph 88.

89.     Meta lacks information sufficient to admit or deny the allegations in the first and second sentences of paragraph 89. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 89.

90.     Meta admits the allegations in paragraph 90 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 90.

91.     Meta lacks information sufficient to admit or deny the authenticity or source of Figures 7 and 8. Meta further lacks information sufficient to admit or deny the allegations in paragraph 91.

92.     Meta lacks information sufficient to admit or deny the authenticity or source of Figure 9. Meta further lacks information sufficient to admit or deny the allegations in paragraph 92 concerning information sent to MedStar Health.

93.     Meta admits that the allegations in paragraph 93 purport to quote a document that speaks for itself, and no further responsive pleading is required. To the extent a response is required, Meta states that it lacks information sufficient to admit or deny the allegations in paragraph 93 concerning information provided to MedStar Health.

94.     Meta lacks information sufficient to admit or deny the allegations in paragraph 94. To the extent a response is required, Meta denies each and every allegation in paragraph 94.

95.     Meta lacks information sufficient to admit or deny the authenticity or source of Figure 10. Meta further states that it lacks information sufficient to admit or deny the allegations in paragraph 95 regarding plaintiff Jane Doe I or her actions. Meta otherwise denies each and every allegation in paragraph 95.

96.     Meta admits the allegations in paragraph 96 are conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 96.

97.     Meta lacks information sufficient to admit or deny the authenticity or source of Figure 11.  Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 97 concerning information sent to Rush University Medical Center.

98.     Meta admits the allegations in paragraph 98 purport to cite a document that speaks for itself, and no further responsive pleading is required.  Meta further lacks information sufficient to admit or deny the allegations in paragraph 98 concerning information sent to Rush University Medical Center.

99.     Meta lacks information sufficient to admit or deny the allegations in paragraph 99.

100.    Meta lacks information sufficient to admit or deny the allegations in paragraph 100.

101.    Meta admits the allegations in paragraph 101 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 101.

102.    Meta lacks information sufficient to admit or deny the allegations in paragraph 102.

103.    Meta admits the allegations in paragraph 103 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 103.

104.    Meta lacks information sufficient to admit or deny the allegations in paragraph 104.

105.    Meta admits the allegations in paragraph 105 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 105.

106.    Meta lacks information sufficient to admit or deny the allegations in paragraph 106.

107.    Meta admits the allegations in paragraph 107 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 107.

108.    Meta lacks information sufficient to admit or deny the allegations in paragraph 108.

109.    Meta admits the allegations in paragraph 109 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 109.

110.    Meta lacks information sufficient to admit or deny the allegations in paragraph 110.

111.   Meta admits the allegations in paragraph 111 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 111.

112.   Meta lacks information sufficient to admit or deny the allegations in paragraph 112.

113.   Meta admits the allegations in paragraph 113 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 113.

114.   Meta lacks information sufficient to admit or deny the allegations in paragraph 114.

115.   Meta admits the allegations in paragraph 115 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 115.

116.   Meta lacks information sufficient to admit or deny the allegations in paragraph 116.

117.   Meta admits the allegations in paragraph 117 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 117.

118.   Meta lacks information sufficient to admit or deny the allegations in paragraph 118.

119.   Meta admits the allegations in paragraph 119 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 119.

120.   Meta lacks information sufficient to admit or deny the allegations in paragraph 120.

121.   Meta admits the allegations in paragraph 121 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 121.

122.   Meta lacks information sufficient to admit or deny the allegations in paragraph 122.

123.   Meta admits the allegations in paragraph 123 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 123.

124.   Meta lacks information sufficient to admit or deny the allegations in paragraph 124.

125.    Meta admits the allegations in paragraph 125 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 125.

126.    Meta lacks information sufficient to admit or deny the allegations in the first sentence of paragraph 126.  Meta admits the allegations in the second sentence of paragraph 126 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 126.

127.    Meta lacks information sufficient to admit or deny the allegations in paragraph 127 related to plaintiffs' alleged investigation.  Meta admits that the allegations in paragraph 127 and footnote 15 purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta otherwise denies each and every allegation in paragraph 127.

128.    Meta lacks information sufficient to admit or deny the allegations in paragraph 128.

129.    Meta admits that plaintiffs sent Meta a list of purported healthcare properties on June 21, 2023, and that plaintiffs purport to incorporate that list by reference into its FAC as Appendix A.

**E.      Plaintiffs' Allegations Include Meta's Other Collection Tools and Both Websites and Applications**

E.      Meta admits that plaintiffs make allegations about certain of Meta's Business Tools in their FAC but denies those allegations.

130.    Meta admits that plaintiffs purport to bring this action on behalf of certain Facebook users.  Meta admits that the remaining allegations in paragraph 130 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, and except as expressly stated, Meta otherwise denies each and every allegation in paragraph 130.

131.    Meta admits the allegations in paragraph 131 purport to quote from the Consolidated Class Action Complaint, which speaks for itself, and no further responsive pleading is required.  Meta admits that the allegations in the second sentence of paragraph 131 are plaintiffs' definitions of what constitute "Meta Collection Tools," to which no responsive pleading is required.  To the extent a

1    response is required, Meta otherwise denies each and every allegation in paragraph 131, including the

2    accuracy of plaintiffs' definition.

3          132.    Meta admits that plaintiffs purport to bring this action on behalf of certain Facebook

4    users.  Meta admits that plaintiffs' class allegations are not limited to websites.  Except as expressly

5    stated, Meta otherwise denies each and every allegation in paragraph 132.

6          133.    Meta admits that it uses Javascript source code.  Except as expressly stated, Meta

7    otherwise denies each and every allegation in paragraph 133.

8          134.    Meta admits that it offers the "Hybrid Mobile App Events" feature, which provides a

9    way for developers to use App Events for a native Android or iOS web app by converting Facebook

10   Pixel events into App Events.  To the extent the allegations in paragraph 134 purport to quote an uncited

11   document, Meta lacks information sufficient to admit or deny the accuracy or authenticity of that

12   document.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph

13   134.

14         135.    Meta admits that advertisers may configure the Meta Pixel on their websites to send

15   certain customer information along with their Event Data for Meta to attempt to match to accounts on

16   Meta technologies.  Except as expressly stated, Meta otherwise denies each and every allegation in

17   paragraph 135.

18         136.    To the extent the allegations in paragraph 136 purport to quote an uncited document,

19   Meta lacks information sufficient to admit or deny the accuracy or authenticity of that document.

20   Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 136.

21         137.    Meta admits that the allegations in paragraph 137 and footnote 16 purport to quote and

22   cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a

23   response is required, Meta admits that plaintiffs correctly quote the referenced document.  Meta also

24   admits that the Facebook SDK can be used to log events that visitors take on an application.  Except as

25   expressly stated, Meta otherwise denies each and every allegation in paragraph 137.

26         138.    Meta admits that the allegations in paragraph 138 and footnote 17 purport to quote a

27   document that speaks for itself, and no further responsive pleading is required.  To the extent a response

28   is required, Meta admits that plaintiffs correctly quote the referenced document.

139.   Meta admits that the allegations in paragraph 139 and footnote 18 purport to quote and cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote the referenced document.

140.   Meta lacks information sufficient to admit or deny the authenticity or source of Figure 12.  To the extent a response is required, Meta admits that the document that Meta produced at PIXEL_HEALTH000000045 referenced in the first sentence of paragraph 140 speaks for itself.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 140.

141.   Meta admits that "Offsite Signals" refer to data that Meta receives from websites or server-to-server transmissions.  Meta further admits that "App Signals" refer to data that Meta receives from apps.  Meta further admits that "Offline Signals" refer to offline conversions like in-store purchases.  Meta further admits that "Onsite Signals" refer to signals on Meta technologies, such as Facebook.com.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 141.

142.   Meta lacks information sufficient to admit or deny the authenticity or source of Figure 12.  To the extent a response is required, Meta admits that the document that Meta produced at PIXEL_HEALTH000000039 referenced in the first sentence of paragraph 142 speaks for itself and no further responsive pleading is required.  To the extent a response is required, and except as expressly stated, Meta otherwise denies each and every allegation in paragraph 142.

143.   Meta denies each and every allegation in paragraph 143.

**F.     Meta falsely promises Facebook users that it requires its healthcare Partners to have the right to share their data.**

F.     Meta admits that it requires developers using its Business Tools to have all of the necessary rights and permissions and a lawful basis for the disclosure and use of business tool data.  Except as expressly stated, Meta otherwise denies each and every allegation in the header for Section IV.F.

144.   Meta admits that the allegations in the first sentence of paragraph 144 are conclusions of law, for which no responsive pleading is required.  Meta admits that the allegations in the second sentence of paragraph 144 and footnote 19 purport to cite documents that speak for themselves, and no

1   further responsive pleading is required.  To the extent a response is required, Meta admits that Facebook

2   users are required to agree to Meta's Terms of Use, Privacy Policy, Cookies Policy.  Except as

3   expressly stated, Meta otherwise denies each and every allegation in paragraph 144.

4          145.    Meta admits that its operative Terms of Service disclose that Meta uses users' data to

5   help determine which personalized ads to show them and that its Privacy Policy explains how Meta

6   receives and uses users' data to determine some of the ads users see and provide the services described

7   in the Terms of Service.  Except as expressly stated, Meta otherwise denies each and every allegation

8   in paragraph 145.

9          146.    Meta admits that it does not charge users to use Facebook or the other products and

10  services covered by its Terms of Service, unless stated otherwise.  Except as expressly stated, Meta

11  otherwise denies each and every allegation in paragraph 146.

12         147.    Meta admits that the allegations in paragraph 147 and footnote 20 purport to quote a

13  document that speaks for itself, and no further responsive pleading is required.  To the extent a response

14  is required, Meta lacks information sufficient to admit or deny the allegations concerning an unnamed

15  "digital law expert['s]" opinions.  Meta admits that it removed the language, "It's free and always will

16  be" from its webpage in 2019 but denies any characterization by plaintiffs of that removal.  Except as

17  expressly stated, Meta otherwise denies each and every allegation in paragraph 147.

18         148.    Meta admits the allegations in paragraph 148 are conclusions of law, for which no

19  responsive pleading is required.  To the extent a response is required, Meta admits that Facebook users

20  must agree to the operative Terms of Service, Privacy Policy, and Cookies Policy to use Facebook.

21  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 148.

22         149.    Meta denies each and every allegation in paragraph 149.

23         150.    Meta admits that the allegations in paragraph 150 purport to quote a document that

24  speaks for itself, and no further responsive pleading is required.  To the extent a response is required,

25  Meta admits that plaintiffs correctly quote the referenced document (without the emphasis added).

26         151.    Meta admits that the allegations in paragraph 151 purport to quote Meta's Terms of

27  Service, which speaks for themselves, and no further responsive pleading is required.  To the extent a

28  response is required, Meta admits that plaintiffs correctly quote the operative Terms of Service.  Meta

-21-

1   further admits that plaintiffs correctly cite Dkt. 159 at 6.  Except as expressly stated, Meta otherwise

2   denies the allegations in paragraph 151.

3          152.    Meta admits that the allegations in paragraph 152 and footnote 21 purport to quote a

4   document that speaks for itself, and no further responsive pleading is required.  To the extent a response

5   is required, Meta admits that the allegations in paragraph 152 purport to quote from Meta's Terms of

6   Service, and that plaintiffs accurately quote that document in the first sentence of paragraph 152.  Meta

7   admits that plaintiffs accurately quote Meta's Terms of Service in the second sentence of paragraph

8   152, except that the Terms of Service provide that "You can learn how we collect and use your data in

9   our *Privacy Policy*" (emphasis added).   Except as expressly stated, Meta otherwise admits the

10  allegations in paragraph 152.

11         153.    Meta admits that its operative Privacy Policy discloses to users the types of data that

12  Meta may receive about a user.  Except as expressly stated, Meta otherwise denies each and every

13  allegation in paragraph 153.

14         154.    Meta admits it does not ask or require Facebook users to grant Meta the right to obtain

15  their bank account information or Social Security number.  Except as expressly stated, Meta otherwise

16  denies each and every allegation in paragraph 154.

17         155.    Meta denies each and every allegation in paragraph 155.

18         156.    Meta lacks information sufficient to admit or deny the authenticity or source of Figure

19  14.  Meta admits that the operative Privacy Policy contains a section that describes that some

20  information is required for Meta's products to work.  Except as expressly stated, Meta otherwise denies

21  each and every allegation in paragraph 156.

22         157.    Meta lacks information sufficient to admit or deny the authenticity or source of Figure

23  15.  Meta admits that the allegations in paragraph 157 purport to quote a document that speaks for

24  itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits

25  that plaintiffs correctly quote the operative Privacy Policy (without the emphasis).  Meta further admits

26  that its operative Privacy Policy contains a section that explains that if users do not provide an email

27  address or phone number, Meta will not be able to create an account for that individual to use its

28  products.  The Privacy Policy also contains a section that explains that a user can choose to not add

Facebook friends.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 157.

158.   Meta admits that the allegations in paragraph 158 purport to quote from the Meta Privacy Policy, which speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote the operative Terms of Service and that the Terms of Service includes a hyperlink to the operative Privacy Policy.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 158.

159.   Meta admits that the allegations in paragraph 159 purport to quote from the operative Privacy Policy, which speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote the referenced document.

160.   Meta admits that the allegations in paragraph 160 purport to quote from its operative Privacy Policy, which speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote the referenced document.

161.   Meta lacks information sufficient to admit or deny the authenticity or source of Figure 16.  Meta admits that its operative Privacy Policy outlines four categories of information that Meta receives about users.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 161.

162.   Meta admits that the allegations in paragraph 162 purport to quote from the Meta Privacy Policy, and that the information within that document is accurate.  Meta denies that its operative Privacy Policy contains the language "companies that measure how well ads are doing and provide reports" quoted by plaintiffs.  Meta otherwise admits the allegations in paragraph 162.

163.   Meta denies each and every allegation in paragraph 163.

164.   Meta denies each and every allegation in paragraph 164.

165.   Meta denies each and every allegation in paragraph 165.

166.   Meta denies each and every allegation in paragraph 166.

167.   Meta admits that the allegations in paragraph 167 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies that plaintiffs correctly quote the referenced document.

168.   Meta denies each and every allegation in paragraph 168.

169.   Meta admits that the allegations in paragraph 169 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote the referenced document (without the emphasis).

170.   Meta admits that the allegations in paragraph 170 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote the referenced document, but denies plaintiffs' characterization of the document.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 170.

171.   Meta lacks information sufficient to admit or deny the authenticity or source of Figure 17.  Meta admits that the allegations in paragraph 171 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that the April 19, 2018 version of its Data Policy (now known as the Privacy Policy) contains the language plaintiffs reference.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 171.

172.   Meta lacks information sufficient to admit or deny the authenticity or source of Figure 18.  Meta admits that it added the language highlighted in Figure 18 to the Meta Privacy Policy at least as early as January 4, 2022.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 172.

173.   Meta lacks information sufficient to admit or deny the authenticity or source of Figure 19.  Meta admits that the allegations in paragraph 173 purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that the word "lawful" was removed from the language quoted in paragraph 173 and referred to in paragraph 173 but denies plaintiffs' characterization of that removal.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 173.

174.   Meta admits that the allegations in paragraph 174 and footnote 23 purport to quote and cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that it requires third-party developers using its Business Tools to

1 have the right to collect, use and share its website visitors' data before sending it to Meta but denies

2 plaintiffs' characterization of these terms.  Except as expressly stated, Meta otherwise denies each and

3 every allegation in paragraph 174.

4 175.    Meta admits that the allegations in paragraph 175 and footnote 24 purport to cite a

5 document that speaks for itself, and no further responsive pleading is required.  To the extent a response

6 is required, Meta denies each and every allegation in paragraph 175.

7 176.    Meta admits that the Pixel tool is available to advertisers that accept Meta's Business

8 Tools Terms to install on their web properties.  Meta further admits that it requires third-party

9 developers to have lawful rights to receive, use and share its website visitors' information with Meta.

10 Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 176.

11 177.    Meta admits that the allegations in paragraph 177 and footnotes 25 and 26 purport to

12 quote documents that speak for themselves, and no further responsive pleading is required.  To the

13 extent a response is required, Meta admits that plaintiffs correctly quote the referenced documents.

14 Meta otherwise denies each and every allegation in paragraph 177.

15 178.    Meta admits that the allegations in paragraph 178 and footnote 27 purport to quote

16 documents that speak for themselves, and no further responsive pleading is required.  To the extent a

17 response is required, Meta admits that plaintiffs correctly quote the document referenced in the first

18 sentence of paragraph 178.  Meta otherwise denies each and every allegation in paragraph 178.

19 179.    Meta admits that it has implemented technical means designed to filter out potentially

20 sensitive data it is able to detect before it can be stored and used in Meta's systems.  Meta further admits

21 that developers are ultimately responsible for the data that they share with Meta, are in the best position

22 to ensure their integration of the Meta Pixel does not send sensitive or prohibited information to Meta,

23 and that Meta's systems are not a substitute for developers' own compliance mechanisms and

24 adherence to Meta's Business Tools Terms.  Except as expressly stated, Meta otherwise denies each

25 and every allegation in paragraph 179.

26 180.    Meta lacks information sufficient to admit or deny the allegations in paragraph 180, as

27 it is vague what plaintiffs mean by "Meta's contract with healthcare providers."

28

181.   Meta admits that the allegations in paragraph 181 and footnote 28 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote the referenced document.  Meta otherwise denies each and every allegation in paragraph 181.

182.   Meta denies each and every allegation in paragraph 182.

183.   Meta denies each and every allegation in paragraph 183.

184.   Meta admits that it makes its Business Tools available to third-party developers and that developers can target ads to Facebook users.  Meta otherwise denies each and every allegation in paragraph 184.

185.   Meta admits the allegations in paragraph 185 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 185.

186.   Meta admits the allegations in paragraph 186 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 186.

187.   Meta admits the allegations in paragraph 187 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 187.

188.   Meta admits the allegations in paragraph 188 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 188.

**G.     Meta's health marketing division targets its "Partner" healthcare providers and covered entities and their patients to "disrupt health" and "market to patients."**

G.     Meta admits that Meta's health marketing division provides certain services to healthcare advertisers.  Meta otherwise denies each and every allegation in header IV.G.

189.   Meta admits that the allegations in paragraph 189 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required,

-26-

Meta admits that plaintiffs correctly quote the document referenced in paragraphs 189(a) and 189(b) but deny that plaintiffs accurately quote the document referenced in paragraph 189(c).

190.    Meta admits that it makes its Business Tools available to third-party developers that accept its Business Tools Terms, which may include entities that relate to health.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 190.

191.    Meta admits that the allegations in paragraph 191 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that the referenced website is entitled "Get help growing your healthcare business" and that the website states that "[h]ealthcare providers are partnering with Meta to support consumers on their journey to digital health."  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 191.

192.    Meta admits that looking up this website's code yields the code that plaintiffs cite in paragraph 192.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 192.

193.    Meta admits that it provides resources to third-party developers and advertisers in healthcare-related industries to help them create health campaigns using Meta services.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 193.

194.    Meta admits that the allegations in paragraph 194 and footnote 29 purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 194.

195.    Meta admits that it assigns Meta employees to work with specific clients.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 195.

196.    Meta admits that the allegations in paragraph 196 purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that it maintains and provides resources for third-party developers and advertisers at the referenced URL.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 196.

-27-

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 3:22-CV-3580-WHO

197.    Meta admits that looking up this website's code yields the code that plaintiffs cite in paragraph 197.   Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 197.

198.    Meta lacks information sufficient to admit or deny the authenticity or source of Figure 20.  Meta admits that the allegations in paragraph 198 purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that the referenced URL displays a graphic with the "[t]o boost awareness of SYMBICORT, AstraZeneca tested running Facebook video ads and TV ads simultaneously, which resulted in a 3-point lift in message association."  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 198.

199.    Meta lacks information sufficient to admit or deny the authenticity or source of Figure 21.  Meta admits that the allegations in paragraph 199 and footnote 30 purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that the referenced URL displays a graphic with the text "[s]ee how Midol raised awareness and relevance among young women by running Facebook and Instagram video ads, resulting in a 16-point lift in ad recall."  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 199.

200.    Meta lacks information sufficient to admit or deny the authenticity or source of Figure 22.  Meta admits that the allegations in paragraph 200 and footnote 31 purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly cite the document referenced in footnote 31.

201.    Meta admits that the allegations in paragraph 201 and footnote 32 purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that the referenced document contains what it describes as "inspirational local, regional and global advertising case studies and success stories."

202.    Meta admits that the allegations in paragraph 202 and footnote 33 purport to quote a document and video that speak for themselves, and no further responsive pleading is required.  To the

extent a response is required, Meta admits that plaintiffs correctly quote the speakers in the referenced video but denies plaintiffs' characterization of the video's contents.

203.    Meta lacks information sufficient to admit or deny the authenticity or source of Figure 23.  Meta admits that the allegations in paragraph 203 purport to quote a video that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote a speaker in the video but denies plaintiffs' characterization of the video's contents.

204.    Meta lacks information sufficient to admit or deny the authenticity or source of Figure 24.  Meta admits that the allegations in paragraph 204 purport to quote a video that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote a speaker and a graphic displayed in the video but denies plaintiffs' characterization of the video's contents.

205.    Meta lacks information sufficient to admit or deny the authenticity or source of Figure 25.  Meta admits that the allegations in paragraph 205 purport to quote a video that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote the speakers and a graphic displayed in the video but denies plaintiffs' characterization of the video's contents.

206.    Meta lacks information sufficient to admit or deny the authenticity or source of Figure 26.  Meta admits that the allegations in paragraph 206 purport to quote a video that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies that plaintiffs correctly quote the speakers in the video and denies plaintiffs' characterization of the video's contents.

207.    Meta admits that the allegations in paragraph 207 purport to quote a video that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote a speaker in the video but denies plaintiffs' characterization of the video's contents.

208.    Meta lacks information sufficient to admit or deny the authenticity or source of Figure 27.  Meta admits that the allegations in paragraph 208 purport to quote a video that speaks for itself,

and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote a graphic displayed in the video but denies plaintiffs' characterization of the video's contents.

209.   Meta admits that the allegations in paragraph 209 purport to quote a video that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote a speaker in the video but denies plaintiffs' characterization of the video's contents.

210.   Meta denies each and every allegation in paragraph 210.

**H.     Meta's health marketing division already has systems it could adopt to comply with an injunction.**

H.     Meta denies each and every allegation in header IV.H.

211.   Meta admits that plaintiffs request permanent injunctive relief but denies that plaintiffs are entitled to any such injunctive relief.

212.   Meta admits that the allegations in paragraph 212 refer to the relief sought by plaintiffs in the FAC, which speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 212.

213.   Meta admits that it does not want to receive sensitive or protected health information. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 213.

214.   Meta admits that plaintiffs filed an expert declaration in support of their reply to their Motion for Preliminary Injunction.  To the extent the allegations in paragraph 214 purport to describe that document, that document speaks for itself, and no further responsive pleading is required.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 214.

215.   Meta admits that it filed a supplemental declaration in response to plaintiffs' expert declaration in support of their reply to their Motion for Preliminary Injunction, which speaks for itself. To the extent a response is required, Meta admits that the supplemental declaration explains the shortcomings in plaintiffs' proposed improvements to Meta's system, including that plaintiffs made proposals that were "exactly what Meta already does"; made recommendations "without any personal knowledge as to how good Meta's filtering system already is"; and offered only vague suggestions

1    without explaining how any proposals would make Meta's system "more robust other than what it is

2    already doing," including making suggestions that were simply "infeasible."  Dkt. 143-3.  Except as

3    expressly stated, Meta denies each and every allegation in paragraph 215.

4        216.    Meta admits that the allegations in paragraph 216 and footnote 34 purport to cite a

5    document and video that speak for themselves, and no further responsive pleading is required.  To the

6    extent a response is required, Meta denies each and every allegation in paragraph 216.

7        217.    Meta lacks information sufficient to admit or deny the authenticity or source of Figure

8    28.  Meta admits that the referenced URL embeds a video that contains the referenced diagram and that

9    this video is available to advertisers.  Except as expressly stated, Meta otherwise denies each and every

10   allegation in paragraph 217.

11       218.    Meta admits that the allegations in paragraph 218 purport to quote a video that speaks

12   for itself, and no further responsive pleading is required.  To the extent a response is required, Meta

13   admits that plaintiffs correctly quote the speakers in the video but denies plaintiffs' characterization of

14   the video's contents.

15       219.    Meta admits that the allegations in paragraph 219 purport to quote a video that speaks

16   for itself, and no further responsive pleading is required.  To the extent a response is required, Meta

17   admits that plaintiffs correctly quote the speakers in the video but denies plaintiffs' characterization of

18   the video's contents.

19       220.    Meta admits that the allegations in paragraph 220 purport to quote a video that speaks

20   for itself, and no further responsive pleading is required.  To the extent a response is required, Meta

21   admits that plaintiffs correctly cite the speakers in the video but denies plaintiffs' characterization of

22   the video's contents.

23       221.    Meta admits the allegation in paragraph 221.

24       222.    Meta admits that the allegations in paragraph 222 purport to quote a video that speaks

25   for itself, and no further responsive pleading is required.  To the extent a response is required, Meta

26   admits that after an ad is rejected, advertisers are permitted to seek re-review.  Except as expressly

27   stated, Meta otherwise denies each and every allegation in paragraph 222.

28

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT — CASE NO. 3:22-CV-3580-WHO

223.   Meta admits that the allegations in paragraph 223 purport to quote a video that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies that plaintiffs correctly quote the speakers in the referenced video and denies plaintiffs' characterization of the video's contents.

224.   Meta admits that the allegations in paragraph 224 purport to quote a video that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote the speakers in the video but denies plaintiffs' characterization of the video's contents.

225.   Meta admits that the allegations in paragraph 225 contain plaintiffs' assertions about courses of action they contend Meta should take, and no responsive pleading is required.  To the extent a response is required, Meta admits that it is constantly improving its integrity systems.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 225.

**I.      Meta's conduct violates federal and state privacy laws.**

I.      Meta denies each and every allegation in header IV.I.

**1.      The HIPAA Privacy Rule protects patient healthcare information.**

1.      Meta admits that the allegations in header IV.I.1 purport to describe the HIPAA Privacy Rule, which speaks for itself.  To the extent a response is required, Meta admits that the HIPAA Privacy Rule sets forth certain standards and protections as articulated by the Rule.

226.   Meta admits the allegations in paragraph 226 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta admits that HIPAA and its implementing regulations protect certain health-related information.

227.   Meta admits that the allegations in paragraph 227 and footnote 35 purport to quote a rule that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote the referenced rule.

228.   Meta admits that the allegations in paragraph 228 purport to quote a rule that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that 45 C.F.R. § 1610.103 defines protected health information as individually identifiable health

-32-

1    information "(i) transmitted by electronic media; (ii) maintained in electronic media; or (iii) transmitted

2    or maintained in any other form or medium," except as excluded by the statute.

3           229.    Meta admits that the allegations in paragraph 229 purport to quote a rule that speaks for

4    itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits

5    that 45 C.F.R. § 160.103 defines individually health identifiable information as information "that is a

6    subset of health information, including demographic information collected from an individual, and: (1)

7    is created or received by a health care provider, health plan, employer, or health care clearinghouse;

8    and (2) relates to the past, present, or future physical or mental health or condition of an individual; the

9    provision of health care to an individual; or the past, present, or future payment for the provision of

10   health care to an individual; and (i) that identifies the individual; or (ii) with respect to which there is

11   a reasonable basis to believe the information can be used to identify the individual."

12          230.    Meta admits that the allegations in paragraph 230 purport to quote a rule that speaks for

13   itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits

14   that plaintiffs purport to quote 45 C.F.R. § 164.515(b) but denies that plaintiffs have included the full

15   definition.

16          231.    Meta admits that the allegations in paragraph 231 purport to quote and describe a rule

17   that speaks for itself, and no further responsive pleading is required.  To the extent a response is

18   required, Meta admits that 45 C.F.R. § 160.103 defines "covered entity" to include "a health care

19   provider who transmits any health information in electronic form in connection with a transaction

20   covered by [that] subchapter."  Meta further admits that 45 C.F.R. § 164.502(e)(1) provides that "a

21   covered entity may disclose protected health information to a business associate and may allow a

22   business associate to create, receive, maintain, or transmit protected health information on its behalf, if

23   the covered entity obtains satisfactory assurance that the business associate will appropriately safeguard

24   the information."  Except as expressly stated, Meta otherwise denies each and every allegation in

25   paragraph 231.

26          232.    Meta admits that the allegations in paragraph 232 purport to quote a statute that speaks

27   for itself, and no further responsive pleading is required.  To the extent a response is required, Meta

28

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT — CASE NO. 3:22-CV-3580-WHO

admits that plaintiffs purport to quote and describe 45 U.S.C. § 1320d-6(a) but denies that plaintiffs have included the full definition.  Meta denies that it violated the statute.

233.    Meta admits that the allegations in paragraph 233 purport to describe a statute that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 233.

234.    Meta admits that the allegations in paragraph 234 purport to quote and describe a statute that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, admits that plaintiffs purport to quote 45 U.S.C. § 1320d-6(b), but denies that plaintiffs have included the full definition.  Meta denies that it violated the statute.

**2.      Patient status is among the health information protected by HIPAA.**

2.      Meta admits that the allegations in header IV.I.2 purport to cite the HIPAA Privacy Rule, which speaks for itself.  To the extent a response is required, Meta admits that the HIPAA Privacy Rule sets forth certain standards and protections as articulated by the Rule.

235.    Meta admits that the allegations in paragraph 235 purports to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote the referenced document.

236.    Meta admits that the allegations in paragraph 236 and footnote 36 purport to quote and cite a website that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote the referenced website and that the emphasis that appears in the paragraph 236 was not included in the original website but denies plaintiffs' characterizations of those regulations.

237.    Meta admits that the allegations in paragraph 237 and footnote 37 purport to quote and cite a website that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies that plaintiffs correctly quote the referenced document or that the emphasis that appears in the paragraph 237 was included in the original website.  Meta further denies plaintiffs' characterizations in paragraph 237.

238.    Meta admits that the allegations in paragraph 238 purport to quote regulations that speak for themselves, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote language from the regulations cited in paragraph 238 but deny plaintiffs' characterizations of those regulations.  Except as expressly stated, Meta denies each and every allegation in paragraph 238.

**3.    There is no HIPAA exception for marketing on the Internet.**

3.    Meta admits the allegations in header IV.I.3 purport to describe HIPAA, which speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in header IV.I.3.

239.    Meta admits that the allegations in paragraph 239 and footnote 38 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote the referenced document.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 239.

240.    Meta admits that the allegations in paragraph 240 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 240, including that the link at footnote 39 exists and that plaintiffs correctly quote the referenced document.

241.    Meta admits that the allegations in paragraph 241 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies that plaintiffs correctly quote the referenced document and plaintiffs' characterizations of the document.

242.    Meta admits that the allegations in paragraph 242 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote the referenced document but denies plaintiffs' characterizations of the document.

243.    Meta admits that the allegations in paragraph 243 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required,

Meta denies that plaintiffs correctly quote the referenced document plaintiffs' characterizations of the document.

244.     Meta admits that the allegations in paragraph 244 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies that plaintiffs correctly quote the referenced document and plaintiffs' characterizations of the document.

245.     Meta admits that the allegations in paragraph 245 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 245.

**4.      The FTC Act protects health information.**

4.       Meta admits that the FTC Act empowers the FTC to, among other things, "(a) prevent unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce; (b) seek monetary redress and other relief for conduct injurious to consumers; (c) prescribe rules defining with specificity acts or practices that are unfair or deceptive, and establishing requirements designed to prevent such acts or practices; (d) gather and compile information and conduct investigations relating to the organization, business, practices, and management of entities engaged in commerce; and (e) make reports and legislative recommendations to Congress and the public."  Except as expressly stated, Meta otherwise denies each and every allegation in header IV.I.4.

246.     Meta admits that the allegations in paragraph 246 purport to quote and cite documents that speak for themselves, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote the document located at https://www.ftc.gov/news-events/news/press-releases/2023/07/ftc-hhs-warn-hospital-systems-telehealth-providers-about-privacy-security-risks-online-tracking but denies that plaintiffs correctly quote the document located at      https://www.ftc.gov/business-guidance/blog/2023/07/protecting-privacy-health-information-bakers-dozen-takeaways-ftc-cases.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 246, including that the referenced document at https://www.ftc.gov/business-

-36-

guidance/blog/2023/07/protectingprivacy-health-information-bakers-dozen-takeaways-ftc-cases

exists.

**5.      State law also protects health information.**

5.      Meta admits that the allegations in header IV.I.5 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta admits that certain state laws may protect health information.

247.      Meta admits that the allegations in paragraph 247 purport to quote from Meta's operative Terms of Service, which speak for themselves, and no further responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly quote the Terms of Service but denies plaintiffs' characterization of those terms.

248.      Meta lacks information sufficient to admit or deny the allegations in paragraph 248.

249.      Meta admits that the allegations in paragraph 249 purport to describe statutes that speak for themselves.  To the extent a response is required, Meta denies each and every allegation in paragraph 249.

250.      Meta admits that the allegations in paragraph 250 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 250.

251.      Meta admits that the allegations in paragraph 251 purport to quote statutes that speak for themselves, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote Cal. Civ. Code § 56.36(b) and (c) but denies plaintiffs correctly quote Cal. Civ. Code § 56.101.

252.      Meta admits the allegations in paragraph 252 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 252.

253.      Meta admits that the allegations in paragraph 253 purport to quote a statute that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies that plaintiffs cite to the correct statute.

254.     Meta admits that the allegations in paragraph 254 purport to quote statutes that speak for themselves, and no further responsive pleading is required.  To the extent a response is required, Meta denies that plaintiffs correctly quote either Cal. Civ. Code § 1798.100 or Cal. Civ. Code § 178.140(ae)(2)(B).

255.     Meta admits that the allegations in paragraph 255 purport to quote documents that speak for themselves, and no further responsive pleading is required.  To the extent a response is required, Meta denies that plaintiffs correctly cite Cal. Civ. Code § 1798.150(a)(1) or Cal. Civ. Code § 1798.81.5(d)(3) but admits that plaintiffs correctly cite the remaining statutes referenced in paragraph 225.

**6.     Patients have protectable property interests in their individually identifiable health information.**

6.     Meta admits that the allegations in header IV.I.6 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in header IV.I.6.

256.     Meta admits the allegations in paragraph 256 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 256.

257.     Meta admits that the allegations in paragraph 257 purport to quote cases that speak for themselves.  Meta admits the allegations in 257 are otherwise conclusions of law, and no further responsive pleading is required.  To the extent a response is required, Meta denies that plaintiffs correctly quote *People v. Kozlowski*, but admits that plaintiffs correctly quote the remaining cases referenced in paragraph 257.

258.     Meta admits the allegations in paragraph 258 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 258.

259.     Meta admits the allegations in paragraph 259 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 259.

260.   Meta admits the allegations in paragraph 260 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 260.

261.   Meta admits the allegations in paragraph 261 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 261.

262.   Meta admits the allegations in paragraph 262 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 262.

263.   Meta admits the allegations in paragraph 263 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 263.

264.   Meta admits that the allegations in paragraph 264 and footnote 40 purport to quote and cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that it offers users the ability to download a copy of certain of their Facebook information using the Download Your Information tool.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 264.

265.   Meta admits that it offers users the ability to download a copy of their Facebook information using the Download Your Information tool.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 265.

266.   Meta admits the allegations in paragraph 266 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 266.

**7.     The information Meta acquires without Plaintiffs' and Class members' consent has actual, measurable monetary value**

7.     Meta admits that the allegations in header IV.I.7 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in header IV.I.7.

-39-

267.    Meta admits that it does not charge users to use Facebook or the other products and services covered by its Terms of Service, unless stated otherwise.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 267.

268.    Meta admits that its operative Privacy Policy discloses to users the types of data that Meta may receive about a user and that users are required to agree to Meta's Privacy Policy to use Meta's products.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 268.

269.    Meta admits that its operative Privacy Policy discloses to users the types of data that Meta may receive about a user and that users are required to agree to Meta's Privacy Policy to use Meta's products.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 269.

270.    Meta admits that its operative Privacy Policy discloses to users the types of data that Meta may receive about a user and that users are required to agree to Meta's Privacy Policy to use Meta's products.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 270.

271.    Meta admits the allegations in paragraph 271 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 271, including that it collects individually identifiable information about users without express informed consent.

272.    Meta admits that its operative Privacy Policy discloses to users the types of data that Meta may receive about a user and that users are required to agree to Meta's Privacy Policy to use Meta's products.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 272.

273.    Meta admits that its operative Privacy Policy discloses to users the types of data that Meta may receive about a user and that users are required to agree to Meta's Privacy Policy to use Meta's products.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 273.

274.     Meta admits that its operative Privacy Policy discloses to users the types of data that Meta may receive about a user and that users are required to agree to Meta's Privacy Policy to use Meta's products.   Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 274.

275.     Meta admits that its operative Privacy Policy discloses to users the types of data that Meta may receive about a user and that users are required to agree to Meta's Privacy Policy to use Meta's products.   Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 275.

276.     Meta denies each and every allegation in paragraph 276.

277.     Meta denies each and every allegation in paragraph 277.

278.     Meta lacks information sufficient to admit or deny the authenticity or source of Figure 29.  Meta admits that the allegations in paragraph 278 purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 278.

279.     Meta lacks information sufficient to admit or deny the allegations in paragraph 279 as to whether some companies sell de-identified health information in the open market.  Meta admits that the allegations in paragraph 279 and footnote 41 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 279.

280.     Meta admits that it obtains certain revenue from targeted advertising.  Meta admits that it calculates average revenue per user for certain of its technologies and that it has reported a calculation for average revenue per user to the United States Securities and Exchange Commission.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 280.

281.     Meta lacks information sufficient to admit or deny the authenticity or source of Figure 30.  Meta admits that the allegations in paragraph 281 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 281.

282.     Meta lacks information sufficient to admit or deny the allegations in paragraph 282.

283.     Meta admits that, at one time, Meta engaged third party vendors who offered compensation to a small subset of Facebook users in exchange for participation in market research concerning their use of their smartphone devices.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 283.

284.     Meta admits that the allegations in paragraph 284 purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 284, including that the link embedded in paragraph 284 exists.

285.     Meta admits that the allegations in paragraph 285 and footnotes 42 and 43 purport to cite documents that speak for themselves, and no further responsive pleading is required.  To the extent a response is required, Meta admits plaintiffs correctly cite the referenced document but denies plaintiffs' characterization of that document.  Meta otherwise denies each and every allegation in paragraph 285.

**J.      Meta has acknowledged that targeted health advertising is not appropriate, but provides Pixel-based "work-arounds" for its healthcare providers and covered entities**

J.      Meta admits that it sets forth certain content-specific restrictions as part of its advertising standards that include, among other things, personal health, online pharmacies, over-the-counter drugs, prescription drugs, and other health-related categories.  Except as expressly stated, Meta otherwise denies each and every allegation in header IV.J.

286.     Meta admits that it sets forth certain content-specific restrictions as part of its advertising standards that include, among other things, personal health, online pharmacies, over-the-counter drugs, prescription drugs, and other health-related categories.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 286.

287.     Meta admits that the allegations in paragraph 287 and footnote 44 purport to quote a document and video that speak for themselves, and no further responsive pleading is required.  To the extent a response is required, Meta denies plaintiffs correctly cite the referenced video.

288.     Meta admits that the allegations in paragraph 288 purport to quote a document and video that speak for themselves, and no further responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 288.

289.     Meta admits that the allegations in paragraph 289 and footnote 45 purport to quote a document and video that speak for themselves, and no further responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 289 and footnote 45.

290.     Meta admits that the allegations in paragraph 290 and footnote 46 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits plaintiffs correctly cite the referenced document but denies plaintiffs' characterization of that document.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 290 and footnote 46.

291.     Meta denies each and every allegation in paragraph 291.

292.     Meta admits that the allegations in paragraph 292 and footnote 47 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly cite the referenced document.

293.     Meta admits that the allegations in paragraph 293 and footnotes 48 and 49 purport to cite to documents that speak for themselves, and no further responsive pleading is required.  Meta otherwise denies each and every allegation in paragraph 293 and footnotes 48 and 49.

294.     Meta admits that the allegations in paragraph 294 and footnote 50 purport to cite to a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies plaintiffs correctly cite the document referenced in paragraph 294 and footnote 50.

295.     Meta admits that the allegations in paragraph 295 and footnote 51 purport to cite to a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits plaintiffs correctly cite the referenced document but denies plaintiffs' characterization of that document.

1
2
3

296.    Meta admits that the allegations in paragraph 296 and footnote 52 purport to cite to a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly cite the referenced document.

4
5
6

297.    Meta admits that Lookalike Audiences leverage information such as demographics, interests, and behaviors to deliver ads to users who are similar to current audiences.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 297.

7
8
9
10
11

298.    Meta lacks information sufficient to admit or deny the authenticity or source of Figure 31.  Meta admits that the allegations in the first sentence of paragraph 298 and footnote 53 purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that it publishes guidance for advertisers.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 298.

12
13
14
15
16

299.    Meta admits that the allegations in paragraph 299 and footnote 54 purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that it published a document entitled "Enabling privacy and personalization in health advertising" located at the URL referenced in footnote 54.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 299.

17
18
19
20
21
22

300.    Meta admits that it makes its Business Tools available to third-party developers to use in accordance with the Business Tools Terms.  Meta further admits that it sets forth certain content-specific restrictions as part of its advertising standards that include, among other things, personal health, online pharmacies, over-the-counter drugs, prescription drugs, and other health-related categories.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 300.

23
24
25
26
27

301.    Meta admits that the allegations in paragraph 301 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits it published videos related to the use of its Business Tools by third-party developers in the healthcare industries.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 301.

28

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 3:22-CV-3580-WHO

302.     Meta admits that the allegations in paragraph 302 and footnote 55 purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that it makes available resources to third-party developers regarding compliance with Meta's advertising policies.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 302.

303.     Meta admits that the allegations in paragraph 303 purport to quote a document and video that speak for themselves, and no further responsive pleading is required.  To the extent a response is required, Meta admits plaintiffs correctly cite the video referenced in paragraph 303.

304.     Meta admits that the allegations in paragraph 304 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that it publishes Advertising Standards to help keep both businesses and organizations who use Meta's ad tools safe, and create a welcoming environment for everyone who uses Meta's services.  Meta further admits that plaintiffs correctly cite the referenced video but denies plaintiffs' characterization of that video.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 304.

305.     Meta admits that the allegations in paragraph 305 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits plaintiffs correctly cite the video referenced in paragraph 305.

306.     Meta admits that the allegations in paragraph 306 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly transcribe the content of the graphic described in paragraph 306 but denies plaintiffs' characterizations therein.

307.     Meta admits that the allegations in paragraph 307 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that the video referenced in paragraph 307 contains the graphic in Figure 33.

308.     Meta denies each and every allegation in paragraph 308.

309.     Meta denies each and every allegation in paragraph 309.

310.     Meta denies each and every allegation in paragraph 310.

311.    Meta denies each and every allegation in paragraph 311.

312.    Meta admits the allegations in paragraph 312 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta admits that it makes its Business Tools available to third-party developers to use in accordance with the Business Tools Terms.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 312.

313.    Meta admits the allegations in paragraph 313 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta admits that it makes its Business Tools available to third-party developers to use in accordance with the Business Tools Terms.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 313.

314.    Meta admits the allegations in paragraph 314 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 314.

315.    Meta denies each and every allegation in paragraph 315.

316.    Meta admits it earns certain revenue from advertisers using the Custom Audience and Lookalike Audience features.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 316.

317.    Meta admits that it earns certain revenue when advertisers, which could include healthcare advertisers, buy Meta advertisements.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 317.

318.    Meta admits the allegations in paragraph 318 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 318.

**K.    Meta can identify healthcare provider webpages where the Meta Collection Tools are redirecting patients' health information to Meta without patients' consent.**

K.    Meta denies each and every allegation in header IV.K.

319.    Meta admits that the allegations in paragraph 319 and footnote 56 purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response

is required, Meta admits that plaintiffs correctly cite the referenced document.  Meta otherwise denies each and every allegation in paragraph 319.

320.    Meta denies each and every allegation in paragraph 320.

321.    Meta admits that the allegations in paragraph 321 and footnote 57 purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly cite the referenced document.  Meta otherwise denies each and every allegation in paragraph 321.

322.    Meta lacks information sufficient to admit or deny the allegations in paragraph 322.  To the extent the allegations in paragraph 322 purport to quote unidentified documents, Meta lacks information sufficient to admit or deny the accuracy of those statements.

323.    Meta denies each and every allegation in paragraph 323.

324.    Meta admits the allegations in paragraph 324 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies that plaintiffs correctly cite the referenced document.

325.    Meta admits the allegations in paragraph 235 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies that it is able to use the Facebook Crawler or the FacebookBot to identify websites belonging to HIPAA-covered entities.

326.    Meta admits the allegations in paragraph 236 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies that it is able to identify websites belonging to CMIA-covered entities.

327.    Meta denies each and every allegation in paragraph 327.

328.    Meta denies that there is such a thing as the "Meta Health division," but admits there is a "US1-Health team."  Meta further admits it is able to identify U.S.-based entities managed by the US1-Health team for whom Meta received data from a pixel potentially associated with the entity during the periods from Q4 20218 through Q3 2019, and Q2 2020 through Q2 2023.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 328.

329.    Meta admits that it maintains verticals of certain advertisers using its Business Tools. Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 329.

330.     Meta denies each and every allegation in paragraph 330.

331.     Meta lacks information sufficient to admit or deny the allegations in paragraph 331.

332.     Meta admits it uses industry-specific categories called "verticals" for certain purposes.

333.     Meta admits that the document that Meta produced at PIXEL_HEALTH0000000355 referenced in paragraph 333 speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits it maintains the sub-verticals outlined in paragraph 333.

334.     Meta admits the allegations in paragraph 334.

335.     To the extent the allegations in paragraph 335 purport to cite an unnamed document, Meta lacks information sufficient to admit or deny the allegations in paragraph 335.

336.     Meta admits the allegations in paragraph 336.

337.     Meta admits that as of August 16, 2023, there were over 1.3 million websites classified as health-related in connection with Meta's integrity filtering process.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 337.

338.     Meta lacks information to admit or deny whether the web-properties identified by plaintiffs are associated with HIPAA-covered entities.  Meta otherwise denies each and every allegation in paragraph 338.

**L.     Meta has been required to thoroughly police itself since at least 2011 by consent decrees governing the company's conduct.**

L.       Meta admits that it is the subject of one or more consent decrees.  Meta otherwise denies each and every allegation in header IV.L.

339.     Meta admits that the allegations in paragraph 339 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies plaintiffs correctly cite the document referenced in paragraph 339.

340.     Meta admits that the allegations in paragraph 340 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies plaintiffs correctly cite the document referenced in paragraph 340.

341.     Meta admits that the allegations in paragraph 341 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies plaintiffs correctly cite the document referenced in paragraph 341.

342.     Meta admits that the allegations in paragraph 342 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits plaintiffs correctly cite the document referenced in paragraph 342.

343.     Meta admits that the allegations in paragraph 343 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies plaintiffs correctly cite the document referenced in paragraph 343.

344.     Meta denies each and every allegation in paragraph 344.

345.     Meta admits that the FTC's April 27, 2020, Order Modifying Prior Decision and Order includes requirements about producing "Covered Incident" reports in certain circumstances.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 345.

346.     Meta admits that the allegations in paragraph 346 purport to quote a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 346.

**M.      Meta uses health information it acquires without authorization for commercial gain.**

M.       Meta denies each and every allegation in header IV.M.

347.     Meta lacks information sufficient to admit or deny the allegations in paragraph 347 related to the origins of plaintiffs' action.  Meta otherwise denies each and every allegation in paragraph 347.

348.     Meta lacks information sufficient to admit or deny the authenticity or source of Figure 34.  Meta lacks information sufficient to admit or deny the allegations in paragraph 348 related to plaintiff John Doe I's experiences.

349.     Meta admits that, subject to Meta's usual data retention policies, Meta stores data on the ads it serves to users on its web properties.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 349.

350.    Meta admits that the allegations in paragraph 350 and footnote 58 purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that it generates certain revenue from advertising.

351.    Meta admits that it receives certain revenue from advertisers, which could include healthcare advertisers.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 351.

352.    Meta admits that it does not publicly report revenues by advertiser categories or sectors.  Meta admits that the allegations in the second sentence of paragraph 352 and footnote 59 purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta otherwise denies each and every allegation in paragraph 352.

**V.    CLASS ACTION ALLEGATIONS**

353.    Meta admits that plaintiffs purport to bring this action on behalf of the members of the purported class in paragraph 353.  Meta denies that class certification is appropriate for this case.

354.    To the extent the allegations in paragraph 354 purport to define a term used throughout the FAC and do not contain factual allegations, no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 354.

355.    Meta admits the allegations in paragraph 355 are conclusions of law, and no responsive pleading is required.  To the extent a response is required, Meta admits that 45 C.F.R. § 160.103 defines "covered entity" to include:  "(1) A health plan. (2) A health care clearinghouse. (3) A health care provider who transmits any health information in electronic form in connection with a transaction covered by [that] subchapter."  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 355.

356.    Meta admits plaintiffs seek to exclude certain individuals and entities from the proposed class definitions.  Meta denies that class certification is appropriate for this case.

357.    Meta admits plaintiffs seek to exclude certain individuals and entities from the proposed class definitions.  Meta denies that class certification is appropriate for this case.

358.    Meta admits the allegations in paragraph 358 are conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 358.  Meta denies that class certification is appropriate for this case.

359.    Meta admits the allegations in paragraph 359 are conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 359.  Meta denies that class certification is appropriate for this case.

360.    Meta admits the allegations in paragraph 360 are conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 360.  Meta denies that class certification is appropriate for this case.

361.    Meta admits the allegations in paragraph 361 are conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 361.  Meta denies that class certification is appropriate for this case.

362.    Meta admits the allegations in paragraph 362 are conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 362.  Meta denies that class certification is appropriate for this case.

## VI.    TOLLING

363.    Meta admits the allegations in paragraph 363 are conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 363.

364.    Meta lacks information sufficient to admit or deny what plaintiffs did or did not discover at any given time.  Otherwise, the allegations in paragraph 364 are conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 364.

365.    Meta admits the allegations in paragraph 365 are conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 365.

366.   Meta admits the allegations in paragraph 366 are conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 366.

367.   Meta admits the allegations in paragraph 367 are conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 367.

## VII.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### (Breach of Contract)

### By Plaintiffs on behalf of themselves and the Class

368.   Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

369.   Meta admits that it requires Facebook users to agree to Meta's Terms of Service, Privacy Policy, and Cookies Policy in order to access the Facebook platform.

370.   Meta admits the allegations in paragraph 370 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta admits that "click-wrap agreements" are valid and binding contracts.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 370.

371.   Meta admits the allegations in paragraph 371 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta admits that its operative Terms of Service is a valid and binding contract.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 371.

372.   Meta admits the allegations in paragraph 372 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta admits that its Privacy Policy is a valid and binding contract.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 372.

373.   Meta admits the allegations in paragraph 373 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta admits that its Cookies

Policy is a valid and binding contract.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 373.

374.   Meta admits that the allegations in paragraph 374 purport to quote from Meta's Terms of Service, which speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that the information in Meta's Terms of Service is accurate.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 374.

375.   Meta denies the allegations in paragraph 375.

376.   Meta admits that Facebook users must agree to the operative Terms of Service, Privacy Policy, and Cookies Policy to use Facebook and that, as part of agreeing to these terms, Facebook users permit Meta to receive and use certain information.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 376.

377.   Meta admits the allegations in paragraph 377 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 377.

378.   Meta admits the first sentence of paragraph 378.  Meta denies the second sentence of paragraph 378.

379.   Meta denies each and every allegation in paragraph 379.

380.   Meta agrees that it contractually prohibits Partners from transmitting information to Meta to which they do not have the right to share.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 380.

381.   Paragraph 381 does not contain any factual allegations to admit or deny.  To the extent a response is required, Meta denies each and every allegation in paragraph 381.

382.   Meta admits that the allegations in paragraph 382 and footnote 60 purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 382 regarding statements allegedly made by Meta in unidentified documents.

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — CASE NO. 3:22-CV-3580-WHO

383.    Meta admits that it updates its Privacy Policy periodically, and that it updated its Privacy Policy after July 22, 2022.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 383.

384.    Meta admits that the allegations in paragraph 384 purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 384 regarding statements allegedly made by Meta in unidentified documents.

385.    Meta lacks information sufficient to admit or deny the allegations in paragraph 385 related to how a Facebook user would react to plaintiffs' hypothetical statement.  To the extent a response is required, Meta denies each and every allegation in paragraph 385.

386.    Meta admits the allegations in paragraph 386 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 386.

387.    Meta admits the allegations in paragraph 387 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 387.

388.    Meta admits the allegations in paragraph 388 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 388.

389.    Meta denies each and every allegation in paragraph 389.

390.    Meta admits that it has implemented integrity systems designed to filter out potentially prohibited information that Meta is able to detect before it is stored and used in Meta's systems.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 390.

391.    Meta admits that its legal, policy, business, product, and engineering professionals have dedicated significant time and resources to develop and enhance Meta's ability, such as through its filtering system, to proactively filter out *potentially* sensitive information, including health information.  Meta further admits that it also specifically educates advertisers about their contractual obligation not

to send Meta sensitive information about their users, including health information.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 391.

392.    Meta denies each and every allegation in paragraph 392.

393.    Meta denies each and every allegation in paragraph 393.

394.    Meta admits that the allegations in paragraph 394 purport to quote a document that speaks for itself, and no further responsive pleading is required.  The remaining allegations in paragraph 394 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 394.

395.    Meta admits the allegations in paragraph 395 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 395.

396.    Meta admits the allegations in paragraph 396 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 396.

397.    Meta admits the allegations in paragraph 397 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 397.

398.    Meta admits the allegations in paragraph 398 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 398.

399.    Meta admits the allegations in paragraph 399 are conclusions of law, for which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 399.  Meta further denies that plaintiffs have suffered any damages of any kind and that they are entitled to any form of relief.

400.    Meta admits the allegations in paragraph 400 refer to the relief sought by plaintiffs in the FAC, which speaks for itself, and no further responsive pleading is required.  The remaining allegations in paragraph 400 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta otherwise denies each and every allegation in paragraph 400.

Meta further denies that plaintiffs have suffered any damages of any kind and that they are entitled to any form of relief.

**SECOND CLAIM FOR RELIEF**

**(Breach of the Duty of Good Faith and Fair Dealing)**

**By Plaintiffs on behalf of themselves and the Class**

401.    Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

402.    Meta admits that it requires Facebook users to agree to Meta's Terms of Service, Privacy Policy, and Cookies Policy in order to access the Facebook platform.

403.    Meta admits the allegations in paragraph 403 purport to refer to Meta's Terms of Service, which speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that the information in Meta's Terms of Service is accurate.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 403.

404.    Meta admits the allegations in paragraph 404 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 404.

405.    Meta admits the allegations in paragraph 405 purport to quote from Meta's Terms of Service, which speaks for itself, and no further responsive pleading is required.  The remaining allegations in paragraph 405 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 405.

406.    Meta denies the allegations in paragraph 406.

407.    Meta denies the allegations in paragraph 407.

408.    Meta denies the allegations in paragraph 408.

409.    Meta admits the allegations in paragraph 409 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 409.

410.    Meta admits the allegations in paragraph 410 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every

allegation in paragraph 410.  Meta further denies that plaintiffs are entitled to any damages or other relief.

411.    Meta admits the allegations in paragraph 411 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 411.  Meta further denies that plaintiffs have suffered any damages of any kind and that they are entitled to any form of relief.

412.    Meta admits the allegations in paragraph 412 refer to the relief sought by plaintiffs in the FAC, which speaks for itself, and no further responsive pleading is required.  The remaining allegations in paragraph 412 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 412.  Meta further denies that plaintiffs have suffered any damages of any kind and that they are entitled to any form of relief.

## THIRD CLAIM FOR RELIEF

### (Violation of Electronic Communications Privacy Act, 18 U.S.C. § 2510 et seq)

### By Plaintiffs on behalf of themselves and the Class

413.    Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

414.    Meta admits the allegations in paragraph 414 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 414.

415.    Meta admits the allegations in paragraph 415 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 414.

416.    Meta admits the allegations in paragraph 416 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 414.

417.    Meta admits the allegations in paragraph 417 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 417.

418.    Meta admits the allegations in paragraph 418 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 418.

419.    Meta admits the allegations in paragraph 419 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 419.

420.    Meta admits that developers may, subject to Meta's Business Tools Terms, Privacy Policy, Platform Policy, and Commercial Terms, create and send "Events" that log certain actions users take on a website or an app, and that, in addition to choosing what data to send Meta with their Events, developers may also configure the Business Tools to send other data along with their Event Data, including hashed contact information that Meta uses solely to match the individuals associated with the Event Data to individual Facebook User IDs.  Matched and unmatched hashed data is promptly discarded after the attempt to match it to Facebook users' hashed information is complete.  The remaining allegations in paragraph 420 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta otherwise denies each and every allegation in paragraph 420.

421.    Meta admits the allegations in paragraph 421 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 421.

422.    Meta admits the allegations in paragraph 422 refer to 18 U.S.C. section 2510, which speaks for itself, and no further responsive pleading is required.  The remaining allegations in paragraph 422 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 422.

423.    To the extent the allegations relate to plaintiffs' or third parties' actions, Meta lacks information sufficient to admit or deny the allegations in paragraph 423.  Meta admits that it is not a

1   party to plaintiffs' or Class members' communications with their healthcare providers or covered

2   entities.

3        424.    To the extent the allegations relate to plaintiffs' or third parties' actions, Meta lacks

4   information sufficient to admit or deny the allegations in paragraph 424.  The remaining allegations in

5   paragraph 424 contain conclusions of law, to which no responsive pleading is required.  To the extent

6   a response is required, Meta denies each and every allegation in paragraph 424.

7        425.     To the extent the allegations relate to plaintiffs' actions, Meta lacks information

8   sufficient to admit or deny the allegations in paragraph 425.  The remaining allegations in paragraph

9   425 contain conclusions of law, to which no responsive pleading is required.  To the extent a response

10  is required, Meta denies each and every allegation in paragraph 425.

11       426.     To the extent the allegations relate to plaintiffs' actions, Meta lacks information

12  sufficient to admit or deny the allegations in paragraph 426.  The remaining allegations in paragraph

13  426 contain conclusions of law, to which no responsive pleading is required.  To the extent a response

14  is required, Meta denies each and every allegation in paragraph 426.

15       427.    Meta admits the allegations in paragraph 427 contain conclusions of law, to which no

16  responsive pleading is required.  To the extent a response is required, Meta denies each and every

17  allegation in paragraph 427.

18       428.    Meta admits the allegations in paragraph 428 contain conclusions of law, to which no

19  responsive pleading is required.  To the extent a response is required, Meta denies each and every

20  allegation in paragraph 428.

21       429.    Meta admits the allegations in paragraph 429 purport to quote from 42 U.S.C. § 1320d-

22  6, 18 U.S.C. sections 1343 and 1349 and refers to the California Constitution and various California

23  statutes, which speak for themselves, and no further responsive pleading is required.  The remaining

24  allegations in paragraph 429 contain conclusions of law, to which no responsive pleading is required.

25  To the extent a response is required, Meta denies each and every allegation in paragraph 429.

26       430.    Meta admits the allegations in paragraph 430 purport to quote from 18 U.S.C. section

27  1349 and refer to 18 U.S.C. section 1343, which speak for themselves, and no further responsive

28  pleading is required.  The remaining allegations in paragraph 430 contain conclusions of law, to which

no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 430.

431.    Meta admits the allegations in paragraph 431 purport to quote from a document that speaks for itself, and no further responsive pleading is required.  The remaining allegations in paragraph 431 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 431.

432.    Meta admits the allegations in paragraph 432 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 432.

433.    Meta admits the allegations in paragraph 433 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 433.

434.    Meta admits the allegations in paragraph 434 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 434.

435.    The remaining allegations in paragraph 435 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 435.

436.    Meta admits the allegations in paragraph 436 purport to quote from 42 U.S.C. section 1320d-6, which speaks for itself, and no further responsive pleading is required.  The remaining allegations in paragraph 436 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 436.

437.    Meta admits that the plaintiffs in *Doe v. Medstar*, Case No. 24-C-20-000591 (Baltimore City, Maryland) brought claims against the defendant in that case for intrusion upon seclusion, publication of private facts, and violation of the Maryland Wiretap Act.  Meta lacks information sufficient to admit or deny the allegations related to other cases not involving Meta in paragraph 437. The remaining allegations in paragraph 437 contain conclusions of law, to which no responsive

1  pleading is required.  To the extent a response is required, Meta otherwise denies each and every

2  allegation in paragraph 437.

3       438.    Meta lacks information sufficient to admit or deny the allegations related to other cases

4  not involving Meta in paragraph 438.  The remaining allegations in paragraph 438 contain conclusions

5  of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies

6  each and every allegation in paragraph 438.

7       439.    Meta denies each and every allegation in paragraph 439.

8       440.    Meta admits the allegations in paragraph 440 contain conclusions of law, to which no

9  responsive pleading is required.  To the extent a response is required, Meta denies each and every

10  allegation in paragraph 440.

11       441.    Meta admits the allegations in paragraph 441 purport to quote from to 18 U.S.C. 2520,

12  which speaks for itself, and no further responsive pleading is required.  The remaining allegations in

13  paragraph 540 contain conclusions of law, to which no responsive pleading is required.  To the extent

14  a response is required, Meta otherwise denies each and every allegation in paragraph 441.  Meta further

15  denies that plaintiffs have suffered any damages of any kind and that they are entitled to any form of

16  relief.

17       442.    To the extent the allegations relate to plaintiffs' actions or desires, Meta lacks

18  information sufficient to admit or deny the allegations in paragraph 442.  The remaining allegations in

19  paragraph 442 contain conclusions of law, to which no responsive pleading is required.  To the extent

20  a response is required, Meta otherwise denies each and every allegation in paragraph 442, including

21  that plaintiffs are entitled to injunctive relief.

22       443.    Meta admits that developers may, subject to Meta's Business Tools Terms, Privacy

23  Policy, Platform Policy, and Commercial Terms, configure the Meta Pixel on their websites to send

24  "Events" that log certain actions users take on a website, and that developers may also configure the

25  Meta Pixel on their websites to send other data along with their Event Data.  Meta otherwise denies

26  each and every allegation in paragraph 443.

27       444.    Meta admits the allegations in paragraph 444 refer to the relief sought by plaintiffs in

28  the FAC, which speaks for itself, and no further responsive pleading is required.  The remaining

1   allegations in paragraph 444 contain conclusions of law, to which no responsive pleading is required.

2   To the extent a response is required, Meta otherwise denies each and every allegation in paragraph 444.

3   Meta further denies that plaintiffs have suffered any damages of any kind and that they are entitled to

4   any form of relief.

5   **FOURTH CLAIM FOR RELIEF**

6   **(Violation of California Invasion of Privacy Act, Cal. Penal Code §§ 631 and 632)**

7   **By Plaintiffs on behalf of themselves and the Class**

8   445.   Meta hereby incorporates by reference its responses to the preceding paragraphs as if

9   fully set forth herein.

10   446.   Meta admits the allegations in paragraph 446 contain conclusions of law and purport to

11   quote from California Penal Code sections 630 through 638, to which no responsive pleading is

12   required.  To the extent a response is required, Meta otherwise denies each and every allegation in

13   paragraph 446.

14   447.   Meta admits the allegations in paragraph 447 contain conclusions of law and purport to

15   quote from California Penal Code section 631, to which no responsive pleading is required.  To the

16   extent a response is required, Meta otherwise denies each and every allegation in paragraph 447.

17   448.   Meta admits the allegations in paragraph 448 contain conclusions of law and purport to

18   quote from California Penal Code section 632, to which no responsive pleading is required.  To the

19   extent a response is required, Meta otherwise denies each and every allegation in paragraph 448.

20   449.   Meta admits the allegations in paragraph 449 contain conclusions of law and purport to

21   quote from California Penal Code sections 631 and 632, to which no responsive pleading is required.

22   Meta otherwise denies each and every allegation in paragraph 449.

23   450.   To the extent the allegations relate to plaintiffs' actions, Meta lacks information

24   sufficient to admit or deny the allegations in paragraph 450.  The remaining allegations in paragraph

25   450 contain conclusions of law, to which no responsive pleading is required.  To the extent a response

26   is required, Meta denies each and every allegation in paragraph 450.

27   451.   Meta admits that its headquarters are in California.  To the extent the allegations refer

28   to Meta's Terms of Service, that document speaks for itself, and no further responsive pleading is

-62-

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT — CASE NO. 3:22-CV-3580-WHO

required.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 451.

452.     To the extent the allegations relate to plaintiffs' actions, Meta lacks information sufficient to admit or deny the allegations in paragraph 452.  The remaining allegations in paragraph 452 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 452.

453.     To the extent the allegations relate to plaintiffs' actions, Meta lacks information sufficient to admit or deny the allegations in paragraph 453.  The remaining allegations in paragraph 453 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 453.

454.     Meta denies the allegations in paragraph 454.

455.     To the extent the allegations relate to plaintiffs' actions or desires, Meta lacks information sufficient to admit or deny the allegations in paragraph 455.  The remaining allegations in paragraph 455 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 455.  Meta further denies that plaintiffs have suffered any damages of any kind and that they are entitled to any form of relief.

456.     Meta admits the allegations in paragraph 456 refer to the relief sought by plaintiffs in the FAC, which speaks for itself, and no further responsive pleading is required.  The remaining allegations in paragraph 456 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 456.  Meta further denies that plaintiffs have suffered any damages of any kind and that they are entitled to any form of relief.

## FIFTH CLAIM FOR RELIEF

### (Intrusion Upon Seclusion—Common Law)

### By Plaintiffs on behalf of themselves and the Class

457.     Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

458.     Meta admits the allegations in paragraph 458 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 458.

459.     To the extent the allegations relate to plaintiffs' or third parties' actions, Meta lacks information sufficient to admit or deny the allegations in paragraph 459.  Meta admits that developers may, subject to Meta's Business Tools Terms, Privacy Policy, Platform Policy, and Commercial Terms, configure the Meta Pixel on their websites to send "Events" that log certain actions users take on a website, and that developers may also configure the Meta Pixel on their websites to send other data along with their Event Data.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 459.

460.     To the extent the allegations relate to plaintiffs' expectations, Meta lacks information sufficient to admit or deny the allegations in paragraph 460.  The remaining allegations in paragraph 460 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 460.

461.     To the extent the allegations relate to plaintiffs' expectations or actions, Meta lacks information sufficient to admit or deny the allegations in paragraph 461.  The remaining allegations in paragraph 461 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 461.

462.     Meta admits that patient medical data is generally considered sensitive information that requires consent to be shared.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 462.

463.     Meta admits the allegations in paragraph 463 and footnote 61 refer to a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 463.

464.     To the extent the allegations relate to plaintiffs' or third parties' actions, Meta lacks information sufficient to admit or deny the allegations in paragraph 464.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 464.

465.     Meta admits that, subject to a user's individual cookie controls and advertisers' option to disable first-party cookies for Pixels they install, the Meta Pixel may save a unique identifier to an _fbp cookie for the website domain on a device.  The remaining allegations in paragraph 465 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta otherwise denies each and every allegation in paragraph 465.

466.     Meta denies each and every allegation in paragraph 466.

467.     To the extent the allegations relate to third parties' actions, Meta lacks information sufficient to admit or deny the allegations in paragraph 467.  Meta admits that, subject to Meta's Terms of Use, Privacy Policy, Cookies Policy, a user's selections on the "Ad Preferences" page (which provides users with certain controls over how their data is used for advertising), a user's selections in "Ad Settings" (where users can opt out of receiving personalized advertisements based on their activity on third-party websites, apps, or offline, among other things), and a user's cookie controls, the _fbp cookie value may identify browsers for the purposes of providing advertising and site analytics services.  Meta further admits that advertisers have the option to disable first-party cookies for Pixels they install and the pages on which they configure the Meta Pixel.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 467.

468.     Meta denies each and every allegation in paragraph 468.

469.     Meta admits the allegations in paragraph 469 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 469.

470.     To the extent the allegations relate to plaintiffs' knowledge or actions, Meta lacks information sufficient to admit or deny the allegations in paragraph 470.  The remaining allegations in paragraph 470 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 470.

471.     To the extent the allegations relate to third parties' actions, Meta lacks information sufficient to admit or deny the allegations in paragraph 471.  The remaining allegations in paragraph 471 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 471.

1   472.    Meta admits the allegations in paragraph 472 refer to the relief sought by plaintiffs in

2  the FAC, which speaks for itself, and no further responsive pleading is required.  The remaining

3  allegations in paragraph 472 contain conclusions of law, to which no responsive pleading is required.

4  To the extent a response is required, Meta otherwise denies each and every allegation in paragraph 472.

5  Meta further denies that plaintiffs have suffered any damages of any kind and that they are entitled to

6  any form of relief.

7   473.    Meta admits the allegations in paragraph 473 contain conclusions of law, to which no

8  responsive pleading is required.  To the extent a response is required, Meta denies each and every

9  allegation in paragraph 473.

10   474.    Meta admits the allegations in paragraph 474 refer to the relief sought by plaintiffs in

11  the FAC, which speaks for itself, and no further responsive pleading is required.  The remaining

12  allegations in paragraph 474 contain conclusions of law, to which no responsive pleading is required.

13  To the extent a response is required, Meta denies each and every allegation in paragraph 474.  Meta

14  further denies that plaintiffs have suffered any damages of any kind and that they are entitled to any

15  form of relief.

16  ### SIXTH CLAIM FOR RELIEF

17  **(California Constitutional Invasion of Privacy)**

18  **By Plaintiffs on behalf of themselves and the Class**

19   475.    Meta hereby incorporates by reference its responses to the preceding paragraphs as if

20  fully set forth herein.

21   476.    Meta admits the allegations in paragraph 476 contain conclusions of law and purport to

22  quote from the California Constitution, to which no responsive pleading is required.  To the extent a

23  response is required, Meta otherwise denies each and every allegation in paragraph 476.

24   477.    To the extent the allegations relate to plaintiffs' interests or actions, Meta lacks

25  information sufficient to admit or deny the allegations in paragraph 477.  The remaining allegations in

26  paragraph 477 contain conclusions of law, to which no responsive pleading is required.  To the extent

27  a response is required, Meta denies each and every allegation in paragraph 477.

28

478.     To the extent the allegations relate to plaintiffs' knowledge or actions, Meta lacks information sufficient to admit or deny the allegations in paragraph 478.  The remaining allegations in paragraph 478 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 478.

479.     To the extent the allegations relate to plaintiffs' knowledge or actions, Meta lacks information sufficient to admit or deny the allegations in paragraph 479.  The remaining allegations in paragraph 479 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 479.

480.     To the extent the allegations relate to plaintiffs' actions, Meta lacks information sufficient to admit or deny the allegations in paragraph 480.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 480, and specifically denies that it had "unauthorized access" to the facts listed in paragraph 480.

481.     To the extent the allegations relate to plaintiffs' or third parties' actions, Meta lacks information sufficient to admit or deny the allegations in paragraph 481.  Meta admits that developers may, subject to Meta's Business Tools Terms, Privacy Policy, Platform Policy, and Commercial Terms, configure the Meta Pixel on their websites to send "Events" that log certain actions users take on a website, and that developers may also configure the Meta Pixel on their websites to send other data along with their Event Data.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 481.

482.     Meta denies each and every allegation in paragraph 482.

483.     Meta admits the allegations in paragraph 483 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 483.

484.     Meta admits the allegations in paragraph 484 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 484.

485.     Meta admits the allegations in paragraph 485 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 485.

486.     Meta admits the allegations in paragraph 486 refer to the relief sought by plaintiffs in the FAC, which speaks for itself, and no further responsive pleading is required.  The remaining allegations in paragraph 486 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 486.  Meta further denies that plaintiffs have suffered any damages of any kind and that they are entitled to any form of relief.

### SEVENTH CLAIM FOR RELIEF

**(Trespass to Chattel)**

**By Plaintiffs on behalf of themselves and the Class**

487.     Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

488.     The allegations in paragraph 488 relate to plaintiffs' or third parties' actions, and Meta lacks information sufficient to admit or deny them.

489.     Meta admits that, subject to a user's individual cookie controls and advertisers' option to disable first-party cookies for Pixels they install, the Meta Pixel may save a unique identifier to an _fbp cookie for the website domain on a device.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 489.

490.     Meta denies each and every allegation in paragraph 490.

491.     Meta admits that, subject to a user's individual cookie controls and advertisers' option to disable first-party cookies for Pixels they install, the Meta Pixel may save a unique identifier to an _fbp cookie for the website domain on a device.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 491.

492.     The allegations in paragraph 492 relate to plaintiffs' or third parties' actions, and Meta lacks information sufficient to admit or deny them.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 492.

493.    To the extent the allegations in paragraph 493 relate to plaintiffs' knowledge or actions, Meta lacks information sufficient to admit or deny them.  The remaining allegations in paragraph 493 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 493.

494.    Meta admits the allegations in paragraph 494 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 494.

495.    Meta lacks information sufficient to admit or deny the allegations in paragraph 495.

496.    To the extent the allegations in paragraph 496 relate to plaintiffs' actions, Meta lacks information sufficient to admit or deny them.  Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 496.

497.    To the extent the allegations in paragraph 497 relate to plaintiffs' actions, Meta lacks information sufficient to admit or deny them.  Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 497.

498.    To the extent the allegations in paragraph 498 relate to plaintiffs' actions, Meta lacks information sufficient to admit or deny them.  Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 498.

499.    To the extent the allegations in paragraph 499 relate to plaintiffs' or third parties' actions, Meta lacks information sufficient to admit or deny them.  Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 499.

500.    Meta admits the allegations in paragraph 500 and footnotes 62 and 63 purport to quote from documents that speak for themselves, and no further responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 500.

501.    To the extent the allegations in paragraph 501 relate to plaintiffs' or third parties' actions, Meta lacks information sufficient to admit or deny them.  Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 501.

502.    Meta admits the allegations in paragraph 502 purport to refer to a document that speaks for itself, and no further responsive pleading is required.  Meta otherwise lacks information sufficient

to admit or deny the allegations in paragraph 502.  Meta further denies that plaintiffs have suffered any damages of any kind and that they are entitled to any form of relief.

503.    Meta admits the allegations in paragraph 503 and footnotes 64 and 65 purport to refer to documents that speak for themselves, and no further responsive pleading is required.  Meta otherwise lacks information sufficient to admit or deny the allegations in paragraph 503.

504.    Meta admits the allegations in paragraph 504 refer to the relief sought by plaintiffs in the FAC, which speaks for itself, and no further responsive pleading is required.  The remaining allegations in paragraph 504 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 504.  Meta further denies that plaintiffs have suffered any damages of any kind and that they are entitled to any form of relief.

505.    Meta admits the allegations in paragraph 505 refer to the relief sought by plaintiffs in the FAC, which speaks for itself, and no further responsive pleading is required.  The remaining allegations in paragraph 505 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 505.  Meta further denies that plaintiffs have suffered any damages of any kind and that they are entitled to any form of relief.

506.    Meta admits the allegations in paragraph 506 refer to the relief sought by plaintiffs in the FAC, which speaks for itself, and no further responsive pleading is required.  The remaining allegations in paragraph 506 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 506.  Meta further denies that plaintiffs have suffered any damages of any kind and that they are entitled to any form of relief.

## EIGHTH CLAIM FOR RELIEF

### (Violation of California Consumer Legal Remedies Act, Cal. Civil Code§ 1780(a))

507.    Meta admits the allegations in paragraph 507 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta admits plaintiffs correctly

1   cite the statute referenced in paragraph 507.  Except as expressly stated, Meta otherwise denies each

2   and every allegation in paragraph 507.

3        508.    Meta admits the allegations in paragraph 508 contain conclusions of law, to which no

4   responsive pleading is required.  To the extent a response is required, Meta denies plaintiffs correctly

5   cite the statute referenced in paragraph 508 (the statute provides "that goods or services have

6   sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities *that* they do not have")

7   (emphasis added).  Except as expressly stated, Meta otherwise denies each and every allegation in

8   paragraph 508.

9        509.    Meta admits the allegations in paragraph 509 contain conclusions of law, to which no

10  responsive pleading is required.  To the extent a response is required, Meta denies plaintiffs correctly

11  cite the statute referenced in paragraph 509 (the statute provides "that a transaction confers or involves

12  rights, remedies, or obligations *that* it does not have or involve, or which are prohibited by law)

13  (emphasis added).  Except as expressly stated, Meta otherwise denies each and every allegation in

14  paragraph 509.

15       510.    Meta admits the allegations in paragraph 510 and footnotes 66 through 70 purport to

16  quote documents that speak for themselves, and no further responsive pleading is required.  To the

17  extent the allegations relate to plaintiffs' knowledge or actions, Meta lacks information sufficient to

18  admit or deny the allegations in paragraph 510.  The remaining allegations in paragraph 510 contain

19  conclusions of law, to which no responsive pleading is required.  To the extent a response is required,

20  Meta denies each and every allegation in paragraph 510.

21       511.    Meta admits the allegations in paragraph 511 contain conclusions of law, to which no

22  responsive pleading is required.  To the extent a response is required, Meta denies each and every

23  allegation in paragraph 511.

24       512.    To the extent that paragraph 512 refers to plaintiffs' knowledge, Meta lacks information

25  sufficient to admit or deny the allegations.  Except as expressly stated, Meta otherwise denies each and

26  every allegation in paragraph 512.

27       513.    Meta admits that it received a letter from plaintiffs on August 29, 2023.  Except as

28  expressly stated, Meta otherwise denies each and every allegation in paragraph 513.

514.    Meta admits the allegations in paragraph 514 refer to the relief sought by plaintiffs in the FAC, which speaks for itself, and no further responsive pleading is required.  The remaining allegations in paragraph 514 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 514.  Meta further denies that plaintiffs have suffered any damages of any kind and that they are entitled to any form of relief.

### NINTH CLAIM FOR RELIEF

### (Violation of the California Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502)

### By Plaintiffs on behalf of themselves and the Class

515.    Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

516.    Meta admits the allegations in paragraph 516 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta admits plaintiffs correctly cite the statute referenced in paragraph 516.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 516.

517.    Meta admits the allegations in paragraph 517 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta otherwise denies each and every allegation in paragraph 517.

518.    Meta admits the allegations in paragraph 518 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta otherwise denies each and every allegation in paragraph 518.

519.    Meta admits the allegations in paragraph 519 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta otherwise denies each and every allegation in paragraph 519.

520.    Meta admits the allegations in paragraph 520 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta admits plaintiffs correctly cite the statute referenced in paragraph 520.

521.     Meta admits the allegations in paragraph 521 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta admits plaintiffs correctly cite the statute referenced in paragraph 521.

522.     Meta admits the allegations in paragraph 522 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta admits plaintiffs correctly cite the statute referenced in paragraph 522.

523.     Meta admits the allegations in paragraph 523 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta admits plaintiffs correctly cite the statute referenced in paragraph 523.

524.     Meta admits the allegations in paragraph 524 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta admits plaintiffs correctly cite the statute referenced in paragraph 524.

525.     Meta admits the allegations in paragraph 525 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 525.

526.     Meta lacks information sufficient to admit or deny the allegations in paragraph 526.

527.     Meta admits the allegations in paragraph 527 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 527.

528.     Meta denies each and every allegation in paragraph 528.

529.     Meta lacks information sufficient to admit or deny the allegations in paragraph 529.  To the extent paragraph 529 alleges that Meta "usurp[s] the normal operation of a patient's computing devices," Meta denies the allegations in paragraph 529.

530.     The allegations in paragraph 530 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 530.

531.     Meta admits that third-party developers can choose to install and use the Meta Pixel on their websites to measure certain actions taken on their websites.  Meta admits that, subject to Meta's

-73-

Business Tools Terms, Privacy Policy, Platform Policy, and Commercial Terms, third-party developers may configure the Meta Pixel on their websites to send Event Data to Meta.  The remaining allegations in paragraph 531 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta otherwise denies each and every allegation in paragraph 531.

532.    Meta admits that third-party developers can choose to install and use the Meta Pixel on their websites to measure certain actions taken on their websites.  Meta admits that, subject to Meta's Business Tools Terms, Privacy Policy, Platform Policy, and Commercial Terms, third-party developers may configure the Meta Pixel on their websites to send Event Data to Meta.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 532.

533.    Meta admits that, subject to Meta's Business Tools Terms, Privacy Policy, Platform Policy, and Commercial Terms, as well as Meta's Terms of Service and Cookies Policy, a user's selections on the "Ad Preferences" page (which provides users with certain controls over how their data is used for advertising), a user's selections in "Ad Settings" (where users can opt out of receiving personalized advertisements based on their activity on third-party websites, apps, or offline, among other things), and a user's cookie controls, data received from a developer through the Meta Pixel is aggregated with many other potential signals received from other advertisers or otherwise collected on Meta technologies in order to improve Meta's advertising overall.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 533.

534.    Meta admits the allegations in paragraph 534 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 534.

535.    To the extent the allegations relate to plaintiffs and putative class members' actions, Meta lacks information sufficient to admit or deny the allegations in paragraph 535.  The remaining allegations in paragraph 535 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies each and every allegation in paragraph 535.

536.    Meta admits the allegations in paragraph 536 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 536.

537.    Meta admits the allegations in paragraph 537 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 537.

538.    Meta lacks information sufficient to admit or deny the allegations in paragraph 538.

539.    Meta admits the allegations in paragraph 539 refer to the relief sought by plaintiffs in the FAC, which speaks for itself, and no further responsive pleading is required.  The remaining allegations in paragraph 539 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 539.  Meta further denies that plaintiffs have suffered any damages of any kind and that they are entitled to any form of relief.

540.    Meta admits the allegations in paragraph 540 refer to the relief sought by plaintiffs in the FAC, which speaks for itself, and no further responsive pleading is required.  The remaining allegations in paragraph 540 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 540.  Meta further denies that plaintiffs have suffered any damages of any kind and that they are entitled to any form of relief.

## TENTH CLAIM FOR RELIEF

### (Unjust Enrichment – California Law)

### By Plaintiffs on behalf of themselves and the Class

541.    Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

542.    Meta admits the allegations in paragraph 542 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 542.

543.    Meta admits the allegations in paragraph 543 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 543.

544.    Meta admits the allegations in paragraph 544 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 544.

545.    Meta admits the allegations in paragraph 545 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 545.

546.    Meta admits the allegations in paragraph 546 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 546.

547.    Meta admits the allegations in paragraph 547 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies each and every allegation in paragraph 547.  Meta further denies that plaintiffs have suffered any damages of any kind and that they are entitled to any form of relief.

## VIII.    PRAYER FOR RELIEF

Meta responds to the Prayer for Relief as follows:  Meta denies that plaintiffs are entitled to relief against Meta and requests that the Court dismiss all claims against Meta with prejudice and order such further relief as the Court deems just and proper.

## IX.    DEMAND FOR JURY TRIAL

Meta admits that plaintiffs purport to demand a jury trial of all issues so triable.

## AFFIRMATIVE DEFENSES

Meta has not completed its full investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial.  The defenses asserted herein are based on Meta's knowledge, information, and belief at this time.  By asserting the defenses herein, Meta does not knowingly and intentionally waive any applicable defenses and hereby expressly reserves the right to assert any additional defenses, cross-claims, and/or third-party claims as may be appropriate at a later time.  Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of plaintiffs' claims, Meta asserts the following separate and additional defenses:

**FIRST SEPARATE AND ADDITIONAL DEFENSE**

**(Failure to State a Claim)**

The FAC and the claims alleged therein fail to allege facts sufficient to state a cause of action against Meta upon which relief may be granted.

**SECOND SEPARATE AND ADDITIONAL DEFENSE**

**(Failure to Plead with Particularity)**

The FAC fails to plead each purported cause of action with sufficient particularity.

**THIRD SEPARATE AND ADDITIONAL DEFENSE**

**(No Injury)**

Plaintiffs and the putative class members have not sustained any injury, harm, and/or damage as a result of any actions allegedly taken or omissions allegedly made by Meta, and are thus barred from asserting any claim against Meta.

**FOURTH SEPARATE AND ADDITIONAL DEFENSE**

**(Laches / Waiver / Release / Estoppel / Unclean Hands / Inequitable Conduct)**

The FAC and the claims alleged therein are barred, in whole or in part, by the doctrines of laches, waiver, release, estoppel, unclean hands *in pari delicto*, and/or inequitable conduct.

**FIFTH SEPARATE AND ADDITIONAL DEFENSE**

**(Failure to Mitigate)**

The FAC and the claims alleged therein are barred, in whole or in part, to the extent discovery reveals plaintiffs failed to mitigate their damages.

**SIXTH SEPARATE AND ADDITIONAL DEFENSE**

**(Statutes of Limitations)**

The FAC and the claims alleged therein are barred, in whole or in part, by one or more statutes of limitations under applicable law.

**SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Adequate Remedy at Law)**

Plaintiffs' and the putative class members' claims for equitable and/or injunctive relief are barred to the extent there is an adequate remedy at law.

1

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

2

### (Unjust Enrichment)

3

The right to relief on behalf of plaintiffs and the putative class members is barred by the doctrine

4

of unjust enrichment.  Plaintiffs and the putative class members would be unjustly enriched if allowed

5

to recover the relief claimed to be due.

6

## NINTH SEPARATE AND ADDITIONAL DEFENSE

7

### (Mistake)

8

The FAC and the claims alleged therein are barred, in whole or in part, on the grounds that

9

Meta reasonably relied on facts that may later prove to be false and/or made a bona fide error despite

10

using reasonable procedures to avoid any such error.

11

## TENTH SEPARATE AND ADDITIONAL DEFENSE

12

### (Consent / Ratification)

13

The FAC and the claims alleged therein are barred, in whole or in part, by the doctrines of

14

consent and/or ratification.

15

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

16

### (No Intent)

17

The FAC and the claims alleged therein are barred, in whole or in part, because plaintiffs cannot

18

show Meta had the requisite intent.

19

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

20

### (Wrong Party)

21

The FAC and the claims alleged therein are barred, in whole or in part, because plaintiffs have

22

filed suit against the wrong party.

23

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

24

### (Contributory Negligence)

25

The FAC and the claims alleged therein are barred, in whole or in part, as a result of plaintiffs'

26

and the putative class members' contributory negligence in causing the harms, if any, they have

27

allegedly suffered.

28

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

**(Good Faith)**

The FAC and the claims alleged therein are barred, in whole or in part, because Meta at all times acted in good faith.

**FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Lack of Causation)**

The FAC and the claims alleged therein are barred, in whole or in part, because plaintiffs have failed to allege that Meta's actions were a legal cause of plaintiffs' and the putative class members' alleged injuries.

**SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Barred by Contract)**

The FAC and the claims alleged therein are barred, in whole or in part, by contracts and/or agreements entered into with Meta and with healthcare providers.

**SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Duplicative Claims)**

The FAC and the claims alleged therein are barred, in whole or in part, to the extent any of plaintiffs' claims are duplicative of other claims in the FAC.

**EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(No Privacy Interest)**

The FAC and the claims therein are barred, in whole or in part, because plaintiffs do not maintain a legally protected privacy interest over any data plaintiffs allege to have been impermissibly collected, plaintiffs' continued use of Meta's services eliminated any reasonable expectation of privacy over any such information, and any such information was shared with plaintiffs' explicit permission, consent, and/or ratification.

**NINETEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Lack of Offensive Intrusion)**

The FAC and the claims alleged therein are barred, in whole or in part, because plaintiffs have failed to allege that any purported intrusion into a legally protected privacy interest was sufficiently offensive to support a claim under either the California Constitution or California common law.

**TWENTIETH SEPARATE AND ADDITIONAL DEFENSE**

**(Intervening or Superseding Cause)**

The FAC and the claims alleged therein are barred, in whole or in part, because the damages alleged in the FAC, if any, were caused by persons and entities other than Meta.  Such intervening and superseding conduct of others bars and/or diminishes recovery, if any, by plaintiffs and the putative class members against Meta.

**TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

**(Lack of Standing Under 18 U.S.C. §§ 2510, *et seq.*)**

Plaintiffs' claims and the claims of the putative class members alleging violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510, *et seq.*, are barred, in whole or in part, because plaintiffs and the putative class members have no standing to sue under this law.

**TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

**(Lack of Standing Under Cal. Penal Code § 631)**

Plaintiffs' claims and the claims of the putative class members alleging violation of the California Invasion of Privacy Act, Cal. Penal Code § 631, are barred, in whole or in part, because plaintiffs and the putative class members have no standing to sue under this law.

**TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE**

**(Lack of Standing Under Cal. Penal Code § 632)**

Plaintiffs' claims and the claims of the putative class members alleging violation of the California Invasion of Privacy Act, Cal. Penal Code § 632, are barred, in whole or in part, because plaintiffs and the putative class members have no standing to sue under this law.

**TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE**

**(Failure to Allege Injury)**

The FAC and the claims alleged therein are barred, in whole or in part, because plaintiffs have failed to allege the type of injury or harm required for particular claims including, but not limited to, plaintiffs' claims for:  Trespass to chattel; violation of the Comprehensive Consumer Data and Access Fraud Act, Cal. Penal Code § 502; violation of the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*; violation of the California Unfair Competition Laws, Bus. & Prof. Code §§ 17200.

## TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Party to Communications)

The FAC and the claims alleged therein are barred, in whole or in part, because Meta was a party to any and all communications Meta allegedly received, and therefore no actionable interception occurred.

## TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Improper Class Action)

Plaintiffs may not maintain this lawsuit as a class action because the purported claims of the putative class representatives are not sufficiently typical of those of the purported class members, common issues of fact and law do not predominate over individual issues and liability and damages cannot be proven on a class-wide basis, the putative class representatives will not adequately represent the purported class, the putative class is not ascertainable, the proposed class action would not be manageable, and a class action is not a superior method for adjudicating the purported claims set forth in plaintiffs' Complaint.

## TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Class Action Unconstitutional – Absent Persons)

Any attempt to require Meta to identify, locate, or notify absent persons on whose behalf this action is allegedly prosecuted would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

**(Class Action Unconstitutional – Jury Trial)**

As a matter of constitutional right and substantive due process, Meta would be entitled to contest by jury trial its liability to any particular individual on whose behalf this action is purportedly brought.  Trying this case as a class action would violate the United States Constitution.

## TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Limitation of Liability Clause)

The FAC and the claims alleged therein are barred, in whole or in part, by a binding limitation of liability clause in Meta's Terms of Service.

## THIRTIETH SEPARATE AND ADDITIONAL DEFENSE

### (Speculative Remedies & Damages)

The FAC and the claims alleged therein are barred, in whole or in part, because the remedies sought are speculative, remote, and impossible to ascertain, and because the damages alleged to have been suffered are speculative and not compensable under the law.

## THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Improper Request for Attorneys' Fees)

Plaintiffs' request for attorneys' fees in this matter is barred because it lacks any basis in law or contract.

## THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Double Recovery)

The FAC and the claims alleged therein are barred, in whole or in part, on the grounds that plaintiffs seek to recover multiple times for the same alleged harm.

## THIRTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Unauthorized Remedies)

The FAC and the claims alleged therein are barred, in whole or in part, because the remedies sought are unconstitutional, contrary to public policy, otherwise unauthorized, or not recognized by applicable state law.

## THIRTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

**(Unconstitutional Request for Statutory and Punitive Damages)**

Statutory, punitive, or exemplary damages should not be awarded or should otherwise be limited because (i) any recovery of punitive or exemplary damages would violate the substantive and procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, by Article 1, Section 7 of the California Constitution, by section 3294 of the California Civil Code, and by the common law; and (ii) imposition of any statutory, punitive, or exemplary damages would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution.

**THIRTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE**

**(Unconstitutional Aggregation of Statutory Damages)**

Any aggregation of statutory damages should be barred or should otherwise be limited because imposition of aggregated statutory damages would constitute an excessive fine or penalty under the Eighth Amendment to the Unites States Constitution and Article 1, Section 17 of the California Constitution.

**ADDITIONAL AFFIRMATIVE DEFENSE**

**(Additional Affirmative Defenses)**

As a separate and distinct affirmative defense, Meta reserves the right to amend this Answer to assert additional defenses and/or supplement or modify this Answer as may be warranted by the revelation of information during discovery and investigation.  Furthermore, Meta intends to develop and present evidence negating one or more elements of each of the claims in the FAC, as well as evidence showing that it has not violated the law.

Dated: March 29, 2024

**GIBSON, DUNN & CRUTCHER LLP**

By:   */s/ Lauren R. Goldman*
      Lauren R. Goldman

**COOLEY LLP**

By:   */s/ Michael G. Rhodes*
      Michael G. Rhodes

*Attorneys for Meta Platforms, Inc.*
*(formerly known as Facebook, Inc.)*

-84-

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT — CASE NO. 3:22-CV-3580-WHO

## CIVIL L.R. 5-1(i)(3) ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I, Lauren R. Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: March 29, 2024                    **GIBSON, DUNN & CRUTCHER LLP**

By:   */s/ Lauren R. Goldman*
      Lauren R. Goldman

-85-

DEFENDANT META PLATFORMS, INC.'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT — CASE NO. 3:22-CV-3580-WHO