UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions. | Case No. 22-cv-03580-WHO (VKD)<br><br>**ORDER RE MARCH 15, 20214 DISCOVERY DISPUTE RE META'S PRIVILEGE LOG; ORDER GRANTING PLAINTIFFS' MOTION TO SEAL**<br><br>Re: Dkt. Nos. 428, 429 |
|---|---|

Plaintiffs and defendant Meta Platforms, Inc. ("Meta") ask the Court to resolve several disputes concerning Meta's privilege log.[1] Dkt. No. 428. The Court held a hearing on this matter on April 9, 2024. Dkt. No. 449. For the reasons stated on the record during the hearing and as further explained below, the Court orders as follows:

1. *Logging privileged content within email threads.* The parties have stipulated, and the Court has ordered, as follows: "The Producing Party must separately log every email in a thread. If the Producing Party is withholding any part of an email thread based on a claim of privilege or other protection, that party must produce all parts of the thread that are not privileged. Each withheld communication in an email string shall be separately logged as described above." Dkt. No. 352 at 2 (Section 8(d)(iv)). The Court agrees with plaintiffs that if an email thread is otherwise subject to production but for a claim of privilege[2], the producing party must separately log each email within the thread that is withheld from production or redacted. Nothing in this

---

[1] Good cause appearing, the Court grants plaintiffs' request (Dkt. No. 429) to redact a portion of the parties' March 15, 2024 discovery letter brief and appended Exhibit A (Meta's privilege log). *See Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098-99 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

[2] As used in this order, "privilege" refers to the attorney-client privilege, the work product doctrine, and other similar protections against disclosure.

requirement changes Meta's collection or production obligations; rather, this requirement concerns only Meta's obligation to separately log, on an email-specific basis, its privilege claims.

2. *Log entry descriptions*. Per the parties' stipulation and as ordered by the Court, a producing party is required to describe a document or information withheld on grounds of privilege in a manner that is "sufficiently detailed and informative to justify the privilege or protection claimed." Dkt. No. 352 at 2 (Section 8(d)(iii)). The Court has reviewed Meta's privilege log entries. *See* Dkt. No. 429-4. The only entries that are insufficiently specific are those that refer to legal advice "regarding data privacy issues." Other descriptions, such as those that refer to legal advice "regarding preservation in anticipation of litigation," or "regarding data filtering/blocking issues," or "regarding platform terms issues," are sufficiently specific. Meta must amend its privilege log entries to more specifically describe the privilege claims that presently refer to "data privacy issues."

Meta's amendments to its privilege log entry descriptions must be served by **April 17, 2024**, unless the parties stipulate to a different date.

3. *Distribution lists*. The parties advise this issue is resolved.

4. *Request for in camera review*. The parties advise that there are now 13 privilege log entries for which plaintiffs seek *in camera* review on the grounds that the documents or information withheld do not appear to be communications to or from an attorney and/or appear to concern business advice not legal advice. As the parties have not completed their discussions about whether these materials may be properly withheld, the Court denies plaintiffs' request for *in camera* review at this time. The parties shall confer regarding these disputed entries and shall report to the Court regarding the status of the dispute by **April 17, 2024**. If a dispute remains, the parties shall propose an efficient means for presenting the remaining issues to the Court for resolution.

**IT IS SO ORDERED.**

Dated: April 10, 2024



Virginia K. DeMarchi
United States Magistrate Judge