CONFIDENTIAL

March 22, 2024

Judge Virginia K. DeMarchi
San Jose Courthouse, Courtroom 2 – 5th Floor
280 South 1st Street
San Jose, CA 95113

      Re:    *In re Meta Pixel Healthcare Litigation*, Case No. 22-cv-03580-WHO (VKD)

Dear Judge DeMarchi,

Pursuant to the Court's Standing Order, Plaintiffs submit this discovery dispute letter responding to Meta's request for a protective order.

### A.    STATEMENT OF THE DISPUTE REQUIRING RESOLUTION

Whether Meta's request for a protective order at ECF 434 should be stricken and/or denied.

### B.    PLAINTIFFS' POSITION

Plaintiffs do *not* seek production of duplicative data. Instead, Plaintiffs have repeatedly, unsuccessfully requested fields and field descriptions for relevant data sources to ascertain which sources contain non-duplicative data. Plaintiffs have explained to Meta that without this information, the parties cannot meaningfully discuss which data sources are duplicative.

The parties have engaged in an ongoing, years' long meet and confer process over specific data sources. On March 14, during a separate meet-and-confer, Meta informed Plaintiffs – ***for the first time*** – that Meta intended to move for a protective order on the scope of discovery. Meta refused to describe the relief Meta sought or the data sources or discovery requests at issue. Meta sent its brief the same evening.

On March 20, the parties held a lead counsel meet and confer. Meta stated it seeks to limit data production and preservation to four tables.[1] When Plaintiffs questioned whether additional fields exist (*e.g.* fields related to Meta's use of health information in advertising and revenue data), Meta responded the four tables "may" contain "some information" related to use but "not necessarily" all of it – and that revenue information is elsewhere. At the conclusion of the conference, Plaintiffs explained they would send a letter the next day outlining their position, and would submit a joint dispute letter by March 27.

Nonetheless, Meta unilaterally filed its motion for protective order the next day. Notably missing is a "certification that the movant has in good faith conferred or attempted to confer" with

---

[1] █████████████████████████████████████████

Plaintiffs (Fed. R. Civ. P. 26(c)(1)), "the specific discovery material at issue[,]" and a "proposed protective order" (Standing Order at 3-4).

Meta's request appears to demand that all class member data discovery be limited to four tables – which Meta admits do not contain critical responsive data, such as information relating to the use of pixel data and revenue data regarding the pixel. Meta's request also appears to be a backdoor vehicle to obtain a license to begin deleting unique responsive data, i.e., everything outside of the four tables Meta identifies.

Meta's request is also improper because Plaintiffs' source code expert is continuing to search for data sources. Meta seeks to cut off this process now in order to cabin Plaintiffs to an incomplete set of data. Meta has not articulated any specific data source to be excluded, provided information to assess whether these unknown sources are truly duplicative, or meaningfully conferred with Plaintiffs. Meta fails its heavy burden of establishing "good cause." Meta's motion should be denied.

### I.  Meta Seeks a License to Delete Unidentified Data Sources

The party moving for a protective order to limit discovery must meet a "heavy burden" to establish "good cause[.]" *Ioane v. Spjute*, 2014 WL 2930790, at *2-3 (E.D. Cal. June 27, 2014). "Broad allegations of harm, unsubstantiated by specific examples, or articulated reasoning" are insufficient. *Id.* "[A] protective order must be narrowly tailored and cannot be overbroad. Therefore, the documents, information, items or materials that are subject to the protective order shall be described in a meaningful fashion[.]" *Big Baboon, Inc. v. Dell Inc.*, 2009 WL 3735812, at *1 (C.D. Cal. Nov. 6, 2009).

Meta asks for permission to delete and shield from discovery unidentified data sources that Meta describes as "data from sources that contain only duplicative data—or sources for which the only incremental, appended data is irrelevant."

### II.  Meta Has Not Demonstrated Burden

Meta fails to identify any data source effected, making the request virtually impossible to assess. *Ioane*, 2014 WL 2930790, at *2 ("the Court does not have enough information to properly assess the propriety of a protective order pertaining to unspecified [] information relevant to the Defendants' discovery requests, which also remain unknown to the Court…Plaintiffs have not submitted a proposed protective order….and did not make any effort to work with the Defendants to craft a stipulated protective order."). Instead, Meta improperly delegates itself *carte blanche* to decide which data sources are irrelevant, duplicative, and excluded from discovery – decisions unquestionably within the Court's authority. *See Treasure Island, LLC v. Affiliated Fm Ins. Co.*, 2023 WL 6295500, at *4 (D. Nev. Sept. 26, 2023); *Johnson v. Serenity Transportation, Inc.,* 2016 WL 6393521, at *2 (N.D. Cal. Oct. 28, 2016) ("A party cannot unilaterally decide that there has been enough discovery on a given topic."); *see also Shenwick v. Twitter, Inc.*, 2018 WL 833085, at *3 (N.D. Cal. Feb. 7, 2018) (unilateral redactions "frowned upon" and create "more work for parties and [the] court").

Because relevance of Meta's data sources cannot be disputed, Meta must demonstrate discovery should not be allowed by "clarifying, explaining, and supporting its objections."

*Williams v. Condensed Curriculum Int'l*, 2021 WL 6621071, at *2 (N.D. Cal. Dec. 29, 2021) (citation omitted). Meta's burdensomeness objections must be supported by "facts" and "sufficient detail in terms of time, money and procedure required to produce the requested documents." *Debeaubien v. California*, 2021 WL 1616111, at *2 (E.D. Cal. Apr. 26, 2021). Relatedly, assessing proportionality requires considering, *inter alia*, the burden or expense of discovery and the importance of the discovery. Rule 26(b)(1).

Meta's brief is replete with adjectives about the complexity and volume of data. This does not demonstrate the "time, money and procedure" involved in the discovery at issue – which remains unknown. Meta's statements are made in the abstract, untethered to any particular data source, making it impossible to consider the benefit or import of the discovery. The Court cannot blindly assess proportionality related to unknown sources based on generalized statements about the complexity of Meta's systems. Meta's case citations are therefore inapposite. Meta cannot point to a single case in which a Court entered a broad protective order blocking discovery into unidentified, unknown databases. *See* ECF. 434 at 3.

### III. Meta Improperly Seeks to Limit Discovery into Relevant Data Sources

It is undisputed the four tables do not include data regarding Meta's use of health information in advertising. Judge Orrick has recognized that Meta's use of health data is "highly relevant." *See e.g.*, ECF 316 at 12, fn. 4 (Meta's "filtering efforts and purported use of any received healthcare information are highly relevant to whether its conduct is 'highly offensive.'"). And Meta has *already argued* that plaintiffs were only injured if Meta misused their information. ECF No. 232 at 14:22-15:6. In other words, Meta's request to delete data potentially jeopardizes data relevant to class certification and administration.

Indeed, Meta's document production references additional systems demonstrating use:



In fact, Plaintiffs' investigation of Meta's relevant, non-duplicative, data sources is ongoing. On March 20, Plaintiffs' source code expert began inspecting Meta's source code to identify additional relevant tables. Meta itself suggested Plaintiffs' expert should inspect Meta's source code to identify additional tables.

This Court should not grant Meta's extraordinary request to limit discovery based on a procedurally deficient motion brought on an incomplete factual record. There is simply insufficient information for Plaintiffs or the Court to evaluate Meta's request, which targets discovery that forms the crux of Plaintiffs' case.

### C. NEED FOR A HEARING

Plaintiffs believes the parties would benefit from a hearing before Your Honor.

### D. CUT-OFF DATES FOR FACT AND EXPERT DISCOVERY

*Parties substantially complete document production* – April 19, 2024

*Fact discovery Cut-off* – October 18, 2024

### E. STATEMENT RE COMPLIANCE WITH STANDING ORDER

The parties held a lead counsel meet-and-confer on March 20, 2024 via Zoom. Meta did not comply with this Court's standing order.

### G. ATTACHMENTS

None.

Dated: March 22, 2024					By:	*/s/ Jason "Jay" Barnes*
							Jason 'Jay' Barnes

**SIMMONS HANLY CONROY LLC**

Jason 'Jay' Barnes (admitted *pro hac vice*)
  jaybarnes@simmonsfirm.com
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel:	212-784-6400
Fax:	212-213-5949


							By:	*/s/ Geoffrey Graber*
							Geoffrey Graber

**COHEN MILSTEIN SELLERS & TOLL PLLC**

Geoffrey Graber, State Bar No. 211547
  ggraber@cohenmilstein.com
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel:	202-408-4600
Fax:	202-408-4699

**KIESEL LAW LLP**

Jeffrey A. Koncius, State Bar No. 189803
  koncius@kiesel.law
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel:	310-854-4444
Fax:	310-854-0812

**TERRELL MARSHALL LAW GROUP PLLC**

Beth E. Terrell, State Bar No. 178181
  bterrell@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.:	206-816-6603
Fax:	206-319-5450

**GIBBS LAW GROUP LLP**

Andre M. Mura, State Bar No. 298541
  amm@classlawgroup.com
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.:	510-350-9700

Fax: 510-350-9701

*Attorneys for Plaintiffs and Putative Class*

6