# Exhibit 2

1
2
3
4
5
6
7
8
9
10
11
12
13

GIBSON, DUNN & CRUTCHER LLP
LAUREN R. GOLDMAN (*admitted pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*admitted pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:     (212) 351-4000
Facsimile:      (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone     (415) 393-4622
Facsimile      (415) 801-7389

ANDREW M. KASABIAN, SBN 313210
333 South Grand Avenue
Los Angeles, CA 90071 USA
Telephone     (213) 229-7311
Facsimile      (213) 229-6311
akasabian@gibsondunn.com

COOLEY LLP
MICHAEL G. RHODES, SBN 116127
rhodesmg@cooley.com
KYLE C. WONG, SBN 224021
kwong@cooley.com
CAROLINE A. LEBEL, SBN 340067
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

14

*Attorneys for Defendant Meta Platforms, Inc.*

15
16
17

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

18
19
20
21
22
23

| IN RE META PIXEL HEALTHCARE LITIGATION | Case No. 3:22-cv-03580-WHO |
|---|---|
|  | CLASS ACTION |
| This Document Relates To:<br><br>All Actions | **DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION TO DEFENDANT META PLATFORMS, INC., SET ONE** |

24
25
26
27
28

    **PROPOUNDING PARTY:  PLAINTIFFS**

    **RESPONDING PARTY:     META PLATFORMS, INC.**

    **SET NO.:      ONE**

Defendant Meta Platforms, Inc. ("Meta"), formerly known as Facebook, Inc. ("Facebook"), by and through the undersigned attorneys, and pursuant to Federal Rules of Civil Procedure ("Federal Rules") 26 and 34, and the Civil Local Rules of the U.S. District Court for the Northern District of California ("Local Rules"), hereby provides the following responses and objections to Plaintiffs' Requests for Production to Defendant Meta Platforms, Inc., Set One (each a "Request," and together, the "Requests"), dated February 9, 2023, as follows:

**PRELIMINARY STATEMENT**

1.      Meta's responses to the Requests are made to the best of its current knowledge, information, belief, and understanding of the Requests.  Meta's factual and legal investigation of this matter is ongoing.  Further, the parties have not engaged in any meet and confer regarding the Requests, many of which are overbroad or otherwise objectionable.  Meta reserves the right to supplement or amend any responses in accordance with any agreement between the parties or should future investigation indicate that such supplementation or amendment is necessary.

2.      Meta's responses to the Requests are made solely for the purpose of and in relation to the above-captioned action.  Each response is given subject to all appropriate objections (including, but not limited to, objections concerning privilege, competency, relevancy, materiality, propriety, and admissibility).  All objections are reserved and may be interposed at any time.

3.      Meta's responses include only information that is within Meta's possession, custody, or control.

4.      Meta incorporates by reference each and every general objection set forth below into each and every specific response.  From time to time, a specific response may repeat a general objection for emphasis or some other reason.  The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.

5.      Nothing contained in these Responses and Objections or provided in response to the Requests consists of, or should be construed as, an admission relating to the accuracy, relevance, existence, or nonexistence of any alleged facts or information referenced in any Request.

Gibson, Dunn &
Crutcher LLP

1

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

**GENERAL OBJECTIONS**

1.     Meta generally objects to each Request, including the Definitions and Instructions, on the grounds and to the extent that it purports to impose obligations beyond those imposed or authorized by the Federal Rules, the Federal Rules of Evidence, the Local Rules, the Court's standing orders, any other applicable federal or state law, and any agreements between the parties.  Meta will construe and respond to the Requests in accordance with the requirements of the Federal Rules and other applicable rules or laws.

2.     Meta generally objects to each Request to the extent it seeks documents and information that are irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or are of such marginal relevance that their probative value is outweighed by the burden imposed on Meta in having to provide such information, including any request that seeks information for any time period outside that which is relevant to the claims or defenses asserted in this action.

3.     Meta generally objects to each Request to the extent the Request is vague, ambiguous, unreasonably cumulative, or duplicative, including to the extent it seeks documents or communications that are otherwise responsive to other specific Requests.

4.     Meta generally objects to the Requests, including the Definitions and Instructions, on the basis that they specify an overbroad and unduly burdensome relevant time period, and seek documents and things outside of the time period relevant to the claims and defenses asserted in this lawsuit.

5.     Meta generally objects to the Requests, including the Definitions and Instructions, to the extent that they are vague, ambiguous, overbroad, and/or unduly burdensome, including to the extent that they call for the production of "any" or "all" documents or communications concerning the subject matters referenced therein.

6.     Meta generally objects to the Requests, including the Definitions and Instructions, to the extent that they do not identify the documents sought with reasonable particularity as required by Fed. R. Civ. P. § 34(b)(1)(A).

Gibson, Dunn & Crutcher LLP

2

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

7.     Meta generally objects to the Requests, including the Definitions and Instructions, to the extent they conflict with or ask for metadata or information beyond that required by any Electronically Stored Information Protocol entered in this action.

8.     Meta generally objects to each Request on the grounds and to the extent it purports to request the identification and disclosure of any information, communication(s), or document(s) that were prepared in anticipation of litigation, in connection with any internal investigation conducted at the direction of counsel, constitute attorney work product, reveal privileged attorney-client communications, are covered under the common-interest privilege and/or joint-defense privilege, or are otherwise protected or immune from disclosure under any applicable privilege(s), law(s), or rule(s).  Meta hereby asserts all such applicable privileges and protections, and excludes privileged and protected information from its responses to each Request.  *See generally* Fed. R. Evid. 502.  The production of any information or documents that are privileged or otherwise immune from discovery and any subsequent use and/or clawback of such information or documents is governed by the 502(d) Order to be entered in this case.

9.     Meta generally objects to each Request to the extent that it requests information that is confidential, proprietary, or competitively sensitive.  To the extent any proprietary or confidential information, trade secret, or other sensitive or protected business information is non-privileged and responsive to the Requests and not otherwise objectionable, Meta will produce such documents in accordance with the Protective Order to be entered in this litigation and any other procedures the Court may establish to protect sensitive or confidential information.  Meta's disclosure of such information is subject to Meta's compliance with any notice and/or contractual obligations to third parties in advance of disclosure.

10.     Meta generally objects to each Request to the extent that any regulatory body, governmental agency, or governmental entity objects to the production of the requested documents.

11.     Meta generally objects to the Requests to the extent that the information sought is more appropriately pursued through another discovery tool.

12.     Meta generally objects to each Request to the extent it is argumentative, lacks foundation, or incorporates allegations and assertions that are disputed or erroneous.  In furnishing

the responses herein, Meta does not concede the truth of any factual assertion or implication contained in any Request, Definition, or Instruction.

13. Meta generally objects to each Request, Definition, and Instruction to the extent that it seeks information outside of Meta's possession, custody, or control.

14. Meta generally objects to each Request on the grounds and to the extent that production of such information demanded therein would violate the right of privacy of third parties under California law or other applicable laws of any relevant jurisdiction, or that such production is otherwise prohibited by law, or is subject to legal requirements for notification of third parties. Such laws include, but are not limited to, the Stored Communications Act, 18 U.S.C. § 2701 *et seq.* ("SCA").

15. To the extent Plaintiffs have requested or will seek the same documents from third parties, Meta objects to the Requests as duplicative, cumulative, and as seeking documents that are obtainable from other sources that are more convenient, less burdensome, or less expensive.

16. Meta generally objects to the Requests to the extent that they purport to impose an obligation to conduct anything beyond a reasonable and diligent search of reasonably accessible files (including electronic files) where responsive documents reasonably would be expected to be found. Any Requests that seek to require Meta to go beyond such a search are overbroad and unduly burdensome.

17. Meta's willingness to provide any document or information in response to a Request shall not be interpreted as an admission that such document or information exists, that it is relevant to a claim or defense in this action, or that it is admissible for any purpose. Meta does not waive its right to object to the admissibility of any document or information produced by any party on any ground.

**OBJECTIONS TO DEFINITIONS**

1. Meta objects to the Plaintiffs' definitions of "any" and "all" on the grounds that Meta cannot guarantee that it has located every single document responsive to a particular Request. Such requests are overbroad and any attempt to respond would be unduly burdensome, expensive, and

oppressive, and seek information that is not relevant or proportional to the subject matter of the litigation.

2.      Meta objects to Plaintiffs' definitions of "Communication," "Document(s)," "Electronic Media," "Electronically Stored Information," "Information," "Policy," and "Policies" to the extent that Plaintiffs purport to use these defined terms to request the identification and disclosure of documents that:  (a) were prepared in anticipation of litigation; (b) constitute attorney work product; (c) reveal privileged attorney-client communications; or (d) are otherwise protected from disclosure under any applicable privileges, laws, and/or rules.  Meta further objects to the extent that these definitions purport to impose obligations that go beyond the requirements of the Federal Rules and the Local Rules, as applicable.  Meta will construe these terms in accordance with the Federal Rules and the Local Rules.

3.      Meta objects to Plaintiffs' definition of "Employee(s)" and its inclusion of "any person who acted or purported to act on behalf of any Facebook entity."  Meta objects to this definition to the extent it encompasses individuals over whom Meta exercises no control or includes individuals who took action purportedly on Meta's behalf but without authorization from Meta.  Meta will construe this definition so as to include the following:  individuals employed by Meta and/or individuals authorized and directed by Meta to act on Meta's behalf.

4.      Meta objects to Plaintiffs' definition of "Facebook," "Defendant," "Meta," "You," and "Your" and its inclusion of "its corporations, businesses, subsidiaries, divisions, subdivisions, affiliated entities, predecessors, successors, and parents, as well as their respective officers, directors, employees, partners, representatives, agents, attorneys, accountants, or other persons occupying similar positions or performing similar functions," as overbroad and unduly burdensome to the extent the terms are meant to include any individual(s), entit(ies), or any other person(s) over which Meta exercises no control and to the extent Plaintiffs purport to use the terms to impose obligations on Meta that go beyond the requirements of the Federal Rules and the Local Rules.  Meta further objects to this definition to the extent that Plaintiffs purport to use this defined term to seek documents that are not relevant to the claims and defenses in this action, including Meta's subsidiaries and products

Gibson, Dunn & Crutcher LLP

5

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

not at issue in this litigation.  Meta will construe the terms "Defendant," "Facebook," "You," and "Your" so as to include the following: Meta Platforms, Inc. and its officers and employees.

5. Meta objects to Plaintiffs' definition of "Filter" to the extent it refers to a definition of "Filter" in "Exhibit A" because there are no references to "Filter" in Exhibit A to the Requests.  Meta will construe the term "Filter" as referring to its health-related integrity system which was developed to filter out potentially sensitive health data it detects.

6. Meta objects to Plaintiffs' definition of "HIPAA Authorization" to the extent it incorrectly references the Code of Federal Regulations as 45 C.F.R. § 508.  Meta will construe the term "HIPAA Authorization" as described in 45 C.F.R. § 164.508.

7. Meta objects to the Plaintiffs' definition of "Medical Provider" as vague, ambiguous, overbroad, and unduly burdensome.  Meta further objects to this definition to the extent Plaintiffs purport to use this defined term to seek information that is not relevant to the claims and defenses in this action, including, for example, the undefined term "health-related services" that expands the scope of the defined term beyond the allegations in this action.  Meta will construe this term to refer to the entities identified in the Consolidated Amended Complaint: MedStar Health. Inc., Rush University System for Health, WakeMed & Health, Ohio State University Wexner Medical Center, and North Kansas City Hospital.

8. Meta objects to the Plaintiffs' definition of "Patient Portal" as vague, ambiguous, overbroad, and unduly burdensome.  Meta further objects to this definition to the extent Plaintiffs purport to use this defined term to seek information that is not relevant to the claims and defenses in this action, including, for example, its broad reference to "Web-Propert[ies]" that are used by Medical Providers" for undefined "communicat[ions] with patients" that expands the scope of the defined term beyond the allegations in this action.  Meta will construe this term to refer to a "Patient Portal," if any, connected to a Medical Provider as defined herein.

9. Meta objects to Plaintiffs' definition of "Personal Information" as overbroad, vague, and ambiguous to the extent it purports to include information that "is capable of being associated with," or "could reasonably be linked, directly or indirectly, with" and information including the "Persons' preferences, characteristics, psychological trends, predispositions, behaviors, attitudes,

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

intelligence, abilities, or aptitudes." Meta further objects to this definition insofar as it purports that any one of these criteria, standing alone, is enough to identify specific persons. Meta further objects to the extent that this definition purports to impose obligations that go beyond the requirements of the Federal Rules and the Local Rules, as applicable.

## OBJECTIONS TO INSTRUCTIONS

1. Meta objects to Plaintiffs' "Instructions" to the extent they impose obligations that go beyond the requirements of the Federal Rules and the Local Rules.

2. Meta objects to Plaintiffs' "Instructions" to the extent that they are inconsistent with or purport to impose obligations inconsistent with or beyond the ESI Protocol and Protective Order to be entered in this action. To the extent Meta produces documents or other ESI in response to the Requests, Meta will do so in accordance with the ESI Protocol and Protective Order.

3. Meta objects to Instruction No. 1 to the extent it seeks documents or information in the possession of any individual(s), entit(ies), or any other person(s) over whom Meta exercises no control.

4. Meta objects to Instruction No. 3 to the extent it defines the Relevant Time Period. Meta understands that Plaintiffs seek to meet and confer on this issue.

5. Meta objects to Instruction No. 4 as vague and ambiguous regarding its explanation that undefined terms "shall be construed in an ordinary, common-sense manner." Meta will construe undefined terms as it understands them.

## OBJECTIONS TO RELEVANT TIME PERIOD

1. Meta objects to the Relevant Time Period to the extent it calls for the production of documents that are from a time before or after the events or circumstances relevant to this action. Specifically, Meta objects to the Relevant Time Period "run[ning] from the date when Meta released the Meta Pixel" as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Meta construes the Relevant Time Period as April 1, 2018 to February 21, 2023.

Gibson, Dunn &
Crutcher LLP

7

**RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Documents, Including organizational charts, sufficient to show the hierarchy of Persons responsible for the development, implementation, marketing, and oversight of the Meta Pixel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request as vague and ambiguous as to its use of the terms "show the hierarchy of Persons," "responsible," "development," "implementation," "marketing," and "oversight."

(B)     Meta objects to this Request as being overbroad and unduly burdensome as to time period.

(C)     Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Requests seeks information unlimited in time and scope.

(D)     The information sought by the Request is more appropriately pursued through another discovery tool, such as an interrogatory.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and produce, responsive, non-privileged documents sufficient to identify current and former employees who participated in the development, implementation, marketing, or oversight of the Meta Pixel during the Relevant Time Period, to the extent such documents exist, are reasonably accessible, and are within Meta's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2:**

Documents, Including organizational charts, sufficient to show the hierarchy of Persons responsible for Meta's sales relating to health, health-related information, or health-related companies.

Gibson, Dunn & Crutcher LLP

8

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request as vague and ambiguous as to its use of the terms "show the hierarchy of Persons," "responsible for," "Meta's sales," "health," "health-related information," and "health-related companies."

(B)     Meta objects that this Request is overbroad and unduly burdensome as to time period and to the extent that it encompasses undefined sales unrelated to the Meta Pixel or any of the allegations in Plaintiffs' complaint.

(C)     Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks information unlimited in time and scope.

(D)     The information sought by the Request is more appropriately pursued through another discovery tool, such as an interrogatory.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta agrees to meet and confer with Plaintiffs about this overly broad Request.  Meta reserves the right to supplement its objections and response to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

Documents, Including organizational charts, sufficient to show the hierarchy of Persons responsible for the Filter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request as vague and ambiguous as to its use of the terms "show the hierarchy of Persons" and "responsible for."

Gibson, Dunn & Crutcher LLP

(B)     Meta objects to this Request as being overbroad and unduly burdensome as to time period.

(C)     Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Requests seeks information unlimited in time and scope.

(D)     The information sought by the Request is more appropriately pursued through another discovery tool, such as an interrogatory.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and produce, responsive, non-privileged documents sufficient to identify current and former employees responsible for Meta's Filter during the Relevant Time Period, to the extent such documents exist, are reasonably accessible, and are within Meta's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4:**

Documents, Including organizational charts, sufficient to show the hierarchy of Persons responsible for data which Meta receives via the Meta Pixel deployed on Medical Provider Web-Properties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request as vague and ambiguous as to its use of the terms "show the hierarchy of Persons," "responsible for data," and "deployed on."

(B)     Meta objects to this Request on the grounds that it fails to describe the documents sought with reasonable particularity given its use of the vague and undefined term "data" and, depending on how this term is defined, seeks information not relevant to Plaintiff's claims.

(C)     Meta also objects to this Request as being overbroad and unduly burdensome as to time period.

(D)     Meta objects to this Request as seeking information that is irrelevant to the claims in,

1   or defenses to, this action and disproportionate to the needs of the case, including that the Request

2   seeks information that is unlimited in time and scope for a vague, undefined definition of websites.

3        (E)     The information sought by the Request is more appropriately pursued through another

4   discovery tool, such as an interrogatory.

5        Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

6   discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and

7   produce, responsive, non-privileged documents sufficient to show the hierarchy of Persons

8   responsible for data which Meta receives via the Meta Pixel in connection with the Medical Provider

9   Web-Properties during the Relevant Time Period, to the extent such documents exist, are reasonably

10  accessible, and are within Meta's possession, custody, or control.

11  **REQUEST FOR PRODUCTION NO. 5:**

12       Documents sufficient to show the data flow through which Meta receives information via the

13  Meta Pixel deployed on Medical Provider Web-Properties, Including those listed in Exhibit A.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

15       Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

16  Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

17  forth in this Response.  Meta further objects to this Request on the following additional grounds:

18       (A)     Meta objects to this Request as vague and ambiguous as to its use of the terms "data

19  flow" and "deployed on."

20       (B)     Meta objects to this Request on the grounds that it is unclear what is meant by the

21  phrase "[d]ocuments… sufficient to show the data flow."  It is unclear what documents are

22  contemplated by this phrase or what "sufficient to show the data flow through which Meta Received

23  information via the Meta Pixel" is intended to encompass.

24       (C)     Meta objects to this Request as seeking information that is irrelevant to the claims in,

25  or defenses to, this action and disproportionate to the needs of the case, including that the Request

26  seeks information that is unlimited in time and scope for a vague, undefined definition of websites.

27       (D)     Meta objects to this Request as argumentative and lacking foundation in that it

28  presumes Meta Pixel was "deployed on" websites resulting in an undefined "data flow."

(E)     Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.  Meta objects to producing or providing information relating to any non-public source code, and/or producing or making available for inspection non-public source code itself in original or native format (or otherwise), until sufficient protections containing appropriately tailored confidentiality and source code provisions are entered in the case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and produce, responsive, non-privileged documents sufficient to show the data flow through which Meta received information via the Meta Pixel from Medical Provider Web-Properties during the Relevant Time Period, to the extent such documents exist, are reasonably accessible, and are within Meta's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to identify the databases, logs, or other electronic sources where Meta receives, re-directs, or stores event-level and/or derived data collected through and associated with the Meta Pixel for Medical Provider Web-Properties, Including those listed in Exhibit A.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request as vague and ambiguous as to its use of the terms "databases," "logs," "other electronic sources," "derived data," and "collected through and associated with the Meta Pixel."

(B)     Meta objects to this Request on the grounds that it fails to describe the documents sought with reasonable particularity given its use of the vague and undefined terms "databases, logs, or other electronic sources" and, depending on how those terms are defined, seeks information not

Gibson, Dunn &
Crutcher LLP

12

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

1   relevant to Plaintiff's claims.  It is further unclear what documents are contemplated by the phrase

2   "[d]ocuments sufficient to identify the databases, logs, or other electronic sources where Meta

3   receives, re-directs, or stores event-level and/or derived data."

4          (C)     Meta objects to this Request as seeking information that is irrelevant to the claims in,

5   or defenses to, this action and disproportionate to the needs of the case, including that the Request

6   seeks information unlimited in time and scope.

7          (D)     Meta objects to this Request to the extent it calls for the production of confidential,

8   proprietary, or trade secret information and will not produce any such documents implicating

9   confidential, proprietary, or trade secret information in this case until a protective order or other

10  protocol containing sufficient protections is entered in this case.  Meta objects to producing or

11  providing information relating to any non-public source code, and/or producing or making available

12  for inspection non-public source code itself in original or native format (or otherwise), until sufficient

13  protections containing appropriately tailored confidentiality and source code provisions are entered in

14  the case.

15         Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

16  discovery in this action, Meta responds as follows:  Meta agrees to meet and confer with Plaintiffs

17  about this overly broad Request.  Meta reserves the right to supplement its objections and response to

18  this Request.

19  **REQUEST FOR PRODUCTION NO. 7:**

20         Documents sufficient to identify and describe each of the fields in databases, logs, or other

21  electronic sources where Meta receives, re-directs, or stores event-level and/or derived data collected

22  through and associated with the Meta Pixel for Medical Provider Web-Properties, Including those

23  listed in Exhibit A.  This request includes, but is not limited to, data dictionaries.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

25         Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

26  Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

27  forth in this Response.  Meta further objects to this Request on the following additional grounds:

28

(A) Meta objects to this Request as vague and ambiguous as to its use of the terms "databases," "logs," "other electronic sources," "derived data," and "collected through and associated with the Meta Pixel," and "data dictionaries."

(B) Meta objects to this Request on the grounds that it fails to describe the documents sought with reasonable particularity given its use of the vague and undefined terms "fields in databases, logs, or other electronic sources" and "data dictionaries," and, depending on how those terms are defined, seeks information not relevant to Plaintiff's claims. Meta further objects to this Request on the grounds that it is unclear what documents are contemplated by the phrase "[d]ocuments sufficient to identify and describe each of the fields."

(C) Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks information unlimited in time and scope.

(D) Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case. Meta objects to producing or providing information relating to any non-public source code, and/or producing or making available for inspection non-public source code itself in original or native format (or otherwise), until sufficient protections containing appropriately tailored confidentiality and source code provisions are entered in the case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows: Meta agrees to meet and confer with Plaintiffs about this overly broad Request. Meta reserves the right to supplement its objections and response to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to identify how the databases, logs, or other electronic sources where Meta receives, re-directs, or stores event-level and/or derived data collected through and associated

Gibson, Dunn & Crutcher LLP

14

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

with the Meta Pixel for Medical Provider Web-Properties, Including those listed in Exhibit A, can be searched, extracted, and produced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request as vague and ambiguous as to its use of the terms "databases," "logs," "other electronic sources," "derived data," and "collected through and associated with the Meta Pixel," and "searched, extracted, and produced."

(B)     Meta objects to this Request on the grounds that it fails to describe the documents sought with reasonable particularity given its use of the vague and undefined terms "searched, extracted, and produced" and, depending on how those terms are defined, seeks information not relevant to Plaintiff's claims.  It is further unclear what the phrase "documents sufficient to identify how [the sources] . . . can be searched, extracted, and produced" is intended to encompass.

(C)     Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks information unlimited in time and scope.

(D)     Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.  Meta objects to producing or providing information relating to any non-public source code, and/or producing or making available for inspection non-public source code itself in original or native format (or otherwise), until sufficient protections containing appropriately tailored confidentiality and source code provisions are entered in the case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta agrees to meet and confer with Plaintiffs

1   about this overly broad Request.  Meta reserves the right to supplement its objections and response to

2   this Request.

3   **REQUEST FOR PRODUCTION NO. 9:**

4   The data that Meta received via the Meta Pixel from Medical Provider Web-Properties,

5   Including those listed in Exhibit A.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

7   Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

8   Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

9   forth in this Response.  Meta further objects to this Request on the following additional grounds:

10   (A)    Meta objects to this Request as overbroad, unduly burdensome, and disproportionate

11   to the needs of the case in that it requests all "data that Meta received via the Meta Pixel" without

12   limitation as to time and scope for a vague, undefined definition of websites.

13   (B)    Meta objects to this Request as seeking information that is irrelevant to the claims in,

14   or defenses to, this action and disproportionate to the needs of the case.

15   (C)    Meta objects to this Request to the extent it calls for the production of confidential,

16   proprietary, or trade secret information and will not produce any such documents implicating

17   confidential, proprietary, or trade secret information in this case until a protective order or other

18   protocol containing sufficient protections is entered in this case.  Meta objects to producing or

19   providing information relating to any non-public source code, and/or producing or making available

20   for inspection non-public source code itself in original or native format (or otherwise), until sufficient

21   protections containing appropriately tailored confidentiality and source code provisions are entered in

22   the case.

23   Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

24   discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and

25   produce, responsive, non-privileged data that Meta received via the Meta Pixel from Medical

26   Provider Web-Properties during the Relevant Time Period, to the extent such data exists, is

27   reasonably accessible, and is within Meta's possession, custody, or control.

28

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to identify all Facebook Users associated with a SubscribedButtonClick transmission from a Medical Provider Web-Property Including those listed in Exhibit A, Including subcategories of Documents sufficient to identify:

a. All Facebook Users who clicked to sign-up, register, log-in, sign-in, logout, sign-out, or otherwise engaged with a Patient Portal on a Medical Provider Web-Property Including those listed in Exhibit A.

b. All Facebook Users who clicked to create an appointment, seek an opinion, or otherwise engaged with a Medical Provider on its Web-Property Including those listed in Exhibit A.

With respect to this request, the word "identify" means to provide a list of Facebook Users associated with c-user, datr, or other cookies and Personal Information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request as vague and ambiguous as to its use of the terms "sign-up," "register," "log-in," "sign-in," "logout," "sign-out," "otherwise engaged with a Patient Portal," "create an appointment," "seek an opinion," and "otherwise engaged with a Medical Provider."

(B)     Meta objects to this Request on the grounds that it fails to describe the documents sought with reasonable particularity given its use of undefined terms and, depending on how those terms are defined, seeks information not relevant to Plaintiff's claims.  It is unclear what documents the phrase "Documents sufficient to identify all Facebook Users" are intended to encompass.

(C)     Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it requests Documents sufficient to identify "all Facebook Users associated with a SubscribedButtonClick," without limitation as to time and scope for a vague, undefined definition of websites.

(D)     The Request lacks foundation in that it presumes Meta received information via the Meta Pixel related to the list of actions in the Request.

(E)     Meta objects to this Request to the extent it calls for the private, sensitive data of individuals who are Facebook users.

(F)     Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.  Meta objects to producing or providing information relating to any non-public source code, and/or producing or making available for inspection non-public source code itself in original or native format (or otherwise), until sufficient protections containing appropriately tailored confidentiality and source code provisions are entered in the case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta agrees to meet and confer with Plaintiffs about this overly broad Request.  Meta reserves the right to supplement its objections and response to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

For all Facebook Users identified in Request for Production No. 10, documents sufficient to identify the type of data that was transmitted to Meta through the Meta Pixel, the Medical Provider Web-Propert(ies) from which each type data was transmitted, and the date(s) of transmission.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)     Meta restates and incorporates its response and objections to Request No. 10 as if fully set forth herein.

(B)     Meta objects to this Request as vague and ambiguous as to its use of the term "data that was transmitted."

(C)     Meta objects to this Request as being overbroad and unduly burdensome in that it requests information as to "all Facebook Users identified in Request for Production No. 10" whether or not relevant to the claims in this case and unlimited by time, scope, or otherwise.

(D)     Meta objects to this Request on the grounds that it fails to describe the documents sought with reasonable particularity.  It is unclear what documents the phrase "documents sufficient to identify the type of data" are intended to encompass.

(E)     Meta objects to this Request to the extent it calls for the production of private, sensitive data of individuals who are Facebook users.

(F)     Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.  Meta objects to producing or providing information relating to any non-public source code, and/or producing or making available for inspection non-public source code itself in original or native format (or otherwise), until sufficient protections containing appropriately tailored confidentiality and source code provisions are entered in the case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta agrees to meet and confer with Plaintiffs about this overly broad Request.  Meta reserves the right to supplement its objections and response to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents Regarding Meta policies, discussions, or studies on the Meta Pixel's deployment on Web-Properties for HIPAA-covered entities, whether generated internally or externally.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

Gibson, Dunn &
Crutcher LLP

forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request as lacking foundation to the extent that Meta does not have within its possession, custody, or control data identifying "Web-Properties with a HIPAA Notice," as defined in the Interrogatories.

(B)     Meta objects to this Request as vague and ambiguous as to its use of the terms "policies," "discussions," and "studies."

(C)     Meta objects to this Request as overbroad and unduly burdensome in that it requests "all Documents Regarding Meta policies, discussions, or studies," without limitation as to time, scope, or otherwise.

(D)     Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks "[a]ll Documents Regarding Meta policies, discussions, or studies on the Meta Pixel's deployment on Web-Properties for HIPAA-covered entities" unlimited by time, scope, or otherwise.

(E)     Meta objects to this Request as vague and ambiguous—it is not clear what "policies," "discussions," or "studies" the Request is asking about.

(F)     Meta objects to this Request to the extent it requests materials that are outside of Meta's possession, custody, or control.

(G)     Meta objects to this Request as requesting documents equally or more readily obtainable from other sources, and/or that are publicly available.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and produce, responsive, non-privileged internal documents regarding Meta's policies, discussions, or studies concerning Meta Pixel's deployment on Medical Provider Web-Properties during the Relevant Time Period, to the extent such documents exist, are reasonably accessible, and are within Meta's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to show how the Meta Pixel functions on Web Properties of HIPAA

1  covered entities, as opposed to non-HIPAA covered entities.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

3      Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

4  Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

5  forth in this Response.  Meta further objects to this Request on the following additional grounds:

6      (A)    Meta objects to this Request as lacking foundation to the extent that Meta does

7  not have within its possession, custody, or control data identifying "Web-Properties with a

8  HIPAA Notice," as defined in the Interrogatories.

9      (B)    Meta objects to this Request as vague and ambiguous as to its use of the terms

10  "functions."

11      (C)    Meta objects to this Request as overbroad and unduly burdensome with respect

12  to its use of the phrase "show how the Meta Pixel functions."  It is further unclear what is

13  meant by the phrase "how the Meta Pixel functions" and what documents are contemplated by

14  this phrase.

15      (D)    Meta objects to this Request as argumentative and lacking foundation in that it

16  presumes that Meta Pixel "functions" in a manner tied to the subject matter of the Web

17  Property.

18      (E)    Meta objects to this Request to the extent it calls for the production of

19  confidential, proprietary, or trade secret information and will not produce any such documents

20  implicating confidential, proprietary, or trade secret information in this case until a protective

21  order or other protocol containing sufficient protections is entered in this case.  Meta objects

22  to producing or providing information relating to any non-public source code, and/or

23  producing or making available for inspection non-public source code itself in original or

24  native format (or otherwise), until sufficient protections containing appropriately tailored

25  confidentiality and source code provisions are entered in the case.

26      Meta stands on its objections to this Request.  To the extent this Request seeks information

27  concerning the process through which Meta receives information via Meta Pixel, Meta refers

28  Plaintiffs to its Response to Request for Production No. 5.

Gibson, Dunn &
Crutcher LLP

21

**REQUEST FOR PRODUCTION NO. 14:**

All Documents, including Communications, Regarding the use of the Meta Pixel on Medical Provider Web-Properties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

(B)     Meta objects to this Request as overbroad and unduly burdensome in that it requests "all Documents, including Communications, Regarding the use of the Meta Pixel on Medical Provider Web-Properties" without limitation as to time, scope, or otherwise.

(C)     Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and is disproportionate to the needs of the case, including that the Request seeks information unlimited in time and scope.

(D)     Meta objects to this Request as requesting documents equally or more readily obtainable from other sources.

(E)     Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.  Meta objects to producing or providing information relating to any non-public source code, and/or producing or making available for inspection non-public source code itself in original or native format (or otherwise), until sufficient protections containing appropriately tailored confidentiality and source code provisions are entered in the case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and

Gibson, Dunn & Crutcher LLP

produce, responsive, non-privileged Documents, including Communications, Regarding the use of the Meta Pixel on Medical Provider Web-Properties during the Relevant Time Period, to the extent such documents exist, are reasonably accessible, and are within Meta's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents, including Communications, Regarding the transmission of personal health information from Medical Provider Web-Properties to Meta through the Meta Pixel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response. Meta further objects to this Request on the following additional grounds:

(A) Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

(B) Meta objects to this Request as overbroad and unduly burdensome in that it requests "all Documents, including Communications, Regarding the transmission of personal health information" without limitation as to time, scope, or otherwise.

(C) Meta also objects to this Request as overbroad and unduly burdensome in that it requests documents relating to the undefined term "personal health information." It is further unclear what documents "Documents . . . Regarding the transmission of personal health information" are intended to encompass.

(D) Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case. Meta objects to producing or providing information relating to any non-public source code, and/or producing or making available for inspection non-public source code itself in original or native format (or otherwise), until sufficient protections containing appropriately tailored

23

confidentiality and source code provisions are entered in the case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta agrees to meet and confer with Plaintiffs about this overly broad Request.  To the extent this Request seeks documents concerning data received by Meta via Pixel in connection with Medical Provider Web-Properties, Meta refers Plaintiffs to Responses Nos. 5 and 9.  Meta reserves the right to supplement its objections and response to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents, including Communications, Regarding Meta's knowledge that personal health information was being transmitted to Meta from Medical Provider Web-Properties through the Meta Pixel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

(B)     Meta objects to this Request as vague and ambiguous as to its use of the terms "knowledge" and " personal health information."  Meta further objects to this Request as calling for a legal conclusion in its use of the undefined term "knowledge."

(C)     Meta objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it requests "all Documents . . . Regarding Meta's knowledge that personal health information was being transmitted to Meta from Medical Provider Web-Properties," without limitation as to time, scope, or otherwise.

(D)     Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective

Gibson, Dunn &
Crutcher LLP

24

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

1    order or other protocol containing sufficient protections is entered in this case.  Meta objects

2    to producing or providing information relating to any non-public source code, and/or

3    producing or making available for inspection non-public source code itself in original or

4    native format (or otherwise), until sufficient protections containing appropriately tailored

5    confidentiality and source code provisions are entered in the case.

6          Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

7    discovery in this action, Meta responds as follows:  Meta agrees to meet and confer with Plaintiffs

8    about this overly broad Request.  Meta reserves the right to supplement its objections and response to

9    this Request.

10   **REQUEST FOR PRODUCTION NO. 17:**

11         All Communications exchanged with Web-Property administrators, developers, owners,

12   operators, licensees, and licensors for any Medical Providers' Web-Properties, Including those listed

13   in Exhibit A, Regarding the Meta Pixel.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

15         Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

16   Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

17   forth in this Response.  Meta further objects to this Request on the following additional grounds:

18         (A)    Meta objects to this Request to the extent it is duplicative of other Requests

19   herein, and incorporates its responses and objections to those Requests as if fully set forth

20   herein.

21         (B)    Meta objects to this Request as vague and ambiguous as to its use of the terms

22   "administrators," "developers," "owners," "operators," "licensees," and "licensors."

23         (C)    Meta objects to this Request as overbroad and unduly burdensome in its

24   request for "[a]ll Communications" between Meta and persons purportedly associated with

25   Web-Properties concerning the Pixel without any limitations or particularized explanations

26   regarding intended scope.

27         (D)    Meta objects to this Request as seeking information that is irrelevant to the

28   claims in, or defenses to, this action and disproportionate to the needs of the case, including

Gibson, Dunn &
Crutcher LLP

25

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

1    that the Request seeks information unlimited in time and scope.  For instance, the Request

2    seeks Communications "Regarding the Meta Pixel," irrespective of whether such

3    Communications relate to the subject matter of the litigation.

4         (E)    Meta objects to this Request to the extent it calls for the production of

5    confidential, proprietary, or trade secret information and will not produce any such documents

6    implicating confidential, proprietary, or trade secret information in this case until a protective

7    order or other protocol containing sufficient protections is entered in this case.  Meta objects

8    to producing or providing information relating to any non-public source code, and/or

9    producing or making available for inspection non-public source code itself in original or

10   native format (or otherwise), until sufficient protections containing appropriately tailored

11   confidentiality and source code provisions are entered in the case.

12        Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

13   discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and

14   produce, responsive, non-privileged Communications exchanged with the Medical Providers' Web-

15   Properties during the Relevant Period, to the extent such communications exists, are reasonably

16   accessible, and are within Meta's possession, custody, or control.

17   **REQUEST FOR PRODUCTION NO. 18:**

18        All Communications exchanged with Web-Property administrators, developers, owners,

19   operators, licensees, and licensors for any Medical Providers' Web-Properties Including those listed

20   in Exhibit A, Regarding whether the Medical Provider obtained authorization for use of the Meta

21   Pixel.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

23        Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

24   Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

25   forth in this Response.  Meta further objects to this Request on the following additional grounds:

26        (A)    Meta objects to this Request to the extent it is duplicative of other Requests

27   herein, and incorporates its responses and objections to those Requests as if fully set forth

28   herein.

Gibson, Dunn &
Crutcher LLP

26

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

(B)     Meta objects to this Request as vague and ambiguous as to its use of the terms "administrators," "developers," "owners," "operators," "licensees," and "licensors." Meta further objects to the term "authorization for use of the Meta Pixel" as vague and ambiguous, in particular with respect to the type of "authorization" being requested.

(C)     Meta objects to this Request as overbroad and unduly burdensome in its request for "[a]ll Communications" between Meta and persons purportedly associated with Web-Properties concerning the Pixel without any limitations or particularized explanations regarding intended scope.

(D)     Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks information unlimited in time and scope. For instance, the Request seeks Communications "Regarding whether the Medical Provider obtained authorization for use of the Meta Pixel," irrespective of whether such Communications relate to the subject matter of the litigation.

(E)     Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case. Meta objects to producing or providing information relating to any non-public source code, and/or producing or making available for inspection non-public source code itself in original or native format (or otherwise), until sufficient protections containing appropriately tailored confidentiality and source code provisions are entered in the case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows: Meta will conduct a reasonable search for, and produce, responsive, non-privileged Communications exchanged with the Medical Providers' Web-Properties concerning authorization for the use of Meta Pixel during the Relevant Time Period, to the extent such communications exist, are reasonably accessible, and are within Meta's possession, custody, or control.

Gibson, Dunn & Crutcher LLP

27

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to show All enforcement actions by Meta against any Web-Property administrator, developer, owner, operator, licensee, and licensor for failure to obtain "adequate consent" from Web-Property users per the Meta Terms of Service.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

(B)     Meta objects to this Request as vague and ambiguous as to its use of the terms "enforcement actions," "administrator," "developer," "owner," "operator," "licensee," "licensor," and "adequate consent."

(C)     Meta objects to this Request as overbroad and unduly burdensome in its request for "documents sufficient to show all enforcement actions . . . against any Web Property . . . ," without any limitations or particularized explanations regarding intended scope of the actions or consent.

(D)     Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks information unrelated to the allegations in this action.

(E)     Meta objects to this Request as requesting documents equally or more readily obtainable from other sources.

(F)     Meta objects to this Request as argumentative and lacking foundation in that it presumes an obligation on Meta for actions purportedly to be undertaken by Web Properties.

(G)     Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective

1   order or other protocol containing sufficient protections is entered in this case.

2           Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

3   discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and

4   produce, responsive, non-privileged Documents sufficient to show all enforcement actions by Meta

5   against a Medical Provider Web-Property in connection the "adequate consent" portion of Meta

6   Terms of Service during the Relevant Time Period, to the extent such documents exist, are reasonably

7   accessible, and are within Meta's possession, custody, or control.

8   **REQUEST FOR PRODUCTION NO. 20:**

9           Documents Regarding the HIPAA Authorization received by Defendant Regarding the use of

10  the Meta Pixel on Medical Provider Web-Properties Including those listed in Exhibit A.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

12          Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

13  Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

14  forth in this Response.  Meta further objects to this Request on the following additional grounds:

15          (A)     Meta objects to this Request to the extent it is duplicative of other Requests

16  herein, and incorporates its responses and objections to those Requests as if fully set forth

17  herein.

18          (B)     Meta objects to this Request as seeking information that is irrelevant to the

19  claims in, or defenses to, this action and disproportionate to the needs of the case, including

20  that the Request seeks information unlimited in time and scope.

21          (C)     Meta objects to this Request as argumentative and lacking foundation in that it

22  presumes Meta was required to receive HIPAA Authorization.

23          (D)     Meta objects to this Request to the extent it calls for the production of

24  confidential, proprietary, or trade secret information and will not produce any such documents

25  implicating confidential, proprietary, or trade secret information in this case until a protective

26  order or other protocol containing sufficient protections is entered in this case.

27          Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

28  discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and

1   produce, responsive, non-privileged Documents Regarding the HIPAA Authorization received by

2   Defendant Regarding the use of the Meta Pixel on Medical Provider Web-Properties during the

3   Relevant Time Period, to the extent such documents exist, are reasonably accessible, and are within

4   Meta's possession, custody, or control.

5   **REQUEST FOR PRODUCTION NO. 21:**

6         All internal studies or analyses by Meta or external studies communicated to Meta Regarding

7   the use or deployment of the Meta Pixel on Web-Properties controlled by HIPAA-covered entities,

8   Including Medical Providers, billing companies, medical records companies, and health insurance

9   companies.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

11        Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

12  Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

13  forth in this Response.  Meta further objects to this Request on the following additional grounds:

14        (A)     Meta objects to this Request as lacking foundation to the extent that Meta does

15  not have within its possession, custody, or control data identifying "Web-Properties with a

16  HIPAA Notice," as defined in the Interrogatories.

17        (B)     Meta objects to this Request to the extent it is duplicative of other Requests

18  herein, and incorporates its responses and objections to those Requests as if fully set forth

19  herein.

20        (C)     Meta objects to this Request as vague and ambiguous with respect to its use of

21  the terms "use," "deployment," "controlled," and "external studies."  Meta also objects to this

22  Request as vague and ambiguous as to its use of the undefined terms "billing companies,"

23  "medical records companies," and "health insurance companies."

24        (D)     Meta objects to this Request as seeking information that is irrelevant to the

25  claims in, or defenses to, this action and disproportionate to the needs of the case, including

26  that the Request seeks "[a]ll internal studies or analyses by Meta or external studies

27  communicated to Meta" unlimited by time, scope, or otherwise.

28        (E)     Meta objects to this Request to the extent it requests materials that are outside

Gibson, Dunn &
Crutcher LLP

30

1    of Meta's possession, custody, or control.

2          (F)     Meta objects to this Request as requesting documents equally or more readily

3    obtainable from other sources, and/or that are publicly available

4          (G)     Meta objects to this Request to the extent it calls for the production of

5    confidential, proprietary, or trade secret information and will not produce any such documents

6    implicating confidential, proprietary, or trade secret information in this case until a protective

7    order or other protocol containing sufficient protections is entered in this case.

8          Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

9    discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and

10   produce, responsive, non-privileged studies or analyses Regarding the use or deployment of the Meta

11   Pixel on Medical Provider Web-Properties during the Relevant Time Period, to the extent such data

12   exists, is reasonably accessible, and is within Meta's possession, custody, or control.

13   **REQUEST FOR PRODUCTION NO. 22:**

14         Documents sufficient to show the total revenues and profits Meta derived from advertising

15   associated with the use of the Meta Pixel on Medical Provider Web-Properties, Including those listed

16   in Exhibit A.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

18         Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

19   Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

20   forth in this Response.  Meta further objects to this Request on the following additional grounds:

21         (A)     Meta objects to this Request as vague and ambiguous as to its use of the terms

22   "total revenues and profits" and "advertising associated with the use of the Meta Pixel."  It is

23   not clear what documents the term "derived from advertising associated with the use of Meta

24   Pixel" the Request is asking about.

25         (B)     Meta objects to this Request as overbroad and unduly burdensome in that it

26   requests "[d]ocuments sufficient to show the total revenue and profits," without limitation as

27   to time, scope, or otherwise.

28         (C)     Meta objects to this Request as seeking information that is irrelevant to the

Gibson, Dunn &
Crutcher LLP

31

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks "total revenues and profits" unrelated to the allegations in this action.

(D)     Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta agrees to meet and confer with Plaintiffs about this overly broad Request.  Meta reserves the right to supplement its objections and response to this Request.

**REQUEST FOR PRODUCTION NO. 23:**

Documents Regarding the positive and negative targeting campaigns Meta conducted on behalf of Medstar Health System based on deployment of the Meta Pixel on Medstar Health System's Web Properties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request as vague and ambiguous as to its use of the terms "positive and negative targeting campaigns," and "conducted on behalf of Medstar Health System."

(B)     Meta objects to this Request on the grounds that it fails to describe the documents sought with reasonable particularity given its use of the vague and undefined terms "positive and negative targeting campaigns," and, depending on how those terms are defined, seeks information not relevant to Plaintiff's claims.  It is further unclear what is meant by the phrase "conducted on behalf of Medstar Health."  It is unclear what documents are contemplated by this phrase or what "[d]ocuments Regarding the positive and negative targeting campaigns" are intended to encompass.

Gibson, Dunn &
Crutcher LLP

32

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

(C)     Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks information unlimited in time and scope.

(D)     Meta objects to this Request as argumentative and lacking foundation in that it presumes Meta conducted "targeting campaigns" "on behalf Medstar Health System."

(E)     Meta objects to this Request as requesting documents equally or more readily obtainable from other sources.

(F)     Meta objects to this Request to the extent it requests materials that are outside of Meta's possession, custody, or control.

(G)     Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta agrees to meet and confer with Plaintiffs about this overly broad Request.  Meta reserves the right to supplement its objections and response to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to show records Meta keeps Regarding positive and negative targeting campaigns that Meta conducts on behalf of Medical Providers, Including those listed in Exhibit A.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

(B)     Meta objects to this Request as vague and ambiguous as to its use of the terms

"positive and negative targeting campaigns," and "conducts on behalf of Medical Providers."

(C)     Meta objects to this Request on the grounds that it fails to describe the documents sought with reasonable particularity given its use of the vague and undefined terms "positive and negative targeting campaigns," and, depending on how those terms are defined, seeks information not relevant to Plaintiff's claims.  It is further unclear what is meant by the phrase "conducts on behalf of Medical Providers."  It is unclear what documents are contemplated by this phrase or what "[d]ocuments sufficient to show records Meta keeps" are intended to encompass.

(D)     Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks information unlimited in time and scope

(E)     Meta objects to this Request as argumentative and lacking foundation in that it presumes Meta conducted "targeting campaigns" "on behalf of Medical Providers."

(F)     Meta objects to this Request as requesting documents equally or more readily obtainable from other sources.

(G)     Meta objects to this Request to the extent it requests materials that are outside of Meta's possession, custody, or control.

(H)     Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta agrees to meet and confer with Plaintiffs about this overly broad Request.  Meta reserves the right to supplement its objections and response to this Request.

**REQUEST FOR PRODUCTION NO. 25:**

All Communications between Meta and any state or federal regulators or law enforcement agency Regarding deployment of the Meta Pixel on Medical Provider Web Properties.

Gibson, Dunn & Crutcher LLP

34

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request as vague and ambiguous as to its use of the terms "deployment."

(B)     Meta objects to this Request as overbroad and unduly burdensome in that it requests "[a]ll Communications . . . Regarding deployment of the Meta Pixel on Medical Provider Web Properties," without limitation as to time, scope, or otherwise.

(C)     Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks information unlimited in time and scope.

(D)     Meta further objects to this request to the extent that any regulatory body, governmental agency, or governmental entity objects to the disclosure of the requested documents, or to the extent that production of the requested documents would interfere with any ongoing governmental investigations.

(E)     Meta objects to this Request to the extent it seeks information that is confidential and/or subject to or otherwise protected from disclosure by a claim of privilege, including, without limitation, the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta agrees to meet and confer with Plaintiffs about this overly broad Request.  Meta reserves the right to supplement its objections and response to this Request.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents Meta produced or provided to any state or federal regulator or law enforcement agency Regarding deployment of the Meta Pixel on Medical Provider Web Properties.

Gibson, Dunn & Crutcher LLP

35

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)    Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

(B)    Meta objects to this Request as vague and ambiguous with respect to its use of the term "deployment."

(C)    Meta objects that the Request is overbroad, unduly burdensome, irrelevant to the subject matter of this Action, and/or disproportionate to the needs of the case in that it requests "[a]ll Documents Meta produced or provided," including those which may have no bearing on any issues in this case.

(D)    Meta objects to this request to the extent that any regulatory body, governmental agency, or governmental entity objects to the disclosure of the requested documents, or to the extent that production of the requested documents would interfere with any ongoing governmental investigations.

(E)    Meta objects to this Request to the extent it seeks information that is confidential and/or subject to or otherwise protected from disclosure by a claim of privilege, including, without limitation, the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta agrees to meet and confer with Plaintiffs about this overly broad Request.  Meta reserves the right to supplement its objections and response to this Request.

**REQUEST FOR PRODUCTION NO. 27:**

Documents sufficient to show All terms and keywords used by the Filter and its "Block List" to detect potentially sensitive data sent through the Meta Pixel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)    Meta objects to this request as vague and ambiguous as to its use of the undefined terms "terms and keywords" and "potentially sensitive data."

(B)    Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks "[a]ll terms and keywords" used by the Filter, whether or not relevant to the claims in this case and unlimited by time, scope, or otherwise.

(C)    Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.  Meta objects to producing or providing information relating to any non-public source code, and/or producing or making available for inspection non-public source code itself in original or native format (or otherwise), until sufficient protections containing appropriately tailored confidentiality and source code provisions are entered in the case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and produce, responsive, non-privileged documents sufficient to show the terms on the Block List utilized by the Filter in connection with potentially sensitive information during the Relevant Time Period, to the extent such documents exist, are reasonably accessible, and are within Meta's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 28:**

Documents Regarding the design of the Filter, Including how it identifies potentially sensitive data (including the keywords considered sensitive) and what happens to the potentially sensitive data after it is identified as potentially sensitive.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

      Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

      (A)    Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

      (B)    Meta objects to this request as vague and ambiguous as to its use of the terms "design" and "potentially sensitive data."

      (C)    Meta objects to this Request as overbroad and unduly burdensome in that it seeks information Regarding "how [the Filter] identifies potentially sensitive data…and what happens" to that data, irrespective of whether or not that data has any relation to the claims in this case.  Meta further objects to this Request on the grounds that the Documents it seeks are unlimited in time, scope, or otherwise.

      (D)    Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.  Meta objects to producing or providing information relating to any non-public source code, and/or producing or making available for inspection non-public source code itself in original or native format (or otherwise), until sufficient protections containing appropriately tailored confidentiality and source code provisions are entered in the case.

      Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and produce, responsive, non-privileged documents sufficient to show how the Filter identified potentially sensitive data and what happened to the potentially sensitive data after it was identified as potentially sensitive during the Relevant Time Period, to the extent such documents exist, are reasonably accessible, and are within Meta's possession, custody,

1   or control.

2   **REQUEST FOR PRODUCTION NO. 29:**

3       Documents Regarding the frequency of which the Filter detects sensitive data.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

5       Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

6   Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

7   forth in this Response.  Meta further objects to this Request on the following additional grounds:

8       (A)    Meta objects to this Request to the extent it is duplicative of other Requests

9   herein, and incorporates its responses and objections to those Requests as if fully set forth

10   herein.

11       (B)    Meta objects to this request as vague and ambiguous as to its use of the phrase

12   "frequency of which the Filter detects sensitive data."

13       (C)    Meta objects to this Request as seeking information that is irrelevant to the

14   claims in, or defenses to, this action and disproportionate to the needs of the case, including

15   that the Request seeks information Regarding the Filter's detection of data in general, without

16   specifying the type or scope of the data and without any limitation as to time, scope, or

17   otherwise.

18       (D)    Meta objects to this Request on the grounds that it fails to describe the

19   documents sought with reasonable particularity.  It is unclear what is meant by the phrase

20   "frequency of which the Filter detects sensitive data."  It is unclear what documents are

21   contemplated by this phrase or what "[d]ocuments Regarding the frequency" are intended to

22   encompass.

23       (E)    Meta objects to this Request to the extent it calls for the production of

24   confidential, proprietary, or trade secret information and will not produce any such documents

25   implicating confidential, proprietary, or trade secret information in this case until a protective

26   order or other protocol containing sufficient protections is entered in this case.  Meta objects

27   to producing or providing information relating to any non-public source code, and/or

28   producing or making available for inspection non-public source code itself in original or

Gibson, Dunn &
Crutcher LLP

39

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

native format (or otherwise), until sufficient protections containing appropriately tailored confidentiality and source code provisions are entered in the case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and produce, responsive, non-privileged documents sufficient to show the frequency with which the Filter detected potentially sensitive data during the Relevant Time Period, to the extent such documents exist, are reasonably accessible, and are within Meta's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 30:**

The source code for the Filter, including revision history.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)    Meta objects to this request as vague and ambiguous as to its use of the term "source code."  For the purposes of responding to this Request, Meta will construe the term "source code" in accordance with the definition of "Source Code" as defined in the Protective Order to be entered in this action.

(B)    Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks source code and revision history unlimited as to time or scope.

(C)    Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.  Meta objects to producing or providing information relating to any non-public source code, and/or producing or making available for inspection non-public source code itself in original or native format (or otherwise), until sufficient protections containing appropriately tailored

Gibson, Dunn & Crutcher LLP

1   confidentiality and source code provisions are entered in the case.

2          Subject to and without waiving the foregoing objections, and subject to the ongoing

3   nature of discovery in this action, Meta responds as follows:  Meta agrees to meet and confer

4   with Plaintiffs about this overly broad Request.  Meta reserves the right to supplement its

5   objections and response to this Request.

6   **REQUEST FOR PRODUCTION NO. 31:**

7          Source code, including revisions, relating to the Meta Pixel, including how Meta stores and

8   uses data collected by the Meta Pixel.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

10          Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

11  Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

12  forth in this Response.  Meta further objects to this Request on the following additional grounds:

13          (A)     Meta objects to this Request to the extent it is duplicative of other Requests

14  herein, and incorporates its responses and objections to those Requests as if fully set forth

15  herein.

16          (B)     Meta objects to this request as vague and ambiguous as to its use of the term

17  "source code."  For the purposes of responding to this Request, Meta will construe the term

18  "source code" in accordance with the definition of "Source Code" as defined in the Protective

19  Order to be entered in this action.

20          (C)     Meta objects to this Request as seeking information that is irrelevant to the

21  claims in, or defenses to, this action and disproportionate to the needs of the case, including

22  that the Request seeks source code and revisions unlimited as to time or scope.

23          (D)     Meta objects to this Request to the extent it calls for the production of

24  confidential, proprietary, or trade secret information and will not produce any such documents

25  implicating confidential, proprietary, or trade secret information in this case until a protective

26  order or other protocol containing sufficient protections is entered in this case.  Meta objects

27  to producing or providing information relating to any non-public source code, and/or

28  producing or making available for inspection non-public source code itself in original or

1   native format (or otherwise), until sufficient protections containing appropriately tailored

2   confidentiality and source code provisions are entered in the case.

3          Subject to and without waiving the foregoing objections, and subject to the ongoing

4   nature of discovery in this action, Meta responds as follows:  Meta agrees to meet and confer

5   with Plaintiffs about this overly broad Request.  Meta reserves the right to supplement its

6   objections and response to this Request.

7   **REQUEST FOR PRODUCTION NO. 32:**

8          All Documents Regarding the creation of the Filter and subsequent modifications to the Filter.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

10          Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

11   Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

12   forth in this Response.  Meta further objects to this Request on the following additional grounds:

13          (A)     Meta objects to this Request to the extent it is duplicative of other Requests

14   herein, and incorporates its responses and objections to those Requests as if fully set forth

15   herein.

16          (B)     Meta objects to this Request as vague and ambiguous as to its use of the terms

17   "creation" and "subsequent modifications."

18          (C)     Meta objects to this Request as being overbroad and unduly burdensome in

19   that it seeks "[a]ll Documents Regarding" the creation and modification of the Filter,

20   irrespective of whether or not that data has any relation to the claims in this case.  Meta

21   further objects to this Request on the grounds that the Documents it seeks are unlimited in

22   time, scope, or otherwise.

23          (D)     Meta objects to this Request to the extent it calls for the production of

24   confidential, proprietary, or trade secret information and will not produce any such documents

25   implicating confidential, proprietary, or trade secret information in this case until a protective

26   order or other protocol containing sufficient protections is entered in this case.  Meta objects

27   to producing or providing information relating to any non-public source code, and/or

28   producing or making available for inspection non-public source code itself in original or

Gibson, Dunn &
Crutcher LLP

42

native format (or otherwise), until sufficient protections containing appropriately tailored confidentiality and source code provisions are entered in the case

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and produce, responsive, non-privileged documents sufficient to show the creation of the Filter and material modifications over the Relevant Time Period, to the extent such documents exist, are reasonably accessible, and are within Meta's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 33:**

Documents sufficient to identify all engineers and other Meta Employees responsible for the development, implementation, maintenance, and oversight of the Filter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)    Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

(B)    Meta objects to this Request on the grounds that it is vague and ambiguous in its use of the terms "engineers," "responsible for," and "development, implementation, maintenance, and oversight."

(C)    Meta objects to this Request as being overbroad and unduly burdensome in that it requests "Documents sufficient to identify all engineers and other Meta Employees" whether or not relevant to the claims in this case and unlimited by time, scope, or otherwise.

(D)    The information sought by the Request is more appropriately pursued through another discovery tool, such as an interrogatory.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and

produce, responsive, non-privileged documents sufficient to identify current and former employees

who materially participated in the development, implementation, maintenance, or oversight of the

Filter during the Relevant Time Period, to the extent such documents exist, are reasonably accessible,

and are within Meta's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 34:**

Documents sufficient to show the impact of the Filter on re-targeting and re-marketing

campaigns.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request to the extent it is duplicative of other Requests

herein, and incorporates its responses and objections to those Requests as if fully set forth

herein.

(B)     Meta objects to this Request on the grounds that it is vague and ambiguous in

its use of the undefined terms "impact" and "re-targeting and re-marketing campaigns."

(C)     Meta objects to this Request on the grounds that it is unclear what is meant by

the phrase "[d]ocuments… sufficient to show the impact."  It is unclear what documents are

contemplated by this phrase or what "the impact of the Filter on re-targeting and re-marketing

campaigns" is intended to encompass.

(D)     Meta objects to this Request as seeking information that is irrelevant to the

claims in, or defenses to, this action and disproportionate to the needs of the case, including

that the Request seeks information that is unlimited in time and scope for a vague, undefined

set of "campaigns."

(E)     Meta objects to this Request to the extent it calls for the production of

confidential, proprietary, or trade secret information and will not produce any such documents

implicating confidential, proprietary, or trade secret information in this case until a protective

order or other protocol containing sufficient protections is entered in this case.  Meta objects

to producing or providing information relating to any non-public source code, and/or producing or making available for inspection non-public source code itself in original or native format (or otherwise), until sufficient protections containing appropriately tailored confidentiality and source code provisions are entered in the case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta agrees to meet and confer with Plaintiffs about this overly broad Request.  Meta reserves the right to supplement its objections and response to this Request.

**REQUEST FOR PRODUCTION NO. 35:**

Documents sufficient to show the design of Meta's Hive storage system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request as overbroad and unduly burdensome in that it requests "[d]ocuments sufficient to show the design of Meta's Hive storage system," without limitation as to time, scope, or otherwise.

(B)     Meta objects to this Request on the grounds that it is unclear what is meant by the phrase "[d]ocuments… sufficient to show the design."  It is unclear what documents are contemplated by this phrase or what documents it is intended to encompass.

(C)     Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks information about the "Hive storage system" that is unlimited in time and scope.  In addition, Meta objects that the Request seeks Documents concerning the "Hive storage system" whether or not such Documents relate to the subject matter of the litigation.

(D)     Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective

Gibson, Dunn & Crutcher LLP

45

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

1   order or other protocol containing sufficient protections is entered in this case.

2          Meta stands on its objections to producing documents sufficient to show the design of Meta's

3   Hive storage system.  Meta reserves the right to supplement its objections and response to this

4   Request.

5   **REQUEST FOR PRODUCTION NO. 36:**

6          Documents sufficient to show Meta's policies Regarding collection and storage of Facebook

7   Users' data Meta receives through the Meta Pixel, Including privacy policies, retention policies, and

8   other documents that describe who is involved in collection and storage and where, how and when

9   the data collected and stored.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

11         Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

12  Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

13  forth in this Response.  Meta further objects to this Request on the following additional grounds:

14         (A)    Meta objects to this Request to the extent it is duplicative of other Requests

15  herein, and incorporates its responses and objections to those Requests as if fully set forth

16  herein.

17         (B)    Meta objects to this Request as vague and ambiguous with respect to its use of

18  the undefined terms "collection and storage," "privacy policies," "retention policies," and

19  "other documents," as well as the phrase "where, how and when the data [is] collected and

20  stored."

21         (C)    Meta objects to this Request as seeking information that is irrelevant to the

22  claims in, or defenses to, this action and disproportionate to the needs of the case, including

23  that the Request seeks information unlimited in time.

24         (D)    Meta objects on the grounds that the information sought by the Request is

25  more appropriately pursued through another discovery tool, such as an interrogatory.

26         (E)    Meta objects to this Request as requesting documents equally or more readily

27  obtainable from other sources, and/or that are publicly available.

28         (F)    Meta objects to this Request to the extent it calls for the production of

Gibson, Dunn &
Crutcher LLP

46

1   confidential, proprietary, or trade secret information and will not produce any such documents

2   implicating confidential, proprietary, or trade secret information in this case until a protective

3   order or other protocol containing sufficient protections is entered in this case.

4       (G)   Meta objects to this Request to the extent it seeks information that is

5   confidential and/or subject to or otherwise protected from disclosure by a claim of privilege,

6   including, without limitation, the attorney-client privilege and/or the attorney work product

7   doctrine

8       Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

9   discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and

10  produce, responsive, non-privileged documents sufficient to show Meta's policies Regarding

11  collection and storage of Facebook Users' data Meta received through the Meta Pixel during the

12  Relevant Time Period, to the extent such documents exist, are reasonably accessible, and are within

13  Meta's possession, custody, or control.

14  **REQUEST FOR PRODUCTION NO. 37:**

15      Documents Regarding Meta's use, disclosure, or sale of data collected through the Meta

16  Pixel.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

18      Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

19  Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

20  forth in this Response.  Meta further objects to this Request on the following additional grounds:

21      (A)   Meta objects to this Request to the extent it is duplicative of other Requests

22  herein, and incorporates its responses and objections to those Requests as if fully set forth

23  herein.

24      (B)   Meta objects to this Request as vague and ambiguous with respect to its use of

25  the undefined terms "use, disclosure, and sale of data," and "data collected."

26      (C)   Meta objects to this Request as overbroad and unduly burdensome in that it is

27  unlimited in time, scope, or otherwise.

28      (D)   Meta objects to this Request as seeking information that is irrelevant to the

Gibson, Dunn &
Crutcher LLP

47

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

1   claims in, or defenses to, this action and disproportionate to the needs of the case, including

2   that the Request seeks information unlimited in time.  In addition, the Request seeks

3   information "Regarding Meta's use, disclosure, or sale of data collected through the Meta

4   Pixel," irrespective of whether those activities or the data received from Web-Properties are

5   related to the subject matter of this litigation.

6       (E)     Meta objects to this Request as requesting documents equally or more readily

7   obtainable from other sources, and/or that are publicly available.

8       (F)     Meta objects to this Request to the extent it calls for the production of

9   confidential, proprietary, or trade secret information and will not produce any such documents

10  implicating confidential, proprietary, or trade secret information in this case until a protective

11  order or other protocol containing sufficient protections is entered in this case.

12      Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

13  discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and

14  produce, responsive, non-privileged documents sufficient to show Meta's use, disclosure, or sale of

15  data received from Web-Properties via the Meta Pixel during the Relevant Time Period, to the extent

16  such documents exist, are reasonably accessible, and are within Meta's possession, custody, or

17  control.

18  **REQUEST FOR PRODUCTION NO. 38:**

19      Documents Regarding Meta's policies and practices for the analysis and use of data and

20  information collected through the Meta Pixel.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

22      Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

23  Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

24  forth in this Response.  Meta further objects to this Request on the following additional grounds:

25      (A)     Meta objects to this Request to the extent it is duplicative of other Requests

26  herein, and incorporates its responses and objections to those Requests as if fully set forth

27  herein.

28      (B)     Meta objects to this Request on the grounds that it fails to describe the

documents sought with reasonable particularity given its use of the vague and undefined terms "policies," "practices," "collected through," and "analysis and use of data and information" and, depending on how those terms are defined, seeks information not relevant to Plaintiff's claims.  It is further unclear what is meant by the phrase "analysis and use of data and information."  It is unclear what documents are contemplated by this phrase or what "[d]ocuments Regarding Meta's policies and practices for the analysis and use of data" are intended to encompass.

(C)     Meta objects to this Request as overbroad and unduly burdensome in that it is unlimited in time, scope, or otherwise.

(D)     Meta objects to this Request as requesting documents equally or more readily obtainable from other sources, and/or that are publicly available.

(E)     Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and produce, responsive, non-privileged documents sufficient to show Meta's policies and practices for the analysis and use of data and information provided via the Meta Pixel during the Relevant Time Period, to the extent such documents exist, are reasonably accessible, and are within Meta's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 39:**

Documents Regarding the technical process, timing, directions, commands, and flow of how data is transmitted, collected, stored, and re-directed when a user participates in an Internet communication on a web-property that includes Facebook Pixel source code, Including:

a.  The data flow from a user's device to Meta;

b.  All elements or components of user information that flows through the Pixel to Meta;

c.  The data flow of a user's information within Meta's internal systems;

Gibson, Dunn &
Crutcher LLP

49

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

d.  The data flow of a user's information from Meta to any third party; and

e.  The location and manner in which Meta stores data and information collected through the Facebook Pixel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)  Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

(B)  Meta objects to this Request as overbroad and unduly burdensome in that it requests Documents without limitation as to time, scope, or otherwise.

(C)  Meta objects to this Request on the grounds that it fails to describe the documents sought with reasonable particularity given its use of the vague and undefined terms "technical process," "timing," "directions," "commands," "flow," "data flow," and "user's device," and, depending on how those terms are defined, seeks information not relevant to Plaintiff's claims.  It is further unclear what is meant by the phrase "how data is transmitted, collected, stored, and re-directed when a user participates in an Internet communication on a web-property that includes Facebook Pixel source code."  It is unclear what documents are contemplated by this phrase or what they are intended to encompass.

(D)  Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including (1) that the Request seeks information that is unlimited in time and scope for a vague, undefined set of topics related to the "data flow" that allegedly occurs between Meta, an undefined collection of "web-properties," and undefined "third-part[ies]," and (2) that the Request seeks information on "[a]ll elements or components of user information that flows through the Pixel to Meta," irrespective to any connection to the allegations.

(E)  Meta objects to this Request to the extent it calls for the production of

Gibson, Dunn &
Crutcher LLP

50

confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.  Meta objects to producing or providing information relating to any non-public source code, and/or producing or making available for inspection non-public source code itself in original or native format (or otherwise), until sufficient protections containing appropriately tailored confidentiality and source code provisions are entered in the case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and produce, responsive, non-privileged Documents Regarding the technical process, timing, directions, commands, and flow of how data is transmitted, collected, stored, and re-directed when a user participated in an Internet communication on a Medical Provider Web-Property that includes Facebook Pixel source code during the Relevant Time Period, to the extent such documents exist, are reasonably accessible, and are within Meta's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 40:**

Documents sufficient to show all third parties to whom Meta sells data it receives via the Meta Pixel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request as lacking foundation.  Meta does not sell data it receives via the Meta Pixel.

(B)     Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

(C)     Meta objects to this Request as vague and ambiguous with respect to its use of the terms "sells data."

(D)   Meta objects to this Request as overbroad and unduly burdensome in that it requests Documents in regards to "all third parties" that utilize Meta Pixel, without limitation as to time and scope.

(E)   Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks information regarding "third parties to whom Meta sells data" that is unlimited in time and scope.  For instance, the Request seeks Documents concerning the alleged sale of data irrespective of whether those sales have any relation to the claims at issue in this litigation.

(F)   Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.

Meta stands on its objection to this Request.  Meta reserves the right to supplement its objections and response to this Request.

**REQUEST FOR PRODUCTION NO. 41:**

Documents Regarding the value, monetary or otherwise, of Facebook Users' data Meta collects through the Facebook Pixel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)   Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

(B)   Meta objects to this Request as vague and ambiguous with respect to its use of the terms "value, monetary or otherwise."

(C)   Meta objects to this Request as overbroad and unduly burdensome in that it

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

requests "[d]ocuments Regarding value," without limitation as to time, scope, or otherwise.

(D)     Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks information unlimited in time and scope.

(E)     Meta objects to this Request on the grounds that it fails to describe the documents sought with reasonable particularity given its use of the vague and undefined terms "value, monetary or otherwise" and, depending on how those terms are defined, seeks information not relevant to Plaintiff's claims.  It is unclear what documents are contemplated by this phrase or what they are intended to encompass.

(F)     Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta agrees to meet and confer with Plaintiffs about this overly broad Request.  Meta reserves the right to supplement its objections and response to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

Documents Regarding revenue and value Meta obtains from Facebook User data collected through the Meta Pixel, Including:

a.  Documents Regarding how Meta monetizes the data it collects through the Meta Pixel;

b.  Documents Regarding the revenues Meta earns through the Meta Pixel on a weekly, monthly, quarterly, and annual basis;

c.  Documents Regarding the net revenues Meta earns through the Meta Pixel on a weekly, monthly, quarterly, and annual basis;

d.  Documents Regarding pricing structure, policy, or guidelines created by Meta Regarding the use of data collected through the Meta Pixel;

e.  For all Facebook Users for whom Meta has shared, sold, or disseminated their data collected through the Meta Pixel to other entities, Documents Regarding the revenue associated with Each Facebook User acquired through the sharing, sale, or dissemination of information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)  Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

(B)  Meta objects to this Request on the grounds that it is vague and ambiguous in its use of the terms "revenue," "value," "collected," "monetizes," "net revenues," and "pricing structure, policy, or guidelines," as well as the phrase "sharing, sale, or dissemination of information."

(C)  Meta objects to this Request as overbroad and unduly burdensome in that it requests "[d]ocuments Regarding revenue and value Meta obtains from Facebook User data collected through the Meta Pixel," without limitation as to time, scope, or otherwise.

(D)  Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks information concerning "revenue and value" connected to the Meta Pixel unlimited in time and irrespective of whether that information has any connection to the claims at issue in this action.

(E)  Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta agrees to meet and confer with Plaintiffs

about this overly broad Request.  Meta reserves the right to supplement its objections and response to this Request.

**REQUEST FOR PRODUCTION NO. 43:**

Documents Regarding the development, marketing, objectives, strategies and goals of the Meta Pixel, Including:

a.  Documents Regarding the efficacy, profitability (potential or otherwise), and assessment of consequences (legal or otherwise, potential or otherwise) of the Meta Pixel;

b.  Business plans;

c.  Analyses and studies of competitive threats to the Meta Pixel;

d.  Revenue projections;

e.  Changes to the Meta Pixel;

f.  Market analyses of the Meta Pixel;

g.  Market analyses of competitors' pixel tools;

h.  Strategies for optimizing the collection and use of data collected through the Meta Pixel; and

i.  Strategies for optimizing and increasing Meta's profits through the Meta Pixel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)    Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

(B)    Meta objects to this Request on the grounds that it is vague and ambiguous in its use of the terms "development," "marketing," "objectives," "strategies," "goals," "efficacy," "profitability," "assessment of consequences," "business plans," "competitive threats," "revenue projections," "market analyses," "competitors' pixel tools," "collected," "strategies," and "optimizing."

(C)    Meta objects to this Request as overbroad and unduly burdensome in that it

requests "[d]ocuments Regarding the development, marketing, objectives, strategies and goals of the Meta Pixel," without limitation as to time, scope, or otherwise.

(D)     Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks information concerning "the development, marketing, objectives, strategies, and goals of the Meta Pixel" unlimited in time and irrespective of whether that information has any connection to the claims at issue in this action.

(E)     Meta objects to this Request as requesting documents equally or more readily obtainable from other sources, and/or that are publicly available.

(F)     Meta objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, and/or any other applicable privileges and protections.

(G)     Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case. Meta objects to producing or providing information relating to any non-public source code, and/or producing or making available for inspection non-public source code itself in original or native format (or otherwise), until sufficient protections containing appropriately tailored confidentiality and source code provisions are entered in the case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows: Meta agrees to meet and confer with Plaintiffs about this overly broad Request. Meta reserves the right to supplement its objections and response to this Request.

**REQUEST FOR PRODUCTION NO. 44:**

Documents Relating to advertisers' creation of custom audiences based on data collected from Medical Provider Web Properties through the Meta Pixel.

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

2         Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

3   Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

4   forth in this Response.  Meta further objects to this Request on the following additional grounds:

5         (A)    Meta objects to this Request on the grounds that it is vague and ambiguous in

6   its use of the terms "advertisers," "data collected from," and "custom audiences."

7         (B)    Meta objects to this Request as overbroad and unduly burdensome in that it

8   requests "[d]ocuments Relating to advertisers' creation of custom audiences," without

9   limitation as to time, scope, or otherwise.

10        (C)    Meta objects to this Request as seeking information that is irrelevant to the claims in,

11  or defenses to, this action and disproportionate to the needs of the case, including that the Request

12  seeks information that is unlimited in time and scope for a vague, undefined definition of websites.

13        (D)    Meta objects to this Request as requesting documents equally or more readily

14  obtainable from other sources.

15        (E)    Meta objects to this Request to the extent it calls for the production of

16  confidential, proprietary, or trade secret information and will not produce any such documents

17  implicating confidential, proprietary, or trade secret information in this case until a protective

18  order or other protocol containing sufficient protections is entered in this case.

19        Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

20  discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and

21  produce, responsive, non-privileged Documents Relating to advertisers' creation of custom audiences

22  based on data provided by Medical Provider Web-Properties through the Meta Pixel during the

23  Relevant Time Period, to the extent such documents exist, are reasonably accessible, and are within

24  Meta's possession, custody, or control.

25  **REQUEST FOR PRODUCTION NO. 45:**

26        Documents Relating to advertisers' creation of lookalike audiences based on data collected

27  from Medical Provider Web Properties through the Meta Pixel.

28

Gibson, Dunn &
Crutcher LLP

57

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 45:</u>**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

(B)     Meta objects to this Request on the grounds that it is vague and ambiguous in its use of the terms "advertisers," "data collected from," and "lookalike audiences."

(C)     Meta objects to this Request as overbroad and unduly burdensome in that it requests "[d]ocuments Relating to advertisers' creation of lookalike audiences," without limitation as to time, scope, or otherwise.

(D)     Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks information that is unlimited in time and scope for a vague, undefined definition of websites.

(E)     Meta objects to this Request as requesting documents equally or more readily obtainable from other sources.

(F)     Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and produce, responsive, non-privileged Documents Relating to advertisers' creation of lookalike audiences based on data provided by Medical Provider Web-Properties through the Meta Pixel during the Relevant Time Period, to the extent such documents exist, are reasonably accessible, and are within Meta's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 46:**

Documents sufficient to show the total revenue and profits Meta derived from advertising that used custom audiences or lookalike audiences derived from data collected from Medical Provider Web Properties through the Meta Pixel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)    Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

(B)    Meta objects to this Request on the grounds that it is vague and ambiguous in its use of the terms "derived," "data collected from," "advertising," "custom audiences," and "lookalike audiences."

(C)    Meta objects to this Request as overbroad and unduly burdensome in that it requests "[d]ocuments sufficient to show the total revenue and profits," without limitation as to time, scope, or otherwise.

(D)    Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta agrees to meet and confer with Plaintiffs about this overly broad Request.  Meta reserves the right to supplement its objections and response to this Request.

**REQUEST FOR PRODUCTION NO. 47:**

Documents Regarding complaints from Persons Regarding the Meta Pixel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request on the grounds that it is vague and ambiguous in its use of the term "complaints."

(B)     Meta objects to this Request as overbroad and unduly burdensome in that it requests "[d]ocuments regarding complaints . . . Regarding the Meta Pixel," without limitation as to time, scope, or otherwise.

(C)     Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks information unlimited in time and scope.

(D)     Meta objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, and/or any other applicable privileges and protections.

(E)     Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and produce, responsive, non-privileged Documents Regarding complaints from Persons Regarding the Meta Pixel in connection with medical-related issues during the Relevant Time Period, to the extent such documents exist, are reasonably accessible, and are within Meta's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 48:**

Documents Regarding privacy concerns related to Meta's collection, use, disclosure, or sale of data collected through the Meta Pixel, Including documents Regarding fingerprinting, cookie matching, and the re-identifiability of Facebook Users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

(B)     Meta objects to this Request on the grounds that it is vague and ambiguous in its use of the terms "privacy concerns," "data collected through," "fingerprinting," "cookie matching," and "re-identifiability," as well as the phrase "collection, use, disclosure, or sale of data."

(C)     Meta objects to this Request as overbroad and unduly burdensome in that it requests "[d]ocuments Regarding privacy concerns," without limitation as to time, scope, or otherwise.

(D)     Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks information unlimited in time and scope.

(E)     Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta agrees to meet and confer with Plaintiffs about this overly broad Request.  Meta reserves the right to supplement its objections and response to

1  this Request.

2  **REQUEST FOR PRODUCTION NO. 49:**

3      Documents Regarding actions Meta takes against HIPAA-covered entities to enforce Meta

4  policies, as a result of the Filter's detection of health-related data.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

6      Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

7  Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

8  forth in this Response.  Meta further objects to this Request on the following additional grounds:

9      (A)    Meta objects to this Request as lacking foundation to the extent that Meta does

10  not have within its possession, custody, or control data identifying "Web-Properties with a

11  HIPAA Notice," as defined in the Interrogatories.

12      (B)    Meta objects to this Request to the extent it is duplicative of other Requests

13  herein, and incorporates its responses and objections to those Requests as if fully set forth

14  herein.

15      (C)    Meta objects to this Request on the grounds that it is vague and ambiguous in

16  its use of the terms "enforce" and "detection of health-related data."

17      (D)    Meta objects to this Request as overbroad and unduly burdensome in that it

18  requests "[d]ocuments Regarding actions Meta takes," without limitation as to time, scope, or

19  otherwise.

20      (E)    Meta objects to this Request as seeking information that is irrelevant to the

21  claims in, or defenses to, this action and disproportionate to the needs of the case, including

22  that the Request seeks information unlimited in time and scope.

23      (F)    Meta objects to this Request on the grounds that it fails to describe the

24  documents sought with reasonable particularity given its use of the vague and undefined terms

25  "enforce" and "detection of health-related data," and, depending on how those terms are

26  defined, seeks information not relevant to Plaintiff's claims.  It is unclear what documents are

27  contemplated by this phrase or what they are intended to encompass

28      (G)    Meta objects to this Request to the extent it calls for the production of

1   confidential, proprietary, or trade secret information and will not produce any such documents

2   implicating confidential, proprietary, or trade secret information in this case until a protective

3   order or other protocol containing sufficient protections is entered in this case.  Meta objects

4   to producing or providing information relating to any non-public source code, and/or

5   producing or making available for inspection non-public source code itself in original or

6   native format (or otherwise), until sufficient protections containing appropriately tailored

7   confidentiality and source code provisions are entered in the case.

8        Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

9   discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and

10  produce, responsive, non-privileged documents sufficient to show the types of notifications sent to

11  entities that were flagged by the health integrity system as having sent potentially sensitive data

12  during the Relevant Time Period, to the extent such documents exist, are reasonably accessible, and

13  are within Meta's possession, custody, or control.

14  **REQUEST FOR PRODUCTION NO. 50:**

15       Documents Regarding HIPAA-covered entities that utilize the Meta Pixel.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

17       Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

18  Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

19  forth in this Response.  Meta further objects to this Request on the following additional grounds:

20       (A)    Meta objects to this Request as lacking foundation to the extent that Meta does

21  not have within its possession, custody, or control data identifying "Web-Properties with a

22  HIPAA Notice," as defined in the Interrogatories.

23       (B)    Meta objects to this Request to the extent it is duplicative of other Requests

24  herein, and incorporates its responses and objections to those Requests as if fully set forth

25  herein.

26       (C)    Meta objects to this Request on the grounds that it is vague and ambiguous in

27  its use of the term "utilize."

28       (D)    Meta objects to this Request as overbroad and unduly burdensome in that it

1    purports to request "[d]ocuments Regarding HIPAA-covered entities that utilize the Meta

2    Pixel," unlimited in time, scope, or otherwise.

3        (E)    Meta objects to this Request on the grounds that it fails to describe the

4    documents sought with reasonable particularity given its use of the vague and undefined terms

5    "entities that utilize Meta Pixel," depending on how those terms are defined, seeks

6    information not relevant to Plaintiff's claims.  It is unclear what documents are contemplated

7    by this phrase or what "HIPAA-covered entities that utilize the Meta Pixel" are intended to

8    encompass.

9        (F)    Meta objects to this Request to the extent it calls for the production of

10   confidential, proprietary, or trade secret information and will not produce any such documents

11   implicating confidential, proprietary, or trade secret information in this case until a protective

12   order or other protocol containing sufficient protections is entered in this case.

13       Meta stands on its objections to this Request.  Meta reserves the right to supplement its

14   objections and response to this Request.

15   **REQUEST FOR PRODUCTION NO. 51:**

16       All Communications from Meta to developers Regarding warnings that the developers' use of

17   the Meta Pixel violates Meta's policies.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

19       Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

20   Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

21   forth in this Response.  Meta further objects to this Request on the following additional grounds:

22       (A)    Meta objects to this Request to the extent it is duplicative of other Requests

23   herein, and incorporates its responses and objections to those Requests as if fully set forth

24   herein.

25       (B)    Meta objects to this Request on the grounds that it is vague and ambiguous in

26   its use of the terms "developers," "warnings," and "use of the Meta Pixel."

27       (C)    Meta objects to this Request as overbroad and unduly burdensome in that it

28   requests "all [c]ommunications from Meta to developers regarding warnings," without

Gibson, Dunn &
Crutcher LLP

64

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

1   limitation as to time, scope, or otherwise.

2        (D)    Meta objects to this Request as seeking information that is irrelevant to the

3   claims in, or defenses to, this action and disproportionate to the needs of the case, including

4   that the Request seeks information unlimited in time and scope

5        (E)    Meta objects to this Request to the extent it seeks documents protected by the

6   attorney-client privilege, work product doctrine, and/or any other applicable privileges and

7   protections.

8        (F)    Meta objects to this Request to the extent it calls for the production of

9   confidential, proprietary, or trade secret information and will not produce any such documents

10  implicating confidential, proprietary, or trade secret information in this case until a protective

11  order or other protocol containing sufficient protections is entered in this case.

12       Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

13  discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and

14  produce, responsive, non-privileged communications from Meta to developers Regarding warnings

15  that the developers' use of the Meta Pixel violated Meta's policies during the Relevant Time Period,

16  to the extent such documents exist, are reasonably accessible, and are within Meta's possession,

17  custody, or control.

18  **REQUEST FOR PRODUCTION NO. 52:**

19       For Each Web-Property, developer, or advertiser identified in response to Interrogatory Nos. 1

20  and 2, Documents for Each Regarding:

21  a.  The developer or advertiser's basic account information with Meta, Including their name,

22      contact information, email address[es], billing address, and their Facebook and/or Instagram

23      page[s],

24  b.  The specific domain of the Web-Propert[ies] where the Meta Pixel was deployed and the

25      dates of such deployment;

26  c.  A list of all web-pages on the domain where the Meta Pixel was deployed;

27  d.  A list of all SubscribedButtonClick actions that were tracked on the Web-Property, Including

28      whether SubscribedButtonClick actions were tracked for:

1       i.     Patient portal sign-ups or account creation;

2      ii.    Patient portal logins;

3     iii.   Appointments;

4     iv.   When a Person clicked to call the provider by clicking on a phone number on the page;

6     v.    Pages with information about doctors or other providers;

7     vi.   Pages with information about health conditions;

8    vii.   Pages with information about treatments; and

9  e.  The amount of advertising revenue received by Meta from the Web-Property, developer, and advertiser during the Class Period, with a breakout for the amount of advertising revenue received by Meta that is or was associated with positive or negative retargeting or remarketing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response. Meta further objects to this Request on the following additional grounds:

(A) Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

(B) Meta objects to this Request as overbroad and unduly burdensome in that it requests enumerated documents and information for a vague, undefined definition of websites, without limitation as to time, scope, or otherwise. Meta incorporates its prior objections to the vague and ambiguous terms used herein, including, but not limited to, "basic account information," "domain," "deployed," "patient portal sign-ups," "appointments," "health conditions," "treatments," "advertising revenue," "breakout," and "positive or negative retargeting or remarketing."

(C) Meta also objects to this Request as being overbroad and unduly burdensome in that it requests "[a] list of all web-pages on the domain where the Meta Pixel was

deployed…[and] of all SubscribedButtonClick actions that were tracked on the Web-Property" whether or not relevant to the claims in this case and unlimited by time, scope, or otherwise.

(D)   Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks information unlimited in time and scope.

(E)   Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta agrees to meet and confer with Plaintiffs about this overly broad Request.  Meta reserves the right to supplement its objections and response to this Request.

## REQUEST FOR PRODUCTION NO. 53:

For Each Web-Property, developer, or advertiser identified in response to Interrogatory Nos. 1 and 2, all "notifications" that Meta sent the Web-Property, developer, or advertiser that their use of the Meta Pixel was not in compliance with Meta's policies, as described in Paragraph 9 of the Wooldridge Declaration (Dkt. 77-4).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)   Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

(B)   Meta objects to this Request as being overbroad and unduly burdensome in that it is unlimited by time, scope, or otherwise.

Gibson, Dunn &
Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

(C)     Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks information unlimited in time and scope

(D)     Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and produce, responsive, non-privileged documents sufficient to show the types of notifications sent to Medical Provider Web-Properties that were flagged by the health integrity system as having sent potentially sensitive data during the Relevant Time Period, to the extent such documents exist, are reasonably accessible, and are within Meta's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 54:**

All Communications between Meta and Medstar Health System Regarding the Meta Pixel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

(B)     Meta objects to this Request as overbroad and unduly burdensome in its request for "[a]ll Communications between Meta and Medstar Health System Regarding the Meta Pixel" without any limitations or particularized explanations regarding intended scope.

(C)     Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks information unlimited in time.  For instance, the Request seeks "[all]

Gibson, Dunn &
Crutcher LLP

68

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

Communications… Regarding the Meta Pixel," irrespective of whether such Communications relate to the subject matter of the litigation.

(D)     Meta objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, and/or any other applicable privileges and protections.

(E)     Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and produce, responsive, non-privileged Communications between Meta and Medstar Health System Regarding the Meta Pixel during the Relevant Time Period, to the extent such documents exist, are reasonably accessible, and are within Meta's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 55:**

All Communications between Meta and Rush University System for Health Regarding the Meta Pixel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

(B)     Meta objects to this Request as overbroad and unduly burdensome in its request for "[a]ll Communications between Meta and Rush University System for Health Regarding the Meta Pixel" without any limitations or particularized explanations regarding intended scope.

Gibson, Dunn &
Crutcher LLP

69

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

(C)     Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks information unlimited in time.  For instance, the Request seeks "[all] Communications… Regarding the Meta Pixel," irrespective of whether such Communications relate to the subject matter of the litigation.

(D)     Meta objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, and/or any other applicable privileges and protections.

(E)     Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and produce, responsive, non-privileged Communications between Meta and Rush University System for Health Regarding the Meta Pixel during the Relevant Time Period, to the extent such documents exist, are reasonably accessible, and are within Meta's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 56:**

All Communications between Meta and UK Healthcare Regarding the Meta Pixel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

(B)     Meta objects to this Request as overbroad and unduly burdensome in its request for "[a]ll Communications between Meta and UK Healthcare Regarding the Meta

Pixel" without any limitations or particularized explanations regarding intended scope.

(C)     Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks information unlimited in time.  For instance, the Request seeks "[all] Communications… Regarding the Meta Pixel," irrespective of whether such Communications relate to the subject matter of the litigation.

(D)     Meta objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, and/or any other applicable privileges and protections.

(E)     Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and produce, responsive, non-privileged Communications between Meta and UK Healthcare Regarding the Meta Pixel during the Relevant Time Period, to the extent such documents exist, are reasonably accessible, and are within Meta's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 57:**

Communications between Meta and UCLA Health Regarding the Meta Pixel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

(B)     Meta objects to this Request as overbroad and unduly burdensome in its

Gibson, Dunn & Crutcher LLP

request for "Communications between Meta and UCLA Health Regarding the Meta Pixel" without any limitations or particularized explanations regarding intended scope.

(C)     Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks information unlimited in time.  For instance, the Request seeks "Communications… Regarding the Meta Pixel," irrespective of whether such Communications relate to the subject matter of the litigation.

(D)     Meta objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, and/or any other applicable privileges and protections.

(E)     Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and produce, responsive, non-privileged Communications between Meta and UCLA Health Regarding the Meta Pixel during the Relevant Time Period, to the extent such documents exist, are reasonably accessible, and are within Meta's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 58:**

All data Meta received via the Meta Pixel on Medstar Health System's Web Properties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

(B)      Meta objects to this Request as overbroad and unduly burdensome in that it requests "[a]ll data" received via the Metal Pixel on Medstar Health System's Web Properties, whether or not that data is relevant to the claims in, or defenses to, this action and unlimited in time and scope.

(C)      Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks information that is unlimited in time and scope.

(D)      Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.  Meta objects to producing or providing information relating to any non-public source code, and/or producing or making available for inspection non-public source code itself in original or native format (or otherwise), until sufficient protections containing appropriately tailored confidentiality and source code provisions are entered in the case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta agrees to meet and confer with Plaintiffs about this overly broad Request.  Meta reserves the right to supplement its objections and response to this Request.

**REQUEST FOR PRODUCTION NO. 59:**

All data Meta received via the Meta Pixel on Rush University System for Health's Web Properties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)      Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth

1  herein.

2      (B)     Meta objects to this Request as overbroad and unduly burdensome in that it

3  requests "[a]ll data" received via the Metal Pixel on Rush University System for Health's

4  Web Properties, whether or not that data is relevant to the claims in, or defenses to, this action

5  and unlimited in time and scope.

6      (C)     Meta objects to this Request as seeking information that is irrelevant to the

7  claims in, or defenses to, this action and disproportionate to the needs of the case, including

8  that the Request seeks information that is unlimited in time and scope.

9      (D)     Meta objects to this Request to the extent it calls for the production of

10  confidential, proprietary, or trade secret information and will not produce any such documents

11  implicating confidential, proprietary, or trade secret information in this case until a protective

12  order or other protocol containing sufficient protections is entered in this case.  Meta objects

13  to producing or providing information relating to any non-public source code, and/or

14  producing or making available for inspection non-public source code itself in original or

15  native format (or otherwise), until sufficient protections containing appropriately tailored

16  confidentiality and source code provisions are entered in the case.

17      Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

18  discovery in this action, Meta responds as follows:  Meta agrees to meet and confer with Plaintiffs

19  about this overly broad Request.  Meta reserves the right to supplement its objections and response to

20  this Request.

21  **REQUEST FOR PRODUCTION NO. 60:**

22      All data Meta received via the Facebook Pixel on UK Healthcare's Web Properties.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

24      Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

25  Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

26  forth in this Response.  Meta further objects to this Request on the following additional grounds:

27      (A)     Meta objects to this Request to the extent it is duplicative of other Requests

28  herein, and incorporates its responses and objections to those Requests as if fully set forth

herein.

(B)      Meta objects to this Request as overbroad and unduly burdensome in that it requests "[a]ll data" received via the Pixel on UK Healthcare's Web Properties, whether or not that data is relevant to the claims in, or defenses to, this action and unlimited in time and scope.

(C)      Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks information that is unlimited in time and scope.

(D)      Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.  Meta objects to producing or providing information relating to any non-public source code, and/or producing or making available for inspection non-public source code itself in original or native format (or otherwise), until sufficient protections containing appropriately tailored confidentiality and source code provisions are entered in the case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta agrees to meet and confer with Plaintiffs about this overly broad Request.  Meta reserves the right to supplement its objections and response to this Request.

**REQUEST FOR PRODUCTION NO. 61:**

All data Meta received via the Facebook Pixel on UCLA Health's Web Properties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)      Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth

1   herein.

2         (B)    Meta objects to this Request as overbroad and unduly burdensome in that it

3   requests "[a]ll data" received via the Pixel on UCLA Health's Web Properties, whether or not

4   that data is relevant to the claims in, or defenses to, this action and unlimited in time and

5   scope.

6         (C)    Meta objects to this Request as seeking information that is irrelevant to the

7   claims in, or defenses to, this action and disproportionate to the needs of the case, including

8   that the Request seeks information that is unlimited in time and scope.

9         (D)    Meta objects to this Request to the extent it calls for the production of

10  confidential, proprietary, or trade secret information and will not produce any such documents

11  implicating confidential, proprietary, or trade secret information in this case until a protective

12  order or other protocol containing sufficient protections is entered in this case.  Meta objects

13  to producing or providing information relating to any non-public source code, and/or

14  producing or making available for inspection non-public source code itself in original or

15  native format (or otherwise), until sufficient protections containing appropriately tailored

16  confidentiality and source code provisions are entered in the case.

17        Subject to and without waiving the foregoing objections, and subject to the ongoing

18  nature of discovery in this action, Meta responds as follows:  Meta agrees to meet and confer

19  with Plaintiffs about this overly broad Request.  Meta reserves the right to supplement its

20  objections and response to this Request.

21  **REQUEST FOR PRODUCTION NO. 62:**

22        All Documents Meta sent to Medstar Health System notifying Medstar Health System that

23  META received potentially sensitive data from Medstar Health System via the Meta Pixel.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

25        Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

26  Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

27  forth in this Response.  Meta further objects to this Request on the following additional grounds:

28        (A)    Meta objects to this Request to the extent it is duplicative of other Requests

Gibson, Dunn &
Crutcher LLP

76

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

(B)     Meta objects to this Request as overbroad and unduly burdensome in its request for "[a]ll Documents" sent to Medstar Health System notifying them that Meta has "received potentially sensitive data" without limitation as to time or scope.

(C)     Meta objects to this Request as requesting documents equally or more readily obtainable from other sources.

(D)     Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.  Meta objects to producing or providing information relating to any non-public source code, and/or producing or making available for inspection non-public source code itself in original or native format (or otherwise), until sufficient protections containing appropriately tailored confidentiality and source code provisions are entered in the case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and produce, responsive, non-privileged documents sent to Medstar Health System notifying Medstar Health System that Meta received potentially sensitive data during the Relevant Time Period, to the extent such documents exist, are reasonably accessible, and are within Meta's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents Meta sent to Rush University System for Health notifying Rush University System for Health that META received potentially sensitive data from Rush University System for Health via the Meta Pixel.

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

(B)     Meta objects to this Request as overbroad and unduly burdensome in its request for "[a]ll Documents" sent to Rush University System for Health notifying them that Meta has "received potentially sensitive data" without limitation as to time or scope.

(C)     Meta objects to this Request as requesting documents equally or more readily obtainable from other sources.

(D)     Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.  Meta objects to producing or providing information relating to any non-public source code, and/or producing or making available for inspection non-public source code itself in original or native format (or otherwise), until sufficient protections containing appropriately tailored confidentiality and source code provisions are entered in the case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and produce, responsive, non-privileged documents sent to Rush University System for Health notifying Rush University System for Health that Meta received potentially sensitive data during the Relevant Time Period, to the extent such documents exist, are reasonably accessible, and are within Meta's possession, custody, or control.

1  **REQUEST FOR PRODUCTION NO. 64:**

2     All Documents Meta sent to UK Healthcare notifying UK Healthcare that META received

3  potentially sensitive data from UK Healthcare via the Meta Pixel.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

5     Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

6  Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

7  forth in this Response.  Meta further objects to this Request on the following additional grounds:

8     (A)    Meta objects to this Request to the extent it is duplicative of other Requests

9  herein, and incorporates its responses and objections to those Requests as if fully set forth

10  herein.

11     (B)    Meta objects to this Request as overbroad and unduly burdensome in its

12  request for "[a]ll Documents" sent to UK Healthcare notifying them that Meta has "received

13  potentially sensitive data" without limitation as to time or scope.

14     (C)    Meta objects to this Request as requesting documents equally or more readily

15  obtainable from other sources.

16     (D)    Meta objects to this Request to the extent it calls for the production of

17  confidential, proprietary, or trade secret information and will not produce any such documents

18  implicating confidential, proprietary, or trade secret information in this case until a protective

19  order or other protocol containing sufficient protections is entered in this case.  Meta objects

20  to producing or providing information relating to any non-public source code, and/or

21  producing or making available for inspection non-public source code itself in original or

22  native format (or otherwise), until sufficient protections containing appropriately tailored

23  confidentiality and source code provisions are entered in the case.

24     Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

25  discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and

26  produce, responsive, non-privileged documents sent to UK Healthcare notifying UK Healthcare that

27  Meta received potentially sensitive data during the Relevant Time Period, to the extent such

28  documents exist, are reasonably accessible, and are within Meta's possession, custody, or control.

Gibson, Dunn &
Crutcher LLP

**REQUEST FOR PRODUCTION NO. 65:**

All Documents Meta sent to UCLA Health notifying UCLA Health that META received potentially sensitive data from UCLA Health via the Meta Pixel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response. Meta further objects to this Request on the following additional grounds:

(A)      Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

(B)      Meta objects to this Request as overbroad and unduly burdensome in its request for "[a]ll Documents" sent to UCLA Health notifying them that Meta has "received potentially sensitive data" without limitation as to time or scope.

(C)      Meta objects to this Request as requesting documents equally or more readily obtainable from other sources.

(D)      Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case. Meta objects to producing or providing information relating to any non-public source code, and/or producing or making available for inspection non-public source code itself in original or native format (or otherwise), until sufficient protections containing appropriately tailored confidentiality and source code provisions are entered in the case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows: Meta will conduct a reasonable search for, and produce, responsive, non-privileged documents sent to UCLA Health notifying UCLA Health that Meta received potentially sensitive data during the Relevant Time Period, to the extent such documents exist, are reasonably accessible, and are within Meta's possession, custody, or control.

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

1    **REQUEST FOR PRODUCTION NO. 66:**

2         All Documents supporting Your contention that a class cannot be certified in this litigation.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

4         Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

5    Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

6    forth in this Response.  Meta further objects to this Request on the following additional grounds:

7         (A)    Meta objects to this Request to the extent it seeks documents or information

8    not in Meta's possession, custody, or control.

9         (B)    Meta objects to this Request as requesting documents equally or more readily

10   obtainable from other sources.

11        (C)    Meta objects to this Request as overbroad and unduly burdensome in that it

12   requests "all documents" without limitation as to time.

13        (D)    Meta objects to this Request to the extent it seeks documents protected by the

14   attorney-client privilege, work product doctrine, and/or any other applicable privileges and

15   protections.

16        Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

17   discovery in this action, Meta responds as follows:  Meta agrees to produce non-public documents

18   Meta would intend to rely on with respect to issues concerning class certification.  Meta reserves the

19   right to rely on additional documents identified during the course of discovery, including expert

20   discovery.

21   **REQUEST FOR PRODUCTION NO. 67:**

22        All Documents supporting Facebook's defenses in this litigation.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

24        Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

25   Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

26   forth in this Response.  Meta further objects to this Request on the following additional grounds:

27        (A)    Meta objects to this Request as premature; Meta have not yet answered

28   Plaintiffs' allegations.

Gibson, Dunn &
Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

1    (B)    Meta objects to this Request to the extent it seeks documents protected by the

2    attorney-client privilege, work product doctrine, and/or any other applicable privileges and

3    protections.

4         Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

5    discovery in this action, Meta responds as follows:  Meta agrees to meet and confer with Plaintiffs

6    about this overly broad Request.  Meta reserves the right to supplement its objections and response to

7    this Request.

8

9    DATED:  March 13, 2023                    GIBSON, DUNN & CRUTCHER LLP

10                                             By: /s/ *Lauren R. Goldman*
                                                    Lauren R. Goldman (*pro hac vice*)

11

12                                             *Attorneys for Defendant Meta Platforms, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO