UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 22-cv-03580-WHO (VKD)<br><br>**REDACTED**<br><br>**FURTHER ORDER RE MAY 29, 2024 DISCOVERY DISPUTE RE PRODUCTION OF DATA FROM ▮ SOURCES**<br><br>Re: Dkt. Nos. 430, 495 |
|---|---|

The parties ask the Court to resolve several disputes regarding Meta's production of documents responsive to plaintiffs' Request for Production ("RFP") No. 9[1] from the following data sources, all of which refer to tables in Meta's Hive data warehouse:



Dkt. No. 495 at 1 n.2; *see also* Dkt. Nos. 430, 473, 487, 494-8 ¶¶ 4-6. The Court held a hearing on these disputes on June 11, 2024. Dkt. No. 507. Further to the discussion at the hearing, the Court orders as follows:

---

[1] RFP No. 9 asks for "[t]he data Meta received via the Meta Pixel from Medical Provider Web-Properties, Including those listed in Exhibit A." Exhibit A to the RFP lists 664 websites. *See* Dkt. No. 495-1.

1. The parties have already agreed that Meta will produce ▇▇▇▇ of responsive data corresponding to some number of Pixel IDs from each of the ▇ tables listed above. At the hearing, the parties further agreed that the samples Meta produces will ▇▇▇▇ ▇▇▇▇ Meta shall endeavor to prioritize production of the samples ▇▇▇▇ ▇▇▇▇ over the samples for ▇▇▇▇ ▇▇▇▇. Meta shall investigate the time required to produce these ▇▇ samples and shall promptly advise plaintiffs of a reasonable timeline for production.[2] Plaintiffs shall review the samples Meta provides and shall promptly advise Meta of ▇▇▇▇ ▇▇▇▇ or what, if any, additional information plaintiffs require to make that determination.[3]

2. In view of Meta's representation that the ▇▇▇▇ ▇▇▇▇, the Court orders Meta to investigate the time and burden involved in producing ▇▇▇▇ ▇▇▇▇[4] ▇▇▇▇. Meta shall promptly advise plaintiffs of the results of this investigation and shall indicate whether production of all such data is feasible, and if not, why not.

3. For ▇▇▇▇ table and for any other ▇▇▇▇ ▇▇▇▇, the parties shall consider whether ▇▇▇▇ be used to reduce the burden of production. After receiving Meta's ▇▇ samples, plaintiffs shall make a specific proposal to Meta regarding a ▇▇▇▇ Meta shall investigate the time and

---

[2] ▇▇▇▇

[3] ▇▇▇▇

[4] The Court understands that both Pixel IDs and App IDs are at issue. The parties should not read references to "Pixel ID" in this order as excluding "App ID," where App IDs should be part of the production.

1 burden required to produce responsive data according to plaintiffs' proposal, and shall promptly
2 advise plaintiffs of the results of that investigation. Meta may make a counter proposal. Plaintiffs
3 must consider any such counter proposal, and shall promptly advise Meta of the results of that
4 consideration.

5     4. The Court is skeptical that there exists any reasonable means for Meta to retrieve
6 from cold storage ███████████████████████████████████████████████
7 ███████████████████████████████████████████████████████████████
8 ███████████████████████████ Nevertheless, in order to give the parties an
9 opportunity to further develop the information on this point, the Court orders Meta to provide a
10 further declaration (from Ms. Xia or another knowledgeable person) explaining in greater detail
11 the methodology Meta uses to retrieve data from cold storage and the time and burden such
12 retrieval involves, including: (a) the nature of the cold storage Meta uses, (b) the availability of
13 parallel or bulk retrieval techniques and the limitations of any such techniques, and (c) how Meta
14 calculates the time and expense required to retrieve units (e.g. days, hours, etc.) of data from cold
15 storage. Meta shall provide this further declaration to plaintiffs by **June 26, 2024**. If plaintiffs
16 believe there exists an efficient, cost-effective, and proportionate means to retrieve this data from
17 cold storage, plaintiffs shall make a written proposal to Meta explaining its proposed methodology
18 in detail. The proposal shall be provided to Meta by **July 3, 2024**.

19     5. Meta has proposed a sampling methodology ███████████████
20 ███████████████ from each of the ██ tables at issue, and ████████████
21 ███████████████████████████ for those same tables. *See* Dkt. No. 495 at 6.
22 Plaintiffs object to Meta's proposal, but they have made no counter proposal. No later than **July**
23 **3, 2024**, plaintiffs shall provide to Meta a proposed sampling methodology for ████ tables ██
24 ███████████████████████████████████████████████████████████████
25 ███████████ The Court reminds plaintiffs that the purpose of the sample is to obtain data
26 responsive to RFP No. 9 that is representative of the proposed class members' data so that this
27 *representative data* can be relied upon by both parties in addressing whether Rule 23's
28 requirements for class certification are met.

3

***

On **July 12, 2024**, the parties shall file a joint status report advising the Court of the status of their efforts to resolve their disputes regarding Meta's production of documents from the ▊ tables, including the status of the specific tasks identified above. The status report must not contain argument and must not attach any declarations. The status report shall identify any remaining areas of disagreement as to these ▊ tables, and shall include the parties' recommendations for next steps.

**IT IS SO ORDERED.**

Dated: June 13, 2024

Virginia K. DeMarchi
United States Magistrate Judge