# Redacted Version of May 8 Discovery Dispute Letter (Dkt. No. 475)

*CONFIDENTIAL*

May 8, 2024

Judge Virginia K. DeMarchi
San Jose Courthouse, Courtroom 2 – 5th Floor
280 South 1st Street
San Jose, CA 95113

**Re: *In re Meta Pixel Healthcare Litigation*, Case No. 22-cv-03580-WHO (VKD)**

Dear Judge DeMarchi,

Pursuant to the Court's Standing Order and April 18, 2024 Further Order re Privilege Dispute (Dkt. 458), Plaintiffs and Meta Platforms, Inc. ("Meta") submit this joint discovery dispute letter.

## A. STATEMENT OF THE DISPUTE REQUIRING RESOLUTION

Should Meta produce the redacted communications at PIXEL_HEALTH000300598, PIXEL_HEALTH000301262 PIXEL_HEALTH000300667, PIXEL_HEALTH000300648, PIXEL_HEALTH000031247, and PIXEL_HEALTH000301080 in unredacted form; and the thread contained at PRIV IDs 106-108 (the "Disputed Documents")?

## B. PLAINTIFFS' POSITION

Plaintiffs ask the Court to order Meta to produce the Disputed Documents. Notably, Meta has not provided a declaration from any individuals involved in these communications.

The Disputed Documents relate primarily to business advice. For "dual-purpose" communications, the attorney-client privilege applies only to communications whose primary purpose is to obtain legal advice. *In re Grand Jury,* 23 F.4th 1088, 1093 (9th Cir. 2021). Business communications involving an attorney are not protected, and communications between employees and in-house counsel are subject to a heightened standard. See *United States v. Ruehle*, 583 F.3d 600, 608 n.8 (9th Cir. 2009); *Thought, Inc. v. Oracle Corp*., 2014 WL 3940294, at *3 (N.D. Cal. Aug. 11, 2014).

Similarly, Meta redacted and withheld communications between non-attorney employees that do not seek, discuss, or transmit legal advice from counsel. *See e.g., Fisher and Paykel Healthcare Ltd. v. Flexicare Inc.*, 2020 WL 6540510 at *3 (C.D. Cal. Sept. 28, 2020) (emails among non-lawyers concerning legal issues were not privileged).

## I. PIXEL_HEALTH000300598; PIXEL_HEALTH000301262

Meta improperly withheld 14 e-mails in PIXEL_HEALTH000300598 and PIXEL_HEALTH000301262[1] because they primarily concern Meta's business decisions

---

[1] Plaintiffs concede that the 5:03 p.m. July 11 email from Sarah Binning is privileged. (-300600 to 300602). The request for her analysis is unredacted at -300603.

*CONFIDENTIAL*

regarding [redacted] and would have occurred regardless of litigation against Meta.[2]

These threads are rimaril a business conversation concerning the "[redacted]" (-301262). Following his first e-mail, Mr. Woolridge, an engineer, adds Mr. Covey, a non-attorney, [redacted] -300606 . When asked by Mr. Woolridge to [redacted] Mr. Florkowski confirms the thread is about a business decision b writing that "[redacted]" (-301262). This shows that both the challenged e-mail threads and separate chat thread were strategic discussions.

The subsequent communications are foremost a business discussion of how Meta [redacted]. The Hines declaration ("Hines Decl.") states that the first-in-time e-mail by non-attorne Wooldrid e "[redacted]" Hines Decl. at ¶ 21. This is insufficient to establish privilege. The mere mention of legal matters does not necessarily confer privilege: the discussion must have been primarily for the provision of substantive legal advice. *U.S. v. Rite Aid Corp.*, 2021 WL 1196250 at *8 E.D. Cal. Mar. 30 2021 . The unredacted language in the e-mails -- [redacted] – further demonstrate that Meta employees were having a strategic business discussion about [redacted].

Meta's conclusory explanation also fails to show how these communications are work product, or would not have been created "but for the prospect of litigation." *U.S. v. Richey*, 632 F.3d 559, 567-8 (9th Cir. 2011). The Hines Decl. does not state so. These Disputed Documents are close in date to two ma or external developments untethered to liti ation against Meta: the [redacted].[3] This context makes it likely that this discussion was motivated by these external events and would have occurred regardless of any litigation against Meta.

## II. PIXEL_HEALTH000301080

The redacted ortions of PIXEL HEALTH000301080 reflect a business discussion to [redacted] (-301085). The references by non-attorneys to a [redacted] do not cloak the communications. Hines Decl. ¶¶16, 18. *Fisher*, 2020 WL 6540510 at *3.

[2] The reference to "a/c priv" does not shield the communications. *Oracle*, 2011 WL 5024457, at *3. It may be that "Facebook employees are taught to improperly "privilege" documents based on their perceived sensitivity." *In re Facebook Inc. Consumer Privacy Litig.*, 655 F. Supp. 3d 899, 933 (N.D. Cal. 2023).

[3] https://www.whitehouse.gov/briefing-room/presidential-actions/2022/07/08/executive-order-on-protecting-access-to-reproductive-healthcare-services/.

**_CONFIDENTIAL_**

PIXEL_HEALTH000301080 contains an unprivileged discussion by engineers of their personal understandings of a legal issue while discussing an engineering project, untethered to a request for legal advice from an attorney or relaying of legal advice from one. The Hines Decl. underscores this. Re ardin the two first-in-time e-mails, it ex lains that non-law er "em lo ee Frank Jing [REDACTED] " and that non-law er em lo ee "Woolridge responded [REDACTED] " Hines Decl. at ¶16 em hasis added . Subsequent emails from non-lawyers " [REDACTED] " *Id*. at ¶18. *Stevens* only confirms that these e-mails are not protected, because they are not "primarily for the purposes of transmitting information to legal counsel so they may provide legal advice or disseminating information from legal counsel." *Stevens v. Corelogic, Inc*., 2016 WL 397936, at *7 (S.D. Cal. Feb. 2, 2016).

As for the e-mails authored by in-house counsel, Meta has failed to make a clear showing that the speaker made the communication[ ] for the purpose of obtaining or providing legal advice. *See United States v. ChevronTexaco Corp*., 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002); *Oracle America, Inc. v. Google, Inc*., 2011 WL 3794892, at *4 (N.D. Cal. Aug. 26), aff'd 2011 WL 5024457 (N.D. Cal. Oct. 20, 2011).

## III. PRIV IDs 106; 107; 108

Meta failed to meet its burden to show that PRIV IDs 106-108 are privileged. None are authored by or sent directly to attorneys, and no attorney responds to any communication.

Meta contends that non-attorne Ms. Wan " [REDACTED] " Hines Decl. at ¶14. This is insufficient. First, the involvement of attorneys does not automatically confer privilege: notably, Meta's sworn declaration does not say that this project involved "legal analysis, [] legal advice" or a "response to a legal problem." *See Georgia-Pacific LLC v. OfficeMax Inc.,* 2014 WL 2942833, at *4 (N.D. Cal. June 30, 2014). Meta's own declaration undermines its generic assertion that every e-mail in this thread is "providing and requesting information for the purpose of facilitating legal advice regarding business tool data issues." Second, Meta does not state that the Legal Department directed Ms. Wang to seek this information. Accordingly, Meta has not met its burden.

## IV. PIXEL_HEALTH000300667 and PIXEL_HEALTH000300648

These communications appear to be rimarily for the business purpose of discussing the [REDACTED]." Meta has failed to meet its burden to show the communications primarily "relate[] to the purpose of obtaining legal advice from a legal advisor in his capacity as such." *Oracle America, Inc. v. Google Inc*., 2011 WL 5024457, at *3 (N.D. Cal. Oct. 20 2011).

The Hines Decl. does not attempt to assert that every communication is privileged. *See e.g.*, PRIV ID 167.

*CONFIDENTIAL*

The Hines Decl.'s justifications are insufficient for the other e-mails. The first-in-time e-mail from non-lawyer Mr. Jain is not privileged merely because he references a The Hines Decl. does not state that Mr. Jain is requesting legal advice from an attorney or requesting information at the behest of one. Regarding the subsequent e-mails, the Hines Decl. indicates that ortions of them are not rivile ed statin that the e-mails "expressl reference ." Hines Decl. at ¶ 4 (emphasis added). E-mails between non-attorneys about potential legal concerns about a business decision are not privileged. *Fisher*, 2020 WL 6540510 at *3.

**V. PIXEL_HEALTH000031247**

PIXEL HEALTH000031247 is not privile ed as it concerns are not substantive communications protected by privilege. *See Rite Aid Corp.*, 2021 WL 1196250, at *("Acts or services performed by an attorney during the course of the representation are not within the privilege."); *Matter of Fischel*, 557 F.2d 209, 212 (9th Cir. 1977).

The Hines Decl. confirms this: it states that the first-in-time e-mail "contains and that the "next four reacted emails in the thread reflect [non-attorney] Meta employees discussing ." Decl. at ¶8. PIXEL HEALTH000031247 also appears to be an unprotected business discussion about The last-in-time e-mail hi hli hts the business nature of the discussion stating (-31247).

**C. META'S POSITION**

Meta has limited its privilege assertions to legal advice, requests for legal advice, and information requested or provided to facilitate legal advice, and has supported each assertion with a log entry (which plaintiffs ignore) and the Hines Declaration. In addition, Meta produced four of the challenged threads in redacted form, and its disclosure of unredacted material in those threads undermines plaintiffs' arguments that Meta has asserted privilege over emails that "relate primarily to business advice" or based merely on privilege labels. *Supra* at 1–2 & n.2. Meta addresses plaintiffs' challenges in the same order presented by plaintiffs.

**I. Thread E: E-1 (PIXEL_HEALTH000300598), E-2 (PIXEL_HEALTH000301262)**

The redacted emails in Thread E are privileged because they were sent primarily for the purpose of requesting or providing legal advice related to, *inter alia*, , and discovery- and regulatory-related legal matters. Hines Decl. ¶¶ 21–25. The sender of the first-in-time email labeled it "a/c priv" and sent it to two in-house Meta attorne s amon others. *Id.* 23 E-1 at -606. That email E-1 at -606; Hines Decl. ¶ 21. Subsequent redacted emails discussed the same, and others provided or explicitly requested legal



advice. Hines Decl. ¶¶ 22–24.[4] It is unsur rising that Meta had privileged discussions, including Thread E, regarding developments ( ) in the legal landscape.

Plaintiffs primarily base their challenge to Thread E on the contents of described by in-house counsel William Florkowski in E-2. *Supra* at 2. Whether the described by Mr. Florkowski (which is not at issue) is privileged has no bearing on Meta's privilege claims over the Thread E redactions.

The rest of plaintiffs' argument fares no better. Meta has not, as plaintiffs suggest, claimed privilege based on "mere mention of legal matters." *Id.* In plaintiffs' cited authority, the challenged emails did not include counsel, no supporting declaration was submitted, and "[a]lmost nothing in the content of the emails indicate[d] that they were [sent] for the purpose of transmitting or seekin le al advice." *Fisher*, 2020 WL 6540510, at *2–3. Here, the subject line of Thread E (E-1 at -606), attorneys participate in the thread, the Hines Declaration provides evidence regarding the privileged nature of the redacted emails (Hines Decl. ¶¶ 21–25), and plaintiffs even concede that legal advice was requested and provided in Thread E. *Supra* n.1. Meta's redactions are narrowly tailored to substantive legal advice and requests for legal advice.

The redacted emails in Thread E are also protected work product because they were created "because of" actual or potential litigation. *In re Grand Jury Subpoena (Mark Torf/Torf Env'l M mt.* 357 F.3d 900 908 9th Cir. 2004 ("*Torf*"). The thread began with a discussion regarding . Hines Decl. 21–22. Later emails sent by Meta in-house attorneys, or in response to attorneys, concern legal matters. *Id.* ¶¶ 24–25; Log Entries for E-1, E-2 (Thread E requests and provides legal advice "in anticipation of regulatory review and potential litigation"); *Schaeffer v. Gregory Vill. Partners, L.P.*, 78 F. Supp. 3d 1198, 1206 (N.D. Cal. 2015) (upholding work product over document created due to "regulatory action and potential litigation"). Under "the totality of the circumstances," "it can fairly be said" that the redacted emails in Thread E "would not have been created ***in substantially similar form***" . *Torf*, 357 F.3d at 908 (emphasis added).

## II. Thread D (PIXEL_HEALTH000301080)

The primary purpose of the redacted portions of the two earliest-in-time emails in Thread D was to request and provide le al advice re ardin and later emails in the thread Hines Decl. ¶¶ 16, 18; Log Entry for Thread D ("Email reflecting and requesting legal advice, and re uestin and roviding information for the purpose of facilitating legal advice, regarding "). These communications are privileged and properly redacted.

Plaintiffs misapply the primary purpose test by focusing on the supposed purpose of Thread D

[4] While plaintiffs concede that one email in Thread E providing legal advice is privileged (*supra* n.1), they nonetheless challenge, without explanation, the ***request*** for that same legal advice, as well as other emails explicitly requesting or providing legal advice. Hines Decl. ¶¶ 23–24.



***overall***. *Supra* at 2 (arguing Thread D reflects an effort ). But the primary purpose of the ***redacted portions*** of Thread D is dispositive. *United States v. Chevron Corp.*, 1996 WL 444597, at *2 (N.D. Cal. May 30, 1996) ("That the document as a whole addresses predominantly business matters does not negate the privilege as to the portion containing requests for legal advice."). Moreover, that the legal advice concerning the was transmitted between non-attorneys does not undermine its privileged nature. *Stevens*, 2016 WL 397936, at *7 (legal advice "may be transmitted between non-attorneys so that the corporation may be properly informed of legal advice").

Finally, plaintiffs state only a conclusion—not an argument—regarding the emails in Thread D expressly directed to, or sent by, Meta in-house attorneys. *Supra* at 3. The privilege log entries, Hines Declaration, and unredacted language in the thread confirm that the redacted portions of these emails primarily reflect legal advice or re uests for the same. Hines Decl. 17, 19; *see, e.g.*, Thread D at -082–083 ( ).

## III. Thread C (Privilege IDs 106–108)

Meta properly withheld Thread C as privileged. Meta em lo ee Ste hanie Wan ex lained in the first-in-time email which she desi nated as rivile ed Hines Decl. ¶ 14. Subsequent emails provided or discussed the requested information, and two in-house Meta attorneys were "copied on each email" in Thread C. *Id.* ¶¶ 13, 15. "It is well accepted that … privileged communications may be shared by non-attorney employees in order to relay information requested by attorneys," and Ms. Wang "explicitly referred to counsel" in relaying the Department's request. *MGA Ent., Inc. v. Nat'l Prod. Ltd.*, 2012 WL 3150532, at *4 (C.D. Cal. Aug. 2, 2012) (cleaned up).

While plaintiffs argue that Meta has not provided sufficient evidence "that this project involved … 'legal advice'" (*supra* at 3), Meta's log clearly describes Thread C as "providing and requesting information for the purpose of facilitating ***legal advice*** regarding business tool data issues." Log Entry for Priv. ID 106 (emphasis added). A log entry alone can support a privilege assertion.

## IV. Thread A: A-1 (PIXEL_HEALTH000300667), A-2 (PIXEL_HEALTH000300648)

The author of the first-in-time email in Thread A designated it as a rivile ed communication in the subject line and " from the other thread participants, which included Meta in-house counsel James Turner …." Hines Decl. ¶ 4 (em hasis added . Plaintiffs' suggestion that Meta redacted this email merely because it "references a " is incorrect. *Supra* at 4.

The next eight emails in A-1—several of which "ex ressl reference an attorney—reflect discussion of legal advice regarding and provide information responsive to the request. Hines Decl. ¶ 4; A-1 at -671 ( ….."). The redacted portions of these emails are privileged communications sent primarily "for the purpose of facilitating legal advice[] regarding platform terms issues." Log Entries for A-1, A-2.

*CONFIDENTIAL*

Tellingly, Plaintiffs do not mention the rest of the emails in A-1 and do not discuss any of the emails unique to A-2. However, the Hines Declaration establishes that these emails reflect Mr. Turner's legal advice or requests for legal advice directed to him. Hines Decl. ¶¶ 5–7.

## V. Thread B (PIXEL_HEALTH000031247)



Thread B begins with several emails identif in and discussin [REDACTED] *Id.* ¶ 8. The redacted portions of these emails are privileged communications sent primarily "for the purpose of facilitating legal advice[] regarding [REDACTED]" and are therefore privileged. Log Entry for Thread B.

In challenging Thread B, plaintiffs rely on a selective, misleading quote of *Rite Aid*, which reads in full: "Acts or services performed by an attorney during the course of the representation are not within the privilege ***because they are not communications***." 2021 WL 1196250, at *8 (emphasis added) (cleaned up). The emails identifying and discussing action items constitute "communications." *Rite Aid* does not undermine Meta's redactions in Thread B.

## D. NEED FOR A HEARING

Plaintiffs do not believe that a further hearing is necessary. If the Court is inclined to entertain the relief plaintiffs are seeking, then Meta believes a hearing would be helpful.

## E. CUT-OFF DATES FOR FACT AND EXPERT DISCOVERY

The schedule sets the following deadlines:

*Parties substantially complete non-data document production* – July 29, 2024

*Fact discovery cut-off* – October 18, 2024

## F. STATEMENT RE COMPLIANCE WITH STANDING ORDER

Plaintiffs and Meta confirm that they have compiled with the Court's discovery dispute resolution procedures. Geoff Graber, lead counsel for Plaintiffs, and Elizabeth McCloskey and Darcy Harris, lead counsel for Meta, met and conferred regarding this dispute via videoconference on April 15, 2024.

## G. ATTACHMENTS

(1) Operative Log Entries[5] for the Disputed Documents[6]

(2) Declaration of Kory Hines

(3) Thread A (Iteration A-1) – PIXEL_HEALTH000300667

(4) Thread A (Iteration A-2) – PIXEL_HEALTH000300648

(5) Thread B – PIXEL_HEALTH000031247

(6) Thread D – PIXEL_HEALTH000301080

(7) Thread E (Iteration E-1) – PIXEL_HEALTH000300598

(8) Thread E (Iteration E-2) – PIXEL_HEALTH000301262

---

[5] Plaintiffs note that several of e-mails within the Disputed Documents are entirely missing from Meta's Third Amended Privilege Log. See e.g., First-in-time email from Dinkar Jain at PIXEL_HEALTH000300667.

[6] In accordance with the Stipulated Addendum to ESI Protocol and Order, asterisks in Meta's privilege log entries denote attorneys. Dkt. 352. Meta does not agree that all of the log entries plaintiffs have included with this filing are necessary for the Court to resolve the dispute. Finally, the "missing" log entry that plaintiffs reference in Footnote 5 is a lesser-included email that Meta has not collected in one of the challenged threads. Per the Court's recent order (Dkt. 451), Meta will amend its log to include separate entries for such emails by the agreed-upon July 19, 2024 deadline. Dkt. 462.

***CONFIDENTIAL***

Dated: May 8, 2024

By: */s/Jason Jay Barnes*
Jason 'Jay' Barnes

**SIMMONS HANLY CONROY LLC**

Jason 'Jay' Barnes (admitted *pro hac vice*)
*jaybarnes@simmonsfirm.com*
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel: 212-784-6400
Fax: 212-213-5949

By: */s/Geoffrey Graber*
Geoffrey Graber

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Geoffrey Graber, State Bar No. 211547
*ggraber@cohenmilstein.com*
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel: 202-408-4600
Fax: 202-408-4699

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
*koncius@kiesel.law*
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel: 310-854-4444
Fax: 310-854-0812

**TERRELL MARSHALL LAW GROUP PLLC**
Beth E. Terrell, State Bar No. 178181
*bterrell@terrellmarshall.com*
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.: 206-816-6603
Fax: 206-319-5450

**GIBBS LAW GROUP LLP**
Andre M. Mura, State Bar No. 298541
*amm@classlawgroup.com*
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.: 510-350-9700

***CONFIDENTIAL***

Fax: 510-350-9701

*Attorneys for Plaintiffs and Putative Class*

Dated: May 8, 2024

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/Lauren Goldman*
Lauren Goldman

LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

ELIZABETH K. MCCLOSKEY (SBN 268184)
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA (SBN 301746)
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

**COOLEY LLP**

By: */s/Michael G. Rhodes*
Michael G. Rhodes

MICHAEL G. RHODES (SBN 116127)
rhodesmg@cooley.com
KYLE C. WONG (SBN 224021)
kwong@cooley.com
CAROLINE A. LEBEL (SBN 340067)
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

*Attorneys for Defendant Meta Platforms, Inc.*

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Claire Torchiana , hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: May 8, 2024 By: */s/Claire Torchiana*