# Redacted Version of Attachment 2

# Declaration of Kory Hines (Dkt. No. 475-2)

**CONFIDENTIAL** *Pursuant to Protective Order*

| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>LAUREN R. GOLDMAN (admitted *pro hac vice*)<br>lgoldman@gibsondunn.com<br>DARCY C. HARRIS (admitted *pro hac vice*)<br>dharris@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166<br>Telephone:   (212) 351-4000<br>Facsimile:   (212) 351-4035<br><br>ELIZABETH K. MCCLOSKEY, SBN 268184<br>emccloskey@gibsondunn.com<br>ABIGAIL A. BARRERA, SBN 301746<br>abarrera@gibsondunn.com<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94105<br>Telephone:   (415) 393-8200<br>Facsimile:   (415) 393-8306 | COOLEY LLP<br>MICHAEL G. RHODES, SBN 116127<br>rhodesmg@cooley.com<br>KYLE C. WONG, SBN 224021<br>kwong@cooley.com<br>CAROLINE A. LEBEL, SBN 340067<br>clebel@cooley.com<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111-4004<br>Telephone:   (415) 693-2000<br>Facsimile:   (415) 693-2222 |

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-3580-WHO<br><br><u>PUTATIVE CLASS ACTION</u><br><br>**DECLARATION OF KORY HINES IN SUPPORT OF META'S PRIVILEGE ASSERTIONS**<br><br>Honorable Judge Virginia K. DeMarchi |

**CONFIDENTIAL** *Pursuant to Protective Order*

I, Kory Hines, hereby declare and state:

1. I am an associate at Gibson, Dunn & Crutcher LLP and a member of the State Bar of New York in good standing. I am a member of the outside counsel team for Meta Platforms, Inc. ("Meta"[1]) in this litigation.

2. The contents of this Declaration are based on my review of unredacted copies of each disputed document. If called upon as a witness in this action, I could and would testify competently to the facts stated in this Declaration.

### The Disputed Documents

3. I submit this Declaration in support of Meta's opposition to plaintiffs' challenge of Meta's privilege assertions over nine documents. Those nine documents correspond to five email threads, with multiple iterations of certain of the threads: PIXEL_HEALTH000300667 (**Thread A, Iteration A-1**), PIXEL_HEALTH000300648 (**Thread A, Iteration A-2**), PIXEL_HEALTH000031247 (**Thread B**), Privilege IDs 106–108 (**Thread C**), PIXEL_HEALTH000301080 (**Thread D**), PIXEL_HEALTH000300598 (**Thread E, Iteration E-1**), PIXEL_HEALTH000301262 (**Thread E, Iteration E-2**).

### Thread A

4. In the email that begins Thread A, Meta employee Dinkar Jain ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the other thread participants, which included Meta in-house counsel James Turner; the next eight emails in Iteration A-1 (moving up the thread from the bottom) reflect Meta employees discussing ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Iteration A-1 at -669–674. Several of these emails expressly reference ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.*

5. In the emails sent at 9:02 p.m. (April 11, 2017), 7:50 a.m. (April 12, 2017), and 9:08 a.m. (April 12, 2017) in Iteration A-2, Mr. Jain and Mr. Turner discussed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

---

[1] On October 28, 2021, Facebook, Inc. changed its name to Meta Platforms, Inc. For consistency and clarity, I use "Meta" to refer to the company before or after the October 2021 name change.

-1-

1  Iteration A-2 at -648–649. In his 10:29 a.m., April 12, 2017 email in Iteration A-1, Mr. Turner
2  ███████████████████████████████████████. Iteration A-1 at -669.
3  Mr. Jain then ████████████████████████████████████████████████████
4  ███. Id. at -668–669. In the top, last-in-time email in Iteration A-2, Mr. Jain ████
5  ████████████████████████████████████ Iteration A-2 at -648.

6.  ████████████████████████████████████████████
7  ██████████████████████████████. Iteration A-1 at -669. Yuval Oren's
8  11:54 a.m., April 12, 2017 email ████████████████████████████████████
9  █████████████████████████████████████████████████████████████
10 ███. Id. at -668.

7.  In the top three emails of Iteration A-1, Meta employees provided Mr. Turner with
further information about ███████████████████████████████████████
█████████████████████████████████████████████████████████████
██████████████████████████████████████. Id. at -667–668.

### Thread B

8.  The redacted portion of the first-in-time email in Thread B contains ██████
█████████████████████████████████████████████████████████████
████████████████████. Thread B at -249.

9.  The next four redacted emails in the thread reflect Meta employees discussing ████
████████████████████████████████████ Id. at -247–249.

10. In the second email from the top of Thread B, a Meta employee ████████
█████████████████████████████████████████████████████████████
█████████████████████████████████████████. Id. at -247.

11. The redacted portions of the top email in Thread B reflect ████████████
█████████████████████████████████████████████████████████████
██████████████████████ Id.

### Thread C

12. Plaintiffs have challenged the documents Meta has logged as Privilege IDs 106–108,

1 which correspond to an email thread that Meta has withheld from production on privilege grounds.
2 That email thread consists of five emails. After plaintiffs challenged Privilege IDs 106–108, Meta
3 provided log entries for Privilege IDs 194 and 195, corresponding to the bottom two emails in
4 Thread C, in response to a recent order by the Court relating to privilege logging. Dkt. 451 at 1–2.

5   13.   The emails logged as Privilege IDs 107–108 and 194–195 are fully subsumed within
6 the email logged as Privilege ID 106. In other words, Privilege ID 106 is a fully inclusive iteration of
7 Thread C. In addition to James Turner, Meta in-house counsel Adam Shajnfeld was copied on each
8 email in the thread.

9   14.   Meta employee Stephanie Wang ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
10 ▮▮▮▮▮▮▮▮▮▮▮▮ Priv. ID 195. In that email, Ms. Wang ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
13 ▮▮▮. Priv. ID 195.

14   15.   The next three emails on Thread C reflect other Meta employees ▮▮▮▮▮▮▮▮▮
15 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Priv. IDs 107–108, 194. In the top email, Ms. Wang
16 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Priv. ID 106.

17                                    **Thread D**

18   16.   The redaction in the first-in-time email in Thread D has been applied to a statement in
19 which Meta employee Frank Jing ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Thread D at -085. Meta
21 engineer Tobias Wooldridge responded ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at -084.

23   17.   In the December 20, 2021 email sent at 3:18 p.m., Meta in-house counsel Tim Lamb
24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* at -083.

25   18.   The redacted portions of the emails sent by Mr. Jing and other Meta employees on
26 December 21, 2021, January 4, 2022, and January 11, 2022 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
27 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.*
28 at -080–082.

HINES DECL. IN SUPPORT OF META'S PRIVILEGE ASSERTIONS
CASE NO. 3:22-CV-3580-WHO

19. In the redacted portion of his January 4, 2022 email, Meta employee David Capel ███████████████████████████████████████████████████████. *Id.* at -081. In response, Mr. Dhilla ███████████████████████████████████████████████████████. *Id.* Mr. Jing then added Mr. Chen to the thread ███████████████. *Id.* at -080–081.

20. On behalf of Meta, Gibson Dunn sent plaintiffs a letter on April 8, 2024, explaining that ███████████████████████████████████████████████████████ corresponds to a utility mailbox, with access limited to Meta employees. The letter explained that when an email is sent to that utility mailbox, it is forwarded to the Meta employees who are "on call" to field emails at the time.

**Thread E**

21. Meta engineer Tobias Wooldridge's initial email on July 5, 2022 in Thread E ███████████████████████████████████████████████████████. Iteration E-1 at -606–607.

22. Each of the other redacted emails sent by Mr. Wooldridge and other Meta employees on July 5 and July 10, 2022 ███████████████████████████████████████. *Id.* at -603–606.

23. The redacted email sent at 10:40 a.m. on July 11, 2022 ███████████████████████████████████████████████████████. *Id.* at -603. The rest of the redacted emails sent on July 11, 2022 ███████████████████████████████████████████████████████. *Id.* at -600–603.

24. The redacted email sent by Mr. Pailet at 12:50 p.m. on July 12, 2022 ███████████████████████████████████████████████████████. *Id.* at -598–599. ███████████████████████████████████████

*Confidential Pursuant to Protective Order*

25. In the top two emails of Thread E, Meta employees ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. *Id.* at -598.

\* \* \*

26. To my knowledge, none of the emails in Threads A through E have been shared outside Meta (other than with Meta's outside counsel and e-discovery vendors), and all of the emails in Threads A through E have been maintained as confidential. I understand that Meta's confidentiality policies prohibit external disclosure of these communications. I also understand that each participant in these threads was a Meta employee or contractor at the time each email was sent.

27. I declare under penalty of perjury that the foregoing is true and correct, and that I executed this Declaration on May 2, 2024, in New York, New York.

_____
Kory Hines