1

**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:    (415) 393-8200
Facsimile:    (415) 393-8306

**COOLEY LLP**
MICHAEL G. RHODES, SBN 116127
rhodesmg@cooley.com
KYLE C. WONG, SBN 224021
kwong@cooley.com
CAROLINE A. LEBEL, SBN 340067
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

IN RE META PIXEL HEALTHCARE
LITIGATION,

This Document Relates To:

All Actions

Case No. 3:22-cv-03580-WHO (VKD)

**DECLARATION OF LAUREN R.
GOLDMAN IN SUPPORT OF PLAINTIFFS'
ADMINISTRATIVE MOTION TO
CONSIDER WHETHER ANOTHER
PARTY'S MATERIAL SHOULD BE
SEALED**

Hon. Virginia K. DeMarchi

I, Lauren R. Goldman, state and declare as follows:

1.     I am an attorney licensed to practice in the State of New York.  I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in these actions.  I am admitted *pro hac vice* to practice before this Court.  I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1]  I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2.     I submit this declaration under Local Rule 79-5(f)(3) in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  Dkt. No. 527.  Meta seeks to seal narrowly tailored portions of (1) the parties' joint discovery dispute letter, which plaintiffs filed under seal on July 1, 2024 at Dkt. No. 527-8 (the "Joint Discovery Dispute Letter"); and (2) the supporting declarations attached to that letter (the "Declarations") (Dkt. Nos. 527-3, 527-4, 527-5, 527-6, and 527-7) that contain confidential business information about Meta's proprietary data storage systems and their contents, most of which this Court has previously ordered sealed.  *See, e.g.*, Dkt. Nos. 372, 463, 509.  Were this confidential information revealed, Meta would be placed at a competitive disadvantage in the marketplace.  The specific content that Meta seeks to seal, including page and line numbers where applicable, is identified in the table below.

3.     In determining whether to permit documents to be filed under seal, this Court should apply the "good cause" test for "sealed materials attached to a discovery motion unrelated to the merits of a case."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *see Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).  The good cause standard generally applies to discovery motions because "discovery is largely 'conducted in private as a matter of modern practice,'" and "the public is not presumed to have a right of access to it."  *Ctr. For*

---

[1]   This Court and others in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5.  *See, e.g.*, Dkt. Nos. 340, 350-1, 372; *see also* Avago *Techs. Fiber IP (Singapore) PTE. Ltd., et al. v. IPtronics Inc., et al.*, No. 5:10-cv-02863-EJD, Dkt Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., et. al. v. OpenTV Inc., et al.*, No. 5:13-00282-EJD, Dkt. Nos. 76, 82 (N.D. Cal. Oct. 8, 2013).  I am personally familiar with Meta's practices of safeguarding proprietary information, including based on my experience representing Meta for many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

*Auto Safety*, 809 F.3d at 1097 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)).  Here, the good cause test applies because the documents at issue have been submitted by the parties in connection with the parties' ongoing dispute regarding relevant data sources and the appropriate means to identify them (Dkt. No. 488). *Grace v. Apple, Inc.*, No. 17-CV-00551 LHK (NC), 2018 WL 11319051, at *1 (N.D. Cal. Apr. 3, 2018) (applying the good cause test to a motion to seal materials in connection with a discovery letter brief).

4.     Sealing is appropriate here for several reasons.  *First*, Meta's sealing request is "narrowly tailored to seek sealing only of sealable material." *See, e.g., Singh v. Costco Wholesale Corp.*, No. 20-CV-08180-NC, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023).  Meta asks the Court to seal only those parts of the Joint Discovery Dispute Letter and Declarations that reflect proprietary, commercially sensitive, and confidential information about Meta's internal storage systems—including how Meta's data storage systems and search tools work, the number of sources and data fields that are the subject of the parties' discovery dispute regarding sources of relevant, non-duplicative data, the non-public names and specific locations where potentially relevant data is held, and other specifics regarding data stored in certain of those locations. *Second*, as the Supreme Court has recognized, the public right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also* Dkt. No. 157 at 3 (Judge Orrick in this case confirming that "competitive harm is a compelling reason to seal").  Meta is likely to suffer harm if highly confidential information regarding the non-public systems and repositories integral to its storage of data is made public. *Third*, there is "a compelling reason to seal" information that could compromise a party's "network infrastructure and security systems." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *see also in re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding "compelling reasons to seal" "specific descriptions of how Gmail operates").  The less stringent "good cause" standard is clearly met here because the disclosure of specific information about where and how Meta stores data could empower bad actors to exploit and misuse that data.

5.     Competitive harm is likely if the Joint Discovery Dispute Letter and the Declarations are permitted to be unsealed without redaction.  Meta operates in an intensely competitive marketplace, so it has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage.  Meta takes care to protect the confidentiality of its proprietary information.  Disclosure of this information would provide competitors with the opportunity to use Meta's information for their own gains at Meta's expense; specifically, competitors could attempt to duplicate features of Meta's data storage systems.  These processes and systems provide Meta with an edge over competitors by allowing it to develop and deliver a higher quality service to users and advertisers.  Meta will lose this advantage if competitors become privy to its proprietary information.

6.     Absent redactions, unsealing the Joint Discovery Dispute Letter and the Declarations would likely also cause Meta harm because it would reveal information bad actors could then use to access or gain insight into data Meta receives and stores.  Meta has an interest in maintaining confidentiality over information related to its data storage systems and takes care to protect the confidentiality of its proprietary information and data it receives and stores.  But divulging details about Meta's data storage systems—including specifically where data is located and the ways in which Meta can access that data—would undermine this interest by helping third parties circumvent Meta's security measures to infiltrate or better understand the data Meta stores (including data related to users), in violation of Meta's policies.  Therefore, disclosure would harm both Meta and the individuals whose data may be left more vulnerable to improper access.

7.     Courts routinely protect the type of information that Meta seeks to seal here.  *See* Dkt. No. 157 at 3–4 (collecting cases); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (holding "confidential . . . commercial information" was entitled to protection from disclosure); *see also Calhoun v. Google LLC*, 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022) (allowing redactions for references to "sensitive features of Google's internal systems and operations, including the various types of data sources which include information related to Google's data logs, internal data structures, internal identifiers and their proprietary functions"); *Ojmar US, LLC v. Sec. People, Inc.*, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (noting protections afforded by courts

within the Ninth Circuit are broad and extend to "confidential information regarding [a defendant's] products, services, and business practices").  Notably, this Court has already found good cause and ordered sealing of some of the same (or very similar) information Meta seeks to seal here.  *See, e.g.*, Dkt. Nos. 339, 339-2, 350-4, 350-6, 372, 498, 501, and 509 (sealing, *inter alia*, specific Hive table names and descriptions of where Meta stores data transmitted via the Pixel); *see also* Dkt. Nos. 463, 502, 503, and 509 (sealing references to the number of data sources that are the subject of the parties' negotiations regarding potentially relevant data and the names of specific Hive tables).

8.     Plaintiffs filed the Joint Discovery Dispute Letter and the Declarations provisionally under seal in their entirety.  Meta proposes narrowly tailored redactions that would keep *only* particularly sensitive, non-public material sealed.  Meta's position regarding sealed material is set forth in the following table:

| Document to Be Sealed | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Joint Discovery Dispute Letter (Dkt. No. 527-8) | Parts of page 1, paragraphs 2–3 and 5–7; page 2, paragraphs 1–6; page 3, paragraphs 2–4 and header 2; page 4, paragraphs 1–6; page 5, paragraphs 2–3, 4, 6, and 8, and footnote 4; page 6, paragraphs 1–4, 6, and 8; page 7, paragraphs 1–5; and page 8, paragraph 3 (highlighted in Dkt. No. 533) | Meta | This text should be redacted because it reveals specific, non-public information about data sources identified as containing potentially relevant data, which reveals information related to Meta's data storage, including the characteristics of that data and how the proprietary systems and tools used to store and access that data work.  If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems.  *See* Dkt. No. 509. |

| Document to Be Sealed | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Joint Discovery Dispute Letter (Dkt. No. 527-8) | Parts of page 1, paragraph 6; page 2, paragraph 5; page 3, paragraph 4 and footnote 2; page 5, paragraph 7; page 6, paragraphs 2–3; page 7, paragraphs 2 and 4; and page 8, paragraph 3 (highlighted in Dkt. No. 533) | Meta | This text should be redacted because it identifies the number of data sources that are the subject of the current dispute regarding sources of potentially relevant data. Public disclosure of this information would harm Meta competitively.   The Court has previously ordered the number of data sources containing potentially relevant data to be sealed.  *See* Dkt. No. 463, 509. |
| Joint Discovery Dispute Letter (Dkt. No. 527-8) | Parts of page 2, paragraph 3; page 3, paragraph 4 and footnote 2; page 5, footnote 4; and page 6, paragraph 6 (highlighted in Dkt. No. 533) | Meta | This text should be redacted because it identifies by name specific tables within Meta's non-public Hive data storage system.   Were this information made public, it would competitively harm Meta. Its exposure would also increase the risk to the integrity of Meta's data storage systems.   The Court previously issued orders sealing names of specific Hive tables.  *See* Dkt. Nos. 339-2, 350-4, 372, 463, 509. |

DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:22-CV-03580-WHO

| Declaration of Dr. Zubair Shafiq (Dkt. No. 527-4) | Parts of page 1, paragraph 4; page 2, paragraphs 5(a)–(d); page 3, paragraphs 5(e)–(g); page 4, paragraphs 5(g)–(h), 6–9, and footnotes 1–3; page 5, paragraphs 9 –13; page 6, paragraphs 13–15 (including figures); page 7, paragraphs 15–20 (including figure), and footnote 5; page 8, paragraphs 20–25; page 9, paragraphs 25 – 27; page 10, paragraphs 27–31; page 11, paragraphs 31–32 (including figures); page 12, paragraphs 32–35; page 13, paragraphs 35–38; page 14, paragraph 39 (including figures); page 15, paragraphs 39–40 (including figure); page 15, paragraphs 41(a)–(b)(ii) and 42; page 17, paragraphs 43–46(a) and footnote 12; page 18, paragraphs 46(b)–47 (including figure); page 19, paragraphs 47–52 (including figure); page 20, paragraphs 52(a)–(h), and footnotes 21 and 27; paragraphs 52(i)–57, and footnotes 30–31; page 22, paragraphs 57–60; page 23, paragraphs 60–62(b); page 24, paragraphs 62(c)–66; page 25, paragraphs 67–72; page 26, paragraphs 72 and 74–76, and footnote 36; page | Meta | This text should be redacted because it reveals specific, non-public information about data sources identified as containing potentially relevant data, which reveals information related to Meta's data storage, including the characteristics of that data and how the proprietary systems and tools used to store and access that data work.  If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. *See* Dkt. No. 509. |

| Document to Be Sealed | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| | 27, paragraphs 76–78; page 28, paragraphs 78–80 (including figure); page 29, paragraphs 81–86; page 30, paragraphs 86 and 88–89; page 31, paragraphs 89–91 (including figure); page 32, paragraphs 91–92 and 94 (including figure); page 33, paragraphs 94–96 (including figures); page 34, paragraphs 97–100(f) (including figure); page 35, paragraphs 100(g)–105; page 36, paragraphs 105–106; page 37, paragraphs 106–107 (including figure); page 36, paragraphs 107–108 (including figure); page 39, paragraphs 108–111(a); page 40, paragraphs 111(a)–112(a); page 41, paragraphs 112(a)–112(b)(ii); page 42, paragraphs 112(b)(ii)–112(c); page 43, paragraphs 112(c)–112(f); page 44, paragraphs 112(f)–114 and 116; page 45, paragraphs 116–118(d); page 46, paragraphs 118(d)–118(g) (including figure); page 47, paragraphs 119–121 (including figure); and page 48, paragraphs 122–126 (highlighted in Dkt. No. 535) | | |

| Document to Be Sealed | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Declaration of Dr. Zubair Shafiq (Dkt. No. 527-4) | Parts of page 10, paragraph 30; page 15, paragraph 39 (including figure); page 16, paragraph 42; page 18, paragraph 47 (including figure); page 19, paragraph 47 (including figure); page 20, paragraphs 52(a)–52(h); page 21, paragraphs 52(i) and 54, and footnote 30; page 23, paragraph 62; page 25, paragraph 72; page 26, paragraphs 74(a)–74(i) and 76; page 27, 76–78; page 28, paragraph 79 (including figure); page 33, paragraphs 94–95 (including figure); page 34, paragraphs 99 (including figure) and 100(a)–100(f); page 35, paragraphs 100(g) and 104; page 36, paragraph 105; page 38, paragraph 108; page 39, paragraphs 109–109(h) and 111(a); page 40, paragraphs 111(b)–112; page 41, paragraphs 112(a)–112(b); page 43, paragraph 112(f) (highlighted in Dkt. No. 535) | Meta | This text should be redacted because it identifies the number of data sources that are the subject of the current dispute regarding sources of potentially relevant data. Public disclosure of this information would harm Meta competitively. The Court has previously ordered the number of data sources containing potentially relevant data to be sealed. *See* Dkt. No. 463, 509. |

| Declaration of Dr. Zubair Shafiq (Dkt. No. 527-4) | Parts of page 8, paragraphs 22–23; page 9, footnotes 6–8; page 10, paragraph 27; page 11, paragraph 31 (including figures); page 14, paragraph 39 (including figures); page 15, paragraph 39 (including figure); page 17, paragraphs 45–46; page 18, paragraph 47; page 19, paragraphs 48–49; page 20, paragraphs 52(a)–52(h); page 21, paragraphs 52(i), 54, and 56–57, and footnote 30; page 22, paragraph 59; page 24, paragraphs 64–65; page 26, paragraphs 74(a)–76; page 27, paragraphs 76–78; page 28, paragraphs 79–80; page 32, paragraph 94; page 33, paragraphs 95–96; page 34, paragraphs 97–100(f); page 25, paragraphs 100(g)–104; page 36, paragraph 105; page 38, paragraphs 107–108 (including figure); page 39, paragraphs 109–109(h) and 111(a); page 40, paragraphs 111(b)–112(a); page 41, paragraphs 112(a)–112(b)(ii); page 42, paragraphs 112(b)(ii)–112(c); page 42, paragraphs 112(d)–112(f); page 44, paragraph 112(g); page 46, paragraph 118(d) and 118 (following | Meta | This text and these figures should be redacted because it identifies by name specific tables within Meta's non-public Hive data storage system.   Were this information made public, it would competitively harm Meta.   Its exposure would also increase the risk to the integrity of Meta's data storage systems.  The Court previously issued orders sealing names of specific Hive tables.  *See* Dkt. Nos. 339-2, 350-4, 372, 463, 509. |

| Document to Be Sealed | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| | figure) (highlighted in Dkt. No. 535) | | |

| | | | |
|---|---|---|---|
| Declaration of Dr. Atif Hashmi (Dkt. No. 527-5) | Parts of page 1, paragraph 1, lines 4–7, paragraph 2, line 11, and paragraph 5, lines 22–28; page 2, paragraph 6, lines 1–6; page 3, heading 1, line 1, paragraph 13, lines 2–6, paragraph 14, lines 7–8, paragraph 15, lines 9–11, paragraph 16, lines 12–17, paragraph 17, lines 18–25, and footnote 1, line 27–28; page 4, paragraph 18, lines 1–8, paragraph 19, lines 9–15, paragraph 20, lines 16–22, and paragraph 21, lines 23–28; page 5, paragraph 21, line 1, paragraph 22, line 2–6, heading 1, lines 7–8, paragraph 23, lines 10–11, paragraph 24, lines 13–15, paragraph 25, lines 16–21, and paragraph 26, lines 22–25; page 6, paragraph 26, lines 1–2, paragraph 27, lines 3–18, paragraph 28, lines 21–22, and paragraph 29, lines 23–25; page 7, paragraph 29, lines 1–3, paragraph 31, lines 7–9, paragraph 32, lines 10–16, paragraph 33, lines 17–25, and paragraph 34, lines 26–28; and page 8, paragraph 34, lines 1–7, paragraph 35, lines 8–10, and paragraph 36, lines 11–13 | Meta | This text should be redacted because it reveals specific, non-public information about data sources identified as containing potentially relevant data, which reveals information related to Meta's data storage, including the characteristics of that data and how the proprietary systems and tools used to store and access that data work. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. *See* Dkt. No. 509. |

| Document to Be Sealed | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| | (highlighted in Dkt. No. 536) | | |
| Declaration of Dr. Atif Hashmi (Dkt. No. 527-5) | Parts of page 1, paragraph 4, line 19; page 2, paragraph 6, line 3; page 3, paragraph 16, lines 14–16, and paragraph 17, lines 21 and 25; page 4, paragraph 18, lines 5–7, and paragraph 20, lines 20–21; page 5, paragraph 21, line 1, and paragraph 23, line 9; and page 7, paragraph 31, line 9, paragraph 32, line 14, and paragraph 33, line 17 (highlighted in Dkt. No. 536) | Meta | This text should be redacted because it identifies the number of data sources that are the subject of the current dispute regarding sources of potentially relevant data.  Public disclosure of this information would harm Meta competitively.   The Court has previously ordered the number of data sources containing potentially relevant data to be sealed.  *See* Dkt. No. 463, 509. |

| Document to Be Sealed | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Declaration of Dr. Atif Hashmi (Dkt. No. 527-5) | Parts of page 1, paragraph 4, lines 19–21; page 3, paragraph 15, line 9 and footnote 1, line 28; page 4, paragraph 18, line 1, paragraph 20, line 16, and paragraph 21, lines 24 and 26; page 7, paragraph 32, lines 11–12 and 14; paragraph 33, lines 20–25; and page 8, paragraph 34, lines 1–2 and 4–5 (highlighted in Dkt. No. 536) | Meta | This text should be redacted because it identifies by name specific tables within Meta's non-public Hive data storage system.   Were this information made public, it would competitively harm Meta. Its exposure would also increase the risk to the integrity of Meta's data storage systems.   The Court previously issued orders sealing names of specific Hive tables.  *See* Dkt. Nos. 339-2, 350-4, 372, 463, 509. |

| Declaration of Jason 'Jay' Barnes and Exhibits 1–4 (Dkt. No 527-3) | Parts of page 2, paragraph 4, lines 4–5, paragraph 6, line 8, paragraph 7, line 10, paragraph 8, lines 12–13, and paragraph 9, lines 16–17; page 3, paragraph 10(j), lines 21–22, and paragraph 10(k), lines 24–26; page 4, paragraph 10(m), lines 2–3, paragraph 10(n), line 5, and paragraph 11, lines 6–8; page 5, paragraph 15, line 18; page 6, paragraph 19, lines 16–17, paragraph 20, lines 19–22, and paragraph 21, lines 25–28; page 7, paragraph 21, lines 1–2; paragraph 22, lines 3–6 and 8–13; paragraph 23, lines 14–22, and paragraph 24, lines 27–28; page 8, paragraph 24, lines 1–3, paragraph 25, lines 8–9, paragraph 26, lines 11–13, paragraph 27, lines 18–19, and paragraph 29, lines 22, 24–26, and 28; page 9, paragraph 29, lines 1–2, paragraph 30, lines 3–5, paragraph 31, lines 7–8 and 11–15, paragraph 32, lines 16–18, paragraph 33, lines 20–22, paragraph 34, line 24; page 10, paragraph 36, lines 8–9, and paragraph 37, lines 17–22 and 25; page 11, paragraph 40, lines 1–3 and 5, | Meta | This text should be redacted because it reveals specific, non-public information about data sources identified as containing potentially relevant data, which reveals information related to Meta's data storage, including the characteristics of that data and how the proprietary systems and tools used to store and access that data work.  If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. *See* Dkt. No. 509. |

| | | | |
|---|---|---|---|
| | paragraph 41, lines 12 and 15–17, paragraph 44, lines 24–28; page 12, paragraph 45, line 1, paragraph 46, lines 2–3, and paragraph 47, lines 5–11; page 13, paragraph 50, lines 2–6, paragraph 51, lines 8–11, paragraph 52, lines 13 and 17, paragraph 54, line 24, and paragraph 55, lines 25–27; page 14, paragraph 56, lines 1–9, paragraph 57, line 10, paragraph 58, lines 13–16, and paragraph 59, lines 18–24; page 15, paragraph 60, lines 2–19, paragraph 62, lines 26–27; page 16, paragraph 62, lines 1–2; paragraph 63, lines 7–10, 12–13, and 16–17, paragraph 64, lines 19–20; paragraph 65, lines 21–25, and paragraph 66, lines 27–28; page 17, paragraph 66, lines 1–2, paragraph 68, lines 16–20, paragraph 69, lines 21 and 24–25; all of exhibit 1; all of exhibit 2; exhibit 3, page 75, figure at lines 1–12, page 83, lines 21–22, page 84, lines 23–26, page 85, lines 9 and 27; page 86, lines 1–3 and 5–17; page 87, lines 2–3 and 23–26, page 88, lines 1–2, 8, 15, and 22–24, page 89, lines 6–7 and 17–19, and page 90, lines | | |

DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:22-CV-03580-WHO

| Document to Be Sealed | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| | 6–20; and all of exhibit 4 (highlighted in Dkt. No. 534) | | |
| Declaration of Jason 'Jay' Barnes and Exhibits 1–4 (Dkt. No 527-3) | Parts of page 7, paragraph 24, line 25; page 9, paragraph 30, line 3; page 11, paragraph 41, line 11; page 12, paragraph 46, line 2, and paragraph 49, lines 22–27; page 13, paragraph 50, line 1, paragraph 51, lines 8–10, paragraph 52, lines 13–15, paragraph 54, line 24, and paragraph 55, line 26; page 14, paragraph 56, lines 1–4, and paragraph 59, lines 19–20; page 15, paragraph 60, line 11, and paragraph 61, line 22; page 16, paragraph 63, line 7; (highlighted in Dkt. No. 534) | Meta | This text should be redacted because it identifies the number of data sources that are the subject of the current dispute regarding sources of potentially relevant data. Public disclosure of this information would harm Meta competitively. The Court has previously ordered the number of data sources containing potentially relevant data to be sealed. *See* Dkt. No. 463, 509. |

| Document to Be Sealed | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Declaration of Jason 'Jay' Barnes and Exhibits 1–4 (Dkt. No 527-3) | Parts of page 9, paragraph 32, lines 17–18, and paragraph 34, line 24; page 11; paragraph 41, lines 13–14; page 12, paragraph 45, line 1, paragraph 46, line 3, paragraph 47, lines 5–11, and paragraph 49, lines 22–23; page 15, paragraph 62, line 25;  page 16, paragraph 62, line 22; page 17, paragraph 69, line 24; and all of exhibit 4 (highlighted in Dkt. No. 534) | Meta | This text and these figures should be redacted because it identifies by name specific tables within Meta's non-public Hive data storage system.   Were this information made public, it would competitively harm Meta.   Its exposure would also increase the risk to the integrity of Meta's data storage systems.  The Court previously issued orders sealing names of specific Hive tables. *See* Dkt. Nos. 339-2, 350-4, 372, 463, 509. |
| Declaration of Qiwen (Carrol) Xia (Dkt. No. 527-6) | Parts of page 1, paragraph 2, line 5 (highlighted in Dkt. No. 537) | Meta | This text should be redacted because it contains specific, non-public information regarding the terms of a Meta employee's private employment.  This information will not provide the public with any pertinent information regarding this case. |

| Document to Be Sealed | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Declaration of Qiwen (Carrol) Xia (Dkt. No. 527-6) | Parts of page 2, paragraph 7, lines 4–13, paragraph 8, lines 15–21, and paragraph 9, lines 22–28; page 3, paragraph 9, lines 1–3, paragraph 10, lines 5–7, paragraph 11, lines 12–13, paragraph 12, lines 15–17, paragraph 13, lines 19–23, and paragraph 14, lines 25–28; page 4, paragraph 14, lines 1–3, paragraph 15, lines 5–11, paragraph 17, lines 16–20, paragraph 18, lines 21–23, and paragraph 19, lines 26–28; page 5, paragraph 20, lines 4–8, paragraph 21, lines 9–14, paragraph 22, lines 17–21, and paragraph 23, lines 22–28; page 6, paragraph 23, lines 1–8 (including figure), paragraph 24, lines 9–13, paragraph 26, lines 19–21, and paragraph 27, lines 24–26; page 7, paragraph 28, lines 2–13, paragraph 29, lines 14–20, paragraph 30, lines 22–26, and paragraph 31, lines 27–28; and page 8, paragraph 31, lines 1–7 (highlighted in Dkt. No. 537) | Meta | This text should be redacted because it reveals specific, non-public information about data sources identified as containing potentially relevant data, which reveals information related to Meta's data storage, including the characteristics of that data and how the proprietary systems and tools used to store and access that data work. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. *See* Dkt. No. 509. |

| Document to Be Sealed | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Declaration of Qiwen (Carrol) Xia (Dkt. No. 527-6) | Parts of page 1, paragraph 5, lines 18–24; page 2, paragraph 9, line 23; page 3, paragraph 9, lines 1–2, and paragraph 11, line 11; page 4, paragraph 15, lines 6–9, paragraph 17, line 16, and paragraph 19, lines 26–28; page 5, paragraph 20, line 6, paragraph 21, line 12, and paragraph 22, lines 18–19; page 6, paragraph 24, line 12; and page 7, paragraph 28, line 4 (highlighted in Dkt. No. 537) | Meta | This text should be redacted because it identifies the number of data sources that are the subject of the current dispute regarding sources of potentially relevant data. Public disclosure of this information would harm Meta competitively. The Court has previously ordered the number of data sources containing potentially relevant data to be sealed. *See* Dkt. No. 463, 509. |
| Declaration of Qiwen (Carrol) Xia (Dkt. No. 527-6) | Page 3, paragraph 13, lines 20–21; page 4, paragraph 17, line 18; page 5, paragraph 21, line 10; page 7, paragraph 28, line 11; and page 8, paragraph 31, line 6 (highlighted in Dkt. No. 537) | Meta | This text should be redacted because it identifies by name specific tables within Meta's non-public Hive data storage system. Were this information made public, it would competitively harm Meta. Its exposure would also increase the risk to the integrity of Meta's data storage systems. The Court previously issued orders sealing names of specific Hive tables. *See* Dkt. Nos. 339-2, 350-4, 372, 463, 509. |
| Declaration of Tobias Wooldridge (Dkt. No 527-7) | Parts of page 1, paragraph 2, line 6 (highlighted in Dkt. No. 538) | Meta | This text should be redacted because it contains specific, non-public information regarding the terms of a Meta employee's private employment. This information will not provide the public with any pertinent information regarding this case. |

| | | | |
|---|---|---|---|
| Declaration of Tobias Wooldridge (Dkt. No 527-7) | Parts of page 2, heading 1, line 1, paragraph 6, lines 2–5, paragraph 7, lines 6–14, paragraph 8, lines 15–17, paragraph 9, lines 18–20, and paragraph 10, lines 21–26; page 3, paragraph 10, lines 1–19 (including figure), paragraph 11, lines 20–21, and paragraph 12, 22–25; page 4, paragraph 13, lines 1 – 3, paragraph 14, lines 4 – 11, paragraph 15, lines 12 – 13, paragraph 16, lines 14 – 16, paragraph 17, lines 17 – 18, paragraph 18, line 19, paragraph 19, lines 20–21, paragraph 20, lines 22–25, and paragraph 21, lines 26–28; page 5, paragraph 21, lines 1–3, paragraph 22, lines 4–9, paragraph 23, lines 10–12, paragraph 24, lines 13–24 (including figure), paragraph 25, lines 25–27; page 6, paragraph 26, lines 1–5, paragraph 27, lines 6–10, paragraph 28, lines 12–13 and 15, paragraph 29, lines 16–21, heading 2, line 25, and paragraph 31, lines 26–28; page 8, paragraph 35, lines 1–2, paragraph 36, lines 3–8, paragraph 37, lines 9–12, paragraph 38, line 15, paragraph 39, lines 23–28; page 9, | Meta | This text should be redacted because it reveals specific, non-public information about data sources identified as containing potentially relevant data, which reveals information related to Meta's data storage, including the characteristics of that data and how the proprietary systems and tools used to store and access that data work.  If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems.  *See* Dkt. No. 509. |

| Document to Be Sealed | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| | paragraph 39, lines 1–17, paragraph 40, lines 18–19; page 10, paragraph 41, lines 1–22 and 24–26, and footnote 2, lines 27–28; page 11, paragraph 41, lines 1–17 and 19–28; page 12, paragraph 41, lines 1–8, heading 1, line 9, paragraph 42, lines 10–18, paragraph 43, line 23, heading 3, line 26, and paragraph 44, lines 27–28; page 13, paragraph 44, lines 1–3, heading 1, line 4, paragraph 45, lines 6 and 9, paragraph 46, lines 12–16, paragraph 47, lines 17–21, and paragraph 48, lines 22–27; and page 14, paragraph 48, lines 1–2, paragraph 49, lines 3–5, paragraph 50, lines 9–15 (highlighted in Dkt. No. 538) | | |
| Declaration of Tobias Wooldridge (Dkt. No 527-7) | Parts of page 1, paragraph 5, lines 19–25; page 7, paragraph 32, line 10; page 8, paragraph 38, lines 16–22 (including figure); page 9, paragraph 40, lines 20–28 (including figure); and page 11, paragraph 41, line 25 (highlighted in Dkt. No. 538) | Meta | This text should be redacted because it identifies the number of data sources that are the subject of the current dispute regarding sources of potentially relevant data. Public disclosure of this information would harm Meta competitively. The Court has previously ordered the number of data sources containing potentially relevant data to be sealed. *See* Dkt. No. 463, 509. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Document to Be Sealed | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Declaration of Tobias Wooldridge (Dkt. No 527-7) | Parts of page 1, paragraph 5, lines 20–25; page 3, paragraph 10, lines 1–19 (including figure); page 4, paragraph 13, lines 1–3, paragraph 14, line 10, paragraph 20, line 24, and paragraph 21, lines 26–28; page 5, paragraph 21, line 1, and paragraph 22, lines 4 and 6; page 7, paragraph 32, lines 6–10, and footnote 1, line 28; page 8, paragraph 38, lines 16–22 (including figure), paragraph 39, line 25; page 9, paragraph 39, lines 1, 5, 8, 10, 12, and 15, paragraph 40, lines 20–28 (including figure); page 9, paragraph 41, lines 4, 8, 11, 13, and 24–26, and footnote 2, line 28; page 11, paragraph 41, lines 1, 5–7, 10, 19–20, and 23; page 12, paragraph 41, line 1, heading 3, line 26, and paragraph 44, line 27; and page 13, paragraph 44, line 1 (highlighted in Dkt. No. 538) | Meta | This text and these figures should be redacted because it identifies by name specific tables within Meta's non-public Hive data storage system.   Were this information made public, it would competitively harm Meta.   Its exposure would also increase the risk to the integrity of Meta's data storage systems.  The Court previously issued orders sealing names of specific Hive tables. *See* Dkt. Nos. 339-2, 350-4, 372, 463, 509. |

1    I declare under penalty of perjury under the laws of the United States that the foregoing is true

2  and correct.  Executed this 8th day of July 2024 in New York, New York.

3

4                                              */s/ Lauren R. Goldman*
                                             Lauren R. Goldman
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:22-CV-03580-WHO