| | |
|---|---|
| **GIBSON, DUNN & CRUTCHER LLP**<br>LAUREN R. GOLDMAN (*pro hac vice*)<br>lgoldman@gibsondunn.com<br>DARCY C. HARRIS (*pro hac vice*)<br>dharris@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166<br>Telephone:   (212) 351-4000<br>Facsimile:   (212) 351-4035<br><br>ELIZABETH K. MCCLOSKEY, SBN 268184<br>emccloskey@gibsondunn.com<br>ABIGAIL A. BARRERA, SBN 301746<br>abarrera@gibsondunn.com<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>Telephone:   (415) 393-8200<br>Facsimile:   (415) 393-8306 | **COOLEY LLP**<br>MICHAEL G. RHODES, SBN 116127<br>rhodesmg@cooley.com<br>KYLE C. WONG, SBN 224021<br>kwong@cooley.com<br>CAROLINE A. LEBEL, SBN 340067<br>clebel@cooley.com<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111-4004<br>Telephone:   (415) 693-2000<br>Facsimile:   (415) 693-2222 |

*Attorneys for Defendant Meta Platforms, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION,<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-03580-WHO (VKD)<br><br>**DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Hon. Virginia K. DeMarchi |

Gibson, Dunn & Crutcher LLP

DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:22-CV-03580-WHO

I, Lauren R. Goldman, state and declare as follows:

1. I am an attorney licensed to practice in the State of New York. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in these actions. I am admitted *pro hac vice* to practice before this Court. I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration under Local Rule 79-5(f)(3) in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. Dkt. No. 531. Meta seeks to seal narrowly tailored portions of (1) Plaintiffs' Administrative Motion to Re-Open Discovery Briefing, which plaintiffs filed under seal on July 8, 2024 at Dkt. No. 530 (the "Administrative Motion"); and (2) the Declaration of Jason "Jay" Barnes in Support of Plaintiffs' Administrative Motion to Re-Open Discovery Briefing (the "Barnes Declaration") (Dkt. No. 530-1) that contain confidential business information about Meta's proprietary content classification systems and Source Code. The Court has previously ordered information about Meta's classification systems to be sealed. *See, e.g.*, Dkt. Nos. 339-3, 350-6, 372. Were this confidential information revealed, Meta would be placed at a competitive disadvantage in the marketplace. The specific content that Meta seeks to seal, including page, paragraph, and line numbers where applicable, is identified in the table below.

3. In determining whether to permit documents to be filed under seal, this Court should apply the "good cause" test for "sealed materials attached to a discovery motion unrelated to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *see Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). The good cause standard generally applies to discovery motions because "discovery is largely 'conducted in private as

---

[1] This Court and others in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, Dkt. Nos. 340, 350-1, 372, 482, 486, 509, 515; *see also Avago Techs. Fiber IP (Singapore) PTE. Ltd., et al. v. IPtronics Inc., et al.*, No. 5:10-cv-02863-EJD, Dkt Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., et. al. v. OpenTV Inc., et al.*, No. 5:13-00282-EJD, Dkt. Nos. 76, 82 (N.D. Cal. Oct. 8, 2013). I am personally familiar with Meta's practices of safeguarding proprietary information, including based on my experience representing Meta for many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

a matter of modern practice,'" and "the public is not presumed to have a right of access to it." *Ctr. For Auto Safety*, 809 F.3d at 1097 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)).  Here, the good cause test applies because the documents at issue have been submitted by plaintiffs in connection with potential discovery disputes for the Court's resolution.  *Skillz Platform Inc. v. AviaGames Inc.,* 2023 WL 6432664, at *1 (N.D. Cal. Oct. 2, 2023) (applying the good cause test to a motion to seal materials in connection with motion to reopen discovery).

4. Sealing is warranted here for two reasons. *First*, Meta's sealing request is "narrowly tailored to seek sealing only of sealable material." *See, e.g., Singh v. Costco Wholesale Corp.*, No. 20-CV-08180-NC, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023).  Meta asks the Court to seal only those parts of the Administrative Motion and Barnes Declaration that reflect proprietary, commercially sensitive, and confidential information about Meta's content classification systems—including how Meta's classification systems work and what they classify—and Meta's highly confidential Source Code—including the contents of and locations containing Meta's highly confidential Source Code. *Second*, as the Supreme Court has recognized, the public right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978); *see also* Dkt. No. 157 at 3 (Judge Orrick in this case confirming that "competitive harm is a compelling reason to seal"). Meta is likely to suffer harm if highly confidential information regarding its content classification systems and Source Code is made public.

5. Competitive harm is likely if the Administrative Motion and Barnes Declaration are permitted to be unsealed without redaction.  Meta operates in an intensely competitive marketplace, so it has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage.  Meta takes care to protect the confidentiality of its proprietary information.  Disclosure of this information would provide competitors with the opportunity to use Meta's information for their own gains at Meta's expense; specifically, competitors could attempt to duplicate features of Meta's content classification systems or its highly confidential Source Code.  The Source Code and these systems provide Meta with an edge over competitors by

allowing it to develop and deliver a higher quality service to users and advertisers. Meta will lose this advantage if competitors become privy to its proprietary information.

6. Courts routinely protect the type of information that Meta seeks to seal here. *See* Dkt. No. 157 at 3–4 (collecting cases); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (holding "confidential . . . commercial information" was entitled to protection from disclosure); *see also Calhoun v. Google LLC*, 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022) (allowing redactions for references to "sensitive features of Google's internal systems and operations"); *Ojmar US, LLC v. Sec. People, Inc.*, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (noting protections afforded by courts within the Ninth Circuit are broad and extend to "confidential information regarding [a defendant's] products, services, and business practices"). Notably, this Court has already found good cause and ordered sealing of information similar to that which Meta seeks to seal here. *See, e.g.*, Dkt. Nos. 339-3, 350-6, 372 (sealing, *inter alia*, information regarding Meta's content classification systems).

7. Plaintiffs filed the Administrative Motion and Barnes Declaration provisionally under seal in their entirety. Meta proposes narrowly tailored redactions that would keep *only* particularly sensitive, non-public material sealed. Meta's position regarding sealed material is set forth in the following table:

| Document to Be Sealed | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Administrative Motion (Dkt. No. 530) | Parts of page 2, lines 6–16, 18, 21–23; page 3, lines 14, 18–20; page 4, lines 3–7, 13 (highlighted in Dkt. No. 546) | Meta | This text should be redacted because it reveals specific, non-public information regarding (1) how Meta's proprietary content classification systems work, what Meta classifies with those systems, and where information about those systems is stored; and (2) the information contained in Meta's proprietary, highly confidential Source Code and details about locations containing Meta's Source Code. This information would competitively harm Meta if it were disclosed. The Court has previously ordered information about Meta's classification systems to be sealed. *See, e.g.*, Dkt. Nos. 339-3, 350-6, 372. |
| Barnes Declaration (Dkt. No 530-1) | Parts of page 3, paragraphs 15 and 21, lines 3–4, 15–20; page 4, paragraphs 21 and 22, lines 1–19; page 5, paragraphs 26–27, 29–30, lines 6–7, 9–10, 14, 20–21 (highlighted in Dkt. No. 547) | Meta | This text and image should be redacted because they reveal specific, non-public information regarding (1) how Meta's proprietary content classification systems work, the specific categories Meta uses for classification, and the names of specific documents that describe Meta's classification systems; and (2) details about locations containing Meta's proprietary, highly confidential Source Code. If disclosed, this information would cause Meta competitive harm. The Court has previously ordered information about Meta's classification systems to be sealed. *See, e.g.*, Dkt. Nos. 339-3, 350-6, 372. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 15th day of July 2024 in New York, New York.

*/s/ Lauren R. Goldman*
Lauren R. Goldman