| | |
|---|---|
| Jason 'Jay' Barnes, *Admitted Pro Hac Vice* | Geoffrey Graber, CSB #211547 |
| Email: jaybarnes@simmonsfirm.com | Email: ggraber@cohenmilstein.com |
| SIMMONS HANLY CONROY LLC | COHEN MILSTEIN SELLERS |
| 112 Madison Avenue, 7th Floor |   & TOLL PLLC |
| New York, New York 10016 | 1100 New York Avenue NW, Fifth Floor |
| Telephone: (212) 784-6400 | Washington, DC 20005 |
| Facsimile: (212) 213-5949 | Telephone: (202) 408-4600 |
| | Facsimile: (202) 408-4699 |
| Jeffrey A. Koncius, CSB #189803 | Beth E. Terrell, CSB #178181 |
| Email: koncius@kiesel.law | Email: bterrell@terrellmarshall.com |
| KIESEL LAW LLP | TERRELL MARSHALL LAW |
| 8648 Wilshire Boulevard |   GROUP PLLC |
| Beverly Hills, California 90211 | 936 North 34th Street, Suite 300 |
| Telephone: (310) 854-4444 | Seattle, Washington 98103 |
| Facsimile: (310) 854-0812 | Telephone: (206) 816-6603 |
| | Facsimile: (206) 319-5450 |
| *Attorneys for Plaintiffs and the Proposed Class* | Andre M. Mura, CSB #298541 |
| | Email: amm@classlawgroup.com |
| [*Additional counsel listed on signature page*] | GIBBS LAW GROUP LLP |
| | 1111 Broadway, Suite 2100 |
| | Oakland, California 94607 |
| | Telephone: (510) 350-9700 |
| | Facsimile: (510) 350-9701 |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates to:<br><br>All Actions. | Case No. 3:22-cv-3580-WHO (VKD)<br><br>**PLAINTIFFS' OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE FILED UNDER SEAL**<br><br>The Honorable William H. Orrick |

PLAINTIFFS' OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER
ANOTHER PARTY'S MATERIALS SHOULD BE FILED UNDER SEAL - 1
Case No. 3:22-cv-3580-WHO (VKD)

## I.   INTRODUCTION

Plaintiffs oppose Meta Platform, Inc.'s ("Meta") proposed redactions to the parties' August 9 Joint Status Report, which Plaintiffs provisionally filed under seal in its entirety (Dkt. 574-1). Meta asserts that it contains "confidential business information about Meta's proprietary data storage systems and their contents" which "if revealed…would competitively disadvantage Meta in the marketplace and allow bad actors to undermine the integrity of Meta's data storage systems." Dkt. 579 ¶ 2. However, much of the same information Meta seeks to keep from public view in this matter was filed in open court in *In Facebook Consumer Privacy Profile Litig.*, USDC Northern District of California, Case No. 3:18-md-02843-VC. Because the information at issue is already publicly available, Meta cannot meet the "good cause" standard to keep those portions of the August 9 Joint Status Report under seal. Furthermore, Meta has not shown "good cause" for keeping the remaining information it proposes to redact under seal because in light of the substantial amount of information about its data systems already in the public domain, its arguments are nothing but "[b]road allegations of harm, unsubstantiated by specific examples of articulated reasoning." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Meta's request to redact portions of the August 9 Joint Status Report should be denied.

## II.   STATEMENT OF FACTS

On August 9, 2024, Plaintiffs filed an Administrative Motion to Consider Whether Another Party's Material Should be Sealed in connection with the filing of the parties' August 9 Joint Status Report. Dkt. 574. On August 16, 2024, Meta filed the Declaration of Lauren Goldman in support of its request to redact portions of the joint status report. Dkt. 579. On August 17, 2024, Plaintiffs notified Meta of their intention to oppose the motion to seal because they had recently discovered that Meta had already filed the Hive table names in open court and requested to meet and confer on Monday, August 19. *See* Declaration of Beth E. Terrell in Support of Plaintiffs' Opposition to Administrative Motion to Consider Whether Another Party's Materials Should Be Filed Under Seal ("Terrell Decl."), Ex. 1. Because the parties were unable to meet and confer on August 19 or

1  20, the parties entered a joint stipulation requesting an extension of Plaintiffs' deadline to file their
2  opposition. Dkt. 581. The Court granted the joint stipulation. Dkt. 582.

3        Prior to meeting and conferring, the parties exchanged email correspondence setting forth
4  their respective positions. Terrell Decl., Ex. 1. The parties met and conferred via videoconference
5  on Monday, August 26. *Id.* ¶ 3. During the conference, Meta stated that it would not withdraw its
6  request to redact portions of the August 9 Joint Status Report. *Id.* Plaintiffs consented to Meta's
7  request to file a reply. *Id.* ¶ 4.

8                            **III.    ARGUMENT**

9        Plaintiffs oppose sealing select portions of the August 9 Joint Status Report for two reasons.
10 *First*, Plaintiffs oppose redacting the Hive table names mentioned in the August 9 Joint Status
11 Report because the table names Meta seeks to keep under seal are already publicly available. Meta
12 cannot meet the Ninth Circuit's "good cause" standard for filing information under seal where the
13 specific information Meta proposes to redact is already in the public domain. *See Ctr. for Auto*
14 *Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *see also Kamakana v. City and*
15 *County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006) (explaining that parties seeking to
16 seal materials "unrelated, or only tangentially related, to the underlying cause of action" must meet
17 the lower "good cause" standard of Rule 26(c)). *Second*, Meta has not met its burden to show that
18 it will be harmed if the number of sources of data involved in the parties sampling negotiations or
19 other details regarding those discovery negotiations are disclosed. "Sealing orders are not intended
20 to allow a party to avoid public scrutiny of its actions during litigation." *Apple Inc. v. Samsung*
21 *Elecs. Co. Ltd.*, 2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012).

22 **A.    The Hive table names are publicly available.**

23       "Information that is public knowledge or that is generally known in an industry cannot be
24 a trade secret." *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984). Courts routinely deny
25 motions to seal where purportedly "confidential" or "sensitive" information is publicly available.
26 *See, e.g., Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1359 (Fed. Cir. 2020) (affirming order
27 denying motion for reconsideration of motion to seal under Ninth Circuit standards, noting that
28

PLAINTIFFS' OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER
ANOTHER PARTY'S MATERIALS SHOULD BE FILED UNDER SEAL - 3
Case No. 3:22-cv-3580-WHO (VKD)

the plaintiff sought to seal exhibits "notwithstanding the fact that these exhibits included many matters of public record"); *In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-aid Cap Antitrust Litig.*, 2018 WL 1576456, at *1 (N.D. Cal. Mar. 30, 2018) (denying leave to seal "[w]here information has been publicly disclosed"); *Apple Inc.*, 2012 WL 4120541, at *2 (noting "much of the information the parties want sealed has become publicly available" and reminding parties of "their obligation to inform the court if the information in previously sealed materials becomes publicly available"); *Moonbug Entm't Ltd. v. BabyBus (Fujian) Network Tech. Co., Ltd.*, 2023 WL 9183302, at *1 (N.D. Cal. Dec. 26, 2023) (denying request to seal information "pertain[ing] to trial evidence that was and continues to be available to the public"); (*Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 981 (D. Minn. 2016) (denying motion to seal where "most, if not all, of the information Defendants seek to file under seal appears to be publicly available").

Here, Meta seeks to redact information that it previously filed in open court. Plaintiffs recently discovered that the table names mentioned in the August 9 Joint Status Report (Dkt. 574-3) appear in a list of 11,051 Hive tables where identifiable Facebook user data is stored, which was filed without redactions as Exhibit 73 (at internal Exhibit B) to the Weaver and Loeser Declaration in Support of Plaintiffs' Motion for Sanctions in *In Facebook Consumer Privacy Profile Litig.*, USDC Northern District of California, Case No. 3:18-md-02843-VC at Dkt. 1085-29. *See* Terrell Decl., Ex. 2. In that action, Judge Chhabria denied Defendant's motion to seal with respect to Exhibit 73 "subject to renewal." Terrell Decl., Ex. 3 at 7-8. However, Defendant voluntarily filed Exhibit 73 in open court without redactions on December 12, 2022, because it "no longer request[ed] to seal" the document, notwithstanding Judge Chhabria's permission to renew its request. Terrell Decl., Ex. 4 at 3.

Meta cannot meet its burden to justify sealing the few Hive table names mentioned in the August 9 Joint Status Report when it filed a list of over 11,000 Hive table names in another action in the same jurisdiction nearly two years ago. Public disclosure of 11,051 Hive table names contradicts Meta's current assertions that such information is "non-public," "confidential," and that "Meta is likely to suffer harm if highly confidential information regarding its data storage

systems is made public." Dkt. 579 ¶ 4. It stands to reason that if Meta had suffered competitive harm or a security breach of its data systems as a result of its disclosure of this information in 2022, it would have submitted evidence of such harm in support of its sealing request in this matter. It did not. The Court may therefore infer that good cause does not exist to keep the Hive tables named in the August 9 Joint Status Report from public view.

**B.      Meta's allegations of harm are too speculative to justify sealing.**

In addition to the Hive table names, Meta requests redactions to shield "the number of sources that are the subject of the parties' negotiations regarding sampling" and "non-public information about the sampling proposal that is the subject of the parties' negotiations regarding sampling." Dkt. 579 ¶ 8. Plaintiffs oppose these redactions because Meta has not shown that such scant information, if disclosed, could legitimately lead to the harm it imagines, given the breadth of information about its data systems that is already publicly available. *See, e.g.,* Terrell Decl., Ex. 2. Furthermore, Plaintiffs do not agree that information about the parties' discovery disputes in and of itself should be kept from public view, particularly because this case and much of the parties' discovery disagreements, involve Meta's receipt and storage of consumers' data. Therefore, the public is more likely to have an interest in access to information about how Meta captures and stores the Pixel data it collects. *See Nevro Corp. v. Boston Sci. Corp.*, 312 F. Supp. 3d 804, 805 (N.D. Cal. 2018) (advising attorneys to tell their corporate clients that "litigation is a public process, and that the public has the right to know what the litigation is about, subject only to very limited exceptions. Mere embarrassment to a corporation is not one of those exceptions."); *see also Apple Inc.*, 2012 WL 4120541, at *2 (denying motion to seal exhibits consisting of counsel's letters and charts discussing parties' discovery procedures).

Meta claims that if the August 9 Joint Status Report is filed without redactions, "bad actors" might "piece together" information about its data systems from other filings. Terrell Decl., Ex. 1. However, the other filings Meta pointed out in its correspondence are already redacted and Plaintiffs are not moving to unseal previously sealed filings. *Id.*

PLAINTIFFS' OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER
ANOTHER PARTY'S MATERIALS SHOULD BE FILED UNDER SEAL - 5
Case No. 3:22-cv-3580-WHO (VKD)

### C. Meta's reply arguments have no merit.

Plaintiffs have consented to Meta's filing of a reply to its motion even though a reply is not automatically permitted under the rules. Terrell Decl. ¶ 4. Plaintiffs anticipate that Meta will argue that the information should be sealed because it was previously sealed in this case and/or that Plaintiffs did not previously object. There are three problems with this argument. *First*, the Court's prior decisions took place in the absence of knowledge that Meta had filed the same information on public dockets in an earlier case where the parties had a dispute about Meta's backend data systems—and where Meta was sanctioned for failure to timely disclose information about those systems. *Id.*, Ex. 3. In its reply, Meta should explain to the Court why it has been sealing Hive table names that it filed in public documents in prior litigation. *Second*, Plaintiffs were not aware of the voluminous public list of Hive tables until very recently. *Id.* ¶ 5. *Third*, the parties reached an agreement early in this litigation that, due to the large volume of confidential documents, Plaintiffs would generally not object to motions to seal on the condition that, in doing so, Plaintiffs were not waiving any rights to object to sealing specific information at a later date. *Id.* ¶ 9. Plaintiffs' side of this agreement was reached with the goal of efficiency and to ensure that the Magistrate Judge was not over-burdened with sealing disputes that do not move the case forward. *Id.* Plaintiffs decided to challenge this sealing motion because the question is not close and should not require lengthy attention from the Court.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Meta's request to redact portions of the August 9 Joint Status Report (Dkt. 574-3).

## SIGNATURE ATTESTATION

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from its other signatories.

RESPECTFULLY SUBMITTED AND DATED this 27th day of August, 2024.

SIMMONS HANLY CONROY LLC

By: /s/ Jason 'Jay' Barnes
    Jason 'Jay' Barnes, *Admitted Pro Hac Vice*
    Email: jaybarnes@simmonsfirm.com
    An V. Truong, *Admitted Pro Hac Vice*
    Email: atruong@simmonsfirm.com
    Eric Steven Johnson, *Admitted Pro Hac Vice*
    Email: ejohnson@simmonsfirm.com
    Jennifer M Paulson, *Admitted Pro Hac Vice*
    Email: jpaulson@simmonsfirm.com
    112 Madison Avenue, 7th Floor
    New York, New York 10016
    Telephone: (212) 784-6400

COHEN MILSTEIN SELLERS & TOLL PLLC

By: /s/ Geoffrey A. Graber
    Geoffrey Aaron Graber, CSB #211547
    Email: ggraber@cohenmilstein.com
    Eric Alfred Kafka, *Admitted Pro Hac Vice*
    Email: ekafka@cohenmilstein.com
    Claire T. Torchiana, CSB #330232
    Email: ctorchiana@cohenmilstein.com
    1100 New York Avenue NW
    Suite 500, West Tower
    Washington, DC 20005
    Telephone: (202) 408-4600

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell
    Beth E. Terrell, CSB #178181
    Email: bterrell@terrellmarshall.com
    Amanda M. Steiner, CSB #190047
    Email: asteiner@terrellmarshall.com
    Ryan Tack-Hooper
    Email: rtack-hooper@terrellmarshall.com
    Benjamin M. Drachler, *Admitted Pro Hac Vice*
    Email: bdrachler@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington 98103
    Telephone: (206) 816-6603

Jeffrey A. Koncius, CSB #189803
Email: koncius@kiesel.law
Nicole Ramirez, CSB #279017
Email: ramirez@kiesel.law
Mahnam Ghorbani, CSB # 345360
Email: ghorbani@kiesel.law
Stephanie M. Taft, CSB #311599
Email: taft@kiesel.law
Kaitlyn E. Fry, CSB #350768
Email: fry@kiesel.law
KIESEL LAW LLP
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Telephone: (310) 854-4444

Andre M. Mura, CSB #298541
Email: amm@classlawgroup.com
Hanne Jensen, CSB #336045
Email: hj@classlawgroup.com
Delaney Brooks, CSB #348125
Email: db@classlawgroup.com
GIBBS LAW GROUP LLP
1111 Broadway, Suite 2100
Oakland, California 94607
Telephone: (510) 350-9700

*Attorneys for Plaintiffs*

PLAINTIFFS' OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE FILED UNDER SEAL - 8
Case No. 3:22-cv-3580-WHO (VKD)