Jason 'Jay' Barnes (admitted *pro hac vice*)
 *jaybarnes@simmonsfirm.com*
**SIMMONS HANLY CONROY LLP**
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel:     212-784-6400
Fax:    212-213-5949

Jeffrey A. Koncius, State Bar No. 189803
 *koncius@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel:     310-854-4444
Fax:    310-854-0812

*Attorneys for Plaintiffs and the Proposed Class*

Geoffrey Graber, State Bar No. 211547
 *ggraber@cohenmilstein.com*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel:     202-408-4600
Fax:    202-408-4699

Beth E. Terrell, State Bar No. 178181
 *bterrell@terrellmarshall.com*
**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.:     206-816-6603
Fax:    206-319-5450

Andre M. Mura, State Bar No. 298541
 *amm@classlawgroup.com*
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.:     510-350-9700
Fax:    510-350-9701

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION | Case No. **3:22-cv-3580-WHO (VKD)** |
| | <u>CLASS ACTION</u> |
| This Document Relates to: | **\*\*FILED UNDER SEAL\*\*** |
| All Actions. | **PLAINTIFFS' OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S MOTION TO CERTIFY ORDER ON MOTION TO DISMISS FOR INTERLOCUTORY APPEAL** |
| | Date:        October 9, 2024 |
| | Time:        2:00 p.m. |
| | Crtrm.:       2 |
| | Hon. William H. Orrick |

# TABLE OF CONTENTS

I.      INTRODUCTION .............................................................................................................. 1

II.     STATEMENT OF ISSUES TO BE DECIDED .................................................................. 1

III.    ARGUMENT ................................................................................................................... 1

        A.      Because the issue Meta identified is a mixed question of law and fact, not a purely
                legal question, there is no controlling question of law to certify. ............................. 2

        B.      There is no "substantial grounds for differences of opinion" on the issue sought to
                be certified. ................................................................................................................... 4

        C.      Certifying the issue will not "materially advance the termination of the litigation." 7

IV.     CONCLUSION ................................................................................................................ 9

PLAINTIFFS' OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S MOTION TO CERTIFY ORDER
ON MOTION TO DISMISS FOR INTERLOCUTORY APPEAL

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*Allen v. ConAgra Foods, Inc.*
   2019 WL 1466889 (N.D. Cal. Feb. 6, 2019)......................................................................... passim

4

5

*Banneck v. Fed. Nat'l Mortg. Ass'n*
   2018 WL 5603632 (N.D. Cal. Oct. 29, 2018) ............................................................................ 2

6

*Best Carpet Values v. Google LLC*
   2022 WL 22843012 (N.D. Cal. May 2, 2022) ........................................................................... 7

7

8

*Costa v. Apple*
   No. 23-cv-01353-WHO (N.D. Cal. Aug. 9, 2023) ..................................................................... 6

9

10

*Couch v. Telescope, Inc.*
   611 F.3d 629 (9th Cir. 2010)................................................................................................. 4, 6

11

*Degulis v. LXR Biotech., Inc.*
   1997 WL 20832 (S.D.N.Y. Jan. 21, 1997).............................................................................. 7

12

13

*Doe I v. Google LLC*
   2024 WL 3490744 (N.D. Cal. July 22, 2024) ................................................................... passim

14

15

*Doe v. Meta Platforms, Inc.*
   690 F. Supp. 3d 1064 (N.D. Cal. 2023) ........................................................................... 1, 2, 4

16

*Finjan, Inc. v. Check Point Software Techs., Inc.*
   2020 WL 1929250 (N.D. Cal. Apr. 21, 2020) .................................................................. 2, 3, 5

17

18

*ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*
   22 F.4th 1125 (9th Cir. 2022)........................................................................................... 1, 2, 3

19

20

*In re BioMarin Pharm., Inc. Sec. Litig.*
   2022 WL 597037 (N.D. Cal. Feb. 28, 2022) ............................................................................ 8

21

*In re Cement Litig.*
   673 F.2d 1020 (9th Cir. 1982) .............................................................................................. 2, 4

22

23

*In re Lidoderm Antitrust Litig.*
   2016 WL 861019 (N.D. Cal. Mar. 7, 2016) ............................................................................ 6

24

25

*Kellman v. Spokeo, Inc.*
   2022 WL 2965399 (N.D. Cal. July 8, 2022) .................................................................... passim

26

*Nat'l Credit Union Admin. Board v. Goldman Sachs & Co.*
   2013 WL 12306438 (C.D. Cal. July 11, 2013) ........................................................................ 5

27

28

*Reese v. BP Expl. (Alaska) Inc.*
  643 F.3d 681 (9th Cir. 2011) ............................................................................. 3, 8

*Rollins v. Dignity Health*
  2014 WL 6693891 (N.D. Cal. Nov. 26, 2014) ....................................................... 6

*S. Ferry LP, No. 2 v. Killinger*
  542 F.3d 776 (9th Cir. 2008) .................................................................................. 3

*Sa Music LLC v. Apple, Inc.*
  2022 WL 184148 (N.D. Cal. June 2, 2022) ............................................................ 3

*Shinano Kenshi Corp. v. Honeywell Int'l Inc.*
  2024 WL 245985 (S.D.N.Y. Jan. 23, 2024) ............................................................ 7

*Sonos, Inc. v. Google LLC*
  591 F. Supp. 3d 638 (N.D. Cal. 2022) .................................................................... 3

*U.S. Rubber Co. v. Wright*
  359 F.2d 784 (9th Cir. 1966) .................................................................................. 1

*United States v. Christensen*
  828 F.3d 763 (9th Cir. 2015) ............................................................................. 3, 4

**Statutes and Codes**

28 U.S.C. § 1292(b) .................................................................................................. 1

## I.     INTRODUCTION

Defendant Meta, Inc. seeks permission to take an interlocutory appeal under 28 U.S.C. § 1292(b) from the Court's September 7, 2023 order denying in part Meta's motion to dismiss. *See Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064 (N.D. Cal. 2023) (the "Order"). But Meta fails to meet any of the three requirements of section 1292(b) which are necessary for this extraordinary relief. First, Meta has not identified a controlling question of law, but rather a mixed question of law and fact that is not suitable for appellate review. Second, there is no substantial difference of opinion and a recent order from another district court granting a motion to dismiss with leave to amend does not establish otherwise. Third, and most importantly, an immediate appeal would not materially advance the termination of this litigation and would instead cause delay and waste.

The Motion should be denied.

## II.     STATEMENT OF ISSUES TO BE DECIDED

Whether Meta has shown extraordinary circumstances warranting an interlocutory appeal under 28 U.S.C. § 1292(b) of this Court's year-old Order.

## III.     ARGUMENT

Interlocutory review is appropriate "only in exceptional cases" where expedited review would "avoid protracted and expensive litigation." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). For this Court to certify its order for appeal, "it must determine that the order meets the three certification requirements outlined in § 1292(b): '(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion [as to that question], and (3) that an immediate [resolution of that question] may materially advance the ultimate termination of the litigation.'" *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130-31 (9th Cir. 2022) (citation omitted). As this Court has noted:

> A party seeking to certify an issue for interlocutory review bears the burden of showing that each of the three requirements are satisfied and that a departure from long-standing policy is justified. Even when the moving party can meet the requirements of Section 1292(b), a district court's decision to grant or deny certification is entirely discretionary. A decision by the district court to deny certification of an issue is unreviewable.

*Finjan, Inc. v. Check Point Software Techs., Inc.*, 2020 WL 1929250, at *3 (N.D. Cal. Apr. 21,

1    2020) (Orrick, J.) (cleaned up).

2        Meta has failed on all three counts. But even if it had not, the Court should nevertheless in

3    its discretion deny the request because an immediate appeal would significantly prolong the

4    resolution of this case with little benefit.

5        **A.    Because the issue Meta identified is a mixed question of law and fact, not a**

6            **purely legal question, there is no controlling question of law to certify.**

7        Meta seeks to certify the issue of whether Plaintiffs' complaint adequately pled that Meta

8    had the requisite "intent" by juxtaposing it with allegations of intent in a different case with a

9    different complaint. *See Doe I v. Google LLC*, 2024 WL 3490744, at *5 (N.D. Cal. July 22, 2024).

10   But courts may only certify purely legal questions under section 1292(b). *ICTSI Or., Inc.*, 22 F.4th

11   at 1130. "A 'mixed question of law and fact or the application of law to a particular set of facts' by

12   itself is not appropriate for permissive interlocutory review." *Finjan, Inc.*, 2020 WL 1929250, at *3

13   (internal citation omitted, collecting cases). As this Court has observed, controlling questions of law

14   include "fundamental inquiries like 'who are necessary and proper parties, whether a court to which

15   a cause has been transferred has jurisdiction, or whether state or federal law should be applied.'"

16   *Banneck v. Fed. Nat'l Mortg. Ass'n*, 2018 WL 5603632, at *2 (N.D. Cal. Oct. 29, 2018) (Orrick, J.)

17   (quoting *In re Cement Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)). "This requirement helps ensure

18   that section 1292(b) interlocutory appeals occur 'sparingly and only in exceptional cases' as

19   Congress intended." *Allen v. ConAgra Foods, Inc.*, 2019 WL 1466889, at *2 (N.D. Cal. Feb. 6,

20   2019) (Orrick, J.) (citing *In re Cement Litig.*, 673 F.2d at 1027).

21       As the Order makes clear, however, the issue of intent is a mixed question of law and fact,

22   not a pure question of law. In denying the motion to dismiss, the Court ruled that whether Meta

23   intended to intercept Plaintiffs' protected health information requires investigating multiple factual

24   circumstances including "what steps it actually took to prevent receipt of health information, the

25   efficacy of its filtering tools, and the technological feasibility of implementing other measures to

26   prevent the transfer of health information"—all "disputed questions of fact that need development

27   on a full evidentiary record." *Doe v. Meta*, 690 F. Supp. 3d at 1076. Because Meta has "not identified

28   any true question of law, just an application of a settled legal standard to particular facts," *Sa Music*

1   *LLC v. Apple, Inc.*, 2022 WL 184148, at *5 (N.D. Cal. June 2, 2022) (Orrick, J.), there is no

2   controlling question to certify, and the Ninth Circuit would lack jurisdiction over such an appeal.

3   *Allen*, 2019 WL 1466889, at *2 (reasoning where particular "facts alleged in the complaint cannot

4   be extricated from my discussion or from any conclusion [the Court] reached[,] . . . the Ninth Circuit

5   would lack jurisdiction over any interlocutory appeal."); *see also Finjan*, 2020 WL 1929250, at *3

6   (collecting cases); *ICTSI Or., Inc.*, 22 F.4th at 1131-32 (declining to certify questions of fact).[1]

7           Even Judge Chhabria's decision in *Doe I v. Google* recognizes that differences in the

8   allegations may explain the different outcomes. *See Google LLC*, 2024 WL 3490744, at *5 ("It's

9   possible that the difference between Judge Orrick's ruling and this one lies in what precisely was

10  alleged in each complaint.").[2] Notably, both courts are bound by *United States v. Christensen*, 828

11  F.3d 763 (9th Cir. 2015), and both sought to fairly apply that precedent to the allegations. That is

12  not a circumstance that presents a purely legal question—but rather a mixed question of law and

13  fact.

14          Here, Plaintiffs properly alleged that Meta acted deliberately "with the goal of obtaining

15  wire communications," which is sufficient under the law of this Circuit. *Christensen*, 828 F.3d at

16  775 ("question of whether the defendant had a good or evil purpose in utilizing the [] recording

17  equipment is [] irrelevant"). Because Meta disputes only the Court's application of that standard to

18  the facts in this case—here, the allegations in the then operative complaint—it has failed to identify

19

---

20  [1] Meta's cases do not show that immediate appellate review of mixed questions of law or fact is
21  appropriate. *See Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 684, 693-94 (9th Cir. 2011)
    (reversing district court's partial denial of defendant's motion to dismiss finding plaintiff failed to
22  plead misrepresentation and thus court "need not reach the issue of scienter"); *S. Ferry LP, No. 2 v.
    Killinger*, 542 F.3d 776, 785-86 (9th Cir. 2008) (vacating and remanding district order certifying
23  interlocutory appeal after new case law clarified legal standard for assessing strength of inferences
    required for scienter); *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 644, 649 (N.D. Cal. 2022)
24  (certifying interlocutory appeal to clarify whether, after willful infringement has been adequately
    pled, complaint must detail additional aggravating circumstances to warrant enhanced damages).

25
26  [2] Of note, this Court was faced with 495 paragraphs of allegations over 113 pages with one exhibit
    of 106 pages, whereas in *Google* there were 598 paragraphs of allegations spanning 178 pages with
27  55 exhibits consisting of an additional 403 pages. In light of the motion to dismiss standard, the
    pleadings obviously played a significant role in the outcome of each case making the rulings in each
28  matter "so fact dependent" similar to *Finjan*.

1  a controlling question of law. *Compare Doe*, 690 F. Supp. at 1076, *with Google*, 2024 WL 3490744,

2  at *5.

3       **B.       There is no "substantial grounds for differences of opinion" on the issue sought**

4                  **to be certified.**

5       Meta argues that because the *Google* court dismissed the *Google* complaint, there is now

6  substantial grounds for differences of opinion about this Court's determination that Plaintiffs'

7  allegations here were sufficient. Not so. "To determine if a 'substantial ground for difference of

8  opinion' exists under § 1292(b), courts must examine to what extent *controlling law* is unclear."

9  *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (emphasis added). "That settled law

10 might be applied differently does not establish a substantial ground for difference of opinion." *Id.*

11 Here, Ninth Circuit law already addresses and controls the issue of intent. *Christensen*, 828 F.3d at

12 790. As this Court aptly observed, "the existence of one district court case in some tension with

13 mine does not constitute a 'substantial ground for difference of opinion.'" *Kellman v. Spokeo, Inc.*,

14 2022 WL 2965399, at *2 (N.D. Cal. July 8, 2022) (Orrick, J.) (quoting *In re Cement Litig.*, 673 F.2d

15 at 1026). Other courts agree that variations in district court rulings do not establish a substantial

16 difference of opinion. *See id.* (collecting cases from multiple courts in this district).

17      Specifically, a single district court decision applying controlling law to a different set of

18 factual allegations does not render that law unclear. Here, both courts applied *Christensen* and

19 reached different conclusions about whether the two complaints adequately pled intent under

20 controlling law. *Compare Doe*, 690 F. Supp. at 1076, *with Google*, 2024 WL 3490744, at *4. Thus,

21 to determine whether there is "substantial grounds for differences of opinion" on this issue, the

22 relevant inquiry is whether *Google* involved an application of intent to the same factual pleadings.

23 It did not.

24      For example, Plaintiffs here alleged that Meta "received notice" of lawsuits relating to

25 HIPAA-covered entities using the Meta Pixel "*at least as early as* August 2020," triggering its

26 obligation to produce "a 'Covered Incident' report" under the FTC's consent decree, but that "Meta

27 took no action" to adjust its systems and "continued to encourage health care providers and covered

28 entities . . . to share individually identifiable health information with Meta." Compl., Dkt. 185 ¶¶

264-66. The *Google* complaint had no similar allegations of actual notice, or of a subsequent obligation to act pursuant to that notice, or of Google's response to such a notice being to persist in unlawful conduct. Similarly, Plaintiffs here alleged dozens of paragraphs of facts showing that Meta's public-facing statements contradicted its marketing pitches related to Meta's desire to obtain health information (*see id.* ¶¶ 217-48), including that Meta has a dedicated health division which "actively encourages health care providers and covered entities" to send health information to Meta. *Id.* ¶¶ 242-43; *see also* ¶¶ 228-43. These could support a reasonable inference drawn in Plaintiffs' favor that what Meta says it not what it really intends; the *Google* complaint lacked similar allegations. The allegations in the complaint here are very detailed and specific to *Meta's* intent, justifying this Court's decision that intent was well-pleaded where, had Plaintiffs included different allegations under different circumstances against a different entity, it may not have been. In sum, whether any plaintiff's allegations are sufficient—in *Google*, in this case, or in any other—is an intensely "fact dependent" inquiry, which can easily make distinguishable seemingly "different" outcomes. *See Finjan*, 2020 WL 1929250, at *5.

Meta does not cite a single case to support its theory that a substantial difference of opinion exists here. In *Nat'l Credit Union Admin. Board v. Goldman Sachs & Co.*, the district court allowed an interlocutory appeal because multiple district courts and another circuit court, had squarely disagreed on a legal question of statutory interpretation. 2013 WL 12306438, at *7 (C.D. Cal. July 11, 2013). That case is not comparable; as discussed, multiple courts have not disagreed on the application of intent to these specific facts, and a Ninth Circuit decision already controls. In *Allen*, this Court declined to certify an interlocutory appeal even though it found a substantial difference of opinion noting that the two conflicting decisions concerned similar claims about the same product. 2019 WL 1466889, at *3. In contrast, here, Plaintiffs allege different facts against a different Defendant involving a different piece of technology as the product at issue in *Google*.

But while the presence of a "similar product" may be probative of whether a disagreement exists, that disagreement must still be substantial. That substantial disagreement is missing here: that "one district court case in some tension with mine does not constitute a 'substantial ground for difference of opinion.'" *Kellman*, 2022 WL 2965399, at *2. While courts may find the grounds for

1  differences in opinion are substantial in cases like *Costa v. Apple*, where this Court's decision

2  conflicted with multiple out-of-circuit decisions, *see* No. 23-cv-01353-WHO (N.D. Cal. Aug. 9,

3  2023) (ECF No. 112 at 2:14-16), here Meta identifies only one case within this district that itself

4  acknowledged the differences may be based on the differing allegations, and further admits that the

5  overwhelming majority of courts have agreed with this Court's reasoning. *See* Mot. at 9 (noting five

6  decisions, all against Meta, have found intent adequately alleged). This case is unlike *Rollins v.*

7  *Dignity Health*, where the court noted that multiple courts in over four federal circuits had

8  conflicting interpretations of a single ERISA exclusion and only one had agreed with the *Rollins*

9  court. 2014 WL 6693891, at *4 (N.D. Cal. Nov. 26, 2014). Such far ranging disagreements are

10 absent here, and in fact most courts agree with the holding in this case. Even if the *Google* decision

11 did show any difference of opinion about controlling law—which it does not—a single outlier

12 decision among general consensus cannot make the disagreement "substantial."

13     Binding Ninth Circuit precedent also requires that the "substantial grounds for difference of

14 opinion" center on a controlling and purely legal question. *See Couch*, 611 F.3d at 636. For example,

15 in *In re Lidoderm Antitrust Litig.*, this Court found that there was ground for difference of opinion

16 relating to whether a privilege applied to certain communications, but added, "that narrow question

17 is not a 'controlling question of law' on the merits of this case, nor is it apparent that immediate

18 determination of that issue would materially advance the ultimate termination of the litigation."

19 2016 WL 861019, at *3 (N.D. Cal. Mar. 7, 2016) (Orrick, J.). Because both the *Google* court and

20 this Court applied the same pleading standard and the same intent standard, any difference of

21 opinion in its application turns on factual questions, as explained above. When faced with a problem

22 where the disagreement was about the application of law to facts, this Court in *Allen* itself ultimately

23 determined that an appellate court would "lack jurisdiction" over an order certified for immediate

24 review because "[t]he facts alleged in the complaint cannot be extricated from my discussion or any

25 conclusion I reached." *Allen*, 2019 WL 1466889, at *2. This defect was fatal to the *Allen* plaintiffs'

26 motion, as it is to Meta's.

27     As in *Kellman*, "any disagreement here is not of the type to warrant an early scramble to the

28 Ninth Circuit. And, even if it were worth sending a case to the Ninth Circuit to address these issues

PLAINTIFFS' OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S MOTION TO CERTIFY ORDER
ON MOTION TO DISMISS FOR INTERLOCUTORY APPEAL

1    before final judgment, the particular facts of [the defendant]'s alleged conduct mean that its case

2    would not be the one." 2022 WL 2965399, at *3.

3        **C.    Certifying the issue will not "materially advance the termination of the**

4            **litigation."**

5        Meta speculates that an immediate appeal would "shorten the time, effort, or expense of

6    conducting the district court proceedings" because it could eliminate certain claims. Mot. at 8

7    (quoting *Best Carpet Values v. Google LLC*, 2022 WL 22843012, at *3 (N.D. Cal. May 2, 2022)).

8    To the contrary, "appellate reversal of the adequacy of the pleadings . . . would result only in granting

9    leave to replead, and would thus delay consideration of the merits." *Degulis v. LXR Biotech., Inc.*,

10   1997 WL 20832, at *7 (S.D.N.Y. Jan. 21, 1997); *see also Shinano Kenshi Corp. v. Honeywell Int'l

11   Inc.*, 2024 WL 245985, at *4 (S.D.N.Y. Jan. 23, 2024) ("[A]n immediate appeal of either

12   Defendant's motion to dismiss or the denial of leave to file an [amended complaint] would not

13   materially advance the ultimate termination of the litigation and likely would delay its progress.").

14       And here, Plaintiffs can amend with the benefit of almost two years' worth of discovery to

15   substantiate their intent allegations. Through documents Meta produced, Plaintiffs are already able

16   to substantiate their allegations that Meta's Filter is ineffective, Meta has the means to identify

17   health websites and specific transmissions at multiple stages, and Meta has failed to warn or remove

18   offending business partners even after it knows that they are transmitting protected health

19   information, contradicting prior representations that Meta made earlier in this case. For example,

20   Plaintiffs can show that Meta was still receiving data which can show protected patient-status and

21   health conditions and treatments (such as "Log in to MyAdventistHealth" and

22   https://cancer.osu.edu/for-patients-and-caregivers/learn-about-cancers-and-treatments/cancers-

23   conditions-and-treatment/cancer-types/anal-cancer, alongside identifiers) as late as 2023—after the

24   creation of its Filter and a year after the beginning of this litigation. *See* Declaration of Jason "Jay"

25   Barnes ("Barnes Decl."), Ex. 1. Plaintiffs can also show that Meta has multiple systems in place for

26   classifying information as "health" information at various stages of the dataflow process, making

27   its assertion that it cannot remove improperly intercepted information from its ad targeting process

28   uncredible and showing that there are multiple points when Meta could have, but elected to not,

1    remove unlawfully intercepted information. *See* Dkt. 627-10 at 6-14 (containing Meta's internal

2    lists of how it classifies Health Care Provider business and Health Information). The Health Care

3    Provider categories include, but are not limited to, Abortion Service, Alcohol Addiction Treatment

4    Center, Drug Addiction Treatment Center, AIDS Resource Center, Hospital, STD Testing Center,

5    and dozens more. The Health Information inferences are also incredibly detailed and include, but

6    are not limited to, Breast Cancer, Crohn's Disease/Colitis, HIV/AIDS, Postpartum Depression,

7    Substance Abuse, Anxiety, Bipolar Disorder, Depression, Birth Control, and In Vitro Fertilization.

8         In other words, for each factual question the Court identified as relevant to Meta's intent,

9    Plaintiffs have ready evidence supporting their allegation that Meta *did* intend to receive, use, and

10   profit from Plaintiffs' health information. If the Court is asked (again) to review Plaintiffs'

11   allegations, it will see that it was correct to wait for evidence about Meta's purported intent defenses,

12   because they are hollow. In any event, the most that Meta can hope for—requiring Plaintiffs to again

13   amend their complaint—would not "avoid" litigation between the parties.

14        Further, even if Meta could obtain some order that would take all of Plaintiffs' claims with

15   an intent element out of the case for good—which it cannot—the other causes of action "would be

16   litigated no matter what." *In re BioMarin Pharm., Inc. Sec. Litig.*, 2022 WL 597037, at *6 (N.D.

17   Cal. Feb. 28, 2022) (Orrick, J.) (denying motion to certify where only portion of challenged

18   statements at issue would be resolved on appeal in best case scenario); *see also Kellman*, 2022 WL

19   2965399, at *3 (denying motion to certify and noting "even if the Ninth Circuit sided with

20   [Defendant] on the two types of harms" sought to be appealed, "there would still be two left for

21   resolution"). Meta's citation to *Reese* is similarly of no help, as there the Ninth Circuit noted that

22   "[t]he district court correctly concluded that our reversal 'may' take BPXA, as a defendant, and

23   Reese's control claims against all remaining defendants out of the case" which it found was

24   "sufficient to advance materially the litigation, and therefore certification of the interlocutory appeal

25   was permissible." 643 F.3d at 688. Here, Meta is the sole defendant, and would have to stick around

26   to face Plaintiffs' other claims, continuing discovery obligations, class certification and summary

27   judgment briefing, and trial.

28   / / /

1    Finally, this Court has declined to find that an appeal would materially advance a case where

2  a forthcoming class certification motion will address class claims just as an appeal might. *Allen*,

3  2019 WL 1466889, at *3. With Plaintiffs' motion for class certification due by June 25, 2025, the

4  Court can also decline to certify for this reason.

5    Meta seeks to delay the progress made in the district court by seeking a second bite at the

6  apple because it did not like the Court's conclusion. But an unfavorable ruling does not justify "an

7  early scramble to the Ninth Circuit." *Kellman*, 2022 WL 2965399, at *3. Because Meta's belated

8  request will not save effort, expense, or time—much less materially advance this litigation—it

9  should be denied.

10  **IV.    CONCLUSION**

11    Because Meta has failed to establish any extraordinary circumstances warranting an

12  interlocutory appeal, the Motion should be denied.

13  Dated: September 18, 2024                    By:   /s/ Jason 'Jay' Barnes

14                                                **SIMMONS HANLY CONROY LLP**
                                                  Jason 'Jay' Barnes (admitted *pro hac vice*)
                                                    jaybarnes@simmonsfirm.com
15                                                112 Madison Avenue, 7th Floor
                                                  New York, NY 10016
16                                                Tel:    212-784-6400
                                                  Fax:    212-213-5949
17
                                                  By:   /s/ Geoffrey Graber
18                                                **COHEN MILSTEIN SELLERS & TOLL
                                                  PLLC**
19                                                Geoffrey Graber, State Bar No. 211547
                                                    ggraber@cohenmilstein.com
20                                                1100 New York Avenue NW, Fifth Floor
                                                  Washington, DC 20005
21                                                Tel:    202-408-4600
                                                  Fax:    202-408-4699
22
                                                  **KIESEL LAW LLP**
23                                                Jeffrey A. Koncius, State Bar No. 189803
                                                    koncius@kiesel.law
24                                                8648 Wilshire Boulevard
                                                  Beverly Hills, CA 90211
25                                                Tel:    310-854-4444
                                                  Fax:    310-854-0812
26
                                                  **TERRELL MARSHALL LAW GROUP
27                                                PLLC**
                                                  Beth E. Terrell, State Bar No. 178181
28                                                  bterrell@terrellmarshall.com

9                                                     Case No. 3:22-cv-3580-WHO (VKD)

936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.:       206-816-6603
Fax:       206-319-5450

**GIBBS LAW GROUP LLP**
Andre M. Mura, State Bar No. 298541
  amm@classlawgroup.com
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.:       510-350-9700
Fax:       510-350-9701

*Attorneys for Plaintiffs and the Proposed Class*

## CIVIL L.R. 5-1(h)(3) ATTESTATION

Pursuant to Civil Local Rule 5-1(h)(3), the CM/ECF user filing this document attests that concurrence in its filing has been obtained from its other signatories.


Dated: September 18, 2024                    */s/ Jeffrey A. Koncius*
                                               Jeffrey A. Koncius

PLAINTIFFS' OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S MOTION TO CERTIFY ORDER
ON MOTION TO DISMISS FOR INTERLOCUTORY APPEAL