**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:   (212) 351-4000
Facsimile:   (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:   (415) 393-8200
Facsimile:   (415) 393-8306

**COOLEY LLP**
MICHAEL G. RHODES, SBN 116127
rhodesmg@cooley.com
KYLE C. WONG, SBN 224021
kwong@cooley.com
CAROLINE A. LEBEL, SBN 340067
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION, <br><br> This Document Relates To: <br><br> All Actions | Case No. 3:22-cv-03580-WHO (VKD) <br><br> **DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** <br><br> Hon. Virginia K. DeMarchi |

Gibson, Dunn & Crutcher LLP

DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:22-CV-03580-WHO

I, Lauren R. Goldman, state and declare as follows:

1. I am an attorney licensed to practice in the State of New York. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in these actions. I am admitted *pro hac vice* to practice before this Court. I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration under Local Rule 79-5(f)(3) in support of Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should Be Sealed. Dkt. Nos. 630, 635. Meta seeks to seal narrowly tailored portions of three joint discovery dispute letters (the "Joint Dispute Letters") and related exhibits (the "Exhibits") which were filed under seal on September 16, 2024 at Dkts. 630-3, 630-5, 630-6, 630-7, 630-8, 630-9, 630-10, 630-11, 632–634.[2] The Joint Dispute Letters and Exhibits contain specific confidential business information about Meta's proprietary non-public classification systems, Source Code, and data storage systems, including details about how the classification systems work, the names of certain classifications Meta uses, the purposes for which Meta uses its classifications, the contents of parts of Meta's Source Code, the structure of Meta's Hive data storage system, the name of specific Hive tables that may contain potentially relevant information in this case, and the ways in which Meta stores data and can search for data, as well as information that solely relates to the mechanics of discovery and therefore does not implicate the public

---

[1] This Court and others in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, Dkt. Nos. 340, 350-1, 372, 482, 486, 509, 515, 593; *see also Avago Techs. Fiber IP (Singapore) PTE. Ltd., et al. v. IPtronics Inc., et al.*, No. 5:10-cv-02863-EJD, Dkt Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., et. al. v. OpenTV Inc., et al.*, No. 5:13-00282-EJD, Dkt. Nos. 76, 82 (N.D. Cal. Oct. 8, 2013). I am personally familiar with Meta's practices of safeguarding proprietary information, including based on my experience representing Meta for many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

[2] Certain of these documents were also filed under seal on September 13, 2024 at Dkts. 624, 625, 626, 627-3, 627-5, 627-6, 627-7, 627-8, 627-9, 627-10, 627-11 and on September 16, 2024 at Dkts. 629-3, 629-5, 629-6, 629-7, 629-8, 629-9, 629-10, 629-11. For the avoidance of doubt, Meta asks the Court to order that any sealing to the documents at Dkts. 630-3, 630-5, 630-6, 630-7, 630-8, 630-9, 630-10, 630-11 also apply to the copies of those documents filed at Dkts 624-627 and 629.

interest. The Court has previously ordered much of this type of information to be sealed. *See, e.g.*, Dkt. Nos. 339-3, 350-6, 372, 435, 435-2, 452, 463, 466, 481, 482, 509, 522, 523, 561, 562, 565, 593. Were Meta's confidential information revealed, Meta would be placed at a competitive disadvantage in the marketplace. In addition, bad actors could use this information to undermine the security of Meta's systems. The specific content that Meta seeks to seal, including page, paragraph, and line numbers, where applicable, is identified in the table below.

3. In determining whether to permit the Joint Dispute Letters and Exhibits to be filed under seal, this Court should apply the "good cause" test for "sealed materials attached to a discovery motion unrelated to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *see Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). The good cause standard generally applies to filings related to discovery because "discovery is largely 'conducted in private as a matter of modern practice,'" and "the public is not presumed to have a right of access to it." *Ctr. For Auto Safety*, 809 F.3d at 1097 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)). Here, the good cause test applies because the Joint Dispute Letters and Exhibits relate to the parties' discovery disputes. *Grace v. Apple, Inc.*, No. 17-CV-00551 LHK (NC), 2018 WL 11319051, at *1 (N.D. Cal. Apr. 3, 2018) (applying the good cause test to a motion to seal materials in connection with a discovery letter brief). The Court previously applied the good cause standard when it ordered other documents related to the parties' discovery disputes to be sealed. *See, e.g.*, Dkts. No. 463, 466, 509, 522. The same standard should apply here where the Joint Dispute Letters and Exhibits relate to discovery issues, not the merits of the case.

4. Sealing is warranted here. Meta's sealing request is "narrowly tailored to seek sealing only of sealable material." *See, e.g., Singh v. Costco Wholesale Corp.*, No. 20-CV-08180-NC, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023). Meta asks the Court to seal only those parts of the Joint Dispute Letters and Exhibits that reflect proprietary, commercially sensitive, and confidential information about Meta's highly confidential Source Code, Meta's classification systems—including what they classify, how they assign classifications, and how Meta uses those classifications—Meta's internal storage systems—including the names of specific Hive tables that may store potentially relevant data, the structure of Meta's Hive data storage system, descriptions of other data sources where

Meta may store information, and how Meta's search tools work—as well as information that relates solely to the mechanics of discovery and not the merits of the underlying action. As the Supreme Court has recognized, the public right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also* Dkt. No. 157 at 3 (Judge Orrick in this case confirming that "competitive harm is a compelling reason to seal"). Meta is likely to suffer harm if confidential information regarding its data storage systems, Source Code, and classification systems is made public. Further, there is "a compelling reason to seal" information that could compromise a party's "network infrastructure and security systems" or reveal source code. *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *see also In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding "compelling reasons to seal" "specific descriptions of how Gmail operates"). The less stringent "good cause" standard is clearly met here because the disclosure of specific information about how Meta stores, classifies, and searches data could empower bad actors to exploit and misuse that data.

5. Competitive harm is likely if the Joint Dispute Letters and Exhibits are permitted to be unsealed. Meta operates in an intensely competitive marketplace, so it has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive information to gain a competitive advantage. Meta takes care to protect the confidentiality of its proprietary information. Disclosure of this information would provide competitors with the opportunity to use Meta's information for their own gains at Meta's expense; specifically, competitors could attempt to duplicate features of Meta's data storage systems and/or classification systems, including what is reflected in its highly confidential Source Code. These systems and Source Code provide Meta with an edge over competitors by allowing it to develop and deliver a higher quality service to users and advertisers. Meta will lose this advantage if competitors become privy to its proprietary information regarding its classification system or data storage system.

6. Unsealing the Joint Dispute Letters and Exhibits in full would likely also cause Meta harm because it would reveal information bad actors could then use to access or gain insight into data Meta receives and stores. Meta has an interest in maintaining confidentiality over information related

to its data storage systems and takes care to protect the confidentiality of its proprietary information and data it receives and stores. Divulging details about Meta's data storage systems—including specifically where data is located and the ways in which Meta can access that data—would undermine this interest by helping third parties circumvent Meta's security measures to infiltrate or better understand the data Meta stores (including data related to users), in violation of Meta's policies. Therefore, disclosure would harm both Meta and the individuals whose data may be left more vulnerable to improper access.

7. Courts routinely protect the type of information that Meta seeks to seal here. *See* Dkt. No. 157 at 3–4 (collecting cases); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (holding "confidential . . . commercial information" was entitled to protection from disclosure); *see also Calhoun v. Google LLC*, 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022) (allowing redactions for references to "sensitive features of Google's internal systems and operations, including the various types of data sources which include information related to Google's data logs, internal data structures, internal identifiers and their proprietary functions"); *Ojmar US, LLC v. Sec. People, Inc.*, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (noting protections afforded by courts within the Ninth Circuit are broad and extend to "confidential information regarding [a defendant's] products, services, and business practices"); *Software Rts. Archive, LLC v. Facebook, Inc.*, 485 F. Supp. 3d 1096, 1113 (N.D. Cal. 2020) (sealing Facebook's "proprietary source code."); *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-CV-02436-BLF, 2024 WL 459076, at *3 (N.D. Cal. Feb. 6, 2024) (sealing confidential source code and collecting cases); *MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103 WHA, 2022 WL 4074653, at *1 (N.D. Cal. Sept. 5, 2022) (sealing proprietary and highly confidential software architecture and source code). Notably, this Court has already found good cause to seal information very similar to what Meta seeks to seal here. *See, e.g.*, Dkt. Nos. 339-2, 339-3, 350-4, 350-6, 372, 435, 435-2, 452, 463, 466, 481, 482, 503, 504, 509, 522, 523, 561, 562, 565, 593 (sealing, *inter alia*, information regarding Meta's classification systems, the names of specific Hive tables, details about how and what data is stored in Hive, the number of data sources currently at issue in the parties' data source and sampling disputes, Source Code, and other information regarding the mechanics of Meta's sampling and discovery efforts).

8. Plaintiffs filed the Joint Dispute Letters and Exhibits provisionally under seal in their entirety. Dkts. 630-3, 630-5, 630-6, 630-7, 630-8, 630-9, 630-10, 630-11, 632–634. Meta only seeks to keep certain of these documents are under seal, and for the vast majority, proposes narrowly tailored redactions that would keep only particularly sensitive, non-public material in these documents sealed. Meta's position regarding sealed material is set forth in the following table:

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Joint Discovery Dispute Letter re Plaintiffs' Interrogatory No. 3 (Dkt. 630-3) | Parts of page 1, paragraphs 1, 2, header A; page 2, paragraphs 2–5; page 3, paragraphs 1–5, fn. 1; page 4, paragraphs 1, 3, 4, 6; page 5, paragraphs 1, 2, header B, fns. 2, 3; page 6, paragraphs 1–3 (highlighted in Dkt. No. 646) | Meta | This text should be redacted because it reveals specific, non-public information regarding (1) how Meta's proprietary classification systems work, the specific categories Meta uses for classification, and the names of specific internal Meta documents that describe Meta's classification systems; and (2) Meta's highly confidential Source Code and information reflected therein. If disclosed, this information would cause Meta competitive harm and could undermine the integrity of Meta's systems. The Court has previously ordered information about Meta's classification systems to be sealed. *See, e.g.*, Dkt. Nos. 339-3, 350-6, 372. |
| Joint Discovery Dispute Letter re Classifications, Plaintiffs' RFP Nos. 163-164, 204, 243-244 and Plaintiffs' RFA Nos. 26 and 27 (Dkt. 630-5) | Parts of page 1, paragraphs 2, 4, header A; page 2, paragraphs 1–6, header B, the table, fn. 1; page 3, paragraphs 1–2, header C, the table, the image, fn. 2; page 4, paragraphs 1–3, 5, header 5, fn. 3; page 5, bullet 2; page 6, paragraph 3, bullet 1, fn. 4; page 7, bullets 1, 2, 4, 5 (highlighted in Dkt. No. 647) | Meta | This text should be redacted because it reveals specific, non-public information regarding (1) how Meta's proprietary classification systems work, the specific categories Meta uses for classification, and the names of specific internal Meta documents that describe Meta's classification systems; and (2) Meta's highly confidential Source Code and information reflected therein. If disclosed, this information would cause Meta competitive harm and could undermine the integrity of Meta's systems. The Court has previously ordered information about Meta's classification systems to be sealed. *See, e.g.*, Dkt. Nos. 339-3, 350-6, 372. |

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
| --- | --- | --- | --- |
| Joint Discovery Dispute Letter re Classifications, Plaintiffs' RFP Nos. 163-164, 204, 243-244 and Plaintiffs' RFA Nos. 26 and 27 (Dkt. 630-5) | Parts of page 2, paragraphs 1, 4, table at bottom of page (highlighted in Dkt. No. 647) | Meta | This text and images should be redacted because they quote from internal, non-public Meta technical documents and/or describe in specific detail potentially relevant data sources and the appropriate means to identify them.  The text and images reveal information related to the structure of Meta's Hive data storage system, including the names of specific Hive tables that may contain relevant data, the characteristics of the Hive system, and how the systems and tools used to store and access that data work.  If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems.  The Court has previously ordered this type of information to be sealed.  *See, e.g.*, Dkt. Nos. 481, 482, 509, 522, 523. |
| Ex. 1 to Joint Discovery Dispute Letter re Classification, Plaintiffs' RFP Nos. 163-164, 204, 243-244 and Plaintiffs' RFA Nos. 26 and 27 (Dkt. 630-6) | Parts of page 20 of Meta's responses and objections to Plaintiffs' eight set of requests for production, lines 4–5; page 13 of Meta's amended responses and objections to Plaintiffs' ninth set of requests for production, lines 3, 4, 8, 14, 21–23; page 14, lines 12–13, 18, 23; page 15, line 15; page 22, lines 2; page 37 of Meta's responses and objections to Plaintiffs' first set of requests for admission, lines 23–24; page 38, lines 19–20 (highlighted in *green* in Dkt. No. 648) | Meta | This text should be redacted because it reveals specific, non-public information regarding how Meta's proprietary classification systems work, the specific categories Meta uses for classification, and the names of specific internal Meta documents that describe Meta's classification systems. If disclosed, this information would cause Meta competitive harm. The Court has previously ordered information about Meta's classification systems to be sealed.  *See, e.g.*, Dkt. Nos. 339-3, 350-6, 372. |

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Joint Discovery Dispute Letter re up2x, Plaintiffs' ROG No. 5 and RFP Nos. 6, 7, and 165 (Dkt. 630-7) | Parts of page 1, paragraphs 2–4, header A; page 2, paragraphs 1, 2, the image, fns. 1, 2, the table; page 3, paragraphs 1–5; page 4, paragraphs 1–3, the image, header B; page 5, paragraphs 1–4, header C, fn. 5; page 6, paragraphs 1–6, header A, fns. 6–8; page 7, paragraphs 1–6, headers B, C, fn. 10; page 8, paragraphs 1–4, header D, fns. 11, 12; page 9, paragraph 5 (highlighted in Dkt. No. 649) | Meta | This text and images should be redacted because it reveals specific, non-public information regarding (1) how Meta's proprietary classification systems work, the specific categories Meta uses for classification, and the names of specific internal Meta documents that describe Meta's classification systems; and (2) Meta's highly confidential Source Code and information reflected therein. If disclosed, this information would cause Meta competitive harm and could undermine the integrity of Meta's systems. The Court has previously ordered information about Meta's classification systems to be sealed. *See, e.g.*, Dkt. Nos. 339-3, 350-6, 372. |
| Joint Discovery Dispute Letter re up2x, Plaintiffs' ROG No. 5 and RFP Nos. 6, 7, and 165 (Dkt. 630-7) | Parts of page 1, paragraphs 2–4, header A; page 2, paragraphs 1, 2, fns. 1, 2; page 5, paragraph 4, fn. 5; page 6, paragraph 1; page 7, paragraph 1; page 8, paragraph 3, header D, fns. 11, 12 (highlighted in Dkt. No. 649) | Meta | This text and images should be redacted because they quote from internal, non-public Meta technical documents and/or describe in specific detail potentially relevant data sources and the appropriate means to identify them. The text and images reveal information related to the structure of Meta's Hive data storage system, including the names of specific Hive tables that may contain relevant data, the characteristics of the Hive system, and how the systems and tools used to store and access that data work. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. The Court has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 481, 482, 509, 522, 523. |

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Joint Discovery Dispute Letter re up2x, Plaintiffs' ROG No. 5 and RFP Nos. 6, 7, and 165 (Dkt. 630-7) | Parts of page 1, paragraphs 1, 2, header A; page 3, paragraph 4; page 4, paragraph 3; page 5, paragraph 4; page 6, paragraphs 1, 4, fns. 7, 8; page 7, paragraphs 1–6, header B; page 8, fn. 11; page 9, paragraph 5 (highlighted in Dkt. No. 649) | Meta | This text should be redacted because it identifies the number of data sources that contain potentially relevant information in this case and details about the sampling Meta will undertake. This information relates solely to the mechanics of discovery and not the substance of this action. This information is therefore not a matter of public interest and should be sealed. The Court has previously ordered the number of data sources that are the subject of the parties' negotiations regarding sampling and other discovery-related details to be sealed. *See, e.g.*, Dkt. Nos. 452, 463, 481, 482, 509, 522, 523, 561, 562. |
| Joint Discovery Dispute Letter re up2x, Plaintiffs' ROG No. 5 and RFP Nos. 6, 7, and 165 (Dkt. 630-7) | Parts of page 5, paragraph 1 (highlighted in Dkt. No. 649) | Meta | This text should be redacted because it consists of quotes from transcripts of sealed hearings or sealed Court orders, which the Court has already found good cause to seal. Dkt. Nos. 586, 591. |
| Ex. 1 to Joint Discovery Dispute Letter re up2x, Plaintiffs' ROG No. 5 and RFP Nos. 6, 7, and 165 (Dkt. 630-8) | Parts of page 2, chart at top of the page (highlighted in *green* in Dkt. No. 650) | Meta | This text should be redacted because it consists of Meta's non-public business information, including confidential information regarding Meta's internal processes and corporate structure related to the Meta Pixel. The Court has already ordered this information to be sealed. Dkts. 263, 272. |

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Ex. 2 to Joint Discovery Dispute Letter re up2x, Plaintiffs' ROG No. 5 and RFP Nos. 6, 7, and 165 (Dkt. 630-9) | Parts of page 1, lines 5–8, 10–11, 14–26, 28; page 2, lines 2–5, 9–13, 17–28; page 3, lines 1–4, 6–14, 16–21, 23–28; page 4, lines 1–20, 24–28; page 5, lines 1–28; page 6, lines 1–28; page 7, lines 1–10, 13, 15–28; page 8, lines 1–20, 26–28 (highlighted in Dkt. No. 651) | Meta | This text should be redacted because it reveals specific, non-public information regarding (1) how Meta's proprietary classification systems work, the specific categories Meta uses for classification, and the names of specific internal Meta documents that describe Meta's classification systems; and (2) Meta's highly confidential Source Code and information reflected therein. If disclosed, this information would cause Meta competitive harm and could undermine the integrity of Meta's systems. The Court has previously ordered information about Meta's classification systems to be sealed. *See, e.g.*, Dkt. Nos. 339-3, 350-6, 372. |
| Ex. 2 to Joint Discovery Dispute Letter re up2x, Plaintiffs' ROG No. 5 and RFP Nos. 6, 7, and 165 (Dkt. 630-9) | Parts of page 1, lines 11–12, 14–20, 23–26, 28; page 2, lines 2–5, 9–13; page 3, lines 3–4, 10–14; page 4, lines 1, 3, 9–10; page 5, lines 7, 9–10, 12, 14, 17–21; page 6, lines 5, 7; page 7, lines 1–4, 6, 16–18, 20–23; page 8, lines 2, 4, 10–19 (highlighted in Dkt. No. 651) | Meta | This text and images should be redacted because they quote from internal, non-public Meta technical documents and/or describe in specific detail potentially relevant data sources and the appropriate means to identify them. The text and images reveal information related to the structure of Meta's Hive data storage system, including the names of specific Hive tables that may contain relevant data, the characteristics of the Hive system, and how the systems and tools used to store and access that data work. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. The Court has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 481, 482, 509, 522, 523. |

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Ex. 2 to Joint Discovery Dispute Letter re up2x, Plaintiffs' ROG No. 5 and RFP Nos. 6, 7, and 165 (Dkt. 630-9) | Parts of page 1, lines 14, 16, 22; page 2, line 12; page 3, lines 4, 11; page 5, line 16; page 6, line 18; page 7, line 21; page 8, line 1 (highlighted in Dkt. No. 651) | Meta | This text should be redacted because it identifies the number of data sources that contain potentially relevant information in this case and details about the sampling Meta will undertake.  This information relates solely to the mechanics of discovery and not the substance of this action.  This information is therefore not a matter of public interest and should be sealed.  The Court has previously ordered the number of data sources that are the subject of the parties' negotiations regarding sampling and other discovery-related details to be sealed.  *See, e.g.*, Dkt. Nos. 452, 463, 481, 482, 509, 522, 523, 561, 562. |
| Ex. 3 to Joint Discovery Dispute Letter re up2x, Plaintiffs' ROG No. 5 and RFP Nos. 6, 7, and 165 (Dkt. 630-10) | Parts of page 1, caption, footer; page 2, lines 10–13, 15–16, 20, 24, footer; page 3, lines 2, 5, 7–8, footer; Exhibits A, B, F, G, H attached thereto in full (highlighted in Dkt. No. 652) | Meta | This text and image should be redacted because it reveals specific, non-public information regarding (1) how Meta's proprietary classification systems work, the specific categories Meta uses for classification, and the names of specific internal Meta documents that describe Meta's classification systems; and (2) Meta's highly confidential Source Code.  If disclosed, this information would cause Meta competitive harm and could undermine the integrity of Meta's systems.  The Court has previously ordered information about Meta's classification systems to be sealed.  *See, e.g.*, Dkt. Nos. 339-3, 350-6, 372. |

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Ex. 4 to Joint Discovery Dispute Letter re up2x, Plaintiffs' ROG No. 5 and RFP Nos. 6, 7, and 165 (Dkt. 630-11) | Parts of page 1, lines 18–21, 22, 23, 25, 26; page 2, lines 3, 5–10, 12–16, 18–22, 24–26, 28; page 3, lines 1–17, 20–27 (highlighted in Dkt. No. 653) | Meta | This text should be redacted because it reveals specific, non-public information regarding (1) how Meta's proprietary classification systems work, the specific categories Meta uses for classification, and the names of specific internal Meta documents that describe Meta's classification systems; and (2) Meta's highly confidential Source Code and information reflected therein. If disclosed, this information would cause Meta competitive harm and could undermine the integrity of Meta's systems. The Court has previously ordered information about Meta's classification systems to be sealed. See, e.g., Dkt. Nos. 339-3, 350-6, 372. |
| Joint Discovery Dispute Letter re up2x, Plaintiffs' ROG No. 5 and RFP Nos. 6, 7, and 165 (Dkt. 630-11) | Parts of page 2, lines 13, 15, 16; page 3, lines 1, 18, 20 (highlighted in Dkt. No. 653) | Meta | This text should be redacted because it identifies the number of data sources that contain potentially relevant information in this case and details about the sampling Meta will undertake. This information relates solely to the mechanics of discovery and not the substance of this action. This information is therefore not a matter of public interest and should be sealed. The Court has previously ordered the number of data sources that are the subject of the parties' negotiations regarding sampling and other discovery-related details to be sealed. See, e.g., Dkt. Nos. 452, 463, 481, 482, 509, 522, 523, 561, 562. |
| Ex. 4 to Joint Discovery Dispute Letter re up2x, Plaintiffs' ROG No. 5 and RFP Nos. 6, 7, and 165 (Dkt. 630-11) | Parts of page 1, line 6 (highlighted in Dkt. No. 653) | Meta | This text should be redacted because it reveals confidential employment information. |

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Exhibit C to Barnes Declaration in support of Joint Discovery Dispute Letter re up2x, Plaintiffs' Interrogatory No. 5, and Plaintiffs' RFP Nos. 6, 7, and 165 (Dkt. 632) | Entire document | Meta | This document should be sealed in full because it is an excerpt of Meta's proprietary, non-public, Highly Confidential Source Code. If disclosed, this information would cause Meta competitive harm and would reveal information bad actors could then use to access or gain insight Meta's systems. |
| Exhibit D to Barnes Declaration in support of Joint Discovery Dispute Letter re up2x, Plaintiffs' Interrogatory No. 5, and Plaintiffs' RFP Nos. 6, 7, and 165 (Dkt. 633) | Entire document | Meta | This document should be sealed in full because it is an excerpt of Meta's proprietary, non-public, Highly Confidential Source Code. If disclosed, this information would cause Meta competitive harm and would reveal information bad actors could then use to access or gain insight Meta's systems. |
| Exhibit E to Barnes Declaration in support of Joint Discovery Dispute Letter re up2x, Plaintiffs' Interrogatory No. 5, and Plaintiffs' RFP Nos. 6, 7, and 165 (Dkt. 634) | Entire document | Meta | This document should be sealed in full because it is an excerpt of Meta's proprietary, non-public, Highly Confidential Source Code. If disclosed, this information would cause Meta competitive harm and would reveal information bad actors could then use to access or gain insight Meta's systems. |

-13-

1  I declare under penalty of perjury under the laws of the United States that the foregoing is true
2  and correct.  Executed this 20th day of September 2024 in New York, New York.

                    */s/ Lauren R. Goldman*
                    Lauren R. Goldman