**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:   (212) 351-4000
Facsimile:   (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:   (415) 393-8200
Facsimile:   (415) 393-8306

**COOLEY LLP**
MICHAEL G. RHODES, SBN 116127
rhodesmg@cooley.com
KYLE C. WONG, SBN 224021
kwong@cooley.com
CAROLINE A. LEBEL, SBN 340067
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION | Case No. 3:22-cv-3580-WHO |
| This Document Relates To:<br><br>All Actions | **DEFENDANT META PLATFORMS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO CERTIFY ORDER ON MOTION TO DISMISS FOR INTERLOCUTORY APPEAL**<br><br>CLASS ACTION<br><br>Date: October 9, 2024<br>Time: 2:00 p.m.<br>Via Videoconference<br><br>**HON. WILLIAM H. ORRICK** |

# TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................................................................. 1

ARGUMENT ........................................................................................................................................ 2

I. The Court's Order Involves A Controlling Question Of Law On Which Reasonable Jurists Can Disagree. ........................................................................................................ 2

   A. The Pleading Standard For Intent Is A Controlling Legal Question. .......................... 2

   B. There Is Substantial Ground For Difference Of Opinion On This Legal Question. .................................................................................................................... 5

II. Interlocutory Review Will Materially Advance This Litigation. ............................................. 8

CONCLUSION .................................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Allen v. ConAgra Foods, Inc.*,
    2019 WL 1466889 (N.D. Cal. Feb. 6, 2019) ..................................................................... 5, 7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................ 3

*Banneck v. Fed. Nat'l Mortg. Ass'n*,
    2018 WL 5603632 (N.D. Cal. Oct. 29, 2018) ......................................................................... 5

*Best Carpet Values, Inc. v. Google LLC*,
    2022 WL 22843012 (N.D. Cal. May 2, 2022) ......................................................................... 9

*Chappel v. Lab'y Corp. of Am.*,
    232 F.3d 719 (9th Cir. 2000) ................................................................................................... 3

*Couch v. Telescope, Inc.*,
    611 F.3d 629 (9th Cir. 2010) ................................................................................................... 5

*Doe I v. Google LLC*,
    2024 WL 3490744 (N.D. Cal. July 22, 2024) ............................................................ 1, 2, 3, 6, 8

*Doe v. Meta Platforms, Inc.*,
    690 F. Supp. 3d 1064 (N.D. Cal. 2023) ............................................................................... 2, 3

*Finjan, Inc. v. Check Point Software Techs., Inc.*,
    2020 WL 1929250 (N.D. Cal. Apr. 21, 2020) ......................................................................... 4

*Galanti v. Nev. Dep't of Corrs.*,
    65 F.4th 1152 (9th Cir. 2023) ................................................................................................. 3

*Gershzon v. Meta Platforms, Inc.*,
    2023 WL 5420234 (N.D. Cal. Aug. 22, 2023) ......................................................................... 7

*Gillespie v. Centerra Servs. Int'l, Inc.*,
    2022 WL 18584762 (C.D. Cal. Oct. 26, 2022) ......................................................................... 9

*In re Google Assistant Priv. Litig.*,
    457 F. Supp. 3d 797 (N.D. Cal. 2020) ..................................................................................... 3

*ICTSI Ore., Inc. v. Int'l Longshore & Warehouse Union*,
    22 F.4th 1125 (9th Cir. 2022) ............................................................................................. 4, 9

*Kellman v. Spokeo, Inc.*,
    2022 WL 2965399 (N.D. Cal. July 8, 2022) ............................................................................. 7

*In re Meta Pixel Tax Filing Cases*,
   2024 WL 1251350 (N.D. Cal. Mar. 25, 2024) ................................................................................7

*Reese v. BP Exploration (Alaska) Inc.*,
   643 F.3d 681 (9th Cir. 2011) ............................................................................................3, 6, 7, 9

*Sa Music LLC v. Apple, Inc.*,
   2022 WL 1814148 (N.D. Cal. June 2, 2022) ................................................................................5

*SEC v. Mercury Interactive, LLC*,
   2011 WL 1335733 (N.D. Cal. Apr. 7, 2011) ................................................................................9

*Sonos, Inc. v. Google LLC*,
   591 F. Supp. 3d 638 (N.D. Cal. 2022) ..........................................................................................4

*South Ferry LP, No. 2 v. Killinger*,
   542 F.3d 776 (9th Cir. 2008) ........................................................................................................4

*United States v. Christensen*,
   828 F.3d 763 (9th Cir. 2015) ........................................................................................................2

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This is a quintessential case for interlocutory review. The key legal issue—whether a plaintiff adequately alleges intent to receive sensitive data where she acknowledges that the defendant's policies forbade the sending of that data, but asserts that the defendant intended third parties to violate those policies—is a controlling question of law that could dispose of most of plaintiffs' claims. Judge Chhabria's recent decision in *Doe I v. Google LLC*, 2024 WL 3490744 (N.D. Cal. July 22, 2024) ("*Google Pixel*"), makes crystal clear that reasonable judges could disagree on that question. Given the centrality of this issue to this case and many others pending in this District, appellate review is inevitable; the only question is whether that review should occur now (when the Ninth Circuit's guidance could spare the Court and the parties extensive efforts) or after final judgment (when the costs of those efforts are sunk). And the Ninth Circuit's resolution of this question would materially advance the termination of this litigation: a reversal would dispose of most of plaintiffs' remaining claims, and even an affirmance would provide clarity on the legal standard that will govern at class certification, summary judgment, and any trial. Section 1292(b) promotes efficiency by authorizing an early appeal in cases like this.

Plaintiffs provide no sound reason to forgo that efficiency. Their efforts to skew the Section 1292(b) standard are unavailing: This case falls in its heartland. Plaintiffs argue intent is not a pure question of law, but numerous cases have certified interlocutory review of whether the allegations in a complaint are sufficient to state a claim—including specifically for allegations of "intent." Plaintiffs insist there is no substantial ground for a difference of opinion, but Judge Chhabria's thorough opinion in *Google Pixel*—which expressly rejected the legal standard this Court applied, and reached the opposite result on materially identical allegations—demonstrates that there is. Finally, plaintiffs suggest an appeal would be inefficient because they could always amend their complaint, but their proposed amendments show why an appeal *is* efficient: each of plaintiffs' proposals would still fail under *Google Pixel*. If those proposals are a preview of plaintiffs' plan for class certification, summary judgment, and any trial, they confirm that an interlocutory appeal could avoid the substantial costs and inefficiency of litigating this case to final judgment under a legal standard that may be reversed.

This Court should certify its order on Meta's motion to dismiss for interlocutory appeal.

# ARGUMENT

In numerous cases filed in this District against Meta and multiple other companies that offer pixel source code to web developers, the plaintiffs have asserted that the source-code providers should be held liable for developers' alleged misuse of this technology. In these cases, a central and potentially dispositive issue is *intent*: whether a source-code provider like Meta intends for developers to use its pixel to send sensitive, legally protected information, even where the source-code provider's policies unequivocally forbid that conduct. This Court allowed plaintiffs' claims to survive dismissal because, "[w]hile plaintiffs acknowledge that Meta may tell third parties and Facebook users that it intends to prevent receipt of sensitive health information, plaintiffs contend that is not what Meta *really* intends." *Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064, 1076 (N.D. Cal. 2023) (Dkt. 316) ("MTD Order"). Judge Chhabria, considering materially identical allegations against Google, reached the opposition conclusion based on a contrary interpretation of Ninth Circuit precedent, holding that "[i]f a plaintiff alleges that the clients of a source code provider use the code contrary to the provider's instructions, the plaintiff should not be able to get around the intent requirement by simply intoning that the source code provider intended for the clients not to follow instructions." *Google Pixel*, 2024 WL 3490744, at *5.

That is a difference of opinion among reasonable jurists on a controlling question of law, the answer to which would materially advance not only this litigation but also a host of other cases raising the same fundamental question. Interlocutory review is warranted.

## I. The Court's Order Involves A Controlling Question Of Law On Which Reasonable Jurists Can Disagree.

### A. The Pleading Standard For Intent Is A Controlling Legal Question.

Plaintiffs argue that interlocutory review is inappropriate because "intent is a mixed question of law and fact, not a pure question of law," such that "the Ninth Circuit would lack jurisdiction." Opp. 2–3. But the legal standard that governs intent is undeniably a question of law, and this Court and Judge Chhabria announced different answers to that question. In *United States v. Christensen*, on which Meta relied, the Ninth Circuit held that "intentionally" means "purposefully and deliberately and not as a result of accident or mistake." 828 F.3d 763, 790 (9th Cir. 2015) (quotation marks omitted).

1    Plaintiffs argued that they had satisfied *Christensen* by alleging that Meta was aware it was receiving
2    some sensitive data and did not do enough to prevent that receipt. Dkt. 273 at 5 (plaintiffs' opposition
3    to Meta's motion to dismiss). This Court, quoting *In re Google Assistant Privacy Litigation*, stated
4    that "[a]t the pleadings stage . . . interception may be considered intentional 'where a defendant is aware
5    of the defect causing the interception but takes no remedial action.'" MTD Order, 690 F. Supp. 3d at
6    1076 (quoting 457 F. Supp. 3d 797, 815 (N.D. Cal. 2020)). While acknowledging that *Google Assistant*
7    "contain[s] language suggesting that awareness alone could be sufficient," Judge Chhabria expressly
8    rejected that standard as contrary to *Christensen*. *Google Pixel*, 2024 WL 3490744, at *4; *see also id.*
9    (rejecting argument that "Google is capable of preventing the inadvertent transmission of private in-
10   formation from health care provider websites, and that its failure to do so is reflective of an intent to
11   obtain the information"). This square disagreement on the applicable legal standard plainly presents a
12   question of law suitable for interlocutory review. More broadly, Rule 12(b)(6) motions inherently raise
13   legal questions. The Ninth Circuit has squarely held that "[w]hether a complaint states a claim is a
14   question of law." *Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A court resolving
15   a motion to dismiss under Rule 12(b)(6) does not resolve factual disputes or "investigat[e]" the under-
16   lying "factual circumstances" (Opp. 2); it assumes that the facts pleaded in the complaint are true and
17   asks whether those allegations are legally "sufficient." *Ashcroft v. Iqbal*, 556 U.S. 662, 666 (2009).
18   Appellate review of that legal question is "de novo." *E.g.*, *Galanti v. Nev. Dep't of Corrs.*, 65 F.4th
19   1152, 1154 (9th Cir. 2023).

20          Accordingly, district courts have repeatedly certified—and the Ninth Circuit has accepted—
21   interlocutory appeals to assess whether the allegations in a complaint suffice to make out a particular
22   element, specifically including intent. Plaintiffs' footnoted responses to those cases are makeweights.
23   In *Reese v. BP Exploration (Alaska) Inc.*, for example, the Ninth Circuit accepted an appeal under
24   Section 1292(b) to consider whether the complaint's allegations "do not state a claim, warranting dis-
25   missal under Federal Rule of Civil Procedure 12(b)(6), because [the plaintiff] has pled neither an ac-
26   tionable misrepresentation . . . nor sufficient evidence of scienter." 643 F.3d 681, 683 (9th Cir. 2011).
27   Plaintiffs note that the Ninth Circuit ultimately did not decide the scienter issue (Opp. 3 n.1)—but that
28   was only because the court held there were no actionable misrepresentations at all, 643 F.3d at 694, not

because of any second thoughts about the propriety of certifying the appeal. In *South Ferry LP, No. 2 v. Killinger*, the Ninth Circuit entertained a 1292(b) appeal of "the district court's partial denial of [a] motion to dismiss" to consider "whether the district court properly imputed scienter in the complaint's allegations." 542 F.3d 776, 779, 781 (9th Cir. 2008). Plaintiffs perplexingly suggest that the Ninth Circuit "vacat[ed] and remand[ed] [the] district [court] order certifying interlocutory appeal." Opp. 3 n.1. That is simply false: The court of appeals vacated and remanded the *underlying order* the district court had certified (and the Ninth Circuit accepted) for interlocutory review. 542 F.3d at 786.[1]

The cases plaintiffs cite cast no doubt on this well-settled practice. In *ICTSI Oregon, Inc. v. International Longshore & Warehouse Union*, the Ninth Circuit noted that "[a] controlling question of law must be one of law," and found jurisdiction lacking to review a "post-trial order" addressing "whether ICTSI lost its status as a secondary employer by entangling itself in [a] dispute between ILWU and the Port." 22 F.4th 1125, 1129–30 (9th Cir. 2022) (quotation marks omitted). That fact-bound issue did not resemble the question here either in substance or in procedural posture, and the Ninth Circuit did not question its repeated practice of reviewing questions like the one presented here. In *Finjan, Inc. v. Check Point Software Technologies, Inc.*, this Court declined to certify its order on a motion to strike patent infringement contentions that "amounted to 5,135 charts, totaling to over 185,000 pages." 2020 WL 1929250, at *1 (N.D. Cal. Apr. 21, 2020) (noting the "unmanageable size" of those contentions required appointment of a special master). That case involved the Court's "inherent broad discretion in supervising the pretrial phase of litigation and managing [its] docket" by requiring certain information alongside patent infringement contentions, *id.* at *3, not a legal question about the sufficiency of a complaint's allegations for purposes of a motion to dismiss. The other cases plaintiffs cite are similarly afield: none suggests that certification is inappropriate to test the sufficiency of

---

[1] Plaintiffs similarly misdescribe *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 649 (N.D. Cal. 2022), where Judge Alsup certified for interlocutory review a question regarding "the ground rules . . . for pleading willfulness" (namely, "knowledge") in a patent-infringement suit. Plaintiffs' assertion that *Sonos* certified only a separate issue of what "additional aggravating circumstances" must be alleged to obtain "enhanced damages," Opp. 3 n.1, is incorrect. *See Sonos*, 591 F. Supp. 3d at 649 ("Recognizing that reasonable minds may differ as to the ground rules set forth above for pleading willfulness and indirect infringement (on the knowledge point, not on the issue of substantial noninfringing uses), and recognizing the vast amount of resources being consumed in the district courts over such pleading issues, this order now certifies those issues for interlocutory appeal under 28 U.S.C. § 1292(b).").

intent-related allegations in a complaint, and none questions the Ninth Circuit's regular practice of granting review in such cases. *See Sa Music LLC v. Apple, Inc.*, 2022 WL 1814148, at *5 (N.D. Cal. June 2, 2022) (involving summary judgment order in copyright infringement case and noting "[t]he plaintiffs' motion was murky about what legal issue is allegedly at play" and "mischaracterize[d]" the Court's order); *Allen v. ConAgra Foods, Inc.*, 2019 WL 1466889, at *2 (N.D. Cal. Feb. 6, 2019) (involving preemption question that turned on facts specific to a particular imitation-butter spray, rather than the applicable legal standard); *Banneck v. Fed. Nat'l Mortg. Ass'n*, 2018 WL 5603632, at *2 (N.D. Cal. Oct. 29, 2018) (denying certification because appeal would address only "the question of an appropriate remedy," not "liability"). Plaintiffs overread those cases in suggesting otherwise.

**B.     There Is Substantial Ground For Difference Of Opinion On This Legal Question.**

Next, plaintiffs insist there is no substantial ground for a difference of opinion. That is demonstrably wrong in light of Judge Chhabria's opinion in *Google Pixel*, and plaintiffs' insistence otherwise does not withstand scrutiny.

*First*, plaintiffs say the Ninth Circuit's decision in *Christensen* "already addresses and controls the issue of intent." Opp. 4. But the central dispute is whether allegations of awareness (or awareness and a failure to prevent) are sufficient to satisfy that legal standard—a question on which Judge Chhabria expressly disagreed with this Court. *See supra* 2–3. That difference of opinion, and the bottom-line conflict on the outcome for materially identical allegations, demonstrate that reasonable jurists can and do disagree about what *Christensen* means—in other words, that the "controlling law is unclear." *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

*Second*, plaintiffs argue that *Google Pixel* does not involve "the same factual pleadings." Opp. 4. That again disregards the disagreement over the governing legal standard, and in any event the relevant allegations here and in *Google Pixel* are materially the same. Every single allegation from this case on which plaintiffs rely was *also* present—and rejected as insufficient—in *Google Pixel*. Plaintiffs first say they alleged "Meta received notice of lawsuits relating to HIPAA-covered entities using the Meta Pixel" but took no action in response, whereas in *Google Pixel* there were no similar allegations of "actual notice." Opp. 4–5 (quotation marks omitted). But the *Google Pixel* complaint *did* allege Google knew it was receiving protected health information, and Judge Chhabria could not

5

have been clearer that, in his view, such allegations of "awareness" (or even awareness plus a failure to prevent) are insufficient. 2024 WL 3490744, at *4; *see Google Pixel*, Dkt. 86 at ¶¶ 32, 223–24, 385, 388, 408, 410–12, 439, 486, 589, No. 3:23-cv-2431 (N.D. Cal. Nov. 16, 2023) (complaint alleging Google "knew at all times that the incorporation of the Google Source Code on Health Care Providers' web properties would result in its interception of Health Information"). Plaintiffs next point to their allegations that "Meta has a dedicated health division" that allegedly marketed the pixel to healthcare providers. Opp. 5. But the *Google Pixel* complaint likewise alleged that Google encouraged healthcare providers to use its pixel and to send protected health information, and Judge Chhabria rejected the notion that there is anything "inherently unlawful about Google offering its source code to health care providers." 2024 WL 3490744, at *4 (noting "HHS does not prohibit the use of 'tracking technologies' on health care provider websites"); *see Google Pixel*, Dkt. 86 ¶¶ 306, 440, 511, 540, No. 3:23-cv-2431 (N.D. Cal. Nov. 16, 2023) (complaint alleging Google "permits and encourages Health Care Providers to use the same tools as any other advertiser or publisher to enable Google to collect Health Information" and "to use such information for purposes of targeted advertising, including remarketing and targeting to health keywords"). Plaintiffs do not and cannot identify any allegations in this case that would have made any difference in *Google Pixel*, because the relevant allegations in the complaints (brought by the same plaintiffs' counsel) are materially identical.

*Third*, plaintiffs argue that Judge Chhabria's analysis does not amount to a "substantial" difference of opinion. Opp. 5–6. But as the Ninth Circuit has made clear, that standard is not an onerous one: it is met so long as the matter is "uncertain[]" and one "over which reasonable judges might differ." *Reese*, 643 F.3d at 688 (quotation marks omitted). It is not an exercise in nose-counting. Indeed, actual disagreement is not a requirement; a "substantial ground for difference of opinion exists where reasonable jurists *might* disagree on an issue's resolution, not merely where they have already disagreed." *Id.* (emphasis added). That is why even legal questions of first impression can properly be certified. *Id.* Here, there *is* actual, direct legal disagreement by Judge Chhabria, which amply satisfies this requirement.

Plaintiffs quote this Court's observation in a case addressing Article III standing and Communications Decency Act questions that, "on th[o]se particular issues, the existence of one district court

case in some tension with [this Court's decision] does not constitute a 'substantial ground for difference of opinion.'" *Kellman v. Spokeo, Inc.*, 2022 WL 2965399, at *2 (N.D. Cal. July 8, 2022). But that case did not purport to create any per se rule requiring disagreement by multiple courts before certifying an appeal; to the contrary, this Court has previously found "substantial ground for a difference of opinion" based on a single district-court decision involving "a similar product." *Allen*, 2019 WL 1466889, at *3. In *Kellman*, several factors pertaining to "the two particular disagreements" before the Court counseled against certification: (1) after the other, contrary case was decided, "a number of district judges . . . explicitly disagreed" with its analysis; (2) the other case "did not have the benefit of decisions examining the issue," whereas this Court did; and (3) another judge (Judge Chen) had "recently denied a motion to certify interlocutory appeal on essentially the same arguments." 2022 WL 2965399, at *2; *see also id.* at *3 (noting additional "narrower reasons that these issues should not be fast-tracked now," none of which is present here). None of those circumstances is present here. To the contrary, it is Judge Chhabria who had "the benefit of decisions examining" the question of intent and who "explicitly disagreed" with this Court's analysis in a thorough opinion that carefully recited the competing arguments and caselaw and reached a different result. *Id.* at *2. That considered judgment clearly demonstrates that "fair-minded jurists might reach contradictory conclusions" on this issue. *Reese*, 643 F.3d at 688.[2]

---

[2] Plaintiffs falsely state that "five decisions, all against Meta, have found intent adequately alleged." Opp. 6 (citing Mot. 9). In reality, in two of those cases the court has not yet considered Meta's motion to dismiss and there has been no ruling addressing intent. *See Starzinski v. Meta Platforms, Inc.*, No. 3:24-cv-4501 (N.D. Cal.) (Martínez-Olguín, J.); *Doe v. GoodRx Holdings, Inc.*, No. 3:23-cv-501 (N.D. Cal.) (Martínez-Olguín, J.). The third case is this Court's decision; the other two include a decision by Judge Pitts adopting this Court's analysis in a case involving financial data and a decision by Judge Illston concluding intent was a fact question in a case involving DMV data, each decided before *Google Pixel*. *See In re Meta Pixel Tax Filing Cases*, 2024 WL 1251350, at *4 (N.D. Cal. Mar. 25, 2024); *Gershzon v. Meta Platforms, Inc.*, 2023 WL 5420234, at *11 (N.D. Cal. Aug. 22, 2023). Plaintiffs' suggestion that "the overwhelming majority of courts have agreed" with their position, Opp. at 6, is thus an exaggeration based on a false premise. Those cases, which did not have the benefit of Judge Chhabria's analysis in *Google Pixel*, do not show that Judge Chhabria's disagreement is insubstantial. To the contrary, they further illustrate that appellate resolution of this issue would provide helpful guidance not only in this case but also in numerous other cases pending in this District.

**II.     Interlocutory Review Will Materially Advance This Litigation.**

Finally, plaintiffs suggest that an interlocutory appeal would not materially advance the termination of this litigation. None of their arguments holds up—to the contrary, plaintiffs themselves show exactly why interlocutory review at this juncture is appropriate.

*First*, plaintiffs argue that if they lose on appeal they could amend their complaint. Opp. 7–8. But plaintiffs' proposed amendments show exactly why review would promote efficiency now. They represent that, "with the benefit of almost two years' worth of discovery," they are "able to substantiate their allegations that Meta's Filter is ineffective, Meta has the means to identify health websites and specific transmissions at multiple stages, and Meta has failed to warn or remove offending business partners even after it knows that they are transmitting protected health information." *Id.* at 7; *see also id.* (arguing plaintiffs "can also show . . . that there are multiple points when Meta could have, but elected to not, remove unlawfully intercepted information"). But each of those points would show, at most, that Meta "is capable of preventing the inadvertent transmission of private information from health care provider websites" but failed to do so—an argument Judge Chhabria expressly rejected as legally insufficient to show intent. *Google Pixel*, 2024 WL 3490744, at *4. Plaintiffs' preview of the evidence they intend to present shows exactly why appellate guidance on the standard would be useful: without that guidance, plaintiffs' apparent plan is to litigate this case under a standard the Ninth Circuit may very well reject.

*Second*, plaintiffs suggest that "a forthcoming class certification motion" (in late June 2025) "will address class claims just as an appeal might." Opp. 9. That argument merely underscores the benefits of prompt appellate guidance: class certification proceedings require an enormous outlay of litigation resources and significant judicial attention. And those proceedings could be significantly shaped by appellate clarity on the intent issue. If, for example, the Ninth Circuit were to articulate a standard for intent that illuminates what plaintiffs must show for each healthcare provider that allegedly sent protected health information to Meta, that could bear significantly on this Court's analysis of whether class certification is proper. It makes little sense to press forward with those proceedings under an uncertain legal standard when a later appellate decision might render those efforts largely a waste.

*Third*, plaintiffs argue that some of their claims (they do not say which ones) could survive even if they are unable to allege or show intent. Opp. 8. But it is well-settled that "neither § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation," and the appeal need not "resolve all of [the plaintiff's] claims." *Reese*, 643 F.3d at 688; *see also, e.g.*, *Best Carpet Values, Inc. v. Google LLC*, 2022 WL 22843012, at *3 (N.D. Cal. May 2, 2022) (certifying appeal where "one or more of Plaintiffs' claims" could be dismissed, which could "impact the scope of Plaintiffs' case and potentially their ability to pursue claims on behalf of a putative class"); *Gillespie v. Centerra Servs. Int'l, Inc.*, 2022 WL 18584762, at *3 (C.D. Cal. Oct. 26, 2022) (similar). Rather, "the 'materially advance' prong is satisfied when the resolution of the question may appreciably shorten the time, effort, or expense of conducting the district court proceedings." *ICTSI*, 22 F.4th at 1131 (quotation marks omitted). That test is easily met here, where most of plaintiffs' claims—including their core wiretapping claims, which come with hefty statutory damages—require a showing of intent. *See SEC v. Mercury Interactive, LLC*, 2011 WL 1335733, at *3 (N.D. Cal. Apr. 7, 2011) (certifying appeal that could affect claims representing "[t]he bulk of the damages sought"); Mot. 4. Interlocutory review "would have a significant effect on the trial of this action, and perhaps upon the parties' efforts to reach settlement." *Mercury*, 2011 WL 1335733, at *3.

\* \* \*

This is an issue that is destined for appellate review, whether in this case or in one of the numerous others that continue to pile up across this District and elsewhere. The only question is whether to secure clarity on the appropriate standard now so that the parties can litigate this case (and the Court can adjudicate it)—including through class certification, summary judgment, and any trial—under the correct legal standard, or instead to forge ahead at the risk of having to redo those proceedings later. There is no sound reason to forgo the benefits of interlocutory review.

## CONCLUSION

The Court should grant Meta's motion to certify its order on Meta's motion to dismiss, Dkt. 316, for interlocutory appeal under 28 U.S.C. § 1292(b).

Dated: September 25, 2024

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Lauren R. Goldman*
    Lauren R. Goldman

**COOLEY LLP**

By: */s/ Michael G. Rhodes*
    Michael G. Rhodes

*Attorneys for Meta Platforms, Inc.*

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Lauren R. Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: September 25, 2024         **GIBSON, DUNN & CRUTCHER LLP**

                              By:  */s/ Lauren R. Goldman*
                                   Lauren R. Goldman