UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>  Defendants. | Case No. 22-cv-03580-WHO<br><br>**ORDER DENYING MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**<br><br>Re: Dkt. Nos. 584, 640, 658 |

Defendant Meta asks me to certify for interlocutory appeal an aspect of my September 7, 2023 Order Denying in Part and Granting in part defendant's motion to dismiss. This matter is appropriate for resolution on the papers and the October 9, 2024 hearing is VACATED. *See* Civ. L.R. 7-1(b).

Meta argues that a conflict has arisen in this District that merits immediate appellate review: specifically, whether purposeful or deliberate "intent" to intercept sensitive information can be adequately alleged sufficient to state a wiretapping claim under the Electronic Communications Privacy Act ("ECPA"), despite the recipient having allegedly "instructed" its business partners not to send such information to it. Dkt. No. 584.

In my September 2023 Order, I found that plaintiffs had adequately alleged facts to support intent, despite the admission that Meta forbade "developers from sending it and filtering out any potentially sensitive data it detects on the back end." *Doe v. Meta Platforms, Inc*., 690 F. Supp. 3d 1064, 1076 (N.D. Cal. 2023). I concluded, based on plaintiffs' plausibly alleged facts – including that significant amounts of private information was nonetheless received by and then used by Meta in targeted advertising – that "[w]hat Meta's true intent is, what steps it actually took to prevent receipt of health information, the efficacy of its filtering tools, and the technological feasibility of implementing other measures to prevent the transfer of health information, all turn on disputed questions of fact that need development on a full evidentiary record." *Id*.

Meta contends that my conclusion – based on the particular allegations regarding Meta's development and deployment of Meta's pixel technology, as well as the interception and use of

1  plaintiffs' healthcare information on Meta's platform – has been drawn into question by an order
2  of the Hon. Vince Chhabria addressing a different case with different allegations regarding the
3  pixel technology of a different defendant.  *See Doe I v. Google LLC*, No. 23-CV-02431-VC, 2024
4  WL 3490744, at *5 (N.D. Cal. July 22, 2024).

5  Pursuant to 28 U.S.C. § 1292, a district court may certify for interlocutory appeal an order
6  where (1) "such order involves a controlling question of law," (2) "there is substantial ground for
7  difference of opinion" as to such question of law, and (3) "an immediate appeal from the order
8  may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b).  Even
9  where the party seeking to certify an issue for interlocutory review meets its burden to show that
10 each of the three requirements are satisfied, "a district court's decision to grant or deny
11 certification is entirely discretionary." *Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-
12 CV-02621-WHO, 2020 WL 1929250, at *3 (N.D. Cal. Apr. 21, 2020).

13 Meta's motion for certification for interlocutory review is DENIED.  The question that
14 Meta wants the Ninth Circuit to address is not a controlling question of law, but a mixed question
15 of law and fact.  In reaching my conclusion I considered the facts alleged and found they sufficed
16 to adequately plead intent under *United States v. Christensen*, 828 F.3d 763, 790 (9th Cir. 2015).
17 *Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d at 1076.  I expressly recognized that "[w]hat Meta's
18 true intent is, what steps it actually took to prevent receipt of health information, the efficacy of its
19 filtering tools, and the technological feasibility of implementing other measures to prevent the
20 transfer of health information, all turn on disputed questions of fact that need development on a
21 full evidentiary record." *Id*.

22 Judge Chhabria addressed the issue of whether intent was plausibly alleged under
23 *Christensen* in his case and found, based on the allegations and admissions the case against
24 Google, that sufficient facts supporting intent were not alleged.  In doing so, he acknowledged the
25 possibility that "the difference between Judge Orrick's ruling and this one lies in what precisely
26 was alleged in each complaint."  *Doe I v. Google LLC*, No. 23-CV-02431-VC, 2024 WL 3490744,
27 at *5 (N.D. Cal. July 22, 2024).  I agree.

28 But even assuming that Meta is correct and the factual allegations in Judge Chhabria's case

2

against Google and my case against Meta are materially the same for purposes of intent, I will not exercise my discretion to grant interlocutory review. The only evidence of a "substantial ground for difference of opinion" is between Judge Chhabria's Google decision and my decision regarding Meta. To the extent that Google and Meta are similarly situated in terms of how each developed and deployed and encouraged use of their pixel technologies (which has not been established), the determination in my case is supported by two other decisions at the motion to dismiss stage with respect to Meta. *See In re Meta Pixel Tax Filing Cases*, No. 22-CV-07557-PCP, 2024 WL 1251350, at *4 (N.D. Cal. Mar. 25, 2024) ("the Court cannot conclude from [Business Tools Terms] that Meta and developers intended to or did comply with the terms rather than deviating from them to their mutual benefit. Meta's argument presents a question of fact that the Court cannot resolve at this stage. Whatever agreements may have been in place, those agreements do not establish as a matter of law that Meta did not intend to receive the information plaintiffs claim was transmitted."); see also *Gershzon v. Meta Platforms, Inc.*, No. 23-CV-00083-SI, 2023 WL 5420234, at *11 (N.D. Cal. Aug. 22, 2023) (similarly concluding that despite Meta's terms regarding pixel use, allegations of intent were sufficient at pleading stage "and whether Meta in fact acted willfully is a question of fact to be resolved on a factual record").

Simply put, this issue will benefit from a more developed record. Meta's motion to certify my September 2023 Order for interlocutory review is DENIED.[1]

**IT IS SO ORDERED.**

Dated: October 2, 2024



William H. Orrick
United States District Judge

---

[1] Plaintiffs' motion to file conditionally under seal its opposition (Dkt. No. 640-3) and Meta's motion to file part of its Reply under seal (Dkt. No. 658-3) are DENIED, except for Dkt. No. 640-2 (Ex. 1). The generalized assertions regarding Meta's filter, Meta's representations to third-parties, and Meta's categorizations of health care providers and health care conditions discussed in the briefs concern issues going to the heart of this case and do not merit sealing under the compelling justifications standard. The Clerk shall UNSEAL Dkt. Nos 640-3 and 658-3. Dkt. No. 640-2 contains internal Meta's code that may remain under seal at this juncture.