| | |
|---|---|
| **GIBSON, DUNN & CRUTCHER LLP**<br>LAUREN R. GOLDMAN (*pro hac vice*)<br>lgoldman@gibsondunn.com<br>DARCY C. HARRIS (*pro hac vice*)<br>dharris@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166<br>Telephone:    (212) 351-4000<br>Facsimile:    (212) 351-4035<br><br>ELIZABETH K. MCCLOSKEY, SBN 268184<br>emccloskey@gibsondunn.com<br>ABIGAIL A. BARRERA, SBN 301746<br>abarrera@gibsondunn.com<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>Telephone:    (415) 393-8200<br>Facsimile:    (415) 393-8306 | **COOLEY LLP**<br>MICHAEL G. RHODES, SBN 116127<br>rhodesmg@cooley.com<br>KYLE C. WONG, SBN 224021<br>kwong@cooley.com<br>CAROLINE A. LEBEL, SBN 340067<br>clebel@cooley.com<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111-4004<br>Telephone:    (415) 693-2000<br>Facsimile:    (415) 693-2222 |

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION,<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-03580-WHO (VKD)<br><br>**DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Hon. Virginia K. DeMarchi |

Gibson, Dunn & Crutcher LLP

DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:22-CV-03580-WHO

I, Lauren R. Goldman, state and declare as follows:

1. I am an attorney licensed to practice in the State of New York. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in these actions. I am admitted *pro hac vice* to practice before this Court. I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration under Local Rule 79-5(f)(3) in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. Dkt. No. 663. Meta seeks to seal narrowly tailored portions of the Joint Status Report regarding Protocol for Review and Production of Relevant Data Sources, which the parties filed on October 16, 2024 at Dkt. No. 662 (the "Joint Status Report"). Meta proposes to redact specific, non-public confidential information in the Joint Status Report regarding Meta's data storage systems, including details about the number of potentially relevant data sources at issue, and the type of information Meta's tools are able to locate and extract.

3. In determining whether to permit documents to be filed under seal, this Court should apply the "good cause" test for "sealed materials attached to a discovery motion unrelated to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *see Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). The good cause standard generally applies to discovery motions because "discovery is largely 'conducted in private as a matter of modern practice,'" and "the public is not presumed to have a right of access to it." *Ctr. For Auto Safety*, 809 F.3d at 1097 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)). Here, the good cause test applies because the Joint Status Report was submitted by the parties in connection

---

[1] This Court and others in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, Dkt. Nos. 448, 466, 509, 593; *see also Avago Techs. Fiber IP (Singapore) PTE. Ltd., v. IPtronics Inc.,* , No. 5:10-cv-02863-EJD, Dkt Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., v. OpenTV Inc..*, No. 5:13-00282-EJD, Dkt. Nos. 76, 82 (N.D. Cal. Oct. 8, 2013). I am personally familiar with Meta's practices of safeguarding proprietary information, including based on my experience representing Meta for many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:22-CV-03580-WHO

with their ongoing dispute regarding potentially relevant data sources and the appropriate means to identify them. *See, e.g.*, *Grace v. Apple, Inc.*, No. 17-CV-00551 LHK (NC), 2018 WL 11319051, at *1 (N.D. Cal. Apr. 3, 2018) (applying the good cause test to a motion to seal materials in connection with a discovery letter brief).

4. Sealing is appropriate here for several reasons. *First*, Meta's sealing request is "narrowly tailored to seek sealing only of sealable material." *See, e.g., Singh v. Costco Wholesale Corp.*, No. 20-CV-08180-NC, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023). Meta asks the Court to seal those parts of the Joint Status Report which reveal proprietary, commercially sensitive, and confidential information about Meta's internal storage systems—including the number of sources that are the subject of the parties' negotiations regarding data sources that may contain relevant data and the type of information Meta's tools are able to locate and extract. *Second*, as the Supreme Court has recognized, the public right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also* Dkt. No. 157 at 3 (Judge Orrick in this case confirming that "competitive harm is a compelling reason to seal"). Meta is likely to suffer harm if highly confidential information regarding the non-public systems and repositories integral to its storage of data is made public. *Third*, there is "a compelling reason to seal" information that could compromise a party's "network infrastructure and security systems." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *see also In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding "compelling reasons to seal" "specific descriptions of how Gmail operates"). The less stringent "good cause" standard is clearly met here because the disclosure of specific information about where and how Meta stores and searches data could empower bad actors to exploit Meta's systems and misuse that data.

5. Competitive harm is likely if the Joint Status Report is permitted to be unsealed without redaction. Meta operates in an intensely competitive marketplace, so it has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage. Meta takes care to protect the confidentiality of its proprietary information.

Disclosure of this information would provide competitors with the opportunity to use Meta's information for their own gains at Meta's expense; specifically, competitors could attempt to duplicate features of Meta's data storage systems. These processes and systems provide Meta with an edge over competitors by allowing it to develop and deliver a higher quality service to users and advertisers. Meta will lose this advantage if competitors become privy to its proprietary information.

6. Absent redactions, unsealing the Joint Status Report likely would also cause Meta harm because it would reveal information bad actors could then use to access or gain insight into data Meta receives and stores. Meta has an interest in maintaining confidentiality over information related to its data storage systems and takes care to protect the confidentiality of its proprietary information and data it receives and stores. Divulging details about Meta's data storage systems—including specifically where data is located—would undermine this interest by helping third parties circumvent Meta's security measures to infiltrate or better understand the data Meta stores (including data related to users), in violation of Meta's policies. Therefore, disclosure would harm both Meta and the individuals whose data may be left more vulnerable to improper access.

7. Courts routinely protect the type of information that Meta seeks to seal here. *See* Dkt. No. 157 at 3–4 (collecting cases); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (holding "confidential . . . commercial information" was entitled to protection from disclosure); *see also Calhoun v. Google LLC*, No. 20-CV-05146-YGR (SVK), 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022) (allowing redactions for references to "sensitive features of Google's internal systems and operations, including the various types of data sources which include information related to Google's data logs, internal data structures, internal identifiers and their proprietary functions"); *Ojmar US, LLC v. Sec. People, Inc.*, No. 16-CV-04948-HSG, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (noting protections afforded by courts within the Ninth Circuit are broad and extend to "confidential information regarding [a defendant's] products, services, and business practices"). Notably, this Court has already found good cause and ordered sealing of some of the same (or very similar) information Meta seeks to seal here. *See, e.g.*, Dkt. Nos. 503, 504, 509, 540, 561, 562 (sealing, *inter alia*, descriptions of non-public information relating to the parties' negotiations

regarding data sources); *see also* Dkt. Nos. 340, 452, 463, 481, 482, 509, 522, 523, 561, 562 (sealing references to the number of data sources that are the subject of the parties' negotiations and disputes).

8. Plaintiffs filed the Joint Status Report provisionally under seal in its entirety. Meta proposes narrowly tailored redactions that would keep sensitive, non-public material and information that is not a matter of public interest sealed. Meta's position regarding sealed material is set forth in the following table:

| Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|
| Parts of page 2, lines 1, 3-5, 7-21 (highlighted in Dkt. 668). | Meta | This text should be redacted because it reveals specific, non-public information about potentially relevant data sources and the process the parties are undertaking to identify those sources, which reveals information related to the structure of Meta's Hive data storage system, including the number of potentially relevant data sources at issue and the type of information Meta's tools are able to locate and extract. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. The Court has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 481, 482, 509, 522, 523. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 23rd day of October 2024 in New York, New York.

*/s/ Lauren R. Goldman*
Lauren R. Goldman