UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions. | Case No. 22-cv-03580-WHO (VKD)<br><br>**ORDER RE NOVEMBER 12, 2024 DISCOVERY DISPUTE RE PLAINTIFFS' COMMUNICATIONS**<br><br>Re: Dkt. No. 688 |

The parties ask the Court to resolve a dispute concerning Meta's requests for emails reflecting plaintiffs' disclosures, if any, to non-Meta recipients of information concerning their doctors, conditions, or treatments. Dkt. No. 688. The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

Meta contends that emails showing that plaintiffs "disclosed their allegedly sensitive health information to broad groups of third parties" are relevant to questions of (1) whether plaintiffs considered that information confidential and had a reasonable expectation it would remain private, (2) whether the alleged intrusion on any such expectation was sufficiently serious to support their claims, (3) whether the named plaintiffs suffered injury by virtue of the use of the Pixel, and (4) whether the named plaintiffs' treatment of their sensitive health information implicates standing and/or class certification issues. Dkt. No. 688 at 2-4. Meta cites several requests for production of documents ("RFPs") that it says call for this information.[1] *Id.* at 2 n.1, Ex. 1. It proposes that plaintiffs run specific searches against their email collections to identify potentially responsive documents for review. *Id.* at 2.

---

[1] Plaintiffs do not contend that Meta's present request is outside the scope of the RFPs it has served.

1    Plaintiffs argue that Meta has "forfeited" the discovery it seeks because it was not diligent
2    in bringing this dispute to the Court's attention in September 2024, but instead delayed for two
3    months after plaintiffs had already run search terms on their email collection before raising the
4    matter with the Court. *Id.* at 4. In addition, plaintiffs contend that the discovery Meta seeks is not
5    relevant to any claim or defense because the emails are private communications that do not bear
6    on the reasonable expectation of privacy relating to the specific intrusion at issue. *Id.* at 1, 5.

7    The Court is not persuaded that this dispute should be resolved in plaintiffs' favor merely
8    because Google did not insist on filing a discovery dispute letter within five court days of the
9    parties' conference of lead counsel. The principal purpose of this time limit is to facilitate prompt
10   resolution of disputes by discouraging one party from unreasonably holding up submission of the
11   dispute to the Court for resolution. There may be circumstances in which one party's delay in
12   pressing a dispute causes prejudice to an opposing party (a circumstance the Court addresses
13   below), but the Court does not find that Google has waived or forfeited its request for discovery
14   regarding plaintiffs' own treatment of their sensitive health information in the circumstances
15   presented here.

16   In the operative complaint, plaintiffs allege that they "expected that their communications
17   with their healthcare providers were confidential and private," including "communications about
18   providers and specialists, conditions, and treatments." Dkt. No. 335 ¶¶ 84(h), 126. As plaintiffs
19   correctly observe, "[a] reasonable expectation of privacy is an objective entitlement founded on
20   broadly based and widely accepted community norms." Dkt. No. 688 at 5 (quoting *Hill v. Nat'l
21   Collegiate Athletic Assn.*, 7 Cal. 4th 1, 37 (1994)). And while plaintiffs acknowledge that their
22   treatment of their own information bears on whether they "manifested by [their] conduct a
23   voluntary consent to the invasive actions of defendant," *Hill*, 7 Cal. 4th at 26, they argue that
24   "private email communications" have no bearing on whether their expectations of privacy
25   regarding communications with their healthcare providers are reasonable. Dkt. No. 688 at 5. The
26   Court agrees with plaintiffs that private communications disclosing sensitive health information to
27   third parties, such as friends, family, a provider, or even a support group, do not have any bearing
28   on whether plaintiffs had a reasonable expectation that their communications with their healthcare

2

1  providers would *not* be disclosed to Meta or to other third parties with whom they did not maintain
2  a personal or healthcare relationship. However, Meta does not appear to seek discovery of such
3  private communications; rather, Meta seeks discovery of communications that show broad
4  disclosure to others, such as emails sent to listservs or to more than 50 recipients. *See id.* at 2.
5  The Court agrees that such discovery may yield information bearing on the "social norms" that
6  inform an objective assessment of whether an expectation of privacy is reasonable and the
7  seriousness of the alleged intrusion, and that such discovery is relevant to a claim or defense. *See*
8  *id.* at 3-4.

9  It is not clear whether plaintiffs agree that the search Meta proposes—"[doctor(s)] OR
10  [condition(s)/treatment(s)]" with "limiters targeting emails plaintiff either sent to listservs or to 50
11  more recipients"—would be effective in identifying plaintiffs' communications, if any, disclosing
12  sensitive health information to "broad groups of third parties." Plaintiffs *do* object that having to
13  run these new searches "would prejudice them and thwart the Court's carefully crafted schedule,"
14  as plaintiffs have already run search terms against their email collection and reviewed that
15  collection for production. *Id.* at 5. However, plaintiffs do not say whether they have reviewed the
16  emails hit by their existing search terms for communications disclosing their sensitive health
17  information to "broad groups of third parties," as Meta requests.

18  The Court resolves this dispute as follows:

19  1. Plaintiffs must produce any emails sent to listservs or to more than 50 recipients, in
20  which the email discloses the types or categories of sensitive health information that
21  plaintiffs contend they provided to their healthcare providers and was likely disclosed
22  to Meta via the Pixel.[2] Plaintiffs shall review the collection of emails hit by their
23  existing search terms for such emails, and shall promptly produce any such documents
24  to Meta.

25  2. Plaintiffs shall run the new search term(s) Meta proposes against their entire email
26  collection, and report to Meta the number of unique hits (i.e. documents not already hit

---

[2] Dkt. No. 316 at 12 & n.4.

3

by existing search terms) that result from running the new search term(s).  The parties shall then confer regarding the extent of the burden that would be imposed on plaintiffs if they were required to review the additional documents hit by the new search term(s) and whether additional steps can be taken to mitigate that burden.

3. The parties shall report to the Court regarding the status of this dispute no later than **January 10, 2025**.

**IT IS SO ORDERED.**

Dated: December 20, 2024

Virginia K. DeMarchi
United States Magistrate Judge

4