UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br>———————————————<br>This Document Relates To:<br>All Actions. | Case No. 22-cv-03580-WHO (VKD)<br>**REDACTED**<br>**ORDER RE NOVEMBER 19, 2024 DISCOVERY DISPUTE**<br>Re: Dkt. No. 694 |

The parties ask the Court to resolve a dispute concerning plaintiffs' Requests for Production ("RFPs") Nos. 163 and 164.[1] Dkt. No. 694. The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

The parties included RFPs 163 and 164 in an earlier discovery dispute letter filed on September 13, 2024. *See* Dkt. No. 625. Because the parties did not explain their respective positions or provide any basis for the Court to resolve their disagreements regarding these requests, the Court ordered the parties to "confer about these specific disputes and file a joint discovery dispute letter addressing the specific disputes by November 19, 2024." Dkt. No. 685 at 4. According to Meta, the parties did not confer about these disputes as ordered. Dkt. No. 694 at 5. Plaintiffs do not dispute Meta's account, although they suggest the parties conferred about these requests prior to the Court's order. *See id.* at 1-5.

---

[1] Plaintiffs move to seal information Meta claims is confidential. *See* Dkt. Nos. 695, 703, 704. The lower "good cause" standard applies to sealing requests in connection with the present discovery dispute. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098-99 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Good cause appearing, plaintiffs' motion to seal is granted, as clarified by Meta. Meta has publicly filed a redacted version of the parties' discovery letter brief. *See* Dkt. No. 704-1.

RFP 163 asks Meta to produce "[d]ocuments sufficient to identify and describe health-related content classifications, taxonomies, or verticals that Meta generally uses for any purpose, and as generally described in CCAC[2] ¶¶ 255-258." Dkt. No. 695-3 at ECF 14. Plaintiffs argue that Meta has not produced documents sufficient to describe each of the five classification systems it has identified, and that Meta has not confirmed that its identification of its classification systems is complete. Dkt. No. 694 at 1-2. Meta responds that it will search for and produce documents sufficient to identify and describe all health-related content classifications, taxonomies, or verticals that Meta generally uses in connection with the Business Tools[3] that are at issue in this case, including the ▇ classification systems that have been identified. *Id.* at 5-6. Meta implies that its production will be complete by December 18, 2024. *Id.* at 6. The Court agrees with Meta that there appears to be no dispute requiring resolution. If Meta's responsive production as to RFP 163 is not yet complete, it shall complete the production by **January 3, 2025**.

Similarly, RFP 164 asks Meta to produce "[d]ocuments sufficient to identify and describe all health-related content classifications, taxonomies, or verticals for each health care provider or covered entity Partner from which Meta obtains health information, and for the communications on those providers and covered entities' web properties, as those terms are generally described in CCAC ¶¶ 255-258." Dkt. No. 695-3 at ECF 14-15. Plaintiffs argue that Meta should be required to produce documents showing ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dkt. No. 694 at 2. Meta responds that this demand is beyond the scope of RFP 164. *Id.* at 7. The Court agrees. Nothing in RFP 164 asks Meta to produce documents disclosing this information, and plaintiffs identify no other document request that does. Moreover, plaintiffs' portion of the discovery dispute letter suggests that it has already obtained the information it seeks from the source code Meta has produced. *See id.* at 2 (discussing what Meta's source code reveals).

Plaintiffs' remaining complaints regarding Meta's response to RFP 164 appear to reflect

---

[2] Dkt. No. 185.

[3] The Court understands that "Business Tools" means the Meta Pixel, the Facebook SDK, and the Conversions API. Dkt. No. 630-7, Ex. 4 ¶ 3; *see also* Dkt. No. 630-3 at 1-2.

concerns about whether Meta's responsive production will be complete, and in particular, whether it will include documents reflecting both current and historical "classifications, taxonomies, or verticals." *See id.* at 3-4. Meta represents that it will "search for and produce the classifications applied to health-related ███████████ within the Relevant Time Period that are within Meta's possession, custody, or control," and it argues that plaintiffs' demands for sworn statements regarding Meta's preservation efforts are beyond the scope of RFP 164 and otherwise without justification. *Id.* at 7. The Court agrees with Meta that there is no justification for plaintiffs' demands for sworn statements about the completeness of its responsive production or preservation efforts at this time. If Meta's responsive production as to RFP 164 is not yet complete, it shall complete the production by **January 3, 2025**.

The Court takes this opportunity to again admonish the parties that they should not file a discovery dispute letter without first having a meaningful discussion about the matters that are actually in dispute.

**IT IS SO ORDERED.**

Dated: December 20, 2024

Virginia K. DeMarchi
United States Magistrate Judge