UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions. | Case No. 22-cv-03580-WHO (VKD)<br><br>**ORDER FOLLOWING DISCOVERY STATUS CONFERENCE; REQUESTING STATUS REPORT** |

The Court held a discovery status conference on January 15, 2025. *See* Dkt. No. 737.

As discussed during the conference, the parties continue to use the September 9, 2024 protocol (Dkt. No. 614) to identify and investigate data tables that may contain relevant and responsive data. On **February 14, 2025**, the parties shall file a status report, without argument, advising of the current status of the parties' efforts to identify tables using the protocol, and an estimate of the time required to complete the production and analysis of any remaining relevant tables.

At the conference, the parties and the Court also discussed preparation and planning for fact witness depositions. In view of that discussion, the Court orders as follows:

1. By **January 20, 2025**, plaintiffs must provide to Meta a Rule 30(b)(6) deposition notice that includes any topics for which plaintiffs reasonably believe Tobias Wooldridge may be Meta's corporate representative, so that the parties can coordinate, if feasible, Mr. Wooldridge's individual and Rule 30(b)(6) deposition testimony.[1]

2. By **January 24, 2025**, plaintiffs must serve on Meta a Rule 30(b)(6) deposition notice

---

[1] The parties advise that Mr. Wooldridge's individual deposition is already scheduled for January 31, 2025.

that includes all topics for which plaintiffs reasonably require corporate deposition testimony. The parties must promptly confer regarding disagreements regarding the topics in plaintiffs' Rule 30(b)(6) deposition notice.

3. The parties must confer regarding a plan for conducting deposition discovery, including:

    a. The names of the individual witnesses from whom each side requires deposition testimony;

    b. Reasonable limits on the number and/or duration of individual and Rule 30(b)(6) depositions;

    c. Prioritizing, if feasible, each side's most important witnesses, except that the parties must not allow the effort to prioritize to impede their ability to complete all fact witness depositions by April 18, 2025.

    d. Avoiding duplicative deposition testimony; and

    e. A schedule for completing fact witness deposition testimony by April 18, 2025.

4. On **February 14, 2025**, the parties shall file a status report, without argument, regarding the status of their efforts to agree on the number, duration, scope, and scheduling of fact witness depositions.

**IT IS SO ORDERED.**

Dated: January 15, 2025

Virginia K. DeMarchi
United States Magistrate Judge