1    **GIBSON, DUNN & CRUTCHER LLP**
     LAUREN R. GOLDMAN (*pro hac vice*)
2    lgoldman@gibsondunn.com
     DARCY C. HARRIS (*pro hac vice*)
3    dharris@gibsondunn.com
     200 Park Avenue
4    New York, NY 10166
     Telephone:    (212) 351-4000
5    Facsimile:    (212) 351-4035

6    ELIZABETH K. MCCLOSKEY, SBN 268184
     emccloskey@gibsondunn.com
7    ABIGAIL A. BARRERA, SBN 301746
     abarrera@gibsondunn.com
8    One Embarcadero Center, Suite 2600
     San Francisco, CA 94111
9    Telephone:    (415) 393-8200
     Facsimile:    (415) 393-8306

10

11   *Attorneys for Defendant Meta Platforms, Inc.*

12

13

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16                      SAN FRANCISCO DIVISION

17
     IN RE META PIXEL HEALTHCARE          Case No. 3:22-cv-03580-WHO (VKD)
18   LITIGATION,
                                          **DEFENDANT META PLATFORMS, INC.'S**
19   _____     **ADMINISTRATIVE MOTION TO SEAL**
                                          **PARTS OF ITS OPPOSITION TO**
20   This Document Relates To:            **PLAINTIFFS' MOTION FOR SANCTIONS**

21   All Actions                          Hon. William H. Orrick

22

23

24

25

26

27

28

## I.    INTRODUCTION

Defendant Meta Platforms, Inc. ("Meta") hereby applies for leave of this Court pursuant to Local Civil Rules 7-11 and 79-5 to seal parts of Meta Platforms, Inc.'s Opposition to Plaintiffs' Motion for Sanctions and supporting declarations and exhibits ("Opposition and Exhibits"), which were filed by Meta in the above-captioned matter.  This Court and other courts in this District have previously granted administrative motions to seal under Civil Local Rule 79-5 where a party has shown that a document (or portions thereof) is "privileged, protectable as a trade secret or otherwise entitled to protection under the law" and the request is "narrowly tailored to seal only the sealable material." *Singh v. Costco Wholesale Corp.*, 20-CV-08180-NC, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023); *see also, e.g., Jones v. PGA Tour, Inc.*, 22-CV-04486-BLF, 2023 WL 2167400, at *2 (N.D. Cal. Feb. 21, 2023); *Arebalo v. Apple, Inc.*, 19-CV-03034-EJD, 2022 WL 580865, at *2 (N.D. Cal. Feb. 25, 2022).  Meta asks the Court to seal select parts of the Opposition and Exhibits that reveal confidential business information about Meta's proprietary data storage systems, including details about how the systems are organized, the amount of data Meta receives and stores, the names and contents of specific Hive tables, and the amount of time for which Meta stores information.  The Court has previously ordered information about Meta's proprietary internal systems to be sealed.  *See, e.g.,* Dkt. Nos. 77, 109, and 157.  Judge DeMarchi has previously ordered information about Meta's data storage systems to be sealed.  *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, and 734.  If this confidential information were revealed, Meta would be placed at a competitive disadvantage in the marketplace. The specific content that Meta seeks to seal, including page and line numbers, where applicable, is identified in the table below

Meta's request is "narrowly tailored" because it seeks to seal material that reflects Meta's internal proprietary, commercially sensitive, and confidential information.  Decl. of Lauren Goldman in Supp. of Def. Meta Platforms, Inc.'s Administrative Mot. to Seal ("Goldman Decl.") ¶ 2.  Public disclosure of this confidential information could place Meta at a competitive disadvantage in the marketplace because it would provide competitors with insight into how Meta organizes and uses its complex, proprietary systems.  *Id*. ¶ 4.  Furthermore, the information Meta seeks to seal—related to the specific innerworkings of Meta's internal processes and systems—does not bear on the merits of

-1-

DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO SEAL PARTS OF ITS OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO. 3:22-CV-03580-WHO (VKD)

plaintiffs' claims and is therefore not necessary to the public's understanding of the case.  Further, there is "a compelling reason to seal" information that could compromise a party's "network infrastructure and security systems."  *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 14-CV-03078-JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *see also In re Google Inc. Gmail Litig.*, 13-MD-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding "compelling reasons to seal" "specific descriptions of how Gmail operates").   Accordingly, there is "good cause" to seal the Opposition and Exhibits.

## II.    LEGAL STANDARD

The Court has "broad discretion to permit sealing of court documents for, *inter alia*, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *Hadley v. Kellogg Sales Co.*, 16-cv-04955-LHK, 2018 WL 7814785, at *1 (N.D. Cal. Sept. 5, 2018) (citing Fed. R. Civ. P. 26(c)(1)(G)).  What constitutes a sufficient basis to seal a document is "best left to the sound discretion of the trial court," and sufficient grounds include "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).

For a motion to seal documents filed in connection with a discovery-related motion that is "unrelated, or only tangentially related, to the underlying cause of action," a movant "need only satisfy the less exacting 'good cause' standard." *Ctr. for Auto Safety*, 809 F.3d at 1097.  The good cause standard generally applies to discovery-related filings because "discovery is largely 'conducted in private as a matter of modern practice,'" and "the public is not presumed to have a right of access to it." *Ctr. For Auto Safety*, 809 F.3d at 1097 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)); *Calhoun v. Google LLC*, No. 20-CV-005146-YGR (SVK), 2022 WL 3348583, at * 1 (N.D. Cal. Aug. 12, 2022) (applying the "good cause" standard to information about a party's preservation). To show good cause, a movant must make a "particularized showing," *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1180 (9th Cir. 2006), that "specific prejudice or harm will result" from disclosure, *Phillips ex rel. Estates of Byrd v Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c).

The good cause standard applies here because this is a discovery-related dispute that is unrelated to the merits of the case.  This dispute, which centers around Meta's preservation and production of data, is based on an attempt to litigate discovery and is not about the actual merits of the case. Further, "discovery sanctions in general are non-dispositive unless imposition of the sanction would be dispositive of a party's claim or defense," which is not the case here.  *Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 546 (N.D. Cal. 2009).  The Court has already found compelling reasons to seal information about Meta's proprietary internal systems.  *See, e.g.,* Dkt. Nos. 77, 109, and 157.   Judge DeMarchi has already found that good cause exists to seal information similar to that which Meta seeks to seal here.  *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, and 734.

Nevertheless, Meta would also meet the more stringent "compelling reasons standard" for sealing material that is "more than tangentially related to the merits of the case."  *Ctr. for Auto Safety*, 809 F.3d at 1102.  Under this standard, the public's right to inspect and access court records "can be overridden given sufficiently compelling reasons for doing so."  *Foltz v. State Farm Mut. Auto Ins. Comp.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  Meta is asking to seal only information which provides insight into specific aspects of its proprietary and non-public data storage systems.  Goldman Decl. ¶2.  Further, Meta's interest in sealing overrides any public interest.  Relevant factors in deciding whether a party's interest in sealing overcomes the public's interest in disclosure include: (1) the amount of material sought to be sealed (*see Algarin v. Maybelline, LLC*, No. 12-CV-3000-AJB (DHB), at *3 (S.D. Cal. Feb. 21, 2014)); (2) the "public interest in understanding the judicial process" (*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 747 F. App'x 463, 465 (9th Cir. 2018)), and (3) "whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets" (*Id.*).  Each of these factors supports sealing the material requested by Meta in this case.  First, Meta seeks to seal only limited portions of the Opposition and Exhibits that are necessary

to protect Meta's proprietary confidential information.  *See Algarin*, 2014 WL 690410, at *3 (permitting sealing because party "only s[ought] to seal a limited amount of information").  Second, sealing of this limited information about the technical aspects of how Meta's data storage systems work will not impede the public's understanding of the judicial process as this information is not essential to the public's understanding of the merits of this case.  Third, disclosure of this information is likely to place Meta at a competitive disadvantage, as Meta's competitors could use this sensitive information for their own gain, and bad actors could use this confidential information to better understand and infiltrate the data Meta stores, including user data.  Goldman Decl. ¶¶ 4-5.  The Court has already found compelling reasons to seal information regarding Meta's internal proprietary systems.  *See, e.g.,* Dkt. Nos. 77, 109, and 157.

## III.    THE COURT SHOULD SEAL SELECT CONFIDENTIAL INFORMATION IN THE OPPOSITION AND EXHIBITS

The Opposition and Exhibits that Meta seeks to seal in part relate to the parties' dispute regarding Meta's preservation efforts in connection with discovery.  Good cause to seal parts of the Opposition and Exhibits exists for several reasons.  *First*, Meta's sealing request is "narrowly tailored to seek sealing only of sealable material."  *Singh*, 2023 WL 4335287, at *1; *see also Algarin*, 2014 WL 690410, at *3 (sealing "limited amount of information" under compelling reasons standard).  Meta asks the Court to seal only those parts of the Opposition and exhibits that reflect proprietary, commercially sensitive, and confidential information about Meta's data storage systems.

*Second*, competitive harm is likely if Meta's highly confidential information is made public. As the Supreme Court has recognized, the public right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing."  *Nixon*, 435 U.S. at 598.  Meta operates in an intensely competitive marketplace and has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage.  Goldman Decl. ¶ 4.  Disclosure of the information Meta seeks to seal would provide these competitors with unfair insight into how Meta's

-4-

systems are designed and operate, allowing competitors the ability to "duplicate features of" Meta's systems and technical infrastructure "which could cause competitive harm." *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at \*3 (N.D. Cal. Sept. 25, 2013) (finding "compelling reasons to seal" materials relating to "descriptions of how Gmail operates").

*Third*, absent redactions, unsealing the Opposition and Exhibits likely would cause Meta harm because it would reveal information bad actors could then use to gain insight into or gain access to the data Meta receives and stores. Meta has an interest in maintaining confidentiality over information related to its data storage systems and takes care to protect the confidentiality of its proprietary information and the data it receives and stores. Divulging details about Meta's systems would undermine this interest by helping third parties circumvent Meta's security measures to better understand or infiltrate the data Meta stores (including data related to users), in violation of Meta's policies. Therefore, disclosure would harm both Meta and the individuals whose data may be left more vulnerable to improper access.

*Fourth*, courts routinely protect the type of information that Meta seeks to seal here. *See* Dkt. 157 at 3–4 (collecting cases); *Phillips*, 307 F.3d at 1211 (holding "confidential . . . commercial information" was entitled to protection from disclosure); *see also Calhoun,* 2022 WL 1122843, at \*3 (allowing redactions to references to "sensitive features of Google's internal systems and operations"); *Ojmar US, LLC v. Sec. People, Inc.*, 16-CV-04948-HSG, 2016 WL 6091543, at \*2 (N.D. Cal. Oct. 19, 2016) (noting protections afforded by courts within the Ninth Circuit are broad and extend to "confidential information regarding [a defendant's] products, services, and business practices"). In fact, Judge DeMarchi has already found good cause and ordered sealing of information similar to what Meta seeks to seal here. *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, and 734 (sealing, *inter alia*, information about Meta's proprietary data storage systems).

In conclusion, Meta's request is narrowly tailored to seal only the most sensitive, non-public information contained within the Opposition and Exhibits. Disclosure of this information would place Meta at a competitive disadvantage and is unnecessary to the public's understanding of this case. Under such circumstances, Meta respectfully requests that the Court grant Meta's motion to seal parts of the

DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO SEAL PARTS OF ITS OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO. 3:22-CV-03580-WHO (VKD)

Opposition and Exhibits. Meta's positions regarding the confidential portions of the Opposition and Exhibits are set forth in the table attached as Appendix A.

Dated: January 27, 2025                    **GIBSON, DUNN & CRUTCHER LLP**

By:  */s/ Lauren R. Goldman*
        Lauren R. Goldman

*Attorneys for Meta Platforms, Inc.*

# Appendix A

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Opposition to Plaintiffs' Motion for Sanctions | Parts of page i, line 12; page 1, lines 14, 16-17, 23, 25, 27; page 2, line; page 4, lines 12-13, 15; page 5, lines 23-25, 27-28; page 6, lines 2, 5, 7, 10-11, footnote 1 in line 22, footnote 2 in line 25, footnote 3 in line 28; page 7, lines 5-6, 12-13, 15-16-21; 24-25, footnote 4 in line 28; page 8, lines 2-4, 7-8, 10, footnote 5 in line 27-28; page 9, lines 9, 11, 13, 15; page 12, lines 4-6, 10, footnote 7 in line 28; page 14, lines 3, 12-13, 17; page 15 lines 2, 12, 14-16, 19; page 16 line | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including how the systems work, the names and contents of specific Hive tables, the amount of time for which Meta stores data, the types and amount of data that Meta stores, and Meta's internal, confidential processes for preserving certain types of data.  If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems.  Judge DeMarchi has previously ordered this type of information to be sealed.  *See, e.g.,* Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734. |

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| | 17; page 17, lines 5, 8, 10; page 18, lines 1-2, 4, 6-7, 9; page 19, lines 13-14, 17, 24, footnote 9 in lines 26-27; page 20, lines 1, 4, 6, 11-12, 14, 23, 25-27. | | |
| Declaration of Elizabeth K. McCloskey in Support of Defendant Meta's Opposition to Plaintiffs' Motion for Sanctions | Parts of page 1, lines 7, 9, 24-25; page 2, lines 4, 9, 13-15, 18, 23-24, 27; page 3, lines 1, 3-4, 7-8, chart in lines 15-22, lines 23-26; page 4, line 3, chart in lines 5-14, lines 15, 17, chart in lines 18-26, line 28; page 5, lines 3, 5-7, 12, 16-21. | Meta | This text and these charts should be redacted because they reveal specific, non-public information about Meta's proprietary data storage systems, including the names and contents of specific Hive tables, the amount of data Meta receives and stores, and how Meta's storage systems are structured. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems.   Judge DeMarchi has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734. |
| Declaration of Qiwen ("Carrol") Xia in Support of Meta's Opposition to Plaintiffs' Motion for Sanctions | Parts of page 1, lines 15-17; page 2, lines 2-6, 26; page 3, line 26; page 4, lines 14, 17, | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific Hive tables, the types of information Meta stores, the amount of time for which Meta stores data, the amount of data Meta receives and stores, how the systems can be queried, and how the systems are |

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| | 19, 23-24, 26; page 5, 1, 3-4, 6-7, 22-23; page 6, lines 4, 7-9, 12-15. | | organized. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems.  Judge DeMarchi has previously ordered this type of information to be sealed.  *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734. |
| Declaration of Tobias Wooldridge in Support of Meta's Opposition to Plaintiffs' Motion for Sanctions | Parts of page 1, lines 18-19, 24-25, 28; page 2, lines 1-2, 4-9, 17-27; page 3, lines 2-3, 5-8. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names and contents of specific Hive tables and how Meta's data storage systems are organized.  If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems.  Judge DeMarchi has previously ordered this type of information to be sealed.  *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734. |
| Exhibit No. 2 to Meta's Opposition to Plaintiffs' Motion for Sanctions | Parts of page 1, paragraph 3. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the amount of time for which Meta stores information.  If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems.  Judge DeMarchi has previously ordered this type of information to be sealed.  *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734. |
| Exhibit No. 3 to Meta's Opposition to Plaintiffs' Motion for Sanctions | Parts of page 1, paragraph 5, page 2, paragraphs 1-6; page 3, paragraphs 1, 3, 5, 7; page 4, paragraphs 1-2. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including details about how the systems are organized, the amount of data Meta receives and stores, the time periods for which Meta has stored certain types of data, and the names of specific Hive tables containing data at issue in this litigation.  If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine |

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| | | | the integrity of Meta's systems. Judge DeMarchi has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734. |
| Exhibit No. 4 to Meta's Opposition to Plaintiffs' Motion for Sanctions | Entire document. | Meta | This entire document should be sealed because it contains specific, non-public information showing Meta's confidential data productions in this case, which reveals highly confidential information about Meta's data storage system, including the name and contents of a specific Hive table. Judge DeMarchi previously ordered information related to Meta's data storage system and its confidential data productions in this case to be sealed. *See, e.g.,* Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734. |

DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO SEAL PARTS OF ITS OPPOSITION
TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO. 3:22-CV-03580-WHO (VKD)