**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:   (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:   (415) 393-8200
Facsimile:    (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION,<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-03580-WHO (VKD)<br><br>**DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF META'S MOTION TO SEAL PARTS OF ITS OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS**<br><br>Hon. William H. Orrick |

Gibson, Dunn & Crutcher LLP

DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF META'S MOTION TO SEAL PARTS OF ITS OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO. 3:22-CV-03580-WHO (VKD)

I, Lauren R. Goldman, state and declare as follows:

1. I am an attorney licensed to practice in the State of New York. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in these actions. I am admitted *pro hac vice* to practice before this Court. I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration under Local Rule 79-5(c)(2) in support of Meta's Administrative Motion to Seal. Specifically, Meta seeks to seal select, narrowly tailored portions of its Opposition to Plaintiffs' Motion for Sanctions and supporting declarations and exhibits ("Opposition and Exhibits") that contain specific confidential business information about Meta's proprietary non-public data storage systems, including details about how the systems are organized, the amount and types of data Meta receives and stores, the names and contents of specific Hive tables, the amount of time for which Meta stores data, and Meta's internal processes for preserving certain data. Judge DeMarchi has previously ordered much of this type of information to be sealed. *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, and 734.

3. As the Supreme Court has recognized, the public right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also* Dkt. No. 157 at 3 (Judge Orrick in this case confirming that "competitive harm is a compelling reason to seal"). Meta is likely to suffer harm if specific, non-public information about its data storage systems is made public. Further, there is "a compelling reason to seal" information that could compromise a party's "network infrastructure and security systems." *Music Grp. Macao Com. Offshore Ltd. v. Foote*,

---

[1] This Court and others in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, Dkt. Nos. 77, 109, 143-2, 157; *see also Avago Techs. Fiber IP (Singapore) PTE. Ltd., et al. v. IPtronics Inc., et al.*, No. 5:10-cv-02863-EJD, Dkt Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., et al. v. OpenTV Inc., et al.*, No. 5:13-00282-EJD, Dkt. Nos. 76, 82 (N.D. Cal. Oct. 8, 2013). I am personally familiar with Meta's practices of safeguarding proprietary information, including based on my experience representing Meta for many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting sealing.

14-CV-03078-JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *see also In re Google Inc. Gmail Litig.*, 13-MD-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding "compelling reasons to seal" "specific descriptions of how Gmail operates"). The "good cause" standard applies here because this is a discovery-related dispute about Meta's data preservation and production. The less stringent "good cause" standard is clearly met here because the disclosure of proprietary information about Meta's data storage systems could cause Meta competitive harm and empower bad actors to exploit and misuse that data. Further, Meta would also meet the higher "compelling reasons standard" for sealing material that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety* 809 F.3d at 1102. Under this standard, the public's right to inspect and access court records "can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto Ins. Comp.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Meta seeks to seal only narrow portions of the Opposition and Exhibits which reveal proprietary information about Meta's data storage systems. Meta's interest in sealing overrides any public interest in this material: the information Meta seeks to seal will not impede the public's understanding of this case, and disclosure could place Meta at a competitive disadvantage and allow bad actors to gain insight into how Meta stores data, including data from users.

4. Meta operates in an intensely competitive marketplace, so it has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage. Meta takes care to protect the confidentiality of its proprietary information. Disclosure of the information Meta seeks to seal would provide competitors with the opportunity to use Meta's information for their own gains at Meta's expense; specifically, competitors could attempt to duplicate features of Meta's data storage systems. These proprietary internal systems provide Meta with an edge over competitors by allowing it to develop and deliver a higher quality service to users and advertisers. Meta will lose this advantage if competitors become privy to its proprietary information.

5. In addition, absent redactions, unsealing the Opposition and Exhibits likely would cause Meta harm because it would reveal information bad actors could then use to gain insight into and access the data Meta receives and stores, including user data. Meta has an interest in maintaining

confidentiality over information related to its data storage systems and takes care to protect the confidentiality of its proprietary information and the data it receives and stores. Divulging details about Meta's systems would undermine this interest by helping third parties circumvent Meta's security measures to better understand and infiltrate the data Meta stores (including data related to users), in violation of Meta's policies. Therefore, disclosure would harm both Meta and the individuals whose data may be left more vulnerable to improper access.

6. In accordance with Local Rule 79-5(d), attached hereto are unredacted versions of the documents for which sealing is sought, as set forth in the following table:

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Opposition to Plaintiffs' Motion for Sanctions | Parts of page i, line 12; page 1, lines 14, 16-17, 23, 25, 27; page 2, line; page 4, lines 12-13, 15; page 5, lines 23-25, 27-28; page 6, lines 2, 5, 7, 10-11, footnote 1 in line 22, footnote 2 in line 25, footnote 3 in line 28; page 7, lines 5-6, 12-13, 15-16-21; 24-25, footnote 4 in line 28; page 8, lines 2-4, 7-8, 10, footnote 5 in line 27-28; page 9, | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including how the systems work, the names and contents of specific Hive tables, the amount of time for which Meta stores data, the types and amount of data that Meta stores, and Meta's internal, confidential processes for preserving certain types of data. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Judge DeMarchi has previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734. |

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| | lines 9, 11, 13, 15; page 12, lines 4-6, 10, footnote 7 in line 28; page 14, lines 3, 12-13, 17; page 15 lines 2, 12, 14-16, 19; page 16 line 17; page 17, lines 5, 8, 10; page 18, lines 1-2, 4, 6-7, 9; page 19, lines 13-14, 17, 24, footnote 9 in lines 26-27; page 20, lines 1, 4, 6, 11-12, 14, 23, 25-27. | | |
| Declaration of Elizabeth K. McCloskey in Support of Defendant Meta's Opposition to Plaintiffs' Motion for Sanctions | Parts of page 1, lines 7, 9, 24-25; page 2, lines 4, 9, 13-15, 18, 23-24, 27; page 3, lines 1, 3-4, 7-8, chart in lines 15-22, lines 23-26; page 4, line 3, chart in lines 5-14, lines 15, 17, chart in lines 18-26, line 28; page 5, lines 3, 5-7, | Meta | This text and these charts should be redacted because they reveal specific, non-public information about Meta's proprietary data storage systems, including the names and contents of specific Hive tables, the amount of data Meta receives and stores, and how Meta's storage systems are structured. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Judge DeMarchi has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734. |

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| | 12, 16-21. | | |
| Declaration of Qiwen ("Carrol") Xia in Support of Meta's Opposition to Plaintiffs' Motion for Sanctions | Parts of page 1, lines 15-17; page 2, lines 2-6, 26; page 3, line 26; page 4, lines 14, 17, 19, 23-24, 26; page 5, 1, 3-4, 6-7, 22-23; page 6, lines 4, 7-9, 12-15. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific Hive tables, the types of information Meta stores, the amount of time for which Meta stores data, the amount of data Meta receives and stores, how the systems can be queried, and how the systems are organized. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Judge DeMarchi has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734. |
| Declaration of Tobias Wooldridge in Support of Meta's Opposition to Plaintiffs' Motion for Sanctions | Parts of page 1, lines 18-19, 24-25, 28; page 2, lines 1-2, 4-9, 17-27; page 3, lines 2-3, 5-8. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names and contents of specific Hive tables and how Meta's data storage systems are organized. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Judge DeMarchi has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734. |
| Exhibit No. 2 to Meta's Opposition to Plaintiffs' Motion for Sanctions | Parts of page 1, paragraph 3. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the amount of time for which Meta stores information. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Judge DeMarchi has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, |

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| | | | 703, 734. |
| Exhibit No. 3 to Meta's Opposition to Plaintiffs' Motion for Sanctions | Parts of page 1, paragraph 5, page 2, paragraphs 1-6; page 3, paragraphs 1, 3, 5, 7; page 4, paragraphs 1-2. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including details about how the systems are organized, the amount of data Meta receives and stores, the time periods for which Meta has stored certain types of data, and the names of specific Hive tables containing data at issue in this litigation. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Judge DeMarchi has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734. |
| Exhibit No. 4 to Meta's Opposition to Plaintiffs' Motion for Sanctions | Entire document. | Meta | This entire document should be sealed because it contains specific, non-public information showing Meta's confidential data productions in this case, which reveals highly confidential information about Meta's data storage system, including the name and contents of a specific Hive table. Judge DeMarchi previously ordered information related to Meta's data storage system and its confidential data productions in this case to be sealed. *See, e.g.,* Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 27th day of January 2025 in New York, New York.

                                                     */s/ Lauren R. Goldman*
                                                     Lauren R. Goldman