UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION <br><br> ─────────────────────────────── <br><br> This Document Relates To: <br><br> All Actions. | Case No. 22-cv-03580-WHO (VKD) <br><br> **REDACTED** <br><br> **ORDER RE JANUARY 10, 2025 DISPUTE RE DISCOVERY FROM TWO DATA SOURCES** <br><br> Re: Dkt. No. 784-2 |

In connection with their most recent status report on the progress of discovery regarding potentially relevant data sources, the parties ask the Court to resolve a further dispute regarding two such sources: up2X and ZippyDB.[1]  *See* Dkt. No. 784-2; Dkt. No. 685 at 5-7.  The Court finds this dispute suitable for resolution without oral argument.  Civil L.R. 7-1(b).

In its prior order regarding these same data sources the Court ordered in relevant part:

> (1) If Meta can produce, without undue burden, information about ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ in ZippyDB and up2X in a format that makes plaintiffs' experts' review more efficient—such as producing the up2X information in CSV format—Meta must do so. . . . Meta is not required to prepare ▊▊▊▊▊▊▊▊▊ ▊▊▊▊▊▊▊▊▊▊▊▊ that do not exist in the ordinary course of its business or that cannot be generated by querying a data source; in other words, Meta need not undertake a manual review of its own ▊▊▊▊▊▊▊ to develop ▊▊▊▊▊.  (2) After consultation with plaintiffs, Meta shall provide ▊▊▊▊▊ from ZippyDB and up2X.  The ▊▊▊▊▊ must be limited to ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊, unless the parties agree otherwise.

Dkt. No. 685 at 6.  Plaintiffs now argue that "[p]ursuant to this Court's order at Dkt. No. 685,

---

[1] The Court provisionally seals certain information in this order, pending review of the related request for sealing.  *See* Dkt. Nos. 752, 782, 784.

1  Meta should be compelled to produce ▮ from UP2X and ZippyDB ▮ from dates
2  before Meta's implementation of CoreSetup," because [i]t is likely that such changes affect how
3  ▮ and the content of the ▮ from those systems." Dkt. No. 784-2
4  at 2, 3. Specifically, plaintiffs ask for the following order:

> Within seven days of the Court's order, Meta shall identify whether
> or not Meta preserved any UP2X or ZippyDB ▮, Named
> Plaintiff, or class-wide data prior to implementation of Core Setup,
> and, if so, the specific ▮, and/or information that
> was preserved. If Meta contends that the preserved data is too
> voluminous for complete production, Meta shall produce evidence
> of burden and, if Plaintiffs do not dispute the burden, the parties
> shall negotiate production of a sample consistent with the Court's
> prior order and the part[ies'] prior sampling stipulation within seven
> days of Meta's identification.

*Id.* at 6 ("Requested Order").

Meta responds that nothing in the Court's prior order requires Meta to produce "before and after" data, and that such production is unnecessary in view of the production Meta has already made. *Id.* at 8. Further, Meta argues that it has disclosed the ▮ the Court ordered it to provide, and it is prepared to provide ▮ from ▮ specific ZippyDB ▮ and a "small number" of up2X ▮, but that plaintiffs have not asked for any ▮ from the ▮ Meta has identified or any other ▮. *Id.*

As the parties will recall, the dispute that preceded the Court's November 12, 2024 order at Dkt. No. 685 concerned "[w]hether the Court should order Meta to produce additional documents responsive to [plaintiffs'] RFP 7 from the ZippyDB and up2X data sources." *See* Dkt. No. 685 at 1 (citing Dkt. No. 630-7). In RFP 7, plaintiffs ask Meta to produce "[d]ocuments sufficient to identify and describe each of the fields in databases, logs, or other electronic sources where Meta receives, re-directs, or stores event-level and/or derived data collected through and associated with the Meta Pixel for Medical Provider Web-Properties." *Id.* at 5 (citing Dkt. No. 630-7, Ex. 1 at ECF 8). Notwithstanding its objections, Meta agreed to produce ▮ ▮ for up2X and ZippyDB. *See id.* at 5-6. In addition, notwithstanding its objections

1  that producing ▓ from these data sources would be duplicative and burdensome of other
2  discovery, Meta agreed to provide a limited number of ▓ from "health-related" ▓.
3  *See id.* at 6.  In other words, Meta essentially agreed to give plaintiffs what they demanded.  The
4  Court's prior order reflects this agreement, but also requires the parties to confer and attempt to
5  agree regarding a limited number of specific health-related ▓ and/or specific ▓ for
6  which Meta would produce ▓.

7  The parties report that Meta has completed, or will soon complete, its production of
8  ▓ information for up2X and ZippyDB.  Dkt. No. 784-2 at 2.
9  Plaintiffs do not clearly state whether the parties have consulted and agreed on the specific health-
10 related ▓ and/or specific ▓ for which Meta will produce ▓; Meta states
11 that plaintiffs have not asked for any such specific ▓ or ▓.  *Id.* at 3, 6.  There is no
12 good excuse for the parties' failure to consult with each other and reach agreement on ▓
13 or ▓, in view of the Court's prior order directing that they do so.  *See* Dkt. No. 685 at 7.
14 While it is not unreasonable for plaintiffs to ask for ▓ for specific ▓ and ▓
15 ▓ that are representative of data during the relevant class period—an issue that was
16 *not* raised in the parties' prior dispute and *not* addressed in the Court's November 12, 2024 order
17 at Dkt. No. 685—plaintiffs' present demand for relief (quoted in full above) goes well beyond any
18 such reasonable request and also goes well beyond what the Court previously ordered.  The Court
19 denies plaintiffs' requested relief.

20  **IT IS SO ORDERED.**

21 Dated: January 31, 2025

*Virginia K. DeMarchi*
Virginia K. DeMarchi
United States Magistrate Judge

3