**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-3580-WHO<br><br>**DEFENDANT META PLATFORMS, INC.'S MOTION TO COMPEL PLAINTIFFS TO PROCEED USING THEIR IDENTITIES**<br><br>CLASS ACTION<br><br>Date: March 26, 2025<br>Time: 2:00 p.m.<br>Courtroom 2<br><br>**HON. WILLIAM H. ORRICK** |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on March 26, 2025, at 2:00 p.m., before the Honorable William Orrick of the United States District Court for the Northern District of California, Courtroom 2, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Meta Platforms, Inc. ("Meta"), will, and hereby does, move this Court for an order compelling the pseudonymous named plaintiffs to proceed using their identities.

The motion is based upon this notice of motion; the memorandum of points and authorities in support thereof that follows; the declaration of Abigail A. Barrera and the proposed order filed concurrently herewith; the pleadings, records, and papers on file in this action; oral argument of counsel; and any other matters properly before the Court.

## STATEMENT OF ISSUES TO BE DECIDED

Should the Court compel the pseudonymous named plaintiffs to proceed using their identities?

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

**INTRODUCTION**

Plaintiffs' First Amended Consolidated Class Action Complaint uses the following pseudonyms for the named plaintiffs: (1) John Doe I; (2) Jane Doe I; (3) John Doe II; (4) Jane Doe II; (5) Jane Doe III; (6) John Doe III; (7) John Doe IV; (8) Jane Doe IV; (9) Jane Doe V; (10) Jane Doe VI; (11) Jane Doe VII; (12) Jane Doe VIII; (13) Jane Doe IX; (14) Jane Doe X; and (15) Jane Doe XI. *See* Dkt. 335 ¶¶ 24–38. The "strong presumption" is that plaintiffs must identify themselves in litigation, and plaintiffs here have not shown that this is the "rare" or "unusual" case where proceeding anonymously is necessary. *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1142 (N.D. Cal. 2016) (Orrick, J.). Meta thus moves the Court to compel plaintiffs to proceed in this suit using their names.

**ARGUMENT**

Federal Rule of Civil Procedure 10(a) requires that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). As this Court has previously recognized, this rule reflects the "paramount importance of open courts," such that the "default presumption is that plaintiffs will use their true names." *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1143 (N.D. Cal. 2016) (Orrick, J.) (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1046 (9th Cir. 2010)); *see also id.* at 1142 (noting a "strong presumption" favors identification, and that presumption can be overcome only in "rare circumstance[s]" and "unusual cases"). "As a general rule, the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (quotation marks omitted).

In the Ninth Circuit, a party seeking to proceed anonymously must show "special circumstances" demonstrating that its "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does 1 through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000); *see also, e.g., Stoterau*, 524 F.3d at 1013. The party must evidence a circumstance "when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Advanced Textile*, 214 F.3d at

1067–68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). When considering a party's request to proceed anonymously, a district court "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id.* at 1068. The Ninth Circuit has identified the following situations in which parties have been permitted to proceed anonymously: "(1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution." *Doe v. John F Kennedy Univ.*, 2013 WL 4565061, at *3 (N.D. Cal. Aug. 27, 2013) (citing *Advanced Textile,* 214 F.3d at 1068).

The present case is not the rare or unusual case where anonymity is necessary, and plaintiffs have not demonstrated otherwise. Plaintiffs do not face a risk of retaliatory harm or criminal prosecution. The only potential basis for plaintiffs to proceed anonymously is a privacy concern, but having plaintiffs proceed in this case using their identities does not rise to the level of sensitivity that justifies anonymity. Courts have allowed anonymity only in "unusual cases where safety is an issue or stigma is so palpable that anonymity is critical." *UNUM Life Ins.*, 164 F. Supp. 3d at 1142 (noting "that is a rare circumstance"). There is no such social stigma or safety problem here, especially given that the details of plaintiffs' allegedly sensitive information have been redacted in the operative complaint, which redactions Meta does not challenge. *See* Dkt. 335. There is nothing socially stigmatizing or dangerous about the public knowing that plaintiffs are suing Meta over the alleged receipt of their health information, particularly when the details of that information will remain shielded from public disclosure in accordance with the Court's Protective Order. *Cf. UNUM Life Ins.*, 164 F. Supp. 3d at 1147 (noting that "[l]ess extraordinary measures" than anonymity, including restricting certain medical details from public access, "are available to provide a reasonable level of privacy protection").

In fact, the applicable case law requires plaintiffs to proceed using their names regardless of redactions for their health conditions. This Court has notably already rejected the proposition that "sensitive medical information" suffices to justify anonymity. *UNUM Life Ins.*, 164 F. Supp. 3d at 1142. In *UNUM Life Insurance*, the plaintiff argued that he was entitled to proceed anonymously

because he was a "well-known lawyer who practiced for decades at a prominent law firm," he "suffer[ed] from severe mental illness and public disclosure of his health condition [would] only aggravate his illness," and "[t]he administrative record contain[ed] highly-sensitive information regarding his condition, his employment and his personal life." *Id.* at 1145 (quotation marks omitted); *see also id.* at 1142 (plaintiff suffered from "a general anxiety disorder, a chronic cardiac condition, and chronic hypertension"). The plaintiff also asserted that his status as a "lawyer-plaintiff whose claim centers upon when he became disabled due to mental illness" constituted a compelling need to proceed anonymously. *Id.* at 1145 (quotation marks omitted). This Court disagreed, holding that the plaintiff's circumstances did not create a privacy interest that overrode the public's interest in open court proceedings. *Id.* This Court specifically determined that "the potential embarrassment or increased anxiety brought on by litigation does not justify anonymity." *Id.* The Court should apply the same ruling here: plaintiffs' case is "not so unusual or exceptional that anonymity is warranted." *Id.* at 1142. To the contrary, much of the information alleged in the complaint concerns health conditions that "are not uncommon, nor are they freighted with the high risk of stigmatization that has been deemed sufficient to allow plaintiffs to proceed under fictitious names." *John F Kennedy*, 2013 WL 4565061, at *3. Other courts have similarly rejected requests to proceed anonymously based on medical information. *See, e.g.*, *Roe v. Skillz, Inc.*, 858 F. App'x 240, 241 (9th Cir. 2021) (no anonymity where "claims relate[d] to [the plaintiff's] compulsive gambling and the impact on her mental health, her suicidal ideations, and personal harms she suffered").

To the extent plaintiffs have any privacy interest in remaining anonymous, applicable law dictates that the prejudice to Meta of allowing plaintiffs to continue to conceal their identities outweighs that interest. In support of its conclusion that the plaintiff failed to meet her burden to show her interest in anonymity outweighed the prejudice to the defendants, the court in *John F Kennedy* noted that allowing the plaintiff to proceed anonymously would create significant hurdles for the defendants, including difficulties with interviewing potential witnesses and third-party discovery. 2013 WL 4565061, at *4. In this case, Meta has served third-party discovery on certain healthcare entities that plaintiffs identified, and that plaintiffs claim sent Meta health information, and this discovery asks for documents relating to the named plaintiffs. Abigail A. Barrera Decl. ¶ 2. Because plaintiffs are

attempting to proceed anonymously and have designated their names as Attorneys' Eyes Only under the Protective Order (Dkt. 242), Meta has not been able to disclose plaintiffs' names to these healthcare entities. *Id.* ¶ 3. This third-party discovery is relevant to plaintiffs' claims and Meta's defenses, and allowing plaintiffs to proceed anonymously prevents Meta from obtaining necessary, relevant information from these third parties, thus substantially prejudicing Meta. In addition, plaintiffs' attempts to proceed anonymously and the designation of their names as Attorneys' Eyes Only will hamper Meta's own ability to participate in the litigation of this case, because based on the terms of the Protective Order, Meta's own in-house counsel cannot know plaintiffs' identities (except in the limited context of preservation and production). *See* Dkt. 242 § 7.4(h). That restriction limits in-house counsel's ability to participate in depositions and, as the case approaches class certification and summary judgment briefing, will hamper their ability to review pivotable briefs in the case (including the evidence and exhibits in support of those briefs). This is unreasonable and disproportionate to plaintiffs' claimed privacy interests.

Because plaintiffs cannot satisfy their burden to demonstrate "special circumstances" demonstrating that their "need for anonymity outweighs prejudice to [Meta] and the public's interest in knowing the party's identity," *Advanced Textile*, 214 F.3d at 1068, this Court should apply the usual rule and require plaintiffs to publicly proceed in this case using their names.

## CONCLUSION

Meta respectfully requests that the Court require plaintiffs to proceed in this case using plaintiffs' names.

Dated: February 7, 2025

**GIBSON, DUNN & CRUTCHER LLP**
By: */s/ Lauren R. Goldman*
Lauren R. Goldman

*Attorney for Meta Platforms, Inc.*