# Further Proposed Redacted Version of Exhibit 3 to the Motion for Sanctions Against Meta and for a Hearing to Address Relief (Dkt. 739-8)

# EXHIBIT 3

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

CONFIDENTIAL

| | |
|---|---|
| **GIBSON, DUNN & CRUTCHER LLP**<br>LAUREN R. GOLDMAN (*pro hac vice*)<br>lgoldman@gibsondunn.com<br>DARCY C. HARRIS (*pro hac vice*)<br>dharris@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166<br>Telephone:   (212) 351-4000<br>Facsimile:    (212) 351-4035<br><br>ELIZABETH K. MCCLOSKEY, SBN 268184<br>emccloskey@gibsondunn.com<br>ABIGAIL A. BARRERA, SBN 301746<br>abarrera@gibsondunn.com<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>Telephone:   (415) 393-8200<br>Facsimile:    (415) 393-8306 | **COOLEY LLP**<br>MICHAEL G. RHODES, SBN 116127<br>rhodesmg@cooley.com<br>KYLE C. WONG, SBN 224021<br>kwong@cooley.com<br>CAROLINE A. LEBEL, SBN 340067<br>clebel@cooley.com<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111-4004<br>Telephone:   (415) 693-2000<br>Facsimile:    (415) 693-2222 |

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-03580-WHO<br><br>**DEFENDANT META PLATFORMS, INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** |

**PROPOUNDING PARTY:**   Plaintiffs

**RESPONDING PARTY:**   Defendant Meta Platforms, Inc.

**SET NO.:**   One (Requests No. 1-42)

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

Defendant Meta Platforms, Inc. ("Meta"), by and through the undersigned attorneys, and pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure ("Federal Rules") and the Local Rules of the United States District Court for the Northern District of California ("Local Rules"), hereby provides the following second supplemental responses and objections (the "Second Supplemental Responses") to Plaintiffs' First Set of Requests for Admission (each, a "Request" and together, the "Requests").

Meta provides these Second Supplemental Responses subject to and without waiving the responses and objections contained in its initial responses dated August 12, 2024 ("Initial Responses" or "Initial Response") or its Supplemental Responses dated October 1, 2024. Meta likewise provides these Second Supplemental Responses subject to the Preliminary Statement, General Objections, and Objections to Definitions and Instructions in its Initial Responses and incorporates them by reference as if asserted herein. For clarity, Meta includes the following Objections to Definitions:

1. Meta objects to plaintiffs' definition of "EVENT-LEVEL" as vague and ambiguous, including because of its use of the term "event," its incorporation of the term "class member" (when plaintiffs have not moved for class certification or defined the putative class with particularity), and the phrase "identified by information that Meta uses to associate events to specific users." Meta further objects to this definition as overbroad to the extent it purports to contemplate documentation of an action or set of actions taken in an event or set of events that are not relevant to the claims in this case, including because they are unrelated to the data or information at issue. Meta will interpret "EVENT-LEVEL" to mean "event-level" as Meta understands and uses that term in the normal course of its business.

2. Meta objects to plaintiffs' definition of "HEALTHCARE PROVIDER WEB-PROPERTY" as overbroad, including because it purports to include "any website, app, server, or other interface" and is not limited to healthcare providers and covered entities that plaintiffs claim to be at issue in this case and for which plaintiffs have identified data source IDs. Meta also objects to plaintiffs' definition of "HEALTHCARE PROVIDER WEB-PROPERTY" as vague and ambiguous,

Gibson, Dunn & Crutcher LLP

2

DEFENDANT META PLATFORMS, INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

**CONFIDENTIAL**

including because of its use of the undefined terms and phrases "interface," "server," "collects," "user identified," "identifiable data," and "other relevant Business Tools."

Plaintiffs recognized during the parties' discussions that the term "HEALTHCARE PROVIDER WEB-PROPERTY" was overbroad because, as defined, it was not limited to entities potentially at issue in this litigation. Meta will therefore interpret the term "HEALTHCARE PROVIDER WEB-PROPERTY" to mean third-party websites and mobile apps that used data source IDs potentially relevant to this litigation.

3. Meta objects to plaintiffs' definition of "SubscribedButtonClick" as vague, ambiguous, and overbroad, including the vague and ambiguous phrase "Meta acquires the content of specific buttons clicked on specific websites" and the phrase "Pixel, SDK, or CAPI feature." Meta further objects to this definition to the extent plaintiffs intend it to encompass actions taken on any websites beyond those that have been identified as belonging to the healthcare providers and covered entities at issue in this case.

4. Meta objects to plaintiffs' definition of "USER-ASSOCIATED" as overbroad, vague, and ambiguous, including because of its use of the undefined term and phrases "or other source," "associated," and "specific user or their account." Meta will interpret "USER-ASSOCIATED" to mean "associated with individual users" as Meta understands and uses that concept in the normal course of its business.

Unless otherwise stated, Meta will interpret terms as it reasonably understands them. Meta reserves the right to supplement or amend any responses in accordance with any agreement between the parties or should future investigation indicate that such supplementation or amendment is necessary.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1

Meta has not preserved EVENT-LEVEL USER-ASSOCIATED SubscribedButtonClick data for events associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17, 2022.

Gibson, Dunn & Crutcher LLP

3

DEFENDANT META PLATFORMS, INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

**CONFIDENTIAL**

### RESPONSE TO REQUEST FOR ADMISSION NO. 1

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions above and as set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

(A) Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "preserved," "associated with," "collected," and "events," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "data for events associated with data collected" and "EVENT-LEVEL USER-ASSOCIATED SubscribedButtonClick data." Meta also objects to the use of the term "collected" to refer to information that third parties voluntarily chose to share with Meta via the relevant Business Tools.

Plaintiffs did not define "preserved" in their requests, but offered two different interpretations of the term in subsequent correspondence and discussions: (1) maintained a record outside of its ordinary retention periods; or (2) preserved a record specifically for this litigation. Based on Meta's understanding of plaintiffs' theory of relevance for this request, Meta will interpret the request as seeking information about whether Meta has preserved or otherwise identified or maintained certain information in Meta's systems.

Similarly, pursuant to Meta's objections, Meta will interpret "EVENT-LEVEL" to mean "event-level" as Meta understands and uses that term in the normal course of its business. Meta will interpret "USER-ASSOCIATED" to mean "associated with individual users" as Meta understands and uses that concept in the normal course of its business. And Meta will interpret "events" to mean "Business Tools events" in accordance with the scope and subject matter of this litigation.

(B) Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Tremblay v. OpenAI, Inc.*, 2024 WL 3638421, at *1 (N.D. Cal. July 31, 2024) (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C) Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism. "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Byard v. City & Cnty. of*

Gibson, Dunn & Crutcher LLP

4

DEFENDANT META PLATFORMS, INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

**CONFIDENTIAL**

*San Francisco,* 2017 WL 988497, at *2 (N.D. Cal. Mar. 15, 2017) (citing *Asea, Inc. v. S. Pac. Transp. Co.,* 669 F.2d 1242, 1245 (9th Cir. 1981)). This Request does not implicate factual issues for trial, and therefore it does not abide by Rule 36(a)

(D)   Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Plaintiffs acknowledged during the parties' discussions that the term "HEALTHCARE PROVIDER WEB-PROPERTIES" was overbroad because, as defined, it was not limited to entities potentially at issue in this litigation. Meta will therefore interpret this term to mean third-party websites and mobile apps that used data source IDs potentially relevant to this litigation.

(E)   Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong v. Alameda Cnty.*, 2020 WL 6460530, at *2 (N.D. Cal. Nov. 3, 2020); *C & C Jewelry Mfg., Inc. v. West*, 2011 WL 768642, at *1 (N.D. Cal. Feb. 28, 2011).

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows:

Meta denies the Request as written because Meta denies that it "collected" information that third parties voluntarily chose to share with Meta via the Business Tools. Moreover, as described in Meta's objections, this Request and several of its terms are vague and overbroad, including when those terms are used in tandem. Meta will reasonably interpret plaintiffs' Request and its terms to provide a

Gibson, Dunn & Crutcher LLP

5

DEFENDANT META PLATFORMS, INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

coherent response, including based on Meta's understanding of the parties' discussions. And Meta will interpret "collected" to mean information that third parties voluntarily chose to share with Meta via the relevant Business Tools.

Based on Meta's reasonable interpretation of the Request and Meta's reasonable investigation to date, Meta admits that it has not preserved or otherwise identified or maintained in Meta's systems event-level SubscribedButtonClick data for Business Tools events which occurred before ▓▓▓▓ ▓▓▓▓ associated with individual users, for events that third parties, using data source IDs potentially relevant to this litigation, voluntarily chose to share with Meta.

That said, Meta has preserved event-level data for billions of events, there are millions of tables and other data sources at Meta, and Meta's investigation is ongoing, so Meta reserves the right to amend this response. Meta further admits that, through its reasonable efforts to preserve relevant data associated with this litigation, Meta preserved and maintains data specifically from the ▓▓▓▓▓▓▓▓ table dating back to ▓▓▓▓▓▓▓▓ which includes data from Business Tools events, associated with individual users, that third parties, using data source IDs potentially relevant to this litigation, voluntarily chose to share with Meta.

**REQUEST FOR ADMISSION NO. 2**

Meta has not preserved any named Plaintiff's EVENT-LEVEL SubscribedButtonClick data for events associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17, 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions above and as set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

(A) Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "preserved," "collected," "associated with," and "events," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "data for events associated with data collected" and "named Plaintiff's EVENT-LEVEL SubscribedButtonClick data." Meta objects to the use of the term "collected" in reference to information that third parties

Gibson, Dunn & Crutcher LLP

6

DEFENDANT META PLATFORMS, INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

voluntarily choose to share with Meta.

Plaintiffs did not define "preserved" in their requests, but offered two different interpretations of the term in subsequent correspondence and discussions: (1) maintained a record outside of its ordinary retention periods; or (2) preserved a record specifically for this litigation. Based on Meta's understanding of plaintiffs' theory of relevance for this request, Meta will interpret the request as seeking information about whether Meta has preserved or otherwise identified or maintained certain information in Meta's systems.

Similarly, pursuant to Meta's objections, Meta will interpret "EVENT-LEVEL" to mean "event-level" as Meta understands and uses that term in the normal course of its business. And Meta will interpret "events" to mean "Business Tools events" in accordance with the scope and subject matter of this litigation.

(B)   Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)   Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism. "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Byard v. City & Cnty. of San Francisco,* 2017 WL 988497, at *2 (N.D. Cal. Mar. 15, 2017) (citing *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981)). This Request does not implicate factual issues for trial, and therefore it does not abide by Rule 36(a).

(D)   Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Plaintiffs acknowledged during the

Gibson, Dunn & Crutcher LLP

7

DEFENDANT META PLATFORMS, INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

**CONFIDENTIAL**

parties' discussions that the term "HEALTHCARE PROVIDER WEB-PROPERTIES" was overbroad because, as defined, it was not limited to entities potentially at issue in this litigation. Meta will therefore interpret this term to mean third-party websites and mobile apps that used data source IDs potentially relevant to this litigation.

Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows:

Meta denies the Request as written because Meta denies that it "collected" information that third parties voluntarily chose to share with Meta via the Business Tools. Moreover, as described in Meta's objections, this Request and several of its terms are vague and overbroad, including when those terms are used in tandem. Meta will reasonably interpret plaintiffs' Request and its terms to provide a coherent response, including based on Meta's understanding of the parties' discussions. And Meta will interpret "collected" to mean information that third parties voluntarily chose to share with Meta via the relevant Business Tools.

Based on Meta's reasonable interpretation of the Request and Meta's reasonable investigation to date, Meta admits that it has not preserved or otherwise identified or maintained in Meta's systems event-level SubscribedButtonClick data for Business Tools events which occurred before ▬ ▬ associated with the named plaintiffs, for events that third parties, using data source IDs potentially relevant to this litigation, voluntarily chose to share with Meta.

That said, Meta has preserved event-level data for ▬ of events, there are millions of tables and other data sources at Meta, and Meta's investigation is ongoing, so Meta reserves the right to amend this response. Meta further admits that, through its reasonable efforts to preserve relevant data

Gibson, Dunn & Crutcher LLP

8

DEFENDANT META PLATFORMS, INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

**CONFIDENTIAL**

associated with this litigation, Meta preserved and maintains data specifically from the ▬▬▬▬▬ table dating back to ▬▬▬▬▬ which includes data from Business Tools events that third parties, using data source IDs potentially relevant to this litigation, voluntarily chose to share with Meta.

**REQUEST FOR ADMISSION NO. 3**

Meta has not preserved any putative Class Member's EVENT-LEVEL USER-ASSOCIATED SubscribedButtonClick data for events associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17, 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions above and as set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

(A) Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "putative Class Member's," "preserved," "events," "associated with," and "collected," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "data for events associated with data collected" and "EVENT-LEVEL USER-ASSOCIATED SubscribedButtonClick data." Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta.

Plaintiffs did not define "preserved" in their requests, but offered two different interpretations of the term in subsequent correspondence and discussions: (1) maintained a record outside of the ordinary retention periods; or (2) preserved a record specifically for this litigation. Based on Meta's understanding of plaintiffs' theory of relevance for this request, Meta will interpret the request as seeking information about whether Meta has preserved or otherwise identified or maintained certain information in Meta's systems.

Similarly, pursuant to Meta's objections, Meta will interpret "EVENT-LEVEL" to mean "event-level" as Meta understands and uses that term in the normal course of its business. Meta will interpret "USER-ASSOCIATED" to mean "associated with individual users" as Meta understands and

Gibson, Dunn & Crutcher LLP

9

DEFENDANT META PLATFORMS, INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

uses that concept in the normal course of its business. And Meta will interpret "events" to mean "Business Tools events" in accordance with the scope and subject matter of this litigation.

(B)    Meta further objects to this Request as vague, ambiguous, and unintelligible as membership in the putative class has not yet been established in this case.

(C)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(D)    Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism. "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Byard v. City & Cnty. of San Francisco,* 2017 WL 988497, at *2 (N.D. Cal. Mar. 15, 2017) (citing *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981)). This Request does not implicate factual issues for trial, and therefore it does not abide by Rule 36(a).

(E)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Plaintiffs acknowledged during the parties' discussions that the term "HEALTHCARE PROVIDER WEB-PROPERTIES" was overbroad because, as defined, it was not limited to entities potentially at issue in this litigation. Meta will therefore interpret this term to mean third-party websites and mobile apps that used data source IDs potentially relevant to this litigation.

Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this

Gibson, Dunn & Crutcher LLP

10

DEFENDANT META PLATFORMS, INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

**CONFIDENTIAL**

Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows:

Meta denies the Request as written because Meta denies that it "collected" information that third parties voluntarily chose to share with Meta via the Business Tools. Moreover, as described in Meta's objections, this Request and several of its terms are vague and overbroad, including when those terms are used in tandem. Meta will reasonably interpret plaintiffs' Request and its terms to provide a coherent response, including based on Meta's understanding of the parties' discussions. And Meta will interpret "collected" to mean information that third parties voluntarily chose to share with Meta via the relevant Business Tools.

Based on Meta's reasonable interpretation of the Request and Meta's reasonable investigation to date, Meta admits that it has not preserved or otherwise identified or maintained in Meta's systems event-level SubscribedButtonClick data for Business Tools events which occurred before ▬▬ ▬▬ associated with individual users (which would include members of the putative class), for events that third parties, using data source IDs potentially relevant to this litigation, voluntarily chose to share with Meta.

That said, Meta has preserved event-level data for ▬▬ of events, there are millions of tables and other data sources at Meta, and Meta's investigation is ongoing, so Meta reserves the right to amend this response. Meta further admits that, through its reasonable efforts to preserve relevant data associated with this litigation, Meta preserved and maintains data specifically from the ▬▬▬▬▬ table dating back to ▬▬▬▬▬ which includes data from Business Tools events, associated with individual users, that third parties, using data source IDs potentially relevant to this litigation, voluntarily chose to share with Meta.

11

DEFENDANT META PLATFORMS, INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

Gibson, Dunn & Crutcher LLP

CONFIDENTIAL

**REQUEST FOR ADMISSION NO. 14**

Meta did not preserve data in the ▮▮▮▮▮▮▮▮ table for any events before November 26, 2022, that were associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14**

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions above and as set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

(A) Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "preserve," "events," "collected," and "data in the ▮▮▮▮▮▮▮▮ table," a table that contains several fields, as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "associated with data collected." Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta

Plaintiffs did not define "preserved" in their requests, but offered two different interpretations of the term in subsequent correspondence and discussions: (1) maintained a record outside of its ordinary retention periods; or (2) preserved a record specifically for this litigation. Based on Meta's understanding of plaintiffs' theory of relevance for this request, Meta will interpret the request as seeking information about whether Meta has preserved or otherwise identified or maintained certain information in Meta's systems.

Similarly, pursuant to Meta's objections, Meta will interpret "events" to mean "Business Tools events" in accordance with the scope and subject matter of this litigation.

(B) Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C) Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism. "The purpose of Rule 36(a) is to expedite trial by establishing

Gibson, Dunn & Crutcher LLP

12

DEFENDANT META PLATFORMS, INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

certain material facts as true and thus narrowing the range of issues for trial." *Byard v. City & Cnty. of San Francisco*, 2017 WL 988497, at *2 (N.D. Cal. Mar. 15, 2017) (citing *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981)).  This Request does not implicate factual issues for trial, and therefore it does not abide by Rule 36(a)

(D)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  Plaintiffs acknowledged during the parties' discussions that the term "HEALTHCARE PROVIDER WEB-PROPERTIES" was overbroad because, as defined, it was not limited to entities potentially at issue in this litigation.  Meta will therefore interpret this term to mean third-party websites and mobile apps that used data source IDs potentially relevant to this litigation.

Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain certain "data in the [REDACTED] table."  Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1); see *Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows:

Meta denies the Request as written because Meta denies that it "collected" information that third parties voluntarily chose to share with Meta via the Business Tools.  Moreover, as described in Meta's objections, this Request and several of its terms are vague and overbroad, including when those

Gibson, Dunn & Crutcher LLP

13

DEFENDANT META PLATFORMS, INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

terms are used in tandem. Meta will reasonably interpret plaintiffs' Request and its terms to provide a coherent response, including based on Meta's understanding of the parties' discussions. And Meta will interpret "collected" to mean information that third parties voluntarily chose to share with Meta via the relevant Business Tools.

Based on Meta's reasonable interpretation of the Request and Meta's reasonable investigation to date, Meta admits that it has not preserved or otherwise identified or maintained in Meta's systems data in the ▮▮▮▮ table for Business Tools events which occurred before ▮▮▮▮ for events that third parties, using data source IDs potentially relevant to this litigation, voluntarily chose to share with Meta.

That said, Meta has preserved event-level data for ▮▮▮ of events, there are millions of tables and other data sources at Meta, and Meta's investigation is ongoing, so Meta reserves the right to amend this response. Meta further admits that, through its reasonable efforts to preserve relevant data associated with this litigation, Meta preserved and maintains data specifically from the ▮▮▮▮ table dating back to ▮▮▮▮ which includes data from Business Tools events that third parties, using data source IDs potentially relevant to this litigation, voluntarily chose to share with Meta.

Dated: October 18, 2024                     GIBSON, DUNN & CRUTCHER LLP

                                            By:     /s/ Lauren R. Goldman
                                                    Lauren R. Goldman

                                            COOLEY LLP

                                            By:     /s/ Michael G. Rhodes
                                                    Michael G. Rhodes

                                            *Attorneys for Meta Platforms, Inc.*

Gibson, Dunn & Crutcher LLP

14

DEFENDANT META PLATFORMS, INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO