Further Proposed Redacted Version of Exhibit 5 to the Motion for Sanctions Against Meta and for a Hearing to Address Relief (Dkt. 739-10)

# EXHIBIT 5

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

CONFIDENTIAL

**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:   (212) 351-4000
Facsimile:   (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:   (415) 393-8200
Facsimile:   (415) 393-8306

**COOLEY LLP**
MICHAEL G. RHODES, SBN 116127
rhodesmg@cooley.com
KYLE C. WONG, SBN 224021
kwong@cooley.com
CAROLINE A. LEBEL, SBN 340067
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

*Attorneys for Defendant Meta Platforms, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION | Case No. 3:22-cv-03580-WHO |
| | **DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** |
| This Document Relates To: | |
| All Actions | |

**PROPOUNDING PARTY:**   Plaintiffs

**RESPONDING PARTY:**   Defendant Meta Platforms, Inc.

**SET NO.:**   One (Requests No. 1-42)

**CONFIDENTIAL**

Defendant Meta Platforms, Inc. ("Meta"), by and through the undersigned attorneys, and pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure ("Federal Rules") and the Local Rules of the United States District Court for the Northern District of California ("Local Rules"), hereby provides the following supplemental responses and objections (the "Supplemental Responses") to Plaintiffs' First Set of Requests for Admission (each, a "Request" and together, the "Requests").

Meta provides these Supplemental Responses subject to and without waiving the responses and objections contained in its initial responses dated August 12, 2024 ("Initial Responses" or "Initial Response"). Meta likewise provides these Supplemental Responses subject to the Preliminary Statement, General Objections, and Objections to Definitions and Instructions in its Initial Responses and incorporates them by reference as if asserted herein. For clarity, Meta includes the following Objections to Definitions:

1.      Meta objects to plaintiffs' definition of "EVENT-LEVEL" as vague and ambiguous, including because of its use of the term "event," its incorporation of the term "class member" (when plaintiffs have not moved for class certification or defined the putative class with particularity), and the phrase "identified by information that Meta uses to associate events to specific users." Meta further objects to this definition as overbroad to the extent it purports to contemplate documentation of an action or set of actions taken in an event or set of events that are not relevant to the claims in this case, including because they are unrelated to the data or information at issue in this case.

2.      Meta objects to plaintiffs' definition of "HEALTHCARE PROVIDER WEB-PROPERTY" as overbroad, including because it purports to include "any website, app, server, or other interface" and is not limited to healthcare providers and covered entities at issue in this case. Meta also objects to plaintiffs' definition of "HEALTHCARE PROVIDER WEB-PROPERTY" as vague and ambiguous, including because of its use of the undefined terms and phrases "interface," "server," "collects," "user identified," "identifiable data," and "other relevant Business Tools." Meta will interpret the phrase "HEALTHCARE PROVIDER WEB-PROPERTY" to mean websites and mobile apps that correspond to the healthcare entities which plaintiffs claim to be relevant to this litigation and which plaintiffs assert to be covered by HIPAA and/or the CMIA.

Gibson, Dunn & Crutcher LLP

2

DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

**CONFIDENTIAL**

3.      Meta objects to plaintiffs' definition of "INTENTS" as vague and ambiguous, including because of its use of the vague and ambiguous phrase "substantially similar" and the broader, ambiguous phrase "information identical or substantially similar to that which is stored in the ███████████████████ table," which has several different fields.  Meta also objects to this term as unduly burdensome to the extent plaintiffs' definition purports to require Meta to extract an undefined subset of data from this table, extract data from other tables, and compare those data sets together to determine whether they are "identical" or "substantially similar."

4.      Meta objects to plaintiffs' definition of "████████ as vague and ambiguous, including because of its use of the vague and ambiguous terms and phrases "substantially similar," "described in PIXEL_HEALTH000465524 or PIXEL_HEALTH000459429," "████████ ███████████████████████," and "is or was stored in ██████████ . . and██████████," each of which have several fields.  Plaintiffs' letter from August 12, 2024 exacerbates this definition's overbreadth and vagueness, including because of its use of the vague and ambiguous phrases "labels or categorizations attached to users, communications, or session data" and "stored in . . . ZippyDB, up2x, or any other data source at Meta."  Meta further objects to this term as unduly burdensome to the extent plaintiffs' definition purports to require Meta to extract an undefined subset of data from certain tables, which may or may not exist, extract data from other tables, and compare those data sets together to determine whether they are "identical" or "substantially similar." Meta also objects to this term to the extent it seeks information that is irrelevant to the claims in, or defenses to, this action or disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information.

5.      Meta objects to plaintiffs' definition of "Person" or "Persons" as vague, ambiguous, and overbroad, including the vague and ambiguous term and phrase "group" and "any other form of legal entity."

6.      Meta objects to plaintiffs' definition of "SubscribedButtonClick" as vague, ambiguous, and overbroad, including the vague and ambiguous phrase "Meta acquires the content of specific buttons clicked on specific websites" and the phrase "Pixel, SDK, or CAPI feature." Meta further

Gibson, Dunn & Crutcher LLP

3

DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

objects to this definition to the extent plaintiffs intend it to encompass actions taken on any websites beyond those that have been identified as belonging to the healthcare providers and covered entities at issue in this case.

7.      Meta objects to plaintiffs' definition of "USER-ASSOCIATED" as overbroad, vague, and ambiguous, including because of its use of the undefined term and phrases "or other source," "associated," and "specific user or their account."

8.      Meta objects to plaintiffs' definition of "VERTICALS" as overbroad, vague, and ambiguous, including because of its use of the undefined phrase "advertiser categorizations," its incorporation of other vague and ambiguous defined terms like "███████ and "INTENTS," and the unintelligible phrase "any other content categorizations that Meta makes, assigns, infers, or derives about users and/or their Off-Facebook Activity COMMUNICATIONS RELATING TO the Pixel, SDK, CAPI, or other relevant tools." Plaintiffs' letter from August 12, 2024 repeats much of this same language and does not cure this definition's overbreadth or vagueness.  Meta also objects to this term to the extent it seeks information that is irrelevant to the claims in, or defenses to, this action or disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information.

9.      Meta objects to plaintiffs' definition of "You," "Your," and "Defendant" and its inclusion of "other PERSONS acting on its behalf" as overbroad and unduly burdensome to the extent that phrase is meant to include any individual(s), entit(ies), or any other person(s) over which Meta exercises no control and to the extent plaintiffs purport to use the terms to impose obligations on Meta that go beyond the requirements of the Federal Rules and the Local Rules. Meta will construe the terms "You," "Your," and "Defendant" to mean Meta Platforms, Inc. and its officers and employees.

Unless otherwise stated, Meta will interpret terms as it reasonably understands them.  Meta reserves the right to supplement or amend any responses in accordance with any agreement between the parties or should future investigation indicate that such supplementation or amendment is necessary.

Gibbon, Dunn & Crutcher LLP

4

DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1

Meta has not preserved EVENT-LEVEL USER-ASSOCIATED SubscribedButtonClick data for events associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17, 2022.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response.  Meta further objects to this Request on the following grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "preserved," "associated with," "collected," and "events," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "data for events associated with data collected" and "EVENT-LEVEL USER-ASSOCIATED SubscribedButtonClick data."  Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts.  *Paul Tremblay v. OpenAI, Inc.*, 2024 WL 3638421, at *1 (N.D. Cal. July 31, 2024) (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)    Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

(D)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data

Gibson, Dunn & Crutcher LLP

5

DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); see *Wong v. Alameda Cnty.*, 2020 WL 6460530, at *2 (N.D. Cal. Nov. 3, 2020); *C & C Jewelry Mfg., Inc. v. West*, 2011 WL 768642, at *1 (N.D. Cal. Feb. 28, 2011).

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows: As part of Meta's reasonable investigation to date and its reasonable efforts to preserve relevant data associated with this litigation, Meta admits that it possesses data specifically from the ████████████ table covering events that third parties voluntarily chose to share with Meta dating back to ████████████ associated with data source IDs potentially relevant to this litigation. Meta's investigation is ongoing, and Meta is in the process of collecting and reviewing data responsive to plaintiffs' requests for production. Meta therefore reserves the right to supplement or amend this response.

## REQUEST FOR ADMISSION NO. 2

Meta has not preserved any named Plaintiff's EVENT-LEVEL SubscribedButtonClick data for events associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17, 2022.

## RESPONSE TO REQUEST FOR ADMISSION NO. 2

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "preserved," "collected," "associated with," and "events," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "data for

CONFIDENTIAL

events associated with data collected" and "named Plaintiff's EVENT-LEVEL SubscribedButtonClick data."  Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)    Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

(D)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request.  Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); see *Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows:  As part of Meta's reasonable investigation to date and its reasonable efforts to preserve relevant data associated with this litigation, Meta admits that it possesses data specifically from the ███████████ table covering events that third parties voluntarily chose to share with

7

Gibson, Dunn & Crutcher LLP

**CONFIDENTIAL**

Meta dating back to ████████████ associated with data source IDs potentially relevant to this litigation.  Meta's investigation is ongoing, and Meta is in the process of collecting and reviewing data responsive to plaintiffs' requests for production.  Meta therefore reserves the right to supplement or amend this response.

**REQUEST FOR ADMISSION NO. 3**

Meta has not preserved any putative Class Member's EVENT-LEVEL USER-ASSOCIATED SubscribedButtonClick data for events associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17, 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response.  Meta further objects to this Request on the following grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "putative Class Member's," "preserved," "events," "associated with," and "collected," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "data for events associated with data collected" and "EVENT-LEVEL USER-ASSOCIATED SubscribedButtonClick data."  Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)    Meta further objects to this Request as vague, ambiguous, and unintelligible as membership in the putative class has not yet been established in this case.

(C)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(D)    Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

(E)    Meta further objects to this Request as overly broad and unduly burdensome in that it

Gibson, Dunn & Crutcher LLP

8

DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

**CONFIDENTIAL**

seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows: As part of Meta's reasonable investigation to date and its reasonable efforts to preserve relevant data associated with this litigation, Meta admits that it possesses data specifically from the ███████████████ covering events that third parties voluntarily chose to share with Meta dating back to ███████████ associated with data source IDs potentially relevant to this litigation. Meta's investigation is ongoing, and Meta is in the process of collecting and reviewing data responsive to plaintiffs' requests for production. Meta therefore reserves the right to supplement or amend this response.

## REQUEST FOR ADMISSION NO. 4

Meta has not preserved EVENT-LEVEL USER-ASSOCIATED VERTICALS associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17, 2022.

Gibson, Dunn & Crutcher LLP

9

DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "preserved," "associated with," "collected," and "events," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "associated with data collected" and "EVENT-LEVEL USER-ASSOCIATED VERTICALS." Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)    Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

(D)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definitions of VERTICALS and HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that

Gibson, Dunn & Crutcher LLP

CONFIDENTIAL

seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows: As part of Meta's reasonable investigation to date and its reasonable efforts to preserve relevant data associated with this litigation, Meta admits that it has not yet identified ███████ labels that were associated with ██████████████ and which correspond to Business Tool events that third parties voluntarily chose to share with Meta that were sent before ███ ██████ from data source IDs potentially relevant to this litigation. However, Meta has preserved event-level data for ██████ of events, and Meta's investigation is ongoing, so Meta reserves the right to amend this response.

## REQUEST FOR ADMISSION NO. 5

Meta has not preserved EVENT-LEVEL USER-ASSOCIATED VERTICALS derived from data collected from HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17, 2022.

## RESPONSE TO REQUEST FOR ADMISSION NO. 5

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "preserved," "derived from," "collected," and "events," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "EVENT-LEVEL USER-ASSOCIATED VERTICALS." Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona

Gibson, Dunn & Crutcher LLP

11

DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)    Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

(D)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definitions of VERTICALS and HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows: As part of Meta's reasonable investigation to date and its reasonable efforts to preserve relevant data associated with this litigation, Meta admits that it has not yet identified ████████ labels that were associated with ████████████████████ and which correspond to Business Tool events that third parties voluntarily chose to share with Meta that were sent before ██ ██████ from data source IDs potentially relevant to this litigation. However, Meta has preserved event-level data for █████ of events, and Meta's investigation is ongoing, so Meta reserves the right to amend this response.

Gibson, Dunn &
Crutcher LLP

CONFIDENTIAL

## REQUEST FOR ADMISSION NO. 6

Meta has not preserved USER-ASSOCIATED VERTICALS associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17, 2022.

## RESPONSE TO REQUEST FOR ADMISSION NO. 6

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response.  Meta further objects to this Request on the following grounds:

(A)     Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "preserved," "associated with," "collected," and "events," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "associated with data collected" and "USER-ASSOCIATED VERTICALS."  Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)     Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)     Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

(D)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definitions of VERTICALS and HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  Meta also objects to

CONFIDENTIAL

this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows: As part of Meta's reasonable investigation to date and its reasonable efforts to preserve relevant data associated with this litigation, Meta admits that it has not yet identified ████████ labels that were associated with ████████ and which correspond to Business Tool events that third parties voluntarily chose to share with Meta that were sent before ████████ from data source IDs potentially relevant to this litigation. However, Meta has preserved event-level data for ████ of events, and Meta's investigation is ongoing, so Meta reserves the right to amend this response.

## REQUEST FOR ADMISSION NO. 7

Meta has not preserved USER-ASSOCIATED VERTICALS derived from data collected from HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17, 2022.

## RESPONSE TO REQUEST FOR ADMISSION NO. 7

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "preserved," "derived from," "collected," and "events," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "USER-ASSOCIATED VERTICALS." Meta objects to the use of the term "collected" in reference to

Gibson, Dunn & Crutcher LLP

14

DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)     Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)     Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

(D)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definitions of VERTICALS and HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows: As part of Meta's reasonable investigation to date and its reasonable efforts to preserve relevant data associated with this litigation, Meta admits that it has not yet identified ██████ labels that were associated with ██████ and which correspond to Business Tool events that third parties voluntarily chose to share with Meta that were sent before ██████ from

Gibson, Dunn & Crutcher LLP

CONFIDENTIAL

data source IDs potentially relevant to this litigation. However, Meta has preserved event-level data for ▆▆▆ of events, and Meta's investigation is ongoing, so Meta reserves the right to amend this response.

## REQUEST FOR ADMISSION NO. 8

Meta has not preserved EVENT-LEVEL USER-ASSOCIATED ▆▆▆▆ labels attached to data collected from HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17, 2022.

## RESPONSE TO REQUEST FOR ADMISSION NO. 8

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "preserved," "labels attached to data," "collected," and "events," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "EVENT-LEVEL USER-ASSOCIATED ▆▆▆▆ labels." Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)    Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

(D)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the

Gibson, Dunn & Crutcher LLP

CONFIDENTIAL

burden imposed on Meta in having to provide such information, including because of the overbroad

definitions of ████████ and HEALTHCARE PROVIDER WEB-PROPERTIES, which is

defined as extending to "any website, app, server, or other interface through which Meta collects user

identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  Meta also

objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to

confirm whether any of the millions of tables or other data sources at Meta contain data that meet the

ambiguous criteria from plaintiffs' Request.  Any attempt by Meta to respond to this Request as written

would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to

Requests that seek information that is not relevant to any party's claim or defense.  Fed. R. Civ. P.

26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable

investigation of the information available as of the date of these Supplemental Responses, Meta

responds as follows:  As part of Meta's reasonable investigation to date and its reasonable efforts to

preserve relevant data associated with this litigation, Meta admits that it has not yet identified

████████ labels that were associated with ████████ on an event-level basis, and which

correspond to Business Tool events that third parties voluntarily chose to share with Meta that were

sent before ████████ from data source IDs potentially relevant to this litigation.  However, Meta

has preserved event-level data for ████ of events, and Meta's investigation is ongoing, so Meta

reserves the right to amend this response.

## REQUEST FOR ADMISSION NO. 9

Meta has not preserved EVENT-LEVEL USER-ASSOCIATED INTENTS derived from data

collected from HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before

June 17, 2022.

## RESPONSE TO REQUEST FOR ADMISSION NO. 9

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and

Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in

this Response.  Meta further objects to this Request on the following grounds:

Gibson, Dunn & Crutcher LLP

17

DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

(A)     Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "preserved," "derived from," "collected," and "events," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "EVENT-LEVEL USER-ASSOCIATED INTENTS." Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)     Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)     Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

(D)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definitions of INTENTS and HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Gibson, Dunn & Crutcher LLP

18

DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

**CONFIDENTIAL**

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows:  Meta denies the Request.

**REQUEST FOR ADMISSION NO. 10**

Meta has not preserved ▮▮▮▮▮▮▮ labels it attached to URLs collected from HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17, 2022, such that Meta has not preserved its internal mappings of ▮▮▮▮▮▮ labels to the specific URLs and other COMMUNICATIONS data that it collected.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10**

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response.  Meta further objects to this Request on the following grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "preserved," "labels," "it attached to URLs," "collected," "events," and "internal mappings," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "internal mappings of ▮▮▮▮▮▮ labels to the specific URLs and other COMMUNICATIONS data that it collected."  Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)    Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

(D)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the

Gibson, Dunn & Crutcher LLP

19

DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

burden imposed on Meta in having to provide such information, including because of the overbroad definitions of ███████ and HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows: As part of Meta's reasonable investigation to date and its reasonable efforts to preserve relevant data associated with this litigation, Meta admits that it has not yet identified ███████ labels that were "attached to" ███████ which correspond to Business Tool events that third parties voluntarily chose to share with Meta that were sent before ███████ from data source IDs potentially relevant to this litigation. However, Meta has preserved event-level data for ███████ of events, and Meta's investigation is ongoing, so Meta reserves the right to amend this response. Meta denies the balance of this Request.

**REQUEST FOR ADMISSION NO. 11**

Meta has not preserved ███████ labels it attached to SubscribedButtonClick information collected from HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17, 2022, such that Meta has not preserved its internal mappings of ███████ to the specific URLs and other COMMUNICATIONS data that it collected.

Gibson, Dunn & Crutcher LLP

**CONFIDENTIAL**

**RESPONSE TO REQUEST FOR ADMISSION NO. 11**

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

(A)     Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "preserved," "labels," "it attached to SubscribedButtonClick information," "collected," "events," and "internal mappings," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "internal mappings of ▋▋▋▋ labels to the specific URLs and other COMMUNICATIONS data that it collected." Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)     Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)     Meta objects to this Request as impermissibly compound.

(D)     Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

(E)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definitions of ▋▋▋▋ and HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the

Gibson, Dunn & Crutcher LLP

CONFIDENTIAL

ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows: As part of Meta's reasonable investigation to date and its reasonable efforts to preserve relevant data associated with this litigation, Meta admits that it has not yet identified ██████ labels that were "attached to" ████████████ information which correspond to Business Tool events that third parties voluntarily chose to share with Meta that were sent before ████ ██████ from data source IDs potentially relevant to this litigation. However, Meta has preserved event-level data for ██████ of events, and Meta's investigation is ongoing, so Meta reserves the right to amend this response. Meta denies the balance of this Request.

## REQUEST FOR ADMISSION NO. 12

Meta has not preserved ████████ labels it attached to Microdata information collected from HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17, 2022, such that Meta has not preserved its internal mappings of ████████ labels to the specific URLs and other COMMUNICATIONS data that it collected.

## RESPONSE TO REQUEST FOR ADMISSION NO. 12

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "preserved," "labels," "it attached to Microdata information," "collected," "events," and "internal mappings," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "internal mappings of ████████ labels to the specific URLs and other COMMUNICATIONS data that it collected." Meta objects to the use of the

Gibson, Dunn &
Crutcher LLP

CONFIDENTIAL

term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)    Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

(D)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definitions of ███████████ and HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows: As part of Meta's reasonable investigation to date and its reasonable efforts to preserve relevant data associated with this litigation, Meta admits that it has not yet identified ███████ labels that were "attached to" ███████ information which correspond to Business Tool

Gibson, Dunn &
Crutcher LLP

CONFIDENTIAL

events that third parties voluntarily chose to share with Meta that were sent before ▮▮▮▮ from data source IDs potentially relevant to this litigation.  However, Meta has preserved event-level data for ▮▮▮ of events, and Meta's investigation is ongoing, so Meta reserves the right to amend this response.  Meta denies the balance of this Request.

**REQUEST FOR ADMISSION NO. 13**

Meta has not preserved ▮▮▮▮▮ labels it attached to other information collected from HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17, 2022, such that Meta has not preserved its internal mappings of ▮▮▮▮ labels to the specific URLs and other COMMUNICATIONS data that it collected.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13**

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response.  Meta further objects to this Request on the following grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "preserved," "labels," "it attached to other information," "collected," "events," and "internal mappings," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "internal mappings of ▮▮▮▮ labels to the specific URLs and other COMMUNICATIONS data that it collected."  Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)    Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

Gibson, Dunn & Crutcher LLP

24

DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

(D)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definitions of ███████████ and HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request.  Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows:  As part of Meta's reasonable investigation to date and its reasonable efforts to preserve relevant data associated with this litigation, Meta admits that it has not yet identified ███████ labels which correspond to ███████████████ that third parties voluntarily chose to share with Meta that were sent before ████████ from data source IDs potentially relevant to this litigation.   However, Meta has preserved event-level data for ██████ of events, and Meta's investigation is ongoing, so Meta reserves the right to amend this response.  Meta denies the balance of the request.

**REQUEST FOR ADMISSION NO. 14**

Meta did not preserve data in the ███████████████ table for any events before November 26, 2022, that were associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES.

Gibson, Dunn &
Crutcher LLP

CONFIDENTIAL

## RESPONSE TO REQUEST FOR ADMISSION NO. 14

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "preserve," "events," "collected," and "data in the ███████ table," a table that contains several fields, as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "associated with data collected." Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain certain "data in the ███████ table." Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Gibson, Dunn & Crutcher LLP

26
DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

**CONFIDENTIAL**

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows:  As part of Meta's reasonable investigation to date and its reasonable efforts to preserve relevant data associated with this litigation, Meta admits that, as a result of preservation efforts it took in this matter, Meta possesses data specifically from the ███████████ table covering events that third parties voluntarily chose to share with Meta dating back to ███████████ associated with data source IDs potentially relevant to this litigation.  Meta's investigation is ongoing, and Meta is in the process of collecting and reviewing data responsive to plaintiffs' requests for production.  Meta therefore reserves the right to supplement or amend this response.

**REQUEST FOR ADMISSION NO. 15**

Apart from their ordinary retention periods, Meta has not preserved EVENT-LEVEL USER-ASSOCIATED data collected from HEALTHCARE PROVIDER WEB-PROPERTIES from the ███████████ table.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15**

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response.  Meta further objects to this Request on the following grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "ordinary retention periods," "preserved," "collected," and "from the ███████████ table," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "EVENT-LEVEL USER-ASSOCIATED data."  Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)    Meta further objects that the request is lacking foundation and unintelligible to the extent it is premised on the assumption that the ███████████ table contains "event-level data."

(C)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona

27

DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

Gibson, Dunn & Crutcher LLP

CONFIDENTIAL

Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(D)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool," and including because this request seeks discovery outside the discovery period set by the Court.  Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1); *Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows:  Meta denies this Request.

## REQUEST FOR ADMISSION NO. 16

Apart from their ordinary retention periods, Meta has not preserved EVENT-LEVEL USER-ASSOCIATED data collected from HEALTHCARE PROVIDER WEB-PROPERTIES from the ███████████ table.

## RESPONSE TO REQUEST FOR ADMISSION NO. 16

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response.  Meta further objects to this Request on the following grounds:

(A)     Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "ordinary retention periods," "preserved," "collected," and "from the ███████████ table," as well as vague, ambiguous, or unintelligible combinations

Gibson, Dunn & Crutcher LLP

CONFIDENTIAL

of terms and phrases, including "EVENT-LEVEL USER-ASSOCIATED data." Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)    Meta further objects that the request is lacking foundation and unintelligible to the extent it is premised on the assumption that the ███████████ table contains "event-level" data.

(C)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(D)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows: Meta denies this Request.

Gibson, Dunn & Crutcher LLP

**CONFIDENTIAL**

### REQUEST FOR ADMISSION NO. 17

Apart from their ordinary retention periods, Meta has not preserved EVENT-LEVEL USER-ASSOCIATED data collected from HEALTHCARE PROVIDER WEB-PROPERTIES from the ███████████ table.

### RESPONSE TO REQUEST FOR ADMISSION NO. 17

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "ordinary retention periods," "preserved," "collected," and "from the ███████████ table," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "EVENT-LEVEL USER-ASSOCIATED data." Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs'

Gibson, Dunn & Crutcher LLP

CONFIDENTIAL

Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows: Meta denies this Request.

## REQUEST FOR ADMISSION NO. 18

Apart from their ordinary retention periods, Meta has not preserved EVENT-LEVEL USER-ASSOCIATED data collected from HEALTHCARE PROVIDER WEB-PROPERTIES from the ███████████ table.

## RESPONSE TO REQUEST FOR ADMISSION NO. 18

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

(A) Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "ordinary retention periods," "preserved," "collected," and "from the ███████████ table," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "EVENT-LEVEL USER-ASSOCIATED data." Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B) Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

31

DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

Gibson, Dunn & Crutcher LLP

CONFIDENTIAL

(C)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows: Meta denies this Request.

## REQUEST FOR ADMISSION NO. 19

As of June 17, 2022, the ████████████ table stored EVENT-LEVEL USER-ASSOCIATED data collected from HEALTHCARE PROVIDER WEB-PROPERTIES and had a retention period of greater than 730 days.

## RESPONSE TO REQUEST FOR ADMISSION NO. 19

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms: "stored" and "collected," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "EVENT-LEVEL USER-ASSOCIATED data." Meta

Gibson, Dunn & Crutcher LLP

CONFIDENTIAL

objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)     Meta objects to this Request as impermissibly compound.

(C)     Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(D)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool," and including because this request seeks discovery outside the discovery period set by the Court. It would be unduly burdensome to respond to this Request as written, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows: Meta denies this Request.

**REQUEST FOR ADMISSION NO. 20**

As of June 17, 2022, the ███████████ table stored EVENT-LEVEL USER-ASSOCIATED data collected from HEALTHCARE PROVIDER WEB-PROPERTIES and had a retention period of greater than 730 days.

Gibson, Dunn &
Crutcher LLP

CONFIDENTIAL

**RESPONSE TO REQUEST FOR ADMISSION NO. 20**

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response.  Meta further objects to this Request on the following grounds:

(A)   Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms: "stored" and "collected," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "EVENT-LEVEL USER-ASSOCIATED data."  Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)   Meta objects to this Request as impermissibly compound.

(C)   Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(D)   Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  It would be unduly burdensome to respond to this Request as written, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows:  Meta denies this Request.

Gibson, Dunn & Crutcher LLP

34

DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

### REQUEST FOR ADMISSION NO. 21

As of June 17, 2022, the ███████████ table stored EVENT-LEVEL USER-ASSOCIATED data collected from HEALTHCARE PROVIDER WEB-PROPERTIES and had a retention period of greater than 730 days.

### RESPONSE TO REQUEST FOR ADMISSION NO. 21

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response.  Meta further objects to this Request on the following grounds:

(A)     Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms: "stored" and "collected," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "EVENT-LEVEL USER-ASSOCIATED data."  Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)     Meta objects to this Request as impermissibly compound.

(C)     Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(D)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  It would be unduly burdensome to respond to this Request as written, and Meta is not required to respond to Requests that seek information that

is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows: Meta denies this Request.

## REQUEST FOR ADMISSION NO. 22

Meta has not preserved any EVENT-LEVEL USER-ASSOCIATED Pixel data collected or derived from data collected from HEALTHCARE PROVIDER WEB-PROPERTIES for Pixel events which occurred before March 30, 2022.

## RESPONSE TO REQUEST FOR ADMISSION NO. 22

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

(A)     Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "preserved," "collected," "derived from," and "events," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "EVENT-LEVEL USER-ASSOCIATED Pixel data collected or derived from data collected." Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)     Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the

Gibson, Dunn &
Crutcher LLP

CONFIDENTIAL

burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows: Meta denies this Request.

### REQUEST FOR ADMISSION NO. 23

Meta has not preserved any EVENT-LEVEL user associated SDK data collected or derived from data collected from healthcare provider apps for app events which occurred before February 22, 2022.

### RESPONSE TO REQUEST FOR ADMISSION NO. 23

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

(A)      Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "preserved," "collected," "derived from," and "healthcare provider apps for app events," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "EVENT-LEVEL user associated SDK data collected or derived from data collected." Meta objects to the use of the term "collected" in reference to information that third parties

Gibson, Dunn & Crutcher LLP

CONFIDENTIAL

voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)    Meta further objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows: Meta denies this Request.

## REQUEST FOR ADMISSION NO. 24

Meta maintains ███████ and systems that extract and store the specific content of web-pages from which it is collecting data associated with the Pixel, including HEALTHCARE PROVIDER WEB-PROPERTIES.

## RESPONSE TO REQUEST FOR ADMISSION NO. 24

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "███████ "systems," "specific content," "from which it is collecting," and "data associated with." Meta also objects to this Request as vague as to time. Meta objects to the use of the term "collecting" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collecting" to mean information that third parties voluntarily choose to share with Meta.

Gibson, Dunn & Crutcher LLP

CONFIDENTIAL

(B)     Meta objects to this Request as impermissibly compound.

(C)     Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

(D)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool," as well as undefined "██████ and systems."  It would be unduly burdensome to respond to this Request as written, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at \*2; *C & C Jewelry Mfg.*, 2011 WL 768642, at \*1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows:  Meta admits that it ██████████ to extract and store certain content from webpages, and the third-party developers of certain of those webpages may have installed the Pixel tool on those pages.  Meta denies the balance of the Request.

## REQUEST FOR ADMISSION NO. 25

Meta did not preserve ██████ data associated with HEALTHCARE PROVIDER WEB-PROPERTIES for web-pages before June 17, 2022.

## RESPONSE TO REQUEST FOR ADMISSION NO. 25

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response.  Meta further objects to this Request on the following grounds:

Gibson, Dunn & Crutcher LLP

39

DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

(A)     Meta objects to this Request as vague and ambiguous, including in the use of the following undefined term and phrases: "preserve," "████ data," and "web-pages before June 17, 2022."

(B)     Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows: Meta can neither admit nor deny this Request because, depending how the term "████ data" is defined, it could implicate overbroad data that would be unduly burdensome for Meta

Gibson, Dunn & Crutcher LLP

CONFIDENTIAL

to investigate to respond to this Request.  Meta's investigation is ongoing and Meta reserves the right to update this response.

**REQUEST FOR ADMISSION NO. 26**

Meta has systems that categorize the content of URLs collected via the Pixel on HEALTHCARE PROVIDER WEB-PROPERTIES.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26**

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response.  Meta further objects to this Request on the following grounds:

(A)     Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms: "systems," "categorize," "content," and "collected."  Meta also objects to this Request as vague as to time.  Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  It would be unduly burdensome to respond to this Request as written, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows:  Meta admits ██████████████████ to categorize the content of URLs

Gibson, Dunn & Crutcher LLP

CONFIDENTIAL

that third parties voluntarily choose to share with Meta by using the Pixel on their website. Meta

2   reserves the right to supplement or amend this response.

3   **REQUEST FOR ADMISSION NO. 27**

4        Meta has systems that categorize the contents and webpages where Meta collects data via the

5   Pixel on HEALTHCARE PROVIDER WEB-PROPERTIES.

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 27**

7        Meta restates and incorporates by reference the Preliminary Statement, General Objections, and

8   Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in

9   this Response.  Meta further objects to this Request on the following grounds:

10       (A)     Meta objects to this Request as vague and ambiguous, including in the use of the

11  following undefined terms: "systems," "categorize," "contents," and "collects."  Meta also objects to

12  this Request as vague as to time.  Meta objects to the use of the term "collects" in reference to

13  information that third parties voluntarily choose to share with Meta, and Meta will interpret the term

14  "collects" to mean information that third parties voluntarily choose to share with Meta.

15       (B)     Meta further objects to this Request as overly broad and unduly burdensome in that it

16  seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to

17  the needs of the case, or is of such marginal relevance that its probative value is outweighed by the

18  burden imposed on Meta in having to provide such information, including because of the overbroad

19  definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any

20  website, app, server, or other interface through which Meta collects user identified or identifiable data

21  for the Pixel, SDK, CAPI, or other relevant Business Tool."  It would be unduly burdensome to respond

22  to this Request as written, and Meta is not required to respond to Requests that seek information that

23  is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530,

24  at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

25       (C)     Meta objects to this Request as impermissibly compound.

26       Subject to and without waiving the foregoing objections, and based on a reasonable

27  investigation of the information available as of the date of these Supplemental Responses, Meta

28  responds as follows: Meta admits that ███████████ to categorize content that third parties

CONFIDENTIAL

voluntarily choose to share with Meta by using the Pixel on their website, as well as aspects of webpages on which the Pixel may be installed.  Meta reserves the right to supplement or amend this response.

### REQUEST FOR ADMISSION NO. 28

Before June 17, 2022, the Filter did not block collection of SubscribedButtonClick events involving a Log In to a patient portal.

### RESPONSE TO REQUEST FOR ADMISSION NO. 28

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response.  Meta further objects to this Request on the following grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "Filter," "block," "collection," "events," and "involving a Log In to a patient portal."  Meta objects to the use of the term "collection" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collection" to mean information that third parties voluntarily choose to share with Meta.

(B)    Meta further objects to this Request as lacking foundation and objects that the phrase "did not block collection of SubscribedButtonClick events involving a Log In to a patient portal" is vague, ambiguous, and unintelligible as it is premised on a misunderstanding of how Meta's integrity systems operate.

(C)    Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows:  The phrase "block collection" is undefined and vague in this context, and plaintiffs' attempt to define "block" in a subsequent letter as "to stop or prevent" does not cure its vagueness.  Meta interprets the phrase "block collection" as meaning to prevent Meta from receiving information that third parties voluntarily choose to share with Meta by using the Pixel on their website.

Gibson, Dunn & Crutcher LLP

43

DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

This request therefore appears to be premised on a misunderstanding of Meta's integrity systems. Meta admits that its systems that are designed to filter out potentially sensitive health data do not prevent SubscribedButtonClick events from being transmitted to Meta via the Pixel. Meta has other methods designed to prevent third parties from sending potentially sensitive information to Meta.

Meta currently undertakes best efforts to prevent SubscribedButtonClick events involving a Log In to a patient portal from being transmitted to Meta via the Pixel in multiple ways, which includes the following: (1) Meta requires developers to contractually commit not to send to Meta Business Tool Data that includes sensitive health information; (2) Meta has systems designed to ███████ ████████████████████████████████████████████████████████████████████ (3) Meta has systems designed to prevent specific advertisers from transmitting certain types of information to Meta, including SubscribedButtonClick data and (4) Meta has systems designed to prevent advertisers from sending Business Tool data that Meta identifies as being sent from a patient portal.

## REQUEST FOR ADMISSION NO. 29

Before June 17, 2022, the Filter did not block use of SubscribedButtonClick events involving a Log In to a patient portal.

## RESPONSE TO REQUEST FOR ADMISSION NO. 29

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "Filter," "block," "use," "events," and "involving a Log In to a patient portal."

(B)    Meta further objects to this Request as lacking foundation and objects that the phrase "did not block use of SubscribedButtonClick events involving a Log In to a patient portal" is vague, ambiguous, and unintelligible as it is premised on a misunderstanding of how Meta's integrity systems operate.

Gibson, Dunn & Crutcher LLP

CONFIDENTIAL

(C)     Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows: This request appears to be premised on a misunderstanding of Meta's integrity systems. Meta admits that its systems that are designed to filter out potentially sensitive health data ███ ████████████ SubscribedButtonClick events. Meta has other methods designed to prevent third parties from sending potentially sensitive information to Meta, and Meta similarly endeavors to prevent such data from being "used" in its advertising systems.

Meta currently undertakes best efforts to prevent SubscribedButtonClick events involving a Log In to a patient portal from being transmitted to Meta via the Pixel in multiple ways, which includes the following: (1) Meta requires developers to contractually commit not to send to Meta Business Tool Data that includes sensitive health information; (2) Meta has systems designed to ████████████ ████████████████████████████████████████████████████████████████████████; (3) Meta has systems designed to prevent specific advertisers from transmitting certain types of information to Meta, including SubscribedButtonClick data; and (4) Meta has systems designed to prevent advertisers from sending Business Tool data that Meta identifies as being sent from a patient portal. Meta similarly endeavors to prevent such data from being used in its advertising systems, including through the aforementioned steps.

## REQUEST FOR ADMISSION NO. 30

The Filter does not block collection of SubscribedButtonClick events involving a Log In to a patient portal.

## RESPONSE TO REQUEST FOR ADMISSION NO. 30

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

45

Gibson, Dunn & Crutcher LLP

CONFIDENTIAL

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "Filter," "block," "collection," "events," and "involving a Log In to a patient portal."  Meta also objects to this Request as vague as to time.  Meta objects to the use of the term "collection" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collection" to mean information that third parties voluntarily choose to share with Meta.

(A)    Meta further objects to this Request as lacking foundation and objects that the phrase "does not block collection of SubscribedButtonClick events involving a Log In to a patient portal" is vague, ambiguous, and unintelligible as it is premised on a misunderstanding of how Meta's integrity systems operate.

(B)    Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows:  The phrase "block collection" is undefined and vague in this context, and plaintiffs' attempt to define "block" in a subsequent letter as "to stop or prevent" does not cure its vagueness.  Meta interprets the phrase "block collection" as meaning to prevent Meta from receiving information that third parties voluntarily choose to share with Meta by using the Pixel on their website.

This request therefore appears to be premised on a misunderstanding of Meta's integrity systems.  Meta admits that its systems that are designed to filter out potentially sensitive health data do not prevent SubscribedButtonClick events from being transmitted to Meta via the Pixel.  Meta has other methods designed to prevent third parties from sending SubscribedButtonClick information to Meta.

Meta currently undertakes best efforts to prevent SubscribedButtonClick events involving a Log In to a patient portal from being transmitted to Meta via the Pixel in multiple ways, which includes the following: (1) Meta requires developers to contractually commit not to send to Meta Business Tool Data that includes sensitive health information; (2) Meta has systems designed to █████████████ ███████████████████████████████████████████████████████████████ ;

Gibson, Dunn & Crutcher LLP

CONFIDENTIAL

(3) Meta has systems designed to prevent specific advertisers from transmitting certain types of information to Meta, including SubscribedButtonClick data; and (4) Meta has systems designed to prevent advertisers from sending Business Tool data that Meta identifies as being sent from a patient portal.

**REQUEST FOR ADMISSION NO. 31**

The Filter does not block use of SubscribedButtonClick events involving a Log In to a patient portal.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31**

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

(A) Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "Filter," "block," "use," "events," and "involving a Log In to a patient portal." Meta also objects to this Request as vague as to time.

(B) Meta further objects to this Request as lacking foundation and objects that the phrase "does not block use of SubscribedButtonClick events involving a Log In to a patient portal" is vague, ambiguous, and unintelligible as it is premised on a misunderstanding of how Meta's integrity systems operate.

(C) Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows: This request appears to be premised on a misunderstanding of Meta's integrity systems. Meta admits that its systems that are designed to filter out potentially sensitive health data ▇ ▇ of SubscribedButtonClick events. Meta has other methods designed to prevent third parties from sending potentially sensitive information to Meta, and Meta similarly endeavors to prevent such data from being "used" in its advertising systems.

Gibson, Dunn & Crutcher LLP

47

DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

Meta currently undertakes best efforts to prevent SubscribedButtonClick events involving a Log In to a patient portal from being transmitted to Meta via the Pixel in multiple ways, which includes the following: (1) Meta requires developers to contractually commit not to send to Meta Business Tool Data that includes sensitive health information; (2) Meta has systems designed to ███████████ ████████████████████████████████████████████████████████████████████████ (3) Meta has systems designed to prevent specific advertisers from transmitting certain types of information to Meta, including SubscribedButtonClick data; and (4) Meta has systems designed to prevent advertisers from sending Business Tool data that Meta identifies as being sent from a patient portal.  Meta similarly endeavors to prevent such data from being used in its advertising systems, including through the aforementioned steps.

**REQUEST FOR ADMISSION NO. 32**

Before June 17, 2022, the Filter did not block collection of VERTICALS information associated or derived from STANDARD URLs collected from HEALTHCARE PROVIDER WEB-PROPERTIES, such as https://hartfordhospital.org/services/digestive-health/conditions-wetreat/colorectal-small-bowel-disorders/ulcerative-colitis (see Dkt. No. 333-3, ¶ 421).

**RESPONSE TO REQUEST FOR ADMISSION NO. 32**

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response.  Meta further objects to this Request on the following grounds:

(A)     Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "Filter," "block," "collection," "associated or derived from," and "collected," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "VERTICALS information associated or derived from STANDARD URLs collected from HEALTHCARE PROVIDER WEB-PROPERTIES."   The phrase "block collection" is undefined and vague in this context, and plaintiffs' attempt to define "block" in a subsequent letter as "to stop or prevent" does not cure its vagueness.  Meta interprets the phrase "block collection" as meaning to prevent Meta from receiving information that third parties voluntarily choose to share with Meta by using the Pixel on their website.  Meta objects to the use of the term "collection" in reference to

Gibson, Dunn & Crutcher LLP

48

DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collection" to mean information that third parties voluntarily choose to share with Meta.

(B)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definitions of VERTICALS and HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." It would be unduly burdensome to respond to this Request as written, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

(C)     Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

(D)     Meta further objects to this Request as duplicative of Request No. 33.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows: Meta can neither admit nor deny this Request because the phrase "block collection of VERTICALS information" makes no sense in this context.

**REQUEST FOR ADMISSION NO. 33**

Before June 17, 2022, the Filter did not block collection of VERTICALS information associated or derived from STANDARD URLs collected from HEALTHCARE PROVIDER WEB-PROPERTIES, such as https://hartfordhospital.org/services/digestive-health/conditions-wetreat/colorectal-small-bowel-disorders/ulcerative-colitis (see Dkt. No. 333-3, ¶ 421).

Gibson, Dunn & Crutcher LLP

49

DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

**RESPONSE TO REQUEST FOR ADMISSION NO. 33**

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

(A)     Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "Filter," "block," "collection," "associated or derived from," and "collected," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "VERTICALS information associated or derived from STANDARD URLs collected from HEALTHCARE PROVIDER WEB-PROPERTIES." Meta also objects to this Request as vague and ambiguous to the extent plaintiffs' URL conflicts with plaintiffs' own definition for "STANDARD URLs." The phrase "block collection" is undefined and vague in this context, and plaintiffs' attempt to define "block" in a subsequent letter as "to stop or prevent" does not cure its vagueness. Meta interprets the phrase "block collection" as meaning to prevent Meta from receiving information that third parties voluntarily choose to share with Meta by using the Pixel on their website. Meta objects to the use of the term "collection" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collection" to mean information that third parties voluntarily choose to share with Meta.

(B)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definitions of VERTICALS and HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." It would be unduly burdensome to respond to this Request as written, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at \*2; *C & C Jewelry Mfg.*, 2011 WL 768642, at \*1.

50

DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

Gibson, Dunn & Crutcher LLP

CONFIDENTIAL

(C)     Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

(D)     Meta further objects to this Request as duplicative of Request No. 32.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows: Meta can neither admit nor deny this Request because the phrase "block collection of VERTICALS information" makes no sense in this context.

## REQUEST FOR ADMISSION NO. 34

Before June 17, 2022, the Filter did not block collection and use of information associated or derived from STANDARD URLs collected from HEALTHCARE PROVIDER WEB-PROPERTIES, such as https://hartfordhospital.org/services/digestive-health/conditions-wetreat/colorectal-small-bowel-disorders/ulcerative-colitis (see Dkt. No. 333-3, ¶ 421).

## RESPONSE TO REQUEST FOR ADMISSION NO. 34

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

(A)     Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "Filter," "block," "collection," "use," "associated or derived from," and "collected," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "collection and use of information associated or derived from STANDARD URLs collected from HEALTHCARE PROVIDER WEB-PROPERTIES." Meta also objects to this Request as vague and ambiguous to the extent plaintiffs' URL conflicts with plaintiffs' own definition for "STANDARD URLs." Meta objects to the use of the term "collection" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collection" to mean information that third parties voluntarily choose to share with Meta.

(B)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to

Gibson, Dunn & Crutcher LLP

CONFIDENTIAL

the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." It would be unduly burdensome to respond to this Request as written, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at \*2; *C & C Jewelry Mfg.*, 2011 WL 768642, at \*1.

(C)     Meta objects to this Request as impermissibly compound.

(D)     Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows: Meta can neither admit nor deny this Request because the phrase "block collection and use of information associated or derived" makes no sense in this context.

## REQUEST FOR ADMISSION NO. 35

Meta did not preserve data in the ▇▇▇▇▇ table for any events before February 22, 2022, that were associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES.

## RESPONSE TO REQUEST FOR ADMISSION NO. 35

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

(A)     Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "preserve," "events," "collected," and "data in the ▇▇▇▇▇ table," a table with several fields, as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES." Meta objects to the use of the term "collected" in reference to information that third

Gibson, Dunn &
Crutcher LLP

CONFIDENTIAL

parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)  Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)  Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome to the extent it requires Meta to confirm whether any of the millions of tables or other data sources at Meta contain data also contained somewhere within the █████ table during the timeframe plaintiffs have requested. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows:  As part of Meta's reasonable investigation to date and its reasonable efforts to preserve relevant data associated with this litigation, Meta admits that Meta possesses data specifically from the █████ table covering events that third parties voluntarily chose to share with Meta dating back to █████ associated with data source IDs potentially relevant to this litigation. Meta's investigation is ongoing, and Meta is in the process of collecting and reviewing data responsive to

Gibson, Dunn &
Crutcher LLP

CONFIDENTIAL

plaintiffs' requests for production.  Meta therefore reserves the right to supplement or amend this response.

## REQUEST FOR ADMISSION NO. 36

Meta did not preserve data in the ███████████ table for any events before November 26, 2022, that were associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES.

## RESPONSE TO REQUEST FOR ADMISSION NO. 36

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response.  Meta further objects to this Request on the following grounds:

(A)     Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "preserve," "events," "collected," and "data in the ███████████ table," a table with several fields, as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES."  Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)     Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  Meta also objects to this Request as overly

Gibson, Dunn &
Crutcher LLP

CONFIDENTIAL

broad and unduly burdensome to the extent it requires Meta to confirm whether any of the millions of tables or other data sources at Meta contain data also contained somewhere within the █████████ table during the timeframe plaintiffs have requested. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows: Meta denies this Request.

## REQUEST FOR ADMISSION NO. 37

Meta did not preserve data in the ██████████ table for any events before July 2, 2022, that were associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES.

## RESPONSE TO REQUEST FOR ADMISSION NO. 37

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

(A) Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "preserve," "events," "collected," and "data in the ██████████ table," a table with several fields, as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES." Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B) Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

Gibson, Dunn & Crutcher LLP

CONFIDENTIAL

(C)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome to the extent it requires Meta to confirm whether any of the millions of tables or other data sources at Meta contain data also contained somewhere within the ████████ table during the timeframe plaintiffs have requested. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows: As part of Meta's reasonable investigation to date and its reasonable efforts to preserve relevant data associated with this litigation, Meta admits that it possesses data specifically from the ████████ table covering events that third parties voluntarily chose to share with Meta dating back to ████████ associated with data source IDs potentially relevant to this litigation. Meta's investigation is ongoing, and Meta is in the process of collecting and reviewing data responsive to plaintiffs' requests for production. Meta therefore reserves the right to supplement or amend this response.

## REQUEST FOR ADMISSION NO. 38

Meta did not preserve data in the ████████ table for any events before July 2, 2022, that were associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES.

Gibson, Dunn & Crutcher LLP

**CONFIDENTIAL**

## RESPONSE TO REQUEST FOR ADMISSION NO. 38

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response.  Meta further objects to this Request on the following grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "preserve," "events," "collected," and "data in the ███████████ table," a table with several fields, as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES."  Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  Meta also objects to this Request as overly broad and unduly burdensome to the extent it requires Meta to confirm whether any of the millions of tables or other data sources at Meta contain data also contained somewhere within the ███████████ table during the timeframe plaintiffs have requested.  Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or

Gibson, Dunn & Crutcher LLP

CONFIDENTIAL

defense.  Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows:  As part of Meta's reasonable investigation to date and its reasonable efforts to preserve relevant data associated with this litigation, Meta admits that it Meta possesses data specifically from the ██████████ table covering events that third parties voluntarily chose to share with Meta dating back to ████████ associated with data source IDs potentially relevant to this litigation.  Meta's investigation is ongoing, and Meta is in the process of collecting and reviewing data responsive to plaintiffs' requests for production.  Meta therefore reserves the right to supplement or amend this response.

## REQUEST FOR ADMISSION NO. 39

Meta did not preserve data in the ██████████ table for any events before July 2, 2022, that were associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES.

## RESPONSE TO REQUEST FOR ADMISSION NO. 39

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response.  Meta further objects to this Request on the following grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "preserve," "events," "collected," and "data in the ██████████ table," a table with several fields, as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES."  Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

Gibson, Dunn &
Crutcher LLP

**CONFIDENTIAL**

(B)     Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome to the extent it requires Meta to confirm whether any of the millions of tables or other data sources at Meta contain data also contained somewhere within the ███████████ table during the timeframe plaintiffs have requested. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows:  As part of Meta's reasonable investigation to date and its reasonable efforts to preserve relevant data associated with this litigation, Meta admits that it possesses data specifically from the ████████████ table covering events that third parties voluntarily chose to share with Meta dating back to ████████████ associated with data source IDs potentially relevant to this litigation. Meta's investigation is ongoing, and Meta is in the process of collecting and reviewing data

Gibson, Dunn & Crutcher LLP

CONFIDENTIAL

responsive to plaintiffs' requests for production. Meta therefore reserves the right to supplement or amend this response.

**REQUEST FOR ADMISSION NO. 40**

Apart from their ordinary retention periods, Meta has not preserved EVENT-LEVEL USER-ASSOCIATED data collected from HEALTHCARE PROVIDER WEB-PROPERTIES from the ███████████████████████████ table.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40**

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "ordinary retention periods," "preserved," "collected," and "from the ███████████████████████," a table with several fields, as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "EVENT-LEVEL USER-ASSOCIATED data." Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly

Gibson, Dunn & Crutcher LLP

CONFIDENTIAL

broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows: Meta denies this Request.

**REQUEST FOR ADMISSION NO. 41**

Apart from their ordinary retention periods, Meta has not preserved EVENT-LEVEL USER-ASSOCIATED DATA collected from HEALTHCARE PROVIDER WEB-PROPERTIES from the ▇▇▇▇▇▇▇▇▇ table.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41**

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "ordinary retention periods," "preserved," "collected," and "from the ▇▇▇▇▇▇▇▇▇," a table with several fields, as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "EVENT-LEVEL USER-ASSOCIATED data." Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona

DEFENDANT META PLATFORMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows: Meta denies this Request.

## REQUEST FOR ADMISSION NO. 42

Apart from their ordinary retention periods, Meta has not preserved SESSIONIZED USER-ASSOCIATED DATA collected from HEALTHCARE PROVIDER WEB-PROPERTIES from the ██████████ table.

## RESPONSE TO REQUEST FOR ADMISSION NO. 42

Meta restates and incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions and Instructions set forth in its Initial Response as though fully set forth in this Response. Meta further objects to this Request on the following grounds:

Gibson, Dunn &
Crutcher LLP

CONFIDENTIAL

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "ordinary retention periods," "preserved," "collected," and "from the ███████████ table," a table with several fields, as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "SESSIONIZED USER-ASSOCIATED data." Meta objects to the use of the term "collected" in reference to information that third parties voluntarily choose to share with Meta, and Meta will interpret the term "collected" to mean information that third parties voluntarily choose to share with Meta.

(B)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Supplemental Responses, Meta responds as follows: Meta denies this Request.

Gibson, Dunn & Crutcher LLP

**CONFIDENTIAL**

Dated: October 1, 2024                    GIBSON, DUNN & CRUTCHER LLP

By:        /s/ Lauren R. Goldman

Lauren R. Goldman

COOLEY LLP

By:        /s/ Michael G. Rhodes

Michael G. Rhodes

*Attorneys for Meta Platforms, Inc.*