# Further Proposed Redacted Version of Exhibit 15 to the Motion for Sanctions Against Meta and for a Hearing to Address Relief (Dkt. 739-18)

# EXHIBIT 15

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

| | | |
|---|---|---|
| **SIMMONS HANLY CONROY LLC**<br>112 MADISON AVENUE, 7TH FL<br>NEW YORK, NY 10016 | **KIESEL LAW LLP**<br>8648 WILSHIRE BOULEVARD<br>BEVERLY HILLS, CA 90211-2910 | **GIBBS LAW GROUP LLP**<br>1111 BROADWAY, STE. 2100<br>OAKLAND, CA 94607 |
| **COHEN MILSTEIN SELLERS & TOLL PLLC**<br>110 NEW YORK AVENUE NW, 5TH FL<br>WASHINGTON, DC 20005 | | **TERRELL MARSHALL LAW GROUP PLLC**<br>936 NORTH 34TH ST., STE. 300<br>SEATTLE, WA 98103 |

**May 1, 2024**

**VIA ELECTRONIC MAIL**
GIBSON, DUNN & CRUTCHER LLP
Lauren Goldman
*lgoldman@gibsondunn.com*

Re:   *In re Meta Pixel Healthcare Litigation*
Correspondence Regarding Data Sources and Classwide Data
Pursuant to the Court's April 10, 2024 Order (ECF No. 452)

Dear Counsel:

We write regarding data sources and classwide data and to follow up on Plaintiffs' April 24 letter and the parties' April 26, 2024 meet-and-confer. Plaintiffs ask that Meta respond in writing to Plaintiffs' April 24 letter. Please also provide a written confirmation of Meta's representations from the April 26 meet-and-confer.

Plaintiffs ask that the parties meet-and-confer again on May 2 or 3. Please advise when Meta is available.

**Meta's Burden**

During the parties' April 26 meet-and-confer, Meta stated that it estimates that there are ▬▬▬▬ events per day for Meta's Six Tables for the approximately 1,800 Pixel IDs that Plaintiffs have identified. Meta also represented that, under its proposal where it would provide data for the 15th day of the month from March 15, 2022 to April 15, 2023, Meta would produce data for over ▬▬▬▬ events. Meta also represented that if it produced data from Meta's Six Tables for the ▬▬▬▬ for which it possesses data, Meta would produce data for ▬▬▬▬ events.[1] Please confirm these representations in writing.

On the call, Plaintiffs asked Meta to identify the volume of the data (in bytes) that Meta would produce for its one-day per month sampling proposal for Meta's Six Tables and for ▬▬ ▬▬ from the Meta's Six Tables. Plaintiffs also asked Meta to identify the volume of the data (in bytes) per event. Meta was unable to answer these questions on the call, but said that it would consider trying to provide this information.

---

[1] Meta did not specifically identify the full ▬▬▬▬ time period for which it possesses class member data from at least some of Meta's Six Tables. However, based on Meta's other statements on the call, this ▬▬▬▬ time period appears to be ▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Please confirm that this is correct.

Meta also stated on the call that its purported "main burden" is extracting data out of cold storage. As to why extracting data out of cold storage is burdensome, Meta stated that the burden is the amount of time that it takes to decompress and bring data back online from cold storage. Meta stated that its purported burden is "the burden on the resources of our system" and "[t]he issue is that Meta does not have limitless computers and servers." Meta stated that the burden in restoring data from cold storage is not based on time that will have to be spent by Meta employees or attorneys.

Plaintiffs asked Meta questions about its cold storage technology and processes that Meta could not answer. Plaintiffs asked Meta the following questions that Meta was unable to answer:

- What is the specific cold storage technology that Meta uses?

- How long would it take Meta to extract the data from cold storage for Meta's proposal and Plaintiffs' counterproposal?

- Can multiple days of data be extracted from cold storage at the same time?

Plaintiffs also asked Meta questions about the burden of pulling data that is in "hot storage."[2] Meta could not articulate the burden of pulling data that is in hot storage. As Plaintiffs explained on the April 26 meet-and-confer, Meta has not provided sufficiently concrete information about its burden. Plaintiffs ask that Meta specifically identify its purported burden, including by responding to the questions in Plaintiffs' April 24 letter and from the parties' April 26 meet-and-confer.

**Meta's Proposed Tables**

During the parties' April 26 meet-and-confer, Meta made representations regarding the tables that Meta agrees to produce from.

Please provide a written confirmation of these representations:

███████

Meta stated that the earliest date that Meta possesses data from ███████ is ███████

- The data for US users is stored in Cold Storage, except for specific Pixel IDs that Plaintiffs identified.

- For the 1,844 Pixel IDs that Plaintiffs identified, Meta possesses ███████ data in "hot storage" beginning in ███████. Meta does not possess any ███████ data in hot storage prior to ███████ and does not possess any ███████ data in hot storage for HIPAA/CMIA entities other than the 1,844 identified by Plaintiffs in June 2023.

---

[2] The parties referred to "hot storage" as data that is not stored in cold storage, or data that is "online."

▮▮▮▮▮▮▮

Meta stated that the earliest date that it possesses data from ▮▮▮▮▮▮▮ is ▮▮▮▮▮▮▮

- The data for all US users is stored in hot storage. The data is not limited to the 1,844 Pixel IDs that Plaintiffs identified.

▮▮▮▮▮

Meta stated that the earliest date that it possesses data from ▮▮▮▮▮ is ▮▮▮▮▮▮

- The data for US users is stored in Cold Storage, except for specific Pixel IDs that Plaintiffs identified.

- For the 1,844 Pixel IDs that Plaintiffs identified, Meta possesses ▮▮▮▮▮ data in "hot storage" beginning in ▮▮▮▮. Meta does not possess any ▮▮▮▮▮ data in hot storage prior to ▮▮▮▮ and does not possess any ▮▮▮▮▮ data in hot storage for HIPAA/CMIA entities other than the 1,844 identified by Plaintiffs in June 2023.

▮▮▮▮▮▮▮

Meta stated that the earliest date that it possesses data from ▮▮▮▮▮▮▮▮ is ▮▮▮▮▮▮▮

- Meta stated that the data for all US users is stored in Cold Storage, but also stated that it was not sure if some of the ▮▮▮▮▮▮▮▮ is stored in hot storage.

▮▮▮▮▮▮▮▮

Meta stated that the earliest date that it possesses data from ▮▮▮▮▮▮▮▮▮ is ▮▮▮▮▮▮

- Meta stated it is only possesses ▮▮▮▮▮▮▮▮ data in hot storage. And that Meta does not posses any ▮▮▮▮▮▮▮▮ data in cold storage.

- Meta stated that it only possesses ▮▮▮▮▮▮▮▮ data for the 1,844 Pixel IDs that Plaintiffs identified.

3

▇▇▇▇▇▇▇▇▇▇▇▇

Meta stated that the earliest date that it possesses data from ▇▇▇▇▇▇▇▇▇▇ is ▇▇▇▇▇▇▇▇▇▇▇▇

- Meta stated it is only possesses ▇▇▇▇▇▇▇▇▇▇▇▇ data in hot storage. And that Meta does not possess any ▇▇▇▇▇▇▇▇▇▇▇▇ data in cold storage.

- Meta stated that it only possesses ▇▇▇▇▇▇▇▇▇▇ data for the 1,844 Pixel IDs that Plaintiffs identified.

Meta also stated it would agree to produce data from two tables that contain ▇▇▇▇▇ information and that contain information regarding ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ – Meta stated that this table contains data regarding ▇▇▇▇

- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ – Meta stated that this table contains data that will show ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Plaintiffs asked Meta to provide field and field descriptions for these two tables and the other tables that Plaintiffs identified in their April 24 letter. Meta said that it would consider this request. Plaintiffs also asked whether Meta would provide access to tools through which they could extract fields and field descriptions in a more efficient way than manual review of source code in the clean room. Meta stated that it would not provide Plaintiffs with access to any additional tools.

*/s/ Jason "Jay" Barnes*
    Jason "Jay Barnes
    Simmons Hanly Conroy LLC

*/s/ Geoffrey Graber*
    Geoffrey Graber
    Cohen Milstein Sellers & Toll PLLC

4