# Further Proposed Redacted Version of Exhibit 17 to the Motion for Sanctions Against Meta and for a Hearing to Address Relief (Dkt. 739-20)

# EXHIBIT 17

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

CONFIDENTIAL

**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:    (415) 393-8200
Facsimile:    (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*
*(formerly known as Facebook, Inc.)*

**COOLEY LLP**
MICHAEL G. RHODES, SBN 116127
rhodesmg@cooley.com
KYLE C. WONG, SBN 224021
kwong@cooley.com
CAROLINE A. LEBEL, SBN 340067
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   (415) 693-2000
Facsimile:    (415) 693-2222

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION | Case No. 3:22-cv-03580-WHO |
| | **DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** |
| This Document Relates To: | |
| All Actions | |

**PROPOUNDING PARTY:**    Plaintiffs

**RESPONDING PARTY:**    Defendant Meta Platforms, Inc.

**SET NO.:**    One (Requests No. 1-42)

Gibson, Dunn &
Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

Defendant Meta Platforms, Inc. ("Meta"), by and through the undersigned attorneys, and pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure ("Federal Rules") and the Local Rules of the United States District Court for the Northern District of California ("Local Rules"), hereby objects and responds as follows to Plaintiffs' First Set of Requests for Admission (the "Requests"). Subject to and without waiving any of the objections set forth below, Meta is willing to meet and confer with plaintiffs regarding these Responses and Objections.

## PRELIMINARY STATEMENT

1.      Meta's responses to the Requests are made to the best of its current knowledge, information, belief, and understanding of the Requests. Discovery in this action is still open, and Meta's factual and legal investigation of this matter is ongoing. Further, the parties have not engaged in any meet and confer discussions regarding the Requests, many of which are vague, overbroad, unduly burdensome, or otherwise objectionable. Meta reserves the right to supplement or amend any responses in accordance with any agreement between the parties or should future investigation indicate that such supplementation or amendment is necessary.

2.      Meta's responses to the Requests are made solely for the purpose of and in relation to the above-captioned action. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning privilege, competency, relevance, materiality, propriety, and admissibility). All objections are reserved and may be interposed at any time.

3.      Meta's responses include only information that is within Meta's possession, custody, or control.

4.      Meta incorporates by reference each and every general objection set forth below into each and every specific response. From time to time, a specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that Request.

5.      Nothing contained in these Responses and Objections or provided in response to the Requests consists of, or should be construed as, an admission relating to the accuracy, relevance, existence, or nonexistence of any alleged facts or information referenced in any Request.

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

## **GENERAL OBJECTIONS**

The following General Objections apply to each and every Request and are incorporated by reference into each and every specific response as if fully set forth in each such response.

1.     Meta generally objects to each Request, including the Definitions and Instructions, on the grounds and to the extent that it purports to impose obligations beyond those imposed or authorized by the Federal Rules, the Federal Rules of Evidence, the Local Rules, the Court's standing orders, any other applicable federal or state law, and any agreements between the parties.  Meta will construe and respond to the Requests in accordance with the requirements of the Federal Rules and other applicable rules or laws.

2.     Meta generally objects to each Request to the extent it seeks information that is irrelevant to the claims in, or defenses to, this action or disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including any request that seeks information for any time period outside that which is relevant to the claims or defenses asserted in this action.

3.     Meta generally objects to each Request to the extent the Request is vague, ambiguous, unreasonably cumulative, or duplicative, including to the extent it seeks information that is otherwise responsive to other specific Requests, and including on the basis that certain Requests seek information about Meta's systems or practices without specifying any particular time or date.

4.     Meta generally objects to the Requests, including the Definitions and Instructions, to the extent that they seek information outside of the time period relevant to the claims and defenses asserted in this lawsuit.

5.     Meta generally objects to the Requests, including the Definitions and Instructions, to the extent that they are overbroad and/or unduly burdensome.

6.     Meta generally objects to the Requests to the extent that the information sought is more appropriately pursued through another discovery tool.

7.     Meta generally objects to each Request to the extent it is argumentative, lacks foundation, or incorporates allegations and assertions that are disputed or erroneous.  In furnishing

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

Gibson, Dunn &
Crutcher LLP

CONFIDENTIAL

1    the responses herein, Meta does not concede the truth of any factual assertion or implication

2    contained in any Request, Definition, or Instruction.

3        8.    Meta generally objects to each Request to the extent that it impermissibly seeks

4    discovery-on-discovery regarding data or information that Meta "preserved," which is a vague and

5    ambiguous undefined term.

6        9.    Meta generally objects to each Request, Definition, and Instruction to the extent that it

7    seeks information outside of Meta's possession, custody, or control.

8                    **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

9        1.    Meta objects to plaintiffs' definition of "EVENT-LEVEL" as vague and ambiguous,

10   including because of its use of the undefined term "event," its incorporation of the term "class

11   member" (when plaintiffs have not moved for class certification or defined the putative class with

12   particularity), and the phrase "identified by information that Meta uses to associate events to specific

13   users." Meta further objects to this definition as overbroad to the extent it purports to contemplate

14   documentation of an action or set of actions taken in an event or set of events that are not relevant to

15   the claims in this case, including because they are unrelated to the data or information at issue in this

16   case.

17       2.    Meta objects to plaintiffs' definition of "HEALTHCARE PROVIDER WEB-

18   PROPERTY" as overbroad, including because it purports to include "any website, app, server, or

19   other interface" and is not limited to healthcare providers and covered entities at issue in this case.

20   Meta also objects to plaintiffs' definition of "HEALTHCARE PROVIDER WEB-PROPERTY" as

21   vague and ambiguous, including because of its use of the undefined terms and phrases "interface,"

22   "server," "collects," "user identified," "identifiable data," and "other relevant Business Tools."

23       3.    Meta objects to plaintiffs' definition of "INTENTS" as vague and ambiguous,

24   including because of its use of the vague and ambiguous phrase "substantially similar" and the

25   broader, ambiguous phrase "information identical or substantially similar to that which is stored in

26   the ███████████████ table," which has several different fields. Meta also

27   objects to this term as unduly burdensome to the extent plaintiffs' definition purports to require Meta

28

Gibson, Dunn &
Crutcher LLP

4

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

to extract an undefined subset of data from this table, extract data from other tables, and compare those data sets together to determine whether they are "identical" or "substantially similar."

4.    Meta objects to plaintiffs' definition of "█████████ as vague and ambiguous, including because of its use of the vague and ambiguous terms and phrases "substantially similar," "described in PIXEL_HEALTH000465524 or PIXEL_HEALTH000459429," "████████████ ████████████████████████ and "is or was stored in ██████████████ . . and ███████████," each of which have several fields.  Meta also objects to this term as unduly burdensome to the extent plaintiffs' definition purports to require Meta to extract an undefined subset of data from certain tables, which may or may not exist, extract data from other tables, and compare those data sets together to determine whether they are "identical" or "substantially similar."  Meta also objects to this term to the extent it seeks information that is irrelevant to the claims in, or defenses to, this action or disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information.

5.    Meta objects to plaintiffs' definition of "Person" or "Persons" as vague, ambiguous, and overbroad, including the vague and ambiguous term and phrase "group" and "any other form of legal entity."

6.    Meta objects to plaintiffs' definition of "SubscribedButtonClick" as vague, ambiguous, and overbroad, including the vague and ambiguous phrase "Meta acquires the content of specific buttons clicked on specific websites" and the phrase "Pixel, SDK, or CAPI feature."  Meta further objects to this definition to the extent plaintiffs intend it to encompass actions taken on any websites beyond those that have been identified as belonging to the healthcare providers and covered entities at issue in this case.

7.    Meta objects to plaintiffs' definition of "USER-ASSOCIATED" as overbroad, vague, and ambiguous, including because of its use of the undefined term and phrases "or other source," "associated," and "specific user or their account."

8.    Meta objects to plaintiffs' definition of "VERTICALS" as overbroad, vague, and ambiguous, including because of its use of the undefined phrase "advertiser categorizations," its

Gibson, Dunn &
Crutcher LLP

5

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

incorporation of other vague and ambiguous defined terms like "████████ and "INTENTS," and the unintelligible phrase "any other content categorizations that Meta makes, assigns, infers, or derives about users and/or their Off-Facebook Activity COMMUNICATIONS RELATING TO the Pixel, SDK, CAPI, or other relevant tools."  Meta also objects to this term to the extent it seeks information that is irrelevant to the claims in, or defenses to, this action or disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information.

9.    Meta objects to plaintiffs' definition of "You," "Your," and "Defendant" and its inclusion of "other PERSONS acting on its behalf" as overbroad and unduly burdensome to the extent that phrase is meant to include any individual(s), entit(ies), or any other person(s) over which Meta exercises no control and to the extent plaintiffs purport to use the terms to impose obligations on Meta that go beyond the requirements of the Federal Rules and the Local Rules.  Meta will construe the terms "You," "Your," and "Defendant" to mean Meta Platforms, Inc. and its officers and employees.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

## REQUEST FOR ADMISSION NO. 1

Meta has not preserved EVENT-LEVEL USER-ASSOCIATED SubscribedButtonClick data for events associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17, 2022.

## RESPONSE TO REQUEST FOR ADMISSION NO. 1

Meta incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above.  Meta further objects to this Request on the following additional grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrase: "preserved," "associated with," "collected," and "events," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "data for events associated with data collected" and "EVENT-LEVEL USER-ASSOCIATED SubscribedButtonClick data."

CONFIDENTIAL

(B)     Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay v. OpenAI, Inc*., 2024 WL 3638421, at *1 (N.D. Cal. July 31, 2024) (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)     Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

(D)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong v. Alameda Cnty*., 2020 WL 6460530, at *2 (N.D. Cal. Nov. 3, 2020); *C & C Jewelry Mfg., Inc. v. West*, 2011 WL 768642, at *1 (N.D. Cal. Feb. 28, 2011).

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as follows: Meta stands on its objections. Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

**REQUEST FOR ADMISSION NO. 2**

Meta has not preserved any named Plaintiff's EVENT-LEVEL SubscribedButtonClick data for events associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17, 2022.

Gibson, Dunn & Crutcher LLP

7

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 2**

2        Meta incorporates by reference the Preliminary Statement, General Objections, and

3   Objections to Definitions set forth above.  Meta further objects to this Request on the following

4   additional grounds:

5        (A)     Meta objects to this Request as vague and ambiguous, including in the use of the

6   following undefined terms and phrase: "preserved," "collected," "associated with," and "events," as

7   well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "data for

8   events associated with data collected" and "named Plaintiff's EVENT-LEVEL

9   SubscribedButtonClick data."

10       (B)     Meta further objects to this Request as impermissibly seeking discovery-on-discovery

11  regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona

12  Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts

13  typically resist requests for 'discovery on discovery'")).

14       (C)     Meta further objects to this Request to the extent it calls for discovery that is better

15  sought through another mechanism.

16       (D)     Meta further objects to this Request as overly broad and unduly burdensome in that it

17  seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate

18  to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the

19  burden imposed on Meta in having to provide such information, including because of the overbroad

20  definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to

21  "any website, app, server, or other interface through which Meta collects user identified or

22  identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  Meta also objects to

23  this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm

24  whether any of the millions of tables or other data sources at Meta contain data that meet the

25  ambiguous criteria from plaintiffs' Request.  Any attempt by Meta to respond to this Request as

26  written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond

27  to Requests that seek information that is not relevant to any party's claim or defense.  Fed. R. Civ. P.

28  26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Gibson, Dunn &
Crutcher LLP

8
DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as follows: Meta stands on its objections.  Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

**REQUEST FOR ADMISSION NO. 3**

Meta has not preserved any putative Class Member's EVENT-LEVEL USER-ASSOCIATED SubscribedButtonClick data for events associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17, 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**

Meta incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above.  Meta further objects to this Request on the following additional grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrase: "preserved," "events," "associated with," and "collected," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "data for events associated with data collected" and "EVENT-LEVEL USER-ASSOCIATED SubscribedButtonClick data."

(B)    Meta further objects to this Request as vague, ambiguous, and unintelligible as membership in the putative class has not yet been established in this case.

(C)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(D)    Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

(E)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the

Gibson, Dunn &
Crutcher LLP

9

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as follows: Meta stands on its objections. Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

**REQUEST FOR ADMISSION NO. 4**

Meta has not preserved EVENT-LEVEL USER-ASSOCIATED VERTICALS associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17, 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**

Meta incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above. Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrase: "preserved," "associated with," "collected," and "events," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "associated with data collected" and "EVENT-LEVEL USER-ASSOCIATED VERTICALS."

(B)     Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona

Gibson, Dunn &
Crutcher LLP

10

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)     Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

(D)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definitions of VERTICALS and HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as follows: Meta stands on its objections. Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

**REQUEST FOR ADMISSION NO. 5**

Meta has not preserved EVENT-LEVEL USER-ASSOCIATED VERTICALS derived from data collected from HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17, 2022.

Gibson, Dunn &
Crutcher LLP

11
DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 5**

2          Meta incorporates by reference the Preliminary Statement, General Objections, and

3    Objections to Definitions set forth above.  Meta further objects to this Request on the following

4    additional grounds:

5          (A)    Meta objects to this Request as vague and ambiguous, including in the use of the

6    following undefined terms and phrase: "preserved," "derived from," "collected," and "events," as

7    well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "EVENT-

8    LEVEL USER-ASSOCIATED VERTICALS."

9          (B)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery

10   regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona

11   Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts

12   typically resist requests for 'discovery on discovery'")).

13         (C)    Meta further objects to this Request to the extent it calls for discovery that is better

14   sought through another mechanism.

15         (D)    Meta further objects to this Request as overly broad and unduly burdensome in that it

16   seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate

17   to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the

18   burden imposed on Meta in having to provide such information, including because of the overbroad

19   definitions of VERTICALS and HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined

20   as extending to "any website, app, server, or other interface through which Meta collects user

21   identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  Meta also

22   objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to

23   confirm whether any of the millions of tables or other data sources at Meta contain data that meet the

24   ambiguous criteria from plaintiffs' Request.  Any attempt by Meta to respond to this Request as

25   written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond

26   to Requests that seek information that is not relevant to any party's claim or defense.  Fed. R. Civ. P.

27   26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as follows: Meta stands on its objections.  Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

**REQUEST FOR ADMISSION NO. 6**

Meta has not preserved USER-ASSOCIATED VERTICALS associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17, 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6**

Meta incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrase: "preserved," "associated with," "collected," and "events," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "associated with data collected" and "USER-ASSOCIATED VERTICALS."

(B)     Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)     Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

(D)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definitions of VERTICALS and HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user

Gibson, Dunn &
Crutcher LLP

CONFIDENTIAL

identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as follows: Meta stands on its objections. Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

**REQUEST FOR ADMISSION NO. 7**

Meta has not preserved USER-ASSOCIATED VERTICALS derived from data collected from HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17, 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7**

Meta incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above. Meta further objects to this Request on the following additional grounds:

(A) Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrase: "preserved," "derived from," "collected," and "events," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "USER-ASSOCIATED VERTICALS."

(B) Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

Gibson, Dunn &
Crutcher LLP

CONFIDENTIAL

(C)     Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

(D)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definitions of VERTICALS and HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request.  Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as follows: Meta stands on its objections.  Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

**REQUEST FOR ADMISSION NO. 8**

Meta has not preserved EVENT-LEVEL USER-ASSOCIATED ███████ labels attached to data collected from HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17, 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**

Meta incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above.  Meta further objects to this Request on the following additional grounds:

Gibson, Dunn &
Crutcher LLP

15

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

(A)     Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrase: "preserved," "labels attached to data," "collected," and "events," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "EVENT-LEVEL USER-ASSOCIATED ▆▆▆▆▆▆▆ labels."

(B)     Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)     Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

(D)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definitions of ▆▆▆▆▆▆ and HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request.  Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as

Gibson, Dunn & Crutcher LLP

16
DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

follows: Meta stands on its objections.  Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

**REQUEST FOR ADMISSION NO. 9**

Meta has not preserved EVENT-LEVEL USER-ASSOCIATED INTENTS derived from data collected from HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17, 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**

Meta incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above.  Meta further objects to this Request on the following additional grounds:

(A)      Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrase: "preserved," "derived from," "collected," and "events," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "EVENT-LEVEL USER-ASSOCIATED INTENTS."

(B)      Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)      Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

(D)      Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definitions of INTENTS and HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm

Gibson, Dunn &
Cruicher LLP

17

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

1    whether any of the millions of tables or other data sources at Meta contain data that meet the

2    ambiguous criteria from plaintiffs' Request.  Any attempt by Meta to respond to this Request as

3    written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond

4    to Requests that seek information that is not relevant to any party's claim or defense.  Fed. R. Civ. P.

5    26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

6           Subject to and without waiving the foregoing objections, and based on a reasonable

7    investigation of the information available as of the date of these Responses, Meta responds as

8    follows: Meta stands on its objections.  Meta is willing to meet and confer with plaintiffs regarding

9    this Request and reserves the right to supplement or amend this response.

10   **REQUEST FOR ADMISSION NO. 10**

11          Meta has not preserved ███████████ labels it attached to URLs collected from

12   HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17, 2022,

13   such that Meta has not preserved its internal mappings of ███████████ labels to the specific URLs

14   and other COMMUNICATIONS data that it collected.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 10**

16          Meta incorporates by reference the Preliminary Statement, General Objections, and

17   Objections to Definitions set forth above.  Meta further objects to this Request on the following

18   additional grounds:

19          (A)     Meta objects to this Request as vague and ambiguous, including in the use of the

20   following undefined terms and phrases: "preserved," "labels," "it attached to URLs," "collected,"

21   "events," and "internal mappings," as well as vague, ambiguous, or unintelligible combinations of

22   terms and phrases, including "internal mappings of ███████████ labels to the specific URLs and

23   other COMMUNICATIONS data that it collected."

24          (B)     Meta further objects to this Request as impermissibly seeking discovery-on-discovery

25   regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona

26   Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts

27   typically resist requests for 'discovery on discovery'")).

28

Gibson, Dunn &
Crutcher LLP

18
DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

(C)     Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

(D)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definitions of ███████████ and HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request.  Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as follows: Meta stands on its objections.  Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

**REQUEST FOR ADMISSION NO. 11**

Meta has not preserved ███████████ labels it attached to SubscribedButtonClick information collected from HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17, 2022, such that Meta has not preserved its internal mappings of ███████████ labels to the specific URLs and other COMMUNICATIONS data that it collected.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11**

Meta incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above.  Meta further objects to this Request on the following additional grounds:

CONFIDENTIAL

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "preserved," "labels," "it attached to SubscribedButtonClick information," "collected," "events," and "internal mappings," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "internal mappings of ███████ labels to the specific URLs and other COMMUNICATIONS data that it collected."

(B)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)    Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

(D)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definitions of ████████ and HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request.  Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as

Gibson, Dunn &
Crutcher LLP

20

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

1  follows: Meta stands on its objections.  Meta is willing to meet and confer with plaintiffs regarding

2  this Request and reserves the right to supplement or amend this response.

3  **REQUEST FOR ADMISSION NO. 12**

4      Meta has not preserved ████████ labels it attached to Microdata information collected

5  from HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17,

6  2022, such that Meta has not preserved its internal mappings of ████████ labels to the specific

7  URLs and other COMMUNICATIONS data that it collected.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 12**

9      Meta incorporates by reference the Preliminary Statement, General Objections, and

10  Objections to Definitions set forth above.  Meta further objects to this Request on the following

11  additional grounds:

12      (A)    Meta objects to this Request as vague and ambiguous, including in the use of the

13  following undefined terms and phrases: "preserved," "labels," "it attached to Microdata information,"

14  "collected," "events," and "internal mappings," as well as vague, ambiguous, or unintelligible

15  combinations of terms and phrases, including "internal mappings of ████████ labels to the

16  specific URLs and other COMMUNICATIONS data that it collected."

17      (B)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery

18  regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona

19  Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts

20  typically resist requests for 'discovery on discovery'")).

21      (C)    Meta further objects to this Request to the extent it calls for discovery that is better

22  sought through another mechanism.

23      (D)    Meta further objects to this Request as overly broad and unduly burdensome in that it

24  seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate

25  to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the

26  burden imposed on Meta in having to provide such information, including because of the overbroad

27  definitions of ████████ and HEALTHCARE PROVIDER WEB-PROPERTIES, which is

28  defined as extending to "any website, app, server, or other interface through which Meta collects user

Gibson, Dunn &
Crutcher LLP

21

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also

objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to

confirm whether any of the millions of tables or other data sources at Meta contain data that meet the

ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as

written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond

to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P.

26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable

investigation of the information available as of the date of these Responses, Meta responds as

follows: Meta stands on its objections. Meta is willing to meet and confer with plaintiffs regarding

this Request and reserves the right to supplement or amend this response.

## REQUEST FOR ADMISSION NO. 13

Meta has not preserved ▇▇▇▇▇▇ labels it attached to other information collected from

HEALTHCARE PROVIDER WEB-PROPERTIES for events which occurred before June 17, 2022,

such that Meta has not preserved its internal mappings of ▇▇▇▇▇▇ labels to the specific URLs

and other COMMUNICATIONS data that it collected.

## RESPONSE TO REQUEST FOR ADMISSION NO. 13

Meta incorporates by reference the Preliminary Statement, General Objections, and

Objections to Definitions set forth above. Meta further objects to this Request on the following

additional grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the

following undefined terms and phrases: "preserved," "labels," "it attached to other information,"

"collected," "events," and "internal mappings," as well as vague, ambiguous, or unintelligible

combinations of terms and phrases, including "internal mappings of ▇▇▇▇▇▇ labels to the

specific URLs and other COMMUNICATIONS data that it collected."

(B)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery

regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona

Gibson, Dunn &
Crutcher LLP

22
DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)    Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

(D)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definitions of ███████████ and HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request.  Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as follows: Meta stands on its objections.  Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

**REQUEST FOR ADMISSION NO. 14**

Meta did not preserve data in the ███████████ table for any events before November 26, 2022, that were associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES.

CONFIDENTIAL

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 14**

2      Meta incorporates by reference the Preliminary Statement, General Objections, and

3  Objections to Definitions set forth above.  Meta further objects to this Request on the following

4  additional grounds:

5      (A)  Meta objects to this Request as vague and ambiguous, including in the use of the

6  following undefined terms and phrase: "preserve," "events," "collected," and "data in the

7  ███████████ table," a table that contains several fields, as well as vague, ambiguous, or

8  unintelligible combinations of terms and phrases, including "associated with data collected."

9      (B)  Meta further objects to this Request as impermissibly seeking discovery-on-discovery

10 regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona

11 Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts

12 typically resist requests for 'discovery on discovery'")).

13     (C)  Meta further objects to this Request as overly broad and unduly burdensome in that it

14 seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate

15 to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the

16 burden imposed on Meta in having to provide such information, including because of the overbroad

17 definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to

18 "any website, app, server, or other interface through which Meta collects user identified or

19 identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  Meta also objects to

20 this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm

21 whether any of the millions of tables or other data sources at Meta contain certain "data in the

22 ███████████ table."  Any attempt by Meta to respond to this Request as written would be

23 unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that

24 seek information that is not relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1); *see*

25 *Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

26     Subject to and without waiving the foregoing objections, and based on a reasonable

27 investigation of the information available as of the date of these Responses, Meta responds as

28

Gibson, Dunn &
Crutcher LLP

24
DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

follows: Meta stands on its objections.  Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

**REQUEST FOR ADMISSION NO. 15**

Apart from their ordinary retention periods, Meta has not preserved EVENT-LEVEL USER-ASSOCIATED data collected from HEALTHCARE PROVIDER WEB-PROPERTIES from the ███████████ table.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15**

Meta incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above.  Meta further objects to this Request on the following additional grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "ordinary retention periods," "preserved," "collected," and "from the ███████████ table," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "EVENT-LEVEL USER-ASSOCIATED data."

(B)    Meta further objects that the request is lacking foundation and unintelligible to the extent it is premised on the assumption that the ███████████ table contains "EVENT-LEVEL USER-ASSOCIATED data."

(C)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(D)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool," and including

Gibson, Dunn &
Crutcher LLP

25

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

1  because this request seeks discovery outside the discovery period set by the Court.  Any attempt by

2  Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive,

3  and Meta is not required to respond to Requests that seek information that is not relevant to any

4  party's claim or defense.  Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C*

5  *Jewelry Mfg.*, 2011 WL 768642, at *1.

6        Subject to and without waiving the foregoing objections, and based on a reasonable

7  investigation of the information available as of the date of these Responses, Meta responds as

8  follows: Meta stands on its objections.  Meta is willing to meet and confer with plaintiffs regarding

9  this Request and reserves the right to supplement or amend this response.

10  **REQUEST FOR ADMISSION NO. 16**

11        Apart from their ordinary retention periods, Meta has not preserved EVENT-LEVEL USER-

12  ASSOCIATED data collected from HEALTHCARE PROVIDER WEB-PROPERTIES from the

13  ██████████████ table.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 16**

15        Meta incorporates by reference the Preliminary Statement, General Objections, and

16  Objections to Definitions set forth above.  Meta further objects to this Request on the following

17  additional grounds:

18        (A)    Meta objects to this Request as vague and ambiguous, including in the use of the

19  following undefined terms and phrases: "ordinary retention periods," "preserved," "collected," and

20  "from the ██████████████ table," as well as vague, ambiguous, or unintelligible combinations

21  of terms and phrases, including "EVENT-LEVEL USER-ASSOCIATED data."

22        (B)    Meta further objects that the request is lacking foundation and unintelligible to the

23  extent it is premised on the assumption that the ██████████████ table contains "EVENT-

24  LEVEL USER-ASSOCIATED data."

25        (C)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery

26  regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona

27  Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts

28  typically resist requests for 'discovery on discovery'")).

Gibson, Dunn &
Crutcher LLP

26

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

(D)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as follows: Meta stands on its objections. Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

## REQUEST FOR ADMISSION NO. 17

Apart from their ordinary retention periods, Meta has not preserved EVENT-LEVEL USER-ASSOCIATED data collected from HEALTHCARE PROVIDER WEB-PROPERTIES from the ███████████ table.

## RESPONSE TO REQUEST FOR ADMISSION NO. 17

Meta incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above. Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "ordinary retention periods," "preserved," "collected," and

Gibson, Dunn & Crutcher LLP

27

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

"from the ███████████████ table," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "EVENT-LEVEL USER-ASSOCIATED data."

(B)    Meta further objects that the request is lacking foundation and unintelligible to the extent it is premised on the assumption that the ███████████████ table contains "EVENT-LEVEL USER-ASSOCIATED data."

(C)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(D)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as follows: Meta stands on its objections. Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

Gibson, Dunn &
Crutcher LLP

28
DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

1   **REQUEST FOR ADMISSION NO. 18**

2         Apart from their ordinary retention periods, Meta has not preserved EVENT-LEVEL USER-

3   ASSOCIATED data collected from HEALTHCARE PROVIDER WEB-PROPERTIES from the

4   ██████████ table.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 18**

6         Meta incorporates by reference the Preliminary Statement, General Objections, and

7   Objections to Definitions set forth above.  Meta further objects to this Request on the following

8   additional grounds:

9         (A)    Meta objects to this Request as vague and ambiguous, including in the use of the

10  following undefined terms and phrases: "ordinary retention periods," "preserved," "collected," and

11  "from the ██████████ table," as well as vague, ambiguous, or unintelligible combinations of

12  terms and phrases, including "EVENT-LEVEL USER-ASSOCIATED data."

13        (B)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery

14  regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona

15  Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts

16  typically resist requests for 'discovery on discovery'")).

17        (C)    Meta further objects to this Request as overly broad and unduly burdensome in that it

18  seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate

19  to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the

20  burden imposed on Meta in having to provide such information, including because of the overbroad

21  definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to

22  "any website, app, server, or other interface through which Meta collects user identified or

23  identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  Meta also objects to

24  this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm

25  whether any of the millions of tables or other data sources at Meta contain data that meet the

26  ambiguous criteria from plaintiffs' Request.  Any attempt by Meta to respond to this Request as

27  written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond

28

Gibson, Dunn &
Crutcher LLP

29

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

to Requests that seek information that is not relevant to any party's claim or defense.  Fed. R. Civ. P.

26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable

investigation of the information available as of the date of these Responses, Meta responds as

follows: Meta stands on its objections.  Meta is willing to meet and confer with plaintiffs regarding

this Request and reserves the right to supplement or amend this response.

**REQUEST FOR ADMISSION NO. 19**

As of June 17, 2022, the ███████████ table stored EVENT-LEVEL USER-

ASSOCIATED data collected from HEALTHCARE PROVIDER WEB-PROPERTIES and had a

retention period of greater than 730 days.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19**

Meta incorporates by reference the Preliminary Statement, General Objections, and

Objections to Definitions set forth above.  Meta further objects to this Request on the following

additional grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the

following undefined terms: "stored" and "collected," as well as vague, ambiguous, or unintelligible

combinations of terms and phrases, including "EVENT-LEVEL USER-ASSOCIATED data."

(B)    Meta objects to this Request as impermissibly compound.

(C)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery

regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona

Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts

typically resist requests for 'discovery on discovery'")).

(D)    Meta further objects to this Request as overly broad and unduly burdensome in that it

seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate

to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the

burden imposed on Meta in having to provide such information, including because of the overbroad

definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to

"any website, app, server, or other interface through which Meta collects user identified or

Gibson, Dunn &
Crutcher LLP

30

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool," and including because this request seeks discovery outside the discovery period set by the Court. It would be unduly burdensome to respond to this Request as written, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as follows: Meta stands on its objections. Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

**REQUEST FOR ADMISSION NO. 20**

As of June 17, 2022, the ▮▮▮▮▮▮▮ table stored EVENT-LEVEL USER-ASSOCIATED data collected from HEALTHCARE PROVIDER WEB-PROPERTIES and had a retention period of greater than 730 days.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20**

Meta incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above. Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms: "stored" and "collected," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "EVENT-LEVEL USER-ASSOCIATED data."

(B)     Meta objects to this Request as impermissibly compound.

(C)     Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(D)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the

Gibson, Dunn &
Crutcher LLP

31

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

burden imposed on Meta in having to provide such information, including because of the overbroad

definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to

"any website, app, server, or other interface through which Meta collects user identified or

identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  It would be unduly

burdensome to respond to this Request as written, and Meta is not required to respond to Requests

that seek information that is not relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1);

*see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable

investigation of the information available as of the date of these Responses, Meta responds as

follows: Meta stands on its objections.  Meta is willing to meet and confer with plaintiffs regarding

this Request and reserves the right to supplement or amend this response.

## REQUEST FOR ADMISSION NO. 21

As of June 17, 2022, the ████████████ table stored EVENT-LEVEL USER-

ASSOCIATED data collected from HEALTHCARE PROVIDER WEB-PROPERTIES and had a

retention period of greater than 730 days.

## RESPONSE TO REQUEST FOR ADMISSION NO. 21

Meta incorporates by reference the Preliminary Statement, General Objections, and

Objections to Definitions set forth above.  Meta further objects to this Request on the following

additional grounds:

(A)     Meta objects to this Request as vague and ambiguous, including in the use of the

following undefined terms: "stored" and "collected," as well as vague, ambiguous, or unintelligible

combinations of terms and phrases, including "EVENT-LEVEL USER-ASSOCIATED data."

(B)     Meta objects to this Request as impermissibly compound.

(C)     Meta further objects to this Request as impermissibly seeking discovery-on-discovery

regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona

Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts

typically resist requests for 'discovery on discovery'")).

Gibson, Dunn &
Crutcher LLP

32

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

(D)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  It would be unduly burdensome to respond to this Request as written, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as follows: Meta stands on its objections.  Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

## REQUEST FOR ADMISSION NO. 22

Meta has not preserved any EVENT-LEVEL USER-ASSOCIATED Pixel data collected or derived from data collected from HEALTHCARE PROVIDER WEB-PROPERTIES for Pixel events which occurred before March 30, 2022.

## RESPONSE TO REQUEST FOR ADMISSION NO. 22

Meta incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above.  Meta further objects to this Request on the following additional grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "preserved," "collected," "derived from," and "events," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "EVENT-LEVEL USER-ASSOCIATED Pixel data collected or derived from data collected."

(B)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona

Gibson, Dunn &
Crutcher LLP

33

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as follows: Meta stands on its objections. Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

**REQUEST FOR ADMISSION NO. 23**

Meta has not preserved any EVENT-LEVEL user associated SDK data collected or derived from data collected from healthcare provider apps for app events which occurred before February 22, 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23**

Meta incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above. Meta further objects to this Request on the following additional grounds:

Gibson, Dunn &
Crutcher LLP

34
DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

(A)     Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrase: "preserved," "collected," "derived from," and "healthcare provider apps for app events," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "EVENT-LEVEL user associated SDK data collected or derived from data collected."

(B)     Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(D)     Meta further objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request.  Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as follows: Meta stands on its objections.  Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

## REQUEST FOR ADMISSION NO. 24

Meta maintains ████ and systems that extract and store the specific content of web-pages from which it is collecting data associated with the Pixel, including HEALTHCARE PROVIDER WEB-PROPERTIES.

## RESPONSE TO REQUEST FOR ADMISSION NO. 24

Meta incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "████ "systems," "specific content," "from which it is collecting," and "data associated with."  Meta also objects to this Request as vague as to time.

CONFIDENTIAL

(B)    Meta objects to this Request as impermissibly compound.

(C)    Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

(D)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool," as well as undefined "███████ and systems." It would be unduly burdensome to respond to this Request as written, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as follows: Meta stands on its objections. Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

**REQUEST FOR ADMISSION NO. 25**

Meta did not preserve ████████ data associated with HEALTHCARE PROVIDER WEB-PROPERTIES for web-pages before June 17, 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25**

Meta incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above. Meta further objects to this Request on the following additional grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined term and phrases: "preserve," "████████ data," and "web-pages before June 17, 2022."

Gibson, Dunn &
Crutcher LLP

36
DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

(B)      Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)      Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as follows: Meta stands on its objections. Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

**REQUEST FOR ADMISSION NO. 26**

Meta has systems that categorize the content of URLs collected via the Pixel on HEALTHCARE PROVIDER WEB-PROPERTIES.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26**

Meta incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above. Meta further objects to this Request on the following additional grounds:

Gibson, Dunn & Crutcher LLP

37

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms: "systems," "categorize," "content," and "collected."  Meta also objects to this Request as vague as to time.

(B)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  It would be unduly burdensome to respond to this Request as written, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as follows: Meta stands on its objections.  Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

## REQUEST FOR ADMISSION NO. 27

Meta has systems that categorize the contents and webpages where Meta collects data via the Pixel on HEALTHCARE PROVIDER WEB-PROPERTIES.

## RESPONSE TO REQUEST FOR ADMISSION NO. 27

Meta incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above.  Meta further objects to this Request on the following additional grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms: "systems," "categorize," "contents," and "collects."  Meta also objects to this Request as vague as to time.

Gibson, Dunn &
Crutcher LLP

38

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

(B)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." It would be unduly burdensome to respond to this Request as written, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

(C)     Meta objects to this Request as impermissibly compound.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as follows: Meta stands on its objections. Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

**REQUEST FOR ADMISSION NO. 28**

Before June 17, 2022, the Filter did not block collection of SubscribedButtonClick events involving a Log In to a patient portal.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28**

Meta incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above. Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrase: "Filter," "block," "collection," "events," and "involving a Log In to a patient portal."

(B)     Meta further objects to this Request as lacking foundation and objects that the phrase "did not block collection of SubscribedButtonClick events involving a Log In to a patient portal" is

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

vague, ambiguous, and unintelligible as it is premised on a misunderstanding of how Meta's integrity systems operate.

(C)    Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as follows: Meta stands on its objections.  Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

**REQUEST FOR ADMISSION NO. 29**

Before June 17, 2022, the Filter did not block use of SubscribedButtonClick events involving a Log In to a patient portal.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29**

Meta incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above.  Meta further objects to this Request on the following additional grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrase: "Filter," "block," "use," "events," and "involving a Log In to a patient portal."

(B)    Meta further objects to this Request as lacking foundation and objects that the phrase "did not block use of SubscribedButtonClick events involving a Log In to a patient portal" is vague, ambiguous, and unintelligible as it is premised on a misunderstanding of how Meta's integrity systems operate.

(C)    Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as

Gibson, Dunn &
Crutcher LLP

40
DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

follows: Meta stands on its objections. Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

**REQUEST FOR ADMISSION NO. 30**

The Filter does not block collection of SubscribedButtonClick events involving a Log In to a patient portal.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30**

Meta incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above. Meta further objects to this Request on the following additional grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrase: "Filter," "block," "collection," "events," and "involving a Log In to a patient portal." Meta also objects to this Request as vague as to time.

(A)    Meta further objects to this Request as lacking foundation and objects that the phrase "does not block collection of SubscribedButtonClick events involving a Log In to a patient portal" is vague, ambiguous, and unintelligible as it is premised on a misunderstanding of how Meta's integrity systems operate.

(B)    Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as follows: Meta stands on its objections. Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

**REQUEST FOR ADMISSION NO. 31**

The Filter does not block use of SubscribedButtonClick events involving a Log In to a patient portal.

CONFIDENTIAL

**RESPONSE TO REQUEST FOR ADMISSION NO. 31**

Meta incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above.  Meta further objects to this Request on the following additional grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrase: "Filter," "block," "use," "events," and "involving a Log In to a patient portal."  Meta also objects to this Request as vague as to time.

(B)    Meta further objects to this Request as lacking foundation and objects that the phrase "does not block use of SubscribedButtonClick events involving a Log In to a patient portal" is vague, ambiguous, and unintelligible as it is premised on a misunderstanding of how Meta's integrity systems operate.

(C)    Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as follows: Meta stands on its objections.  Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

**REQUEST FOR ADMISSION NO. 32**

Before June 17, 2022, the Filter did not block collection of VERTICALS information associated or derived from STANDARD URLs collected from HEALTHCARE PROVIDER WEB-PROPERTIES, such as https://hartfordhospital.org/services/digestive-health/conditions-wetreat/colorectal-small-bowel-disorders/ulcerative-colitis (see Dkt. No. 333-3, ¶ 421).

**RESPONSE TO REQUEST FOR ADMISSION NO. 32**

Meta incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above.  Meta further objects to this Request on the following additional grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrase: "Filter," "block," "collection," "associated or derived from,"

Gibson, Dunn &
Crutcher LLP

42

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

and "collected," as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "VERTICALS information associated or derived from STANDARD URLs collected from HEALTHCARE PROVIDER WEB-PROPERTIES."

(B)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definitions of VERTICALS and HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." It would be unduly burdensome to respond to this Request as written, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

(C)     Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

(D)     Meta further objects to this Request as duplicative of Request No. 33.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as follows: Meta stands on its objections. Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

**REQUEST FOR ADMISSION NO. 33**

Before June 17, 2022, the Filter did not block collection of VERTICALS information associated or derived from STANDARD URLs collected from HEALTHCARE PROVIDER WEB-PROPERTIES, such as https://hartfordhospital.org/services/digestive-health/conditions-wetreat/colorectal-small-bowel-disorders/ulcerative-colitis (see Dkt. No. 333-3, ¶ 421).

Gibson, Dunn &
Crutcher LLP

43
DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 33**

2       Meta incorporates by reference the Preliminary Statement, General Objections, and

3   Objections to Definitions set forth above.  Meta further objects to this Request on the following

4   additional grounds:

5       (A)    Meta objects to this Request as vague and ambiguous, including in the use of the

6   following undefined terms and phrase: "Filter," "block," "collection," "associated or derived from,"

7   and "collected," as well as vague, ambiguous, or unintelligible combinations of terms and phrases,

8   including "VERTICALS information associated or derived from STANDARD URLs collected from

9   HEALTHCARE PROVIDER WEB-PROPERTIES."  Meta also objects to this Request as vague and

10  ambiguous to the extent plaintiffs' URL conflicts with plaintiffs' own definition for "STANDARD

11  URLs."

12      (B)    Meta further objects to this Request as overly broad and unduly burdensome in that it

13  seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate

14  to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the

15  burden imposed on Meta in having to provide such information, including because of the overbroad

16  definitions of VERTICALS and HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined

17  as extending to "any website, app, server, or other interface through which Meta collects user

18  identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  It would

19  be unduly burdensome to respond to this Request as written, and Meta is not required to respond to

20  Requests that seek information that is not relevant to any party's claim or defense.  Fed. R. Civ. P.

21  26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

22      (C)    Meta further objects to this Request to the extent it calls for discovery that is better

23  sought through another mechanism.

24      (D)    Meta further objects to this Request as duplicative of Request No. 32.

25      Subject to and without waiving the foregoing objections, and based on a reasonable

26  investigation of the information available as of the date of these Responses, Meta responds as

27  follows: Meta stands on its objections.  Meta is willing to meet and confer with plaintiffs regarding

28  this Request and reserves the right to supplement or amend this response.

Gibson, Dunn &
Crutcher LLP

44
DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

1    **REQUEST FOR ADMISSION NO. 34**

2        Before June 17, 2022, the Filter did not block collection and use of information associated or

3    derived from STANDARD URLs collected from HEALTHCARE PROVIDER WEB-PROPERTIES,

4    such as https://hartfordhospital.org/services/digestive-health/conditions-wetreat/colorectal-small-

5    bowel-disorders/ulcerative-colitis (see Dkt. No. 333-3, ¶ 421).

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 34**

7        Meta incorporates by reference the Preliminary Statement, General Objections, and

8    Objections to Definitions set forth above.  Meta further objects to this Request on the following

9    additional grounds:

10        (A)    Meta objects to this Request as vague and ambiguous, including in the use of the

11    following undefined terms and phrase: "Filter," "block," "collection," "use," "associated or derived

12    from," and "collected," as well as vague, ambiguous, or unintelligible combinations of terms and

13    phrases, including "collection and use of information associated or derived from STANDARD URLs

14    collected from HEALTHCARE PROVIDER WEB-PROPERTIES."  Meta also objects to this

15    Request as vague and ambiguous to the extent plaintiffs' URL conflicts with plaintiffs' own

16    definition for "STANDARD URLs."

17        (B)    Meta further objects to this Request as overly broad and unduly burdensome in that it

18    seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate

19    to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the

20    burden imposed on Meta in having to provide such information, including because of the overbroad

21    definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to

22    "any website, app, server, or other interface through which Meta collects user identified or

23    identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  It would be unduly

24    burdensome to respond to this Request as written, and Meta is not required to respond to Requests

25    that seek information that is not relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1);

26    *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

27        (C)    Meta objects to this Request as impermissibly compound.

28

Gibson, Dunn &
Crutcher LLP

45

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

(D)     Meta further objects to this Request to the extent it calls for discovery that is better sought through another mechanism.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as follows: Meta stands on its objections.  Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

**REQUEST FOR ADMISSION NO. 35**

Meta did not preserve data in the ██████ table for any events before February 22, 2022, that were associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35**

Meta incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above.  Meta further objects to this Request on the following additional grounds:

(A)     Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrase: "preserve," "events," "collected," and "data in the ██████ table," a table with several fields, as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES."

(B)     Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or

Gibson, Dunn & Crutcher LLP

46

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

1   identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to

2   this Request as overly broad and unduly burdensome to the extent it requires Meta to confirm

3   whether any of the millions of tables or other data sources at Meta contain data also contained

4   somewhere within the ███████ table during the timeframe plaintiffs have requested. Any attempt

5   by Meta to respond to this Request as written would be unduly burdensome, expensive, and

6   oppressive, and Meta is not required to respond to Requests that seek information that is not relevant

7   to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C*

8   *Jewelry Mfg.*, 2011 WL 768642, at *1.

9         Subject to and without waiving the foregoing objections, and based on a reasonable

10  investigation of the information available as of the date of these Responses, Meta responds as

11  follows: Meta stands on its objections. Meta is willing to meet and confer with plaintiffs regarding

12  this Request and reserves the right to supplement or amend this response.

13  **REQUEST FOR ADMISSION NO. 36**

14        Meta did not preserve data in the ███████ table for any events before November 26,

15  2022, that were associated with data collected from HEALTHCARE PROVIDER WEB-

16  PROPERTIES.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 36**

18        Meta incorporates by reference the Preliminary Statement, General Objections, and

19  Objections to Definitions set forth above. Meta further objects to this Request on the following

20  additional grounds:

21        (A)     Meta objects to this Request as vague and ambiguous, including in the use of the

22  following undefined terms and phrase: "preserve," "events," "collected," and "data in the

23  ███████ table," a table with several fields, as well as vague, ambiguous, or unintelligible

24  combinations of terms and phrases, including "associated with data collected from HEALTHCARE

25  PROVIDER WEB-PROPERTIES."

26        (B)     Meta further objects to this Request as impermissibly seeking discovery-on-discovery

27  regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona

28

Gibson, Dunn &
Crutcher LLP

47
DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts

typically resist requests for 'discovery on discovery'")).

(C)    Meta further objects to this Request as overly broad and unduly burdensome in that it

seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate

to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the

burden imposed on Meta in having to provide such information, including because of the overbroad

definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to

"any website, app, server, or other interface through which Meta collects user identified or

identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to

this Request as overly broad and unduly burdensome to the extent it requires Meta to confirm

whether any of the millions of tables or other data sources at Meta contain data also contained

somewhere within the ███████████ table during the timeframe plaintiffs have requested. Any

attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and

oppressive, and Meta is not required to respond to Requests that seek information that is not relevant

to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C

Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable

investigation of the information available as of the date of these Responses, Meta responds as

follows: Meta stands on its objections. Meta is willing to meet and confer with plaintiffs regarding

this Request and reserves the right to supplement or amend this response.

**REQUEST FOR ADMISSION NO. 37**

Meta did not preserve data in the ███████████ table for any events before July 2, 2022, that

were associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37**

Meta incorporates by reference the Preliminary Statement, General Objections, and

Objections to Definitions set forth above. Meta further objects to this Request on the following

additional grounds:

Gibson, Dunn &
Crutcher LLP

48
DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

(A)     Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrase: "preserve," "events," "collected," and "data in the ███████ table," a table with several fields, as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES."

(B)     Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  Meta also objects to this Request as overly broad and unduly burdensome to the extent it requires Meta to confirm whether any of the millions of tables or other data sources at Meta contain data also contained somewhere within the ███████ table during the timeframe plaintiffs have requested.  Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as follows: Meta stands on its objections.  Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

Gibson, Dunn & Crutcher LLP

49
DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

**REQUEST FOR ADMISSION NO. 38**

Meta did not preserve data in the ████████ table for any events before July 2, 2022, that were associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38**

Meta incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above.  Meta further objects to this Request on the following additional grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrase: "preserve," "events," "collected," and "data in the ████████ table," a table with several fields, as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "associated with data collected from HEALTHCARE PROVIDER WEB-PROPERTIES."

(B)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  Meta also objects to this Request as overly broad and unduly burdensome to the extent it requires Meta to confirm whether any of the millions of tables or other data sources at Meta contain data also contained somewhere within the ████████ table during the timeframe plaintiffs have requested.  Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant

Gibson, Dunn &
Crutcher LLP

50

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

1   to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C*

2   *Jewelry Mfg.*, 2011 WL 768642, at *1.

3          Subject to and without waiving the foregoing objections, and based on a reasonable

4   investigation of the information available as of the date of these Responses, Meta responds as

5   follows: Meta stands on its objections.  Meta is willing to meet and confer with plaintiffs regarding

6   this Request and reserves the right to supplement or amend this response.

7   **REQUEST FOR ADMISSION NO. 39**

8          Meta did not preserve data in the ████████████ table for any events before July 2,

9   2022, that were associated with data collected from HEALTHCARE PROVIDER WEB-

10  PROPERTIES.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 39**

12         Meta incorporates by reference the Preliminary Statement, General Objections, and

13  Objections to Definitions set forth above.  Meta further objects to this Request on the following

14  additional grounds:

15         (A)    Meta objects to this Request as vague and ambiguous, including in the use of the

16  following undefined terms and phrase: "preserve," "events," "collected," and "data in the

17  ████████████ table," a table with several fields, as well as vague, ambiguous, or

18  unintelligible combinations of terms and phrases, including "associated with data collected from

19  HEALTHCARE PROVIDER WEB-PROPERTIES."

20         (B)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery

21  regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona

22  Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts

23  typically resist requests for 'discovery on discovery'")).

24         (C)    Meta further objects to this Request as overly broad and unduly burdensome in that it

25  seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate

26  to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the

27  burden imposed on Meta in having to provide such information, including because of the overbroad

28  definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to

Gibson, Dunn &
Crutcher LLP

51
DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

1   "any website, app, server, or other interface through which Meta collects user identified or

2   identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  Meta also objects to

3   this Request as overly broad and unduly burdensome to the extent it requires Meta to confirm

4   whether any of the millions of tables or other data sources at Meta contain data also contained

5   somewhere within the ██████████████ table during the timeframe plaintiffs have requested.

6   Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive,

7   and oppressive, and Meta is not required to respond to Requests that seek information that is not

8   relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at

9   *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

10          Subject to and without waiving the foregoing objections, and based on a reasonable

11   investigation of the information available as of the date of these Responses, Meta responds as

12   follows: Meta stands on its objections.  Meta is willing to meet and confer with plaintiffs regarding

13   this Request and reserves the right to supplement or amend this response.

14   **REQUEST FOR ADMISSION NO. 40**

15          Apart from their ordinary retention periods, Meta has not preserved EVENT-LEVEL USER-

16   ASSOCIATED data collected from HEALTHCARE PROVIDER WEB-PROPERTIES from the

17   ██████████████████ table.

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 40**

19          Meta incorporates by reference the Preliminary Statement, General Objections, and

20   Objections to Definitions set forth above.  Meta further objects to this Request on the following

21   additional grounds:

22          (A)     Meta objects to this Request as vague and ambiguous, including in the use of the

23   following undefined terms and phrases: "ordinary retention periods," "preserved," "collected," and

24   "from the ██████████████ table," a table with several fields, as well as

25   vague, ambiguous, or unintelligible combinations of terms and phrases, including "EVENT-LEVEL

26   USER-ASSOCIATED data."

27          (B)     Meta further objects to this Request as impermissibly seeking discovery-on-discovery

28   regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona

Gibson, Dunn &
Crutcher LLP

52

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)     Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as follows: Meta stands on its objections. Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

## REQUEST FOR ADMISSION NO. 41

Apart from their ordinary retention periods, Meta has not preserved EVENT-LEVEL USER-ASSOCIATED DATA collected from HEALTHCARE PROVIDER WEB-PROPERTIES from the ██████████ table.

## RESPONSE TO REQUEST FOR ADMISSION NO. 41

Meta incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above. Meta further objects to this Request on the following additional grounds:

Gibson, Dunn & Crutcher LLP

CONFIDENTIAL

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "ordinary retention periods," "preserved," "collected," and "from the ████████████ table," a table with several fields, as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "EVENT-LEVEL USER-ASSOCIATED data."

(B)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts. *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool." Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the ambiguous criteria from plaintiffs' Request. Any attempt by Meta to respond to this Request as written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond to Requests that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

Subject to and without waiving the foregoing objections, and based on a reasonable investigation of the information available as of the date of these Responses, Meta responds as

Gibson, Dunn &
Crutcher LLP

54
DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

follows: Meta stands on its objections.  Meta is willing to meet and confer with plaintiffs regarding this Request and reserves the right to supplement or amend this response.

## REQUEST FOR ADMISSION NO. 42

Apart from their ordinary retention periods, Meta has not preserved SESSIONIZED USER-ASSOCIATED DATA collected from HEALTHCARE PROVIDER WEB-PROPERTIES from the ██████████████ table.

## RESPONSE TO REQUEST FOR ADMISSION NO. 42

Meta incorporates by reference the Preliminary Statement, General Objections, and Objections to Definitions set forth above.  Meta further objects to this Request on the following additional grounds:

(A)    Meta objects to this Request as vague and ambiguous, including in the use of the following undefined terms and phrases: "ordinary retention periods," "preserved," "collected," and "from the ██████████ table," a table with several fields, as well as vague, ambiguous, or unintelligible combinations of terms and phrases, including "SESSIONIZED USER-ASSOCIATED data."

(B)    Meta further objects to this Request as impermissibly seeking discovery-on-discovery regarding Meta's preservation efforts.  *Paul Tremblay*, 2024 WL 3638421, at *1 (citing Sedona Conference, TAR Case Law Primer, Second Edition, 24 Sedona Conf. J.1, 39 (2023) ("courts typically resist requests for 'discovery on discovery'")).

(C)    Meta further objects to this Request as overly broad and unduly burdensome in that it seeks an admission that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or is of such marginal relevance that its probative value is outweighed by the burden imposed on Meta in having to provide such information, including because of the overbroad definition of HEALTHCARE PROVIDER WEB-PROPERTIES, which is defined as extending to "any website, app, server, or other interface through which Meta collects user identified or identifiable data for the Pixel, SDK, CAPI, or other relevant Business Tool."  Meta also objects to this Request as overly broad and unduly burdensome in that it purports to require Meta to confirm whether any of the millions of tables or other data sources at Meta contain data that meet the

Gibson, Dunn &
Crutcher LLP

55
DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO

CONFIDENTIAL

1   ambiguous criteria from plaintiffs' Request.  Any attempt by Meta to respond to this Request as

2   written would be unduly burdensome, expensive, and oppressive, and Meta is not required to respond

3   to Requests that seek information that is not relevant to any party's claim or defense.  Fed. R. Civ. P.

4   26(b)(1); *see Wong*, 2020 WL 6460530, at *2; *C & C Jewelry Mfg.*, 2011 WL 768642, at *1.

5          Subject to and without waiving the foregoing objections, and based on a reasonable

6   investigation of the information available as of the date of these Responses, Meta responds as

7   follows: Meta stands on its objections.  Meta is willing to meet and confer with plaintiffs regarding

8   this Request and reserves the right to supplement or amend this response.

9

10

11  Dated: August 12, 2024                           GIBSON, DUNN & CRUTCHER LLP

12

13                                         By:      */s/ Lauren R. Goldman*
                                                    Lauren R. Goldman

14

15                                                  COOLEY LLP

16                                         By:      */s/ Michael G. Rhodes*
                                                    Michael G. Rhodes

17

18                                         *Attorneys for Meta Platforms, Inc.*

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION — CASE NO. 3:22-CV-03580-WHO