UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE META PIXEL HEALTHCARE LITIGATION | Case No. 22-cv-03580-WHO (VKD) |
|---|---|
| This Document Relates To:<br><br>All Actions. | **ORDER RE FACT DEPOSITIONS** |

The Court has reviewed the parties' February 14, 2025 status report regarding their efforts to agree on the number, duration, scope, and scheduling of fact witness depositions. The results of those efforts are not impressive. Accordingly, the Court provides the following direction, with which the parties must comply unless they agree otherwise:

1. <u>Individual depositions</u>. Plaintiffs may take no more than 12 depositions of individual fact witnesses.[1] They have already taken two individual fact witness depositions, so they have 10 remaining.

Plaintiffs shall choose their remaining deponents wisely, as they will not be permitted to take more than 12 individual fact witness depositions absent a stipulation or leave of the court. *See* Fed. R. Civ. P. 30(a)(2). In discussing any depositions beyond the 12-deposition limit, the parties should keep in mind that leave will be granted only to the extent consistent with the relevance and proportionality requirements of Rule 26(b). Fed. R. Civ. P. 30(a)(2); *see also* Fed. R. Civ. P. 30, advisory committee notes to 1993 amendment, subdivision (a) (limitation on depositions that may be taken without leave or stipulation ensures compliance with requirements

---

[1] The parties have not raised any issue about the number of individual depositions Meta wishes to take or whether that number exceeds Rule 30's 10-deposition limit.

of Rule 26(b) and development of a cost-effective plan for discovery in the case).  The Court must limit the number of depositions if it finds that (a) the discovery sought is unreasonably cumulative or duplicative or can be obtained from a source that is more convenient, less burdensome or less expensive, (b) the party seeking discovery has had ample opportunity to obtain the information through discovery; or (c) the burden or expense of the discovery sought outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the discovery in resolving those issues. *See* Fed. R. Civ. P. 26(b)(2)(C); *RJ v. Cigna Health & Life Ins. Co.*, No. 20-cv-2255 EJD (VKD), 2022 WL 16839492, at *1 (N.D. Cal. Nov. 9, 2022).  The party seeking additional depositions must make a particularized showing of need for the depositions.  *See Authentec, Inc. v. Atrua Techs., Inc.*, No. 08-cv-1423 PJH, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008).  It will not be sufficient for plaintiffs to quote the presiding judge's or the undersigned magistrate judge's remarks in support of any request for additional depositions.

2. Rule 30(b)(6) deposition.  In addition to 12 individual fact witness depositions, plaintiffs may take no more than 20 hours of Rule 30(b)(6) corporate testimony, regardless of how many representatives Meta designates to testify on its behalf.

3. Deposition scheduling.  Plaintiffs shall identify the individual fact witness depositions that they presently wish to take.[2]  Plaintiffs must provide this list to Meta no later than **February 19, 2025 at 5:00 p.m.**  For each witness, Meta shall identify two alternative dates on which the witness is available between the date of this order and March 28, 2025.  Meta shall avoid identifying dates that would require double-tracking of depositions.  Meta must identify the available dates for the witnesses no later than **February 25, 2025 at 5:00 p.m.**[3]  Plaintiffs shall advise Meta of the dates they select for each witness's deposition no later than **February 28, 2025**

---

[2] Plaintiffs need not identify all 10 remaining witnesses by February 19, 2025, but they will need to promptly identify all of the depositions they wish to take in time to complete all depositions by April 18, 2025.

[3] If Meta objects that a witness should not be deposed at all, the parties shall promptly submit their dispute about such deposition to the Court for resolution.  Meta need not identify available dates for such disputed deposition until the dispute is resolved.

**at 5:00 p.m.** The witnesses' depositions shall proceed on the dates selected.[4] Once a deposition has been scheduled, per the foregoing procedure, no party may cancel the deposition, absent a written stipulation or order of the Court. Mr. Mudd's deposition shall proceed as scheduled on February 26, 2025.

4. <u>Disputes re Rule 30(b)(6) deposition topics</u>. Any dispute about plaintiffs' Rule 30(b)(6) deposition notice to Meta must be submitted for resolution no later than **March 11, 2025.**

**IT IS SO ORDERED.**

Dated: February 18, 2025

Virginia K. DeMarchi
United States Magistrate Judge

---

[4] No party may insist on any particular order of depositions. Rather, the order of depositions shall be guided by witness availability and efficiency.

3