**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:    (415) 393-8200
Facsimile:    (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE META PIXEL HEALTHCARE LITIGATION,<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-03580-WHO (VKD)<br><br>**DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Hon. William H. Orrick |
|---|---|

Gibson, Dunn & Crutcher LLP

DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:22-CV-03580-WHO (VKD)

I, Lauren R. Goldman, state and declare as follows:

1.  I am an attorney licensed to practice in the State of New York. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in these actions. I am admitted *pro hac vice* to practice before this Court. I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2.  I submit this declaration under Local Rule 79-5(f)(3) in support of Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should Be Sealed. Dkt. Nos. 813 and 842. Meta seeks to seal narrowly tailored portions of the Reply Re Motion for Sanctions Against Meta and exhibits, which the plaintiffs filed on February 7, 2025 at Dkt. Nos. 813-3, 813-4, 813-5, 813-6, 813-7, 813-8, 813-9, 813-10, 813-11, 813-12, 813-13, 813-14, 813-15, 813-16, 842-3, 842-4, 842-5, and 842-6 (the "Reply and Exhibits"). Meta proposes to redact specific, non-public information in the Reply and Exhibits that contain (i) confidential business information about Meta's proprietary data storage systems (including the names and contents of specific Hive tables and fields, how the systems are organized and can be searched, the types and amount of information Meta receives and stores, the types of information Meta can query from its systems, the specific retention periods Meta set for tables at issue in this case (which reveal Meta's competitively sensitive decisions regarding how long to store certain specific types of data in specific data sources), and how Meta processes and stores specific information associated with SubscribedButtonClick events); (ii) discussions of Meta's confidential classification systems (including the names and descriptions of those systems and information about the types of information Meta classifies); (iii) information revealing Meta's

---

[1] This Court and others in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, Dkt. Nos. 157, 417; *see also Avago Techs. Fiber IP (Singapore) PTE. Ltd., v. IPtronics Inc.*, No. 5:10-cv-02863-EJD, Dkt Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., v. OpenTV Inc.*, No. 5:13-cv-00282-EJD, Dkt. Nos. 76, 82 (N.D. Cal. Oct. 8, 2013). I am personally familiar with Meta's practices of safeguarding proprietary information, including based on my experience representing Meta for many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

1  confidential internal business decision-making processes and analyses; and (iv) Meta's non-public
2  employee contact information, including employee email addresses.

3       3. In determining whether to permit documents to be filed under seal, this Court should apply the "good cause" test for "sealed materials attached to a discovery motion unrelated to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *see Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). The good cause standard generally applies to discovery-related filings because "discovery is largely 'conducted in private as a matter of modern practice,'" and "the public is not presumed to have a right of access to it." *Ctr. For Auto Safety*, 809 F.3d at 1097 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)). The good cause standard applies here because the Reply and Exhibits were filed in connection with a discovery-related dispute that is unrelated to the merits of the case. This dispute, which centers around Meta's preservation and production of data, is based on an attempt to litigate discovery. Further, "discovery sanctions in general are non-dispositive unless imposition of the sanction would be dispositive of a party's claim or defense," which is not the case here. *Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 546 (N.D. Cal. 2009). Applying the "good cause" standard, Judge DeMarchi has already found that good cause exists to seal information similar to that which Meta seeks to seal here. *See, e.g.*, Dkt. Nos. 336, 339-3, 339-5, 350-6, 372, 485, 503, 509, 510, 515, 522, 703, and 734.

4. Nevertheless, Meta would also meet the more stringent "compelling reasons standard" for sealing material that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. Under this standard, the public's right to inspect and access court records "can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto Ins. Comp.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Meta is asking to seal only information which provides insight into specific aspects of its proprietary and non-public data storage and classification systems, internal business decision-making processes and analyses, and employee contact information. Further, Meta's interest in sealing proprietary, competitively sensitive information or information that bad actors could use to undermine the integrity of Meta's systems and gain improper access to user data overrides any public interest in the specific details Meta seeks to seal. Relevant factors in deciding whether a party's interest in sealing overcomes the public's interest in disclosure include: (1) the

amount of material sought to be sealed (*see Algarin v. Maybelline, LLC*, No. 12-CV-3000-AJB (DHB), at *3 (S.D. Cal. Feb. 21, 2014)); (2) the "public interest in understanding the judicial process" (*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 747 F. App'x 463, 465 (9th Cir. 2018)), and (3) "whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets" (*Id.*). Each of these factors supports sealing the material Meta is requesting to seal. First, Meta seeks to seal only limited portions of the Reply and Exhibits that are necessary to protect Meta's proprietary confidential information. *See Algarin*, 2014 WL 690410, at *3 (permitting sealing because party "only s[ought] to seal a limited amount of information"). Second, sealing of this limited information, including about the technical aspects of how Meta's data storage and classification systems work, Meta's internal business decision-making processes, and non-public employee email addresses, will not impede the public's understanding of the judicial process as this information is not essential to the public's understanding of the merits of this dispute or this case. Third, disclosure of this information is likely to place Meta at a competitive disadvantage, as Meta's competitors could use this sensitive information for their own gain, and bad actors could use this confidential information to better understand and infiltrate the data Meta stores, including user data. In addition, this Court has already found compelling reasons to seal information about Meta's proprietary internal systems. *See, e.g.,* Dkt. Nos. 77, 109, and 157.

5.  Sealing is appropriate here for several reasons. *First*, Meta's sealing request is "narrowly tailored to seek sealing only of sealable material." *Singh v. Costco Wholesale Corp.*, No. 20-CV-08180-NC, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023). Meta asks the Court to seal only those parts of the Reply and Exhibits that reveal proprietary, commercially sensitive, and confidential information about Meta's data storage and classification systems, internal decision-making, or employee contact information. *Second*, as the Supreme Court has recognized, the public right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also* Dkt. No. 157 at 3 (this Court confirming that "competitive harm is a compelling reason to seal"). Meta is likely to suffer harm if highly confidential information regarding the non-public systems integral to its classification and storage of information, internal business

decision-making processes, and employee contact information is made public. *Third*, there is "a compelling reason to seal" information that could compromise a party's "network infrastructure and security systems." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015). Both the less stringent "good cause" standard and the "compelling reasons" standards are clearly met here because the disclosure of specific information about how and where Meta stores data, what Meta classifies and the systems it uses, how and why Meta makes strategic business decisions, and the non-public email addresses of Meta employees is competitively sensitive and/or could empower bad actors to exploit Meta's systems and misuse data stored by Meta.

6. Competitive harm is likely if Meta's highly confidential information is made public. As the Supreme Court has recognized, the public's right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. Meta operates in an intensely competitive marketplace and has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage. Disclosure of the information Meta seeks to seal would provide these competitors with unfair insight into how Meta's systems are designed and operate and Meta's internal strategic business considerations, giving competitors the ability to "duplicate features of" Meta's systems and technical infrastructure "which could cause competitive harm." *In re Google Inc. Gmail Litig.*, 13–MD–02430–LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding "compelling reasons to seal" materials relating to "descriptions of how Gmail operates").

7. In addition, absent redactions, unsealing the Reply and Exhibits likely would cause Meta harm because it would reveal information bad actors could then use to access or gain insight into the data Meta receives and stores. Meta has an interest in maintaining confidentiality over information related to its data storage systems and takes care to protect the confidentiality of its proprietary information and data it receives and stores. Divulging details about Meta's systems would undermine this interest by helping third parties circumvent Meta's security measures to infiltrate or better understand the data Meta stores (including data related to users), in violation of Meta's policies.

1  Therefore, disclosure would harm both Meta and the individuals whose data may be left more
2  vulnerable to improper access.

3     8.   Courts routinely protect the type of information that Meta seeks to seal here, including
4  in connection with motions for sanctions. For example, in *In Re Google RTB Consumer Privacy*
5  *Litigation*, Judge DeMarchi denied plaintiffs' motion for contempt and spoliation sanctions against
6  Google and applied the "good cause" standard to seal references to the names of specific fields in
7  Google's storage system and specific retention periods, even when the name of the data sources at issue
8  was redacted. *See* 21-CV-02155-YGR (VKD), 2025 WL 28641, at *3 (N.D. Cal. Jan. 3, 2025) ("At
9  that time, at least one of the requested samples encompassed a time period within the [redacted]
10 retention period for [redacted]"). *See also* Dkt. No. 157 at 3–4 (collecting cases); *Phillips ex rel. Estates*
11 *of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (holding "confidential . . .
12 commercial information" was entitled to protection from disclosure); *see also Calhoun v. Google LLC*,
13 No. 20-CV-05146-YGR (SVK), 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022) (allowing
14 redactions for references to "sensitive features of Google's internal systems and operations, including
15 the various types of data sources which include information related to Google's data logs, internal data
16 structures, internal identifiers and their proprietary functions"); *Ojmar US, LLC v. Sec. People, Inc.*,
17 No. 16-CV-04948-HSG, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (noting protections
18 afforded by courts within the Ninth Circuit are broad and extend to "confidential information regarding
19 [a defendant's] products, services, and business practices"). Notably, Judge DeMarchi has already
20 found good cause and ordered sealing of some of the same (or very similar) information Meta seeks to
21 seal here. *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734 (sealing specific non-
22 public information about the structure of and information in Meta's data storage systems); *see also* Dkt.
23 Nos. 339-3, 350-6, 372, 703, 734 (sealing, *inter alia*, specific non-public information about Meta's
24 classification systems); *see also* Dkt. Nos. 485, 515 (sealing "sensitive internal, non-public information
25 and analysis regarding strategic issues, employee roles and workstreams"). Meta proposes narrowly
26 tailored redactions that would keep only its most sensitive, non-public material sealed. Meta's position
27 regarding material that should be sealed is set forth in the following table:

DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:22-CV-03580-WHO (VKD)

| Document | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Plaintiffs' Reply in Support of Their Motion for Sanctions Against Meta (Dkt. No. 813-3) | Parts of page i, line 5; page 1, lines 6, 11-13; page 2, lines 4, 8-10, 18, 24; page 3, lines 5-12, 15-20, footnote 2 in lines 25-26; page 4, lines 1, 7, 10-11, 13-14, footnote 2 in lines 26-28; page 5, lines 5-6, 20-22, 24-27; page 6, lines 1-8, 10-11, 13-14, 22-27; page 7, lines 1-3, 6, 8, 15, 18, 22; page 8, lines 2, 6-9, 16, 19-24; page 9, lines 3-4; page 10 lines 4, 24; page 11, lines 15, 23-25; page 12, lines 1, 10, 17, 19-21, 23-24; page 13, lines 9-10, 15-17; page 14, lines 8, 10-11, footnote 5 in lines 24, 26-28; page 15, lines 10-13, 15-16, footnote 6 in line 26.<br><br>(highlighted in Dkt. No. 865) | Meta | This text should be redacted because it reveals specific, sensitive, non-public information regarding strategic issues, analysis, and decision-making by Meta employees and specific, non-public information about Meta's proprietary data storage systems, including the names and contents of specific Hive tables, how the data storage systems are organized and can be searched, the amount and types of data Meta receives and stores, the specific retention periods Meta set for tables at issue in this case (which reveal Meta's competitively sensitive decisions regarding how long to store certain specific types of data in specific data sources), and how Meta processes and stores specific information associated with SubscribedButtonClick events. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Judge DeMarchi has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734. |
| Graber Declaration (Dkt. No. 813-4) | Parts of 1, lines 23-24, 27; page 2, lines 1-2, 4-5, 7-8.<br><br>(highlighted in Dkt. No. 866) | Meta | This text should be redacted because it reveals specific, sensitive, non-public information regarding strategic issues, analysis, and decision-making by Meta employees, which reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific Hive tables. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Judge DeMarchi has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734. |
| Shafiq Declaration (Dkt. No. 813-5) | Parts of page 2, lines 24-25; page 3, lines 1-9, 13-14, 23-24; page 6, footnote 19 in lines 24-27, footnote 20 in line 28; page 7, lines | Meta | This text should be redacted because it reveals specific, confidential information about Meta's proprietary data storage and classification systems, including the names of specific Hive tables, the amount and types of data Meta receives and |

| | | | |
|---|---|---|---|
| | 13, 20, 22; page 8, lines 4-5, 10, 18-22; page 9, lines 1-10, 12, 14-15, 21-22; page 10, lines 3-4, 7-19, footnote 29 in line 27, footnote 31 in line 28; page 11, lines 1-3, 5-6, 10, footnote 32 in line 25.<br><br>(highlighted in Dkt. No. 867) | | stores, how Meta processes and stores specific information associated with SubscribedButtonClick events, the specific retention periods Meta set for tables at issue in this case and specific time periods for which Meta has preserved data from those tables (which reveal Meta's competitively sensitive decisions regarding how long to store certain specific types of data in specific data sources), the names and descriptions of Meta's classification systems, and the types of information Meta classifies.  If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems.  Judge DeMarchi has previously ordered this type of information to be sealed.  *See, e.g.*, Dkt. Nos. 336, 339-3, 339-5, 350-6, 372, 503, 509, 510, 522, 703, 734. |
| Exhibit 28 (Dkt. No. 813-6) | Parts of page 2, lines 17, 19-21, 3-9, 11-14; page 3, lines 1-2, 12-13, 17-20, 1-3; page 4, lines 9-12, 14-21, 24-25, 1-4; page 5, lines 6-7, 9-10, 13-21, 25, 2; page 6, lines 3-4, 7-10, 19-23.<br><br>(highlighted in Dkt. No. 868) | Meta | This text should be redacted because it reveals specific, sensitive, non-public information regarding strategic issues, analysis, and decision-making by Meta employees, which reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific Hive tables, how the Hive system is organized, and the types of information that Meta can query from its systems.  If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems.  Judge DeMarchi has previously ordered this type of information to be sealed.  *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734. |
| Exhibit 29 (Dkt. No. 813-7) | Entire Document. | Meta | This entire document should be sealed because it is an internal technical document that contains non-public, highly confidential information about Meta's proprietary data storage systems, including how the systems are organized.  If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems.  Judge DeMarchi has previously ordered this type of information to be sealed.  *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 509, 510, 522, 703, 734. |

| | | | |
|---|---|---|---|
| Exhibit 30 (Dkt. No. 813-8) | Parts of page 1, "From" field, "To" field, "Subject" field, messages 1-19; page 2, messages 2-4, 7, 9-19, 22; page 3 messages 7, 9-10, 12-14, 17-19.<br><br>(highlighted in Dkt. No. 869) | Meta | This text should be redacted because it identifies the specific, non-public email addresses of Meta employees and sensitive, non-public information and analysis regarding strategic issues considered by Meta, which reveals specific, non-public information about Meta's proprietary data storage systems, including the names and content of specific Hive tables and fields, and information about how the systems are organized. If this information was publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm. Disclosure of this sensitive information would also allow bad actors to undermine the integrity of Meta's systems. Judge DeMarchi has previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 336, 339-5, 372, 509, 510, 522, 703, 734. *See also* Dkt. Nos. 485, 515; Dkt. Nos. 429-3, 451 at 1 n.1, 485, 515. |
| Exhibit 31 (Dkt. No. 813-9) | Parts of page 1, "From" field, "To" field, "Subject" field, paragraphs 1, 3, "Description" field; page 2, "Description" field, "Tags" field," "Subscribers" field, messages 1-3.<br><br>(highlighted in Dkt. No. 870) | Meta | This text should be redacted because it identifies the specific, non-public email addresses of Meta employees and sensitive, non-public information and analysis regarding strategic issues considered by Meta, which reveals specific, non-public information about Meta's proprietary data storage systems, including the names and content of specific Hive tables, and information about how the systems are organized. If this information was publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm. Disclosure of this sensitive information would also allow bad actors to undermine the integrity of Meta's systems. Judge DeMarchi has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 509, 510, 522, 703, 734. *See also* Dkt. Nos. 485, 515; Dkt. Nos. 429-3, 451 at 1 n.1, 485, 515. |
| Exhibit 32 (Dkt. No. 813-10) | Entire Document. | Meta | This entire document should be sealed because it reveals specific, sensitive, non-public information regarding strategic decision-making and issues and analysis |

| | | | |
|---|---|---|---|
| | | | conducted by Meta employees, which reveals specific confidential information about Meta's proprietary data storage systems, including the names and content of specific Hive tables, the types of information Meta receives and stores, and the specific retention periods Meta set for tables at issue in this case and specific time periods for which Meta has preserved data from those tables (which reveal Meta's competitively sensitive decisions regarding how long to store certain specific types of data in specific data sources). If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Judge DeMarchi has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 509, 510, 522, 703, 734. |
| Exhibit 33 (Dkt. No. 813-11) | Entire Document. | Meta | This entire document should be sealed because it is an internal technical document that contains non-public, highly confidential information about Meta's proprietary data storage systems, including the names and contents of specific Hive tables. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Judge DeMarchi has previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 336, 339-5, 372, 509, 510, 522, 703, 734. |
| Exhibit 34 (Dkt. No. 813-12) | Entire Document. | Meta | This entire document should be sealed because it reveals specific, sensitive, non-public information regarding strategic decision-making and issues and analysis conducted by Meta employees, which reveals specific, non-public information about Meta's proprietary data storage systems, including the types of information Meta receives and stores. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Judge DeMarchi has previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734. |

| | | | |
|---|---|---|---|
| Exhibit 35 (Dkt. No. 813-13) | Entire Document. | Meta | This entire document should be sealed because it reveals specific, sensitive, non-public information regarding strategic decision-making and issues and analysis conducted by Meta employees, which reveals specific, non-public information about the design of certain proprietary Meta systems and functionalities, including the names and contents of specific Hive tables, how the systems are organized, and the types of information Meta receives and stores. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Judge DeMarchi has previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734. |
| Exhibit 36 (Dkt. No. 813-14) | Entire Document. | Meta | This entire document should be sealed because it reveals specific, sensitive, non-public information regarding strategic decision-making and issues and analysis conducted by Meta employees, which reveals specific, non-public information about Meta's proprietary data storage systems, including the types of information Meta receives and stores. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Judge DeMarchi has previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734. |
| Exhibit 37 (Dkt. No. 813-15) | Parts of page 1, "From" field, "To" field, "Subject" field, "Attachments" field, messages 1-4, 7, 9-13, 16-19; page 2, messages 1-11, 14-17, 19.<br><br>(highlighted in Dkt. No. 871) | Meta | This text should be redacted because it identifies the specific, non-public email addresses of Meta employees and sensitive, non-public information and analysis regarding strategic issues considered by Meta, which reveals specific, non-public information about Meta's proprietary data storage systems, including the names and content of specific Hive tables. If this information was publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm. Disclosure of this sensitive information would also allow bad actors to undermine |

| | | | |
|---|---|---|---|
| | | | the integrity of Meta's systems. Judge DeMarchi has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 509, 510, 522, 703, 734. *See also* Dkt. Nos. 485, 515; Dkt. Nos. 429-3, 451 at 1 n.1, 485, 515. |
| Exhibit 38 (Dkt. No. 813-16) | Parts of page 1, rows 1-2, 4-6, 8-9, 11, 13-14.<br><br>(highlighted in Dkt. No. 872) | Meta | This text should be redacted because it reveals specific, sensitive, non-public information regarding strategic decision-making and issues and analysis conducted by Meta employees, which reveals specific, non-public information about Meta's proprietary data storage systems, including the names and contents of specific Hive tables, how the systems are organized, and the types of information Meta can query from its systems. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Judge DeMarchi has previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734. |
| Notice of Errata (Dkt. No. 842-3) | Parts of page 1, image, lines 26-27; page 2, chart rows 1-2, 4-6, 8-9, 11, 13-14.<br><br>(highlighted in Dkt. No. 873) | Meta | This text and image should be redacted because they reveal specific, sensitive, non-public information regarding strategic decision-making and issues and analysis conducted by Meta employees and reveals specific, non-public information about Meta's proprietary data storage systems, including the names and contents of specific Hive tables, how the systems are organized, and the types of information Meta can query from its systems. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Judge DeMarchi has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734. |
| Corrected Exhibit 28 (Dkt. No. 842-4) | Parts of page 122, lines 2-7, 9-12, 17-21; page 123, lines 3-5, 9-12, 14-16, 19-21, 23-25; page 124, lines 2-4, 11-17, 20-24; page 125, lines 1, 14, 16, 19, 21-25; page 154, lines 2-9, 12-17, 19- | Meta | This text should be redacted because it reveals specific, sensitive, non-public information regarding strategic issues, analysis, and decision-making by Meta employees, which reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific Hive tables, how the Hive system is organized, and the types of information that Meta |

| | | | |
|---|---|---|---|
| | 20, 22-23; page 155, lines 1-10, 14, 16-18, 21-24; page 156, lines 9-13, 18-22, 25; page 157, lines 1-13, 15-17, 19-21, 25.<br><br>(highlighted in Dkt. No. 874) | | can query from its systems. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Judge DeMarchi has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734. |
| Corrected Exhibit 29 (Dkt. No. 842-5) | Entire Document. | Meta | This entire document should be sealed because it is an internal, technical document that contains non-public, highly confidential information about Meta's proprietary data storage systems, including how the systems are organized. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Judge DeMarchi has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 509, 510, 522, 703, 734. |
| Corrected Exhibit 38 (Dkt. No. 842-6) | Parts of page 1, rows 1-2, 4-6, 8-9, 11, 13-14.<br><br>(highlighted in Dkt. No. 875) | | This text should be redacted because it reveals specific, sensitive, non-public information regarding strategic decision-making and issues and analysis conducted by Meta employees, which reveals specific, non-public information about Meta's proprietary data storage systems, including the names and contents of specific Hive tables, how the systems are organized, and the types of information Meta can query from its systems. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Judge DeMarchi has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 19th day of February 2025 in New York, New York.

                                                               */s/ Lauren R. Goldman*
                                                               Lauren R. Goldman