1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE META PIXEL HEALTHCARE

LITIGATION

Case No.   22-cv-03580-WHO

**ORDER RE MOTION FOR SANCTIONS**

Re: Dkt. Nos. 739, 740, 800, 813, 836

Plaintiffs move for sanctions under Federal Rule of Civil Procedure 37(e)(1) and (2) based on Meta's failure to preserve data from two tables. Some facts are not in dispute. Plaintiffs allege that Meta knew or should have known that the two tables at issue contained data showing the healthcare provider websites that used Meta's Pixel and where individuals clicked on website buttons on those sites. Plaintiffs argue, and Meta does not dispute, that "button click" data is highly relevant to this case. Plaintiffs assert and Meta does not dispute that some or all of this button click information was not preserved and is not located in the *other* tables that Meta had either been preserving prior to the filing of this action or that Meta started to preserve in September 2022 (and backfilled according to those tables' data retention policies).

Some contentions are disputed: Was the failure to preserve the two tables at issue intentional, the result of conscious disregard, or an oversight given the complex nature of Meta's data storage systems and the massive amounts of relevant data that Meta was attempting to preserve for this and other litigations? To what extent are plaintiffs prejudiced by the loss of this data, if at all?

After argument of counsel and consideration of the briefing and exhibits, I find that Meta had a duty to preserve the lost information and that it did not take reasonable steps to preserve it. Given plaintiffs' evidence, by September 2022 Meta knew or consciously disregarded that there was key data in those two tables that was not located in the other tables being preserved. I do not find that Meta purposefully destroyed evidence to avoid its obligations, but believe that Meta acted in conscious disregard of its obligations.

United States District Court
Northern District of California

1        That said, it is not clear to me how much of the button click data has been lost and how

2   that will impact the issues in this case.  It is unclear how much data has been lost regarding which

3   healthcare entities had the button click tracking installed on their websites during the relevant

4   timeframe; how much data has been lost regarding the actual buttons tracked by Meta on those

5   entities' websites; and how much data has been lost showing the actual information transmitted to

6   Meta with those button clicks.  Without that clarity, I cannot gauge the prejudice to plaintiffs or

7   how to remediate it.  This may become clearer at class certification, trial, or post-trial.

8        The parties have vastly different beliefs about the impact of the lost data on the ability of

9   plaintiffs to present their case.  I have ordered lead counsel to meet and confer to attempt to

10  identify with precision the amount and specific type of "lost data and the extent to which the

11  information contained in the not-preserved tables is already included in any other data source

12  maintained and produced by Meta for the timeframe at issue (*i.e.*, if Meta had preserved data from

13  the two tables at issue when it preserved the other responsive table data)."  Dkt. No. 877.  Whether

14  or not that narrows the dispute, if and when it becomes clear that prejudice to plaintiffs exists, I

15  will determine what remedy may be appropriate.[1]

16       **IT IS SO ORDERED.**

17  Dated: February 20, 2025



William H. Orrick
United States District Judge

---

[1] Meta seeks to seal large amounts of information submitted in connection with this motion.  Dkt. Nos. 764, 836 (Declarations of Lauren R. Goldman in Support of Sealing).  I agree with Meta and plaintiffs that some information should be sealed under the compelling or good cause standards at this juncture (*e.g.*, source code, table names, technical descriptions of how storage is accomplished, and non-public employee contact information).  And I agree with plaintiffs (*see* Dkt. No. 854) that descriptions of the types of data Meta received through its Pixel, descriptions of default retention periods, and high-level discussions of Meta's storage practice (including the use of pipelines and the ability to backfill data) relate to central issues that are being litigated in this case and that Meta has not shown compelling justifications for sealing that information.  Therefore, the administrative motions to seal are GRANTED IN PART AND DENIED IN PART.  Dkt. Nos. 739, 800, 813, 836.  Within twenty (20) days of the date of this Order, Meta shall file revised redacted versions of the documents submitted in connection with the motion for sanctions that do not redact the information identified above.