Jason 'Jay' Barnes (admitted *pro hac vice*)
*jaybarnes@simmonsfirm.com*
**SIMMONS HANLY CONROY LLP**
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel: 212-784-6400
Fax: 212-213-5949

Jeffrey A. Koncius, State Bar No. 189803
*koncius@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel: 310-854-4444
Fax: 310-854-0812

*Attorneys for Plaintiffs and the Proposed Class*

Geoffrey Graber, State Bar No. 211547
*ggraber@cohenmilstein.com*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel: 202-408-4600
Fax: 202-408-4699

Beth E. Terrell, State Bar No. 178181
*bterrell@terrellmarshall.com*
**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.: 206-816-6603
Fax: 206-319-5450

Andre M. Mura, State Bar No. 298541
*amm@classlawgroup.com*
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.: 510-350-9700
Fax: 510-350-9701

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE META PIXEL HEALTHCARE LITIGATION

This Document Relates to:

All Actions.

**Case No. 3:22-cv-3580-WHO (VKD)**

CLASS ACTION

****REDACTED VERSION****

**PLAINTIFFS' OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S MOTION TO COMPEL PLAINTIFFS TO PROCEED USING THEIR IDENTITIES**

Date: March 26, 2025
Time: 2:00 p.m.
Place: Courtroom 2 – 17th Floor
Judge: Hon. William H. Orrick III

**TABLE OF CONTENTS**

I. INTRODUCTION ..... 1

II. STATEMENT OF ISSUES TO BE DECIDED ..... 2

III. ARGUMENT ..... 2

A. Meta's motion violates Local Rule 37-1(a). ..... 2

B. Meta's requested relief is unwarranted. ..... 4

1. Pseudonyms protect Plaintiffs from the further disclosure of their protected health information. ..... 5

2. The public interest is best served by allowing Plaintiffs to proceed using pseudonyms. ..... 7

3. Meta is not prejudiced by Plaintiffs' use of pseudonyms because the Protective Order will be amended to address Meta's concerns. ..... 8

IV. CONCLUSION ..... 9

# TABLE OF AUTHORITIES

**Cases**

*Al Otro Lado, Inc. v. Nielsen*
2017 U.S. Dist. LEXIS 210401 (S.D. Cal. Dec. 20, 2017) ........ 7, 8

*Allen v. ConAgra Foods, Inc.*
2020 U.S. Dist. LEXIS 144900 (N.D. Cal. Aug. 12, 2020) ........ 5

*Bell-Sparrow v. Wiltz*
2014 U.S. Dist. LEXIS 14361 (N.D. Cal. Feb. 4, 2014) ........ 3

*Ctr. for Auto Safety v. Chrysler Grp., LLC*
809 F.3d 1092 (9th Cir. 2016) ........ 5

*Doe I v. Health*
2021 Cal. Super. LEXIS 49452 (Cal. Super. Ct. Feb. 9, 2021) ........ 6

*Doe v. Ayers*
789 F.3d 944 (9th Cir. 2015) ........ 7

*Doe v. City & Cty. of S.F.*
2017 U.S. Dist. LEXIS 64291 (N.D. Cal. Apr. 27, 2017) ........ 6, 8

*Doe v. Lincoln Nat'l Life Ins. Co.*
2017 U.S. Dist. LEXIS 117110 (N.D. Cal. July 26, 2017) ........ 7, 8

*Doe v. Megless*
654 F.3d 404 (3d Cir. 2011) ........ 5

*Doe v. Metro. Life Ins. Co.*
2016 U.S. Dist. LEXIS 64387 (N.D. Cal. May 13, 2016) ........ 6

*Doe v. Rostker*
89 F.R.D. 158 (N.D. Cal. 1981) ........ 4

*Doe v. United States Immigr. & Customs Enf't*
2024 U.S. Dist. LEXIS 181292 (D.N.M. Oct. 3, 2024) ........ 8

*Doe v. UNUM Life Ins. Co. of Am.*
164 F. Supp. 3d 1140 (N.D. Cal. 2016) ........ 4, 9

*Does I Thru XXIII v. Advanced Textile Corp.*
214 F.3d 1058 (9th Cir. 2000) ........ 4, 7, 8, 9

*Franklin v. Allstate Corp.*
2008 U.S. Dist. LEXIS 28214 (N.D. Cal. Feb. 29, 2008) ........ 3

*In re Subpoenas to Multimedia over Coax All.*
2016 U.S. Dist. LEXIS 142048 (N.D. Cal. Oct. 13, 2016) .......... 3

*M.M. v. Zavaras*
139 F.3d 798 (10th Cir. 1998) .......... 4

*NAACP v. Ala. ex rel. Patterson*
357 U.S. 449 (1958) .......... 5

*Roe v. City of Milwaukee*
37 F. Supp. 2d 1127 (E.D. Wis. 1999) .......... 6

*Roe v. Ingraham*
364 F. Supp. 536 (S.D.N.Y. 1973) .......... 4

*Roes 1-2 v. SFBSC Mgmt., LLC*
77 F. Supp. 3d 990 (N.D. Cal. 2015) .......... 4, 7, 9

*Romero v. Cty. of Santa Clara*
2014 U.S. Dist. LEXIS 197167 (N.D. Cal. June 17, 2014) .......... 5

*Sealed Plaintiff v. Sealed Defendant #1*
537 F.3d 185 (2d Cir. 2008) .......... 4

*United States v. Doe*
655 F.2d 920 (9th Cir. 1980) .......... 4

**Rules**

Fed. R. Civ. P. 10(a) .......... 4

Fed. R. Civ. P. 16(b) .......... 8

Fed. R. Civ. P. 26(c) .......... 5, 8

L.R. 37-1(a) .......... 1, 2, 3

## I. INTRODUCTION

At the start of the case, the parties agreed through the Protective Order that Plaintiffs' names would be designated as Highly Confidential – Attorneys' Eyes Only information to avoid exposing, in public filings, patient status or other health information. *See* Dkt. 242 at 2. Ignoring all of this, Meta filed this motion seeking to compel Plaintiffs to proceed without pseudonyms, citing the need to use Plaintiffs' names to obtain discovery from certain third-party hospitals, and the need to reveal Plaintiffs' names to in-house counsel. Plaintiffs worked collaboratively with Meta to amend the Protective Order so that Plaintiffs' names could be shared for these distinct reasons while also receiving the protections afforded by the Protective Order. But Meta nevertheless insists that Plaintiffs' names should be unmasked.

Meta's motion is procedurally improper. Meta seeks to rid itself of certain aspects of the Protective Order, but it has not complied with the discovery dispute resolution procedures that govern disputes arising under a protective order. *See* L.R. 37-1(a). Instead, Meta noticed a motion addressed to this Court rather than Judge DeMarchi without conferring with Plaintiffs. Judge DeMarchi is now prepared to approve the parties' stipulated amendment to the Protective Order to take care of the two issues that Meta's motion raises. Inasmuch as Meta may also wish to disclose Plaintiffs' names for other unspecified purposes, it should be required to follow the procedures that govern such disputes before its arguments are entertained.

Meta's motion also fails on the merits. Meta has not shown why the public's interest in knowing Plaintiffs' identities outweighs Plaintiffs' need for privacy, nor has it articulated any colorable prejudice that cannot be solved by other means. Simply put, Plaintiffs' names, if unmasked, will then immediately be connected to the names of their healthcare providers, which were not redacted in the operative complaint. At minimum, connecting Plaintiffs' names with their healthcare providers needlessly reveals their patient status, which the Court acknowledged at the start of this case is "protected health information." *See* Dkt. 159 at 13-14. Meta's request to reveal Plaintiffs' personal information without any clear purpose should therefore be denied.

/ / /

/ / /

## II. STATEMENT OF ISSUES TO BE DECIDED

Should the Court compel Plaintiffs to proceed using their names, thereby eliminating the protections afforded by the Protective Order and allowing Meta to use Plaintiffs' names for any purpose?

## III. ARGUMENT

The Court should deny Meta's motion because it is procedurally improper, and the relief Meta seeks is unwarranted under the circumstances.

### A. Meta's motion violates Local Rule 37-1(a).

From the outset of this case, the parties recognized that the subject matter would necessarily involve a great deal of sensitive health information. Specifically, disclosing Plaintiffs' names in connection with their healthcare providers would reveal their patient status. The parties agreed under the stipulated Protective Order that Plaintiffs' names would remain confidential because their disclosure "would create a substantial risk of harm that could not be avoided by less restrictive means." *See* Dkt. 242 (Protective Order). In reliance upon that understanding, Plaintiffs proceeded pseudonymously and revealed the names of healthcare providers in the complaint. *See* Dkt. 355 (First Amended Complaint).

This balance of permitting public disclosure of select health information while preserving Plaintiffs' anonymity stood for the better part of two years. In January, however, Meta raised that it wanted to disclose Plaintiffs' names to healthcare entities so that it could effectively seek third-party discovery. *See* Declaration of Andre Mura ("Mura Decl.") ¶ 3.

A process exists for just this circumstance: moving to amend the Protective Order. This dispute is subject to the Court's requirements that the parties first seek to resolve the issue by agreement and should have been tendered to Judge DeMarchi as a dispute arising under the Protective Order. *See, e.g.*, Dkt, 844 (proposing protective order addendum); *see also Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 16-cv-06370-EJD (VKD), 2021 U.S. Dist. LEXIS 120256, at *8 (N.D. Cal. June 28, 2021) (DeMarchi, J.) (addressing issue where material protected under protective order was sought to be shared with non-parties and applying standard for seeking to modify a protective order). And indeed, that is how the parties initially approached the dispute.

The parties conferred about amending the Protective Order for the purpose of sharing Plaintiffs' names, and Meta agreed to share proposed language for such an amendment. *See* Mura Decl. ¶ 3. No draft language came; instead, Meta filed this motion without further notice or discussion. *See id.* ¶ 4.

Plaintiffs promptly notified Meta that its motion was improper because its stated relief would require an amendment to the Protective Order, which in turn required the parties to meet-and-confer about the proposed relief in advance of filing any dispute, which in turn would properly be filed before Judge DeMarchi as a discovery dispute. Mura Decl. ¶ 5; *see* L.R. 37-1(a); Magistrate Judge Virginia K. DeMarchi's Standing Order for Civil Cases at 2 (noting "the Court generally requires parties to use the discovery dispute resolution procedure described below for disputes arising under a protective order"). In an attempt to resolve the matter by agreement and prevent further delay to Meta's discovery plan, Plaintiffs suggested that the parties proceed with their prior plan to amend the Protective Order, and requested that Meta withdraw its improper and premature motion. Mura Decl. ¶ 5. Meta refused to withdraw the motion, but agreed to amend the Protective Order. *See* Dkts. 844, 849.

There is no remaining justification for revealing Plaintiffs' names—other than what appears to be a desire to force Plaintiffs to sacrifice more of their medical privacy as punishment for bringing this lawsuit. If Meta has additional need for sharing Plaintiffs' names, it should follow the process set forth in the Local Rules of this Court and Judge DeMarchi's standing order to meet-and-confer before burdening the Court with requests it has not even attempted to resolve with Plaintiffs. Courts routinely dismiss motions where the movant bypassed the conferral requirement. *See In re Subpoenas to Multimedia over Coax All.*, No. 16-mc-80192-SK, 2016 U.S. Dist. LEXIS 142048, at *6 (N.D. Cal. Oct. 13, 2016) (denying motion to compel for failure to confer under L.R. 37-1(a)); *Bell-Sparrow v. Wiltz*, No. C 12-02782 SI, 2014 U.S. Dist. LEXIS 14361, at *11 (N.D. Cal. Feb. 4, 2014) (same); *Franklin v. Allstate Corp.*, No. C-06-1909 MMC (EMC), 2008 U.S. Dist. LEXIS 28214, at *6-7 (N.D. Cal. Feb. 29, 2008) (denying motion and sanctioning movant for failing to meet and confer).

/ / /

**B. Meta's requested relief is unwarranted.**

Due to Meta's failure to abide by the Local Rules, the Court can deny Meta's motion without further consideration. But if the Court wishes to consider the propriety of using pseudonyms in this instance, Meta's motion still fails.

Despite the general rule that "[t]he title of the complaint must name all the parties," Fed. R. Civ. P. 10(a), "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000); *see Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015) ("The question is one of balance."); *see also Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189 (2d Cir. 2008) ("[W]e endorse the Ninth Circuit's formulation and hold that when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant."). How to balance these factors is subject to this Court's discretion. *See Advanced Textile*, 214 F.3d at 1069. "The Supreme Court has given implicit recognition to the use of pseudonyms" in cases involving protected health information. *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980) (citing cases).

One of the "'most compelling'" reasons for a plaintiff to proceed anonymously is "'where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity.'" *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1145 (N.D. Cal. 2016) (Orrick, J.) (quoting *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981)); *see M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998) (identifying the exceptional case "'where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity'"); *Roe v. Ingraham*, 364 F. Supp. 536, 541 n.7 (S.D.N.Y. 1973) ("[I]f plaintiffs are required to reveal their identity prior to the adjudication on the merits of their privacy claim, they will already have sustained the injury which by this litigation they seek to avoid."). Because there is relatively great privacy harm to requiring them to reveal their patient status, negligible public interest in requiring Plaintiffs to reveal their identities, and no prejudice to Meta from the use of pseudonyms, the Court should deny Meta's motion.

**1. Pseudonyms protect Plaintiffs from the further disclosure of their protected health information.**

Plaintiffs each allege that Meta unlawfully received their protected health information, including their status as patients and information specifically related to highly sensitive health conditions, e.g., [redacted]. Nevertheless, Meta argues that "the details of plaintiffs' allegedly sensitive information" were "redacted in the operative complaint, which redactions Meta does not challenge." Mot. at 2:17-18. Therefore, Meta continues, "the details of that information will remain shielded from public disclosure in accordance with the Court's Protective Order." *Id*. at 2:20-21; *see* Dkt. 242 (Protective Order).

But the standard that governs a protective order at the discovery stage ("good cause," *see* Fed. R. Civ. P. 26(c)) is not the same as the "compelling reasons" standard that will govern whether documents are filed under seal at later stages of this case, "regardless of protective orders or agreements between the parties." *Romero v. Cty. of Santa Clara*, No. 11-cv-04812-WHO, 2014 U.S. Dist. LEXIS 197167, at *6 (N.D. Cal. June 17, 2014) (Orrick, J.); *see Allen v. ConAgra Foods, Inc.*, No. 3:13-cv-01279-WHO, 2020 U.S. Dist. LEXIS 144900, at *12 (N.D. Cal. Aug. 12, 2020) (Orrick, J.). This is because "[t]here is no tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal quotation marks omitted). Thus it is far from certain, despite Meta's arguments to the contrary, that after discovery has ended "the details [of Plaintiffs' protected health information] will remain shielded from public disclosure in accordance with the Court's Protective Order." Mot. at 2:20-21.

Requiring Plaintiffs to proceed using their identities would "result in nullification of the right at the very moment of its assertion," *NAACP v. Ala. ex rel. Patterson*, 357 U.S. 449, 459 (1958), because Plaintiffs' healthcare providers would immediately be identified, and it would result in further nullification as the case continues and Plaintiffs' most private health-related information could become public. *Compare Doe v. Megless*, 654 F.3d 404, 410 (3d Cir. 2011) (where

"[l]itigating publicly will not contribute further to the harm" but rather "will afford Doe the opportunity to clear his name in the community") *with Roe v. City of Milwaukee*, 37 F. Supp. 2d 1127, 1128 (E.D. Wis. 1999) (where litigating publicly would further contribute to the harm plaintiff is seeking to redress). The plaintiff in *Roe v. City of Milwaukee* sued the city for unlawfully disclosing his HIV status after he was arrested and "'the officer who booked [him] taped a pink piece of paper with black bold writing on his cell door which said "HIV POSITIVE INMATE."'" 37 F. Supp. 2d at 1128. The court found "the requisite 'exceptional circumstances' exist which justify a departure from the normal method of proceeding in federal court," and allowed him to proceed under a pseudonym. *Id.* at 1129; *see also Doe v. City & Cty. of S.F.*, No. 16-cv-06950-KAW, 2017 U.S. Dist. LEXIS 64291, at *6 (N.D. Cal. Apr. 27, 2017) (allowing plaintiff to proceed pseudonymously because his HIV-positive status, known only to his medical providers and a few close friends "implicates significant privacy concerns"); *Doe v. Metro. Life Ins. Co.*, No. 16-cv-02298-MEJ, 2016 U.S. Dist. LEXIS 64387, at *2 (N.D. Cal. May 13, 2016) (allowing plaintiff "suffer[ing] from HIV/AIDS" to proceed pseudonymously and collecting cases allowing same).

It is not surprising, then, that in another class action related to the Meta Pixel, in which the plaintiffs sued a healthcare provider for disclosing their protected health information to Meta, the court ruled that the plaintiffs may proceed using pseudonyms. *See Doe I v. Health*, 2021 Cal. Super. LEXIS 49452 (Cal. Super. Ct. Feb. 9, 2021), at *15; *see id.* at *8 (noting plaintiffs' argument that "forcing plaintiffs to proceed under their real names would exacerbate the harm they are seeking to redress and have a Kafkaesque result," internal quotation marks omitted).[1]

As this case continues, the parties' briefs, including the evidence and exhibits in support of those briefs, will include Plaintiffs' protected health information. Although some information was redacted from the complaint, the standards for redaction will not stay the same as the case progresses. It is therefore not forward-thinking, at best, to argue, as Meta has, that because the

---

[1] Even Meta appears to concede that some of Plaintiffs' health information at issue here would, if disclosed, warrant Plaintiffs' use of pseudonyms. *See* Mot. at 3:13-14 (arguing only that "much of the information alleged in the complaint concerns health conditions that 'are not uncommon, nor are they freighted with the high risk of stigmatization . . . .'"). Of course, not every allegation in the complaint need separately give rise to the need for anonymity.

operative complaint has been redacted to exclude certain protected health information the Court's analysis should center only on whether the information that would be revealed now is sensitive enough to be protected. Rather, the question is also whether the information that will be revealed as this lawsuit runs its course is sensitive enough to be protected. It is.

**2. The public interest is best served by allowing Plaintiffs to proceed using pseudonyms.**

This Court must decide "whether the public's interest [is] best served by requiring plaintiffs to reveal their identities." *Advanced Textile*, 214 F.3d at 1069. In this case, where the named Plaintiffs are acting as representatives for a class of people whose private medical information was intercepted by Meta, "the public interest is better served by allowing [Plaintiffs] to advance anonymously, rather than subject [them] to the uncomfortable position of either dismissing what may be legitimate claims or publicly disclosing highly confidential medical information." *Doe v. Lincoln Nat'l Life Ins. Co.*, No. 17-cv-03963-YGR, 2017 U.S. Dist. LEXIS 117110, at *4-5 (N.D. Cal. July 26, 2017); *see id.* ("The public need not know plaintiff's real name to understand the nature of his claims or the legal proceedings in this action.").

As in *Advanced Textile*, "[t]he public's interest in this case can be satisfied without revealing the plaintiffs' identities." *Advanced Textile*, 214 F.3d at 1069; *see id.* at 1072 ("The district court did not explain, and we fail to see, how disguising plaintiffs' identities will obstruct public scrutiny of the important issues in this case."); *see also id.* at 1072 n.15 (noting "the public did not suffer by not knowing the plaintiff's true name in *Roe v. Wade*").

"There is nothing about the plaintiffs' identities that makes it critical to the working of justice to reveal those identities. Anonymity, in other words, does not in this case threaten the principle of open courts." *Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d at 996; *see Doe v. Ayers*, 789 F.3d 944, 946 (9th Cir. 2015) ("Although the public does not know Petitioner's name, any reader of the Federal Reporter may consider the evidence . . . and determine for himself whether our assessment of its strength was correct."); *Al Otro Lado, Inc. v. Nielsen*, No. 17-cv-02366-BAS-KSC, 2017 U.S. Dist. LEXIS 210401, at *28 (S.D. Cal. Dec. 20, 2017) ("The identity of the Individual Plaintiffs is irrelevant to the legal merits of these claims, the resolution of which will be in full view of the

public.”).

Indeed, since the inception of this case Meta has agreed to the use of pseudonyms and nowhere in its motion does it explain why the use of pseudonyms will harm the public interest. *See Doe v. City & Cnty. of S.F.*, 2017 U.S. Dist. LEXIS 64291, at *7 (“Defendants do not explain why the use of a pseudonym in this case will harm the public interest.”); *see also, e.g.*, *Doe v. United States Immigr. & Customs Enf't*, No. 1:23-cv-00971-MLG-JMR, 2024 U.S. Dist. LEXIS 181292, at *10 (D.N.M. Oct. 3, 2024) (“It is not clear how allowing Plaintiffs to proceed anonymously abrogates the public's interest in determining [the defendant's] compliance with federal . . . regulations.”).

On the other hand, allowing Plaintiffs to proceed using pseudonyms would serve the public interest because “lawsuits that enforce constitutional and statutory rights benefit the public” and “the public has an interest in such cases being decided on the merits.” *Al Otro Lado*, 2017 U.S. Dist. LEXIS 210401, at *26; *cf. Doe v. United States Immigr. & Customs Enf't*, 2024 U.S. Dist. LEXIS 181292, at *11 (“[R]equiring asylum seekers to use their true identities when they reasonably fear harmful retribution . . . could dampen others' willingness to challenge potentially unlawful government actions.”). If using one's true identity in public filings were necessary to prevent (or to seek redress for) the unauthorized disclosure of health care information, victims would be deterred from asserting their rights, and the public's interest in safeguarding statutory and common law protections would be impaired.

**3. Meta is not prejudiced by Plaintiffs' use of pseudonyms because the Protective Order will be amended to address Meta's concerns.**

“[I]n evaluating the prejudice to defendant, the Ninth Circuit instructs district courts to ‘determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice.'” *Doe v. Lincoln Nat'l Life Ins. Co.*, 2017 U.S. Dist. LEXIS 117110, at *3 (quoting *Advanced Textile*, 214 F.3d at 1068). “In cases where the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings, *see* Fed. R. Civ. P. 16(b), and to issue protective orders limiting disclosure of the party's name, *see* Fed. R. Civ. P. 26(c), to preserve the party's anonymity to the

greatest extent possible without prejudicing the opposing party's ability to litigate the case." *Advanced Textile Corp.*, 214 F.3d at 1069.

Meta makes two arguments related to the prejudice it allegedly will suffer if Plaintiffs proceed without using their real names. Both issues were mooted when the parties agreed to amend the Protective Order to address Meta's stated concerns. *See* Dkts. 844, 849. First, Meta argues that it "served third-party discovery on certain healthcare entities that plaintiffs identified, and that plaintiffs claim sent Meta health information, and this discovery asks for documents relating to the named plaintiffs," Mot. at 3:26-28, but that because of the Protective Order "Meta has not been able to disclose plaintiffs' names to these healthcare entities," *id.* at 4:2-3. Second, Meta claims that it must be permitted to share Plaintiffs' names with in-house counsel. *Id.* at 4:5-12. Meta will be able to do both now through the parties' agreement regarding the Protective Order. *See Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. at 1144 (Orrick, J.) ("A well-crafted protective order would easily address defendants' concerns."). It also means this Court need not craft its own modification. *See Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d at 996 (a court might, "for example, issu[e] limited protective orders allowing the plaintiffs' names to be revealed to significant third parties, in a way that protects the plaintiffs' interests sufficiently, 'without prejudicing the opposing party's ability to litigate the case.'"). Consequently, any prejudice complained of no longer exists.

## IV. CONCLUSION

For the foregoing reasons, Meta's motion to compel Plaintiffs to proceed using their names should be denied.

Dated: February 21, 2025

By: */s/ Jason 'Jay' Barnes*

**SIMMONS HANLY CONROY LLP**
Jason 'Jay' Barnes (admitted *pro hac vice*)
jaybarnes@simmonsfirm.com
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel: 212-784-6400
Fax: 212-213-5949

By: */s/ Geoffrey Graber*

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Geoffrey Graber, State Bar No. 211547

ggraber@cohenmilstein.com
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel: 202-408-4600
Fax: 202-408-4699

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
koncius@kiesel.law
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel: 310-854-4444
Fax: 310-854-0812

**TERRELL MARSHALL LAW GROUP PLLC**
Beth E. Terrell, State Bar No. 178181
bterrell@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.: 206-816-6603
Fax: 206-319-5450

**GIBBS LAW GROUP LLP**
Andre M. Mura, State Bar No. 298541
amm@classlawgroup.com
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.: 510-350-9700
Fax: 510-350-9701

*Attorneys for Plaintiffs and the Proposed Class*

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the CM/ECF user filing this document attests that concurrence in its filing has been obtained from its other signatories.

Dated: February 21, 2025

*/s/ Nicole Ramirez Jones*
Nicole Ramirez Jones