**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-3580-WHO<br><br>**DEFENDANT META PLATFORMS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PLAINTIFFS TO PROCEED USING THEIR IDENTITIES**<br><br><u>CLASS ACTION</u><br><br>Date: March 26, 2025<br>Time: 2:00 p.m.<br>Courtroom 2<br><br>**HON. WILLIAM H. ORRICK** |

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This is a straightforward motion. The "strong presumption" in this Circuit is that plaintiffs must identify themselves in litigation, and courts have crafted narrow exceptions only in "rare" and "unusual" cases. *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1142 (N.D. Cal. 2016) (Orrick, J.). This Court and many others have applied that general rule even in cases where proceeding publicly could reveal allegedly sensitive health information. Nothing about this case is rare or unusual and thus nothing calls for a different result. The analysis should end there.

Plaintiffs resist that straightforward precedent based on two related, and flawed, premises. First, they erroneously characterize Meta's motion as a discovery dispute over the protective order. But the requirement to proceed publicly springs from the Federal Rules of Civil Procedure and Ninth Circuit precedent, and it exists independently of the protective order or any other discovery matters. Second, plaintiffs argue that Meta and the public do not *really* need their names, and that they should be allowed to proceed anonymously to avoid revealing their patient status. But that simply fights the governing law—which, unlike plaintiffs, puts a premium on public identification in litigation—and is irreconcilable with the bevy of cases requiring identification even when identification reveals much more than just patient status. Ultimately, adopting plaintiffs' position requires flipping the presumption on its head: the default is public disclosure (not anonymity), and the burden is on plaintiffs (not Meta) to justify a departure from that rule. Plaintiffs have not done so. Consistent with Ninth Circuit and this Court's own precedent, the Court should compel plaintiffs to proceed using their identities.

## ARGUMENT

As this Court has held, the "paramount importance of open courts" dictates a "presumption [] that plaintiffs will use their true names." *UNUM Life Ins.*, 164 F. Supp. 3d at 1143 (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1046 (9th Cir. 2010)). That presumption holds even when identification could result in "public disclosure of [the plaintiff's] health condition." *Id.* at 1145. Those principles resolve this motion, and plaintiffs offer no justification to depart from them.

## I. The Federal Rules of Civil Procedure and Ninth Circuit Precedent, Not the Protective Order, Govern this Motion.

Plaintiffs' leading argument is that Local Rule 37-1(a) required Meta to confer with them before bringing this motion. That argument misapprehends the basis of the motion, and in any event is flawed even on its own terms.

As plaintiffs acknowledge (at 1), Local Rule 37-1(a) governs *discovery* disputes. This is not a discovery dispute; rather, it is a dispute over whether the Federal Rules of Civil Procedure and Ninth Circuit precedent require plaintiffs to prosecute this case using their true identities. The rules governing public identification may have certain implications for discovery, but they are rooted in Rule 10 (which requires every complaint to "name all the parties") and "the 'paramount importance of open courts.'" *UNUM Life Ins.*, 164 F. Supp. 3d at 1143 (quoting *Kamehameha*, 596 F.3d at 1046). Meta thus did not "violate[] Local Rule 37-1(a)," Opp. 2, by filing its motion.

In any event, even if Local Rule 37-1(a) applied and required Meta to confer with plaintiffs about this dispute, Meta did so. Plaintiffs note (at 2–3) that they were willing to (and did) confer with Meta over amendments to the protective order to alleviate the prejudice of concealing their names—specifically, the parties worked together to allow disclosure to third-party subpoena recipients and to Meta's in-house counsel. *See* Dkt. 889 (approving amended protective order). Meta worked in good faith with plaintiffs to do so, and appreciates plaintiffs' reciprocation. But this motion does not seek an amendment to the protective order; rather, it moves under Rule 10 and Ninth Circuit precedent for plaintiffs to publicly reveal their names. In a meet-and-confer with Meta, plaintiffs made clear that they opposed disclosure of their names beyond a limited subset of entities that named plaintiffs had identified as having received named plaintiffs' relevant health information. *See* Decl. of Abigail A. Barrera ¶¶ 2–3. Plaintiffs' opposition brief reiterates their opposition to publicly disclosing their names. So, to the extent Local Rule 37-1(a) required any conference between the parties, Meta satisfied that requirement and plaintiffs made their opposition—and the parties' impasse—known.

## II. Plaintiffs Have Not Overcome the Strong Presumption Favoring Identification.

To overcome the "strong presumption" favoring identification, plaintiffs must show this is the "rare" or "unusual" case where "stigma is so palpable that anonymity is critical." *UNUM Life Ins.*, 164

F. Supp. 3d at 1142. But here, plaintiffs merely point to the public disclosure of their "patient status." Opp. 4. Numerous courts, including this one, have required parties to use their names even where much more detailed health information was at stake—such as a plaintiff's "severe mental illness." *UNUM Life Ins.*, 164 F. Supp. 3d at 1145 (quotation marks omitted); *see also, e.g.*, *Roe v. Skillz, Inc.*, 858 F. App'x 240, 241 (9th Cir. 2021) (referencing "compulsive gambling and the impact on [the plaintiff's] mental health, her suicidal ideations, and personal harms she suffered"); *Doe v. John F Kennedy Univ.*, 2013 WL 4565061, at *3 (N.D. Cal. Aug. 27, 2013) (referencing "learning disability, school records, and information about [the plaintiff's] mental and physical health history").[1] Because plaintiffs' patient status alone is clearly insufficient to overcome the strong presumption in favor of identification, the Court need not further consider plaintiffs' arguments.

Plaintiffs never squarely address this case law. Instead, they raise several other objections to revealing their identities. But none of those objections moves the needle.

*First*, plaintiffs say that revealing their identities may *later* lead to disclosure of their specific medical conditions, beyond just patient status. Opp. 5–7. Plaintiffs acknowledge that information is currently redacted from the complaint and that Meta is not challenging those redactions, but they suggest that this Court might require disclosure "at later stages of the case," where stricter rules for redactions and sealing apply. *Id.* at 5. It is hard to see how that possibility could justify anonymity. For one thing, as Meta pointed out in its motion, the case law would require plaintiffs to proceed publicly *even if* their specific health conditions were not redacted; that has been the fact pattern in numerous other cases, including before this Court. *See* Mot. 2–3 (collecting cases). And in any event, if this Court later requires plaintiffs to reveal their health conditions, that will necessarily reflect a determination that the information is *not* so sensitive as to justify concealing it. This Court can consider

[1] Plaintiffs argue that a California state court allowed the plaintiffs to proceed anonymously in a suit against a healthcare provider that allegedly involved the Meta Pixel. *See* Opp. 6 (citing *Doe I v. Sutter Health*, 2021 Cal. Super. LEXIS 49452 (Cal. Super. Ct. Feb. 9, 2021)). But that decision is irrelevant as it applied California law, not federal law. *Cf. UNUM Life Ins.*, 164 F. Supp. 3d at 1146 ("Because those cases do not apply the Ninth Circuit's standard, they are less persuasive to me."). And, notably, the court in that case deemed the question "a close call." *Sutter Health*, 2021 Cal. Super. LEXIS 49452, at *14.

that question at the appropriate time; for now, where plaintiffs' health details remain redacted, the cases plaintiffs cite about specific conditions (like HIV status), *see* Opp. 5–7, are inapposite.

*Second*, plaintiffs argue anonymity is consistent with the public interest because (1) the public can discern the legal issues at play without knowing plaintiffs' names, and (2) requiring plaintiffs to proceed publicly could deter future litigants from suing in similar circumstances. Opp. 7–8. The first argument proves too much and flips the presumption on its head—in most cases the public will be able to follow the core legal issues without knowing a plaintiff's name, and yet the "general rule" is to require identification "except in an unusual case." *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (quotation marks omitted); *see also UNUM Life Ins.*, 164 F. Supp. 3d at 1144 (assessing whether the plaintiff's "specific circumstances create a privacy interest that overrides the public's interest in open court proceedings"). And the second argument merely restates plaintiffs' asserted privacy interest in their patient status—which, as this Court and others have recognized, is insufficient to rebut the presumption favoring identification. *See supra* 2–3.

The cases plaintiffs cite do not show otherwise. Notably, several of them involve disclosing HIV status and the social stigma associated with that condition. *See* Opp. 7–8 (citing *Doe v. Lincoln Nat'l Life Ins. Co.*, 2017 U.S. Dist. LEXIS 117110 (N.D. Cal. July 26, 2017), and *Doe v. City & Cnty. of San Francisco*, 2017 WL 1508982 (N.D. Cal. Apr. 27, 2017)). Again, plaintiffs' specific medical conditions are redacted and not at issue in this motion, so even if those cases are correct they are not on point. And the other cases plaintiffs invoke (at 7–8) similarly involved unique circumstances justifying a departure from the general rule that are not present here, such as the threat of retaliation and other physical harm.[2]

---

[2] *See Doe v. Ayers*, 789 F.3d 944, 945 (9th Cir. 2015) ("exceptional case" involving "sexual and emotional abuse" of prisoner that "create[d] a significant risk of severe harm at the hands of other inmates"); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000) ("evidence of threatened retaliation by parties not before the court," "extraordinary economic injury," and plaintiffs' "highly vulnerable status"); *Doe v. U.S. Immigration & Customs Enf't*, 2024 WL 4389461, at *2 (D.N.M. Oct. 3, 2024) (asylum seekers faced "significant risk of physical harm—i.e., retribution and further torture," as well as "harm to their family members" and other retaliation); *Al Otro Lado, Inc. v. Nielsen*, 2017 WL 6541446, at *3 (S.D. Cal. Dec. 20, 2017) (asylum seekers faced "fear of retaliation," including "significant physical threats and, in some cases, death" (quotation marks omitted)); *Jane Roes 1–2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 993–95 (N.D. Cal. 2015) (disclosure of plaintiffs' status as "exotic dancers" risked "social stigmatization" as well as "career and possibly physical harm").

*Third*, plaintiffs argue Meta will not suffer prejudice now that plaintiffs have agreed to amend the protective order. Opp. 8–9. Again, Meta appreciates plaintiffs' willingness to amend the protective order to blunt the prejudice associated with third-party discovery and in-house counsel's participation in this lawsuit. *See* Mot. 3–4. But the rules governing anonymity exist independently of parties' protective orders or other discovery burdens. *See supra* 2; *cf. Romero v. Cnty. of Santa Clara*, 2014 WL 12641990, at *2 (N.D. Cal. June 17, 2014) (Orrick, J.) (in assessing whether material should be sealed, "[t]he burden to satisfy the 'compelling reasons' standard remains on the proponent of sealing, regardless of protective orders or agreements between the parties"). Accordingly, as this Court has previously held, identification is required even where a defendant would not suffer any prejudice and even where "[a] well-crafted protective order would easily address defendants' concerns." *UNUM Life Ins.*, 164 F. Supp. 3d at 1144.

## CONCLUSION

Meta respectfully requests that the Court require plaintiffs to proceed in this case using their identities.

Dated: February 28, 2025

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Lauren R. Goldman*
Lauren R. Goldman

*Attorney for Meta Platforms, Inc.*