UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE META PIXEL HEALTHCARE LITIGATION

Case No. 22-cv-03580-WHO

**ORDER DENYING DEFENDANT'S MOTION**

Re: Dkt. No. 812

Defendant Meta Platforms, Inc. moves to compel the Doe plaintiffs to proceed using their identities. Dkt. No. 812. This matter is appropriate for resolution on the papers under Civil L.R. 7-1(b). The March 26, 2025 hearing is VACATED. Meta's motion is DENIED.[1]

Rule 10 requires that "the title of the complaint must name all the parties." Fed.R.Civ.P. 10(a). This rule reflects the "paramount importance of open courts" and the "default presumption is that plaintiffs will use their true names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1046 (9th Cir.2010). "As a general rule, the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir.2008) (internal quotation marks and citations omitted); *see also Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1143 (N.D. Cal. 2016).

The Ninth Circuit applies a balancing test to determine whether a party may preserve anonymity in judicial proceedings. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir.2000). Because there is a presumption that parties' identities are public information,

---

[1] Plaintiffs argue Meta improperly filed this motion before me, as opposed to before Magistrate Judge DeMarchi (who is handling the parties many and varied discovery disputes), and that the appropriate motion should have sought an amendment of the negotiated Protective Order. Oppo. at 2-3. I will address the motion on its merits.

anonymity is only proper under "special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. The Ninth Circuit allows parties to use pseudonyms in unusual cases where anonymity is "necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir.1981). Anonymity can be based on fear of retaliatory harm, the need for privacy, or admission of illegal conduct. *Advanced Textile*, 214 F.3d at 1068. But the Ninth Circuit has made clear that use of a pseudonym should only be permitted occasionally and in "unusual" cases. *Id*. at 1067 ("In this circuit, we allow parties to use pseudonyms in the unusual case ....") (internal quotation marks and citations omitted); *Stoterau*, 524 F.3d at 1012 ("As a general rule, the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity.") (internal citations and quotation marks omitted).

Meta argues that this case is not rare or exceptional. It notes that in the *UNUM Life* case, I rejected plaintiff's request to proceed anonymously where he was challenging the denial of disability benefits for serious mental health and physical conditions. *See id*. at 1147.[2] The central issue in that case was denial of insurance benefits. The central issues in this case are whether Meta improperly secured plaintiffs' private health care information, which raise considerably different concerns. Requiring plaintiffs to proceed using their actual names – when their health care entities have already been disclosed and when their private health care information will be publicly discussed – will arguably cause a further and greater privacy intrusion. *See id*., 164 F.Supp. 3d at 1145 (recognizing the "most compelling situations [in which plaintiffs are allowed to proceed anonymously]" include where "where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity"). That was not the case in *UNUM Life*. *Id*. ("[t]he injury litigated against—denial of ERISA benefits—will not occur as a result of disclosing

---

[2] In *UNUM Life*, part of the reason I denied the motion to proceed using a pseudonym was that "[l]ess extraordinary measures are available to provide a reasonable level of privacy protection," (in that case the sealing of the administrative record from public view). *Id*. at 1147.

2

Doe's identity").[3]

The precise healthcare information each plaintiff claims to have disclosed to their healthcare providers that was allegedly improperly captured or used by Meta is currently being protected by the parties' Protective Order and redacted from the operative complaint. *See* Reply at 3-4). That will not be the case once the merits of plaintiffs' claims are tested. The information plaintiffs provided to their medical providers that was improperly captured or used by Meta is at the very heart of this case. Meta will presumably argue that the specific information disclosed by each plaintiff differs (as possibly relevant to class certification) or is not the type of information protected under the common or statutory laws invoked by plaintiffs (critical to the merits). The medical information disclosed and received by Meta will be discussed in open court when the parties argue about the strength of plaintiffs' claims, as necessary to allow the public to understand my rulings and possibly a jury's ultimate determination. But it is unnecessary to publicly link that information with an individual at this stage in the case.

There is no prejudice to Meta from allowing plaintiffs to continue as Does. Amendments to the Protective Order have been entered that allow Meta to use plaintiffs' identities in connection with third-party discovery and with in-house counsel. *See* Dkt. No. 889 (Revised Protective Order).

The public interest also weighs strongly in favor of allowing plaintiffs to proceed anonymously. Requiring plaintiffs who seek to vindicate their privacy rights to publicly link their names to the information they seek to protect – allegedly sensitive information that has not already been widely disclosed – is against the public interest, as it could dissuade plaintiffs from bringing privacy cases. While the plaintiffs' names are irrelevant to the public's understanding of this case, the medical information they disclosed is key. See Jane Roes 1-2 v. SFBSC Mgmt., LLC, 77 F. Supp. 3d 990, 996 (N.D. Cal. 2015) ("There is nothing about the plaintiffs' identities that makes it critical to the working of justice to reveal those identities. Anonymity, in other words, does not in

---

[3] I note that courts in this district have allowed plaintiffs challenging disability benefit denials to proceed anonymously, depending on the nature of alleged disabling conditions. *See Doe v. United of Omaha Life Ins. Co*., No. 23-CV-02307-JST, 2023 WL 5919287, at *1 (N.D. Cal. Aug. 21, 2023) (collecting cases).

3

1 this case threaten the principle of open courts."). Precluding members of the public from
2 understanding the exact types of medical information that Meta received – which could be
3 necessary if plaintiffs were forced to identify themselves – would instead undermine the public's
4 ability to understand rulings and issues at stake in this case.

5     I am denying Meta's motion without prejudice. The balance of interests may weigh
6 differently if this case proceeds to trial and the Doe plaintiffs testify. Now, at least, the balance
7 tips strongly in favor of allowing plaintiffs to pursue their privacy claims anonymously.

8     Meta's motion is DENIED.

9     **IT IS SO ORDERED.**

10 Dated: March 12, 2025



William H. Orrick
United States District Judge

4