# Defendant Meta Platforms, Inc.'s Opposition to Plaintiffs' Motion for Voluntary Dismissal of Plaintiff Jane Doe XI

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-3580-WHO<br><br>**DEFENDANT META PLATFORMS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF JANE DOE XI**<br><br>Date Action Filed: June 17, 2022<br>Honorable William H. Orrick<br><br>Date: April 30, 2025<br>Time: 2:00 p.m.<br>Courtroom: 2, 17th Floor |

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

**INTRODUCTION**

Eighteen months ago, plaintiff Jane Doe XI filed suit against Meta Platforms, Inc. ("Meta"), appearing with her co-plaintiffs in their October 2023 First Amended Consolidated Class Action Complaint ("FAC"). Jane Doe XI specifically alleges unique experiences with Sutter Health ("Sutter") distinct from any of her other co-plaintiffs and her allegations are now integral to the claims the named plaintiffs seek to press on behalf of the putative class and Meta's defense of those claims. Indeed, Meta's investigation determined that Jane Doe XI made a series of broadly distributed comments and social media posts, including on Meta's own services, about her experience with Sutter and Jane Doe XI's personal medical conditions. Jane Doe XI's statements are highly relevant to Meta's defenses, both to plaintiffs' anticipated motion for class certification and on the merits. Meta also has provided extensive discovery related to Jane Doe XI specifically and sought third-party discovery from Sutter. Despite this, plaintiffs now seek to avoid the detrimental effects Jane Doe XI's participation as a named plaintiff would have on plaintiffs' larger case. In particular, plaintiffs do not want Jane Doe XI to testify regarding the results of Meta's investigation.

Although Meta properly noticed her deposition—and plaintiffs never objected—just *three days before* that deposition plaintiffs filed an eleventh-hour motion to dismiss Jane Doe XI's claims. Jane Doe XI's reasons for her claimed sudden unavailability are belied by her broadly distributed social media posts: while she claims her recent divorce made it too burdensome for her to sit for deposition, [redacted] well before she joined as a plaintiff in this suit. And, in an end-run around the rules and Magistrate Judge DeMarchi's order requiring "a written stipulation or order of the Court" to cancel a deposition, plaintiffs informed Meta that Jane Doe XI would not sit for her properly noticed deposition, even though plaintiffs never even moved for, much less obtained, the requisite protective order that would permit her non-appearance. What is more, this is not the only instance of plaintiffs refusing to sit for a properly noticed deposition with little notice. Just days later, plaintiffs cancelled another named plaintiff deposition 13.5 hours before it was set to commence.

Allowing Jane Doe XI to dismiss her claims—even with prejudice—without requiring her to sit for her deposition would unfairly prejudice Meta. Meta has the right to test whether members of

the proposed class are similarly situated. The discovery taken to date shows that Jane Doe XI may be uniquely situated given her pervasive sharing of health information online. Her broadly distributed posts are relevant to plaintiffs' claims and Meta's defenses, including whether she had a reasonable expectation of privacy in the type of information at issue in this case and whether she consented to Meta's receipt of such information. The fact that Jane Doe XI is seeking dismissal with prejudice does not foreclose her deposition, as courts have repeatedly required similarly situated plaintiffs to appear for previously scheduled depositions where, like here, the plaintiff possess information relevant to the putative class action.

To be clear, Meta does not object to Jane Doe XI's dismissal with prejudice if properly conditioned. To balance the equities and mitigate any prejudice, Meta respectfully asks the Court to grant dismissal contingent on Jane Doe XI's appearance for a deposition.

## BACKGROUND

### A. Jane Doe XI's Unique Allegations and Her Broadly Distributed Data

Plaintiff Jane Doe XI joined the FAC filed on October 10, 2023, and has been a named plaintiff in this lawsuit for almost 18 months. Dkt. 335. Through the FAC, plaintiffs allege that Meta wrongfully received information that plaintiffs intended to share only with their healthcare providers. *Id.* ¶¶ 1–5. Plaintiffs also allege that Meta used its Business Tools "to intercept individually identifiable health information from Meta healthcare 'Partner' websites." *Id.* ¶ 1. And plaintiffs assert that, because numerous "covered entities" installed Meta's tracking tools on their patient portals, Meta received individually identifiable, confidential, and otherwise sensitive health information about plaintiffs, including information shared with covered entities when setting up appointments and communications with providers regarding conditions or treatments. *Id.* ¶¶ 20–21, 84.

Jane Doe XI individually raises additional and unique allegations that her co-plaintiffs do not. For example, Jane Doe XI alleges that she was a patient of Sutter and "used Sutter's website and application, including the patient portal . . . to schedule appointments, order prescriptions, and view test results." Dkt. 335 ¶ 38. Jane Doe XI also alleges that she "exchanged communications about doctors, conditions, and/or treatments with Sutter" that Meta's Collection Tools intercepted. *Id.* No other plaintiff alleges that they used or interacted with Sutter's platform.

Meta's investigation revealed that Jane Doe XI made broadly distributed posts about Sutter and voluntarily shared health information with Meta by repeatedly posting about her medical diagnoses and procedures on Facebook and Instagram. Declaration of Elizabeth Ryan (Ryan Decl.) ¶ 3. For example, [redacted] Ryan Decl. ¶ 3. Finally, she posted two public Google reviews of Sutter locations and [redacted] Ryan Decl. ¶ 3.

Jane Doe XI and her co-plaintiffs assert various common law and statutory privacy-related causes of action. Dkt. 335 ¶¶ 368–547. In support of these claims, plaintiffs have propounded dozens of discovery requests on Meta, including requests for all data related to Jane Doe XI. Ryan Decl. ¶ 4. Meta, in turn, produced structured data for each of the named plaintiffs, including Jane Doe XI, and the healthcare providers that allegedly shared their information with Meta, including Sutter. Ryan Decl. ¶ 5.

### B. Jane Doe XI First Indicated Her Desire to Withdraw Less than One Week Before Her Deposition and Refused to Appear or Seek a Protective Order

On December 11, 2024—over a year after Jane Doe XI joined this case—Meta served Jane Doe XI a deposition notice. Ryan Decl. ¶ 6; Declaration of Eric Kafka (Kafka Decl.) ¶ 4. The deposition notice did not include a date and instead indicated that the deposition would take place "on a date and time to be determined, with parties to confer about that date." Ryan Decl. ¶ 6. The following day, Meta emailed plaintiffs and offered a call to discuss Jane Doe XI's (and the other named plaintiffs') availability in February and March. Ryan Decl. ¶ 7. After several email exchanges, on January 14, plaintiffs emailed Meta a chart with proposed deposition dates for all named plaintiffs except Jane Doe VII and Jane Doe XI. Ryan Decl. ¶ 8. When the parties subsequently conferred telephonically, plaintiffs mentioned that they intended to seek dismissal of Jane Doe VII without prejudice. Ryan Decl. ¶ 9. They did not state that Jane Doe XI also sought to withdraw from the case. Ryan Decl. ¶ 9. Over

the next month and a half, the parties continued to discuss plaintiffs' anticipated dismissal of Jane Doe VII, and on March 5, 2025, the parties stipulated to dismiss Jane Doe VII with prejudice without conditioning that dismissal on Jane Doe VII's deposition. Ryan Decl. ¶ 10; Kafka Decl. ¶ 15. Plaintiffs filed their request for dismissal of Jane Doe VII on March 5, which is pending before the Court. Dkt. 896.

At no point during the parties' negotiations regarding dismissing Jane Doe VII did plaintiffs mention that Jane Doe XI also wanted to withdraw from the case. Ryan Decl. ¶ 10. Instead, Meta repeatedly sought deposition dates for Jane Doe XI. Ryan Decl. ¶ 10. After notifying plaintiffs that Meta would be forced to unilaterally notice Jane Doe XI's deposition if plaintiffs did not provide dates, Meta served an amended notice of deposition on Jane Doe XI on February 20, 2025—more than two months after it served its initial notice of deposition—noticing her deposition for March 24, 2025. Ryan Decl. ¶ 11; Kafka Decl. ¶ 8. In its cover email, Meta again reiterated that it was willing to work with plaintiffs to find an agreeable date for Jane Doe XI's deposition if Jane Doe XI was not available on March 24. Ryan Decl. ¶ 11. Plaintiffs never objected to Meta's March 24 deposition date and never proposed an alternative date. Ryan Decl. ¶ 11.

Almost one month later, on March 18, 2025, and less than a week before Jane Doe XI's March 24 deposition, plaintiffs emailed Meta stating that, for "personal reasons," Jane Doe XI "is not able to sit for a deposition or serve as a named plaintiff in this action." Ryan Decl. ¶ 12; Kafka Decl. ¶ 10. That same day, Meta asked for more detail about Jane Doe XI's "personal reasons." Ryan Decl. ¶ 13; Kafka Decl. ¶ 16. In response to Meta's request, the parties met and conferred on March 20, 2025. Ryan Decl. ¶ 14; Kafka Decl. ¶ 17. In that meeting, plaintiffs informed Meta that Jane Doe XI had become unavailable because of a "recent" divorce and changes in her work and childcare responsibilities. Ryan Decl. ¶ 14. Meta offered to reschedule her deposition date, but plaintiffs declined. Ryan Decl. ¶ 14. Plaintiffs later emailed Meta that while they "appreciate [Meta's] offer to reschedule her deposition, Jane Doe XI will not be able to sit for a deposition during fact discovery even if fact discovery is extended to May 30, 2025." Ryan Decl. ¶ 15. Plaintiffs further stated that if Meta "will not agree today to stipulate to Jane Doe XI's dismissal or move its noticed deposition date, then Plaintiffs will file a motion with Judge Orrick tomorrow to dismiss Jane Doe XI's claims with prejudice." Ryan

Decl. ¶ 15; Kafka Decl. ¶¶ 14, 17. On March 21, 2025, Meta emailed plaintiffs that "the information [they] shared is not sufficient justification for excusing Jane Doe XI from appearing from a properly noticed deposition, in particular with such short notice, after we have put time and effort into preparing for her deposition." Ryan Decl. ¶ 16. Meta explained that "as the law makes clear, Jane Doe XI cannot simply refuse to appear for her deposition, and it is sanctionable for Jane Doe XI to refuse to appear absent court order." Ryan Decl. ¶ 16. Jane Doe XI subsequently filed her motion for voluntary dismissal with prejudice that same day. Dkt. 922.

Following the parties' March 20 meet and confer, Meta investigated plaintiffs' representations and identified broadly distributed social media posts from Jane Doe XI revealing that her divorce was not "recent," as plaintiffs had indicated. Ryan Decl. ¶ 17. Instead, [redacted]—more than three years ago, and more than a year-and-a-half before joining this lawsuit on October 10, 2023. Ryan Decl. ¶ 17. [redacted] which contrasted with plaintiffs' representations regarding Jane Doe XI's childcare obligations. Ryan Decl. ¶ 17. Meta, confused by these findings and plaintiffs' apparent lack of candor, requested on March 22 that plaintiffs explain why the "personal reasons" plaintiffs cited for Jane Doe XI's dismissal were not "recent," as plaintiffs had represented. Ryan Decl. ¶ 18. Plaintiffs did not respond, and, on March 24, Meta reiterated that, "[i]n spite of plaintiffs' eleventh-hour motion for dismissal, tomorrow's deposition of Jane Doe XI remains on calendar and Meta intends to proceed as noticed." Ryan Decl. ¶ 18. That same day, plaintiffs confirmed that "neither Plaintiff Jane Doe XI nor counsel will be attending the deposition today," and they declined to substantively respond to Meta's request for explanation. Ryan Decl. ¶ 19. Meta appeared for the deposition on March 24, but Jane Doe XI and her counsel did not. Ryan Decl. ¶ 20.

On March 25, 2025, after refusing to appear for the deposition and despite their earlier representations, plaintiffs backtracked and admitted that Jane Doe XI was not "recently" divorced, only that she recently "*finalized*" a divorce. Ryan Decl. ¶ 21. Plaintiffs did not dispute that Jane Doe XI's divorce proceedings began more than three years ago. Ryan Decl. ¶ 21. Meta responded and reiterated that it "wanted to be sensitive to any hardship affecting [Jane Doe XI's] availability, such as an illness

or something of that nature," and "[h]ad there been any such hardship, [Meta] would have readily agreed to her withdrawal." Ryan Decl. ¶ 22. However, Jane Doe XI did not offer any such reason.

Notably, just over a week later, in the late evening of April 1, 2025, plaintiffs cancelled yet another named plaintiff's deposition (Jane Doe VI)—this time, only 13.5 hours before the deposition was scheduled to commence the following morning, highlighting their pattern and practice of disregarding their discovery obligations. Ryan Decl. ¶ 23.

**ARGUMENT**

Meta would be unfairly prejudiced if the Court grants Jane Doe XI's motion for voluntary dismissal without conditioning such dismissal on her sitting for a deposition. Given her 18 months of litigation against Meta, Jane Doe XI is not entitled to dismiss her claims as a matter of right. Rather, Rule 41(a)(2) requires a court order, "on terms that the court considers proper," to dismiss her. Fed. R. Civ. P. 41(a)(2). Before granting such a motion, a court "must make three separate determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005) (citation omitted).

Courts applying that test in putative class actions frequently find that defendants will be prejudiced or unfairly affected when a named plaintiff seeks to withdraw without sitting for an already noticed and scheduled deposition, and for that reason courts often condition dismissal on completion of the withdrawing plaintiff's deposition. *See, e.g.*, *Benanav v. Healthy Paws Pet Ins. LLC*, 2023 WL 5227702, at *10 (W.D. Wash. Aug. 15, 2023); *Sherman v. Yahoo! Inc.*, 2015 WL 473270, at *7 (S.D. Cal. Feb. 5, 2015); *Dysthe v. Basic Research, L.L.C.*, 273 F.R.D. 625, 628–30 (C.D. Cal. 2011). Consistent with that authority, Meta does not oppose Jane Doe XI's request for dismissal with prejudice provided that, to mitigate the unfair prejudice Meta would otherwise face, dismissal is conditioned on her sitting for a deposition.

**A. Conditioning Jane Doe XI's Dismissal on Sitting for a Deposition Is Necessary and Appropriate.**

Jane Doe XI's sitting for her properly noticed deposition is necessary and appropriate under the circumstances to avoid unfair prejudice to Meta. Meta seeks discovery from Jane Doe XI to gather

evidence to oppose class certification and develop its defenses on the merits. Courts have recognized that discovery from withdrawing plaintiffs is relevant to class certification, and "[t]he fact that other named plaintiffs remain in the case does not render [plaintiff's] testimony . . . any less relevant." *Fraley v. Facebook, Inc.*, 2012 WL 555071, at *3 (N.D. Cal. Feb. 21, 2012); *see also Perrine v. Sega of Am., Inc.*, 2015 WL 2227846, at *4 (N.D. Cal. May 12, 2015) (noting testimony from a named plaintiff, who no longer sought to be a class representative, was "relevant nevertheless" to class certification). That is especially true here, because Jane Doe XI was the sole named plaintiff who was also a Sutter patient and who used Sutter's website and application, including the patient portal, to schedule appointments, order prescriptions, and view test results. Dkt. 335 ¶ 38; *see Corbett v. Pharmacare U.S., Inc.*, 2022 WL 2835847, at *5–7 (S.D. Cal. July 20, 2022) (conditioning dismissal on providing outstanding discovery because of plaintiff's representation of a particular subclass). Discovery from Jane Doe XI could thus reveal the ways in which putative class members and their claims may be dissimilarly situated—differences that excusing Jane Doe XI's testimony could hide to Meta's detriment.

Jane Doe XI's testimony is particularly relevant because her use of social media may highlight individualized evidence relevant to plaintiffs' claims and Meta's defenses. Meta's investigation revealed that Jane Doe XI made broadly distributed posts about her relationship with Sutter and voluntarily shared health information with Meta by repeatedly posting about her medical conditions and procedures on Facebook and Instagram. *Supra* at 2–3. As detailed above, [redacted] *Id.* Meta is entitled to depose Jane Doe XI about her broadly distributed social media posts, which displayed information that Jane Doe XI and the other named plaintiffs allegedly claim is private to large audiences. These posts are relevant to plaintiffs' claims and Meta's defenses, including whether she had a reasonable expectation of privacy in the type of information at issue in this case and whether she consented to Meta's receipt of such information. Excusing Jane Doe XI from a deposition would render Meta "unable to conduct sufficient discovery to . . . adequately defend" itself against class certification and on the merits. *See Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

For that reason, courts often condition a named plaintiff's withdrawal from a case on providing limited discovery where, like here, a plaintiff is uniquely situated and has information related to specialized issues or facts. As courts have recognized, "[c]onditioning a plaintiff's dismissal on existing discovery requests potentially mitigates the risk of prejudice to a defendant while limiting the burden placed on a plaintiff who no longer wishes to participate in an action." *In re MGM Resorts Int'l Data Breach Litig.*, 2024 WL 1440902, at *3 (D. Nev. Apr. 2, 2024).

For example, in *Benanav*, the court required a named plaintiff seeking to withdraw with prejudice from a putative class action against a pet insurance company for fraud and breach of contract to, in relevant part, sit for a deposition. *See* 2023 WL 5227702, at *1, 9–10. In doing so, the court rejected the argument that the plaintiff's "discovery will have no utility moving forward." *Id.* at *9–10. Instead, the court acknowledged the defendant's argument that the plaintiff seeking to withdraw was the one of the only named plaintiffs who elected to cancel his pet insurance policy and obtain insurance from another company. *See id.* at *10. And it concluded that the information the defendant sought from the named plaintiff "has continuing relevance to the allegations in the . . . complaint and to class certification issues, including commonality and typicality of the class representatives' claims." *Id.*

Similarly, in *Fraley*, the court denied the plaintiffs' motion for a protective order to prevent the deposition of a named plaintiff who sought withdrawal without prejudice in a case alleging "unlawful appropriation of the names, photographs, likenesses, and identities of" the plaintiffs by Facebook. 2012 WL 555071, at *1. The court explained that the plaintiff's testimony was "critical" to test whether "certain issues . . . may be unique among the other named plaintiffs" and "whether common issues predominate in Fraley and [the] other potential class members' claims." *Id.* at *2.

And in *Dysthe*, the court granted a motion to compel discovery of a plaintiff who sought to dismiss his claims with prejudice in a putative class action "alleging that various defendants made purportedly false claims concerning the efficacy of Relacore weight-loss products." 273 F.R.D. at 627. The court explained that the defendants were entitled to take the plaintiff's deposition because he "had personal experiences with" the "products" at issue that are "unlikely to be available from other representative parties," and his testimony could be "relevant to the commonality and typicality of the class representative's claims, whether or not [plaintiff] is himself a putative or absent class member." *Id.* at

629–30; *see also Sherman*, 2015 WL 473270, at *7 (requiring withdrawing plaintiff to be deposed because his testimony "is likely to be relevant to class certification issues, even if he no longer wishes to be burdened with this litigation," and the defendant "would be legally prejudiced if it was prevented from deposing" him). This sensible, even-handed approach balances the interests of a named plaintiff who wishes to withdraw from litigation against the interests of a defendant who must continue litigating the underlying claims against the remaining plaintiffs.

That same approach is amply warranted here. Jane Doe XI is the sole named plaintiff who was a Sutter patient. Additionally, she posted on social media about her unique experiences and personal medical conditions. The underlying facts of Jane Doe XI's actions and experiences are highly relevant to plaintiffs' remaining claims and Meta's defenses. *See supra* at 6–7. Jane Doe XI's conduct also varies from that of her co-plaintiffs, and discovery from her is thus directly "relevant to the commonality and typicality of the class representative's claims." *Dysthe*, 273 F.R.D. at 629–30. Without Jane Doe XI's deposition, Meta will be hindered in demonstrating differences between her experience and the other named plaintiffs' experiences that reveal cleavages among the putative class.

Moreover, in addition to preparing for Jane Doe XI's deposition, Meta expended significant time and resources responding to plaintiffs' dozens of discovery requests, including producing large amounts of structured data for Jane Doe XI and pursuing discovery from Jane Doe XI and Sutter. *See supra* at 3. Dismissing Jane Doe XI without requiring her to sit for her already noticed and scheduled deposition would prejudice Meta. *See Benanav*, 2023 WL 5227702, at *10; *Sherman*, 2015 WL 473270, at *7. To avoid that imbalance, the Court should condition the dismissal on Jane Doe XI's sitting for a deposition that will enable Meta to defend itself adequately and develop evidence in connection with plaintiffs' forthcoming class certification motion.

**B. Plaintiffs' Arguments that Jane Doe XI Can Avoid a Deposition Are Unpersuasive.**

Plaintiffs raise only two arguments regarding prejudice to Meta from Jane Doe XI's dismissal. Both of those arguments fail. *See In re MGM Resorts*, 2024 WL 1440902 at *3 (internal quotation marks omitted) (emphasizing that plaintiffs "generally should not be permitted to escape their discovery obligations by moving to withdraw").

First, plaintiffs argue that Meta cannot claim legal prejudice based on "inconvenience from delay." Dkt. 922, at 5. And they spend considerable time discussing the parties' efforts to schedule and depose other individuals, as well as their expectation that, based on those efforts, Meta should just agree to Jane Doe XI's dismissal. *Id.* at 5–6. But plaintiffs misrepresent Meta's position on prejudice and mischaracterize the proceedings resulting in this motion. In stark contrast to Jane Doe VII's dismissal—to which Meta agreed since plaintiffs provided ample advance notice—plaintiffs did not even mention the possibility of Jane Doe XI's withdrawal until less than a week before her deposition. Ryan Decl. ¶¶ 10, 12. This was more than three months after her deposition had been noticed and after months of back and forth regarding dates for other plaintiffs. Ryan Decl. ¶¶ 6–12. Plaintiffs undoubtedly had time to address Jane Doe XI's desire to withdraw long before March 18, at which point Meta had already invested time and resources preparing for her deposition. Ryan Decl. ¶ 16. This delay is inexcusable, particularly since the purported "personal reasons" did not recently arise; rather, those reasons existed from the inception of Jane Doe XI's participation in this case. Ryan Decl. ¶¶ 17–18, 21–22. And this appears to be a pattern, as plaintiffs also cancelled the deposition of Jane Doe VI, a mere 13.5 hours before it was set to commence. Ryan Decl. ¶ 23. These cancellations flout Magistrate Judge DeMarchi's February 18, 2025 order stating "[o]nce a deposition has been scheduled . . . no party may cancel the deposition, absent a written stipulation or order of the Court." Dkt. 850 at 3.

Second, plaintiffs contend that "Jane Doe XI does not bring any unique claims or possess unique information about this case that Meta cannot obtain from the other . . . named plaintiffs." Dkt. 922, at 8. As explained, Meta would be prejudiced by Jane Doe XI's dismissal based on the unique information and experiences she possesses. *See supra* at 2–3, 6–7, 9. Discovery from other named plaintiffs does not address the prejudice Meta would face if it were unable to get Jane Doe XI's testimony. Meta is entitled to Jane Doe XI's testimony based on her use of Sutter's website and application, as well as her distinct handling of her alleged private information to explore whether a class action is viable in this case. *See id.*; *see also Benanav*, 2023 WL 5227702, at *10; *Fraley*, 2012 WL 555071, at *2–3; *Dysthe*, 273 F.R.D. at 628–30. Meta would be unable to obtain similar discovery from any of the other named plaintiffs. A deposition related to Jane Doe XI's individual experience with Sutter and social media

posts is thus relevant and necessary, *Corbett*, 2022 WL 2835847, at *5–7, and Meta would be unfairly prejudiced without that testimony, *see supra* at 6–7, 9.

Third, plaintiffs' assertion that Jane Doe XI is not "elect[ing] to refile her claims, nor is she even asking to proceed as an absent class member in this case" does not prevent her deposition. Dkt. 922, at 5. Courts have repeatedly required a named plaintiff to sit for a deposition even where that plaintiff sought to withdraw from the putative class action with prejudice. *See Benanav*, 2023 WL 5227702, at *9–10; *Dysthe*, 273 F.R.D. at 627–28; *Jones v. ConAgra Foods, Inc.*, 2013 WL 6623740, at *1 & n.4 (N.D. Cal. Dec. 16, 2013). As courts have noted, when a named plaintiff, like Jane Doe XI, joins a case and volunteers to pursue it "in a representative capacity," Jane Doe XI "should have realized that [she] would be expected to respond to discovery requests at some point in the proceedings." *Burnett v. Ford Motor Co.*, 2015 WL 3540886, at *2 (S.D. W. Va. June 4, 2015). Indeed, "[a] named plaintiff simply cannot avoid the obligation to sit for a deposition merely by filing a request to withdraw." *Gallegos v. Atria Mgmt. Co., LLC*, 2016 WL 11824850, at *9 (C.D. Cal. Nov. 14, 2016). And, relatedly, if Jane Doe XI sought to be excused from her deposition, she should have more appropriately sought a protective order well in advance and based on "good cause." *See Fraley*, 2012 WL 555071, at *2 (holding that a named plaintiff who intends to withdraw "bears the burden of establishing good cause for [a] protective order" to be excused from a properly noticed deposition); *see also* Fed. R. Civ. P. 37(d)(2) (noting that a party's failure to attend her own properly noticed deposition "is not excused . . . unless the party failing to act has a pending motion for a protective order"). But Jane Doe XI did not do so. The Court should thus prohibit Jane XI from abandoning her responsibilities by seeking dismissal three days before her scheduled deposition.

Unsurprisingly, plaintiffs fail to muster case law that supports unconditional dismissal with prejudice and without deposing the withdrawing plaintiff in similar circumstances. Most of plaintiffs' cited cases do not involve withdrawing plaintiffs who, like Jane Doe XI, allege unique experiences and engage in conduct that warrant a deposition. For example, in *In re MGM Resorts*, the court held that "[b]ecause dismissal of the Moving Plaintiffs would not deprive [the defendant] of discovery on uniquely situated class members," the defendant "would not be unfairly prejudiced by the unconditional withdrawal of Moving Plaintiffs." 2024 WL 1440902, at *3. And in *Carr v. International Game*

*Technology*, the court held that the defendants would "not be prejudiced by [the named plaintiff's] withdrawal, as there remain four *similarly-situated* named Plaintiffs [whose] claims do not differ from [the named plaintiff's]." 2012 WL 600825, at *1 (D. Nev. Feb. 22, 2012) (emphasis added).

In another case plaintiffs cite, the court emphasized that there was no prejudice to the defendants because "the litigation is in its relatively early stages" and they "will not suffer the sort of prejudice that might stem from a later-stage withdrawal of a class representative." *Doe v. Ariz. Hosp. & Healthcare Ass'n*, 2009 WL 1423378, at *13–14 (D. Ariz. Mar. 19, 2009). That is not the case here where Jane Doe XI, having been a named representative for almost 18 months, seeks to withdraw from this case on the eve of her scheduled deposition and with only a few weeks left of discovery. Finally, one case has no bearing on the legal issues here as it involved the question of legal prejudice based on claims being brought in one legal forum over another: federal or state. *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001).

Plaintiffs' efforts to minimize the prejudice to Meta of allowing Jane Doe XI to withdraw without being deposed are unpersuasive. The Court should grant Jane Doe XI's motion to dismiss with prejudice only on the condition that she complete her deposition.

**CONCLUSION**

Meta respectfully requests that this Court condition Jane Doe XI's dismissal on sitting for a deposition.

Dated: April 4, 2025

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Lauren R. Goldman*
Lauren R. Goldman

*Attorney for Defendant Meta Platforms, Inc.*