UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions. | Case No. 22-cv-03580-WHO (VKD)<br><br>**REDACTED**<br><br>**ORDER RE MARCH 19, 2025 DISCOVERY DISPUTE RE SINGHAL CUSTODIAL FILES**<br><br>Re: Dkt. No. 915 |

Plaintiffs again ask the Court to order Meta to search for and collect documents from Manish Singhal, a Meta engineer. Dkt. No. 915. Meta opposes this request, arguing that there is no reason to revisit a dispute the Court previously resolved. *Id.* The Court finds this matter suitable for resolution without oral argument. Civil L.R. 7-1(b).[1]

In a prior discovery dispute letter, plaintiffs asked the Court to order Meta to review and produce documents from four additional custodians, including Mr. Singhal. *See* Dkt. No. 770-3. In support of the request as to Mr. Singhal, plaintiffs cited only Mr. Singhal's responsibility for "two relevant projects": (1) "building engineering changes to ▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉" in September 2022, and (2) a "revenue sizing analysis" regarding the impact of those changes on Meta's revenue. *Id.* at 2. Plaintiffs cited no other justification for review and production of Mr. Singhal's documents. Meta responded that other existing custodians, including Mr. Wooldridge, were involved in the same projects and that Mr. Singhal's documents would be mostly duplicative of these custodians' documents. *Id.* at 6.

---

[1] The Court will issue a separate order on the associated sealing motion (Dkt. No. 916). Information publicly disclosed in this order reflects information for which the Court has determined sealing is not warranted.

As to Mr. Singhal, the Court resolved the dispute as follows:

> [T]he Court concludes that Mr. Singhal is likely to have unique documents regarding (1) proposed changes relating to transmission of certain information via the Pixel in September 2022, and (2) assessing the impact of those changes on Meta's revenue. While other engineers were also involved with these matters, the documents cited and described to the Court suggest that Mr. Singhal had at least some unique responsibilities. [citations omitted] However, Meta need only collect and review for responsiveness documents concerning Mr. Singhal's work on these specific matters between September 2022 and whenever his work was completed.

Dkt. No. 819 at 2. Plaintiffs now ask the Court to order production of all responsive documents from Mr. Singhal, without any limitation. Dkt. No. 915 at 4.

Plaintiffs' request is denied. The Court will not revisit its prior order to the extent plaintiffs have discovered other justifications that they could have raised, but did not, in support of their earlier demand for Mr. Singhal's documents. As to Meta's purported misdirection regarding whether Mr. Wooldridge or Mr. Singhal has superior knowledge regarding certain matters, the Court makes two observations. First, in the context of plaintiffs' asserted justifications for seeking Mr. Singhal's custodial documents in the earlier discovery dispute letter at Dkt. No. 770-3, the Court perceives no misdirection in Meta's response to *those* justifications. Second, it is difficult to fathom how plaintiffs can possibly be prejudiced now when they already have multiple additional documents from other custodians regarding Mr. Singhal's work (*see* citations at Dkt. No. 915 at 2) *and* they have taken or will take Mr. Singhal's deposition.

**IT IS SO ORDERED.**

Dated: April 9, 2025

Virginia K. DeMarchi
United States Magistrate Judge