Jason 'Jay' Barnes (admitted *pro hac vice*)
*jaybarnes@simmonsfirm.com*
**SIMMONS HANLY CONROY LLP**
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel: 212-784-6400
Fax: 212-213-5949

Geoffrey Graber, State Bar No. 211547
*ggraber@cohenmilstein.com*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue NW, Suite 800
Washington, DC 20005
Tel: 202-408-4600
Fax: 202-408-4699

Jeffrey A. Koncius, State Bar No. 189803
*koncius@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel: 310-854-4444
Fax: 310-854-0812

Andre M. Mura, State Bar No. 298541
*amm@classlawgroup.com*
**GIBBS MURA LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.: 510-350-9700
Fax: 510-350-9701

Beth E. Terrell, State Bar No. 178181
*bterrell@terrellmarshall.com*
**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.: 206-816-6603
Fax: 206-319-5450

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**IN RE META PIXEL HEALTHCARE LITIGATION**

This Document Relates To

All Actions

Case No. 3:22-cv-03580-WHO (VKD)

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF JANE DOE XI's CLAIMS WITH PREJUDICE PURSUANT TO RULE 41(a)(2)**

Date: April 30, 2025
Time: 2:00 p.m.
Place: Courtroom 2 – 17th Floor
Judge: Hon. William H. Orrick III

## INTRODUCTION

Jane Doe XI has moved for voluntary dismissal *with prejudice*. Meta seeks to condition dismissal with prejudice on Jane Doe XI sitting for a deposition. But courts ordinarily do not force a plaintiff to litigate further against her will if she is willing to accept a complete loss on the merits and a bar to further action. Indeed, dismissal with prejudice can be a sanction for a plaintiff who does not sit for a deposition—so it is hard to fathom how Meta could sensibly seek this sanction on top of a dismissal with prejudice.

Meta claims that it would suffer legal prejudice absent a deposition, but this argument misunderstands the law and the facts. It is settled that uncertainty because a dispute remains unresolved is *not* legal prejudice. Here, the dismissal of this plaintiff neither prevents Meta from being unable to conduct sufficient discovery on any issue, including issues pertaining to class certification; nor does it prevent Meta from adequately defending itself at class certification, summary judgment, or trial.

Meta's fractious resistance to a dismissal with prejudice—which lays bare the intimate details of Plaintiff's divorce—says all that need be said about what a deposition of this Plaintiff would look like. Because nothing in the law or facts prevents Jane Doe XI's exit or warrants any conditions to dismissal with prejudice, the Court should grant Plaintiffs' motion.

## BACKGROUND

Plaintiffs do not rehash the facts at length, which have been described in Plaintiffs' opening brief. *See* Mot. at 2-4. Regardless, the reasons that Jane Doe XI wishes to dismiss her claims do not factor into the relevant legal inquiry here, which is whether Meta will be prejudiced by her dismissal. It will not. However, clarifications are required to counter Meta's misleading narrative.

First, Meta's representations regarding the timing of Jane Doe XI's request to withdraw are misleading. Plaintiffs informed Meta as promptly as they could that Jane Doe XI sought to withdraw from the case and would not sit for her deposition, and tried to work collaboratively with Meta to dismiss her with prejudice. The process for scheduling all Plaintiffs' depositions has been for Plaintiffs to provide Meta with dates and locations they are available. ECF 922-1 ("First Kafka Decl.") ¶4. Plaintiffs' counsel did not provide dates for Jane Doe XI, as counsel were continuing to work with

Jane Doe XI to determine her availability, and she had not confirmed when she could sit for a deposition (or if she could at all). *Id.* ¶¶ 5-6. When Meta unilaterally noticed Jane Doe XI's deposition, Plaintiffs did not confirm the date nor provide a deposition location for the same reason. *Id.* ¶8.

Once Plaintiffs' counsel confirmed that Jane Doe XI did not want to proceed in the case and would not sit for a deposition, they promptly informed Meta on March 18 and tried to collaboratively resolve the issue, including offering to take the deposition off calendar pending her dismissal. *Id.* ¶¶ 10, 17.[1] Instead, Meta took a scorched earth approach, which has bordered on abuse and harassment of the Plaintiff. First, Meta waited until midday on Friday, March 21 to inform Plaintiffs it would not stipulate to Jane Doe XI's dismissal with prejudice and that it refused to reschedule the Monday, March 24 deposition. *Id.* ¶18.

Second, Meta has engaged in harassing and inappropriate tactics to try to force Jane Doe XI's deposition by scouring her social media to cast doubt on her personal obligations and life circumstances,[2] and her reasons for moving to withdraw from the case. But nothing that Meta has dug up from Jane Doe XI's social media—posts it referenced vaguely in its Opposition, but failed to enter into the record or even identify to Plaintiffs—counters what Plaintiffs' counsel have explained to Meta. Meta makes much of the fact that Jane Doe XI's divorce proceedings began several years ago. Opp at 1, 5. As Meta is aware, legal proceedings can take many years and can be contentious. As Meta also knows, a legal proceeding has no effect until a final disposition, despite what social media may suggest. Plaintiffs' counsel were clear with Meta from the outset that Jane Doe XI has been undergoing a contentious divorce throughout the litigation, and that her life circumstances changed because of the

---

[1] Puzzlingly, despite knowing full well that the deposition was not moving forward, Meta states that it "appeared for the deposition on March 24." ECF 960-4 ("Ryan Decl.") ¶20.

[2] For example, Meta, at midnight on a Saturday, sent to Plaintiffs' counsel and over forty other attorneys an image from Facebook of Jane Doe XI in a bathing-suit in a hot tub, suggesting that this showed that she was not taking care of her children and thus did not have increased childcare burdens.

finalization of her divorce coupled with increased childcare and work obligations. First Kafka Decl. ¶11, 17. Counsel explained these changes were such that she could not take on a deposition, and did not wish to proceed. *Id.* ¶ 17.

Meta has not cited to a *single* document in its Opposition to support its wide-ranging factual assertions and characterizations about Jane Doe XI's personal life, including her purported child custody arrangements. This is an egregious violation of the rules of this Court. *See* Civil L.R. 7-5(a) (requiring that factual contentions must be supported by appropriate references to the record). Plaintiffs repeatedly requested that Meta provide the unique document identifiers for the posts that Meta was referring to so that they could understand what purported evidence Meta was relying on. Meta refused. Decl. of Kafka in Support of Reply ¶3.

**ARGUMENT**

The Ninth Circuit is clear that district courts should grant voluntary motions for dismissal "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Kamal v. Eden Creamery*, LLC, 88 F.4th 1268, 1281 (9th Cir. 2023) (internal citations omitted). Here, not only is Meta unable to show any legal prejudice, but Jane Doe XI already accepts the ultimate sanction of dismissing her claims with prejudice. Meta's attempts to require her deposition are unwarranted given her request for dismissal with prejudice. The Court's inquiry can stop there.

Meta's "prejudice" arguments are a thin veil for its attempt to harass Jane Doe XI as she tries to dismiss her claims. When Plaintiffs explained the reasons why Jane Doe XI seeks dismissal, Meta scoured her social media to try to disprove that she has recently finalized a divorce and faces changed childcare obligations. Apart from the fact that the posts Meta dug up are years old and do not contradict what Plaintiffs shared with Meta, that entire inquiry is irrelevant. Rule 41 "does not consider the plaintiff's reasons for seeking a voluntary dismissal." *Lake at Las Vegas Inv'rs Grp., Inc. v. Pac. Malibu Dev. Corp*., 933 F.2d 724, 727 (9th Cir. 1991). The proper question for the Court is whether Meta will suffer true legal prejudice from her withdrawal, and what conditions could cure that prejudice. Meta must show more than inconvenience to meet the standard of legal prejudice—it must demonstrate that without Jane Doe XI's participation in this lawsuit, it will be unable to levy its

defenses or make a legal argument that it otherwise would have been able to make. Because Meta cannot do so, Plaintiffs' motion should be granted.

**A. Jane Doe XI is entitled to dismiss her claims with prejudice, and adding additional conditions is unnecessary and inappropriate.**

Meta argues (Opp. at 6) that courts "frequently" find defendants would be prejudiced when a named plaintiff withdraws without sitting for a deposition and "often" condition dismissal on completing a deposition. Meta is wrong on the facts and the law. In fact, Meta cites only one case that conditioned a request for dismissal *with prejudice* upon completion of a (severely shortened) deposition.[3] *See* Opp. at 8 (citing *Benanav v. Healthy Paws Pet Ins. LLC*, 2023 WL 5227702, at *10 (W.D. Wash. Aug. 15, 2023)). That case is distinguishable from the facts here, as the plaintiff who sought to be dismissed was one of the only named Plaintiffs who cancelled the insurance policy at issue. *Id*. The only other cases Meta cites (at 8) involve motions to compel depositions, not the consideration of imposing conditions on a dismissal. *See Fraley v. Facebook Inc.*, 2012 WL 555071, at *3 (N.D. Cal. Feb. 21, 2012) (granting motion to compel deposition while plaintiff sought dismissal without prejudice); *Dysthe v. Basic Rsch., L.L.C.*, 273 F.R.D. 625, 628–30 (C.D. Cal. 2011) (magistrate judge's order compelling a deposition where plaintiff had not yet been dismissed).

These distinctions matter because Jane Doe XI's seeks dismissal of her claims *with prejudice.* Compelling her to comply with further discovery would add an unwarranted additional condition on top of the "ultimate sanction." *Schmidt v. Herrmann*, 614 F.2d 1221, 1223-24 (9th Cir. 1980).

Following the test courts use nationwide, it is appropriate to grant Jane Doe XI's motion for voluntary dismissal on the condition that the dismissal is with prejudice. When considering requests for voluntary dismissal, courts consider three questions in sequence: (1) "whether dismissal should be

---

[3] Meta cites to *Sherman v. Yahoo*, where the Court dismissed the plaintiff *without prejudice* and conditioned a deposition because he "was the *sole* named plaintiff in this action for almost two years." *Sherman v. Yahoo! Inc.*, 2015 WL 473270at *7 (S.D. Cal. Feb. 5, 2015) (emphasis added). As explained in section B, that is not the case here. There are eight other named plaintiffs that Meta has and continues to seek discovery from.

granted at all"; if so, (2) "whether dismissal should be with or without prejudice"; and finally, (3) whether the dismissal should be conditioned "on terms that the court considers proper." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1280, 1286 (9th Cir. 2023). Courts consider a dismissal with prejudice to be a "condition" of dismissal. *See Coupa Software Inc. v. DCR Workforce, Inc.*, 2023 WL 6247252, at *5 (N.D. Cal. Sept. 22, 2023) ("The Court . . . has the authority to grant the motion for voluntary dismissal conditioned on a dismissal with prejudice.") (citing *Moore's Fed. Prac.* § 41.40[10][d][vii])); *see also Kamal*, 88 F.4th at 1286 ("Defendants requested various conditions if the court granted dismissal without prejudice . . . but because the district court dismissed Plaintiff's claims with prejudice, it did not address Defendants' requests for conditions."); *In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 163 (5th Cir. 2010) ("Requiring dismissal with prejudice is one available option; the court exercises considerable discretion even in selecting this condition, but it 'must be careful to craft conditions that are not overbroad.'" (citation omitted)).

Attempting to force Jane Doe XI to sit for a deposition as she seeks to dismiss her claims with prejudice would add an additional sanction and would abuse the Court's discretion. *See, e.g.*, *Pedreira v. Sunrise Children's Servs. Inc.*, 79 F.4th 741, 747-48 (6th Cir. 2023) ("District courts within the Circuit have applied [precedent] over the last 60 years to hold that when a plaintiff moves to dismiss a case with prejudice, it is an abuse of discretion for a district court to deny that request."). "The purpose of [Rule 41(a)] is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citations omitted). Even if Meta could articulate some legal prejudice from Jane Doe XI's voluntary dismissal—which, as Plaintiffs explain below, it cannot—her choice to dismiss her claims with prejudice takes her claims out of the case and obviates Meta's need to further develop testimony that is unique to her.

Even if it were proper to consider imposing additional conditions here, as a practical matter, it makes no sense to condition Jane Doe XI's dismissal on sitting for a deposition that she will not attend. Plaintiffs informed Meta that Jane Doe XI will not agree to sit for a deposition. This fact will not change if the Court conditions her dismissal on sitting for a deposition, and this understanding

informed Jane Doe XI's request to dismiss her claims with prejudice. Consider the alternative: if Jane Doe XI sought to voluntarily dismiss her claims without prejudice, and Meta moved either to compel her deposition and/or to condition her dismissal on her completion of a deposition, Plaintiffs' counsel believe that Jane Doe XI would not attend and the Court would then be required to sanction Jane Doe XI, likely with dismissal *with prejudice*. *See* Fed. R. Civ. P. 37(d)(1)(A)(i) (authorizing case terminating sanctions where a party fails to appear for their own deposition). Plaintiffs sought to avoid the time and expense to both parties and the Court by informing Meta of Jane Doe XI's intention not to appear for a deposition, acknowledged that without sitting for a deposition she likely could not proceed as named plaintiff or putative class representative, and asked Meta if it would stipulate to her dismissal with prejudice. Meta refused; though, even now, Meta admits (Opp. at 6) it has no objection to her dismissal with prejudice—it just wants to force her to sit for a deposition anyway.

But Jane Doe XI ultimately may decline to be deposed, with the consequence that she may not proceed with her claims. Courts acknowledge that "forcing plaintiffs to litigate a case against their will poses all manner of practical problems . . . It remains good sense and good law that plaintiffs, like defendants, should be able to refuse to offer evidence in support of [their] claim[s]" *Pedreira,* 79 F.4th at 752 (internal citations omitted). That is precisely what she seeks to do. It is not the outcome that Plaintiffs hoped for, and was initially a surprise; Jane Doe XI has produced documents, responded to interrogatories and twice supplemented her responses, and otherwise has kept in contact with her attorneys. In all other respects, Plaintiffs understand she would have been an excellent representative of the class. But because Jane Doe XI seeks to withdraw from this litigation with the fair consequence that her claims be dismissed with prejudice, the Court should let her do so.

**B. Meta Cannot Show Any Legal Prejudice from Jane Doe XI's Dismissal**

Meta cannot make any showing of legal prejudice from Jane Doe XI's voluntary dismissal to require her deposition. While Rule 41(a)(2) "allows the court to attach conditions to the dismissal [] to prevent prejudice to the defendant," there is no conceivable prejudice here that would require any. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 146 (9th Cir. 1982) (upholding voluntary dismissal of plaintiff's claims without prejudice where defendant could not show legal prejudice). And

as explained above, Jane Doe XI has already agreed to the harshest sanction of dismissal with prejudice.

"'Legal prejudice' is a term of art." *Kamal*, 88 F.4th at 1280. It is not any garden variety prejudice; instead, it is limited to "prejudice to some legal interest, some legal claim, some legal argument. . . [U]ncertainty because a dispute remains unresolved is not legal prejudice." *Id*. Nor is inconvenience, or expense to the defendant legal prejudice. *Segal v. Segel*, 2022 WL 848324, at *2-3 (S.D. Cal. Mar. 22, 2022) (collecting cases). Courts find legal prejudice in the "rare circumstance" where "claims or defenses [] would be foreclosed by dismissal." *Pedreira*, 79 F.4th at 751 (upholding dismissal with prejudice); *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) (prejudice under Rule 41(a)(2) "focus[es] on the rights and defenses available to a defendant in future litigation"). The court in *Hyde & Drath v. Baker* found such a rare circumstance when the party seeking dismissal was "inextricably entangled" in a fraudulent transaction that formed the basis of plaintiffs' fraud claim against defendants, and thus defendants "would be unable to untangle [plaintiffs'] claims and to defend themselves adequately." 24 F.3d 1162, 1169 (9th Cir. 1994), as amended (July 25, 1994). Other examples of prejudice include, "loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense," none of which are relevant here, since Jane Doe XI seeks dismissal with prejudice. *Westlands Water Dist.,* 100 F.3d at 97.

Meta's claim to legal prejudice falls far short of the mark. First, Meta claims legal prejudice from its inability to elicit deposition testimony from Jane Doe XI about documents produced in this case[4] that Meta believes will support its legal arguments at class certification and on the merits. Specifically, Meta asserts (at 9) that it intends to argue Plaintiffs lacked a reasonable expectation of privacy in their communications with their healthcare providers because Plaintiffs may have shared information about their health publicly. Meta claims (at 9) that it requires deposition testimony from

[4] As explained above, Meta has not cited to any documents to substantiate its claims about Jane Doe XI's social media posts, medical conditions, child custody arrangements, and divorce proceedings. *Supra* at 3.

Jane Doe XI while vaguely asserting that her "conduct . . . varies from that of her co-plaintiffs," without explaining how. But this defense is one that Meta intends to raise as to all named plaintiffs. The RFPs and Interrogatories that Meta has served on every plaintiff have been identical except to change the name of their healthcare provider, and the parties have negotiated the scope of all discovery requests as applicable jointly to all Plaintiffs. Further, Meta is eliciting the exact testimony it claims only Jane Doe XI can provide from the other named plaintiffs. In the two depositions Meta has taken to date, it questioned the plaintiffs at length about their health-related online posts and their expectations of privacy in information they have discussed publicly, including about their posts relating to doctor's visits and health conditions.[5]

Next, Meta claims legal prejudice from Jane Doe XI's dismissal because she is the only named plaintiff to have been a patient of Sutter Health. *Id*. Jane Doe XI's use of Sutter Health is of no moment given that Plaintiffs' putative class includes "All Facebook users whose health information was obtained by Meta from their healthcare provider or covered entity through Meta Collections Tools" without any distinction as to the healthcare provider. ECF 335 ¶353. There are hundreds of healthcare providers at issue in this litigation, including some that only absent class members have visited. It makes no difference whether a named plaintiff used Sutter or only absent class members did. Because

---

[5] *See e.g.,* **Ex. A**, Jane Doe IX Transcript at 152:3-25–153:1-24 (Meta elicits testimony from Doe IX about posting publicly on Facebook about receiving acupuncture for her health conditions); 191:5-25–192:1-17 (Meta elicits testimony from Doe IX about posting publicly in a Facebook group about taking weight gain supplements); 220:8-25–221:1-12 (Meta elicits testimony from Doe IX about commenting on her doctor's Facebook page); **Ex. B**, John Doe III Rough Transcript at 54:5-24; 55:17-57:2; 57:15-60:1, 66:13-67:18 (Meta elicits testimony from John Doe III about referencing his health conditions in a publicly available complaint); 70:4-72:4; 74:4-25 (Meta elicits testimony regarding Doe III's expectation of privacy based on publicly available filings showing his medical bills); 150:22-154:1 (Meta elicits testimony about Doe III's posting in Facebook groups about his medical bills); 156:9- 23; 157:23-160:3 (Meta elicits testimony about Doe III "liking" pages relating to his medical conditions on Facebook); 161:5:162:21 (eliciting testimony about plaintiff's posting on Facebook about his  health condition); 163:2-168:3 (eliciting testimony about plaintiff linking to a blog post about his health conditions in a public post on Facebook); 168:9-169:13 (eliciting testimony about plaintiff posting about his health on his Facebook profile).

Sutter used the Meta collection tools, Meta's collection of patient information from Sutter will be part of the case regardless of Jane Doe XI's participation.

Meta's inability to depose Jane Doe XI about her social media posts or her care at Sutter are therefore not forms of legal prejudice. Jane Doe XI's dismissal with prejudice from the case in no way "render[s] the remaining parties unable to conduct sufficient discovery" on *any* matter, including the specific class certification defenses Meta seeks to explore, and certainly does not prevent Meta from "adequately defend[ing]" itself. *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) (reversing denial of plaintiffs' motion for dismissal without prejudice where defendant failed to show legal prejudice).

The law in this circuit does not automatically "entitle" a defendant to additional discovery from a plaintiff seeking dismissal. *See* Opp. at 10. Courts instead focus on the nexus between the asserted legal prejudice and the curative condition. Unsurprisingly, Meta overstates the support for its position throughout its motion, including by selectively quoting (at 9) from *In re MGM Resorts International Data Breach Litigation*, a case in which the court granted a class plaintiff's voluntary dismissal *without prejudice* without requiring the plaintiffs to fulfill discovery obligations that had already been propounded. 2024 WL 1440902, at *3 (D. Nev. Apr. 2, 2024). The *MGM* court acknowledged that "generally" parties should be required to fulfill their discovery obligations, but reasoned that "this obligation is not without its limits, especially when the plaintiff seeks to voluntarily dismiss their claims." *Id.* The court went on to reject imposing additional discovery conditions on the plaintiff because the defendant "seeks discovery of facts and issues common to all class members," and appropriately concluded that the defendant would suffer no legal prejudice as a result. *Id.*

This is the same situation as in *MGM*. Meta is free to pursue "sufficient discovery" on any of its class certification defenses, and indeed has sought from other named plaintiffs the same discovery it purports it can only obtain from Jane Doe XI. As much as Meta may protest in its papers that it requires Jane Doe XI's unique testimony, its actual discovery conduct shows that it seeks the same information from all the named plaintiffs. Meta will be free to continue doing so after Jane Doe XI is dismissed.

Finally, Meta also claims legal prejudice from expending time and resources on pursuing discovery from Jane Doe XI. Opp. at 9. That is not a basis for finding legal prejudice. The Ninth Circuit is clear that a party incurring substantial expense, or even the fact that a defendant has begun trial preparations does not amount to legal prejudice. *Hamilton*, 679 F.2d at 145-46 (Beginning trial preparations and expending significant expenses in preparing and filing pleadings is not legal prejudice); *Wetlands Water Dist.*, 100 F.3d at 97 ("[E]xpenses incurred in defending a lawsuit do not amount to legal prejudice").

In sum, because there is no conceivable legal prejudice here, there is no basis to impose continued discovery obligations on Jane Doe XI. But even if the Court were persuaded that Meta *has* suffered legal prejudice, the fact that Jane Doe XI already seeks the "ultimate sanction" is certainly enough to cure. *See Schmidt v. Herrmann*, 614 F.2d at 1223.

**CONCLUSION**

For these reasons, the Court should grant Jane Doe XI's request to be voluntarily dismissed with prejudice without requiring her to sit for a deposition.

DATED: April 11, 2024

Respectfully submitted,

By: */s/ Jay Barnes*

**SIMMONS HANLY CONROY LLP**
Jason 'Jay' Barnes (admitted *pro hac vice*)
*jaybarnes@simmonsfirm.com*
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel: 212-784-6400
Fax: 212-213-5949

By: */s/ Geoffrey Graber*

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Geoffrey Graber, State Bar No. 211547
*ggraber@cohenmilstein.com*
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel: 202-408-4600

Fax: 202-408-4699

**GIBBS MURA LLP**
Andre M. Mura, State Bar No. 298541
*amm@classlawgroup.com*
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.: 510-350-9700
Fax: 510-350-9701

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
*koncius@kiesel.law*
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel: 310-854-4444
Fax: 310-854-0812

**TERRELL MARSHALL LAW GROUP PLLC**
Beth E. Terrell, State Bar No. 178181
*bterrell@terrellmarshall.com*
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.: 206-816-6603
Fax: 206-319-5450

*Attorneys for Plaintiffs and the Proposed Class*

**SIGNATURE ATTESTATION**

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from its other signatories.

*/s/ Claire Torchiana*
Claire Torchiana