UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br>All Actions. | Case No. 22-cv-03580-WHO (VKD)<br><br>**ORDER RE MARCH 25, 2025 DISCOVERY DISPUTE RE META'S RFP 74**<br><br>Re: Dkt. No. 930 |

The parties ask the Court to resolve their dispute regarding whether plaintiffs should be required to produce documents showing the cookies on their devices and browsers, in response to Meta's Request for Production of Documents ("RFP") 74. Dkt. No. 930. The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

As explained below, the Court orders plaintiffs to produce documents sufficient to show all third-party cookies on plaintiffs' relevant devices and/or browsers capable of collecting or sharing health information.

I.  **BACKGROUND**

Meta's RFP 74 asks plaintiffs to produce all documents showing "the cookies on [plaintiffs'] devices and/or browsers" for every device and browser plaintiffs used to access their healthcare providers' websites and patient portals. Dkt. No. 930 at 5; Dkt. No. 930-1 at 164 (RFP 74 directed to plaintiff Jane Doe III). Plaintiffs object to producing any responsive documents. *Id.* at 5, 7.

Meta identifies three justifications for the discovery it seeks in RFP 74. First, Meta argues that it requires the responsive documents to defend against plaintiffs' contentions that Meta is solely responsible for collection and use of plaintiffs' and class members' confidential health

1   information for targeted advertising, and that plaintiffs had a reasonable expectation of privacy in
2   the health information they shared online. Dkt. No. 930 at 2-3. Second, Meta argues that it
3   requires these documents to defend against plaintiffs' contention that Meta's actions solely caused
4   them harm. *Id.* at 3-4. Third, Meta argues these documents will show whether and to what extent
5   there are variations between and among the plaintiffs regarding their acceptance or tolerance of
6   non-Meta third-party cookies that collected and shared their health information, which will in turn
7   inform Meta's arguments opposing class certification. *Id.* at 4.

8       Plaintiffs object to the discovery Meta seeks on several grounds. First, plaintiffs argue that
9   because Meta's answer does not include a defense predicated on "non-Meta cookies," and because
10  Meta never mentioned such cookies in responding to an interrogatory about its factual and legal
11  bases for opposing class certification, RFP 74 seeks discovery about matters that are not at issue.
12  *Id.* at 5. Second, plaintiffs argue that because RFP 74 seeks discovery about *all* cookies, it is
13  overly broad because it necessarily seeks information about cookies that have nothing to do with
14  collection or sharing of health information and some of these irrelevant cookies may implicate
15  serious privacy concerns. *Id.* at 5, 7. Third, plaintiffs suggest that Meta should not be permitted to
16  obtain responsive documents because it has delayed seeking this discovery for over a year after
17  receiving plaintiffs' initial objections, and because any protocol to identify potentially relevant
18  cookies that might be established at this late date would unduly delay the case schedule. *Id.* at 8.

19  **II.  DISCUSSION**

20      To the extent Meta seeks documents showing all third-party cookies on plaintiffs' devices
21  and/or browsers that collected or shared health information—i.e. the same kind of data at issue in
22  this case—such discovery is clearly relevant to plaintiffs' claims and Meta's defenses. As Meta
23  observes, plaintiffs specifically allege that Meta uses the Pixel to collect plaintiffs' and class
24  members' health information and then uses that information to facilitate targeted advertising to
25  plaintiffs and putative class members, causing them harm. Plaintiffs also allege that Meta is solely
26  responsible for this conduct and the resulting harm. *See id.* at 1-2 (citing operative complaint).
27  Contrary to plaintiffs' suggestion, the Court is not persuaded that Meta was required to plead as an
28  affirmative defense that it is not solely responsible for, or did not cause, the harm complained of,

2

1  or that it was required to mention "non-Meta cookies" in its answer, as a condition of developing
2  evidence negating the essential elements of plaintiffs' claims. *See* Fed. R. Civ. P. 8(b)(1)(B)
3  (requiring answer to "admit or deny" allegations in complaint); *Zivkovic v. S. California Edison*
4  *Co.,* 302 F.3d 1080, 1088 (9th Cir.2002) (defense that "demonstrates a plaintiff has not met its
5  burden of proof," or that "merely negates an element that [a plaintiff] was required to prove" is not
6  an affirmative defense). In addition, the discovery Meta seeks also appears to be relevant to the
7  arguments it expects to make in opposing class certification.[1]

    However, the Court agrees with plaintiffs that the scope of RFP 74 exceeds the scope of relevant discovery because it encompasses *all* cookies, regardless of whether they are capable of collecting and sharing plaintiffs' health information. Meta does not seriously dispute this. *See* Dkt. No. 930 at 4. The difficulty appears to be that it is not clear how to identify relevant non-Meta cookies from among the thousands or tens of thousands of third-party cookies plaintiffs say their devices and browsers have. Meta explains that there are hundreds of thousands of possible cookies and that, absent some information about the kinds of cookies plaintiffs' have, the only way Meta's experts can determine which other third-party cookies could have collected and transmitted plaintiffs' health information is to examine all of the cookies on plaintiffs' devices and browsers. *Id.* at 4-5. Plaintiffs respond that Meta never proposed any reasonable protocol for distinguishing relevant cookies from irrelevant cookies, and even if Meta had done so, plaintiffs object to undertaking the effort to implement such a protocol. *Id.* at 6, 8.

    The parties' lack of cooperation regarding this document request is troubling, as the Court expects that, with some effort, the parties could have at least narrowed the scope of production responsive to the request. However, the Court is not inclined to conclude that plaintiffs should be relieved of an obligation to produce documents that are clearly relevant because Meta did not seek the Court's intervention at an earlier date. Accordingly, the Court orders as follows:

    1. In response to RFP 74, plaintiffs must produce documents sufficient to show all third-

---

[1] This order does not address plaintiffs' apparent objection that Meta has not adequately disclosed the bases for its anticipated opposition to class certification in response to plaintiffs' Interrogatory No. 10. *See* Dkt. No. 930 at 5.

party cookies on plaintiffs' relevant devices and/or browsers capable of collecting or sharing health information.

2. The Court will not require plaintiffs to undertake a burdensome analysis of the very large number of third-party cookies on plaintiffs' devices and browsers. By **April 30, 2025**, Meta shall identify objective criteria plaintiffs may use to facilitate the identification of relevant and responsive cookies. In making a responsive production, plaintiffs may rely on the objective criteria identified by Meta to facilitate the identification of relevant and responsive cookies. However, if plaintiffs elect not to rely on Meta's objective criteria, they must produce the entire list of third-party cookies on plaintiffs' relevant devices and browsers.

3. Plaintiffs' responsive production of documents is due no later than **May 12, 2025**.

4. To address plaintiffs' concerns regarding their privacy interests, the parties shall confer and stipulate to any appropriate additional protections not already available under the existing protective order in advance of plaintiffs' production, which shall not be delayed beyond May 12, 2025.

**IT IS SO ORDERED.**

Dated: April 24, 2025

Virginia K. DeMarchi
United States Magistrate Judge

4