**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:     (212) 351-4000
Facsimile:     (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:     (415) 393-8200
Facsimile:     (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION, _____ This Document Relates To: All Actions | Case No. 3:22-cv-03580-WHO (VKD) **DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** Hon. William H. Orrick |

DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:22-CV-03580-WHO (VKD)

1          I, Lauren R. Goldman, state and declare as follows:

2          1.       I am an attorney licensed to practice in the State of New York.  I am a partner at the law

3    firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in

4    these actions.  I am admitted *pro hac vice* to practice before this Court.  I am familiar with Meta's

5    treatment of proprietary and confidential information based on my personal experience representing

6    Meta.[1]  I have personal knowledge of the facts stated below and, if called as a witness, I could and

7    would testify competently thereto.

8          2.       I submit this declaration under Local Rule 79-5(f)(3) in support of Plaintiffs'

9    Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  Dkt. No.

10   980.  Meta seeks to seal narrowly tailored portions of Plaintiffs' Motion for Relief from Nondispositive

11   Pretrial Order of Magistrate Judge at Dkt. 969 and the Declaration of Jay Barnes, which were filed at

12   Dkt. Nos. 980-3, 980-4 (the "Motion and Declaration").  Meta proposes to redact specific, non-public

13   information in the Motion and Declaration that contains highly confidential business information about

14   Meta's proprietary data storage systems (including the types of information Meta receives and how

15   Meta uses the data it receives and stores), classification systems (including the name of one of Meta's

16   classification systems), and specific, non-public information regarding strategic issues and analysis by

17   Meta employees and actions taken in connection with those analyses.

18         3.       In determining whether to permit documents to be filed under seal, this Court should

19   apply the "good cause" test for "sealed materials attached to a discovery motion unrelated to the merits

20   of a case."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *see*

21   *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).  The good cause

22   standard generally applies to discovery-related filings because "discovery is largely 'conducted in

23   private as a matter of modern practice,'" and "the public is not presumed to have a right of access to

24

---

25   [1] This Court and others in this District routinely grant motions to seal on the basis of declarations of
     counsel submitted pursuant to Local Rule 79-5.  *See, e.g.*, Dkt. Nos. 157, 418; *see also Avago Techs.*
26   *Fiber IP (Singapore) PTE. Ltd., v. IPtronics Inc.*, No. 5:10-cv-02863-EJD, Dkt Nos. 544 (N.D. Cal.
     Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., v. OpenTV Inc.*, No. 5:13-cv-00282-
27   EJD, Dkt. Nos. 76, 82 (N.D. Cal. Oct. 8, 2013).  I am personally familiar with Meta's practices of
     safeguarding proprietary information, including based on my experience representing Meta for
28   many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it
     be permitted to file a further declaration supporting filing under seal.

DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:22-CV-03580-WHO (VKD)

1  it." *Ctr. For Auto Safety*, 809 F.3d at 1097 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33

2  (1984)).  Here, the good cause test applies because the Motion and Declaration were submitted by the

3  plaintiffs in connection with a discovery dispute.  *See Grace v. Apple, Inc.,* No. 17-CV-00551 LHK

4  (NC), 2018 WL 11319051, at *1 (N.D. Cal. Apr. 3, 2018) (applying the good cause test to a motion to

5  seal materials in connection with a discovery dispute).

6        4.     Sealing is appropriate here for several reasons.  *First*, Meta's sealing request is

7  "narrowly tailored to seek sealing only of sealable material." *Singh v. Costco Wholesale Corp.*, No.

8  20-CV-08180-NC, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023).  Meta asks the Court to seal

9  only those parts of the Motion and Declaration which reveal proprietary, commercially sensitive, and

10  confidential information about Meta's data storage and classification systems and about strategic issues

11  and analysis by Meta employees and actions taken in connection with those analyses.  *Second*, as the

12  Supreme Court has recognized, the public right of access to court records may be limited when those

13  records could be used "as sources of business information that might harm a litigant's competitive

14  standing." *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978); *see also* Dkt. No. 157 at 3

15  (Judge Orrick in this case confirming that "competitive harm is a compelling reason to seal").  Meta is

16  likely to suffer harm if highly confidential information regarding the non-public systems integral to its

17  storage of information and about strategic issues and analysis by Meta employees and actions taken in

18  connection with those analyses is made public.  *Third*, there is "a compelling reason to seal"

19  information that could compromise a party's "network infrastructure and security systems." *Music*

20  *Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *6 (N.D. Cal.

21  June 30, 2015).  The less stringent "good cause" standard is clearly met here because the disclosure of

22  specific information about how Meta stores data could empower bad actors to exploit Meta's systems

23  and misuse that data.

24        5.     Competitive harm is likely if Meta's highly confidential information is made public.  As

25  the Supreme Court has recognized, the public right of access to court records may be limited when

26  those records could be used "as sources of business information that might harm a litigant's competitive

27  standing." *Nixon*, 435 U.S. at 598.  Meta operates in an intensely competitive marketplace and has

28  serious and legitimate concerns that competitors will exploit any release of Meta's sensitive,

1   proprietary information to gain a competitive advantage.  Disclosure of the information Meta seeks to

2   seal would provide these competitors with unfair insight into how Meta's systems are designed and

3   operate, giving competitors the ability to "duplicate features of" Meta's systems and technical

4   infrastructure "which could cause competitive harm." *In re Google Inc. Gmail Litig.,* 13–MD–02430–

5   LHK, 2013 WL 5366963, at \*3 (N.D. Cal. Sept. 25, 2013) (finding "compelling reasons to seal"

6   materials relating to "descriptions of how Gmail operates").

7          6.      In addition, absent redactions, unsealing the Motion and Declaration likely would cause

8   Meta harm because it would reveal information bad actors could then use to access or gain insight into

9   the data Meta receives and stores.  Meta has an interest in maintaining confidentiality over information

10  related to its data storage systems and takes care to protect the confidentiality of its proprietary

11  information and the data it receives and stores.  Divulging details about Meta's systems would

12  undermine this interest by helping third parties circumvent Meta's security measures to infiltrate or

13  better understand the data Meta stores (including data related to users), in violation of Meta's policies.

14  Therefore, disclosure would harm both Meta and the individuals whose data may be left more

15  vulnerable to improper access.

16         7.      Courts routinely protect the type of information that Meta seeks to seal here.  *See* Dkt.

17  No. 157 at 3–4 (collecting cases); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

18  1211 (9th Cir. 2002) (holding "confidential . . . commercial information" was entitled to protection

19  from disclosure); *see also Calhoun v. Google LLC*, No. 20-CV-05146-YGR (SVK), 2022 WL 1122843,

20  at \*3 (N.D. Cal. Apr. 14, 2022) (allowing redactions for references to "sensitive features of Google's

21  internal systems and operations, including the various types of data sources which include information

22  related to Google's data logs, internal data structures, internal identifiers and their proprietary

23  functions"); *Ojmar US, LLC v. Sec. People, Inc.*, No. 16-CV-04948-HSG, 2016 WL 6091543, at \*2

24  (N.D. Cal. Oct. 19, 2016) (noting protections afforded by courts within the Ninth Circuit are broad and

25  extend to "confidential information regarding [a defendant's] products, services, and business

26  practices").  Notably, this Court and Judge DeMarchi have already found good cause and ordered

27  sealing of some of the same (or very similar) information Meta seeks to seal here.  *See, e.g.*, Dkt. Nos.

28  336, 339-5, 372, 503, 509, 510, 522, 703, 734, 880 (sealing specific non-public information about the

structure of and information in Meta's data storage systems); *see also* Dkt. Nos. 339-3, 350-6, 372, 703, 734, 880 (sealing, *inter alia*, specific non-public information about Meta's classification systems); Dkt. Nos. 485, 515, 880 (sealing internal, non-public information regarding strategic issues and analysis by Meta employees and actions taken in connection with those analyses). Plaintiffs filed the Motion and Declaration provisionally under seal in their entirety. Meta proposes narrowly tailored redactions that would keep only sensitive, non-public material sealed. Meta's position regarding material that should be sealed is set forth in the following table:

| Document | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Plaintiffs' Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge at Dkt. 969 (Dkt. No. 980-3) | Parts of page 2, lines 10-13. (highlighted in green Dkt. No. 995) | Meta | This text should be redacted because it describes specific, sensitive, non-public information regarding strategic issues and analysis by Meta employees and actions taken in connection with those analyses that could cause competitive harm to Meta if not maintained under seal. The Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See* Dkt. Nos. 485, 515, 880. |
| Declaration of Jay Barnes (Dkt. No. 980-4) | Parts of page 4, line 18; page 5, lines 11-17. (highlighted in green Dkt. No. 995-1) | Meta | This text should be redacted because it describes specific, sensitive, non-public information regarding strategic issues and analysis by Meta employees and actions taken in connection with those analyses that could cause competitive harm to Meta if not maintained under seal. The Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See* Dkt. Nos. 485, 515, 880. |
| Declaration of Jay Barnes (Dkt. No. 980-4) | Parts of page 5, lines 10, 12-13; page 6, lines 3-4, chart, lines 17-18. (highlighted in green Dkt. No. 995-1) | Meta | This text and chart should be redacted because they reveal specific, non-public information about Meta's proprietary data storage systems, including the types of information Meta receives and how Meta uses the data it receives and stores. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. The Court and Judge DeMarchi have previously ordered this type of information to be |

DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:22-CV-03580-WHO (VKD)

| | | | |
|---|---|---|---|
| | | | sealed. *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734, 880. |
| Declaration of Jay Barnes (Dkt. No. 980-4) | Parts of page 6, line 22. (highlighted in green Dkt. No. 995-1) | Meta | This text should be redacted because it reveals specific, non-public information regarding Meta's proprietary classification systems, including the name of one of Meta's classification systems. If disclosed, this information would cause Meta competitive harm. The Court and Judge DeMarchi have previously ordered information about Meta's classification systems to be sealed. *See, e.g.*, Dkt. Nos. 339-3, 350-6, 372, 703, 734, 880. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 28th day of April 2025 in New York, New York.


/s/ Lauren R. Goldman
Lauren R. Goldman