# Proposed Redacted Version of Plaintiffs' Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge at Dkt. 969 (Dkt. No. 980-3)

Jason 'Jay' Barnes (admitted *pro hac vice*)
  jaybarnes@simmonsfirm.com
**SIMMONS HANLY CONROY LLC**
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel:    212-784-6400
Fax:   212-213-5949

Jeffrey A. Koncius, State Bar No. 189803
  koncius@kiesel.law
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel:   310-854-4444
Fax:  310-854-0812

*Attorneys for Plaintiffs and the Proposed Class*

Geoffrey Graber, State Bar No. 211547
  ggraber@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue NW, Suite 800
Washington, DC 20005
Tel:    202-408-4600
Fax:   202-408-4699

Beth E. Terrell, State Bar No. 178181
  bterrell@terrellmarshall.com
**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.:   206-816-6603
Fax:   206-319-5450

Andre M. Mura, State Bar No. 298541
  amm@classlawgroup.com
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.:   510-350-9700
Fax:   510-350-9701

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION | **Case No. 3:22-cv-3580-WHO (VKD)** |
| | CLASS ACTION |
| This Document Relates to:<br><br>All Actions. | **PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE AT DKT. 969.**<br><br>The Honorable William H. Orrick III |

# INTRODUCTION

Plaintiffs object to the part of the April 11 discovery order barring 30(b)(6) testimony on Meta's non-advertising use of health data. *See* Dkt. 969 at 5-6 ("Order"). The Court ruled such testimony out of bounds because the complaint does not expressly reference non-advertising use. But non-advertising use is squarely relevant to Meta's defenses and its import came to light only after the complaint was filed. The Order also adopted Meta's incorrect representation that Plaintiffs had not previously sought this discovery. In reality, non-advertising use has long been part of this case and Plaintiffs have already obtained such evidence. As early as July 2024, Plaintiffs explicitly asked for and received documents about non-advertising uses. Meta did not begin objecting to such discovery until two weeks before the deadline for substantial completion. Plaintiffs now seek only the opportunity to ask a 30(b)(6) designee about the discovery Meta already produced. Plaintiffs respectfully ask this Court to modify the Order on this single issue and compel Meta to prepare a witness for questioning on non-advertising use.

# BACKGROUND

**A.    The claims and defenses concerning data use are not limited to advertising.**

Plaintiffs allege Meta unlawfully intercepted health data from healthcare providers. Plaintiffs' claims do not require any subsequent use of the data by Meta, but such use—for both advertising and non-advertising purposes—is nevertheless relevant to some elements of some claims. The privacy tort requires that Meta's conduct, which includes both interception and use, would offend a reasonable person. The ECPA claim alleges Meta intercepted health data intending to use it for "commercial advantage." Dkt. 334-3 (Complaint) ¶ 429(c). Unjust enrichment asserts, among other things, that Meta "wrongfully and unlawfully" used Plaintiffs' health data without consent. *Id.* ¶ 542. Each of these allegations about use can be proven with non-advertising use. Plaintiffs also seek an injunction to stop *all* misuse of health data at issue.

Meta's affirmative defenses also implicate non-advertising data use. *See* Dkt. 497 (Answer) at 77–83. The "failure to mitigate" defense says Plaintiffs failed to use settings to limit how their data was used for advertising. Meta's use of the data for non-advertising purposes—and the lack of any way for users to block such uses—directly undermines that defense. Meta's "mistake" defense alleges it used reasonable procedures to avoid using health data. But if such procedures functioned differently (or not at all) for non-

1

PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE AT DKT. 969
Case No. 3:22-Cv-3580-WHO (VKD)

advertising uses, that limits the defense. Finally, Meta's defenses of "Consent" and "Barred by Contract" argue that users consented to giving this data because Meta disclosed its advertising practices. But if Meta disclosed only advertising uses and hid non-advertising ones, as its own documents suggest, that undermines such defenses.

**B.     Plaintiffs have sought and received discovery about non-advertising uses.**

Plaintiffs never limited their discovery requests to advertising uses. *See* Barnes Decl. ¶ 2. Plaintiffs' request for source code was not limited to advertising use, and Meta eventually produced all source code without such limitation. *Id.* Request for Production No. 37 asked for "Documents regarding Meta's use . . . of data collected through Meta Pixel," without limitation to advertising, and Meta agreed to produce such documents. *Id.* Among the responsive documents produced ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* ¶ 10(a). Similarly, deposition testimony has revealed that offsite data was ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* ¶ 10(c).

Until late in discovery, Meta never sought to restrict discovery about use to advertising. In May 2023, Plaintiffs moved to compel data architecture documents to show "exactly how Meta uses the at-issue data," explaining that use was relevant to Meta's knowledge, intent, damages, and class certification. Dkt. 323 at 3. Neither the motion nor related expert declaration limited the scope to advertising and Meta raised no such objection at the time. *See* Dkt. 323-2, ¶ 10. By July 2024, Plaintiffs were *explicitly* seeking discovery into non-advertising use based on other discovery. At a hearing on a motion to compel, counsel told the Court that "in addition to advertising uses, Meta makes other uses of the information." The Court responded, "sure," and counsel added, "So, we're trying to figure out the data flow for the other uses," as well. *See* Aug. 21, 2024 Hr'g Tr. at 7:6–16. The Court granted the motion and created a process to obtain the discovery sought with no "advertising" limitation. It was not until its objections on December 16, 2024 to Plaintiffs' Tenth Set of Requests for Production that Meta first objected to producing information about non-advertising use. *See* Barnes Decl. ¶ 11. This late change in tactics confirms that Meta understood that Plaintiffs were indeed seeking such information, despite what Meta later told the Court.

**C.     Meta's inaccurate narrative caused the Court to make an erroneous ruling.**

Plaintiffs now seek testimony on Meta's use of the data for "advertising and other systems,"

2

Plaintiffs' Motion For Relief From Nondispositive Pretrial Order Of Magistrate Judge At Dkt. 969
Case No. 3:22-Cv-3580-WHO (VKD)

including non-advertising uses like NewsFeed. Plaintiffs seek deposition testimony to explore and confirm what the documents obtained in discovery state on their face. *See* Barnes Decl. ¶ 10. With only 20 hours of 30(b)(6) time, Plaintiffs must focus on the most critical topics, and this is the opportunity Plaintiffs have to determine the scope of non-advertising uses revealed in Meta's productions. But Meta represented that non-advertising discovery was "eleventh hour" and that "these new systems and tools have not been part of this case or the contemplated scope of discovery for the past two-and-a-half years." Dkt. 927 at 14. That isn't true and Meta knew it. Meta had already produced documents showing non-advertising uses and witnesses had testified about it. *See* Barnes Decl. ¶ 10. Meta also knew Plaintiffs had explicitly sought such discovery since at least July 2024. *Id.* ¶ 8. And Meta was already (belatedly) objecting to such discovery in December 2024.

The Court adopted Meta's misleading narrative, finding that Plaintiffs had not previously sought and obtained discovery into non-advertising uses. The magistrate judge stated she could not "recall" Plaintiffs seeking such information, which is not surprising given Meta's inaccurate representations and the complex nature of the discovery issues over which the court has dutifully presided these many months. *See* Dkt. 969 at 6. Noting that the complaint also does not expressly mention non-advertising use, the Order limits testimony to advertising use. *Id.*

## ARGUMENT

A magistrate judge's decision may be reversed if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). A factual finding is clearly erroneous if the district court has a "definite and firm conviction that a mistake has been made." *F.D.I.C. v. Fidelity & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000). Legal conclusions are reviewed independently. *Id.*

**A.    The Order's analysis of relevance is contrary to law.**

Discovery is proper if the information is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevance is a low bar—defined as information "reasonably calculated to lead to the discovery of admissible evidence." *Pizzuto v. Tewalt*, 131 F.4th 1070, 1082 (9th Cir. 2025). Once relevance is shown, the burden shifts to the party resisting discovery to prove burden. In a Rule 30(b)(6) context, a party must provide concrete details about the burden of witness preparation. *Puckett v. Cnty. of Sacramento*, 2:22-CV-0350 KJM DB, 2024 WL 1641888, at *6 (E.D. Cal.

3

Apr. 16, 2024). Meta did not do so here. It stated only (inaccurately) that the information sought was outside the prior defined scope of the case. Especially since there is already a cap on the volume of 30(b)(6) testimony that accounts for burden, the question here was merely whether discovery into non-advertising uses meets the low threshold of relevance. By requiring Plaintiffs to plead allegations about non-advertising uses in order to obtain discovery about them, and by failing to consider the relevance of the information to Meta's defenses, the Order is contrary to the law of what testimony may be obtained from a 30(b)(6) witness.

        1)     *Plaintiffs need not plead the existence of specific facts to obtain discovery.*

To the extent the Order rules that non-advertising uses are irrelevant to Plaintiffs' claims, that is incorrect as a matter of law. For example, this Court already held that the "highly offensive" element of intrusion upon seclusion may depend in part on Meta's "purported use of any received healthcare information." Dkt. 316 at 12 n.4. Nothing about the distinction between advertising and non-advertising uses renders one relevant to that offensiveness inquiry and not the other. The same is true for all the "use"-related elements of Plaintiffs' claims.[1]

To the extent the ruling rests on the view that Plaintiffs failed to plead non-advertising uses and thus cannot pursue (further) discovery into them, that reasoning is also contrary to law. Rule 8 requires only that a party provide adequate notice of plausible claims—not every fact relevant to proving them. *See* Fed. R. Civ. P. 8. If a claim is properly pleaded, a party may seek discovery on relevant facts, even if those facts weren't known or included in the complaint; after all, discovery exists to uncover facts, not just confirm what Plaintiffs already know or suspect. *See In re Facebook, Inc. Consumer Privacy User Profile Litig.*, 655 F. Supp. 3d 899, 934 (N.D. Cal. 2023). Plaintiffs did not know whether Meta used offsite data for non-advertising uses until document production. Non-advertising use remains hidden. Finding such hidden information is "the whole point of civil discovery." *Id.*

Because the Order is contrary to law—by finding non-advertising use irrelevant or by requiring Plaintiffs to plead it—the Court should sustain Plaintiff's objection.

---

[1] Since limiting Plaintiffs' claims would exceed a magistrate judge's authority, Plaintiffs read the order as affecting only the 30(b)(6) scope and not what Plaintiffs may later introduce as evidence. Plaintiffs reserve the right to seek further relief if necessary to be permitted to introduce such evidence. *See CPC Patent Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 807 (9th Cir. 2022).

4

   *2)*  *Non-advertising use is relevant to Meta's defenses.*

Non-advertising use is relevant for the independent reason that it affects Meta's defenses. Take Meta's consent defense. Even if users consented to the collection of health data for advertising, it still matters whether Meta used the data for other purposes. That use may exceed the scope of any consent. Meta bears the burden of proving it had permission for the specific use. *Calhoun v. Google*, 113 F.4th 1141, 1147 (9th Cir. 2024). Consent requires that the plaintiff agreed to "substantially the same conduct" and that the defendant did not exceed that scope. *Id.* If Meta obtained consent to collect this data by disclosing advertising use but not non-advertising use, then Meta did not obtain valid consent. *See Theofel v. Farey-Jones*, 359 F.3d 1066, 1073 (9th Cir. 2004). Similar analysis is true for the other defenses. Limiting the 30(b)(6) deposition to advertising use was contrary to law because it failed to account for Meta's defenses.

**B.**  **The findings about Plaintiffs' prior discovery efforts are clearly erroneous.**

The Court found that Plaintiffs sought this information for the first time in their 30(b)(6) notice and called Plaintiffs' contrary assertion "disingenuous." *See* Dkt. 969 at 6. That finding appears to have influenced the Court's view of the proper scope of discovery. But Plaintiffs never limited their discovery requests to advertising uses, and Meta had already produced documents showing non-advertising uses without objection, before eventually objecting in December 2024. By at least July 2024 Plaintiffs were explicitly seeking this information. *See* Hr'g Tr. at 7:6–16. Indeed, Dr. Shafiq submitted an expert declaration in support of the motion addressed at that hearing. He explained the discovery was critical not only to understand Meta's advertising practices but also non-advertising uses—such as personalizing Feed content. *See* Dkt. 527-4, ¶ 16. The Court's resulting protocol did not distinguish between advertising and non-advertising uses. The Order relied on Meta's misrepresentation about the existing discovery on that subject, leading the court in turn to err.

**CONCLUSION**

Plaintiffs respectfully ask the Court to sustain Plaintiffs' objection and modify the Order.

//

//

//

5

**SIGNATURE ATTESTATION**

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from its other signatories.

RESPECTFULLY SUBMITTED AND DATED this 21st day of April, 2025.

SIMMONS HANLY CONROY LLC

By: /s/ Jason 'Jay' Barnes
    Jason 'Jay' Barnes, *Admitted Pro Hac Vice*
    Email: jaybarnes@simmonsfirm.com
    An V. Truong, *Admitted Pro Hac Vice*
    Email: atruong@simmonsfirm.com
    Eric Steven Johnson, *Admitted Pro Hac Vice*
    Email: ejohnson@simmonsfirm.com
    Jennifer M Paulson, *Admitted Pro Hac Vice*
    Email: jpaulson@simmonsfirm.com
    112 Madison Avenue, 7th Floor
    New York, New York 10016
    Telephone: (212) 784-6400

COHEN MILSTEIN SELLERS & TOLL PLLC

By: /s/ Geoffrey A. Graber
    Geoffrey Aaron Graber, CSB #211547
    Email: ggraber@cohenmilstein.com
    Eric Alfred Kafka, *Admitted Pro Hac Vice*
    Email: ekafka@cohenmilstein.com
    Claire T. Torchiana, CSB #330232
    Email: ctorchiana@cohenmilstein.com
    1100 New York Avenue NW
    Suite 500, West Tower
    Washington, DC 20005
    Telephone: (202) 408-4600

6

PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE AT DKT. 969
Case No. 3:22-Cv-3580-WHO (VKD)

|   |   |
|---|---|
| 1 | TERRELL MARSHALL LAW GROUP PLLC |
| 2 | By: /s/ Beth E. Terrell |

        Beth E. Terrell, CSB #178181
        Email: bterrell@terrellmarshall.com
        Amanda M. Steiner, CSB #190047
        Email: asteiner@terrellmarshall.com
        Ryan Tack-Hooper
        Email: rtack-hooper@terrellmarshall.com
        Benjamin M. Drachler, *Admitted Pro Hac Vice*
        Email: bdrachler@terrellmarshall.com
        936 North 34th Street, Suite 300
        Seattle, Washington 98103
        Telephone: (206) 816-6603

        Jeffrey A. Koncius, CSB #189803
        Email: koncius@kiesel.law
        Nicole Ramirez, CSB #279017
        Email: ramirez@kiesel.law
        Mahnam Ghorbani, CSB # 345360
        Email: ghorbani@kiesel.law
        Kaitlyn E. Fry, CSB #350768
        Email: fry@kiesel.law
        KIESEL LAW LLP
        8648 Wilshire Boulevard
        Beverly Hills, California 90211-2910
        Telephone: (310) 854-4444

        Andre M. Mura, CSB #298541
        Email: amm@classlawgroup.com
        Hanne Jensen, CSB #336045
        Email: hj@classlawgroup.com
        Delaney Brooks, CSB #348125
        Email: db@classlawgroup.com
        GIBBS MURA LLP
        1111 Broadway, Suite 2100
        Oakland, California 94607
        Telephone: (510) 350-9700

*Attorneys for Plaintiffs*

7

Plaintiffs' Motion For Relief From Nondispositive Pretrial Order Of Magistrate Judge At Dkt. 969
Case No. 3:22-Cv-3580-WHO (VKD)