Proposed Redacted Version of the
Declaration of Jason 'Jay' Barnes
(Dkt. No. 980-4)

Jason 'Jay' Barnes, *Admitted Pro Hac Vice*
Email: jaybarnes@simmonsfirm.com
SIMMONS HANLY CONROY LLC
112 Madison Avenue, 7th Floor
New York, New York 10016
Telephone: (212) 784-6400
Facsimile: (212) 213-5949

Geoffrey Graber, CSB #211547
Email: ggraber@cohenmilstein.com
COHEN MILSTEIN SELLERS
  & TOLL PLLC
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Jeffrey A. Koncius, CSB #189803
Email: koncius@kiesel.law
KIESEL LAW LLP
8648 Wilshire Boulevard
Beverly Hills, California 90211
Telephone: (310) 854-4444
Facsimile: (310) 854-0812

Beth E. Terrell, CSB #178181
Email: bterrell@terrellmarshall.com
TERRELL MARSHALL LAW
  GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 31
9-5450

*Attorneys for Plaintiffs and the Proposed Class*

[*Additional counsel listed on signature page*]

Andre M. Mura, CSB #298541
Email: amm@classlawgroup.com
GIBBS MURA LLP
1111 Broadway, Suite 2100
Oakland, California 94607
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates to:<br><br>All Actions. | Case No. 3:22-cv-3580-WHO (VKD)<br><br>**DECLARATION OF JASON 'JAY' BARNES**<br><br><u>CLASS ACTION</u><br><br>The Honorable William H. Orrick III |

Pursuant to 28 U.S.C. § 1746, I, Jason 'Jay' Barnes, hereby declare under penalty of perjury:

1. I am a partner in the law firm of Simmons Hanly Conroy, LLP and have been appointed as Interim Co-Lead Counsel for the Putative Class in this action. I have personal knowledge of the matters stated herein, and they are true and correct to the best of my knowledge.

2. On February 9, 2023, Plaintiffs served their First Requests for Production of Documents, to which Meta responded on March 13, 2023. Several of the RFPs sought documents relating to Meta's use of at-issue health information, without any limitation to "advertising" uses. In its response, Meta did not object that the case was limited to "advertising" uses of at-issue data. I have attached Meta's responses as **Exhibit 1**, and include below three relevant portions:

| # | Request for Production | Meta's Response |
|---|---|---|
| 31 | Source code, including revisions, relating to the Meta Pixel, including how Meta stores and uses data collected by the Pixel. | "Meta agrees to meet and confer with Plaintiffs about this overly broad Request." (NOTE: Meta eventually produced all source code without limitation to "advertising" use.) |
| 37 | Documents regarding Meta's use, disclosure, or sale of data collected through Meta Pixel. | "Meta will conduct a reasonable search for, and produce, responsive, non-privileged documents sufficient to show Meta's use, disclosures, or sale of data received rom Web-Properties via the Meta Pixel[.]" |
| 38 | Documents regarding Meta's policies and practices for the analysis and use of data and information collected through the Meta Pixel. | "Meta will conduct a reasonable search for, and produce, responsive, non-privileged documents sufficient to show Meta's policies and practices for analysis and use of data and information provided via the Meta Pixel[.]" |

3. On May 17, 2023, Plaintiffs moved to compel production by May 30, 2023 of "documents sufficient to identify the databases, logs, or other electronic sources where Meta receives, re-directs, or stores event-level and/or derived data collected through and associated with the Meta Pixel for Medical Provider Web-Properties, including those listed in Exhibit A," and "to

identify and describe each of the fields" in those sources. Dkt. 247. Plaintiffs explained that "[t]he requested documents are foundational documents that will inform Plaintiffs' discovery." *Id.* Plaintiffs' requests were not limited to advertising-related sources, and the motion noted that "on May 4, 2023, Meta agreed to produce documents responsive to [these requests]." Meta did not lodge any "advertising use" only objection.

4.    At the hearing on May 23, 2023, Plaintiffs noted that discovery into data sources to explore data uses was a "foundational discovery dispute[] … getting in the way of making progress on moving forward … because they're so foundational to … what the relevant data sources are. … [T]he reason we think it's so important … is so that we can meet Judge Orrick's expectations with respect to schedule." May 23, 2023 Hearing Tr. at 110:12-111:1. Relevant portions of the transcript are attached as **Exhibit 2**.

5.    On June 13, 2023, the Court granted the motion, ordering production by June 30, 2023, and not placing any "advertising use-only" limit on such discovery. Dkt. 275.

6.    On October 3, 2023, after Meta failed to produce the documents ordered, Plaintiffs moved to compel again—and for sanctions for failure to comply with Dkt. 275. Dkt. 323. Plaintiffs motion made no "advertising-use only" limitations. The motion explained Plaintiffs' position that the documents sought were "critical" to "learn key information about exactly how Meta uses the at-issue data, an issue relevant to Meta's knowledge, intent, damages, and class certification." *Id.* at 3. Plaintiffs also attached an expert declaration explaining that the discovery sought was necessary to determine "whether and how Meta uses the at-issue data" and placed no "advertising-only" limitations on such discovery. Dkt. 323-2. On November 11, 2023, at the hearing on the motion, the word advertising was never mentioned. On November 13, 2023, the Court found that Meta had "not completed its production of documents responsive to RFPs 6 and 7" and ordered it to "complete its production … by December 11, 2023." Dkt. 380. The Court's order did not limit discovery to "advertising-only" uses.

7.    From December 11, 2023 to early March 2024, the parties exchanged letters and held several meetings that were set to culminate with a final lead counsel conference on March 13,

2024. At the meeting, Meta announced, for the first time, that it would seek a protective order to prohibit further discovery into the databases with evidence of its data use—and that it would send its half of a joint letter brief the same day. On March 21, 2024, Meta unilaterally filed a motion for protective order. Dkt. 434. On March 22, 2024, the Court ordered Plaintiffs to file a response by close-of-business the same day and further ruled that "[n]o party may file any further discovery disputes until after the April 9 hearing." Dkt. 436. Meta's motion did not raise concerns about advertising vs. non-advertising use.

   8.    On July 1, 2024, the first date they were permitted to do so, Plaintiffs filed a third motion to compel production of the documents requested in RFPs 6-7. Dkt. 527-8. The opening sentence of the motion explained, "How Meta uses health data is key to this case." *Id.* After stating that the motion was about Meta's use of health data, Plaintiffs did not mention ads and advertising. In support, Plaintiffs attached an expert declaration from Dr. Zubair Shafiq, who stated that the discovery sought was critical not only to understand how Meta directly monetizes that at-issue data through advertising … but also how Meta uses or monetizes the information in other ways – such as to personalize non-ad content on Facebook (e.g. Facebook Feed [also known as News Feed]), train machine learning models, generate analytics for itself or its customers, or conduct experiments (known as A/B tests) to improve products." Dkt. 527-4. Dr. Shafiq specifically stated that Meta "seems to use Pixel data ███████████████████ *Id.* ¶ 17, citing PIXEL_HEALTH000361551. At the hearing, Plaintiffs expressly stated that they were seeking discovery beyond advertising uses:

```
 6        MR. BARNES:  I think you got it exactly right with
 7   the caveat that in addition to advertising uses, Meta makes
 8   other uses of the information.
 9        THE COURT:  Sure.
10        MR. BARNES:  So, we're trying to figure out the
11   data flow for the other uses, but --
12        THE COURT:  Yeah.
13        MR. BARNES:  -- you're correct that --
14        THE COURT:  Okay.
15        MR. BARNES:  That's what we're -- that's why we're
16   interested in this.
```

1

2

3                    Aug. 21, 2024 Hearing Tr. at 6:6-16

4       9.     The Court granted the Plaintiffs' motion by setting up a protocol for the Plaintiffs

5   to obtain the documents responsive to RFPs 6-7 and placed no "advertising-only" limitation on

6   it.

7       10.    Plaintiffs have also already obtained discovery from Meta about non-advertising

8   uses:

9           a.   In PIXEL_HEALTH000621806, dated Nov. 21, 2017, Meta engineers

10               describe use of ████████ that Meta "collect[s] from "offsite sources

11               (websites, apps, offline)" for ████████████ explaining

12               that, ████████████████████████████████

13               ████████████████████████████████████

14               ████████████████ The document goes on to state, "We will

15               ████████████████████████████████████

16               ████████████ and, as partial justification, ████████████

17               ████████████████████████

18

19

20

21

22

23

24

25

26

27

28

b. In PIXEL_HEALTH000825042, dated March 14, 2019, Meta produced an easy-to-understand data flow chart illustrating how Meta ingests Pixel and App event data, processes it "features & ███████ and then uses it

███████████████████████████████████████████████████

c. A former high ranking Meta employee named Graham Mudd testified that offsite data was ███████████████████████████ ███████████████████████████████ Mudd Dep. at 138:6-139:4.

11.     Following up on one way that Plaintiffs had learned Meta may use the at-issue data outside of advertising, Plaintiffs' Tenth Set of Requests for Production at Request No. 290 asked for documents concerning how user features derived from ███████████████ are used to determine what is displayed in a user's Facebook NewsFeed. On December 16, 2024, for the first time, Meta objected to that discovery as being unrelated to the claims or technologies at issue in this action.

12.     Neither I nor my co-counsel recall, nor have we discovered through search of the parties voluminous correspondence, any earlier objection to production of documents concerning non-advertising uses.

13.     At Meta's request and the Court's order, Plaintiffs served their Rule 30(b)(6) notice on Meta on January 24, 2025, which contained the underlying requests. The Court ordered that any briefing should be complete by March 11, 2025. Throughout February 2025, Plaintiffs held several conferences with Meta discussing the requested topics and repeatedly requested that Meta serve its formal objections in sufficient time to brief any issues in an orderly fashion.

14.     On March 10, 2025, Meta served its formal objections—including that the case was limited to advertising use.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 21st day of April, 2025.


By: /s/  *Jay Barnes*
Jason 'Jay' Barnes

EXHIBIT 1

GIBSON, DUNN & CRUTCHER LLP
LAUREN R. GOLDMAN (*admitted pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*admitted pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone     (415) 393-4622
Facsimile     (415) 801-7389

ANDREW M. KASABIAN, SBN 313210
333 South Grand Avenue
Los Angeles, CA 90071 USA
Telephone     (213) 229-7311
Facsimile     (213) 229-6311
akasabian@gibsondunn.com

COOLEY LLP
MICHAEL G. RHODES, SBN 116127
rhodesmg@cooley.com
KYLE C. WONG, SBN 224021
kwong@cooley.com
CAROLINE A. LEBEL, SBN 340067
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   (415) 693-2000
Facsimile:    (415) 693-2222

*Attorneys for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION | Case No. 3:22-cv-03580-WHO |
| | CLASS ACTION |
| This Document Relates To: | **DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION TO DEFENDANT META PLATFORMS, INC., SET ONE** |
| All Actions | |

**PROPOUNDING PARTY:  PLAINTIFFS**

**RESPONDING PARTY:    META PLATFORMS, INC.**

**SET NO.:      ONE**

Gibson, Dunn & Crutcher LLP

1  confidentiality and source code provisions are entered in the case.

2         Subject to and without waiving the foregoing objections, and subject to the ongoing

3  nature of discovery in this action, Meta responds as follows:  Meta agrees to meet and confer

4  with Plaintiffs about this overly broad Request.  Meta reserves the right to supplement its

5  objections and response to this Request.

6  **REQUEST FOR PRODUCTION NO. 31:**

7         Source code, including revisions, relating to the Meta Pixel, including how Meta stores and

8  uses data collected by the Meta Pixel.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

10        Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

11 Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

12 forth in this Response.  Meta further objects to this Request on the following additional grounds:

13        (A)    Meta objects to this Request to the extent it is duplicative of other Requests

14 herein, and incorporates its responses and objections to those Requests as if fully set forth

15 herein.

16        (B)    Meta objects to this request as vague and ambiguous as to its use of the term

17 "source code."  For the purposes of responding to this Request, Meta will construe the term

18 "source code" in accordance with the definition of "Source Code" as defined in the Protective

19 Order to be entered in this action.

20        (C)    Meta objects to this Request as seeking information that is irrelevant to the

21 claims in, or defenses to, this action and disproportionate to the needs of the case, including

22 that the Request seeks source code and revisions unlimited as to time or scope.

23        (D)    Meta objects to this Request to the extent it calls for the production of

24 confidential, proprietary, or trade secret information and will not produce any such documents

25 implicating confidential, proprietary, or trade secret information in this case until a protective

26 order or other protocol containing sufficient protections is entered in this case.  Meta objects

27 to producing or providing information relating to any non-public source code, and/or

28 producing or making available for inspection non-public source code itself in original or

Gibson, Dunn &
Crutcher LLP

41

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

native format (or otherwise), until sufficient protections containing appropriately tailored confidentiality and source code provisions are entered in the case.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta agrees to meet and confer with Plaintiffs about this overly broad Request.  Meta reserves the right to supplement its objections and response to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents Regarding the creation of the Filter and subsequent modifications to the Filter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)    Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

(B)    Meta objects to this Request as vague and ambiguous as to its use of the terms "creation" and "subsequent modifications."

(C)    Meta objects to this Request as being overbroad and unduly burdensome in that it seeks "[a]ll Documents Regarding" the creation and modification of the Filter, irrespective of whether or not that data has any relation to the claims in this case.  Meta further objects to this Request on the grounds that the Documents it seeks are unlimited in time, scope, or otherwise.

(D)    Meta objects to this Request to the extent it calls for the production of confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.  Meta objects to producing or providing information relating to any non-public source code, and/or producing or making available for inspection non-public source code itself in original or

confidential, proprietary, or trade secret information and will not produce any such documents implicating confidential, proprietary, or trade secret information in this case until a protective order or other protocol containing sufficient protections is entered in this case.

(G)    Meta objects to this Request to the extent it seeks information that is confidential and/or subject to or otherwise protected from disclosure by a claim of privilege, including, without limitation, the attorney-client privilege and/or the attorney work product doctrine

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and produce, responsive, non-privileged documents sufficient to show Meta's policies Regarding collection and storage of Facebook Users' data Meta received through the Meta Pixel during the Relevant Time Period, to the extent such documents exist, are reasonably accessible, and are within Meta's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 37:**

Documents Regarding Meta's use, disclosure, or sale of data collected through the Meta Pixel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response.  Meta further objects to this Request on the following additional grounds:

(A)    Meta objects to this Request to the extent it is duplicative of other Requests herein, and incorporates its responses and objections to those Requests as if fully set forth herein.

(B)    Meta objects to this Request as vague and ambiguous with respect to its use of the undefined terms "use, disclosure, and sale of data," and "data collected."

(C)    Meta objects to this Request as overbroad and unduly burdensome in that it is unlimited in time, scope, or otherwise.

(D)    Meta objects to this Request as seeking information that is irrelevant to the

Gibson, Dunn &
Crutcher LLP

47

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

1   claims in, or defenses to, this action and disproportionate to the needs of the case, including

2   that the Request seeks information unlimited in time.  In addition, the Request seeks

3   information "Regarding Meta's use, disclosure, or sale of data collected through the Meta

4   Pixel," irrespective of whether those activities or the data received from Web-Properties are

5   related to the subject matter of this litigation.

6           (E)     Meta objects to this Request as requesting documents equally or more readily

7   obtainable from other sources, and/or that are publicly available.

8           (F)     Meta objects to this Request to the extent it calls for the production of

9   confidential, proprietary, or trade secret information and will not produce any such documents

10  implicating confidential, proprietary, or trade secret information in this case until a protective

11  order or other protocol containing sufficient protections is entered in this case.

12          Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

13  discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and

14  produce, responsive, non-privileged documents sufficient to show Meta's use, disclosure, or sale of

15  data received from Web-Properties via the Meta Pixel during the Relevant Time Period, to the extent

16  such documents exist, are reasonably accessible, and are within Meta's possession, custody, or

17  control.

18  **REQUEST FOR PRODUCTION NO. 38:**

19          Documents Regarding Meta's policies and practices for the analysis and use of data and

20  information collected through the Meta Pixel.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

22          Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

23  Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

24  forth in this Response.  Meta further objects to this Request on the following additional grounds:

25          (A)     Meta objects to this Request to the extent it is duplicative of other Requests

26  herein, and incorporates its responses and objections to those Requests as if fully set forth

27  herein.

28          (B)     Meta objects to this Request on the grounds that it fails to describe the

1    documents sought with reasonable particularity given its use of the vague and undefined terms

2    "policies," "practices," "collected through," and "analysis and use of data and information"

3    and, depending on how those terms are defined, seeks information not relevant to Plaintiff's

4    claims.  It is further unclear what is meant by the phrase "analysis and use of data and

5    information."  It is unclear what documents are contemplated by this phrase or what

6    "[d]ocuments Regarding Meta's policies and practices for the analysis and use of data" are

7    intended to encompass.

8         (C)    Meta objects to this Request as overbroad and unduly burdensome in that it is

9    unlimited in time, scope, or otherwise.

10        (D)    Meta objects to this Request as requesting documents equally or more readily

11   obtainable from other sources, and/or that are publicly available.

12        (E)    Meta objects to this Request to the extent it calls for the production of

13   confidential, proprietary, or trade secret information and will not produce any such documents

14   implicating confidential, proprietary, or trade secret information in this case until a protective

15   order or other protocol containing sufficient protections is entered in this case.

16        Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

17   discovery in this action, Meta responds as follows:  Meta will conduct a reasonable search for, and

18   produce, responsive, non-privileged documents sufficient to show Meta's policies and practices for

19   the analysis and use of data and information provided via the Meta Pixel during the Relevant Time

20   Period, to the extent such documents exist, are reasonably accessible, and are within Meta's

21   possession, custody, or control.

22   **REQUEST FOR PRODUCTION NO. 39:**

23        Documents Regarding the technical process, timing, directions, commands, and flow of how

24   data is transmitted, collected, stored, and re-directed when a user participates in an Internet

25   communication on a web-property that includes Facebook Pixel source code, Including:

26   a.   The data flow from a user's device to Meta;

27   b.   All elements or components of user information that flows through the Pixel to Meta;

28   c.   The data flow of a user's information within Meta's internal systems;

Gibson, Dunn &
Crutcher LLP

49

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

1    (B)    Meta objects to this Request to the extent it seeks documents protected by the

2    attorney-client privilege, work product doctrine, and/or any other applicable privileges and

3    protections.

4    Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

5    discovery in this action, Meta responds as follows:  Meta agrees to meet and confer with Plaintiffs

6    about this overly broad Request.  Meta reserves the right to supplement its objections and response to

7    this Request.

8

9    DATED:  March 13, 2023                    GIBSON, DUNN & CRUTCHER LLP

10                                              By: /s/ *Lauren R. Goldman*
                                                    Lauren R. Goldman (*pro hac vice*)

11

12                                              *Attorneys for Defendant Meta Platforms, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
REQUESTS FOR PRODUCTION, SET ONE – CASE NO. 3:22-CV-3580-WHO

EXHIBIT 2

1                UNITED STATES DISTRICT COURT

2                NORTHERN DISTRICT OF CALIFORNIA

3    Before The Honorable Virginia K. DeMarchi, Magistrate Judge

4

5    GERSHZON,                      )
                                    )
6             Plaintiff,            )
                                    )
7    vs.                            )   No. C 23-00083-SI
                                    )
8    META PLATFORMS, INC.,          )
                                    )
9             Defendant.            )
     _____)
10                                  )
     In Re:                         )   No. C 22-03580-SI
11                                  )
     Meta Pixel Healthcare          )
12   Litigation                     )
                                    )
13   _____)
     In Re:                         )   No. C 22-07557-SI
14                                  )
     Meta Pixel Tax Filing          )
15   Litigation                     )
     _____)
16
                                    San Jose, California
17                                  Tuesday, May 23, 2023

18    TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
          RECORDING 11:00 - 1:25 = 2 HOURS & 25 MINUTES
19

20   APPEARANCES:

21   For Healthcare Plaintiffs:
                                    Simmons Hanley Conroy
22                                  112 Madison Avenue, 7th Floor
                                    New York, New York 10016
23                           BY:    JASON BARNES, ESQ.

24

25           (APPEARANCES CONTINUED ON NEXT PAGE)

```
                                                              2
 1  APPEARANCES:  (Cont'd.)

 2  For Healthcare Plaintiffs:
                            Cohen, Milstein, Sellers &
 3                            Toll, PLLC
                            1100 New York Avenue NW
 4                          Suite 500
                            West Tower
 5                          Washington, D.C. 20005
                        BY: GEOFFREY AARON GRABER, ESQ.
 6
                            Cohen, Milstein, Sellers &
 7                            Toll, PLLC
                            88 Pine Street, 14th Floor
 8                          New York, New York 10005
                        BY: ERIC KAFKA, ESQ.
 9
                        BY: NICOLE RAMIREZ, ESQ.
10
    For Tax Plaintiffs:
11                          George Feldman McDonald
                            102 Half Moon Bay Drive
12                          Croton-on-Hudson, New York
                              10520
13                      BY: LORI FELDMAN, ESQ.

14                          12333 Sowden Road, Suite B
                            PMB 51811
15                          Houston, Texas 77080
                        BY: MARSHAL J. HODA, ESQ.
16
                            Foster Yarborough
17                          917 Franklin, Suite 220
                            Houston, Texas 77002
18                      BY: PATRICK YARBOUROUGH, ESQ.

19                          Bursor & Fisher, P.A.
                            1990 N California Boulevard
20                          Suite 940
                            Walnut Creek, California
21                            94596
                        BY: NEAL J. DECKANT, ESQ.
22

23

24

25          (APPEARANCES CONTINUED ON NEXT PAGE)
```

3

APPEARANCES:  (Cont'd.)

For DMV Plaintiffs:

                            Lieff Cabraser Heimann & B.
                            275 Battery Street, 29th Floor
                            San Francisco, California
                             94111
                       BY:  MELISSA ANN GARDNER, ESQ.

                            Carney, Bates & Pulliam, PLLC
                            519 W. 7th Street
                            Little Rock, Arizona 72201
                       BY:  ALLEN CARNEY, ESQ.

Transcribed by:             Echo Reporting, Inc.
                            Contracted Court Reporter/
                            Transcriber
                            echoreporting@yahoo.com

4

1  Tuesday, May 23, 2023                              11:00 a.m.

2                      P-R-O-C-E-E-D-I-N-G-S

3                            --oOo--

4       (Call to order of the Court.)

5           THE CLERK:  Calling case -- cases 22-CV-03580, In

6  Re: Meta Pixel Healthcare Litigation, case 22-CV-07557, In

7  Re: Meta Pixel Tux Filing Litigation, and 23-CV-00083,

8  Gershzon versus Meta Platforms, Inc., know as a DMV case.

9       And if parties could state their appearances for the

10 record, please, beginning with Plaintiffs' counsel on each

11 case and then Defense, that would be appreciated.

12      Thank you.

13          THE COURT:  Okay.  Before we do that -- I'm sorry

14 -- are all of you going to be speaking to me today?  If the

15 answer is yes, you can stay.  If not, you can observe from

16 the attendee position.  So, is anyone not going to speak?

17 Please raise your hand in the video.  Oh, great.  Everyone's

18 going to speak.

19      Okay.  Then let's start with counsel for Meta stating

20 their appearances.

21          MS. HARRIS (via Zoom):  Your Honor, Darcy Harris

22 from Gibson and Dunn.  I'm here with my colleague, Elizabeth

23 McCloskey, on behalf of Meta.

24          THE COURT:  Good morning.

25          MS. MCCLOSKEY (via Zoom):  Good morning.

110

1  to Docket 223?

2      (No response.)

3          THE COURT:  No?  Okay.  Well, thank you for that.

4  I don't need a hearing on the other two, at least not right

5  now, and I may actually tell you to go work on those some

6  more or you may be in vehement agreement.  I'm not really

7  sure because I haven't read those as thoroughly.  But I will

8  try to get you answers to the pending motions, 221, 222, and

9  223, as soon as I can.  Okay.

10          MR. BARNES:  Your Honor?

11          THE COURT:  Yes.

12          MR. BARNES:  May I raise -- we had a point earlier

13  where you were talking about scheduling and getting --

14  getting going on data sources and custodians.  I just -- I

15  know your Honor's not going to rule on it today.  You're not

16  going to take argument, but disputes 246 and 247 are really

17  foundational discovery disputes that will -- we find them

18  getting in the way of making progress on -- on moving

19  forward because they're so foundational to who the

20  custodians are going to be and what the relevant data

21  sources are.  And, so, I just want to raise that.  I know

22  we're not going to talk about it, but the reason we think

23  it's so important that the Court consider those and we get

24  those documents sooner rather than later is so that we can

25  meet Judge Orrick's expectations with respect to the

111

1 schedule.

2       THE COURT:  I've just got to tell you all that you

3 all are your own worst enemy at the moment because I have

4 too much to get you immediate answers on everything that you

5 put before me.  You know, there's just no way around it.

6 You -- so, filing five discovery motions within the space of

7 a couple of weeks is just going to bury me.  So, I don't

8 know.  Maybe at some point what I'll need to do is raise

9 with Judge Orrick the necessity of, you know, using a

10 special master or something like that, but I just -- I

11 cannot give you immediate answers to all of these issues.

12 So, you're just going to have to wait, and they're in the

13 queue.  And, no, we're not going to talk about them on the

14 merits right now.

15       MR. BARNES:  Judge, please don't take it as a

16 criticism of you.  I understand that you have a ton of work

17 to --

18       THE COURT:  Yeah.  But, I mean, so, you make the

19 observation, and what can I tell you?  I'll get to it when I

20 get to it.  And, you know, the thing that you can do to help

21 yourselves is try to figure out what do you really need and

22 how can you get there.  What are the paths to resolution

23 that maybe don't get you exactly what you have demanded but

24 what is good enough to make progress in your case, and that

25 goes for both sides, and I would really encourage you as a

112

1  way to be efficient and get things done as quickly as

2  possible pursuing that instead of, you know, filing disputes

3  immediately with me.  And I'm not -- I'm not suggesting that

4  any of these disputes are not meritorious, the three that

5  we've discussed.  I see that you need resolution of these

6  issues.  So, please don't take it the wrong way.  It's just

7  I foresee bad things if the pace of disputes continues as it

8  is.

9       Okay.  All right.  I'm afraid I have to go.  Thank you

10  all very much.  I appreciate the argument.

11          MR. KAFKA:  Thank you so much, your Honor.  Thank

12  you so much.

13       (Proceedings adjourned at 1:25 p.m.)

14

15

16

17

18

19

20

21

22

23

24

25

113

<u>CERTIFICATE OF TRANSCRIBER</u>

    I certify that the foregoing is a true and correct
transcript, to the best of my ability, of the above pages of
the official electronic sound recording provided to me by
the U.S. District Court, Northern District of California, of
the proceedings taken on the date and time previously stated
in the above matter.

    I further certify that I am neither counsel for,
related to, nor employed by any of the parties to the action
in which this hearing was taken; and, further, that I am not
financially nor otherwise interested in the outcome of the
action.



        Echo Reporting, Inc., Transcriber

           Thursday, May 25, 2023