**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:   (212) 351-4000
Facsimile:   (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:   (415) 393-8200
Facsimile:   (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION,<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-03580-WHO (VKD)<br><br>**DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO SEAL PARTS OF THE DEPOSITION TRANSCRIPT OF GRAHAM MUDD**<br><br>Hon. Virginia K. DeMarchi |

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO SEAL PARTS OF THE
DEPOSITION TRANSCRIPT OF GRAHAM MUDD
CASE NO. 3:22-CV-03580-WHO (VKD)

# I. INTRODUCTION

Defendant Meta Platforms, Inc. ("Meta") hereby applies for leave of this Court pursuant to Local Civil Rules 7-11 and 79-5 to seal parts of the Deposition Transcript of Graham Mudd (the "Transcript"), which the Court ordered Meta to file at Dkt. No. 964. This Court and other courts in this District have previously granted administrative motions to seal under Civil Local Rule 79-5 where a party has shown that a document (or portions thereof) is "privileged, protectable as a trade secret or otherwise entitled to protection under the law" and the request is "narrowly tailored to seal only the sealable material." *Singh v. Costco Wholesale Corp.*, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023); *see also, e.g., Jones v. PGA Tour, Inc.*, 2023 WL 2167400, at *2 (N.D. Cal. Feb. 21, 2023); *Arebalo v. Apple, Inc.*, 2022 WL 580865, at *2 (N.D. Cal. Feb. 25, 2022). Meta asks the Court to seal select parts of the Transcript that reveal internal, non-public information regarding strategic issues and analysis by Meta employees and actions taken in connection with those analyses. If this confidential information were revealed, Meta would be placed at a competitive disadvantage in the marketplace. The specific content that Meta seeks to seal, including page and line numbers, where applicable, is identified in the table below.

Meta's request is "narrowly tailored" because it seeks to seal only material that reflects Meta's internal, proprietary, commercially sensitive, and confidential information. The Transcript describes specific confidential business information about strategic issues and analysis and actions taken in connection with those analyses. Decl. of Lauren Goldman in Supp. of Def. Meta Platforms, Inc.'s Administrative Mot. to Seal ("Goldman Decl.") ¶ 2. Public disclosure of this confidential information could place Meta at a competitive disadvantage in the marketplace. *Id*. ¶ 4. Furthermore, the information Meta seeks to seal—details related to the specific innerworkings of Meta's internal processes—does not bear on the merits of plaintiffs' claims and is therefore not necessary to the public's understanding of the case. Accordingly, there is "good cause" to seal the Transcript.

# II. LEGAL STANDARD

The Court has "broad discretion to permit sealing of court documents for, *inter alia*, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *Hadley v. Kellogg Sales Co.*, 2018 WL 7814785, at *1 (N.D. Cal. Sept. 5, 2018) (citing Fed. R. Civ. P.

1  26(c)(1)(G)). What constitutes a sufficient basis to seal a document is "best left to the sound discretion of the trial court," and sufficient grounds include "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).

For a motion to seal documents in connection with a discovery-related submission that is "unrelated, or only tangentially related, to the underlying cause of action," a movant "need only satisfy the less exacting 'good cause' standard." *Ctr. for Auto Safety*, 809 F.3d at 1097. The good cause standard generally applies to discovery-related filings because "discovery is largely 'conducted in private as a matter of modern practice,'" and "the public is not presumed to have a right of access to it." *Ctr. For Auto Safety*, 809 F.3d at 1097 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)); *Skillz Platform Inc. v. AviaGames Inc.*, 2023 WL 6432664, at *1 (N.D. Cal. Oct. 2, 2023) (applying the good cause test to a motion to seal materials in connection with a motion to reopen discovery). To show good cause, a movant must make a "particularized showing," *Kamakana*, 447 F.3d at 1180, that "specific prejudice or harm will result" from disclosure, *Phillips ex rel. Estates of Byrd v Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c).

This Court has already found that good cause exists to seal information similar to that which Meta seeks to seal here. *See, e.g.*, Dkt. Nos. 485, 515.

### III.   ARGUMENT

The Court should seal the select confidential information in the Transcript. The good cause test applies here, because the Transcript relates to the parties' disputes regarding the scope and form of discovery, not the merits. And good cause to seal narrow portions of the Transcript exists for several reasons.

*First*, Meta's sealing request is "narrowly tailored to seek sealing only of sealable material." *Singh*, 2023 WL 4335287, at *1. Meta asks the Court to seal only those parts of the Transcript that reflect proprietary, commercially sensitive, and confidential information about strategic issues and analysis by Meta employees and actions taken in connection with those analyses.

*Second*, competitive harm is likely if Meta's highly confidential information is made public. As the Supreme Court has recognized, the public right of access to court records may be limited when

those records could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. Meta operates in an intensely competitive marketplace and has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage. Goldman Decl. ¶ 4. Disclosure of the information Meta seeks to seal would provide these competitors with unfair insight into Meta's decision-making and strategy, and would reveal how Meta's business operates, "giving competitors an unfair advantage in developing rival products. *In re Koninklijke Philips Pat. Litig.*, No. 18-CV-01885-HSG, 2020 WL 1865294, *2 (N.D. Cal. Apr. 13, 2020) (finding "compelling reasons or good cause" to seal "information related to business operations").

*Third*, courts routinely protect the type of information that Meta seeks to seal here. *See* Dkt. 157 at 3–4 (collecting cases); *Phillips*, 307 F.3d at 1211 (holding "confidential . . . commercial information" was entitled to protection from disclosure); *Ojmar US, LLC v. Sec. People, Inc.*, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (noting protections afforded by courts within the Ninth Circuit are broad and extend to "confidential information regarding [a defendant's] products, services, and business practices"). Indeed, this Court has already found good cause and ordered sealing of information similar to what Meta seeks to seal here. *See, e.g.*, Dkt. Nos. 485, 515.

In conclusion, Meta's request is narrowly tailored to seal only the most sensitive, non-public information contained within the Transcript that does not relate to the merits of the case. Disclosure of this information would place Meta at a competitive disadvantage and is unnecessary to the public's understanding of this case. Under such circumstances, Meta respectfully requests that the Court grant Meta's motion to seal parts of the Transcript. Meta's positions regarding the confidential portions of Transcript are set forth in the table attached as Appendix A.

Dated: April 28, 2025                       **GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Lauren R. Goldman*
     Lauren R. Goldman

*Attorneys for Meta Platforms, Inc.*

# Appendix A

| Portions of Document to Be Sealed | Designating Party | Reason for Sealing |
|---|---|---|
| Parts of page 206, lines 8-10, 17-19; page 207, lines 4-6; page 211, lines 6-7; page 212, lines 1, 16-18, 20-22; page 213, lines 1-2, 7; page 219, lines 20-25; page 220, lines 1-4; page 222, lines 4-7; page 229, lines 10-11, 21-22; page 230, lines 21-22; page 232, lines 2-5, 17, page 233, line 25; page 241, lines 4-8, 25; page 242, lines 1-4, 22-25; page 247, lines 7, 15-20, 23; page 248 lines 5-8, 13-14, 18-25; page 249, lines 14-16, 19-21, 24-25; page 250, lines 1, 19-22; page 251, lines 17-19, 24-25; page 252, lines 3, 7-10, 14-15. | Meta | This text should be redacted because it describes specific, sensitive internal, non-public information regarding strategic issues and analysis by Meta employees and actions taken in connection with those analyses that could cause competitive harm to Meta if not maintained under seal. The Court has previously ordered this type of information to be sealed. *See* Dkt. Nos. 485, 515. |

DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO SEAL PARTS OF THE DEPOSITION TRANSCRIPT OF GRAHAM MUDD
CASE NO. 3:22-CV-03580-WHO (VKD)