1  **GIBSON, DUNN & CRUTCHER LLP**
   LAUREN R. GOLDMAN (*pro hac vice*)
2  lgoldman@gibsondunn.com
   DARCY C. HARRIS (*pro hac vice*)
3  dharris@gibsondunn.com
   200 Park Avenue
4  New York, NY 10166
   Telephone:    (212) 351-4000
5  Facsimile:    (212) 351-4035

6  ELIZABETH K. MCCLOSKEY, SBN 268184
   emccloskey@gibsondunn.com
7  ABIGAIL A. BARRERA, SBN 301746
   abarrera@gibsondunn.com
8  One Embarcadero Center, Suite 2600
   San Francisco, CA 94111
9  Telephone:    (415) 393-8200
   Facsimile:    (415) 393-8306

10

11 *Attorneys for Defendant Meta Platforms, Inc.*

12

13           **UNITED STATES DISTRICT COURT**

14          **NORTHERN DISTRICT OF CALIFORNIA**

15             **SAN FRANCISCO DIVISION**

16

17 IN RE META PIXEL HEALTHCARE        | Case No. 3:22-cv-03580-WHO (VKD)
   LITIGATION,

18 _____       **DECLARATION OF LAUREN R.
                                        GOLDMAN IN SUPPORT OF DEFENDANT
19                                      META PLATFORMS, INC.'S
   This Document Relates To:           ADMINISTRATIVE MOTION TO SEAL
20                                      PARTS OF THE DEPOSITION
   All Actions                         TRANSCRIPT OF GRAHAM MUDD**

21                                      Hon. Virginia K. DeMarchi

22

23

24

25

26

27

28

I, Lauren R. Goldman, state and declare as follows:

1.      I am an attorney licensed to practice in the State of New York.  I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in these actions.  I am admitted *pro hac vice* to practice before this Court.  I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1]  I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2.      I submit this declaration under Local Rule 79-5(c)(2) in support of Meta's Administrative Motion to Seal.  Specifically, Meta seeks to seal select, narrowly tailored portions of the Deposition Transcript of Graham Mudd (the "Transcript"), which the Court ordered Meta to file at Dkt. No. 964 that contain specific, non-public information regarding strategic issues and analysis by Meta employees and actions taken in connection with those analyses.

3.      As the Supreme Court has recognized, the public right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also* Dkt. No. 157 at 3 (Judge Orrick in this case confirming that "competitive harm is a compelling reason to seal").  Meta is likely to suffer harm if information about business analyses is made public.  The less stringent "good cause" standard is clearly met here because the disclosure of proprietary information regarding strategic issues and analyses by Meta employees and actions taken in connection with those analyses could cause Meta competitive harm.

4.      Meta operates in an intensely competitive marketplace, so it has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage.  Meta takes care to protect the confidentiality of its proprietary information.

---

[1]  This Court and others in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5.  *See, e.g.*, Dkt. Nos. 340, 350-1, 372, 486, 504, 509, 515; *see also Avago Techs. Fiber IP (Singapore) PTE. Ltd., et al. v. IPtronics Inc., et al.*, No. 5:10-cv-02863-EJD, Dkt Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., et. al. v. OpenTV Inc., et al.*, No. 5:13-00282-EJD, Dkt. Nos. 76, 82 (N.D. Cal. Oct. 8, 2013).  I am personally familiar with Meta's practices of safeguarding proprietary information, including based on my experience representing Meta for many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting sealing.

Disclosure of the information Meta seeks to seal would provide competitors with the opportunity to use Meta's information for their own gains at Meta's expense. These confidential analyses and strategic processes provide Meta with an edge over competitors by allowing it to develop and deliver a higher quality service to users and advertisers. Meta will lose this advantage if competitors become privy to its proprietary information.

5.      In accordance with Local Rule 79-5(d), attached hereto is an unredacted version of the document for which sealing is sought, as set forth in the following table:

| Portions of Document to Be Sealed | Designating Party | Reason for Sealing |
|---|---|---|
| Parts of page 206, lines 8-10, 17-19; page 207, lines 4-6; page 211, lines 6-7; page 212, lines 1, 16-18, 20-22; page 213, lines 1-2, 7; page 219, lines 20-25; page 220, lines 1-4; page 222, lines 4-7; page 229, lines 10-11, 21-22; page 230, lines 21-22; page 232, lines 2-5, 17, page 233, line 25; page 241, lines 4-8, 25; page 242, lines 1-4, 22-25; page 247, lines 7, 15-20, 23; page 248 lines 5-8, 13-14, 18-25; page 249, lines 14-16, 19-21, 24-25; page 250, lines 1, 19-22; page 251, lines 17-19, 24-25; page 252, lines 3, 7-10, 14-15. | Meta | This text should be redacted because it describes specific, sensitive, non-public information regarding strategic issues and analysis by Meta employees and actions taken in connection with those analyses that could cause competitive harm to Meta if not maintained under seal. The Court has previously ordered this type of information to be sealed. *See* Dkt. Nos. 485, 515. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 28th day of April 2024 in New York, New York.

*/s/ Lauren R. Goldman*
Lauren R. Goldman

-2-