**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE META PIXEL HEALTHCARE LITIGATION

This Document Relates To:

All Actions

Case No. 3:22-cv-3580-WHO

**DEFENDANT META PLATFORMS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER**

Date Action Filed: June 17, 2022
Honorable William H. Orrick

Date: April 29, 2025
Time: 2:00 p.m.
Courtroom: 2, 17th Floor

## INTRODUCTION

Judge DeMarchi correctly limited plaintiffs' broad request for 30(b)(6) testimony on Meta's alleged use of the data at issue in this litigation for purposes other than advertising. *See* Dkt. 969 at 5–6 ("Order"). The Order properly found that the proposed topic—*i.e.*, "Meta's use of the data at issue for non-advertising purposes"—was beyond the scope of this case because plaintiffs' operative complaint challenges Meta's alleged use of sensitive health information for *advertising purposes only*. *Id.* As Judge DeMarchi pointed out, none of the multiple iterations of plaintiffs' complaint over the last three years has alleged that Meta improperly used the data at issue for any non-advertising purpose—or even mention any of the tools or services that plaintiffs now claim to be at issue. *Id.* Plaintiffs fail to demonstrate that Judge DeMarchi's Order was "clearly erroneous" or "contrary to law," Fed. R. Civ. P. 72(a), and there is no basis for this Court to indulge plaintiffs' eleventh-hour attempt to expand 30(b)(6) deposition testimony.

## BACKGROUND

### A. Plaintiffs Improperly Seek to Expand the Scope of the Case.

Judge DeMarchi properly rejected plaintiffs' attempt to expand the scope of this litigation by seeking discovery that is not connected to their claims. Plaintiffs seek 30(b)(6) deposition testimony concerning the unalleged use of data in tools or services that are not at issue in this case: NewsFeed, Facebook Marketplace, Instagram, WhatsApp, "friend suggestions," "other purposes," and "any other purpose for which Meta uses such data." *See* Dkt. 929 at 14. But plaintiffs' operative complaint does not address any of these tools or services (nor did any of their prior complaints). In fact, these are all unrelated to Meta's challenged Pixel technology—which advertisers incorporate onto their websites—as they involve tools used on *Meta's* own services like Facebook (*i.e.*, NewsFeed, Marketplace, "friend suggestions"), involve separate services entirely (*i.e.*, Instagram, WhatsApp), or are far too vague to reasonably prepare a witness on ("other purposes," "any other purpose for which Meta uses such data").

When plaintiffs explicitly requested in November 2024 discovery related to non-advertising uses on NewsFeed, Meta immediately and properly objected. When plaintiffs then attempted to expand discovery after the substantial completion deadline through their noticed 30(b)(6) topics served on January 20 and January 24, 2025, Meta again properly objected. The parties raised the issue with Judge

DeMarchi, who is well versed in the discovery of this case, via joint discovery dispute letter on March 24, 2025. And Judge DeMarchi correctly found: "Plaintiffs' argument that such broad deposition discovery is warranted because it is independently actionable or because it is relevant to 'multiple key issues,' [] is not persuasive[.]" Dkt. 969 at 5. Judge DeMarchi ultimately denied plaintiffs' improper attempt to expand discovery and limited 30(b)(6) deposition questioning to "the use of the at issue data . . . in advertising to users, but *not* its use in NewsFeed, Facebook Marketplace, Instagram, WhatsApp, 'friends suggestions,' or for 'any other purpose.'" Dkt. 969 at 6.

**B. Meta Timely Objected To Plaintiffs' Improper Attempts To Expand Discovery To Include Non-Advertising Tools And Services.**

Plaintiffs disingenuously assert that "Meta never sought to restrict discovery about use to advertising." Br. 2. But the record paints a different picture. Across more than 300 Requests for Production, 44 Requests for Admission, 23 multi-part Interrogatories, and 9 Requests for Inspection served over 25 months, there is *only one* substantive reference to any tools or services plaintiffs now seek to improperly sweep within the bounds of discovery. *See* Declaration of Darcy Harris (Harris Decl.) ¶ 2. This reference—to NewsFeed—was in RFP 290, which plaintiffs served on November 11, 2024—approximately 21 months after the first set of requests for production were served. Harris Decl. ¶ 3. Meta timely objected and did not agree to produce the requested documents as they related to NewsFeed. Harris Decl. ¶ 3. The Order thus correctly found that plaintiffs' "suggestion that they have been seeking this discovery all along is disingenuous." Dkt. 969 at 6.

Plaintiffs incorrectly assert that Meta's responses to certain requests or excerpts of the Court's responses during discovery conferences establish implicit agreement to expand discovery because the responses lacked a textual limitation to "advertising." *See* Declaration of Jay (Barnes Decl.) ¶¶ 2-11. This is backwards. No such limitation would be expected where no such claim was at issue. For example, plaintiffs point to three RFPs served in February 2023 that Meta responded to without adding a textual limitation stating that it was limited to health advertising only. Barnes Decl. ¶ 2. But Meta's responses to these RFPs, which agreed to search for "responsive" information, were made in the context of the then-operative complaint that, as the Court noted, did not address uses of data other than advertising. Judge DeMarchi's Order correctly concluded that "[w]hile plaintiffs cite several passages in the

operative complaint that refer to 'uses' of plaintiffs' confidential health information generally, it is simply not plausible to read the operative complaint as challenging Meta's use of confidential health information for any purpose other than advertising." Dkt. 969 at 5. If plaintiffs *did* believe their claims encompassed non-advertising uses of the at issue data, then they would have included allegations to that effect in the October 2023 amended pleading they filed *after* the February 2023 discovery requests and the May 2023 motion to compel on which plaintiffs now rely to try to expand their claims. But plaintiffs did not do so because their case was directed to use of the data in advertising.

Plaintiffs further describe certain documents produced in discovery that they assert include information regarding the use of data received via the Business Tools for non-health advertising purposes. *See* Barnes Decl. ¶ 10; Harris Decl. ¶ 4. But each of these documents was produced because it included, among other things, content responsive to plaintiffs' allegations regarding use(s) of data received via the Business Tools for health advertising purposes. Harris Decl. ¶ 4; *see* Dkt. 969 at 5–6. Meta did not withhold responsive documents on the basis that they also included material that was not responsive—nor would the ESI Protocol have permitted Meta to do so. Harris Decl. ¶ 4.

## ARGUMENT

A magistrate judge's decision may be reversed only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "Under the 'clearly erroneous' standard, the lower court's ruling must be accepted unless, after reviewing the entire record, this Court is left with the definite and firm conviction that a mistake has been committed." *Boskoff v. Yano*, 217 F.Supp.2d 1077, 1083 (D. Haw. 2001).

### A. Judge DeMarchi Correctly Decided That Meta's Use Of The Data For Any Purpose Other Than Advertising Is Not Relevant And Proportional To This Case.

The allegations in a complaint generally dictate what evidence is discoverable. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000). And Rule 30(b)(6) is clear that a "deposition must be directed to non-privileged *matter that is relevant to a claim or defense* and that is proportional to the needs of the case." *Johnson v. City of San Jose*, 2023 WL 3687968, at *1 (N.D. Cal. May 25, 2023). Plaintiffs' operative complaint thus guides the parties' discovery and the inquiry here.

First, Meta's non-advertising uses of data is irrelevant to plaintiffs' claims. As the Order correctly found, plaintiffs' allegations challenge only Meta's alleged use of plaintiffs' sensitive health

information for *healthcare advertising* purposes. Dkt. 969 at 5. For example, plaintiffs allege that "Meta collects the transmitted identifiable health information and uses 'cookies' to match it to Facebook users, allowing its healthcare Partners and others to *target advertisements* both on and off Facebook." Dkt. 334-3, ¶ 13 (emphasis added); *see also id.* ¶¶ 4, 7, 13, 91, 140, 184, 204, 212–225, 280, 284, 291, 292–318, 347–351, 431, 432, 433, 435. Plaintiffs even provide headings emphasizing the focus on advertising. In one they state: "Meta's Collection Tools redirect patients' data from healthcare provider and covered entity websites and applications to use *for ad targeting*." Dkt. No. 334-3 at 21 (emphasis added). In another they state: "Meta has acknowledged that *targeted health advertising* is not appropriate[.]" Dkt. 334-3 at 16 (emphasis added). As the Order emphasized, the proceedings leading up to the parties' deposition preparation underscore this understanding of plaintiffs' claims. *See* Dkt. 969 at 5–6; *see also* Dkt. 316 at 2; Dkt. 159 at 2, 3, 4–5, 21. Plaintiffs fail to meet their burden to show that Judge DeMarchi clearly erred in finding that use of their healthcare data for a purpose other than advertising is irrelevant. *See* Fed. R. Civ. P. 72(a); Dkt. 969 at 6.

Second, Meta's non-advertising uses of data are irrelevant to its defenses. *See* Br. 5. For example, if plaintiffs seek to show that Meta exceeded the scope of plaintiffs' consent, they can do so with the substantial discovery and testimony they have and will receive on Meta's purported use of data for healthcare advertising purposes. That suffices and falls squarely within the scope of this case. Their reliance on *Theofel v. Farey-Jones* is inapposite, as that case found that consent cannot serve as a defense where it was obtained "by exploiting a known mistake that relates to the essential nature of [the defendant's] access." 359 F.3d 1066, 1073 (9th Cir. 2004). Plaintiffs offer no support for their hypothetical that Meta may have exploited their consent. They also offer no support for any of their other hypotheticals related to Meta's other defenses. *See* Br. at 1–2. In any event, to entertain hypotheticals about the myriad ways that information irrelevant to their claims has potential to be useful at some later stage misses the point. Plaintiffs have never alleged claims regarding use of their data for non-advertising purposes, and they had not sought any evidence related to those alleged uses until November 2024; they should not be able to do so now.

Third, any non-advertising uses of data are disproportionate to the needs of the case. To expand 30(b)(6) deposition testimony to include Meta's purported use of data for non-advertising purposes

would disproportionately expand 30(b)(6) deposition testimony to include topics beyond the scope of plaintiffs' claims. *See* Fed. R. Civ. P. 72(a). Meta, moreover, would be unduly burdened in having to prepare witnesses to testify on non-advertising uses of data across such broad-ranging tools and services across the company. Plaintiffs thus fail to meet their burden to show that Judge DeMarchi clearly erred in finding that non-advertising use of data is disproportionate to the needs of this case. *See* Fed. R. Civ. P. 72(a); Dkt. 969 at 6.

Finally, plaintiffs' reliance on *In re Facebook, Inc. Consumer Privacy User Profile Litigation* is misplaced. There, in a case with extensive and complicated discovery that took place during the throes of the Covid lockdown, the trial court primarily took issue with very case-specific interpretations of prior orders issued by a Magistrate (who had actually made findings of good faith) and with privilege assertions that had been upheld in prior cases. 655 F.Supp.3d 899, 934 (N.D. Cal. 2023). None of those findings or facts are at issue here. Here, plaintiffs seek to improperly expand the scope of 30(b)(6) deposition testimony to topics that are not alleged in their complaint and have not been the focus of discovery at any point over the last two-plus years. For all these reasons, the Order properly limited 30(b)(6) deposition testimony to the use of at issue data in advertising. Dkt. 969 at 6.

### B. Judge DeMarchi's Findings Were Not Clearly Erroneous.

Despite plaintiffs' arguments to the contrary, Judge DeMarchi did not clearly err in finding that plaintiffs only recently sought to expand discovery to include non-advertising uses. Plaintiffs' reliance on vague statements that could have potentially included non-advertising use(s)—but which never said so explicitly—supports Judge DeMarchi's conclusion that no formal requests had been made. *See* Dkt. 969 at 5–6. And, as explained, when the only document request plaintiffs sought did explicitly seek to expand the scope of discovery, Meta properly and timely objected. *See supra* 1–2. This Court should not permit plaintiffs to expand the case's scope through a back-door method of overbroad 30(b)(6) topics. Doing so would significantly prejudice Meta, which litigated this case and navigated discovery based on plaintiffs' clear focus on use in advertising. Judge DeMarchi's Order properly limited 30(b)(6) deposition testimony in this case; there was no clear error. *Boskoff*, 217 F.Supp.2d 1077.

## CONCLUSION

Meta respectfully asks this Court to affirm Judge DeMarchi's Order.

Dated: April 28, 2025

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Lauren R. Goldman*
Lauren R. Goldman

*Attorney for Defendant Meta Platforms, Inc.*