United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGAITON<br><br>This Document Relates To:<br><br>All Actions. | Case No. 22-cv-03580-WHO (VKD)<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION AND DENYING REQUEST FOR RELIEF FROM PRIOR ORDER**<br><br>Re: Dkt. No. 1005 |

With leave of the Court, defendant Meta Platforms, Inc. ("Meta") moves for reconsideration of the Court's April 10, 2025 order permitting plaintiffs to take a limited deposition of Mark Zuckerberg (Dkt. No. 966), and upon reconsideration, asks the Court to order that the deposition may not proceed at this time. Dkt. No. 1005 at 1-3. Plaintiffs oppose Meta's motion for reconsideration. Dkt. No. 1019. The Court finds the motion suitable for decision without oral argument. Civil L.R. 7-1(b).

Having considered the parties' submissions, the Court grants Meta's motion for reconsideration, but, on reconsideration, denies its request for relief from the Court's April 10, 2025 order.

## I.  BACKGROUND

In its April 10, 2025 order, the Court concluded that plaintiffs should be permitted to take a limited deposition of Mr. Zuckerberg. The Court summarized its reasoning as follows:

> Mr. Zuckerberg is likely to have at least some unique first-hand knowledge of facts relevant to a claim or defense by virtue of his role pursuant to the FTC Consent Order and as a decision maker regarding certain privacy-related matters at issue in this case. The circumstances presented here differ from those in *Affinity Labs*, in which the plaintiff demanded the deposition of Apple's CEO

> regarding broad public statements with little relevance to the underlying litigation. *See Affinity Labs v. Apple, Inc.*, No. 09-cv-4436 CW (JL), 2011 WL 1753982, at \*16-\*17 (N.D. Cal. May 9, 2011) (denying deposition request). They also differ materially from those in *Frasco*, in which the plaintiffs' sole justification for deposing Mr. Zuckerberg was that he was "involved in" government investigations, "was apprised of" Meta's collection of sensitive health data, and had knowledge that could be imputed to Meta for purposes of the "intent" element of the plaintiffs' wiretapping claims. *Frasco v. Flo Health Inc.*, No. 21-cv-00757-JD, Dkt. No. 264, Dkt. No. 269 (N.D. Cal. Feb. 8, 2023) (denying deposition request, subject to plaintiffs advising court if circumstances change at a later date). Finally, nothing in the record suggests that plaintiffs here seek Mr. Zuckerberg's deposition based on his high-level, general management responsibilities, as in *Doble v. Mega Life and Health Ins.*, No. 09-cv-1611-CRB (JL), 2010 WL 1998904, at \*3 (N.D. Cal. May 18, 2010) (denying deposition request). However, to the extent, plaintiffs seek information about how Meta implemented the pixel, what data it obtained, how it used the data, and how it implemented privacy protections, they may not use Mr. Zuckerberg's deposition to obtain information about these matters, as such information can be obtained from other witnesses and/or through other less intrusive means. Rather, plaintiffs' deposition of Mr. Zuckerberg should be directed to facts known to him by virtue of his role pursuant to the FTC Consent Order and as a decision maker regarding privacy-related matters relevant to this case.

Dkt. No. 966 at 3-4. Meta seeks reconsideration of the Court's April 10, 2025 on two grounds: (1) new facts show that plaintiffs have not exhausted less intrusive means to obtain the discovery they seek from Mr. Zuckerberg, and (2) the Court's order did not address Meta's legal arguments regarding plaintiffs' failure to exhaust other means. Dkt. No. 1005 at 1-3.

## II. DISCUSSION

Under Civil Local Rule 7-9(b), a party seeking reconsideration of an interlocutory order must show one of the following: (1) "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought"; (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order"; or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil L.R. 7-9(b).

Meta invokes the second and third grounds in Civil Local Rule 7-9(b) in seeking

reconsideration here. First, Meta argues that after the Court issued its order regarding Mr. Zuckerberg's deposition, Meta designated a senior executive, Fred Leach, to testify on behalf of the company regarding Rule 30(b)(6) topics that include "user consent" and "user privacy control." Dkt. No. 1005 at 4. In addition, Meta has made another senior executive, Robert Sherman, available for an individual deposition. *Id.* Meta explains that these executives "will be able to provide more detailed testimony than Mr. Zuckerberg about privacy-related issues," and that this is new material information the Court should consider. *Id.* Second, Meta argues that plaintiffs did not show, and could not possibly have shown, that they have exhausted "without success" other sources of discovery of the information they seek to obtain from Mr. Zuckerberg, observing that other Meta employees, including Michael Protti and Nathan Davis, have responsibilities and information that overlap with Mr. Zuckerberg's with respect to the FTC Consent Order and Meta's privacy practices. *Id.* at 5, 8-10.

While the Court is not entirely persuaded that reconsideration is warranted for any reason under Civil Local Rule 7-9(b), the Court will nevertheless grant the motion and will consider the additional information and argument both parties present, together with their original discovery dispute submission, in reviewing the April 10, 2025 order.

In its April 10, 2025 order, the Court found that Mr. Zuckerberg likely has "at least some unique first-hand knowledge of facts relevant to a claim or defense by virtue of his role pursuant to the FTC Consent Order and as a decision maker regarding certain privacy-related matters at issue in this case." To the extent Meta challenges the Court's finding that Mr. Zuckerberg's knowledge is "unique" or "first-hand," the Court is not persuaded its assessment was incorrect. Mr. Mudd's excerpted deposition testimony, which is cited in the original discovery dispute submission and again on reconsideration, supports this conclusion. Moreover, Mr. Zuckerberg has not submitted a declaration denying that he has such knowledge, and while Meta's declarants may be knowledgeable about many relevant privacy-related topics, none purports to be the final decision maker regarding the specific matters plaintiffs identify.

If Mr. Zuckerberg indeed has unique information, as the Court has found, it is difficult to understand how another executive or employee could testify about how Mr. Zuckerberg arrived at

3

the decisions attributed to him, what factors he considered, or why he decided as he did, without engaging in speculation. Indeed, Meta made just such an objection when plaintiffs questioned Mr. Mudd in deposition about whether Mr. Mudd had "any insight into any thoughts that [Mr. Zuckerberg] had about the business strategy" around potential changes to Meta's privacy practices. Dkt. No. 1019-2 (Mudd dep. at 219:15-18); *id.* (Mudd dep. at 212:16-213:17); *see also Laatz v. Zazzle, Inc.*, No. 5:22-cv-04844-BLF, 2024 WL 4487355, at *2 (N.D. Cal. Sept. 5, 2024) (permitting deposition where apex witness may have unique first-hand knowledge of facts material to disputed issues in the case, including whether he "knew of the contractual terms or acted recklessly in not educating [himself] on such terms," and observing that no other witness could speak to what apex witness knew of the contract terms); *In re Uber Techs., Inc., Passenger Sexual Assault Litig.,* No. 23-md-03084-CRB (LJC), 2025 WL 896412, at *3 (N.D. Cal. Mar. 24, 2025) (permitting apex witness depositions regarding matters uniquely within witness's knowledge).

Regarding the question of whether plaintiffs have exhausted, without success, other less intrusive means of obtaining the discovery they seek from Mr. Zuckerberg, the Court considered this issue and discussed it in the April 10, 2025 order. As reflected in the excerpt from that order quoted above, the Court distinguished between information *unique* to Mr. Zuckerberg and information that was not unique and that could be obtained from other sources, stating:

> [T]o the extent, plaintiffs seek information about *how Meta implemented the pixel, what data it obtained, how it used the data, and how it implemented privacy protections*, they may not use Mr. Zuckerberg's deposition to obtain information about these matters, *as such information can be obtained from other witnesses and/or through other less intrusive means*. Rather, plaintiffs' deposition of Mr. Zuckerberg should be directed to *facts known to him by virtue of his role pursuant to the FTC Consent Order and as a decision maker regarding privacy-related matters relevant to this case*.

Dkt. No. 966 at 4 (emphasis added). As explained above, Meta's suggestion that information uniquely known to Mr. Zuckerberg should instead be obtained from other witnesses is simply not persuasive. Even so, the parties' briefing on reconsideration reflects that plaintiffs *have* made several attempts to obtain discovery through other means regarding Meta's privacy practices, including whether and how Meta obtains consent. Meta has objected to many of these efforts, and

4

only recently identified Mr. Sherman and Mr. Leach, neither of whom is a document custodian, as witnesses capable of testifying about its privacy practices. Thus, the Court is not persuaded that plaintiffs failed to seek document discovery or deposition testimony of others before moving to compel Mr. Zuckerberg's deposition.

However, to the extent Meta suggests that information uniquely known to Mr. Zuckerberg could be obtained *from him* by less intrusive means, Meta is correct that the Court did not address this point in its April 10, 2025 order. It will do so now. Plaintiffs have already sought and obtained discovery of documents from Mr. Zuckerberg's custodial files. Dkt. No. 1019 at 2 (citing Dkt. No. 315). Now, at the very end of the fact discovery period, plaintiffs seek Mr. Zuckerberg's deposition testimony, in view of those documents as well as the testimony of the other witnesses who have identified him as the decision maker on certain matters. It is not clear to the Court what other less intrusive means Meta believes plaintiffs should have employed earlier in the discovery period to obtain this information from Mr. Zuckerberg, and the Court finds that plaintiffs have made a sufficient showing on this point.

Finally, Meta appears to question whether plaintiffs truly believe Mr. Zuckerberg can provide relevant testimony or whether they are instead using the deposition as a vehicle to harass a prominent CEO, as evidenced by plaintiffs' asserted failure to focus their prior discovery efforts on the information they now claim is critical to their case. *See* Dkt. No. 1005 at 1, 4, 5. As the Court observed in its April 10, 2025 order, Mr. Zuckerberg's deposition presents an opportunity for abuse or harassment. Dkt. No. 966 at 4. That is one of the reasons the Court imposed limitations on both the subject matter and duration of his deposition. *See id.; see also Apple Inc. v. Samsung Elecs. Co., Ltd.*, 282 F.R.D. 259, 265 (N.D. Cal. 2012) (permitting limited depositions of CEO and other executives). However, Meta's discovery-focus argument is not particularly persuasive, given how prominently issues of consent—including, how it is obtained or manifested and Meta's compliance with the FTC Consent Order—feature in plaintiffs' operative complaint. *See, e.g.,* Dkt. No. 334-3 ¶¶ 168-169, 175, 294, 319, 339-346; *see also* Dkt. No. 1004.

### III. CONCLUSION

For the reasons explained above and in the Court's April 10, 2025 order, plaintiffs may take Mr. Zuckerberg's deposition, consistent with the limitations set forth in the April 10, 2025 order.

**IT IS SO ORDERED.**

Dated: May 14, 2025

                              Virginia K. DeMarchi
                              United States Magistrate Judge