**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:    (415) 393-8200
Facsimile:    (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION,<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-03580-WHO (VKD)<br><br>**DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Hon. Virginia K. DeMarchi |

Gibson, Dunn & Crutcher LLP

DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:22-CV-03580-WHO (VKD)

I, Lauren R. Goldman, state and declare as follows:

1. I am an attorney licensed to practice in the State of New York. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in these actions. I am admitted *pro hac vice* to practice before this Court. I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration under Local Rule 79-5(f)(3) in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. Dkt. No. 1020. Meta seeks to seal narrowly tailored portions of plaintiffs' Response to Meta's Motion for Reconsideration of the Court's April 10, 2025 Discover Order and its supporting exhibits, which were filed at Dkt. No. 1019 (the "Response and Exhibits"). Meta proposes to redact specific information in the Response and Exhibits that contains internal, confidential information regarding strategic issues and analyses considered by Meta employees and actions taken in connection with those analyses.

3. In determining whether to permit documents to be filed under seal, this Court should apply the "good cause" test for "sealed materials attached to a discovery motion unrelated to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *see Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). The good cause standard generally applies to discovery-related filings because "discovery is largely 'conducted in private as a matter of modern practice,'" and "the public is not presumed to have a right of access to it." *Ctr. For Auto Safety*, 809 F.3d at 1097 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)). Here, as the Court has previously recognized, the good cause test applies because the Response and Exhibits were submitted by the parties in connection with a discovery dispute. *See, e.g.,*

---

[1] This Court and others in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, Dkt. Nos. 448, 466, 509, 593; *see also Avago Techs. Fiber IP (Singapore) PTE. Ltd., v. IPtronics Inc.*, No. 5:10-cv-02863-EJD, Dkt Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., v. OpenTV Inc.*, No. 5:13-cv-00282-EJD, Dkt. Nos. 76, 82 (N.D. Cal. Oct. 8, 2013). I am personally familiar with Meta's practices of safeguarding proprietary information, including based on my experience representing Meta for many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

Dkt. No. 509. *See also Grace v. Apple, Inc.*, No. 17-CV-00551-LHK (NC), 2018 WL 11319051, at *1 (N.D. Cal. Apr. 3, 2018) (applying the good cause test to a motion to seal information in connection with a discovery dispute).

4. Sealing is appropriate here for several reasons. *First*, Meta's sealing request is "narrowly tailored to seek sealing only of sealable material." *Singh v. Costco Wholesale Corp.*, No. 20-CV-08180-NC, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023). Meta asks the Court to seal only those parts of the Response and Exhibits which reveal commercially sensitive and confidential information about Meta's internal business analyses and strategy. *Second*, as the Supreme Court has recognized, the public right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also* Dkt. No. 157 at 3 (Judge Orrick in this case confirming that "competitive harm is a compelling reason to seal"). The less stringent 'good cause' standard is clearly met here because Meta is likely to suffer harm if confidential information regarding its internal business analyses and steps taken in connection with those analyses are made public.

5. Competitive harm is likely if Meta's confidential information is made public. As the Supreme Court has established, the public right of access to court records may be limited when, as is the case here, those records could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. Meta operates in an intensely competitive marketplace and has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage. Disclosure of the information Meta seeks to seal would provide these competitors with unfair insight into Meta's internal analyses and strategy, and would reveal how Meta's systems are designed and operate, "giving competitors an unfair advantage in developing rival products." *In re Koninklijke Philips Pat. Litig.*, No. 18-CV-01885-HSG, 2020 WL 1865294, *2 (N.D. Cal. Apr. 13, 2020) (finding "compelling reasons or good cause" to seal "information related to business operations").

6. Courts routinely protect the type of information that Meta seeks to seal here. *See* Dkt. No. 157 at 3–4 (collecting cases); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

1211 (9th Cir. 2002) (holding "confidential . . . commercial information" was entitled to protection from disclosure); Ojmar *US, LLC v. Sec. People, Inc.*, No. 16-CV-04948-HSG, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (noting protections afforded by courts within the Ninth Circuit are broad and extend to "confidential information regarding [a defendant's] products, services, and business practices"). Notably, this Court has already found good cause and ordered sealing of some of the same (or very similar) information Meta seeks to seal here. *See, e.g.*, Dkt. Nos 485, 509 (sealing specific details about Meta's internal business analyses and steps taken in connection with those analyses). Meta proposes narrowly tailored redactions to the Response and Exhibits that would keep only sensitive, non-public material sealed. Meta's position regarding material that should be sealed is set forth in the following table:

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Plaintiffs' Response to Meta's Motion for Reconsideration of the Court's April 10, 2025 Discovery Order (Dkt. No. 1019) | Parts of page 1, line 21; page 2, lines 22-24, 27; page 5, lines 21, 23-24; page 6, line 21; page 7, lines 3, 18; page 8, line 28; page 9, lines 11, 21. (highlighted in Dkt. No. 1026) | Meta | This text should be redacted because it describes specific, sensitive, non-public information regarding strategic issues and analysis by Meta employees and actions taken in connection with those analyses that could cause competitive harm to Meta if not maintained under seal. The Court has previously ordered this type of information to be sealed. *See* Dkt. Nos. 485, 515. |
| Declaration of Erik Kafka (Dkt. No. 1019-1) | Parts of page 2, line 18; page 3, lines 4-5, 7. (highlighted in Dkt. No. 1026-1) | Meta | This text should be redacted because it describes specific, sensitive, non-public information regarding strategic issues and analysis by Meta employees and actions taken in connection with those analyses that could cause competitive harm to Meta if not maintained under seal. The Court has previously ordered this type of information to be sealed. *See* Dkt. Nos. 485, 515. |
| Exhibit 1 (Dkt. No. 1019-2) | Parts of page 206, lines 8-10, 17-19; page 207, lines 4-6; page 211, lines 6-7; page 212, lines 1, 16-18, 20-22; page 213, lines 1-2, 7; page 219, lines 20-25; page 220, lines | Meta | This text should be redacted because it describes specific, sensitive, non-public information regarding strategic issues and analysis by Meta employees and actions taken in connection with those analyses that could cause competitive harm to Meta if not maintained under seal. The Court has |

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| | 1-4; page 222, lines 4-7; page 229, lines 10-11, 21-22; page 230, lines 21-22; page 232, lines 2-5, 17; page 233, line 25; page 241, lines 4-8, 25; page 242, lines 1-4, 22-25; page 247, lines 7, 15-20, 23; page 248, lines 5-8, 13-14, 18-25; page 249, lines 14-16, 19-21, 24-25; page 250, lines 1, 7, 19-23; page 251, lines 17-19, 24-25; page 252, lines 3, 7-10, 14-15. (highlighted in Dkt. No. 1026-2) | | previously ordered this type of information to be sealed. *See* Dkt. Nos. 485, 515. |
| Exhibit 2 (Dkt. No. 1019-3) | Entire Document | Meta | This entire document should be sealed because it describes specific, sensitive, non-public information regarding strategic issues and analysis by Meta employees and actions taken in connection with those analyses that could cause competitive harm to Meta if not maintained under seal. The Court has previously ordered this type of information to be sealed. *See* Dkt. Nos. 485, 515. |
| Exhibit 3 (Dkt. No. 1019-4) | Entire Document. | Meta | This entire document should be sealed because it describes specific, sensitive, non-public information regarding strategic issues and analysis by Meta employees and actions taken in connection with those analyses that could cause competitive harm to Meta if not maintained under seal. The Court has previously ordered this type of information to be sealed. *See* Dkt. Nos. 485, 515. |
| Exhibit 4 (Dkt. No. 1019-5) | Parts of page 70, lines 8-15, 23-24. (highlighted in Dkt. No. 1026-3) | Meta | This text should be redacted because it describes specific, sensitive, non-public information regarding strategic issues and analysis by Meta employees and actions taken in connection with those analyses that could cause competitive harm to Meta if not maintained under seal. The Court has |

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| | | | previously ordered this type of information to be sealed. *See* Dkt. Nos. 485, 515. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 14th day of May 2025 in New York, New York.

*/s/ Lauren R. Goldman*
Lauren R. Goldman