# Proposed Redacted Version of Plaintiffs' Response to Meta's Motion for Reconsideration of the Court's April 10, 2025 Discovery Order (Dkt. No. 1020-3)

| | |
|---|---|
| Jason 'Jay' Barnes (admitted *pro hac vice*)<br>  jaybarnes@simmonsfirm.com<br>**SIMMONS HANLY CONROY LLC**<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Tel:    212-784-6400<br>Fax:    212-213-5949 | Geoffrey Graber, State Bar No. 211547<br>  ggraber@cohenmilstein.com<br>**COHEN MILSTEIN SELLERS & TOLL PLLC**<br>1100 New York Avenue NW, Suite 800<br>Washington, DC 20005<br>Tel:    202-408-4600<br>Fax:    202-408-4699 |
| Jeffrey A. Koncius, State Bar No. 189803<br>  koncius@kiesel.law<br>**KIESEL LAW LLP**<br>8648 Wilshire Boulevard<br>Beverly Hills, CA 90211<br>Tel:    310-854-4444<br>Fax:    310-854-0812 | Beth E. Terrell, State Bar No. 178181<br>  bterrell@terrellmarshall.com<br>**TERRELL MARSHALL LAW GROUP PLLC**<br>936 North 34th Street, Suite 300<br>Seattle, WA 98103<br>Tel.:    206-816-6603<br>Fax:    206-319-5450 |
| *Attorneys for Plaintiffs and the Proposed Class* | Andre M. Mura, State Bar No. 298541<br>  amm@classlawgroup.com<br>**GIBBS MURA LLP**<br>1111 Broadway, Suite 2100<br>Oakland, CA 94607<br>Tel.:    510-350-9700<br>Fax:    510-350-9701 |

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates to:<br><br>All Actions. | **Case No. 3:22-cv-3580-WHO (VKD)**<br><br>CLASS ACTION<br><br>**PLAINTIFFS' RESPONSE TO META'S MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 10, 2025 DISCOVERY ORDER** |

## INTRODUCTION

After more than two years of discovery, and only after Plaintiffs moved to compel the deposition of Mark Zuckerberg, Meta identified four new witnesses who it now claims should be deposed instead of Zuckerberg. Meta's last-ditch effort to avoid even limited questioning of Zuckerberg should be denied.

Meta improperly seeks reconsideration on the basis of "new material facts" in the form of four new witnesses. But these facts are only new because of Meta's gamesmanship. Meta chose not to disclose these purportedly important senior witnesses to the Court or Plaintiffs in their initial disclosures or during the previous two years of discovery. And they are, of course, only new to Plaintiffs and the Court, since Meta has full insight into the identities of its own employees and their knowledge about the facts of this case. Meta's motion therefore fails the black-letter requirement that a motion for reconsideration may not "introduce new evidence if, with reasonable diligence, the arguments and evidence could have been presented during consideration of the original ruling." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 859 (9th Cir. 2022).

Even if these witnesses were truly newly discovered, they cannot replace Zuckerberg's personal knowledge as "decision-maker regarding certain privacy-related matters at issue in this case." ECF No. 967 at 3. No other witness can speak to this decision-maker's understanding, knowledge, and intent in not putting a stop to Meta's knowing violation of users' privacy. *See In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 2025 WL 896412, at *3 (N.D. Cal. Mar. 24, 2025). None of the four even claim they attended the May 20, 2021 meeting where Mr. Mudd presented the ▮▮▮▮▮▮ proposal to Zuckerberg. ECF No. 967 at 3; Mudd Dep. Tr. at 229:5-233:15; 241:24-242:18; 247:15-249:10; 251:23-252:16. They were not even in the room where the decision happened.

Meta suggests that the Court overlooked its legal arguments regarding exhaustion, but that is incorrect. As Plaintiffs explained, exhaustion of all other discovery sources is not required and, even if it was, Plaintiffs exhausted the topics relevant to the apex deposition. Plaintiffs pointed to documents and lower-level testimony showing that Zuckerberg has unique first-hand information. The reality is that Meta just wants a second bite at the apple. If granted, the cost will be high.

Meta's motion would require four more months of fact discovery. This will require a complete overhaul of Judge Orrick's schedule, despite the Court and the parties' hard work to finish fact discovery by May 30. Instead, the Court should hold the line and require the parties to bring fact discovery to a close.

## FACTUAL BACKGROUND

Meta's September 28, 2022 Rule 26 initial disclosures did not name Michel Protti, Nathan Davis, Robert Sherman, or Fred Leach, the four individuals it now asserts have relevant knowledge to this case and should be deposed before Zuckerberg can be deposed. Kafka Decl. ¶ 3. Nor did those names arise during the parties' lengthy negotiations concerning custodians whose documents would be produced. *Id.* ¶ 4.

In fact, prior to April 2025, Meta did not voluntarily identify anyone in the privacy department as a relevant witness and did not propose a single custodian who worked in the privacy departments at Meta. *Id.* ¶ 5. On Plaintiffs' motion, in August 2023, the Court ordered three individuals who worked on privacy-related issues to be added as custodians: Mudd, Erin Egan, and Zuckerberg. ECF No. 315.

On January 14, 2025, Plaintiffs moved to compel custodial documents from one additional Meta privacy employee: privacy program manager Jenny Lin. ECF No. 770-3. Meta opposed, arguing it came too late, and that "Plaintiffs cite no evidence that Lin … had *any* decision-making authority of *any* relevant issue." *Id.* at 5-6. The Court denied Plaintiffs' request, agreeing that Plaintiffs' request for Lin's documents was too late. ECF No. 819 at 2.

On February 26, 2025, Plaintiffs deposed Mudd. He testified that, in 2021, his team recommended to Zuckerberg that Meta ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 1, Mudd Dep Tr. at 229:5-233:15; 241:24-242:18; 247:15-249:10; Ex. 2, PIXEL_HEALTH000910484. Mudd testified that the ▇▇▇▇▇▇▇▇ proposal was recommended to Zuckerberg at an April 20, 2021 meeting. *Id.* at 229:10-231:19; 241:3-242:18. Ultimately that option was never fully implemented. *Id.* at 248:9-252:16. Mudd testified that Zuckerberg would have been the final decisionmaker on the ▇▇▇▇▇▇▇▇ proposal, but he could not recall what his view was or

2    Case No. 3:22-cv-3580-WHO (VKD)
PLAINTIFFS' RESPONSE TO META'S MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 10, 2025 DISCOVERY ORDER

1   anything he said at the meeting. *Id.*

2       On March 14, 2025, the parties filed a joint letter brief addressing Plaintiffs' request to
3   depose Zuckerberg. On April 9, this Court entered an interim order regarding his deposition, and
4   the Court entered a final order on April 10. ECF Nos. 961, 967.

5       While that joint letter brief was pending, and particularly after it was granted, Meta has
6   executed a complete about-face in how it has approached discovery into witnesses from its privacy
7   departments and discovery timing. Meta decided to disclose Fred Leach as a potential witness for
8   the first time on April 2, 2025. Kafka Decl. ¶ 6. Less than eight hours after the interim order, Meta
9   identified Robert Sherman for the first time and proposed Plaintiffs should depose him on May 29.
10  *Id*. ¶ 7. Contrary to Meta's representations, Plaintiffs have not accepted that Leach should be
11  deposed in his personal capacity. *Id*. ¶ 8. Meta did not identify Protti or Davis prior to filing their
12  declarations in support of this motion for reconsideration and still has not disclosed them in any
13  Rule 26 supplement. *Id*. ¶ 9.

**LEGAL STANDARD**

    Reconsideration of a court's order is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Berman*, 30 F.4th at 858-59. "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Divino Grp., LLC v. Google LLC*, 2023 WL 218966, at *1 (N.D. Cal. Jan. 17, 2023) (VKD), discussing Civil Local Rule 7-9(b), and quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Eng. v. Apple Inc*, 2016 WL 1108929, at *2, n. 4 (N.D. Cal. Mar. 22, 2016) (Orrick, J.) (Courts in this district regularly apply Federal Rule of Civil Procedure 59(e) to motions to reconsider non-dispositive orders in concert with L-R 7-9(e)).

    A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890. "[M]otions for reconsideration are disfavored, and are not . . . to be used to ask the Court to rethink what it has already thought." *Sec. & Exch. Comm'n v. Wu*, 2015 WL 5357715, at

PLAINTIFFS' RESPONSE TO META'S MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 10, 2025 DISCOVERY ORDER

*1 (N.D. Cal. Sept. 14, 2015). A court's grant of leave to file a motion for reconsideration "does not absolve the party from making the required showing prior to the granting of a motion to reconsider." *Flintkote Co. v. Gen. Accident Assur. Co. of Canada*, 692 F. Supp. 2d 1194, 1197 n. 1. (N.D. Cal. 2010).

## ARGUMENT

### I.    Meta's Untimely Identification of Meta Employees Is Not a New Material Fact

Meta asserts that the Court should reconsider its decision to order the limited deposition of Zuckerberg because of "new material facts," by which it means Meta's subsequent identification of four Facebook employees who it maintains Plaintiffs should depose instead of Zuckerberg but did not identify for nearly three years as having any relevant information. Mot. to Reconsider at 2:2-18.

Meta's argument fails because "[r]econsideration motions may not be used to raise new arguments or introduce new evidence if, with reasonable diligence, the arguments and evidence could have been presented during consideration of the original ruling." *Berman*, 30 F.4th at 859 (9th Cir. 2022); *see also Kona Enters., Inc.*, 229 F.3d at 890 (9th Cir. 2000) (motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation").[1] Courts have repeatedly denied motions for reconsideration based on new declarations by previously undisclosed witnesses that could have been identified earlier. *Eng. v. Apple Inc*, 2016 WL 1108929, at *3 (N.D. Cal. Mar. 22, 2016) (Orrick, J.); *Moore v. USC Univ. Hosp.*, Inc., 2009 WL 10681002, at *4 (C.D. Cal. Nov. 18, 2009); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 881 (9th Cir. 2009); *see also* ECF No. 962 ("The Court will not revisit its prior order to the extent plaintiffs have discovered other justifications that they could have raised, but did not.")

Meta makes no attempt to justify its failure to identify these four employees earlier, because it cannot. There is no reason Meta could not have identified these four witnesses when the parties

---

[1] Courts in this district regularly apply Federal Rule of Civil Procedure 59(e) to motions to reconsider non-dispositive orders. *See supra* at 3, citing *Eng.*, 2016 WL 1108929, at *2 n. 4.
[2] It makes sense that Sherman does not state he was at the meeting where Zuckerberg issued the decision – he was at the time a Deputy Chief and not senior enough to be present.

filed their joint letter brief on March 14. This failure is fatal. If these witnesses truly have such relevant information, Meta should have identified them years ago and not only after Meta decided it might help them avoid the deposition of Zuckerberg.

Meta's belated identification of Sherman, Leach, Protti, and Davis is particularly inexcusable because for the first two years of this litigation, Meta sought to block all discovery about its privacy employees. Meta did not list any employee who worked on privacy-related issues in its initial disclosures and did not offer any such employee as a custodian. Kafka Decl. ¶ 5. Plaintiffs were only able to learn about Meta's privacy decisions because Plaintiffs successfully moved to compel the custodial documents from three employees who work on privacy-related issues (Mudd, Egan, and Zuckerberg), and elicited testimony from Mudd demonstrating that Zuckerberg has unique knowledge. ECF No. 315; Mudd Dep. Tr. at 219:2-220:4; 221:24-222:7; 229:6-233:15; 241:3-242:18; 247:15-249:10; 251:23-252:16. Meta's sandbagging must not be rewarded. "A party should not expect that it can hold relevant evidence in reserve and then, faced with an unfavorable decision, seek reconsideration of the Court's ruling on the ground that its withheld evidence further supports its position." *Loop AI Labs Inc. v. Gatti*, 2015 WL 14085123, at *1 (N.D. Cal. Apr. 23, 2015).

## II. None of Meta's Proposed Witnesses Can Substitute for Zuckerberg's Unique Knowledge Regarding His Decisions

Even if it was appropriate to consider these belatedly disclosed witnesses as "new evidence," Zuckerberg's testimony is still warranted because Meta's newly-proffered witnesses cannot testify to his knowledge "as a decision-maker on privacy-related matters relevant to this case," and particularly regarding the ▉▉▉▉ proposal. ECF No. 967 at 4. None of the four new proposed witnesses claim in their declaration that they were a decisionmaker with respect to the proposal "presented to Zuckerberg in 2021 to ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ that they advised Zuckerberg regarding the ▉▉▉▉ proposal, or that they attended the May 20, 2021 where Mudd presented the proposal to Zuckerberg. *Id*. at 3, citing to Mudd Dep. Tr. (Ex. 1). Nor do Meta or any of the proposed witnesses deny that Zuckerberg made critical privacy decisions pursuant to his role under the FTC Consent Order.

At the end of the day, Zuckerberg has unique, relevant information because he was not just

in the chain of information or ratifying decisions made by someone else—he was the decisionmaker. Mudd Dep. Tr. at 252:6-11. Other employees' depositions are a particularly inadequate substitute for an apex deponent where there is any evidence the apex witness was the "decision maker" on relevant issues. ECF No. 967 at 3; *see e.g., In re Uber Techs.,* 2025 WL 896412, at *3 (ordering depositions of apex witnesses because their "own testimony is also highly relevant to [intent], and provides a uniquely direct method to address it," and rejecting Uber's arguments that lower-level employees could provide equivalent testimony); *Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 267 (N.D. Cal. 2012) (ordering deposition of apex deponent who could uniquely speak to "his own intent and meaning in issuing [] a directive"); *Doe by & through Doe v. Apple Inc*., 2024 WL 1589467, at *4 (S.D. Ill. Mar. 8, 2024) (where apex deponent personally approved of certain decisions, his testimony was "critical to establishing Apple's intent [], something that cannot be established by lower-level employees"); *Kadrey v. Meta Platforms, Inc*., 2024 WL 4293910 (N.D. Cal. Sept. 24, 2024) (ordering Zuckerberg's deposition where there was evidence he was the decision maker on issues relevant to the case); *Gen. Star Indem. Co. v. Platinum Indem. Ltd*., 210 F.R.D. 80, 84 (S.D.N.Y. 2002) (ordering apex deposition where lower-level deponent indicated he believed apex witness had made a policy decision, because "a top executive who issues a corporate policy will likely have knowledge of the reasons for the issuance of the policy that a subordinate will not"); *City of Rockford v. Mallinckrodt ARD, Inc*., 2020 WL 1675593, at *3 (N.D. Ill. Apr. 6, 2020); *Six W. Retail Acquisition, Inc. v. Sony Theatre Mgt. Corp*., 203 F.R.D. 98, 102–04 (S.D.N.Y. 2001).

Of the four witnesses, only Sherman even mentions the ▮▮▮ proposal in his declaration, asserting only that he has "personal knowledge" of the proposals and can "testify as to considerations taken into account when evaluating those proposals." ECF No. 1005-2, Sherman Decl. ¶4. Sherman does not state he was present at the meeting,[2] that he was the one to make the final decision regarding the proposal, that he knows what decision or directive Zuckerberg provided,

---

[2] It makes sense that Sherman does not state he was at the meeting where Zuckerberg issued the decision – he was at the time a Deputy Chief and not senior enough to be present.

or that he knows Zuckerberg's reasoning. He also does not deny that Zuckerberg ultimately made the decision. Nor do any of the other three proposed witnesses. Meta states that Leach can testify to user consent but does not say he knows anything specifically about the ▇▇▇▇▇ decision— and Leach did not submit a declaration. Mot. at 9. As the "decision maker," Zuckerberg's views on why the proposal that would have put a stop to Meta's violation of millions of users' privacy was not implemented are relevant to Meta's intent, and Meta's proposed alternative witnesses' testimony is no substitute. *In re Uber Techs*, 2025 WL 896412, at *3; *Apple Inc.*, 282 F.R.D. at 267.

Similarly, the Court correctly found Zuckerberg will have unique testimony "by virtue of his role pursuant to the FTC Consent Order." ECF No. 967 at 3. As the Court recognized, Zuckerberg is required to rely on "his . . . personal knowledge" in certifying that Meta is complying with its privacy obligations. *Id*. That other employees assisted and advised Zuckerberg in carrying out those duties does not obviate the need for Zuckerberg's testimony. Mot. at 7-9. Zuckerberg need not have relied "exclusively" on his personal knowledge. *Id.* at 7. *Apple iPod iTunes Antitrust Litig.,* 2011 WL 976942, at *2 n.2 (N.D. Cal. March 21, 2011). As Plaintiffs explained in the Apex Brief, the Mandated Privacy Program Meta created to comply with the Consent Order positioned Zuckerberg as the final decisionmaker on the critical privacy issues. ECF No. 909 at 2. Under the Privacy Program, the critical privacy decisions, the "1% percent," were escalated to him, including, for example, the ▇▇▇▇▇ proposal and partner deprecation. *Id*., citing to Ex. 3 '000367090 at -91; Ex. 2. '000910484; Mudd Dep. Tr. (Ex. 1) at 219:2-220:4; 221:24-222:7; 229:6-233:15; 241:24-242:18; 247:15-249:10; 251:23-252:16. Protti's and Davis's declarations do not rebut that Zuckerberg made critical privacy decisions. ECF No. 1005-3, 1005-4. Neither states that they were the one to make the ultimate decisions on escalated privacy matters and neither deny that Zuckerberg made the key privacy decisions himself. The declarations Meta has provided only confirm that Zuckerberg's status under the Mandated Privacy Program as the manager and final escalation point on key privacy decisions means he has uniquely valuable and relevant testimony here.

### III. The Court Properly Considered Exhaustion

Meta's second ground for re-consideration ignores that the standard requires showing "a *manifest* failure by the Court to consider … *dispositive* legal arguments" made in the prior motion.

1  L.R. 7-9(b)(3). This "clear error" standard is a high bar. "A district court does not commit clear error
2  warranting reconsideration when the question before it is a debatable one." *Oracle Am., Inc. v.*
3  *Hewlett Packard Enter. Co.*, 2021 WL 11646467, at *1 (N.D. Cal. Aug. 9, 2021).

4     Meta is wrong to claim that the Court overlooked exhaustion. The Court acknowledged
5  Meta's arguments that "plaintiffs have not attempted, let alone exhausted, other less intrusive means
6  to obtain the discovery they seek from other sources," but credited Plaintiff's argument that "they
7  have exhausted other discovery methods to obtain this information, including taking the deposition
8  of Mudd, Meta's Vice President of Business Product Marketing." ECF No. 967 at 2. The Court did
9  not commit clear error and Meta's motion must fail because it does not even try to assert as much.

10    Meta is also wrong about the relevance of exhaustion to an apex deposition. Exhaustion is a
11 factor to be considered, but not a requirement. *Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at
12 *2 (N.D. Cal. June 30, 2015) (ordering deposition of CEO); *Kadrey*, 2024 WL 4293910 (ordering
13 Zuckerberg's deposition and holding exhaustion was not required where there was evidence he was
14 the chief decision maker on relevant issues). There is no exhaustion requirement because the purpose
15 of the exhaustion consideration is "to shed [] light on whether the party is seeking the apex
16 deposition for appropriate purposes." *In re Transpacific Passenger Air Transp. Antitrust Litig.*, 2014
17 WL 939287, at *5 (N.D. Cal. Mar. 6, 2014) (attempts through deposition of lower-level employees
18 to get information about meetings where CEO may have been present sufficient). Contrary to Meta's
19 suggestion, a party is not required to first (or instead) depose every individual the other party
20 belatedly identifies as having relevant information. Thus, Meta's motion must also fail because the
21 exhaustion consideration could not be a "dispositive" argument as required by L.R. 7-9(b).

22    Meta's reliance on *Brown v. Google, LLC*, 2022 WL 2289059 (N.D. Cal. Apr. 4, 2022), is
23 unpersuasive. Mot. at 6, 8, 9, 10. Judge Rogers granted Google's motion for relief because the record
24 only contained "[a] few documents [that] establish[ed] that specific relevant information was
25 communicated to, and possibly from, [the apex deponent]." *See id.* at *2. In contrast, the Court's
26 ruling in this case was based on a robust record (including deposition testimony and documents)
27 that shows Zuckerberg made decisions on privacy issues that are relevant to this litigation–including
28 the ▮▮▮▮▮▮▮ proposal–and that Zuckerberg was a decisionmaker on critical privacy decisions

1 due to his FTC-mandated role. ECF No. 967.

2     In any event, Plaintiffs' efforts would satisfy any measure of exhaustion. Meta's arguments to the contrary are particularly unpersuasive given Meta's constant refrain that Plaintiffs' discovery efforts have been too exhaustive. Contrary to Meta's assertions, Plaintiffs propounded specific discovery requests seeking information about Zuckerberg's role in this case, including meetings he had about the collection and use of health information for advertising purposes. Kafka Decl. ¶ 10; *See Khan v. Boohoo.com USA, Inc.*, 2021 WL 3882969 (C.D. Cal. July 28, 2021) (seeking discovery on topics through discovery requests is sufficient to satisfy exhaustion). Plaintiffs noticed Egan's deposition, the only other custodian who meaningfully worked on privacy matters other than Zuckerberg and Mudd. Kafka Decl. ¶ 11. *In re Transpacific,* 2014 WL 939287 at. *5. Plaintiffs deposed Mudd, the only custodian who made the ▮▮▮▮ proposal to Zuckerberg and attended the May 20 meeting. The Court properly recognized that Mudd's testimony established that Zuckerberg "made a decision or gave directions" and "may have at least some relevant personal knowledge." ECF No. 967 at 3; *Google Inc. v. Am. Blind & Wallpaper Factory, Inc.*, 2006 WL 2578277, at *3 n.3 (N.D. Cal. Sept. 6, 2006), objections overruled (exhaustion satisfactory where the party deposed a lower-level employee who testified that the CEO may have made a policy decision.).

17     Meta complains that Plaintiffs did not ask every single witness deposed to date about Zuckerberg's decision-making. Mot. at 5. But Plaintiffs questioned Rule 30(b)(1) deponents about issues about which they had personal knowledge. There is no evidence that Lin, the junior employee who conducted privacy reviews for changes made to the Pixel, has ever interacted with Zuckerberg or knows about the ▮▮▮▮▮▮ proposal, so Plaintiffs did not ask her about those things. Mot. at 5; Kafka Decl. ¶ 12. Contrary to Meta's assertion, Plaintiffs *did* ask Lin about the FTC Consent Order and the Mandated Privacy Program, and she recalled no details and implications about either. Ex. 4, Lin Dep. Tr. at 56:18-21; 68:4-70:2; 71:6-21; 78:5-9.

### IV. Meta's Proposal Will Sabotage the Case Schedule

Meta's claim that granting its motion for reconsideration would not affect the case schedule is flat wrong. Mot. at 3 n.3. Its proposal would extend discovery four months or more. According to Meta, Plaintiffs would be required to depose Sherman, Leach, Davis, and "even Michel Protti" and

1  then re-brief their request to take Zuckerberg's deposition. *Id.* at 3 n.2. Because Meta withheld the
2  identity of the four witnesses it now claims have important testimony, Meta has not produced their
3  documents. Thus, if Meta's motion for reconsideration is granted, time would have to be added into
4  the schedule for Meta to produce additional custodial documents, for Plaintiffs to review those
5  documents, for the parties to schedule and take four more depositions, and then for the parties to re-
6  brief the issue of deposing Zuckerberg. Kafka Decl. ¶ 13. Meta's proposal highlights exactly why
7  courts do not allow parties to seek reconsideration based on evidence and arguments they could
8  have presented earlier. Meta's motion is against "the interests of finality and conservation of judicial
9  resources." *Berman*, 30 F.4th at 858-59.

10       Meta claims plaintiffs acknowledged they would need to wait until after the FTC trial to
11 depose Zuckerberg. Mot. 3 n.3. Before they knew when Zuckerberg would testify, Plaintiffs offered
12 the possibility of a short extension to depose him. Kafka Decl. ¶ 14. But his testimony appears to be
13 complete already and, in any case, the trial is supposed to end as soon as mid-May.[3] Plaintiffs'
14 willingness to show some flexibility, if necessary, by offering a short extension to depose
15 Zuckerberg should not be conflated with the four-month extension to the case schedule that will be
16 reasonably required if Meta's motion for reconsideration is granted.

17       After nearly three years of litigation, it is time to bring fact discovery to a close. Judge Orrick
18 ordered that discovery closes in three weeks, on May 30, 2025, and Plaintiffs' class certification
19 motion will follow on August 8, 2025. ECF No. 924.[4] The parties have sought multiple extensions
20 of that schedule, and Plaintiffs intend to complete fact discovery on May 30, 2025. Meta cannot be
21 permitted to thwart the close of discovery through its improper motion.

## CONCLUSION

23       Meta's motion for reconsideration should be denied.

---

[3] *F.T.C. v. Meta Platforms, Inc.*, Case No. 1:20-cv-03590-JEB (D.D.C. May 4, 2025) (Jt. Status Rep., ECF No. 580 at 1).

[4] Since the outset of this case, Judge Orrick's schedule has set two months between the close of fact discovery and class certification, so that Plaintiffs will have sufficient time prepare their motion for class certification and expert reports that are due the same day.

Dated: May 7, 2025

By: */s/ Geoffrey Graber*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
Geoffrey Graber, State Bar No. 211547
  ggraber@cohenmilstein.com
1100 New York Avenue NW, Suite 800
Washington, DC 20005
Tel:      202-408-4600
Fax:     202-408-4699

By: */s/ Jason 'Jay' Barnes*
**SIMMONS HANLY CONROY LLP**
Jason 'Jay' Barnes (admitted *pro hac vice*)
  jaybarnes@simmonsfirm.com
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel:      212-784-6400
Fax:     212-213-5949

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
  koncius@kiesel.law
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel:      310-854-4444
Fax:     310-854-0812

**TERRELL MARSHALL LAW GROUP PLLC**
Beth E. Terrell, State Bar No. 178181
  bterrell@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.:     206-816-6603
Fax:     206-319-5450

**GIBBS MURA LLP**
Andre M. Mura, State Bar No. 298541
  amm@classlawgroup.com
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.:     510-350-9700
Fax:     510-350-9701

*Attorneys for Plaintiffs and the Proposed Class*

**CIVIL L. R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Claire Torchiana, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated:  May 7, 2025                              By:  */s/ Claire Torchiana*