# Proposed Redacted Version of the Declaration of Eric Kafka (Dkt. No. 1020-4)

| | |
|---|---|
| Jason 'Jay' Barnes (admitted *pro hac vice*)<br>jaybarnes@simmonsfirm.com<br>**SIMMONS HANLY CONROY LLP**<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Tel:   212-784-6400<br>Fax:   212-213-5949 | Geoffrey Graber, State Bar No. 211547<br>ggraber@cohenmilstein.com<br>**COHEN MILSTEIN SELLERS & TOLL PLLC**<br>1100 New York Avenue NW, Fifth Floor<br>Washington, DC 20005<br>Tel:   202-408-4600<br>Fax:   202-408-4699 |
| Jeffrey A. Koncius, State Bar No. 189803<br>koncius@kiesel.law<br>**KIESEL LAW LLP**<br>8648 Wilshire Boulevard<br>Beverly Hills, CA 90211<br>Tel:   310-854-4444<br>Fax:   310-854-0812 | Andre M. Mura, State Bar No. 298541<br>amm@classlawgroup.com<br>**GIBBS MURA LLP**<br>1111 Broadway, Suite 2100<br>Oakland, CA 94607<br>Tel.:   510-350-9700<br>Fax:   510-350-9701 |

Beth E. Terrell, State Bar No. 178181
bterrell@terrellmarshall.com
**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.:   206-816-6603
Fax:   206-319-5450

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To<br><br>All Actions | Case No. 3:22-cv-03580-WHO (VKD)<br><br>**DECLARATION OF ERIC KAFKA IN SUPPORT OF RESPONSE TO META'S MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 10, 2025 DISCOVERY ORDER**<br><br>Hon. Virginia K. DeMarchi |

DECLARATION OF ERIC KAFKA IN SUPPORT OF RESPONSE TO META'S MOTION FOR
RECONSIDERATION OF THE COURT'S APRIL 10, 2025 DISCOVERY ORDER
Case No. 3:22-cv-03580-WHO (VKD)

I, Eric Kafka, state and declare as follows:

1. I am an attorney licensed to practice in New York and admitted *pro hac vice* in this litigation. I am a partner at the law firm Cohen Milstein Sellers & Toll PLLC, and counsel of record for plaintiffs in this action. I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration in support of Plaintiffs' Response to Meta's Motion for Reconsideration of The Court's April 10, 2025 Discovery Order.

3. Meta's September 28, 2022 Rule 26 initial disclosures did not name Michel Protti, Nathan Davis, Robert Sherman, or Fred Leach.

4. In 2023, the parties engaged in lengthy negotiations concerning custodians whose documents would be produced. During those negotiations, Meta voluntarily agreed to search the files of 30 custodians. Meta never proposed that Michel Protti, Nathan Davis, Robert Sherman, or Fred Leach should be custodians, nor did Meta mention Michel Protti, Nathan Davis, Robert Sherman, or Fred Leach during the 2023 negotiations over custodians. In August 2023, Plaintiffs moved to compel Meta to add documents from additional Meta employees or former employees. Based on Plaintiffs' motion, the Court ordered three individuals who worked on privacy-related issues to be added as custodians: Graham Mudd, Erin Egan, and Mark Zuckerberg. ECF No. 315.

5. On March 14, 2025, the parties filed a joint letter brief addressing Plaintiffs' request to depose Zuckerberg. Prior to April 2025, Meta did not voluntarily identify anyone in its privacy department as a relevant witness in its initial disclosures, or otherwise, and did not propose a single custodian who worked in the privacy departments at Meta.

6. On April 2, 2025, Meta amended its Rule 26 initial disclosures to add additional names. Meta added Fred Leach as an "individual likely to have discoverable information" for the first time on April 2, 2025 in its amended Rule 26 initial disclosures.

7. On April 9, 2025, less than eight hours after the Court issued an interim order regarding Mr. Zuckerberg's deposition, Meta identified Robert Sherman for the first time in this litigation and proposed Plaintiffs should depose him on May 29. Meta has not produced any of Sherman's custodial

DECLARATION OF ERIC KAFKA IN SUPPORT OF RESPONSE TO META'S MOTION FOR
RECONSIDERATION OF THE COURT'S APRIL 10, 2025 DISCOVERY ORDER
Case No. 3:22-cv-03580-WHO (VKD)

1  documents. Because Meta has yet to produce Sherman's documents, Plaintiffs will be unable to depose
2  Sherman on May 29.

3      8.    Plaintiffs have not accepted that Fred Leach should be deposed in his personal capacity.
4  Based on the record to date, it does not appear that Leach possesses relevant information for this
5  litigation. Meta has offered a June 10 deposition date for Fred Leach. However, because Meta has not
6  produced any of Sherman's custodial documents, Plaintiffs will be unable to depose Leach in his
7  personal capacity on June 10, let alone before the May 30 fact discovery deadline.

8      9.    Meta did not identify Mr. Protti or Mr. Davis prior to filing their declarations in support
9  of this motion for reconsideration and still has not disclosed them in any Rule 26 supplement. Nor has
10  Meta offered to produce Mr. Protti or Mr. Davis's custodial documents.

11      10.    Plaintiffs propounded specific discovery requests seeking information about
12  Zuckerberg's role in this case, including meetings he had about the collection and use of health
13  information for advertising purposes, through RFPs 136 and 138.

14      11.    Plaintiffs requested Erin Egan's deposition. On February 20, 2025, Meta's counsel
15  informed me that Erin Egan would not be able to sit for a deposition due to personal reasons.

16      12.    I am not aware of any documentary or other evidence that Jenny Lin, the Meta
17  employee who conducted privacy reviews for changes made to the Pixel, has ever interacted with
18  Zuckerberg or knows about the ████████ proposal.

19      13.    If Meta's motion for reconsideration is granted, time would have to be added into the
20  schedule for Meta to produce additional custodial documents, for Plaintiffs to review those documents,
21  for the parties to schedule and take four more depositions, and then for the parties to re-brief the issue
22  of deposing Zuckerberg. Based on my knowledge of the work this would entail, I believe it would
23  require at least a four-month extension of the fact discovery period.

24      14.    In a conversation with Meta's counsel, Plaintiffs' counsel offered the possibility of a
25  short extension (beyond May 30) to depose Mark Zuckerberg due to his then-impending testimony in
26  the Meta's trial with the FTC.

27

15.     Attached hereto as Exhibit 1 is excerpted portions of the Graham Mudd Deposition Transcript.

16.     Attached hereto as Exhibit 2 is PIXEL_HEALTH000910484, a true and correct copy of a document produced by Meta titled ███████████████████████████████████████████.

17.     Attached hereto as Exhibit 3 is PIXEL_HEALTH000367090, a true and correct copy of a document produced by Meta titled ███████████████████████.

18.     Attached hereto as Exhibit 4 is excerpted portions of the Jenny Lin Deposition Transcript.

I declare under penalty of perjury under the laws of the United State of America that the foregoing is true and correct.

Executed May 7, 2025 in New York.

                                                    */s/ Eric Kafka*
                                                    Eric Kafka

DECLARATION OF ERIC KAFKA IN SUPPORT OF RESPONSE TO META'S MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 10, 2025 DISCOVERY ORDER
Case No. 3:22-cv-03580-WHO (VKD)