UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br>All Actions. | Case No. 22-cv-03580-WHO (VKD)<br><br>**ORDER RE SEALING MOTIONS**<br><br>Re: Dkt. Nos. 636, 675, 676, 679, 692, 697, 699, 706, 719, 727, 746, 752, 762, 770, 805, 838, 846, 858, 908, 916, 928, 944, 952, 977, 990, 992, 999, 1006, 1020 |
|---|---|

Pursuant to the Court's order (Dkt. No. 665), the parties submitted an omnibus sealing motion (Dkt. No. 675) addressing issues raised in multiple prior sealing motions (Dkt. Nos. 527, 544, 574, 595, 612, 618, 630, 635, 663), as well as additional motions and documents filed in connection with already pending motions to seal (Dkt. Nos. 550, 551, 578, 579, 596, 597, 606, 607, 620, 621, 643, 644, 646-654). Sealing is also requested for certain portions of the parties' omnibus sealing motion itself, as Meta claims that those designated portions are confidential. *See* Dkt. No. 676, 683, 684. The parties have also filed a number of additional sealing motions in connection with other discovery matters. *See* Dkt. Nos. 636, 679, 692, 697, 699, 706, 719, 727, 746, 752, 762, 770, 805, 838, 846, 858, 908, 916, 928, 944, 952, 977, 990, 992, 999, 1006, 1020. The vast majority of the material in question is information that Meta claims is non-public, confidential, and/or proprietary business information, the disclosure of which would cause competitive harm.

As the parties' omnibus sealing motion and subsequent sealing motions relate to various discovery matters, the good cause standard applies. *Ctr. for Auto Safety v. Chrysler Group*, *LLC*, 809 F.3d 1092, 1098-99 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir.

2006). The good cause standard requires a "particularized showing," *Kamakana*, 447 F.3d at 1180, "that specific prejudice or harm will result if no protective order is granted," *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

### A. General Guidelines

As a general matter, the Court is persuaded that good cause exists to seal non-public or confidential and proprietary information regarding Meta's business, including the names of particular tables and classification systems, descriptions of how Meta's data storage and processing systems operate, and Meta's source code. The Court will also at this time permit sealing for the personal non-public employment information about Meta's employees. The Court also finds good cause to seal personal or private information of the named plaintiffs, who currently are proceeding pseudonymously.

Conversely, the Court is not persuaded by Meta's oft-repeated blanket assertions that sealing should be granted as to certain terms or information merely because the Court previously has sealed the same or similar content in the context of different discovery matters or documents. Meta has also not demonstrated good cause to seal generic or high-level references to publicly or commonly known terms and concepts (e.g., "apps," "category(ies)," "category descriptions," "crawler(s)," "data lineage," "exemplar(s)," "field(s)," "health-related classifications," "list(s)," "projects," "sample(s)," "table(s)," or "websites"), untethered to any particular Meta confidential tool or system or divorced from context that reveals anything that Meta has demonstrated is proprietary or confidential to its business. For example, while the Court has permitted, and will at this time permit sealing of descriptions of particular exemplars discussed or produced in discovery for particular tables, classifications and/or systems, Meta has not established a basis to seal generic uses of the word "exemplar(s)" wherever it happens to appear in any document. Nor has Meta established that sealing is warranted for the mere fact that plaintiffs requested, the parties discussed, or that Meta produced "exemplars" or "samples" for certain discovery, or for the number of data sources that were the subject of the parties' sampling negotiations. Additionally,

2

as the litigation has progressed and issues have developed, the Court will not permit sealing for any information that the presiding judge has unsealed or determined is not sealable. *See, e.g.,* Dkt. Nos. 445; 659 at ECF 3 n.1; 880 at ECF 2 n.1; 892; 894; 1004.

### B. Specific Disputed Documents

The particular documents as to which the parties disagree about sealing are addressed as follows:

#### 1. August 9, 2024 Status Report (Dkt. Nos. 574-3, 575)

The parties disagree about whether sealing is warranted for two categories of information: (1) table names and (2) information describing the exemplars requested, discussed, or produced in connection with certain discovery. Meta does not dispute that a considerable number of its table names have been publicly disclosed in other litigation.[1] The sealing of any publicly disclosed table names, in and of themselves, is not justified by Meta's assertion that the other litigation is unrelated to the present one. Nevertheless, at least in the context of the status report in question and other discovery matters that the parties have filed, the Court finds good cause to maintain under seal the particular table names in question, and text describing the particular characteristics of the proposed and/or actual samples that were discussed or produced. Meta's request to maintain such information in the August 9, 2024 status report is granted, subject to the Court's general guidelines discussed above.

#### 2. Exhibit 1 to Joint Discovery Dispute Letter re Plaintiffs' RFP Nos. 163-64, 204, 243-244 and RFA Nos. 26, 27 (Dkt. No. 630-6)

The parties disagree about whether sealing is warranted for information that Meta seeks to redact from plaintiffs' discovery requests and Meta's objections and responses to those requests. Plaintiffs argue that sealing is not warranted because none of the proposed redactions reveal any non-public Meta system or tool. Meta argues that the information is sealable because, in the context of plaintiffs' discovery requests (which Meta says were drafted based on confidential and proprietary information plaintiffs have learned in discovery), the redacted information reveals

---

[1] *See In re Facebook Consumer Privacy Profile Litig.*, No. 3:18-md-02843-VC, Dkt. No. 1085-29.

3

1  ways in which Meta "may" use its tools or systems, including the kind of information Meta
2  collects, stores, and categorizes. Dkt. No. 684-1 at ECF 11. The material Meta proposes to seal
3  does not reveal any details about how Meta uses its systems and tools. In fact, most of Meta's
4  proposed redactions are generic terms, and the context in which these terms are used does not
5  reveal information likely to cause competitive injury or other harm to Meta. Additionally, Meta's
6  proposed redactions are not consistent with information that has since been made part of the public
7  record. *See, e.g.,* Dkt. Nos. 445; 640-3; 658-3; 659 at ECF 3 n.1; 880 at ECF 2 n.1; 892; 894;
8  1004, 1023-1. The request to seal this document, as proposed by Meta, is denied.

**3. Ex. 3 to Joint Discovery Dispute Letter re Up2x, Plaintiffs' Interrogatory No. 5 and RFP Nos. 6, 7, and 165 (Dkt. No. 630-10)**

The parties dispute whether the contents of Exhibits A and B to Mr. Barnes's declaration should be sealed. Plaintiffs assert that "Meta's competitors and other industry players" do not treat as confidential the kind of information reflected in these exhibits. Dkt. No. 684-1 at ECF 8-9. However, these exhibits indicate that their contents have been excerpted from Meta's source code. Plaintiffs "agree that the information contained in [these exhibits] are confidential business secrets for Meta that are not known to the general public, healthcare providers, its competitors, or Facebook users." *Id*. at ECF 8. Meta's request to seal this information is granted.

**C. Summary of Rulings**

The Court's rulings on the parties' sealing motions are summarized in the table below. Documents for which sealing is granted shall remain under seal. No further action is required as to those documents. With respect to prior discovery orders as to which the parties were invited to propose redactions: Absent objection received by **June 4, 2025**, the Court will file a redacted version of those orders on the public docket, consistent with the rulings below and the general guidelines discussed above. For all other documents as to which sealing is (1) denied, (2) granted in part and denied in part, or (3) granted subject to the general guidelines discussed above, Meta shall file revised redacted versions of those documents to ensure that information that the Court has determined is not sealable is not redacted from the public record. Meta shall file its revised redacted versions of those documents **by June 23, 2025**.

| Document | Portions for Which Sealing is Requested | Ruling |
|---|---|---|
| July 1, 2024 discovery letter brief (Dkt. Nos. 526, 527-8) | Highlighted portions of Dkt. No. 533 | GRANTED, subject to general guidelines above |
| Barnes Declaration (Dkt. Nos. 526-1, 527-3) | Highlighted portions of Dkt. No. 534 | GRANTED, subject to general guidelines above |
| Shafiq Declaration (Dkt. Nos. 526-2, 527-4) | Highlighted portions of Dkt. No. 535 | GRANTED. |
| Hashmi Declaration (Dkt. Nos. 526-3, 527-5) | Highlighted portions of Dkt. No. 536 | GRANTED |
| Xia Declaration Dkt. Nos. 526-4, 527-6) | Highlighted portions of Dkt. No. 537 | GRANTED |
| Woodridge Declaration (Dkt. Nos. 526-5, 527-7) | Highlighted portions of Dkt. No. 538 | GRANTED |
| July 12, 2024 Status Report (Dkt. Nos. 544-3, 545) | Highlighted portions of Dkt. No. 550 | GRANTED, subject to general guidelines above |
| August 9, 2024 Status Report (Dkt. Nos. 574, 575 | Highlighted portions of Dkt. No. 578 | GRANTED, subject to general guidelines above |
| Exhibit 1 to Terrell Declaration (Dkt. Nos. 595-3, 597-1) | Highlighted portions of Dkt. No. 606 | GRANTED |
| Parties' September 5, 2024 proposed discovery protocol (Dkt. Nos. 611, 612-3) | Green highlighted portions of Dkt. No. 620 | GRANTED, subject to general guidelines above |
| September 12, 2024 Stipulation Regarding Sampling from Certain Tables (Dkt. Nos. 618, 619) | Highlighted portions of Dkt. No. 643 | GRANTED, subject to general guidelines above |
| September 16, 2024 Joint Discovery Dispute Letter re Plaintiffs' Interrogatory No. 3 (Dkt. No. 630-3) | Highlighted portions of Dkt. No. 646 | GRANTED, subject to general guidelines above |

5

| Document | Portions for Which Sealing is Requested | Ruling |
|---|---|---|
| September 16, 2024 Joint Discovery Dispute Letter re Plaintiffs' RFP Nos. 163-64, 204, 243-244 and RFA Nos. 26, 27 (Dkt. Nos. 630-5) | Highlighted portions of Dkt. No. 647 | GRANTED, subject to general guidelines above. Additionally, Meta has not demonstrated good cause to seal text on p. 7 of the letter, in connection with the bullet-pointed discussion regarding "RFP 164." |
| Exhibit 1 to Joint Discovery Dispute Letter re Plaintiffs' RFP Nos. 163-64, 204, 243-244 and RFA Nos. 26, 27 (Dkt. No. 630-6) | Green highlighted portions of Dkt. No. 648 | DENIED |
| September 16, 2024 Joint Discovery Dispute Letter re up2x, Plaintiffs' Interrogatory No. 5, RFP Nos. 6, 7, and 165 (Dkt. No. 630-7) | Highlighted portions of Dkt. No. 649 | GRANTED, subject to general guidelines above |
| Ex. 1 to Joint Discovery Dispute Letter re up2x, Plaintiffs' Interrogatory No. 5 and RFP Nos. 6, 7, and 165 (Dkt. No. 630-8) | Green highlighted portions of Dkt. No. 650 | GRANTED |
| Ex. 2 to Joint Discovery Dispute Letter re up2x, Plaintiffs' Interrogatory No. 5 and RFP Nos. 6, 7, and 165 (Dkt. No. 630-9) | Highlighted portions of Dkt. No. 651 | GRANTED |
| Ex. 3 to Joint Discovery Dispute Letter re up2x, Plaintiffs' Interrogatory No. 5 and RFP Nos. 6, 7, and 165 (Dkt. No. 630-10) | Highlighted portions of Dkt. No. 652 | GRANTED |
| Ex. 4 to Joint Discovery Dispute Letter re up2x, Plaintiffs' Interrogatory No. 5 and RFP Nos. 6, 7, and 165 (Dkt. 630-11) | Highlighted portions of Dkt. No. 653 | GRANTED |

| Document | Portions for Which Sealing is Requested | Ruling |
|---|---|---|
| Exhibit C to Barnes Declaration in support of Joint Discovery Dispute Letter re up2x, Plaintiffs' Interrogatory No. 5, and Plaintiffs' RFP Nos. 6, 7, and 165 (Dkt. 632) | Entire document (Dkt. No. 635-3) | GRANTED |
| Exhibit D to Barnes Declaration in support of Joint Discovery Dispute Letter re up2x, Plaintiffs' Interrogatory No. 5, and Plaintiffs' RFP Nos. 6, 7, and 165 (Dkt. 633) | Entire document (Dkt. No. 635-4) | GRANTED |
| Exhibit E to Barnes Declaration in support of Joint Discovery Dispute Letter re up2x, Plaintiffs' Interrogatory No. 5, and Plaintiffs' RFP Nos. 6, 7, and 165 (Dkt. 634) | Entire document (Dkt. No. 635-5) | GRANTED |
| October 16, 2024 Joint Status Report Re: Protocol for Review and Production of Relevant Data Sources (Dkt. 663-3) | Highlighted portions of Dkt. No. 668 | GRANTED, subject to general guidelines above |
| Omnibus sealing motion (Dkt. No. 675) | Highlighted portions of Dkt. No. 683 | GRANTED IN PART AND DENIED IN PART. GRANTED as to Meta's proposed redactions on Dkt. No. 683 at ECF 6; ECF 8, line 17; and ECF 9 line 11 (first five redacted words only). DENIED as to Meta's proposed redactions on ECF 4; ECF 8, line 16; ECF 9, line 6; ECF 9 lines 11-12 (i.e., all text after first five redacted words); ECF 40; and ECF 43. |
| Meta's proposed redactions to Order re Protocol for Review and Production of Relevant Data Sources (Dkt. No. 614) | Proposed redactions in Dkt. No. 636 | GRANTED IN PART AND DENIED IN PART per general guidelines above |

7

| Document | Portions for Which Sealing is Requested | Ruling |
|---|---|---|
| Second Joint Status Report re Protocol for Review and Production of Relevant Data Sources (Dkt. Nos. 678, 679-3) | Highlighted portions of Dkt. No. 689 | GRANTED, subject to general guidelines above |
| Proposed redactions to Order re September 13, 2024 Discovery Disputes re Health-Related Classifications (Dkt. No. 685) | Highlighted portions of Dkt. No. 692-2 | GRANTED IN PART AND DENIED IN PART per general guidelines above |
| Parties' Third Joint Status Report Filed Pursuant to Dkt. Nos. 614 & 687 (Dkt. Nos. 696, 697-3) | Highlighted portions of Dkt. No. 709 | GRANTED, subject to general guidelines above |
| Joint Discovery Dispute Letter re Named Plaintiffs Data (Dkt. Nos. 698/699) and Exhibits 1 and 2 (Dkt. Nos. 699-4 and 699-5) | Highlighted portions of Dkt. No. 713 | GRANTED IN PART AND DENIED IN PART: GRANTED as to the discovery dispute letter, subject to general guidelines above.<br><br>DENIED as to Exhibits 1 and 2 to the letter, as apparently no one claims that the information in those documents should be sealed. Absent objection received **by June 4, 2025**, the Court will direct the Clerk to unseal those exhibits, Dkt. Nos. 699-4 and 699-5. |
| Exhibit 2 to Joint Discovery Dispute Letter re Plaintiffs' Privacy Redactions (Dkt. No. 706-2) | Entire document | GRANTED |
| Joint Status Report Regarding Dkt. No. 685 (Dkt. No. 719) | Highlighted portions of Dkt. No. 723 | GRANTED as to the proposed redaction on Dkt. No. 723 at ECF 3, line 9 (last three words) through line 10. Otherwise DENIED. |
| Joint Discovery Dispute Letter re Plaintiffs' Interrogatory Nos. 1 and 3 (Dkt. No. 727-3) | Highlighted portions of Dkt. No. 730 | GRANTED, subject to general guidelines above |

| Document | Portions for Which Sealing is Requested | Ruling |
|---|---|---|
| Exhibit 1 to Joint Discovery Dispute Letter re Plaintiffs' Interrogatory Nos. 1and 3 (Dkt. No. 727-4) | Green highlighted portions of Dkt. No. 730-1 | GRANTED, subject to general guidelines above |
| Exhibit 2 Joint Discovery Dispute Letter re Plaintiffs' Interrogatory Nos. 1 and 3 (Dkt. No. 727-5) | Green highlighted portions of Dkt. No. 730-2 | GRANTED, subject to general guidelines above |
| December 13, 2024 Joint Discovery Dispute Letter (Dkt. No. 727-6) | Highlighted portions of Dkt. No. 731 | GRANTED, subject to general guidelines above |
| January 7, 2025 Joint Status Report (Dkt. No. 746-3) | Highlighted portions of Dkt. No. 766 | GRANTED, subject to general guidelines above |
| January 10, 2025 Joint Status Report (Dkt. No. 752-3) | Highlighted portions of Dkt. No. 782 | GRANTED, subject to general guidelines above |
| January 13, 2025 Joint Discovery Dispute Letter re Plaintiffs' Interrogatory No. 12 (Dkt. No. 762-3) | Highlighted portions of Dkt. No. 786 | GRANTED, subject to general guidelines above |
| January 14, 2025 Joint Discovery Dispute Letter re Additional Custodians (Dkt. No. 770-3) | Highlighted portions of Dkt. No. 788 | GRANTED, subject to general guidelines above |
| Exhibit to Joint Discovery Dispute Letter re Plaintiffs' Interrogatory No. 12 (Dkt. No. 805-3) | Green highlighted portions of Dkt. No. 810 | GRANTED |
| February 12, 2025 Joint Status Report (Dkt. No. 838-3) | Highlighted portions of Dkt. No. 859 | GRANTED, subject to general guidelines above |
| February 14, 2025 Joint Status Report (Dkt. No. 846-3) | Highlighted portions of Dkt. No. 881 | GRANTED |

| Document | Portions for Which Sealing is Requested | Ruling |
|---|---|---|
| Meta's proposed redactions to Order re January 13, 2025 Discovery Dispute re Plaintiffs' Interrogatory No. 12 (Dkt. No. 817) | Highlighted portions of Dkt. No. 858-3 | GRANTED IN PART; DENIED IN PART per general guidelines above |
| March 14, 2025 Joint Discovery Dispute Letter re Mr. Zuckerberg's Deposition (Dkt. No. 908-4) | Highlighted portions of Dkt. No. 919 | DENIED as to proposed redactions in the first two lines of letter, Dkt. No. 919 at ECF 6 (i.e., after the words "Section B(II)(i) concerns . . ..").<br><br>Otherwise, GRANTED. |
| March 19, 2025 Joint Discovery Dispute Letter re Singhal Documents (Dkt. No. 916-3) | Highlighted portions of Dkt. No. 935 | GRANTED |
| March 24, 2025 Joint Discovery Dispute Letter re 30(b)(6) Topics and Exhibits 1 and 2 (Dkt. Nos. 928-3 through 928-5) | Highlighted portions of Dkt. Nos. 946, 946-1, and 946-2 | GRANTED, subject to general guidelines above |
| Supplemental Exhibit re March 24, 2025 Joint Discovery Dispute Letter re 30(b)(6) Topics (Dkt. No. 944-3) | Highlighted portions of Dkt. No. 953 (as reflected in Dkt. No. 954-2) | GRANTED, subject to general guidelines above |
| Exhibit A to Administrative Motion re Discovery Dispute Procedure (Dkt. No. 952-3) | Highlighted portions of Dkt. No. 952-3 | GRANTED, subject to general guidelines above |
| April 15, 2025 Joint Discovery Dispute Letter re Market Value of Personal Information (Dkt. No. 977-3) | Highlighted portions of Dkt. No. 982 | GRANTED |
| Order re March 24, 2025 Discovery Dispute Letter re Plaintiffs' Rule 30(b)(6) Deposition of Meta (Dkt. No. 969) | Highlighted portions of Dkt. No. 990-3 | GRANTED IN PART, DENIED IN PART per general guidelines above |

| Document | Portions for Which Sealing is Requested | Ruling |
|---|---|---|
| April 25, 2025 Joint Discovery Dispute Letter re Non-Healthcare Advertiser Revenue and Exhibits (Dkt. No. 992-3) | Highlighted portions of Dkt. No. 1009 (as reflected in Dkt. No. 1010-2) | GRANTED, subject to general guidelines above |
| Deposition Transcript of Graham Mudd (Dkt. No. 999-3) | Highlighted portions of Dkt. No. 999-3 | GRANTED |
| Motion for Reconsideration of Court's April 10, 2025 Discovery Order (Dkt. No. 1006-3) | Highlighted portions of Dkt. No. 1006-3 | GRANTED |
| Declaration of Kory Hines (Dkt. No. 1006-4) | Highlighted portions of Dkt. No. 1006-4 | GRANTED |
| Declaration of Robert Sherman (Dkt. No. 1006-5) | Highlighted portions of Dkt. No. 1006-5 | GRANTED |
| Declaration of Michel Protti (Dkt. No. 1006-6) | Highlighted portions of Dkt. No. 1006-6 | GRANTED |
| Plaintiffs' Response re Meta's Motion for Reconsideration of Court's April 10, 2025 Discovery Order and Exhibits (Dkt. No. 1020-3) | Highlighted portions of Dkt. No. 1026 | GRANTED |
| Declaration of Eric Kafka (Dkt. No. 1020-4) | Highlighted portions of Dkt. No. 1026-1 | GRANTED |
| Exhibit 1 to Kafka Declaration (Dkt. No. 1020-5) | Highlighted portions of Dkt. No. 1026-2 | GRANTED |
| Exhibit 2 to Kafka Declaration (Dkt. No. 1020-6) | Entire document | GRANTED |
| Exhibit 3 to Kafka Declaration (Dkt. No. 1020-7) | Entire document | GRANTED |

| Document | Portions for Which Sealing is Requested | Ruling |
|---|---|---|
| Exhibit 4 to Kafka Declaration (Dkt. No. 1020-8) | Highlighted portions of Dkt. No. 1026-3 | GRANTED |

**IT IS SO ORDERED.**

Dated: May 21, 2025

Virginia K. DeMarchi
United States Magistrate Judge