**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:   (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:   (415) 393-8200
Facsimile:    (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION | Case No. 3:22-cv-3580-WHO |
| | **DEFENDANT META PLATFORMS, INC.'S NOTICE OF MOTION AND MOTION TO SANCTION PLAINTIFFS FOR VIOLATING THE COURT'S MAY 7, 2025 ORDER (DKT. 1017)** |
| This Document Relates To:<br>All Actions | <u>CLASS ACTION</u> |
| | Date: July 15, 2025<br>Time: 10:00 a.m.<br>Courtroom 2 |
| | **HON. VIRGINIA K. DEMARCHI** |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on July 15, 2025, at 10:00 a.m., before the Honorable Virginia K. DeMarchi of the United States District Court for the Northern District of California, Courtroom 2, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Meta Platforms, Inc. ("Meta"), will, and hereby does, move this Court pursuant to Federal Rule of Civil Procedure 37 for an order sanctioning plaintiffs for Jane Doe VI's failure to appear for deposition in violation of this Court's May 7, 2025 Order (Dkt. 1017).

The motion is based upon this notice of motion; the memorandum of points and authorities in support thereof that follows; the declaration of Abigail A. Barrera and the proposed order filed concurrently herewith; the pleadings, records, and papers on file in this action; oral argument of counsel; and any other matters properly before the Court.

## STATEMENT OF ISSUES TO BE DECIDED

Should the Court sanction plaintiffs for violating this Court's May 7, 2025 order?

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

On May 7, 2025, this Court ordered Jane Doe VI to appear for deposition by May 30 and warned that "[i]f Jane Doe VI fails to appear for deposition or otherwise fails to comply with this order, she and/or plaintiffs will be subject to sanctions as provided in Rule 37(d)(3) of the Federal Rules of Civil Procedure." Dkt. 1017 ("May 7 Order") at 1-2. Despite Meta's repeated efforts to accommodate Jane Doe VI's still unidentified health issues, including by offering to conduct the deposition remotely over shorter periods or multiple days, Jane Doe VI refused to appear for deposition, without any justification or offering any proposed alternative accommodations. Further, plaintiffs' counsel waited to raise that Jane Doe VI wanted to withdraw as a named plaintiff until weeks *after* they missed the Court-ordered deadline to identify her deposition date (and just one week before the close of discovery). Per the express terms of this Court's May 7 Order, Jane Doe VI and plaintiffs are now "subject to sanctions" for failing to comply.

### STATEMENT OF FACTS

The facts relevant to this Motion are undisputed. Prior to this Court's May 7 Order, plaintiffs' counsel cancelled Jane Doe VI's properly noticed deposition just 13.5 hours before it was scheduled to commence. *See* Dkt. 1016 at 1. That cancellation violated this Court's February 18 Order, which prohibited a party from canceling a deposition "absent a written stipulation or order of the Court." Dkt. 850 at 3. After plaintiffs repeatedly refused to reschedule her deposition, Meta was forced to file a joint letter brief, asking this Court to compel Jane Doe VI's deposition. *See* Dkt. 1016.

This Court promptly granted Meta's request to compel Jane Doe VI's deposition and (1) required plaintiffs to provide deposition dates for Jane Doe VI by May 9; (2) authorized Meta to unilaterally notice Jane Doe VI's deposition if no such dates were provided; (3) ordered Meta to endeavor to accommodate Jane Doe VI's unidentified health issues; and (4) warned plaintiffs that their failure to comply with that Order would result in sanctions. Dkt. 1017. On May 9, plaintiffs' counsel informed Meta that they were in contact with Jane Doe VI but were unable to provide dates for her deposition, in violation of this Court's May 7 Order. Barrera Decl. ¶ 2. Plaintiffs again indicated that Jane Doe VI's health issues impacted her ability to sit for deposition, though they never identified what

health issues she has, why they prevent her from sitting for deposition, what accommodations were necessary, or alternatively, why there was no conceivable accommodation that would allow the deposition to proceed.  *Id.*

On May 19, Meta noticed Jane Doe VI's deposition for May 28, a unilaterally selected date as authorized by this Court's May 7 Order, and offered to work with plaintiffs on an agreeable location and provide any accommodations needed in light of Jane Doe VI's still unidentified health issues.  *Id.* ¶ 3.  Plaintiffs' counsel did not respond, so Meta followed up on May 22.  Plaintiffs' counsel then stated that Jane Doe VI continued to experience unidentified health issues, was purportedly "unable" to sit for deposition, and asked Meta to agree to voluntarily dismiss her claims without prejudice so she could continue as an absent putative class member.  *Id.* ¶ 4.  Meta responded on May 23, informing plaintiffs that it did not agree to the dismissal without prejudice or plaintiffs' unilateral cancellation of Jane Do VI's May 28 deposition.  *Id.* ¶ 5.  Meta offered again to provide accommodations, including by taking the deposition virtually, taking more breaks, or splitting the deposition over the course of multiple days.  *Id*.  Plaintiffs' counsel did not respond until May 27—just a day before Jane Doe VI's deposition—and refused to engage with Meta's proposal to provide reasonable accommodations.  Instead, plaintiffs' counsel stated Jane Doe VI would not appear for deposition, and asked Meta to stipulate to Jane Doe VI's dismissal with prejudice.  *Id.* ¶ 6.  Meta agreed to so stipulate if plaintiffs agreed to an adverse inference related to Jane Doe VI's deposition, but plaintiffs rejected this proposal.  *Id.* ¶ 7.  And after failing to seek relief from this Court from its May 7 Order or pursuant to its February 18 Order, plaintiffs sought to circumvent this Court by filing a motion for Jane Doe VI's dismissal on May 30, 2025.  *Id.* ¶ 8.

## ARGUMENT

This Court has already found that "[i]f Jane Doe VI fails to appear for deposition or otherwise fails to comply with this order, she and/or plaintiffs will be subject to sanctions as provided in Rule 37(d)(3) of the Federal Rules of Civil Procedure," which authorizes any kind of sanctions listed under Rule 37(b)(2)(A). Dkt. 1017 at 1-2; Fed. R. Civ. P. 37(d)(3).  Plaintiffs indisputably failed to comply with the Court's May 7 Order:  they did not provide a date for Jane Doe VI's deposition by May 9; they again unilaterally cancelled her properly noticed deposition; and Jane Doe VI failed to appear for

her deposition. Plaintiffs' repeated disregard of this Court's orders should not be permitted, as this Court has already recognized. Dkt. 1017 at 2. The only remaining question is what kind of sanctions should issue.

Rule 37 provides courts with wide latitude to impose sanctions upon parties who fail to obey a discovery order or appear for a deposition. "[P]ossible sanctions for violation of a discovery order" or for failure to attend a deposition "include issue establishment, evidence or issue preclusion, striking pleadings in whole or in part, staying further proceedings until the order is obeyed, dismissal, and/or default judgment against the disobedient party." *Sec. & Exch. Comm'n v. Hong*, 2021 WL 4803497, at *4 (C.D. Cal. Sept. 17, 2021), *report and recommendation adopted*, 2021 WL 4923310 (C.D. Cal. Oct. 21, 2021). "Willfulness, bad faith, or fraud are not prerequisites to the imposition of sanctions under Rule 37(b); a party's culpability is relevant only in determining which sanctions are appropriate, not whether sanctions should be imposed." *Rio Props., Inc. v. Steward Annoyances, Ltd.*, 2005 WL 3846234, at *7 (D. Nev. Oct. 7, 2005).

Here, Meta does not seek the harshest sanctions of dismissal or default. Instead, it seeks an adverse inference tailored specifically to addressing Jane Doe VI's refusal to appear for her deposition. This request is well-supported: Courts in the Ninth Circuit have repeatedly ordered adverse inferences for a party's failure to appear for deposition. For example, in *SEC v. Hong*, a party failed to appear for deposition after being specifically ordered to do so, just like here. 2021 WL 4803497, at *4. The court found that to mitigate prejudice to the noticing party, it was appropriate to award sanctions that included instructing the jury at any trial that the offending party was "ordered to appear for remote deposition," "failed to do so," and "that the jury may infer based on [the party's] refusal to appear for their depositions that [the party's] testimony would have been harmful to them." *Id*. At *7. Another court found the same remedy appropriate where a party ordered to appear for deposition refused to do so. *See C.B. v. Moreno Valley Unified Sch. Dist.*, 2023 WL 6782320 (C.D. Cal. Sept. 18, 2023), *report and recommendation adopted*, 2023 WL 6964729 (C.D. Cal. Oct. 18, 2023) (awarding a sanction that the jury will be instructed that the noncompliant party failed to appear for deposition and the jury may infer from their failures to appear that their testimony would have been harmful to them). Imposing an adverse inference as a sanction directly addresses the noncompliant party's refusal to appear for

deposition and abide by the courts' orders and helps ameliorate the harm to the party deprived of the discovery it was entitled to vis-à-vis a deposition. Just as in *Hong* and *Moreno Valley*, an adverse inference is warranted here since plaintiffs deprived Meta of pertinent discovery and defied this Court's Orders. Specifically, Meta requests that the Court impose the following adverse inference, which establishes the admissions Meta anticipated it may have obtained during her deposition:

> Jane Doe VI was ordered to appear for deposition and failed to do so, and the Court and jury may infer from her failure to appear that her testimony would have been harmful to her. Specifically, the Court and jury may infer:
>
> 1. Jane Doe VI read and agreed to Meta's (including Facebook and Instagram)[1] and Kaiser Permanente's privacy policies, terms of service, and cookies policies that were in effect during the class period.
>
> 2. Jane Doe VI knew, as of the start of class period, that Kaiser Permanente was sending the information at issue in the complaint to Meta.
>
> 3. Jane Doe VI continued to use Facebook, Instagram, and Kaiser Permanente websites and/or applications after learning about Meta's alleged receipt of her data from Kaiser Permanente and did not take any actions (such as adjusting settings) to limit Meta's receipt or use of her data.
>
> 4. Jane Doe VI shared the same type of information at issue in her complaint, including her status as a patient of Kaiser Permanente, on Facebook and Instagram.
>
> 5. Jane Doe VI was not served any ads that were based on the information she alleges Kaiser shared with Meta without her consent.
>
> 6. Jane Doe VI has never sold or made money from her data or personal information and does not intend to do so.
>
> 7. Jane Doe VI is able to use her devices to communicate with her healthcare providers, and the devices have not slowed, stopped working, or suffered any impact to storage or memory based on her allegations.

---

[1] *See* Plaintiff Jane Doe VI's First and Second Supplemental Responses to Def. Interrogatory No. 1 (verifying Jane Doe VI has Facebook and Instagram accounts throughout the class period).

## CONCLUSION

Meta respectfully requests that the Court sanction plaintiffs pursuant to its May 7 Order and Rule 37 for plaintiffs' violation of this Court's May 7, 2025 Order by imposing the adverse inference specified above.

Dated: June 5, 2025

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Lauren R. Goldman*
Lauren R. Goldman

*Attorney for Meta Platforms, Inc.*