**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:   (212) 351-4000
Facsimile:   (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:   (415) 393-8200
Facsimile:   (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION | Case No. 3:22-cv-3580-WHO |
| | **DECLARATION OF ABIGAIL A. BARRERA IN SUPPORT OF MOTION TO SANCTION PLAINTIFFS FOR VIOLATING THE COURT'S MAY 7, 2025 ORDER (DKT. 1017)** |
| This Document Relates To: | *[Motion to Sanction Plaintiffs and [Proposed] Order filed concurrently herewith]* |
| All Actions | <u>CLASS ACTION</u> |
| | **HON. VIRGINIA K. DEMARCHI** |

I, Abigail A. Barrera, declare as follows:

1. I am an attorney admitted to practice law in the State of California. I am a partner at the law firm of Gibson, Dunn & Crutcher LLP, and I represent Defendant Meta Platforms, Inc. ("Meta") in the above-referenced action. I submit this declaration in support of Meta's Motion to Sanction Plaintiffs for Violation of the Court's May 7, 2025 Order ("Motion"). Unless otherwise stated, the following facts are within my personal knowledge and, if called and sworn as a witness, I could and would testify competently to them.

2. On May 9, 2025, Jenny Paulson, counsel for plaintiffs, informed Meta that plaintiffs' counsel "were able to make contact" with Jane Doe VI but she was "still experience health issues and [they] were unable to obtain her availability for her deposition." Ms. Paulson did not identify what health issues Jane Doe VI has, why they prevent her from sitting for deposition, what accommodations were necessary, or alternatively, why there was no conceivable accommodation that would allow the deposition to proceed.

3. On May 19, Meta noticed Jane Doe VI's deposition for May 28, a unilaterally selected date as authorized by this Court's May 7 Order, for the location previously requested by plaintiffs, offered to relocate the deposition if plaintiffs so preferred, and requested plaintiffs to provide details of Jane Doe VI's health conditions and any accommodation request as soon as possible.

4. Plaintiffs' counsel did not respond, so Erin McAndrews, counsel for Meta, followed up on May 22. Eric Johnson, counsel for plaintiffs, then stated that Jane Doe VI "continue[d] to experience several significant health issues that are causing severe pain and physical limitations." Mr. Johnson continued that "[a]s a result, [Jane Doe VI] is unable to sit for a deposition and requests that Meta agree to voluntarily dismiss her claims without prejudice, allowing her to continue as an absent putative class member."

5. Leonora Cohen, counsel for Meta, responded on May 23, informing plaintiffs that it did not agree to the dismissal without prejudice or plaintiffs' unilateral cancellation of Jane Do VI's May 28 deposition. Ms. Cohen continued, "Meta is willing to provide accommodations in light of Jane Doe VI's health issue so that her deposition can proceed, including by taking the deposition virtually and taking more breaks or splitting the depo[sition] so it occurs over multiple days." Ms. Cohen requested

that plaintiffs' counsel provide "the specifics of Jane Doe VI's limitations, and what accommodations can be made so that the deposition can proceed consistent with Judge DeMarchi's Order (Dkt. 1017)."

6. Plaintiffs' counsel did not respond to Meta's May 23 correspondence until May 27—just a day before Jane Doe VI's deposition—and refused to engage with Meta's proposal to provide reasonable accommodations.

7. On May 27, Ms. Paulson, plaintiffs' counsel, stated Jane Doe VI "will still be unable to site of her deposition or further participate in the case," and asked Meta to stipulate to Jane Doe VI's dismissal with prejudice. On May 29, Ms. Cohen responded on behalf of Meta that Meta would stipulate to Jane Doe VI's dismissal if plaintiffs agreed to an adverse inference related to Jane Doe VI's deposition. On May 30, Ms. Paulson rejected this proposal on behalf of plaintiffs.

Executed this 5th day of June, 2025 in San Francisco, California.

　　　　　　　　　　　　　　　　　　　　　/s/ Abigail A. Barrera
　　　　　　　　　　　　　　　　　　　　　Abigail A. Barrera

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Lauren Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: May 27, 2025                                        */s/ Lauren Goldman*