**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:    (415) 393-8200
Facsimile:    (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

|  |  |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION, | Case No. 3:22-cv-03580-WHO (VKD) |
| _____ | **DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |
| This Document Relates To: | |
| All Actions | Hon. Virginia K. DeMarchi |

I, Lauren R. Goldman, state and declare as follows:

1.     I am an attorney licensed to practice in the State of New York.  I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in these actions.  I am admitted *pro hac vice* to practice before this Court.  I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1]  I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2.     I submit this declaration under Local Rule 79-5(f)(3) in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  Dkt. No. 1036.  Meta seeks to seal narrowly tailored portions of the Joint Discovery Dispute Letter regarding Request for Production 251 and its exhibits, which were filed at Dkt. No. 1037 (the "Joint Letter and Exhibits").  Meta proposes to redact specific, non-public information in the Joint Letter and Exhibits that contains highly confidential business information about Meta's proprietary data classification systems (including the names of the classification systems), proprietary data processing tools, and specific, non-public information regarding strategic issues and analysis by Meta employees.

3.     In determining whether to permit documents to be filed under seal, this Court should apply the "good cause" test for "sealed materials attached to a discovery motion unrelated to the merits of a case."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *see Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).  The good cause standard generally applies to discovery-related filings because "discovery is largely 'conducted in private as a matter of modern practice,'" and "the public is not presumed to have a right of access to it."  *Ctr. For Auto Safety*, 809 F.3d at 1097 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)).  Here, as the Court has previously recognized, the good cause test applies because the Joint

---

[1]  This Court and others in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5.  *See, e.g.*, Dkt. Nos. 448, 466, 509, 593; *see also Avago Techs. Fiber IP (Singapore) PTE. Ltd., v. IPtronics Inc.*, No. 5:10-cv-02863-EJD, Dkt Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., v. OpenTV Inc.*, No. 5:13-cv-00282-EJD, Dkt. Nos. 76, 82 (N.D. Cal. Oct. 8, 2013).  I am personally familiar with Meta's practices of safeguarding proprietary information, including based on my experience representing Meta for many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

Letter and Exhibits were submitted by the parties in connection with a discovery dispute. *See, e.g.,* Dkt. Nos. 451, 509, 1030. *See also Grace v. Apple, Inc.,* No. 17-CV-00551 LHK (NC), 2018 WL 11319051, at \*1 (N.D. Cal. Apr. 3, 2018) (applying the good cause test to a motion to seal materials in connection with a discovery dispute).

4.     Sealing is appropriate here for several reasons. *First*, Meta's sealing request is "narrowly tailored to seek sealing only of sealable material." *Singh v. Costco Wholesale Corp.*, No. 20-CV-08180-NC, 2023 WL 4335287, at \*1 (N.D. Cal. May 11, 2023). Meta asks the Court to seal only those parts of the Joint Letter and Exhibits which reveal proprietary, commercially sensitive, and confidential information about Meta's data classification systems, data processing tools, and internal business analysis. *Second*, as the Supreme Court has recognized, the public right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also* Dkt. No. 157 at 3 (Judge Orrick in this case confirming that "competitive harm is a compelling reason to seal"). Meta is likely to suffer harm if highly confidential information regarding the non-public systems integral to its classification of information, data processing tools, and internal business analysis is made public. *Third*, there is "a compelling reason to seal" information that could compromise a party's "network infrastructure and security systems." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at \*6 (N.D. Cal. June 30, 2015). The less stringent "good cause" standard is clearly met here because the disclosure of specific information about Meta's confidential data classification systems would cause Meta competitive harm.

5.     Competitive harm is likely if Meta's highly confidential information is made public. Meta operates in an intensely competitive marketplace and has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage. Disclosure of the information Meta seeks to seal would provide these competitors with unfair insight into how Meta's systems are designed and operate, giving competitors the ability to "duplicate features of" Meta's systems and technical infrastructure "which could cause competitive harm." *In re Google Inc. Gmail Litig.*, 13–MD–02430–LHK, 2013 WL 5366963, at \*3 (N.D. Cal.

Sept. 25, 2013) (finding "compelling reasons to seal" materials relating to "descriptions of how Gmail operates").

6.     Courts routinely protect the type of information that Meta seeks to seal here.  *See* Dkt. No. 157 at 3–4 (collecting cases); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (holding "confidential . . . commercial information" was entitled to protection from disclosure); *see also Calhoun v. Google LLC*, No. 20-CV-05146-YGR (SVK), 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022) (allowing redactions for references to "sensitive features of Google's internal systems and operations, including the various types of data sources which include information related to Google's data logs, internal data structures, internal identifiers and their proprietary functions"); *Ojmar US, LLC v. Sec. People, Inc.*, No. 16-CV-04948-HSG, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (noting protections afforded by courts within the Ninth Circuit are broad and extend to "confidential information regarding [a defendant's] products, services, and business practices").  Notably, this Court has already found good cause and ordered sealing of some of the same (or very similar) information Meta seeks to seal here.  *See, e.g.,* Dkt. Nos. 339-3, 350-6, 372, 533, 535, 536, 646, 647, 649, 651, 652, 703, 730-2, 734, 1009, 1030 (sealing, *inter alia*, specific non-public information about Meta's classification systems); Dkt. Nos. 485, 515, 919 935, 999-3, 1006-3, 1006-4, 1006-5, 1006-6, 1020-6, 1020, 71026, 10261-1, 1026-2, 1026-3, 1030 (sealing non-public information regarding strategic issues and analysis by Meta employees); Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 533, 534, 535, 536, 537, 538, 550, 578, 620, 643, 646, 647, 649, 650, 651, 652, 703, 734, 1030 (sealing confidential information about Meta's data storage systems); Dkt. Nos. 786, 810, 858-3, 946, 946-1, 946-2, 953, 1030 (sealing proprietary information about Meta's data processing tools).  Plaintiffs filed the Joint Letter and Exhibits provisionally under seal in their entirety.  Meta proposes narrowly tailored redactions that would keep only sensitive, non-public material sealed.  Meta's position regarding material that should be sealed is set forth in the following table:

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Joint Discovery Dispute Letter re Request for Production 251 | Parts of page 2, paragraph 2; page 5, paragraph 5.<br><br>(highlighted in green Dkt. No. 1053) | Meta | This text should be redacted because it describes specific, sensitive, non-public information regarding strategic issues and analysis by Meta employees that could cause competitive harm to Meta if not maintained under seal. The Court has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 485, 515, 919 935, 999-3, 1006-3, 1006-4, 1006-5, 1006-6, 1020-6, 1020, 71026, 10261-1, 1026-2, 1026-3, 1030. |
| Exhibit 1 | Parts of page 5, lines 4, 10; page 9, line 27.<br><br>(highlighted in green Dkt. No. 1053-1) | Meta | This text should be redacted because it reveals specific, non-public information regarding Meta's proprietary classification systems, including the names of Meta's classification systems. If disclosed, this information would cause Meta competitive harm. The Court has previously ordered information about Meta's classification systems to be sealed. *See, e.g.*, Dkt. Nos. 339-3, 350-6, 372, 533, 535, 536, 646, 647, 649, 651, 652, 703, 730-2,734, 1009, 1030. |
| Exhibit 1 | Parts of page 9, line 26.<br>(highlighted in green Dkt. No. 1053-1) | Meta | This text should be redacted because it reveals specific, non-public information regarding Meta's proprietary data processing tools, including the names of the tools. If this information were disclosed, it would competitively harm Meta. The Court has previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 786, 810, 858-3, 946, 946-1, 946-2, 953, 1030 |
| Exhibit 2 | Page 9, line 1.<br><br>(highlighted in green Dkt. No. 1053-2) | Meta | This text should be redacted because it describes specific, sensitive, non-public information regarding strategic issues and analysis by Meta employees that could cause competitive harm to Meta if not maintained under seal. The Court has previously ordered this type of information to be sealed. *See* Dkt. Nos. 485, 515, 919 935, 999-3, 1006-3, 1006-4, 1006-5, 1006-6, 1020-6, 1020, 71026, 10261-1, 1026-2, 1026-3, 1030. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 6th day of June 2025 in New York, New York.

*/s/ Lauren R. Goldman*
Lauren R. Goldman

DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:22-CV-03580-WHO (VKD)