# Propose Redacted Version of Exhibit 2 (Dkt. No. 1036-5)

# Exhibit 2

# **<u>FILED UNDER SEAL</u>**

**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:     (212) 351-4000
Facsimile:     (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:     (415) 393-8200
Facsimile:     (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates to:<br><br>All Actions. | Case No. 3:22-cv-3580-WHO (VKD)<br><br><u>CLASS ACTION</u><br><br>**DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET TEN**<br><br>The Honorable William H. Orrick |

1

DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS
TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET TEN
Case No. 3:22-cv-3580-WHO (VKD)

| | |
|---|---|
| PROPOUNDING PARTY: | PLAINTIFFS |
| RESPONDING PARTY: | META PLATFORMS, INC. |
| SET NO.: | TEN |

Defendant Meta Platforms, Inc. ("Meta"), by and through the undersigned attorneys, and pursuant to Federal Rules of Civil Procedure ("Federal Rules") 26 and 34, and the Civil Local Rules of the U.S. District Court for the Northern District of California ("Local Rules"), hereby provides the following responses and objections to plaintiffs' Requests for Production of Documents Directed to Meta Platforms, Inc., Set Ten (each a "Request," and together, the "Requests"), dated November 16, 2024, as follows:

**PRELIMINARY STATEMENT**

1. Meta's responses to the Requests are made to the best of its current knowledge, information, belief, and understanding of the Requests. Meta's factual and legal investigation of this matter is ongoing. Further, the parties have not engaged in any meet and confer regarding the Requests, many of which are overbroad, duplicative, or otherwise objectionable. Meta reserves the right to supplement or amend any responses in accordance with any agreement between the parties or should future investigation indicate that such supplementation or amendment is necessary.

2. Meta's responses to the Requests are made solely for the purpose of and in relation to the above-captioned action. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning privilege, competency, relevance, materiality, propriety, and admissibility). All objections are reserved and may be interposed at any time.

3. Meta's responses include only information that is within Meta's possession, custody, or control.

4. Meta incorporates by reference each and every general objection set forth below into each and every specific response. From time to time, a specific response may repeat a general objection

for emphasis or some other reason. The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.

5. Nothing contained in these Responses and Objections or provided in response to the Requests consists of, or should be construed as, an admission relating to the accuracy, relevance, existence, or nonexistence of any alleged facts or information referenced in any Request.

6. In compliance with the Federal Rules, where Meta has agreed to search for and produce documents, it does not intend to withhold responsive, non-privileged documents in its possession, custody, or control that are reasonably accessible. Meta has noted where any limitations will control its search for responsive and relevant materials.

## GENERAL OBJECTIONS

(A) Meta generally objects to each Request, including the Definitions and Instructions, on the grounds and to the extent that it purports to impose obligations beyond those imposed or authorized by the Federal Rules, the Federal Rules of Evidence, the Local Rules, the Court's standing orders, any other applicable federal or state law, and any agreements between the parties. Meta will construe and respond to the Requests in accordance with the requirements of the Federal Rules and other applicable rules or laws.

(B) Meta generally objects to each Request to the extent it seeks documents and information that are irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, or are of such marginal relevance that their probative value is outweighed by the burden imposed on Meta in having to provide such information, including any request that seeks information for any time period outside that which is relevant to the claims or defenses asserted in this action.

(C) Meta generally objects to each Request to the extent the Request is vague, ambiguous, unreasonably cumulative, or duplicative, including to the extent it seeks documents or communications that are otherwise responsive to other specific Requests or requests for production previously served

by plaintiffs on Meta.

(D) Meta generally objects to the Requests, including the Definitions and Instructions, on the basis that they specify an overbroad and unduly burdensome relevant time period, and seek documents and things outside of the time period relevant to the claims and defenses asserted in this lawsuit.

(E) Meta generally objects to the Requests, including the Definitions and Instructions, to the extent that they are vague, ambiguous, overbroad, and/or unduly burdensome, including to the extent that they call for the production of "any" or "all" documents or communications concerning the subject matters referenced therein.

(F) Meta generally objects to the Requests, including the Definitions and Instructions, to the extent that they do not identify the documents sought with reasonable particularity as required by Fed. R. Civ. P. § 34(b)(1)(A).

(G) Meta generally objects to the Requests, including the Definitions and Instructions, to the extent they conflict with or ask for metadata or information beyond that required by any Electronically Stored Information Protocol entered in this action.

(H) Meta generally objects to each Request on the grounds and to the extent it purports to request the identification and disclosure of any information, communication(s), or document(s) that were prepared in anticipation of litigation, in connection with any internal investigation conducted at the direction of counsel, constitute attorney work product, reveal privileged attorney-client communications, are covered under the common-interest privilege and/or joint-defense privilege, or are otherwise protected or immune from disclosure under any applicable privilege(s), law(s), or rule(s). Meta hereby asserts all such applicable privileges and protections, and excludes privileged and protected information from its responses to each Request. *See generally* Fed. R. Evid. 502. The production of any information or documents that are privileged or otherwise immune from discovery

and any subsequent use and/or clawback of such information or documents is governed by the 502(d) Order entered in this case.

(I)   Meta generally objects to each Request to the extent that it requests information that is confidential, proprietary, or competitively sensitive. To the extent any proprietary or confidential information, trade secret, or other sensitive or protected business information is non-privileged and responsive to the Requests and not otherwise objectionable, Meta will produce such documents in accordance with the Protective Order entered in this litigation and any other procedures the Court may establish to protect sensitive or confidential information. Meta's disclosure of such information is subject to Meta's compliance with any notice and/or contractual obligations to third parties in advance of disclosure.

(J)   Meta generally objects to the Requests to the extent that the information sought is more appropriately pursued through another discovery tool.

(K)   Meta generally objects to each Request to the extent it is argumentative, lacks foundation, or incorporates allegations and assertions that are disputed or erroneous. In furnishing the responses herein, Meta does not concede the truth of any factual assertion or implication contained in any Request, Definition, or Instruction.

(L)   Meta generally objects to each Request, Definition, and Instruction to the extent that it seeks information outside of Meta's possession, custody, or control.

(M)   Meta generally objects to each Request, including the Definitions, Instructions, and Relevant Time Period, to the extent it seeks documents or information no longer in Meta's possession, custody, or control, or that otherwise no longer exist, as a result of the ordinary course of document retention and applicable document retention policies.

(N)   Meta generally objects to each Request on the grounds and to the extent that production of such information demanded therein would violate the right of privacy of third parties under

California law or other applicable laws of any relevant jurisdiction, or that such production is otherwise prohibited by law, or is subject to legal requirements for notification of third parties. Such laws include, but are not limited to, the Stored Communications Act, 18 U.S.C. § 2701 *et seq.* ("SCA").

(O)  To the extent plaintiffs have requested or will seek the same documents from third parties, Meta objects to the Requests as duplicative, cumulative, and as seeking documents that are obtainable from other sources that are more convenient, less burdensome, or less expensive.

(P)  Meta generally objects to the Requests to the extent that they purport to impose an obligation to conduct anything beyond a reasonable and diligent search of reasonably accessible files (including electronic files) where responsive documents reasonably would be expected to be found. Any Requests that seek to require Meta to go beyond such a search are overbroad and unduly burdensome.

(Q)  Meta's willingness to search for and provide responsive documents or information in response to a Request shall not be interpreted as an admission that such documents or information exist, that they are relevant to a claim or defense in this action, or that they are admissible for any purpose. Meta does not waive its right to object to the admissibility of any document or information produced by any party on any ground.

## OBJECTIONS TO DEFINITIONS

(A)  Meta objects to plaintiffs' definitions of "any" and "all" on the grounds that Meta cannot guarantee that it has located every single document responsive to a particular Request. Such requests are overbroad and any attempt to respond would be unduly burdensome, expensive, and oppressive, and would seek information that is not relevant or proportional to the claims or defenses in this case.

(B)  Meta objects to plaintiffs' definitions of "Communication," "Document(s)," "Electronic Media," "Electronically Stored Information," "Information," "Policy," and "Policies" to the extent that plaintiffs purport to use these defined terms to request the identification and disclosure of documents

that: (a) were prepared in anticipation of litigation; (b) constitute attorney work product; (c) reveal privileged attorney-client communications; or (d) are otherwise protected from disclosure under any applicable privileges, laws, and/or rules. Meta further objects to the extent that these definitions purport to impose obligations that go beyond the requirements of the Federal Rules and the Local Rules, as applicable. Meta will construe these terms in accordance with the Federal Rules and the Local Rules.

(C) Meta objects to plaintiffs' definition of "Employee(s)" and its inclusion of "any person who acted or purported to act on behalf of any Facebook entity." Meta objects to this definition to the extent it encompasses individuals over whom Meta exercises no control or includes individuals who took action purportedly on Meta's behalf but without authorization from Meta. Meta will construe this definition as follows: individuals employed by Meta and/or individuals authorized and directed by Meta to act on Meta's behalf.

(D) Meta objects to plaintiffs' definition of "Facebook," "Defendant," "Meta," "You," and "Your" and its inclusion of "its corporations, businesses, subsidiaries, divisions, subdivisions, affiliated entities, predecessors, successors, and parents, as well as their respective officers, directors, employees, partners, representatives, agents, attorneys, accountants, or other persons occupying similar positions or performing similar functions," as overbroad and unduly burdensome to the extent the terms are meant to include any individual(s), entit(ies), or any other person(s) over which Meta exercises no control and to the extent plaintiffs purport to use the terms to impose obligations on Meta that go beyond the requirements of the Federal Rules and the Local Rules. Meta further objects to this definition to the extent that plaintiffs purport to use this defined term to seek documents that are not relevant to the claims and defenses in this action, including from or as to Meta's subsidiaries and products not at issue in this litigation. Meta will construe the terms "Defendant," "Facebook," "You," and "Your" as follows: Meta Platforms, Inc. and its officers and employees.

(E)     Meta objects to plaintiffs' identical definitions of "Meta Pixel" and "Meta Collection Tools."  The parties have already agreed to the scope of tools relevant to this litigation and Meta will construe these terms in accordance with that agreement, as detailed in Meta's August 9, 2024 correspondence concerning the scope of the discovery.

(F)     Meta objects to plaintiffs' definition of "Filter" to the extent it refers to a definition of "Filter" in "Exhibit A" because no Exhibit A was included with the Requests.  Meta will construe the term "Filter" as referring to its health-related integrity system which was developed to filter out potentially sensitive health data it detects.

(G)     Meta objects to plaintiffs' definition of "Healthcare Provider web-property" as overbroad, vague, and ambiguous as to the undefined terms "health-related advertiser verticals" and "taxonomic categorization."  Meta further objects to this definition to the extent it encompasses entities beyond the "Covered Entities" as defined in the operative complaint.  Meta further objects to this definition to the extent it relies on the similarly ambiguous term "Filter," as described in paragraph (F) *supra*.  Meta will construe the term "Healthcare Provider web-property" to refer to the list of medical provider sites that plaintiffs sent on June 21, 2023.

(H)     Meta objects to plaintiffs' definition of "Healthcare Advertisers" as overbroad, vague, and ambiguous as to the undefined term "taxonomic categorization" and to the extent it encompasses entities beyond the "Covered Entities" as defined in the operative complaint.  Meta further objects to this definition to the extent it relies on the similarly ambiguous term "Filter," as described in paragraph (F) *supra*.  Meta will construe the term "Healthcare Advertisers" to refer to the list of medical provider sites that plaintiffs sent on June 21, 2023.

(I)     Meta objects to plaintiffs' definition of "Health Information ▮▮▮ Category" as vague, ambiguous, and overbroad. There are multiple exhibits filed as part of the Declaration that was filed as Docket 652. Meta is willing to meet and confer on this vague, ambiguous, and overbroad definition.

(J)     Meta objects to plaintiffs' definition of "HIPAA Authorization" to the extent it incorrectly references the Code of Federal Regulations as 45 C.F.R. § 508. Meta will construe the term "HIPAA Authorization" as described in 45 C.F.R. § 164.508.

(K)     Meta objects to plaintiffs' definition of "Patient Portal" as vague, ambiguous, overbroad, and unduly burdensome. Meta further objects to this definition to the extent plaintiffs purport to use this defined term to seek information that is not relevant to the claims or defenses in this action, including, for example, the broad reference to "Web-Propert[ies]" that are used by a "Medical Provider" for undefined "communicat[ions] with patients" that expands the scope of the defined term beyond the allegations in this action. Meta will construe the term "Patient Portal" as it understands it in connection with the allegations in this action.

(L)     Meta objects to plaintiffs' definition of "Personal Information" as overbroad, vague, and ambiguous to the extent it purports to include information that "is capable of being associated with," or "could reasonably be linked, directly or indirectly, with" individuals, as well as information including the "Persons' preferences, characteristics, psychological trends, predispositions, behaviors, attitudes, intelligence, abilities, or aptitudes." Meta further objects to this definition insofar as it suggests that any one of these criteria, standing alone, is enough to identify specific persons. Meta further objects to the extent that this definition purports to impose obligations that go beyond the requirements of the Federal Rules and the Local Rules, as applicable.

(M)     Meta objects to plaintiffs' definition of "Web-Property" as overbroad, vague, and ambiguous as to the undefined phrase "point of presence on the web." Meta will construe this definition

as follows: "Web-Property" means a website or mobile application or "app."

**OBJECTIONS TO INSTRUCTIONS**

(A) Meta objects to plaintiffs' "Instructions" to the extent they impose obligations that go beyond the requirements of the Federal Rules and the Local Rules.

(B) Meta objects to plaintiffs' "Instructions" to the extent that they are inconsistent with or purport to impose obligations inconsistent with or beyond the terms of the ESI Protocol and Protective Order entered in this action. To the extent Meta produces documents or other ESI in response to the Requests, Meta will do so in accordance with the ESI Protocol and Protective Order.

(C) Meta objects to Instruction No. 1 to the extent it seeks documents or information in the possession of any individual(s), entit(ies), or any other person(s) over whom Meta exercises no control.

(D) Meta objects to Instruction No. 3 to the extent it defines the Relevant Time Period. For purposes of these Requests, Meta will construe the past tense to include the present tense and the present tense to include the past tense only to the extent that doing so is in accordance with the time periods established by Judge DeMarchi's June 16, 2023 Order. *See* Dkt. 276.

(E) Meta objects to Instruction No. 4 as vague and ambiguous regarding its explanation that undefined terms "shall be construed in an ordinary, common-sense manner." Meta will construe undefined terms as it understands them.

**OBJECTIONS TO RELEVANT TIME PERIOD**

Meta objects to the Relevant Time Period to the extent it calls for the production of documents that are from a time before or after the events or circumstances relevant to this action and to the extent that it exceeds the discovery time periods established by Judge DeMarchi's June 16, 2023 Order on the issue. *See* Dkt. 276. Meta will construe the Relevant Time Period in accordance with Judge DeMarchi's June 16, 2023 order. *See id.*

"competitor advertising platforms," and "monetization or valuation."

(C) Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks information unlimited in time and scope.

(D) Meta objects to this Request as overbroad and unduly burdensome in that it requests "[a]ny contingent value studies, conjoint surveys, quantitative market research, price comparison analyses, and/or any other research, surveys or studies," without limitation as to time, scope, or otherwise.

(E) Meta objects to this Request as requesting documents equally or more readily obtainable from other sources, and/or that are publicly available.

(F) Meta objects to this Request to the extent it requests materials that are outside of Meta's possession, custody, or control.

(G) Meta objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, and/or any other applicable privileges and protections.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows: Meta agrees to meet and confer with plaintiffs about this overly broad Request. Meta reserves the right to supplement its objections and response to this Request.

**REQUEST FOR PRODUCTION NO. 251 (5):**

Any Document or analysis, including Communications, Relating to the relationship between user time spent on Facebook and Facebook's revenue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 251(5):**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set

forth in this Response. Meta further objects to this Request on the following additional grounds:

(A)    Meta objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 41–42, and incorporates its responses and objections to those Requests as if fully set forth herein.

(B)    Meta objects to this Request as vague and ambiguous as to the undefined phrase "relationship between user time spent on Facebook and Facebook's revenue."

(C)    Meta objects to this Request as overbroad and unduly burdensome in that it requests "[a]ny Documents or Analysis" without limitation as to time, scope, or otherwise.

(D)    Meta objects to this Request as seeking information that is irrelevant to the claims in, or defenses to, this action and disproportionate to the needs of the case, including that the Request seeks information unlimited in time and scope.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows: Meta agrees to meet and confer with plaintiffs about this vague and overly broad Request. Meta reserves the right to supplement its objections and response to this Request.

**REQUEST FOR PRODUCTION NO. 251(6):**

Any quantitative or qualitative valuations, including rankings, of specific types of user data, including data Meta classifies as health data, healthcare data, and/or HIPAA-protected data, in terms of value or revenue potential.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 251(6):**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Objections to Relevant Time Period as though fully set forth in this Response. Meta further objects to this Request on the following additional grounds:

(A)    Meta objects to this Request to the extent it is duplicative of other Requests, including

discovery in this action, Meta responds as follows: Meta agrees to meet and confer with plaintiffs about this vague and overbroad Request. Meta reserves the right to supplement its objections and response to this Request.

DATED: December 16, 2024

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Lauren Goldman*
 Lauren Goldman (*pro hac vice*)

*Attorneys for Defendant Meta Platforms, Inc.*