**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:    (415) 393-8200
Facsimile:    (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

**LATHAM & WATKINS LLP**
MELANIE M. BLUNSCHI, SBN 234264
melanie.blunschi@lw.com
KRISTIN SHEFFIELD-WHITEHEAD, SBN 304635
kristin.whitehead@lw.com
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

ANDREW B. CLUBOK (*pro hac vice*)
andrew.clubok@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

GARY S. FEINERMAN (*pro hac vice*)
gary.feinerman@lw.com
300 North Wabash Ave, Suite 2800
Chicago, IL 60611
Telephone: +1.312.876.7700

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>_____<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-03580-WHO<br><br>**DEFENDANT META PLATFORMS, INC.'S _UNOPPOSED_ ADMINISTRATIVE MOTION TO CLOSE JUNE 10 HEARING ON PARTIES' DISCOVERY DISPUTE LETTERS (DKT NOS. 1037, 1044)**<br><br><u>CLASS ACTION</u><br><br>Hon. Virginia K. DeMarchi |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Local Rule 7-11 of the United States District Court for the Northern District of California, Defendant Meta Platforms, Inc. ("Meta") submits this Administrative Motion seeking to close the courtroom during the June 10, 2025 hearing on discovery disputes arising from (i) the parties' May 30, 2025 Joint Discovery Dispute Letter Regarding Plaintiffs' RFP 251 (Dkt. No. 1037), and (ii) the parties' June 2, 2025 Joint Discovery Dispute Letter Regarding Healthcare Advertiser Revenue (Dkt. No. 1044).

## I.    STATEMENT OF RELEVANT FACTS

On May 30, 2025, plaintiffs filed the parties' joint discovery dispute letter regarding plaintiffs' RFP 251.  Dkt. Nos. 1037 (slipsheet); 1036-3 (filed under seal).  On the same date, plaintiffs filed an administrative motion to consider whether another party's (*i.e.*, Meta's) materials should be sealed. Dkt. No. 1036.

On June 2, 2025, plaintiffs filed the parties' joint discovery dispute letter regarding several of plaintiffs' Requests for Production.  Dkt. No. 1044.  On the same date, plaintiffs filed an administrative motion to consider whether another party's (*i.e.*, Meta's) materials should be sealed.  Dkt. No. 1045.

On June 6, 2025, Meta filed a declaration in support of sealing its materials in connection with Dkt. No. 1037, and proposed to redact only narrowly tailored portions of the May 30, 2025 discovery dispute letter and accompanying exhibits that would ensure "only sensitive, non-public material [is] sealed." Dkt. No. 1054 at 4.

Meta's declaration in support of sealing its materials in connection with Dkt. 1044 will be filed today.

A hearing on parties' discovery dispute letters is set for Tuesday, June 10, 2025, at 10:00 AM before Judge DeMarchi.  Dkt. 1047.

Meta conferred with plaintiffs on this motion and plaintiffs do not oppose the June 10 hearing being closed.

### III.    ARGUMENT

This Court should close the hearing on the parties' discovery dispute letters because (1) the parties' discovery dispute letters and accompanying materials rely in significant part on confidential materials that have been filed under seal, and (2) avoiding any discussion of these confidential, sealed materials would inhibit the Court's and the parties' ability to fully air the issues.

*First*, the reasons supporting sealing of the materials in the dispute letters are explained in detail in Meta's filed administrative motion in connection with Dkt. 1037 (Dkt. No. 1053) and its declaration in support of that motion (Dkt. No. 1054). An administrative motion and declaration in connection with Dkt. 1044 is forthcoming. As those documents explain, the "good cause" test applies because the "sealed materials [are] attached to a discovery motion unrelated to the merits of [the] case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *see also, e.g., In re Google RTB Consumer Priv. Litig.*, 2023 WL 5667891, at *1 (N.D. Cal. Aug. 21, 2023) (DeMarchi, J.) ("The discovery hearing at issue here does not address the merits of either party's claims or defenses, so the Court will apply the 'good cause' standard of Rule 26(c)."); *Skillz Platform Inc. v. AviaGames Inc.*, 2023 WL 7003695, at *1 (N.D. Cal. Oct. 23, 2023) (following *In re Google RTB*); *Grace v. Apple, Inc.*, No. 17-CV-00551 LHK (NC), 2018 WL 11319051, at *1 (N.D. Cal. Apr. 3, 2018) (applying the good cause test to a motion to seal materials in connection with a discovery dispute).

Further, the bases for sealing the materials within and underlying the discovery dispute letters would satisfy the higher "compelling reasons" standard that applies to dispositive motions, too. *See In re Google RTB*, 2023 WL 5667891, at *1; *see* Dkt. 157 at 3 (Judge Orrick confirming, in this case, that "competitive harm is a compelling reason to seal"). As explained in Meta's sealing papers, the materials at issue here satisfy these standards for numerous reasons—for example, they reflect Meta's "sensitive, non-public material," *see* Dkt. No. 1054, specifically concerning (i) "information regarding strategic issues and analysis by Meta employees that could cause competitive harm," Dkt. No. 1054 ¶ 6 (table), (ii) "Meta's proprietary classification systems" that "[i]f disclosed . . . would cause Meta competitive harm," *id.*, and (iii) "Meta's proprietary data processing tools, including the names of tools," that if revealed "would competitively harm Meta."

*Second*, opening this hearing to the public—which would require counsel and the Court to avoid mentioning the sealed information—would inhibit a full and productive discussion of the issues at stake.  The issues raised in the discovery dispute letters turn on the details of Meta's confidential data systems and documents relating to those systems, and a productive discussion of those issues will require the parties to discuss those details.  But the parties cannot engage in that discussion in an open hearing without divulging Meta's confidential information.  As a result, there are no alternatives to closure that would protect Meta's compelling interests in maintaining the confidentiality of the materials filed under seal.  *Cf. In re Google RTB*, 2023 WL 5667891, at *1–2 (denying motion to seal portions of hearing transcript where hearing had already been "open to the public").

## IV.    CONCLUSION

Meta respectfully requests that the Court close the June 10, 2025 hearing on the parties' discovery dispute letters.


Dated: June 9, 2025                          **GIBSON, DUNN & CRUTCHER LLP**

                                   By:   */s/ Lauren R. Goldman*
                                         Lauren R. Goldman

                                   **LATHAM & WATKINS LLP**

                                   By:   */s/ Andrew Clubok*
                                         Andrew Clubok

                                   *Attorneys for Meta Platforms, Inc.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Lauren R. Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: June 9, 2025                    **GIBSON, DUNN & CRUTCHER LLP**

By:   */s/ Lauren R. Goldman*
       Lauren R. Goldman