LATHAM & WATKINS LLP
Gary S. Feinerman (*pro hac vice*)
*gary.feinerman@lw.com*
300 North Wabash Ave., Suite 2800
Chicago, IL 60611
Telephone: +1.312.876.7700

Andrew B. Clubok (*pro hac vice*)
*andrew.clubok@lw.com*
555 Eleventh St., NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
Kristin Sheffield-Whitehead (Bar No. 304635)
*kristin.whitehead@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

*Attorneys for Defendant Meta Platforms, Inc.*

*[Additional Counsel on Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-3580-WHO<br><br>**DEFENDANT META PLATFORMS, INC.'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 3, 2025 ORDER DENYING DEFENDANTS' MOTION FOR RELIEF**<br><br>Hon. William H. Orrick |

## I. INTRODUCTION

Pursuant to Civil L.R. 7-9, Defendant Meta Platforms, Inc. ("Meta") respectfully requests leave to move for reconsideration of the Court's June 3, 2025, order allowing plaintiffs to depose Meta's chairman and CEO, Mark Zuckerberg. *See* Dkt. 1049. Meta's request is based on two new material facts that emerged after the Court ruled.

The first is plaintiffs' June 4 decision to cancel their deposition of Meta Vice President and Deputy Chief Privacy Officer of Policy Rob Sherman. McCloskey Decl. ¶ 5. Mr. Sherman was prepared to testify to "Meta's privacy decisions relevant to this litigation"—in particular, the company's April 2021 discussion regarding the "opt-in" proposal, upon which plaintiffs grounded their purported need to depose Mr. Zuckerberg. Dkt. 1006-5 ¶¶ 3-4. Plaintiffs canceled Mr. Sherman's deposition six days before he was slated to testify, in violation of the Magistrate Judge's order that "no party may cancel [a] deposition, absent a written stipulation or order of the Court." Dkt. 850 at 3; McCloskey Decl. ¶ 5. And they did so in the immediate wake of receiving new documents confirming that Mr. Sherman—along with Mr. Zuckerberg and eighteen other Meta personnel—received internal recommendations and analysis on the "opt-in" proposal. *Id.* ¶ 4; Ex. A (PIXEL_HEALTH001377574). In lieu of Mr. Sherman—or anyone else included in Meta's discussion of the "opt-in" proposal—plaintiffs have made a belated demand to depose a former Meta Director of Product Management whose testimony would be irrelevant to the privacy decisions in which they claim to be interested. McCloskey Decl. ¶ 7.

The second new material fact is plaintiffs' conduct during their June 16 deposition of Meta Vice President of Product Development Fred Leach. Mr. Leach testified both as a fact witness and as Meta's corporate designee for certain privacy-related Rule 30(b)(6) topics, including user consent and user privacy controls. *Id.* ¶¶ 8-9; *see* Dkt. 994-4 ¶ 17; Dkt. 946-1 ¶¶ 27, 29. Those are the very topics on which plaintiffs have grounded their purported need to depose Mr. Zuckerberg. *See* Dkt. 909 at 2-3. But even though Mr. Leach is responsible for Meta's Business Tools (including the Pixel), and even though he spent roughly 30 hours preparing for the Rule 30(b)(6) deposition, including by speaking with Mr. Sherman and other Meta personnel about

privacy policies, user consent, and other issues related to this case, plaintiffs did not ask Mr. Leach a *single* question about the "opt-in" proposal. McCloskey Decl. ¶¶ 9-10.

Both of plaintiffs' decisions—canceling Mr. Sherman's deposition and choosing not to ask Mr. Leach any pertinent questions about the "opt-in" proposal—demonstrate that plaintiffs are intentionally evading any means of obtaining the testimony they purportedly need that would be less intrusive than deposing Mr. Zuckerberg. Worse than merely failing to exhaust such measures, plaintiffs are affirmatively *avoiding* discovery that would lay bare the superfluity of Mr. Zuckerberg's testimony. These new developments confirm that plaintiffs' from-the-jump demand for an apex deposition is improper. Dkt. 994-4 ¶ 4. Given these circumstances, leave to seek reconsideration should be granted.

## II. ARGUMENT

Leave to seek reconsideration should be granted when the movant demonstrates "reasonable diligence in bringing the motion" and, as relevant here, points to "[t]he emergence of new material facts" after the challenged order issued. Civil L.R. 7-9(b)(2). Both criteria are satisfied.

*First*, Meta has acted with "reasonable diligence" in requesting leave to seek reconsideration. *Id.* Meta files this motion fifteen days after the Court issued its June 3 order compelling Mr. Zuckerberg's deposition, fourteen days after plaintiffs' June 4 decision to cancel Mr. Sherman's deposition, and just two days after plaintiffs' telling lack of relevant questioning during Mr. Leach's June 16 deposition. *See Sullivan v. SII Invs., Inc.*, 2018 WL 1367340, at *2 (N.D. Cal. Mar. 16, 2018) (filing "two weeks" after the challenged order shows reasonable diligence).

*Second*, plaintiffs' abrupt decision to cancel Mr. Sherman's deposition and their head-in-the-sand tactics during Mr. Leach's deposition are also significant "new material facts" justifying reconsideration. Civil L.R. 7-9(b)(2). The Court's order "adopt[ed]" the Magistrate Judge's "analysis and reasoning in its entirety." Dkt. 1049 at 1. The Magistrate Judge's order, in turn, rested on the purported importance of evidence about Meta's decision-making on certain "specific

matters plaintiffs identif[ied]," Dkt. 1025 at 3, most notably a proposal "presented to Mr. Zuckerberg in 2021 to move certain third-party data to 'a consent-only model' (i.e. opt-in rather than opt-out)." Dkt. 967. The Magistrate Judge's order also relied on the then-forthcoming depositions of Mr. Sherman and Mr. Leach in concluding that plaintiffs had sufficiently exhausted alternative discovery measures. *See* Dkt. 1025 at 5. Since this Court ruled, however, plaintiffs have studiously avoided learning new facts about that proposal—or anything else that might undermine their purported need for Mr. Zuckerberg's testimony.

As Meta's Deputy Chief Privacy Officer of Policy, Mr. Sherman has "substantial firsthand knowledge regarding Meta's privacy decisions relevant to this litigation, including Meta's efforts to prevent receipt of potentially sensitive data" and the "proposals to change [Meta's] behavioral advertising control from an opt-out to an opt-in." Dkt. 1006 ¶¶ 3-4. Indeed, on May 30, Meta produced to plaintiffs key new documents showing that Mr. Sherman and eighteen other Meta personnel (aside from Mr. Zuckerberg) received internal analysis and recommendations on the proposal. McCloskey Decl. ¶ 4; Ex. A (PIXEL_HEALTH001377574). Yet five days later, plaintiffs decided that they do not need—or, more to the point, do not want—Mr. Sherman's highly relevant testimony. The reason why is not hard to deduce: Having secured an order from this Court compelling Mr. Zuckerberg's deposition, plaintiffs fear that testimony from Mr. Sherman—or anyone else included in the discussion on the "opt-in" proposal—could expose the lack of need for an apex deposition. The fact that, with this Court's June 3 order in hand, plaintiffs canceled Mr. Sherman's deposition reveals they fully understand that Mr. Zuckerberg's testimony would not offer "unique" information, as they had previously insisted. *Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, *1 (N.D. Cal. June 30, 2015).

Plaintiffs' desire to depose a former Meta Director of Product Management instead of Mr. Sherman confirms as much. This former Meta employee worked at Meta left the company in 2023. McCloskey Decl. ¶ 7. He did not specialize in privacy issues. *Id.* Nor was he among the numerous Meta personnel included in the discussion on the "opt-in" proposal on which the Magistrate Judge's decision—and by extension, this Court's order—relied. *See* Ex. A

(PIXEL_HEALTH001377574); Dkt. 994-6 at 1. Plaintiffs' belated attempt to depose this former employee rather than Mr. Sherman effectively admits that, all along, they were overstating their purported need for testimony from Mr. Zuckerberg about the company's decision-making on that proposal.

If plaintiffs truly believed Mr. Sherman's testimony would be insufficient on that score, they could have alternatively sought to depose Michel Protti, Meta's Chief Privacy and Compliance Officer for Product, whom Mr. Zuckerberg "relies on" to "advise" him on privacy decisions—and who, like Mr. Zuckerberg, must certify Meta's compliance with the FTC's consent order. Dkt. 1006-6 ¶¶ 7, 9. In fact, like Mr. Sherman, Mr. Protti received internal analysis and recommendations on the "opt-in" proposal. *See* Ex. A (PIXEL_HEALTH001377574). Yet plaintiffs have never sought Mr. Protti's testimony—or most anyone else included in the decision. Dkt. 994-4 ¶ 18.[1]

Worse still, plaintiffs had every opportunity during Mr. Leach's June 16 deposition to ask him about the "opt-in" proposal, but they ignored the issue entirely. McCloskey Decl. ¶¶ 8-10. That is inexcusable. Mr. Leach is "responsible for all of Meta's Business Tools (including the Pixel)." Dkt. 994-4 ¶ 17. To prepare for his Rule 30(b)(6) testimony in this case, he also spent close to 30 hours speaking with numerous Meta personnel—including Mr. Sherman—about, among other things, the "opt-in" proposal, Meta's efforts to prevent the receipt of sensitive healthcare data via the Business Tools at issue in this litigation, and users' consent as to how their data is used. McCloskey Decl. ¶¶ 9-10. Nevertheless, plaintiffs did not ask Mr. Leach a *single* question about the "opt-in" proposal, much less the decision-making process behind it. McCloskey Decl. ¶ 9. In fact, plaintiffs ended Mr. Leach's deposition early, despite defense counsel's offer to continue for the full seven hours. *Id.* ¶ 8.

---

[1] Indeed, by canceling Mr. Sherman's deposition, plaintiffs wound up deposing only a single fact witness who held a role within Meta's Privacy group at any point during the relevant period (*i.e.*, Privacy Program Manager Jenny Lin). McCloskey Decl. ¶ 11. And plaintiffs did not ask Ms. Lin a single question about "the Consent Order, the opt-in proposal, or Mr. Zuckerberg's potential awareness of or involvement in decision-making regarding privacy matters." Dkt. 1006-4 ¶ 5.

In short, both of these new factual developments give plaintiffs' game away. Canceling Mr. Sherman's deposition and forgoing their chance to ask Mr. Leach pertinent questions demonstrate that seeking Mr. Zuckerberg's testimony is—and always has been—a tactic to increase the burdens on Meta, not to help prove plaintiffs' claims on the merits. This Court should not permit such a demonstrable "abuse" of an apex deposition. *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007).

## III. CONCLUSION

For the foregoing reasons, the Court should grant Meta's motion for leave to seek reconsideration of the June 3, 2025 order compelling Mr. Zuckerberg's deposition.

Dated: June 18, 2025

Respectfully submitted,
LATHAM & WATKINS LLP

By: /s/ *Gary S. Feinerman*

Gary S. Feinerman (*pro hac vice*)
*gary.feinerman@lw.com*
300 North Wabash Ave., Suite 2800
Chicago, IL 60611
Telephone: +1.312.876.7700

Andrew B. Clubok (*pro hac vice)*
*andrew.clubok@lw.com*
555 Eleventh St., NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
Kristin Sheffield-Whitehead (Bar No. 304635)
*kristin.whitehead@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Lauren R. Goldman*

Lauren R. Goldman (*pro hac vice*)
*lgoldman@gibsondunn.com*
Darcy C. Harris (*pro hac vice*)
*dharris@gibsondunn.com*
200 Park Avenue
New York, NY 10166
Telephone: +1.212.351.4000

Elizabeth K. McCloskey (SBN 268184)
*emccloskey@gibsondunn.com*
Abigail A. Barrera (SBN 301746)
*abarrera@gibsondunn.com*
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: +1.415.393.8200

*Attorneys for Defendant Meta Platforms, Inc.*

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Lauren Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: June 18, 2025 /s/ *Lauren R. Goldman*