1    Jason 'Jay' Barnes (admitted *pro hac vice*)    Geoffrey Graber, State Bar No. 211547
     *jaybarnes@simmonsfirm.com*                       *ggraber@cohenmilstein.com*
2    **SIMMONS HANLY CONROY LLP**                     **COHEN MILSTEIN SELLERS**
     112 Madison Avenue, 7th Floor                      **& TOLL PLLC**
3    New York, NY 10016                               1100 New York Avenue NW, Fifth Floor
     Tel:     212-784-6400                            Washington, DC 20005
4    Fax:     212-213-5949                            Tel:     202-408-4600
                                                      Fax:     202-408-4699
5
     Jeffrey A. Koncius, State Bar No. 189803         Beth E. Terrell, State Bar No. 178181
6    *koncius@kiesel.law*                             *bterrell@terrellmarshall.com*
     **KIESEL LAW LLP**                               **TERRELL MARSHALL LAW**
7    8648 Wilshire Boulevard                            **GROUP PLLC**
     Beverly Hills, CA 90211                          936 North 34th Street, Suite 300
8    Tel:     310-854-4444                            Seattle, WA 98103
     Fax:     310-854-0812                            Tel.:    206-816-6603
9                                                     Fax:     206-319-5450

10                                                    Andre M. Mura, State Bar No. 298541
                                                      *amm@classlawgroup.com*
11                                                    **GIBBS MURA LLP**
                                                      1111 Broadway, Suite 2100
12                                                    Oakland, CA 94607
                                                      Tel.:    510-350-9700
13   *Attorneys for Plaintiffs and the Proposed Class*  Fax:   510-350-9701

14

15                  **UNITED STATES DISTRICT COURT FOR THE**
                    **NORTHERN DISTRICT OF CALIFORNIA**
16                        **SAN FRANCISCO DIVISION**

17   **IN RE META PIXEL HEALTHCARE**         Case No. 3:22-cv-03580-WHO (VKD)
     **LITIGATION**
18                                           **PLAINTIFFS' OPPOSITION TO**
                                             **DEFENDANT META PLATFORMS,**
19                                           **INC.'S NOTICE OF MOTION AND**
                                             **MOTION TO SANCTION PLAINTIFFS**
20   This Document Relates To

21   All Actions

22

23

24

25

26

27

INTRODUCTION ................................................................................................................. 1

ARGUMENT........................................................................................................................ 3

CONCLUSION.................................................................................................................... 7

i

PLAINTIFFS' OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S NOTICE OF
MOTION AND MOTION TO SANCTION PLAINTIFFS
Case No. 3:22-cv-03580-WHO (VKD)

1

**INTRODUCTION**

2      Jane Doe VI is unable to sit for her deposition due to health issues outside of her control – not

3 bad faith or negligence that warrant adverse inference sanctions. *See Kannan v. Apple Inc.*, 2020 WL

4 9048723, at *9 (N.D. Cal. Sept. 21, 2020). Still, Meta attempts to capitalize on Ms. Doe's health

5 problems by refusing to consent to her dismissal and, instead, seeking the extreme sanction of adverse

6 inferences. Meta has even asked Judge Orrick to delay ruling on the pending request of Jane Doe VI

7 to voluntarily dismiss her claims with prejudice, in hopes that Your Honor will require adverse

8 inferences against Jane Doe VI at any class trial. But magistrate judges overseeing discovery do not

9 issue sanctions such as adverse inference instructions when "the sanctions sought would affect

10 decisions reserved for the District Court." *Griffith v. TikTok, Inc.*, No. ED CV 23-964-SB(Ex), 2024

11 WL 4003908, at *2 (C.D. Cal. Aug. 13, 2024). Indeed, even Judge Orrick reserved the issue of the

12 appropriate sanction when it found that Meta has spoliated SubscribeButtonClick record. Here, by

13 seeking dismissal with prejudice, Jane Doe VI is willing to accept the ultimate sanction—an issue that

14 is before Judge Orrick. There is no reason to weaponize her health problems against the class through

15 class-wide sanctions.

16      Even if this Court could consider adverse inference instructions, Meta's litany of inferences is

17 unnecessary and unwarranted to cure any prejudice (there is none), particularly given Ms. Doe's

18 pending motion to dismiss her claims with prejudice. Adverse inferences are generally reserved for

19 instances where a party engages in intentional conduct that prejudices the movant. Here, Meta does

20 not assert any prejudice from Ms. Doe's inability to appear for her deposition and cannot attribute any

21 culpability to Ms. Doe. More, Meta has not shown that in any deposition of a named Plaintiff, it has

22 been able to obtain evidence along the lines that it fantasizes it would have obtained from Jane Doe

23 VI, let alone that it would have obtained these admissions from her. Indeed, the inferences are at odds

24 with the evidence that *is* in the record and documents produced by Meta. Simply put, Meta asks the

25 Court to punish the remaining Named Plaintiffs and the class and reward Meta for Ms. Doe's

26 unfortunate health circumstances, with instructions to a jury that are wholly unwarranted. This is

27 plainly unjust. For these reasons, set forth more fully below, Meta's motion should be denied.

PLAINTIFFS' OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S NOTICE OF
MOTION AND MOTION TO SANCTION PLAINTIFFS
Case No. 3:22-cv-03580-WHO (VKD)

## BACKGROUND

Putting aside Meta's maximalist characterizations, the facts surrounding this motion are undisputed. *See* Dkt. 1038. In sum, Ms. Doe has not "refused to reschedule her deposition" but is unable to do so for health reasons, which counsel have communicated to Meta in as much detail as permitted by the attorney-client privilege.[1] Jane Doe VI recently offered to dismiss her claims with prejudice but Meta refused to consent. Thus, Ms. Doe moved the Court for dismissal. Dkt. 1038.[2] Ms. Doe's motion is currently pending before Judge Orrick.

## LEGAL STANDARD

Courts overseeing discovery do not issue sanctions such as adverse inference instructions when "the sanctions sought would affect decisions reserved for the District Court." *Griffith*, 2024 WL 4003908, at *2. Although "Rule 37(b)(2)(A) authorizes a district court to issue an adverse-inference jury instruction as a remedy when bad faith or gross negligence has resulted in either the spoliation of evidence or failure to turn over relevant evidence," *Kannan v. Apple Inc.*, 2020 WL 9048723, at *9 (N.D. Cal. Sept. 21, 2020) (internal citations and quotations omitted), "[t]he adverse inference instruction is an extreme sanction and should not be taken lightly," *MediaTek Inc. v. Freescale Semiconductor, Inc.*, 2013 WL 6869933, at *2 (N.D. Cal. Dec. 31, 2013) (internal citations and quotations omitted). When weighing whether to issue adverse inference instructions, courts consider the level of prejudice to the moving party and the degree of fault and motive of the nonmoving party. *Id.*, at *2, *5; *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 888 F. Supp. 2d 976, 992-93 (N.D. Cal. 2012) ("[W]hile a finding of bad faith is not a prerequisite for an adverse inference sanction, a party's motive or degree of fault in destroying evidence is relevant to what sanction, if any, is imposed.").

---

[1] At the Court's request, Plaintiffs will submit additional information for *in camera* review.

[2] Meta suggests Ms. Doe's motion to dismiss was a tactical maneuver to "circumvent" sanctions from this Court. However, Meta admits dismissal is the "harshest" sanction of all. There simply was no such gamesmanship. Ms. Doe's motion to dismiss was the next logical step for a plaintiff who is no longer capable of prosecuting her claims.

**ARGUMENT**

### i.    *Meta Is Not Prejudiced & Ms. Doe Has Not Acted Negligently or in Bad Faith*

Adverse inferences are clearly inappropriate here, where Jane Doe VI has not intentionally withheld evidence, willfully disobeyed the Court's orders, or otherwise acted negligently or with bad faith. Rather, Ms. Doe is unable to participate in discovery or continue in this case for health reasons that are beyond her control. As such, she has already moved to dismiss her claims with prejudice.

Equally important, Meta is not prejudiced by Ms. Doe's inability to sit for her deposition. Ms. Doe has produced documents and twice supplemented her interrogatory responses. Meta has also deposed the other seven named plaintiffs in this litigation. Meta has not identified any unique information within Jane Doe VI's knowledge that it cannot already obtain from Ms. Doe's own discovery responses or the existing deposition testimony of the other named plaintiffs.

The total lack of culpability or prejudice at issue distinguishes Meta's cited cases and makes such extreme sanctions in this instance unjust. *See Securities and Exch. Comm'n v. Hong*, 2021 WL 4803497, at *5 (C.D. Cal. Sept. 17, 2021), *report and recommendation adopted*, 2021 WL 4923310 (C.D. Cal. Oct. 21, 2021) (defendants willfully refused to comply with discovery orders for reasons well within their control); *C.B. v. Moreno Valley Unified Sch. Dist.*, 2023 WL 6782320, at *8 (C.D. Cal. Sept. 18, 2023), *report and recommendation adopted*, 2023 WL 6964729 (C.D. Cal. Oct. 18, 2023) (defendants failed to properly appear for deposition after months of promises to do so).

Finally, Meta's motion makes little sense where Ms. Doe already seeks to dismiss her claims voluntarily with prejudice. As Meta itself notes, dismissal is the "harshest sanction." *See* Dkt. 1052 at 3. Not only is that sanction enough, but there would be no prejudice for an adverse inference instruction to ameliorate if Ms. Doe's dismissal with prejudice is granted—a motion which Meta perplexingly opposes.

### ii.    *The Inferences Meta Requests Are Inconsistent With The Record*

The particular adverse inferences that Meta requests are contradicted by the record, irrelevant, and/or have no reasonable relationship to the discovery Meta speculates it could have obtained via deposition. *See Meta Platforms, Inc. v. BrandTotal Ltd.*, 605 F. Supp. 3d 1218, 1239 (N.D. Cal. 2022)

1   (denying requested inference, noting, "The particular instruction Meta seeks…is too far removed from

2   the evidence that *is* in the record."); *Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir. 2001) ("Sanctions

3   may be warranted under [Rule 37(b)] for failure to obey a discovery order as long as the established

4   issue bears a reasonable relationship to the subject of discovery that was frustrated by sanctionable

5   conduct."). As other courts have long held, "special caution must be exercised to ensure that the

6   inference is commensurate with information that was reasonably likely to have been contained in the

7   destroyed evidence." *Turner v. Hudson Transit Lines*, 142 F.R.D. 68, 77 (S.D.N.Y. 1991). This is why

8   many courts considering imposing adverse inference instructions use a three-part analysis: "(1)

9   whether the evidence is relevant to the lawsuit; (2) whether the evidence would have supported the

10  inference sought; and (3) whether the non-destroying party has suffered prejudice from the destruction

11  of the evidence." *Consol. Aluminum Corp. v. Alcoa, Inc.*, 244 F.R.D. 335, 346 (M.D. La. 2006).

12          But Meta overreaches and asks for inferences that are contrary to the factual record, unrelated

13  to any claim or defense in this case, or untethered to any speculative prejudice it (does not) claim:

14          *First*, Plaintiffs have not ever and do not now contest that the Facebook users agree to Meta's

15  privacy policies and terms of service during the class period. Meta's requested inference that Jane Doe

16  VI agreed to Meta's policies when she signed up for Facebook, to the extent it is relevant, is not a

17  disputed fact, and the issue of whether she would be bound by them is a legal question for the Court.

18          *Second*, Meta requests an inference that Jane Doe VI knew "as of the start of [the 2015] class

19  period" that Kaiser was sending the information at issue in the complaint to Meta. However, Ms. Doe

20  stated in her verified interrogatory responses that "she first became aware of Meta's conduct as alleged

21  in the Consolidated Complaint when speaking with a law firm on or around May 2023." *See* Jane Doe

22  VI's Second Supplemental Interrogatory Responses, Interrogatory No. 8. In addition, Meta has made

23  false and misleading claims to this Court and the public it used a Filter to block or redact any

24  potentially sensitive health information from entering its systems. For example, see Dkt. 76. There is

25  no way that Ms. Doe could have known the truth about Meta's internal systems that it kept hidden.

26          *Third*, Meta asks for an inference that "Jane Doe VI continued to use Facebook, Instagram,

27  and Kaiser Permanente websites and/or applications after learning about Meta's alleged receipt of her

PLAINTIFFS' OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S NOTICE OF
MOTION AND MOTION TO SANCTION PLAINTIFFS
Case No. 3:22-cv-03580-WHO (VKD)

data from Kaiser Permanente ***and did not take any actions (such as adjusting settings) to limit Meta's receipt or use of her data***." (emphasis added). As a preliminary matter, Meta can discern from Ms. Doe's produced DYI files whether she continued to use Meta's products, but more importantly, no such action or setting exists to prevent Meta's interceptions. At an early hearing in this case, the Court asked how a Facebook user could "prevent disclosure of" their information to Meta. Meta's counsel responded a patient could "pick up the phone" to call their healthcare provider. Nov. 9, 2022 Hearing Transcript at 5:15-17, 9:10-22.

*Fourth*, Meta asks for an inference that "Jane Doe VI shared the same type of information at issue in her complaint, including her status as a patient of Kaiser Permanente, on Facebook and Instagram." As both parties have produced Jane Doe VI's DYI files, Meta has access to documents that would show any information Ms. Doe shared on Meta's own platforms, to the extent such posts are even relevant or probative to begin with. As Plaintiffs have repeatedly explained, an individual's decision to voluntarily share some information does not eradicate their expectation that Meta would not track their communications with their healthcare provider.

*Fifth*, Meta seeks an inference "Jane Doe VI was not served any ads that were based on the information she alleges Kaiser shared with Meta without her consent." However, Meta produced ███████████████████████████████████████████████████████ Barnes Decl., ¶ 2. Setting aside the fact that whether Meta served an advertisement based on the ill-gotten health data is not a required element of any claim, neither Ms. Doe nor any other putative class member has knowledge of how Meta surreptitiously utilized their healthcare information in its advertising systems. Thus, Ms. Doe could not conceivably testify one way or the other as to whether she was "served any ads that were based on the information she alleges Kaiser shared with Meta[.]" Thus, Ms. Doe could not conceivably testify one way or the other as to whether she was "served any ads that were based on the information she alleges Kaiser shared with Meta[.]" ███████████ ███████████████████████████████████████████████████
██████ Barnes Decl., ¶ 5.

5

*Sixth*, Meta's requested inference that Ms. Doe "has never sold or made money from her data or personal information and does intend to do so" is not relevant to any claim or defense in this action.

*Seventh*, Meta requests an inference "Jane Doe VI is able to use her devices to communicate with her healthcare providers, and the devices have not slowed, stopped working, or suffered any impact to storage or memory based on her allegations." But Plaintiffs do not claim that the devices cannot be used to communicate with healthcare providers. Instead, they assert that, when present on a domain or app, Meta source code makes it impossible to engage in such communications without personally identifiable health information being transmitted to Meta. In other words, Meta imposes an unavoidable additional cost on communications with healthcare providers. Relatedly, the question of the extent to which Meta's conduct impacted storage, memory, or device usage in a measurable way is the province of expert, not lay testimony. Ms. Doe and ordinary consumers are not capable of making the precise measurements alleged and required.

In sum, Meta's requested inferences lack a nexus to Ms. Doe's deposition and at times squarely conflict with the evidence in the record. They should therefore be denied on this basis alone.

### iii.   The Inferences are Premature and Risk Invading the Provence of the Article III Judge

Judge Orrick has been reluctant to impose adverse evidentiary inferences before understanding how certain facts will affect class certification or the merits of this case. *See* Dkt. 880 at 2. Meta has not claimed or explained any alleged prejudice it has or will suffer from being unable to depose Ms. Doe, even as she seeks to be dismissed from this case. Imposing these inferences now would grant Meta an impossible windfall that it could never have achieved based on the record, and it would do so in a vacuum without understanding how these issues may impact material questions in this case.  These issues will no doubt be born out in future disputes before Judge Orrick, so "[s]uch sanctions should be reserved for the consideration of the District Judge, rather than the Magistrate Judge, and should be reserved for a determination on a fuller evidentiary record in the context of the proceeding(s) to which the sanction would apply." *Griffith*, 2024 WL 4003908, at *2.

Meta's request that Judge Orrick withhold a ruling on Ms. Doe's motion to dismiss until this Court rules on Meta's sanctions motion only underscores its unwarranted attempts to overreach. As

PLAINTIFFS' OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S NOTICE OF
MOTION AND MOTION TO SANCTION PLAINTIFFS
Case No. 3:22-cv-03580-WHO (VKD)

1    Ms. Doe is not an appointed class representative, sanctions against her should be limited in scope to

2    her own claims, which she intends to dispose of with prejudice. The only thing that Meta can hope to

3    gain from receiving adverse inferences against a plaintiff who seeks to leave this case—with prejudice

4    as to all her claims and without remaining in the case as an absent class member—is to achieve an

5    evidentiary inference that Meta will seek to use against the class. To the extent that Meta seeks to use

6    these unearned and illogical adverse inferences at class certification or against the class on the merits,

7    those questions should be reserved for Judge Orrick to determine, in context and with the benefit of

8    understanding how Meta would be prejudiced without Jane Doe VI's testimony.

9                                          **CONCLUSION**

10          For these reasons, the Court should deny Meta's motion for sanctions.

11

12   DATED: June 20, 2025                    Respectfully submitted,

13                                           By: */s/ Jason 'Jay' Barnes*
                                             **SIMMONS HANLY CONROY LLP**
14                                           Jason 'Jay' Barnes (admitted *pro hac vice*)
                                               *jaybarnes@simmonsfirm.com*
15                                           112 Madison Avenue, 7th Floor
                                             New York, NY 10016
16                                           Tel:    212-784-6400

17
                                             By: */s/ Geoffrey Graber*
18                                           **COHEN MILSTEIN SELLERS & TOLL PLLC**
                                             Geoffrey Graber, State Bar No. 211547
19                                             *ggraber@cohenmilstein.com*
                                             1100 New York Avenue NW, Fifth Floor
20                                           Washington, DC 20005
                                             Tel:    202-408-4600
21

22                                           By: */s/ Beth E. Terrell*
                                             **TERRELL MARSHALL LAW GROUP PLLC**
23                                           Beth E. Terrell, State Bar No. 178181
                                               *bterrell@terrellmarshall.com*
24                                           936 North 34th Street, Suite 300
                                             Seattle, WA 98103
25                                           Tel.:    206-816-6603

26

27

PLAINTIFFS' OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S NOTICE OF
MOTION AND MOTION TO SANCTION PLAINTIFFS
Case No. 3:22-cv-03580-WHO (VKD)

1

2

**GIBBS MURA LLP**
Andre M. Mura, State Bar No. 298541
  *amm@classlawgroup.com*
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.:    510-350-9700

3

4

5

6

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
  *koncius@kiesel.law*
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel:    310-854-4444

7

8

9

10

*Attorneys for Plaintiffs and the Proposed Class*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S NOTICE OF
MOTION AND MOTION TO SANCTION PLAINTIFFS
Case No. 3:22-cv-03580-WHO (VKD)

1

**SIGNATURE ATTESTATION**

2      The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from

3  its other signatories.

4      DATED: June 20, 2025.

5                                                   /s/ Beth E. Terrell
                                                    Beth E. Terrell, State Bar No. 178181
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S NOTICE OF
MOTION AND MOTION TO SANCTION PLAINTIFFS
Case No. 3:22-cv-03580-WHO (VKD)