| | |
|---|---|
| Jason 'Jay' Barnes (admitted *pro hac vice*)<br>  jaybarnes@simmonsfirm.com<br>**SIMMONS HANLY CONROY LLP**<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Tel:    212-784-6400<br>Fax:   212-213-5949 | Geoffrey Graber, State Bar No. 211547<br>  ggraber@cohenmilstein.com<br>**COHEN MILSTEIN SELLERS**<br>  **& TOLL PLLC**<br>1100 New York Avenue NW, Suite 800<br>Washington, DC 20005<br>Tel:    202-408-4600<br>Fax:   202-408-4699 |
| Jeffrey A. Koncius, State Bar No. 189803<br>  koncius@kiesel.law<br>**KIESEL LAW LLP**<br>8648 Wilshire Boulevard<br>Beverly Hills, CA 90211<br>Tel:    310-854-4444<br>Fax:   310-854-0812 | Beth E. Terrell, State Bar No. 178181<br>  bterrell@terrellmarshall.com<br>**TERRELL MARSHALL LAW**<br>  **GROUP PLLC**<br>936 North 34th Street, Suite 300<br>Seattle, WA 98103<br>Tel.:   206-816-6603<br>Fax:   206-319-5450 |
| *Attorneys for Plaintiffs and the Proposed Class* | Andre M. Mura, State Bar No. 298541<br>  amm@classlawgroup.com<br>**GIBBS MURA LLP**<br>1111 Broadway, Suite 2100<br>Oakland, CA 94607<br>Tel.:   510-350-9700<br>Fax:   510-350-9701 |

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-03580-WHO (VKD)<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL** |

Under Civil Local Rules 7-11 and 79-5, and the Protective Order entered in this case dated May 16, 2023 (ECF No. 242), Plaintiffs respectfully submit this Administrative Motion to Seal. In support thereof, and pursuant Civil L.R. 7-11 and 79-5, the following is submitted herewith: (1) the Declaration of Jay Barnes in Support of this Motion; and (2) a Proposed Order that lists in tabular format the materials sought to be sealed.

## MATERIAL TO BE FILED UNDER SEAL

Plaintiffs respectfully request that the Court seal the following material:

| Document | Portion(s) to Seal |
| --- | --- |
| Plaintiffs' Opposition to Defendant Meta Platforms, Inc.'s Notice of Motion and Motion to Sanction Plaintiffs | Highlighted portions at Page 6, Lines 17-18 |
| Declaration of Jason "Jay" Barnes in Support of Plaintiffs' Opposition to Defendant Meta Platforms, Inc.'s Notice of Motion and Motion to Sanction Plaintiffs | Highlighted portions at ¶ 2 |
| Exhibit 1 to the Declaration of Jason "Jay" Barnes in Support of Plaintiffs' Opposition to Defendant Meta Platforms, Inc.'s Notice of Motion and Motion to Sanction Plaintiffs | Entire document |

## LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Parties seeking to seal records related to motions that are more than tangentially related to the underlying cause of action must provide "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure[.]" *Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *1 (N.D. Cal. May 14, 2021). Factors relevant to this balancing test include the public interest "in understanding the judicial process" and whether

disclosure of the material could result in improper use of it. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 at n.5 (9th Cir. 2010).

"Records attached to motions that are not related, or only tangentially related, to the merits of a case are not subject to the strong presumption of access." *Snapkeys*, 2021 WL 1951250, at *1 (internal citations and quotations omitted). Instead, they "must meet the lower 'good cause' standard of Rule 26(c) of the Federal Rules of Civil Procedure." *Id.*

In addition to the above, a party moving to seal documents must explain "why a less restrictive alternative to sealing is not sufficient" and ensure that the request is "narrowly tailored to seal only the sealable material." Civ L.R. 79-5(c).

## THE REQUESTED MATERIALS SHOULD BE SEALED

The materials at issue reflect or summarize Exhibit 1,[1] which contains personal and health information maintained by Meta pertaining to Jane Doe VI, including descriptions of her online activities. Courts within the Ninth Circuit have recognized that the need to protect similar information meets even the "compelling reason" for sealing court records. *See, e.g., Bruce v. Azar*, 389 F. Supp. 3d 716, 727 (N.D. Cal. 2019) (medical information); *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011) (medical information); *Publ'g, Inc. v. EngineOwning UG*, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023) ("[T]he Court determines that there are compelling reasons to seal the various parties' customers' personal information, which includes… customer activities on certain platforms[.]").

Further, disclosure of the information at issue would not serve the public interest or aid the public in understanding the merits of this case. Neither Ms. Doe's online activities nor her health information is relevant for the public to understand the underlying motion. Finally, Plaintiffs' sealing request is narrowly tailored and no less restrictive alternative is sufficient.

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court grant this

---

[1] Exhibit excerpts information from PIXEL_HEALTH000781620, which was designated by Meta as "Confidential" pursuant to the protective order. Thus, pursuant to Local Rule 79-59(f), Plaintiffs have also filed an Administrative Motion to Consider Whether Another Party's Materials Should be Sealed.

motion to file under seal.

DATED: June 20, 2025

Respectfully submitted,

By: */s/ Jason 'Jay' Barnes*
**SIMMONS HANLY CONROY LLP**
Jason 'Jay' Barnes (admitted *pro hac vice*)
  jaybarnes@simmonsfirm.com
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel:    212-784-6400
Fax:    212-213-5949

By: */s/ Geoffrey Graber*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
Geoffrey Graber, State Bar No. 211547
  ggraber@cohenmilstein.com
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel:    202-408-4600
Fax:    202-408-4699

By: */s/ Beth E. Terrell*
**TERRELL MARSHALL LAW GROUP PLLC**
Beth E. Terrell, State Bar No. 178181
  bterrell@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.:    206-816-6603
Fax:    206-319-5450

**GIBBS MURA LLP**
Andre M. Mura, State Bar No. 298541
  amm@classlawgroup.com
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.:    510-350-9700
Fax:    510-350-9701

PLAINTIFFS' ADMINISTRATIVE MOTION SEAL
Case No. 3:22-cv-03580-WHO (VKD)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
 *koncius@kiesel.law*
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel:    310-854-4444
Fax:    310-854-0812

*Attorneys for Plaintiffs and the Proposed Class*

**SIGNATURE ATTESTATION**

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from its other signatories.

DATED: June 20, 2025.

By: */s/ Beth E. Terrell*
Beth E. Terrell, State Bar No. 178181