| | |
|---|---|
| Jason 'Jay' Barnes (admitted *pro hac vice*)<br>jaybarnes@simmonsfirm.com<br>**SIMMONS HANLY CONROY LLP**<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Tel:   212-784-6400<br>Fax:   212-213-5949 | Geoffrey Graber, State Bar No. 211547<br>ggraber@cohenmilstein.com<br>**COHEN MILSTEIN SELLERS**<br>  **& TOLL PLLC**<br>1100 New York Avenue NW, Fifth Floor<br>Washington, DC 20005<br>Tel:   202-408-4600<br>Fax:   202-408-4699 |
| Jeffrey A. Koncius, State Bar No. 189803<br>koncius@kiesel.law<br>**KIESEL LAW LLP**<br>8648 Wilshire Boulevard<br>Beverly Hills, CA 90211<br>Tel:   310-854-4444<br>Fax:   310-854-0812 | Beth E. Terrell, State Bar No. 178181<br>bterrell@terrellmarshall.com<br>**TERRELL MARSHALL LAW**<br>  **GROUP PLLC**<br>936 North 34th Street, Suite 300<br>Seattle, WA 98103<br>Tel.:   206-816-6603<br>Fax:   206-319-5450 |
| *Attorneys for Plaintiffs and the Proposed Class*<br>[*Additional counsel listed on signature page*] | Andre M. Mura, State Bar No. 298541<br>amm@classlawgroup.com<br>**GIBBS MURA LLP**<br>1111 Broadway, Suite 2100<br>Oakland, CA 94607<br>Tel.:   510-350-9700<br>Fax:   510-350-9701 |

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE META PIXEL HEALTHCARE LITIGATION**<br><br>This Document Relates To<br><br>All Actions | Case No. 3:22-cv-03580-WHO (VKD)<br><br>**REPLY IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF JANE DOE VI's CLAIMS WITH PREJUDICE PURSUANT TO RULE 41(a)(2)**<br><br>Date: April 30, 2025<br>Time: 2:00 p.m.<br>Place: Courtroom 2 – 17th Floor<br>Judge: Hon. William H. Orrick III |

INTRODUCTION ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 4

CONCLUSION ............................................................................................................................... 5

i

MOTION TO DISMISS PLAINTIFF JANE DOE VI's CLAIMS WITH PREJUDICE
PURSUANT TO RULE 41(a)(2)
Case No. 3:22-cv-03580-WHO (VKD)

**ARGUMENT**

Meta offers no legitimate reason as to why the Court should deny Jane Doe VI's motion to dismiss with prejudice. Meta's argument that Plaintiffs attempt to "sidestep Judge DeMarchi's authority" to issue sanctions makes little sense, considering Jane Doe VI has agreed to the harshest sanction of all – dismissal of her claims with prejudice – and one that a Magistrate Judge cannot grant. See 28 U.S.C. § 636(b)(1)(A). In the same vein, Meta's accusations of gamesmanship are inconsistent with the record. Plaintiffs have been transparent with Meta concerning counsel's difficulty maintaining contact with Ms. Doe and their inability to obtain her availability for deposition. *See* Johnson Decl., ¶¶ 6-7, 12-14. Ultimately, Jane Doe VI moves to dismiss her claims for one reason – she is unable to proceed in this case for health reasons. Meta's suggestions otherwise are empty rhetoric.

Meta's motive is transparent. Meta has moved Judge DeMarchi for a wish list of adverse inferences that are at odds with the evidence that *is* in the record, have no reasonable relationship to Ms. Doe's deposition, and which Meta likely seeks to use as evidentiary inferences at class certification or against the class on the merits. In other words, Meta's opposition to this motion is not grounded in prejudice or injustice, but in a perceived litigation advantage.

The Ninth Circuit has instructed that "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "[L]egal prejudice means prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 976. As a practical matter, courts recognize that since a dismissal with prejudice acts as a complete adjudication of the claims and a bar to further action, there is little discretion to deny a motion to dismiss. § 2364 Voluntary Dismissal— Discretion of the Court, 9 Fed. Prac. & Proc. Civ. § 2364 (4th ed.); *see also Metro Media Entertainment, LLC v. Steinruck*, 2014 WL 4268838, at *2-3 (D. Md. Aug. 27, 2014) ("Because district courts ordinarily 'must' grant a plaintiff's request for voluntary dismissal with prejudice, Plaintiff's [] motion will be granted."); *Puello v. Citifinancial Services, Inc.*, 2010 WL 1541503, at *2 (D. Mass. Apr. 16, 2010) ("Certain judges…have taken a bright-line approach that grants voluntary motions to dismiss where, as here, a plaintiff moves to dismiss his claims with prejudice.").

1

MOTION TO DISMISS PLAINTIFF JANE DOE VI's CLAIMS WITH PREJUDICE
PURSUANT TO RULE 41(a)(2)
Case No. 3:22-cv-03580-WHO (VKD)

In this case, there is no "legal prejudice" that would result to any party or absent class member from Jane Doe VI's dismissal. In fact, Meta does not assert any. Instead, Meta opposes dismissal because it hopes to seek a windfall in the form of adverse inference sanctions against Ms. Doe that it will attempt to use against others. As set out above, Jane Doe VI does not move for dismissal to avoid sanctions or for any other strategic reason. But even if Ms. Doe's dismissal has the secondary effect of avoiding sanctions, "plain legal prejudice does not result…where a plaintiff would gain a tactical advantage by that dismissal." *Smith*, 263 F.3d at 976. Thus, Meta has not identified any reason to justify forcing Ms. Doe to continue in this case unwillingly and despite her health difficulties. Plaintiffs respectfully request the Court grant Jane Doe VI's motion.

DATED: June 20, 2025                    Respectfully submitted,

By: */s/ Jason 'Jay' Barnes*
**SIMMONS HANLY CONROY LLP**
Jason 'Jay' Barnes (admitted *pro hac vice*)
　jaybarnes@simmonsfirm.com
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel:　212-784-6400
Fax:　212-213-5949

By: */s/ Geoffrey Graber*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
Geoffrey Graber, State Bar No. 211547
　ggraber@cohenmilstein.com
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel:　202-408-4600
Fax:　202-408-4699

By: */s/ Beth E. Terrell*
**TERRELL MARSHALL LAW GROUP PLLC**
Beth E. Terrell, State Bar No. 178181
　bterrell@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.:　206-816-6603
Fax:　206-319-5450

**GIBBS MURA LLP**
Andre M. Mura, State Bar No. 298541
 amm@classlawgroup.com
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.:   510-350-9700
Fax:   510-350-9701

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
 koncius@kiesel.law
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel:   310-854-4444
Fax:   310-854-0812

*Attorneys for Plaintiffs and the Proposed Class*

MOTION TO DISMISS PLAINTIFF JANE DOE VI's CLAIMS WITH PREJUDICE
PURSUANT TO RULE 41(a)(2)
Case No. 3:22-cv-03580-WHO (VKD)

**SIGNATURE ATTESTATION**

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from its other signatories.

DATED: June 20, 2025.

                                          By: */s/ Beth E. Terrell*
                                                 Beth E. Terrell, State Bar No. 178181

4

MOTION TO DISMISS PLAINTIFF JANE DOE VI's CLAIMS WITH PREJUDICE
PURSUANT TO RULE 41(a)(2)
Case No. 3:22-cv-03580-WHO (VKD)