Jason 'Jay' Barnes (admitted *pro hac vice*)
*jaybarnes@simmonsfirm.com*
**SIMMONS HANLY CONROY LLP**
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel: 212-784-6400
Fax: 212-213-5949

Geoffrey Graber, State Bar No. 211547
*ggraber@cohenmilstein.com*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel: 202-408-4600
Fax: 202-408-4699

Jeffrey A. Koncius, State Bar No. 189803
*koncius@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel: 310-854-4444
Fax: 310-854-0812

Beth E. Terrell, State Bar No. 178181
*bterrell@terrellmarshall.com*
**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.: 206-816-6603
Fax: 206-319-5450

*Attorneys for Plaintiffs and the Proposed Class*

Andre M. Mura, State Bar No. 298541
*amm@classlawgroup.com*
**GIBBS MURA LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.: 510-350-9700
Fax: 510-350-9701

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION**

IN RE META PIXEL HEALTHCARE LITIGATION

This Document Relates To

All Actions

Case No. 3:22-cv-03580-WHO (VKD)

**SUPPLEMENTAL DECLARATION OF JASON 'JAY' BARNES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S NOTICE OF MOTION AND MOTION TO SANCTION PLAINTIFFS**

I, Jason 'Jay' Barnes, state and declare as follows:

1. I am an attorney admitted *pro hac vice* in this Court. I am a partner in the law firm of Simmons Hanly Conroy, LLP and have been appointed as Interim Co-Lead Counsel for the Putative Class in this action. I have personal knowledge of the matters stated herein, and they are true and correct to the best of my knowledge.

2. Attached hereto as **Exhibit 3** is a true and correct copy of excerpts of Jane Doe VI's Second Supplemental Objections and Responses to First Set of Interrogatories Propounded by Defendant Meta Platforms, Inc.

Executed June 23, 2025 in Jefferson City, Missouri.

*/s/ Jason 'Jay' Barnes*
Jason 'Jay' Barnes

# EXHIBIT 3

Jason 'Jay' Barnes (admitted *pro hac vice*)
*jaybarnes@simmonsfirm.com*
**SIMMONS HANLY CONROY LLP**
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel: 212-784-6400
Fax: 212-213-5949

Geoffrey Graber, State Bar No. 211547
*ggraber@cohenmilstein.com*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel: 202-408-4600
Fax: 202-408-4699

Jeffrey A. Koncius, State Bar No. 189803
*koncius@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel: 310-854-4444
Fax: 310-854-0812

Beth E. Terrell, State Bar No. 178181
*bterrell@terrellmarshall.com*
**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.: 206-816-6603
Fax: 206-319-5450

Andre M. Mura, State Bar No. 298541
*amm@classlawgroup.com*
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.: 510-350-9700
Fax: 510-350-9701

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE META PIXEL HEALTHCARE LITIGATION

This Document Relates To:

All Actions

Case No. 3:22-cv-03580-WHO (VKD)

CLASS ACTION

**PLAINTIFF JANE DOE VI'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT META PLATFORMS, INC.**

PROPOUNDING PARTY: Defendant Meta Platforms, Inc.

RESPONDING PARTY: Plaintiff Jane Doe VI

SET NO.: One

from its healthcare partners, but did not contact those partners to instruct them on how to stop sending this information.

- Plaintiff claims that Meta knew it was actually receiving sensitive health information from its healthcare partners, but did not inform its own users that this was happening.
- Plaintiff claims that Meta knew it was actually receiving sensitive health information from its healthcare partners, but continued to publicly represent that it valued its users' privacy.
- Plaintiff claims that Meta knew it was actually receiving sensitive health information from its healthcare partners and used that information in its marketing business.
- Plaintiff claims that Meta employees recommended that Meta disallow healthcare providers from using its Collection Tools, but that Meta continued to allow or encourage healthcare providers to use its Collection Tools.
- Plaintiff claims that Meta's terms of service and privacy policy do not disclose that it collects information from HIPAA- and CMIA-covered entities' websites and applications, including sensitive health information.

Plaintiff reserves the right to supplement her response to this Interrogatory as necessary.

**INTERROGATORY NO. 8:**

IDENTIFY and DESCRIBE in detail all facts regarding how and when YOU first became aware of META's conduct alleged in the CONSOLIDATED COMPLAINT.

**INITIAL RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff objects to this Interrogatory on the following grounds.

Meta's definition of the term "identify" renders this Interrogatory compound. Even the definition that Meta provided for "identify" contains five distinct subparts with five different instructions, any and all of which may apply to any given Interrogatory depending on the context of the question Meta poses. Additionally, within each subpart, Meta requests multiple pieces of information. For example, "in the case of DOCUMENTS, the identification should include a complete description setting forth the title (if any), date, author, recipient, general subject matter, present location(s), and present custodian(s)." And "in the case of a fact (or all facts), the

identification should include YOUR basis for asserting that fact, all persons who have discoverable knowledge concerning that fact, and all DOCUMENTS relating to that fact, regardless of whether they support or contradict the fact." By definition, this Interrogatory contains compound questions that require compound answers, and should not be considered a single interrogatory.

The definition of "identify" likewise makes the Interrogatory unduly burdensome. For reasons stated above, Meta's instruction to "identify" "a fact (or all facts)" is incredibly burdensome, and would require Plaintiff to include a list of every person who has discoverable knowledge about the fact listed, as well as every document that even relates to the fact. Not only is such a request compound, it imposes a burden that is disproportionate to Meta's needs here.

Meta's definition of the term "describe" also renders this Interrogatory compound. Requesting information about the facts and circumstances of an Interrogatory is a separate request from requesting information about the analysis and opinion regarding the same Interrogatory. By definition, this Interrogatory contains a compound question that requires a compound answer, and should not be considered a single interrogatory.

To the extent that the Interrogatory seeks information that is protected by the attorney-client privilege or the work product doctrine, it is improper. "[A]ll facts" regarding Plaintiff's "aware[ness]" of Meta's misconduct likely include Plaintiff's communications with counsel, investigatory work-product compiled in preparing the complaint, and a host of other protected material. *Telescopes*, 2022 WL 1693677, at *1; *Hatamian*, 2016 WL 2606830, at *2–3

To the extent this Interrogatory is directed to Plaintiff's counsel and targets information that Plaintiff's counsel has received or communications between Plaintiff's counsel and third parties, the request is improper. *See Carmona*, 2015 WL 4395001, at *2 (denying motion to compel because "Defendant's counsel is not a party to this action, and Rule 33 and Rule 34 of Federal Rules of Civil Procedure only permits interrogatories and requests for production of documents to be propounded to parties").

This Interrogatory is overbroad and unduly burdensome in that it is unlimited as to the applicable time period because it ambiguously states that the end of the relevant time period is "the present." *See* Instructions ¶ 31. The Interrogatory is thus not proportional to the needs of the case in

light of (a) the importance of the issues at stake in the action, (b) the amount in controversy, (c) the parties' relative access to the relevant information, (d) the parties' resources, and (e) the importance of such discovery in resolving the issues. Plaintiff will limit her response to this Interrogatory to the period from January 1, 2015, to November 27, 2023.

The Interrogatory is additionally overbroad because it sweeps in information that is not relevant to any party's claim or defense. Plaintiff's subjective understanding of how Kaiser and Kaiser Patient Portal function in conjunction with Meta's Collection Tools cannot show how those processes work as a factual matter and are largely irrelevant to whether Meta unlawfully intercepted Plaintiff's information. The phrase "all facts regarding how and when YOU first became aware of META's conduct alleged" in the consolidated complaint is further "dependent on subjective standards of measurement" that do not "provide a reasonably clear indication of the information being sought," and thus is vague and ambiguous. *Pappas v. Naked Juice Co. of Glendora*, 2012 WL 12885108, at *2 (C.D. Cal. Oct. 18, 2012).

To the extent that Meta seeks information about how Plaintiff became involved in this litigation, that information is entirely irrelevant. *See Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 414 (M.D.N.C. 1992) ("It is well-established that in ordinary litigation, not involving the clean hands defense, the plaintiff's motive in bringing suit is not relevant to the subject matter of the litigation and is not a matter for discovery."); *accord Carlos Rivera v. Ford Motor Co.*, 2020 WL 4001914, at *2 (C.D. Cal. Mar. 12, 2020) (granting motion in limine to preclude introduction of evidence about plaintiff's motive for bringing lawsuit as irrelevant).

Plaintiff stands on her objection that the information sought by this Interrogatory is entirely irrelevant to any party's claim or defense.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff restates and incorporates her Preliminary Statement, General Objections, Objections to Instructions and Definitions, and previously stated objections to Interrogatory No. 8, as if fully set forth herein. Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Plaintiff responds as follows:

To the best of Plaintiff's recollection, she first became aware of Meta's conduct as alleged

in the Consolidated Complaint when speaking with a law firm on or around May 2023.

To the extent that Meta seeks any further information from these Interrogatories, Plaintiff stands on her objections that such information is not relevant to either party's claims or defenses.

**INTERROGATORY NO. 9:**

DESCRIBE in detail the "detailed investigation" referenced in paragraph 127 of the CONSOLIDATED COMPLAINT, INCLUDING the PERSONS who conducted the investigation/analysis, the methodology for the investigation/analysis, the data used in the investigation/analysis, the date(s) of the investigation/analysis, where the investigation/analysis was undertaken, and all public or private documentation, research, or other information YOU relied upon to conduct this investigation/analysis.

**INITIAL RESPONSE TO INTERROGATORY NO. 9:**

The Interrogatory is compound with at least six parts:

(1) Describe in detail the persons who conducted the investigation referenced in paragraph 127;

(2) Describe in detail the methodology for the investigation referenced in paragraph 127;

(3) Describe in detail the data used in the investigation in paragraph 127;

(4) Describe in detail the date(s) of the investigation referenced in paragraph 127;

(5) Describe in detail where the investigation referenced in paragraph 127 was undertaken; and

(6) Describe in detail all public or private documentation, research, or other information Plaintiff, Plaintiff's counsel, and Plaintiff's agents relied upon to conduct the investigation referenced in paragraph 127.

Plaintiff considers these to be six interrogatories that ask six discrete questions. Plaintiff will answer the six interrogatories and counts them as Meta's thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, and eighteenth interrogatories.

Meta's definition of the term "describe" further renders these Interrogatories compound. Requesting information about the facts and circumstances of an Interrogatory is a separate request from requesting information about the analysis and opinion regarding the same Interrogatory. By

**VERIFICATION**

I have read the **FOREGOING PLAINTIFF JANE DOE VI'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF INTERROGATORIES** and know its contents.

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 10/21/2024, at San Francisco, California.

Jane Doe
Print Name of Signatory

Jane D K
Signature