Redacted Version of Exhibit A
(Dkt. No. 952-3)

| | | |
|---|---|---|
| **SIMMONS HANLY CONROY LLC**<br>112 MADISON AVENUE, 7TH FL<br>NEW YORK, NY 10016 | **KIESEL LAW LLP**<br>8648 WILSHIRE BOULEVARD<br>BEVERLY HILLS, CA 90211-2910 | **GIBBS LAW GROUP LLP**<br>1111 BROADWAY, STE. 2100<br>OAKLAND, CA 94607 |
| **COHEN MILSTEIN SELLERS & TOLL PLLC**<br>110 NEW YORK AVENUE NW, 5TH FL<br>WASHINGTON, DC 20005 | | **TERRELL MARSHALL LAW GROUP PLLC**<br>936 NORTH 34TH ST., STE. 300<br>SEATTLE, WA 98103 |

**March 31, 2025**

<u>**VIA ELECTRONIC MAIL**</u>

GIBSON, DUNN & CRUTCHER LLP
Lauren Goldman
<u>lgoldman@gibsondunn.com</u>

Re:   *In re Meta Pixel Healthcare Litigation*
        Discovery Dispute Briefing

Dear Counsel:

As Meta is aware, Judge Orrick advised the parties last week that it was time to bring discovery issues to a close. As such, Plaintiffs write to provide a prioritized list of missing discovery or discovery disputes to be resolved or briefed within the next two weeks. To aid in that process, Plaintiffs have attached their half of joint letter briefs for several of the topics.

### Joint Letter Briefs to be Filed by Friday, April 4, 2025

Plaintiffs are sending their portions of joint letter briefs today. Plaintiffs propose the following briefing schedule for these six joint letter briefs:
- Plaintiffs send their half of the joint letter briefs today.
- Meta sends their half of the joint letter briefs by Thursday, April 3 at 5 pm ET
- The parties file the brief by Friday, April 4 at 5 p.m. ET.

1. <u>Meta's Production of the List of HIPAA Covered Entities Using the Pixel</u> – Plaintiffs asked Meta to immediately produce the list of HIPAA covered entities using the Pixel that Meta created ███████████████████████████████████████. If Meta does not produce the documents immediately or agree to brief this issue, Plaintiffs will file a motion to compel by Friday, April 4, 2025

2. <u>Lookalike Audiences</u> – RFP 233 seeks engineering, design, and explanatory documents for Lookalike Audiences. Plaintiffs have explained that they seek to learn how Meta grows the "seed set" of users for a Lookalike Audience that it receives from advertisers into the actual Lookalike Audience through which it serves advertisements. To date, Meta has not produced any detailed internal engineering, design, or explanatory documents. Nor has it identified any source code documents that explain that process. If Meta does not agree to brief this issue, Plaintiffs intend to file a motion to compel by Friday, April 4, 2025.

DOCUMENT FILED UNDER SEAL

3. <u>Geo-location Documents</u> – For RFP 134, Plaintiffs seek production (or identification of) documents sufficient to show class members, hospitals, and Meta server locations and where such data is stored at Meta. Meta agreed to provide testimony on this. Plaintiffs ask for confirmation that it will also produce the documents—and to provide a date certain by which it will do so. If Meta will not do either or agree to brief the issue, Plaintiffs intend to file a motion to compel by Friday, April 4, 2025.

4. <u>Market Value for Personal Information</u> – For RFP 106, Plaintiffs seek documents showing the amount that Meta pays for consumer data. Meta previously stated it would produce such documents—but has not yet done so. Meta also agreed to provide 30(b)(6) testimony on the topic. Plaintiffs ask for confirmation that it will also produce the documents, including any amounts paid to consumers (whether from Meta or via a vendor working on Meta's behalf) and to provide a date certain by which it will do so. If Meta will not do so, Plaintiffs intend to file a motion to compel by Friday, April 4, 2025.

5. <u>Privacy Decisions Documentation and Hyperlinks for Jenny Lin</u> – Meta refuses to search for the documentation for its privacy decisions and the requested hyperlinks for Jenny Lin. If Meta does not agree to brief this issue, Plaintiffs intend to file a motion to compel by Friday, April 4, 2025.

6. <u>Privilege Log Disputes</u> – The parties have met-and-conferred multiple times regarding Meta's Amended Fourth Privilege Log. The parties have now reached impasse on a handful of documents. If Meta will not do either or agree to brief the issue, Plaintiffs intend to file a motion to compel by Friday, April 4, 2025.

## Joint Letter Briefs to be Filed by April 11, 2025

For the issues below, Plaintiffs propose that the parties brief the issues if they cannot be resolved by April 4. Plaintiffs can participate in a lead counsel meet-and-confer regarding these issues on April 4 if Meta believes that another meet-and-confer will be helpful.

7. <u>Meta Production of</u> ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ – On March 14, 2025, Meta stated that it was investigating ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Plaintiffs have asked Meta several times for a conference to discuss options and the process for doing so, but Meta has denied those requests. Please immediately provide an update on this process.

8. <u>Meta's Production of</u> ▓▓▓▓▓ <u>Classifications</u> – On March 14, 2025, Meta agreed to produce ▓▓▓▓▓ classifications as a partial remediation for its failure to preserve ▓▓▓▓▓ classifications for domains and apps. However, Meta still has not provided a date certain by which it will do so. Please provide a date certain. If Meta will not do so, Plaintiffs intend to file a motion to compel by Friday, April 11, 2025.



9. <u>Discovery Regarding a Purported ▮▮▮▮▮</u> – On March 18, 2025, Meta identified a purported ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ for the first time in this nearly three-year old litigation. Plaintiffs immediately followed up with a request that Meta identify source code documents that explain how this ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and for production of other documents (including design documents) that should have been produced as a result of other Requests for Production of Documents. Meta has ignored Plaintiffs' requests. If Meta will not respond, Plaintiffs intend to file a motion to compel by Friday, April 11, 2025.

10. <u>Unjust Enrichment / Damages Interrogatories</u> – Pursuant to Judge DeMarchi's standing order, Plaintiffs previously requested that Meta be available for a final lead counsel meet-and-confer by February 28, 2025. Meta has ignored Plaintiffs' request. Plaintiffs ask again for Meta to provide a date for such a conference to discuss the sources of revenue and other information from which Meta will answer Plaintiffs' interrogatories relating to unjust enrichment / damages and make corresponding document productions. If Meta will not provide a date for such a conference, Plaintiffs intend to file a motion to compel by Friday, April 11, 2025.

**Joint Letter Briefs to be Filed by April 15, 2025**

11. <u>Revenue and Damages Requests for Production from Tenth Set of RFPs</u> – Meta has still not adequately produced responsive data and documents for Plaintiffs' revenue and damages Requests for Production (RFP Nos. 251 to 287). Plaintiffs are particularly concerned due to the deficiencies in Meta's productions from the ▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ tables, Meta's failure to produce the CRM data referenced at the Reza deposition, and Meta's failure to produce the ▮▮▮▮▮▮▮▮ referenced at the Mudd deposition. Plaintiffs ask that the parties hold a final lead counsel meet-and-confer on these issues no later than April 8, 2025. Plaintiffs ask that the parties work together to brief their remaining disputes by April 15, 2025. If Meta will not agree to do so, Plaintiffs intend to file a motion to compel by Tuesday, April 15, 2025.

12. <u>Data from Additional Healthcare Providers</u> - On March 12, 2025, Plaintiffs requested that Meta agree to produce data for the additional healthcare providers that will be identified by Plaintiffs and choose one of the following two alternatives for data production:

    a. *Production of Data Consistent with the Other Healthcare Providers*: Meta agrees to produce data for the additional healthcare providers consistent with its previous productions that are subject to the orders at Dkt. 623 and Dkt. 655.

    b. *Production of Full Pixel-Button-Click Data and Stipulation Regarding Other Tables Meta*: (1) agrees to produce the data it preserved for each additional identified healthcare provider in the ▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ tables; (2) stipulates that it will not challenge class certification based on the absence of data from the other tables; and (3) agrees the remainder of data for other healthcare providers can be produced after class certification.

Meta has not responded to Plaintiffs' March 12, 2025 letter, but has indicated that it will not produce this data.

If Meta will not agree to Plaintiffs' request, Plaintiffs intend to file a motion to compel by Tuesday, April 15, 2025.

13. <u>Deposition of Erin Egan:</u> On March 27, 2025, Plaintiffs served a deposition notice for Erin Egan for April 24, 2025. We explained that we would like to accommodate Ms. Egan's schedule to the fullest extent possible and asked to let us know if another date would work better for her. If you do not agree that the deposition should proceed, we ask that Meta work with us to file a joint letter brief by Tuesday, April 15, 2025.

14. <u>Signals – Ads Leadership (ALT) Updates</u> – On March 14, 2025, Plaintiffs asked Meta to search the folder ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ created by Charlotte Narvaez. On March 28, 2025, Meta responded that it has "produced nearly a hundred Quips from that folder." However, it unclear whether Meta searched the ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ folder, or whether Meta merely incidentally produced some of the documents from the folder that Meta's custodians had in their possession.

Please answer the question – did Meta search the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ folder? If Meta has not searched the folder and refuses to do so, Plaintiffs intend to file a motion to compel by Tuesday, April 15, 2025.

15. <u>Preservation Interrogatories:</u> After the parties' meet-and-confer on March 20, 2025, Meta told Plaintiffs it still needed more time consider to Plaintiffs' proposal on narrowing Interrogatories Nos. 15 and 21 concerning Meta's preservation efforts, which may impact the dispute over Interrogatory No. 16 to the extent it shares the same scope. You asked us to hold off on moving to compel and that you would provide a substantive response "soon." You have not responded. If Meta will not respond, Plaintiffs intend to file a motion to compel by Tuesday, April 15, 2025.

16. <u>Consent Interrogatories and RFPs:</u> The parties conferred on February 27, 2025 concerning Interrogatories Nos. 22 and 23 and Requests for Production Nos. 256-261, at which time Plaintiffs offered several compromises and proposals for how to proceed, memorialized in a letter of March 4, 2025. We also proposed that the parties agree that the current number of served interrogatories shall be answered and that Plaintiffs shall serve no more than ten additional interrogatories. We have received no further response from Meta. If Meta will not respond, Plaintiffs intend to file a motion to compel by Tuesday, April 15, 2025.

17. <u>▮▮▮▮▮▮▮▮▮▮▮▮▮ UP2X, and ZippyDB Production Translation</u> – Meta has produced documents relating to ▮▮▮▮▮▮▮▮▮▮▮▮ UP2X, and ZippyDB for which Plaintiffs have requested translation pursuant to Rule 26. Meta stated that it would consider the request and get back to Plaintiffs but have not done so. Please provide a response. If Meta refuses to do so, Plaintiffs intend to file a motion to compel by Tuesday, April 15, 2025.

18. <u>Ads and Their ▒▒▒▒▒ Classifications</u> – Plaintiffs RFP Nos. 260-261 request production of specific ads from healthcare providers and ▒ classifications Meta assigned to them. Meta objected to burden, to which Plaintiffs offered to accept a sampling from healthcare providers identified in the complaint, with an agreement to address class-wide production after class certification. Meta stated it would consider the compromise but has not yet responded. Please provide a response. If Meta refuses to do so or to produce any such documents, Plaintiffs intend to file a motion to compel by Tuesday, April 15, 2025.

19. <u>Post-Certification Discovery</u> – There are a handful of issues for which Plaintiffs seek a stipulation from Meta that discovery can occur after class certification. These include:

    a. <u>RFP 94</u> seeks documents sufficient to show total class members.

    b. <u>RFP 247</u> seeks documents sufficient to show total events.

    c. Plaintiffs have also sought prior Wooldridge declarations. Meta has objected to this request so Plaintiffs do not seek a stipulation regarding production but instead that the issue can be briefed after the close of other fact discovery and, if Plaintiffs' motion to compel is granted, documents produced before trial. If Meta will not agree, Plaintiffs intend to seek a modification to the case schedule from Judge Orrick for this purpose.

    d. <u>Dinkar Jain Deposition</u> – Plaintiffs' position is that Mr. Jain's testimony is vital but his deposition need not take place prior to class certification. Plaintiffs ask that Meta stipulate that any such deposition can take place after class certification. If Meta will not agree, Plaintiffs intend to seek a modification to the case schedule from Judge Orrick for this limited purpose.

These are Plaintiffs priorities. However, Plaintiffs reserve the right to identify additional issues.

Sincerely,
Jay Barnes

cc: Counsel of record