**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:     (212) 351-4000
Facsimile:     (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:     (415) 393-8200
Facsimile:     (415) 393-8306


*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION, | Case No. 3:22-cv-03580-WHO (VKD) |
| | **DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |
| This Document Relates To: | |
| All Actions | Hon. William H. Orrick |

Gibson, Dunn &
Crutcher LLP

I, Lauren R. Goldman, state and declare as follows:

1.      I am an attorney licensed to practice in the State of New York.  I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in these actions.  I am admitted *pro hac vice* to practice before this Court.  I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1]  I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2.      I submit this declaration under Local Rule 79-5(f)(3) in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  Dkt. No. 1098.  Meta seeks to seal narrowly tailored portions of the Joint Case Management Statement (the "CMC Statement"), which the parties filed at Dkt. No. 1097.  Meta proposes to redact specific, non-public information in the CMC Statement that contains highly confidential business information about Meta's proprietary data storage systems (including the names of specific Hive tables and how the systems are organized), classification systems (including the names of Meta's classification systems and descriptions of how they work), and proprietary health-related integrity systems (including how the systems work.

3.      In determining whether to permit documents to be filed under seal, this Court should apply the "good cause" test for "sealed materials attached to a discovery motion unrelated to the merits of a case."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *see Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).  The good cause standard generally applies to discovery-related filings because "discovery is largely 'conducted in private as a matter of modern practice,'" and "the public is not presumed to have a right of access to it."  *Ctr. For Auto Safety*, 809 F.3d at 1097 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33

---

[1] This Court and others in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, Dkt. Nos. 157, 417; *see also Avago Techs. Fiber IP (Singapore) PTE. Ltd., v. IPtronics Inc.*, No. 5:10-cv-02863-EJD, Dkt Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., v. OpenTV Inc.*, No. 5:13-cv-00282-EJD, Dkt. Nos. 76, 82 (N.D. Cal. Oct. 8, 2013).  I am personally familiar with Meta's practices of safeguarding proprietary information, including based on my experience representing Meta for many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

1    (1984)).  Here, the good cause test applies because the content Meta is seeking to seal in the CMC

2    Statement describes "some of the remaining fact discovery issues".  Dkt. No. 1098-3.  *See also, e.g.*,

3    *Grace v. Apple, Inc.,* No. 17-CV-00551-LHK, 2018 WL 11319050 (N.D. Cal. Aug. 17, 2018) (applying

4    the good cause test to a motion to seal a case management statement).

5          4.     Sealing is appropriate here for several reasons.  *First*, Meta's sealing request is

6    "narrowly tailored to seek sealing only of sealable material."  *Singh v. Costco Wholesale Corp.*, No.

7    20-CV-08180-NC, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023).  Meta asks the Court to seal

8    only those parts of the CMC Statement which reveal proprietary, commercially sensitive, and

9    confidential information about Meta's data storage, classification, and health-related integrity systems.

10   *Second*, as the Supreme Court has recognized, the public right of access to court records may be limited

11   when those records could be used "as sources of business information that might harm a litigant's

12   competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also* Dkt. No.

13   157 at 3 (the Court in this case confirming that "competitive harm is a compelling reason to seal").

14   Meta is likely to suffer harm if highly confidential information regarding the non-public systems

15   integral to its storage and classification of information and health-related integrity systems is made

16   public.  *Third*, there is "a compelling reason to seal" information that could compromise a party's

17   "network infrastructure and security systems."  *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No.

18   14-CV-03078-JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015).  The less stringent "good

19   cause" standard is clearly met here because the disclosure of specific information about how Meta

20   stores data and its health-related integrity systems could empower bad actors to exploit Meta's systems

21   and misuse that data.

22         5.     Competitive harm is likely if Meta's highly confidential information is made public.

23   Meta operates in an intensely competitive marketplace and has serious and legitimate concerns that

24   competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive

25   advantage.  Disclosure of the information Meta seeks to seal would provide these competitors with

26   unfair insight into how Meta's systems are designed and operate, giving competitors the ability to

27   "duplicate features of" Meta's systems and technical infrastructure "which could cause competitive

28   harm."  *In re Google Inc. Gmail Litig.,* 13–MD–02430–LHK, 2013 WL 5366963, at *3 (N.D. Cal.

1    Sept. 25, 2013) (finding "compelling reasons to seal" materials relating to "descriptions of how Gmail

2    operates").

3            6.        In addition, absent redactions, unsealing the CMC Statement likely would cause Meta

4    harm because it would reveal information bad actors could then use to access or gain insight into the

5    data Meta receives and stores and Meta's health-related integrity systems.  Meta has an interest in

6    maintaining confidentiality over information related to its data storage and health-related integrity

7    systems and takes care to protect the confidentiality of its proprietary information and the data it

8    receives and stores.  Divulging details about Meta's systems would undermine this interest by helping

9    third parties circumvent Meta's security measures to infiltrate or better understand the data Meta

10   receives and stores (including data related to users), in violation of Meta's policies.  Therefore,

11   disclosure would harm both Meta and the individuals whose data may be left more vulnerable to

12   improper access.

13           7.        Courts routinely protect the type of information that Meta seeks to seal here.  *See* Dkt.

14   No. 157 at 3–4 (collecting cases); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

15   1211 (9th Cir. 2002) (holding "confidential . . . commercial information" was entitled to protection

16   from disclosure); *see also Calhoun v. Google LLC*, No. 20-CV-05146-YGR (SVK), 2022 WL 1122843,

17   at *3 (N.D. Cal. Apr. 14, 2022) (allowing redactions for references to "sensitive features of Google's

18   internal systems and operations, including the various types of data sources which include information

19   related to Google's data logs, internal data structures, internal identifiers and their proprietary

20   functions"); *Ojmar US, LLC v. Sec. People, Inc.*, No. 16-CV-04948-HSG, 2016 WL 6091543, at *2

21   (N.D. Cal. Oct. 19, 2016) (noting protections afforded by courts within the Ninth Circuit are broad and

22   extend to "confidential information regarding [a defendant's] products, services, and business

23   practices").  Notably, this Court and Judge DeMarchi have already found good cause and ordered

24   sealing of some of the same (or very similar) information Meta seeks to seal here.  *See, e.g.*, Dkt. Nos.

25   336, 339-5, 372, 503, 509, 510, 522, 703, 734, 880 (sealing specific non-public information about the

26   structure of and information in Meta's data storage systems); *see also* Dkt. Nos. 339-3, 350-6, 372,

27   703, 734, 786, 810, 880, 946, 946-1, 946-2, 953, 1030 (sealing, *inter alia*, specific non-public

28   information about Meta's classification systems); Dkt. Nos. 157, 946-2, 953, 1030 (sealing specific

non-public information about Meta's health-related integrity systems). Plaintiffs filed the CMC Statement provisionally under seal in its entirety. Meta proposes narrowly tailored redactions that would keep only sensitive, non-public material sealed. Meta's position regarding material that should be sealed is set forth in the following table:

| Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|
| Parts of page 2, lines 15-16 (highlighted in Dkt. No. 1100) | Meta | This text should be redacted because it reveals specific, non-public information regarding Meta's proprietary health-related integrity systems, including how the systems work. Disclosure of this information would cause Meta competitive harm and allow bad actors to undermine the integrity of Meta's systems. The Court and Judge DeMarchi have already ordered this type of information to be sealed. *See, e.g.,* Dkt. No. 157, 946-2, 953, 1030. |
| Parts of page 2, lines 17, 20-21, 26; page 3, lines 1, 9; page 5, line 10. (highlighted in Dkt. No. 1100) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific Hive tables and information about how the systems are organized. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. The Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734, 880. |
| Parts of page 2, line 21-24; page 3, lines 7-11, chart. (highlighted in Dkt. No. 1100) | Meta | This text should be redacted because it reveals specific, non-public information regarding Meta's proprietary classification systems, including the names of Meta's classification systems and a description of how they work. If disclosed, this information would cause Meta competitive harm. The Court and Judge DeMarchi have previously ordered information about Meta's classification systems to be sealed. *See, e.g.,* Dkt. Nos. 339-3, 350-6, 372, 703, 734, 880. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 8th day of July 2025 in New York, New York.

/s/ *Lauren R. Goldman*
Lauren R. Goldman