# Proposed Redacted Version of the Case Management Statement (Dkt. No. 1098-3)

| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>LAUREN R. GOLDMAN (*pro hac vice*)<br>lgoldman@gibsondunn.com<br>DARCY C. HARRIS (*pro hac vice*)<br>dharris@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166<br>Telephone:     (212) 351-4000<br>Facsimile:      (212) 351-4035<br><br>ELIZABETH K. MCCLOSKEY (SBN 268184)<br>emccloskey@gibsondunn.com<br>ABIGAIL A. BARRERA (SBN 301746)<br>abarrera@gibsondunn.com<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111-3715<br>Telephone: (415) 393-8200<br>Facsimile: (415) 393-8306<br><br>*Attorneys for Defendant Meta Platforms, Inc.* | GEOFFREY GRABER (SBN 211547)<br>*ggraber@cohenmilstein.com*<br>COHEN MILSTEIN SELLERS & TOLL PLLC<br>1100 New York Ave. NW, 8th Floor<br>Washington, DC 20005<br>Telephone: (202) 408-4600<br>Facsimile: (202) 408-4699<br><br>Jason 'Jay' Barnes (admitted *pro hac vice*)<br>*jaybarnes@simmonsfirm.com*<br>SIMMONS HANLY CONROY LLC<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Telephone: (212) 784-6400<br>Facsimile: (212) 213-5949<br><br>*Additional Attorneys in Signature Block*<br><br>*Co-Lead Counsel for Plaintiffs and the Proposed Class* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br>_____<br>This Document Relates To:<br>All Actions | Case No. 3:22-cv-03580-WHO (VKD)<br><br>**CASE MANAGEMENT STATEMENT**<br><br>Date: July 8, 2025<br>Time: 2:00 p.m.<br>Courtroom: Videoconference<br>Judge: Hon. William H. Orrick |

Plaintiffs John Doe II, John Doe III, Jane Doe I, Jane Doe IV, Jane Doe V, Jane Doe IX, and Jane Doe X ("Plaintiffs") and Defendant Meta Platforms, Inc. ("Meta") (collectively, the "Parties"), by and through their respective counsel of record, hereby submit the following Joint Case Management Statement pursuant to Civil Local Rule 16-10 in advance of the Case Management Conference scheduled in the above-captioned case for July 8, 2025 at 2:00 P.M. via videoconference before the Honorable William H. Orrick, in Courtroom 2, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102.

The parties previously submitted a Joint Rule 26(f) report on September 28, 2022 and case management statements on January 10, 2023, March 7, 2023, May 9, 2023, July 11, 2023, September 12, 2023, November 7, 2023, January 16, 2024, March 26, 2024, May 21, 2024, August 6, 2024, October 22, 2024, November 26, 2024, January 14, 2025, February 18, 2025, February 19, 2025, March 18, 2025, April 22, 2025, and May 27, 2025. Dkts. 66, 167, 191, 234, 283, 317, 377, 409, 489, 572, 667, 707, 769, 911, 984, and 1033.

## 1. UPDATE ON DISCOVERY STATUS

**Plaintiffs' Statement**

Plaintiffs are working vigorously towards filing their class certification motion and expert reports by their August 8 deadline. Plaintiffs briefly summarize some of the remaining fact discovery issues given that they will likely have implications in future motion practice before the Court.

### 1. Deposition of Mark Zuckerburg (Dkt. 1082)

As the Court is aware, Judge DeMarchi ordered Meta to produce Mark Zuckerberg for deposition by May 30, and denied Meta's motion for reconsideration. Dkt. 966, 1025. This Court then denied Meta's motion for relief from Judge DeMarchi's order, and Meta's second motion to reconsider. Dkt. 1082. Plaintiffs have requested that Meta make Mr. Zuckerberg available for deposition before August 8. Meta has not provided any proposed dates for Mr. Zuckerberg's deposition.

### 2. Deposition of Dinkar Jain (Dkt. 1095)

Plaintiffs also seek to depose Dinkar Jain, a former Facebook employee. Plaintiffs will file a

1  motion regarding Mr. Jain's deposition with Judge DeMarchi, as instructed by this Court. Dkt. 1095.

### 3. Remediation of Pixel Button Click Spoliation (Dkt. 880)

The Court ordered the parties to confer about any potential proposals Meta had to remediate its spoliation of Pixel Button Click data. Plaintiffs have made several requests for that conference to occur – and for Meta to put its proposal in writing. To date, Meta has not done so. Given that Meta has not made any proposal to remediate its spoliation of Pixel Button Click data, Plaintiffs understand that Meta has no such proposal.

### 4. Discovery Related to Plaintiffs' Motion for Preliminary Injunction (Dkt. 159)

The Court denied Plaintiffs' motion for preliminary injunction on December 22, 2022 based on the need for discovery to identify the (1) the efficacy of the Filter, which Meta claimed would prevent health information from entering its advertising systems, and (2) the full scope of healthcare providers from which Meta was intercepting health information, which Meta claims it could not systematically identify. Now, after the close of fact discovery, Plaintiffs provide an update on those efforts.

#### a. Efficacy of the Filter

The filter ▬▬▬▬▬▬▬▬▬▬▬▬—like those that were featured in Plaintiffs' motion for preliminary injunction. After Health Information flows untouched by the Filter, Meta ▬▬▬▬▬▬. For example, if a class member (1) went to their healthcare provider's homepage; (2) clicked a link to seek information about cancer treatment; (3) looked up their doctor; and (4) signed-in to the patient portal, Meta would ▬▬▬▬▬▬▬▬ that it sent to a table named ▬▬▬▬▬ From there, Meta ▬▬▬▬▬▬▬▬▬▬▬▬ The ▬▬▬▬▬▬▬ class member data, including ▬▬▬ processors that put the communication and the class member associated with it into detailed health classifications. The outputs of those processors are stored in a table named ▬▬▬▬▬ Discovery has since revealed that Meta failed to preserve any data in either

███████████ or ███████████. On the last day of discovery, Meta produced partially—but insufficiently—remediated data in a rolling production that is not yet complete.

### b. Healthcare Provider Domain Classifications

Consistent with the Court's instructions that such discovery was necessary, Plaintiffs moved to compel Meta's identification of healthcare provider domains and apps on at least five prior occasions. On January 13, 2025, Meta informed Plaintiffs that it had spoliated domain classifications. The parties discussed remediation and Meta produced additional classifications from a system called ███ as a next-best replacement for ███████ classifications. However, Meta's May 30, 2025 partially remediated production of ████████████ demonstrated that ████████ contained unique information that is not in ██████.

The following chart contains ████████ classifications that the partially remediated data shows Meta assigned to communications on domains relating to the healthcare providers.

| Domain | Classifications |
|---|---|
| www.medstarhealth.org | ███████████████████████████ |
| www.ucsfmedicalcenter.org | Spoliated without Remediation |
| www.uclahealth.org | Spoliated without Remediation |
| www.bannerhealth.com | ███████████████████████████ |

### 5. Unjust Enrichment Discovery (Dkt. 1018)

Judge DeMarchi ordered Meta to answer Plaintiffs' Interrogatory No. 18 and produce certain documents relevant to calculation of unjust enrichment from health advertising that draws upon the health information classifications that Meta infers from at-issue data. In response, Meta refused to answer the interrogatory as drafted by Plaintiffs, promising a later answer with a formulation of its own

1  devise, and said it could not provide responsive documents—even though the prior briefing noted that
2  Meta had the ability to use its systems to make such calculations, which Meta did not deny.

### 6. Other Discovery Issues

There are several other lingering but smaller discovery issues that would properly be brought before Judge DeMarchi. These include disputes over (1) privilege claims; (2) follow-up requests for specific documents; and (3) compliance with prior orders or agreements.

### **Meta's Statement**

Fact discovery concluded on May 30, 2025, and plaintiffs' motion to extend the deadline for filing disputes regarding fact discovery pursuant to Local Rule 37-3 was denied. *See* Dkt. 1065.

Meta continues to work diligently to address the few outstanding discovery requests from plaintiffs in order to avoid burdening the Court with further disputes. Meta looks forward to concluding these remaining issues and moving on to class certification briefing.

### A. Depositions

Plaintiffs noticed all twelve of the fact depositions to which they are entitled, *see* Dkt. 850, and have taken eleven of the twelve depositions. With respect to the deposition of Mr. Zuckerberg, plaintiffs unilaterally noticed the date of July 7, and Meta notified plaintiffs that Mr. Zuckerberg is not available on July 7 and that it would get back to plaintiffs with more information.

Meta also made available seven employees for Rule 30(b)(6) depositions covering 200+ topics and sub-topics that plaintiffs demanded. In addition, Meta served supplemental interrogatory responses in lieu of certain 30(b)(6) testimony and is currently working with plaintiffs to address reasonable follow up questions through additional supplemental interrogatory responses.

Plaintiffs improperly filed a motion with this Court to compel the deposition testimony of a former Meta employee after the fact discovery deadline, *see* Dkt. 1090, and this Court vacated that motion on July 1, 2025, *see* Dkt. 1095. On July 1, 2025, Judge DeMarchi ordered the parties to file a joint discovery dispute letter regarding the subject of the vacated motion by July 14, 2025 in accordance

1   with the Court's Standing Order for Civil Cases. Dkt. 1096. Meta notes that this motion is meritless
2   for numerous reasons, including that it is untimely. This Court already denied plaintiffs' motion to
3   extend the deadline for filing disputes regarding fact discovery, *see* Dkt. 1065, and the filing of this
4   new motion is in violation of that order.

**B. Document Discovery**

Meta is working diligently to resolve the few remaining discovery issues and comply with the recent order from Judge DeMarchi. Meta has agreed to provide certain supplemental interrogatory responses, as well as additional data, and Meta continues to investigate further requests from plaintiffs.

<u>Conference on</u> ███████████████ Plaintiffs misrepresent the status of this discussion. The parties agreed to postpone this discussion until other related issues were addressed first. Meta is working diligently to address this topic in order to have a productive conference at the appropriate time. It is incorrect to state that Meta "has no such proposal."

<u>Discovery Related to Plaintiffs' Motion for Preliminary Injunction:</u> Plaintiffs mischaracterize, misrepresent, and misconstrue information that Meta produced in discovery, and they make further baseless allegations with no support in the record. Meta does not agree with plaintiffs' inaccurate and misleading statements, which Meta will address at the appropriate time.

Dated: July 1, 2025                    **GIBSON, DUNN & CRUTCHER LLP**

                                       By:  */s/* Lauren Goldman
                                            Lauren Goldman

                                            LAUREN R. GOLDMAN (pro hac vice)
                                            lgoldman@gibsondunn.com
                                            DARCY C. HARRIS (pro hac vice)
                                            dharris@gibsondunn.com
                                            200 Park Avenue
                                            New York, NY 10166
                                            Telephone: (212) 351-4000
                                            Facsimile: (212) 351-4035

                                            ELIZABETH K. MCCLOSKEY (SBN 268184)
                                            emccloskey@gibsondunn.com

ABIGAIL A. BARRERA (SBN 301746)
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

**LATHAM & WATKINS LLP**

ANDREW B. CLUBOK (pro hac vice)
andrew.clubok@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

GARY S. FEINERMAN (pro hac vice forthcoming)
gary.feinerman@lw.com
300 North Wabash Ave, Suite 2800
Chicago, IL 60611
Telephone: +1.312.876.7700

MELANIE M. BLUNSCHI (Bar No. 234264)
melanie.blunschi@lw.com
KRISTIN SHEFFIELD-WHITEHEAD (Bar No. 304635)
kristin.whitehead@lw.com
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

*Attorneys for Meta Platforms, Inc.*

Dated: July 1, 2025

By:   */s/* Geoffrey Graber
      Geoffrey Graber

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Geoffrey Graber, State Bar No. 211547
*ggraber@cohenmilstein.com*
1100 New York Avenue NW, 8th Floor
Washington, DC 20005
Tel:    202-408-4600
Fax:    202-408-4699

By:   */s/* Jason "Jay" Barnes
       Jason 'Jay' Barnes
**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
  *jaybarnes@simmonsfirm.com*
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel:    212-784-6400
Fax:   212-213-5949

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
  *koncius@kiesel.law*
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel:    310-854-4444
Fax:   310-854-0812

**TERRELL MARSHALL LAW GROUP PLLC**
Beth E. Terrell, State Bar No. 178181
  *bterrell@terrellmarshall.com*
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.:   206-816-6603
Fax:   206-319-5450

**GIBBS LAW GROUP LLP**
Andre M. Mura, State Bar No. 298541
  *amm@classlawgroup.com*
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.:   510-350-9700
Fax:   510-350-9701

*Attorneys for Plaintiffs*

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Eric A. Kafka, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: July 1, 2025                                     By:    */s Eric Kafka*