1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

IN RE META PIXEL HEALTHCARE
LITIGATION

Case No.  22-cv-03580-WHO (VKD)

8

This Document Relates To:

9

All Actions.

**ORDER RE JULY 14, 2025
DISCOVERY DISPUTE RE JAIN
DEPOSITION**

10

Re:  Dkt. Nos. 1112, 1113

11

12

13      The parties ask the Court to resolve a dispute regarding whether plaintiffs should be

14   permitted to take the deposition of former Meta employee Dinkar Jain, and if so, whether Meta

15   should be required to reimburse Mr. Jain's counsel for travel to India for purposes of defending

16   the deposition.  Dkt. No. 1112.[1]  The Court finds this dispute suitable for resolution without oral

17   argument.  Civil L.R. 7-1(b).

18      Plaintiffs contend that they should be able to take Mr. Jain's deposition after the close of

19   fact discovery because Meta failed to timely disclose that Mr. Jain was no longer employed by

20   Meta and otherwise refused to cooperate during the discovery period in scheduling his deposition.

21   *Id.* at 2-4.  They also contend that Mr. Jain has unique knowledge of relevant Meta systems,

22   including "downstream systems" as to which Meta failed to preserve critical evidence.  *Id.* at 2, 5.

23

24   [1] Plaintiffs move to seal portions of the discovery letter brief on the ground that Meta claims the
information in question is confidential.  Dkt. No. 1113.  Plaintiffs' counsel advises that the parties
25   conferred in advance regarding the specific portions of the discovery submission to be sealed, as
directed by the Court, and reached agreement on the portions for which sealed is requested.  *See*
26   Dkt. No. 1113-1 ¶ 5.  As plaintiffs' sealing motion relates to a discovery matter, the good cause
standard applies.  *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098-99 (9th Cir.),
27   *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 580 U.S. 815 (2016); *Kamakana v.
City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).  Good cause appearing, the
28   Court grants plaintiffs' sealing motion.  Unredacted portions of the discovery letter (Dkt. Nos.
1113-3, 1115) shall remain under seal.

Meta responds that plaintiffs have unreasonably delayed in seeking Mr. Jain's deposition, including waiting until well past the May 30, 2025 fact discovery deadline before filing a motion seeking relief.[2] *Id.* at 5-7. In addition, Meta argues that plaintiffs have already exceeded the number of depositions they were permitted to take, absent leave of court, and have not shown that Mr. Jain has unique knowledge of any relevant system. *Id.* at 7.

Having considered the parties' discovery dispute letter, the applicable authority, and other pertinent information in the record, the Court denies plaintiffs' request for an order permitting them to take Mr. Jain's deposition, for the following reasons:

*First*, plaintiffs have not shown that they acted diligently in attempting to obtain Mr. Jain's deposition during the fact discovery period, or that Meta interfered with their ability to do so. Plaintiffs learned of Mr. Jain as early as September 2022, when Meta identified him in its initial disclosures. *Id.* at 2, 6. He was listed at that time as a current employee who could be contacted through counsel for Meta. *Id.* at 2. After plaintiffs identified Mr. Jain as a person they wished to depose on November 15, 2024, Meta identified him as a "former employee" in a responsive communication on December 10, 2024, although it indicated that Meta's counsel would represent Mr. Jain for purposes of his deposition. *Id.* at 2, 6.

During the next several months, the parties had difficulty reaching agreement about the number, duration, scope, and scheduling of fact witness depositions, and raised several matters with the Court for resolution. *See, e.g.,* Dkt. No. 772, Dkt. No. 785 (16:11-41:11), Dkt. No. 845. On February 18, 2025, the Court issued an order regarding individual and Rule 30(b)(6) fact witness depositions and deposition scheduling. Dkt. No. 850. At that time, Mr. Jain was among those listed on plaintiffs' list of "priority" deponents (Dkt. No. 845 at 2, Dkt. No. 846-3 at 2), and plaintiffs apparently described his testimony as "vital" in a late March 2025 communication with Meta (Dkt. No, 952-3 at ECF 6). And yet, plaintiffs did not take the necessary steps to obtain Mr. Jain's deposition testimony before the fact discovery deadline, even though Mr. Jain's counsel

---

[2] Plaintiffs filed a noticed motion on June 30, 2025. *See* Dkt. No. 1090. The matter was referred to the undersigned as a discovery dispute for resolution on July 1, 2025, and the parties were directed to file a joint discovery dispute letter addressing the matter no later than July 14, 2025. *See* Dkt. Nos. 1095, 1096.

1    offered to make Mr. Jain available for a remote deposition during the month of May 2025. Dkt.

2    No. 1112 at 3, 7.

3        Plaintiffs suggest that the deposition could not proceed before the close of fact discovery

4    because of a dispute about whether plaintiffs or Meta would reimburse Mr. Jain for his counsel's

5    expenses to travel to India to defend Mr. Jain's deposition, and also because of a dispute about

6    whether plaintiffs had already noticed or taken all of the individual fact witness depositions that

7    they were entitled to take, absent agreement or leave of court. *See id.* at 3-4. These arguments are

8    not persuasive. By plaintiffs' own account, they were fully aware of Mr. Jain's role at Meta, the

9    purported significance of testimony,[3] and his former employee status well before the close of fact

10   discovery. Plaintiff do not explain why they did not seek an order compelling Mr. Jain's

11   deposition, or addressing the issue of who should pay his counsel's travel costs, before the close of

12   fact discovery. And while plaintiffs do not dispute that, given the number of individual

13   depositions they had already taken or noticed, they would have needed leave of court to take Mr.

14   Jain's deposition, they offer no reason why they did not seek leave to do so before the close of fact

15   discovery, or at least by June 5, 2025—the last day to file discovery-related disputes with the

16   Court.

17       *Second*, plaintiffs have not shown that Mr. Jain has unique knowledge of relevant Meta

18   systems, including "downstream systems" as to which Meta failed to preserve critical evidence.

19   As the Court explained in its prior order:

20       Plaintiffs may take no more than 12 depositions of individual fact
         witnesses. . . .  Plaintiffs shall choose their remaining deponents
21       wisely, as they will not be permitted to take more than 12 individual
         fact witness depositions absent a stipulation or leave of the court.
22       See Fed. R. Civ. P. 30(a)(2). In discussing any depositions beyond
         the 12-deposition limit, the parties should keep in mind that leave
23       will be granted only to the extent consistent with the relevance and
         proportionality requirements of Rule 26(b). . . .  The party seeking
24       additional depositions must make a particularized showing of need
         for the depositions. *See Authentec, Inc. v. Atrua Techs., Inc.*, No.
25       08-cv-1423 PJH, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008).

26   Dkt. No. 850 at 1-2. Plaintiffs have made no such particularized showing regarding the need for

27   _____

28   [3] Meta states, without contradiction, that it had produced most of Mr. Jain's custodial documents
     by December 2024, and the remainder by April 25, 2025. Dkt. No. 1112 at 6.

United States District Court
Northern District of California

1    Mr. Jain's deposition.  While they say Mr. Jain is a "critical and irreplaceable" witness with

2    "intimate and unique knowledge," *see* Dkt. No. 1112 at 2, 5, plaintiffs do not describe the "unique

3    knowledge" he possesses in any meaningful detail.

4        Meta argues that Mr. Jain is unlikely to have the kind of information plaintiffs claim they

5    require because (1) he was a product manager, not an engineer, (2) as a former employee, he

6    would have less detailed information available to him to prepare for his deposition than would a

7    current employee, and (3) four other Meta engineers—Tripathi, Wooldridge, Jayakumar, and

8    Patel—have already testified about the full scope of Meta's data pipeline.  *See id.* at 7.  Plaintiffs

9    respond, in part, by saying that some of these engineers "disclaimed significant knowledge of

10   Meta's downstream systems" and did not answer "basic questions" about the relevant systems, but

11   they do not go beyond these conclusory observations or demonstrate that *Mr. Jain* is likely to have

12   the specific information they require.  *See id.* at 5.  This is particularly true to the extent plaintiffs

13   believe Mr. Jain is in a position to supply relevant information that Meta failed to preserve.  On

14   this point, plaintiffs have not explained at all how Mr. Jain's testimony might fill in any gaps

15   resulting from Meta's failure to preserve data, or might mitigate the prejudice plaintiffs may have

16   suffered as a result of the loss of that data.  *See* Dkt. No. 880.

17       Accordingly, the Court denies plaintiffs' request for an order permitting them to depose

18   Mr. Jain.

19       **IT IS SO ORDERED.**

20   Dated: July 21, 2025

21

22

23            Virginia K. DeMarchi
             United States Magistrate Judge

24

25

26

27

28

United States District Court
Northern District of California