GIBSON, DUNN & CRUTCHER LLP
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY (SBN 268184)
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA (SBN 301746)
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

GEOFFREY GRABER (SBN 211547)
ggraber@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, 8th Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Jason 'Jay' Barnes (admitted *pro hac vice*)
jaybarnes@simmonsfirm.com
SIMMONS HANLY CONROY LLC
112 Madison Avenue, 7th Floor
New York, NY 10016
Telephone: (212) 784-6400
Facsimile: (212) 213-5949

*Additional Attorneys in Signature Block*

*Co-Lead Counsel for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>_____<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-03580-WHO (VKD)<br><br>**CASE MANAGEMENT STATEMENT**<br><br>Date: August 5, 2025<br>Time: 2:00 p.m.<br>Courtroom: Videoconference<br>Judge: Hon. William H. Orrick |

Plaintiffs John Doe II, John Doe III, Jane Doe I, Jane Doe IV, Jane Doe V, Jane Doe IX, and Jane Doe X ("Plaintiffs") and Defendant Meta Platforms, Inc. ("Meta") (collectively, the "Parties"), by and through their respective counsel of record, hereby submit the following Joint Case Management Statement pursuant to Civil Local Rule 16-10 in advance of the Case Management Conference scheduled in the above-captioned case for August 5, 2025 at 2:00 P.M. via videoconference before the Honorable William H. Orrick, in Courtroom 2, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102.

The parties previously submitted a Joint Rule 26(f) report on September 28, 2022 and case management statements on January 10, 2023, March 7, 2023, May 9, 2023, July 11, 2023, September 12, 2023, November 7, 2023, January 16, 2024, March 26, 2024, May 21, 2024, August 6, 2024, October 22, 2024, November 26, 2024, January 14, 2025, February 18, 2025, February 19, 2025, March 18, 2025, April 22, 2025, May 27, 2025, and July 1, 2025. Dkts. 66, 167, 191, 234, 283, 317, 377, 409, 489, 572, 667, 707, 769, 853, 862, 911, 984, 1033, and 1097.

### 1. UPDATE ON DISCOVERY STATUS

**Deposition of Mark Zuckerberg (Dkt. 1082)**

On July 7, 2025, Meta filed a petition in the United States Court of Appeals for the Ninth Circuit for a writ of mandamus to the United States Court for the Northern District of California in connection with the deposition of Mark Zuckerberg. On July 17, 2025, Meta provided an August 2025 date for Mark Zuckerberg's deposition, to which plaintiffs agreed. On July 22, the Ninth Circuit ordered the Plaintiffs to respond to Meta's petition for a writ of mandamus regarding that deposition by August 5. Dkt. 1119. The parties have agreed that they will maintain the currently scheduled deposition date until seven days before the deposition is scheduled to occur; if, at that time, the Ninth Circuit has not yet ruled on the petition for the writ, the parties will take the deposition off calendar and will work in good faith to reschedule the deposition, if appropriate, after the Ninth Circuit has ruled. The parties agree that the deposition should not proceed until the Ninth Circuit rules.

**Plaintiffs' Statement**

Plaintiffs will file their class certification motion and expert reports on September 9, 2025. deadline. Plaintiffs briefly summarize some of the remaining fact discovery issues.

### 1. Remediation of Pixel Button Click Spoliation (Dkt. 880)

The Court ordered the parties to confer about any potential proposals Meta has to remediate its spoliation of Pixel Button Click data. Plaintiffs have made several requests for that conference to occur – and for Meta to put its proposal in writing. To date, Meta has not done so. Given that Meta has not made any proposal to remediate its spoliation of Pixel Button Click data, Plaintiffs understand that Meta has no such proposal. Plaintiffs have informed Meta that it is too late for Meta to propose remediations for its spoliation of Pixel Button Click data because Plaintiffs would not be able to incorporate any proposed remediation by Meta into Plaintiffs' September 9 class certification motion.

### 2. Discovery Related to Plaintiffs' Motion for Preliminary Injunction (Dkt. 159)

a.   Spoliation of Evidence Showing the Filter Did Not Work

As first mentioned by Plaintiffs in the parties' case management conference of January 2025, Meta informed Plaintiffs in early January 2025 that it failed to timely preserve data in key sources demonstrating how it used the health information at-issue in this case to place health information inferences into profiles that Meta monetized for each class member. See also, Dkt. 911 at 5; Dkt. 984 at 4; Dkt. 1098 at 2-3. Meta ignored Plaintiffs' requests for a cooperative and constructive remediation plan for five months and then produced partially—but insufficiently—remediated data on the "last" day of fact discovery. Plaintiffs followed a week later (June 6, 2025) with the same basic request as before—a cooperative and open approach to fixing the problems. Despite repeatedly follow-ups, Meta's counsel has ignored Plaintiffs' requests, providing no further details other than to say it is "aiming to produce [additional] documents responsive to" the issue this week and "continuing to confer with our clients regarding your further requests."

Meta's continued and unwarranted delay is prejudicial to the Plaintiffs. The time to preserve the data that Meta spoliated it was in June 2022, when the first case was filed. Plaintiffs note that there

are no further motions to compel to be filed as Plaintiffs already filed more than a dozen related to this issue and the data is now destroyed. The only question that remains is how to deal with the spoliation.

### b.     Healthcare Provider Domain Classifications

On July 16, 2025, Meta (1) finally produced the most detailed healthcare provider domain classifications available in its current systems.  Plaintiffs immediately set about analyzing these new classifications and have determined that Meta continues to intercept patient information from some of the domains. Plaintiffs are working to use the list provided by Meta to create a *current* list of healthcare provider domains in the United States where Meta is currently intercepting at-issue data. Plaintiffs hope to finish this process by next week—less than two weeks after Meta provided its most precise current classifications.

Meta's July 16, 2025 production also included a letter from counsel stating that an Excel spreadsheet it produced on May 9, 2025, was a list of likely patient portal domains that Meta had identified in early December 2022.  Plaintiffs have also reviewed Meta's December 2022 patient portal list to remove false positives.

Despite Meta's recent productions, Plaintiffs still do not have a complete historical list that accounts for all those healthcare provider domains where Meta was intercepting Pixel data in June 2022 but for which the Pixel was subsequently removed. The reason: Meta spoliated its precise health-related classifications (which the court previously described as being at "the heart of this case") that existed when Plaintiffs filed suit and that aligned with the definition of a "healthcare provider" under HIPAA and the CMIA.

### 3.    Unjust Enrichment Discovery

Meta produced two documents on the last day of fact discovery that, on their face, provide the most direct calculation of its unjust enrichment from "health" information of any documents produced in the litigation. In lieu of further discovery (and motion practice relating to whether Meta complied with prior court orders and agreements to produce revenue data), Plaintiffs proposed that the parties stipulate that the final-day documents were a reasonable approximation of unjust enrichment that

Plaintiffs could submit to the factfinder. Despite repeatedly requests from Plaintiffs, Meta has refused to provide its position.

**4. Remaining Discovery Issues**

There continue to be lingering but smaller discovery issues over privilege, follow-up requests for specific documents, and compliance with prior orders or agreements.

**Meta's Statement**

Fact discovery concluded on May 30, 2025. Meta continues to work diligently to address the few outstanding discovery requests from plaintiffs in an effort to avoid burdening the Court with further disputes. Meta looks forward to concluding these remaining issues and moving on to class certification briefing.

**A. Depositions**

On July 14, 2025, the parties submitted a discovery dispute to Judge DeMarchi concerning the deposition of Dinkar Jain, a former Meta employee. Dkt. 1112.[1] On July 21, 2025, Judge DeMarchi denied plaintiffs' request, finding plaintiffs had not shown that they acted diligently in attempting to obtain Mr. Jain's deposition during the fact discovery period and plaintiffs had not shown that Mr. Jain had unique knowledge. *See* Dkt. 1117.

**B. Document Discovery**

Meta is working diligently to resolve the few remaining discovery issues. Meta disagrees with plaintiffs' repeated accusations of spoliation.

Classifications: Meta made multiple classification-related productions throughout the discovery period, and plaintiffs have had access to such classification data for years. Any suggestion

---

[1] Plaintiffs initially filed a motion on June 30, 2025 before Your Honor styled as a Motion for Relief from Fact Discovery Deadline to Obtain Deposition Testimony of Dinkar Jain. Dkt. 1090. On July 1, 2025, Your Honor ordered that the motion be refiled for resolution before Judge DeMarchi. Dkt. 1095. On July 1, 2025, Judge DeMarchi ordered the parties to file a joint discovery dispute letter brief on this issue in compliance with Judge DeMarchi's Standing Orders for Civil Cases. Dkt. 1096.

by plaintiffs that Meta has failed to produce available information is belied by the record; it appears plaintiffs again seek to shift their responsibility to identify the healthcare providers at issue in this case onto Meta, blaming Meta for failing to produce hypothetical records that never existed. Meta produced additional health-related classifications requested by plaintiffs and will be supplementing its related interrogatory response.

Revenue-Related Requests: As reported in the prior CMC Statement (Dkt. 1097) and the Status Report filed with Judge DeMarchi on this topic on July 8, 2025 (Dkt. 1103), and in accordance with Judge DeMarchi's order regarding Requests for Production 263 and 268 (Dkt. 1085), the parties agree that Meta will search for and produce data once plaintiffs provide Meta with the complete list of additional IDs that plaintiffs assert are relevant. Plaintiffs have not yet provided Meta with this complete list.

Data Re-Creation: Meta vehemently rejects any allegation from plaintiffs that it has not worked cooperatively to address plaintiffs' data remediation requests. Indeed, Meta provided plaintiffs with a detailed letter regarding this process. Following Meta's completion of a burdensome, time-intensive re-creation process for certain classification data plaintiffs requested (which plaintiffs concede Meta undertook), Meta continues to diligently investigate both plaintiffs' follow-up questions (many of which were already addressed in the letter Meta provided), and plaintiffs' demand that Meta provide *further* re-created data based on *additional* requests from plaintiffs. Meta is working to resolve these requests as quickly as possible, and Meta will also be providing in the near term additional discovery to address plaintiffs' request for additional information regarding the re-creation process.

Conference on "Button Click" Data: Meta disagrees with plaintiffs' characterization of this conference. The parties previously discussed and agreed that this conference would be sequenced to occur after the parties had addressed other discovery requests from plaintiffs. Meta has informed plaintiffs that it will be providing a proposal for this conference and is working diligently to provide a

proposal to ensure a productive conference. Meta will be making a proposal for this conference whether or not plaintiffs ultimately choose to participate in it.

Dated: July 29, 2025            **GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Lauren Goldman*
     Lauren Goldman

LAUREN R. GOLDMAN (pro hac vice)
lgoldman@gibsondunn.com
DARCY C. HARRIS (pro hac vice)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

ELIZABETH K. MCCLOSKEY (SBN 268184)
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA (SBN 301746)
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

**LATHAM & WATKINS LLP**

ANDREW B. CLUBOK (pro hac vice)
andrew.clubok@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

GARY S. FEINERMAN (pro hac vice forthcoming)
gary.feinerman@lw.com
300 North Wabash Ave, Suite 2800
Chicago, IL 60611
Telephone: +1.312.876.7700

MELANIE M. BLUNSCHI (Bar No. 234264)
melanie.blunschi@lw.com
KRISTIN SHEFFIELD-WHITEHEAD (Bar No. 304635)
kristin.whitehead@lw.com
505 Montgomery St., Suite 2000

San Francisco, CA 94111
Telephone: +1.415.391.0600


*Attorneys for Meta Platforms, Inc.*

Dated: July 29, 2025

By:  */s/ Geoffrey Graber*
       Geoffrey Graber

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Geoffrey Graber, State Bar No. 211547
  *ggraber@cohenmilstein.com*
1100 New York Avenue NW, 8th Floor
Washington, DC 20005
Tel:     202-408-4600
Fax:    202-408-4699


By:  */s/ Jason "Jay" Barnes*
        Jason 'Jay' Barnes
**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
  *jaybarnes@simmonsfirm.com*
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel:     212-784-6400
Fax:    212-213-5949


**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
  *koncius@kiesel.law*
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel:     310-854-4444
Fax:    310-854-0812


**TERRELL MARSHALL LAW GROUP PLLC**
Beth E. Terrell, State Bar No. 178181
  *bterrell@terrellmarshall.com*
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.:    206-816-6603
Fax:    206-319-5450


**GIBBS LAW GROUP LLP**
Andre M. Mura, State Bar No. 298541
  *amm@classlawgroup.com*
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.:    510-350-9700

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Fax:   510-350-9701

*Attorneys for Plaintiffs*

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Eric A. Kafka, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: July 29, 2025                    By:    <u>/s  Eric  A. Kafka</u>