UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions. | Case No. 22-cv-03580-WHO (VKD)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 1122 |
|---|---|

Plaintiffs ask the Court for leave to file a motion for reconsideration of the Court's July 21, 2025 order (Dkt. No. 1117) regarding plaintiffs' request for an order compelling the deposition of former Meta employee Dinkar Jain. Dkt. No. 1112. Specifically, plaintiffs seek leave pursuant to Civil Local Rule 7-9(b)(3) to seek reconsideration of the July 21 order on the ground that the Court failed to consider material facts and dispositive legal arguments. *Id.* at 2.

The Court denies plaintiffs' motion for leave. Plaintiffs, in effect, ask for an opportunity to reargue and challenge the bases for the Court's order, citing the "abbreviated nature of how the dispute was ordered to be submitted"—by which plaintiffs mean that the Court required the parties to submit their dispute regarding the Jain deposition in compliance with the Court's standard discovery dispute resolution procedures. *Id.* As plaintiffs acknowledge, those procedures require the parties to file a joint discovery dispute letter that includes a statement of each party's position, which may not exceed 1500 words per party. *See* Standing Order for Civil Cases, sec. 4.

Plaintiffs argue that in the joint discovery dispute letter they filed on July 14, 2025 they did not have an opportunity to adequately explain how they were diligent in timely seeking Mr. Jain's deposition or why he has relevant, unique knowledge. *Id.* at 2-7. Having reviewed the July 14 letter in light of plaintiffs' motion for leave, the Court is not persuaded that plaintiffs were

deprived of an opportunity to explain their position on these points. The July 14 letter contains an extended discussion of plaintiffs' purported diligence, which the Court fully considered. *See* Dkt. No. 1112 at 2-4. Conversely, plaintiffs said very little in that letter about Mr. Jain's supposed knowledge, as the Court pointed out in its order. Nothing prevented plaintiffs from including more discussion of this latter point, including by seeking permission to submit additional exhibits, as contemplated by the Standing Order for Civil Cases. Plaintiffs elected to use their allotted space in the discovery letter to discuss other matters. *See* Dkt. No. 1112 at 1-5. They did not seek relief from the 1500-word limit in the Standing Order for Civil Cases. Instead, plaintiffs now use their present motion for leave to state that they could have presented their arguments differently. Leave to seek reconsideration is not warranted in these circumstances.

Plaintiffs also argue that the Court failed to rule on their request for sanctions. This argument is puzzling, in view of plaintiffs' assertion in the July 14 letter that "[i]f unable to depose Jain, Plaintiffs should be permitted to file a motion for sanctions notwithstanding any other discovery deadlines." Dkt. No. 1112 at 5. There is no request here on which the Court failed to act. Moreover, as plaintiffs are well aware, a party may not move for sanctions using the expedited joint discovery dispute letter procedure described above, but instead must file a motion conforming to the requirements of Civil L.R. 37-4. *See* Standing Order for Civil Cases, sec. 4.

For these reasons, the Court denies plaintiffs' motion for leave to file a motion for reconsideration.

**IT IS SO ORDERED.**

Dated: August 13, 2025

Virginia K. DeMarchi
United States Magistrate Judge