**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:   (212) 351-4000
Facsimile:   (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:   (415) 393-8200
Facsimile:   (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION,<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-03580-WHO (VKD)<br><br>**DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Hon. Virginia K. DeMarchi |

Gibson, Dunn & Crutcher LLP

DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:22-CV-03580-WHO (VKD)

I, Lauren R. Goldman, state and declare as follows:

1. I am an attorney licensed to practice in the State of New York. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in these actions. I am admitted *pro hac vice* to practice before this Court. I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration under Local Rule 79-5(f)(3) in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. Dkt. No. 1123. Meta seeks to seal narrowly tailored portions of the Motion for Leave to File a Motion for Reconsideration regarding the Court's Orders regarding July 14, 2025 Discovery Dispute regarding Jain Deposition and its exhibits, which were filed at Dkt. No. 1122 (the "Motion and Exhibits"). Meta proposes to redact specific, non-public information in the Motion and Exhibits that contains highly confidential business information about Meta's (1) proprietary data classification systems, including the name of one of the classification systems, its associated processor, and information about how the system and processor work; (2) data storage systems, including the names of specific tables, categories, and fields, information about how the systems are organized, how the systems can be queried, and how data flows through Meta's systems; (3) health-related integrity systems, including how the systems work; (4) ad delivery system, including information about how the systems work and how they are organized; (5) confidential, strategic issues analyzed by Meta employees and actions taken by Meta in connection with those analyses; and (6) non-public personal information about a non-party.

3. In determining whether to permit documents to be filed under seal, this Court should apply the "good cause" test for "sealed materials attached to a discovery motion unrelated to the merits

---

[1] This Court and others in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, Dkt. Nos. 448, 466, 509, 593; *see also Avago Techs. Fiber IP (Singapore) PTE. Ltd., v. IPtronics Inc.*, No. 5:10-cv-02863-EJD, Dkt Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., v. OpenTV Inc.*, No. 5:13-cv-00282-EJD, Dkt. Nos. 76, 82 (N.D. Cal. Oct. 8, 2013). I am personally familiar with Meta's practices of safeguarding proprietary information, including based on my experience representing Meta for many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *see Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). The good cause standard generally applies to discovery-related filings because "discovery is largely 'conducted in private as a matter of modern practice,'" and "the public is not presumed to have a right of access to it." *Ctr. For Auto Safety*, 809 F.3d at 1097 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)). Here, as the Court has previously recognized, the good cause test applies because the Motion and Exhibits were submitted by the parties in connection with a discovery dispute. *See, e.g.,* Dkt. Nos. 451, 509, 1030. *See also Grace v. Apple, Inc.,* No. 17-CV-00551 LHK (NC), 2018 WL 11319051, at *1 (N.D. Cal. Apr. 3, 2018) (applying the good cause test to a motion to seal materials in connection with a discovery dispute).

4. Sealing is appropriate here for several reasons. *First*, Meta's sealing request is "narrowly tailored to seek sealing only of sealable material." *Singh v. Costco Wholesale Corp.*, No. 20-CV-08180-NC, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023). Meta asks the Court to seal only those parts of the Motion and Exhibits which reveal proprietary, commercially sensitive, and confidential information about Meta's data storage, classification, health-related integrity, and ad delivery systems, analyses and actions taken in connection with those analyses, and confidential personal information about a non-party. *Second*, as the Supreme Court has recognized, the public right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also* Dkt. No. 157 at 3 (Judge Orrick in this case confirming that "competitive harm is a compelling reason to seal"). Meta is likely to suffer harm if highly confidential information regarding the non-public systems integral to its storage and classification of information, ads delivery systems, health-related integrity systems, and business analyses is made public. *Third*, there is "a compelling reason to seal" information that could compromise a party's "network infrastructure and security systems." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015). *Fourth,* the non-party will suffer harm if their non-public personal information is made public. The less stringent "good cause" standard is clearly met here

1  because the disclosure of specific information about how Meta stores data and its health-related
2  integrity systems could empower bad actors to exploit Meta's systems and misuse that data.

3       5.     Competitive harm is likely if Meta's highly confidential information is made public.
4  Meta operates in an intensely competitive marketplace and has serious and legitimate concerns that
5  competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive
6  advantage. Disclosure of the information Meta seeks to seal would provide these competitors with
7  unfair insight into how Meta's systems are designed and operate, giving competitors the ability to
8  "duplicate features of" Meta's systems and technical infrastructure "which could cause competitive
9  harm." *In re Google Inc. Gmail Litig.,* 13–MD–02430–LHK, 2013 WL 5366963, at *3 (N.D. Cal.
10  Sept. 25, 2013) (finding "compelling reasons to seal" materials relating to "descriptions of how Gmail
11  operates").

12       6.     In addition, absent redactions, unsealing the Motion and Exhibits likely would cause
13  Meta harm because it would reveal information bad actors could then use to access or gain insight into
14  the data Meta receives and stores and Meta's health-related integrity systems. Meta has an interest in
15  maintaining confidentiality over information related to its data storage and health-related integrity
16  systems and takes care to protect the confidentiality of its proprietary information and the data it
17  receives and stores. Divulging details about Meta's systems would undermine this interest by helping
18  third parties circumvent Meta's security measures to infiltrate or better understand the data Meta
19  receives and stores (including data related to users), in violation of Meta's policies. Therefore,
20  disclosure would harm both Meta and the individuals whose data may be left more vulnerable to
21  improper access.

22       7.     Further, unsealing the Motion and Exhibits would reveal the personal information of a
23  non-party. As courts in this circuit have held, "protecting personal information satisfies the
24  'compelling reasons' standard and thus also satisfies the less exacting 'good cause' standard." *Laatz*
25  *v. Zazzle, Inc*., No. 5:22-CV-04844-BLF, 2024 WL 4493441, at *2 (N.D. Cal. Sept. 25, 2024)
26  (collecting cases). The redacted information reveals private information about the non-party's
27  availability for a deposition. Revealing this information would harm the individual's privacy interest
28  and is completely unrelated to this matter. Indeed, this information has "little or no relevance to any

material issue in this case." *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007). Accordingly, the non-party's "legitimate interest in ensuring the privacy of personal information outweighs the public's interest in access to court filings." *Richter v. Oracle Am., Inc.*, No. 22-CV-04795-BLF, 2023 WL 5663217, at *2 (N.D. Cal. Aug. 30, 2023).

8. Courts routinely protect the type of information that Meta seeks to seal here. *See* Dkt. No. 157 at 3–4 (collecting cases); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (holding "confidential . . . commercial information" was entitled to protection from disclosure); *see also Calhoun v. Google LLC*, No. 20-CV-05146-YGR (SVK), 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022) (allowing redactions for references to "sensitive features of Google's internal systems and operations, including the various types of data sources which include information related to Google's data logs, internal data structures, internal identifiers and their proprietary functions"); *Ojmar US, LLC v. Sec. People, Inc.*, No. 16-CV-04948-HSG, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (noting protections afforded by courts within the Ninth Circuit are broad and extend to "confidential information regarding [a defendant's] products, services, and business practices"). Notably, this Court has already found good cause and ordered sealing of some of the same (or very similar) information Meta seeks to seal here. *See, e.g.,* Dkt. Nos. 485, 515, 919 935, 999-3, 1006-3, 1006-4, 1006-5, 1006-6, 1020-6, 1020, 1026, 10261-1, 1026-2, 1026-3, 1030 (sealing, *inter alia,* specific non-public information about Meta's classification systems); *see also*, Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734, 880 (sealing specific non-public information about the structure of and information in Meta's data storage systems); Dkt. No. 703, 734 (sealing specific non-public information about Meta's proprietary ads delivery systems); Dkt. Nos. 157, 946-2, 953, 1030 (sealing specific non-public information about Meta's health-related integrity systems. Meta's position regarding material that should be sealed is set forth in the following table:

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Plaintiffs' Motion for | Parts of page 5, lines 11-12, 15, 20; page 6, lines | Meta | This text should be redacted because it reveals specific, non-public |

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Leave to File a Motion for Reconsideration re the Court's Order re July 14, 2025 Discovery Dispute Re Jain Deposition (Dkt. No. 1122) | 5, 16-19; page 7, lines 8, 11 (highlighted in Dkt. No. 1133) | | information regarding Meta's proprietary classification systems, including the names of Meta's classification systems, a description of how they work, and the names of associated data processing tools. If disclosed, this information would cause Meta competitive harm. The Court has previously ordered information about Meta's classification systems to be sealed. *See, e.g.*, Dkt. Nos. 339-3, 350-6, 372, 703, 734, 880. |
| Plaintiffs' Motion for Leave to File a Motion for Reconsideration re the Court's Order re July 14, 2025 Discovery Dispute Re Jain Deposition (Dkt. No. 1122) | Parts of page 5, footnote 1, line 28; page 6, line 20; page 7, lines 3-4. (highlighted in Dkt. No. 1133) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific Hive tables. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. The Court has previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734, 880, 1116, 1117. |
| Plaintiffs' Motion for Leave to File a Motion for Reconsideration re the Court's Order re July 14, 2025 Discovery Dispute Re Jain Deposition (Dkt. No. 1122) | Parts of page 6, lines 9, 19-23, footnote 2, line 28; page 7, line 9. (highlighted in Dkt. No. 1133) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary ads delivery systems, including how the systems work. If this information were disclosed, it would competitively harm Meta. The Court has previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 703, 734, 1116, 1117. |
| Plaintiffs' Motion for Leave to File a Motion for Reconsideration re the Court's Order re July 14, 2025 Discovery | Parts of page 7, line 2. (highlighted in Dkt. No. 1133) | Meta | This text should be redacted because it reveals specific, non-public information regarding Meta's proprietary health-related integrity systems, including how the systems work. Disclosure of this information would cause Meta competitive harm and allow bad actors to undermine the integrity of Meta's systems. The Court has already ordered this type of |

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Dispute Re Jain Deposition (Dkt. No. 1122) | | | information to be sealed. *See, e.g.,* Dkt. No. 157, 946-2, 953, 1030. |
| Declaration of Jeffrey A. Koncius, Exhibit "A" (Dkt. No. 1122-1) | Parts of page 2, lines 8-10, 15-17, 20, 24; page 4, lines 6, 19; page 10, line 1. (highlighted in green Dkt. No. 1133-1) | Meta | This text should be redacted because it reveals specific, non-public information regarding Meta's data storage systems (including information about how data flows through Meta's systems), ad delivery systems, classification systems (including the name of one of Meta's classification systems), and related data processing tools. Disclosure of this information would cause Meta competitive harm and allow bad actors to undermine the integrity of Meta's systems. The Court has already ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 336, 339-3, 339-5, 350-6, 372, 503, 509, 510, 522, 703, 734, 880, 1116, 1117. |
| Declaration of Jeffrey A. Koncius, Exhibit "A" (Dkt. No. 1122-1) | Parts of page 8, lines 9-10. (highlighted in green Dkt. No. 1133-1) | Meta | This text should be redacted because it describes specific, sensitive, personal information about a non-party Meta employee that is unrelated to the merits of the case. Other courts have found good cause to seal the same or similar information. *See, e.g., Richter v. Oracle Am., Inc.,* No. 22-CV-04795-BLF, 2023 WL 5663217, at *2 (N.D. Cal. Aug. 30, 2023) ("District courts within the Ninth Circuit have found that a party's legitimate interest in ensuring the privacy of personal information outweighs the public's interest in access to court filings"). |
| Declaration of Jeffrey A. Koncius, Exhibit 1 (Dkt. No. 1122-1) | Parts of page 2, lines 8, 10-11, 23-24; page 3, lines 12, 14-15, 17; page 5, lines 23-24; page 7, lines 1-5, 6-9, 11, 24-25, 27-28; page 8, lines 1-2, 4, 9-10, 12, 14, 27; page 9, lines 8-11, 13; page 10, lines 5-9, 10, 12-28; page 11, lines 2, 6-15, | Meta | This text should be redacted because it reveals specific, non-public information regarding Meta's data storage systems (including the names of specific tables and use cases, how the systems are organized, and how the systems can be queried), data processing tools (including the name of one of Meta's data processing tools and information about how it works), |

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| | 22-25; page 12, lines 7-9, 25; page 13, lines 11-12; page 14, lines 6-7, 9-20, 24; page 15, lines 1, 3-10, 12-14, 16-18; 20-23.<br><br>(highlighted in green Dkt. No. 1133-1) | | ad delivery system, and health-related integrity systems. Disclosure of this information would cause Meta competitive harm and allow bad actors to undermine the integrity of Meta's systems. The Court has already ordered this type of information to be sealed. *See, e.g.,* 157, 336, 339-5, 372, 503, 509, 510, 522, 703, 734, 880, 946-2, 953, 1030, 1116, 1117. |
| Declaration of Jeffrey A. Koncius, Exhibit 3<br><br>(Dkt. No. 1122-1) | Parts of page 2, lines 5-6, 26-27; page 3, lines 15-16, 25-26, 28; page 4, lines 2-5, 27; page 5, lines 12, 14, 16, 18, 20, 24-27; page 6, lines 7, 9, 12, 14, 19-21, 27; page 7, lines 1, 17-23, footnote 1, lines 25-28; page 8, lines 1-6, 14-26; page 9, lines 5-15, 22-23, footnote 2, line 28; page 10, lines 6-26, footnote 33, line 28; page 11, lines 1-2, 9-10, 19-20; page 12, line 16; page 13, line 7; page 14, line 15; page 15, lines 20, 23, 25-27; page 16, lines 3, 7, 9, 11, 13.<br><br>(highlighted in green Dkt. No. 1133-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific Hive tables, use cases, categories, and fields, and information about how the systems are organized. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. The Court has previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734, 880, 1116, 1117. |
| Declaration of Jeffrey A. Koncius, Exhibit 7<br><br>(Dkt. No. 1122-1) | Parts of page 120, lines 8, 11-13, 15, 18; page 187, lines 2, 5-6, 9-10, 17, 20; page 188, lines 3, 12-13, 16, 18-20, 23.<br><br>(highlighted in green Dkt. No. 1133-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems (including the names of specific Hive tables, how the systems are organized, and how the systems can be queried), classification systems (including the name of one of Meta's classification systems), and ad delivery systems. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. The Court has previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 336, 339-3, 339-5, 350-6 |

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| | | | 372, 503, 509, 510, 522, 703, 734, 880, 1116, 1117. |
| Declaration of Jeffrey A. Koncius, Exhibit 8 (Dkt. No. 1122-1) | Parts of page 237, lines 1-5, 20, 23-25. (highlighted in green Dkt. No. 1133-1) | Meta | This text should be redacted because it reveals specific, non-public information regarding Meta's classification systems and related data processing tools (including the name of one of the tools and a description of how it works). If disclosed, this information would cause Meta competitive harm. The Court has previously ordered information about Meta's classification systems to be sealed. *See, e.g.*, Dkt. Nos. 339-3, 350-6, 372, 703, 734, 880. |
| Declaration of Jeffrey A. Koncius, Exhibit 9 (Dkt. No. 1122-1) | Parts of page 164, lines 3-4, 11, 15-17, 21, 23; page 165, lines 3-4, 7-13, 16-17, 19-21. (highlighted in green Dkt. No. 1133-1) | Meta | This text should be redacted because it reveals specific, non-public information regarding confidential, strategic issues analyzed by Meta regarding Meta's data storage systems, as well as actions taken by Meta in connection with those analyses. These analyses reveal specific non-public information about Meta's data storage systems. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. The Court has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734, 880, 1116, 1117. |
| Declaration of Jeffrey A. Koncius, Exhibit 10 (Dkt. No. 1122-1) | Parts of page 26, lines 8-9, 19-20, 22, 24; page 27, lines 3, 9-10, 14-18, 21, 24-25; page 63, lines 3, 5-10, 14-15, 18-19, 22-25; page 64, lines 8-9, 12-15, 17-18, 21, 24; page 65, lines 11-19; page 66, lines 3, 11; page 69, lines 2-3, 6-7, 11, 22; page 70, lines 1-2, 8, 16, 21; page 72, lines 3, 6-10, 13, 24-25; page 73, lines 2, 4-5, 7, 12; page 77, lines 17-19, 22-24; page 78, lines 13-14, 19- | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems (including the names of specific Hive tables and how the systems are organized), classification systems and related data processing tools (including the name of one of the systems and how it works), ad delivery systems, and health-related integrity systems. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. The Court has previously ordered this type |

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| | 21; page 85, lines 7-8, 11-12, 15-17, 19-23; page 86, lines 1-3, 17-18, 23-24; page 87, lines 19-20, 23-24; page 88, lines 3-4; page 89, lines 7-9, 17-21; page 90, lines 5-7, 13-17; page 91, lines 16-19, 24; page 92, lines 10, 13; page 97, lines 6-10; page 98, lines 3-4, 6-7, 9, 11-12, 17-22, 25; page 103, lines 2-7, 20-21, 23-24; page 104, lines 2, 5, 8-9, 13, 15, 17-19, 22-23; page 107, lines 7-8, 11, 13-16, 22-23; page 110, lines 4, 8, 10, 13, 15-16, 20-22, 25.<br><br>(highlighted in green Dkt. No. 1133-1) | | of information to be sealed. *See, e.g.,* Dkt. Nos. 157, 336, 339-3, 339-5 350-6, 372, 509, 510, 522, 703, 734, 880, 946-2, 953, 1030, 1116, 1117. |
| Declaration of Jeffrey A. Koncius, Exhibit 11<br><br>(Dkt. No. 1122-1) | Parts of page 60, lines 1-6, 9-10, 16, 24-25; page 68, lines 5, 7-9, 20-21, 23; page 69, lines 7, 10.<br><br>(highlighted in green Dkt. No. 1133-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems (including the names of specific Hive tables and how data flows through the systems) and data processing tool. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. The Court has previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734, 880, 1116, 1117. |
| Declaration of Jeffrey A. Koncius, Exhibit 12<br><br>(Dkt. No. 1122-1) | Parts of page 19, lines 13-15, 18, 21-22, 25; page 20, lines 9, 15, 25.<br><br>(highlighted in green Dkt. No. 1133-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary ad delivery systems. If this information were disclosed, it would competitively harm Meta. The Court has previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 703, 734. |
| Declaration of Jeffrey A. | Sealed in full. | Meta | This document should be sealed in full because it reveals specific, non-public information regarding |

Case 3:22-cv-03580-WHO     Document 1134     Filed 08/18/25     Page 11 of 12

| Document(s) | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Koncius, Exhibit 13 (Dkt. No. 1122-1) | | | confidential, strategic issues analyzed by Meta concerning Meta's proprietary ad delivery systems, as well as actions taken by Meta in connection with those analyses. These analyses reveal specific non-public information about Meta's proprietary ad delivery systems. If this information were disclosed, it would competitively harm Meta. The Court has previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 703, 734. |
| Declaration of Jeffrey A. Koncius, Exhibit 14 (Dkt. No. 1122-1) | Sealed in full. | Meta | This document should be sealed in full because it reveals specific, non-public information regarding confidential, strategic issues analyzed by Meta concerning Meta's proprietary ad delivery systems, as well as actions taken by Meta in connection with those analyses. These analyses reveal specific non-public information about Meta's proprietary ad delivery systems. If this information were disclosed, it would competitively harm Meta. The Court has previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 703, 734. |
| Declaration of Jeffrey A. Koncius, Exhibit 22 (Dkt. No. 1122-1) | Parts of page 1, paragraph 1, chart; page 2, chart, paragraph 1. (highlighted in green Dkt. No. 1133-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems (including the names of specific Hive tables and categories), data processing tool, and ad delivery systems. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. The Court has previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734, 880, 1116, 1117. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 18th day of August 2025 in New York, New York.

-10-
DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:22-CV-03580-WHO (VKD)

-2-

1
2                                                          */s/ Lauren R. Goldman*
                                                              Lauren R. Goldman
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28