| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>LAUREN R. GOLDMAN (*pro hac vice*)<br>lgoldman@gibsondunn.com<br>DARCY C. HARRIS (*pro hac vice*)<br>dharris@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166<br>Telephone:   (212) 351-4000<br>Facsimile:    (212) 351-4035<br><br>ELIZABETH K. MCCLOSKEY (SBN 268184)<br>emccloskey@gibsondunn.com<br>ABIGAIL A. BARRERA (SBN 301746)<br>abarrera@gibsondunn.com<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111-3715<br>Telephone: (415) 393-8200<br>Facsimile: (415) 393-8306<br><br>*Attorneys for Defendant Meta Platforms, Inc.* | GEOFFREY GRABER (SBN 211547)<br>ggraber@cohenmilstein.com<br>COHEN MILSTEIN SELLERS & TOLL PLLC<br>1100 New York Ave. NW, 8th Floor<br>Washington, DC 20005<br>Telephone: (202) 408-4600<br>Facsimile: (202) 408-4699<br><br>Jason 'Jay' Barnes (admitted *pro hac vice*)<br>jaybarnes@simmonsfirm.com<br>SIMMONS HANLY CONROY LLC<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Telephone: (212) 784-6400<br>Facsimile: (212) 213-5949<br><br>*Additional Attorneys in Signature Block*<br><br>*Co-Lead Counsel for Plaintiffs and the Proposed Class* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-03580-WHO (VKD)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: September 2, 2025<br>Time: 2:00 p.m.<br>Courtroom: Videoconference<br>Judge: Hon. William H. Orrick |

Plaintiffs John Doe II, John Doe III, Jane Doe I, Jane Doe IV, Jane Doe V, Jane Doe IX, and Jane Doe X ("Plaintiffs") and Defendant Meta Platforms, Inc. ("Meta") (collectively, the "Parties"), by and through their respective counsel of record, hereby submit the following Joint Case Management Statement pursuant to Civil Local Rule 16-10 in advance of the Case Management Conference scheduled in the above-captioned case for September 2, 2025 at 2:00 P.M. via videoconference before the Honorable William H. Orrick, in Courtroom 2, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102.

The parties previously submitted a Joint Rule 26(f) report on September 28, 2022 and case management statements on January 10, 2023, March 7, 2023, May 9, 2023, July 11, 2023, September 12, 2023, November 7, 2023, January 16, 2024, March 26, 2024, May 21, 2024, August 6, 2024, October 22, 2024, November 26, 2024, January 14, 2025, February 18, 2025, February 19, 2025, March 18, 2025, April 22, 2025, May 27, 2025, July 1, 2025, and July 29, 2025. Dkts. 66, 167, 191, 234, 283, 317, 377, 409, 489, 572, 667, 707, 769, 853, 862, 911, 984, 1033, 1097, and 1120.

## 1. JOINT STATEMENT ON PROGRESS

As requested by the Court during the August 5, 2025 Case Management Conference, the parties are beginning this Case Management Statement with "a paragraph describing their perspectives on the progress achieved since the last CMC." Dkt. 1125.

Plaintiffs' perspective is that, since the August 5 case management conference, the parties have made marginal progress on resolving their dispute regarding Meta's identification of healthcare providers. On August 7, Meta supplemented its response to Interrogatory to No. 3 to identify additional domains that are likely healthcare providers. On August 11, Plaintiffs sent a letter to Meta regarding domains at-issue in this litigation. The parties continue to meet-and-confer.

Meta believes the parties are moving toward resolution of the remaining discovery issues. Since the August 5 Case Management Conference three weeks ago, plaintiffs identified an expansive volume of additional domains that they believe to be relevant. The parties then met and conferred to discuss an appropriate narrowing of plaintiffs' list. Since August 5, Meta has also supplemented an interrogatory response, as requested by plaintiffs. To the extent any discovery disputes remain, the parties should raise them with Judge DeMarchi as needed.

The parties believe that they are close to resolving issues relating to preservation interrogatories and/or 30(b)(6) testimony.

## 2. UPDATE ON DISCOVERY STATUS

**Plaintiffs' Statement**

Plaintiffs provide additional details on topics in the order of their relevance to the class certification motion.

### 1. Identification of Healthcare Providers

In February 2023, Plaintiffs formally asked Meta to identify healthcare provider properties from which the Meta Pixel sent data to Meta. Meta objected, claiming it did not have information available to answer the question. Two-plus years of motion practice ensued, with dozens of conferences and at least five motions to compel.

On August 7, 2025, Meta served its Eighth Supplement Responses to Plaintiffs' First Set of Interrogatories in which it identified, acknowledged, and explained its May 9, May 30, and July 18, 2025 data productions of the most comprehensive and precise healthcare provider classifications produced to date in this case. Among other things, Meta identified for the first time the domains to which it was attached the labels relating to patient portals and healthcare providers. According to the testimony of a former Meta engineer named Abhinav Anand, a version of these classifications was first used by Meta's Signals Integrity near the end of the first half of 2023. It remains unexplained why Meta waited 25 months to identify or produce them.

On August 11, 2025, Plaintiffs identified additional healthcare provider domains for Meta based on Meta's belated data productions. Plaintiffs are hopeful that the parties will be able to resolve this issue. The conversation between lead counsel on August 21, 2025 was productive. However, Plaintiffs note that Meta's spoliation of its most precise classifications "at the heart of this case" and its delayed production of the most comprehensive and precise classifications that remain in its systems has severely prejudiced Plaintiffs' ability to identify the full scope of healthcare provider websites impacted by Meta's alleged misconduct in this case. Plaintiffs submit that Meta should have identified these domains in June 2023 not August 2025. Had it done so, Plaintiffs would have had two years to work with the list provided by Meta and to conduct additional discovery about the domains on that list.

## 2. Revenue-Related Requests

The parties have broad agreement on the types of revenue documents to be produced for healthcare providers. However, Meta's tardy production of these healthcare provider classifications has delayed this discovery. Meta has taken the position (which Plaintiffs agree with) that it would be more efficient to extract and produce the revenue documents following completion of the healthcare provider classification issue.

## 3. Deposition of Mark Zuckerberg

With respect to the deposition of Meta CEO Mark Zuckerberg, the parties await ruling from the Ninth Circuit to determine how to proceed. If the Ninth Circuit rules in Plaintiffs' favor, the parties will work to identify a date for the deposition as quickly as reasonably possible. If the Ninth Circuit rules in Meta's favor, the parties will address the outcome with this Court as soon as practicable. Plaintiffs will seek to submit a short supplement in support of class certification with Mr. Zuckerberg's testimony so that the Court can consider Mr. Zuckerberg's testimony before ruling on class certification.

## 4. Privilege Disputes

The parties are working their way through privilege disputes relating to Meta's final privilege logs and will raise any disputes as necessary.

## 5. Requests for Hyperlinks

Plaintiffs are still reviewing the voluminous productions made by Meta. At present, there are no additional hyperlinked documents for which they seek production. Plaintiffs mention the issue here to apprise the Court that, if they find a highly relevant hyperlink, their position is that they still may request its production from Meta and hope that Meta will work with them in good faith if so.

**Meta's Statement**

Meta continues to work diligently to address plaintiffs' outstanding discovery requests following the May 30, 2025 fact discovery deadline. Meta looks forward to concluding these remaining issues and moving on to class certification briefing.

<u>Classifications</u>:  Meta rejects plaintiffs' characterization of this issue (which plaintiffs continue to mischaracterize in every CMC Statement) and further rejects plaintiffs' claims of spoliation. At this point in time, Meta will not respond to plaintiffs' accusations, as the parties are currently working to resolve this issue without Court intervention. Meta is investigating plaintiffs' additional requests concerning the classifications, particularly in light of plaintiffs' new supplemental list of additional domains that plaintiffs allege to be relevant. Meta is working with plaintiffs on narrowing this supplemental list.

<u>Revenue-Related Requests</u>:  Contrary to plaintiffs' accusations, Meta's complex revenue-related productions were timely, including based on when plaintiffs served these requests and the scope of material they have requested. Meta is diligently investigating plaintiffs' multiple revenue-related requests to produce even more information requested after the close of discovery.

<u>Privilege Disputes</u>:  Meta has already addressed all disputes that plaintiffs have raised concerning Meta's privilege logs.

<u>Requests for Hyperlinks</u>: Discovery closed on May 30, 2025. It is not clear why plaintiffs are "mention[ing]" this issue here. Meta remains willing to meet and confer as needed if issues arise, but is not willing to expand the scope of discovery at this late stage.

<u>Deposition of Mark Zuckerberg</u>: As reported in the last CMC Statement, Dkt. 1120, the parties await a ruling from the Ninth Circuit with respect to the deposition of Mr. Zuckerberg. If plaintiffs believe supplemental briefing is necessary, the parties should confer before plaintiffs seek leave of the Court for such briefing.

| | |
|---|---|
| Dated: August 26, 2025 | **GIBSON, DUNN & CRUTCHER LLP**<br><br>By:  */s/ Lauren Goldman*<br>      Lauren Goldman<br><br>LAUREN R. GOLDMAN (pro hac vice)<br>lgoldman@gibsondunn.com<br>DARCY C. HARRIS (pro hac vice)<br>dharris@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 351-4000<br>Facsimile: (212) 351-4035<br><br>ELIZABETH K. MCCLOSKEY (SBN 268184)<br>emccloskey@gibsondunn.com<br>ABIGAIL A. BARRERA (SBN 301746)<br>abarrera@gibsondunn.com<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111-3715<br>Telephone: (415) 393-8200<br>Facsimile: (415) 393-8306<br><br>**LATHAM & WATKINS LLP**<br><br>ANDREW B. CLUBOK (pro hac vice)<br>andrew.clubok@lw.com<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C. 20004-1304<br>Telephone: +1.202.637.2200<br><br>GARY S. FEINERMAN (pro hac vice forthcoming)<br>gary.feinerman@lw.com<br>300 North Wabash Ave, Suite 2800<br>Chicago, IL 60611<br>Telephone: +1.312.876.7700<br><br>MELANIE M. BLUNSCHI (Bar No. 234264)<br>melanie.blunschi@lw.com<br>KRISTIN SHEFFIELD-WHITEHEAD (Bar No. 304635)<br>kristin.whitehead@lw.com<br>505 Montgomery St., Suite 2000<br>San Francisco, CA 94111<br>Telephone: +1.415.391.0600<br><br>*Attorneys for Meta Platforms, Inc.* |

Dated: August 26, 2025

By: */s/ Geoffrey Graber*
    Geoffrey Graber

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Geoffrey Graber, State Bar No. 211547
  *ggraber@cohenmilstein.com*
1100 New York Avenue NW, 8th Floor
Washington, DC 20005
Tel:    202-408-4600
Fax:    202-408-4699


By: */s/ Jason 'Jay' Barnes*
    Jason 'Jay' Barnes
**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
  *jaybarnes@simmonsfirm.com*
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel:    212-784-6400
Fax:    212-213-5949

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
  *koncius@kiesel.law*
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel:    310-854-4444
Fax:    310-854-0812

**TERRELL MARSHALL LAW GROUP PLLC**
Beth E. Terrell, State Bar No. 178181
  *bterrell@terrellmarshall.com*
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.:    206-816-6603
Fax:    206-319-5450

**GIBBS LAW GROUP LLP**
Andre M. Mura, State Bar No. 298541
  *amm@classlawgroup.com*
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.:    510-350-9700
Fax:    510-350-9701

*Attorneys for Plaintiffs*

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Lauren Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: August 26, 2025                             */s/ Lauren Goldman*