Jason 'Jay' Barnes, State Bar No. 362776
*jaybarnes@simmonsfirm.com*
**SIMMONS HANLY CONROY LLP**
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel: 212-784-6400
Fax: 212-213-5949

Geoffrey Graber, State Bar No. 211547
*ggraber@cohenmilstein.com*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel: 202-408-4600
Fax: 202-408-4699

Jeffrey A. Koncius, State Bar No. 189803
*koncius@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel: 310-854-4444
Fax: 310-854-0812

Andre M. Mura, State Bar No. 298541
*amm@classlawgroup.com*
**GIBBS MURA LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel: 510-350-9700
Fax: 510-350-9701

Beth E. Terrell, State Bar No. 178181
*bterrell@terrellmarshall.com*
**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel: 206-816-6603
Fax: 206-319-5450

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION | **Case No. 3:22-cv-3580-WHO (VKD)** |
| This Document Relates to:<br><br>All Actions. | CLASS ACTION<br><br>**PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDERS OF MAGISTRATE JUDGE DKT. 1117 AND DKT. 1130**<br><br>Judge: Hon. William H. Orrick |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................ 1

II. LEGAL STANDARD ........................................ 2

III. ARGUMENT ........................................ 2

A. The Clearly Erroneous Findings ........................................ 2

B. The Court Misapplied the Diligence Standard as Plaintiffs Were Diligent ........................................ 3

IV. CONCLUSION ........................................ 5

# TABLE OF AUTHORITIES

**Cases**

*C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*
654 F.3d 975 (9th Cir. 2011) ........ 3

*Clark v. Q.G. Printing II, Ltd. Liab. Co.*
U.S. Dist. LEXIS 167317 (E.D. Cal. Sep. 27, 2019) ........ 4

*Dumas v. New United Motor Mfg.*
2011 U.S. Dist. LEXIS 79365 (N.D. Cal. July 21, 2011) ........ 3

*Grimes v. City and County of San Francisco*
951 F.2d 236 (9th Cir. 1991) ........ 2

*J.W. Pharm. Corp. v. Kahn*
2014 WL 12639070 (C.D. Cal. Dec. 11, 2014) ........ 4

*Ketayi v. Health Enrollment Grp.*
2022 U.S. Dist. LEXIS 196185 (S.D. Cal. Oct. 27, 2022) ........ 4

*Nuno v. Pac. Coast Container, Inc.*
2023 U.S. Dist. LEXIS 231174 (N.D. Cal. Dec. 27, 2023) ........ 1

*O'Connell v. Celonis, Inc.*
2023 U.S. Dist. LEXIS 126549 (N.D. Cal. July 21, 2023) ........ 3

*Orozco v. Midland Credit Mgmt.*
2013 U.S. Dist. LEXIS 106800 (E.D. Cal. July 29, 2013) ........ 4

*Thompson v. BMW of N. Am., LLC*
334 F.R.D. 230 (C.D. Cal. 2020) ........ 4

*Woodway USA, Inc. v. Lifecore Fitness, Inc.*
2024 U.S. Dist. LEXIS 36434 (S.D. Cal. Mar. 1, 2024) ........ 4

**Statutes**

28 U.S.C. § 636(b)(1)(A) ........ 2

**Rules**

Fed. R. Civ. P. 16(b)(4) ........ 3

Fed. R. Civ. P. 72(a) ........ 2

## I. INTRODUCTION

All litigators know that "an attorney is expected to cooperate with opposing counsel to notice and conduct depositions." *Nuno v. Pac. Coast Container, Inc.*, No. 22-cv-04518-VC (LJC), 2023 U.S. Dist. LEXIS 231174, at *2 (N.D. Cal. Dec. 27, 2023) (citing N.D. Cal. Guidelines for Pro. Conduct). Unfortunately, that is not what happened here.

Plaintiffs identified Dinkar Jain as a deponent in November 2024 and persistently sought dates for his deposition over the next seven months. In response, Meta's lawyers threw up one hurdle after another: first they ignored Plaintiffs; then they gave the false impression that they represented him; then they incorrectly claimed he could not be deposed in the near future because he was in India; then they admitted that they did not actually represent him but waited weeks before saying who did; when Plaintiffs contacted his personal lawyer – at Latham & Watkins, which also represents Meta – they were nearly successful in scheduling a deposition, but when Meta's lawyers at Gibson Dunn learned of this, it appears they then ran interference, raised new objections, and successfully thwarted Plaintiffs' efforts. When Plaintiffs' exhaustive efforts finally failed, they filed a motion to compel with this Court—setting forth the long history of the dispute and how Mr. Jain was an important witness whose knowledge was not duplicated by anyone else in this case. Dkt. Nos. 1090-1092 ("Jain Motion"). This Court referred the Jain Motion to the Magistrate Judge, who promptly terminated the motion and ordered the dispute to be re-filed as a Joint Letter Brief. Dkt. Nos. 1095; 1096. On the JLB's streamlined record (Dkt. No. 1112), the Magistrate Judge ruled that Plaintiffs had not been diligent in seeking Mr. Jain's deposition and had not shown that he had unique knowledge. Dkt. No. 1117. However, that ruling was factually in error and misapplied the law. Plaintiffs sought leave for reconsideration on that basis but were denied. Dkt. Nos. 1122; 1130.

Plaintiffs do not seek relief from this Court lightly. Plaintiffs have been denied the ability to depose Mr. Jain based on clearly erroneous conclusions of fact and the misapplication of the diligence standard. *See* Fed. R. Civ. P. 72(a). Plaintiffs respectfully ask this Court to either: (1) amend the scheduling order so that Mr. Jain's deposition occurs before Plaintiffs' reply is due on their motion for class certification and that Meta pay for his attorney to travel to India; or (2) restore the Jain Motion to its calendar so that it might be fully briefed and ruled upon based on a full

evidentiary record.

## II. LEGAL STANDARD

A district court may reconsider a magistrate judge's determination of non-dispositive pretrial matters if its order is "clearly erroneous or contrary to law." *See Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

## III. ARGUMENT

On June 30, 2025, Plaintiffs filed the Jain Motion, which included 37 exhibits totaling 286 pages detailing Plaintiffs' efforts to obtain Mr. Jain's deposition and extensive citations to deposition testimony of Meta witnesses demonstrating why his testimony was unique and important. *See* Decls. at Dkt. Nos. 1091, 1092. However, after referral of the Jain Motion to the Magistrate Judge for disposition it was required the matter be submitted as a joint discovery letter brief subject to the rules relating to such filings. As a result of that ruling, Plaintiffs were limited to 1,500 words and no exhibits although footnote 1 of Plaintiffs' portion of the JLB stated that documentary evidence would be provided if requested. Significantly, the rules relating to JLB state: "The Court does not want to read the parties' discovery-related correspondence." Standing Order at § 4(c)(vi).

### A. The Clearly Erroneous Findings

The Magistrate Judge made at least three clearly erroneous factual findings in the Order. First, the Magistrate Judge incorrectly found that "counsel offered to make Mr. Jain available for a remote deposition during the month of May 2025" (Dkt. No. 1117 at 2:25 – 3:1). In fact, Meta's counsel never offered Mr. Jain for deposition and Meta never argued otherwise. *See* Dkt. No. 1112. Second, the Magistrate Judge incorrectly held that Plaintiffs "would have needed leave of court to take Mr. Jain's deposition" since they were over the twelve-deposition limit. Dkt. No. 1117 at 3:12-14. In fact, Plaintiffs had not taken twelve depositions. Dkt. No. 1112 at 4. Third, the Magistrate Judge incorrectly found that "plaintiffs have not shown that Mr. Jain has unique knowledge of relevant Meta systems, including 'downstream systems' as to which Meta failed to preserve critical evidence." Dkt. No. 1117 at 3:17-18. Plaintiffs note that Mr. Jain's knowledge should have been irrelevant because Mr. Jain would have only been the eleventh deposition. Nevertheless, the Jain Motion included three pages of proof with detailed citations from deposition transcripts of various

Meta employees that satisfied any particularized showing required. *See* Dkt. No. 1090 at 11:8-14:15. Given the 1,500 word limit and the prohibition on exhibits, Plaintiffs chose to focus on diligence since they had not taken twelve depositions. Still, the JLB contained a condensed version of Mr. Jain's knowledge and its significance, with an offer that deposition testimony could be submitted. When Plaintiffs sought in the Motion for Leave to further establish Mr. Jain's knowledge of downstream systems and custodial file and how Meta's proffered deponents had been unable to testify on subjects known by Mr. Jain (Dkt. No. 1122 at 4:3-7:15), the Magistrate Judge declined to consider it, holding that Plaintiffs should have sought relief from the strictures of the Standing Order.[1] Dkt. No. 1130 at 2:7-8. Had the motion been decided on a full record, Meta would have been shown to have engaged in "gamesmanship and deception" and essentially "hid[ing] the ball from Plaintiffs. *See*, *Dumas v. New United Motor Mfg.*, No. C 09i-5290 SBA, 2011 U.S. Dist. LEXIS 79365, at *5 (N.D. Cal. July 21, 2011). The Magistrate Court's rulings condone Meta's pattern of discovery misconduct.

**B. The Court Misapplied the Diligence Standard as Plaintiffs Were Diligent**

The Orders at issue, citing no case law, held that Plaintiffs failed to take the "necessary steps" to obtain Mr. Jain's deposition during discovery and were thus not diligent. Dkt. No. 1117 at 2:24-25. This was error because, despite Plaintiffs not having to prove diligence to take one of their twelve depositions, they nevertheless showed it under the appropriate legal standard to modify the schedule. To find otherwise is contrary to law.

The Court may modify a case schedule for good cause. Fed. R. Civ. P. 16(b)(4). A schedule may be amended if it cannot reasonably be met despite the parties' diligence. *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011); *see also O'Connell v. Celonis, Inc.*, No. 22-cv-02320-WHO (LB), 2023 U.S. Dist. LEXIS 126549, at *5 (N.D. Cal. July 21, 2023).

[1] Put in context, this ruling is troubling to Plaintiffs as a procedural matter: (1) Plaintiffs submitted extensive evidence on this issue in the Jain Motion; (2) the Magistrate Judge ordered that Plaintiffs submit a brief that did not include that evidence; (3) Plaintiffs complied with the order and offered to submit the evidence; (4) the Magistrate Judge found there was not sufficient evidence on the reduced motion that was filed pursuant to her order; and (5) then faulted Plaintiffs for not formally seeking leave to submit exhibits that they had already submitted but been ordered to withdraw.

"When a party requests changes to the scheduling order, the court's [diligence] inquiry focuses on that party's honest attempt to comply" even if they are ultimately unsuccessful. *Clark v. Q.G. Printing II, Ltd. Liab. Co.*, No. 1:18-cv-00899-AWI-EPG, 2019 U.S. Dist. LEXIS 167317, at *4-*5 (E.D. Cal. Sep. 27, 2019). Indeed, courts regularly find good cause to permit a deposition to be taken after the close of fact discovery where a party's diligence is "thwarted" by opposing counsel or outside forces. *See, e.g.*, *J.W. Pharm. Corp. v. Kahn*, No. CV 12-1006 JGB (RZx), 2014 WL 12639070, at *2 (C.D. Cal. Dec. 11, 2014) (good cause found where plaintiff was diligent but "efforts appear to have been thwarted"); *Thompson v. BMW of N. Am., LLC*, 334 F.R.D. 230, 233 (C.D. Cal. 2020) (good cause found where plaintiff thwarted by defendant's misrepresentations). "Motions are more often granted when the opposing party's actions caused delay or when the delay is due to an outside intervening cause." *Clark*, 2019 U.S. Dist. LEXIS 167317, at *4-*5; *see also Woodway USA, Inc. v. Lifecore Fitness, Inc.*, No. 22CV492-JO (BLM), 2024 U.S. Dist. LEXIS 36434, at *9 (S.D. Cal. Mar. 1, 2024) (good cause found where "differing locations of witnesses and counsel and the numerous busy schedules at play" caused delay); *Orozco v. Midland Credit Mgmt.*, No. 2:12-cv-02585-KJM-CKD, 2013 U.S. Dist. LEXIS 106800, at *9 (E.D. Cal. July 29, 2013) (good cause found where "defendant's dawdling, not plaintiff's" caused delay). In addition, prejudice to a party is a relevant factor to be considered. *See Ketayi v. Health Enrollment Grp.*, No. 20-cv-1198-RSH-KSC, 2022 U.S. Dist. LEXIS 196185, at *7 (S.D. Cal. Oct. 27, 2022) (good cause found where plaintiff would bear "all the prejudice from a situation not solely of their own making; whereas defendants would receive a windfall").

Here, the evidence presented to the Magistrate Judge shows that Plaintiffs were diligent, but their attempts were thwarted by Meta's gamesmanship. Diligence is not predicated on success, but rather an "honest attempt to comply" with the schedule, which Plaintiffs have shown. Between November 2024 and June 2025, Plaintiffs repeatedly asked Meta's counsel for Mr. Jain's availability but were either told he was out of the country, no longer employed by Meta or received no response. Dkt. No. 1112 at 2-4. In fact, it was later learned that Meta misrepresented Mr. Jain's unavailability as he was in the country for, at least, part of April 2025. *Id.* at 3. Despite Meta's misrepresentations, Plaintiffs remained diligent in asking for cooperation in scheduling Mr. Jain's deposition and then

engaged with Mr. Jain's personal counsel at Latham & Watkins once they were advised of his existence. Despite communications that indicated to Plaintiffs that Mr. Jain's counsel would work to schedule the deposition, Mr. Jain's availability was never provided. As stated in the JLB, Plaintiffs alerted the Court of these issues in a May 2025 Case Management Statement (Dkt. No. 1033 at 3:5-11), but due to the seeming cooperation from Mr. Jain and his counsel, Plaintiffs believed the deposition would be scheduled soon and a motion premature. In late May, Mr. Jain's counsel altered course, then claiming the deposition issue was moot. Plaintiffs continued to confer with Meta's counsel until early June and, when it became apparent that they would not cooperate in scheduling Mr. Jain's deposition, Plaintiffs promptly filed the Jain Motion.

Plaintiffs' diligent attempts to schedule Mr. Jain's deposition in compliance with the scheduling order were thwarted by Meta's delay tactics and misrepresentations. Plaintiffs easily meet the applicable standard. They not only made an "honest attempt to comply," they spent seven months trying to simply secure Mr. Jain's availability. If relief is not granted, Plaintiffs will be severely prejudiced, having been denied a key deposition, and Meta will reap the rewards of its discovery misconduct.

## IV. CONCLUSION

For these reasons, Plaintiffs respectfully request that either: (1) the scheduling order be amended so that Mr. Jain's deposition proceed before Plaintiffs' reply is due on their motion for class certification and that Meta pay for his attorney to travel to India; or (2) the Jain Motion be restored to the calendar so that it might be fully briefed and ruled upon based on a full evidentiary record.

DATED: August 27, 2025

Respectfully submitted,

By: */s/ Jay Barnes*

**SIMMONS HANLY CONROY LLP**
Jason 'Jay' Barnes, State Bar No. 362776
*jaybarnes@simmonsfirm.com*
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel: 212-784-6400
Fax: 212-213-5949

By: */s/ Geoffrey Graber*

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Geoffrey Graber, State Bar No. 211547
*ggraber@cohenmilstein.com*
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel: 202-408-4600
Fax: 202-408-4699

**GIBBS MURA LLP**
Andre M. Mura, State Bar No. 298541
*amm@classlawgroup.com*
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel: 510-350-9700
Fax: 510-350-9701

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
*koncius@kiesel.law*
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel: 310-854-4444
Fax: 310-854-0812

**TERRELL MARSHALL LAW GROUP PLLC**
Beth E. Terrell, State Bar No. 178181
*bterrell@terrellmarshall.com*
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel: 206-816-6603
Fax: 206-319-5450

*Attorneys for Plaintiffs and the Proposed Class*

## CIVIL L.R. 5-1(i)(3) ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: August 27, 2025

*/s/ Jeffrey A. Koncius*
Jeffrey A. Koncius