Revised Redacted Version of Plaintiffs' Motion for Leave to File a Motion for Reconsideration re the Court's Order re July 14, 2025 Discovery Dispute re Jain Deposition
(Dkt. No. 1122)

Jason 'Jay' Barnes (admitted *pro hac vice*)
*jaybarnes@simmonsfirm.com*
**SIMMONS HANLY CONROY LLP**
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel:    212-784-6400
Fax:    212-213-5949

Jeffrey A. Koncius, State Bar No. 189803
*koncius@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel:    310-854-4444
Fax:    310-854-0812

Beth E. Terrell, State Bar No. 178181
*bterrell@terrellmarshall.com*
**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel:    206-816-6603
Fax:    206-319-5450

Geoffrey Graber, State Bar No. 211547
*ggraber@cohenmilstein.com*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel:    202-408-4600
Fax:    202-408-4699

Andre M. Mura, State Bar No. 298541
*amm@classlawgroup.com*
**GIBBS MURA LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel:    510-350-9700
Fax:    510-350-9701

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

IN RE META PIXEL HEALTHCARE LITIGATION

This Document Relates to:

All Actions.

**Case No. 3:22-cv-3580-WHO (VKD)**

CLASS ACTION

**\*\*FILED UNDER SEAL\*\***

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION RE THE COURT'S ORDER RE JULY 14, 2025 DISCOVERY DISPUTE RE JAIN DEPOSITION**

Judge:    Hon. Virginia K. DeMarchi

# **TABLE OF CONTENTS**

I.    INTRODUCTION...................................................................................................... 1

II.   LEGAL STANDARD ............................................................................................... 2

III.  ARGUMENT ........................................................................................................... 2

     A.    Plaintiffs Were Diligent ............................................................................... 2

     B.    Mr. Jain's Knowledge Is Unique and no Other Deponent Testified to What he
           Knows................................................................................................... 4

     C.    Plaintiffs Should Be Entitled to Seek Sanctions ....................................... 7

IV.   CONCLUSION ......................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Cases**

*Hadsell v. United States*
    2021 U.S. Dist. LEXIS 237897 (N.D. Cal. Dec. 13, 2021) .......................................................... 2

*Ollier v. Sweetwater Union High Sch. Dist.*
    768 F.3d 843 (9th Cir. 2014).......................................................................................................... 7

*Schramm v. Montage Health*
    2019 U.S. Dist. LEXIS 15032 (N.D. Cal. Jan. 30, 2019) ............................................................ 2

**Rules**

Civ. L.R. 7-9 .................................................................................................................................... 2

Civ. L.R. 7-9(a) ............................................................................................................................... 2

Civ. L.R. 7-9(b)(3) .......................................................................................................................... 2

Civ. L.R. 7-9(c) ............................................................................................................................... 2

Fed. R. Civ. P. 26(a)(1)(A)(i) ......................................................................................................... 7

Fed. R. Civ. P. 26(e) ........................................................................................................................ 8

Fed. R. Civ. P. 37(b)(2)(i)–(vi) ....................................................................................................... 8

Fed. R. Civ. P. 37(c)(1) ................................................................................................................... 8

Fed. R. Civ. P. 37(c)(1)(A) ............................................................................................................. 8

Fed. R. Civ. P. 37(c)(1)(C) ............................................................................................................. 8

# I.     INTRODUCTION

Plaintiffs request leave to move for reconsideration of the Court's July 21, 2025 Order re July 14, 2025 Discovery Dispute re Jain Deposition (Dkt. No. 1117; the "Jain Order"). This request is made pursuant to Local Rule 7-9(b)(3) in that it is respectfully submitted that the Court did not consider material facts and ruled mistakenly as a result.

Plaintiffs previously filed motion papers for the current dispute to be heard by Judge William H. Orrick (Dkt. No. 1090; the "Jain Motion"), which was then referred to this Court for disposition (Dkt. No. 1095). The Jain Motion demonstrated Plaintiffs' diligence in seeking such relief and why Mr. Jain's testimony was unique by including extensive citations to depositions, pleadings and correspondence spanning 37 exhibits, totaling 286 pages, attached to the Declarations of Jason "Jay" Barnes and Jeffrey A. Koncius (Dkt. Nos. 1091, 1092). This Court, however, did not rule on those papers but instead ordered on July 1, 2025, that the matter be submitted as a joint discovery letter brief subject to the Court's rules relating to such a submission. (Dkt. No. 1096.) Significantly, Plaintiffs were thus limited to 1,500 words and no exhibits (although Plaintiffs did note in footnote 1 of their portion of the letter brief that documentary evidence could be provided if requested).

It is submitted that due to the very abbreviated nature of the filing that was ordered by this Court, without it being able to consider the significant evidence submitted with the Jain Motion, certain conclusions were drawn, and the ultimate order denying Plaintiffs' request was, unfortunately, erroneous. As explained below, and in the Jain Motion and evidence supporting it: (1) Plaintiffs were diligent and Meta interfered with their repeated attempts to take Mr. Jain's deposition; (2) Mr. Jain was never offered by Meta to be deposed (in May or otherwise); (3) Plaintiffs were not over the twelve-deposition limit and, therefore, did not need to seek leave to depose Mr. Jain; and, most significantly, (4) Mr. Jain does in fact have unique knowledge that no Meta deponent, 30(b)(1) or 30(b)(6), could testify to as shown by their sworn testimony.

By way of this request, Plaintiffs seek leave that the Jain Motion papers at Docket Nos. 1090-1092 be treated as filed before this Court as originally referred, and that such motion be briefed and argued before this Court and decided on a full record. Alternatively, Plaintiffs request that they be given leave to file a motion for reconsideration within ten days.

## II.    LEGAL STANDARD

As this Court has indicated, "in this judicial district, Civil Local Rule 7-9 provides a procedure whereby a litigant dissatisfied with an interlocutory ruling may seek leave to file a motion for reconsideration in this court. Pursuant to that rule, no party may notice a motion for reconsideration without first obtaining leave of Court to file the motion. Civil L.R. 7-9(a)." *Hadsell v. United States*, No. 20-cv-03512-VKD, 2021 U.S. Dist. LEXIS 237897, at *3-4 (N.D. Cal. Dec. 13, 2021) (cleaned up). Here, Plaintiffs seek such leave pursuant to Local Rule 7-9(b)(3) in that it is submitted that without having the benefit of all the supporting evidence, and due to the abbreviated nature of how the dispute was ordered to be submitted (Dkt. No. 1096), there has been a "manifest failure by the Court to consider material facts or dispositive legal arguments" relating to the relief sought by Plaintiffs. Plaintiffs are mindful that they "may not reargue any argument previously made to the Court. Civ. L.R. 7-9(c)." *Schramm v. Montage Health*, No. 17-cv-02757-VKD, 2019 U.S. Dist. LEXIS 15032, at *6 (N.D. Cal. Jan. 30, 2019). Accordingly, in this submission, Plaintiffs set out the evidence that was part of the Jain Motion in support of their arguments and submit that reconsideration should be granted.

## III.    ARGUMENT

### A.    Plaintiffs Were Diligent

The Court ruled that Plaintiffs were not diligent in attempting to schedule Mr. Jain's deposition and that his counsel (which was also Meta's) "offered to make Mr. Jain available for a remote deposition during the month of May 2025." Jain Order at 3. It is respectfully submitted that those conclusions are factually inaccurate based not only on what was set out in the joint letter brief but also the evidence submitted with the Jain Motion. Tellingly, Meta never argued in their portion of the letter brief that they made Mr. Jain available for deposition—rather, only, they blame Plaintiffs for attempting to figure out who was going to pay Mr. Jain's counsel to go to India to defend the deposition, which was the hurdle to overcome that was thrown up by Mr. Jain's counsel and never responded to by Meta.

As to the lack of diligence, Plaintiffs repeatedly sought for Meta's counsel to engage on Mr. Jain being deposed. In addition to what was already before this Court in the letter brief and set out

1   in the Jain Motion, on March 8, 2025, Plaintiffs asked Meta in writing "whether it represents Mr.

2   Jain in his *personal* capacity, and if not, provide the last known contact for Mr. Jain, or in the event

3   that he has separate personal counsel, contact information for his personal counsel." *See* Decl. of

4   Jeffrey A. Koncius in Supp. of Pls.' Mot. for Leave filed herewith ("Koncius Decl.") at ¶ 5, Ex. A

5   at ¶ 24. Notably, Meta's counsel had refused to answer the question on two prior meet-and-confers.

6   Plaintiffs therefore understood that if Meta's counsel did not represent Mr. Jain in his personal

7   capacity, Plaintiffs would need to arrange a deposition directly with Mr. Jain or his personal counsel

8   via service of subpoena. Again, though, Meta did not respond to Plaintiffs' requests. *Id.* To the

9   extent this Court concluded that Plaintiffs were not diligent because they did not file a motion to

10  compel, that is in error--Plaintiffs could not file a motion to compel due to Meta's refusal to indicate

11  whether it represented Mr. Jain and, if it did not, as a former employee, Plaintiffs would have had

12  to seek his deposition via subpoena but had been repeatedly told by Meta that Mr. Jain was not in

13  country. *Id.* at ¶ 22. Nevertheless, before Plaintiffs sought to obtain an order relating to the Hague,

14  Meta finally told Plaintiffs that he had his own counsel (who happened to be a lawyer for one of the

15  two firms engaged by Meta to represent it) who indicated on multiple occasions that Mr. Jain would

16  be willing to sit for his deposition. On one occasion, Jain's counsel mentioned that Jain had recently

17  been in the United States and was just leaving again (Koncius Decl. at ¶ 6, Ex. B at ¶ 5), which

18  indicates to Plaintiffs that Mr. Jain may, in fact, have been in the U.S. for a deposition during the

19  period in which Meta's counsel was refusing to state whether they represented him.

20          Despite his willingness to sit, however, including virtually, Mr. Jain's counsel insisted that

21  the issue of who was going to pay the attorney had to be worked out before the deposition could

22  occur: "You'll need to consider whether the juice is worth the squeeze on that – assuming that you'd

23  have to foot the bill (or maybe it's the other party; I'm not sure)." *Id.* In addition, his counsel also

24  said Plaintiffs should "reach out to opposing counsel and explain the circumstances and that you'd

25  like for him to be deposed." *Id.* at ¶ 7. And, since Mr. Chambers had been "unable" to discuss the

26  matter with Meta's counsel (*id.*), which, again, was his own firm, Plaintiffs were given the

27  impression it was just a matter of their discussing the issue internally, and a motion to this Court

28  would have been premature. For this reason as well, as shown by the extensive correspondence

1    attached as part of the Jain Motion (and set out in an abbreviated fashion in the joint letter brief),
2    Plaintiffs did not seek an order compelling Mr. Jain to appear.

3         Finally, it is not correct that Plaintiffs had exhausted their twelve depositions. In fact,
4    Plaintiffs repeatedly told Meta that it would prefer to take Mr. Jain rather than Mr. Sherman who
5    was made the twelfth witness—at Meta's insistence—but only because Meta had represented that
6    Mr. Jain was out-of-country and unavailable. When Mr. Jain became available, Meta suggested that
7    Plaintiffs could cancel the deposition of another employee that occurred on June 13—a witness of
8    Plaintiffs' choosing—but not Mr. Sherman. Koncius Decl. at ¶ 5, Ex. A at ¶ 34. However, Meta's
9    insistence that Mr. Sherman was an important witness did not appear entirely consistent with the
10   documentary record, nor his first appearing on Meta's Initial Disclosures until after the fact
11   discovery cut off (*id*. at ¶ 33), especially compared with Mr. Jain who had been designated by Meta
12   since the beginning of the case (Dkt. No. 1090 at 8:14-16). Therefore, Plaintiffs expressly told Meta
13   they were not cancelling the Sherman deposition but, rather, postponing it. Koncius Decl. at ¶ 5, Ex.
14   A at ¶ 34. Mr. Jain's testimony would be more important than Mr. Sherman's, but whether it could
15   be obtained remained an open question, so Plaintiffs sought merely to postpone while the parties
16   explored the issue. *Id.* It was Meta who then insisted that this was a cancellation (it was not) and
17   would not allow Mr. Sherman to be deposed at any future point. *Id.* at ¶ 35.

18        **B.**    **Mr. Jain's Knowledge Is Unique and no Other Deponent Testified to What he**
19                  **Knows**

20        The second mistaken basis on which the Jain Order rests is that "plaintiffs have not shown
21   that Mr. Jain has unique knowledge of relevant Meta systems, including 'downstream systems' as
22   to which Meta failed to preserve critical evidence." Jain Order at 3. While Plaintiffs submit that they
23   did carry their burden in the letter brief, they also point out that what was not contained in the letter
24   brief was very fact intensive, spanned three pages in the Jain Motion, was confirmed by the exhibits
25   to the motion, and satisfied the particularized showing required. *See* Dkt. No. 1090 at 11:8 – 14:15.

26        Meta's initial disclosures identified Mr. Jain as "Director of Product Management" and
27   likely to have discoverable information "including but not limited to Meta's tools that allow
28   advertisers to target their advertising campaigns." *See* Koncius Decl. at ¶ 5, Ex. A at Ex. 15 at 3

1   (Meta's Initial Rule 26(a)(1) Disclosures). Indeed, Meta then produced Mr. Jain's custodial

2   documents over the next two years (without informing Plaintiffs he was no longer a Meta employee).

3   *Id*. at Ex. A ¶ 15. In fact, Meta identified and produced documents from only one employee with

4   extensive knowledge of the downstream systems: Dinkar Jain. In the documents Meta produced

5   about downstream processing, Mr. Jain is the most frequent, and often sole, custodian. *Id*. at ¶ 11.

6   Further, the voluminous custodial documents that Meta has produced from Mr. Jain's files

7   demonstrate that Mr. Jain had extensive knowledge of—and may have been the primary engineer

8   responsible for designing—key systems that Meta uses to monetize at-issue data. As a result,

9   Plaintiffs identified Mr. Jain as a critical and irreplaceable engineering witness that became even

10  more important after Meta admitted to its spoliation in January 2025 when Meta informed Plaintiffs

11  that it failed to preserve ████████ classifications for healthcare providers and other information

12  about its use of at-issue data[1]. As a result, the importance of Mr. Jain's testimony about ████████

13  increased as the direct evidence of how Meta used at-issue health information had been destroyed

14  (*id*. ¶ 5 (Meta Answer to Interrog. 15)), and based on the retention periods for the tables where

15  ████████ information is stored, it appears that the evidence of how Meta processed and used

16  the at-issue data throughout the class period was destroyed during the period in which Meta obtained

17  a stay of discovery into those systems. *Id.* ¶ 6.

18          After Meta acknowledged spoliation of the direct evidence of the highly detailed health

19  inferences that it placed into class member profiles for its own use, Plaintiffs proceeded with

20  depositions with renewed focus on learning whatever they could about ████████ the user features

21  created as a result of such processing for use in advertising, and Meta's other downstream systems.

22  Unfortunately, these witnesses were little help.

23          Other identified engineers worked on upstream systems and lack relevant knowledge. The

24  other most frequent individual custodian, Tobias Wooldridge, admitted to only a "high level"

25  understanding of the intent pipeline and has demonstrated his lack of knowledge at various points

26  in this litigation. *Id.* at Ex. A at Ex. 7 (Wooldridge 30(b)(1) Dep.) at 187:12-188:1.

27  _____

28  [1] The key spoliated data sources include ████████ and UP2X. (Dkt. 1093-2, 12:9.)

PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION RE THE COURT'S
ORDER RE JULY 14, 2025 DISCOVERY DISPUTE RE JAIN DEPOSITION

Although only general reference was made in the letter brief to their 30(b)(1) testimony due to space limitations, Meta's engineers—Tobias Wooldridge, Abhinav Anand, and Manish Singhal—actual testimony proved why they were not adequate substitutes for Mr. Jain relating to Meta's downstream systems. *See, e.g.*, *id*. at Ex. 7 (Wooldridge 30(b)(1) Dep.) at 120:13–16 (familiar with ███████ only in classification of advertisements, not Pixel data); Ex. A at Ex. 8 (Anand Dep.) at 237:10–21 (not aware of details of downstream processing); Ex. A at Ex. 9 (Singhal Dep.) at 164:15–165:1 (unable to testify about what data downstream systems used). And, when these witnesses did attempt to testify about such systems, they were often objectively wrong. For example, when asked "Is the data used in downstream advertising systems ██████ first?" Mr. Wooldridge replied, "Generally speaking, no." *Id*. at Ex. A at Ex. 7 (Wooldridge Dep.) 187:1–4. As Meta now admits, that is false. *Id*. at Ex. A at Ex. 1 (Meta Answer Interrog. 12).

Meta's 30(b)(6) witnesses' testimony, also referenced in the letter brief but not specifically set out due to space constraints, shows that they fared no better – again highlighting the need for Mr. Jain's deposition. Meta's corporate designees refused or failed to answer basic questions about downstream systems. In addition to what was referenced in the letter brief[2] and set out at length in the Jain Motion, Pushkar Tripathi was unable to testify concretely about ████████████████████ ████████████. *See id*. at Ex. A at Ex. 10 (Tripathi Dep.) at 63:21–70:8 (unable to testify concretely about ███████████ 72:12–73:23, 97:9–98:1 (unable to testify about what data is used by the processors in ███████████ 77:15–78:7 (unable to testify whether ████████████████ ██████ other than from ████████████ data); 85:6–92:8 (unable to provide basic information about what data is permitted to be used to ██████████████); 103:14–104:13 (unable to testify about ██████████████); 107:16–23, 110:15–22 (unable to testify about whether ████ ████████████████████████). And the other 30(b)(6) testimony which was inadequate and on which Mr. Jain could likely testify was also set out at length in the Jain Motion

---

[2] The actual testimony of Mr. Tripathi set out in the Jain Motion and attributed to him in the letter brief were as follows: although designated to testify about downstream systems and how at-issue data is used, he testified that he was "not an expert in how the features were built" and "not aware of how the ████████████████ works." *Id*. at Ex. A at Ex. 10 (Tripathi Dep.) at 26:8–27:18.

1  supported by the sworn testimony that was taken. *See id*. at Ex. 11 (Patel Dep.) at 60:7–61:9 (could

2  not say whether there are any ███████████████████████████████████████); 68:7–

3  16 (could not say whether data from ███████████ would be processed and sent to

4  ███████████); 69:9–21 (does not know what happens to data after ███████████; *id*.

5  at Ex. 12 (Miryala Dep.) at 19:11–20:21 (could not testify about the formation of the user features

6  that form the basis for all lookalike audience targeting).

7         Conversely, Mr. Jain authored a series of documents in 2017 and 2018 that formed the

8  foundational strategy for Meta's ██████████████ in that period, explaining how and

9  why Meta would process user data to ███████████ and features for use in advertising. *See*

10  *id*. at Ex. 13 (PIXEL_HEALTH000012085). Mr. Jain's approach included the plan to classify Pixel

11  events in ███████████ categories. *Id*. at Ex. 14 (PIXEL_HEALTH000152277). Indeed, given

12  the thousands of relevant and hot documents for which Mr. Jain is the sole custodian his testimony

13  is also needed for providing foundation and authentication for core documents.

14         In light of the above, it is respectfully requested that the Court consider the complete

15  evidentiary record when making its ultimate ruling should this application be granted.

16         **C.      Plaintiffs Should Be Entitled to Seek Sanctions**

17         The final basis on which to grant this application is that the Court did not rule on Plaintiffs'

18  request for sanctions present in both the letter brief (Dkt. No. 1112 at 5) as well as the Jain Motion

19  (Dkt. No. 1090 at 14:16 – 15:2). To be sure, part of that request was relating to the deposition of

20  Mr. Jain, but Plaintiffs also requested the ability to present a request for sanctions to the Court should

21  Mr. Jain not be able to be deposed. If it were to stand, the Jain Order precludes Mr. Jain from being

22  deposed but it is submitted that Plaintiffs should, nevertheless, be allowed to seek sanctions for

23  Meta's gamesmanship relating to its disclosures.

24         "The Federal Rules of Civil Procedure require parties to provide to other parties 'the name .

25  . . of each individual likely to have discoverable information—along with the subjects of that

26  information—that the disclosing party may use to support its claims or defenses.'" *Ollier v.*

27  *Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014) (quoting Fed. R. Civ. P.

28  26(a)(1)(A)(i)). "And '[a] party who has made a disclosure under Rule 26(a) . . . must supplement

1    or correct its disclosure' in a 'timely manner if the party learns that in some material respect the

2    disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not

3    otherwise been made known to the other parties during the discovery process or in writing.'" *Id*.

4    (quoting Fed. R. Civ. P. 26(e)). If a party fails to supplement their disclosures in a timely manner,

5    sanctions are available under Rule 37(c)(1). *Id*. ("Indeed, Rule 37(c)(1) is 'intended to put teeth into

6    the mandatory . . . disclosure requirements.'").

7         Although courts commonly address failures to supplement initial disclosures where a party

8    attempts to add a new witness at the last minute, a party's failure to correct information about a

9    witness—including that they are no longer employed by the disclosing party—is sanctionable where

10   it results in the party's unavailability, unless the disclosing party can show that the failure to

11   supplement is "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

12        If the Court finds sanctions appropriate under Rule 37(c)(1), it may "order payment of the

13   reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1)(A).

14   The Court is further permitted to award any sanctions available under Rule 37(b)(2)(i)–(vi),

15   including "directing that . . . designated facts be taken as established for purposes of the action," and

16   "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or

17   from introducing designated matters in evidence." *See* Fed. R. Civ. P. 37(c)(1)(C).

18        Thus, the Court having omitted any ruling on this request, should reconsider the Jain Order

19   in this regard as well.

20   **IV.    CONCLUSION**

21        For these reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion and

22   accept as filed the motion papers at Dkt. Nos. 1090-1092, have the parties brief that motion as

23   originally referred so that this Court might be able to issue an order in light of the complete

24   evidentiary record. Alternatively, Plaintiffs request that they be given leave to file a motion for

25   reconsideration within ten days.

26

27

28

1    DATED: August 4, 2025                    Respectfully submitted,

2                                              By: */s/ Jay Barnes*

3                                              **SIMMONS HANLY CONROY LLP**
                                               Jason 'Jay' Barnes (admitted *pro hac vice*)
4                                                *jaybarnes@simmonsfirm.com*
                                               112 Madison Avenue, 7th Floor
5                                              New York, NY 10016
                                               Tel:    212-784-6400
6                                              Fax:    212-213-5949

7
                                               By: */s/ Geoffrey Graber*
8
                                               **COHEN MILSTEIN SELLERS & TOLL PLLC**
9                                              Geoffrey Graber, State Bar No. 211547
                                                 *ggraber@cohenmilstein.com*
10                                             1100 New York Avenue NW, Fifth Floor
                                               Washington, DC 20005
11                                             Tel:    202-408-4600
                                               Fax:    202-408-4699
12

13
                                               **GIBBS MURA LLP**
14                                             Andre M. Mura, State Bar No. 298541
                                                 *amm@classlawgroup.com*
15                                             1111 Broadway, Suite 2100
                                               Oakland, CA 94607
16                                             Tel:    510-350-9700
                                               Fax:    510-350-9701
17

18
                                               **KIESEL LAW LLP**
19                                             Jeffrey A. Koncius, State Bar No. 189803
                                                 *koncius@kiesel.law*
20                                             8648 Wilshire Boulevard
                                               Beverly Hills, CA 90211
21                                             Tel:    310-854-4444
                                               Fax:    310-854-0812
22

23                                             **TERRELL MARSHALL LAW GROUP PLLC**
                                               Beth E. Terrell, State Bar No. 178181
24                                               *bterrell@terrellmarshall.com*
                                               936 North 34th Street, Suite 300
25                                             Seattle, WA 98103
                                               Tel:    206-816-6603
26                                             Fax:    206-319-5450

27
                                               *Attorneys for Plaintiffs and the Proposed Class*
28

                                                              9                    Case No. 3:22-cv-3580-WHO (VKD)

1

## CIVIL L.R. 5-1(i)(3) ATTESTATION

2        Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest under penalty of perjury that

3  concurrence in the filing of this document has been obtained from all signatories.

4   Dated: August 4, 2025                                    *Jeffrey A. Koncius*
                                                             Jeffrey A. Koncius
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28