Jason 'Jay' Barnes (admitted *pro hac vice*)
jaybarnes@simmonsfirm.com
**SIMMONS HANLY CONROY LLP**
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel:   212-784-6400
Fax:   212-213-5949

Jeffrey A. Koncius, State Bar No. 189803
koncius@kiesel.law
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel:   310-854-4444
Fax:   310-854-0812

Beth E. Terrell, State Bar No. 178181
bterrell@terrellmarshall.com
**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.:   206-816-6603
Fax:   206-319-5450

Geoffrey Graber, State Bar No. 211547
ggraber@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel:   202-408-4600
Fax:   202-408-4699

Andre M. Mura, State Bar No. 298541
amm@classlawgroup.com
**GIBBS MURA LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.:   510-350-9700
Fax:   510-350-9701

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE META PIXEL HEALTHCARE LITIGATION** <br><br> This Document Relates To <br><br> All Actions | Case No. 3:22-cv-03580-WHO (VKD) <br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> Hon. William H. Orrick |

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiffs respectfully submit this administrative motion to seal portions of their Motion for Class Certification and associated materials. The information that Plaintiffs seek to seal reveals their personal identifiable information, frequently as associated with their medical information. The specific content Plaintiffs seek to seal is identified in the table below.

## LEGAL STANDARD

When considering motions to seal information, "a 'strong presumption in favor of access' is the starting point," "[u]nless a particular court record is one 'traditionally kept secret[.]'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). An exception to this presumption of access exists for records "attached to a *non-dispositive* motion." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam, emphasis in original).

Courts in the Ninth Circuit "treat motions for class certification as non-dispositive motions to which the 'good cause' standard applies." *Dugan v. Lloyds TSB Bank, PLC*, 2013 WL 1435223, at *1 (N.D. Cal. Apr. 9, 2013) (citing *In re High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *2 n.1 (N.D. Cal. Jan. 15, 2013)). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).

## ARGUMENT

The Court has previously ruled there are compelling reasons—a higher standard than good cause required here—to maintain under seal specific details about Plaintiffs' health information which are not otherwise publicly available. ECF 1083 at 1 n.1 (granting motion to seal specific health information details "for compelling justifications shown"); *see also* ECF 903 (allowing Plaintiffs to proceed pseudonymously). The Protective Order entered in this case memorializes the parties' agreement that disclosure of "Plaintiffs' names . . . and other personally identifiable information" including "protected health information . . . and any documents disclosing information relating to an

individual's health" or "healthcare" would "create a substantial risk of harm." ECF 889 at 3 (Revised Protective Order).

Plaintiffs seek to seal the following general categories of information, the specifics of which will not be relevant relevant to the disposition of Plaintiffs' motion for class certification: (1) Plaintiffs' legal names, addresses, and/or the town or city where Plaintiffs live; (2) the contents of URLs which reveal the names of Plaintiffs' physicians, conditions, treatments, or medications; and (3) the name of Jane Doe IV's prescription drug medication, which inherently reveals a health condition. These materials are described in detail in the attached Declaration of Geoffrey Graber.

*First*, Plaintiffs meet the compelling reasons standard to seal references to their legal names and locations. The Court recently held that "[t]he public interest . . . weighs strongly in favor of allowing plaintiffs to proceed anonymously." ECF 903 at 3. "Requiring plaintiffs who seek to vindicate their privacy rights to publicly link their names to the information they seek to protect . . . is against the public interest, as it could dissuade plaintiffs from bringing privacy cases." *Id.* By extension, this applies to information which could be used to identify who Plaintiffs are in combination with other information that has been revealed about them, including the names of the towns in which they reside. Plaintiffs have publicly disclosed their state of residence—disclosure of more specific details about their location or identity is not warranted.

*Second*, there are compelling reasons to seal the contents of URLs that reveal Plaintiffs' physicians, conditions, treatments, or medications. The Court has already agreed that this type of information reveals medical information that meet even the compelling reasons standard for sealing. ECF 1063 at 1 n.1 (Order Granting Plaintiffs' Administrative Motion to Seal); ECF 1075 at 3 (Plaintiffs' Administrative Motion to Seal); *Bruce v. Azar*, 389 F. Supp. 3d 716, 727 (N.D. Cal. 2019); *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, 2011 WL 89931, at *1 n.1 (N.D. Cal. 10, 2011); *Publ'g Inc. v. Engine Owning UG*, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023). There is no valid public interest in knowing the specific physician, health condition, or treatment that Plaintiffs communicated with or about online—only the fact that they did so, and Meta received that type of information.

1  *Third*, there are compelling reasons to seal the name of Jane Doe IV's medication, which inherently reveals her medical condition treated by that prescription drug. Revealing the name of the specific drug she has been prescribed reveals the health condition for which she takes that drug. There is no valid public interest in knowing what Jane Doe IV's health conditions are or what medications she is taking because the specific medication or condition is not relevant to the classability of any claim—only the fact that Jane Doe IV visited the website of a prescription drug for which she had a valid prescription. Additionally, because Jane Doe IV is the only named plaintiff who seeks to represent the Prescription Drug Information class, references to her prescription drug in Plaintiffs' expert reports are easily attributable to her, even when not linked to her by name.

In sum, the public's interest in the specific details of Plaintiffs' residences, doctors' names, medications, health conditions, and treatments do not outweigh Plaintiffs' right to privacy, especially on this non-dispositive motion where the narrow information Plaintiffs wish to keep under seal are not relevant to the Court's determination of class certification.

## CONCLUSION

Plaintiffs respectfully request that the Court grant Plaintiffs' Administrative Motion to Seal.

DATED: September 9, 2025

Respectfully submitted,

By: /s/ Jay Barnes

**SIMMONS HANLY CONROY LLP**
Jason 'Jay' Barnes (admitted *pro hac vice*)
  jaybarnes@simmonsfirm.com
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel:   212-784-6400
Fax:   212-213-5949

By: /s/ Geoffrey Graber

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Geoffrey Graber, State Bar No. 211547
  ggraber@cohenmilstein.com
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005

Tel:  202-408-4600
Fax:  202-408-4699

**GIBBS MURA LLP**
Andre M. Mura, State Bar No. 298541
  *amm@classlawgroup.com*
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.:  510-350-9700
Fax:  510-350-9701

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
  *koncius@kiesel.law*
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel:  310-854-4444
Fax:  310-854-0812

**TERRELL MARSHALL LAW GROUP PLLC**
Beth E. Terrell, State Bar No. 178181
  *bterrell@terrellmarshall.com*
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.:  206-816-6603
Fax:  206-319-5450

*Attorneys for Plaintiffs and the Proposed Class*

**SIGNATURE ATTESTATION**

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from its other signatories.

>  */s/ Geoffrey Graber*
> Geoffrey Graber