**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 393-8200

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-3580-WHO (VKD)<br><br>**DEFENDANT META PLATFORMS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER**<br><br>Date Action Filed: June 17, 2022<br>Honorable William H. Orrick |

## INTRODUCTION

Judge DeMarchi correctly denied plaintiffs' request to depose former Meta employee Dinkar Jain well past the May 30, 2025 fact discovery deadline. Dkt. 1117 at 1–4 ("Order"). Plaintiffs fail to demonstrate that Judge DeMarchi's Order was "clearly erroneous" or "contrary to law," Fed. R. Civ. P. 72(a), and there is no basis for this Court to indulge yet another of plaintiffs' eleventh-hour attempts to extend fact discovery. It is long past time to move on to the next phase of the case.

Plaintiffs' claims that Judge DeMarchi erred disregard the extensive record on this dispute and Judge DeMarchi's careful consideration of it. First, plaintiffs' argument that Judge DeMarchi was wrong to find that Jain's counsel offered to make him available for a deposition in May 2025 is meritless, Dkt. 1140 at 2, given that Judge DeMarchi relied on ***plaintiffs'*** statements that Jain's counsel communicated on May 1, 2025 that "Dinkar can be available this month." Dkt. 1117 at 2–3 (citing Dkt. 1112 at 3, 7). Second, plaintiffs' argument that Judge DeMarchi was wrong to find that plaintiffs were "over the twelve-deposition limit" because they haven't yet "taken" all twelve mischaracterizes the Order (Dkt. 1140 at 2): Judge DeMarchi found that plaintiffs had "already taken ***or noticed***" twelve depositions. Dkt. 1117 at 3 (emphasis added). Finally, plaintiffs' argument that Judge DeMarchi was wrong to find that plaintiffs failed to show that Jain has unique knowledge of relevant Meta systems, Dkt. 1140 at 2, ignores the facts and evidence that Judge DeMarchi relied on, including Jain's role as a product manager (not an engineer), his lack of access to nonpublic Meta information as a former employee, that plaintiffs already deposed four current Meta engineers, and the complete absence of ***any*** showing by plaintiffs that Jain could speak to preservation issues. Dkt. 1117 at 4. There is no error here, much less a clear one.

Nor is Judge DeMarchi's Order contrary to law. Plaintiffs argue that Judge DeMarchi misapplied the diligence standard, holding them to a standard of "success" rather than "an honest attempt to comply," which (plaintiffs argue) was "thwarted" by Meta. Dkt. 1140 at 4. Not so. The Order meticulously lays out all the information Meta shared with plaintiffs about Jain and the many steps within plaintiffs' control that they failed to take in a timely manner (or at all). Dkt. 1117 at 2–3. Judge DeMarchi then held not that plaintiffs failed to succeed, but that they failed to "show[] that they acted

diligently in attempting to obtain Mr. Jain's deposition during the fact discovery period, or that Meta interfered with their ability to do so." *Id.* at 2.

If plaintiffs had shown anything close to the same diligence in pursuing Jain's deposition ***during*** discovery as they have by filing three motions ***after*** the deadline for fact discovery motions (Dkts. 1112, 1123-2, 1140), the parties would not be in this position. But plaintiffs didn't, and Judge DeMarchi was right to deny their belated request for a thirteenth deposition.

**ARGUMENT**

A magistrate judge's decision may be reversed only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "Under the 'clearly erroneous' standard, the lower court's ruling must be accepted unless, after reviewing the entire record, this Court is 'left with the definite and firm conviction that a mistake has been committed.'" *Boskoff v. Yano*, 217 F. Supp. 2d 1077, 1083 (D. Haw. 2001).

**A. Judge DeMarchi Did Not Make Any Clearly Erroneous Findings**

As a threshold matter, plaintiffs seek substantive discovery relief, making this "a discovery matter," as this Court correctly found when it referred the dispute to Judge DeMarchi. Dkt. 1095. Plaintiffs' request thus violates this Court's June 12, 2025 order barring any party from filing "a discovery-related motion past" June 6, 2025, because plaintiffs never sought leave, as required. Dkt. 1065; Civil L.R. 37-3. That should be the end of this dispute. *Vasquez v. Leprino Foods Co.*, 2021 WL 2661451, at *14 (E.D. Cal. June 29, 2021) (denying motion to compel where movant failed "to seek leave of court" as required).

Even considering plaintiffs' request as an attempt to modify a case schedule under Rule 16(b)(4), Judge DeMarchi correctly found that plaintiffs have failed to show they acted diligently. Dkt. 1117 at 2–3; *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (explaining that "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party"). In doing so, none of Judge DeMarchi's findings was clearly erroneous.

First, plaintiffs argue that Judge DeMarchi erroneously found that Jain's counsel offered to make him available for deposition in May 2025. Dkt. 1140 at 2. Plaintiffs argue only that "Meta's counsel never offered Mr. Jain for deposition," but—as Judge DeMarchi noted—***plaintiffs*** quoted and cited the offer in their portion of the joint letter brief, in which they plainly state that Jain's counsel

told them on May 1, 2025 that "Dinkar can be available this month." Dkt. 1117 at 2–3 (citing Dkt. 1112 at 3, 7). This finding is thus clearly supported by plaintiffs' own cited evidence.

Second, plaintiffs argue that Judge DeMarchi erroneously found that plaintiffs were "over the twelve-deposition limit" because, they argue, they haven't "taken" twelve depositions yet. Dkt. 1140 at 2. But Judge DeMarchi found that plaintiffs had "already taken ***or noticed***" twelve depositions. Dkt. 1117 at 3 (emphasis added). The issue of how to "count" plaintiffs' depositions was briefed before Judge DeMarchi: Meta pointed out that plaintiffs had taken 10 fact depositions, unilaterally canceled an eleventh (Rob Sherman's) on short notice, in violation of Judge DeMarchi's prior order[1] "and thus counting against their deposition limit," and noticed a twelfth (Mark Zuckerberg's), which they have not agreed to withdraw. Dkt. 1112 at 7. Plaintiffs did not dispute that Sherman's and Zuckerberg's depositions counted against the 12-deposition limit (as they had no reasonable basis to do so), and Judge DeMarchi agreed with Meta. Dkt. 1117 at 3.[2]

Finally, plaintiffs argue that Judge DeMarchi erroneously found that plaintiffs failed to show that Jain has unique knowledge of relevant Meta systems. Dkt. 1140 at 2. But this finding is well supported by the facts Judge DeMarchi considered and cited, including the fact that plaintiffs have already deposed engineers with expertise stretching from the top of the data pipeline to the bottom, including Pushkar Tripathi, Tobias Wooldridge, Amlesh Jayakumar, and Mayur Patel, Dkt. 1117 at 4, and plaintiffs identified no legitimate reasons why Jain—a former product manager at Meta, not an engineer—would be able to provide any information beyond what these engineers have already provided. Dkt. 1112 at 7. Before Judge DeMarchi, plaintiffs argued that some of those engineers disclaimed the relevant knowledge or did not answer basic questions. *Id.* at 5. But even if that were true (it's not), Judge DeMarchi correctly found that plaintiffs failed to explain why ***Jain*** would have the specific information they seek or how Jain, a ***former*** Meta employee, "is in a position to supply relevant

[1] That order provided that once "a deposition has been scheduled ... no party may cancel the deposition, absent a written stipulation or order of the Court." Dkt. 850.

[2] Plaintiffs therefore need leave of court to depose Jain, yet failed to timely seek it. *AuthenTec, Inc. v. Atrua Techs., Inc.*, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2024); *United States v. City of San Diego*, 2024 WL 5246848, at *2–3 (S.D. Cal. Dec. 30, 2024) (denying motion for leave to take additional depositions after fact discovery closed).

information that Meta failed to preserve." Dkt. 1117 at 4. Judge DeMarchi properly found that plaintiffs failed to show that Jain has unique, relevant knowledge. Tellingly, rather than explain what in the record supposedly makes this finding erroneous, plaintiffs only make vague references to "deposition testimony" that "could be submitted" and take issue with this Court and Judge DeMarchi holding them to procedural requirements. Dkt. 1140 at 3.[3] There is no clear error here.

**B. Judge DeMarchi Correctly Applied the Diligence Standard**

Even if plaintiffs' request was merely about scheduling (it's not), plaintiffs' only argument that the Order is contrary to law is their claim that Judge DeMarchi misapplied the diligence standard. Plaintiffs argue that Judge DeMarchi held them to a standard of "success" rather than "an 'honest attempt to comply,'" which (plaintiffs argue) was "thwarted" by Meta. Dkt. 1140 at 4. Not so. The Order lays out meticulously all the information Meta shared with plaintiffs about Jain and the many steps within plaintiffs' control that they failed to take in a timely manner (or at all). Judge DeMarchi then held, not that plaintiffs failed to succeed, but that plaintiffs failed to "show[] that they acted diligently in attempting to obtain Mr. Jain's deposition during the fact discovery period, or that Meta interfered with their ability to do so." Dkt. 1117 at 2–3.

In concluding plaintiffs failed to show they acted diligently, or that Meta interfered, Judge DeMarchi noted that plaintiffs: (1) admitted that they have known about Jain for almost ***three years***; (2) first identified him as a person they wished to depose—along with fifteen others—in November 2024; (3) knew by February 2025 that they were limited to twelve depositions; (4) were aware of Jain's employment status and representation with plenty of time to move to compel his deposition

[3] Plaintiffs' accusation that Judge DeMarchi refused to consider anything that she properly should have considered is meritless. Dkt. 1140 at 3 n.1. Plaintiffs initially filed this dispute before this Court as a 15-page motion with 37 exhibits spanning hundreds of pages twenty-four days after the deadline for fact discovery motions. Dkts. 1090–1092. After this Court referred the dispute (Dkt. 1095), Judge DeMarchi required the parties to refile it as a joint letter brief. Dkt. 1096. Plaintiffs chose not to seek leave from Judge DeMarchi's standard discovery dispute procedure, which limits exhibits to joint letter briefs absent leave, so the parties filed the joint letter brief without any exhibits. Dkt. 1112. Nonetheless, Judge DeMarchi wrote in the Order that she "considered the parties' discovery dispute letter, the applicable authority, and ***other pertinent information in the record***." Dkt. 1117 at 2 (emphasis added). Plaintiffs then filed hundreds of pages of exhibits before Judge DeMarchi when they moved for leave to seek reconsideration of the Order. Dkts. 1122–1123. In rejecting plaintiffs' argument that they had been "deprived of an opportunity to explain their position," Judge DeMarchi properly faulted plaintiffs for not "seeking permission to submit ***additional*** exhibits" beyond those already submitted. Dkt. 1130 at 2 (emphasis added).

before the June 6 deadline; and yet (6) "did not take the necessary steps to obtain Jain's testimony before the fact discovery deadline" even though his counsel offered to make him available in May 2025. Dkt. 1117 at 2–3. Judge DeMarchi was rightfully "not persua[ded]" by plaintiffs' claims about disputes over travel cost or the number of depositions permitted and noted that plaintiffs did "not explain" and "offer[ed] no reason why" any of that (or anything else) prevented them from raising these issues before fact discovery closed on May 30, or at least by the June 6 deadline for discovery motions. *Id.* at 3.

Indeed, plaintiffs could have moved to compel Jain's deposition long before the June 6 deadline. On ***March 31, 2025***, plaintiffs included Jain's deposition on a list of 19 discovery disputes they were threatening to file. Dkt. 952-3 at 5. Yet they inexplicably waited until June 30, 2025—over three weeks after the Rule 37-3 deadline for fact discovery motions—to improperly file this dispute before this Court. Dkt. 1095. Plaintiffs' own delay and decisions to depose other witnesses, and not any actions by Meta, precluded them from deposing Jain within the discovery period. As just one example, Meta informed plaintiffs on April 10, 2025 that Jain had asked Latham & Watkins LLP attorney Kevin Chambers to represent him in connection with the deposition, and plaintiffs waited weeks to even contact Chambers, despite the fast-approaching fact discovery deadline. Dkt. 1112 at 3, 7. Chambers quickly informed plaintiffs that Jain was willing to sit for a virtual deposition but would need Chambers to travel to India for the deposition. *Id.* Rather than promptly subpoenaing or deposing Jain, plaintiffs wasted time trying to foist the cost of Chambers' travel onto Meta. *Id.* at 7. Plaintiffs have only themselves to blame for their failure to diligently schedule, seek leave to take, or move to compel Jain's deposition. *O'Neal v. SmithKline Beecham Corp.*, 2007 WL 3096238, at *1 (E.D. Cal. Oct. 22, 2007) (finding no good cause and denying motion to compel deposition where party failed to explain "why it waited nearly eight weeks" before moving).

* * *

Judge DeMarchi's Order properly denied plaintiffs' request to take Jain's deposition; there was no clear error, nor was it contrary to law. *Boskoff*, 217 F. Supp. 2d 1077. This Court should not permit plaintiffs to obtain duplicative deposition testimony based on no new facts or evidence and over three months after fact discovery closed. Plaintiffs completely disregarded procedural rules in attempting to obtain Jain's deposition and lack good cause on the merits to take that deposition now.

## CONCLUSION

Meta respectfully asks this Court to affirm Judge DeMarchi's Order.

Dated: September 10, 2025

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Lauren R. Goldman*
Lauren R. Goldman

*Attorney for Defendant Meta Platforms, Inc.*