**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:   (212) 351-4000
Facsimile:   (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:   (415) 393-8200
Facsimile:   (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION,<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-03580-WHO (VKD)<br><br>**DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Hon. William H. Orrick |

Gibson, Dunn & Crutcher LLP

DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:22-CV-03580-WHO (VKD)

I, Lauren R. Goldman, state and declare as follows:

1. I am an attorney licensed to practice in the State of New York. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in these actions. I am admitted *pro hac vice* to practice before this Court. I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration under Local Rule 79-5(f)(3) in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. Dkt. No. 1182. Meta seeks to seal narrowly tailored portions of plaintiffs' Opposition to Meta's Motion to Seal Documents in Support of Plaintiffs' Motion for Class Certification ("Opposition"), which was filed at Dkt. No. 1183. Meta proposes to redact specific, non-public information in the Opposition that contains specific, non-public information regarding Meta's proprietary classification systems, matching technologies, health-related integrity systems, and confidential strategic issues analyzed by Meta, as well as actions taken in connection with those analyses. In particular, the Opposition cites and refers to the same exact documents Meta sought to seal in its Motion to Seal Documents in Support of Plaintiffs' Motion for Class Certification (Dkt. No. 1176-2). Accordingly, Meta is seeking to seal that identical material here.

3. In determining whether to permit documents to be filed under seal, this Court should apply the "good cause" test for "sealed materials attached to a discovery motion unrelated to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *see Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). The good cause standard generally applies to discovery-related filings because "discovery is largely 'conducted in

---

[1] This Court and others in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, Dkt. Nos. 157, 417; *see also Avago Techs. Fiber IP (Singapore) PTE. Ltd., v. IPtronics Inc.*, No. 5:10-cv-02863-EJD, Dkt Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., v. OpenTV Inc.*, No. 5:13-cv-00282-EJD, Dkt. Nos. 76, 82 (N.D. Cal. Oct. 8, 2013). I am personally familiar with Meta's practices of safeguarding proprietary information, including based on my experience representing Meta for many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

private as a matter of modern practice,'" and "the public is not presumed to have a right of access to it." *Ctr. For Auto Safety*, 809 F.3d at 1097 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)). Here, the good cause test applies because the Opposition is a non-dispositive motion that is not connected to the merits of the case.

4.     Sealing is appropriate here for several reasons. *First*, Meta's sealing request is "narrowly tailored to seek sealing only of sealable material." *Singh v. Costco Wholesale Corp.*, No. 20-CV-08180-NC, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023). Meta asks the Court to seal only those parts of the Opposition which reveal proprietary, commercially sensitive, and confidential information about Meta's classification and health-related integrity systems, proprietary matching technologies, and confidential business analyses. *Second*, as the Supreme Court has recognized, the public right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also* Dkt. No. 157 at 3 (the Court in this case confirming that "competitive harm is a compelling reason to seal"). Meta is likely to suffer harm if highly confidential information regarding the non-public systems integral to its classification of information and health-related integrity systems, matching technologies, and confidential business analyses is made public. *Third*, there is "a compelling reason to seal" information that could compromise a party's "network infrastructure and security systems." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015). Further, the information in Meta's extremely narrow redactions is not critical to the public's understanding of this case. The less stringent "good cause" standard is clearly met here because the disclosure of specific information about Meta's health-related integrity systems could empower bad actors to exploit Meta's systems and misuse that data.

5.     Competitive harm is likely if Meta's highly confidential information is made public. Meta operates in an intensely competitive marketplace and has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage. Disclosure of the information Meta seeks to seal would provide these competitors with unfair insight into how Meta's systems are designed and operate, giving competitors the ability to

"duplicate features of" Meta's systems and technical infrastructure "which could cause competitive harm." *In re Google Inc. Gmail Litig.,* 13–MD–02430–LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding "compelling reasons to seal" materials relating to "descriptions of how Gmail operates"). Further, the information regarding Meta's matching technologies, classification systems, and health-related integrity systems is sufficient to give Meta's competitors insight into how Meta's systems are designed and operate. *Cf In re Google Location Hist. Litig.,* 514 F. Supp. 3d 1147, 1163 (N.D. Cal. 2021) (denying motion to seal the term "Data store" because "'Data store' is extremely broad" and that "stating that 'data is stored in a data store' is really no more specific or revealing than stating that Google stores data").

6.   In addition, absent redactions, unsealing the Opposition likely would cause Meta harm because it would reveal information bad actors could then use to access or gain insight into Meta's health-related integrity systems. Indeed, because the Opposition cites to all the same exact documents as Meta's Motion to Seal Documents in Support of Plaintiffs' Motion for Class Certification (Dkt. No. 1176-2), unsealing the Opposition would be the equivalent of unsealing all the documents Meta separately seeks to seal in connection with plaintiffs' Motion for Class Certification. Meta has an interest in maintaining confidentiality over information related to its health-related integrity systems and takes care to protect the confidentiality of its proprietary information. Absent redactions, third parties could use the details about Meta's health-related integrity systems to attempt to undermine or bypass those systems (in violation of Meta's policies). Therefore, disclosure would harm both Meta and the individuals whose data may be left more vulnerable to improper access. *See Clark v. InComm Fin. Servs., Inc.,* 2024 WL 1600631, at *3 (C.D. Cal. Mar. 13, 2024) (sealing under compelling interest standard "descriptions of the information and processes required to conduct searches of transactions and users on Defendant's internal systems" because "public disclosure of this information could impede Defendant's ability to combat future fraud"); *Activision Publ'g, Inc. v. EngineOwning UG*, 2023 WL 2347134, at *1-2 (C.D. Cal. Feb. 27, 2023) (finding compelling reasons to seal video game company's anti-cheating efforts and attendant data because disclosure risked hindering "ability to identify and combat future fraud"). Therefore, disclosure would harm both Meta and the individuals whose data may be left more vulnerable to improper access.

7.  Courts routinely protect the type of information that Meta seeks to seal here. *See* Dkt. No. 157 at 3–4 (collecting cases); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (holding "confidential . . . commercial information" was entitled to protection from disclosure); *see also Calhoun v. Google LLC*, No. 20-CV-05146-YGR (SVK), 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022) (allowing redactions for references to "sensitive features of Google's internal systems and operations, including the various types of data sources which include information related to Google's data logs, internal data structures, internal identifiers and their proprietary functions"); *Ojmar US, LLC v. Sec. People, Inc.*, No. 16-CV-04948-HSG, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (noting protections afforded by courts within the Ninth Circuit are broad and extend to "confidential information regarding [a defendant's] products, services, and business practices"); *Bottoms v. Block, Inc.*, No. 2:23-CV-01969-MJP, 2025 WL 774913, at *1 (W.D. Wash. Mar. 11, 2025) (finding "compelling reason" to seal "the confidential name of a Block database…and the confidential names and descriptions of certain fields of data stored in the database" because disclosures "could endanger Block's business practices and confidential personal and financial information of Block's customers."); *Music Grp. Macao Com. Offshore Ltd,* 2015 WL 3993147, at *10 (finding compelling reason to seal a document with information that would be "useful to would-be hackers"). Notably, this Court and Judge DeMarchi have already found good cause and ordered sealing of some of the same (or very similar) information Meta seeks to seal here. *See, e.g.*, Dkt. Nos. 703, 734, 786, 810, 880, 946, 946-1, 946-2, 953, 1030 (sealing, *inter alia*, specific non-public information about Meta's classification systems); Dkt. Nos. 157, 946-2, 953, 1030 (sealing specific non-public information about Meta's health-related integrity systems); Dkt. Nos. 485, 515 (sealing specific non-public information about Meta's confidential business analyses, as well as actions taken in connection with those analyses). Meta proposes narrowly tailored redactions that would keep only sensitive, non-public material sealed. Meta's position regarding material that should be sealed is set forth in the following table:

| Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|
| Parts of page 2, lines 5-6; page 3, lines 1-2.<br><br>(highlighted in Dkt. No. 1193) | Meta | This text should be redacted because it reveals specific, non-public information regarding confidential strategic issues analyzed by Meta, as well as actions taken by Meta in connection with those analyses. If this information were disclosed, it would competitively harm Meta. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 485, 515. |
| Parts of page 2, line 18.<br><br>(highlighted in Dkt. No. 1193) | Meta | This text should be redacted because it reveals specific, non-public information regarding one of Meta's proprietary classification systems, including the number of domains in Meta's classification systems. If disclosed, this information would cause Meta competitive harm. This Court and Judge DeMarchi have previously ordered information about Meta's classification systems to be sealed. *See, e.g.,* Dkt. Nos. 339-3, 350-6, 372, 703, 734,880. |
| Parts of page 2, lines 19-20.<br><br>(highlighted in Dkt. No. 1193) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data matching technologies, including how those technologies work. If this information was disclosed, it would competitively harm Meta. |
| Parts of page 3, lines 4-6.<br><br>(highlighted in Dkt. No. 1193) | Meta | This text should be redacted because it reveals specific, non-public information regarding Meta's proprietary health-related integrity systems, including how the systems work. Disclosure of this information would cause Meta competitive harm and allow bad actors to undermine the integrity of Meta's systems. This Court and Judge DeMarchi have already ordered this type of information to be sealed. *See, e.g.,* Dkt. No. 157, 946-2, 953, 1030. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 14th day of October 2025 in New York, New York.

/s/ *Lauren R. Goldman*
Lauren R. Goldman