**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:    (415) 393-8200
Facsimile:    (415) 393-8306

*Additional counsel listed on signature page*

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates to:<br><br>All Actions. | Case No. 3:22-cv-3580-WHO (VKD)<br><br>**DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**<br><br>The Honorable William H. Orrick |

1

I, Lauren R. Goldman, state and declare as follows:

1.     I am an attorney licensed to practice in the State of New York.  I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in these actions.  I am admitted *pro hac vice* to practice before this Court.  I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1]  I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2.     I submit this declaration under Local Rule 79-5(f)(3) in support of plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed.  Dkt. No. 1154.  Meta seeks to seal narrowly tailored portions of Exhibits to the plaintiffs' Motion for Class Certification (Dkt. No. 1154) (collectively the "Exhibits").[2]  These redactions relate to specific, non-public content in the Exhibits that reflects confidential business information about (1) Meta's proprietary data storage systems, including the names of specific Hive tables and fields, the amount of data in the systems, how the systems are organized, how data flows through the systems, and the types of information Meta can query from those systems; (2) Meta's proprietary integrity systems, including how those systems work and how they were developed; (3) Meta's proprietary classification systems, including the names of specific systems, classifications, and processors and how the systems work; (4) the confidential methods that Meta uses to attempt to

[1]  Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5.  *See, e.g., Avago Techs. Fiber IP (Singapore) PTE. Ltd., v. IPtronics Inc.*, No. 5:10-cv-02863-EJD, Dkt Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., v. OpenTV Inc.*, No. 5:13-cv-00282-EJD, Dkt. Nos. 76, 82 (N.D. Cal. Oct. 8, 2013).  I am personally familiar with Meta's practices of safeguarding proprietary information, including based on my experience representing Meta for many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

[2]  Pursuant to the parties' agreement and this Court's order at Dkt. No. 1168, Meta previously proposed redactions and filed a declaration in support of sealing a first set of documents related to plaintiffs' Motion for Class Certification.  Dkt. No. 1168 at 2; *see also* Dkt. No. 1176 (declaration in support of sealing first set of documents).  The instant declaration relates to the remaining documents attached to plaintiffs' Motion for Class Certification.

match data it receives from third-party developers via the Business Tools to a Facebook account; (5) Meta's proprietary ad delivery systems and how those systems work; (6) strategic and/or business analyses and steps Meta took in connection with or as a result of those analyses; (7) Meta's highly confidential Source Code; (8) non-public Meta revenue figures (including revenue calculations); (9) links to internal confidential webpages, which could be used to improperly gain access to Meta's proprietary documents and intranet; (10) contact information of both Meta employees and third parties; and (11) information about a non-public regulatory investigation.

3.     Meta meets the "compelling reasons" standard for sealing material filed in connection with a motion for class certification. *See, e.g.*, *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6391210 (N.D. Cal. Mar. 24, 2020); *Yan Mei Zheng v. Toyota Motor Corp.*, 2019 WL 6841324 (N.D. Cal. Dec. 16, 2019). Under the compelling reasons standard, the public's right to inspect and access court records "can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto Ins. Comp.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Meta is asking to seal only information which provides insight into specific non-public aspects of its highly confidential and proprietary data storage systems, integrity systems, classification systems, data matching technologies, and ad delivery systems, as well as strategic and/or business analyses and steps Meta took in connection with or as a result of those analyses, highly confidential Source Code, non-public revenue figures (including revenue calculations), links to internal confidential webpages, which could be used to improperly gain access to Meta's proprietary documents and intranet, a non-public regulatory investigation, and employee contact information (as well as contact information of third parties). Meta's interest in sealing proprietary, competitively sensitive information, information that bad actors could use to undermine the integrity of Meta's systems and gain improper access to user data and thwart Meta's systems designed to protect users and their data, and information that could be used by business competitors to circumvent the time and resources necessary to develop their own systems, overrides any public interest in the specific details Meta seeks to seal because that information is not necessary for the public's understanding of this case.

4.      Relevant factors in deciding whether a party's interest in sealing overcomes the public's interest in disclosure include: (1) the amount of material sought to be sealed (*see Algarin v. Maybelline, LLC*, No. 12-CV-3000-AJB (DHB), 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014)); (2) the "public interest in understanding the judicial process" (*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 747 F. App'x 463, 465 (9th Cir. 2018)), and (3) "whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets" (*Id.*).  Each of these factors supports sealing the material Meta is requesting to seal.

5.      ***First***, Meta seeks to seal narrowly tailored portions of the Exhibits—redacting only the material that is necessary to protect its proprietary confidential information from improper disclosure.  *See Algarin*, 2014 WL 690410, at *3 (permitting sealing because a party "only s[ought] to seal a limited amount of information").  Meta's sealing request is "narrowly tailored to seek sealing only of sealable material."  *Singh v. Costco Wholesale Corp.*, No. 20-CV-08180-NC, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023).  Meta asks the Court to seal only those parts of the Exhibits that reveal proprietary, commercially sensitive, and confidential information about (1) Meta's proprietary data storage systems, including the names of specific Hive tables and fields, the amount of data in the systems, how the systems are organized, how data flows through the systems, and the types of information Meta can query from those systems; (2) Meta's proprietary integrity systems, including how those systems work and how they were developed; (3) Meta's proprietary classification systems, including the names of specific systems, classifications, and processors and how the systems work; (4) the confidential methods that Meta uses to attempt to match data it receives from third-party developers via the Business Tools to a Facebook account; (5) Meta's proprietary ad delivery systems and how those systems work; (6) strategic/business analyses and steps Meta took in connection with or as a result of those analyses; (7) Meta's highly confidential Source Code; (8) non-public Meta revenue figures (including revenue calculations); (9) links to internal confidential webpages, which could be used to improperly gain access to

Meta's proprietary documents and intranet; (10) contact information of both Meta employees and third parties; and (11) non-public regulatory investigations.

6.    ***Second***, sealing this limited information will not impede the public's understanding of the judicial process, as this minutely detailed, proprietary information is not essential to the public's understanding of the merits of this dispute or this case.  Meta is leaving unsealed general descriptions of its systems, technologies, and analyses—it only seeks to protect from disclosure highly technical and confidential details about these proprietary, commercially sensitive, and confidential systems, technologies, and analyses.  Indeed, the vast majority of information in the Exhibits will remain unsealed, so the public will have access to the core information relevant to the merits of plaintiffs' Motion for Class Certification, Exhibits, and the case.

7.    ***Third***, disclosure of this information is likely to place Meta at a competitive disadvantage, as Meta's competitors could use this sensitive information for their own gain (and at Meta's expense), and bad actors could use this confidential information to better understand, thwart Meta's systems designed to protect users and their data, and infiltrate the data that Meta stores, including user data.  As the Supreme Court has recognized, the public right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  Meta is likely to suffer competitive harm if highly confidential information regarding the subject matter listed above is made public.

8.    Competitive harm is likely if Meta's highly confidential information is made public.  Meta operates in an intensely competitive marketplace and has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage.  Disclosure of the information Meta seeks to seal would provide competitors with unfair insight into how Meta's systems are designed, organized, and operate, as well as Meta's internal strategic business considerations, which would give competitors the ability to "duplicate features of" Meta's systems and technical infrastructure, "which could cause competitive harm." *In re Google Inc. Gmail Litig.,* 13–MD–02430–LHK, 2013 WL 5366963, at

*3 (N.D. Cal. Sept. 25, 2013) (finding "compelling reasons to seal" materials relating to "descriptions of how Gmail operates"); *see Adtrader, Inc.*, 2020 WL 6391210, at *2 (finding compelling reasons to seal portions of information referencing Google's internal strategic decisions, policies, and processes related to detecting and responding to advertising fraud on its platforms); *Yan Mei Zheng*, 2019 WL 6841324 at *2 (finding compelling reasons to seal information reflecting Toyota's "marketing competitor analysis, confidential sales data, internal training information, vendor relationships, and business objectives."). Absent redactions, Meta's competitors would gain access to detailed information about the technologies, analyses, and structures that give Meta a competitive advantage.

9.     Moreover, there is an additional "compelling reason to seal" information that could compromise a party's "network infrastructure and security systems." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015). The "compelling reasons" standard is clearly met here because the disclosure of specific information about Meta's systems, technologies, and business analyses could empower bad actors to exploit Meta's systems and misuse data stored by Meta, including data related to users. Meta has an interest in maintaining confidentiality over information related to its data storage systems, highly confidential Source Code, and proprietary integrity systems, and Meta takes care to protect the confidentiality of its proprietary systems and technologies. Divulging details about these systems and technologies would undermine this interest by helping third parties circumvent Meta's security measures to infiltrate or better understand Meta's systems and the data they store (including data related to users), or bypass Meta's integrity systems (in violation of Meta's policies). If left unsealed, bad actors could use this information about where data is stored in Meta's systems and how the systems are labeled and organized to infiltrate and misappropriate data in those systems. Further, absent redactions, third parties could use the details about Meta's integrity systems to attempt to undermine or bypass those systems (in violation of Meta's policies). Therefore, disclosure would harm both Meta and the individuals whose data may be left more vulnerable to improper access. *See Clark v. InComm Fin. Servs., Inc.*, 2024 WL 1600631, at *3

(C.D. Cal. Mar. 13, 2024) (sealing under compelling interest standard "descriptions of the information and processes required to conduct searches of transactions and users on Defendant's internal systems" because "public disclosure of this information could impede Defendant's ability to combat future fraud"); *Activision Publ'g, Inc. v. EngineOwning UG*, 2023 WL 2347134, at *1-2 (C.D. Cal. Feb. 27, 2023) (finding compelling reasons to seal video game company's anti-cheating efforts and attendant data because disclosure risked hindering "ability to identify and combat future fraud").

10.     Courts routinely seal the specific types of information Meta seeks to seal here.  For example, in *Bottoms v. Block, Inc.*, the court found that compelling interests warranted sealing of specific fields in Block's database.  *See* No. 2:23-CV-01969-MJP, 2025 WL 774913, at *1 (W.D. Wash. Mar. 11, 2025) (compelling interests warrant sealing "the confidential name of a Block database used to store information related to the Cash App Invite Friends program, and the confidential names and descriptions of certain fields of data stored in the database").  Similarly, in *Calhoun v. Google LLC*,  the court granted a motion to seal "sensitive features of Google's internal systems and operations, including the various types of data sources which include information related to Google's data logs, internal data structures, internal identifiers and their proprietary functions.  No. 20-CV-05146-YGR (SVK), 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022); *see also, e.g. Ojmar US LLC v. Sec. People, Inc.,* No. 16-cv-04948-HSG, 2016 WL 6091543 (N.D. Cal. Oct. 19, 2016), at *2 (noting protections afforded by courts within the Ninth Circuit are broad and extend to "confidential information regarding [a defendant's] products, services, and business practices").

11.     This Court and Judge DeMarchi have also ordered the same or similar information sealed in this case.  *See, e.g.*, Dkt. Nos. 703, 734, 1116, 1117 (sealing confidential details about Meta's proprietary ad delivery and ad matching systems); Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734, 880, 1116, 1117 (sealing specific, non-public information about Meta's proprietary data storage systems); Dkt. Nos. 339-3, 350-6, 372, 703, 734, 880 (sealing specific details about Meta's proprietary classifications systems and data processors); Dkt. No. 157, 946-

2, 953, 1030 (sealing non-public information about Meta's proprietary integrity systems); Dkt. Nos. 485, 515 (sealing information regarding specific confidential strategic and/or business issues analyzed by Meta and actions taken in connection with those analyses); Dkt. Nos. 828, 830, 834, 835, 880 (sealing non-public employe contact information); Dkt. Nos. 703, 734 (sealing information about Meta's highly confidential Source Code).

12.    Plaintiffs filed the Exhibits entirely under seal. Meta proposes narrowly tailored redactions that would keep only its most sensitive, non-public material sealed. Meta's position regarding material in the Exhibits that should be sealed is set forth in the following table:

| Document | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Exhibit 2 (Dkt. No. 1154-5) | Page 3, lines 1-3, 10-11; page 6, paragraphs 14-(b); page 7, paragraphs 14(c)-(d), 15, 15(b); page 8, paragraphs 15(b)-(d), paragraphs 16, 16(b)-(d); page 9, paragraphs 17-(c); page 10, paragraphs 17(c)-(e), 18(a)-(b), footnote 4; page 11, paragraphs 19, 19(a)-(c), 20; page 17, paragraph 38; page 18, paragraphs 42(a)-(e), 43, footnote 31; page 19, paragraphs 43-45; page 20, paragraphs 48-51, footnotes 33-37; page 21, paragraphs 51-55, footnotes 38-43; page 22, paragraphs 55-57, footnotes 44-46; page 23, paragraphs 57-59, 61, footnotes 47-48; page 24, paragraphs 63, 65-66, footnotes 49-52; page 25, paragraphs 66-67, footnotes 52-55; page 26, paragraphs 67, 69, 71; | Meta | This text should be redacted because it reveals specific, non-public information regarding Meta's highly confidential Source Code. It also reveals specific, non-public information regarding Meta's proprietary health-related integrity systems (including how the systems work), data storage systems (including the names of specific Hive tables, categories, and fields, and information about how the systems are organized), classification systems (including the names of specific classification systems, a description of how they work, the names of associated data processing tools, and descriptions of how the tools work), and ad delivery systems. Disclosure of this information would cause Meta competitive harm and allow bad actors to undermine the integrity of Meta's systems. This Court and Judge DeMarchi have already |

| | page 27, paragraphs 72-74, footnotes 62-65; page 28, paragraphs 74-75, heading (1), paragraph 76, footnotes 65-69; page 29, paragraphs 76-77, heading (2), final paragraph, footnotes 71-76; page 30, first paragraph, footnotes 78-86; page 31, paragraphs 78, heading (3), paragraphs 79, 81, footnotes 88-91; page 32, paragraphs 81-82, footnotes 92-96; page 33, paragraph 84, 85, footnote 98-102; page 34, paragraphs 85-87, footnotes 103-110; page 35, paragraph 87, chart, footnotes 112, 114-115; page 36, chart, footnotes 116-129; page 37, chart, paragraphs 91(a)-(e), footnotes 130-132; page 38, paragraphs 92-94, heading (E), paragraph 95; page 39, paragraphs 96-97, footnotes 136-138; page 40, paragraphs 97-98, heading (1), paragraphs 99-100, footnotes 141-144; page 41, paragraphs 100-102, heading (2), paragraph 103, footnotes 145-149; page 42, paragraphs 103-104(a), footnotes 150-155; page 43, paragraphs 104(b)-107, footnotes 156-158; page 44, heading F, paragraphs 108-110, footnotes 160-164; page 45, paragraphs 110-111, footnotes 165-166; page 46, paragraphs 116-117, footnotes 170-173; page 47, paragraphs 118, 120-121(a), footnotes | | ordered this type of information to be sealed. *See, e.g.,* Dkt. No. 157, 336, 339-3, 339-5, 350-6, 372, 503, 509, 510, 522, 703, 734, 880, 899, 900, 901, 946-2, 953, 1116, 1117, 1030. |

| | | | |
|---|---|---|---|
| | 174, 177-178; page 48, paragraphs 121(a)-(d), footnotes 179-184; page 49, paragraphs 121(d), 123-123(d), footnote 185; page 50, paragraphs 124-125; page 51, paragraphs 125(b)-126, 126(b); page 52, paragraphs 126(b)-(e), footnote 187; page 53, paragraphs 126(e), 127(a)-(b), 128-129. | | |
| Exhibit 2 to Exhibit 2 (Dkt. No. 1154-5) | Parts of page 1, first chart. | Meta | This text should be redacted because it reveals specific, non-public information regarding the contents of Meta's highly confidential Source Code. Disclosure of this information would cause Meta competitive harm and allow bad actors to undermine the integrity of Meta's systems.  This Court and Judge DeMarchi have previously ordered this information to be sealed.  *See, e.g.*, Dkt. Nos. 703, 734, 880, 899, 900, 901. |
| Exhibit 4 to Exhibit 2 (Dkt. No. 1154-5) | Sealed in full | Meta | This Exhibit should be sealed in full because the substantive content reveals specific, non-public information regarding the contents of Meta's highly confidential Source Code. Disclosure of this information would cause Meta competitive harm and allow bad actors to undermine the integrity of Meta's systems.  This Court and Judge DeMarchi have previously ordered this information to be sealed.  *See, e.g.*, Dkt. Nos. 703, 734, 880, 899, 900, 901. |
| Exhibit 5 to Exhibit 2 | Parts of page 1, lines 11-12, 18-19, 24; page 2, lines 2, 9, 11, 13, footnote 1 in | Storage | This text should be redacted because it reveals specific, non-public information regarding |

| | | | |
|---|---|---|---|
| (Dkt. No. 1154-5) | lines 17-28; page 3, lines 1-4, 7-10, 12-14, footnote 2 in lines 16-21, footnote 4 in lines 23-28; page 4, lines 1-10, chart in lines 11-17, lines 18-19, footnotes 5-8 in lines 24-28; page 5, lines 1, 3, 5, 7-15, 17, 19, 21-23, footnotes 9-12 in lines 25-28; page 6, lines 1-14, 16, footnotes 13-18 in lines 20-28; page 7, lines 3, 5-6, 13, 15, 17-18, 20-23, footnotes 19-22 in lines 24-28; page 8, lines 1-2, 4-5, 8-9, image. | | Meta's highly confidential Source Code.  It should also be redacted because it reveals specific, non-public information regarding the contents of Meta's proprietary data storage systems (including the names of specific Hive tables, categories, and fields, how the systems are organized, and how data flows through Meta's systems), classification systems (including the name of one of Meta's proprietary classification systems, the names of related processing tools, and descriptions of how the tools and systems work), and ad delivery system.  Disclosure of this information would cause Meta competitive harm and allow bad actors to undermine the integrity of Meta's systems. This Court and Judge DeMarchi have previously ordered this information to be sealed.  *See, e.g.*, Dkt. Nos. 336, 339-3, 339-5, 350-6, 372, 503, 509, 510, 522, 703, 734, 880, 899, 900, 901 1116, 1117. |
| Exhibit 6 to Exhibit 2 (Dkt. No. 1154-5) | Parts of page 1, lines 14, 19, 23-26; page 2, lines 2-16, footnote 1 in line 21, footnote 5 in lines 25-25, footnote 9 in lines 27-28; page 3, lines 1, 5, 8-9, 12-13, 15-22, 25, 27-28; page 4, lines 1-4, 6-7, 9-13; 16, 18-20, 23-24, 26-28; page 5, lines 1-2, 5-10, 12, 14-15, 17, 22, footnotes 10-12 in lines 24-28; page 6, lines 1-20, footnote 13 in line 24, footnote 16-17 in lines 26-28; page 7, lines 1-10. | Meta | This text should be redacted because it reveals specific, non-public information regarding the contents of Meta's proprietary data storage systems (including the names and contents of specific Hive tables and fields), as well as highly confidential Source Code.  Disclosure of this information would cause Meta competitive harm and allow bad actors to undermine the integrity of Meta's systems.  This Court and Judge DeMarchi have previously ordered this information to be sealed.  *See, e.g.*, Dkt. Nos. 336, 339-3, 339- |

| | | | 5, 350-6, 372, 503, 509, 510, 522, 703, 734, 880, 899, 900, 901 1116, 1117 |
|---|---|---|---|
| Appendix B to Exhibit 4 (Dkt. No. 1154-7) | Parts of page 1, paragraph 1. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the name of a specific Hive table.  If disclosed, this information would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734, 880, 1116, 1117. |
| Exhibit 6 (Dkt. No. 1154-8) | Parts of page 5, paragraphs 12(a)-(b); page 8, paragraphs 20-21; page 9, paragraph 21; page 12, paragraph 33; page 13, paragraph 35(a); page 15, paragraph 35(b)(ii); page 16, paragraphs 35(c), 36. | Meta | This text should be redacted because it reveals specific confidential strategic issues analyzed by Meta, as well as actions taken by Meta in connection with those analyses and specific information about specific advertisers' use of the Business Tools.  Meta would face competitive harm if this information were disclosed.  This Court and Judge DeMarchi have previously ordered this type of information to be sealed.  *See, e.g.*, Dkt. Nos. 485, 515. |
| Appendix to Exhibit 6 (Dkt. No. 1154-8) | Parts of page 18, row 14. | Meta | This text should be redacted because it reveals specific, non-public information regarding one of Meta's proprietary classification systems, including the name of one of Meta's classification systems.  If disclosed, this information would cause Meta competitive harm.  This Court and Judge DeMarchi have previously ordered information about |

| | | | |
|---|---|---|---|
| | | | Meta's classification systems to be sealed. *See, e.g.,* Dkt. Nos. 339-3, 350-6, 372, 703, 734,880 |
| Exhibit B to Exhibit 6<br><br>(Dkt. No. 1154-8) | Sealed in full. | Meta | This Exhibit should be sealed in full because it reveals specific, non-public information regarding strategic issues analyzed by Meta, as well as actions taken by Meta in connection with those analyses.  If disclosed, this information would competitively harm Meta.  This Court and Judge DeMarchi have previously ordered this type of information to be sealed.  *See, e.g.*, Dkt. Nos. 485, 515. |
| Exhibit C to Exhibit 6<br><br>(Dkt. No. 1154-8) | Sealed in full. | Meta | This Exhibit should be sealed in full because it reveals specific confidential strategic issues analyzed by Meta as well as actions taken by Meta in connection with those analyses that were only shared with third parties under a non-disclosure agreement.  Meta would face competitive harm if this information were disclosed.  This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 485, 515. |
| Exhibit D to Exhibit 6<br><br>(Dkt. No. 1154-8) | Sealed in full. | Meta | This Exhibit should be sealed in full because it reveals specific, non-public information regarding strategic issues analyzed by Meta, as well as actions taken by Meta in connection with those analyses.  If disclosed, this information would competitively harm Meta.  This Court and Judge DeMarchi have previously ordered this type of information to be sealed.  *See, e.g.*, Dkt. Nos. 485, 515. |

| | | | |
|---|---|---|---|
| Exhibit G to Exhibit 6 (Dkt. No. 1154-8) | Parts of row 1, column H. | Meta | This text should be redacted because it contain data produced from Meta's Hive systems, including specific field names and contents—which is proprietary, commercially sensitive, and confidential, as well as non-public information regarding specific advertisers' accounts with Meta. Public disclosure of that information—including the specific way that Meta processes, organizes, and stores event data—would place Meta at a competitive disadvantage and could allow bad actors to undermine the integrity of Meta's systems. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 336, 339-5, 372,503, 509, 510, 522, 703, 734,880, 1116, 1117. |
| Exhibit H to Exhibit 6 (Dkt. No. 1154-8) | Sealed in full. | Meta | This Exhibit should be sealed in full because it contains discussion of event data including specific field names and descriptions of those fields—which is proprietary, commercially sensitive, and confidential. Public disclosure of that information—including the specific way that Meta processes, organizes, and stores event data—would place Meta at a competitive disadvantage and could allow bad actors to undermine the integrity of Meta's systems. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 336, 339-5, 372,503, 509, 510, 522, 703, 734,880, 1116, 1117. |

| Exhibit I to Exhibit 6 (Dkt. No. 1154-8) | Sealed in full. | Meta | This Exhibit should be sealed in full because it reveals specific, non-public information regarding Meta's proprietary matching technologies, strategic issues analyzed by Meta, as well as actions taken by Meta in connection with those analyses, and hyperlinks to non-public webpages. If disclosed, this information would competitively harm Meta. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 485, 515. |
|---|---|---|---|
| Exhibit 8 (Dkt. No. 1154-10) | Parts of page 12, footnote 22; page 13, paragraphs 2, 8; page 14, paragraph 6; page 15, paragraphs 1, 4-9; page 16, paragraphs 1-2, image, footnote 34; page 17, paragraphs 5-6, 20; page 18, paragraphs 1, 3, image, footnote 40; page 19, paragraphs 1, 3-4, footnote 41; page 20 paragraphs 1, 4, footnote 42; page 21, paragraphs 1, bullets (2)-(5); page 22, bullet (3), paragraph 6. | Meta | This text should be redacted because it reveals specific, non-public information regarding Meta's proprietary classification systems (including the names of specific classification systems), data storage systems (including the name of a specific field), and ad delivery systems. It should also be redacted because it reveals specific, non-public revenue figures (including revenue calculations) and confidential strategic issues analyzed by Meta, as well as actions taken by Meta in connection with those analyses. If disclosed, this information would cause Meta competitive harm. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 339-3, 350-6, 372, 703, 734, 880, 1116, 1117. |
| Schedule 2 to Exhibit 8 (Dkt. No. 1154-10) | Parts of page 1, chart, notes 3-5. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's internal revenue figures. If disclosed, this information |

| | | | | would cause Meta competitive harm. |
|---|---|---|---|---|
| Schedule 3 to Exhibit 8 (Dkt. No. 1154-10) | Parts of page 1, chart. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's internal revenue figures. If disclosed, this information would cause Meta competitive harm. |
| Schedule 6 to Exhibit 8 (Dkt. No. 1154-10) | Parts of page 1, charts 1-3. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's internal revenue figures. If disclosed, this information would cause Meta competitive harm. |
| Exhibit 9 (Dkt. No. 1154-11) | Parts of page 2, lines 5-6, 26-27; page 3, lines 15-16, 25-26, 28; page 4, lines 2-5, 25, 27; page 5, lines 12, 14, 16, 18, 20, 24-27; page 6, lines 7, 9, 12, 14, 19-21, 27; page 7, lines 1, 17-23, footnote 1 in lines 25-28; page 8, lines 1-6, 14-26; page 9, lines 5-15, 22-23, footnote 2 in line 28; page 10, 6-26, footnote 33 in line 28; page 11, lines 1-2, 9-10, 19-20; page 12, line 16; page 13, line 7; page 15, lines 20, 23- 25-27; page 16, lines 3, 7, 9, 11, 13. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems (including the names of specific Hive tables and categories, how the systems are organized, and the amount of data in Meta's systems). If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734, 880, 1116, 1117. |
| Exhibit 10 (Dkt. No. 1154-12) | Sealed in full. | Meta | This Exhibit should be sealed in full because it reveals specific, non-public information about Meta's proprietary data storage systems (including the names of specific Hive tables and how data flows through Meta's systems), as well as highly confidential Source Code. If this information were disclosed, it would competitively harm Meta and allow bad actors to |

| | | | |
|---|---|---|---|
| | | | undermine the integrity of Meta's systems. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734, 880, 899, 900, 901, 1116, 1117. |
| Exhibit 11 (Dkt. No. 1154-13) | Parts of page 87, line 1; page 89, lines 2-4, 8-18; page 90, lines 1-2, 11-13, 19-20; page 91, lines 9-12, 16-17; page 93, lines 17-20; page 99, lines 23-25; page 100, lines 1, 8-10; page 101, lines 17-18, 25; page 102, lines 5-7; page 181, lines 16, 18-20, 23; page 182, lines 6-7, 9-10, 17-18; page 183, lines 5-6, 15; page 184, line 18; page 188, lines 2, 5-9, 17-19, 21-22; page 190, lines 5-6, 9-10; page 198, lines 11-16; page 199, lines 2-4, 6, 10-11; page 200, lines 24-25; page 242, lines 23-25; page 250, lines 21-22; errata, page 2, rows 14-17; errata, page 3, row 10 | Meta | This text should be redacted because it reveals specific, non-public information regarding Meta's proprietary ad delivery systems. It should also be redacted because it reveals specific, non-public revenue figures and confidential, strategic issues analyzed by Meta and actions taken by Meta in connection with those analyses. If disclosed, this information would cause Meta competitive harm. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 339-3, 350-6, 372, 703, 734, 880, 1116, 1117. |
| Exhibit 12 (Dkt. No. 1154-14) | Parts of page 1, paragraphs 1-6; page 2, paragraphs 6-9; page 5, paragraph 6; page 6, paragraphs 2-4; page 7, paragraph 2; page 8, paragraphs 4-6; page 9, paragraphs 7-9; page 12, paragraphs 11-12; page 13, paragraphs 2-3, 6-7, 11; page 14, paragraphs 2, 4, 8; page 15, paragraphs 1, 3-5; page 16, paragraphs 3-5, 9; page 17, paragraph 9; page 18, paragraphs 3, 5-6. | Meta | This text should be redacted because it reveals employee contact information and specific, non-public information regarding confidential strategic issues analyzed by Meta regarding Meta's proprietary matching technologies, as well as actions taken by Meta in connection with those analyses. Meta would face competitive harm if this information were disclosed. Further, if the employee contact information were publicly disclosed, Meta's |

| | | | |
|---|---|---|---|
| | | | employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm.  This Court and Judge DeMarchi have previously ordered this type of information to be sealed.  *See, e.g.*, Dkt. Nos. Dkt. 485, 515, 828, 830, 834, 835, 880. |
| Exhibit 13 (Dkt. No. 1154-15) | Parts of page 8, image; page 13, image; page 15, heading, bullet points 1-3; page 23, image; page 26, heading, bullet points 1-4; page 28, image; page 30, bullet point 1; page 31, image. | Meta | This text should be redacted because it reveals, specific, non-public information regarding confidential strategic issues analyzed by Meta regarding Meta's proprietary matching technologies, highly confidential Source Code, and -proprietary data storage systems.  If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems.  This Court and Judge DeMarchi have previously ordered this type of information to be sealed.  *See, e.g.*, Dkt. Nos. Dkt. 157, 336, 339-3, 372, 485, 503, 509, 510, 515, 522, 703, 734, 880, 946-2, 953,1030, 1116, 1117. |
| Exhibit 15 (Dkt. No. 1154-16) | Parts of page 4, line 22; page 5, line 27; page 6, lines 1-2, 13-14, 27; page 7, lines 1-2, 4; page 8, lines 3-10, 22-24; page 9, lines 12, 26-27; page 10, lines 24-28; page 11, lines 1-7, 14, 16-24; page 12, lines 2-3, 6-9, 16-19, 26-27; page 13, lines 12-20. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems (including the name of specific fields, how data flows through the systems, and how the systems can be queried), ad delivery system, and classification systems (including the names of specific classification systems and their associated data processors, and a description of how the data processors work).  If disclosed, |

| | | | this information would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 336, 339-3, 339-5, 350-6, 372, 503, 509, 510, 522, 703, 734, 880, 1116, 1117. |
|---|---|---|---|
| Exhibit 16 (Dkt. No. 1154-17) | Parts of page 159, lines 1-2; errata, page 2, row 5. | Meta | This text should be redacted because it reveals specific, non-public information regarding Meta's proprietary health-related integrity systems. If disclosed, this information would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. Dkt. 157, 946-2, 953, 1030. |
| Exhibit 17 (Dkt. No. 1154-18) | Parts of page 37, lines 4-5, 10-11, 15, 18, 20-21; page 98, lines 3-4, 6-7, 9, 12, 17-22, 24-25; page 99, lines 1, 3, 5-8, 20-21, 23; page 100, lines 1; page 118, lines 7, 12, 23; page 119, line 2; errata, page 1, rows 6-7; errata, page 2, row 3. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems (including the names of specific Hive tables and fields and how the systems are organized) and classification systems (including the names of specific data processing tools and descriptions of how the tools work). If disclosed, this information would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. This Court and Judge DeMarchi |

| | | | have previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 336, 339-3, 339-5, 350-6, 372, 503, 509, 510, 522, 703, 734, 880, 1116, 1117. |
|---|---|---|---|
| Exhibit 19 (Dkt. No. 1154-19) | Parts of page 1, bullet points 3, 6, 13, 15, 17 19-21, 25-27, last heading, bullet points 31-32; page 2, bullet points 2-9, 11-12, 15, 20-29, third heading, bullet points 31-32; page 3, bullet points 6-8, 12, 14-16, 18-20, 22-27, fourth heading, bullet points 31-33; page 4, bullet points 1-5, 7, 9,-11, 17-18, 20, paragraphs 3, 5 in Nov. 22 6:47 pm message; page 8, bullet points 2-7, 9-12; page 11, bullet points 1-2, 4-10, 13-17; page 12, bullet points 1, 3-6, 9, 11-12, 14-16, 20-24; page 13, bullet points 5, 9, 12-13, heading 5, bullet point 20; page 14, bullet point 5; page 18, bullet points 1, 3-6; page 19, bullet points 2-6; page 20, bullet points 1-4, 8-15, 17, 26; page 23, bullet points 4-7, 9, 12-19, 23, 25-27; page 24, bullet points 1, 4-6, 8; page 25, bullet points 2-4; page 26, bullet points 3-4, 7-9, 12. | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary classification systems (including the name of one of Meta's classification systems and the names of specific data processing tools) and ad delivery systems. The text should also be redacted because it contains hyperlinks to non-public webpages and confidential strategic issues analyzed by Meta, as well as actions taken by Meta in connection with those analyses. If disclosed, this information would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 336, 330-5, 372, 485, 503, 509, 510, 515, 522 703, 734, 880, 1116, 1117. |
| Exhibit 20 (Dkt. No. 1154-20) | Parts of page 1, heading, project name, line starting "Description," lines 2 and 4 under "Initial Assessment," line starting "Description"; page 2, lines starting with "Link" and "link to folder." | Meta | This text should be redacted because it reveals specific, non-public information regarding strategic issues analyzed by Meta as well as actions taken by Meta in connection with those analyses, an internal project name and detailed description of that internal project, and |

| | | | |
|---|---|---|---|
| | | | hyperlinks to a non-public webpage. If disclosed, this information would competitively harm Meta. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 485, 515. |
| Exhibit 21 (Dkt. No. 1154-21) | Parts of page 1, "From" line, "cc" line, paragraph 2, 5-8; page 2, paragraphs 7, 13; page 3, paragraphs 3-6, 13; page 4, lines 3 and 5 in the message from Aug. 22 at 11:52 am; page 5, messages 7, 9, "cc" line; page 6, message 1, paragraphs 2, 5-8; page 8, last message; page 9, message 1, paragraphs 1-4, messages 5, 9; page 10, message 1, paragraphs 1-2, last message, "cc" line; page 11, message 1, paragraphs 1, 3; page 12, message 6; page 13, message 2, "cc" line; page 14, message 1, paragraph 2; page 15, message 1, last paragraph; page 16, message 1, paragraphs 1-2, 4; page 177, message 2, "From" line, "cc" line, paragraphs 2, 4-5; page 18, message 1, paragraph 1 | Meta | This text should be redacted because it reveals employee contact information, specific, non-public strategic issues analyzed by Meta, as well as actions taken by Meta in connection with those analyses, proprietary ad delivery system, and an internal project name. Meta would face competitive harm if this information were disclosed. Further, if the employee contact information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 485, 515, 828, 830, 834, 835, 880. |
| Exhibit 22 (Dkt. No. 1154-22) | Parts of page 1, "From" line, "cc" line, paragraphs 2, 5-8; page 2, paragraphs 7, 13; page 3, paragraphs 3-6, 13; page 4, lines 3 and 5 in the message from Aug. 22 at 11:52 am; page 5, message 7, message 9, "cc" line; page 6, message | Meta | This text should be redacted because it reveals employee contact information, specific, non-public strategic issues analyzed by Meta, as well as actions taken by Meta in connection with those analyses, proprietary ad delivery system, and an internal project name. Meta would face competitive |

21

| | | | |
|---|---|---|---|
| | 1, paragraphs 2, 5-8; page 8, last message; page 9, message 1, paragraphs 1-4, messages 8, 12; page 10, message 1, paragraphs 1-2, last message, "cc" line"; page 11, message 1, paragraphs 1- 3; page 12, message 6, paragraph 2; page 13, message 3, "cc" line; page 14, message 1, paragraph 2; page 15, message 1, last paragraph; page 16, message 1, paragraphs 1-2, 5; page 17, message 2, "From" line, "cc" line, paragraphs 2, 4-5; page 18, message 1, paragraph 1. | | harm if this information were disclosed.  Further, if the employee contact information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm.  This Court and Judge DeMarchi have previously ordered this type of information to be sealed.  *See, e.g.*, Dkt. Nos. 485, 515, 703, 734, 828, 830, 834, 835, 880, 1116, 1117. |
| Exhibit 23 (Dkt. No. 1154-23) | Parts of page 1, bullet points 6-7, chart, paragraphs 11-12, chart, 15, chart, paragraphs 21-22, 25, 27-35, last heading, paragraph 50; page 2 paragraphs 1-7, 10-28, 30-40, 55-67; page 3, paragraphs 1-26, 34-42, chart, rows 1-3, 5, 8, 11, 13; page 4, paragraphs 1-17, 19, 22, paragraphs 3, 5 in the Aug. 23, 2023 6:23 am message; page 5, message 7, paragraphs 1, 8, heading 3, paragraphs 15-22; page 7, message 6, message 8, paragraphs 2-6, 8, 16; page 8, message 4, chart, paragraph 2; message 9, paragraphs 2-4; message 11, paragraphs 1, 17, 20; message 13, paragraph 7; page 9, messages 3, 7, 9; page 10, message 2, paragraphs 1-5, | Meta | This text should be redacted because it reveals specific, non-public information regarding Meta's proprietary ad delivery systems and strategic issues analyzed by Meta, as well as actions taken by Meta in connection with those analyses, an internal project name, and hyperlinks to non-public webpages.  If disclosed, this information would competitively harm Meta.  This Court and Judge DeMarchi have previously ordered this type of information to be sealed.  *See, e.g.*, Dkt. Nos. 485, 515, 703, 734, 1116, 1117. |

| | | | |
|---|---|---|---|
| | message 6, paragraphs 1-6, message 7, paragraph 1; page 12, messages 3, 5, 7; page 13, message 8; page 16, message 25; page 17, message 20; page 18, message 17; page 19, message 35; page 21, message 21; page 25, message 1. | | |
| Exhibit 24 (Dkt. No. 1154-24) | Parts of page 1, chart, columns B and C, cell D3; page 2, chart, columns B and C, bullet points 1-8, lines 3, 5 in the message from Oct. 5 at 10:30 pm; page 3, chart, columns C and D; page 4, chart, column D; page 5, chart, columns D; page 6, chart, column D; page 7, chart, cells C2 and A3; page 8, chart, column C; page 9, chart, column C; page 10, chart, column C; page 11, chart, column C, message 4; page 12, chart, columns C and D; page 13, chart, column C; page 14, chart, columns C and D; page 15, chart, columns C and D; page 16, chart, column D; page 17, chart, column D; page 18, chart, column D, cell C3; page 19, chart, column D; page 20, chart, column D; page 21, chart, column D; page 23, chart, column C; page 25, messages 7, 26. | Meta | This text should be redacted because it reveals specific, non-public information regarding strategic issues analyzed by Meta regarding Meta's proprietary ad delivery system, as well as actions taken by Meta in connection with those analyses and an internal project name. If disclosed, this information would competitively harm Meta. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 485, 515, 703, 734, 1116, 1117. |
| Exhibit 25 | Parts of page 1, first email, "From" line, "To" line, | Meta | This text should be redacted because it reveals specific, non-public information regarding |

| | (Dkt. No. 1154-25) | "CC" line, "Subject" line, second email, "From" line, "To" line, "CC" line, "Subject" line, paragraphs 2-11; page 2, first email, "From" line, "To" line, "CC" line, "Subject" line, second email, "From" line, "To" line, "CC" line, "Subject" line, paragraph 4, third email, "From" line, "To" line, "CC" line, "Subject" line, paragraph 1, third email, "From" line, "To" line, "CC" line, "Subject" line; page 3, paragraph 1, second email, "From" line, "To" line, "CC" line, "Subject" line, third email, "From" line, "To" line, "CC" line, "Subject" line paragraph 2, third email "From" line, "To" line, "CC" line, "Subject" line, paragraph 1; page 4, paragraphs 1-7, second email, "From" line, "To" line, "CC" line, "Subject" line, paragraphs 2-6; page 5, paragraph 1-21; page 6, paragraphs 1-7. | | confidential strategic issues analyzed by Meta as well as actions taken by Meta in connection with those analyses, and employee contact information. If disclosed, this information would competitively harm Meta. Further, if the employee contact information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 485, 515, 828, 830, 834, 835, 880. |
| --- | --- | --- | --- | --- |
| | Exhibit 26 (Dkt. No. 1154-26) | Sealed in full. | Meta | This Exhibit should be sealed in full because it reveals specific, non-public information regarding strategic issues analyzed by Meta, as well as actions taken by Meta in connection with those analyses. If disclosed, this information would competitively harm Meta. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 485, 515. |

| Exhibit 27 (Dkt. No. 1154-27) | Parts of page 1, "To" line, messages 1 3, 7-10, 12, 15, 17; page 2, messages 3, 8, 11, 13-14. | Meta | This text should be redacted because it reveals specific, non-public information regarding Meta's proprietary health-related integrity systems, confidential strategic issues analyzed by Meta as well as actions taken by Meta in connection with those analyses, internal project names, highly confidential Source Code, and employee contact information. If disclosed, this information would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems.  Further, if the employee contact information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm.  This Court and Judge DeMarchi have previously ordered this type of information to be sealed.  *See, e.g.*, Dkt. Nos. 157, 339, 350-6, 372, 485, 515, 703, 734, 880, 946-2, 953, 1030. |
| Exhibit 29 (Dkt. No. 1154-29) | Parts of page 1, "To" line, "CC" line, email signature. | Meta | This text should be redacted because it reflects contact information for Meta employees and third parties.  If the Meta and third-party contact information were publicly disclosed, Meta's employees (and employees of the third party) may be inundated with harmful or irrelevant emails, which would disrupt their operations, and cause competitive harm.  This Court and Judge DeMarchi have previously ordered this type of information to be sealed.  *See,* |

| | | | |
|---|---|---|---|
| | | | *e.g.*, Dkt. Nos. 828, 830, 834, 835, 880. |
| Exhibit 30 (Dkt. No. 1154-30) | Parts of page 1, "To" line, "CC" line, email signature; page 3, "Email Recipients" line, "Email CC" line. | Meta | This text should be redacted because it reflects contact information for Meta employees and third parties. If the Meta and third-party contact information were publicly disclosed, Meta's employees (and employees of the third party) may be inundated with harmful or irrelevant emails, which would disrupt their operations, and cause competitive harm. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 828, 830, 834, 835, 880. |
| Exhibit 31 (Dkt. No. 1154-31) | Parts of page 1, "To" line; page 2, email signature, page 3, "Email Recipients" line. | Meta | This text should be redacted because it reflects contact information for Meta employees and third parties. If the Meta and third-party contact information were publicly disclosed, Meta's employees (and employees of the third party) may be inundated with harmful or irrelevant emails, which would disrupt their operations, and cause competitive harm. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 828, 830, 834, 835, 880. |
| Exhibit 32 (Dkt. No. 1154-32) | Parts of page 1, first email, "To" line, email signature, second email, line starting "On 8/28/20," email signature, third email, email signature; page 2, first email, line starting "On 8/26/20, 1:04 PM," | Meta | This text should be redacted because it reflects contact information for Meta employees and third parties. If the Meta and third-party contact information were publicly disclosed, Meta's employees (and employees of the third party) may be inundated with |

| | | | |
|---|---|---|---|
| | email signature, second email, email signature; page 3, first email, line starting "On 8/26/20, 9:15 AM," email signature, second email, email signature, third email, line starting "On 8/21/20, 9:37 AM," email signature; page 4, first email, "To" line, email signature; page 5, "Email Recipients" line. | | harmful or irrelevant emails, which would disrupt their operations, and cause competitive harm. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 828, 830, 834, 835, 880. |
| Exhibit 33 (Dkt. No. 1154-33) | Parts of page 1, "To" line, "CC" line, email signature; page 2, "Email Recipients" line, "Email CC" line. | Meta | This text should be redacted because it reflects contact information for Meta employees and third parties. If the Meta and third-party contact information were publicly disclosed, Meta's employees (and employees of the third party) may be inundated with harmful or irrelevant emails, which would disrupt their operations, and cause competitive harm. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 828, 830, 834, 835, 880. |
| Exhibit 34 (Dkt. No. 1154-34) | Parts of page 1, "To" line; page 2, email signature; page 3, "Email Recipients" line. | Meta | This text should be redacted because it reflects contact information for Meta employees and third parties. If the Meta and third-party contact information were publicly disclosed, Meta's employees (and employees of the third party) may be inundated with harmful or irrelevant emails, which would disrupt their operations, and cause competitive harm. This Court and Judge DeMarchi have previously ordered this type of |

| | | | information to be sealed. *See, e.g.*, Dkt. Nos. 828, 830, 834, 835, 880. |
|---|---|---|---|
| Exhibit 35 (Dkt. No. 1154-35) | Parts of page 1, "To" line, email signature. | Meta | This text should be redacted because it reflects contact information for Meta employees and third parties. If the Meta and third-party contact information were publicly disclosed, Meta's employees (and employees of the third party) may be inundated with harmful or irrelevant emails, which would disrupt their operations, and cause competitive harm. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 828, 830, 834, 835, 880. |
| Exhibit 36 (Dkt. No. 1154-36) | Parts of page 1, first email, "To" line, ""CC" line, email signature, second email, "From" line, "To" line, "Cc" line; page 2, first email, bullet points 1-3, second email, line starting "On Mon, Mar 29, 2021," email signature; page 3, first email, "From" line, "To" line, "Cc" line, second email, line starting "On Thu, Mar 11, 2021," email signature; page 4, first email, "From" line, "To" line, "Cc" line, second email, line starting "On Fri, Mar 5, 2021," email signature; page 5, first email, "From" line, "To" line, "Cc" line, line starting "On Mon, Mar 1, 2021," line starting "=," line starting "CCI="; page 6, first email, line starting "=," second email, line | Meta | This text should be redacted because it reveals contact information for Meta employees and third parties, as well as hyperlinks to non-public documents. Meta would be competitively harmed if this information were revealed. If the Meta and third-party contact information were publicly disclosed, Meta's employees (and employees of the third party) may be inundated with harmful or irrelevant emails, which would disrupt their operations, and cause competitive harm. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 828, 830, 834, 835, 880. |

starting "On Mon, Mar 1, 2021," email signature, third email, "From" line, "To" line, "Cc" line, fourth email, line starting "On Mon, Mar 1, 2021"; page 7, first email, email signature, second email, "From" line, "To" line, "Cc" line, third email, line starting "On Mon, Feb 22, 2021"; page 8, second email, line starting "On Mon, Feb 22, 2021 at 9:13 AM," third email, line starting "On Mon, Feb 22, 2021 at 9:12 AM," email signature, fourth email, , "From" line, "To" line, "Cc" line; page 9, second email, line starting "On Tue, Feb 16, 2021 at 10:36 AM," third email, line starting "On Tue, Feb 16, 2021 at 9:55 AM"; page 10, first email, email signature, second email, "From" line, "To" line, "Cc" line, bullet point 1; page 10, first email, bullet points 1-2, second email, line starting "On Thu, Feb 11, 2021 at 5:11 PM," third email, line starting "On Thu, Feb 11, 2021 at 12:12 PM"; page 12, first email, email signature, second email, "From" line, "To" line, "Cc" line, third email, line starting "On Thu, Feb 11, 2021"; page 13, first email, email signature, second email, "From" line, "To" line, "Cc" line, third email, line starting "On Fri, Feb 5, 2021"; page 14, first email,

| | | | |
|---|---|---|---|
| | email signature, second email, "From" line, "To" line, "Cc" line; page 15, second email, line starting "On Tue, Feb 2, 2021"; page 16, bullet points 1-3; page 17, second email, line starting "On Mon, Jan 25, 2021," email signature; page 18, second email, line starting "On Mon, Jan 25, 2021"; page 19, first email, line starting "This message was sent to"; page 22, "Email Recipients" line, "Email CC" line, "Email BCC" line. | | |
| Exhibit 37 (Dkt. No. 1154-37) | Parts of page 1, bullet points 1-2, 5-8, 10-15, line 3 of the message at Oct. 3 at 8:16 am; page 2, message 1, line 1; page 3, message 2; page 4, message 5; page 5, messages 6-7; page 9, last message; page 10, first message. | Meta | This text should be redacted because it reveals specific, non-public information regarding strategic issues analyzed by Meta, as well as actions taken by Meta in connection with those analyses, and hyperlinks to non-public webpages. If disclosed, this information would competitively harm Meta. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 485, 515. |
| Exhibit 38 (Dkt. No. 1154-38) | Parts of page 1, "To" line. | Meta | This text should be redacted because it reveals contact information for Meta employees. If this information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See,* |

| | | | |
|---|---|---|---|
| | | | *e.g.*, Dkt. Nos. 828, 830, 834, 835, 880. |
| Exhibit 40 (Dkt. No. 1154-40) | Parts of page 1, "To" line, messages 6, 19-20; page 2, messages 1-3, 5-8, 10, 12, 15, 17-22, 24-25. | Meta | This text should be redacted because it reveals contact information for Meta employees and specific confidential strategic issues analyzed by Meta as well as actions taken by Meta in connection with those analyses. Meta would face competitive harm if this information were disclosed. Further, if this information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 485, 515, 828, 830, 834, 835, 880. |
| Exhibit 42 (Dkt. No. 1154-42) | Parts of page 1, "To" line, ; page 2, "Email From" line, "Email Recipients" line. | Meta | This text should be redacted because it reveals contact information for Meta employees. If this information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 828, 830, 834, 835, 880. |
| Exhibit 43 (Dkt. No. 1154-43) | Sealed in full. | Meta | This Exhibit should be sealed in full because it reveals specific, non-public information regarding strategic issues analyzed by Meta, as well as actions taken by Meta in |

| | | | connection with those analyses. Meta would face competitive harm if this information were disclosed.  Further, if the employee contact information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm.  This Court and Judge DeMarchi have previously ordered this type of information to be sealed.  *See, e.g.*, Dkt. Nos. 485, 515. |
|---|---|---|---|
| Exhibit 44 (Dkt. No. 1154-44) | Parts of page 1, first email, "From" line, email signature, second email, "From" line, email signature, third email, "From" line, "To" line, email signature, fourth email, "From" line, "To" line. | Meta | This text should be redacted because it reveals contact information for Meta employees and third parties.  If the employee and third-party contact information were publicly disclosed, Meta's employees (and employees of the third party) may be inundated with harmful or irrelevant emails, which would disrupt their operations, and cause competitive harm.  This Court and Judge DeMarchi have previously ordered this type of information to be sealed.  *See, e.g.*, Dkt. Nos. 828, 830, 834, 835, 880. |
| Exhibit 45 (Dkt. No. 1154-45) | Sealed in full. | Meta | This Exhibit should be sealed in full because it reveals specific confidential strategic issues analyzed by Meta as well as actions taken by Meta in connection with those analyses that were only shared with third parties under a non-disclosure agreement.  Meta would face competitive harm if this information were disclosed. This Court and Judge DeMarchi have previously ordered this |

| | | | type of information to be sealed. *See, e.g.*, Dkt. Nos. 485, 515. |
|---|---|---|---|
| Exhibit 46 (Dkt. No. 1154-46) | Sealed in full. | Meta | This Exhibit should be sealed in full because it reveals specific confidential strategic issues analyzed by Meta as well as actions taken by Meta in connection with those analyses that were only shared with third parties under a non-disclosure agreement. Meta would face competitive harm if this information were disclosed. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 485, 515. |
| Exhibit 47 (Dkt. No. 1154-47) | Parts of page 1, first email, "From" line, "To" line, "CC" line, email signature, second email, line starting "On Thu, Sep, 1, 2022"; page 2, first email, email signature, second email, "From" line, "To" line, "Cc" line; page 3, first email, email signature, second email, line starting "On Thu Sep 1, 2022," email signature; page 4, second email, "From" line, "To" line, "Cc" line; page 5, first email, email signature, second email, line starting "On Thu Sep 1, 2022," email signature; page 6, second email, "From" line, "To" line, "Cc" line; page 7, first email, email signature, second email, line starting "On Thu Sep 1, 2022"; page 9, first email, email signature, second email, "From" line, "To" line, | Meta | This text should be redacted because it reveals contact information for Meta employees and third parties. If the employee and third-party contact information were publicly disclosed, Meta's employees (and employees of the third party) may be inundated with harmful or irrelevant emails, which would disrupt their operations, and cause competitive harm. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 828, 830, 834, 835, 880. |

| | | | |
|---|---|---|---|
| | "Cc" line"; page 10, email signature. | | |
| Exhibit 48 (Dkt. No. 1154-48) | Parts of page 1, first email, "From" line, "To" line, email signature, second email, "From" line, "To" line; page 2, first email, email signature, second email, "From" line, "To" line, email signature, third email, "From" line, "To" line; page 3, first email, email signature, second email "From" line, "To" line, third email, "To" line; page 4, email signature. | Meta | This text should be redacted because it reveals contact information for Meta employees and third parties. If the employee and third-party contact information were publicly disclosed, Meta's employees (and employees of the third party) may be inundated with harmful or irrelevant emails, which would disrupt their operations, and cause competitive harm. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 828, 830, 834, 835, 880. |
| Exhibit 49 (Dkt. No. 1154-49) | Parts of page 1, first email, "To" line, "CC" line, second email, "From" line, "To" line, "Cc" line; page 2, second email, "From" line, "To" line, "Cc" line, third email, line starting "On Wed, Apr 5, 2023"; page 3, first email, email signature, second email, "From" line, "To" line, "Cc" line, third email, line starting "On Wed, Apr 5, 2023"; page 4, first email, email signature, second email, "From" line, "To" line, "Cc" line; page 5, second email, line starting "On Fri, Mar 24, 2023"; page 6, first email, email signature, second email, "From" line, "To" line, "Cc" line; page 7, second email, line starting "On Thu, Mar 16, 2023," email | Meta | This text should be redacted because it reveals contact information for Meta employees and third parties. If the employee and third-party contact information were publicly disclosed, Meta's employees (and employees of the third party) may be inundated with harmful or irrelevant emails, which would disrupt their operations, and cause competitive harm. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 828, 830, 834, 835, 880. |

| | | |
|---|---|---|
| signature, third email, "From" line, "To" line, "Cc" line; page 8, second email, line starting "On Thu, Mar 16, 2023," email signature; page 9, second email, "From" line, "To" line, "Cc" line, third email, line starting "On Wed, Mar 15, 2023;" page 11, second email, line starting "On Thu, Mar 9, 2023, email signature; page 11, first email, "From" line, "To" line, "Cc" line, second email, line starting "On Fri, Mar 3"; page 12, first email, email signature, second email, "From" line, "To" line, "Cc" line; page 13, email signature; page 14, second email, "From" line, "To" line, "Cc" line, third email, line starting "On Mon, Feb 13, 2023, email signature; page 15, second email, "From" line, "To" line, "Cc" line; page 16, second email, line starting "On Thu, Feb 9, 2023"; page 17, first email, email signature, second email, "From" line, "To" line, "Cc" line,; page 19, second email, line starting "On Wed, Feb 8, 2023," email signature, third email, "From" line, "To" line; page 20, first email, email signature, second email, "From" line, "To" line, third email, line starting "On Fri, Jan 6, 2023;" page 21, first email, email signature, second email, "From" line, "To" line; page 22, second | | |

| | | | |
|---|---|---|---|
| | email, line starting "On Wed, Jan 4, 2023," email signature, third email, "From" line, "To" line. | | |
| Exhibit 51 (Dkt. No. 1154-50) | Parts of page 1, "From" line, "To" line, "BCC" line; page 2, email signature. | Meta | This text should be redacted because it reveals contact information for Meta employees. If this information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 828, 830, 834, 835, 880. |
| Exhibit 52 (Dkt. No. 1154-51) | Parts of page 1, "From" line, "To" line; page 9, email signature. | Meta | This text should be redacted because it reveals contact information for Meta employees. If this information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 828, 830, 834, 835, 880. |
| Exhibit 53 (Dkt. No. 1154-52) | Parts of page 1, paragraphs 2-11, 15-23, chart; page 2, chart; page 3, message 2, lines 3, 5; page 3, last message; page 4, messages 2-13; page 5, messages 1, 6-7, 15, 17; page 7, messages 1, 3-4, 6, 13-14; page 7, message 1, | Meta | This text should be redacted because it reveals specific, non-public information regarding Meta's proprietary integrity systems, confidential strategic issues analyzed by Meta as well as actions taken by Meta in connection with those analyses, and hyperlinks to non-public |

| | | | |
|---|---|---|---|
| | paragraphs 1-2, 6-14, 16-21; page 9, messages 1-2, 5, 7, 10, 12, 14, 19 | | documents.  If disclosed, this information would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems.  This Court and Judge DeMarchi have previously ordered this type of information to be sealed.  *See, e.g.*, Dkt. Nos. 157, 485, 515, 946-2, 953, 1030. |
| Exhibit 54 (Dkt. No. 1154-53) | Parts of page 1, chart; page 2, bullet points 1, 3, 5, 7, 9-10, 12-13, 15-19, 21, 23-24, 26, 28-29, 31; page 3, lines 3, 5 in the message from Aug 22 at 10:25 am; page 6, messages 6-7; page 7, message 1; page 8, messages 2-4, 6; page 11, message 1. | Meta | This text should be redacted because it reveals specific confidential strategic issues analyzed by Meta regarding Meta's proprietary integrity systems, as well as actions taken by Meta in connection with those analyses.  Meta would face competitive harm if this information were disclosed and allow bad actors to undermine the integrity of Meta's systems.  This Court and Judge DeMarchi have previously ordered this type of information to be sealed.  *See, e.g.*, Dkt. Nos. 485, 515. |
| Exhibit 55 (Dkt. No. 1154-54) | Parts of page 1, paragraphs 3-5; page 2, chart; page 3, bullet points 5-7; page 4, paragraphs 1-4, 6-8, 10-12; page 5, paragraphs 1, 3-4; page 6, chart; page 7, chart; page 8, paragraphs 3, 7-8; page 9, paragraph 3-10; page 10, paragraphs 2-6, 8. | Meta | This text should be redacted because it reveals specific confidential strategic issues analyzed by Meta, as well as actions taken by Meta in connection with those analyses, non-public revenue figures, and hyperlinks to non-public webpages.  Meta would face competitive harm if this information were disclosed.  This Court and Judge DeMarchi have previously ordered this type of information to be sealed.  *See, e.g.*, Dkt. Nos. 485, 515. |
| Exhibit 56 (Dkt. No. 1154-55) | Parts of page 2, first email, "From" line, "To" line, second email, "To" line, third email, "From" line, "To" line, fourth email, | Meta | This text should be redacted because it reveals contact information for Meta employees and specific confidential strategic issues analyzed by Meta as well as actions taken by |

| | | | |
|---|---|---|---|
| | "From" line, "To" line, fifth email "To" line; page 3, "From" line; page 3, paragraphs 5-7; page 4, chart, row 3; page 5, chart; page 6, chart, row 3 page 7, paragraphs 1, 7; page 8, paragraph 1; page 9, paragraph 2; page 15, paragraph 3, chart; page 16, chart; page 17, chart; page 18, chart, paragraphs 1, 7-8; page 21, chart; page 22, chart; page 26, chart; page 27, paragraphs 3, 7-8. | | Meta in connection with those analyses. Meta would face competitive harm if this information were disclosed. Further, if this information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 485, 515, 828, 830, 834, 835, 880. |
| Exhibit 57 (Dkt. No. 1154-56) | Parts of page 1, "To" line, messages 4-5, 8, 13, 15; page 2, messages 1-4. | Meta | This text should be redacted because it contains specific, non-public information about Meta's proprietary health-related integrity systems, contact information for Meta employees, and confidential strategic issues analyzed by Meta, as well as actions taken by Meta in connection with those analyses. If disclosed, this information would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Further, if this information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 157, 485, 515, 828, 830, 834, 835, 880, 946-2, 953, 1030. |

| | | | |
|---|---|---|---|
| Exhibit 58 (Dkt. No. 1154-57) | Sealed in full. | Meta | This Exhibit should be sealed in full because it contains specific, non-public information about Meta's proprietary data storage systems (including the names of specific Hive tables), specific confidential strategic issues analyzed by Meta as well as actions taken by Meta in connection with those analyses, and hyperlinks to confidential non-public webpages. If disclosed, this information would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 336, 330-5, 372, 485, 503, 509, 510, 515, 522, 703, 734, 1116, 1117. |
| Exhibit 59 (Dkt. No. 1154-58) | Sealed in full. | Meta | This Exhibit should be sealed in full because it reveals specific, non-public information regarding strategic issues analyzed by Meta, as well as actions taken by Meta in connection with those analyses. If disclosed, this information would competitively harm Meta. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 485, 515. |
| Exhibit 66 (Dkt. No. 1154-60) | Parts of page 198, lines 15, 21; errata, page 1, rows 9-11, 13-14, 16, 18, 21-22; errata, page 2, rows 2-3, 9, 14-17, 19-21, 24 | Meta | This text should be redacted because it reveals specific, non-public information regarding Meta's proprietary health-related integrity systems and data storage systems (including the names of specific Hive tables). If disclosed, this information would competitively harm Meta and allow bad actors to undermine |

| | | | |
|---|---|---|---|
| | | | the integrity of Meta's systems. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 157, 336, 339-5, 372, 503, 509, 510, 522, 703, 734, 880, 946-2, 953, 1030, 1116, 1117. |
| Exhibit 67 (Dkt. No. 1154-61) | Parts of page 91, lines 2-4, 8-10, 13-15, 19-20, 24-25; errata, page 4, rows, 7, 12 ; errata, page 17, rows 3-4, 8. | Meta | This text should be redacted because it reveals specific, non-public information regarding Meta's proprietary integrity systems, storage systems, and classification systems, including the names of classification models and parts of Meta's filters. If disclosed, this information would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 157, 336, 339-3, 350-6, 372, 703, 734, 880, 946-2, 953, 1030. |
| Exhibit 68 (Dkt. No. 1154-62) | Sealed in full. | Meta | This Exhibit should be sealed in full because it reveals specific, non-public information regarding Meta's proprietary data storage systems (including the name of a specific Hive table and fields and specific contents of a Hive table) and integrity systems. The text Exhibit should also be sealed in full because it reveals strategic issues analyzed by Meta, as well as actions taken by Meta in connection with those analyses, and hyperlinks to non-public webpages. If disclosed, this information would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. |

| | | | This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 157, 336, 339-5, 372, 485, 503, 509, 510, 515, 522, 703, 734, 880, 946-2, 953, 1030, 1116, 1117. |
|---|---|---|---|
| Exhibit 69 (Dkt. No. 1154-63) | Parts of page 1, first email, "To" line, "CC" line, second email, "From" line, "To" line, "Cc" line, paragraphs 2-5; page 2, second email, "From" line, "To" line, "Cc" line, email body, third email, "From" line, "To" line, "Cc" line, fourth email, "From" line, "To" line, "Cc" line; page 3, first email, "To" line; page 5, "From" line, "To" line, "Cc" line; page 7, second email, "From" line, "To" line, "Cc" line; page 8, second email, "From" line, "To" line, "Cc" line; page 12, "From" line, "To" line, "Cc" line; page 19, second email, "From" line; page 20, "To" line, "Cc" line; page 25, second email, "From" line, "To" line, "Cc" line; page 26, second email, "From" line, "To" line, "Cc" line; page 27, "Cc" line, paragraphs 4-5; page 28, email signature. | Meta | This text should be redacted because it reveals contact information for Meta employees and specific confidential strategic issues analyzed by Meta as well as actions taken by Meta in connection with those analyses. Meta would face competitive harm if this information were disclosed. Further, if this information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 485, 515, 828, 830, 834, 835, 880. |
| Exhibit 70 (Dkt. No. 1154-64) | Sealed in full. | Meta | This Exhibit should be sealed in full because it reveals specific, non-public information regarding Meta's proprietary integrity systems. If disclosed, this information would competitively harm Meta and allow bad actors to undermine |

| | | | |
|---|---|---|---|
| | | | the integrity of Meta's systems. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 157, 946-2, 953, 1030. |
| Exhibit 71 (Dkt. No. 1156-65) | Sealed in full. | Meta | This Exhibit should be sealed in full because it contains confidential communications with a government regulator made pursuant to a non-public investigation. If disclosed, this information would competitively harm Meta |
| Exhibit 84 (Dkt. No. 1154-75) | Parts of page 80, lines 8, 11-22, 24-25; page 81, lines 1-3, 5-6, 8, 11-13, 14-15, 17-19, 24-25; page 82, lines 4, 6-7, 21-22; page 83, line 1; page 84, line 15-16; page 141, lines 16-17, 19-23, 25; page 142, lines 1, 4, 16, 22-23; page 146, lines 24-25; page 147, lines 3-6, 7-9, 12-13, 16-19, 23, 25; page 148, lines 1-4, 7, 14-15; 22-24; page 149, lines 1-2, 5, 9, 23-24; errata, page 1, rows 19-27 | Meta | This text should be redacted because it reveals specific, non-public information regarding Meta's proprietary health-related integrity systems (including how the systems work and the tools they use), classification systems (including the name of one of the classification systems), and data storage systems (including the types of information Meta receives and stores). If disclosed, this information would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 157, 336, 339-3, 339-5, 350-6, 372, 503, 509, 510, 522, 703, 734, 880, 946-2, 953, 1030, 1116, 1117. |
| Exhibit 85 (Dkt. No. 1154-76) | Parts of page 1, "From" line, "To" line, messages 3, 6, 8-9. | Meta | This text should be redacted because it reveals contact information for Meta employees and specific confidential strategic issues analyzed by Meta as well as actions taken by Meta in connection with those analyses. Meta would face |

| | | | |
|---|---|---|---|
| | | | competitive harm if this information were disclosed. Further, if this information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations, and Meta would face competitive harm.   This Court and Judge DeMarchi have previously ordered this type of information to be sealed.  *See, e.g.*, Dkt. Nos. 485, 515, 828, 830, 834, 835, 880. |
| Exhibit 86 (Dkt. No. 1154-77) | Parts of page 1, first email, "From" line, email signature, second email, email signature; page 2, second email, "To" line, third email, line starting with "C," fourth email, "To" line; page 3, second email, line starting with "C"; page 4, second email, line starting with "Ad account ID," line starting with "Business Manager ID," line starting with "My phone number is," line starting with "C"; page 5, first email, line starting with "C". | Meta | This text should be redacted because it reveals specific, non-public information about an advertiser's Pixel and account with Meta, as well as contact information for Meta and third parties.  If the employee and third-party contact information were publicly disclosed, Meta's employees (and employees of the third party) may be inundated with harmful or irrelevant emails, which would disrupt their operations, and cause competitive harm.  This Court and Judge DeMarchi have previously ordered this type of information to be sealed.  *See, e.g.*, Dkt. Nos. 485, 515, 828, 830, 834, 835, 880. |

**GIBSON, DUNN & CRUTCHER LLP**

By:  */s/ Lauren R. Goldman*
     Lauren R. Goldman