Proposed Redacted Version of Exhibit 9 (Dkt. No. 1154-11)

# EXHIBIT 9

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*admitted pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*admitted pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:    (415) 393-8200
Facsimile:    (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc*.

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-03580-WHO (VKD)<br><br>CLASS ACTION<br><br>**DEFENDANT META PLATFORMS, INC.'S FIRST SET OF SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FOURTH SET OF INTERROGATORIES** |

**PROPOUNDING PARTY:  PLAINTIFFS**

**RESPONDING PARTY:    META PLATFORMS, INC.**

**SET NO.:    FOUR**

Defendant Meta Platforms, Inc. ("Meta"), by and through the undersigned attorneys, and pursuant to Federal Rules of Civil Procedure ("Federal Rules") 26 and 33, and the Civil Local Rules of the U.S. District for the Northern District of California ("Local Rules"), hereby provides the following supplemental responses and objections (the "Supplemental Responses") to Plaintiffs' Fourth Set of Interrogatories (each an "Interrogatory," and together, the "Interrogatories"), dated December 27, 2024.

Meta provides these Supplemental Responses subject to and without waiving the responses and objections contained in its initial responses dated January 27, 2025 ("Initial Response"). Meta likewise provides these Supplemental Responses subject to the Preliminary Statement, General Objections,

Objections to Definitions, and Objections to Instructions in its Initial Response and incorporates them by reference as if asserted herein.

### INTERROGATORIES

**INTERROGATORY NO. 15:**

Identify each source of Event-Level Data, ▉▉▉▉ Data, Crawled Data, or ▉▉▉▉▉▉▉▉ except data for SubscribedButtonClick events) that You preserved and continue to preserve in connection with any pending litigation or investigation relating to the Meta Pixel that required you to preserve data. Your answer to this Interrogatory should include the fields, tables, or other Data Organization you preserved, the standard retention period for each data source, and the earliest date for which You have data from each data source.

**RESPONSE TO INTERROGATORY NO. 15:**

Meta restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions identified in its Initial Response as though fully set forth in this Supplemental Response. Meta further objects to this Interrogatory on the following additional grounds:

(A) Meta objects to this Interrogatory on the grounds and to the extent it purports to request the identification and disclosure of any information, communication(s), or document(s) that were prepared in anticipation of litigation or in connection with any internal investigation conducted at the direction of counsel, constitute attorney work product, reveal privileged attorney-client communications, or are otherwise protected or immune from disclosure under any applicable privilege(s), law(s), or rule(s).

(B) Meta objects to this Interrogatory as vague and ambiguous in its use of the undefined terms and phrases "source," "preserved and continue to preserve," "pending litigation or investigation," and "required you to preserve data."

(C) Meta objects to this Interrogatory as overbroad and unduly burdensome in that it asks Meta to "[i]dentify each source of Event-Level Data, ▉▉▉▉ Data, Crawled Data, or ▉▉▉▉▉▉▉▉ preserved in connection with "any pending litigation or investigation," without limitation as to time, scope, relevance, or otherwise.

1  (D) Meta objects to this Interrogatory to the extent it seeks information that is irrelevant to the claims in, or defenses to, this action and is disproportionate to the needs of the case, including to the extent this Interrogatory seeks information that is wholly unrelated to this litigation and including to the extent this Interrogatory seeks information that does not relate to Healthcare Provider web-properties' transmission of allegedly sensitive health information to Meta and including to the extent this Interrogatory seeks the "standard retention period for each data source." Meta is not required to respond to Interrogatories that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong v. Alameda Cnty.*, 2020 WL 6460530, at *2 (N.D. Cal. Nov. 3, 2020); *C & C Jewelry Mfg., Inc. v. West*, 2011 WL 768642, at *1 (N.D. Cal. Feb. 28, 2011).

(E) Meta objects to this Interrogatory as argumentative to the extent it suggests Meta has or had an obligation to preserve information that is irrelevant to the claims in, or defenses to, this action.

(F) Meta objects to this Interrogatory to the extent it suggests that Meta has or had an obligation to preserve duplicative information.

(G) Meta objects to this Interrogatory as overbroad, unduly burdensome, and improper discovery on discovery in that it seeks "each source of Event-Level Data, ▇▇▇ Data, Crawled Data, or ▇▇▇▇▇ (except data for SubscribedButtonClick events) that You preserved and continue to preserve in connection with any pending litigation or investigation relating to the Meta Pixel." *See Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 566 (S.D. Cal. 2019) ("Discovery into another party's discovery process is disfavored." (internal citation omitted)); *Uschold v. Carriage Servs., Inc.*, No. 17CV04424JSWEDL, 2019 WL 8298261, at *4 (N.D. Cal. Jan. 22, 2019) ("[D]iscovery on discovery . . . is not permissible.").

(H) Meta objects that this Interrogatory embeds multiple discrete parts and sub-parts that count against the number of interrogatories permitted under Federal Rule of Civil Procedure 33(a)(1). In particular, this Interrogatory includes at least twenty-four discrete sub-parts (i.e., "each source" of preserved (1) "Event-Level Data," (2) "▇▇▇ Data," (3) "Crawled Data," and (4) ▇▇▇▇ every (5) "field[]," (6) "table[]," or (7) "other Data Organization" for each source of "Event-Level Data"; every (8) "field[]," (9) "table[]," or (10) "other Data Organization" for each source of ▇▇▇▇ every (11) "field[]," (12) "table[]," or (13) "other Data Organization" for each

source of "Crawled Data"; every (14) "field[]," (15) "table[]," or (16) "other Data Organization" for each source of ▇▇▇ the "standard retention period" for each source of (17) "Event-Level Data," (18) "▇▇▇ Data," (19) "Crawled Data," and (20) "▇▇▇ ▇▇▇ and the "earliest date for which You have data from each source" of (21) "Event-Level Data," (22) "▇▇▇ Data," (23) "Crawled Data," and (24) ▇▇▇ Meta objects that plaintiffs have already exceeded the number of interrogatories permitted under Federal Rule of Civil Procedure 33(a)(1).

(I) Meta objects to this Interrogatory to the extent it seeks information beyond that required by the Court's April 11, 2025 order. Meta is not required to respond to "discovery of every aspect of Meta's preservation efforts." Dkt. 969 at 8. Meta will only provide the information the Court ruled was permissible in the context of the parties' dispute regarding the deposition testimony sought by plaintiffs pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. *See id.* (stating Meta must provide "non-privileged information regarding the steps, if any, Meta took to preserve information about health classifications and inferences for websites, apps, class members, and their communications during the Class Period from the sources plaintiffs previously identified"). Meta will construe the terms "health classifications and inferences" and "the sources plaintiffs previously identified" to refer to the Hive tables and other data sources identified in plaintiffs' letters of January 13, 2025, January 22, 2025, and February 6, 2025.

(J) Meta objects to this Interrogatory under Rule 33(d) of the Federal Rules because it seeks information that is contained in documents that have been or are expected to be produced by Meta, and the burden of deriving or ascertaining the information from those documents will be substantially the same for plaintiffs as it would be for Meta.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows:

Meta has preserved a significant amount of data related to this matter, including ▇▇▇ of rows of data associated with the Pixel IDs that plaintiffs previously identified as relevant. Meta has already produced ▇▇▇ of rows and more than ▇▇▇ of data it preserved from the Relevant Time Period, including PIXEL_HEALTH000781416 through PIXEL_HEALTH000781615,

PIXEL_HEALTH0007818560 through PIXEL_HEALTH000798401, PIXEL_HEALTH000781848 through PIXEL_HEALTH000781855, PIXEL_HEALTH000885356, PIXEL_HEALTH_CWD0000001 through PIXEL_HEALTH_CWD0000001091, and PIXEL_HEALTH001184309 through PIXEL_HEALTH001184508. Meta has also already produced documents discussing the retention periods for third-party data. *See* PIXEL_HEALTH000150656, PIXEL_HEALTH000547064; PIXEL_HEALTH000864297; PIXEL_HEALTH000763462; PIXEL_HEALTH000873578. Meta incorporates by reference these documents pursuant to Rule 33(d) of the Federal Rules, as the burden of deriving or ascertaining the information sought by plaintiffs from these documents will be substantially the same for plaintiffs as it would be for Meta.

Meta previously identified the earliest dates for which Meta has classwide data for U.S. users from the six principal Hive tables Meta previously identified. Meta preserved data associated with the tables ▇▇▇▇ and ▇▇▇▇▇▇▇, and based on a reasonable investigation, the earliest date classwide data for U.S. users is available for these tables is July 2, 2022. Meta preserved data associated with the table ▇▇▇▇▇, and based on a reasonable investigation, the earliest date classwide data for U.S. users is available for this table is November 26, 2022. Meta preserved data associated with the table ▇▇▇▇ and based on a reasonable investigation, the earliest date classwide data for U.S. users is available for this table is February 25, 2022. Meta preserved data associated with the table ▇▇▇▇▇▇ and based on a reasonable investigation, the earliest date classwide data for U.S. users is available for this table is February 17, 2023. Meta preserved data associated with the table ▇▇▇▇, and based on a reasonable investigation, the earliest date classwide data for U.S. users is available for this table is March 30, 2022. Meta has made available for inspection its Source Code and configuration repositories, which includes Source Code and configuration files that indicate data retention periods and fields for each of the above tables. Meta has also produced the schemas for these tables: PIXEL_HEALTH000110510 ▇▇▇▇ PIXEL_HEALTH000487394 ▇▇▇▇▇▇; PIXEL_HEALTH000110512 ▇▇▇▇ PIXEL_HEALTH000624741 ▇▇▇; PIXEL_HEALTH000110508 ▇▇▇▇▇ and PIXEL_HEALTH000110502 ▇▇▇▇. Meta incorporates by reference these documents and its Source Code and configuration files made available to plaintiffs

pursuant to Rule 33(d) of the Federal Rules, as the burden of deriving or ascertaining the information sought by plaintiffs from the referenced documents and the Source Code will be substantially the same for plaintiffs as it would be for Meta.

Plaintiffs' letters of January 13, 2025, January 22, 2025, and February 6, 2025 listed certain Hive tables and data sources regarding which plaintiffs sought preservation information. Meta has preserved certain of the Hive tables included in those letters. Meta preserved data associated with the table ▮▮▮▮▮▮▮▮▮▮▮▮, and based on a reasonable investigation, the earliest date classwide data for U.S. users is available for this table is July 25, 2024. Meta preserved data associated with the table ▮▮▮▮▮▮▮▮ and based on a reasonable investigation, the earliest date classwide data for U.S. users for the Pixel IDs for which Meta preserved data (including those previously identified by plaintiffs on June 21, 2023) is available for this table is September 6, 2024. Meta preserved data associated with the table ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and based on a reasonable investigation, the earliest date classwide data for U.S. users is available for this table is December 20, 2024. Meta preserved data associated with the table ▮▮▮▮▮▮▮▮, and based on a reasonable investigation, the earliest date classwide data for U.S. users is available for this table is March 9, 2024. Meta has made available for inspection its Source Code and configuration repositories, which includes Source Code and configuration files that indicate data retention periods and fields for each of the above tables. Meta has also produced the schemas for these tables: PIXEL_HEALTH000487458 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; PIXEL_HEALTH000300958 ▮▮▮▮▮▮▮▮▮▮ PIXEL_HEALTH000735842 ▮▮▮▮▮▮▮▮▮▮▮▮▮ and PIXEL_HEALTH000487408 ▮▮▮▮▮▮▮▮▮ Meta incorporates by reference these documents and its Source Code and configuration files made available to plaintiffs pursuant to Rule 33(d) of the Federal Rules, as the burden of deriving or ascertaining the information sought by plaintiffs from the referenced documents and the Source Code will be substantially the same for plaintiffs as it would be for Meta.

Plaintiffs' January 22, 2025 letter also refers to a table named ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as a table regarding which plaintiffs sought preservation information. No such table appears to exist. To the extent plaintiffs intended to refer to the table

███████████████████████████████, Meta preserved data associated with that table, and based on a reasonable investigation, the earliest date classwide data for U.S. users is available for this table is August 7, 2024. Meta has made available for inspection its Source Code and configuration repositories, which includes Source Code and configuration files that indicate the data retention period and fields for this table. Meta has also produced the schema for this table: PIXEL_HEALTH000779470. Meta incorporates by reference this document and its Source Code and configuration files made available to plaintiffs pursuant to Rule 33(d) of the Federal Rules, as the burden of deriving or ascertaining the information sought by plaintiffs from the referenced document and the Source Code will be substantially the same for plaintiffs as it would be for Meta.

As Meta has previously explained, numerous tables within Hive contain overlapping or duplicative subsets of data reflecting the same events from the same entities, but many tables downstream from the six principal tables identified above offer permutations of the same events with only a small number of additional, appended fields. Therefore, some or all of the data stored in the tables identified in plaintiffs' letters may also be stored in other tables Meta preserved.

Based on a reasonable investigation, Meta has not preserved the following Hive tables identified in plaintiffs' letters of January 13, 2025, January 22, 2025, and February 6, 2025 beyond their standard retention periods within Meta's systems:[1] 



---

[1] The following tables listed in plaintiffs' letters appear not to exist: 



and ████████████████████████████████.

7

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Based on a reasonable investigation, Meta has not preserved the table ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ which appears to be empty and unused. Based on a reasonable investigation, the tables above do not contain relevant, unique data regarding "health classifications and inferences for websites, apps, class members, and their communications during the Class Period from the sources plaintiffs previously identified" (Dkt. 969 at 8) that would not be duplicative of or subsumed within the data in other tables or data sources that Meta has preserved. Meta has made available for inspection its Source Code and configuration repositories, which includes Source Code and configuration files that indicate data retention periods and fields for each of the above tables. Meta has also produced the schemas for many of these tables: PIXEL_HEALTH000735737 ▓▓▓▓▓ PIXEL_HEALTH000735843 ▓▓▓▓▓ PIXEL_HEALTH000735557 ▓▓▓▓▓ PIXEL_HEALTH000776162 ▓▓▓▓▓ PIXEL_HEALTH000779505 ▓▓▓▓▓ PIXEL_HEALTH000779463 ▓▓▓▓▓ PIXEL_HEALTH000779182 ▓▓▓▓▓ PIXEL_HEALTH000779431 ▓▓▓▓▓ PIXEL_HEALTH000779185 ▓▓▓▓▓ PIXEL_HEALTH000779437 ▓▓▓▓▓ PIXEL_HEALTH000781805 ▓▓▓▓▓; PIXEL_HEALTH000781833 ▓▓▓▓▓ PIXEL_HEALTH000779355 ▓▓▓▓▓ PIXEL_HEALTH000781718 ▓▓▓▓▓ and PIXEL_HEALTH000781764 ▓▓▓▓▓ Meta incorporates by reference these documents and its Source Code and configuration files made available to plaintiffs pursuant to Rule 33(d) of the Federal Rules, as the burden of deriving or ascertaining the information

sought by plaintiffs from the referenced documents and the Source Code will be substantially the same for plaintiffs as it would be for Meta.

Based on a reasonable investigation, Meta has not preserved the following ZippyDB use cases identified in plaintiffs' letters of January 13, 2025, January 22, 2025, and February 6, 2025 beyond their standard retention periods within Meta's systems:[2] ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ and ███████████████. Meta did not preserve these ZippyDB use cases because Meta determined based on a reasonable investigation that it would have been unduly burdensome to do so. Nonetheless, based on an agreement between the parties, Meta produced exemplar data from ZippyDB at PIXEL_HEALTH001151446 through PIXEL_HEALTH001161443, and PIXEL_HEALTH001228455 through PIXEL_HEALTH001238454. Meta incorporates by reference these documents pursuant to Rule 33(d) of the Federal Rules, as the burden of deriving or ascertaining the information sought by plaintiffs from these documents will be substantially the same for plaintiffs as it would be for Meta. As Meta has previously explained, ZippyDB use cases ███████████████ ███████████████. Meta has made available for inspection its Source Code and configuration repositories, which includes Source Code and configuration files that indicate data retention periods for each of the above use cases and additional information concerning the structure of values within ZippyDB. Meta incorporates by reference its

---

[2] The following ZippyDB use cases listed in plaintiffs' letters appear not to exist: ███████████████ ███████████████.

Source Code and configuration files made available to plaintiffs pursuant to Rule 33(d) of the Federal Rules, as the burden of deriving or ascertaining the information sought by plaintiffs from the Source Code will be substantially the same for plaintiffs as it would be for Meta.

Based on a reasonable investigation, Meta has not preserved the following Up2X categories identified in plaintiffs' letters of January 13, 2025, January 22, 2025, and February 6, 2025 beyond their standard retention periods within Meta's systems:[3] ████████

████████████████████████████████

---

[3] The following Up2X categories listed in plaintiffs' letters appear not to exist: ████████████████████ and ████████████████████.

1  ███████████████████████████        ████████████████████████████
2  ███████████████████████; and ████████████████ Meta did not preserve these Up2X
3  categories because Meta determined based on a reasonable investigation that it would have been unduly
4  burdensome to do so. Nonetheless, based on an agreement between the parties, Meta produced
5  exemplar data from Up2X at PIXEL_HEALTH000955135 through PIXEL_HEALTH001151445, and
6  PIXEL_HEALTH001255217 through PIXEL_HEALTH001284005. Meta incorporates by reference
7  these documents pursuant to Rule 33(d) of the Federal Rules, as the burden of deriving or ascertaining
8  the information sought by plaintiffs from these documents will be substantially the same for plaintiffs
9  as it would be for Meta. As Meta has previously explained, Up2X categories only have ████████:
10  ████████████ to the extent one could consider them to be ████████. Meta has made available
11  for inspection its Source Code and configuration repositories, which includes Source Code and
12  configuration files that indicate data retention periods for each of the above categories and additional
13  information concerning the structure of values within Up2X. Meta incorporates by reference its Source
14  Code and configuration files made available to plaintiffs pursuant to Rule 33(d) of the Federal Rules,
15  as the burden of deriving or ascertaining the information sought by plaintiffs from the Source Code
16  will be substantially the same for plaintiffs as it would be for Meta.

17  Meta reserves the right to supplement its objections and response to this Interrogatory.

18  **INTERROGATORY NO. 16:**

19  Identify any litigation hold(s) or other steps you took to preserve Event-Level Data, ████████
20  Data, Crawled Data, or ████████████████ (except data for SubscribedButtonClick events) in
21  connection with any pending litigation or investigation relating to the Meta Pixel that required you to
22  preserve data. Your answer to this Interrogatory should include (i) the date(s) Meta issued any litigation
23  hold(s) or took steps to preserve data; (ii) the Meta employees who received the litigation hold(s) or
24  other communications instructing them to preserve data; (iii) the data sources and tables, fields, or other
25  Data Organization Meta employees were instructed to preserve; and (iv) the specific actions Meta
26  employees were instructed to take to effectuate the litigation hold(s).

27  **RESPONSE TO INTERROGATORY NO. 16:**

28  Meta restates and incorporates its Preliminary Statement, General Objections, Objections to

Definitions, and Objections to Instructions identified in its Initial Response as though fully set forth in this Supplemental Response. Meta further objects to this Interrogatory on the following additional grounds:

(A) Meta objects to this Interrogatory on the grounds and to the extent it purports to request the identification and disclosure of any information, communication(s), or document(s) that were prepared in anticipation of litigation or in connection with any internal investigation conducted at the direction of counsel, constitute attorney work product, reveal privileged attorney-client communications, or are otherwise protected or immune from disclosure under any applicable privilege(s), law(s), or rule(s). *See* Order re March 21, 2025 Discovery Dispute, *E.H. v. Meta Platforms, Inc.*, No. 23-cv-04784-WHO (VKD) (N.D. Cal. Mar. 31, 2025).

(B) Meta objects to this Interrogatory as vague and ambiguous in its use of the undefined phrases "other steps," "any pending litigation or investigation," "required you to preserve data," "steps to preserve data," "other communications," and "effectuate the litigation hold(s)."

(C) Meta objects to this Interrogatory as overbroad and unduly burdensome in that it asks Meta to "[i]dentify any litigation hold(s) or other steps you took to preserve Event-Level Data, ▮▮▮ Data, Crawled Data, or ▮▮▮ (except data for SubscribedButtonClick events) in connection with any pending litigation or investigation relating to the Meta Pixel that required you to preserve data," without limitation as to time, scope, relevance, or otherwise. *See* Order re March 21, 2025 Discovery Dispute, *E.H. v. Meta Platforms, Inc.*, No. 23-cv-04784-WHO (VKD) (N.D. Cal. Mar. 31, 2025).

(D) Meta objects to this Interrogatory to the extent it seeks information that is irrelevant to the claims in, or defenses to, this action and is disproportionate to the needs of the case, including to the extent this Interrogatory seeks information that is wholly unrelated to this litigation and including to the extent this Interrogatory seeks information that does not relate to Healthcare Provider web-properties' transmission of allegedly sensitive health information to Meta. Meta is not required to respond to Interrogatories that seek information that is not relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see Wong v. Alameda Cnty.*, 2020 WL 6460530, at *2 (N.D. Cal. Nov. 3, 2020); *C & C Jewelry Mfg., Inc. v. West*, 2011 WL 768642, at *1 (N.D. Cal. Feb. 28, 2011); Order re

March 21, 2025 Discovery Dispute, *E.H. v. Meta Platforms, Inc.*, No. 23-cv-04784-WHO (VKD) (N.D. Cal. Mar. 31, 2025).

(E) Meta objects to this Interrogatory as argumentative to the extent it suggests Meta has or had an obligation to preserve information that is irrelevant to the claims in, or defenses to, this action.

(F) Meta objects to this Interrogatory as overbroad, unduly burdensome, and improper discovery on discovery in that it asks Meta to "[i]dentify any litigation hold(s) or other steps you took to preserve Event-Level Data, ▮▮▮▮ Data, Crawled Data, or ▮▮▮▮▮▮▮▮▮▮▮ except data for SubscribedButtonClick events) in connection with any pending litigation or investigation relating to the Meta Pixel that required you to preserve data." *See Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 566 (S.D. Cal. 2019) ("Discovery into another party's discovery process is disfavored." (internal citation omitted)); *Uschold v. Carriage Servs., Inc.*, No. 17CV04424JSWEDL, 2019 WL 8298261, at *4 (N.D. Cal. Jan. 22, 2019) ("[D]iscovery on discovery . . . is not permissible."); Order re March 21, 2025 Discovery Dispute, *E.H. v. Meta Platforms, Inc.*, No. 23-cv-04784-WHO (VKD) (N.D. Cal. Mar. 31, 2025).

(G) Meta objects that this Interrogatory embeds multiple discrete parts and sub-parts that count against the number of interrogatories permitted under Federal Rule of Civil Procedure 33(a)(1). In particular, this Interrogatory includes at least fourteen discrete sub-parts (i.e., (1) the "dates" of, (2) the "employees who received," the (3) data sources, (4) tables, (5) fields, and (6) other Data Organization, included in, and (7) the specific actions required by any "litigation hold(s)"; and (8) the "dates" of, (9) the "employees who received," the (10) data sources, (11) tables, (12) fields, and (13) other Data Organization, included in, and (14) the specific actions required by any "other steps" or "other communications instructing [employees] to preserve data"). Meta objects that plaintiffs have already exceeded the number of interrogatories permitted under Federal Rule of Civil Procedure 33(a)(1).

(H) Meta objects to this Interrogatory to the extent it seeks information beyond that required by the Court's April 11, 2025 order. Meta is not required to respond to "discovery of every aspect of Meta's preservation efforts." Dkt. 969 at 8. Meta will only provide the information the Court ruled was permissible in the context of the parties' dispute regarding deposition testimony sought by

plaintiffs pursuant to Rule 30(b)(6) of the Federal Rules Of Civil Procedure. *See id.* (stating Meta must provide "non-privileged information regarding the steps, if any, Meta took to preserve information about health classifications and inferences for websites, apps, class members, and their communications during the Class Period from the sources plaintiffs previously identified"). Meta will construe the terms "health classifications and inferences" and "the sources plaintiffs previously identified" to refer to the Hive tables and other data sources identified in plaintiffs' letters of January 13, 2025, January 22, 2025, and February 6, 2025.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Meta responds as follows with regard to the tables and data sources identified as having been preserved in Meta's supplemental response to Interrogatory No. 15 above:

Meta's preservation efforts in this case have been diligent, extensive, and ongoing. As Meta has previously explained, including in the Declaration Of Qiwen ("Carrol") Xia In Support Of Meta's Opposition To Plaintiffs' Motion For Sanctions, Dkt. 799-2, Meta's data warehouse (called "Hive") consists of millions of individual data tables. It is not uncommon for data in different tables to overlap in full or in significant part. Business Tool data may be logged in some form in hundreds or thousands of individual tables, which could overlap in substantial part. In addition, Meta's data systems are dynamic. Individual tables can change at any time—data fields can be added, removed, or renamed; the data those fields contain can change; and tables can be created, combined, or discontinued as Meta's business evolves.

Ascertaining which tables and fields have unique, potentially relevant data at a specific point in time is an iterative and time-consuming process—and often requires the input of engineers who can interpret source code. Because of the volume of tables at Meta, it is often time consuming to understand what a particular table does and whether the table has unique data not available elsewhere. Each table in Hive has an individual retention period that dictates how long such data stays in Meta's systems in the ordinary course. That retention period can be infinite or very short, depending on the purpose and contents of the table and/or regulatory requirements. Because the identification of tables for preservation takes time, data may fall out of retention during the process described above.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Once tables are determined to contain potentially relevant and non-duplicative data, it may be possible for Meta to place them on legal hold in full. However, the feasibility of that approach will depend on the type of data contained within the table, the volume of data contained in the table, and how quickly it is growing. The size of certain tables at Meta can be extraordinary and/or can grow at extremely fast rates, such that placing them on hold could cause them to grow so large as to be disproportionately burdensome to preserve over the life of the matter, due to storage space and other limitations.

A partial solution to table preservation obstacles is to build what is called a "pipeline," which in this context means that a Meta engineer or data scientist writes code to assist with extracting only certain data—which counsel has identified as potentially relevant to litigation—from an existing table to create a new table that contains only that data. When Meta builds a pipeline in the ordinary course, the pipeline will often populate data as it comes in on a going-forward basis, as the source receives data. But if Meta wants to capture historical data, it must perform a second process called a "backfill." A backfill involves running the pipeline over a designated historical date period, which may depend on the table's retention setting. While backfilling allows Meta to capture historical data still within the retention period, it requires additional time and resources to accomplish. Building a pipeline and backfilling to capture historical data can take weeks or months to complete, depending on the size of the table and the amount of storage, compute, and human resources available.

Before the first complaint in this litigation was filed, Meta had already completed a preservation pipeline containing all United States data from a table called ▆▆▆▆▆▆▆▆. This pipeline was originally built to effectuate preservation measures unrelated to claims in this case.

Similarly, before this case was filed, Meta placed on hold in its entirety a principal table related to offsite app event data called ▆▆▆▆▆▆.

After further investigation, on September 29, 2022, Meta placed on hold two more voluminous tables in their entirety: ▆▆▆▆▆▆ and a companion table called ▆▆▆▆▆▆▆▆.

In January 2023, Meta determined that the tables called ▆▆▆▆▆▆s and ▆▆▆▆▆▆▆▆ potentially contained additional Pixel data related to button clicks. Meta

therefore began the process of pipelining and backfilling those tables in January 2023, and it completed those efforts on February 23, 2023.

In August 2024, Meta determined that the table called ▓▓▓▓▓▓▓▓▓ potentially contained unique, relevant data. Meta therefore began the process of pipelining and backfilling that table in August 2024, and it completed those efforts on October 11, 2024.

After further investigation, on August 23, 2024, Meta placed on hold a table called ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in its entirety.

After further investigation, on September 6, 2024, Meta placed on hold a table called ▓▓▓▓▓▓▓▓ in its entirety.

After further investigation, on September 20, 2024, Meta placed on hold a table called ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in its entirety.

After further investigation, on March 19, 2025, Meta placed on hold a table called ▓▓▓▓▓▓▓▓▓▓▓ in its entirety.

Meta incorporates by reference the Declaration Of Qiwen ("Carrol") Xia In Support Of Meta's Opposition To Plaintiffs' Motion For Sanctions, Dkt. 799-2, pursuant to Rule 33(d) of the Federal Rules, as the burden of deriving or ascertaining the information sought by plaintiffs from this document will be substantially the same for plaintiffs as it would be for Meta.

DATED: May 28, 2025

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Lauren R. Goldman*
Lauren R. Goldman (*pro hac vice*)

*Attorneys for Defendant Meta Platforms, Inc.*

Gibson, Dunn &
Crutcher LLP

**VERIFICATION**

I, Qiwen ("Carrol") Xia, a Senior Data Scientist at Meta Platforms, Inc. ("Meta"), am authorized to make this Verification on behalf of Meta. I have read Meta's foregoing First Set of Supplemental Responses and Objections to Plaintiffs' Fourth Set of Interrogatories. The responses were prepared by Meta's counsel with assistance from Meta's employees. My understanding is that these responses and information are based on records and information currently available. To the extent I do not have personal knowledge, I have relied on others to gather the information. Subject to the foregoing, in accordance with 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the factual information provided in the foregoing First Set of Supplemental Responses and Objections to Plaintiffs' Fourth Set Interrogatories are true and correct based upon a reasonable inquiry at this time made by Meta.

Executed on May 28, 2025

Signed by:
Qiwen Xia
A705EDF159D44F1...