# Proposed Redacted Version of Exhibit 53 (Dkt. No. 1154-52)

# EXHIBIT 53

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# [A/C Priv] Risk Mitigation for Business Tools Terms Policy Issues

## Background

We're facing scrutiny from policymakers, regulators, and the press around (1) the types of apps that can use our business tools and (2) the data those apps can send us through the business tools. This scrutiny will only intensify when we launch Off-Facebook Activity (f/k/a Clear History) later this year. To address the scrutiny, we need to address two problems in the near term. We need to:



## 1. Who can use the business tools? And how can we keep prohibited apps from using them?

### Problem

Cambridge Analytica and its aftermath made it clear that policymakers and regulators believe that we're responsible for the practices of the companies that use our business tools. We've done a lot of work over the past year to limit the data available through our APIs and to enforce our Platform Policy against developers that misuse the data they receive from us. What we haven't done, however, is

### How we're addressing

We've already identified categories of apps that we want to prohibit from using the business tools altogether. These categories generally map to the Community Standards provisions around content that's not allowed on Facebook and Instagram. Business Integrity Ops is

### What does success look like?

Success will be

- Shortest Term (~ 1 month):
  - Success will be measured by
- Medium Term (~ 9 months):
  - We will be successful if we
- Long Term (~ 12 months):
  - We will be successful if

## 2. how can we better enforce our terms' prohibition against sending us "SEnsitive" Data?

### Problem

Coming out of February's WSJ article, we've heard concerns about the potential for apps to send us "sensitive data" — particularly data about health. In response to this concern, we've cited our terms' prohibition against using the business tools to send sensitive data. The terms are helpful, but we're being criticized for not doing enough to enforce them, with regulators largely focusing on the free text that developers/advertisers can send us.

Our enforcement practices today consist of attempting to detect and remove certain structured identifiers (like SSNs), but this enforcement isn't responsive to the kinds of concerns we're hearing, **which largely relate to Facebook's receipt of data that could indicate a person's health status.**

The policymakers and regulators we've met with are most concerned with Facebook's ability to learn sensitive information about people — i.e., for sensitive information to get associated with a person's profile. **These concerns exist regardless of whether the person sees ads or other content because we've received this information; the fact that we "know" the information is the cause for concern.**

\*\*Please note: we're not currently being asked to stop letting apps that deal with sensitive topics (like health) from advertising on FB or using tools like FB Analytics. Just because an app may deal with a topic like health does not mean that all signals we receive from the apps constitute "sensitive data" within the meaning of our terms. That said, we do believe  There's a general acceptance that where we're just using data to reflect it back to a FB Analytics user, that's cause for less concern. Same with using data the app sent us to run ads for that app (e.g., against a mobile app event custom audience).

To get ahead of these concerns, we're asking BIOps — as part of the review described above — to

We're calling these                because, eventually,
For now, however, we are proposing to focus on                                                That
and it more clearly implicates our enforcement

### How we're addressing

At a minimum, better enforcement means                                         ). In the eyes of agencies investigating us, ingestion

### What does success look like?

- Shortest term (~2 weeks): Being able to
  - We'll know whether we've been successful by 
- Short term (~1 month): Beginning to action on a the plan to
- Long term (~6 months): Being able to
  - We'll know that we've been successful if we're able to 





Contact Support

## Conversation History

Quipbot#23 left the thread *Sep 12 at 3:41 pm*

Quipbot#23 *Sep 12 at 3:36 pm*

=====IMPORTANT=====

This Quip file has been copied to Google Workspace (https://docs.google.com/document...) as part of the Quip2Google migration efforts.
Quip is moving to **Read-Only**. Please work in the new Google file moving forward.

Learn more

[REDACTED]ps...

Questions?

Visit the Quip2Google Migration Feedback Group [REDACTED]

Note

New edits in this Quip file will NOT be automatically synced to Google Workspace.

Quipbot#23 added Quipbot#23 to the thread *Sep 12 at 3:41 pm*

Quipbot#23 added you to a document *Sep 12 at 3:36 pm*

**Deepali Tamhane** opened your conversation with Adam Shajnfeld, Nadir Joshua, Victor Zhu, Jon Eide, Elena Krasnoperova, Amol Goyal, Chinmay Karande, Kaaren Hansen, Mary Ku, Dan Levy, Anjali Dahiya, Susan Cooper, Ami Vora, Michael Levinson, Zach Okun, Graham Mudd, David Sasaki, Rachel Hamilton, Edward Esslemont, Charlotte Narvaez, Damien Wint, Yura Kostiukevych, Ning Li, Nazneen Mehta, Emile Litvak, Erjie Ang, Yi Tang, Aparna Rangarajan, Suzanne Cugley, Bruce Lee, Jamie Wells, Amee Kamdar, Roshane Silva, Hiral Parekh, Vandana Mohan, Peng Fan, Rob Goldman, Steve Satterfield, Ani Surumpudi, Raghu Malpani, KeeKim Heng, Fausto Ibarra and Liang Xu *Jun 16, 2020 at 2:18 am*

**Hiral Parekh** opened your conversation with Adam Shajnfeld, Nadir Joshua, Victor Zhu, Jon Eide, Elena Krasnoperova, Amol Goyal, Chinmay Karande, Kaaren Hansen, Mary Ku, Dan Levy, Anjali Dahiya, Deepali Tamhane, Susan Cooper, Ami Vora, Michael Levinson, Zach Okun, Graham Mudd, David Sasaki, Rachel Hamilton, Edward Esslemont, Charlotte Narvaez, Damien Wint, Yura Kostiukevych, Ning Li, Nazneen Mehta, Emile Litvak, Erjie Ang, Yi Tang, Aparna Rangarajan, Suzanne Cugley, Bruce Lee, Jamie Wells, Amee Kamdar, Roshane Silva, Vandana Mohan, Peng Fan, Rob Goldman, Steve Satterfield, Ani Surumpudi, Raghu Malpani, KeeKim Heng, Fausto Ibarra and Liang Xu *Jun 26, 2019 at 1:15 am*

**Charlotte Narvaez** added the document to the folder Signals - Ads Leadership (ALT) Updates - A/C Priv *Jun 26, 2019 at 11:59 pm*

**Charlotte Narvaez** enabled link sharing - View/Edit *Jun 26, 2019 at 12:04 am*

**Roshane Silva** opened your conversation with Adam Shajnfeld, Nadir Joshua, Victor Zhu, Jon Eide, Elena Krasnoperova, Amol Goyal, Chinmay Karande, Kaaren Hansen, Mary Ku, Dan Levy, Anjali Dahiya, Deepali Tamhane, Susan Cooper, Ami Vora, Michael Levinson, Zach Okun, Graham Mudd, David Sasaki, Rachel Hamilton, Edward Esslemont, Charlotte Narvaez, Damien Wint, Yura Kostiukevych, Ning Li, Nazneen Mehta, Emile Litvak, Erjie Ang, Yi Tang, Aparna Rangarajan, Suzanne Cugley, Bruce Lee, Jamie Wells, Amee Kamdar, Hiral Parekh, Vandana Mohan, Peng Fan, Rob Goldman, Steve Satterfield, Ani Surumpudi, Raghu Malpani, KeeKim Heng, Fausto Ibarra and Liang Xu *Jun 25, 2019 at 11:58 pm*

**Charlotte Narvaez** *Jun 25, 2019 at 11:57 pm*

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added you to a document *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez added the document to the folder Signals - Ads Leadership (ALT) Updates - A/C Priv *Jan 25, 2019 at 11:57 pm*

Charlotte Narvaez renamed [A/C Priv] Risk Mitigation for Business Tools Issues to [A/C Priv] Risk Mitigation for Business Tools Terms Policy Issues *May 8, 2019 at 6:10 pm*

Damien Wint *May 8, 2019 at 5:41pm*
**Redacted - Privileged**  Steve

Damien Wint edited *May 8, 2019 at 5:52 pm*

# Redacted - Privileged

Suzanne Cugley edited *May 8, 2019 at 5:19 pm*
We've already identified [REDACTED]
○ Success will be measured by [REDACTED]

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

PIXEL_HEALTH001162831

Aparna Rangarajan edited *May 8, 2019 at 4:55 pm*

**Charlotte Narvaez** *May 8, 2019 at 4:20 pm*

If an advertiser can use our products then they will have signals in some form. This sentence can be removed or modified. Suggestion: "Signals ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓"

**Charlotte Narvaez** edited *May 8, 2019 at 6:05 pm*

## [A/C Priv] Risk Mitigation for Business Tools Terms Policy Issues

1. Who can use the business tools? And how can we keep prohibited apps from using them?

2. how can we better enforce our terms' prohibition against sending us "SEnsitive" Data?

We're calling the ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓. For now, however, we should are proposing t▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**Anjali Dahiya** edited *May 8, 2019 at 1:26 am*

- Success will be measured by ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
- Success: We will be ability to successful if we ca▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓

**Suzanne Cugley** edited *May 8, 2019 at 12:07 am*

- Shortest Term (~ 1 month) ▓▓▓▓▓▓▓▓▓▓▓
  - Success will be measured by ▓▓▓▓▓▓▓

**Anjali Dahiya** edited *May 7, 2019 at 11:56 pm*

- Success will be ability to ▓▓▓▓▓▓▓▓▓
- We wil be successful if we ▓▓▓▓▓▓▓
- Long Term (~ 12 months) ▓▓▓▓▓▓▓▓▓

**Suzanne Cugley** edited *May 7, 2019 at 11:52 pm*

- Long Term (~ 12 months) ▓▓▓▓▓▓▓▓▓

**Anjali Dahiya** *May 7, 2019 at 11:48 pm*

Aparna, does this option have the same concerns ▓▓▓▓▓

**Anjali Dahiya** *May 7, 2019 at 10:38 pm*

Suzanne, this success seems the same as the next. This may be ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ What do you think?

**Anjali Dahiya** edited *May 7, 2019 at 11:46 pm*

- Shortest Term (~ 1 month): ▓▓▓▓▓▓▓
  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
  - Success will mean that prohibited sources with the greatest user reach will be reviewed and actioned.
- Medium Term (~ 9 months): ▓▓▓▓▓▓▓
  - Success will be ▓▓▓▓▓▓▓▓▓
- Long Term (12 (~ 12 months ▓▓▓▓▓▓▓▓

"Please note we're ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**Suzanne Cugley** edited *May 7, 2019 at 10:07 pm*

- Success will be ▓▓▓▓▓▓▓▓
- Long Term (12 months) ▓▓▓▓▓▓▓
  - Success will be ▓▓▓▓▓▓▓

**Aparna Rangarajan** edited *May 7, 2019 at 10:04 pm*

<Aparna's edit>

- Shortest term (~2 weeks): ▓▓▓▓▓▓▓▓
  - How would we know this is a win?
- Short term (~1 month) ▓▓▓▓▓▓
- Long term (~6 months) ▓▓▓▓▓▓▓

*Suzanne Cugley*

**Suzanne Cugley** edited *May 7, 2019 at 10:03 pm*

- Success will mean that ▓▓▓▓▓▓▓▓
- Medium Term (~
- 6
- 9 months): ▓▓▓▓▓▓▓▓▓
- Short Term (~ 1 month) ▓▓▓▓▓▓▓
  - Success would be ▓▓▓▓▓▓
- Longest Term (~ ??) ▓▓▓▓▓▓
  - Success will be ▓▓▓▓▓▓
- Long Term (12 months) ▓▓▓▓▓▓



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Separately, [redacted] Do you think "more precise" works?

**Anjali Dahiya** *May 7, 2019 at 2:03 am*

Suzanne, I don't know if this timing is correct, so please advise, but I do think our next step is determining this process, right?

**Anjali Dahiya** *May 7, 2019 at 2:01 am*

Suzanne, [redacted]

**Anjali Dahiya** edited *May 7, 2019 at 2:08 am*

- accurately Shortest Term (~ 5 weeks): [redacted]
- [redacted]
- Short Term (~ 1 month) [redacted]
- Medium Term (~ 6 months): [redacted]
- removal Long Term (~ 8 months) [redacted]
- accurate Longest Term (~ ??): [redacted]

**Suzanne Cugley** *May 7, 2019 at 1:44 am*

Anjali Dahiya this may be duplicative?

**Suzanne Cugley** edited *May 7, 2019 at 1:54 am*
Success will be
- [redacted]
- [redacted]
- [redacted]
- [redacted]
- [redacted]

**Suzanne Cugley** opened your conversation with Adam Shajsfeld, Nadir Joshua, Victor Zhu, Jon Elde, Elena Krasnoperova, Amol Goyal, Chinmay Karande, Kasren Hansen, Mary Ku, Dan Levy, Anjali Dahiya, Deepali Tamhane, Susan Cooper, Ami Vora, Michael Levinson, Zach Okun, Graram Mudd, David Sasaki, Rachel Hamilton, Edward Esslemont, Charlotte Narvaez, Damien Wint, Yura Kostiskevych, Ning Li, Nazneen Mehta, Emile Litvak, Enjie Ang, Yi Tang, Aparna Rangarajan, Bruce Lee, Jamie Wells, Ameer Kamdar, Roshane Silva, Hiral Parekh, Vandana Mohan, Peng Fan, Rob Goldman, Steve Satterfield, Ani Sarumpaedi, Raghu Malpani, KeeKim Heng, Pausto Ibarra and Liang Xu
*May 7, 2019 at 1:30 am*

**Anjali Dahiya** *May 7, 2019 at 1:16 am*

Suzanne, this is our problem statement doc re the three workstreams that will go to ALT. We are including a short blurb on prohibited data - can you fill in this one section? Thank you!

**Anjali Dahiya** added Suzanne Cugley to the thread *May 7, 2019 at 1:11 am*

**Anjali Dahiya** added you to a document *May 7, 2019 at 1:06 am*

**Anjali Dahiya** *May 7, 2019 at 12:47 am*

Aparna, that is fine with me. Product should revise and fill out as well.

**Anjali Dahiya** *May 7, 2019 at 12:38 am*

Should we be more specific? I.e., Being able to demonstrate "with an actionable plan and estimated timeline.. that we are committed...."
I'd like to demonstrate that we have this in play - we aren't just starting now.

**Anjali Dahiya** *May 7, 2019 at 12:25 am*

I think we should reflect back to the above point that the concern is [redacted]

Suggested: [redacted]

**Anjali Dahiya** edited *May 7, 2019 at 1:06 am*
Our enforcement practices today today consist of attempting to detect and remove certain structured identifiers (like SSNs), but this enforcement isn't responsive to the kinds of concerns we're hearing, **which largely relate to Facebook's receipt of data that could indicate a person's health status.**
**Please note we're not currently being asked to stop letting apps that deal with sensitive topics (like health) from advertising on FB or using...** [redacted]

We're calling these [redacted] For now, however, we should focus on the [redacted]

- Shortest term (~2 weeks): [redacted]
- [redacted] (...ist here: ?)

**Steve Satterfield** renamed [A/C Priv] Problem Statement for Sensitive Data Work to [A/C Priv] Risk Mitigation for Business Tools Issues
*May 6, 2019 at 2:37 pm*

**Steve Satterfield** edited *May 6, 2019 at 2:37 pm*

## [A/C Priv] Problem Statement Risk Mitigation for Sensitive Data Work Business Tools Issues

### Background

: Concerns from Policymakers/Regulators About Enforcement of Business Tools Terms Re: "Sensitive Data"

We're facing scrutiny from policymakers, regulators, and the press around (1) the types of apps that can use our business tools and (2) the data that third parties those apps can send us through the business tools. This scrutiny will only intensify when we launch Off-Facebook Activity (f/k/a Clear History History) later this year. To address the scrutiny, we need to address two problems in the near term. We need to:

1. Determine who can use the business tools and how to keep prohibited apps and sites from using them.
2. Determine how we can better enforce the Business Tools Terms' prohibition against sending us sensitive data.

**Who can use the business tools? And how can we keep prohibited apps from using them?**

Problem

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY                                                                                    PIXEL_HEALTH001162834

[text largely redacted]

### How we're addressing

[redacted]

*What does success look like?*

Suzanne Cagley

**how can we better enforce our terms' prohibition against sending us "SEnsitive" Data?**

Problem

The principal concern we're hearing is Coming out of February's WSJ article, we've heard concerns about the potential for apps to send us "sensitive data" — particularly data about health. In response to this concern, we've pointed out that cited our terms prohibit companies terms' prohibition against using the business tools from sending us to send sensitive data. The terms are helpful, but we're being criticized for not doing enough to enforce them, with regulators largely focusing on the free text that developers/advertisers can send us. Our enforcement practices today today consist of attempting to detect and remove certain structured identifiers (like SSNs), but this enforcement isn't responsive to the kinds of concerns we're hearing, which largely relate to Facebook's receipt of free-text signals that could indicate a person's health status.

Our enforcement practices today today consist of attempting to detect and remove certain structured identifiers (like SSNs), but this enforcement isn't responsive to the kinds of concerns we're hearing, **which largely relate to Facebook's receipt of data that could indicate a person's health status.**

The policymakers and regulators we've met with are most concerned with Facebook's ability to **learn** sensitive information about people — i.e., for sensitive information to get associated with a person's profile. **These concerns exist regardless of whether the person sees ads or other content because we've received this information; the fact that we "know" the information is the cause for concern.**

\*\*Please note we're **not currently** being asked to stop letting **apps that deal with sensitive topics (like health) from advertising on FB or using tools like FB Analytics**. Just because an app may deal with a topic like health does not mean that all signals we receive from the apps constitute "sensitive data" within the meaning of our terms. That said, we do believe [redacted] Policymakers and regulators seem moderately comfortable with Facebook acting as a service provider to apps and websites that use our tools — that is, as a company that uses the data we receive on behalf of the company that sent it (and not for our own purposes). There's a general acceptance that where we're just using data to reflect it back to a FB Analytics user, that's cause for less concern. Same with using data the app sent us to run ads for that app (e.g., as a custom audience). Where things become concerning is [redacted]

To get ahead of these concerns, we're asking BI Ops — as part of the review described above — to [redacted]

We're calling these [redacted] For now, however, we should focus on the [redacted] That scenario is the focus of at least one [redacted] regulator, and it more clearly implicates our enforcement of the terms.

### How we're addressing

At a minimum, better enforcement [redacted]



*What does success look like?*

- Shortest term (~2 weeks): [redacted]
  - We'll know whether we've been successful by [redacted]
- Short term (~1 month): [redacted]
- Long term (~6 months): [redacted]
  - We'll know that we've been successful if [redacted]

The policymakers and regulators we've met with are mostly concerned with Facebook's ability to learn sensitive information about people i.e., for that information to get associated with a person's profile. These concerns exist regardless of whether the person sees ads or other content because we've received this information; the fact that we "know" the information is the cause for concern. And this 'knowledge' can include our ingestion of the information for razzing purposes.

### What does better enforcement mean?



### What does success look like?

- Shortest term (~2 weeks): [redacted]
  - We'll know whether we've been successful by [redacted]
- Short term (~1 month): [redacted]
- Long term (~6 months): [redacted]
  - We'll know that we've been successful if [redacted]

### what aren't we trying to solve?

It's important to understand that we're not being asked to stop letting apps that deal with sensitive topics like health from advertising on FB or using tools like FB Analytics. What's driving the concerns is that, as part of providing these services, we learn sensitive info about people which they don't expect (and that our policies prohibit) — and then FB uses that data for our ads services.

Another way to understand this: folks generally seem comfortable with Facebook acting as a service provider to apps and websites that use our tools — that is, as a company that uses the data we receive on behalf of the company that sent it (and not for our own purposes). So there's a general acceptance that where we're just using data to reflect it back to a FB Analytics user, that's cause for less concern. Same with using data the app sent us to run ads for that app (e.g., as a custom audience). Where things become concerning is when we take the data, learn from it, and use it in ways that have nothing to do with the company that sent it.

### Goals

- Be able to make XYZ statement
- Prove enforcement of XYZ

### How do we know if we are successful?

- Positive feedback from XYZ

---

Aparna Rangarajan *May 3, 2019 at 9:03 pm*

Anjali Dahiya Lets move this product options to the other quip: [WIP] A/C Priv How to deal with sensitive data in 3PD Signals 1Pager for ALT

Aparna Rangarajan edited *May 3, 2019 at 9:03 am*

Damien Wint *May 3, 2019 at 4:16 pm*

**Redacted - Privileged**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY     PIXEL_HEALTH001162835

Anjali Dahiya *May 3, 2019 at 4:11 pm*

Redacted - Privileged

Adam Shajnfeld *May 3, 2019 at 3:45 pm*

Redacted - Privileged

Anjali Dahiya *May 3, 2019 at 3:34 pm*

Redacted - Privileged

Anjali Dahiya *May 3, 2019 at 3:23 pm*

Redacted - Privileged

Redacted - Privileged to Adam Shajnfeld Damien Wint

Anjali Dahiya edited *May 3, 2019 at 4:12 pm*

Anjali Dahiya *May 3, 2019 at 2:49 pm*

Redacted - Privileged

Damien Wint *May 3, 2019 at 2:53 am*

Redacted - Privileged

Nazneen Mehta *May 3, 2019 at 2:33 am*

Redacted - Privileged

Nazneen Mehta *May 3, 2019 at 1:43 am*

Redacted - Privileged

Nazneen Mehta edited *May 3, 2019 at 2:40 am*

Damien Wint *May 3, 2019 at 12:56 am*

Redacted - Privileged

Adam Shajnfeld *May 3, 2019 at 12:10 am*

Redacted - Privileged

Adam Shajnfeld *May 3, 2019 at 12:09 am*

Redacted - Privileged

Adam Shajnfeld *May 3, 2019 at 12:06 am*

Redacted - Privileged

**Adam Shajnfeld** opened your conversation with Nadir Joshua, Victor Zhu, Jon Eide, Elena Krasnoperova, Amol Goyal, Chinmay Karande, Kaaren Hanson, Mary Ku, Dan Levy, Anjali Dahiya, Deepali Tamhane, Susan Cooper, Ami Vora, Michael Levinson, Zach Okun, Graham Mudd, David Sasaki, Rachel Hamilton, Edward Esslemont, Charlotte Narvaez, Damien Wint, Yura Kostiukevych, Ning Li, Nazneen Mehta, Emile Litvak, Erjie Ang, Yi Tang, Aparna Rangarajan, Suzanne Cagley, Bruce Lee, Jamie Wells, Amee Kamdar, Roshane Silva, Hiral Parekh, Vindana Mohan, Peng Fan, Rob Goldman, Steve Satterfield, Ani Surumpudi, Raghu Malpani, KeeKim Heng, Fausto Ibarra and Liang Xu
*May 3, 2019 at 12:02 am*

Charlotte Narvaez edited *May 2, 2019 at 10:51 pm*

**Damien Wint** opened your conversation with Adam Shajnfeld, Nadir Joshua, Victor Zhu, Jon Eide, Elena Krasnoperova, Amol Goyal, Chinmay Karande, Kaaren Hanson, Mary Ku, Dan Levy, Anjali Dahiya, Deepali Tamhane, Susan Cooper, Ami Vora, Michael Levinson, Zach Okun, Graham Mudd, David Sasaki, Rachel Hamilton, Edward Esslemont, Charlotte Narvaez, Yura Kostiukevych, Ning Li, Nazneen Mehta, Emile Litvak, Erjie Ang, Yi Tang, Aparna Rangarajan, Suzanne Cagley, Bruce Lee, Jamie Wells, Amee Kamdar, Roshane Silva, Hiral Parekh, Vindana Mohan, Peng Fan, Rob Goldman, Steve Satterfield, Ani Surumpudi, Raghu Malpani, KeeKim Heng, Fausto Ibarra and Liang Xu
*May 2, 2019 at 9:48 pm*

Aparna Rangarajan *May 2, 2019 at 9:41 pm*

It looks like what we are saying here is plain text terms from all apps and sites that are sensitive. Given we can't detect that today, once option could be if we detect the app/site to be restricted then we enforce on plain text terms. We have not been looking into all enforcing for all apps/sites.

Nazneen Mehta edited *May 2, 2019 at 9:39 pm*

Aparna Rangarajan *May 2, 2019 at 9:37 pm*

could you update the wording to not just say ingestion but ingestion and usage of plain text terms? Thanks!

**Nazneen Mehta** opened your conversation with Adam Shajnfeld, Nadir Joshua, Victor Zhu, Jon Eide, Elena Krasnoperova, Amol Goyal, Chinmay Karande, Kaaren Hanson, Mary Ku, Dan Levy, Anjali Dahiya, Deepali Tamhane, Susan Cooper, Ami Vora, Michael Levinson, Zach



Steve Satterfield added you to a document *May 2, 2019 at 6:59 pm*

- - - - - -

Steve Satterfield added you to a document *May 2, 2019 at 6:57 pm*

- - - - -

**Steve Satterfield** edited *May 2, 2019 at 6:57 pm*

- - - - - -

Steve Satterfield created the document *May 2, 2019 at 6:05 pm*

- - - - - -

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY                                                                                                              PIXEL_HEALTH001162838