# Proposed Redacted Version of Exhibit 66 (Dkt. No. 1154-60)

# EXHIBIT 66

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

```
                                                              Page 1

                                                                  1
 1            IN THE UNITED STATES DISTRICT COURT
 2               NORTHERN DISTRICT OF CALIFORNIA
 3                   SAN FRANCISCO DIVISION
    _____
 4
     IN RE: META PIXEL              )
 5   HEALTHCARE LITIGATION          )
                                    )
 6                                  )
                                    ) NO. 3:22-cv-3580-WHO
 7   This document relates to:      )
                                    )
 8   Case 3:22-cv-3580-WHO(Doe)     )
                                    )
 9
    _____
10
                   VIDEO-RECORDED DEPOSITION
11                 UPON ORAL EXAMINATION OF
12                     TOBIAS WOOLDRIDGE
    _____
13
14
15                        8:45 A.M.
16                    JANUARY 31, 2025
17            LOCATION: BELLEVUE, WASHINGTON
18
                   **HIGHLY CONFIDENTIAL**
19
20
21
22
23
24
      REPORTED BY:  VICKY L. PINSON, RPR-CCR Washington 2559
25               California No. 9845; Oregon No. 16-0442
```

```
                                                                  2
 1                         A P P E A R A N C E S
 2
 3    FOR THE PLAINTIFFS:
 4         JAY BARNES
           Simmons Hanly Conroy
 5         112 Madison Avenue
           New York, NY 10016-7416
 6         212.784.6400
           jaybarnes@simmonsfirm.com
 7
 8         ERIC S. JOHNSON
           Simmons Hanly Conroy
 9         One Court Street
           Alton, IL 62002
10         618.259.6275
           ejohnsonsimmonsfirm.com
11
12         RYAN TACK-HOOPER
           Terrell Marshall Law Group, PLLC
13         936 N. 34th Street, Ste 300
           Seattle, WA 98103
14         206.816.6603
           Ryan@terrellmarshall.com
15
16         BETH TERRELL
           Terrell Marshall Law Group, PLLC
17         936 N. 34th Street, Ste 300
           Seattle, WA 98103
18         206.816.6603
           Beth@terrellmarshall.com
19
20    FOR THE DEFENDANT:
21         ELIZABETH K. McCLOSKEY
           Gibson Dunn
22         One Embarcadero Center, Ste 2600
           San Francisco, CA 94111
23         415.393.4622
           Emccloskey@gibsondunn.com
24
25    Continuing on next page...
```

```
                                                             Page 3

                                                                  3
 1                    A P P E A R A N C E S
 2                          (Continued)
 3
 4    FOR THE DEFENDANTS:
 5         MATT BUONGIORNO
           Gibson Dunn
 6         2001 Ross Avenue, Ste 2100
           Dallas, TX 75201
 7         214.698.3204
           Mbuongiorno@gibsondunn.com
 8
 9         NIKKI STITT SOKOL
           Director and Associate General Counsel
10         Facebook Legal
           650.815.8154
11         nsokol@fb.com
12
           CARRIE BODNER (via remote connection)
13         Kirkland & Ellis, LLP
           601 Lexington Avenue, Fl 50
14         New York, NY 10022
           212.446.5912
15         Carrie.bodner@kirkland.com
16
17
18    ALSO PRESENT:
19         LORI TALBOTT, Video Specialist
20
21
22
23
24
25
```

*** HIGHLY CONFIDENTIA198**

1       MS. MCCLOSKEY:  Object to form.  Calls for
2  speculation.  Vague, including as to this.
3       Q.  (By Mr. Barnes)  Row 80.  Column X.
4       MS. MCCLOSKEY:  Calls for speculation.
5       A.  I don't know if I will draw that conclusion.
6  However, so far as a third-party advertiser may have
7  health information on their website, they should not
8  share that with Meta.
9       Q.  Was the filter designed to block information
10 such as that which is in the URL on Row 80, Column X,
11 uvahealth.com/services/mental-
12 health/borderline-personality-disorder?
13      MS. MCCLOSKEY:  Object to form.
14      A.  As my understanding, the filter did not apply
15 to ███████████.
16      Q.  I want to hand you what we're going to mark as
17 Exhibit 29.
18      (Exhibit 29 was marked for identification.)
19      Q.  (By Mr. Barnes)  It ends in -- or the first
20 page is 565826.  Why was the filter not designed to
21 block information in the ███████████
22      MS. MCCLOSKEY:  Object to form.  Asked and
23 answered, I think, multiple times.
24      A.  Should I read this document?
25      Q.  Just let's keep the question on the table.

Highly Confidential – Subject to Protective Order

*In re Healthcare* Tobias Wooldridge Deposition Errata

| Page:Line | Change From | Change To | Reason |
| --- | --- | --- | --- |
| 18:8 | "line" | "link" | Mistranscription |
| 21:22 | "in check" | "integrity" | Mistranscription |
| 29:10 | "earned" | "owned" | Mistranscription |
| 30:13 | "numerators" | "labelers" | Mistranscription |
| 35:12 | "sir" | "so" | Mistranscription |
| 35:12-13, 16, 20-21 | "subscribe button click" | "SubscribedButtonClick" | Changed to correct name |
| 35:17 | "Web" | "web" | Not a proper noun |
| 36:17 | Delete "while transmitting at such events" | | Extraneous |
| 66:1-2 | ■■■ | ■■■ | Changed to correct name |
| 68:19 | ■■■ | ■■■ | Changed to correct name |
| 69:22, 70:2 | ■■■ | ■■■ | Changed to correct name |
| 70:7 | "a" | "an" | Mistranscription |
| 70:22-23 | ■■■ | ■■■ | Changed to correct name |
| 71:11 | ■■■ | ■■■ | Changed to correct name |
| 71:23 | "cached" | "hashed" | Mistranscription |
| 73:3, 16-17 | ■■■ | ■■■ | Changed to correct name |
| 74:11, 12, 13, 19 | "Weilu" | "Wei Liu" | Changed to correct name |
| 82:2 | ■■■ | ■■■ | Changed to correct name |
| 87:17 | "up to x" | "up2x" | Changed to correct name |
| 116:3 | "Meta" | "Meta's" | Mistranscription |
| 118:16-17 | ■■■ | ■■■ | Changed to correct name |
| 143:22 , 24-25 | ■■■ | ■■■ | Changed to correct name |
| 162:12 | Delete "and" between "Signals" and "Integrity" | | Extraneous |
| 166:22 | "patched" | "hashed" | Mistranscription |
| 170:14 | "a" | "an" | Mistranscription |
| 171:24 | "Tack-Hooper" | "Buongiorno" | Wrong speaking attorney |

Highly Confidential – Subject to Protective Order

| | | | |
|---|---|---|---|
| 172:1, 4, 7, 10 | "Tack-Hooper" | "Buongiorno" | Wrong speaking attorney |
| 185:4-5 |  | " | Changed to correct name |
| 185:5 |  |  | Changed to correct name |
| 192:11, 13 | "_removed_" | "removed" | Mistranscription |
| 202:25 | "signals" | "Signals" | Proper noun |
| 223:2 | "Tack-Hooper" | "Buongiorno" | Wrong speaking attorney |
| 224:6 | "advertiser's" | "advertisers" | Mistranscription |
| 227:7, 9 | "Tack-Hooper" | "Buongiorno" | Wrong speaking attorney |
| 231:21-22 |  |  | Changed to correct name |
| 231:22, 232:5 | "Button clicks" | "button clicks" | Not a proper noun |
| 232:24 | "smart" | "Smart" | Proper noun |
| 236:25, 237:3 | "D duplication" | "deduplication" | Mistranscription |
| 241:14 | "user's" | "users'" | Mistranscription |
| 250:15 |  |  | Mistranscription |
| 250:16, 18, 20 |  |  | Changed to correct name |
| 250:21-22 |  |  | Extraneous word |
| 250:23 |  |  | Changed to correct name |
| 251:1-2 | "an" | "a" | Mistranscription |
| 251:2 |  |  | Changed to correct name |
| 251:2 |  |  | Changed to correct name |
| 251:13-14, 18, 20, 21, 22-23 |  |  | Changed to correct name |
| 254:25 | "Tack-Hooper" | "Buongiorno" | Wrong speaking attorney |
| 258:8 | "signals" | "Signals" | Proper noun |
| 261:20 | "SOAPS" | "notes" | Mistranscription |
| 269:19 |  |  | Mistranscription |

Date: 3/21/25

Signed by:



Tobias Wooldridge

*** HIGHLY CONFIDENTIA283**

1  REPORTER'S CERTIFICATE
2
3       I VICKY L. PINSON, RPR-CCR, the undersigned
4  Certified Court Reporter, authorized to administer
5  oaths and affirmations in and for the states of
6  Washington, Oregon and California, do hereby certify:
7       That the sworn testimony and/or proceedings, a
8  transcript of which is attached, was given before me at
9  the time and place stated therein; that the witness was
10 duly sworn or affirmed to testify to the truth; that
11 the testimony and/or proceedings were stenographically
12 recorded by me and transcribed under my supervision.
13      That the foregoing transcript contains a full,
14 true, and accurate record of all the testimony and/or
15 proceedings occurring at the time and place stated in
16 the transcript; that a review of which was requested.
17      That I am in no way related to any party to the
18 matter, nor to any counsel, nor do I have any financial
19 interest in the event of the cause.
20
   WITNESS MY HAND AND DIGITAL SIGNATURE this 7th day of
21 February, 2025.
22
23 _____
   VICKY L. PINSON, RPR-CCR
24 Washington Certified Court Reporter, No. 2559
   Oregon State Certified Court Reporter, No. 16-0442
25 California State Certified Court Reporter, No. 9845