**MOGIN LAW LLP**
Daniel J. Mogin (SBN No. 95624)
Timothy Z. LaComb (SBN 314244)
4225 Executive Square, Suite 600
La Jolla, CA 92037
Telephone:    (619) 687-6611
Facsimile:      (619) 687-6610
dmogin@moginlawllp.com
tlacomb@moginlawllp.com

**DON BIVENS PLLC**
Don Bivens (*pro hac vice forthcoming*)
15169 N. Scottsdale Road, Suite 205
Scottsdale, AZ 85254
Telephone:    (602) 708-1450
don@donbivens.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION | Case No: 3:22-cv-3580-WHO (VKD) |
| | **NON-PARTY MOTION TO UNSEAL** |
| | Judge: Hon. William H. Orrick |
| This Document Relates to: All Actions. | |

Pursuant to Civil Local Rule 79-5(g)(3), Non-Party Plaintiff Jane Doe ("Plaintiff"), by and through the undersigned attorneys, hereby submits this Motion to Unseal and requests that the Court unseal the Motion for Class Certification (ECF No. 1152)[1] and exhibits 2-3, 11, 15, 17 and 19 attached to the Declaration of Jason "Jay" Barnes Attaching Exhibits in Support of the Motion for Class Certification. ECF 1152-2.[2] Not only has Meta Platforms Inc. ("Meta") failed to rebut the strong presumption in favor of disclosure, but also the public and Movant have significant interests in the immediate disclosure of this information that far outweigh Meta's interest in keeping the information sealed.

In the Ninth Circuit, there is a "strong presumption" in favor of public access to judicial records, which includes business records and business information. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The party seeking to seal documents bears the burden of overcoming this strong presumption. *Cahill v. Non-Party Media Orgs. Insider Inc.*, No. 24-165, 2025 LX 276254, at *5 (9th Cir. Mar. 18, 2025). To overcome this burden at the class certification stage, the party seeking to seal documents must satisfy the more stringent "compelling reason" standard, which requires the party identify specific facts that demonstrate its interest in sealing outweighs the public's strong interest in disclosure. *Id.* (applying "compelling reason" standard to class certification motion because the issues raised therein were more than tangentially related to the merits of the case); *ExxonMobil Oil Corp. v. S. California Edison Co.*, No. CV 12-10001-GHK (VBKx), 2015 U.S. Dist. LEXIS 188377, 2015 WL 12860492, at *2 (C.D. Cal. Apr. 9, 2015). Boilerplate assertions that documents contain proprietary or private business information do not satisfy the "compelling reasons" burden. *ExxonMobil*, 2015 U.S. Dist. LEXIS 188377 (boilerplate assertion that documents contain

---

[1] Proposed redacted version of the Motion for Class Certification was filed at 1176-2.

[2] Meta's filing on October 28, 2025, that included proposed redacted versions of these exhibits does not change the analysis herein because each exhibit continues to improperly seal information to which the public and movant have significant interest that outweighs Meta's interest in secrecy.

proprietary or private business information does not satisfy the defendant's burden to show "compelling reasons" to file documents under seal).

Meta has failed to identify fact-specific compelling reasons that support sealing the documents. When providing its basis for sealing, Meta largely repeats the same two boilerplate reasons: (i) disclosure would cause Meta competitive harm and/or (ii) disclosure would allow bad actors to undermine the integrity of Meta's systems. ECF 1176. Meta does not provide additional factual detail explaining how or why this is the case. Such cursory, boilerplate responses do not provide "compelling reasons" for sealing, meaning Meta has neither provided a compelling reason to seal the documents nor rebutted the strong presumption in favor of disclosure.

Even if Meta were able to identify compelling reasons in favor of sealing, the Court should still unseal the documents because the public's interest in disclosure far outweighs Meta's interest in sealing the information. The public has a significant interest in this case because it involves both an important area of emerging law and data collection technology to which nearly all members of the public are subject. As the Motion for Class Certification demonstrates, this case will largely turn on facts concerning how and when the Pixel intercepts browser data and transmits it to Meta. *See, e.g.*, ECF No. 1176-2 at 3-4, 8-9. Therefore, to understand this case and decisions rendered herein, the public must have access to facts showing how the Pixel functions. This is precisely the information that Movant is seeking to unseal, as her request is limited to expert reports, depositions, and other documents cited as support for factual statements concerning the functionality of the Pixel. *See* ECF No. 1176-2 at 3-4, 8-9.

Movant has a particular interest in the immediate unsealing of the requested documents that also outweighs Meta's interest in keeping the information secret. Movant represents a putative class of individuals whose information was intercepted by the Pixel while using websites operated by Eating Recovery Center, LLC ("ERC").[3] Movant's CIPA claim was

---

[3] *Doe v. Eating Recovery Ctr. LLC*, No. 23-cv-05561-VC (N.D. Cal.).

recently dismissed at summary judgment due to a misapplication of fact, particularly as it relates to the functionality of the Pixel and treatment of the intercepted data while in transit. Based on public versions of the Motion for Class Certification and related exhibits in this case, it is very likely the information Movant seeks to unseal contains highly relevant and potentially contradictory facts to those presented in and considered by the Court in her case. *See*, *e.g.*, ECF 1176-2 at 3-4 (discussing how Meta treats data while in transit), 8-9 (discussing how Meta filters data while in transit); ECF 1203-12 (discussing how event data is transmitted and logged).

For example, the public version of the Motion for Class Certification indicates that Meta both reads and sorts data while in transit into categories like "skin cancer" and "interpret[s]" and "convert[s]" data while in transit into "structured 'features.'" ECF 1176-2 at 3-4. If true, these facts and underlying documents would contradict discovery responses produced in Movant's case and findings by her Court at summary judgment. Movant, therefore, needs prompt access to these documents to assess whether this is the case and/or whether the facts can be used in her upcoming reconsideration motion that is due November 14, 2025.

In sum, there is a strong presumption in favor of unsealing the class certification motion and documents filed therewith. Defendant has failed to rebut this presumption. And, even if the presumption were rebutted, the Court should still unseal the documents because the public's and Movant's interest in disclosure of the information far outweighs those of Meta in keeping the information hidden. Therefore, the Court should grant this Motion and unseal the requested documents.

| | |
|---|---|
| Dated: October 29, 2025 | **MOGIN LAW LLP** |
| | _/s/Timothy Z. LaComb_ |
| | Timothy Z. LaComb (SBN 314244) |
| | Daniel J. Mogin (SBN No. 95624) |
| | 4225 Executive Square, Suite 600 |
| | La Jolla, CA 92037 |
| | Telephone: (619) 687-6611 |
| | Facsimile: (619) 687-6610 |
| | tlacomb@moginlawllp.com |
| | dmogin@moginlawllp.com |
| | |
| | **DON BIVENS PLLC** |
| | |
| | Don Bivens |
| | 15169 N. Scottsdale Road, Suite 205 |
| | Scottsdale, AZ 85254 |
| | Telephone: (602) 708-1450 |
| | don@donbivens.com |
| | |
| | *Attorneys for Plaintiff Jane Doe* |