**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

**LATHAM & WATKINS LLP**
ANDREW B. CLUBOK (*pro hac vice*)
andrew.clubok@lw.com
555 Eleventh St., NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200

MELANIE M. BLUNSCHI, SBN 234264
melanie.blunschi@lw.com
KRISTIN I. SHEFFIELD-WHITEHEAD, SBN 304635
kristin.whitehead@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-8129
Facsimile: (415) 393-8095

*Attorneys for Defendant Meta Platforms, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE META PIXEL HEALTHCARE LITIGATION

This Document Relates To:

All Actions

Case No. 3:22-cv-03580-WHO

**DEFENDANT META PLATFORMS, INC.'S OPPOSITION TO NON-PARTY'S MOTION TO UNSEAL**

Date: December 3, 2025
Time: 2:00 PM
Courtroom 2, 17th Floor

Date Action Filed: June 17, 2022
Honorable William H. Orrick III

## INTRODUCTION

Non-party Jane Doe's motion to unseal plaintiffs' motion for class certification and several attached exhibits should be denied. All of those documents are already publicly available with limited, targeted redactions. Meta has explained (in over 60 pages of briefing) the compelling need for those redactions, and revealing the redacted information publicly would put Meta at a competitive disadvantage and jeopardize both the integrity of Meta's systems and the security of the user data stored in them. *See* Dkts. 1176, 1203. Courts routinely seal this sort of information, and both this Court and Judge DeMarchi have previously sealed the same or similar information in this case.

Doe offers no good reason to change course. Her assertion that Meta's sealing justifications are "boilerplate" is simply wrong; Meta submitted two detailed declarations identifying the redactions, summarizing the information they contain, and explaining why sealing is necessary. Doe also asserts she needs the sealed information for her motion for reconsideration of Judge Chhabria's summary-judgment order in *Doe v. Eating Recovery Center LLC*, 2025 WL 2971090 (N.D. Cal. Oct. 17, 2025). But none of the redacted information she seeks to unseal is relevant to Judge Chhabria's decision. Judge Chhabria concluded that "the evidence is undisputed that Meta did not read, attempt to read, or attempt to learn the contents of Doe's communications with ERC while those communications were in transit." *Id.* at *7. Doe says she needs the sealed materials to rebut that holding, but the redacted material sheds no light on that question. Finally, Doe already sought and received discovery from Meta in her own case (pursuant to a protective order); her unfounded hope that she might find something different here is no basis to expose Meta's confidential information publicly.

Meta's narrowly tailored redactions strike the appropriate balance between its compelling need to safeguard its confidential business information and the public interest. The motion should be denied.

## BACKGROUND

When plaintiffs filed their class-certification motion (Dkt. 1152), they filed an administrative motion to consider whether Meta's confidential business information should be sealed. Dkt. 1154. Meta proposed targeted redactions to the motion and the supporting exhibits Doe now seeks to unseal. *See* Dkts. 1176-2 (Motion); 1203-2 (Ex. 2); 1176-3 (Ex. 3); 1203-7 (Ex. 11); 1203-10 (Ex. 15); 1203-12 (Ex. 17); 1202-13 (Ex. 19). Meta also filed two detailed declarations explaining the proposed

redactions and their bases. *See* Dkts. 1176, 1203. On October 29, 2025, Doe (a non-party) moved to unseal those materials. Dkt. 1206.

**LEGAL STANDARD**

Documents filed in a civil case should be sealed where there are "sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). In deciding whether a litigant has shown that there are "compelling reasons" for sealing, the court should consider both the amount of material sought to be sealed, *see Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014), and "whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets," *Ctr. for Auto Safety v. Chrysler Grp.*, 747 F. App'x 463, 465 (9th Cir. 2018).

**ARGUMENT**

Doe's motion should be denied. Meta has put forward compelling reasons for the narrow, targeted redactions at issue. Those targeted redactions appropriately balance Meta's compelling need to protect its confidential business information and the public's right to information about the case.

To start, none of the documents Doe seeks are sealed in their entirety; instead, Meta proposed "narrowly tailored" redactions that seek "sealing only of sealable material." *Singh v. Costo Wholesale Corp.*, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023); *see also Algarin*, 2014 WL 690410, at *3 (permitting sealing where party sought only "to seal a limited amount of information"). All the documents Doe seeks are already publicly available, with only narrow redactions. *See* Dkts. 1176-2 (Motion); 1203-2 (Ex. 2); 1176-3 (Ex. 3); 1203-7 (Ex. 11); 1203-10 (Ex. 15); 1203-12 (Ex. 17); 1202-13 (Ex. 19). Specifically, Meta sought only to redact proprietary, commercially sensitive, and confidential information about Meta's proprietary: (1) data-storage systems; (2) integrity systems; (3) classification systems; (4) methods used to attempt to match data to a Facebook account; (5) ad-delivery systems; (6) strategic, commercially sensitive business analyses, and the steps Meta took in connection with or as a result of those analyses; (7) highly confidential Source Code; (8) non-public Meta revenue figures; and (9) links to internal confidential webpages.

Meta has already explained in detail the compelling reasons that justify those redactions. *See* Dkt. 1176 at 2–17; Dkt. 1203 at 2–11, 17–20. *First*, disclosure of the redacted information would likely

place Meta at a competitive disadvantage. As the Supreme Court has recognized, the public's access to court records may be limited where those records could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Meta operates in an intensely competitive marketplace and has serious and legitimate concerns that competitors will exploit any release of its sensitive, proprietary information. Disclosure of the information Doe seeks to unseal would give competitors unfair insight into how Meta's systems are designed, organized, and operate, as well as Meta's strategic business considerations, allowing them to "duplicate features of" Meta's systems and technical infrastructure and "cause competitive harm." *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding "compelling reasons to seal" materials containing "descriptions of how Gmail operates"); *see also, e.g.*, *Adtrader, Inc. v. Google LLC*, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (finding compelling reasons to seal information reflecting Google's internal strategic decisions, policies, and processes related to advertising fraud); *Yan Mei Zheng v. Toyota Motor Corp.*, 2019 WL 6841324 (N.D. Cal. Dec. 16, 2019) (similar, for Toyota's "marketing competitor analysis, confidential sales data . . . and business objectives").

*Second*, release of the redacted information could compromise Meta's "network infrastructure and security systems." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015). The disclosure of specific information about Meta's systems, technologies, and business analyses could empower bad actors to exploit Meta's systems and misuse data that Meta stores, including data relating to users. Specific information about Meta's storage and integrity systems—for instance, where data is stored in Meta's systems, how those systems are labeled and operate, and the associated highly confidential source code—could help third parties circumvent Meta's security systems and exploit the information Meta stores. Disclosure could thus harm both Meta and the individuals whose data would be left more vulnerable to improper access. As other courts have recognized, those harms justify sealing. *See, e.g.*, *Clark v. InComm Fin. Servs., Inc.*, 2024 WL 1600631, at *3 (C.D. Cal. Mar. 13, 2024) (sealing "descriptions of the information and processes required to conduct searches of transactions and users on Defendant's internals systems" because "public disclosure of this information could impede Defendant's ability to combat future fraud");

*Activision Publ'g, Inc. v. EngineOwning UG*, 2023 WL 2347134, at *1–2 (C.D. Cal. Feb. 27, 2023) (compelling reasons to seal company's anti-cheating efforts and attendant data because disclosure risked hindering "ability to identify and combat future fraud").

For these reasons, courts routinely seal these categories of information.[1] And both this Court and Judge DeMarchi have ordered that the same or similar information be sealed in this case.[2]

Doe offers no good reason to depart from that well-settled practice here. She asserts that Meta's justifications in its sealing papers were "boilerplate." Mot 1–2. Not so: Meta provided two detailed declarations in support of its sealing requests that identify the redactions, summarize the information at issue in each redaction, and explain why sealing that information is necessary to protect Meta's competitive interests and prevent bad actors from abusing Meta's systems. This is nothing like the "[b]oilerplate assertions" rejected in Doe's sole cited authority. *ExxonMobil Oil Corp. v. S. Cal. Edison Co.*, 2015 WL 12860492, at *2 (C.D. Cal. Apr. 9, 2015) (rejecting broad statement that documents "contain[] confidential and private business information and trade secrets" because party failed to explain the "reasons for seeking to file under seal *each* document, or portion thereof").

Doe also says she needs the redacted information to support a motion for reconsideration of Judge Chhabria's order granting summary judgment to the defendant on Doe's CIPA claim in *Eating Recovery Center*. But the documents she seeks shed no light on the question at issue there. Judge Chhabria rejected Doe's CIPA claim because she could not show that Meta "read, attempted to read, or attempted to learn the contents of [her] communications" while they were "in transit." 2025 WL

---

[1] *See, e.g., Bottoms v. Block, Inc.*, 2025 WL 774913, at *1 (W.D. Wash. Mar. 11, 2025) (compelling reasons warranted sealing "the confidential name of a Block database" used to store information "and the confidential names and descriptions of certain fields of data stored in the database"); *see also, e.g.*, *Ojmar US LLC v. Sec. People, Inc.*, 2016 WL 6091543 (N.D. Cal. Oct. 19, 2016), at *2 (courts within the Ninth Circuit afford broad protections to "confidential information regarding [a defendant's] products, services, and business practices").

[2] *See, e.g.*, Dkts. 703, 734, 1116, 1117 (sealing details about Meta's proprietary ad-delivery and matching systems); Dkts. 336, 339-5, 372, 503, 509, 510, 522, 703, 734, 880, 1116, 1117 (sealing information about Meta's proprietary data-storage systems); Dkts. 339-3, 350-6, 372, 703, 734, 880 (sealing details about Meta's proprietary classifications systems and data processors); Dkts. 157, 946-2, 953, 1030 (sealing information about Meta's proprietary integrity systems); Dkts. 485, 515 (sealing information regarding specific confidential strategic and/or business issues analyzed by Meta and actions taken in connection with those analyses); Dkts. 703, 734 (sealing information about Meta's highly confidential Source Code).

2971090, at *5. Doe argued that Meta read her communications while in transit because Meta filtered the data, but Judge Chhabria disagreed for two reasons: (1) an "automated effort to avoid storing material that [Meta] should not be storing can't reasonably be considered 'reading' or 'learning' the contents of a communication," and (2) Meta's "filtering operation indisputably takes place after the communication has already traveled from the website visitor to the website operator." *Id.* The redacted materials in this case do not address either of those rationales.

Indeed, Doe does not dispute that Meta's filters are "automated," and she never suggests that the sealed material in this case could bear on Judge Chhabria's first rationale. As to the second, Doe asserts that the redacted information could rebut Judge Chhabria's description of how Meta's filters operate. Mot. 3. But Doe already has access to this content (as demonstrated by this briefing). In addition, Doe misconstrues this material. The portion of plaintiffs' motion she cites does not contradict Judge Chhabria's holding. *See* Dkt. 1176-2 at 3–4. And the redacted portions of those pages—which contain the name of one of Meta's systems and technical, proprietary details about Meta's ad delivery system (which has nothing to do with filtration)—do not contain any information contradicting Judge Chhabria, either. *See* Dkt. 1152 at 3–4; *see also id.* at 8–9 (redacted portions discussing different filtering options Meta allegedly considered); Dkt. 1152-31 (redacted portions listing the names of certain Meta systems and fields within systems). This information would be of no use to Doe in her reconsideration motion, and publicly disclosing it would seriously jeopardize Meta's competitive interests, the integrity of Meta's systems, and the security of user data.

*Finally*, Doe sought and received discovery from Meta in her own case pursuant to a protective order. She apparently hopes to find something different here, but that hope is both unfounded and no basis to publicly expose Meta's confidential information.

## CONCLUSION

For all these reasons, Doe's motion to unseal should be denied.

DATED: November 12, 2025

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Lauren R. Goldan*
Lauren R. Goldman