**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:    (415) 393-8200
Facsimile:    (415) 393-8306

*Additional counsel listed on signature page*

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates to:<br><br>All Actions. | Case No. 3:22-cv-3580-WHO (VKD)<br><br>**DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**<br><br>The Honorable William H. Orrick |

I, Lauren R. Goldman, state and declare as follows:

1. I am an attorney licensed to practice in the State of New York. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in these actions. I am admitted *pro hac vice* to practice before this Court. I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration under Local Rule 79-5(f)(3) in support of plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed. Dkt. No. 1232. Meta seeks to seal narrowly tailored portions of Plaintiffs' Statement in Support of Third Party Motion to Unseal (the "Statement"), which was filed at Dkt. No. 1231. These redactions relate to specific, non-public content in the Statement that reflects confidential business information about Meta's (1) proprietary data storage systems, including the names of specific Hive tables and categories, how data flows through the systems, and how the systems are organized; (2) proprietary health-related integrity systems, including how those systems work; (3) proprietary classification systems and associated data processing tools (including the name of a specific classification system), the number of data processing tools Meta uses, and how those data processing tools work; and (4) proprietary ad delivery systems and matching technologies, including how those systems and technologies work.

3. In determining whether to permit documents to be filed under seal, this Court should apply the "good cause" test for non-dispositive motions that are "only tangentially related[]

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *Avago Techs. Fiber IP (Singapore) PTE. Ltd., v. IPtronics Inc.*, No. 5:10-cv-02863-EJD, Dkt Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., v. OpenTV Inc.*, No. 5:13-cv-00282-EJD, Dkt. Nos. 76, 82 (N.D. Cal. Oct. 8, 2013). I am personally familiar with Meta's practices of safeguarding proprietary information, including based on my experience representing Meta for many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

1  to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th
2  Cir. 2016); *see Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir.
3  2006). The good cause standard generally applies to non-dispositive filings because "discovery is
4  largely 'conducted in private as a matter of modern practice,'" and "the public is not presumed to
5  have a right of access to it." *Ctr. For Auto Safety*, 809 F.3d at 1097 (quoting *Seattle Times Co. v.*
6  *Rhinehart*, 467 U.S. 20, 33 (1984)). Here, the good cause test applies because the Statement is not
7  dispositive and is only tangentially connected to the merits of the case.

8      4.    Sealing is appropriate here for several reasons. *First*, Meta's sealing request is
9  "narrowly tailored to seek sealing only of sealable material." *Singh v. Costco Wholesale Corp.*,
10 No. 20-CV-08180-NC, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023). Meta asks the Court
11 to seal only those parts of the Statement which reveal proprietary, commercially sensitive, and
12 confidential information about Meta's proprietary data storage systems, proprietary health-related
13 integrity systems, proprietary classification systems and associated data processing tools, and
14 proprietary ad delivery systems and matching technologies. *Second*, as the Supreme Court has
15 recognized, the public right of access to court records may be limited when those records could be
16 used "as sources of business information that might harm a litigant's competitive standing." *Nixon*
17 *v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also* Dkt. No. 157 at 3 (the Court in this
18 case confirming that "competitive harm is a compelling reason to seal"). Meta is likely to suffer
19 harm if highly confidential information regarding the above-referenced categories of information
20 is made public. *Third*, there is "a compelling reason to seal" information that could compromise
21 a party's "network infrastructure and security systems." *Music Grp. Macao Com. Offshore Ltd. v.*
22 *Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015). Further, the
23 information in Meta's narrow redactions is not critical to the public's understanding of this case.

24     5.    Competitive harm is likely if Meta's highly confidential information is made
25 public. Meta operates in an intensely competitive marketplace and has serious and legitimate
26 concerns that competitors will exploit any release of Meta's sensitive, proprietary information to

gain a competitive advantage. Disclosure of the information Meta seeks to seal would provide these competitors with unfair insight into how Meta's systems are designed and operate, giving competitors the ability to "duplicate features of" Meta's systems and technical infrastructure "which could cause competitive harm." *In re Google Inc. Gmail Litig.,* 13–MD–02430–LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding "compelling reasons to seal" materials relating to "descriptions of how Gmail operates"). Further, the information regarding Meta's proprietary data storage systems, proprietary health-related integrity systems, proprietary classification systems and associated data processing tools, and proprietary ad delivery systems and matching technologies is sufficient to give Meta's competitors insight into how Meta's systems are designed and operate. *Cf In re Google Location Hist. Litig.,* 514 F. Supp. 3d 1147, 1163 (N.D. Cal. 2021) (denying motion to seal the term "Data store" because "'Data store' is extremely broad" and that "stating that 'data is stored in a data store' is really no more specific or revealing than stating that Google stores data").

6. In addition, absent redactions, unsealing the Statement likely would cause Meta harm because it would reveal information bad actors could then use to access or gain insight into Meta's proprietary health-related integrity systems. Indeed, because the Statement cites to many of the same documents as the Declarations of Lauren Goldman in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed regarding Plaintiffs' Motion for Class Certification (Dkts. No. 11176, 1203), unsealing the Statement would be the equivalent of unsealing all the documents Meta separately seeks to seal in connection with plaintiffs' Motion for Class Certification. Meta has an interest in maintaining, and takes care to protect, the confidentiality of the above-referenced categories of information. For example, absent redactions, third parties could use the details about Meta's proprietary health-related integrity systems to attempt to undermine or bypass those systems (in violation of Meta's policies). Therefore, disclosure would harm both Meta and the individuals whose data may be left more vulnerable to improper access. *See Clark v. InComm Fin. Servs., Inc.,* 2024 WL 1600631, at *3

1  (C.D. Cal. Mar. 13, 2024) (sealing under compelling interest standard "descriptions of the information and processes required to conduct searches of transactions and users on Defendant's internal systems" because "public disclosure of this information could impede Defendant's ability to combat future fraud"); *Activision Publ'g, Inc. v. EngineOwning UG*, 2023 WL 2347134, at *1-2 (C.D. Cal. Feb. 27, 2023) (finding compelling reasons to seal video game company's anti-cheating efforts and attendant data because disclosure risked hindering "ability to identify and combat future fraud").  The less stringent "good cause" standard is clearly met here because the disclosure of specific information about Meta's proprietary data storage systems and health-related integrity systems could empower bad actors to exploit Meta's systems and misuse that data.

7.  Courts routinely seal the specific types of information Meta seeks to seal here.  For example, in *Bottoms v. Block, Inc.*, the court found that compelling interests warranted sealing of specific fields in Block's database.  *See* No. 2:23-CV-01969-MJP, 2025 WL 774913, at *1 (W.D. Wash. Mar. 11, 2025) (compelling interests warrant sealing "the confidential name of a Block database used to store information related to the Cash App Invite Friends program, and the confidential names and descriptions of certain fields of data stored in the database").  Similarly, in *Calhoun v. Google LLC*, the court granted a motion to seal "sensitive features of Google's internal systems and operations, including the various types of data sources which include information related to Google's data logs, internal data structures, internal identifiers and their proprietary functions.  No. 20-CV-05146-YGR (SVK), 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022); *see also, e.g. Ojmar US LLC v. Sec. People, Inc.,* No. 16-cv-04948-HSG*,* 2016 WL 6091543 (N.D. Cal. Oct. 19, 2016), at *2 (noting protections afforded by courts within the Ninth Circuit are broad and extend to "confidential information regarding [a defendant's] products, services, and business practices").

8.  This Court and Judge DeMarchi have also ordered the same or similar information sealed in this case.  *See, e.g*., Dkt. Nos. 703, 734, 1116, 1117 (sealing confidential details about Meta's proprietary ad delivery systems); Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734,

880, 1116, 1117 (sealing specific, non-public information about Meta's proprietary data storage systems); Dkt. Nos. 339-3, 350-6, 372, 703, 734, 880 (sealing specific details about Meta's proprietary classifications systems and data processing tools); Dkt. No. 157, 946-2, 953, 1030 (sealing non-public information about Meta's proprietary health-integrity systems).

9. Meta proposes narrowly tailored redactions that would keep only its most sensitive, non-public material sealed. Meta's position regarding material in the Statement that should be sealed is set forth in the following table:

| Document | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Plaintiffs' Statement in Support of Third Party Motion to Unseal (Dkt. No. 1232-3) | Parts of page 2, lines 9, 12-14, 21-23; page 3, lines 2, 4-5, chart (right column), lines 24, 26; page 5, line 19. (highlighted in Dkt. No. 1237) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary ad delivery systems and matching technologies, including the names of specific systems and how those systems and technologies work. If this information was disclosed, it would competitively harm Meta. Judge DeMarchi has previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 703, 734, 1116, 1117. |
| Plaintiffs' Statement in Support of Third Party Motion to Unseal (Dkt. No. 1232-3) | Parts of page 2, lines 15-16; page 3, lines 1, 3, 11, 16. (highlighted in Dkt. No. 1237) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific Hive tables and categories, how data flows through the systems, and how the systems are organized. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. This Court and Judge DeMarchi have previously ordered this type of |

| | | | |
|---|---|---|---|
| | | | information to be sealed. *See, e.g.,* Dkt. Nos. 336, 339-5, 372, 503, 509, 510, 522, 703, 734, 880, 1116, 1117. |
| Plaintiffs' Statement in Support of Third Party Motion to Unseal (Dkt. No. 1232-3) | Parts of page 2, lines 17-18, 20.<br><br>(highlighted in Dkt. No. 1237) | Meta | This text should be redacted because it reveals specific, non-public information regarding Meta's proprietary health-related integrity systems, including how the systems work. Disclosure of this information would cause Meta competitive harm and allow bad actors to undermine the integrity of Meta's systems. This Court and Judge DeMarchi have already ordered this type of information to be sealed. *See, e.g.,* Dkt. No. 157, 946-2, 953, 1030. |
| Plaintiffs' Statement in Support of Third Party Motion to Unseal (Dkt. No. 1232-3) | Parts of page 2, lines 24, 28; page 3, line 1, chart (row 1).<br><br>(highlighted in Dkt. No. 1237) | Meta | This text should be redacted because it reveals specific, non-public information regarding Meta's proprietary classification systems and associated data processing tools, including names of one of Meta's classification systems, the number of data processing tools Meta uses, and how those tools work. If disclosed, this information would cause Meta competitive harm. This Court and Judge DeMarchi have previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 339-3, 350-6, 372, 703, 734, 880. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 25th day of November 2025 in New York, New York.

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Lauren R. Goldman*
     Lauren R. Goldman

DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:22-CV-03580-WHO (VKD)