| | |
|---|---|
| Lauren R. Goldman, *Admitted Pro Hac Vice*<br>lgoldman@gibsondunn.com<br>Darcy C. Harris, *Admitted Pro Hac Vice*<br>dharris@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166<br>Telephone:   (212) 351-4000<br><br>Elizabeth K. McCloskey (SBN 268184)<br>emccloskey@gibsondunn.com<br>Abigail A. Barrera (SBN 301746)<br>abarrera@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111-3715<br>Telephone: (415) 393-8200<br><br>*Attorneys for Defendant Meta Platforms, Inc.*<br><br>[*Additional Attorneys on Signature Block*] | Geoffrey Graber (SBN 211547)<br>ggraber@cohenmilstein.com<br>COHEN MILSTEIN SELLERS & TOLL PLLC<br>1100 New York Ave. NW, 8th Floor<br>Washington, DC 20005<br>Telephone: (202) 408-4600<br>Facsimile: (202) 408-4699<br><br>Jason 'Jay' Barnes (SBN 362776)<br>jaybarnes@simmonsfirm.com<br>SIMMONS HANLY CONROY LLC<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Telephone: (212) 784-6400<br>Facsimile: (212) 213-5949<br>(<br><br>*Co-Lead Counsel for Plaintiffs and the Proposed Class*<br><br>[*Additional Attorneys on Signature Block*] |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-03580-WHO (VKD)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: December 2, 2025<br>Time: 2:00 p.m.<br>Courtroom: Videoconference<br>Judge: Hon. William H. Orrick |

Plaintiffs John Doe II, John Doe III, Jane Doe I, Jane Doe IV, Jane Doe V, Jane Doe IX, and Jane Doe X ("Plaintiffs") and Defendant Meta Platforms, Inc. ("Meta") (collectively, the "Parties"), by and through their respective counsel of record, hereby submit the following Joint Case Management Statement pursuant to Civil Local Rule 16-10 in advance of the Case Management Conference scheduled in the above-captioned case for December 2, 2025 at 2:00 P.M. via videoconference before the Honorable William H. Orrick, in Courtroom 2, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102.

The parties previously submitted a Joint Rule 26(f) report on September 28, 2022, and case management statements on six dates in 2023, six dates in 2024, and eleven dates in 2025. Dkts. 66, 167, 191, 234, 283, 317, 377, 409, 489, 572, 667, 707, 769, 853, 862, 911, 984, 1033, 1097, 1120, 1139, 1178, 1199.

## I.  JOINT STATEMENT ON PROGRESS

As requested by the Court during the August 5, 2025 Case Management Conference, the parties are beginning this Case Management Statement with "a paragraph describing their perspectives on the progress achieved since the last CMC." Dkt. 1125.

Plaintiffs' perspective is that, since the October 7 case management conference, the parties have made significant progress on Interrogatory No. 3 and damages discovery. With respect to Interrogatory No. 3, Meta has agreed to produce certain data that, if searched by Pixel ID, Plaintiffs believe can be used to identify the specific dates when Meta was intercepting at-issue data from specific Pixels. However, Meta has not yet produced the data, so Plaintiffs have yet to confirm that. The parties continue to confer about Meta using the tables in its possession to identify the Pixel IDs. Meta has agreed to use one table, and Plaintiffs are still waiting to hear back from Meta about whether Meta will use other tables. Meta has also agreed to re-create classifications for homepages that can help answer Interrogatory No. 3.

With respect to damages, Meta has agreed to produce additional documents and provide a supplemental interrogatory response. However, Meta has yet to produce certain documents or serve the supplemental interrogatory response, so Plaintiffs cannot state with certainty that the issues are closed.

Meta's perspective is that, since the November 4 Case Management Conference, it has made and continues to make progress on plaintiffs' remaining discovery requests. Since that conference, Meta has addressed privilege log and clawback questions, addressed plaintiffs' successive demands for ever more information in connection with data re-creation, and undertaken the process to supplement its interrogatory responses. Meta does not agree with plaintiffs' above characterizations of the data requested or its potential uses, but nevertheless continues to work on the numerous post-close-of-fact-discovery issues raised by plaintiffs in order to resolve them without Court intervention.

Mark Zuckerberg – The Ninth Circuit has scheduled oral argument on December 5, 2025, regarding Meta's Petition for a Writ of Mandamus regarding the Court's prior order denying Meta's motion for relief from the Order allowing the deposition of Mark Zuckerberg.

Dinkar Jain – The parties have agreed to a deposition in January 2026.

## II. UPDATE ON DISCOVERY STATUS

*Plaintiffs' Statement*

### A. Interrogatory No. 3

As discussed above, while Meta has yet to complete its response to Interrogatory No. 3, the parties have made significant progress since the last Case Management Conference. Plaintiffs disagree with Meta's statements below on this topic and can address the issue at the hearing if the Court has questions.

### B. Revenue-Related Requests

The parties continue to discuss revenue-related requests but it is not possible to fully resolve any dispute until Meta finally answers Interrogatory No. 3 in full. On their motion for class certification, one of Plaintiffs' damages experts submitted an expert report identifying methodologies for "Lower Bound," "Middle Bound," and "Upper Bound" damages calculations.

For the "Lower Bound," Meta has agreed to produce the documents that Plaintiffs seek but has not done so yet or provided a date by which it will do so. Assuming that Meta produces the documents that it has agreed to produce, there is no longer a dispute for this.

For the "Middle Bound," Plaintiffs' expert identified shortcomings with the current productions. To assist in the process, Plaintiffs have identified specific tables that can be used to produce appropriate documents and are willing to construct and execute the SQL queries necessary to extract the relevant information. In addition, on October 28, 2025, Meta produced documents suggesting that Tobias Wooldridge and other engineers engaged in the same type of exercise that Plaintiffs are proposing for the "Middle Bound." Specifically, Meta produced documents including a spreadsheet and a failed SQL query that strongly suggest that Meta and Wooldridge eventually successfully queried Meta's systems to identify revenue associated with domains using the detailed health-related classifications:

- In September 2023, Meta's Manish Singhal informed his fellow engineers that, after switching to a new classification system, Meta would "monitor a couple of metrics for impacted pixels, like … revenue from those pixels." PIXEL_HEALTH001381713,

- In July 2024, Wooldridge ran a query to join information from a revenue table and the domain classifications table via classifications. PIXEL_HEALTH001311592.

- In July 2024, Wooldridge created a spreadsheet calculating revenues in the ordinary course of business that contained a tab that, on its face appears to include revenue-related information significantly different than what Meta proposes to produce.

That is, Meta produced documents five months after the "close" of fact discovery that appear to show that its engineers have access to systems that are readily capable of being used to determine revenue from at-issue domains, broken down by the type of revenue directly alongside Meta's classifications. The documents also appear to show that Meta can make these precise revenue calculations on a domain-by-domain or advertiser-by-advertiser basis—and/or categorically, such as all Hospital domains. They also tend to show that Meta's engineers, including its go-to witness in this case, used those systems for precisely that purpose. Yet rather than using such systems here, Meta has produced raw and confusing data that requires extra layers of processing. Plaintiffs appreciate the raw data, which remains relevant. However, Meta should also use the tools that its engineers use in the ordinary course of business to provide responsive documents and answer interrogatories about revenue from healthcare providers— or, in the alternative, if Meta refuses, it should at least permit Plaintiffs to do it themselves.

Meta's position to this point is that discovery is closed and Plaintiffs are limited to revenue documents that Meta extracts from tables of its own choosing without any input from Plaintiffs. Meta

has also stated that it does not want to make seriatim productions of revenue data, so it is not producing any additional revenue data until the parties have aligned on a final list in response to Interrogatory No. 3. Plaintiffs agree that this is more efficient, and, if it remains necessary, intend to raise any dispute about the sources for revenue production once the final Interrogatory No. 3 list has been determined.

For the "Upper Bound," Meta has agreed to produce additional documents and an amended interrogatory answer that Plaintiffs hope can resolve the dispute, but Meta has not yet produced those.

Plaintiffs also note that they may seek to re-open 30(b)(6) testimony on health information revenue once Meta completes the document productions and serves its amended interrogatory answer. Plaintiffs disagree with Meta's statements below on this topic and can address the issue at the hearing if the Court has questions.

### C. **Spoliation**

Meta has acknowledged that it failed to preserve outputs from its secret processors and the Court has already found that Meta failed to preserve relevant Button Click data. Plaintiffs are not aware of any way that Meta can fully remediate this spoliation and Meta has not offered any viable method. Plaintiffs disagree with Meta's statements below on this topic and can address the issue at the hearing if the Court has questions.

### D. **Privilege Disputes**

The parties continue to work through privilege issues to reduce the number of disputes. Plaintiffs believe it would be more efficient for the parties to brief any privilege disputes at or around the same time, rather than seriatim, and are confident that the parties can work together to minimize the number of disputes and reduce burdens on the Court in resolving disputes as much as possible. Plaintiffs disagree with Meta's statements below on this topic and can address the issue at the hearing if the Court has questions.

*Meta's Statement*

### A. **Interrogatory No. 3**

Meta disagrees that it has yet to complete its response to Interrogatory No. 3. As Meta has repeatedly explained to plaintiffs, Meta does not have within its possession, custody, or control

information regarding whether a website or entity is covered by HIPAA or the CMIA. Judge DeMarchi already addressed the parties' dispute regarding the burden to identify covered entities, and the Pixel IDs associated with those entities; Judge DeMarchi's June 27, 2025 Order reiterated that it is plaintiffs' responsibility to "identify relevant Pixel IDs" based on the "multiple sets of information" Meta has produced, and rejected plaintiffs' argument that Meta is reasonably able or "required to investigate thousands, or hundreds of thousands, of entities to identify Pixel IDs for covered entities." Dkt. 1085 at 3.

Nonetheless, in accordance with Judge DeMarchi's instructions, Meta has produced various classifications of domains, apps, Pixel IDs, App IDs, and entities that plaintiffs could use to identify entities that are potentially relevant to this litigation. In addition to these productions, Meta has supplemented the related interrogatories. Most recently, on October 31, 2025, Meta served its Ninth Set of Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories providing additional information regarding one of the numerous types of classification data Meta has produced in discovery in this case. Meta is also working diligently to complete the recreation of additional classification data at the request of plaintiffs, which plaintiffs believe is relevant to Interrogatory No. 3.

### B. Privilege Disputes

Meta has diligently responded to the multitude of purported privilege challenges that plaintiffs have raised months after the June 6, 2025 deadline for fact discovery motions. Meta has responded to those challenges and worked in good faith to narrow those disputes. At this point, Meta does not know which entries in its privilege logs, if any, are still being challenged by plaintiffs. Meta continues to believe that plaintiffs' challenges to Meta's privilege logs served prior to the close of fact discovery are untimely, and Meta intends to oppose any request for leave from Judge DeMarchi to file any discovery motions concerning those privilege logs on timeliness grounds.

Meta has diligently responded to plaintiffs' concerns regarding a small number of documents that Meta has clawed back in recent months.

### C. Additional Requests for Revenue-Related Information

As plaintiffs explain above, there are no current disputes regarding revenue-related discovery. Although Meta does not agree that plaintiffs' expert's damages analyses and purported calculations reflect valid methodologies, Meta has already agreed to produce documents that plaintiffs claim are necessary for these calculations.[1] Additionally, as plaintiffs concede, Meta has already agreed to supplement its production of revenue data after the parties have aligned on a complete list of allegedly relevant Pixel IDs to use for these productions.

### D. Remediation Efforts

Plaintiffs once again mischaracterize Meta's position and falsely claim that there is no way for the identified issues to be remediated. *See, e.g.*, Dkt. 1199 (Oct. 28, 2025 CMC Statement); Dkt. 1178 (Sept. 30, 2025 CMC Statement). Setting aside the continued mischaracterization of its position in these CMC Statements, Meta has undertaken extensive remediation efforts and will continue to do so.

## III.  PENDING MOTIONS

*Motion for Class Certification*: On September 9, 2025, plaintiffs filed their motion for class certification. Dkts. 1152, 1153. Meta's opposition is due on December 9, 2025.

*Motion to Seal*: On September 30 and October 28, 2025, Meta filed motions to seal portions of the class certification motion and exhibits, which Plaintiffs opposed in part. *See* Dkts. 1176, 1182, 1203, 1214.

*Non-Party Motion to Unseal*: On October 29, 2025, non-party Jane Doe filed a motion to unseal portions of the motion for class certification and certain documents attached thereto. On November 12, 2025, Meta filed its opposition to the motion. On November 18, 2025, plaintiffs filed a statement in support of the motion. *See* Dkts. 1206, 1228, 1231. Non-party Jane Doe's reply is due on November 25, 2025. On November 25, 2025, Meta filed a motion to seal Meta's confidential information that Plaintiffs included in their response to the non-party motion. Plaintiffs' oppose Meta's motion to seal for the same reasons stated on prior motions, but will not be filing a formal opposition because Plaintiffs'

---

[1] Plaintiffs suggest that Meta has not produced the document it agreed to produce related to what plaintiffs' expert calls the "upper-bound" calculation. This is not correct. Meta produced this document on October 28, 2025.

1 position is that the Court's ruling on the underlying substantive motions to seal will determine whether
2 those sealing designations are proper.

| | | | |
|---|---|---|---|
| 1 | Dated: November 25, 2025 | By: | */s/ Lauren Goldman* |
| 2 | | | Lauren Goldman |

**GIBSON, DUNN & CRUTCHER LLP**
Lauren R. Goldman (*pro hac vice*)
  lgoldman@gibsondunn.com
Darcy C. Harris (*pro hac vice*)
  dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Tel:    (212) 351-4000
Fax:   (212) 351-4035

Elizabeth K. McCloskey (SBN 268184)
  emccloskey@gibsondunn.com
Abigail A. Barrera (SBN 301746)
  abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel:    (415) 393-8200
Fax:   (415) 393-8306

**LATHAM & WATKINS LLP**
Melanie M. Blunschi (Bar No. 234264)
  melanie.blunschi@lw.com
Kristin Sheffield-Whitehead (Bar No. 304635)
  kristin.whitehead@lw.com
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Tel:    (415) 391-0600

Andrew B. Clubok (*pro hac vice*)
  andrew.clubok@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Tel:    (202) 637-2200

Gary S. Feinerman (*pro hac vice*)
  gary.feinerman@lw.com
300 North Wabash Ave, Suite 2800
Chicago, IL 60611
Tel:    (312) 876-7700

*Attorneys for Defendant Meta Platforms, Inc.*

| | | |
|---|---|---|
| Dated: November 25, 2025 | By: | */s/ Jason 'Jay' Barnes* <br> Jason 'Jay' Barnes |

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
  jaybarnes@simmonsfirm.com
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel:   (212) 784-6400
Fax:   (212) 213-5949

By:   */s/ Geoffrey Graber*
   Geoffrey Graber

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Geoffrey Graber, State Bar No. 211547
  ggraber@cohenmilstein.com
1100 New York Avenue NW, Fifth Floor
Washington, DC 20005
Tel:   (202) 408-4600
Fax:   (202) 408-4699

Mark Vandenberg, (*pro hac vice pending*)
  mvandenberg@cohenmilstein.com
88 Pine Street, 14th Floor
New York, NY 10005
Tel: (212) 838-7797

By:   */s/ Beth E. Terrell*
   Beth E. Terrell

**TERRELL MARSHALL LAW GROUP PLLC**
Beth E. Terrell, State Bar No. 178181
  bterrell@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.:   (206) 816-6603
Fax:   (206) 319-5450

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
  koncius@kiesel.law
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel:   (310) 854-4444
Fax:   (310) 854-0812

-10-
JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:22-CV-03580-WHO (VKD)

**GIBBS MURA LLP**
Andre M. Mura, State Bar No. 298541
*amm@classlawgroup.com*
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.:   (510) 350-9700
Fax:   (510) 350-9701

*Attorneys for Plaintiffs and Putative Class*

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Jason Barnes, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: November 25, 2025        By:    */s/ Jason Barnes*