**MOGIN LAW LLP**
Daniel J. Mogin (SBN No. 95624)
Timothy Z. LaComb (SBN 314244)
4225 Executive Square, Suite 600
La Jolla, CA 92037
Telephone:    (619) 687-6611
Facsimile:    (619) 687-6610
dmogin@moginlawllp.com
tlacomb@moginlawllp.com

**DON BIVENS PLLC**
Don Bivens (*pro hac vice forthcoming*)
15169 N. Scottsdale Road, Suite 205
Scottsdale, AZ 85254
Telephone:    (602) 708-1450
don@donbivens.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION | Case No: 3:22-cv-3580-WHO (VKD) |
| | **REPLY IN SUPPORT OF NON-PARTY MOTION TO UNSEAL** |
| | Judge: Hon. William H. Orrick |
| This Document Relates to:<br><br>All Actions. | |

## INTRODUCTION

Non-Party Jane Doe ("Movant")[1] moved to unseal a narrow set of documents because she and the general public have significant interests in their disclosure. Plaintiffs in this case support Movant's efforts. Dkt. 1228. Defendant Meta opposes. But, in doing so, Meta fails to provide a compelling reason that either justifies sealing the documents or outweighs the strong federal policy and interests by the public and Movant that favor disclosure. Therefore, the Court should grant Movant's motion and unseal the requested documents. To the extent the Court determines any portion of the documents warrants sealing, the Court should order Meta to produce the documents to Movant under the Protective Order executed by the parties in the *ERC* Action.

## ARGUMENT

As the party opposing disclosure, Meta has the burden of providing a compelling reason for sealing the documents that outweighs the strong federal policy and significant interests that favor disclosure. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *Cahill v. Non-Party Media Orgs. Insider Inc.*, No. 24-165, 2025 LX 276254, at *5 (9th Cir. Mar. 18, 2025). Meta fails to do so.

Notably, Meta does not address the public's significant interest in the documents at all, which should prove fatal. As explained previously, the public has a particularly strong interest in understanding this case given that (i) Meta's unlawful data interception practices impact tens of millions of people across the country and (ii) orders issued in this case will impact numerous cases involving the Meta Pixel or similar tracking technologies pending throughout the country. Dkt. 1206. The public cannot understand this litigation or decisions made herein without understanding how the Meta Pixel and related data transmissions function, which is particularly true given this case will likely turn on how and when the Pixel intercepts browser data and transmits it to Meta. *See*, *e.g.*, Dkt. 1176-2 at 3-4, 8-9. Movant seeks to unseal precisely the information that will enable the public to understand this case, as her request is limited to expert

---

[1] Movant is the named plaintiff in *Doe v. Eating Recovery Center LLC*, Case No. 3:23-cv-05561-VC (the "*ERC* Action"), which is a CIPA class action involving the interception of communications by the Meta Pixel pending with Judge Chhabria.

1

REPLY ISO NON-PARTY MOTION TO UNSEAL; CASE NO. 3:22-cv-3580-WHO (VKD)

reports, depositions, and other documents cited as support for factual statements concerning the functionality of the Pixel. *See* Dkt. 1176-2 at 3-4, 8-9.

Meta argues that Movant lacks a particular interest in the documents because they "shed no light" on the primary issue in the *ERC* Action: whether Meta reads, attempts to read, or attempts to learn the contents of communications while in transit. Dkt. 1228 at 4. But this is demonstrably false. In a document filed by Meta *today*, Plaintiffs explain that, while the communications are in transit, Meta uses a pipeline (name redacted) and processors (number redacted) to "categorize[] users and their communications," including processors that "assign detailed health inferences to patients and their communications with healthcare providers." Dkt. 1238-2 at 2-3. Plaintiffs also explain that Meta "reads" certain information (explanation redacted), sends outputs to a destination (explanation redacted), and "scores" the communications with certain values (redacted) that it sends to Meta's "secret user profile database." *Id.* These processors and pipelines "are used to understand the meaning of communications" and, therefore, are directly relevant to whether and when Meta read, attempted to read, or attempted to learn the contents of Movant's communications. *Id.* Likewise, Meta admits in its opposition that the redacted materials pertain to, inter alia, its data storage systems, integrity systems, classification systems, and methods used to attempt to match data to a Facebook account. Dkt. 1228 at 2-3. These systems and methods are relevant to the timing and flow of the intercepted data, i.e., whether and when Meta read or learned the contents of Movant's communications.

Meta's filing today also provides new facts that further contradict discovery responses it provided to Movant in the *ERC* Action. Again, today's filing indicates that Meta creates substantive, well-populated "secret user profile database[s]." Dkt. 1238-2 at 2-3. Yet, Meta flatly denied creating such profiles in interrogatory responses provided in the *ERC* Action. Given the above, Movant has a significant interest in gaining prompt access to the requested documents.

Meta claims it carried its burden of rebutting the strong presumption in favor of disclosure by providing fact-specific, compelling reasons that support sealing the documents in two declarations. Dkt. 1228 at 2-3. But Meta largely misrepresents the content of the

declarations. As Movant highlighted in her opening brief, the declarations largely consist of the same boilerplate reasons for sealing without supporting factual detail or explanation. Such responses do not provide "compelling reasons" for sealing, meaning Meta did not carry its initial burden and sealing is improper.

Finally, Meta claims through broad generalities that disclosure of the information would put it at a competitive disadvantage and compromise its network infrastructure and security systems. Dkt. 1228 at 2-4. But this argument also fails. First, given the breadth of the redactions, it is virtually certain that much of the redacted information neither puts Meta at a competitive disadvantage nor compromises its security. Second, even assuming these arguments apply to some of the information at issue, Meta's reasons for sealing are outweighed by the strong federal policy and public interest favoring disclosure. Third, even where sealing is appropriate, Meta can produce this information to Movant under the Protective Order that Meta executed in the *ERC Action*, as this would both provide the protections Meta seeks and satisfy the Movant's interest in the material.

## CONCLUSION

For these reasons, as well as those articulated in her opening brief, Movant respectfully requests that the Court unseal the Motion for Class Certification (Dkt. 1152) and exhibits 2-3, 11, 15, 17 and 19 attached to the Declaration of Jason "Jay" Barnes Attaching Exhibits in Support of the Motion for Class Certification. Dkt. 1152-2. To the extent the Court declines to unseal these documents, Movant requests that the Court order Meta to produce these documents to Movant under the Protective Order in place in the *ERC* Action.

DATED: November 25, 2025

                **MOGIN LAW LLP**

                */s/ Timothy Z. LaComb*
                Timothy Z. LaComb (SBN 314244)
                Daniel J. Mogin (SBN 95624)
                4225 Executive Square, Suite 600
                La Jolla, CA 92037
                Telephone:   (619) 687-6611
                Facsimile:    (619) 687-6610
                dmogin@moginlawllp.com
                tlacomb@moginlawllp.com

**Don Bivens PLLC**
Don Bivens
15169 N. Scottsdale Road, Suite 205
Scottsdale, AZ 85254
Telephone:     (602) 708-1450
dmogin@moginlawllp.com

*Pro Hac Vice Application Forthcoming*

*Attorneys for Plaintiff Jane Doe*

4

REPLY ISO NON-PARTY MOTION TO UNSEAL; CASE NO. 3:22-cv-3580-WHO (VKD)