UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE META PIXEL HEALTHCARE LITIGATION**<br><br>This Document Relates To:<br><br>All Actions | Case No. 22-cv-03580-WHO<br><br>**ORDER ON MOTIONS TO SEAL AND THIRD-PARTY MOTION TO UNSEAL CLASS CERTIFICATION FILINGS**<br><br>Re: Dkt. Nos. 1154, 1155, 1182, 1188, 1206, 1213, 1219, 1232 |

A third-party has moved to unseal plaintiffs' Motion for Class Certification, as well as certain exhibits plaintiffs filed in support. *See* Dkt. No. 1206.[1] Plaintiffs support the third-party's motion and also argue in favor of unsealing a wide swath of information they filed conditionally under seal in support of their motion for class certification. *See* Dkt. Nos. 1182-3 (identifying 204 items plaintiffs contend should not remain under seal); 1225 (identifying excerpts from Dr. Hashmi that should be unsealed).

Meta responds that the redactions it seeks are necessary under the compelling justifications standard because the information at issue is "confidential business information" regarding how its pixel operates or operated. It contends it only intends to seal:

> specific, non-public content in the Statement that reflects confidential business information about Meta's (1) proprietary data storage systems, including the names of specific Hive tables and categories, how data flows through the systems, and how the systems are organized; (2) proprietary health-related integrity systems, including how those systems work; (3) proprietary classification systems and associated data processing tools (including the name of a specific classification system), the number of data processing tools Meta uses, and how those data processing tools work; and (4) proprietary ad delivery systems and matching technologies, including how those

---

[1] This matter is appropriate for determination on the papers and the December 3, 2025 hearing is VACATED. Civ. L.R. 7-1(b).

systems and technologies work.

Dkt. Nos. 1228, 1238.

As plaintiffs argue, how the Meta pixel and related systems operate or operated is at the heart of their motion for class certification and indeed at the heart of the merits of this case. Plaintiffs and the third-party also point out that how the Meta pixel and related systems operate or operated is highly relevant to hundreds of other pending cases. Dkt. Nos. 1182, 1206, 1225, 1237. At this juncture I see no justification, much less a compelling one, to continue to seal the names of systems, categories of data tracked and processed, and general details about how those systems operate, including the number of tools or filters used. This information is key for the public to understand the allegations, briefing, oral argument, and my eventual ruling on the motion for class certification.

My prior orders in this case allowed Meta to file some of this information under seal. Given its centrality to the merits of this and other cases, at this point a "more nuanced" approach to sealing is required. *See* Dkt. No. 1225 at 1 n.1. While Meta argues that its proposed redactions are narrowly tailored to redact only technical and critically competitive information, that is not accurate. Looking to the most recent of Meta's "Proposed Redacted Version of Plaintiffs' Statement in Support of Third Party Motion to Unseal (Dkt. No. 1232-3)" (Dkt. Nos. 1237, 1238), much of the information Meta seeks to seal relates generally to how Meta's systems operate and discloses Meta's internal comments and deposition testimony regarding how its systems connect PII of users to personalized ads. *See* Dkt. No. 1237 at 2:9, 2:12-23, 2:28-3:1 (ending with "processors"). None of that information satisfies the compelling justifications standard in light of its centrality to the merits of this case.

Considering the many declarations submitted by Meta in support of sealing, I am inclined to find that compelling justifications have been shown to justify sealing *only* the following: (1) source code; (2) table names or system paths that have not been publicly disclosed that could jeopardize the security of Meta's systems: (3) query-names and similar instructions that are key to operating these systems and the disclosure of which *would* cause Meta competitive harm.

Considering the importance of this information to Meta and acknowledging its competitive

sensitiveness, I will not unseal material at this time. Instead, Meta and plaintiffs' lead counsel shall meet and confer and by January 9, 2026, submit one, consolidated chart governing all information filed conditionally under seal in connection with plaintiffs' motion for class certification. In that chart, counsel shall identify by Docket Number and line number (*e.g.,* "Dkt. No. 1237 at 3:1 (table name)") information that counsel agree may be unsealed *or* may remain under seal for compelling justification shown. For each item on which counsel cannot agree (designated again by Docket number, page, and line), each side shall provide a concise explanation of their position. Meta shall also submit a declaration from a person most knowledgeable at Meta justifying continued sealing of each contested item identified.

With respect to the third-party's interests in accessing this information prior to January 2026, access to the conditionally sealed class certification materials could be provided to counsel for the third-party under the protective order issued in Judge Chhabria's case. Counsel for Meta shall address this proposed, interim solution at the December 2, 2025, Case Management Conference.

**IT IS SO ORDERED.**

Dated: December 1, 2025

William H. Orrick
United States District Judge

3