Lauren R. Goldman, *Admitted Pro Hac Vice*
lgoldman@gibsondunn.com
Darcy C. Harris, *Admitted Pro Hac Vice*
dharris@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone:    (212) 351-4000

Elizabeth K. McCloskey (SBN 268184)
emccloskey@gibsondunn.com
Abigail A. Barrera (SBN 301746)
abarrera@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: (415) 393-8200

*Attorneys for Defendant Meta Platforms, Inc.*

[*Additional Attorneys on Signature Block*]

Geoffrey Graber (SBN 211547)
ggraber@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, 8th Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Jason 'Jay' Barnes (SBN 362776)
jaybarnes@simmonsfirm.com
SIMMONS HANLY CONROY LLC
112 Madison Avenue, 7th Floor
New York, NY 10016
Telephone: (212) 784-6400
Facsimile: (212) 213-5949

*Co-Lead Counsel for Plaintiffs and the Proposed Class*

[*Additional Attorneys on Signature Block*]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-03580-WHO (VKD)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: January 6, 2026<br>Time: 2:00 p.m.<br>Courtroom: Videoconference<br>Judge: Hon. William H. Orrick |

Plaintiffs John Doe II, John Doe III, Jane Doe I, Jane Doe IV, Jane Doe V, Jane Doe IX, and Jane Doe X ("Plaintiffs") and Defendant Meta Platforms, Inc. ("Meta") (collectively, the "Parties"), by and through their respective counsel of record, hereby submit the following Joint Case Management Statement pursuant to Civil Local Rule 16-10 in advance of the Case Management Conference scheduled in the above-captioned case for January 6, 2026 at 2:00 P.M. via videoconference before the Honorable William H. Orrick, in Courtroom 2, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102.

The parties submitted a Joint Rule 26(f) report on September 28, 2022, and case management statements on six dates in 2023, six in 2024, and twelve in 2025. Dkts. 66, 167, 191, 234, 283, 317, 377, 409, 489, 572, 667, 707, 769, 853, 862, 911, 984, 1033, 1097, 1120, 1139, 1178, 1199, 1239.

## I.    JOINT STATEMENT ON PROGRESS

As requested by the Court during the August 5, 2025 Case Management Conference, the parties are beginning this Case Management Statement with "a paragraph describing their perspectives on the progress achieved since the last CMC." Dkt. 1125.

Plaintiffs' perspective is that although the parties have made progress, work remains. With respect to Interrogatory No. 3, Meta produced a large sample of data on December 19 demonstrating that, for any given Pixel ID, it can identify specific dates when it was receiving data from that Pixel. Meta has also told Plaintiffs that it expects to produce a second significant set of data in mid-January. On October 30, 2025, Meta served an amended answer to Interrogatory No. 3 providing additional information about its current healthcare provider domain classification systems. In addition, Plaintiffs have requested that Meta supplement its answer to Interrogatory No. 3 with a small targeted set of documents such as identification of the fields and field descriptions in the table where Meta stores healthcare provider classifications—and which Meta first identified on October 30, 2025. If Meta refuses to cooperate, Plaintiffs will seek appropriate relief. With respect to damages discovery, based on recent productions, Plaintiffs are hopeful that the parties will be able to work things out. However, as stated by both parties in the prior hearing, there are not yet any ripe disputes. Plaintiffs' position is that the damages issues will not be ripe until Interrogatory No. 3 is complete.

Meta's perspective is that, since the December 2 Case Management Conference, it has made and continues to make progress on plaintiffs' remaining—and newly-served—discovery requests. Since that conference, Meta has produced a significant volume of additional data requested by plaintiffs, addressed privilege log and clawback questions, addressed plaintiffs' new demands for more discovery, and supplemented its interrogatory responses. Meta continues to work diligently on the numerous post-close-of-fact-discovery issues raised by plaintiffs, in the hope that they can be resolved without Court intervention.

Meta filed its opposition to plaintiffs' class certification motion on December 9, 2025, and on December 19, 2025, Meta filed its motions to exclude certain purported expert analysis offered by plaintiffs in support of their motion for class certification. Plaintiffs' reply brief is due on February 11, 2026.

Mark Zuckerberg – The Ninth Circuit heard oral argument on December 5, 2025, regarding Meta's Petition for a Writ of Mandamus regarding the Court's prior order denying Meta's motion for relief from the Order allowing the deposition of Mark Zuckerberg. Meta's petition remains pending.

Dinkar Jain – The parties have agreed to a deposition in January 2026.

## II.    JOINT STATEMENT CASE SCHEDULE

Plaintiffs anticipate seeking an extension to file their Reply and related motions. Preliminary discussions with Meta indicate that it will likely not object. Plaintiffs' reason for the uncertainty on the length is that they are expecting a significant production of partially remediated data in January; and Plaintiffs are awaiting additional data and documentation relating to Meta's source code expert's report and Plaintiffs' source code expert will need additional time in the clean room to review the additional documentation. The parties are also working cooperatively to schedule depositions for Meta's proposed experts but have not yet completed that task.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:22-CV-03580-WHO (VKD)

### III.   UPDATE ON DISCOVERY STATUS

*Plaintiffs' Statement*

#### A. Meta's Failure to Preserve Certain Data

In the August 2025 Case Management Conference, the Court stated that it expected that Plaintiffs would notify the Court if and when any prejudice arose from Meta's failure to preserve Pixel Button Click or other data. That day has arrived. Meta's Opposition relies on its own discovery misconduct, including its failure to preserve Pixel Button Click and Intent data.

#### B. Additional Discovery Requests

On September 2, 2025, Meta implemented "Custom Conversion Health Restrictions," a purported change to how it treats certain information from healthcare providers.[1] Documents relating to this change are responsive to previously served RFPs and other discovery requests—and parties to litigation have a duty to supplement discovery. See Rule 26(e); *Arroyo v. Graham Packaging Co., L.P.*, 2023 WL 6470563, at *3 (E.D. Cal. Sept. 20, 2023) ("[T]here is no doubt that the duty to supplement under Rule 26(e) extends beyond the discovery cutoff date."). On October 21, 2025, Plaintiffs served three additional RFPs seeking documents specific to "Custom Conversion Health Restrictions," and the parties are negotiating the scope of Meta's response to those RFPs. At this point, Plaintiffs are hopeful that there will not be any disputes needing the Court's attention.

#### C. Meta's Supplementation of Timely Served Discovery (or Lack Thereof)

Meta's statement below implies that Interrogatory Nos. 3 and 17 are "additional discovery requests." This is incorrect. These requests were served well within the fact discovery period. Under Rule 26(e), a party has a duty to supplement "in a timely manner," even after the close of fact discovery, when "the party learns in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Plaintiffs' position is that Meta's answers to both requests remain deficient but Plaintiffs continue to work in good faith to obtain complete answers. For example, on October 30, 2025, Meta served an amended answer to Interrogatory No. 3 providing further

---

[1] https://www.developers.facebook.com/docs/meta-pixel/implementation/conversion-tracking/

-4-

information about its healthcare provider domain classifications that it produced in July 2025 and the table where they have been stored since at least October 2023. Plaintiffs requested a targeted set of supplemental discovery regarding that table and answer on December 22, 2025, and await Meta's response.

Finally, Meta states below that its position is that the parties' dispute leading to several updates to Magistrate Judge Demarchi is resolved. Plaintiffs believe that the parties are close, but not quite there yet.

### *Meta's Statement*

Despite the May 30, 2025 close-of-fact-discovery deadline, Meta is working diligently to address plaintiffs' continuing discovery requests in an effort to close out discovery without requiring additional Court intervention.

### A.  **Additional Discovery Requests**

On October 21, 2025, long after the close of fact discovery, plaintiffs served additional requests for production, and Meta served its responses and objections on November 20, 2025.  As plaintiffs note, the parties are negotiating a reasonable scope for Meta's responses to these requests.

Meta served a supplemental response to plaintiffs' interrogatory 17 on December 19, 2025, in response to plaintiffs' requests for additional information.  Meta had previously served a ninth supplemental response to plaintiffs' interrogatory 3 on October 30, 2025, and on December 22, 2025, plaintiffs responded with requests for even more information, which Meta is reviewing.  Meta disagrees that its responses to date are deficient.  For example, plaintiffs' claim that Meta "first identified on October 30, 2025" a table where Meta stores certain health-related classifications is misleading.  Meta produced data from that table five months earlier, on May 30, 2025—before the close of discovery in this case.  Meta then made a subsequent production from this table with additional data on July 18, 2025—at plaintiffs' request.  These productions address plaintiffs' questions regarding Meta's health-related classifications of domains, especially when considered in combination with the detailed supplemental response to interrogatory 3 that Meta provided regarding these particular classifications.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:22-CV-03580-WHO (VKD)

Nonetheless, Meta is reviewing plaintiffs' further requests and will continue to work with plaintiffs in good faith.

Meta's work for the remaining category of recreated data that Meta has agreed to provide is underway. Meta anticipates completing this re-creation soon.

On December 18, 2025, the parties filed a status report with Judge DeMarchi concerning the process to identify Pixel IDs associated with the domains identified in plaintiffs' motion for class certification and related revenue figures. Meta reported that it had agreed to produce additional event data to plaintiffs that will include Pixel IDs associated with domains that plaintiffs assert are relevant along with recreated classification data, as well as additional aggregated data. Meta produced one set of data on December 19, 2025, and anticipates making a further production in January 2026. Meta understands that plaintiffs will then identify the revised universe of Pixel IDs plaintiffs assert are relevant, and Meta will use this revised list of Pixel IDs for an additional production of revenue data. Accordingly, Meta believes this dispute has been resolved.

### B. Discovery Relied Upon in Meta's Opposition to Class Certification

Contrary to plaintiffs' assertions, Meta's Opposition to Class Certification does not "rel[y] on its own discovery misconduct"—and Meta disagrees that there was any misconduct. As footnote 3 of Meta's opposition brief explained, plaintiffs' spoliation claims do not and cannot cure their class certification problems.

## IV. JOINT STATEMENT ON PRIVILEGE DISPUTES

The parties continue to work towards resolving certain privilege disputes and have a current disagreement on a threshold issue regarding the timing of Meta's production of certain privilege logs and Plaintiffs' challenges to those logs. The parties are working in good faith to resolve that threshold issue this week and, if necessary, will promptly update the Court.

## V. PENDING MOTIONS

*Motion for Class Certification*: On September 9, 2025, plaintiffs filed their motion for class certification. Dkts. 1152, 1153. On December 9, 2025, Meta filed its opposition to Meta's motion for

class certification.  Dkts. 1251, 1252.  Plaintiffs' reply brief is due on February 11, 2026. As stated above, Plaintiffs will likely seek an extension.

*Rule 702 Motions*:  On December 19, 2025, Meta filed Rule 702 motions to exclude certain purported expert analysis offered by plaintiffs in support of their motion for class certification.  Dkts. 1257, 1258, 1259, 1260, 1261, 1262.  Plaintiffs' deadline to file Rule 702 motions in connection with the expert analysis offered by Meta in its opposition to plaintiffs' motion for class certification is January 28, 2026. As stated above, Plaintiffs will likely seek an extension.

Dated:  December 30, 2025          By:      */s/ Lauren Goldman*
                                            Lauren Goldman

                                            **GIBSON, DUNN & CRUTCHER LLP**
                                            Lauren R. Goldman (*pro hac vice*)
                                              *lgoldman@gibsondunn.com*
                                            Darcy C. Harris (*pro hac vice*)
                                              *dharris@gibsondunn.com*
                                            200 Park Avenue
                                            New York, NY 10166
                                            Tel:     (212) 351-4000
                                            Fax:     (212) 351-4035

                                            Elizabeth K. McCloskey (SBN 268184)
                                              *emccloskey@gibsondunn.com*
                                            Abigail A. Barrera (SBN 301746)
                                              *abarrera@gibsondunn.com*
                                            One Embarcadero Center, Suite 2600
                                            San Francisco, CA 94111
                                            Tel:     (415) 393-8200
                                            Fax:     (415) 393-8306

                                            **LATHAM & WATKINS LLP**
                                            Melanie M. Blunschi (Bar No. 234264)
                                              *melanie.blunschi@lw.com*
                                            Kristin Sheffield-Whitehead (Bar No. 304635)
                                              *kristin.whitehead@lw.com*
                                            505 Montgomery St., Suite 2000
                                            San Francisco, CA 94111
                                            Tel:     (415) 391-0600

                                            Andrew B. Clubok (*pro hac vice*)
                                              *andrew.clubok@lw.com*
                                            555 Eleventh Street, NW, Suite 1000
                                            Washington, D.C. 20004-1304
                                            Tel:     (202) 637-2200

                                            Gary S. Feinerman (*pro hac vice*)
                                              *gary.feinerman@lw.com*
                                            300 North Wabash Ave, Suite 2800
                                            Chicago, IL 60611
                                            Tel:     (312) 876-7700

                                            *Attorneys for Defendant Meta Platforms, Inc.*

Dated: December 30, 2025          By:     /s/ Jason 'Jay' Barnes
                                          Jason 'Jay' Barnes

                                          **SIMMONS HANLY CONROY LLC**
                                          Jason 'Jay' Barnes (admitted *pro hac vice*)
                                            *jaybarnes@simmonsfirm.com*
                                          112 Madison Avenue, 7th Floor
                                          New York, NY 10016
                                          Tel:     (212) 784-6400
                                          Fax:     (212) 213-5949

                                  By:     /s/ Geoffrey Graber
                                          Geoffrey Graber

                                          **COHEN MILSTEIN SELLERS & TOLL PLLC**
                                          Geoffrey Graber, State Bar No. 211547
                                            *ggraber@cohenmilstein.com*
                                          1100 New York Avenue NW, Fifth Floor
                                          Washington, DC 20005
                                          Tel:     (202) 408-4600
                                          Fax:     (202) 408-4699

                                          Mark Vandenberg, (*pro hac vice pending*)
                                            *mvandenberg@cohenmilstein.com*
                                          88 Pine Street, 14th Floor
                                          New York, NY 10005
                                          Tel: (212) 838-7797

                                  By:     /s/ Beth E. Terrell
                                          Beth E. Terrell

                                          **TERRELL MARSHALL LAW GROUP PLLC**
                                          Beth E. Terrell, State Bar No. 178181
                                            *bterrell@terrellmarshall.com*
                                          936 North 34th Street, Suite 300
                                          Seattle, WA 98103
                                          Tel.:     (206) 816-6603
                                          Fax:     (206) 319-5450

                                          **KIESEL LAW LLP**
                                          Jeffrey A. Koncius, State Bar No. 189803
                                            *koncius@kiesel.law*
                                          8648 Wilshire Boulevard
                                          Beverly Hills, CA 90211
                                          Tel:     (310) 854-4444
                                          Fax:     (310) 854-0812

                                          **GIBBS MURA LLP**

-9-

Andre M. Mura, State Bar No. 298541
*amm@classlawgroup.com*
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.:    (510) 350-9700
Fax:    (510) 350-9701

*Attorneys for Plaintiffs and Putative Class*

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:22-CV-03580-WHO (VKD)

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Lauren Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: December 30, 2025         By:     */s/ Lauren Goldman*

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:22-CV-03580-WHO (VKD)