# Exhibit 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-03580-WHO<br><br>**DECLARATION OF CLAIRE SCHAULIN IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Date Action Filed: June 17, 2022<br>Honorable William H. Orrick |

**DECLARATION OF CLAIRE SCHAUL IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**
Case No. 3:22-cv-03580-WHO

1        I, Claire Schaul, do declare and state as follows:

2               1.      I am Vice President, Media & Performance Marketing for Humana Inc. and

3    located in Chicago, Illinois.

4               2.      I make this declaration in support of Defendant Meta Platforms, Inc.'s

5    Administrative Motion to Consider Whether Another Party's Material Should be Sealed pursuant to

6    Civil Local Rules 7-11 and 79-5(c).  The Humana contracts attached to Defendant's Motion as

7    Exhibits 176-178 (the "Agency Agreements") contain confidential and proprietary information

8    regarding an ongoing, commercially sensitive business relationship. The confidential information

9    should be maintained under seal.

10              3.      I make this declaration on behalf of Non-Party Humana to provide the basis

11   for the Court to maintain the Agency Agreements under seal.  The Agency Agreements should

12   remain under seal because they contain sensitive commercial and proprietary information, the

13   disclosure of which would be harmful to Non-party Humana's business.  Specifically, the Agency

14   Agreements contain the contractual terms governing Humana's relationship with its advertising

15   agency and certain elements of Humana's advertising strategy.  Public disclosure of the Agency

16   Agreements would prejudice Non-party Humana's future negotiating positions with vendors from

17   whom Humana purchases advertising and with advertising agencies from whom Humana wishes to

18   solicit proposals.  The fact that the parties to the Agency Agreements bound themselves by

19   confidentiality and non-disclosure provisions is further evidence of the commercially sensitive

20   nature of their contents. *See* Ex. 176 § 7.3 ("Neither Humana nor Agency will disclose . . . the

21   terms of this Agreement"); Ex. 177 § 7.3 (similar).

22              4.      Except for those matters stated on information and belief, about which I am

23   informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if

24   called as a witness, I could and would competently testify to each of them.

25

26

27

28   **DECLARATION OF CLAIRE SCHAUL IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S
     ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD
     BE SEALED**
     Case No. 3:22-cv-03580-WHO

1            I declare under penalty of perjury under the laws of the United States of America

2    that the foregoing is true and correct to the best of my knowledge.

3    Executed on January __, 2026 in Chicago, Illinois.

4

5

6                    By: *Claire Schaul*

7                       Claire Schaul

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    **DECLARATION OF CLAIRE SCHAUL IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**
Case No. 3:22-cv-03580-WHO