1

**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
2    lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
3    dharris@gibsondunn.com
200 Park Avenue
4    New York, NY 10166
Telephone:    (212) 351-4000
5    Facsimile:    (212) 351-4035

6    ELIZABETH K. MCCLOSKEY, SBN
        268184
7    emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
8    abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
9    San Francisco, CA 94111
Telephone:    (415) 393-8200
10   Facsimile:    (415) 393-8306

11
*Attorneys for Defendant Meta Platforms,*
12   *Inc.*

**LATHAM & WATKINS LLP**
ANDREW B. CLUBOK (*pro hac vice*)
andrew.clubok@lw.com
555 Eleventh St., NW, Suite 1000
Washington, D.C. 20004-1304
Telephone:    (202) 637-2200

MELANIE M. BLUNSCHI, SBN 234264
melanie.blunschi@lw.com
KRISTIN I. SHEFFIELD-WHITEHEAD,
SBN 304635
kristin.whitehead@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone:    (415) 395-8129
Facsimile:    (415) 393-8095

13           UNITED STATES DISTRICT COURT

14          NORTHERN DISTRICT OF CALIFORNIA

15              SAN FRANCISCO DIVISION

16

17   IN RE META PIXEL HEALTHCARE
     LITIGATION
18   _____

19   This Document Relates to:

20   All Actions.

21

22

Case No. 3:22-cv-3580-WHO (VKD)

**DECLARATION OF LAUREN R.
GOLDMAN IN SUPPORT OF
META'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL**

The Honorable William H. Orrick

23

24

25

26

27

28
DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF META'S ADMINISTRATIVE MOTION TO
FILE UNDER SEAL
CASE NO. 3:22-CV-03580-WHO (VKD)
1

1    I, Lauren R. Goldman, state and declare as follows:

2    1.    I am an attorney licensed to practice in the State of New York. I am a partner at

3    the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc.

4    ("Meta") in these actions. I am admitted *pro hac vice* to practice before this Court. I am familiar

5    with Meta's treatment of proprietary and confidential information based on my personal

6    experience representing Meta.[1] I have personal knowledge of the facts stated below and, if called

7    as a witness, I could and would testify competently thereto.

8    2.    I submit this declaration under Local Rule 79-5 in support of Meta's Omnibus

9    Administrative Motion to File Under Seal Meta's Motions to Exclude Plaintiffs' Class

10   Certification Experts I. Glenn Cohen, Dr. Zubair Shafiq, Hal J. Singer, Ph.D, Todd A. Zigrang,

11   and Drs. Kate Barasz and Kathleen Vohs and their supporting exhibits (the "Motions and

12   Exhibits"). Dkt. No. 1263. Pursuant to the Court's Order at Dkt. No. 1255, Meta filed the Motions

13   and Exhibits provisionally under seal in their entirety on December 19, 2025. Meta now submits

14   this declaration in support of sealing narrowly tailored portions of the Motions and Exhibits. These

15   redactions relate to specific, non-public content in the Motions and Exhibits that reflect field names

16   in Meta's proprietary data storage systems and contact information for Meta employees and third

17   parties.[2]

18

---

19   [1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel

20   submitted pursuant to Local Rule 79-5. *See, e.g.*, *Avago Techs. Fiber IP (Singapore) PTE. Ltd., v. IPtronics Inc.*, No. 5:10-cv-02863-EJD, Dkt Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., v. OpenTV Inc.*, No. 5:13-cv-00282-EJD, Dkt. Nos.

21   76, 82 (N.D. Cal. Oct. 8, 2013). I am personally familiar with Meta's practices of safeguarding proprietary information, including based on my experience representing Meta for many years,

22   but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

23

24   [2] The Court has already found compelling justifications have been shown to justify sealing: "(1) source code; (2) table names or system paths that have not been publicly disclosed that could jeopardize the security of Meta's systems; and (3) query-names and similar instructions

25   that are key to operating these systems and the disclosure of which *would* cause Meta competitive harm." Dkt. 1241 at 2 (emphasis in original). If the Court determines that

26   further justification is needed for sealing any of the information Meta seeks to seal in the Opposition and Exhibits, Meta respectfully requests that it be permitted to file a further

27   declaration or declarations in support of sealing that information.

28   DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF META'S ADMINISTRATIVE MOTION TO
FILE UNDER SEAL
CASE NO. 3:22-CV-03580-WHO (VKD)

1    3.    Meta meets the "compelling reasons" standard for sealing material filed in

2    connection with a motion for class certification. *Eng. v. Apple Inc.*, No. 14-CV-01619-WHO,

3    2015 WL 13427750 (N.D. Cal. Aug. 6, 2015); *see also, e.g., Yan Mei Zheng v. Toyota Motor*

4    *Corp.*, No. 17-CV-06591-BLF, 2019 WL 6841324 (N.D. Cal. Dec. 16, 2019); *Adtrader, Inc. v.*

5    *Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6391210 (N.D. Cal. Mar. 24, 2020).  Under this

6    standard, the public's right to inspect and access court records "can be overridden given

7    sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto Ins. Comp.*, 331 F.3d

8    1122, 1135 (9th Cir. 2003).  Meta is asking to seal only information which provides insight into

9    specific, non-public field names and contact information for Meta employees and third parties.

10    4.    Sealing is appropriate here for several reasons.  *First*, Meta's sealing request is

11    "narrowly tailored to seek sealing only of sealable material." *Singh v. Costco Wholesale Corp.*,

12    No. 20-CV-08180-NC, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023).  Meta asks the Court

13    to seal only those parts of the Motions and Exhibits which reveal Meta's most proprietary,

14    commercially sensitive, and confidential information.  *Second*, as the Supreme Court has

15    recognized, the public right of access to court records may be limited when those records could be

16    used "as sources of business information that might harm a litigant's competitive standing." *Nixon*

17    *v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also* Dkt. No. 157 at 3 (the Court in this

18    case confirming that "competitive harm is a compelling reason to seal").  Meta is likely to suffer

19    harm if highly confidential information regarding these non-public fields and contact information

20    of Meta employees and third parties is made public.  Further, the information in Meta's narrow

21    redactions is not critical to the public's understanding of this case.

22    5.    Competitive harm is likely if Meta's highly confidential information is made

23    public.  Meta operates in an intensely competitive marketplace and has serious and legitimate

24    concerns that competitors will exploit any release of Meta's sensitive, proprietary information to

25    gain a competitive advantage.  Disclosure of the information Meta seeks to seal would provide

26    these competitors with unfair insight into how Meta's systems are designed and operate, giving

27

28    DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF META'S ADMINISTRATIVE MOTION TO
FILE UNDER SEAL
CASE NO. 3:22-CV-03580-WHO (VKD)

1   competitors the ability to "duplicate features of" Meta's systems and technical infrastructure

2   "which could cause competitive harm." *In re Google Inc. Gmail Litig.,* 13–MD–02430–LHK,

3   2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding "compelling reasons to seal" materials

4   relating to "descriptions of how Gmail operates").  Further, the information regarding Meta's non-

5   public field names is sufficient to give Meta's competitors insight into how Meta's systems are

6   designed and operate.  *Cf In re Google Location Hist. Litig.,* 514 F. Supp. 3d 1147, 1163 (N.D.

7   Cal. 2021) (denying motion to seal the term "Data store" because "'Data store' is extremely broad"

8   and that "stating that 'data is stored in a data store' is really no more specific or revealing than

9   stating that Google stores data").  And disclosure of Meta employees' contact information,

10  including email addresses, could cause Meta employees to be inundated with harmful or irrelevant

11  emails from outside Meta, which would disrupt Meta's operations and cause Meta competitive

12  harm.

13          6.      Courts routinely seal the specific types of information Meta seeks to seal here.  For

14  example, in *Bottoms v. Block, Inc.*, the court found that compelling interests warranted sealing of

15  specific fields in Block's database.  *See* No. 2:23-CV-01969-MJP, 2025 WL 774913, at *1 (W.D.

16  Wash. Mar. 11, 2025) (compelling interests warrant sealing "the confidential name of a Block

17  database used to store information related to the Cash App Invite Friends program, and the

18  confidential names and descriptions of certain fields of data stored in the database").  Similarly, in

19  *Calhoun v. Google LLC*, the court granted a motion to seal "sensitive features of Google's internal

20  systems and operations, including the various types of data sources which include information

21  related to Google's data logs, internal data structures, internal identifiers and their proprietary

22  functions.  No. 20-CV-05146-YGR (SVK), 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022);

23  *see also, e.g. Ojmar US LLC v. Sec. People, Inc.,* No. 16-cv-04948-HSG, 2016 WL 6091543 (N.D.

24  Cal. Oct. 19, 2016), at *2 (noting protections afforded by courts within the Ninth Circuit are broad

25  and extend to "confidential information regarding [a defendant's] products, services, and business

26  practices").  Further, Meta's proposed redactions are limited to the categories this Court has

27

28

1    permitted Meta to seal (Dkt. No. 1249) and to information that is similar to that which the parties

2    have agreed Meta may continue to redact in the Motion for Class Certification (Dkt. No. 1270).

3           7.       Meta proposes narrowly tailored redactions that would keep only its most sensitive,

4    non-public material sealed.  Meta's position regarding material in the Motions and Exhibits that

5    should be sealed is set forth in the following table:

6

| Document | Portions of Document to Be Sealed | Designating Party | Reason for Redaction |
|---|---|---|---|
| Defendant Meta Platforms, Inc.'s Motion to Exclude Certain Opinions of Plaintiffs' Class Certification Expert Zubair Shafiq, Ph.D (Dkt. No. 1263-2) | Page 11, lines 14-15 (highlighted in Dkt. No. 1286) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the name of a specific field.  If this information were disclosed, it would competitively harm Meta.  This Court has previously ordered this type of information to be sealed.  *See, e.g.*, Dkt. Nos. 799, 822, 824, 829, 880. |
| Exhibit 8 (Dkt. No. 1263-13) | Parts of page 1, chart (first rows, second, third, fourth, fifth, and sixth columns) (highlighted in Dkt. No. 1286-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the names of specific fields.  If this information were disclosed, it would competitively harm Meta.  This Court has previously ordered this type of information to be sealed.  *See, e.g.*, Dkt. Nos. 799, 822, 824, 829, 880. |
| Exhibit 10 (Dkt. No. 1263-15) | Parts of page 1, chart (second row, second column) (highlighted in Dkt. No. 1286-2) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's proprietary data storage systems, including the name of a specific field.  If this information were disclosed, it would competitively harm Meta.  This Court has |

28

| | | | |
|---|---|---|---|
| | | | previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 799, 822, 824, 829, 880. |
| Exhibit 26 (Dkt. No. 1263-31) | Parts of page 1, "From" line; "To" line; "CC" line (highlighted in Dkt. No. 1286-3) | Meta | This text should be redacted because it reflects contact information for Meta employees and third parties. If this contact information were publicly disclosed, Meta's employees and the third parties may be inundated with harmful or irrelevant emails, which would disrupt their operations, and present a security risk. This Court has previously ordered this type of information to be sealed. *See, e.g.,* Dkt. Nos. 828, 830, 834, 835, 880. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 30th day of January 2026 in New York, New York.

**GIBSON, DUNN & CRUTCHER LLP**

By:   */s/ Lauren R. Goldman*
          Lauren R. Goldman