Jason 'Jay' Barnes (admitted *pro hac vice*)
 jaybarnes@simmonsfirm.com
**SIMMONS HANLY CONROY LLC**
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel:    212-784-6400
Fax:    212-213-5949

Jeffrey A. Koncius, State Bar No. 189803
 koncius@kiesel.law
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel:    310-854-4444
Fax:    310-854-0812

*Attorneys for Plaintiffs and the Proposed Classes*

Geoffrey Graber, State Bar No. 211547
 ggraber@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue NW, Suite 800
Washington, DC 20005
Tel:    202-408-4600
Fax:    202-408-4699

Beth E. Terrell, State Bar No. 178181
 bterrell@terrellmarshall.com
**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.:   206-816-6603
Fax:    206-319-5450

Andre M. Mura, State Bar No. 298541
 amm@classlawgroup.com
**GIBBS MURA LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.:   510-350-9700
Fax:    510-350-9701

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-03580-WHO (VKD)<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS SUBMITTED WITH META'S OPPOSITION TO CLASS CERTIFICATION**<br><br>Hon. William H. Orrick |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiffs respectfully submit this administrative motion to seal portions of exhibits attached by Meta to its Opposition to Class Certification.[1] Plaintiffs seek only to seal personally identifiable information of the Named Plaintiffs or non-parties.

## II. ARGUMENT

A party seeking to seal material in connection with a motion for class certification must show "compelling reasons" sufficient to overcome the "strong presumption in favor of access" to materials in a public case. See Dkt. 1241, applying "compelling reasons" test to the instant motion. The right, however, "is not absolute." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

Here, Plaintiffs seek only to seal personally identifiable information of the Named Plaintiffs or non-parties that are included within exhibits Meta attached to its opposition to Plaintiffs' motion for class certification.[2] The Court has previously ruled that there are compelling reasons to seal this information in this particular case. In Dkt. 930, the Court rejected Meta's motion to un-mask the identifiers of the Named Plaintiffs, explaining that "requiring plaintiffs to proceed using their actual names – when their health care entities have already been disclosed and when their private health care information will be publicly discussed – will arguably cause a further and greater privacy intrusion." *Id*. at 2, citing *Doe v. UNUM Life Ins. Co. of Am.*, 164 F.Supp.3d 1140, 1145 (N.D. Cal. 2016), which recognizes that the "most compelling situations [in which plaintiffs are allowed to proceed anonymously] include "where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity."

In Dkt. 1083, the Court granted Plaintiffs' motion to seal medical information of the now dismissed named Plaintiff Jane Doe VII—even when she was still protected by pseudonym. Dkt. 1083 at 1, n. 1. However, the Court's earlier order at Dkt. 905 expressed that "once the merits of plaintiffs' claims are tested, … the medical information disclosed or received by Meta will be discussed in open court when the parties argue about the strength of plaintiffs' claims, as necessary to allow the public to understand

---

[1] Plaintiffs acknowledge this Motion is filed after the Court's Friday, January 23, 2026 deadline. Plaintiffs submit this Motion consistent with their Notice and Request for Leave to File Sealing Papers by January 30, 2026. *See* Dkt. 1281 (filed Monday, January 26, 2026).

[2] This information is set forth in the Declaration of Jay Barnes (Exhibit 1), filed herewith.

1

PLAINTIFFS' ADMIN MOTION TO SEAL DOCS IN META'S OPP TO CLASS CERT
Case No. 3:22-cv-03580-WHO (VKD)

[the Court's] rulings … But it is unnecessary to publicly link that information with an individual at this stage in the case." *Id.* at 3. The Court found that there was no prejudice to Meta in permitting the plaintiffs to proceed under pseudonym—and that the public interest weighs strongly in favor of it, explaining:

> Requiring plaintiffs who seek to vindicate their privacy rights to publicly link their names to the information they seek to protect—allegedly sensitive information that has not already been widely disclosed—is against the public interest, as it could dissuade plaintiffs from brining privacy cases. While plaintiffs' names are irrelevant to the public's understanding of this case, the medical information they disclosed is key.

Id. at 4, citing *Jane Roes 1-2 v. SFBSC Mgmt, LLC*, 77 F.Supp.3d 990, 996 (N.D. Cal. 2015) ("There is nothing about the plaintiffs' identifies that makes it critical to the working of justice to reveal those identities. Anonymity, in other words, does not in this case threaten the principle of open courts.")

Finally, at Dkt. 1241 (Dec. 1, 2025), the Court ruled that "at this point [in the case], a 'more nuanced' approach to sealing is required." Consistent with that instruction, Plaintiffs now primarily only seek to seal that information which could reveal their identities and no longer seek to seal information about medical information or other communications. As the Court previously explained, the "plaintiffs' names are irrelevant to the public's understanding of this case[.]" Dkt. 903 at 3. Nothing has changed. In fact, Meta wisely chose not to challenge adequacy or typicality on the underlying motion. However, if Meta opposes this motion and/or the Court is inclined to reconsider its earlier decision on pseudonymity, Plaintiffs would seek leave to move to seal specifics of the medical information disclosed. See Plaintiffs' position on Exhibits 84-108, stating, "Plaintiffs do not seek to seal any information in this exhibit if Plaintiff names remain sealed. However, if Plaintiff names are unsealed, Plaintiffs request to redact all communications associated with them."

Plaintiffs also seek to seal identifiable information about non-parties. This includes the names or other identifiable information of non-parties who are included in exhibits of Facebook posts that Meta included as exhibits in its opposition. And it also includes Exhibit 100, which contains information about *dismissed* plaintiff Jane Doe XI's DYI ad preferences.

### CONCLUSION

Plaintiffs respectfully request that the Court grant Plaintiffs' Administrative Motion to Seal.

DATED: January 30, 2026

DATED: January 30, 2026

By: _____

Jason "Jay" Barnes (SBN 362776)
*jaybarnes@simmonsfirm.com*
**SIMMONS HANLY CONROY LLC**
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel: 212-784-6400
Fax: 212-213-5949

**CERTIFICATE OF SERVICE**

I, Jason "Jay" Barnes, hereby certify that on January 30, 2026, I caused to be electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which will send electronic notification to all counsel of record.

Dated: January 30, 2026                By:    */s/ Jason "Jay Barnes*