| | |
|---|---|
| Jason 'Jay' Barnes (admitted *pro hac vice*)<br>  jaybarnes@simmonsfirm.com<br>**SIMMONS HANLY CONROY LLC**<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Tel:   212-784-6400<br>Fax:   212-213-5949 | Geoffrey Graber, State Bar No. 211547<br>  ggraber@cohenmilstein.com<br>**COHEN MILSTEIN SELLERS & TOLL PLLC**<br>1100 New York Avenue NW, Suite 800<br>Washington, DC 20005<br>Tel:   202-408-4600<br>Fax:   202-408-4699 |
| Jeffrey A. Koncius, State Bar No. 189803<br>  koncius@kiesel.law<br>**KIESEL LAW LLP**<br>8648 Wilshire Boulevard<br>Beverly Hills, CA 90211<br>Tel:   310-854-4444<br>Fax:   310-854-0812 | Beth E. Terrell, State Bar No. 178181<br>  bterrell@terrellmarshall.com<br>**TERRELL MARSHALL LAW GROUP PLLC**<br>936 North 34th Street, Suite 300<br>Seattle, WA 98103<br>Tel.:   206-816-6603<br>Fax:   206-319-5450 |
| *Attorneys for Plaintiffs and the Proposed Classes* | Andre M. Mura, State Bar No. 298541<br>  amm@classlawgroup.com<br>**GIBBS MURA LLP**<br>1111 Broadway, Suite 2100<br>Oakland, CA 94607<br>Tel.:   510-350-9700<br>Fax:   510-350-9701 |

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-03580-WHO (VKD)<br><br>**PLAINTIFFS' OPPOSITION TO META'S MOTION TO SEAL DOCUMENTS SUBMITTED BY META IN ITS OPPOSITION TO CLASS CERTIFICATION**<br><br>Hon. William H. Orrick |

## I. INTRODUCTION

As Plaintiffs previously explained, and as this Court acknowledged, the operation of the Pixel and related systems is at the heart of Plaintiffs' motion for class certification and the merits of this case. Plaintiffs do not dispute that such information has been a closely guarded secret that, until un-sealing occurs in this case, was not known by anyone outside of Meta. However, it is also crucial for the public to understand the nature and facts of this case. In its recent Order regarding sealing, the Court identified three compelling justifications for sealing: "(1) source code; (2) table names or system paths that have not been publicly disclosed that could jeopardize the security of Meta's systems; and (3) query-names and similar instructions that are key to operating systems and the disclosure of which *would* cause Meta competitive harm." Dkt. 1241, emphasis in original. Simultaneously, the Court declined "to continue to seal the names of systems, categories of data tracked and processed, and general details about how those systems operate, including the number of tools or filters used." *Id.*

Meta's most recent sealing request (Dkt. 1278) seeks to seal materials that fall outside the narrow categories of compelling justifications identified by the Court, and instead within the categories the Court has already declined to seal. Plaintiffs identify these materials in the attached Exhibit 1, which specifies the portions they oppose and the bases for their opposition. For the reasons explained below and in Exhibit 1, Plaintiffs oppose Meta's motion to seal.

## II. ARGUMENT

The Ninth Circuit demands that Meta demonstrate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *McCurley v. Royal Seas Cruises, Inc.*, 2018 WL 3629945, at *2 (S.D. Cal. Jul. 18, 2018). In determining whether compelling reasons exist, "courts should consider all relevant factors, including: the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material[.]" *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003) (cleaned up). Here, although the information is secret, Meta makes only speculative claims of competitive harm that fall short of the three compelling reasons identified by the Court and which

do not outweigh the public's undeniable right to access the at-issue information in this case:

In <u>Exhibits 66, 81, and 82</u> (Dkt. 1251-8), Meta seeks to seal field, column, and table names that reveal neither source code, system paths, nor query instructions capable of causing competitive harm. By contrast, they are highly relevant to understanding how Meta collected, stored, and processed health information, going to the core of the issues in this case

In <u>Exhibits 219-227</u> (Dkt. 1251-13), Meta seeks to seal the entirety of Named Plaintiff Data that directly illustrates the types of information Meta intercepted, stored, and used; information at the core of the misconduct at issue.[1] The materials do not reveal source code, system paths, or query instructions capable of causing competitive harm.

In the <u>Zervas Report</u> (Dkt. 1251-14) Meta seeks to seal general narrative descriptions of Meta's systems and filters, which the Court declined to seal; the names of tables and scripts that do not fall within the three categories identified in the Court's order; and information Meta previously agreed to unseal. *See* Dkt. 1241; Exhibit 1.

In sum, Meta has not met its burden to offer specific factual findings demonstrating compelling reasons to seal the materials identified in Exhibit 1. Nor do Meta's sealing requests fall within the categories recognized by the Court's Order at Dkt. 1241. Ultimately, the public's strong interest in accessing this highly relevant, core-to-the-case information outweighs Meta's preference for maintaining secrecy. Plaintiffs respectfully request that the Court deny Meta's motion with respect to the exhibits discussed above and identified in Exhibit 1.

---

[1] Plaintiffs do not oppose sealing any portions of Exhibits 219–227 that contain information that is identifiable to Plaintiffs, including their names; device, browser, and cookie identifiers; and location information. Because these Exhibits do not contain line numbers or other features that allow Plaintiffs to pinpoint the specific portions that should remain under seal, Plaintiffs request that, in the event the Court does not grant Meta's sealing motion, Plaintiffs be permitted to meet and confer with Meta to prepare and submit targeted sealing designations.

1 | DATED: January 30, 2026

2 | By: *[signature: Jay B.]*

3
4
5
6
7

        Jason "Jay" Barnes (SBN 362776)
        *jaybarnes@simmonsfirm.com*
        **SIMMONS HANLY CONROY LLC**
        112 Madison Avenue, 7th Floor
        New York, NY 10016
        Tel:    212-784-6400
        Fax:   212-213-5949

# CERTIFICATE OF SERVICE

I, Jason "Jay" Barnes, hereby certify that on January 30, 2026, I caused to be electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which will send electronic notification to all counsel of record.

Dated: January 30, 2026       By:     */s/ Jason "Jay Barnes*