**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

**LATHAM & WATKINS LLP**
ANDREW B. CLUBOK (*pro hac vice*)
andrew.clubok@lw.com
555 Eleventh St., NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200

MELANIE M. BLUNSCHI, SBN 234264
melanie.blunschi@lw.com
KRISTIN I. SHEFFIELD-WHITEHEAD, SBN 304635
kristin.whitehead@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-8129
Facsimile: (415) 393-8095

*Attorneys for Defendant Meta Platforms, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE META PIXEL HEALTHCARE LITIGATION

This Document Relates To:

All Actions

Case No. 3:22-cv-03580-WHO (VKD)

**DEFENDANT META PLATFORMS, INC.'S NOTICE OF ERRATA ATTACHING AMENDED WOOLDRIDGE DECLARATION IN SUPPORT OF META'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Defendant Meta Platforms, Inc. ("Meta") hereby submits this Notice of Errata to correct certain inadvertent mistakes in the Declaration of Tobias Wooldridge that was filed on December 9, 2025 in support of Meta's opposition to plaintiffs' motion for class certification (Dkt. 1251-2. A1-1 to A1-17, the "Original Declaration"). This errata is being submitted after consultation with Mr. Wooldridge about his Original Declaration to understand what led to the mistakes.

In drafting the Original Declaration, Mr. Wooldridge relied on his recollection that the sales vertical classification system was used to block Automatic Events starting in 2017. When he prepared his Original Declaration, Mr. Wooldridge mistakenly recalled that the sales vertical used for this purpose in 2017 was the "Healthcare, Pharmaceuticals, and Biotech" sales vertical and when he provided the three healthcare companies in Paragraph 37 as examples, he confirmed that they were included in that sales vertical. Upon review of Ex. 87, which was filed in support of plaintiffs' reply in support of their motion for class certification, and his subsequent investigation, Mr. Wooldridge's recollection was refreshed, and he remembered that there were actually two sales sub-verticals that pre-dated the "Healthcare, Pharmaceuticals, and Biotech" sales vertical (called "Family & Health" and "Pharmaceutical/Health"), and that it was the "Pharmaceutical/Health" sales sub-vertical that was used to try to block Automatic Events starting in 2017 before the "Healthcare, Pharmaceuticals, and Biotech" sales vertical existed. During his investigation, Mr. Wooldridge also determined that since the three example healthcare companies he provided in his Original Declaration were classified within the "Family & Health" sales sub-vertical instead of the "Pharmaceutical/Health" sales sub-vertical, they were not blocked from sending Automatic Events starting in 2017. Finally, Mr. Wooldridge realized that a database migration referenced as occurring in October 2020 in fact occurred two months earlier, in August 2020.

As a result, Mr. Wooldridge has provided amendments to the Original Declaration to correct these inadvertent errors and provide clarification where needed. In particular, amendments were made to the following paragraphs in the Original Declaration: ¶¶ 3, 4, 10, 27, 32-37, 44, 46, 53. If the Court grants Meta's request to provide a Supplemental Declaration (Dkt. 1334), a more detailed explanation of these issues will be provided.

Dated: May 27, 2026

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Lauren R. Goldman*
Lauren R. Goldman

*Attorneys for Meta Platforms, Inc.*