**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

**LATHAM & WATKINS LLP**
ANDREW B. CLUBOK (*pro hac vice*)
andrew.clubok@lw.com
555 Eleventh St., NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200

MELANIE M. BLUNSCHI, SBN 234264
melanie.blunschi@lw.com
KRISTIN I. SHEFFIELD-WHITEHEAD, SBN 304635
kristin.whitehead@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-8129
Facsimile: (415) 393-8095

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE META PIXEL HEALTHCARE LITIGATION

This Document Relates to:

All Actions.

Case No. 3:22-cv-3580-WHO (VKD)

**DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**

The Honorable William H. Orrick

I, Lauren R. Goldman, state and declare as follows:

1. I am an attorney licensed to practice in the State of New York. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in these actions. I am admitted *pro hac vice* to practice before this Court. I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration under Local Rule 79-5 in support of plaintiffs' Administrative Motions to Consider Whether Another Party's Materials Should be Sealed. Dkt. No 1365. Meta seeks to seal narrowly tailored portions of the exhibits to the Notice of Errata Exhibits Regarding Corrected Exhibits to the Reply Declaration of Jason "Jay" Barnes in Support of Plaintiffs' Motion for Class Certification (the "Corrected Exhibits"). These redactions relate to specific, non-public content in the Corrected Exhibits that reflect (1) Meta's highly confidential Source Code; (2) Meta's proprietary data storage systems (including the names of specific non-public Hive tables); and (3) employee contact information.[2] Meta's redactions to the Corrected Exhibits generally mirror its redactions to the originally filed versions of the exhibits (*see* Dkt. No.

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *Avago Techs. Fiber IP (Singapore) PTE. Ltd., v. IPtronics Inc.*, No. 5:10-cv-02863-EJD, Dkt Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., v. OpenTV Inc.*, No. 5:13-cv-00282-EJD, Dkt. Nos. 76, 82 (N.D. Cal. Oct. 8, 2013). I am personally familiar with Meta's practices of safeguarding proprietary information, including based on my experience representing Meta for many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

[2] The Court has already found compelling justifications have been shown to justify sealing: "(1) source code; (2) table names or system paths that have not been publicly disclosed that could jeopardize the security of Meta's systems; and (3) query-names and similar instructions that are key to operating these systems and the disclosure of which *would* cause Meta competitive harm." Dkt. 1241 at 2 (emphasis in original). If the Court determines that further justification is needed for sealing any of the information Meta seeks to seal in the Corrected Exhibits, Meta respectfully requests that it be permitted to file a further declaration or declarations in support of sealing that information.

1342). However, Meta has added redactions to the Corrected Exhibits to sections that were not in the originally filed versions.

3. Meta meets the "compelling reasons" standard for sealing material filed in connection with a motion for class certification. *Eng. v. Apple Inc.*, No. 14-CV-01619-WHO, 2015 WL 13427750 (N.D. Cal. Aug. 6, 2015); *see also, e.g., Yan Mei Zheng v. Toyota Motor Corp.*, No. 17-CV-06591-BLF, 2019 WL 6841324 (N.D. Cal. Dec. 16, 2019); *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6391210 (N.D. Cal. Mar. 24, 2020). Under this standard, the public's right to inspect and access court records "can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto Ins. Comp.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Meta is asking to seal only information which provides insight into non-public aspects of (1) Meta's highly confidential Source Code; (2) Meta's proprietary data storage systems (including the names of specific non-public Hive tables); and (3) employee contact information.

4. Sealing is appropriate here for several reasons. *First*, Meta's sealing request is "narrowly tailored to seek sealing only of sealable material." *Singh v. Costco Wholesale Corp.*, No. 20-CV-08180-NC, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023). Meta asks the Court to seal only those parts of the Corrected Exhibits which reveal Meta's most proprietary, commercially sensitive, and confidential information. *Second*, as the Supreme Court has recognized, the public right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also* Dkt. No. 157 at 3 (the Court in this case confirming that "competitive harm is a compelling reason to seal"). Meta is likely to suffer harm if highly confidential information regarding the information described above is made public. Further, the information in Meta's narrow redactions is not critical to the public's understanding of this case.

5. Competitive harm is likely if Meta's highly confidential information is made public. Meta operates in an intensely competitive marketplace and has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage. Disclosure of the information Meta seeks to seal would provide these competitors with unfair insight into how Meta's systems are designed and operate, giving competitors the ability to "duplicate features of" Meta's systems and technical infrastructure "which could cause competitive harm." *In re Google Inc. Gmail Litig.,* 13–MD–02430–LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding "compelling reasons to seal" materials relating to "descriptions of how Gmail operates"). Further, the information regarding Meta's non-data storage systems and Source Code is sufficient to give Meta's competitors insight into how Meta's systems are designed and operate. *Cf In re Google Location Hist. Litig.,* 514 F. Supp. 3d 1147, 1163 (N.D. Cal. 2021) (denying motion to seal the term "Data store" because "'Data store' is extremely broad" and that "stating that 'data is stored in a data store' is really no more specific or revealing than stating that Google stores data"). And disclosure of Meta employees' contact information, including email addresses, could cause Meta employees to be inundated with harmful or irrelevant emails from outside Meta, which would disrupt Meta's operations and create a security risk for Meta.

6. Courts routinely seal the specific types of information Meta seeks to seal here. For example, in *Bottoms v. Block, Inc.*, the court found that compelling interests warranted sealing of specific fields in Block's database. No. 2:23-CV-01969-MJP, 2025 WL 774913, at *1 (W.D. Wash. Mar. 11, 2025) (compelling interests warrant sealing "the confidential name of a Block database used to store information related to the Cash App Invite Friends program, and the confidential names and descriptions of certain fields of data stored in the database"). Similarly, in *Calhoun v. Google LLC*, the court granted a motion to seal "sensitive features of Google's internal systems and operations, including the various types of data sources which include information related to Google's data logs, internal data structures, internal identifiers and their proprietary

functions. No. 20-CV-05146-YGR (SVK), 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022); *see also, e.g. Ojmar US LLC v. Sec. People, Inc.*, No. 16-cv-04948-HSG, 2016 WL 6091543 (N.D. Cal. Oct. 19, 2016), at *2 (noting protections afforded by courts within the Ninth Circuit are broad and extend to "confidential information regarding [a defendant's] products, services, and business practices"); *Brown v. Brown*, 2013 WL 12400041, at *1-2 (N.D. Cal. Dec. 30, 2013) (granting motion to seal "information about the profits, losses, income, investments, and expenses that derive from financial statements and ledgers of two privately held companies[.]"). Further, Meta's proposed redactions are limited to the categories this Court has permitted Meta to seal (Dkt. No. 1249) and to information that is similar to that which the parties have agreed Meta may continue to redact in the Motion for Class Certification (Dkt. No. 1270).

7. Meta proposes narrowly tailored redactions that would keep only its most sensitive, non-public material sealed. Meta's position regarding material in the and that should be sealed is set forth in the following table:

| **Document** | **Portions of Document to Be Sealed** | **Designating Party** | **Reason for Redaction** |
|---|---|---|---|
| Corrected Exhibit 87<br>(Dkt. No. 1365-3) | Parts of page 1, image; page 2, image 1, image 2; page 5, image; page 6, image; page 7, image; page 8, image; page 9, image; page 10, image; page 12, image; page 13, image; page 17, heading, image.<br>(highlighted in Dkt. No. 1373-1) | Meta | This text should be redacted because it reveals specific, non-public information about Meta's highly confidential Source Code. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. This Court has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 822, 824,826, 829, 880. |
| Corrected Exhibit 130 | Parts of page 1, "From" line, "To" | Meta | This text should be redacted because it reveals specific information about Meta's highly |

| | | | |
|---|---|---|---|
| (Dkt. No. 1365-5) | line, "Subject" line, paragraphs 1-2, 4, 7-9.<br>(highlighted in Dkt. No. 1373-2) | | confidential Source Code, as well as contact information for Meta employees. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Further, if this contact information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails, which would disrupt their operations and create a security risk. This Court has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 828, 830, 834, 835, 880, 1071, 1329 |
| Corrected Exhibit 133<br>(Dkt. No. 1365-7) | Parts of page 1, "From" line, "To" line, "Subject" line, paragraphs 10-12, 14-16.<br>(highlighted in Dkt. No. 1373-3) | Meta | This text should be redacted because it reveals specific information about Meta's highly confidential Source Code and data storage systems (including the name of a specific non-public Hive table), as well as contact information for Meta employees. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Further, if this contact information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails, which would disrupt their operations and create a security risk. This Court has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 828, 830, 834, 835, 880, 1071, 1329 |
| Corrected Exhibit 134<br>(Dkt. No. 1365-8) | Parts of page 1, "From" line, "To" line, "Subject" line, | Meta | This text should be redacted because it reveals specific information about Meta's highly confidential Source Code and data storage systems (including |

| | | | |
|---|---|---|---|
| | paragraphs 10-12, 14-16.<br>(highlighted in Dkt. No. 1373-4) | | the name of a specific non-public Hive table), as well as contact information for Meta employees. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Further, if this contact information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails, which would disrupt their operations and create a security risk. This Court has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 828, 830, 834, 835, 880, 1071, 1329 |
| Corrected Exhibit 135<br>(Dkt. No. 1365-9) | Parts of page 1, "From" line, "To" line, "Subject" line, paragraphs 10-12, 14-16.<br>(highlighted in Dkt. No. 1373-5) | Meta | This text should be redacted because it reveals specific information about Meta's highly confidential Source Code and data storage systems (including the name of a specific non-public Hive table), as well as contact information for Meta employees. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Further, if this contact information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails, which would disrupt their operations and create a security risk. This Court has previously ordered this type of information to be sealed. S*ee, e.g.*, Dkt. Nos. 828, 830, 834, 835, 880, 1071, 1329 |
| Corrected Exhibit 136<br>(Dkt. No. 1365-10) | Parts of page 1, "From" line, "To" line, paragraph 6. | Meta | This text should be redacted because it reveals specific information about Meta's highly confidential Source Code, as well as contact information for Meta |

| | | | |
|---|---|---|---|
| | (highlighted in Dkt. No. 1373-6) | | employees. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Further, if this contact information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails, which would disrupt their operations and create a security risk. This Court has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 828, 830, 834, 835, 880, 1071, 1329 |
| Corrected Exhibit 137<br>(Dkt. No. 1365-11) | Parts of page 1, "From" line, "To" line, "Subject" line, paragraphs 9-14.<br>(highlighted in Dkt. No. 1373-7) | Meta | This text should be redacted because it reveals specific information about Meta's highly confidential Source Code and data storage systems (including the name of a specific non-public Hive table), as well as contact information for Meta employees. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. Further, if this contact information were publicly disclosed, Meta's employees may be inundated with harmful or irrelevant emails, which would disrupt their operations and create a security risk. This Court has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 828, 830, 834, 835, 880, 1071, 1329 |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 2nd day of June 2026 in New York, New York.

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Lauren R. Goldman*
Lauren R. Goldman