**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:     (212) 351-4000
Facsimile:     (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:     (415) 393-8200
Facsimile:     (415) 393-8306

**LATHAM & WATKINS LLP**
ANDREW B. CLUBOK (*pro hac vice*)
andrew.clubok@lw.com
555 Eleventh St., NW, Suite 1000
Washington, D.C. 20004-1304
Telephone:     (202) 637-2200

MELANIE M. BLUNSCHI, SBN 234264
melanie.blunschi@lw.com
KRISTIN I. SHEFFIELD-WHITEHEAD,
SBN 304635
kristin.whitehead@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone:     (415) 395-8129
Facsimile:     (415) 393-8095

MARISSA ALTER-NELSON (*pro hac vice*)
marissa.alter-nelson@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone:     (212) 906-1345

*Attorneys for Defendant Meta Platforms, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br><br>This Document Relates To:<br><br>All Actions | Case No. 3:22-cv-03580-WHO<br><br>**DEFENDANT META PLATFORMS, INC.'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE OPPOSITION TO META'S OBJECTION TO REPLY EVIDENCE**<br><br><br>Date Action Filed: June 17, 2022<br>Honorable William H. Orrick |

Gibson, Dunn & Crutcher LLP

**ARGUMENT**

Defendant Meta Platforms, Inc. ("Meta") opposes plaintiffs' Administrative Motion for Leave to File Opposition to Meta's Objection to Reply Evidence ("Motion"). Dkt. 1379. First, the local rules contemplate no such filing: Local Rule 7-3(d) is clear that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval" except (1) the objection itself and (2) notices of supplemental authority. Second, plaintiffs' request is untimely: Meta filed its objection on April 14, *see* Dkt. 1334, and plaintiffs waited nearly two months—until just days before the class certification hearing—to lodge a response. The Court should not reward this gamesmanship, and plaintiffs' motion should be denied. [1]

At a minimum, if the Court is inclined to consider plaintiffs' belated opposition and the new evidence submitted with plaintiffs' reply brief, then—as Meta alternatively requested in its objection—Meta should be given an opportunity to depose plaintiffs' experts on their new opinions and file the supplemental expert reports and supplemental declaration described in Meta's objection. *See* Dkts. 1334 (objection), 1334-1 (summarizing Meta's requested relief).

DATED: June 10, 2026

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Lauren R. Goldman*
        Lauren R. Goldman

*Attorneys for Meta Platforms, Inc.*

---

[1] Notwithstanding these flaws, when plaintiffs approached Meta about their proposed opposition on June 8, 2026, Meta offered as a compromise to withdraw its requests to strike plaintiffs' new expert opinions if plaintiffs would stipulate to Meta having the opportunity to depose their experts on those new opinions and respond to them. Clubok Decl. ¶ 3. Plaintiffs refused. Clubok Decl. ¶ 4.

Gibson, Dunn & Crutcher LLP

META'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE OPPOSITION TO META'S OBJECTION TO REPLY EVIDENCE — CASE NO. 3:22-CV-03580-WHO