**GIBSON, DUNN & CRUTCHER LLP**
LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

**LATHAM & WATKINS LLP**
ANDREW B. CLUBOK (*pro hac vice*)
andrew.clubok@lw.com
555 Eleventh St., NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200

MELANIE M. BLUNSCHI, SBN 234264
melanie.blunschi@lw.com
KRISTIN I. SHEFFIELD-WHITEHEAD, SBN 304635
kristin.whitehead@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-8129
Facsimile: (415) 393-8095

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION<br><br>This Document Relates to:<br><br>All Actions. | Case No. 3:22-cv-3580-WHO (VKD)<br><br>**DECLARATION OF LAUREN R. GOLDMAN IN SUPPORT OF DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND PLAINTIFFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**<br><br>The Honorable William H. Orrick |

I, Lauren R. Goldman, state and declare as follows:

1. I am an attorney licensed to practice in the State of New York. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Meta Platforms, Inc. ("Meta") in these actions. I am admitted *pro hac vice* to practice before this Court. I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration under Local Rule 79-5 in support of Meta's Administrative Motion to File Under Seal (Dkt. No. 1352) and plaintiffs' Administrative Motions to Consider Whether Another Party's Materials Should be Sealed (Dkt. No. 1362). Meta seeks to seal narrowly tailored portions of the exhibits to Meta's Opposition to plaintiffs' Motion to Exclude the Report of Dr. Georgios Zervas and the First Opinion of Steven Tadelis and plaintiffs' Reply in Support of the Motion to Exclude the Report of Dr. Georgios Zervas and the First Opinion of Steven Tadelis and its exhibits (together, the "Exhibits and Reply"). These redactions relate to specific, non-public content in the Exhibits and Reply that reflect (1) Meta's highly confidential Source Code; (2) Meta's proprietary data storage systems (including the names of specific non-public Hive tables); and (3) specific and commercially sensitive internal descriptions of event data.[2]

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *Avago Techs. Fiber IP (Singapore) PTE. Ltd., v. IPtronics Inc.*, No. 5:10-cv-02863-EJD, Dkt Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys. Inc., v. OpenTV Inc.*, No. 5:13-cv-00282-EJD, Dkt. Nos. 76, 82 (N.D. Cal. Oct. 8, 2013). I am personally familiar with Meta's practices of safeguarding proprietary information, including based on my experience representing Meta for many years, but if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

[2] The Court has already found compelling justifications have been shown to justify sealing: "(1) source code; (2) table names or system paths that have not been publicly disclosed that could jeopardize the security of Meta's systems; and (3) query-names and similar instructions that are key to operating these systems and the disclosure of which *would* cause Meta competitive harm." Dkt. 1241 at 2 (emphasis in original). If the Court determines that further justification is needed for sealing any of the information Meta seeks to seal in the Exhibits and Reply, Meta respectfully requests that it be permitted to file a further declaration or declarations in support of sealing that information.

3. Meta meets the "compelling reasons" standard for sealing material filed in connection with a motion for class certification. *Eng. v. Apple Inc.*, No. 14-CV-01619-WHO, 2015 WL 13427750 (N.D. Cal. Aug. 6, 2015); *see also, e.g., Yan Mei Zheng v. Toyota Motor Corp.*, No. 17-CV-06591-BLF, 2019 WL 6841324 (N.D. Cal. Dec. 16, 2019); *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6391210 (N.D. Cal. Mar. 24, 2020). Under this standard, the public's right to inspect and access court records "can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto Ins. Comp.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Meta is asking to seal only information which provides insight into non-public aspects of (1) Meta's highly confidential Source Code; (2) Meta's proprietary data storage systems (including the names of specific non-public Hive tables); and (3) specific and commercially sensitive internal descriptions of event data.

4. Sealing is appropriate here for several reasons. *First*, Meta's sealing request is "narrowly tailored to seek sealing only of sealable material." *Singh v. Costco Wholesale Corp.*, No. 20-CV-08180-NC, 2023 WL 4335287, at *1 (N.D. Cal. May 11, 2023). Meta asks the Court to seal only those parts of the Exhibits and Reply which reveal Meta's most proprietary, commercially sensitive, and confidential information. *Second*, as the Supreme Court has recognized, the public right of access to court records may be limited when those records could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also* Dkt. No. 157 at 3 (the Court in this case confirming that "competitive harm is a compelling reason to seal"). Meta is likely to suffer harm if highly confidential information regarding the information described above is made public. *Third,* there is "a compelling reason to seal" information that could compromise a party's "network infrastructure and security systems." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015). Further, the information in Meta's narrow redactions is not critical to the public's understanding of this case.

5. Competitive harm is likely if Meta's highly confidential information is made public. Meta operates in an intensely competitive marketplace and has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage. Disclosure of the information Meta seeks to seal would provide these competitors with unfair insight into how Meta's systems are designed and operate, giving competitors the ability to "duplicate features of" Meta's systems and technical infrastructure "which could cause competitive harm." *In re Google Inc. Gmail Litig.,* 13–MD–02430–LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding "compelling reasons to seal" materials relating to "descriptions of how Gmail operates"). Further, the information regarding Meta's non-data storage systems, Source Code, and event values is sufficient to give Meta's competitors insight into how Meta's systems are designed and operate. *Cf In re Google Location Hist. Litig.,* 514 F. Supp. 3d 1147, 1163 (N.D. Cal. 2021) (denying motion to seal the term "Data store" because "'Data store' is extremely broad" and that "stating that 'data is stored in a data store' is really no more specific or revealing than stating that Google stores data").

6. In addition, absent redactions, unsealing the Exhibits and Reply likely would cause Meta harm because it would reveal information bad actors could then use to access or gain insight into Meta's highly confidential Source Code. Meta has an interest in maintaining confidentiality over information related to its highly confidential Source Code and takes care to protect the confidentiality of its Source Code. Divulging details about Meta's systems would undermine this interest by helping third parties circumvent Meta's security measures to infiltrate or better understand the data Meta receives and stores (including data related to users), in violation of Meta's policies. Therefore, disclosure would harm both Meta and the individuals whose data may be left more vulnerable to improper access

7. Courts routinely seal the specific types of information Meta seeks to seal here. For example, in *Bottoms v. Block, Inc.*, the court found that compelling interests warranted sealing of specific fields in Block's database. *See* No. 2:23-CV-01969-MJP, 2025 WL 774913, at *1 (W.D.

Wash. Mar. 11, 2025) (compelling interests warrant sealing "the confidential name of a Block database used to store information related to the Cash App Invite Friends program, and the confidential names and descriptions of certain fields of data stored in the database"). Similarly, in *Calhoun v. Google LLC*, the court granted a motion to seal "sensitive features of Google's internal systems and operations, including the various types of data sources which include information related to Google's data logs, internal data structures, internal identifiers and their proprietary functions. No. 20-CV-05146-YGR (SVK), 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022); *see also, e.g. Ojmar US LLC v. Sec. People, Inc.,* No. 16-cv-04948-HSG, 2016 WL 6091543 (N.D. Cal. Oct. 19, 2016), at *2 (noting protections afforded by courts within the Ninth Circuit are broad and extend to "confidential information regarding [a defendant's] products, services, and business practices"); *Brown v. Brown*, 2013 WL 12400041, at *1-2 (N.D. Cal. Dec. 30, 2013) (granting motion to seal "information about the profits, losses, income, investments, and expenses that derive from financial statements and ledgers of two privately held companies[.]"). Further, Meta's proposed redactions are limited to the categories this Court has permitted Meta to seal (Dkt. No. 1249) and to information that is similar to that which the parties have agreed Meta may continue to redact in the Motion for Class Certification (Dkt. No. 1270).

8. Meta proposes narrowly tailored redactions that would keep only its most sensitive, non-public material sealed. Meta's position regarding material that should be sealed is set forth in the following table:

| **Document** | **Portions of Document to Be Sealed** | **Designating Party** | **Reason for Redaction** |
|---|---|---|---|
| Exhibit 1 to the Opposition to Plaintiffs' Motion to Exclude the Report of Dr. Georgios Zervas | Parts of page 166, lines 3-4; page 168, lines 14-17; page 170, lines 3-4; page 278, lines 2, 4-5; page 316, lines 6-7, | Meta | This text should be redacted because it reveals specific information about Meta's highly confidential Source Code and data storage systems (including the names of specific non-public Hive tables). If this information |

| | | | |
|---|---|---|---|
| and the First Opinion of Steven Tadelis<br><br>(Dkt. No. 1352-4) | 9-12, 15; page 317, lines 1-4, 17-21, 24-25; page 318, lines 1, 5-7, 9-11, 13-23; page 319, lines 1-2, 4-13, 17-18, 20-21; page 320, lines 3-4, 6-7, 12, 22; page 321, lines 6-7, 12-15, 18-20, 22-23; page 322, lines 18-19<br><br>(highlighted in Dkt. No. 1382-1) | | were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. This Court has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 828, 830, 834, 835, 880. |
| Exhibit 2 to the Opposition to Plaintiffs' Motion to Exclude the Report of Dr. Georgios Zervas and the First Opinion of Steven Tadelis<br><br>(Dkt. No. 1352-5) | Parts of page 108, line 16; page 109, line 16.<br><br>(highlighted in Dkt. No. 1382-2) | Meta | This text should be redacted because it reveals specific and commercially sensitive internal descriptions of event data. If this information were disclosed, it would competitively harm Meta. |
| Plaintiffs' Reply in Support of Motion to Exclude the Report of Dr. Georgios Zervas and the First Opinion of Steven Tadelis<br><br>(Dkt. No. 1362-3) | Parts of page 3, image, lines 21-22, footnote 1 in line 27; page 5, lines 23; page 6, footnote 3 in lines 24, 25-28; page 7, lines 6; page 8, line 6.<br><br>(highlighted in Dkt. No. 1383-1) | Meta | This text should be redacted because it reveals specific information about Meta's highly confidential Source Code, data storage systems (including the names of specific non-public Hive tables), and specific information about Meta's integrity enforcement. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. This Court has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 828, 830, 834, 835, 880. |
| Plaintiffs' Reply in Support of Motion | Entire exhibit | Meta | This text should be redacted because it reveals specific |

| | | | |
|---|---|---|---|
| to Exclude the Report of Dr. Georgios Zervas and the First Opinion of Steven Tadelis<br><br>(Dkt. No. 1362-6) | | | information about Meta's highly confidential Source Code. If this information were disclosed, it would competitively harm Meta and allow bad actors to undermine the integrity of Meta's systems. This Court has previously ordered this type of information to be sealed. *See, e.g.*, Dkt. Nos. 828, 830, 834, 835, 880. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 11th day of June 2026 in San Francisco, California.

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Lauren R. Goldman*
Lauren R. Goldman