aJason 'Jay' Barnes, State Bar No. 362776
  *jaybarnes@simmonsfirm.com*
**SIMMONS HANLY CONROY LLC**
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel:    212-784-6400
Fax:    212-213-5949

Jeffrey A. Koncius, State Bar No. 189803
  *koncius@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel:    310-854-4444
Fax:    310-854-0812

*Attorneys for Plaintiffs and the Proposed Classes*

Geoffrey Graber, State Bar No. 211547
  *ggraber@cohenmilstein.com*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue NW, Suite 800
Washington, DC 20005
Tel:    202-408-4600
Fax:    202-408-4699

Beth E. Terrell, State Bar No. 178181
  *bterrell@terrellmarshall.com*
**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.:    206-816-6603
Fax:    206-319-5450

Andre M. Mura, State Bar No. 298541
  *amm@classlawgroup.com*
**GIBBS MURA LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.:    510-350-9700
Fax:    510-350-9701

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE META PIXEL HEALTHCARE LITIGATION | **Case No. 3:22-cv-3580-WHO (VKD)** |
| | CLASS ACTION |
| This Document Relates to: | **PLAINTIFFS' OPPOSITION TO META'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A REPLY AND META'S UNAUTHORIZED REPLY IN SUPPORT OF SEALING** |
| All Actions. | |

## I.    INTRODUCTION

Meta offers no persuasive basis for filing a reply. Meta claims Plaintiffs have taken a new position but that is not true. Plaintiffs informed Meta long ago that they would oppose sealing key plain-English evidence at the heart of the case. On the merits, Meta essentially argues that source code is subject to special sealing rules. That is also incorrect. While source code may be more likely to be secret and sensitive, it remains subject to the same standards as any other evidence. Meta still must be specific in the code it seeks to seal and provide compelling justifications for secrecy that override the strong interest in public knowledge and accountability through our judicial system, which is of even more important in cases of public interest like this one. Meta seeks to keep sealed key evidence that is central to the parties' disputes over class certification and the merits. The Court should reject Meta's bid to seal smoking gun evidence demonstrating its wrongful conduct.

## II.    ARGUMENT

### A.    Plaintiffs' limited opposition should not have been a surprise to Meta.

Plaintiffs have long and consistently taken the position that they generally do not oppose sealing on discovery motions but *do* oppose sealing key evidence like M██████ classifications when used as evidence to support class certification and on the merits, which are subject to the heightened compelling reasons standard. When the parties conferred about the procedure for filing source code shortly before Plaintiffs filed their class certification reply, Meta initially took the position that Plaintiffs should not file key source code exhibits on the court's docket at all (such as the August 2017 exhibits showing the Meta only blocked button clicks on healthcare provider websites for less than a day, Exhibits 87, 210). Plaintiffs disagreed and said they would oppose sealing, explaining that these exhibits were the equivalent of video evidence where Meta was caught in the act. After the filing, on March 19, 2026, Plaintiffs suggested a process where "Meta sends us a spreadsheet of what it seeks to seal, we'll send it back noting the things that we are not challenging, and then we'll see if we can work out the remainder. Does that work again?" Meta declined. Meta's suggestion that Plaintiffs took a new position in opposing the sealing motions is inaccurate.

PLAINTIFFS' OPPOSITION TO META'S ADMIN MOTION AND UNAUTHORIZED REPLY RE SEALING

**B.      Source code is subject to the same sealing rules as other evidence.**

Plaintiffs disagree with Meta's suggestion that the Court's guidance at Dkt. 1249 and other case law from this District hold that all source code should be sealed. To be sure, the Court explained that it was "inclined to find that compelling justifications have been shown to justify sealing *only* the following: (1) source code; (2) table names or system paths that have not been publicly disclosed that could jeopardize the security of Meta's systems; [and] (3) query-names and similar instructions that are key to operating these systems and the disclosure of which *would* cause Meta competitive harm." Dkt. 1241 at 2 (Dec. 1, 2025) (emphasis in original). Plaintiffs do not read the Court's "inclined to find" introductory clause as creating a black letter rule that Meta has met its burden to seal all source code for all times and all purposes in this case, but instead that the Court would be inclined to find that source code could be sealed when ruling on future sealing motions that remain governed by the ordinary rules of sealing. That is, "source code" is not a magic sealing incantation.

Consistent with the Court's guidance, Plaintiffs do not oppose Meta's request to seal actual source code unless the code in question is (1) important evidence *and* (2) its release would neither "jeopardize the security of Meta's systems" or "cause Meta competitive harm."

The Court's—and Plaintiffs'—approach is consistent with binding authority. Regardless of the type of evidence, the standard for sealing is the same. The Court must "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003). The reasons for this rule include "for the public to have confidence in the administration of justice," "a more complete understanding of the judicial system and a better perception of its fairness." *Ctr. for Auto Safety v. Chrysler Group, LLC,* 809 F.3d 1092, 1096, 1101 (9th Cir. 2016) (citations omitted). As the Supreme Court has put it, "People in an open society do not demand infallibility from their institutions … but it is difficult for them to accept what they are prohibited from observing." *Id.* at 1101 (quoting *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 572 (1980)). "To overcome this strong presumption, a party who wishes to seal a court record must generally 'articulate compelling reasons supported by specific factual findings[.]" *Entangled Media, LLC v. Dropbox Inc.,* 795 F. Supp. 3d 1191, 1231 (N.D. Cal. 2025) (quoting *Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006)).

No court has held that source code is automatically sealed, which would be inconsistent with "the general history of access and the public policies favoring disclosure." *Id.* (quoting *Kamakana*, 447 F.3d at 1178-79). In *Entangled Media*, a patent case involving source code, the court denied the parties' overbroad sealing motions, explaining that "Civil Local Rule 79-5 (c)(1) and (f)(3) requires the party seeking to seal to provide 'a specific statement' of the reasons for doing so, explaining the interests that warrant sealing and the injury that will otherwise result." *Id.* at 1232. The court instructed the parties that, consistent with its standing order, "in any subsequent sealing motion" they must "make 'arguments specific to the portions of documents sought to be sealed.' Blanket or generic statements are almost never sufficient." *Id.* This Court's Standing Order on Administrative Motions to Seal similarly explains that "[c]onclusory assertions of harm are insufficient."

In Meta's cases, the defendants did not seek to seal key evidence of broad privacy-breaching conduct in the context of a disputed class certification motion. Instead, the courts merely granted narrowly tailored requests for sealing that were supported by specific factual findings. *See, e.g.,* *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7911651, at *2 (N.D. Cal. Apr. 6, 2016) (granting narrowly tailored requests to seal documents defendants showed "reveal the identification, organization, and operation of Defendants' proprietary products, and could assist competitors in recreating features of Defendants' products"); *Apple v. Samsung Elecs. Co.*, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) (sealing some source code but finding "Samsung has overdesignated the material in the declaration which can properly be considered confidential source code").

### C.    Meta still has not carried its burden.

Meta's supplemental attempt at justifying its sealing requests continues to fall far short of the specific factual findings required to keep litigation documents from the public.

*First*, Meta does not identify the documents it contends are source code and might be subject to the Court's guidance. Meta's admin motion should be denied on that basis alone.

*Second*, Meta argues broadly that "Source Code embodies engineering choices, architecture, and techniques that retain competitive value long after Meta retires a particular system, and that information can reveal how Meta built and continues to operate its *current* systems." Dkt. 1409-1 at 3. But Meta does nothing to tie that general assertion to any of the specific documents at issue.

*See Apple v. Rivos, Inc.*, 2024 WL 748394, at *2 (N.D. Cal. Feb. 23, 2024) (denying Apple's motion to seal for failure to identify "any specific injury that would result from this information being available to the public" because "cookie-cutter contentions of competitive harm are not the sort of 'specific statement' the local rules require in order to meet the 'stringent' standard for sealing'").

*Third*, Meta claims that "Plaintiffs' opposition … seeks wholesale unsealing of Source Code printouts, excerpts of Source Code printouts …, and descriptions of Source Code." *Id.* But this is untrue. Plaintiffs were careful to limit their opposition to documents—and portions of documents—that did not fit the criteria for sealing. Plaintiffs also filed limited *excerpts* of the key source code files as evidence. It is Meta that seeks a "wholesale" rule, asserting that anything related to source code should automatically be sealed.

*Fourth*, Meta relies entirely on a generalized declaration submitted by Meta engineer Tobias Woolridge. *Id.* at 2-3. But Wooldridge is not a credible witness; Judge Donato "did not find [Wooldridge's] testimony to be credible" in the recent *Flo Heath* privacy case in which Meta lost a class action jury trial. Barnes Reply Decl. ¶ 170. In this case, Wooldridge submitted multiple declarations with false and misleading statements relating to the source code that Meta now seeks to seal. For example, at the outset, Wooldridge filed a sworn declaration claiming that Meta could not identify healthcare providers and blocked even potentially sensitive health-related data from being ingested into its ads systems. Dkt. 77-4, ¶¶ 8-9; Dkt. 143-3, ¶¶ 12-19, 24. Later, Wooldridge denied the relevance of M████████ classifications and the key table where Meta's classifications were stored. Dkt. 527-7, ¶¶ 23-41. In opposition to class certification, Wooldridge claimed that Meta had created a button click filter for healthcare provider domains. Wooldridge Class Cert Opp. Decl. ¶¶ 32-37. All these sworn statements from Wooldridge were false—as shown by the evidence Meta seeks to keep hidden from public view.

*Fifth*, Meta argues that the public interest in open courts "is fully served without disclosing the contents of a single line of Source Code" because "Meta has not redacted the *substance* of the alleged conduct plaintiffs describe." Dkt. 1409-1 at 3-4. Meta then says that it is enough for "[t]he narrative of plaintiffs' *allegations* [to be] … in the public record." *Id*. at 4. But that argument reveals precisely why the actual evidence needs to be unsealed: Meta continues to deny key facts central to

this litigation. Keeping the evidence sealed defeats the purpose of the longstanding democratic tradition of open courts, which is for the public to know *the facts*, not just the *allegations*.

The evidence that Meta seeks to seal goes directly to Meta's knowledge, intent, and consent, all of which are core issues in the case and Meta's opposition for class certification. With respect to knowledge and intent, Meta has argued that "plaintiffs cannot meet their burden on intent" because of Meta's "efforts to avoid receiving even *potentially* sensitive [health] information[.]" Class Cert Opp. at 21. But the minimal source code excerpts that Plaintiffs oppose sealing show that Meta (1) classified websites as healthcare providers; (2) purposefully chose not to block button clicks from healthcare providers; (3) designed the Filter so that it would not block button clicks or health information received in URL paths; and (4) read / analyzed the data to assign classifications to each health information communication and patient for use in its systems.

On consent, Meta argues that patients and healthcare providers "could have consented" to Meta's conduct. However, the "governing standard" for consent is "what a 'reasonable user' of a service would understand they were consenting to[.]" *Calhoun v. Google*, 113 F.4th 1141, 1149 (9th Cir. 2024). "Consent can be express or implied, but any consent must be actual" and "to be actual, the disclosures must 'explicitly notify' users of the conduct at issue." *Id.* at 1147 (citation modified). That is, at minimum, the defendant must explicitly disclose the conduct at issue to users.[1] Meta's entreaty that the Court keep evidence of its conduct shrouded in secrecy highlights that Meta did not have consent from any patient or any healthcare provider for that conduct. Indeed, Plaintiffs submit that absent class member patients, healthcare providers, regulators, and the general public are likely to find Meta's actual, undisclosed conduct to be shocking and highly offensive. There is no compelling reason for the Court to permit Meta to keep the actual evidence secret any longer.

### III.    CONCLUSION

Plaintiffs request the Court deny Meta's motion for leave to file a reply.

---

[1] When there is a binding contract, the contract disclosures govern and extrinsic evidence cannot defeat the language of the contract. *See Smith v. Facebook*, 745 F. App'x 8, 9 (9th Cir. 2018).

PLAINTIFFS' OPPOSITION TO META'S ADMIN MOTION AND UNAUTHORIZED REPLY RE SEALING

RESPECTFULLY SUBMITTED AND DATED this 24th day of July, 2026.

SIMMONS, HANLY CONROY LLC

By: /s/ Jason 'Jay' Barnes
    Jason 'Jay' Barnes, CSB #362776
    112 Madison Avenue, 7th Floor
    New York, NY 10016
    Telephone: (212) 784-6400
    Facsimile: (212) 213-5949

COHEN MILSTEIN SELLERS & TOLL PLLC

By: /s/ Geoffrey A. Graber
    Geoffrey Aaron Graber, CSB #211547
    Email: ggraber@cohenmilstein.com
    Eric Alfred Kafka, *Admitted Pro Hac Vice*
    Email: ekafka@cohenmilstein.com
    1100 New York Avenue NW
    Suite 500, West Tower
    Washington, DC 20005
    Telephone: (202) 408-4600

    Mark Vandenberg, *Admitted Pro Hac Vice*
    Email: mvandenberg@cohenmilstein.com
    88 Pine Street, 14th Floor
    New York, NY 10005
    Telephone: (212) 838-7797

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell
    Beth E. Terrell, CSB #178181
    Email: bterrell@terrellmarshall.com
    Amanda M. Steiner, CSB #190047
    Email: asteiner@terrellmarshall.com
    Benjamin M. Drachler, *Admitted Pro Hac Vice*
    Email: bdrachler@terrellmarshall.com
    Elizabeth Schatz Cordero, *Admitted Pro Hac Vice*
    Email: eschatzcordero@terrellmarshall.com
    1700 Westlake Avenue, Suite 300
    Seattle, Washington 98109
    Telephone: (206) 816-6603

    An V. Truong, *Admitted Pro Hac Vice*
    Email: atruong@simmonsfirm.com
    Eric Steven Johnson, *Admitted Pro Hac Vice*
    Email: ejohnson@simmonsfirm.com

PLAINTIFFS' OPPOSITION TO META'S ADMIN MOTION AND UNAUTHORIZED REPLY RE SEALING

Jennifer M Paulson, *Admitted Pro Hac Vice*
Email: jpaulson@simmonsfirm.com
SIMMONS HANLY CONROY LLC
112 Madison Avenue, 7th Floor
New York, New York 10016
Telephone: (212) 784-6400

Jeffrey A. Koncius, CSB #189803
Email: koncius@kiesel.law
Nicole Ramirez Jones, CSB #279017
Email: ramirezjones@kiesel.law
KIESEL LAW LLP
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Telephone: (310) 854-4444

Andre M. Mura, CSB #298541
Email: amm@classlawgroup.com
Hanne Jensen, CSB #336045
Email: hj@classlawgroup.com
Delaney Brooks, CSB #348125
Email: db@classlawgroup.com
GIBBS MURA LLP
1111 Broadway, Suite 2100
Oakland, California 94607
Telephone: (510) 350-9700

*Attorneys for Plaintiffs and Proposed Classes*

PLAINTIFFS' OPPOSITION TO META'S ADMIN MOTION AND UNAUTHORIZED REPLY RE SEALING

## SIGNATURE ATTESTATION

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from its other signatories.

Dated: July 24, 2026                                    /s/ Beth E. Terrell
                                                        Beth E. Terrell

PLAINTIFFS' OPPOSITION TO META'S ADMIN MOTION AND UNAUTHORIZED REPLY RE SEALING