Lauren R. Goldman, *Admitted Pro Hac Vice*
lgoldman@gibsondunn.com
Darcy C. Harris, *Admitted Pro Hac Vice*
dharris@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000

Elizabeth K. McCloskey (SBN 268184)
emccloskey@gibsondunn.com
Abigail A. Barrera (SBN 301746)
abarrera@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: (415) 393-8200

*Attorneys for Defendant Meta Platforms, Inc.*

[*Additional Attorneys on Signature Block*]

Geoffrey Graber (SBN 211547)
ggraber@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
1925 Century Park, Suite 1700
Los Angeles, CA 90067
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Jason 'Jay' Barnes (SBN 362776)
*jaybarnes@simmonsfirm.com*
SIMMONS HANLY CONROY LLC
112 Madison Avenue, 7th Floor
New York, NY 10016
Telephone: (212) 784-6400
Facsimile: (212) 213-5949

*Co-Lead Counsel for Plaintiffs and the Proposed Class*

[*Additional Attorneys on Signature Block*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE META PIXEL HEALTHCARE LITIGATION

This Document Relates To:

All Actions

Case No. 3:22-cv-03580-WHO (VKD)

**JOINT CASE MANAGEMENT STATEMENT**

Date: November 17, 2026
Time: 2:00 p.m.
Courtroom: Videoconference
Judge: Hon. William H. Orrick

Plaintiffs John Doe II, John Doe III, Jane Doe I, Jane Doe IV, Jane Doe V, Jane Doe IX, and Jane Doe X ("Plaintiffs") and Defendant Meta Platforms, Inc. ("Meta") (collectively, the "Parties"), by and through their respective counsel of record, hereby submit the following Joint Case Management Statement pursuant to Civil Local Rule 16-10 in advance of the Case Management Conference scheduled in the above-captioned case for November 17, 2026 at 2:00 P.M. via videoconference before the Honorable William H. Orrick, in Courtroom 2, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102.

The Parties submitted a Joint Rule 26(f) report on September 28, 2022, and case management statements on six dates in 2023 and 2024, thirteen in 2025, and five in 2026. Dkts. 66, 167, 191, 234, 283, 317, 377, 409, 489, 572, 667, 707, 769, 853, 862, 911, 984, 1033, 1097, 1120, 1139, 1178, 1199, 1239, 1265, 1283, 1300, 1375, 1402, 1414, 1422.

## I. JOINT STATEMENT

<u>Revised Class Definitions:</u> Per the Court's directive at Dkt. 1425 at 37, the Parties are conferring and Plaintiffs will file revised class definitions consistent with the Order on November 11, 2026.

<u>Case Schedule:</u> Following the Court's October 30, 2026 Order on Class Certification, Dkt. 1425, the Parties are negotiating a further case schedule to be submitted to the Court. In accordance with the Parties' previously-filed stipulation, Dkt. 1355, the Parties "shall meet and confer within 2 weeks of the Court's decision on plaintiffs' Motion for Class Certification regarding the remaining case schedule; and (2) submit either a joint scheduling proposal or competing scheduling proposals for the Court's consideration within 30 days of the Court's decision on plaintiffs' Motion for Class Certification." The Parties are planning to submit their joint proposal or competing proposals by November 30, 2026.

<u>Class Notice:</u> Per the Court's directive at Dkt. 1425 at 37, Plaintiffs intend to submit an agreed to or disputed proposed Notice Plans and forms of notice by November 30, 2026. For the reasons stated below, Meta respectfully requests that the Court stay notice to class members, including the pending deadline to submit the notice plan and forms of notice, pending resolution of Meta's Rule 23(f) petition and any resulting appeal—and Plaintiffs oppose Meta's request.

Sealing: Pursuant to the Court's Order at Dkt. 1425, the Parties have stipulated to request a modest extension of the deadline for the updated sealing submission to January 14, 2027. Dkt. 1428.

Further Discovery: The Parties are coordinating regarding further discovery to be completed following the Court's October 30, 2026 Order on Class Certification.

## II. INDIVIDUAL STATEMENTS

***Meta's Statement:***

Meta intends to file a Rule 23(f) petition by November 13, 2026 asking the Ninth Circuit to review the Court's October 30, 2026 Order on Class Certification. Pending the resolution of that petition and any resulting appeal, Meta respectfully requests that the Court stay notice to class members, including the pending deadline to submit the notice plan and forms of notice.

In its October 30, 2026 Order, the Court directed plaintiffs to "submit an agreed to or disputed proposed Notice Plan and forms of Notice." Dkt. 1425 at 37. Moving forward with a class notice plan while Ninth Circuit proceedings are pending would be premature and will cause an irreparable—and completely avoidable—harm to both Meta and absent class members. Class notice should not be taken lightly. It is a bell that cannot be unrung, and once sent, it cannot be recalled. If class notice is provided now and the Ninth Circuit then decides to decertify or modify the classes, duplicative notices—and possibly retractions—would have to be sent to potentially millions of Facebook users. This would not only impose unnecessary burden and expense on the Parties and the Court, but also widespread confusion among potential class members. *See Brown v. Wal-Mart Stores, Inc.*, 2012 WL 5818300, at *4 (N.D. Cal. Nov. 15, 2012) (granting stay of case pending resolution of Rule 23(f) petition and holding that, where the class "is estimated to exceed 22,000 individuals, a curative notice to the class, perhaps many months or more after the initial class notice was disseminated . . . would not be sufficient to stem the confusion that would arise in the event of a change to the class definition or decertification of the class altogether"); *Risinger v. SOC LLC*, 2015 WL 7573191, at *2 (D. Nev. Nov. 24, 2015) (granting stay of case and noting that "[i]f class notice is disseminated, and the Ninth Circuit overturns or alters this Court's grant of class certification, class members will need to be recontacted," which "has the potential to cause delay, confusion, and difficulty for all parties"). Nor, while a Rule 23(f) petition and any resulting appeal remains pending, would it be an efficient use of

the Parties' or the Court's resources to craft a notice plan around classes that may be rejected or modified on appeal. Meta therefore respectfully requests that class notice, including the deadline to submit the notice plan and forms of notice, be stayed until the Ninth Circuit has resolved Meta's Rule 23(f) petition and any resulting appeal.

***Plaintiffs' Statement:***

The Court should deny Meta's request for a stay. An appeal does not automatically stay proceedings, Fed. R. Civ. P. 23(f), and Meta cannot otherwise meet its heavy burden to show that a stay is appropriate. Meta cannot show a strong likelihood that the Ninth Circuit will find manifest error in this Court's certification order, let alone that it is even likely to grant the petition. *Chamberlan v. Ford Motor Co*., 402 F.3d 952, 959 (9th Cir. 2005); *see also Williams v. Cap. One Fin. Corp*., No. 26-4182, Dkt. 13 (granting 23(f) petition where plaintiff argued that denial of certification in a digital tracking case was manifestly erroneous). That is an independent reason to deny the request to stay.

Even if Meta could show a likelihood of success on its forthcoming 23(f) petition, Meta cannot show that the equities sharply favor a stay. To the contrary, the risk of delaying trial in a case pending for many years outweighs the cost of continuing to litigate. *See In re Coca-Cola Prods. Mktg. and Sales Practices Litig.*, 2020 WL 1478991, at *2 (N.D. Cal. Mar. 26, 2020). That Meta continues to collect heath information through its Collection Tools also militates against a stay. *See* Dkt. 1425 at 20. And having to expend resources to litigate is not irreparable harm. *See Ambrosio v. Cogent Commc'ns, Inc*., 2016 WL 777775, at *6 (N.D. Cal. Feb. 29, 2016). And courts have rejected arguments like Meta's that class members could be confused if notice were to issue before a ruling on a Rule 23(f) petition because "[t]he risk of confusion decertification may have on class members is inherent in any class action suit." *Andrews v. Plains All American Pipeline, L.P.*, 2018 WL 4191409, at *3 (C.D. Cal. Aug. 28, 2018). Because this is not a case where a class definition is likely to be significantly changed in the future or where a defendant will suffer an irreparable injury, there is no reason to delay notice. *See Amaro v. Gerawan Farming, Inc.*, 2016 WL 10679467, at *3 (E.D. Cal. Nov. 14, 2016). Finally, although Meta fashions its request for a stay as limited to class notice, the effect would be to significantly delay the case as a whole because class notice is necessary before

dispositive motion practice, which, in this case, will very likely include Plaintiffs' affirmative motions for partial summary judgment on behalf of the certified classes for their monetary claims and injunctive relief. For all these reasons, Meta cannot meet its burden to show that a stay is warranted.

Dated: November 10, 2026 By: */s/ Lauren Goldman*
Lauren Goldman

**GIBSON, DUNN & CRUTCHER LLP**
Lauren R. Goldman (*pro hac vice*)
*lgoldman@gibsondunn.com*
Darcy C. Harris (*pro hac vice*)
*dharris@gibsondunn.com*
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

Elizabeth K. McCloskey (SBN 268184)
*emccloskey@gibsondunn.com*
Abigail A. Barrera (SBN 301746)
*abarrera@gibsondunn.com*
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel: (415) 393-8200
Fax: (415) 393-8306

**LATHAM & WATKINS LLP**
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
Kristin Sheffield-Whitehead (Bar No. 304635)
*kristin.whitehead@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600

Andrew B. Clubok (*pro hac vice*)
*andrew.clubok@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Tel: (202) 637-2200

Gary S. Feinerman (*pro hac vice*)
*gary.feinerman@lw.com*
300 North Wabash Ave, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700

*Attorneys for Defendant Meta Platforms, Inc.*

Dated: November 10, 2026

By: /s/ Jason 'Jay' Barnes

Jason 'Jay' Barnes
*jaybarnes@simmonsfirm.com*
SIMMONS HANLY CONROY LLC
112 Madison Avenue, 7th Floor
New York, NY 10016
Telephone: (212) 784-6400
Facsimile: (212) 213-5949

By: /s/ Geoffrey Graber

Geoffrey Graber

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Geoffrey Graber, State Bar No. 211547
*ggraber@cohenmilstein.com*
1925 Century Park, Suite 1700
Los Angeles, CA 90067
Tel: (202) 408-4600
Fax: (202) 408-4699

**TERRELL MARSHALL LAW GROUP PLLC**
Beth E. Terrell, State Bar No. 178181
*bterrell@terrellmarshall.com*
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel.: (206) 816-6603
Fax: (206) 319-5450

**KIESEL LAW LLP**
Jeffrey A. Koncius, State Bar No. 189803
*koncius@kiesel.law*
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel: (310) 854-4444
Fax: (310) 854-0812

**GIBBS MURA LLP**
Andre M. Mura, State Bar No. 298541
*amm@classlawgroup.com*
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel.: (510) 350-9700
Fax: (510) 350-9701

*Attorneys for Plaintiffs and Putative Class*

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Lauren Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: November 10, 2026 By: */s/ Lauren Goldman*